Office of the Arizona Attorney General
Michael E. Gottfried, Bar No. 010623
Lucy M. Rand, Bar No. 026919
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Jacob B. Lee, Bar No. 030371
Kevin R. Hanger, Bar No. 027346
Timothy M. Ray, Bar No. 029191
Richard M. Valenti, Bar No. 031533
Jamie D. Guzman, Bar No. 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>                                        Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>                                        Defendants. | NO. 2:12-cv-00601-DKD<br><br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT REGARDING DEFENDANTS' CONTRACT EXTENSION WITH CORIZON (Doc. 2799, 2800)** |

On May 8, 2018, Defendants filed a Notice with the Court advising the Court and Plaintiffs' counsel of Contact Amendment No. 15 to the Corizon-Arizona Department of Corrections contract for provision of health care to ADC inmates incarcerated in State-run prison complexes. [Doc. 2799, 2799-1.] At the May 9, 2018 Status Hearing, the Court asked Defendants whether the $30 million dollar increase in the amount budgeted for correctional health care services that Director Ryan testified to at the March 27, 2018 Evidentiary Hearing was effectuated in the State's final budget. [5/9/18 Hr. Tr. 156:3-17] Counsel for Defendants advised that when ADC was able to give final information as to budgeting for Contract Amendment No. 15, it would so report. After Plaintiffs' counsel took issue with Defendant Pratt's Declaration filed that same date [Doc. 2800], which explained ADC's response to criticisms of Contract Amendment No. 15, as reported by KJZZ in conjunction with an interview of Plaintiffs' Counsel, Corene Kendrick, the Court permitted Plaintiffs to file a statement regarding Contract Amendment No.15, also permitting Defendants to respond. [Id. at 157:10-18]

Defendants address Plaintiffs' Statement as set forth herein. As an initial matter, however, the Stipulation does not provide any vehicle for which Plaintiffs have standing to challenge the terms of any correctional healthcare contract ADC enters into. Nor does the Stipulation provide the Court with jurisdiction over the same. Contract Amendment No. 15 was entered into in the best interest of the State and the ADC inmate population. Plaintiffs' demand for information and response to criticisms exceeds the scope of the Stipulation and the Court's enforcement jurisdiction regarding the same.

**CORRECTIONAL HEALTHCARE SERVICES CONTRACT FOR THE 2019 FISCAL YEAR**

Director Ryan testified at the March 27, 2018 Evidentiary Hearing that the amount budgeted by ADC and requested from the Arizona State Legislature for correctional healthcare services for the 2019 fiscal year is $178.8 million, which included an additional $30 million over the $148.8 million appropriated for the 2018 fiscal year. [3/27/18 Evid. Hr. Tr. 1019:14-1020:20] $178.8 million was the amount officially requested (Doc. 2828-

1; State of Arizona Executive Budget Summary for Fiscal Year 2019 for the Arizona Department of Corrections, available at: http://www.azospb.gov/Documents/2018/FY%202019%20Agency%20Detail%20Book.pdf). The Arizona State Legislature appropriated $163.8 million (Doc. 2828-1), Section 22 of Senate Bill 1520, the signed and chaptered Fiscal Year 2019 budget for the Arizona Department of Corrections, available at: https://apps.azleg.gov/BillStatus/GetDocumentPdf/462806).

Contract Amendment No. 15 is valued at $188.6 million. In their Statement, Plaintiffs demand an explanation of an alleged "gap" between the amount appropriated and the contract value of the extension. Plaintiffs misunderstand the implications of the amendment and budgeting process. As Contract Amendment No. 15 expressly provides, it is **valued** at $188.6 million and "is not [a] change in the FY19 appropriation as other factors such as Medicaid reimbursement and inmate population effect the final amount." [Doc. 2800-1, 5/7/2018 Procurement Determination: Competition Impractical] ADC receives an estimated $10 million in federal Medicaid reimbursements, which are available to cover correctional health services costs in addition to appropriated amounts. [Exhibit A, Richard Pratt Decl. at ¶ 11] ADC's inmate population numbers and healthcare needs also fluctuate—factors which greatly impact the ultimate healthcare cost to ADC. [*Id.* at ¶ 12] Thus, the value is an estimation. Taking these variables into consideration, there is no "gap" for which ADC is unable to account for.

In addition to the above, this same date Director Ryan announced to the Joint Legislative Budget Committee, ADC's expenditure plan for inmate healthcare for the 2019 fiscal year. The plan includes a request for supplemental appropriation during the upcoming budget cycle to meet any healthcare costs beyond the currently appropriated funds. The increase is due to numerous factors, including significantly increased Hep C pharmaceutical costs[1], healthcare provider staffing, and monitor and oversight staffing to

---

[1] ADC Corrections at a Glance" from March, 2018, shows there are 6,304 inmates identified in ADC custody with Hep C. Based upon the population housed in the State

enhance increased vendor compliance with the Stipulation. [*See* Exhibit B, May 29, 2018 Charles Ryan letter.]  ADC has appropriately entered into Contract Amendment No. 15 and has appropriately planned for funding of the same.

## **CONTRACT AMENDMENT NO. 15 FEE SCHEDULES**

Plaintiffs also demand to be provided a specific allocation of the funds awarded under the contract amendment.  However, the only specific fee allocation required by ADC is for Hepatitis C pharmaceutical costs, which is expressly carved out in Contract Amendment No. 15.  [*Id.* at ¶ 13] ADC does not otherwise allocate funds to specific areas of the contract. [*Id.*]  Plaintiffs further lament that Attachment C to Contract Amendment No. 15 was not provided to them and filed with the Court on May 9, 2018.  However, this document was not available to Defendants nor made publicly available until May 24, 2018.  The Attachment is now available online at https://procure.az.gov, and attached to Defendant Pratt's Declaration submitted herewith.  (Exhibit A at Exhibit 2).

## **PLAINTIFFS' CRITICISMS OF STAFFING ARE WITHOUT MERIT**

While Plaintiffs acknowledge that the Contract Amendment No. 15 staffing plan increases the overall number of healthcare staff, they criticize the level of staffing. Staffing, however, is outside the scope of the Stipulation and the Court's enforcement jurisdiction where the Stipulation explicitly prohibits the Court to order Defendants to "hire a specific number or type of staff". [Doc. 1185, Stipulation at ¶ 36]  Complaints about staffing are also premature as the staffing plan has not yet been implemented. Staffing may be subject to change to meet the needs of a changing population. [Exhibit A, Pratt Decl. ¶ 12] Finally, the Court's staffing expert rejects Plaintiffs' demand for the top-heavy staffing advocated by Plaintiffs, and the value of middle level providers was indeed acknowledged as a viable option by the Advisory Board [4/11/18 Status Hr. Tr. 104:21-105:1]

---

facilities (33,590), this is 18.77% statewide. However, in April, there were 1,856 inmates at ASPC-Eyman with Hep C, representing approximately 34% of the total inmate population at ASPC-Eyman.

3

The bottom line is that Contract Amendment No. 15's staffing plan is appropriate and supports ADC's prevailing compliance in excess of 90% systemwide. [Exhibit A, Pratt Decl. at ¶¶ 16-20] Defendant Pratt previously provided the Court with specific information regarding the staffing plan, which has not changed. [*See id.*] Moreover, staffing is a contract matter that is between the contracting parties and is expressly not within the authority conferred upon the Court through the parties' Stipulation as a matter of enforcement.

## **RICHARD PRATT'S DECLARATION (DOC. 2804)**

Finally, Plaintiffs' criticisms of Richard Pratt's May 9, 2018 Declaration (Doc. 2804) set forth complaints of statements unintentionally attributed to Plaintiffs' counsel, Corene Kendrick, rather than generally KJZZ – the media outlet that released a story the night before the May 9, 2018 Status Hearing. The KJZZ story included quotes from an interview with Ms. Kendrick, who often provides interviews to KJZZ regarding this case. There is nothing intentionally or recklessly false about the Declaration Defendant Pratt provided. Rather, knowing that Plaintiffs' counsel had already provided an interview to KJZZ and that KJZZ stories have become the catalyst for the Court ordering an evidentiary hearing in this case, Defendants sought to proactively address criticisms and complaints that would surely be advanced by Plaintiffs' counsel the next day at the Status Hearing. This prediction came to volition as evidenced by Plaintiffs' counsel's in-Court statements about Contract Amendment No. 15 and Mr. Pratt's Declaration, as well as the Declaration filed by Corene Kendrick shortly before the Status Hearing began on the morning of May 9, 2018, addressing the amendment. [Doc. 2802.] It was through inadvertence, and not a specific intent, that the Declaration did not specify that the Declaration was in response to the KJZZ story. The article is now filed with the Court and speaks for itself. [Doc. 2828-1 at pgs. 121-122] Defendants have addressed through Richard Pratt's Declaration the underlying allegations made in the article regardless of the source. It must be noted that Ms. Kendrick does not dispute the contract criticisms advanced in the KJZZ story, but rather takes issue as to whether she made the statements

specifically or the statements were made by the KJZZ reporter. Cut to the quick, however, is the unavoidable fact that ADC's procurement activities and Contract Amendment No. 15 are not governed by, nor subject to enforcement, change, or modification by Plaintiffs or the Court.

DATED this 29th day of May 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Timothy J. Bojanowski
 Daniel P. Struck
 Rachel Love
 Timothy J. Bojanowski
 Nicholas D. Acedo
 Ashlee B. Hesman
 Jacob B. Lee
 Kevin R. Hanger
 Timothy M. Ray
 Richard M. Valenti
 Jamie D. Guzman
 3100 West Ray Road, Suite 300
 Chandler, Arizona  85226

 Office of the Arizona Attorney General
 Michael E. Gottfried
 Lucy M. Rand
 Assistant Attorneys General
 2005 N. Central Avenue
 Phoenix, Arizona 85004-1592

 *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sarah Eve Kader: | skader@azdisabilitylaw.org;mlauritzen@azdisabilitylaw.org; rstarling@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

                                        /s/Timothy J. Bojanowski