IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-0601-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion for District Court Judge to Vacate Magistrate Judge Referral (Doc. 2825) and Plaintiffs' response (Doc. 2839). For the foregoing reasons, the Defendants' motion is denied.

Citing 28 U.S.C. § 636(c)(4) and Federal Rule of Civil Procedure 73(b)(3), Defendants attack Judge Duncan's subject matter jurisdiction over this action and request that the referral of this action be vacated for extraordinary circumstances. Defendants allege that under *Hatcher v. Consolidated City of Indianapolis*, 323 F.3d 513 (7th Cir. 2003), their explicit agreement to Judge Duncan's jurisdiction in October 2014 is invalid. Judge Duncan has addressed this argument, but the undersigned agrees that *Hatcher* is factually and legally distinguishable from this case. Defendants' position is also foreclosed by the Supreme Court's decision in *Roell v. Withrow*, 538 U.S. 580, 587 (2003), because while there does not appear to be any defect in the process by which Judge Duncan became involved in this case, and even if there was one, it was cured by the parties' explicit consent to his jurisdiction in their standalone joint motion at Doc.

1186 ("Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties hereby consent to have Magistrate Judge David Duncan conduct all further proceedings in this case[.]").

The Court notes the inconsistency and ambiguity in the language employed in the parties Stipulation (Doc. 1185 ¶ 35) and their consent motion. In the Stipulation, the parties refer to a reservation of jurisdiction by the District Court over all disputes between and among the parties. The parties also state that "this stipulation shall not be construed as a consent decree" without further explanation. (*Id.*) While somewhat ambiguous, the parties subsequently clarified their intent to consent to Judge Duncan's jurisdiction. (Doc. 1186). That unambiguous agreement to consent to Judge Duncan therefore supersedes the parties' Stipulation.

As a consequence, the transfer of this case consistent with the parties' consent extinguished this Court's jurisdiction over this matter. The motion to vacate the Magistrate Judge referral is therefore denied.

Accordingly, **IT IS ORDERED denying** Defendants' Motion for District Court Judge to Vacate Magistrate Judge Referral (Doc. 2825).

**Dated** this 5th day of June, 2018.

Honorable Diane J. Humetewa
United States District Judge