# EXHIBIT 1

# EXHIBIT 1



# STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Timothy J. Bojanowski
480.420.1604
tbojanowski@strucklove.com

May 18, 2018

**<u>VIA EMAIL ONLY</u>**
Mr. Braxton Millar
Advisory Board Consulting
Vice President
3102 W. End Ave., Suite 800
Nashville, 1N 37203
millarb@advisory.com

RE:   *Parsons v. Ryan*

Dear Mr. Millar:

At the May 9, 2018 Status Hearing, you stated the parties should forward to you any document requests or questions by this date. Below is a list of documents Defendants are requesting of The Advisory Board, as well as a list of questions to be answered. Please let us know if you have any questions or concerns.

**<u>DOCUMENT REQUESTS</u>:**

1. Completed copies of each SurveyMonkey survey filled out by the responding Corizon staff;

2. Completed Interview Guides for each telephone interview conducted by The Advisory Board;

3. All correspondence or communications between you and counsel for the Plaintiffs or the Court concerning your work on the file or opinions to be rendered;

4. All correspondence or communications between you and counsel for the Plaintiffs which identify any facts or data Plaintiffs' counsel or the Court either provided or declined to provide for your consideration in forming your expert opinions;

5. All statements, affidavits, declarations, depositions, deposition summaries, letters or other descriptions of any testimony or potential witness' recollections which you received, reviewed, and/or interpreted in connection with or pertaining to your engagement or with the formulation of any opinions to which you expect to testify in this case;

Braxton Millar
The Advisory Board
May 18, 2018
Page 2

6. All correspondence or communications between you and counsel for the Plaintiffs which identify, discuss or relate to any assumptions Plaintiffs' counsel or the Court either provided, clarified or declined to provide for your consideration in forming your expert opinions;

7. All documents and things to which you have in your possession, control or custody that state, reflect or evidence the applicable standard of care relating to the issues for which you have offered any opinion in this case, whether by affidavit, expert report or supplemental report;

8. All documents and things which you have in your possession, control or custody that relate to or reflect your opinion(s) that any prison, correctional facility, correctional healthcare contractor, prison system, or department of corrections exceeds the applicable standard of care for any issue on which you have rendered or expect to render an opinion in this case with respect to any ADC facility;

9. All documents and things which you have in your possession, control or custody that relate to or reflect your opinion(s) that any prison, correctional facility, correctional healthcare contractor, prison system, or department of corrections meets the applicable standard of care for any issue on which you have rendered or expect to render an opinion in this case with respect to any ADC facility; and

10. All documents and things which you have in your possession, control or custody that relate to or reflect your opinion(s) that any prison, correctional facility, correctional healthcare contractor, prison system, or department of corrections falls below the applicable standard of care for any issue on which you have rendered or expect to render an opinion in this case with respect to any ADC facility.

**QUESTIONS:**

1. Does the scope of your opinions involve a determination as to whether Corizon staffing levels are sufficient to provide a constitutional level of care to the inmate population?

2. Does the scope of your opinions include an analysis that establishes a proximate cause connection between the number of staff in a position at a facility and the failure of any performance measure set forth in the parties' Stipulation?

3. Does the scope of your opinions include an analysis that establishes a proximate cause connection between a vacancy in a staff position at a facility and physical injury to an inmate housed at that facility?

4. Does the scope of your opinions include an analysis that establishes a proximate cause connection between the filling of staff vacancies and a correlating increase in the rate of compliance with any performance measure set forth in the parties' Stipulation?

5. Have you compared the vacancy rate at any facility with a national vacancy rate of healthcare personnel at prison facilities?

6. Is there any empirical data or evidence you have found which establishes increasing the salary of staff to an increase in retention of staff and a concomitant reduction in vacancy rates?

7. What is the definition of the term "resources" as used in question No. 5 of the survey put out by Survey Monkey?

8. Is there any comparison between the staffing pattern, vacancy rates, compensation or job satisfaction at Corizon and any other correctional or private healthcare delivery system in Arizona to analyze whether Corizon falls below any standard of care with regard to its staffing of the ADC facilities?

9. Are any parts of your opinions based upon NCCHC or ACA standards? If so, which part(s)?

Regards,

Timothy J. Bojanowski

TJB/eap
cc: Counsel of record