**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | |
|---|---|
| Victor Parsons, et al., on ) | |
| behalf of themselves and all ) | |
| others similarly situated; ) | |
| and Arizona Center for ) | |
| Disability Law, ) | |
| ) | No. **CV-12-00601-PHX-DKD** |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Phoenix, Arizona |
| ) | June 4, 2018 |
| Charles Ryan, Director, ) | 5:01 p.m. |
| Arizona Department of ) | |
| Corrections; and Richard ) | |
| Pratt, Interim Division ) | |
| Director, Division of Health ) | |
| Services, Arizona Department ) | |
| of Corrections, in their ) | |
| Official capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**BEFORE:  THE HONORABLE DAVID K. DUNCAN, MAGISTRATE JUDGE**

<u>**REPORTER'S TRANSCRIPT OF PROCEEDINGS**</u>

<u>**TELEPHONIC STATUS CONFERENCE**</u>

Official Court Reporter:
Candy L. Potter, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 36
Phoenix, Arizona 85003-2151
(602) 322-7246

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

1

2                   **T E L E P H O N I C**
                   **A P P E A R A N C E S**

3

For the Plaintiffs:

4          PRISON LAW OFFICE
           By:  **Corene Kendrick, Esq.**

5          By:  **Donald Specter, Esq.**
           1917 5th Street

6          Berkeley, CA 94710

7          ACLU — Washington DC
           By:  **David C. Fathi, Esq.**

8          915 15th Street NW
           7th Floor

9          Washington, DC 20005

10         EIDENBACH LAW PC
           By:  **Kirstin T. Eidenbach, Esq.**

11         P.O. Box 91398
           Tucson, AZ 85752

12

           ARIZONA CENTER FOR DISABILITY LAW — Phoenix, AZ

13         By:  **Maya Stock Abela, Esq.**
           5025 East Washington Street

14         Suite 202
           Phoenix, AZ 85034

15

For the Defendants:

16         STRUCK LOVE BOJANOWSKI & ACEDO PLC
           By:  **Rachel Love, Esq.**

17         3100 W. Ray Road
           Suite 300

18         Chandler, AZ 85226

19

20

21

22

23

24

25

**CV-12-601-PHX-DKD – June 4, 2018**

1    (Proceedings begin at 5:01 p.m.)

2         THE CLERK:  Civil case number 12-601, Parsons, et al,

3    versus Ryan, et al, on for telephonic status hearing.

4         THE COURT:  Who's on the phone, please?

5         MS. KENDRICK:  Good afternoon, Your Honor.  This is        17:01:18

6    Corene Kendrick and Donald Specter from the Prison Law Office

7    for the plaintiff class.

8         THE COURT:  Thank you.

9         MR. FATHI:  Good afternoon, Your Honor, David Fathi

10   for the ACLU National Prison Project for the plaintiff class.  17:01:31

11        THE COURT:  Thank you.

12        MS. EIDENBACH:  Good afternoon, Your Honor, Kirstin

13   Eidenbach for the plaintiff class.

14        THE COURT:  Thank you.

15        MS. ABELA:  Good afternoon, Your Honor, Maya Abela for   17:01:41

16   the Arizona Center for Disability Law.

17        THE COURT:  Thank you.

18        MS. LOVE:  And, Your Honor, Rachel Love for

19   defendants.

20        THE COURT:  All right.  Well, the first thing that we    17:01:52

21   are dealing with is the fact that we're not in the position

22   that we'd hoped that we'd be in, and that is with respect to

23   the Edwards documents.

24        But I thought rather than just sending out a word that

25   we'd postpone it, that we'd make a first try at trying to     17:02:05

1   figure this out what we can do in terms of timing.

2          I'll give you all a chance to talk about what you

3   wanted to talk about, but I'll tell you what my preliminary

4   observations are.

5          Some of what's on defendants' witness list is not      17:02:22

6   important.  For instance, the canine retaliation, I'm not

7   acting on that.  I had the witness in court, so I don't need to

8   follow that up.  It didn't chill her testimony, she was here.

9   So I wouldn't need to hear anything like that.  So there's some

10  trimming that can go on.                                       17:02:41

11         But it also looks to me like the days that we have

12  scheduled already are likely to be insufficient.  I think we

13  can be more efficient than we would otherwise think because

14  we've been down this road before with some of these witnesses

15  and we can be more efficient.                                  17:03:01

16         But I do think it probably means there's a need to

17  find more days.  And as I look at it, it seems like the most

18  likely thing to do is to get you all to postpone the prison

19  tour that's set for the week of the 18th so that we could

20  perhaps grab the 18th and the 19th and the 21st, and get three 17:03:24

21  additional days.

22         And I think that that would put us within a

23  comfortable range of being able to accomplish what we need to

24  accomplish before I leave.  I wouldn't be able to do the prison

25  tour, obviously.  But I think that in terms of the relative    17:03:47

1    importance of things, I do need to close up the monitoring

2    issue testimony and to give the defendants an opportunity to

3    have their rebuttal witnesses on what we've already heard.

4           So those are my preliminary thoughts on this.

5           I'll turn first to plaintiffs and hear what your                17:04:10

6    thoughts are.

7           MS. KENDRICK:  Thank you, Your Honor.

8           This is Corene Kendrick.

9           We would just note that as an initial matter the Court

10   ordered defendants to provide a detailed schedule of how much          17:04:21

11   time they needed for the next two days of hearings, including

12   the order of the witnesses and the amount of time they proposed

13   for each witness.

14          Defendants did not do that, instead filing something

15   that lists at least 19 people, including John Does and Jane            17:04:39

16   Does to be identified, disregarding the Court's order.

17          It's been clear since May 9th that defendants have

18   known that June 14th was the last day to present witnesses.

19   They are aware of that.  And so our position is that defendants

20   need to provide the order of the witnesses they're calling,           17:05:00

21   who's going to be there on what date, need to have a schedule

22   that shows how much time they propose, and we need to be done

23   by June 14th.

24          Because as Your Honor has noted, you are working on an

25   order on contempt.  There's also the outstanding motion              17:05:15

1   regarding the appointment of an expert.  There's the

2   outstanding motion on the HNR boxes.  And there's also the

3   outstanding motion on attorney's fees.

4         And if Your Honor is planning to retire on June 22nd,

5   as you previously had stated, we are concerned that that is not          17:05:33

6   enough time for the Court to issue an order, even if we add

7   three days of hearings on the 18th, 19th and the 21st.

8         THE COURT:  Well, much of the -- much of the testimony

9   that's set forth on the defendants' witness list is not

10  associated with matters that go directly to the OSC.  The OSC          17:05:57

11  is somewhat susceptible of being augmented by what we hear.

12  But it is in its core whether or not there was compliance with

13  the OSC order, and that is to provide the services to the

14  individuals that were required to receive it.  And we

15  have -- we have that information already in.  And so the OSC          17:06:19

16  order is mostly done.  So I'm not -- I'm not worried about

17  that.

18        What I am worried about is in fairness giving the

19  defendants an opportunity to rebut what we've had.  And so I

20  think I do need to do that.  And I am concerned that it's          17:06:38

21  unlikely to be a realistic possibility to do it in

22  two-and-a-half days that we have scheduled.  Especially because

23  my guess is that the documents that we will see from

24  Miss Edwards may well engender additional time as well.

25        So I think as a practical matter it would be nice to          17:06:58

1   be able to think that we could have held to things as

2   originally anticipated, but the unexpected testimony --

3           I mean, when I say "unexpected," I knew these

4   witnesses were coming.  I did not have any idea that they would

5   testify to what they testified to.  And so it is -- it is          17:07:17

6   something that is very much a part of what I will be

7   considering, both with respect to my final actions in the case,

8   and any advisory report, if you will, that I -- and that's a

9   means that remains available to me.  I can file a report based

10  upon my fact finding for the new judge to consider.                17:07:43

11          And so I think that all of that comes together to mean

12  that we need more time.

13          So I guess I go back to, Miss Kendrick, and say, is it

14  possible to reschedule the prison tour days, some of those

15  days, for that week?  Or do you -- I mean, I just -- I think       17:08:00

16  that -- I understand everybody has schedules, but I do think

17  that, at least as I look at it with my sense of what we've

18  heard, and what we would like to close out, so that in fairness

19  I can make conclusions.  And to the extent that it's either in

20  the report or in some order of the Court, the basis that I can     17:08:26

21  include these matters because I've given defendants a fair

22  opportunity to do the rebuttal that I've told them they'd be

23  able to have.

24          MR. FATHI:  Your Honor, on the scheduling point --

25          This is David Fathi, may I say something?               17:08:44

1          THE COURT:  Of course.

2          MR. FATHI:  Your Honor, I am not available the week of

3     the 18th.  I had not intended on coming to the prison tour.

4     And I am not available to come to court that week.

5          Our concern here is that the schedule has been the          17:08:59

6     schedule for a long time now, and the parties have relied on

7     it.  And on our side, among other things, I have relied on the

8     Court's statement that we would finish on the 14th.  And,

9     therefore, I'm now not available for that final week.

10          The power of the Court to establish reasonable time        17:09:18

11     limits is beyond dispute.  Due process does not, as the

12     defendants say in their brief, require that they be given as

13     much time as they want.  They say very clearly, defendants

14     should not be constrained as to the number, scope, or witnesses

15     to be called.                                                   17:09:37

16          We think that's wrong, Your Honor.  We think the Court

17     established a schedule.  The parties have relied on it.  And we

18     would ask the Court to stick to that schedule.

19          THE COURT:  Well, I can't.

20          So I guess the next question is, is there somebody          17:09:52

21     else who can cover for you, Mr. Fathi?

22          MR. FATHI:  I don't know the answer to that,

23     Your Honor.  Again, we will obviously try to figure that out.

24     But we have relied on the schedule and, therefore, I honestly

25     don't know the answer to that question.                         17:10:07

CV-12-601-PHX-DKD – June 4, 2018

1        THE COURT:  All right.  Well, the problem is that

2  you -- we have made plans, based upon expectancies of what we

3  thought would be occurring.  But it is always, it seems, a

4  situation that is in motion.  And indeed that has been the case

5  here.                                                     17:10:34

6        We don't even know what the time period that would be

7  necessary for additional direct examination of Miss Edwards

8  based upon the documents.  I'm anticipating that we will see

9  that there will be a substantial need for that.  That's just my

10  guess.  I could be wrong about that.                      17:10:52

11        But I believe that Miss Edwards was in a position of

12  significance, and able to observe what she talked about.  And

13  she's got a written record that we'll have to work through.

14        So even apart -- I mean, you can't really say we have

15  to hold to our original schedule when we had scheduled this    17:11:15

16  time for Miss Edwards, and we'd hoped that we'd have the

17  documents, and now we find that we don't have the documents for

18  the time that's already passed.  We have to plug her in some

19  other place, and that plug in has to go beyond what we've

20  already talked about.  Because we already -- even as you say,   17:11:32

21  we had allotted those two-and-a-half days, the other half day

22  being for the status hearing -- the monthly status hearing.

23        But we know we've got this changed circumstance.  So

24  we've got to deal with that, that's just a reality.

25        And so remind me, what were the days that you were    17:11:48

UNITED STATES DISTRICT COURT

```
 1   planning to be on the prison yards for the tours of the week of

 2   the 18th?

 3         MS. KENDRICK:  We were planning to go June 18th

 4   through the 21st, sir.

 5         THE COURT:  Okay.                                      17:12:03

 6         MS. KENDRICK:  All four days.

 7         THE COURT:  All right.

 8         MS. KENDRICK:  The other thing, Your Honor, we would

 9   just note is, defendants state in their filing that their

10   retained expert, Dr. Khan, is not available June 12th through   17:12:18

11   14th.  And we would just note, we don't know whether or not

12   he's available the following week.

13         But the other thing is that there cannot be

14   gamesmanship or the excuse that we have to drag things out even

15   longer because people are not available.  If they're not        17:12:36

16   available, they're not available.  You know, that just

17   sometimes happens.

18         And so, in addition, if the Court is really inclined

19   to add three more days of hearings, we would just note, in

20   addition to cutting the excessive witnesses they plan to call,   17:12:51

21   including wardens and people who did trainings and dog

22   sergeants and correctional officers to be named and people

23   using wands, that the Court also make it clear that these are

24   the days, if people can't make it those days, then the chips

25   will fall where they may.                                       17:13:14
```

1     I mean, in the case of plaintiff, we had planned to

2  call our expert Dr. Todd Wilcox on Friday.  He came down with a

3  respiratory infection.  He informed us that he's not available

4  for the rest of the month of June.  And so there you go.  You

5  know, we're going to have to live with that.  We're not                    17:13:29

6  demanding that we go into July or August to accommodate some

7  witness's schedules.

8     THE COURT:  Well, I do understand what you say, and I

9  agree with much of what you say.  But I also want to emphasize

10  that I'm going to be riding herd on what amount of time is                  17:13:47

11  devoted to what.  There are some things that are on defendants'

12  list that I'm just not interested in, we're not going to spend

13  any time on that.

14     And I'm going to be also, I mean, weary of what is a

15  fear that developed last week, and that is that I seem to have             17:14:02

16  sort of less than directed examination on the defendants' side.

17     And so I'm really -- if you look at the sum and

18  substance of what the testimony that we've had, there's not

19  much productive use of the time on the defendants' side in

20  terms of producing anything that was useful for the Court.  And            17:14:28

21  so I don't know whether or not it was, as you say, gamesmanship

22  or not.

23     But in any event, to me I will keep a keen eye to

24  efficient use of time.  And I -- you know, I start out pretty

25  much letting people try their own case.  But I also have to say           17:14:44

12

1    that I was thinking to myself pretty regularly last week that

2    there were examples of efficient use of time and examples of

3    inefficient use of time.  And so I'll be sensitive to that.

4            And so if we do go down this road of the additional

5    days, I need to let you know exactly how I want to time it out.   17:15:13

6    Because I don't want to be in a position -- I can't be in a

7    position where we get to late in the week of the 18th and find

8    that we've run out of time.  I'm just not going to be in that

9    position.  So we're going to set up a pretty tight schedule.

10           So I'm going to -- I'm going to revisit this issue of   17:15:36

11   the schedule with you all after you've had a chance to look at

12   the Edwards documents, and you can factor that in.

13           I'll know what plaintiffs, if any -- if they think

14   they need additional time on that, and I'll be able to then

15   take a look at what we've done so far and how much I need to   17:15:54

16   give the defendants.  I can work from that and make a schedule.

17           I think I can devote -- I mean, I think I can let you

18   know how much time I think will be necessary and how much I can

19   afford to allot to the respective key witnesses that are sort

20   of defendants' A team on this.  I can let you know about that,   17:16:19

21   and so we can have a firm schedule idea of what we need to do.

22           I don't know whether we would need to use all three

23   days of the week of the 18th.  But that really hinges on how

24   much time people think is necessary from any additional

25   testimony from Miss Edwards.   17:16:47

1          So what I would think is that the following should

2    happen:  Is that we should pick a time where we can get on the

3    phone again together after you've had a chance to talk about

4    Miss Edwards' documents, after Mr. Fathi's had a chance to take

5    a look to see who can step in for him.  And then talk again        17:17:02

6    about how we're going to allocate all of this and work toward a

7    very firm and precise schedule.

8          I don't know that, in light of what I said and in

9    light of what I've heard, I need to hear anything more from

10   defendants, but I'll give you a chance to say that now.          17:17:24

11         MS. LOVE:  Yes, Your Honor.  Just quickly.

12         With respect to the two-and-a-half days of additional

13   testimony on this, you know, that was related to when we were

14   only dealing with Dr. Jan Watson's allegations.  So the

15   proliferation and the need for additional days has become the    17:17:40

16   result of Angela Fischer and Cecilia Edwards testifying.

17         With respect to Dr. Khan, there's no gamesmanship

18   whatsoever as to his unavailability the week of the 13th.  As

19   we previously advised the Court, Dr. Khan -- and I just didn't

20   want to put it in a pleading, because it's his personal          17:17:59

21   information -- but he does not travel that week because of

22   Ramadan.  So it is for religious reasons that we previously

23   advised the Court.

24         Also, Your Honor, our list of witnesses today -- and

25   that's why I did put in parenthesis basically, if it wasn't      17:18:12

—— **CV-12-601-PHX-DKD – June 4, 2018** ——

1    obvious what the person would be testifying about, is because

2    of the expansive nature of the scope of the testimony of both

3    Angela Fischer and Cecilia Edwards.

4         So if there are things like, as the Court just

5    notified today, that you're not interested in hearing anything          17:18:31

6    about the canine retaliation from Miss Edwards, or if you don't

7    want to hear anything more about the inmate being wanded or

8    allegations of that nature, we'll certainly cut the list.

9         We put these witnesses in, A, out of an abundance of

10   caution, because we want to be able to rebut any allegations,          17:18:48

11   you know, of the misconduct by any ADC staff or Corizon staff.

12   But if those issues not going to be considered for your

13   ultimate rulings or recommendations, of course, we're not going

14   to waste anybody's time.

15        Additionally, where we did put in John or Jane Does,              17:19:05

16   it's because a lot of the allegations came from Miss Edwards'

17   testimony on Friday afternoon.  And while we have ADC personnel

18   investigating those allegations, I don't quite know which

19   witnesses would be called.

20        So if, you know, the Court is certainly not interested           17:19:19

21   in certain subject matter, then we'll be able to cut the list.

22        But from our standpoint, we were thinking the exact

23   same thing as the Court was thinking, which was to use some of

24   the tour dates to finish these hearings.  And subject to all of

25   this, I think in the time, using the 18th, 19th, 21st, and then       17:19:38

1    the 13th and the 14th, those two-and-a-half days across that,

2    certainly we'll -- we will be able to finish the presentation

3    of witnesses.

4            THE COURT:  All right.

5            MS. KENDRICK:  Your Honor?                          17:19:51

6            THE COURT:  Yes.

7            MS. KENDRICK:  May I respond?

8            THE COURT:  Of course.

9            MS. KENDRICK:  As an initial matter, the 2.5 days,

10   which our understanding was it was going to be two days, we    17:19:59

11   didn't realize it was 2.5 days, was never directly tied to

12   Dr. Watson.

13           To the extent the Court can tell the parties right now

14   which witnesses are not necessary -- we believe that based on

15   their list there's no need for the wardens, or number 10, 11,  17:20:15

16   and 14 through 18, and 19 to testify about this.

17           As the Court has noted when Miss Edwards was talking,

18   that she was not a medical expert, but that she was sharing her

19   impressions.  So there's no need to have doctors explain why

20   the delays in care were sufficient.                           17:20:44

21           We need to have an order for next week as soon as

22   possible.

23           Counsel for Miss Edwards advised that he will be

24   getting her documents tomorrow morning.  So there's no way of

25   knowing how long it will take for him to get them reviewed,    17:20:58

1    Bates stamped, and produced to the parties and the Court.

2            To the extent defendants can go ahead and indicate

3    which witnesses they are calling which days next week, and how

4    much time they anticipate for each witness, we can be prepared.

5            Defendants also need to be prepared for the fact that          17:21:19

6    some of their witnesses may not take as long as they think.

7    Plaintiffs will endeavor to keep our cross-examination short

8    and concise and move things along.  So while defendants might

9    think that there is only enough time for three witnesses, it's

10   entirely possible that we might get through four or five in a          17:21:36

11   given day.  And so they need to be prepared to have them come

12   in one after another.

13           We need the specific information because we are going

14   to be back in front of you a week from tomorrow, and it is

15   prejudicial if we're waiting until the end of the week to hear         17:21:51

16   defendants' announcements about who they plan to call and in

17   which order.

18           THE COURT:  Well, I can give you some guidance on

19   that.

20           My thought would be that we would hope to be able to           17:22:01

21   reconvene by phone and settle this up finally perhaps Wednesday

22   afternoon.  And then the -- my preliminary view would be that I

23   would like to hear from Mr. Pratt, Miss Headstream and

24   Dr. Taylor on the first day of next week.

25           Then we do the status conference on -- for the month.         17:22:26

UNITED STATES DISTRICT COURT

1    And then, depending upon when we finish with that, resume with

2    testimony.

3          But I would schedule out and let you know who the

4    witnesses were that we would be hearing from in the second part

5    of Wednesday and Thursday of next week, and then also decide          17:22:42

6    what will be -- where we'll plug in the others based upon the

7    additional information we have at that point after your review

8    of Miss Edwards' documents.

9          So what -- is it possible for you all to be available

10   perhaps 4:30 on Wednesday?                                            17:23:00

11         MS. KENDRICK:  Yes, sir.

12         MS. LOVE:  Yes, Your Honor.

13         THE COURT:  All right.  Let's -- hold on just a

14   second, please.

15      (Discussion held off the record.)                                 17:23:14

16         THE COURT:  All right.  So the additional point that I

17   hope that is clear is, if you can do as much careful

18   fine-tuning about the witnesses that you believe that you will

19   need, so when we talk again at 4:30 on Wednesday, that would be

20   helpful.  Because I will be doing my scheduling, and so you'll       17:23:37

21   want to understand that I'll be more impressed if you all are

22   tight about it and specific about it, and likely to be more

23   persuaded that we should do it your way than not.

24         Otherwise I'm just going to be deciding how to do it.

25   And that's just the reality of how we'll proceed.                    17:24:02

1        All right.  So we'll talk again Wednesday afternoon at

2   4:30, if you'd kindly call in again then.

3        Thank you all.

4        MS. LOVE:  Thank you.

5        MS. KENDRICK:  Thank you, Your Honor.                    17:24:15

6   (Proceedings concluded at 5:24 p.m.)

7

8                              -oOo-

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4                    C E R T I F I C A T E

5

6           I, CANDY L. POTTER, do hereby certify that I am duly

7   appointed and qualified to act as Official Court Reporter for

8   the United States District Court for the District of Arizona.

9           I FURTHER CERTIFY that the foregoing pages constitute

10  a full, true, and accurate transcript of all of that portion of

11  the proceedings contained herein, had in the above-entitled

12  cause on the date specified therein, and that said transcript

13  was prepared under my direction and control.

14          DATED at Phoenix, Arizona, this 18th day of June,

15  2018.

16

17

18

                              s/Candy L. Potter_____
19                            Candy L. Potter, RMR, CRR

20

21

22

23

24

25