Dale Maisano
P.O. Box 24402  077817
Tucson, Arizona 85734 - 24402

§ 1

In The United States District Court
For The District of Arizona

Parsons, et, al,                    Case CV-12-00601 PHX-DKD
        Petitioner(s)            Judge David K. Duncan
            V.
Ryan, et, al,                      Additional Disclosure:
        Respondent(s)          Conditions of Medical
                                      Denial of Access as
                                      well as assistance

    Judge as You can read The Crazy Ones
Ulibarri etc. Never Change, Orders
mean not one thing Crazy.
    Sorry for The delay, Im even refused
simple things like envelopes and copies
    AZ is not a second world it is more
like The Fifth or so.

Submitted This 19th Day of June 2018

                          by [signature] Dale Maisano
                               Dale Maisano
cc Copies as required and under Gluth V. Kangas
951 F 2d 1504 (9th Cir. 1991 ) Will be
Denial as will as Bounds & Lewis, Staff
are not so :§: .

                                              1 of 40

Judge Refund Copy

Sir Argued

Action is needed

Exparte Hull U.S. Sup Ct.



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Request/Authorization for Qualified Legal Copying**

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Mariani Dale | 07717 |

| Institution/Unit | Date |
|---|---|
| ASP ? Whaler  1 A11 | 6-19-18 |

List each document separately.  Forms packages count as one item.  Unrelated exhibits count separately.
ATTACH DOCUMENTS

**PARALEGAL REVIEW**

| | No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | ✔ Unmodified |
|---|---|---|---|---|---|---|---|
| To be completed by the inmate/paralegal | 1 | Pen v. Ryan W.C.V... | 40 | 3 | 5 | 4 | |
| | 2 | Desclose | 15 | | | | |
| | 3 | desclose (...) | | | | | |
| | 4 | | | | | | |
| | 5 | tort action excl... | | | | | |
| | 6 | To any case cost | | | | | |
| | 8 | | | | | | |
| | 9 | | | | | | |
| | 10 | | | | | | |

Request received and forwarded to Paralegal for action.

| | Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date/Received | Date Forwarded |
|---|---|---|---|---|
| Designated Staff | | | 6/19/18 | 6/19/18 |

I have reviewed the request for legal copying.  Take the following action:

☐ Copy: Unmodified

☐ Copy: Modified as indicated above

☐ **Non-qualified legal copies, non-legal matter.**

☐ Paralegal requests meeting with inmate - approval suspended

| | Paralegal's Name *(Last, First M.I.)* | Paralegal's Signature | Date |
|---|---|---|---|
| Paralegal | | | 6/22/18 |

| No. of Copies made ___ 15 pcs. x 3 @ $ ___ .10 ___ each = TOTAL $ 4.50 |
|---|

| | Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|---|
| Designated Staff | | | 6/22/18 |

**Distribution:** White – Library
Green – Legal Access Monitor
Canary – Inmate
Pink – Paralegal
Goldenrod – Inmate

902-2
2/4/11



**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Request for Paralegal Assistance

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Unit |
|---|---|---|
| Marcano Dale | 077877 | ASP-T-Whetstone 1955 |

**Briefly describe your complaint:** *(Use a blank sheet of paper if additional room is needed.)* Under Bounds V. Smith and Ordered To A DOC in Glyth V. Kargo) 951 F 2d 1504 (9th Cir 1990) No limit on outgoing legal letters et.

On 6-18-18, I filed a Grievance and now under Lewis V. Curry and Bounds V. Smith. I'm in need of assistance to simply give a firm in Actual Injury (Read) Simply Why New Action Will Be: Marcano V. Ulibarri et.al. all Errors and 3 As Atty Gen and Not to AMOC, One more denial is one more action. AKA Legal Supplies etc.

| Inmate Signature | Date |
|---|---|
| Dale Marino | 6-18-18 |

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|
| Ward | Ward | 6-18-18 |

**Paralegal Review**

☐ A meeting will be scheduled with a Paralegal.

☐ Your complaint does not involve a qualified legal claim. You may pursue this issue in accordance with Department Order 902, Inmate Legal Access to the Courts, sections 902.01 and 902.02.

☐ Unclear. A meeting will be scheduled with a paralegal to determine if assistance can be provided.

| Paralegal's Name *(Last, First M.I.)* | Paralegal's Signature | Date |
|---|---|---|
| | | |

Your appointment with the Paralegal has been scheduled for _____

at _____ a.m./p.m. in the _____
   TIME                                    DATE

Please bring this authorization and all related documents to the meeting.

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|
| | | |

Distribution: White - Library
Canary - Inmate
Blue - Legal Access Monitor
Pink - Paralegal
Green - Paralegal
Goldenrod - Inmate

902-1
2/4/11

2 of 8

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Health Needs Request (HNR)**

Date: _____ 1500
Time: _____
Initials: _____

| Inmate Name/Nombre (Last, First M.I.) (Apellido, Nombre, Inicial) | ADC Number/Número de ADC | Date/Fecha |
|---|---|---|
| Marcia | 077877 | 6-6-2011 |

| Cell/Bed Number/Celda/Número de Cama | Unit/Unidad | P.O. Box/Apartado Postal | Institution/Facility/Instalación: ASPC |
|---|---|---|---|
| 1 M 80 | Whetstn | 24402 | Tucson |

You are required to be truthful. Failure to be cooperative and any abuse of the health care system or its staff could cause a delay in delivery of care to you and others, and may result in disciplinary action (Use this form to describe only one problem or issue at one time).
[Se le exige diga la verdad. La falta de cooperación y cualquier abuso del sistema del cuidado de la salud o del personal podría retrasar la asistencia de este cuidado para usted y para otros y puede dar lugar a una acción disciplinaria (Use este formulario para describir un problema a la vez)]

**AREA OF INTEREST** (Check only one block below)/**AREA DE INTERES** (MARQUE UN ESPACIO SOLAMENTE) ☐ Medical/Médica ☐ Dental ☐ FHA
☐ Pharmacy/Farmacia ☐ Mental Health/Salud Mental ☐ Eyes/Ojos ☐ Other (specify)/Otros (especifique) _____

PLEASE PRINT! Describe your medical/dental treatment issue need in the space below. Be clear and specific. NO ADDED PAGES. [¡POR FAVOR, ESCRIBA EN IMPRENTA! Describa su tratamiento o necesidad médica/dental en el espacio de abajo. Describa claramente y sea específico. ¡NO USE MAS HOJAS!]

I'm on a medical diet, It is making Me ill
and giving Me Rash. I have no choice
but to cancel the diet.

You have failed to do follow-up treatment a
requested by Outside Specialist

I understand that, per ARS 31-201.01, I will be charged a $4.00 Health Service fee (excluding exemptions granted by statute) for the visit that I am herein requesting. I further understand that by paying this fee I do not have the right to dictate treatment or who provides treatment. [Entiendo que de acuerdo con ARS 31-201.01 se me cobrará una cuota por el servicio médico de $4.00 por la cita que aquí estoy pidiendo (excluyendo las exenciones otorgadas por la ley). Además entiendo que al pagar esta cuota no tengo el derecho a imponer el tratamiento o quien lo proporcione.]

Inmate's Signature/Firma del prisionero _____

**REMOVE THE GOLDENROD COPY AND PLACE THE REMAINDER IN THE HEALTH NEEDS REQUEST DROP BOX**[SEPARE LA COPIA DE COLOR AMARILLO OBSCURO Y DEJE LAS DEMAS EN EL BUZON PETICION DE NECESIDADES MÉDICAS]

**REFERRAL BY MEDICAL STAFF/REFERENCIA MEDICA** ☑ Medical/Médica ☐ Dental ☐ Pharmacy/Farmacia ☐ FHA
☐ Mental Health/Salud Mental ☐ Eyes/Ojos ☐ Other/Otros (specify) (especifique) _____

Comments/Comentarios
Nurse line

| Staff Signature Stamp/Firma del empleado | Date/Fecha | Time/Hora |
|---|---|---|
| RN | 06/06/12 | 1300 |

**PLAN OF ACTION/PLAN DE ACCION**

Allergy diet discontinued - Refusal signed

| Staff Signature Stamp/Firma del empleado | Date/Fecha | Time/Hora |
|---|---|---|
| RN | 06/06/12 | 1330 |

Distribution: White/Blanca - Health Unit/Unidad de Salud, Canary, Pink & Goldenrod - Inmate/Amarillo Canario, Rosa y Amarillo Obscur - Prisonero

This is a translation from original text written in English. This translation is unofficial and is not binding on this state or a political subdivision of this state. [Este documento es una traducción de texto original escrito en inglés. Esta traducción no es oficial y no compromete a este estado ni una subdivisión política de este estado.]

1101-10ES
12/19/12

2 of 40

**Allergy, Asthma, Associates, P.C. CG**
1760 E. Florence Blvd, Suite 200   Casa Grande, AZ 851224768
Phone: (520) 836-3283  Fax: (520) 318-1859
SKIN TEST FORM

Test Date: 02/01/2017                                    Tested By: LaHood, Nabeeh

Patient: Maisano, Dale (PT00014872)            Antihistamine Taken: No

DOB: 12/07/1957     Sex: Male

| Allergen | Order | Score | Wheal | Flare | Loc | Order | Score | Wheal | Flare | Loc |
|---|---|---|---|---|---|---|---|---|---|---|
| Panel: Food Panel | | | | | | | | | | |
| *Control  (Control) | No | 3 | 5 | 25 | Back | No | | | | |
| Beef (Food) | No | 0 | | | Back | No | | | | |
| Chicken  (Food) | No | 0 | | | Back | No | | | | |
| Choclate (Food) | No | 0 | | | Back | No | | | | |
| Corn  (Food) | No | 0 | | | Back | No | | | | |
| Cherry (Food) | No | 0 | | | Back | No | | | | |
| *Cow's Milk  (Food) | No | 2 | 2 | 4 | Back | No | | | | |
| Egg Yolk (Food) | No | 0 | | | Back | No | | | | |
| *Egg White  (Food) | No | 2 | 2 | 7 | Back | No | | | | |
| Oat  (Food) | No | 0 | | | Back | No | | | | |
| Orange (Food) | No | 0 | | | Back | No | | | | |
| Peanut Mix (Food) | No | 0 | | | Back | No | | | | |
| White Potato (Food) | No | 0 | | | Back | No | | | | |
| Soybean (Food) | No | 0 | | | Back | No | | | | |
| Tomato (Food) | No | 0 | | | Back | No | | | | |
| Wheat whole (Food) | No | 0 | | | Back | No | | | | |
| Baker Yeast  (Food) | No | 0 | | | Back | No | | | | |
| Apple (Food) | No | 0 | | | Back | No | | | | |
| Banana (Food) | No | 0 | | | Back | No | | | | |
| Buchwheat (Food) | No | 0 | | | Back | No | | | | |
| Carrot (Food) | No | 0 | | | Back | No | | | | |
| Coconut (Food) | No | 0 | | | Back | No | | | | |
| Fish Trout (Food) | No | 0 | | | Back | No | | | | |
| Codfish (Food) | No | 0 | | | Back | No | | | | |
| Grapefruit (Food) | No | 0 | | | Back | No | | | | |
| Green Pea (Food) | No | 0 | | | Back | No | | | | |

* = Positive

| | |
|---|---|
| 0 = Negative Result | 1 = small Flare only no wheal | 2 = small wheal with moderate Flare |
| 3 = moderate Wheal and/or large Flare | 4 = Large Wheal | 5 = Extra large wheal |
| 6 = Positive Result | | |

3 of 40

**Allergy, Asthma, Associates, P.C. CG**
1760 E. Florence Blvd, Suite 200   Casa Grande, AZ 851224768
Phone: (520) 836-3283  Fax: (520) 318-1859
SKIN TEST FORM

Test Date: 02/01/2017                                    Tested By: LaHood, Nabeeh

Patient: Maisano, Dale (PT00014872)                     Antihistamine Taken: No

DOB: 12/07/1957      Sex: Male

| Allergen | PRICK | | | | | I.D | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Order | Score | Wheal | iFlare | Loc | Order | Score | Wheal | Flare | Loc |
| **Panel: Food Panel** | | | | | | | | | | |
| Green / String Beans (Food) | No | 0 | | | Back | No | | | | |
| Oyster  (Food) | No | 0 | | | Back | No | | | | |
| Pecan (Food) | No | 0 | | | Back | No | | | | |
| Rice (Food) | No | 0 | | | Back | No | | | | |
| Shrimp (Food) | No | 0 | | | Back | No | | | | |
| Tuna (Food) | No | 0 | | | Back | No | | | | |
| *Walnut English (Food) | No | 2 | 2 | 5 | Back | No | | | | |
| Cabbage Mix (Food) | No | 0 | | | Back | No | | | | |
| Celery (Food) | No | 0 | | | Back | No | | | | |
| Cucumber  (Food) | No | 0 | | | Back | No | | | | |
| Crab (Food) | No | 0 | | | Back | No | | | | |
| Lamb (Food) | No | 0 | | | Back | No | | | | |
| Lettuce (Food) | No | 0 | | | Back | No | | | | |
| Spinach (Food) | No | 0 | | | Back | No | | | | |
| Onion  (Food) | No | 0 | | | Back | No | | | | |
| Olive Green (Food) | No | 0 | | | Back | No | | | | |
| Pork  (Food) | No | 0 | | | Back | No | | | | |
| Sweet Potato (Food) | No | 0 | | | Back | No | | | | |
| Rye (Food) | No | 0 | | | Back | No | | | | |
| Salmon (Food) | No | 0 | | | Back | No | | | | |
| Strawberry (Food) | No | 0 | | | Back | No | | | | |
| Watermelon (Food) | No | 0 | | | Back | No | | | | |
| Brewer Yeast food (Food) | No | 0 | | | Back | No | | | | |
| Control (negative) (Control) | No | 0 | | | Back | No | | | | |
| Avocado (Food) | No | 0 | | | Back | No | | | | |
| Cantaloupe (Food) | No | 0 | | | Back | No | | | | |

* = Positive

| | | |
|---|---|---|
| 0 = Negative Result | 1 = small Flare only no wheal | 2 = small wheal with moderate Flare |
| 3 = moderate Wheal and/or large Flare | 4 = Large Wheal | 5 = Extra large wheal |
| 6 = Positive Result | | |

**Allergy, Asthma, Associates, P.C. CG**
1760 E. Florence Blvd, Suite 200    Casa Grande, AZ 851224768
Phone: (520) 836-3283  Fax: (520) 318-1859
SKIN TEST FORM

Test Date: 02/01/2017                          Tested By: LaHood, Nabeeh

Patient: Maisano, Dale (PT00014872)            Antihistamine Taken: No

DOB: 12/07/1957        Sex: Male

| Allergen | PRICK Order | Score | Wheal | Flare | Loc | I.D Order | Score | Wheal | Flare | Loc |
|----------|------|-------|-------|-------|-----|------|-------|-------|-------|-----|
| **Panel: Food Panel** | | | | | | | | | | |
| Hazel Nut  (Food) | No | 0 | | | Back | No | | | | |
| Peach (Food) | No | 0 | | | Back | No | | | | |
| Pear (Food) | No | 0 | | | Back | No | | | | |
| Plum (Food) | No | 0 | | | Back | No | | | | |
| Lobster (Food) | No | 0 | | | Back | No | | | | |
| Scallop (Food) | No | 0 | | | Back | No | | | | |
| Brasil Nut  (Food) | No | 0 | | | Back | No | | | | |

* = Positive

| | | |
|---|---|---|
| 0 = Negative Result | 1 = small Flare only no wheal | 2 = small wheal with moderate Flare |
| 3 = moderate Wheal and/or large Flare | 4 = Large Wheal | 5 = Extra large wheal |
| 6 = Positive Result | | |

5 d 9

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue. Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Marson, Dan | 277371 | ASP-F Whetston | 6-1-18 |

| TO | LOCATION |
|---|---|
| CO III for Cancer | Whetston |

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

"I'm attempting to internally resolve the following issue.
I waive no time at any step of the Grievance process.
My single issue is: Denied a Medical Diet as Prescribed
by Outside Specialist LaMont Nabeeh, That wont kill
Me on 02/01/2017. I went for Allergy Testing To:
Allergy Asthma Associates P.C. CGT, 1760 E. Florence
Blvd #Suite 200 Case Grande Az 520227768. I was
told as he told ADC/Corizon Staffing and Nurse
Anders who told Nurse Practitioner on G.G. 2015. The
Tests/Diets said I was to return in 90 Days for a
second Test... This was never done. "Criminal Conduct"
On G.G. 2015 I went to Medical with an HNR. I'm
on a medical diet it is making Me ill and giving Me
Rashes. I have a chance bill I cased the latest
4. Have failed to do followup treatment or requested
6. Outside Specialist
On G-G-2018 The HCP and Nurse Anders Made Me
plead My Symptoms ... refused Services. I Got Disabled.
This is why it's an Emergency Medical Grievance.
Note I'm sending a copy of This 4. Judge Bolt K. Duncan
I'm as well going to file a Civil Rights Action VIR
Tort in Superior/Civil Marriapa County.

Relief Requested:
1. Payment of 10,000 in U.S.D. Per Day without prior Act
2. Removal of Corizon all Staffing. "Pain Killers
3. Get Me to an Allergist/Dietician

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Dale Marson | 6-1-18 |

**Have you discussed this with institution staff?** ☒ Yes ☐ No

**If yes, give the staff member name:** More than one time see medical record

# ARIZONA DEPARTMENT OF CORRECTIONS

**Inmate Grievance**

*Emergency Grievance*

*I did not get a timely Response at last Stage of Grievance plan*

| RECEIVED BY | |
|---|---|
| *(signature)* | |
| **TITLE** *C/I* | |
| **BADGE NUMBER** *6702* | **DATE** *(mm/dd/yyyy)* *6/14/18* |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| Marrens, Dale | 077877 | 6-14-18 |

| INSTITUTION/FACILITY | CASE NUMBER |
|---|---|
| ASP-T Whetstone  1 A50 | |

TO: GRIEVANCE COORDINATOR
Carrillo

**Description of Grievance** *(To be completed by the Inmate)*

On 6-7-18 I filed an Emergency Medical Grievance. My single issue was "Denied a Medical Diet as Prescribed by Outside Medical Specialist "LaHood, Robert." That will kill me. I'm not going to be able to send to Cap till the 802-11 I, UNTIL Cal I'm Post-lock I to the Cal. Now The law You have failed to respond to an Emergency Grievance.

This We Do have a certain Fail Trail to The Cual. Here I Do Based Said Detailed in Gilmore V Johnson, I will make sure the US Dist Ct Judge

**Proposed Resolution** *(What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)*

A Solution Original

1. Payment of Damages US $ Per Day w/out Proper Diet
2. Retrain Carrillo All Staffing - Pure Killing
3. Get Me to The Allergist Nutritionist As agreed and was Put On

| INMATE'S SIGNATURE | DATE *(mm/dd/yyyy)* | GRIEVANCE COORDINATOR'S | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| *Dale Marrens* | 6-14-18 | | |

Action taken by _____ Documentation of Resolution or Attempts at Resolution.

| STAFF MEMBER'S SIGNATURE | BADGE NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|

DISTRIBUTION:   INITIAL:  White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL:  White – Inmate; Canary – Grievance File

802-1
12/12/13

7 of 90

*Emergency Grievance*

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Grievance

I did not get a timely Response at last Stage of Grievance procn

| RECEIVED BY | | |
|---|---|---|
| S Salberg | | |
| TITLE | | |
| Col | | |
| BADGE NUMBER | DATE (mm/dd/yyyy) | |
| 6432 | 6/14/18 | |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Maisano, Dah | 077877 | 6-14-18 |

| INSTITUTION/FACILITY | CASE NUMBER |
|---|---|
| ASP-T-Whetstone  1 A 50 | Returned unprocessed |

**RECEIVED 6/18/18 by COIV J. Richter #1014**

TO: GRIEVANCE COORDINATOR
Corizon

**Description of Grievance** (To be completed by the Inmate)

On 6-7-18, I Filed an Emergency Medical Grievance. My single issue was "Denied a Medical Diet as Prescribed by Outside Medical Specialist "Lattood, Nabeel". That won't Kill Me. I'm not going to be able to send the copy of the 802-11 Do to the fact I'm Fast-tracking it to the Court Now. The law You have Failed to respond to an Emergency Grievance. Thus We Now have an action going Fast Track to the Court. It is a No Brainer Such a Defendant as Gilmar V Johnson, I will make sure the US Dist Ct Judge Gets Notice.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

As stated in Original

1. Payment of 10,000.00 USO's Per Day w/out Proper Diet
2. Remove Corizon All Staffing - Pure Killers
3. Get Me to The Allergist Forthwith As Required and way Past Due.

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Dah Maisano | 6-14-18 | | |

**Action taken by** COIII Richter - Grievance Coordinator    Documentation of Resolution or Attempts at Resolution.

MZ-C37-18-105

Returned un-Processed. You submitted medical informal Complaint dated 6-7-18, received 6/11/18 with "Emergency medical Grievance" on top. This issue in your informal, was staffed by the FNA and deemed not a medical Emergency. 0.0 802 Grievances 1.8.2 - "Any Emergency complaint received by staff shall be immediately evaluated through the chain of command to determine whether it is an emergency or lethal in CSI of the policy and require reports. outside Grievance time frame.

| STAFF MEMBER'S SIGNATURE | BADGE NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| | 1014 | 6-18-18 |

DISTRIBUTION:  INITIAL:  White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL:  White – Inmate; Canary – Grievance File

802-1
12/12/13

8 of 40

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance Appeal

*Please type or print in black or blue ink.
(To be completed by staff member initially receiving appeal)*

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received By: _____

Title: _____

Badge #: _____

Date: *(mm/dd/yyyy)* _____

**Please Print**

| INMATE'S NAME (Last, First M.I.) (please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Marson, Dale | 077877 | 6-18-18 |

| INSTITUTION | CASE NUMBER |
|---|---|
| ASP-T Whetstone | |

TO: Dept. Warden

I am appealing the decision of _Grievance Coordinator Jourdain Richter_ for the following reasons:

On 6-7-18 I Filed an emergency grievance informal resolution, Nurse RN Patterson, made me place my signature on paperwork That said I could die. That alone made me issue an emergency. On 6-11-18 I Filed a Grievance and on 6-15-18 I'm told That was sent to CO III Richter "Violation" at my address. So a CO III Gave me a response MIC 38-18-107, Which is for From The Emergency Law. I'm going to say this might contribute to Our Crazy "Death Toll", Most likely Non-Medical Staff recording on Current paper, But on ADOC's paid a trained Legal Person

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Dale Marson | 6-18-18 | | |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | 5./ |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL: White – Inmate
Canary – Grievance File

802-3
12/12/13

90 of 90

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance – GF Supplement**

| INMATE'S NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/FACILITY | CASE NUMBER |
|---|---|---|---|
| Marson, Dale | 077377 | ASP-T Whld | |

I will take the tough chrge, for Jordan Richter, With My Knowledge, I'm not sure what to do, So I've ask The Paralegal whom I'm sure fully understand The Court Order in Bounds V. Smith, 430 U.S. 817, 821  97 S Ct 1491 (1977) (holding that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in preparation of filing Meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law" as well in Lewis V. Casey 518 U.S. 343  355 116 S Ct 2174 (1996); Wolff V. Palmer 465 U.S. 517, 523, 104 S. Ct. 3194 (1954) (Stating that prisoners has the Constitutional right to petition the Government for redress of their Grievances, which include a reasonable right of access to the courts") You Violate My Right Daily, I've Not had to ever deal with Morons of this caliber.

All summ trained and suin not are fully aware of what The Law Says and You fully aware of You Daily Violate

A. The Law D.W. What I Know, I'm goy to let a Judge explain it to you. You violate The State) (Rico Act Daily) If I write You, I'll be on the case like white on rice

You had The fact that The Law Require a Case Number

K. R.

Sue         Ike 3d Summan    6-18-18 Vin Paralegal
( All Played Well. . . . .
Yu have failed to give me a cup, or Law Require
Anti-Govement Paralegal N. Grev    Neither Will Coating Case

| SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Dale Marson | 6-17-18 |

INITIAL DISTRIBUTION: GF Supplement – White and Canary or Copies - Grievance Coordinator  
Pink, or Copy - Inmate

FINAL DISTRIBUTION: White or Copy – Inmate  
Canary or Copy – Grievance File

802-7  
12/12/13

10 of 40

ARIZONA DEPARTMENT OF CORRECTIONS

**Health Needs Request (HNR)**

Date: 18 MAY 28 PM 12:23
Time: _____
Initials: _____

| Inmate Name/Nombre (Last, First M.I.) (Apellido, Nombre, Inicial) | ADC Number/Número de ADC | Date/Fecha |
|---|---|---|
| Maisani, Dale | 077877 | 5.28.18 |

| Cell/Bed Number/Celda/Número de Cama | Unit/Unidad | P.O. Box/Apartado Postal | Institution/Facility/Instalación: ASPC |
|---|---|---|---|
| 1 A 80 | Whetstone | 24402 | Tucson |

You are required to be truthful. Failure to be cooperative and any abuse of the health care system or its staff could cause a delay in delivery of care to you and others, and may result in disciplinary action (Use this form to describe only one problem or issue at one time). [Se le exige diga la verdad. La falta de cooperación y cualquier abuso del sistema del cuidado de la salud o del personal podría retrasar la asistencia de este cuidado para usted y para otros y puede dar lugar a una acción disciplinaria (Use este formulario para describir un problema a la vez!]

**AREA OF INTEREST**(Check only one block below)/**AREA DE INTERES** (MARQUE UN ESPACIO SOLAMENTE) ☐ Medical/Médica ☐ Dental ☐ FHA ☐ Pharmacy/Farmacia ☐ Mental Health/Salud Mental ☐ Eyes/Ojos ☐ Other (specify)/Otros (especifique) _____

PLEASE PRINT! Describe your medical/dental treatment issue need in the space below. Be clear and specific. NO ADDED PAGES. [¡POR FAVOR, ESCRIBA EN IMPRENTA! Describa su tratamiento o necesidad médica/dental en el espacio de abajo. Describa claramente y sea específico. ¡NO USE MAS HOJAS!]

Have Sore in both Shoulder, Maybe burn, One feel like prior burn

I understand that, per ARS 31-201.01, I will be charged a $4.00 Health Service fee (excluding exemptions granted by statute) for the visit that I am herein requesting. I further understand that by paying this fee I do not have the right to dictate treatment or who provides treatment. [Entiendo que de acuerdo con ARS 31-201.01 se me cobrará una cuota por el servicio médico de $4.00 por la cita que aquí estoy pidiendo (excluyendo las exenciones otorgadas por la ley). Además entiendo que al pagar esta cuota no tengo el derecho a imponer el tratamiento o quien lo proporcione.]

Inmate's Signature/Firma del prisionero   Dale Maisani

**REMOVE THE GOLDENROD COPY AND PLACE THE REMAINDER IN THE HEALTH NEEDS REQUEST DROP BOX**[SEPARE LA COPIA DE COLOR AMARILLO OBSCURO Y DEJE LAS DEMAS EN EL BUZON PETICION DE NECESIDADES MÉDICAS]

**REFERRAL BY MEDICAL STAFF/REFERENCIA MEDICA** ☒ Medical/Médica ☐ Dental ☐ Pharmacy/Farmacia ☐ FHA ☐ Mental Health/Salud Mental ☐ Eyes/Ojos ☐ Other/Otros (specify) (especifique) _____

Comments/Comentarios

NL

| Staff Signature Stamp/Firma del empleado | Date/Fecha | Time/Hora |
|---|---|---|
| W Williams RN | | 18 MAY 28 PM 12:23 |

**PLAN OF ACTION/PLAN DE ACCION**

Seen in NL

| Staff Signature Stamp/Firma del empleado | Date/Fecha | Time/Hora |
|---|---|---|
| W Williams RN | 5/28/18 | 1256 |

Distribution: White/Blanca - Health Unit/Unidad de Salud, Canary, Pink & Goldenrod - Inmate/Amarillo Canario, Rosa y Amarillo Obscur - Prisonero

This document is a translation from original text written in English. This translation is unofficial and is not binding on this state or a political subdivision of this state. [Este documento es una traducción de texto original escrito en inglés. Esta traducción no es oficial y no compromete a este estado ni una subdivisión política de este estado.]

1101-10ES
12/12/12

ARIZONA DEPARTMENT OF CORRECTIONS
Health Needs Request (HNR)

Date: 18 MAY 28 12:23
Time: _____
Initials: _____ WW

| Inmate Name/Nombre *(Last, First M.I.) (Apellido, Nombre, Inicial)* | ADC Number/Número de ADC | Date/Fecha |
|---|---|---|
| Maisan, Dale | 077877 | 5-20-18 |

| Cell/Bed Number/Celda/Número de Cama | Unit/Unidad | P.O. Box/Apartado Postal | Institution/Facility/Instalación: ASPC |
|---|---|---|---|
| 1 A 50 | Whbl.a | 24442 | Tucson |

You are required to be truthful. Failure to be cooperative and any abuse of the health care system or its staff could cause a delay in delivery of care to you and others, and may result in disciplinary action (Use this form to describe only one problem or issue at one time). *[Se le exige diga la verdad. La falta de cooperación y cualquier abuso del sistema del cuidado de la salud o del personal podría retrasar la asistencia de este cuidado para usted y para otros y puede dar lugar a una acción disciplinaria (Use este formulario para describir un problema a la vez!]*

**AREA OF INTEREST***(Check only one block below)***/AREA DE INTERES** *(MARQUE UN ESPACIO SOLAMENTE)* [X] Medical/Médica [ ] Dental [ ] FHA
[ ] Pharmacy/Farmacia [ ] Mental Health/Salud Mental [ ] Eyes/Ojos [ ] Other *(specify)*/Otros *(especifique)*
PLEASE PRINT! Describe your medical/dental treatment issue need in the space below. Be clear and specific. NO ADDED PAGES. *[¡POR FAVOR, ESCRIBA EN IMPRENTA! Describa su tratamiento o necesidad médica/dental en el espacio de abajo. Describa claramente y sea específico. ¡NO USE MAS HOJAS!]*

On 5-25-18, While awaiting entry into Library My Right hand middle Finger was burnd As well I have a burn on Left side of Face + Neck

Record reflect I'm harmed VIA San Company

I understand that, per ARS 31-201.01, I will be charged a $4.00 Health Service fee *(excluding exemptions granted by statute)* for the visit that I am herein requesting. I further understand that by paying this fee I do not have the right to dictate treatment or who provides treatment. *[Entiendo que de acuerdo con ARS 31-201.01 se me cobrará una cuota por el servicio médico de $4.00 por la cita que aquí estoy pidiendo (excluyendo las exenciones otorgadas por la ley). Además entiendo que al pagar esta cuota no tengo el derecho de imponer el tratamiento o quien lo proporcione.]*

Inmate's Signature/Firma del prisionero    Dale Maison

**REMOVE THE GOLDENROD COPY AND PLACE THE REMAINDER IN THE HEALTH NEEDS REQUEST DROP BOX[SEPARE LA COPIA DE COLOR AMARILLO OBSCURO Y DEJE LAS DEMAS EN EL BUZON PETICION DE NECESIDADES MÉDICAS]**

REFERRAL BY MEDICAL STAFF/REFERENCIA MEDICA [X] Medical/Médica [ ] Dental [ ] Pharmacy/Farmacia [ ] FHA
[ ] Mental Health/Salud Mental [ ] Eyes/Ojos [ ] Other/Otros *(specify) (especifique)* _____
Comments/Comentarios

NL

| Staff Signature Stamp/Firma del empleado | Date/Fecha | Time/Hora |
|---|---|---|
| Williams LN | | '18 MAY 28 12:23 |

**PLAN OF ACTION/PLAN DE ACCION**

Seen on NL

| Staff Signature Stamp/Firma del empleado | Date/Fecha | Time/Hora |
|---|---|---|
| Williams LN | 5/28/18 | 1248 |

Distribution: White/Blanca - Health Unit/Unidad de Salud, Canary, Pink & Goldenrod - Inmate/Amarillo Canario, Rosa y Amarillo Obscur - Prisonero

This document is a translation from original text written in English. This translation is unofficial and is not binding on this state or a political subdivision of this state. [Este documento es una traducción de texto original escrito en inglés. Esta traducción no es oficial y no compromete a este estado ni una subdivisión política de este estado.]

12 of CD
1101-10ES
12/19/12

**ARIZONA DEPARTMENT OF CORRECTIONS**
**Inmate Grievance**

Corizon has Failed to properly and timely (Respond to My Emergency Medical at The Prior Step

| RECEIVED BY | Williams |
|---|---|
| TITLE | CO'' |

| BADGE NUMBER | DATE (mm/dd/yyyy) |
|---|---|
| 11819 | 6-14-2018 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Maisano, Dale | 077877 | |

| INSTITUTION/FACILITY | | CASE NUMBER |
|---|---|---|
| ASP-T Whetstone | 1 A 80 | Returned Un-processed |

**RECEIVED**
6/14/18
by COIV J. Richter #1014

TO: GRIEVANCE COORDINATOR
Corizon

**Description of Grievance** (To be completed by the Inmate)

On 6-1-18, I Filed an Emergency Grievance, Form 802-11 as of 6-14-18 I've been given no response Re: Being Burnt threw My Clothing, Noth both My Shoulder are burnt as well as other parts of My body, From time to time I'm forced to miss a meal do to Too Much Sun, Corizon fails to correct or come up with a way to halt the burning, Next Step will be to The Judge in Parsons V. Ryan, Facts are in order.
Note: Sgt May Copy original Case to CO III Gorley LA a 6-1-18 9:05 AM Said She was told not to place signature on paperwork

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

Relief Requested
1. I Should never be exposed to Any Sun " I Burn "
2. Better Clothing to Prevent Burning
3. Replace Corizon Care Forthwith!
4. Pay Me for Pain & Suffering Mental Health Issues

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Dale Man | 6-18-18 | | |

| Action taken by | COIV Richter Grievance Coordinator | Documentation of Resolution or Attempts at Resolution. |
|---|---|---|

Returned Un-Processed. You submitted medical Informal - AZ-C37-18-036, dated 6-1-18 with "Emergency Grievance" on top. This issue in your informal was seen by the FNA and deemed not a Emergency Grievance Do-802-Grievance. 1.8.2-any emergency complaint received by health staff shall be immediately evaluated through the chain of Command to determine whether it is an emergency as defined in 1.8.1 of the policy-802 and requires immediate response outside of the inmate Grievance Procedure time frame.

| STAFF MEMBER'S SIGNATURE | BADGE NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| J 1014 | 1014 | 6-18-18 |

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13

13 of 40

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Grievance Appeal

Please type or print in black or blue ink.
(To be completed by staff member
initially receiving appeal)

| | |
|---|---|
| The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form. | Received By: _____ |
| | Title: _____ |
| | Badge #: _____ |
| | Date: (mm/dd/yyyy) _____ |

**Please Print**

| INMATE'S NAME (Last, First M.I.) (please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Maisun Dah | 077577 | 6-18-18 |

| INSTITUTION | CASE NUMBER Not Given Violation |
|---|---|
| ASP T. Whitton  1 A 80 | |

TO: Deputy Warden

I am appealing the decision of Grievance Coordinator Jourdan Richter for the following reasons:
On 6-1-18 I filed a correct Emergency Grievance For a 802-11 and on 6-14-18 I filed a Grievance to N. Lupcup, CO IV Richter Say him on 6-18-18 Not Timly, I will will on that C.O. Carol or CO IV say do not a Emergancy Well That When "I'm being Burn Daily" Both My Shoulder and middle Finger on right hand have been bad, I've had x 2 reswork at A one No othw in the pour Clothe, and Lawyers of Madison Still and any Othw I know this is a Still plan on this dah Not Serous Violation to Tell Grn Cn Nich Sun R.A. o sionl

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Jah Mann | 6-18-18 | | |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | |

DISTRIBUTION: INITIAL:  White & Canary – Grievance Coordinator
Pink – Inmate
FINAL:  White – Inmate
Canary – Grievance File

802-3
12/12/13

14 of 40
40

Dale Maisano
P.O. Box 24406. 077817
Tucson, Ac 85734 - 24406

In The United State District Court
For The District of Arizona

Parsons, et, al,                    Case CV.12 - 00601 PHX-DKD
    Petitioner                         Judge Duncan
    V

Ryas, et, al,                    Additional Disclosure Re:
    Respondent(s)                Emergency Medical Grievance

As being Returned to Me: on 6-19-18
by Grievance Coordinator Jourdan Richter
originally sent to Deputy Warden
" How can Death be Non- Emergency
as told by RN Patterson on 6-6-18

Submitted this 20 + Day of June 2018

                        by Dale Maisano
                           Dale Maisano

cc No Copies are Required see Gluth V.
King, as well as Bright. V Smith.
Req. 1 Copies for all and Petition

1 of 5

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Request/Authorization for Qualified Legal Copying**

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Maran. U.k | 077871 |

| Institution/Unit | Date |
|---|---|
| ASP. T Whetlen          1 ASu | 6-20-16 |

List each document separately.  Forms packages count as one item.  Unrelated exhibits count separately.

**ATTACH DOCUMENTS**

*To be completed by the inmate/paralegal*

| No. | Document Name | Number of Pages | Number of Copies | PARALEGAL REVIEW Number of Pages | Number of Copies | ✓ Unmodified |
|---|---|---|---|---|---|---|
| 1 | Parsons V Ryan | | | | | |
| 2 | 12- CV. 30601 | | | | | |
| 3 | Disclose | 5 | 40 | 5 | 15 | |
| 4 | | | 3 | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |

Request received and forwarded to Paralegal for action.

*Designated Staff*

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date/Received | Date Forwarded |
|---|---|---|---|
| Mout | Mout | 6/2c/18 | 6/2c/18 |

*Paralegal*

I have reviewed the request for legal copying.  Take the following action:

☐ Copy: Unmodified

☐ Copy: Modified as indicated above

☐ **Non-qualified legal copies, non-legal matter.**

☐ Paralegal requests meeting with inmate - approval suspended

| Paralegal's Name *(Last, First M.I.)* | Paralegal's Signature | Date |
|---|---|---|
| Albrik. B | Billibau | 6/20/18 |

*Designated Staff*

No. of Copies made _____ 15 pcs _____ @ $ _____ 10 _____ each = TOTAL $ 1.50

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|
| Mout | Mout | 6/22/18 |

**Distribution:** White - Library
Green - Legal Access Monitor
Canary - Inmate
Pink - Paralegal
Goldenrod - Inmate

902-2
2/4/11

# ARIZONA DEPARTMENT OF CORRECTIONS

*I did not get a proper response at the last step of the Grievance process at Whetstone*

## Inmate Grievance Appeal

The inmate may appeal the Warden's, Deputy Warden's, or Administrator's decision to the Director on this form.

**RECEIVED**
6 · 19 · 18
by COIV J. Richter #1014

| Received By: | Vega |
| Title: | COIV |
| Badge #: | 484 |
| Date: (mm/dd/yyyy) | 6/19/18 |

**Please Print**

| INMATE'S NAME (Last, First M.I.) (please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Maisam, Dah | 077877 | 6 · 18 · 18 |

| INSTITUTION | CASE NUMBER |
|---|---|
| ASP-T Whetstone | Returned un-Processed |

TO: Deputy Warden

I am appealing the decision of **Grievance Coordinator Jourdain Richter** for the following reasons:

On 6-7-18, I Filed an emergency grievance informal resolution, Nurse RN Patterson, made Me place My Signature on paperwork, That said I could die. That alone made My issue an emergency. On 6-14-18, I Filed an Grievance and on 6-18-18, I'm told That my appeal to CO IV Richter "Violation" at approx 8 am a CO III Gives Me a response MIG 37-18-105. Which is far from The Emergency Law. Not going to say this must contribute to Our Crazy "Death Toll", Most likely Non-Medical Staff reporting on Corizon's part, But on ADOC's part a trained Legal Person.

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Dah Maisam | 6·18·18 | | |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| CO IV Richter Grievance Coordinate | ASPL-Tucson / Whetstone |

returned un-Processed. Your issue was stated by the FHA (Facility Health Administrator) and deemed not to be an "emergency" under D.O 802 - inmate Grievance Procedure 1.8.1- "An Emergency is a condition, which, if processed through the normal grievance time frames, would subject the inmate to substantial Risk of medical harm, personal injury or cause other serious and irreparable harm." 1.8.2 "An Emergency complaint received by staff shall be immediately evaluated through the chain of command to determine whether it is an emergency as defined in 1.8.1 of this Section and require immediate response outside of the inmate Grievance Procedure time frames." A copy of this section of the policy is being provided to you. This is not a grievable issue.

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| for CO IV Richter | 6·19·18 |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL: White – Inmate
Canary – Grievance File

802-3
12/12/13

2 of 6



# ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance – GF Supplement

None Given Violate

| INMATE'S NAME *(Last, First M.I.)* *(Please print)* | ADC NUMBER | INSTITUTION/FACILITY | CASE NUMBER |
|---|---|---|---|
| Maisun, Dah | 075877 | 1 A 80 ASP-T-Whetten | |

I will take the tripple damage from Jourdain Richter. With My Knowledge I'm not sure what to do. So I've ask The Paralyls aspron. I'm sure fully understand The Court Order in Bounds V. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491 (1977) (holding that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in preparation of filing meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.) as well see Lewis V. Casey 518 U.S. 343, 355, 116 S. Ct. 2174 (1996). Hudson V. Palmer 468 U.S. 517, 523, 104 S. Ct. 3194 (1984) ("Stating that prisoners have the Constitutional right to petition the Government for redress of their Grievances, which includes a reasonable right of access to the courts."). You Violate My Rights Daily, I've not had to ever deal until Morons of this caliber.

All some trained and some not are fully aware of what The Law Says and You fully aware of You Daily Violation.

A. The Last A.W. What I Mean, I'm going to Let a Judge explain it to you. You violate The State RICO Act Daily If I were You I'd be on this case like white on rice.

One last Thing first thing The Law Require is Case Number.

RECEIVED
6-18-18
by COIV J. Richter #1014

R. R.

Same as original   Rec'd Sd Summary on 6-18-18 Via Paralyl
All Players Well Known

You have failed to give me a copy as Law Require

Note: Grievance Paperwork Not Given as Needed. Will Cover in Court

| SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Dah Maisun | 6-18-18 |

INITIAL DISTRIBUTION:  GF Supplement – White and Canary or Copies - Grievance Coordinator
Pink, or Copy - Inmate

FINAL DISTRIBUTION:  White or Copy – Inmate
Canary or Copy – Grievance File

802-7
12/12/13

3 of 6

1.4     Inmates who attempt to file grievances and appeals for actions outlined in 1.3 of this section will be instructed to follow the appeal process outlined in the specific Department Order or written instruction. Appeals to the Central Office Appeals Unit on these actions may be considered only if the primary issue is outside the scope of the established appeals process.

1.5     Pursuant to the Prison Litigation Reform Act of 1996 (PLRA), inmates shall completely exhaust the Department's internal grievance and administrative processes prior to filing any complaint with any State Board or Federal Court.

1.6     Inmates may utilize the Inmate Grievance Procedure regardless of their disciplinary status, housing location or classification. Appropriate provisions shall be made to ensure inmates who are not fluent in English, persons with disabilities, inmates with low literacy levels, the elderly and the mentally ill have access to the Inmate Grievance Procedure.

1.7     Wardens shall ensure there are no barriers for inmate access to Inmate Grievance forms and inmates have the ability to file grievances and appeals in a timely and confidential manner.

1.8     Inmates are not required to use the formal Inmate Grievance Procedure to submit a verbal or written emergency complaint.

     1.8.1    An emergency is a condition which, if processed through the normal grievance time frames, would subject the inmate to substantial risk of medical harm, personal injury or cause other serious and irreparable harm.

     1.8.2    Any emergency complaint received by staff shall be immediately evaluated through the chain of command to determine whether it is an emergency as defined in 1.8.1 of this section and requires immediate response outside of the Inmate Grievance Procedure time frames.

1.9     Inmates may file grievances and appeals directly to the Warden when the content of the grievance is of a nature, which would pose a threat to the safety of the inmate, staff, or other inmates if the grievance were filed through established procedures.

1.10    Unless notified of an extension of time frames, expiration of any time limit for a response at any stage in the process shall entitle the inmate grievant to move to the next step in the process. Extensions at any step in the grievance process shall not exceed 15 workdays, with the exception of section 802.08 of this Department Order.

     1.10.1   If an inmate does not receive a response within the time period specified, his/her time to proceed to the next stage of the grievance process is the same as if he/she had received a response. The time to proceed to the next stage of the grievance process begins to run the day after a response was due back to the inmate.

1.11    The maximum length of time for completion of the grievance process is 120 calendar days from initiation of the Formal Grievance process to final disposition.

## 802.02      INFORMAL COMPLAINT RESOLUTION

1.1     Inmates shall attempt to resolve their complaints through informal means including, but not limited to, discussion with staff in the area most responsible for the complaint or through the submission of an Inmate Informal Complaint Resolution, Form 802-11.

P.O. Box 24402-077877
Tucson, Arizona 85734-24402

Original

In The United States District Court

For The District of Arizona

Parsons, et, al,                    Case CV-12-00601 PHX-DKD
    Petitioner                      Judge Duncan

    V.

Ryan, et, al,                       Additional Disclosure Dealing
    Respondent(s)                   With The Court

Enclosed The Judge will see (8) Eight
Grievances, When A DOC Violate Court
Order, Capricious Disregard For Any and
All Court Orders, This Courts and all
Other.

Submitted This 20th Day of June 2018
                25th

                        by  Dah Macario
                            Dah Macario

a   See Grievance N-Time is proper copies given
    as stated with-in
    Copies for all required by This Cl as
    will as for Petition

                                    1 of 40

# ARIZONA DEPARTMENT OF CORRECTIONS

### Request/Authorization for Qualified Legal Copying

> Please PRINT information in all areas clearly.
> Use a PEN and PRESS FIRMLY.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Mason, Dale | 077871 |

| Institution/Unit | Date |
|---|---|
| ASP I Whetstone     ASU | 6-20-18 |

List each document separately.  Forms packages count as one item.  Unrelated exhibits count separately.
**ATTACH DOCUMENTS**

**PARALEGAL REVIEW**

| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | ✓ Unmodified |
|---|---|---|---|---|---|---|
| 1 | Parsons V. Ryan | | | | | |
| 2 | CV-12-00601 | | | | | |
| 3 | Disclosure | 40 | 4 | | | |
| 4 | | | 3 | | 40  120 | |
| 5 | | | | | | |
| 6 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |

*To be completed by the inmate/paralegal*

Request received and forwarded to Paralegal for action.

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date/Received | Date Forwarded |
|---|---|---|---|
| Mead | Mead | 6/20/18 | 6/20/18 |

*Designated Staff*

I have reviewed the request for legal copying. Take the following action:

☐ Copy: Unmodified

☑ Copy: Modified as indicated above

☐ **Non-qualified legal copies, non-legal matter.**

☐ Paralegal requests meeting with inmate – approval suspended

*Paralegal*

| Paralegal's Name *(Last, First M.I.)* | Paralegal's Signature | Date |
|---|---|---|
| Williams B | B Williams | 6/22/18 |

No. of Copies made ___120 w.___ @ $ __.10__ each = TOTAL _$12.00_

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|
| | | 6/27/18 |

*Designated Staff*

Distribution: White - Library
Green - Legal Access Monitor
Canary - Inmate
Pink - Paralegal
Goldenrod - Inmate

902-2
2/4/11

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance Appeal

*Please type or print in black or blue ink. (To be completed by staff member initially receiving appeal)*

| | |
|---|---|
| The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form. | Received By: _____ <br> Title: _____ <br> Badge #: _____ <br> Date: *(mm/dd/yyyy)* _____ |

**Please Print**

| INMATE'S NAME *(Last, First M.I.) (please print)* | ADC NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| Maisano, Dale | 077577 | 6-19-18 |

| INSTITUTION | CASE NUMBER |
|---|---|
| ASP-T. Whetstone  1 A 80 | C 37-18-085 |

TO: Director

I am appealing the decision of **Deputy Warden** for the following reasons:

Who will they name the New Law Library's After

The Tax Payer is being Riped Off Wore Then For Unsheded Single Cent Order / Vlaw This would Make Me that Your underpaying Criminal Conduct Only

Simply All Defendants are GUILTY of Interfering with A Judicial Proceeding But Still RICO Act Violation! → Dont forget My Cash $ $ $

| INMATE'S SIGNATURE | DATE *(mm/dd/yyyy)* | GRIEVANCE COORDINATOR'S SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Dale Maisano | 6-19-18 | | |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| | |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL: White – Inmate
Canary – Grievance File

802-3
12/12/13

2 of 40

MAISANO, DALE ADC NO: 077877

Deputy Warden's Response for Grievance # C37-18-085:
In response to your inmate grievance dated 05/29/18, and received by me on
05/30/2018, I offer the following:
You are formally grieving "Having access to a full library or assistance at
time of filing a new action".
After reviewing the Formal Grievance, I offer the following:
Your Inmate Informal Complaint Resolution form (802-11) dated
05/05/2018, regarding specifically, "Having access to a full library or
assistance at time of filing a new action". An Informal Complaint Response
was generated by your assigned Case Manager on 05/29/18. A Formal
Grievance was then submitted, dated: 05/29/18 and received by the
Grievance Coordinator on 05/30/18
After reviewing your grievance, I note the following response:

A) You state in your Formal Grievance (C37-18-085), you are
   demanding the Agency (Arizona Department of Corrections) provide
   you a full library or assistance. You alleged on 05/09/18 and 05/14/18,
   you initiated a request for Paralegal assistance on form 902-1-"Inmate
   Request for Paralegal Assistance", and were allegedly denied. You
   have not provided a copy of the form 902-1 "Inmate Request for
   Paralegal Assistance", indicating the form in question was denied.

B) Department Order 902.05- Inmate Access to the Courts; Qualified
   Legal Claims Copying, 1.7.1-Making photocopies in accordance with
   the Paralegal's notation on the request form, ensuring the inmate has
   paid for the copies or the account has been placed on hold in
   accordance with Section 902.06 of this Department Order [D.O. 902].
   Photocopies shall be made, if possible, within three work days of
   designated staff receiving the request form back from the Paralegal.
   Extra time may be necessary for extensive copying requests. You
   have indicated in your Formal Grievance (C37-18-084), you have
   2600 pages you are requesting to copy, if approved as a Qualified
   Legal claim, this would be considered "extensive copying", noted in
   Department Order 902.05- Inmate Access to the Courts; Qualified
   Legal Claims Copying, 1.7.

C) Department Order 902-Inmate Access to the Courts; 902.02-Legal
   Resources and Accommodations, 1.2.1-Legal Resource Centers shall
   provide no legal resource material except for material set forth in this
   Department Order (Department Order 902-Inmate Access to the

*3 of 40*

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

Complaints are limited to one page and one issue. Please print all information.

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Maisan, Dale | 077877 | ASP T. Whetston | 5-15-18 |

| TO | LOCATION |
|---|---|
| CO III | Whetstone |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

"Im attempting to informally resolve the following Problem"
I waive no time at any step of The Grievance Process,
My Single issue is " I must be given a fully Library or Assistance
at time of filing a New Action." Not Policy by U.S. Supreme
Court Order see Lewis V. Casey 518 US 343, 116 S. Ct
2174 (1996) and Bounds V. Smith, 430 U.S. 817, 97 S. Ct 1491 (1977)
You Do have One Choice Library or Assistance. On 5-9-18,
5-9-18, 5-11-18 5-14-18, I requested assistance via form
902-1, All request, Denf, Not what The Court Order Says

             Relief Requested
1. Full Library
2. Legal Assistance as needed  See Courts Order Not Policy
3. Pay Me 1,000.00 U.S.D per day per delay of assistance

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Dale Maisan | 5-15-18 |

Have you discussed this with institution staff?  ☒ Yes  ☐ No

If yes, give the staff member name: Library Staff as well as prior grievances

Distribution:   INITIAL: White and Canary - Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

Rcvd 5/16/18  CO III
BR 4 of 4

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Response

**For Distribution:** Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Maisano, Dale     1-A-80L | 077877 |

| Institution/Unit |
|---|
| ASPC - Tucson / Whetstone |

| From | Location |
|---|---|
| CO III B. Riley | Bldg. 1-A |

In response to your Inmate Informal Complaint Resolution form received by CO III Riley on 05/16/2018:

Per Librarian II Wadlow:

DEPARTMENT ORDER: 902 INMATE LEGAL ACCESS TO THE COURTS

902.01, 1.2.1 Inmates may use legal texts and resource materials, as provided in section 902.02 of this Department Order and identified in Attachment A.

902.01, 1.3 Legal Research - No provision is made in this system for extensive, generalized legal research.

902.02, 1.1 The Legal Resources identified in Attachment A are presently available for inmate use. Any additions or deletions to the legal texts and resource material identified in Attachment A shall be subject to the Director's approval.

902.02, 1.2.1 Legal Resource Centers shall provide no legal resource material except for such material set forth in this Department Order.

902.03, 1.2 Paralegals - Although not required to do so by law, the Department provides inmates with an opportunity to obtain assistance from qualified Paralegals (see definition), to facilitate their access to the courts.

End of response.

| Staff Signature | Date |
|---|---|
| *BRiley* | 05/29/2018 |

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| | |
|---|---|
| RECEIVED BY | ROBLES |
| TITLE | Coll |
| BADGE NUMBER | DATE (mm/dd/yyyy) |
| 6580 | 05/29/18 |

Note:  You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Maisano Dale | 077877 | 5-29-18 |

| INSTITUTION/FACILITY | CASE NUMBER |
|---|---|
| ASP-T-Whetstone | C37-18-080 |

TO:  GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the Inmate)

" I must be given a full Library or Assistance at time of filing a new action," "Not Policy" by U.S. Supreme Court Order sur Lewis V. Casey, 518 U.S. 343, 116 S. Ct. 2174 (1996) and Bounds V. Smith, 430 U.S. 817, 97 S. Ct. 1491 (1977), You have One Choice Library or Assistance, On 5-9-18, 5-14-18, I required Assistance VIA form 802-1, All Requests Denied, Not what The Court Say

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

Relief Requested
1. Full Library
2. Legal Assistance as needed See Court Order Not Policy
3. Pay Me 1000.00 U.S.D. Per day delay of Assistance
" All Law Given are Quite Clear"

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Dale Man | 5-29-18 | | 5-30-18 |

**Action taken by** Documentation of Resolution or Attempts at Resolution.

RECEIVED
5/30/18
by COIV J. Richter #1014

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

DISTRIBUTION:  INITIAL:  White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL:  White – Inmate; Canary – Grievance File

802-1
12/12/13

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance Appeal

*Please type or print in black or blue ink. (To be completed by staff member initially receiving appeal)*

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received By: _____
Title: _____
Badge #: _____
Date: *(mm/dd/yyyy)* _____

**Please Print**

| INMATE'S NAME *(Last, First M.I.) (please print)* | ADC NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| Maisun, Dah | 077577 | 6·19·18 |

| INSTITUTION | CASE NUMBER |
|---|---|
| ASP·T· Whetstone   1 A 50 | L38·18·076 |

TO: Director

I am appealing the decision of *Deputy Warden* for the following reasons:

One who has no idea what they May Say should remain quiet. You fail to let all Mexican Nationals to contact Consulate which is quite Legal as well as all 20 per 1 trust to mail Waiting for copies to The Court

All Defendants are Guilty of Interform With A Judicial Proceeding as well as State RICO Violations etc.

| INMATE'S SIGNATURE | DATE *(mm/dd/yyyy)* | GRIEVANCE COORDINATOR'S SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Dale P Maisun | 6·19·18 | | |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

STAFF SIGNATURE _____    DATE *(mm/dd/yyyy)*

DISTRIBUTION: INITIAL:   White & Canary – Grievance Coordinator
                         Pink – Inmate
             FINAL:      White – Inmate
                         Canary – Grievance File

7 of 40

MAISANO, DALE ADC NO: 077877

Deputy Warden's Response for Grievance # C37-18-076:
In response to your inmate grievance dated 05/09/18, and received by me on 05/10/2018, I offer the following:
You are formally grieving "Denied Access to Qualified".
After reviewing the Formal Grievance, I offer the following:
Your Inmate Informal Complaint Resolution form (802-11) dated 04/24/2018, regarding specifically, "Denied Access to Qualified". An Informal Complaint Response was generated by your assigned Case Manager on 05/09/18. A Formal Grievance was then submitted, dated: 05/09/2018 and received by the Grievance Coordinator on 05/10/18
After reviewing your grievance, I note the following response:

A) On 04/23/2018, You attempted to mail out document[s] under the guise of legal mail to a private, non-legal, non-qualified organization of "BTI Consultants". On 04/24/2018, you attempted to mail out document[s] under the guise of legal mail to the Mexican Consulate and a private organization, noted as the "Arizona Justice Project". The definition as it pertains to the Arizona Department of Corrections, under Department Order: 902-Inmate Access to the Courts, specifically under the Definitions section is the following: Legal Mail-"Any letters to or from an inmate's attorney as defined above, or to or from a judge or to or from a court of law". "Attorney-An attorney-at-law licensed to practice in any state or federal jurisdiction. 1)Who has entered into or may in the future enter into an attorney-client relationship with the inmate or has been appointed to represent the inmate, as evidences by court record, court order or by the inmate's written authorization. 2) Shall not include anyone who is on the inmate's visiting list".

B) 902.11 LEGAL MAIL; 1.4.2.2-All outgoing letters to an inmate's attorney or to a judge or court shall be brought to the mail room by the inmate, where the letter shall not be read or censored but shall be inspected for contraband and sealed in the presence of the inmate. All outgoing legal documents to an inmate's attorney or to a judge or court (other than letters to an inmate's attorney or to a judge or court, such as pleadings, briefs and motions) shall not be censored, but staff are not prohibited from reading such documents to the extent necessary to establish the absence of contraband.

5 of 40

C) 902.11 LEGAL MAIL; 1.4.5-Return the mail to the inmate if he/she requests mail to be sent as legal mail and it is not to an attorney, judge or court. The inmate may request to have the paralegal review the mail to determine whether it may be approved as legal mail. The Paralegal may contact the Legal Access Monitor for direction.

Your grievance is considered resolved. You may proceed to the next level in the grievance process as outlined in policy if you choose.


_____          _____
Cathryn Squires, Deputy Warden                                    Date



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| | RECEIVED BY |
|---|---|
| | BENNETT |
| | TITLE |
| | CO II |

| BADGE NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|
| 1421 | 05/09/2018 |

*Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice*

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| Maisano, Dan | 077877 | 5-9-18 |

| INSTITUTION/FACILITY | | CASE NUMBER |
|---|---|---|
| ASP -T- Whetstone   1 A80 | | C37-18-076 |

TO: GRIEVANCE COORDINATOR

**Description of Grievance** *(To be completed by the Inmate)*

"Denied Access to Qualified" Not per A DOC Policy Which has been decided Wrong see Nordstrom V. Ryan 856 F 3d 126 (9th Cir. 2017) and Muhammad V. Pitcher 35 F3d 1081 1994 Fed App. 0333 P (6th Cir. 1994) On 4-23-18 at Mail & Property I'm denied Legal Mail Access for BTI Consultants. On 4-24-18 Consolado de Mexico, Legal Action Center for Constitutional Rights And Arizona Justice Project, One more time all qualified Legal Mail VIA Cour Orders and U.S Cour etc.

**Proposed Resolution** *(What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)*

1. Send out all Qualified Legal Mail W/out Reading
2. Pay Me $1,000.00 Per Day per pc of Mail Denied
3. Train Staff as The Law Say Not on A DOC Policy

Staff Give Care Cite Nordstrom V. Ryan   2017

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Dan Maisano | 5-9-18 | Jc | 5-10-18 |

**Action taken by Documentation of Resolution or Attempts at Resolution.**

**RECEIVED**
5/10/18
by COIV J. Richter   #1014

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

DISTRIBUTION:   INITIAL:   White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL:   White – Inmate; Canary – Grievance File

9 of 40

802-1
12/12/13

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Response

*For Distribution:  Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.*

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Maisano, Dale    1-A-80L | 077877 |

| Institution/Unit |
|---|
| ASPC - Tucson / Whetstone |

| From | Location |
|---|---|
| CO III B. Riley | Bldg. 1-A |

In response to your Inmate Informal Complaint Resolution form received on 04/24/2018:

You stated you were "Denied Access to Qualified", however, you do not state what "qualified" you claim you were denied access to. After several rambling comments which do not relate to the Arizona Department of Corrections, you state you were denied legal mail access for BTI Consultants and then for no apparent reason reference the Mexican Consulate.

If your concerns are regarding sending out legal mail, please be advised of the following information:

Per DEPARTMENT ORDER: 902 INMATE LEGAL ACCESS TO THE COURTS

902.11 LEGAL MAIL,

1.4.2.2 All outgoing letters to an inmate's attorney or to a judge or court shall be brought to the mail room by the inmate, where the letter shall not be read or censored but shall be inspected for contraband and sealed in the presence of the inmate. All outgoing legal documents to an inmate's attorney or to a judge or court (other than letters to an inmate's attorney or to a judge or court, such as pleadings, briefs and motions) shall not be censored, but staff are not prohibited from reading such documents to the extent necessary to establish the absence of contraband.

Per Director's Instruction # 333 , Modification of Department Order 902, Inmate Legal Access to the Courts dated January 8, 2015:

902.11 LEGAL MAIL,

1.4.5 Return the mail to the inmate if he/she requests mail to be sent as legal mail and it is not to an attorney, judge or court. The inmate may request to have the Paralegal review the mail to determine whether it may be approved as legal mail. The Paralegal may contact the Legal Access Monitor for direction.

If this Inmate Informal Complaint Resolution form is not related to legal mail, then it is recommended that you be more clear and specific with future Inmate Informal Complaint Resolution forms so that the recipient of said forms understands what your concerns are.

End of response.

| Staff Signature | Date |
|---|---|
| *BRiley* | 05/09/2018 |

Distribution:    Original - Inmate
                 Copy – Grievance Coordinator File

802-12(e)
12/19/12

10 of 40

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

Complaints are limited to one page and one issue. Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Maisano, Dale | 075757 | ASP-T-Whetstone  1A 80 | 4-24-18 |

| TO | LOCATION |
|---|---|
| CO III | Whetstone 1-A |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

"I'm attempting to informally resolve the following Issue"
I waive no time at any step of The Grievance Process
My Single issue is "Denied Access to Qualified" Not per
A Doc Policy which has been decided Wrong see
Nordstrom V. Ryan 856 F 3d 1265 J (9th
Cir. 2017) and Muhammad V. Pitcher, 35 F 3d
1081, 1994 Fed App. 0333 P (6th Cir 1994) On 4-23-18
At Mail & Property I'm denied Legal Mail Access for BTI
Consultants, On 4-24-18 ~~Canal Mail~~ Consulado
de Mexico, Legal Action Center, Center for Constitutional
Rights And Arizona Justice Project, One more time all Qualified
Legal Mail VIA Court Orders and U.S Constitution etc.

Relief Requested

1. Send Out all Qualified Legal Mail W/out Reading
2. Pay Me 5,000.00 Per Day per pc of Mail Denied
3. Train Staff on The Law Say RU on ADC Policy

Staff give case cite Nordstrom V. Ryan 2017

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Dale Maisano | 4-24-18 |

Have you discussed this with institution staff?  ☒ Yes   ☐ No

If yes, give the staff member name: Prior Violation Submitted

Distribution:   INITIAL:  White and Canary - Inmate
                FINAL:  White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

Rcvd. 4/24/18 BR      11 of 40

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance Appeal

Please type or print in black or blue ink.
(To be completed by staff member initially receiving appeal)

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received By: _____
Title: _____
Badge #: _____
Date: (mm/dd/yyyy)

**Please Print**

| INMATE'S NAME (Last, First M.I.) (please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Mason, Dale | 077877 | 6-19-18 |

| INSTITUTION | CASE NUMBER |
|---|---|
| ASP-T Whetstone    1 A80 | C37-18-025 |

TO: Director

I am appealing the decision of _Deputy Warden_ for the following reasons:

Court Order was enclosed "All Defendant are Guilty of interfering with a Judicial Procedure etc as well as a state RICO Violation etc etc.

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Dale Mason | 6-19-18 | | |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL: White – Inmate
Canary – Grievance File

802-3
12/12/13

12 of 40

MAISANO, DALE ADC NO: 077877

Deputy Warden's Response for Grievance # C37-18-075:
In response to your inmate grievance dated 05/09/18, and received by me on 05/10/2018, I offer the following:
You are formally grieving "Denied access to legal copies".
After reviewing the Formal Grievance, I offer the following:
Your Inmate Informal Complaint Resolution form (802-11) dated 04/26/2018, regarding specifically, "Denied access to legal copies". An Informal Complaint Response was generated by your assigned Case Manager on 05/09/18. A Formal Grievance was then submitted, dated: 05/09/2018 and received by the Grievance Coordinator on 05/10/18
After reviewing your grievance, I note the following response:

    A) You have provided no date, nor time, either in your informal complaint form (802-11), nor in your formal grievance form (802-1), indicating you were denied access to legal copies.

    B) You state in your formal grievance form (802-1), there is a current court order standing, stating A.D.O.C (Arizona Department of Corrections) is required to provide legal copies within 48 hours. Such said instrument has not been provided from you, within this Formal Grievance (C37-18-075), nor in your Informal Complaint Resolution form (802-11).

    C) You also state you have court order "enclosed RE:2600 x 45 117,000 sum". You have provided no such described instrument[s].

    D) Per Department Order 902-Inmate Legal Access to the Courts; 902.05; Qualified Legal Claims Copying; 1.271: (Paralegals) "Make photocopies in accordance with the Paralegal's notation on the request form, ensuring the inmate has paid for the copies or the account has been placed on hold in accordance with section 902.06 of this Department Order. Photocopies shall be made, if possible, within three work days of designated staff receiving the request form back from the Paralegal. Extra time may be necessary for extensive copying requests".

    E) You state in your inmate grievance, on 04/18/2018, you provided "the orders". It is noted you have provided no such said "Orders" to staff at the Whetstone unit.

Your grievance is considered resolved. You may proceed to the next level in the grievance process as outlined in policy if you choose.

13 of 40

Cathryn Squires, Deputy Warden

6/18/2018
Date

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| RECEIVED BY |
|---|
| BENNETT |
| TITLE |
| Co II |
| BADGE NUMBER | DATE (mm/dd/yyyy) |
| 1421 | 05/09/2018 |

*Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Maisano Dah | 077877 | 5-9-18 |
| INSTITUTION/FACILITY | CASE NUMBER | |
| ASP -T- Whetston   1 A 50 | C37-18-075 | |

TO: GRIEVANCE COORDINATOR

Description of Grievance *(To be completed by the Inmate)*

Denied Access to Legal Copies "As Required VIA Court Order in Gluth V. Kangas 951 F. 2ed 1504 ( 9th Cir 1991) (Order to A DOC to Copy W/in 48 HRS. Note a Court Order was as well enclosed Re: 2600 x 45 Copies + 117 000 See Parsons V. Ryan 02. CV. 00601 See Last Order in Case x 3 "You will soon be explaining Your Parts to a Judge "Kool". On 4-18-18 The Orders Were Given on 4-23-18 Copies Requested New Copies. I will ask The 9th Cir to explain th Order and Fine Kos and pay Me for Actual Injury Cite x 43,000 Inmates

Proposed Resolution *(What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)*

1. I'm required by law to file this grievance
2 Copies as required by law and A DOC Policy Which Ks are as well in Violation of ongoing
3 Pay Me for My Time & Efforts Re: Grievance/
4 Hire a person or persons whom can follow Court Order

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Dah M | 5-9-18 | 1014 | 5-10-18 |

| Action taken by Documentation of Resolution or Attempts at Resolution. |
|---|
| |
| |
| RECEIVED 5/10/18 by COIV J. Richter #1014 |
| |

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13

14 of 40



## ARIZONA DEPARTMENT OF CORRECTIONS

### Inmate Informal Complaint Response

| | *For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.* |
|---|---|

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Maisano, Dale   1-A-80L | 077877 |
| Institution/Unit | |
| ASPC - Tucson / Whetstone | |

| From | Location |
|---|---|
| CO III B. Riley | Bldg. 1-A |

In response to your Inmate Informal Complaint Resolution form received on 04/26/2018:

Per DEPARTMENT ORDER: 802 - INMATE GRIEVANCE PROCEDURE

802.02 INFORMAL COMPLAINT RESOLUTION

1.2 In the event an inmate is unable to resolve their complaint through informal means, he/she may submit an Informal Complaint on an Inmate Informal Complaint Resolution form to the Correctional Officer (CO) III in their respective unit. The Informal Complaint must be submitted within ten workdays from the date of the action that caused the complaint. The inmate shall attach copies of all documentation to support his/her complaint.

You have failed to comply with Department Order 802 in that you did not provide a date of the action which caused this complaint, nor did you attach copies of all documentation to support your complaint.

As you have been advised in previous Inmate Informal Complaint Response form dated 04/18/2018, per Department Order 902 - Inmate Legal Access to the Courts, 902.05 QUALIFIED LEGAL CLAIMS COPYING:

1.6 The Paralegal shall complete the request and, within three work days of receipt, shall return the packet to designated staff.

1.7 Designated staff shall:

1.7.1 Make photocopies in accordance with the Paralegal's notation on the request form, ensuring the inmate has paid for the copies or the account has been placed on hold in accordance with section 902.06 of this Department Order. Photocopies shall be made, if possible, within three work days of designated staff receiving the request form back from the Paralegal. Extra time may be necessary for extensive copying requests.

Again, this Arizona Department of Corrections policy does not require any time frames of "48 hours" in regards to legal copies.

End of response.

| Staff Signature | Date |
|---|---|
| *B Riley* | 05/09/2018 |



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

*Complaints are limited to one page and one issue. Please print all information.*

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT   I A SO | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Maisano, Dale | 077877 | ASP -Tucson Whetston | 4/26/18 |

| TO | LOCATION |
|---|---|
| CO III | Whetston   I A |

State briefly but completely the problem on which you desire assistance.  Provide as many details as possible.

" I'm attempting to informally resolve the following issue "
" waive no time at any step of the grievance process "
My single issue is: " Denied Access to Legal Copies " As
required VIA Court in Gluth V. Kangas  951 F 2d 1504
(9th Cir. 1991) Order to ADOC to copy w/in 48 hrs.
Note A Court Order was as well enclosed Re : 2600 x
45 Copies = 117,000 See Parsons V. Ryan 12-CV-00601
see Last Order x 3.

1. I'm required VIA Law to File this Grievance
2. Copies as required by Law not A DOC Policy which
You are as well in violation of anyway
3. Pay Me for My Time E efforts Re : Grievance / Filing
4. Hire a person or persons whom can Follow Court / Orders

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Dale Maisano | 4-25-18 |

Have you discussed this with institution staff?   ☒ Yes   ☐ No

If yes, give the staff member name: Yes and Filed other Informal's Re Copies and time

Distribution:   INITIAL:  White and Canary - Inmate
FINAL:  White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/13

Rcvd. 4/26/18   BR   16 of

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance Appeal

Please type or print in black or blue ink. (To be completed by staff member initially receiving appeal)

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received By: _____
Title: _____
Badge #: _____
Date: (mm/dd/yyyy) _____

**Please Print**

| INMATE'S NAME (Last, First M.I.) (please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Maisavo, Dah | 07887 | 6·19·18 |

| INSTITUTION | CASE NUMBER |
|---|---|
| ASP·T Whetstone    1 A 80 | C 37·18·08c |

TO: *Deputy*

I am appealing the decision of *Deputy Warden* for the following reasons:

Qualified legal Copies is giving legal advice, All Defendants are GUILTY of interfering with a Judicial Proceeding, Pure Criminal Conduct and / a State RICO Violation.

Note Habeus is Pending

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Dah Maisavo | 6·19·18 | | |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
            Pink – Inmate
       FINAL:  White – Inmate
            Canary – Grievance File

802-3
12/12/13

17 of 40

MAISANO, DALE ADC NO: 077877

Deputy Warden's Response for Grievance # C37-18-084:
In response to your inmate grievance dated 05/29/18, and received by me on
05/30/2018, I offer the following:
You are formally grieving "Denied Timely Copies Legal".
After reviewing the Formal Grievance, I offer the following:
Your Inmate Informal Complaint Resolution form (802-11) dated
05/05/2018, regarding specifically, "Denied Timely Copies Legal". An
Informal Complaint Response was generated by your assigned Case
Manager on 05/29/18. A Formal Grievance was then submitted, dated:
05/29/18 and received by the Grievance Coordinator on 05/30/18
After reviewing your grievance, I note the following response:

A) You state in your Formal Grievance (C37-18-084), you were allegedly
   denied timely legal copies. You have alleged the legal copies must be
   made within 48 hours of receipt. It is noted, you have not provided
   any instrument[s]indicating the application for qualified legal copies
   was either initiated by yourself, and or denied by the Paralegal.

B) Department Order 902.05- Inmate Access to the Courts; Qualified
   Legal Claims Copying, 1.7.1-Making photocopies in accordance with
   the Paralegal's notation on the request form, ensuring the inmate has
   paid for the copies or the account has been placed on hold in
   accordance with Section 902.06 of this Department Order [D.O. 902].
   Photocopies shall be made, if possible, within three work days of
   designated staff receiving the request form back from the Paralegal.
   Extra time may be necessary for extensive copying requests. You
   have indicated in your Formal Grievance (C37-18-084), you have
   2600 pages you are requesting to copy, if approved as a Qualified
   Legal claim, this would be considered "extensive copying", noted in
   Department Order 902.05- Inmate Access to the Courts; Qualified
   Legal Claims Copying, 1.7.

Your grievance is considered resolved. You may proceed to the next level in
the grievance process as outlined in policy if you choose.


Cathryn Squires, Deputy Warden                    6/18/2018
                                                    Date

18 of 40




# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance

| RECEIVED BY | |
|---|---|
| ROBLES | |
| TITLE | |
| coll | |
| BADGE NUMBER | DATE *(mm/dd/yyyy)* |
| 6580 | 05/29/18 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| Maisano, Dah | 077877 | 5-29-18 |

| INSTITUTION/FACILITY | | CASE NUMBER |
|---|---|---|
| A.S.P. T. Whetstone | 1 A 80 | C-17-18-084 |

TO: GRIEVANCE COORDINATOR

**Description of Grievance** *(To be completed by the Inmate)*

"Denied Timely Copy Legal", On 5-4-18 at 7:41 AM, I Placed Documents in Re Parson V. Ryan CV-12-00601 x 2600 pg. Staff failed to abide by The Courts Order in Gluth V. Kangas 951 F2d 1504 (9th Cir. 1991) A Fed Ct. Order to A DOC, Copy w/in 48 Hours No Exceptions Listed

**Proposed Resolution** *(What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)*

Relief Requested
1. Follow all Court Orders,
2. Answer My New Writ of Habeas Corpus
3. You are to face a New Class Action
4. Pay Me Per Day x 5,000.00 Per Day U.S.D. Request Judge to give leave in Court Orders

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Dah Maun | 5-29-18 | | 5-30-18 |

**Action taken by Documentation of Resolution or Attempts at Resolution.**

RECEIVED
5/30/18   #1014
by COIV J. Richter

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

DISTRIBUTION:   INITIAL:   White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL:   White – Inmate; Canary – Grievance File

802-1
12/12/13

19 of 45

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Response**

| | For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response. |
|---|---|

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Maisano, Dale    1-A-80L | 077877 |

| Institution/Unit |
|---|
| ASPC - Tucson / Whetstone |

| From | Location |
|---|---|
| CO III B. Riley | Bldg. 1-A |

In response to your Inmate Informal Complaint Resolution form received on 05/07/2018:

Per DEPARTMENT ORDER 802 - INMATE GRIEVANCE PROCEDURE:

802.02 INFORMAL COMPLAINT RESOLUTION

1.2 In the event an inmate is unable to resolve their complaint through informal means, he/she may submit an Informal Complaint on an Inmate Informal Complaint Resolution form to the Correctional Officer (CO) III in their respective unit. The Informal Complaint must be submitted within ten workdays from the date of the action that caused the complaint.  The inmate shall attach copies of all documentation to support his/her complaint.

You have failed to comply with Department Order 802 in that you did not attach copes of documentation to support your complaint.

As you have been advised in previous Inmate Informal Complaint Responses, Per DEPARTMENT ORDER 902 - INMATE LEGAL ACCESS TO THE COURTS, 902.05 QUALIFIED LEGAL CLAIMS COPYING:

1.6 The Paralegal shallcomplete the request and, within three work days of receipt, shall return the packet to designated staff.

1.7 Designated staff shall:

1.7.1 Make photocopies in accordance with the Paralegal's notation on the request form, ensuring the inmate has paid for the copies or the account has been placed on hold in accordance with section 902.06 of this Department Order. Photocopies shall be made, if possible, within three work days of designated staff receiving the request form back from the Paralegal. Extra time may be necessary for extensive copying requests.

1.9 The Paralegal's decision is final. Inmates may present concerns regarding qualified legal claim copying to the Legal Access Monitor through designated staff using the Inmate Letter, Form 916-1.

Again, this Arizona Department of Corrections policy does not require any time frames of "48 hours" in regards to legal copies.

End of response.

| Staff Signature | Date |
|---|---|
| *BRiley* | 05/29/2018 |

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

*Complaints are limited to one page and one issue. Please print all information.*

| INMATE NAME *(Last, First M.I.)* (Please print) | ADC NUMBER | INSTITUTION/UNIT ᴸ ᴬ 80 | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Maisano, Dah | 077877 | ASP-T Whitston | 5-5-18 |

| TO | LOCATION |
|---|---|
| CO III | L-A- Whitston |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

" I'm attempting to informally resolve the following issue. "
I waive no time at any step of the grievance process.
My single issue is : "Denied timely Legal Copies" On -5-4-18
at 7:41 Am, I placed Documents in re: Parson V. Ryan
cv-11-00601 x 2600 py. Staff have to abide by The
Court Order in Gluth V. Kangas 951 F 2d 1504 (9th Cir.
1991) A Fed. Ct. Ord. to A ltd. Copies w/in 48 hrs.
with no exception

Relief Requested

1. Follow all Court Orders
2. Answer My New Writ of Habeas Corpus
3. You are to Fun a New Class Action
4. Pay Me Per Day for Delay x 5.00.⁰⁰ per Day

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Dale Mann | 5-5-11 |

Have you discussed this with institution staff?   ☒ Yes   ☐ No

If yes, give the staff member name: Library Staff and other Grievan.

Distribution:   INITIAL: White and Canary - Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

Rcvd 5/7/18 GR

21 of

# ARIZONA DEPARTMENT OF CORRECTIONS

**Inmate Grievance Appeal**

Please type or print in black or blue ink.
(To be completed by staff member
initially receiving appeal)

| | |
|---|---|
| The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form. | Received By: _____ <br> Title: _____ <br> Badge #: _____ <br> Date: *(mm/dd/yyyy)* _____ |

*Please Print*

| INMATE'S NAME *(Last, First M.I.) (please print)* | ADC NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| Maisuria, Dah | 077871 | 6-19-18 |

| INSTITUTION | CASE NUMBER |
|---|---|
| ASP·T· Whetten    1 A 80 | C37-18-083 |

TO: Director

I am appealing the decision of *Deputy Warden* for the following reasons:

All Defendants are interfering with a judicial proceeding, All
Violate The Courts Order | Se Ys in Court

| INMATE'S SIGNATURE | DATE *(mm/dd/yyyy)* | GRIEVANCE COORDINATOR'S SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Dah Maisuria | 6-19-18 | | |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| | |

DISTRIBUTION: INITIAL:  White & Canary – Grievance Coordinator
                        Pink – Inmate
              FINAL:    White – Inmate
                        Canary – Grievance File

802-3
12/12/13

22 of 40

MAISANO, DALE ADC NO: 077877

Deputy Warden's Response for Grievance # C37-18-083:
In response to your inmate grievance dated 05/29/18, and received by me on
05/30/2018, I offer the following:
You are formally grieving "Denied Legal Document Binding".
After reviewing the Formal Grievance, I offer the following:
Your Inmate Informal Complaint Resolution form (802-11) dated
05/05/2018, regarding specifically, "Denied Legal Document Binding". An
Informal Complaint Response was generated by your assigned Case
Manager on 05/29/18. A Formal Grievance was then submitted, dated:
05/29/18 and received by the Grievance Coordinator on 05/30/18
After reviewing your grievance, I note the following response:

    A) Per Department Order 902-Inmate Legal Access to the Courts;
       902.09-**Legal Supplies**,1.1-Inmate stores shall stock only those
       items authorized by Department Order 909, Inmate Property. There
       shall be no special order items. 1.2-Inmates shall be provided legal
       supplies regardless of their ability to pay. If the inmate does not
       have funds available, a hold shall be placed on the inmate's
       accounts. 1.3- Inmates shall be charges the current inmate store
       price for any item received. 1.4- The amount of legal supplies
       provided per month to inmates who request them and do not have
       the funds to pay shall be 1.4.1-Pens (1). 1.4.2 Pencils (2). 1.4.3-
       Legal pad/writing tablet (size 8 ½" x 11") (2). 1.44-Pre-stamped,
       regular envelopes-5 (Marked with 'LEGAL MAIL'). 1.4.5- Manila
       envelopes (5) (marked with 'LEGAL MAIL'). 1.5-Additional legal
       supplies may be provided after showing is made by the inmate
       which additional supplies are necessary in order to present or
       support a qualified claim. These additional items shall be issued on
       an individual basis. 1.5.1- The Paralegal shall verify the inmate is
       actually working on a qualified legal issue before additional legal
       supplies are provided.
    B) Per Department Order 902-Inmate Legal Access to the Courts;
       902.05- **Qualified Legal Claims Copying.** 1.5-If Department
       Order compliance interpretation is needed then the Paralegal shall
       consult with the Legal Access Monitor.
    C) Per Department Order 902-Inmate Legal Access to the Courts;
       902.05- **Qualified Legal Claims Copying.** 1.9-The Paralegal's
       decision is final. Inmates may present concerns regarding qualified

23 of 40

legal claim copying to the Legal Access Monitor through designated staff using the Inmate Letter, Form 916.1.


Your grievance is considered resolved. You may proceed to the next level in the grievance process as outlined in policy if you choose.


_DWCSquires_
Cathryn Squires, Deputy Warden

_6/18/2018_
Date

# ARIZONA DEPARTMENT OF CORRECTIONS

**Inmate Grievance**

| Received By | ROBLES |
|---|---|
| Title | coll |
| Badge Number 6580 | Date 05/29/18 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First M.I.) Maisano, Dah | ADC Number 077877 | Date 5-29-18 |
|---|---|---|
| Institution/Facility ASP-T-Whetstone | Case Number C37-18-083 | |

To: Grievance Coordinator

### Description of Grievance (To be completed by the inmate)

"Denied Legal Document Binding", see Phillips V Hust, 477 F 3d 1070 (9th Cir. 2007) (right to access claim stated because prison prison officials, And Librarian refused inmate's request to use comb-binding machine for his petition. Read it! This is The Law.

### Proposed Resolution (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

Relief Requed

1 Comb-binding for all petition filings etc to cover
2 Pay Me One Million Dollars for Your Gross violation
I've explained to Staff and Given CaseLaw & Point;
Wadlow say to Me He has no Machine. "Judge"

| Inmate's Signature Dah Maisano | Date 5-29-18 | Grievance Coordinator's Signature | Date 5-30-18 |
|---|---|---|---|

| Action taken by _____ | Documentation of Resolution or Attempts at Resolution. |
|---|---|

**RECEIVED** 5/30/18 by COIV J. Richter #1014

| Staff Member's Signature | Badge Number | Date |
|---|---|---|

Initial Distribution - White and Canary - Grievance Coordinator;  Pink - Inmate
Final Distribution - White - Inmate;  Canary - Grievance File

24 of 40

802-1
12/19/12

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Response

**For Distribution:** Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Maisano, Dale     1-A-80L | 077877 |

| Institution/Unit |
|---|
| ASPC - Tucson / Whetstone |

| From | Location |
|---|---|
| CO III B. Riley | Bldg. 1-A |

In response to your Inmate Informal Complaint Resolution form received on 05/07/2018:

Per Librarian II Wadlow, you were not denied the use of any machine that the Whetstone Library/Resource Center has access to. DEPARTMENT ORDER: 902 INMATE LEGAL ACCESS TO THE COURTS does not include any provision for binding documents nor is this required by any other ADOC policy.  Should you require something additional to what is required, it was suggested that you follow ADOC policy.

In reference to 902.05 QUALIFIED LEGAL CLAIMS COPYING

1.9 The Paralegal's decision is final. Inmates may present concerns regarding qualified legal claim copying to the Legal Access Monitor through designated staff using the Inmate Letter, Form 916-1.

End of response.

| Staff Signature | Date |
|---|---|
|  | 05/29/2018 |

Distribution:   Original - Inmate
                Copy – Grievance Coordinator File

802-12(e)
12/19/12

23 of 40

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

Complaints are limited to one page and one issue.   Please print all information.

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT I A 80 | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Maisano, Dah | 07807 | ASP-T. Whitston | 5-5-18 |

| TO CO III | LOCATION I-A- Whitston |
|---|---|

State briefly but completely the problem on which you desire assistance.  Provide as many details as possible.

" I'm attempting to informally resolve the following issue"
I receive no tick at any step of The Grievance Process.
My single issue is "Denial Legal Document Binding See
Phillips V. Hust 477 F 3d. 1070 (9th Cir. 2007)
(right of access claim stated because prison officials, and
librarian refused inmates request to use comb. binding
machine for his petition, Read it, This is the Law.✓

        Relief Requested

1. Comb-binding for all petitions, Filing etc. to Court.
2. Pay Me One Million Dollars for Your Gross Violation

| INMATE SIGNATURE *Dale Maisano* | DATE *(mm/dd/yyyy)* 5-5-18 |
|---|---|

Have you discussed this with institution staff?   ☒ Yes   ☐ No

If yes, give the staff member name:   Library Staff Wadlow

Distribution:   INITIAL: White and Canary - Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

Recd 5/7/18 BR

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

Please type or print in black or blue ink.
(To be completed by staff member initially receiving appeal)

| | |
|---|---|
| The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form. | Received By: _____ |
| | Title: _____ |
| | Badge #: _____ |
| | Date: *(mm/dd/yyyy)* |

**Please Print**

| INMATE'S NAME *(Last, First M.I.) (please print)* | ADC NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| Marcum, Dale | 077877 | 6-19-18 |

| INSTITUTION | | CASE NUMBER |
|---|---|---|
| ASP-T. Whetstone     1 A 80 | | C37-18-082 |

TO: Director

I am appealing the decision of _Deputy Warden_ for the following reasons:

Staff / Defendants were given a copy of The Judges Order
In Parsons V Ryan 12-CV-00601, All Defendants are Guilty
of interfering with a judicial proceeding As Well it is a
State R14? Violation   Designed Crime!

| INMATE'S SIGNATURE | DATE *(mm/dd/yyyy)* | GRIEVANCE COORDINATOR'S SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Dale Marcum | 6-19-18 | | |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | , | DATE *(mm/dd/yyyy)* |
|---|---|---|
| | | |

DISTRIBUTION:   INITIAL:   White & Canary – Grievance Coordinator
                                  Pink – Inmate
                    FINAL:       White – Inmate
                                  Canary – Grievance File

802-3
12/12/13

27 of 40

MAISANO, DALE ADC NO: 077877

Deputy Warden's Response for Grievance # C37-18-082 :
In response to your inmate grievance dated 05/29/18, and received by me on
05/30/2018, I offer the following:
You are formally grieving "Denied Legal Copies, Per Court Orders".
After reviewing the Formal Grievance, I offer the following:
Your Inmate Informal Complaint Resolution form (802-11) dated
05/05/2018, regarding specifically, "Denied Legal Copies, Per Court
Orders". An Informal Complaint Response was generated by your assigned
Case Manager on 05/29/18. A Formal Grievance was then submitted, dated:
05/29/18 and received by the Grievance Coordinator on 05/30/18

A) After reviewing your grievance, I note the following response:
Per Department Order 902-Inmate Legal Access to the Courts;  902.05;
Qualified Legal Claims Copying; 1.271: (Paralegals) "Make photocopies in
accordance with the Paralegal's notation on the request form, ensuring the
inmate has paid for the copies or the account has been placed on hold in
accordance with section 902.06 of this Department Order. Photocopies shall
be made, if possible, within three work days of designated staff receiving the
request form back from the Paralegal. Extra time may be necessary for
extensive copying requests".
B) You state in your Formal Grievance (C37-18-081), you submitted a
"Emergency O.S.C" [unknown instrument of "Emergency O.S.C"],
however you have not provided a date, nor time or location of such
said alleged instrument[s].
C) You state in your Formal Grievance (C37-18-081), the Parson's V.
Ryan case, however, you have not provided such instrument for
review and how it specifically pertains to you.

Your grievance is considered resolved. You may proceed to the next level in
the grievance process as outlined in policy if you choose.

_____          _____
Cathryn Squires, Deputy Warden                        6/18/2018
                                                              Date

# ARIZONA DEPARTMENT OF CORRECTIONS

**Inmate Grievance**

| RECEIVED BY |
| --- |
| ROBLES |
| TITLE |
| Coll |

| BADGE NUMBER | DATE (mm/dd/yyyy) |
| --- | --- |
| 6580 | 05/29/18 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
| --- | --- | --- |
| Maisano, Dale | 077877 | 5-29-18 |

| INSTITUTION/FACILITY | CASE NUMBER |
| --- | --- |
| ASP-T-Whetstone   1 A 80 | C37-18-082 |

TO: GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the Inmate)

"Denied Legal Copies Per Court Order" in Gluth V. Kangas, 951 F2d 1504 (9th Cir 1991) Order to ADOC for Copies w/in 48 hrs etc." On 4-5-18 In Case CV-12-00601 Parson V. Ryan I submitted an Emergency O.S.C. for copies & 5 pg × 45 Copies You are past 48 hrs to give copies

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

Relief Requested
1. Copies for all w/in 48 hr. No Exception
2. Payment of One Million Dollar For My Time
3. Legal Access Monitor on Call at all time

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
| --- | --- | --- | --- |
| John Maisano | 5-29-18 | | 5-30-18 |

**Action taken by** Documentation of Resolution or Attempts at Resolution.

RECEIVED
5/30/18
by COIV J. Richter #1014

| Staff Member's Signature | Badge Number | Date |
| --- | --- | --- |

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13

28 of 40

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Response

*For Distribution:  Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.*

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Maisano, Dale     1-A-80L | 077877 |

| Institution/Unit |
|---|
| ASPC - Tucson / Whetstone |

| From | Location |
|---|---|
| CO III B. Riley | Bldg. 1-A |

In response to your Inmate Informal Complaint Resolution form received on 05/07/2018:

Per DEPARTMENT ORDER 802 - INMATE GRIEVANCE PROCEDURE:

802.02 INFORMAL COMPLAINT RESOLUTION

1.2 In the event an inmate is unable to resolve their complaint through informal means, he/she may submit an Informal Complaint on an Inmate Informal Complaint Resolution form to the Correctional Officer (CO) III in their respective unit. The Informal Complaint must be submitted within ten workdays from the date of the action that caused the complaint.  The inmate shall attach copies of all documentation to support his/her complaint.

You have failed to comply with Department Order 802 in that you did not provide a date of the action which caused this complaint, nor did you attach copes of documentation to support your complaint.

As you have been advised in previous Inmate Informal Complaint Responses, Per DEPARTMENT ORDER 902 - INMATE LEGAL ACCESS TO THE COURTS, 902.05 QUALIFIED LEGAL CLAIMS COPYING:

1.6 The Paralegal shallcomplete the request and, within three work days of receipt, shall return the packet to designated staff.

1.7 Designated staff shall:

1.7.1 Make photocopies in accordance with the Paralegal's notation on the request form, ensuring the inmate has paid for the copies or the account has been placed on hold in accordance with section 902.06 of this Department Order. Photocopies shall be made, if possible, within three work days of designated staff receiving the request form back from the Paralegal. Extra time may be necessary for extensive copying requests.

1.9 The Paralegal's decision is final. Inmates may present concerns regarding qualified legal claim copying to the Legal Access Monitor through designated staff using the Inmate Letter, Form 916-1.

Again, this Arizona Department of Corrections policy 902.05 does not require any time frames of "48 hours" in regards to legal copies, nor does it reference or allow for emergency legal copies.

End of response.

| Staff Signature | Date |
|---|---|
| *[signature]* | 05/29/20 18 |

Distribution:    Original - Inmate
Copy – Grievance Coordinator File

802-12(e)
12/19/12

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue. Please print all information.

5/29/18

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Maisano, Dale | 077877 | ASP-T-Whetstone I A 80 | 5.5.18 |

| TO | LOCATION |
|---|---|
| CO III | I.A. Whetstone |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

"I'm attempting to informally resolve th following issue"
I work no tim at any stp of Th Grievenc Procs.
My Singl Issu is: Denied Legal Copis Per Courts Order
in Gluth V. Kangas, 951 F 2d 1504 (9th Cir 1991)
Order To ADOC to copis w/in 48 hrs the" On 4-5-18
In Case CV 12-00601 Parson V. Ryan I submittd An
Emergency O.S.C. for copis x 3 pg x 45 Copis
You ar pas th 48 hrs to giv copis

Relif Requestd

1. Copis for all w/in 48 hrs. No Exceptions
2. Paymnt of One Million Dollars for My Tim
3. Legal Accss Mondtr on Site at all tim

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Dale Maisano | 5.5.18 |

Have you discussed this with institution staff?  ☒ Yes   ☐ No

If yes, give the staff member name: Library Staff

30 of 40

Recvd 5/7/18 BR

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance Appeal

Please type or print in black or blue ink.
(To be completed by staff member initially receiving appeal)

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received By: _____

Title: _____

Badge #: _____

Date: (mm/dd/yyyy) _____

**Please Print**

| INMATE'S NAME (Last, First M.I.) (please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Marcan, Dale | 077877 | 6-19-18 |

| INSTITUTION | CASE NUMBER |
|---|---|
| ASP-T-Whetston     1 A 80 | C 37-18-081 |

TO: Director,

I am appealing the decision of _Deputy Warden_ for the following reasons:

All Defendants are Guilty of Interfering with a Judicial Proceeding Some have Legal Knowledge from Transfer etc.

Note Staff fail to give inmate Letters as needed "Due Process Violation"

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Dale Marcan | 6-19-18 | | |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
                                    Pink – Inmate
                          FINAL:   White – Inmate
                                    Canary – Grievance File

802-3
2/12/13

31 of CP

MAISANO, DALE ADC NO: 077877

Deputy Warden's Response for Grievance # C37-18-081:
In response to your inmate grievance dated 05/29/18, and received by me on
05/30/2018, I offer the following:
You are formally grieving "Denied Access to Chain of Command Re: Legal
Copies".
After reviewing the Formal Grievance, I offer the following:
Your Inmate Informal Complaint Resolution form (802-11) dated
05/05/2018, regarding specifically, "Denied Access to Chain of Command
Re: Legal Copies". An Informal Complaint Response was generated by your
assigned Case Manager on 05/29/18. A Formal Grievance was then
submitted, dated: 05/29/2018 and received by the Grievance Coordinator on
05/30/18
After reviewing your grievance, I note the following response:

A) You state you have been "denied access to the chain of command,
   Re: Legal copies". In your Informal Complaint Resolution and
   your formal Grievance (C37-18-081), you state no date, no time,
   nor location of this alleged incident taking place.
B) You state in your Informal Complaint Resolution and Formal
   Grievance (C37-18-081), you had a conversation at the Red Rock
   Facility, however you did not identify the context of such alleged
   conversation, who you spoke to directly with from the Red Rock
   Facility, nor a date or time of such alleged conversation.
C) You state the Agency (Arizona Department of Corrections) is in
   violation of a Court Order (Gluth V. [illegible]), though you have
   not provided such instrument, nor have you made any specific
   allegations of the specifics of the alleged violation.
D) In regards to the Chain of Command, please see Department Order
   916: Staff-Inmate Communication; 916.03, 1.1-Inmates who have
   questions or problems that require written responses from
   Department staff shall use the Inmate Letter, Form 916-1.

Your grievance is considered resolved. You may proceed to the next level in
the grievance process as outlined in policy if you choose.

DW C Squires                                    6/18/2018
Cathryn Squires, Deputy Warden                  Date

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance

| RECEIVED BY |  |
|---|---|
| ROBLES | |
| TITLE | |
| Call | |
| BADGE NUMBER | DATE (mm/dd/yyyy) |
| 6580 | 05/29/18 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Maisano, Dan | 077871 | 5-29-18 |

| INSTITUTION/FACILITY | | CASE NUMBER |
|---|---|---|
| ASP-T. Whetstone   1 A 80 | | CJ7-18-081 |

TO: GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the Inmate)

"Denied Access to Chain of Command Re: Legal Copies." A DOC Violates its own policy as explained to Me at "Red Rock" As Well as any violation of Gluth Vi Mungy, 951 F 2d 1504 (9th Cir 1991) Order to A DOC none followed."

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)    Relief Requested

1. Access to Chain of Command
2. Writ of Habeas Corpus Forthwith

Note: A DOC has No Ave. to Make Copies. We will Reg. Im

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Dan Maisano | 5-29-18 | 1014 | 5-30-18 |

Action taken by  Documentation of Resolution or Attempts at Resolution.

**RECEIVED**
5-30-18
by COIV J. Richter #1014

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

DISTRIBUTION:  INITIAL:  White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL:  White – Inmate; Canary – Grievance File

335 of P    802-1
12/12/13

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Response**

| | For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response. |
|---|---|

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Maisano, Dale   1-A-80L | 077877 |

| Institution/Unit |
|---|
| ASPC - Tucson / Whetstone |

| From | Location |
|---|---|
| CO III B. Riley | Bldg. 1-A |

In response to your Inmate Informal Complaint Resolution form received on 05/07/2018:

Per DEPARTMENT ORDER 802 - INMATE GRIEVANCE PROCEDURE:

802.02 INFORMAL COMPLAINT RESOLUTION

1.2 In the event an inmate is unable to resolve their complaint through informal means, he/she may submit an Informal Complaint on an Inmate Informal Complaint Resolution form to the Correctional Officer (CO) III in their respective unit. The Informal Complaint must be submitted within ten workdays from the date of the action that caused the complaint.  The inmate shall attach copies of all documentation to support his/her complaint.

As you have failed to comply with Department Order 802 in that you did not provide a date of the action which caused this complaqint, nor did you attach copes of documentation to support your complaint, this Inmate Informal Complaint Resolution form is being returned to you unprocessed.

End of response.

| Staff Signature | Date |
|---|---|
| | 05/29/2018 |

Distribution:   Original - Inmate
                Copy – Grievance Coordinator File

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

Complaints are limited to one page and one issue. Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT   I A 80 | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Maisano, Dale | 077877 | ASP-T Whetston | 5-5-18 |

| TO | LOCATION |
|---|---|
| CO111 | I. A. Whetston |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

"I'm attempting to informally resolve the following Issue,
I waive no time at any step of the grievance process.
My single issue is "Denied Access to Chain of Command
Re: Legal Copies" A DOC Violates it own policy as explained
to Me at "Red Rock" As Well in gross violation of
Gluth V. Kangas 951 F 2d 1504 (9th Cir 1991) Order
to A DOC not followed

        Relief Requested

1. Access to Chain of Command
2. Writ of Habeus Corpus Forthwith

| INMATE SIGNATURE  Dale Maisano | DATE (mm/dd/yyyy)  5-5-18 |
|---|---|

Have you discussed this with institution staff?   ☒ Yes   ☐ No

If yes, give the staff member name:   Library Staff Wadley

Rcvd 5/7/18  GR

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance Appeal

Please type or print in black or blue ink. (To be completed by staff member initially receiving appeal)

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received By: _____

Title: _____

Badge #: _____

Date: (mm/dd/yyyy) _____

**Please Print**

| INMATE'S NAME (Last, First M.I.) (please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Maisano, Dah | 077577 | 6-19-18 |

| INSTITUTION | CASE NUMBER |
|---|---|
| A.S.P.T. Whitstone 1 A 80 | C37-18-080 |

TO: Director

I am appealing the decision of _Deputy Warden_ for the following reasons:

All Defendants show a Capricious disregard for Human Life. As Well You are in violation of a Universal Procedure And Interfering with send. As Well see Bounds V. Smith + Time Sup Ct. Order You all violate

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Dah Maisano | 6-19-18 | | |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL: White – Inmate
Canary – Grievance File

802-3
12/12/13

36 of 50

MAISANO, DALE ADC NO: 077877

Deputy Warden's Response for Grievance # C37-18-080:
In response to your inmate grievance dated 05/29/18, and received by me on 05/30/2018, I offer the following:
You are formally grieving "Denied and Obstructed Access to all Court".
After reviewing the Formal Grievance, I offer the following:
Your Inmate Informal Complaint Resolution form (802-11) dated 05/05/2018, regarding specifically, "Denied and Obstructed Access to all Court". An Informal Complaint Response was generated by your assigned Case Manager on 05/29/18. A Formal Grievance was then submitted, dated: 05/29/18 and received by the Grievance Coordinator on 05/30/18
After reviewing your grievance, I note the following response:

A) You state in your Formal Grievance (C37-18-080), you were allegedly denied and obstructed access to the Courts due to the Paralegal refusing to provide assistance in filing all court action[s]. You alleged you completed an "Inmate Request for Paralegal Assistance Paralegal assistance, form 902-1, on or about 05/01/2018 and was denied. It is noted you have not provided such said instrument[s] indicating your denial of an Inmate Request for Paralegal Assistance Paralegal assistance, form 902-1in this Formal Grievance (C37-18-080).

B) 902-Inmate Access to the Courts; 902.03-General Responsibility, 1.2-Paralegals-Although not required to do so by law, the Department provides inmates with an opportunity to obtain assistance from qualified Paralegals, to facilitate their access to the courts.

C) 902-Inmate Access to the Courts; 902.03-General Responsibility, 1.2-Paralegals, 1.2.1.4-Making the determination as to what legal documents require photocopying and the number of copies to be made in matters involving qualified legal claims where the inmate is indigent. The Paralegal shall consult with the Legal Access Monitor if a question or problem arises. It is noted you are of indigent status.

D) 902-Inmate Access to the Courts; 902.03-General Responsibility, 1.2-Paralegals, 1.2.2-Paralegals **shall not**: 1.2.2.1-Practice law, give legal advice, conduct legal research, represent an inmate or make referrals. 1.2.2.2-Aid inmates in any matter, legal or non-legal which does not involve qualified legal claims. The Paralegal may direct inmates to where they may find information in the resource center. 1.2.2.3-Assist inmates in qualified legal claims beyond the initial filing of their pleadings with the courts.

37 of 40

E) 902-Inmate Access to the Courts; 902.04-Paralegal Assistance;1.4-
   The Paralegal shall review each request and determine whether the
   matter described involves a qualified legal claim.

F) 902-Inmate Access to the Courts; 902.04-Paralegal Assistance;1.4.2-
   IF the request does not involve a qualified legal claim, the Paralegal
   shall not provide assistance and shall return the request for assistance
   to the inmate through designated staff. If possible, the Paralegal shall
   direct the inmate to where assistance for a non-qualified claim exists.

G) It is also noted, at no time have you been restricted, denied or
   obstructed in any way of filing to the Court[s].

Your grievance is considered resolved. You may proceed to the next level in
the grievance process as outlined in policy if you choose.


_____                    ___6/18/2018___
Cathryn Squires, Deputy Warden                       Date

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Grievance

| | |
|---|---|
| | RECEIVED BY |
| | ROBLES |
| | TITLE |
| | Coll |

| BADGE NUMBER | DATE (mm/dd/yyyy) |
|---|---|
| 6580 | 05/29/18 |

Note:   You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Maisano, Dah | 077877 | 5-29-18 |

| INSTITUTION/FACILITY | CASE NUMBER |
|---|---|
| ASP-T Whetstone        I A 80 | C37-18-080 |

TO:  GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the Inmate)

"Denied and Obstructed Access to All Court & Paralegal Library, refusal to give assistance in filing all court actions. This Violate The Court Order to ADOC in Lewis V/ Casey. 518 U.S. 343 (1996). See Inmate Request for Paralegal Assistance of 5-1-18 for Grievance C371847, Note I have 30 or 80 of Them.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

1. A DOC Need to follow All Court Order "I have more of this"
2. This will be filed as a Writ of Habie Corpu.

Not I have 30 Plus Type Requested all Denied, You May Copy All !

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Dale Maisin | 5-29-18 | | 5-30-18 |

**Action taken by  Documentation of Resolution or Attempts at Resolution.**

**RECEIVED**
5/30/18   #1014
by COIV J. Richter

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

DISTRIBUTION:  INITIAL:  White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL:  White – Inmate; Canary – Grievance File

38 of 40

802-1
12/12/13

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Response**

| | For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response. |
|---|---|

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Maisano, Dale    1-A-80L | 077877 |

| Institution/Unit |
|---|
| ASPC - Tucson / Whetstone |

| From | Location |
|---|---|
| CO III B. Riley | Bldg. 1-A |

In response to your Inmate Informal Complaint Resolution form received on 05/07/2018:

Per DEPARTMENT ORDER 802 - INMATE GRIEVANCE PROCEDURE:

802.02 INFORMAL COMPLAINT RESOLUTION

1.2 In the event an inmate is unable to resolve their complaint through informal means, he/she may submit an Informal Complaint on an Inmate Informal Complaint Resolution form to the Correctional Officer (CO) III in their respective unit. The Informal Complaint must be submitted within ten workdays from the date of the action that caused the complaint. The inmate shall attach copies of all documentation to support his/her complaint.

As you have failed to comply with Department Order 802 in that you did not provide copes of documentation to support your complaint and instead just referenced an inmate request, this Inmate Informal Complaint Resolution form is being returned to you unprocessed.

End of response.

| Staff Signature | Date |
|---|---|
| | 05/29/2018 |

Distribution:   Original - Inmate
                Copy – Grievance Coordinator File

395 w

802-12(e)
12/19/12

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue.   Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Maisano, Dale | 077877 | ASP.T. Whetston | 5-5-18 |

| TO | LOCATION |
|---|---|
| CO III | I.A. Whetston |

State briefly but completely the problem on which you desire assistance.  Provide as many details as possible.

"I'm attempting to informally resolve the following Issue" I waive no time at any step of The Grievance Process. My single issue is "Denied and Obstructed Access to All Courts" Paralegal Ulibarri refuses to give assistance in filing all court actions. This Violates The Court Order To ADOC in Lewis V. Casey, 518 U.S. 343 (1996) See Inmate Request for Paralegal Assistance of 5-1-18 for Grievance C371847, Not! I have 50 or so of this

Relief Requested

1. ADOC Need to follow All Court Orders
2. This Will be Filed as a Writ of Habeus Corpus

As Well see Knop V. Johnson, 977 F 2d 996, 1006 (6th Cir 1992) (Right to access and of access claim stated because state failed to provide "Competent" paralegals to assist inmate);

| INMATE SIGNATURE *Dale Maisano* | DATE (mm/dd/yyyy) 5.5.18 |
|---|---|

Have you discussed this with institution staff?   ☒ Yes   ☐ No

If yes, give the staff member name:   Library and Paralegal

Distribution:  INITIAL:  White and Canary - Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

Rcvd 5/7/18 BR

Original

In The United States District Court
For The District of Arizona

Parsons, et, al.,                    Case CV-12-00601 PHX-DKD
    Petitioner(s)                    Judge David K, Duncan
    V,

Ryan, et, al.,                       Additional Disclosure
    Respondent(s)                    Part II

    See § 1

    6-25-11              by Dale Manson
                            Dale Manson

                            1 of 52

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Request/Authorization for Qualified Legal Copying**

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Massar, Dak | 077877 |
| Institution/Unit | Date |
| ASP-T-Whitt       1 Reg | 06-19-18 |

List each document separately.  Forms packages count as one item.  Unrelated exhibits count separately.

**ATTACH DOCUMENTS**

To be completed by the inmate/paralegal

|  |  | PARALEGAL REVIEW | | | |
|---|---|---|---|---|---|
| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | ✓ Unmodified |
| 1 | Massar v. Ryan CV 12-00601 | | | | | |
| 2 | Disclosure | 33 | 3 | 33 | 99 | — |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |

Request received and forwarded to Paralegal for action.

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date/Received | Date Forwarded |
|---|---|---|---|
| | | 6/19/18 | 6/19/18 |

I have reviewed the request for legal copying.  Take the following action:

☐ Copy: Unmodified

☐ Non-qualified legal copies, non-legal matter.

☐ Copy: Modified as indicated above

☐ Paralegal requests meeting with inmate - approval suspended

| Paralegal's Name *(Last, First M.I.)* | Paralegal's Signature | Date |
|---|---|---|
| Ulbaris | L. Ulbaris | 6/22/1 |

| No. of Copies made  99 pgs.  @ $  .10  each = TOTAL  $9.90 |
|---|

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|
| | | 6/22/18 |

Distribution:  White - Library
Green - Legal Access Monitor
Canary - Inmate
Pink - Paralegal
Goldenrod - Inmate

902-2
2/4/11



# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE

| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 490 | Maisano | 77877 | C3718068 | Tucson | Whetstone |

In your grievance filed at Whetstone Unit, you claim on 04/19/2018 you saw a recall on lettuce due to Ecoli while watching television. Furthermore, you state inmates in another state agency contracted Ecoli. Your resolution is to be tested and for the issue to be corrected.

Your grievance has been reviewed at Central Office and the Deputy Warden's response is affirmed. You have provided no evidence to prove the lettuce served by Trinity staff is contaminated in anyway. The Food Service Liaison advises the lettuce was tested by the Department of Health and determined to have no issues in regards to Ecoli. It is recommended you submit a Health Needs Request to Corizon if you are experiencing medical issues.

No further action is warranted in this matter.

cc: Warden, Tucson Complex

RK

*R. Kepney*
**Appeals Officer**

*CRGlynn for*
**Charles L. Ryan, Director**

06/11/2018
**Date**

2 of 12

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance Appeal

Please type or print in black or blue ink.
(To be completed by staff member initially receiving appeal)

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

*ASP.T. Whetston   1 A 80*

| | |
|---|---|
| Received By: | BRiley |
| Title: | CO III |
| Badge #: | 5810 |
| Date: (mm/dd/yyyy) | 06/04/2018 |

**Please Print**

| INMATE'S NAME (Last, First M.I.) (please print) | ADC NUMBER | DATE (mm/dd/yyyy) 6.3.18 |
|---|---|---|
| Marrano, Dale | 077877 | |

| INSTITUTION | CASE NUMBER |
|---|---|
| ASP.T. Whetston   1 A 80 | C37-18-068 |

TO: Director

I am appealing the decision of Deputy Warden C. Squires for the following reasons:

The Provided Medical Service is Quite Dysfunctional. But I can't be sure the Court will be till I try them, This time could have killed many, I notice staff are the fail as well, This time other could even kill the Staff or Inmate, In your eyes we are all expendable. One more time I will run it by a Judge,

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) 6.3.18 | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) 6.6.18 |
|---|---|---|---|

| RESPONSE TO INMATE BY | LOCATION |
|---|---|

**RECEIVED**
6/6/18
by COIV J. Richter  #1014

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|

DISTRIBUTION: INITIAL: White & Canary -- Grievance Coordinator
                        Pink -- Inmate
             FINAL: White -- Inmate
                    Canary -- Grievance File

802-3
12/12/13

3 of 36

MAISANO, DALE ADC NO: 077877

Deputy Warden's Response for Grievance # C37-18-068:
In response to your inmate grievance dated 05/02/18, and received by me on 05/04/2018, I offer the following:
You are formally grieving "Lettuce tainted by Ecoli".
After reviewing the Formal Grievance, I offer the following:
Your Inmate Informal Complaint Resolution form (802-11) dated 04/23/2018, regarding specifically, "Lettuce tainted by Ecoli". An Informal Complaint Response was generated by your assigned Case Manager on 05/02/18. A Formal Grievance was then submitted, dated: 05/02/2018 and received by the Grievance Coordinator on 05/04/18
After reviewing your grievance, I note the following response:

   A) This allegation was brought to the Food Service Liaison, Manager for Trinity Food Services and the Tucson Complex Administration and investigated. The lettuce you were referring to in conversation with the Unit COIV on or about 04/23/18 was from Yuma, AZ. The lettuce the Tucson Complex utilizes is purchased from California, not from Yuma, AZ. Per the Food Service Liaison, lettuce was tested by the Department of Health and found to have no issues in regards to Ecoli from lettuce form California.
   B) You are also requesting to be medically tested. You may complete a Health Needs Request (HNR) and walk up to the open clinic to submit your request for medical services.

Your grievance is considered resolved. You may proceed to the next level in the grievance process as outlined in policy if you choose.


_____                          _____
Cathryn Squires, Deputy Warden                              Date
                                                          6/1/2018

4 of 34



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

RECEIVED BY: Rodgers, S

TITLE: COII

BADGE NUMBER: 10848

DATE (mm/dd/yyyy): 5·2·18

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

INMATE NAME (Last, First M.I.) (Please print): Maissan, Dale

ADC NUMBER: 077877

DATE (mm/dd/yyyy): 5-2-18

INSTITUTION/FACILITY: ASP-T-Whetstone   1 A 80

CASE NUMBER: C37-18-068

TO: GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the Inmate)

"Lettuce tainted with E-coli", ~~and so on, on~~ ~~Kitchen worker~~ On 4-19-18 VIA' TV, I saw The recall on E-coli, On 4-20-18, I told Kitchen Worker who informed White' Shirt as well, I told CO IV on 4-23-18, Im informed 7 inmates in Alaska have E-coli On gun Im given more Lettuce The Prison in Alaska is most likely 'fed by Sam Corp.

Note I tried to send Legal Mail to CDC Dept, I have Paralysis Calling CDC, Pima Health & St. Health Dept.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

1. Correct
2. Test Me Medically
3. Test All

Inmate's Signature: Dale Man

Date: 5-2-18

Grievance Coordinator's Signature: [signature] 10c

Date: 5-4-18

**Action taken by** Documentation of Resolution or Attempts at Resolution.

RECEIVED 5/4/18 by COIV J. Richter #1014

Staff Member's Signature

Badge Number

Date

DISTRIBUTION:   INITIAL:   White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL:   White – Inmate; Canary – Grievance File

802-1
12/12/13

5 of 3L

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Response

**For Distribution:** Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Maisano, Dale F.        1-A-80L | 077877 |

| Institution/Unit |
|---|
| ASPC - Tucson / Whetstone |

| From | Location |
|---|---|
| CO III B. Riley | Bldg. 1-A |

In response to your Inmate Informal Complaint Resolution form received on 04/23/2018:

Per ASPC-Tucson Contract Monitor Gerard Bonorand:

    All the romaine lettuce has come from California, not the Yuma area.

End of response.

| Staff Signature | Date 05/02/2018 |
|---|---|

Distribution:   Original - Inmate
Copy – Grievance Coordinator File

802-12(e)
12/19/12

6 of 36

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

Complaints are limited to one page and one issue. Please print all information.

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Massano, Dale | 077877 | ASP-T-Whetstone  1 A 80 | 4-23-18 |

| TO | LOCATION |
|---|---|
| C O IV | Whetstone |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

"I'm attempting to Informally resolve the following issue"
I waive no time at any step of the grievance process.
My Single issue is "Lettuce tainted with E'coli"
On 4-19-18, VIA TV, I saw the recall on E'coli, on
4-20-18, I told Kitchen Worker whom informed
white Shirt as well, I told Co IV on 4-23-18, I'm
informed 7 Inmates in Alaska have E'coli, on sum
I'm givin more "Lettuce" The Prison in Alaska is most
likely Fed by Sims Corp.

Relief Requested

1. Correct
2. Test Me Medically
3. Test All

| INMATE SIGNATURE   Dale Mann | DATE *(mm/dd/yyyy)*   4-23-18 |
|---|---|

Have you discussed this with institution staff?  ☒ Yes  ☐ No

If yes, give the staff member name: As Stated etc.

In Hope V. Pelzer the Court held
that prison officials had been
deliberately indifferent to the risk
of harm to prisoners, see Hope,
536 U.S. at 737-38, Listed as
Hope V. Pelzer, 536 U.S. at 736-38, 745,
In This action it is "malicious and
sadistic, And The Standard that
governs is Hudson V. McMillian
All Prison Officials have been Deliberately
Indifferent for The harm caused thus
Far

Note all State and Medical Employees are
fully aware of The Pain and suffering leg
restraints have caused and fully aware
plastic zip ties are a workable thing to
avoid the above See Hope V. Pelzer, 536
U.S. 730, 738, 122 S. Ct 2508 (2002)
(Citing risk of physical harm unnecessary pain
etc),

The use of metal restraints in The Petitioners
case is quite unconstitutional, see Gawreys
V. D.C. Hospital, 480 F. Supp 853, 854-56
(D. D.C. 1979.

It is quite clear That the use of
restraints in My case is quite unlawful
if applied in the manner they have been
In The End it is Dangerous, painful and

1 of

injurious, I'm going as far as saying this
has been done at this unit for retaliatory
purpose, and not for public safety.
   As I'm told it is done to try to shop
my medical care, see Williams V. Dept
of Corrections, 208 F 3d 681, 680
(8th Cir. 2000) (allegations that officers
put leg irons on too tightly to retaliate for
plaintiff's court testimony stated a claim);
David V. Milwaukee County, 225 F.
Supp 2d 967, 976-77 (E.D. Wis. 2002)
(claim that plaintiff was painfully restrained
in retaliation for complaint was not frivolous);
   Handcuffing is unconstitutional if it
inflicts injury because cuffs were
excessively tight, see Lyons V. City of
Xenia, 417 F 3d 565, 575-76 (6th
Cir. 2005) ("The Fourth Amendment ...
prohibits unduly tight handcuffing in
the course of an arrest ... in order to
reach a jury claim the plaintiff must
allege some physical injury from the
cuffing ... and must show that officers
and medical staff ignored plaintiff's
complaints that the cuffs were causing
damage ...").

2 of

9 of 32

See in Hang V Lee, 415 F 3d 822,
824 (8th Cir 2005) ("For the application
of handcuffs to amount to excessive
Force, there must be something beyond
minor injuries.");

Wall V. Orange County, 364 F 3d
1107, 1112 (9th Cir. 2004) ("It is
well-established that overly tight
handcuffing can constitute excessive
force");

To Point! Kopec V Tate, 361 F.
3d 772, 777 (3d Cir. 2004)
(placing excessively tight cuffs on an
inmate and needlessly failing to
loosen them, resulting in permanent
nerve damage, would violate the
Fourth Amendment where the officer
was not in a dangerous situation);
Bastien V. Goddard, 279 F 3d 10,
16 (1st Cir 2002) (claim of "lengthy,
painful cuffing, which had lingering
physical effects" was actionable under
the Fourth Amendment;
Plaintiff need not show "serious" injury);
Davidson V Flynn, 32 F 3d 27, 30 (2d
Cir 1994) (allegation of injurious tight
cuffing done for improper punitive status
an Eighth Amendment claim);

3 of

10 of 3

Johnson V. City of Ecorse, 137 F. Supp.
2d 886, 893 (E.D. Mich. 2001) ("it
is long-established that where the
arrestee suffers from physical ailment
that makes cuffing especially painful,
and advises the officer of this
condition before tight cuffs cause the
arrestee injury, there is a clearly
established right to be free of excessively
tight cuffs.");

Kiman V. New Hampshire Dept of Corr.
451 F 3d 274, 288-89 (1st Cir. 2006)
(evidence that prison officials knew and staff
refused to correct, physical condition,
supported a claim under the Americans
with Disabilities Act).

Jackson V. Sheriff of Ellis County, 154
F. Supp. 2d 917, 920 (N.D Tex. 2001)
(handcuffing an arrestee who needed
a cane to walk, causing him to fall
down stairs stated a deliberate indifference
claim.);

Note I've explained to all officers in charge
of movement what happens with metal cuffs
see Ferguson V. Hall, 33 F. Supp. 2d 608,
612 (E.D. Mich. 1999) (rear-cuffing a
non-disruptive arrestee who as for concussion
because of a previous injury as well as current; 11 of 32

4 of

Actual Injury Library

Bounds V. Smith, 430 U.S 817, 824-25
97 S. Ct. 1491, 1498 (1977). For
recent cases discussing the right to access,
see Hebbe V. Pliler, 627 F. 3d 338
( 9th Cir 2010 ) ( holding that the prisoner
Hebbe satisfied The "Lewis" actual injury
requirement, because while the prison was
on lockdown, Hebbe was denied access to
law Library to file a brief for his appeal ).
And in Benjamin V. Kerik, 102 F. Supp.
2d 157, 164-69 ( holding that three of
the eight allegations of "actual injury"
Fulfilled the Lewis Requirement )

12 of 32

Access to The Courts

Procunier V Martinez, 416 US 396,
419, 94 S Ct 1800, 1814 (1974)
(describing right to access the courts as part
of constitutional due process of law requirement);
see also Murray V. Giarratano, 492
U.S 1, 11 n 6, 109 S Ct 2765, 2771 n 6
(1989) (tracing right of access to courts to
due process and equal protection clauses of
The United States Constitution).

13 of 36

# Legal Assistance Program Hindered My Court Access

Lewis V Casey, 518 U.S 343, 352-53, 116 S. Ct 2174, 2179 (1996). The Court said, "The Inmate... must... demonstrate... the alleged shortcummings in the Library or Legal Assistance Program hindered My efforts to prove a legal claim." Lewis V Casey, 518 U.S 343, 351, 116 S. Ct 2174 (1996).

Note we are not talking an "isolated instance" of actual injury, it is a daily thing to all prisoners trying to access th court "We have Systemic Failure." and a Bounds Violation

We at ADOC are are "Fulfilling the Actual Injury Requirement" Daily!

14 of 36

In Gluth V Kansas, the Ninth Circuit upheld the district court's imposition of a training program for prisoner legal assistants. The Gluth Court stated that "Bounds requires, in the absence of adequate law libraries some degree of professional or quasi-professional legal assistance to prisoners. Although legal training need not be extensive, Bounds does require that inmates be provided the legal assistance of persons with at least some training in the law." Gluth V. Kansas 951 F 2d 1504, 1511-12 (9th Cir 1991).

15 of 35

13

Grievance

Abreu V Ramirez, 284 F. Supp 2d
1250 (C. D. Cal 2003) (prison officals failed
to respond to grievance);

May V Rich, 531 F. Supp 2d (C.D ill
2008) (paralegal's failure to properly notarize
his pleading and filing disciplinary action
in retaliation for filing of grievance).

16 of

# Fifth Circuit Holds Prison Officials Need Not be Named in Grievances

On Nov 15, 2013, in an unpublished decision, the Fifth Circuit Court of Appeals reversed the summary dismissal of a Texas prisoner's civil rights action, holding that he did not have to name the defendants in his Grievances so long as Facts at issue were sufficiently presented to alert prison officials to the Problem and give them opportunity to correct it. See Patterson V. Stanley, 547 Fed. Appx, 510 (5th Cir. 2013).

26

# Grievance Exhausted When Prison Officals Fail To Respond

The Seventh Circuit Court of Appeals held that when Prison Officals Fail to respond to administrative remedies, Those remedies are rendered "unavailable" and deemed exhausted under Prison Litigation Reform Act (PLRA).

See e.g. Foulk V. Charrier, 262 F. 3d 687, 698 (8th Cir 2001); Miller V. Norris, 247 F. 3d 736, 740 (8th Cir 2001); Powe V. Ennis, 177 F. 3d 393, 394 (5th Cir 1999); and Underwood V. Wilson, 151 F. 3d 292, 295 (5th Cir 1998) (Per curiam). The Court reached this conclusion because it refused "to interpret the PLRA 'so narrowly as to ... permit [prison officals] to exploit the exhaustion requirement through indefinite delay in responding to grievances.'"

(1) We have a misrepresentation by the opposing party; (2) We have a reasonable reliance on that misrepresentation; and (3) detriment, La Bonte V. United State 233 F. 3d 1049, 1053 (7th Cir 2000) ... As well we have proven many times over "Affirmative Misconduct" Gibson V West, 201 F. 3d 990, 994 (7th Cir 2000)

18 of 32

92

Grievance Exhausted When Prison Officials Fail
To Respond

See Foulk V Charrier, 262 F. 3d 687, 698
(8ᵗʰ Cir 2001) ; Miller V. Norris, 247 F 3d
736, 740 (8ᵗʰ Cir 2001) ; Powe V Ennis, 177
F. 3d 393, 394 (5ᵗʰ Cir 1999) ; Underwood
V Wilson, 151 F. 3d 292, 295 (5ᵗʰ Cir 1998) ;
Gibson V. West, 201 F. 3d 990, 994 (7ᵗʰ Cir 2000)

81

94

## Exercising Right to File Grievances

See Simpson V. Nickel, 450 F 3d 303, 305 (7th Cir 2006) ( claim stated because prison officals' retaliated against prisoner for exercising 1st Amendment right to petition redress of Grievances );

Gill V Pidlypchak, 389 F 3d 379, 384 (2d Cir 2004 ) ( 1st Amendment retaliation Claim stated prison officals issued false misbehavior reports for utilizing prison grievance system );

Atkinson V. Taylor, 316 F 3d 257, 270 (3d Cir 2003) ( 1st Amendment claim retaliation stated when prison officials moved inmate, Denied other aspects of Medical and legal Access, Otherwise harassed in retaliation for filing Civil Rights Actions, Watson V Carter, 668 F 3d 1108 (9th Cir 2012) ( Same ); Smith V. Fla Dept of Corr, 713 F 3d 1059 ( 11th Cir 2013 ) ( Same); Toolasprashed V. Bureau of Prisons, 286 F 3d 576, 585 (D.C. Cir (2002) ( Same )

No Qualified Immunity for Prison Officals Who Upheld Grievance Re Inadequate Medical Care, Officals denied any qualified immunity prison medical workers, and found personal involvement by all; see Veser V. Elyea, 113 F. Supp 2d 1211 ( N.D. Ill 2000 )  ~~Pent March 2002~~ Pg N 20 of 35

inc grievance coordinator

83

Denied Access To: Grievance Process

Prisoner was denied Access to Grievance
Paperwork; Thus He could not have been
expected to complete process. See
Lineberry V. Fed. Bureau of Prisons,
D.D.C 2013, 923 F. Supp. 2d 284

U.S. Dept. of Justice Investigation conducted
by the agency's Civil Rights Division

Under The Auspices of The Civil Rights
of Institutionalized Persons Act (CRIPA),
42 U.S.C § 1997. Federal Investigators
are charged with determining if conditions
at ADOC evidenced a " pattern or
practice of conduct that violates the
constitutional rights of inmates at
this Facility.

Utilizing expert consultants in the
areas of corrections, use of force,
custodial medical and mental health care
as well as sanitation. As well as Legal
Access to The Courts.

# Fifth Circuit Holds Prison Officials Need Not be Named in Grievances

On Nov 15, 2013, in an unpublished decision, the Fifth Circuit Court of Appeals reversed the summary dismissal of a Texas prisoner's civil rights action, holding that he did not have to name the defendants in his Grievances so long as facts at issue were sufficiently presented to alert prison officials to the Problem and give them opportunity to correct it. See Patterson V. Stanley, 547 Fed. Appx, 510 (5th Cir. 2013).

q

## Properly Filed Grievances

Once I have properly filed a grievance with prison officials the responsibility then shifts to The Warden and other officials to adequately respond. A Warden is thus responsible for "Systematic lapses" in the screening of inmate complaints. See Flournoy V. Ghosh, 881 F. Supp. 2d 980, 991 (N.D. Ill. 2012) (citing Steidl V. Gramley, 151 F. 3d 739, 741 - 42 (7th Cir 1998)).

Additionally, while a prison warden is often permitted by statute to delegate certain of these administrative responsibilities, see e.g. 20 Ill. Adm. Code § 504, 505 (b) He or She may not avoid liability in this way. See Flournoy V. Ghosh, 881 F. Supp 2d 980, 992 (N.D. Ill. 2012) (defendant's motion to dismiss denied; [T]he court does not believe that [a prison warden] can use fact that he delegated much of The review of medical grievances to administrative assistants to insulate himself or Her from liability for problems of which the Grievance would have put him on Notice!").

79

Grievance Exhausted Upon Fair Notice of Claim

Burton V. Jones, 321 F. 3d 569 (6th Cir 2003).

Administratively exhausted a claim against a
particular defendant, a prisoner must have
alleged mistreatment or misconduct on part of
the defendant at Step 1 of the grievance
process.

14

## Grievance Administrative
### Remedies Exhausted

see Administrative remedies exhusted despite
ongoing staff administrative investigation of
prisoners grievance when suit was filed
Washington V. Ortiz, 472 F 3d 804, 807
(10th Cir 2007) (Administrative remedies exhusted
becuse Prison Officals failed to respond to
grievance in timely manner).

21 of 32

14

Prisoner Not Required to Take
Unspecified Steps to Exhaust
Administrative Remedies

This Action is about a Grievance but
as well can pertain To Disciplinary

See Troche V Crabtree, 814 F 3d
795 (6th Cir 2016)

PLN Feb 2017 p 53

27 of 52

(2)

Grievance exhaustion
requirements inapplicable

Kaemmerling V. Lappin, 553 F. 3d 669
676 (D.C. Cir. 2008 (PLRA exhaustion
requirement inapplicable where prison
officials lack authority to provide any relif
for inmates claim )

28 of 32

Grievances and Procedures, exhaustion of administrative remedies

A prison exhausts such administrative remedies as are available under The PLRA, despite failing to comply with procedural rule, if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process. See Reyes V. Smith C.A. 9 (Cal.) 2016, 810 F.3d 654

127   Retaliation                    Exhibit " 2 1

Sixth Circuit Orders Judgement Against Three
Defendants in Prisoner's Retaliation Case.
Damages awarded pursuant to 42 U.S.C.
§ 1997 (e)(d) See King V. Zamiara, U.S.D.C.
(W.D Mich.), Case No. 4:02-cv 00141;
2013 WL 2102655   PLN July 2013 Pg 20

Retaliation Claim, Seventh Circuit Reverses
Dismissal of Illinois Prisoners' Lawsuit Related
to Shooting "Classic" see Gomez V. Randle
680 F. 3d 859 (7th Cir 2012) PLN July 2013 pgs 54-55

Tuckel V Grover, 660 F. 3d 1249, 1254 (10th
Cir 2011) ("only threats that are sufficiently serious
and retaliatory acts that are severe enough to
deter a reasonable inmate will result in an
administrative remedy becoming unavailable for
PLRA purposes.")

9th Circuit Prisoner Need Not Succumb to
Threats in Order to Prevail on First Amendment
Retaliation Claim, The Ninth Circuit has ruled
that a prisoner threatened with retaliation for
Filing grievances may prevail on a claim of First
Amendment retaliation even when the threat is
non-specific and not carried out, and even
62   if Prisoner does not succumb to the threat

R-1                              30 of 31

128.

, So long as the threat would chill the protected activity of a prisoner of ordinary Firmness see Brodheim V. Cry, 584 F 3d 1262 (9th Cir 2009) on remand, Brodheim V. Cry, 2010 WL 3943558 (E. D. Cal 2010)

63

R-2

31 of 32

126   Retaliation   Exhibit # C

Judges are Power Freaks Not All but Most Justice
is not what they are issuing, With most it is
some form of Payback. It should be mandatory
for all Judges to see Mental Health Experts long
Prior to entering a court room.

The First Amendment Prohibits Officals from
Retaliating Against Prisoners, Who Report
Complaints, File Grievances Or File Lawsuits
see Thaddeus-X V. Blatter, 175 F 3d 378,
394, 398 6 th Cir (1999); Allah V. Seiverling,
229 F.(3d Cir 2000); Babcock V. White, 102 F.
3d 267, 275, (7th Cir 1996); Williams V. Dept.
of Corr., 208 F 3d 681, (8th Cir 2000);
Penrod V. Zavaras, 94 F 3d 1399 (10th Cir 1996)
Officals May Not Harass OR Retaliate
Against Prisoners for Exercising His Rights of
Access To The Courts") To Point see Crawford
-El V Britton, 523 U.S. 574, 588 N. 10
118 S. Ct. 1584 (1998) (Stating that [T]he
Reason Why... Retaliation Offends The
Constitution is That it Threatens to inhibit
Exercise of A "PROTECTED RIGHT"
The Judge is fully aware of The Violations Re:
Law Library Access / Staffing / Etc Under Lewis
V. Casey, 518 U.S. 343, 355, 116 S. Ct. 2174
(1996); Hudson V. Palmer, 468 U.S. 517, 104 S.Ct
(1984) And Issues Covered by Bounds V. Smith 97 S.Ct. 1491

32 of 32

Inmate Dale Massino
ADC # 070877
Arizona State Prison Complex Tucson
Unit Whetstone 1980 Pa. Box 24401
10.209 S. Wilmot #1
Tucson                    AZ 85734-24401

LEGAL MAIL

Clerk of The U.S. Dist. Ct.
401 W. Washington St. SPC-1
Phoenix, Arizona 85003-2118

RECEIVED
JUN 29 2018
CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

WED 27 JUN 2018 AM

neopost
06/27/2018
US POSTAGE