Dale Maassen
P.O. Box 24402-07504
Tucson, AZ. 85734-24402

In The United States District Court
For The District of Arizona

Parson, et. al.,
    Petitioner,
    v.
Ryan, et. al.,
    Respondent(s)

No. CV-12-00601-PHX-DKD

Request for Court Orders To Correct All Issues

First of all one Hell of a Conflict of Interest, Second of All Scam/Type Royal, And Last My Attorney.

Second I'm trying to File a New Tort In Superior Court, All Access has been denied and forced to file as enclosed I want to File in State Court Not Federal. Please explain to Az A.G. I'm not to be forced to go to Fed Ct. And Follow Gluth V. Kangas.

Third Staff are Failing to give and place Grievance Paperwork and Pre-Grievance as well?

See enclosed exhibits 1-16

Submitted This 29 Day of Jun 2018 by Dale Maassen

Dale Maassen

cc Only a Fool would try for copies
Requested for all and Self

# ARIZONA DEPARTMENT OF CORRECTIONS
## Request/Authorization for Qualified Legal Copying

Please PRINT information in all areas clearly. Use a PEN and PRESS FIRMLY.

**Inmate Name** (Last, First M.I.): Monson, Dale

**ADC Number:** 077311

**Institution/Unit:** ASP-T Whlu

**Date:** 6-25-18

List each document separately. Forms packages count as one item. Unrelated exhibits count separately.
ATTACH DOCUMENTS

**PARALEGAL REVIEW**

*To be completed by the inmate/paralegal*

| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | ✓ Unmodified |
|---|---|---|---|---|---|---|
| 1 | Parson V Ryan CV-12 | | | | | |
| 2 | 0601 PHX DKD | | | | | |
| 3 | Additional Disclosure Doc. | | | | | |
| 4 | Trial, as well as Medical Care | 15 | 48 | | | |
| 5 | | | | | | |
| 6 | Follow Gluth V. Kirmp. | | | | | |
| 7 | 48 hrs. C. Ciri or | | | | | |
| 8 | Interfering W/Judicial | | | | | |
| 9 | Proceeding Jackpot of Gov. | | | | | |
| 10 | | | | | | |

Paralegal review notes: "Per paralegal / Paralegal submitted your copy request to the Legal Access Monitor for review, she in turn submitted to the A.G. this case is closed. Any questions or issues refer to your attorney. No copies at this time."

**Designated Staff**

Request received and forwarded to Paralegal for action.

| Designated Staff Name (Last, First M.I.) | Designated Staff Signature | Date/Received | Date Forwarded |
|---|---|---|---|
| Mud | Mud | 6/25/18 | 6/25/18 |

**Paralegal**

I have reviewed the request for legal copying. Take the following action:

☐ Copy: Unmodified

☐ Copy: Modified as indicated above

☐ Non-qualified legal copies, non-legal matter.

☐ Paralegal requests meeting with inmate - approval suspended

**Paralegal's Name** (Last, First M.I.): Paralegal Williams via email @ 10:57 am

**Date:** 6/29/18

**Designated Staff**

No. of Copies made _____ @ $ _____ each = TOTAL _____

Designated Staff Name (Last, First M.I.): 

Designated Staff Signature: 

Date:

**Distribution:** White - Library
Green - Legal Access Monitor
Canary - Inmate
Pink - Paralegal
Goldenrod - Inmate

902-2
2/4/11

# ARIZONA DEPARTMENT OF CORRECTIONS
## Request/Authorization for Qualified Legal Copying

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name (Last, First M.I.) | ADC Number |
|---|---|
| Maisano, Dale | 077871 |

| Institution/Unit | Date |
|---|---|
| ASP-T Whetstone 1 A 50 | 06-26-18 |

List each document separately. Forms packages count as one item. Unrelated exhibits count separately.
ATTACH DOCUMENTS

**PARALEGAL REVIEW**

| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | ✓ Unmodified |
|---|---|---|---|---|---|---|
| 1 | Parson v Ryan CV-12 | | | | | |
| 2 | 0601 Judge Duncan | 28 | 48 | "per paralegal, | | |
| 3 | " | | | Paralegal submitted your request | | |
| 4 | See Parson v Ryan | | | to the legal access monitor for | | |
| 5 | 48 hr | | | review, she in turn forward | | |
| 6 | Grieve Cl Order | | | to A.G. This case is closed. | | |
| 7 | | | | | | |
| 8 | in 0601  48 | | | Any issues or questions refer | | |
| 9 | | | | to your attorney. No copies | | |
| 10 | | | | at this time." | | |

### Request received and forwarded to Paralegal for action.

| Designated Staff Name (Last, First M.I.) | Designated Staff Signature | Date/Received | Date Forwarded |
|---|---|---|---|
| Wade | [signature] | 6/26/18 | 6/26/18 |

### Paralegal

I have reviewed the request for legal copying. Take the following action:

☐ Copy: Unmodified
☐ Copy: Modified as indicated above
☐ Non-qualified legal copies, non-legal matter.
☐ Paralegal requests meeting with inmate - approval suspended

| Paralegal's Name (Last, First M.I.) | Paralegal's Signature | Date |
|---|---|---|

### Designated Staff

No. of Copies made _____ @ $ _____ each = TOTAL _____

| Designated Staff Name (Last, First M.I.) | Designated Staff Signature | Date |
|---|---|---|

Distribution:  White - Library
              Green - Legal Access Monitor
              Canary - Inmate
              Pink - Paralegal
              Goldenrod - Inmate

902-2
2/4/11

2

# ARIZONA DEPARTMENT OF CORRECTIONS
## Request/Authorization for Qualified Legal Copying

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

**Inmate Name** (Last, First M.I.): Maisano, Dah

**ADC Number:** 077011

**Institution/Unit:** ASP-T Whetston Unit

**Date:**

List each document separately. Forms packages count as one item. Unrelated exhibits count separately.
ATTACH DOCUMENTS

### PARALEGAL REVIEW

To be completed by the inmate/paralegal

| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | ✓ Unmodified |
|---|---|---|---|---|---|---|
| 1 | Parsons v Ryan civil | | | | | |
| 2 | won additional order | | | | | |
| 3 | Request for Service | 6 | 45 | | | |
| 4 | | | | per paralegal Ulibarri | | |
| 5 | Conflict of Interest to | | "Paralegal submitted your copy | | | |
| 6 | and it sent to Ulibarri | | request to the legal access | | | |
| 7 | | | monitor for review. She in turn | | | |
| 8 | | | forward to the AG. This case is | | | |
| 9 | | | closed. Any questions or issues | | | |
| 10 | | ✓ | refer to your attorney. No copies." | | | |

### Designated Staff

Request received and forwarded to Paralegal for action.

**Designated Staff Name** (Last, First M.I.):

**Designated Staff Signature:**

**Date/Received:** 6/26/18

**Date Forwarded:** 6/26/18

### Paralegal

I have reviewed the request for legal copying. Take the following action:

☐ Copy: Unmodified

☐ Copy: Modified as indicated above

☐ Non-qualified legal copies, non-legal matter.

☐ Paralegal requests meeting with inmate - approval suspended

**Paralegal's Name** (Last, First M.I.): Paralegal Ulibarri via

**Paralegal's Signature:** email @ 10:57am

**Date:** 6/28/18

### Designated Staff

No. of Copies made _____ @ $ _____ each = TOTAL _____

**Designated Staff Name** (Last, First M.I.):

**Designated Staff Signature:**

**Date:**

**Distribution:**
White - Library
Green - Legal Access Monitor
Canary - Inmate
Pink - Paralegal
Goldenrod - Inmate

902-2
2/4/11



# ARIZONA DEPARTMENT OF CORRECTIONS
## Request/Authorization for Qualified Legal Copying

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name (Last, First M.I.) | ADC Number |
|---|---|
| Maisani Dah | 077511 |

| Institution/Unit | Date |
|---|---|
| ASP-T Whil. 1 ASU | 6-26-18 |

List each document separately. Forms packages count as one item. Unrelated exhibits count separately.
ATTACH DOCUMENTS

**PARALEGAL REVIEW**

| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | ✓ Unmodified |
|---|---|---|---|---|---|---|
| 1 | Parson V. Ryan | 3 | 48 | | | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | Per paralegal Ucibarri, "Paralegal submitted your | | | | | |
| 7 | request to the legal access monitor for review. She | | | | | |
| 8 | in turn forward to the attorney general. Case is | | | | | |
| 9 | closed. Any issues or questions, refer to your attorney. | | | | | |
| 10 | No copies at this time." | | | | | |

*To be completed by the inmate/paralegal*

**Designated Staff**
Request received and forwarded to Paralegal for action.

| Designated Staff Name (Last, First M.I.) | Designated Staff Signature | Date/Received | Date Forwarded |
|---|---|---|---|
| Nude | Nud | 6/26/18 | 6/26/18 |

**Paralegal**
I have reviewed the request for legal copying. Take the following action:

☐ Copy: Unmodified

☐ Copy: Modified as indicated above

☐ Non-qualified legal copies, non-legal matter.

☐ Paralegal requests meeting with inmate - approval suspended

| Paralegal's Name (Last, First M.I.) | Paralegal's Signature | Date |
|---|---|---|
| Paralegal Ucibarri via email @ 10:49 am | | 6/28/18 |

**Designated Staff**

No. of Copies made _____ @ $ _____ each = TOTAL _____

| Designated Staff Name (Last, First M.I.) | Designated Staff Signature | Date |
|---|---|---|
| | | |

**Distribution:** White - Library
Green - Legal Access Monitor
Canary - Inmate
Pink - Paralegal
Goldenrod - Inmate

902-2
2/4/11



# ARIZONA DEPARTMENT OF CORRECTIONS
## Request/Authorization for Qualified Legal Copying

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name (Last, First M.I.) | ADC Number |
|---|---|
| Maisano, Dale | 077871 |
| Institution/Unit | Date |
| ASP-T Whetstone   IA 80 | 6-25-18 |

List each document separately. Forms packages count as one item. Unrelated exhibits count separately.
ATTACH DOCUMENTS

**PARALEGAL REVIEW**

| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | ✓ Unmodified |
|---|---|---|---|---|---|---|
| 1 | Parsons v. Ryan CV 12-00601 | 40 | 48 | | | |
| 2 | Pink. DKD | | | "per paralegal Ulibarri, | | |
| 3 | St. John, David K. Dixon | | | paralegal submitted your | | |
| 4 | Maisano, Dale Validate | | | copy request to the legal | | |
| 5 | Ex parte Hill Gull v | | | access monitor for review. She | | |
| 6 | Ryan etc., you will | | | in turn submitted to the AG. | | |
| 7 | | | | | | |
| 8 | make the Court very unhappy | | | This case is closed. Any issue | | |
| 9 | As if they are not now " | | | or question, refer to your attorney. | | |
| 10 | | | | No copies at this time." | | |

Request received and forwarded to Paralegal for action.

| Designated Staff Name (Last, First M.I.) | Designated Staff Signature | Date/Received | Date Forwarded |
|---|---|---|---|
| VU | M U | 6/26/18 | 6/26/18 |

I have reviewed the request for legal copying. Take the following action:

☐ Copy: Unmodified
☐ Copy: Modified as indicated above
☐ Non-qualified legal copies, non-legal matter.
☐ Paralegal requests meeting with inmate - approval suspended

| Paralegal's Name (Last, First M.I.) | Paralegal's Signature | Date |
|---|---|---|
| Paralegal Ulibarri via email @ 11:02 am | | 6/28/18 |

No. of Copies made _____ @ $ _____ each = TOTAL _____

| Designated Staff Name (Last, First M.I.) | Designated Staff Signature | Date |
|---|---|---|
| | | |

Distribution: White - Library
Green - Legal Access Monitor
Canary - Inmate
Pink - Paralegal
Goldenrod - Inmate

902-2
2/4/11



Application Pursuant to Court Order Seeking Leave to File

Application Leave of The Court

I, Dale Maisano File this affidavit certifying that the claim or claims presented are new and have never been raised and disposed of on The Merits by any Federal Court, I do Certify to The Best of My Knowledge, The Claim or Claims presented are not Frivolous or taken in Bad Faith

By /s/ Dale Maisano
Dale Maisano

See: Timeline of claim

Placed for Copy This 25 Day of June 2018

by /s/ Dale Maisano
Dale Maisano

1 of 10                                                                 6

In The United States District Court
For The District of Arizona

Dale Maisano,
  Plaintiff,
    v.
Director Charles
Ryan, State of
Arizona, Arizona
State of, et, al.
  Defendant(s)

Jury Trial Demanded
42 U.S.C. § 1997(e)
Denial of Access to:
Arizona Superior Court
State of Arizona;
STATE RICO Act
Violation, Etc.

After awaiting an excess of over 30 days to File a Normal State Court Action, On 6-24-18 at 1:50 PM, I'm called to The Law Library, Where Library Staff Runs to Her Office and Locks The Our Library Person Madrid, At a norm a Nut Case, Places Confidential Legal paperwork out in the open and, I'm forced to wait for (4) four prison guards to come. Quite a Dog and pony show.

Bottom line page #5 of "Order and Restraining Order" From Aug 11, 1992 is placed open on top of 1340 pg, leading Me to File this action.

2 of 10  Forced to change My Jurisdiction.  7

## Jurisdiction

The Plaintiff brings This 42 USC §§ 1997(e), 1983, 1985, 1986 etc. to The Proper U.S. District Court, As well The Plaintiff cites 28 U.S.C. § 1331(a)

As Well as Federal The Plaintiff cites State RICO Act Violations which brings into play 28 U.S.C. § 1367

The ADA Brings This Action as well to Fed Ct For Discrimination See ADA 42 U.S.C. §§ 12101, (a)(8), (b)(1)(2) 28 CFR § 35.130 (b)(1)(i)(2007).

Constitutional rights are those rights guaranteed by The U.S. Constitution. Section 1983 may allow you to sue someone who violates your constitutional rights if that person is acting "under color of law", meaning a person who is acting under states authority.

See Monroe v. Pape, 365 U.S. 167, 173-74, 81 S Ct 473, 477 (holding that Section 1983 gives a federal remedy to parties deprived of constitutional rights, privileges, and immunities by an official's abuse of his position)

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to The party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983 (2006).

3 of 10                                                                                            9

```
                    ✓ FILED    ___ LODGED
                    ___ RECEIVED ___ COPY

                         AUG 1 1 1992

                    CLERK U S DISTRICT COURT
                     DISTRICT OF ARIZONA
                    BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DALE FRANK MAISANO,

        Plaintiff,

    v.

DIRECTOR SAM LEWIS, et al.,

        Defendants.

CIV 92-1026-PHX-SMM (MS)

ORDER
AND
RESTRAINING ORDER

    Dale Frank Maisano, confined in the Arizona State Prison Complex at Florence, Arizona, has filed with the Clerk of the Court a pro se Complaint pursuant to 42 U.S.C. § 1983. The Clerk of the Court has granted permission to file the Complaint in forma pauperis pursuant to Local Rule 31(a)(7).

    Plaintiff alleges that his constitutional rights have been infringed because sick call is not conducted daily. Named as defendants in the complaint are: Director Sam Lewis; Warden Roger Crist; Deputy Warden James McFadden; CSO Kane, and; Brenda Garcia. Plaintiff seeks injunctive relief.

    Not every claim by a prisoner that he has not received




1

adequate medical treatment states a violation of the Eighth Amendment. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed 2d 241 (1976). The complaint contains no allegation that the Defendants were deliberately indifferent to Plaintiff's medical needs. Therefore, the complaint shall be dismissed with leave to amend.

Plaintiff has also filed a Motion for Appointment of Counsel (Document #3). That motion shall be denied without prejudice.

This Court notes that as of July 23, 1992, it has received thirty-six separate complaints from the Plaintiff. Of this number, seven complaints were dismissed for failure to state a non-frivolous claim. See CIV 92-0985-PHX-SMM (MS); CIV 92-0846-PHX-SMM (MS); CIV 92-0768-PHX-SMM (MS); CIV 92-0767-PHX-SMM (MS); CIV 92-0766-PHX-SMM (MS); CIV 92-0664-PHX-SMM (MS); CIV 92-0463-PHX-SMM (MS). Seven of Plaintiff's complaints failed to present factual allegations. See CIV 92-0910-PHX-SMM (MS); CIV 92-0046-PHX-SMM (MS); CIV 91-2072-PHX-SMM (MS); CIV 91-2048-PHX-SMM (MS); CIV 90-1784-PHX-SMM (MS); CIV 90-1766-PHX-SMM (MS); CIV 90-1740-PHX-SMM (MS). Nine of the Plaintiff's complaints either failed to name the proper defendants or failed to present claims against the named defendants. See CIV 92-0984-PHX-SMM (MS); CIV 92-0953-PHX-SMM (MS); CIV 92-0351-PHX-SMM (MS); CIV 92-0339-PHX-SMM (MS); CIV 90-1874-PHX-SMM (MS); CIV 90-1788-PHX-SMM (MS); CIV 90-1786-PHX-SMM (MS); CIV 90-1740-PHX-SMM (MS); CIV 90-1732-PHX-SMM (MS).

Plaintiff also has approximately twelve appeals pending before the Ninth Circuit Court of Appeals.

The Plaintiff's often unintelligible and ambiguous complaints have covered the spectrum from denial of religious freedom (plaintiff claimed to have been denied a kosher diet and Christmas gifts) to claims of inappropriate conduct by the prison staff in issuing bedsheets, orange juice and cleaning supplies. See CIV 92-0985-PHX-SMM (MS); CIV 92-0845-PHX-SMM (MM); CIV 92-0766-PHX-SMM (MS); CIV 92-0463-PHX-SMM (MS); CIV 92-0039-PHX-SMM (MS). Moreover, the Plaintiff's complaints are not limited to the issues surrounding his incarceration at the state prison in Florence, Arizona. The Plaintiff also would like to have a judge removed from his job and a larger law library at the Yuma County Jail. See CIV 90-1784-PHX-SMM (MS); CIV 90-1408-PHX-SMM (MS).

Attempts to address the issues presented by the Plaintiff's complaints have been met with further attempts to harass the judicial system. Most notably, the Plaintiff's refusal to amend deficient complaints in order to present legally cognizable claims. This Court granted Plaintiff leave to amend faulty complaints on ten separate occasions. Seven of the orders granting leave to amend were immediately appealed to the Ninth Circuit Court of Appeals. The other three complaints were never amended by the Plaintiff and a final judgement was entered. See CIV 92-0984-PHX-SMM (MS); CIV 92-0910-PHX-SMM (MS); CIV 92-0351-PHX-SMM (MS); CIV 92-0046-PHX-SMM (MS); CIV 91-2072-PHX-SMM (MS); CIV 91-2048-PHX-SMM (MS); CIV 90-1874-PHX-SMM (MS); CIV 90-1788-

PHX-SMM (MS); CIV 90-1784-PHX-SMM (MS); CIV 90-1732-PHX-SMM (MS).

In Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986), the Eleventh Circuit Court of Appeals pointed out that, "[e]very lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge." The Court further noted that prisoner litigants possess several distinct advantages over ordinary litigants such as free materials, time to draft prolonged pleading and the ability to proceed in forma pauperis. These findings led the Eleventh Circuit to conclude that, "there is virtually no cost to a prisoner's filing repeated, frivolous lawsuits. Id at 1071. In addressing the same issue, the Ninth Circuit Court of Appeals stated, "in forma pauperis plaintiffs are immune from the economic deterrents to filing frivolous lawsuits, such as assignment of costs of suit and tort liability for abuse of process." Franklin v. Murphy, 745 F.2d 1221 (2d Cir. 1984).

The United States Supreme Court, in discussing limits that can be placed on prisoners to curb the abuses mentioned above, stated that orders limiting prisoners' access to the courts must preserve their right to adequate, effective, and meaningful access while protecting the court from abuse. Bounds v. Smith, 430 U.S. 817, 97 S.Ct 1491 (1977).

It has become obvious from the nature of the Plaintiff's complaints and his lack of good faith that he simply desires to burden the judicial system with complaints, without regard for

their merit or final disposition. For this reason, it is important that this Court take action within the constraints of <u>Bounds</u> to limit the filing of future complaints by the Plaintiff to new claims that are not frivolous or taken in bad faith. As stated in <u>In re Martin-Trigona</u>, 737 F.2d 1254, 1262 (2d Cir. 1984), the Court "has an obligation to protect and preserve the sound and orderly administration of justice" and must fulfill that obligation by dealing appropriately with litigants that seek to flood the courts with frivolous and vexatious litigation. <u>Id</u>.

Accordingly, Plaintiff shall be enjoined from filing any civil action in this or any other federal court of the United States without first obtaining leave of that court. In seeking leave to file, Plaintiff must file an affidavit certifying that the claim or claims he wishes to present are new and have never been raised and disposed of on the merits by any federal court. Plaintiff also must certify that to the best of his knowledge the claim or claims are not frivolous or taken in bad faith. All motions for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File." Plaintiff must also affix a copy of this Order to all motions for leave to file. Additionally, the Plaintiff must attach to future complaints a list of all cases previously filed involving similar or related causes of action. Failure to comply strictly with the terms of this injunction will be sufficient ground to deny leave to file. See <u>Urban v. United Nations</u>, 768 F.2d 1497 (D.C. Cir. 1985); <u>Franklin v. Murphy</u>, 745 F.2d 1221 (9th Cir. 1984). <u>See also</u>

<u>Procup v. Strictland</u>, 792 F.2d 1069 (11th Cir. 1986) (Surveying variety of injunctive devices approved and employed by federal court to curtail frivolous and vexations litigation). Furthermore, upon a failure to certify, or upon a false certification, that any claims presented have not been raised and disposed of before, Plaintiff may be found in contempt of court or the Court may enter other available sanctions. See <u>In re Green</u>, 669 F.2d 779, 787 (D.C. Cir. 1981).

IT IS THEREFORE ORDERED that the Complaint is dismissed with leave to amend. Plaintiff shall have thirty (30) days to amend his Complaint in order to state specific allegations against proper defendant(s), to name as defendant(s) the individual(s) who participated in the activities alleged in his Complaint, to state the date(s) of the alleged activities, and to state what injury, if any, he has suffered as a result of the activities of the defendant(s). The amended complaint must be retyped or rewritten in its entirety on a Court-approved form and may not incorporate any part of the original complaint by reference. Any amended complaint submitted by the plaintiff should be clearly designated as such on the face of the document. The plaintiff should take notice that if he fails to timely file an amended complaint, the Clerk of the Court will enter a dismissal of the action without further notice to the plaintiff;

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (Document #3) be denied without prejudice;

IT IS FURTHER ORDERED that the Clerk of the Court is

directed to provide to Plaintiff a current Court-approved form for filing a complaint pursuant to 42 U.S.C. § 1983;

IT IS FURTHER ORDERED

1) That Plaintiff is enjoined from filing any civil action in this or any other federal court without first obtaining leave of the court;

2) That in seeking leave to file, Plaintiff must file and affidavit certifying that the claim or claims presented are new and have never been raised and disposed of on the merits by any federal court;

3) That Plaintiff must certify that to the best of his knowledge the claim or claims presented are not frivolous or taken in bad faith;

4) That any motion for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File;"

5) That Plaintiff must affix a copy of this Order to any motion for leave to file;

6) That the failure to comply strictly with the terms of this order shall be sufficient grounds to deny leave to file;

7) That the failure to certify, or upon false certification, that later presented claims have not been raised and disposed of before may subject Plaintiff to sanctions for contempt of court or other available sanctions.

DATED this 7th day of August, 1992.

STEPHEN M. MCNAMEE
United States District Judge

# ARIZONA DEPARTMENT OF CORRECTIONS
## Request/Authorization for Qualified Legal Copying

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

**Inmate Name** (Last, First M.I.): Maisano, Dah
**ADC Number:** 077877
**Institution/Unit:** ASP-T Whetstone  1 A 80
**Date:** Rcd 6-11-18  cd 6-13-18

List each document separately. Forms packages count as one item. Unrelated exhibits count separately.
ATTACH DOCUMENTS

### PARALEGAL REVIEW

| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | ✓ Unmodified |
|---|---|---|---|---|---|---|
| 1 | Maisano v. Macrad et al. | | | Follow the | | |
| 2 | Wadlow & Ulibarri, New Trl | | | rules of civil | | |
| 3 | Actn Crimnpal Conduct et. | | | procedure Rule 8 | | |
| 4 | 2nd Chapter Unkow To Noah | | | short and | | |
| 5 | As Required by Law. Sue | | | plain statement | | |
| 6 | Binns V. Smith and Exparti | | | of the grounds | | |
| 8 | Hull "You are not to read | | | Ulibarri | | |
| 9 | or filter it is the law. | | | 6/22/18 | | |
| 10 | We have a conflict of interest | 1340 | 20 | | | |
|    | tld to Wadlow 6-13-18 | | | | | |

Request received and forwarded to Paralegal for action.

**Designated Staff Name** (Last, First M.I.): WADLW
**Designated Staff Signature:** [signature]
**Date/Received:** 6-13-18
**Date Forwarded:** N/A

---

I have reviewed the request for legal copying. Take the following action:

☐ Copy: Unmodified
☐ Copy: Modified as indicated above
☐ Non-qualified legal copies, non-legal matter.
☐ Paralegal requests meeting with inmate - approval suspended

**Paralegal's Name** (Last, First M.I.):
**Paralegal's Signature:**
**Date:**

---

No. of Copies made _____ @ $ _____ each = TOTAL _____

**Designated Staff Name** (Last, First M.I.):
**Designated Staff Signature:**
**Date:**

Distribution:  White - Library
Green - Legal Access Monitor
Canary - Inmate
Pink - Paralegal
Goldenrod - Inmate

902-2
2/4/11

1340

On site 6/8/13, copies never submitted, submitted 6/11/13 In after parchment

16

# ARIZONA DEPARTMENT OF CORRECTIONS
## Request/Authorization for Qualified Legal Copying

Please PRINT information in all areas clearly. Use a PEN and PRESS FIRMLY.

Inmate Name (Last, First M.I.): Maksn [illegible]
ADC Number: 277317
Institution/Unit: ASP-T Whst
Date: 6-11-1 / 6-13-1

List each document separately. Forms packages count as one item. Unrelated exhibits count separately.
ATTACH DOCUMENTS

**PARALEGAL REVIEW**

To be completed by the inmate/paralegal:

| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | ✓ Unmodified |
|---|---|---|---|---|---|---|
| 1 | Mars v. [illegible] | | | | | |
| 2 | [illegible] | | | | | |
| 3 | [illegible] | | | | | |
| 4 | [illegible] | | | | | |
| 5 | [illegible] | | | | | |
| 6 | [illegible] v. Smith and [illegible] | | | | | |
| 8 | [illegible] | | | | | |
| 9 | [illegible] | | | | | |
| 10 | We have [illegible] | 1340 | 20 | | | |

Request received and forwarded to Paralegal for action.

**Designated Staff**
- Designated Staff Name (Last, First M.I.): WADU
- Designated Staff Signature: [signature]
- Date/Received: 6-13-18
- Date Forwarded: N/A

**Paralegal**
I have reviewed the request for legal copying. Take the following action:
- [ ] Copy: Unmodified
- [ ] Copy: Modified as indicated above
- [ ] Non-qualified legal copies, non-legal matter.
- [ ] Paralegal requests meeting with inmate - approval suspended

- Paralegal's Name (Last, First M.I.):
- Paralegal's Signature:
- Date:

**Designated Staff**
- No. of Copies made _____ @ $ _____ each = TOTAL _____
- Designated Staff Name (Last, First M.I.):
- Designated Staff Signature:
- Date:

Distribution: White - Library
Green - Legal Access Monitor
Canary - Inmate
Pink - Paralegal
Goldenrod - Inmate

1340

902-2
2/4/11