Miles Kaufman 576279
PO 24402
Tuc Az 85734-4402

In The United States District Court
for The District of Arizona

Parsons et al.
Petitioner

Ryon et, al
Respondant

☑ FILED ____ LODGED
____ RECEIVED ____ COPY

JUL 0 2 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

12-00601 Pho-PHP
Judge David K Duncan

Disclouser As well as
Notice of Action

Judge I'm flabergasted at The enclosed.
It is a sharn as well as a Federal Rico
and state Rico Violation!

If is quite clear Corizon has paid
big time for The same issue!

Corizon is a scam, a royal scam!

Submitted This 28th day of June 2018

by Miles Kaufman
Miles Kaufman

cc I'm entitled to free
copies under Gluth V Kargar
951 F. 2d 1504 (9th Cir. 1991)
Order to ADOC Judge do as needed
and send me a service copy.

REFERENCE CIVIL R5.4
(Rule Number/Section)

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.



5

ARIZONA DEPARTMENT OF CORRECTIONS

**Inmate Grievance – GF Supplement**

| INMATE'S NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/FACILITY | CASE NUMBER |
|---|---|---|---|
| Kaufman Miles | 57679 | Wher-Tuc | C37-18-087 |

Deliberate Indifference
Hernia

Gonzales V. Feinerman, 663 F.3d 311
(7th Cir. 2011) plaintiff complained over a period
of years about a painful an worsening
hernia, but the defendent, refused to authorize
surgury. The district court dismissed plaintiffs
civil rights action that defendents did not
provide adequate care, court of appeals
reversed an remanded holding the Gonzales
can prevail if defendents response to his
complaints has been blatently inappropriate
in the face of his pain an the risk of the
worsening hernia poses his present an future
health, and that delay in treating a condition
that is painful even if not life threatening
may well constitute "deliberate Indifference"
I note the DON is not a qualified person
to make any and especially not this medical
decision.

RECEIVED
6/11/18
by COIV J. Richter #1014

| SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| [signature] | 6-8-18 |

INITIAL DISTRIBUTION: GF Supplement – White and Canary or Copies - Grievance Coordinator
Pink, or Copy - Inmate

FINAL DISTRIBUTION: White or Copy – Inmate
Canary or Copy – Grievance File

802-7
12/12/13



# ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance – GF Supplement

| INMATE'S NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/FACILITY | CASE NUMBER |
|---|---|---|---|
| Kaufman Miler | 52679 | Whet–Tucson | C37-18-087 |

What I'm going to use against Corizan is the many pages of the awards you've given to inmates across the country. Look at Gilmore + Johnson in Maricopa County. This will be the same.

See Smith v Knox 666 Fed 3d 1037 (7th Cir 2012)
Milton v Turner 445 fed App 159 (11 Cir 2011)
Wilhelm v Rutman 680 fed 3d 113 (9th Cir 2012)
Hernia and failure to correct

Kucharczyle v Westchester County 95 F Supp 3d (SDNY) 2015

Can inmates claim for deprivation of medical care will be recognized where it is determined that an inmate needed hernia surgery – the surgery was delayed and the inmate was given a hernia belt.

Colonoscopy / Abdominal Hernia
Williams v. Correctional Medical Services, 629 F Supp 2d 360 (D. Del. 2009) (two-year delay in providing an inmate with a colonoscopy and abdominal hernia surgery as recommended by a physician, could be deliberate indifference, when the delay has been shown to cause the inmate physical pain and suffering, as well as mental, emotional an psychological fear for losing his life. Though the inmate was treated, the colonoscopy was done only after the lawsuit was filed. However, the inmates claim against one of the prison physicians was dismissed, because he failed to provide evidence that the physician deliberately transferred his file to a different institution in order to delay the inmates medical treatment.

| SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| M. Kaufman | 6-8-18 |

INITIAL DISTRIBUTION: GF Supplement – White and Canary or Copies - Grievance Coordinator
Pink, or Copy - Inmate

FINAL DISTRIBUTION: White or Copy – Inmate
Canary or Copy – Grievance File

802-7
12/12/13


RECEIVED
6/11/18
by COIV J. Richter #1014



ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance

| For Distribution: Copy of Corresponding Inmate Grievance Resolution must be attached to this response. |
| --- |

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER |
| --- | --- |
| Kaufman, Miles | 57679 |

| INSTITUTION/ UNIT | CASE NUMBER |
| --- | --- |
| ASPC-Tucson / Whetstone C37-18-087 | |

CORIZON

INMATE GRIEVANCE RESPONSE


Your inmate grievance dated 6/11/18 was received in the Tucson office of Corizon Inmate Health Services on 6/11/18.


Your primary area of concern is surgery for your hernia.


Your concern has been reviewed by medical and it was determined that you saw the provider on 6/19/18. He explained that you have an abdominal hernia that reduces when you relax. He ordered and abdominal binder and advised no heavy lifting or sit ups for now.


This grievance has been addressed. "In accordance with current policy, this response is final, and constitutes exhaustion of all remedies within the Department."


BS/ds(20751)



Please note, per Revised Department Order 802.05, 1.2, pg. 5 - "Specifying the decision of the Contract Facility Health Administrator is final and constitutes exhaustion of all remedies within the Department."

| STAFF SIGNATURE Benjamin Schmid, PhH | DATE *(mm/dd/yyyy)* 6/22/2018 |
| --- | --- |

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

RECEIVED BY
SGT Wends

TITLE
SGT

BADGE NUMBER
8786

DATE (mm/dd/yyyy)
8-11-18

*Note:* You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Kaufman Miles | 57679 | 6-8-18 |

| INSTITUTION/FACILITY | CASE NUMBER |
|---|---|
| Whetstone Tucson | C37-18-087 |

TO: GRIEVANCE COORDINATOR  Corizon

**Description of Grievance** (To be completed by the Inmate)

First of all your respone has done nothing for my 6 inch size sub sandwich hernia! Secondly, regardless of the funding Corizan has to correct this issue.
Casey V Lewis 834 F supp·1477-1545 (D. Ariz. 1993)
What you are going to end up giving me is the came that you gave the inmate in the county jail in Florida, regarding his hernia.
See Next page

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

1) correct medical now
2) pay me for pain an suffering
3) replace corizon w/ correct med. care for me

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Miles Kaufman | 6-1-18 | | 6-11-18 |

Action taken by _____  Documentation of Resolution or Attempts at Resolution.

**RECEIVED**
6-11-18
by COIV J. Richter #1014

| STAFF MEMBER'S SIGNATURE | BADGE NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| | | |

DISTRIBUTION  INITIAL: White and Canary or Copies – Grievance Coordinator: Pink or Copy – Inmate
FINAL: White – Inmate  Canary – Grievance File

802-1
12/12/13



285 words
6-11-18

**Inmate Grievance – GF Supplement**

| INMATE'S NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/FACILITY | CASE NUMBER |
|---|---|---|---|
| Kaufman Miller | 57679 | Whet Tuc | C37-18-087 |

Making Medical Decisions Based on Non-Medical Factors.

If My prison Health staff is making Medical decisions about me based on non-medical factors, I may also be able to establish an 8th amendment claim of deliberate indifference to my serious medical needs. See Hartsfield V Colburn 371 F 3d 454 457 (8th Cir 2004) (Withholding a referral for a prisoners behavioral problems could be deliberate indifference) Ancata V Prison Health (services Inc) 769 F 2d 700, 704 (11th Cir 1985) (finding prison's refusal to provide speciality consultations without a court order was deliberate indifference)

Note – Prisons should not decide what medical treatment you get based on factors like prison's lack of medical staff

See Casey v Lewis 834 F. Supp. 1477, 1547-48 (D. Ariz 1993) (finding That withholding treatment for lack of staff = Deliberate Ind diff When it results in harm

RECEIVED 6-11-18

| SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| M Kaufman | 6-8-18 |

INITIAL DISTRIBUTION: GF Supplement – White and Canary or Copies - Grievance Coordinator. Pink or Copy - Inmate
FINAL DISTRIBUTION: White or Copy – Inmate. Canary or Copy – Grievance File
802-7 12/12/13



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance – GF Supplement**

| INMATE'S NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/FACILITY | CASE NUMBER |
|---|---|---|---|
| Kaufman Miles | 57679 | WHeT-Tus | C37-18-087 |

requesting medical aid, receiving none, and then the
suffering and serious injury"
   See Hudson V McHugh 148 F 3d 859 864 (7th Cir 1998
See also Erickson V Pardus 551 US 89, 92-95, 127 S ct 2197,
2199-2200 (2007) (holding that refusal to continue
prescribed treatment, etc could be deliberate indifference

   Failing to investigate enough to make an informed judgement
The court should find that prison officials never
made an informed decision about my medical care, I'm
easily able to establish an eighth amendment claim.
of deliberate indifference to any medical needs on this
basis see Tillery V Owens 719 F Supp 1256, 1308 (WDP 1989)
aff'd 907 F 2d 418 (3d Cir 1990)( holding that if an
informed judgement has not been made the court may
find an 8th amendment claim) The 8th Amendment protects
me from cruel an unusal punishment US Court amend vill
(No or shall cruel and unusal punishment be inflected)
   Prison officials may not have made an informed decision
about my medical care if in response to my complaints of
this medical problem, they did not properly treat me.
see Gonzales V Feinerman 663 F 3d 311 314 (7th Cir 2011)
(holding that failure to properly treat plaintiffs
hernia can constitute deliberate indifference if refusing
surgery substantially departs from professional judgement
Arnett V Webster 658 F 3d. 742-754 (7th Cir 2011)
(holding That a doctor choosing and easier an less effective
treatment can reflect deliberate indifference, even where
a doctor didn't prescribe the proper medication because it
wasn't available Mc Elligott V. Foley 182 F 3d 1248,1252,1256

| SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| M Kaufman | 6/10/18 |

INITIAL DISTRIBUTION    GF Supplement – White and Canary or Copies - Grievance Coordinator
                        Pink, or Copy - Inmate

FINAL DISTRIBUTION.     White or Copy – Inmate
                        Canary or Copy – Grievance File

802-7
12/12/13



RECEIVED 6/11/18 by COIV J. Richter #1014



**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Grievance -- GF Supplement

| INMATE'S NAME (Last, First M.I) (Please print) | ADC NUMBER | INSTITUTION/FACILITY | CASE NUMBER |
|---|---|---|---|
| Kaufman Miles | 57679 | Whet-Tuc | C37-18-087 |

(11th Cir 1994) (finding that failure to inquire about and treat plaintiffs severe pain and repeatedly delays in doctor seeing the plaintiff patient could constitute deliberate indifference)

Did not investigate the cause of my medical condition, see Lisco v Warren, 901 F.2d 274 276-277 (2d Cir 1990) (finding failure to investigate could constitute deliberate indifference) Did not order diagnostic tests, See Perez v andersen 350 F. appx 959-961 (5th Cir 2009) (finding that deliberate indifference could exist where prisoner didn't receive pain relief or x rays for several months after severe beating from fellow inmate despite repeated requests) Miltier v Beorn 896 F 2d 848, 853 (4th Cir 1990)

-- delayed treatment --

In this case it is as well easy to establish an 8th amendment claim of deliberate indifference to my serious medical need Just by proving that prison officals delayed my treatment and I've had to suffer serious consequences. Whether or not to delay treatment is sometimes an issue of professional opionion. Delays are very serious and can prove deliberate indifference I have suffered from a serious condition that prison officalsare fully aware of, But I've had to wait due to lack of proper staffing a very long time before getting medical treatment. I'm as well able to bring a claim of denial or delay in access to medical personal, see Tyler v Smith 458 F appx 597, 598 (9th Cir 2011) finding deliberate indifference where officals knew, but delayed care. also estate

| SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| M Kaufman | 6-10-18 |

INITIAL DISTRIBUTION: GF Supplement -- White and Canary or Copies - Grievance Coordinator
Pink, or Copy - Inmate

FINAL DISTRIBUTION: White or Copy - Inmate
Canary or Copy -- Grievance File

802-7
12/12/13



RECEIVED
6/12/18
by COIV J. Richter #1014



**Inmate Grievance – GF Supplement**

| INMATE'S NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/FACILITY | CASE NUMBER |
|---|---|---|---|
| Kaufman Miles | 52679 | Whet-Tuc | C27-18-089 |

of Carter V City of Detroit, 408 F.3d 305 310, 312-13 (6th Cir 2005) finding that an offical who knew prisoner was exhibiting "the classic symptoms of hernia, could be found deliberately indifferent because of immediate threat of the symptoms); Johnson V Karnes, 398 F 3d 868 875-76 (6th Cir 2005) Or in providing treatment see Wilhelm V Rotman 680 F 3d 1113 1123 (9th Cir 2012) (holding that a delay of more than one year for treatment of a diagnosed hernia due to the Doctors refusal to award a regimer for surgery could amount to deliberate indifference); Cordero V ahsan 452 F apex 150, 153 (3rd Cir 2011) holding that deliberate indifference could exist where a doctor refuses to refer a prisoner who felt a pop in his shoulder to a specialist or to get an MRI)

Now hear this: McKenna V Wright 386 F 3d 432 437 (2d Cir 2004) (holding an extended delay in starting hep C treatment constituted a valid claim.

Refusing to carry out or simply ignoring medical orders. See Greeno V Daley 414 F 3d 645 655 (7th Cir 2005) (finding refusal to refer prisoner to a special etc: Hartfield V Colburn 371 F. 3d 454 457-58 (8th cir 20 LeMarbe V Wiseski 266 F 3d 429 440 (6th Cir 2001) and Mandel V Doe 888 F 2d 753 (11th cir 1989) (affirming an award for P.A who failed to diagnose and prevented the prisoner from seeing doctor. As well see Estelle V Gamble 429 US 97 104-05, 97 S Ct 285 (1976) (holding that "intentionally interfering with treatment once prescribed can constitute an 8th amendment claim

| SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Miles Kagen | 6-10-18 |

INITIAL DISTRIBUTION    GF Supplement – White and Canary or Copies - Grievance Coordinator
Pink, or Copy - Inmate

FINAL DISTRIBUTION:    White or Copy - Inmate
Canary or Copy – Grievance File

802-7
12/12/13



# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance – GF Supplement

| INMATE'S NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/FACILITY | CASE NUMBER |
|---|---|---|---|
| Kaufman Miles | 57679 | Whet. Tuc. | C77-18-087 |

The court held that a two year delay in providing an inmate with a colonoscopy and abdominal hernia surgery, as recommended by a doctor, constituted deliberate indifference, when shown to have caused the inmate physical pain an suffering as well as mental, emotional, an psychological fear of losing his life. See Williams v Correctionell Medical Services 629 F Supp 360 D Del 2009.

Florida Prisoners denied Hernia Surgery
Florida Dept of Corrections ('FDOC') and Corizon, the depts former private medical provider denied hernia operations to prisoners to save money. Well they reached a 2.1 million dollar settlement, For those who file see Copeland v Sones USDC (N.D. Fla) Case N 4:15-cv 00452-RH
Cas This was for a normal hernia
see PLN pg 28 Nov 2017
Corizon said hernia surgery is "elective"
The court said it was medical judgement - Pay The Man

Corizon has a history of failure to and a liable for "failure to coordinate" medical case see Glisson v Indiana Dept of Corr 849 F3d 372 (7th Cir 2017) cert denied
See PLN pgs 28-29 Dec 2017 as well as see Gilmore c
Gilmore V Johson CV 2018-003928 maricopa county
Gilmore V Mcap etal CV2018-003863 superior court.

| SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | 6-10-18 |

INITIAL DISTRIBUTION: GF Supplement – White and Canary or Copies - Grievance Coordinator
Pink, or Copy - Inmate

FINAL DISTRIBUTION: White or Copy – Inmate
Canary or Copy – Grievance File

802-7
12/12/13


RECEIVED
6/14/18
by COIV J. Richter #1014

 ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Informal Complaint Response

| For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response. |
| --- |

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER |
| --- | --- |
| Kaufman, Miles | 57679 |

INSTITUTION/ UNIT

ASPC-Tucson / Whetstone MI C37-18-083

| FROM | LOCATION |
| --- | --- |
| Robert Burdine, RN, Director of Nursing | Complex Health Unit |

CORIZON

INMATE INFORMAL COMPLAINT RESPONSE

Your inmate informal complaint dated 5/17/18 was received in the Tucson office of Corizon Inmate Health Services on 5/17/18.

Your primary area of concern is a hernia.

Your concern has been reviewed by medical and it was determined that on 5/10/18 you were seen by the provider and the he communicated to you too you that there's not a lot that can be done with that specific hernia. The doctor also educated you that to avoid certain exercise to prevent the hernia for becoming bigger, and to start walking.

This informal complaint has been addressed. This has resolved your concern.

RB/ds(20605)

| STAFF SIGNATURE          R. Burdine, DON | DATE (mm/dd/yyyy) |
| --- | --- |
| *R. Burd* | 5/29/2018 |

Distribution:   INITIAL: White and Canary or Copies - Grievance Coordinator; Pink or Copy - Inmate
FINAL: White - Inmate; Canary - Grievance Coordinator File

802-12
10/16/16

Complaint ... one page and one Issue. Please print all information.

**Inmate Informal Complaint Resolution**

MI-c37-18-083

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Kaufman Miles | 57679 | Tuc-Whetstone | 5/16/18 |

| TO | LOCATION |
|---|---|
| COIII | Whetstone |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I'm attempting to informally resolve the following issue. I waive no time at this or any step of the grievence process. My single issue is I have a hernia on 5-13 I went to medical an showed nurse VF Cordova The hernia she stated "There's nothing we can do" First of all this violates estella v Gamble 429 vs 97-97 s.ct. 285 Prison Doctor's failure to follow prescribed hernia treatment states Claim actions demonstrated deliberate indifferences see wilhelm v Rotman. 640 F 3d. 1113 (9th Cir 2012)

note I will contact the judge in Parsons v Ryan CV-12-00601 PhF vs DC.

I'm in pain on a constant and its getting worse

relief requested

1) correct medical care forthwith
2) pay me for pain an suffering
3) replace corizon w/ correct medical care

**RECEIVED**
5/17/18 #1014
by COIV J. Richter

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Miles Kaufman | 5-16-18 |

| Have you discussed this with institution staff? | ☐ Yes | ☑ No |
|---|---|---|
| If yes, give the staff member name: | in violation of policy | |

Distribution    INITIAL. White and Canary - Inmate
FINAL. White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14