Michael J. Cohn #288721
ASPC Lewis/Bachman
P.O. Box 3500
Buckeye, AZ 85326

☒ FILED  ☐ LODGED
**Jul 09 2018**
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT, ARIZONA

Parsons, et al.,
v.
Ryan, et al.

2:12CV601 DKD
CV-12-601-PHX-ROS
Petition for referral of case to U.S.D.O.J
Hon. David K. Duncan

I, Michael J. Cohn, class plaintiff in the above captioned case, respectfully request this Honorable Court to refer this matter to U.S. DOJ for criminal investigation and/or management of the medical care of the AZ. Dept. of Corrections. As implied, if not stated in the attached column, there is no civil remedy!

Please do not advise me to go through counsel or file a separate lawsuit. You have the authority to take these steps. How many more inmates have to be abused, neglected, tortured or murdered in this extraordinary situation for an extraordinary remedy to be implemented? The State of Arizona has had ample opportunity to repair medical care in ADC. They don't and won't! The culture is hostile to inmates, period! With 4 more years of the Ducey administration on the horizon, one need not be a prophet to predict the future. It is foreseeable that there will be no improvement in ADC medical care, etc. In my opinion, things are more likely to worsen than improve. I see and hear the attitudes of medical staff. I have told the court of the thousands of inmates not receiving Hep C treatment, the thousands of disabled inmates who don't have adequate equipment or supplies or therapies, the negligence of those who need amputations, the failure of staff to report abuse and neglect, the failure of counsel to vigorously advocate for the above, the

corruption of the Executive Branch and more. If you don't believe me, assign an investigator to verify my allegations. I can look down the run in my dormitory and see 4 inmates who have serious mental illness and 2 who have disabilities. Yet there is no meaningful therapy, no programs and little efficacious pain meds. At best, the mentally ill receive psych. meds that may or may not help and may exacerbate problems. The mental health associates I've met ask a few questions, make a few suggestions and give the guys puzzles. There is no therapeutic rapport established, no theory of treatment and no techniques being used, such as cognitive behavioral therapy. They collect a check. There are no patient satisfaction surveys and no pre-post assessments of progress, no psych. testing, no meaningful treatment plan consistent with today's standards. I asked one of them if she knew what multi modal counseling is. She did not know. There is no meaningful group therapy. 12 step programs on this unit are non-existent to my knowledge and worse. The Deputy Warden on this unit tells us, we are like his in-laws, he feeds us, clothes us and shelters us, but he gets no additional money in his budget for providing for us. The food is privatized, the commissary is privatized, the medical care is private. We are ripe for exploitation, but not for rehabilitation. This falls on your shoulders, Judge Duncan. It is a heavy burden, but you have the power. If memory is accurate, Winston Churchill once said, "When appeasing a crocodile, one hopes to be eaten last." ADC is a crocodile, not much better than the Nazis. They cannot be appeased, only opposed.
  Please Judge Duncan, oppose the voracity of this crocodile and stop it in its tracks. Do not let this continue, this criminal enterprise and all of its brutal consequences.

2 of 9

Respectfully submitted,                           Date: 7/4/18
Michael J. Cohn, Ed.D.                              INDependence Day
Dr. Michael J. Cohn
Prisoner Rights Advocate
        Per DO14-17
Original ~~mailed~~ efiled to:    on:
Clerk of the U.S. Dist. Ct.


May the merciful G-d answer us on our day
        of distress!   Psalm 20

# Federal sanctions alone won't fix prison health care

APP 6/23/18

**Your Turn**
Tiera Rainey
Guest columnist



In an unprecedented ruling on Friday, U.S. Magistrate Judge David Duncan handed down $1.4 million in federal sanctions against the Arizona Department of Corrections and its director, Chuck Ryan.

The agency and Ryan were found to be in contempt of court for failing to ensure that ADC's current for-profit contractor of health-care services, Corizon Health Inc., is providing adequate care to more than 34,000 state prisoners.

We applaud Judge Duncan for finally holding Ryan and Corizon accountable for the cruel and inhumane mistreatment of prisoners, which has led to needless suffering since prison health care was privatized in 2011. However, sanctions alone will not fix this broken system.

The sanctions imposed by Judge Duncan are the result of ADC's years-long legal battle with the American Civil Liberties Union and the class-action suit it filed against Ryan and ADC in 2012. The Parsons vs. Ryan case spotlighted ADC's systemic neglect, high death tolls, and overuse of solitary confinement. ADC reached a settlement with the ACLU in 2015 in which it agreed to not only improve its health-care system, but also required ADC and Corizon to meet 100 health-care performance measures.

When the ACLU brought Ryan and ADC back to court in October 2017, it provided overwhelming evidence of continued negligence by Corizon. The ACLU's witnesses, collected testimonies, and ADC's internal documents showed that health-care units remain understaffed, and prisoners are routinely denied access to essential services and medications, as well as to timely medical referrals. The sanctions are the first real consequences that ADC has faced after years of broken promises to change and improve its system.

Admittedly, ADC-managed health care has always been problematic. But its underlying shortcomings have only worsened with privatized care, which ADC began outsourcing in 2012.

That year, Wexford Health Sources took over ADC's health care, only to have its $349 million contract canceled after a wave of negative press, including a story about a Wexford nurse creating a Hepatitis-C scare after reusing needles on prisoners.

As we at American Friends Service Committee-Arizona documented, in our report, *Death Yards: Continuing Problems with Arizona's Correctional Health-care*, ADC recorded a combined 37 prisoner deaths in 2011 and 2012. When Corizon took over for Wexford in 2013, ADC reported 50 prisoner deaths within Corizon's first eight months on the job.

While hefty sanctions are a symbolic — and welcome — punishment for ADC's negligence and callous disregard for the people it incarcerates, fines are likely to have an adverse effect on prisoners and their families through higher service fees for phone calls and commissary, and/or larger cuts to programming and re-entry assistance. More importantly, the sanctions imposed by Judge Duncan do not require ADC to take meaningful actions to address the drivers of its ongoing health-care crises.

Despite the looming sanctions, ADC renewed Corizon's contract in May for another year and increased Corizon's per diem rate by 20 percent, which was rubber-stamped by a joint legislative budget committee earlier this week. ADC has also released a new RFP for a three-year health-care contract to begin in 2019, further perpetuating this vicious cycle by taking bids from companies with equally bad track records who hope to profit off Ryan's malfeasance.

Rather than look for innovative, people-first solutions that could include working with local, public hospitals and universities, ADC chooses more of the same: providing inadequate care to some of our state's most vulnerable.

Judge Duncan's sanctions are themselves an urgent call for change, but apathy is proving to be ADC's only response.

*Tiera Rainey is a project coordinator for American Friends Service Committee-Arizona, which works to reduce the size and scope of the criminal punishment system. Reach her at trainey@afsc.org; on Twitter, @tbz30.*

(ISSN 0892-8711) · (USPS 030-920) · Vol. 129, No. 38

Merchandise or service advertised in The Republic is expected to be accurately described and readily available at the advertised prices. Deceptive or misleading advertising is never knowingly accepted. Complaints regarding advertising should be directed in writing to The Arizona Republic, Advertising Department, or the Better Business Bureau, 4428 N. 12th St., Phoenix, AZ 85014.

Letters to the editor, opinion columns and articles submitted to The Arizona Republic may be published or distributed in print, electronic or other forms. For more information, call us at 602-444-8499.

## ARIZONA REPUBLIC
## REPUBLIC MEDIA

Published daily by Phoenix Newspapers Inc. 200 E. Van Buren St., Phoenix, AZ 85004 or P.O. Box 1950, Phoenix, AZ 85001. Phone 602-444-8000.
Periodicals Postage Paid in Phoenix AZ 85026.
**Member:** Alliance for Audited Media
**Postmaster:** Send address changes to The Arizona Republic, P.O. Box 1950, Phoenix, AZ 85001.

Executive Editor, **Greg Burton**
602-444-8797, greg.burton@azcentral.com
Regional President, Advertising, **Anthony Bratti**
602-444-8701, anthony.bratti@gannett.com
Editorial Page Editor, **Phil Boas**
602-444-8292, phil.boas@arizonarepublic.com
Community Relations Director, **Stacy Sullivan**
602-444-8749, stacy.sullivan@arizonarepublic.com
Senior News Director, **Josh Susong**
602-444-8299, josh.susong@arizonarepublic.com

3 of 3

4 of 9

Michael J. Cohn #288721
ASPC Lewis/Bachman
P.O. Box 3500
Buckeye, Az 85326

## ARIZONA SUPREME COURT

| STATE OF ARIZONA | |
|---|---|
| Plaintiff | 1CACR18-0020 PRPC |
| v. | CR2013-114147-001 |
| Michael J. Cohn | New Case Relevant Information (Supplement) |
| Defendant, Petitioner Pro Per | |

I, Michael J. Cohn, Petitioner Pro Per in the above captioned case, respectfully submit this supplement to the Honorable Court. In the attached documents, U.S. Dist. Ct. Judge David Duncan reportedly sanctioned the Az. Dept. of Corrections $1.4 million for failing to comply with the Stipulation in the Parsons, et al. v. Ryan, et al. case: 2:12cv601DKD, class action upheld, US Dist Ct, 3/2013; class action aff'd, (9th Cir. 2014).

Implicated in the contents herein is "irreperable harm" of every Superior Ct. defendant illegally sentenced to this medically inadequate prison since this case was filed in 3/2012. Ongoing deprivation of constitutional rights constitutes "irreperable harm." Elrod v. Burns, 427 US 347, 373 96 SCt. 2673 (1976); American Trucking Association v. City of Los Angeles, 559 F3d 1046, 1058-59 (9th Cir. 2009); specifically in medical care cases Phillips v. Michigan Dept. of Corrections, 731 F.Supp. 792, 801 (W.D. mic 1990); aff'd, 932 F.3d 969 (6th Cir. 1991).

There appears to be no meaningful civil remedy other than Habeas Corpus or Mandamus per the reports herein set forth. These circumstances support my assertions as described in the appellate brief of "sentencing manipulation", "sentencing enhancement"

5 of 9

double jeopardy, and cruel and unusual punishment. The 5th, 6th, 8th & 14th amendments of the U.S. Constitution and comparable state constitutional articles are implicated. Model code improprieties are plentiful in the sentencing phase of my case by the Sentencing Judge, Defense Counsel and prosecutors (see appellate brief). Felonious prosecutor misconduct of evidence tampering is asserted. Hon. Sherry Stephens allegedly repeatedly shirks responsibility, pursuing a path of deliberate ignorance of the details of my assertions as stated to her in my Notices of intent to file motion for Sanctions and Post-Conviction Relief, but refusing to read my briefs.

As Judge Stephens knew of my serious medical condition months prior to my sentence, there is no excuse for illegally sentencing me to a prison that was, is and will be medically inadequate probably for the duration of my sentence inter alia. U.S. v. Derbes, 369 F.3d 579-81-83 (1st Cir. 2004). Coexistent with Helling v. McKinney, 509 US at 33 (1993); Estelle v. Gamble 429 US. (1976); State v. Bartlett, (1992) 171 Ariz. 302, 830 P-2d 823 certiorari denied, 113 Sct. 511, 606, US 983 121 LEd2d 405; Apprendi v. New Jersey, 530 US 466, 147 Led2d, 435 120 Sct. 2348 (2000); Blakely v. Washington, 542 US 296, 159 LEd2. 403, 124 Sct. 2531 (2004); U.S. v. Ghertler, 605 F3d 1256 (11th Cir. 2010), Santobello v. New York, 404 US 257 30 LEd2d, 427, 92 Sct. 495 (1971), inter alia, et al.

### Remedy

For the reasons stated herein, this honorable court should entertain petitioner's Petition

2   6 of 9

for Writ of Habeas Corpus to pursue resolution of this matter in a timely fashion.

Respectfully submitted,                          Date: 7/8/18

Michael J. Cohn, Ed.D.
Petitioner, Pro Per

Service
Original mailed to:   on:
Clerk of the AZ. Supreme Ct.
1501 W. Washington
Phoenix, AZ 85007

Copies to:    on:
Attorney General                      Hon. Sherry K. Stephens
1275 W. Washington                    175 W. Washington
Phoenix, AZ 85007                     Phoenix, AZ 85003

Amanda Martin, Atty. Supervisor       Stacy Scheff, Esq., Civil
Ofc. of the Public Defender           Rights counsel for Dr. Cohn
620 W. Jackson #4015                  P.O. Box 48611
Phoenix, AZ 85003                     Tucson, AZ 85717

                                      David Fathi, Director
                                      ACLU, Natl. Prison Project
                                      915 15th St. NW, 7th Fl.
                                      Washington, D.C. 20005

3           7 of 9

Michael J. Cohn #288721
ASPC Lewis
P.O. Box 3500
Buckeye, AZ 85326

United States District Court, Arizona

| Parsons, et al. | 2:12-cv-601-DKD |
| v. | Objection to State's Appeal of Sanctions |
| Ryan, et al. | Hon. David K. Duncan |

I, Michael J. Cohn, class Plaintiff in the above captioned case, object to the appeal of sanctions by the State of Arizona. An appeal is specious as it directs money away from the proper treatment of inmates.

I watched the 9 p.m. Fox News Reports of the sanctions decision on 6/22 & 6/23/2018. Governor Ducey stated he believes Charles Ryan has the inmates best interests at heart. From my view, nothing could be further from the truth.

In addition to the healthcare atrocities reported in Parsons vs Ryan, the AZ Dept. of Corrections is engaged in the Federally mandated process of inmate racial, etc. integration. Inmates who cooperate with integration are at risk for assault and some have been threatened and reportedly assaulted and murdered. Some units such as Stiner in Buckeye and Winchester in Tucson are reportedly more resistant to integration than others, yet Charles Ryan's staff continues to assign cooperative inmates to those high risk units. Reportedly, ADC staff have testified in Federal court that they know of the risks to inmates implicating criminal acts of intentionally subjecting inmates to harm. The Governor fails to perceive the risks of inadequate healthcare, implicating

, pg 8 of 9

criminal negligence on his part. Why hasn't the Governor ordered the Health Department to investigate ADC facilities and enforce compliance with Health standards. Why hasn't he ordered the Nursing and medical/Dental/Psychology Boards to do the same? It appears that he hates us.

In my view, what is occurring in the Arizona Dept. of Corrections is a Post-modern Holocaust. Systematic annihilation of "undesirables" who became vulnerable to the medical or bureaucratic orbits. The weapon is neglect. Hatred of inmates is expressed by letting them suffer in agony and terror as described in Parsons v. Ryan, etc., even unto death. This is fact, not hyperbole. I see it every day, live among it and object to it when possible.

Financial sanctions aren't enough. Arrests and charges need to be made of all parties involved in the mistreatment of inmates including the Governor and probably his predecessor(s).

The Attorney General supervises the county attorneys, yet to my knowledge he conceals the Parsons v. Ryan case from defense counsels and defendants, manipulating and enhancing sentences that constitutes Double Jeopardy, in many cases, without a determination by a jury. (See Brief in case 1CA-CR18-0020 PRPC, AZ. Court of Appeals).

After 6 years of noncompliance, a criminal investigation is justified. Stop dancing around the issue, refer to USDOJ.

Respectfully Submitted,
Michael J. Cohn, Ed.D.

Dr. Michael J. Cohn
Prisoner Rights Advocate       9 of 9