FENNEMORE CRAIG, P.C.
Timothy Berg (No. 004170)
Todd Kartchner (No. 021857)
Courtney R. Beller (No. 029412)
2394 East Camelback Road
Suite 600
Phoenix, AZ 85016-3429
Telephone: (602) 916-5000
Email: tberg@fclaw.com
Email: tkartchner@fclaw.com
Email: cbeller@fclaw.com

Attorneys for Corizon Health, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, et al., on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>                              Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>                              Defendants. | Case No. 2:12-cv-00601-ROS<br><br>**MOTION TO INTERVENE FOR LIMITED PURPOSE OF APPEAL**<br><br>***EXPEDITED CONSIDERATION REQUESTED*** |

Corizon Health, Inc. ("Corizon"), by and through its undersigned counsel, and pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure, moves to intervene post-judgment as a Defendant-Intervenor in the above-captioned case for purposes of appealing orders entered by this Court that have a material impact on Corizon. Corizon wishes to intervene solely for the purposes of appeal.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BRIEF STATEMENT OF FACTS

To settle prior litigation, Plaintiffs and the Arizona Department of Corrections ("ADC") entered into a stipulation ("Stipulation") regarding medical services provided in the prison system. The Stipulation requires, among other things, a specified level of

compliance with a series of medical service performance measures (the "Performance Measures").

ADC subsequently contracted with Corizon as a vendor to provide medical services to its inmates.  ADC also maintains that, under this agreement, Corizon is contractually obligated to indemnify ADC for sanctions imposed in the Orders (the "Sanctions") as well as fees, costs, and any other awards in this action.[1]  Although Corizon was not a party to the underlying litigation, it has had extensive involvement in it, including, but not limited to, (i) monthly reporting on Performance Measure compliance, (ii) producing documents, declarations and witness testimony for hearings and reports to the Court, (iii) providing responses to Plaintiffs' discovery requests, and (iv) involvement and oversight in Plaintiffs' prison tours, and in particular, prison medical facilities.

On June 22, 2018, this Court filed multiple judgments and orders that significantly impact Corizon both as the vendor providing medical services and as a potential indemnitor to ADC (collectively, the "Orders").  Corizon wishes to appeal the Orders and submits that, even without intervention, it has standing to do so.[2]  Nevertheless, in an abundance of caution, Corizon now moves this Court for leave to formally intervene for the limited purpose of appeal.

## ARGUMENT

### I.     Corizon is Entitled to Intervene as a Matter of Right.

A movant is entitled to intervene as a matter of right where, *inter alia*, it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that

---

[1] This Motion does not serve as an admission or stipulation by Corizon regarding its scope of indemnity to ADC, and Corizon reserves all rights accordingly.

[2] *See United States v. Alisal Water Corp.*, 431 F.3d 643, 661 (9th Cir. 2005), *cert. denied*, 547 U.S. 1113 (2006) ("[n]on-parties to the original action may appeal where they are 'bound by the order from which they were seeking to appeal.'") (quoting Devlin v. Scardelletti, 536 U.S. 1, 8, 122 S.Ct. 2005, 2010, 153 L.Ed.2d 27 (2002)); see also Fed. R. App. P. 3(c)(3).

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

interest." Fed. R. Civ. P. 24(a)(2). To intervene as of right under Rule 24(a)(2), the movant must show that: (1) its motion is timely, (2) it has a significant interest relating to the property or transaction that is the subject of the action, (3) it is so situated that the disposition of the action may practically impair its ability to protect that interest, and (4) its interest is not adequately represented by the parties to the action. *Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1493 (9th Cir. 1995). *See also* Federal Appellate Practice: Ninth Circuit § 12:16 (2017-2018 Edition). In applying these criteria, the Court should be "guided primarily by practical and equitable considerations" and should "interpret the requirements broadly in favor of intervention." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). All four requirements are satisfied here.

### 1. This Motion to Intervene is Timely.

This Motion is timely, as it was filed during the time allowed for appeal. "A post-judgment motion to intervene is timely if filed within the time allowed for the filing of an appeal." *Yniguez v. State of Arizona*, 939 F.2d 727, 734 (9th Cir. 1991); *see also, Tocher v. City of Santa Ana*, 219 F.3d 1040, 1044-45 (9th Cir. 2000), *abrogated on other grounds, City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424 (2002). The Orders were filed June 22, 2018. The thirty-day deadline would fall on Sunday, July 22, 2018, making today, Monday, July 23, 2018, the final day for filing.

### 2. Corizon has a Significantly Protectable Interest.

Corizon has a significantly protectable interest to support its participation in the appeals. Corizon currently provides medical care services in the ADC prison system, and the Orders, among other things, impose (i) the Sanctions for non-compliance with the Performance Measures and (ii) new medical and administrative requirements outside the scope of the Stipulation to which Corizon would have to adhere. Corizon has a significantly protectable interest in participating in the appeals to provide an appropriate defense to, among others, (i) ensure any ordered medical and administrative requirements comply with professional and industry standards, and (ii) the Sanctions and any fee and

cost awards that ADC argues must be indemnified, including fees and costs awarded to Plaintiffs' counsel.

### 3. Without Intervention, Corizon's Ability to Protect Its Interests Would be Impaired.

The third element, that the movant be so situated that the disposition of the action may practically impair its ability to protect its interest, is satisfied where the movant may be bound by the judgment or order in question. *See Smith v. Pangilinan*, 651 F.2d 1320, 1325 (9th Cir. 1981). As discussed more fully above, Corizon is bound by the Orders to the extent they impose additional medical and administrative requirements to which Corizon must adhere. In addition, ADC contends Corizon is contractually obligated to pay the Sanctions and other fee and cost awards.[3] As such, Corizon is bound by the Orders and satisfies this element.

### 4. Corizon's Interest is not Adequately Represented by ADC.

Finally "[t]he burden of showing inadequacy of representation is minimal and is satisfied if the applicant shows that representation of its interests 'may be' inadequate[.]" *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) (internal citations omitted in part) (quoting *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)). Here, ADC's and Corizon's interests conflict to the extent that, assuming, as ADC contends, Corizon is contractually obligated to pay the Sanctions and other fee and cost awards, ADC may not have sufficient incentive to vigorously defend such claims for which Corizon may, in ADC's estimation, be liable. Thus, this element is satisfied.

Accordingly, because all four criteria under Rule 24(a)(2) are satisfied, Corizon is entitled to intervene as a matter of right.

## II. The Court Should Permit Corizon to Intervene Under Rule 24(b).

Corizon should also be permitted to intervene under Rule 24(b). Rule 24(b)(1)(B) permits intervention by anyone who "has a claim or defense that shares with the main

---

[3] *See* footnote 1, *supra*.

action a common question of law or fact."[4]   Here, Corizon's defense shares common questions of law and fact with ADC's defense in that both will be based, in part, on, among others, (i) questions of fact about whether appropriate compliance with the Performance Measures was achieved, (ii) questions of fact about the integrity of the Performance Measure monitoring system, (iii) questions of law about whether the Sanctions were an appropriate remedy, and (iv) questions of fact and law about whether fees and costs awarded to Plaintiffs' counsel were proper.   Corizon easily meets this criteria for permissive intervention.

Additionally, Rule 24(b)(3) provides that a district court, in exercising its discretion, should "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties."   Here, the parties cannot demonstrate any prejudice because ADC has already filed a notice to appeal, and Corizon's inclusion in the appeals process will neither unduly delay nor prejudice that adjudication.   Therefore, Corizon should be permitted to intervene under Rule 24(b) as well.

## CONCLUSION

For the reasons set forth above, the Court should allow Corizon to intervene in the present action for the limited purpose of appeal.

DATED this 23[th] day of July, 2018.


FENNEMORE CRAIG, P.C.


By:   */s/ Todd Kartchner*
      Timothy Berg (No. 004170)
      Todd Kartchner (No. 021857)
      Courtney R. Beller (No. 029412)
      2394 East Camelback Road, Suite 600
      Phoenix, AZ  85016-3429
      Attorneys for Corizon Health, Inc.

---

[4]   Timeliness is also a requirement for permissive intervention under Rule 24(b).   As discussed above, the Motion is timely because it was filed within the 30-day time limit to file an appeal.   *See also Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir. 1997).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the all CM/ECF registrants in this matter.

_s/ Jennifer Fortner_

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX