Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' "IMPLEMENTATION PLAN" FOR THE ADVISORY BOARD'S HEALTH CARE STAFFING RECOMMENDATIONS (DOC. 2948-1)** |

LEGAL140727301.1

On December 4, 2017, this Court concluded that "it would benefit from the appointment of an expert to assess and recommend solutions that will inform the Court's goal of meeting the Defendants' established [health care] staffing levels." [Doc. 2483 at 1] The Court accordingly appointed Advisory Board Consulting ("Advisory Board") pursuant to Fed. R. Evid. 706 "to provide an assessment and recommendation for health care provider staffing and retention at the ADC facilities in order to identify challenges and recommend solutions for meeting the budgeted staffing levels." [*Id.* at 3] Over the next six months, the Advisory Board carried out this task, producing a number of interim reports as well as a final report, dated June 7, 2018 and titled "Arizona Department of Corrections Staffing and Retention Assessment." [Doc. 2940-1 at 3]

The final report sets forth the following conclusions:

> First, **recruitment and retention is an ongoing issue**, resulting in staff being stretched thin to provide coverage. When providers are forced to cross-cover for different units or facilities it helps to address the immediate need, but typically creates a backlog in other areas. New employees without prior experience in correctional medicine tend to be more difficult to retain, while remote areas and difficult work environments also create barriers to recruitment.
>
> Second, **training and onboarding is inconsistent** across facilities and provider types. In multiple interviews as well as survey responses, we noted inconsistencies in the experience of training and onboarding, we noted inconsistencies in the experience of training and onboarding even when controlling for provider type and facility. Difficulty with recruitment often creates tight timeframes to fill vacancies, which in turn poses threats to sufficient training and onboarding.
>
> Third, **operational and benefits issues are impacting employee engagement**, morale and effectiveness. Although employees express satisfaction with their teams, they often feel a disconnect with upper-level management. Also, employees have cited lack of compensations for call coverage, minimal autonomy in determining course of treatment, and inability to use PTO [paid time off] as reasons for their dissatisfaction. Earlier analysis shows that base compensation is typically highly competitive. However, sufficient pay is a floor to adequate recruitment and retention. Other areas of job satisfaction are equally critical, and addressing these areas can potentially impact budget compliance and employee retention.

LEGAL140727301.1

1  [*Id.* at 22 (emphasis in original)]  The report sets forth nine recommendations to address
2  the problems the Advisory Board had uncovered.  [*Id.* at 22-24]
3       On June 22, 2018, the Court issued the following order:

> The Court's expert, Advisory Group [sic], has made its final presentation to the Court and submitted a final report. Plaintiffs have asked the Court to issue an order that Defendants file a plan to implement these recommendations. (Doc. 2880)  Good cause appearing,
>
> IT IS THEREFORE ORDERED that, within 30 days of the date of this Order, Defendants shall file their plan to implement the recommendations contained in the final Advisory Group [sic] report.

[Doc. 2904]

     On July 23, 2018, Defendants filed a two-page document titled "Implementation Plan for Advisory Board Recommendations."  [Doc. 2948-1 at 2-3]  Defendants' "Implementation Plan" is, astonishingly, only nine words longer than the list of recommendations it purports to implement.  For two of the recommendations (Recommendations 2 and 3), Defendants' "Implementation Plan" consists of a single sentence stating that Corizon is "evaluating" the recommendation.  [*Id.* at 2]  For others, the plan simply describes existing practice, saying nothing about how Defendants will implement the Advisory Board's recommendations.  For example, the "Implementation Plan" for Recommendation 8 reads, in its entirety:

> **Recommendation 8: Create a provider led committee structure to increase employee engagement**  Corizon is evaluating this recommendation, but also notes it has daily meetings, led by its Arizona Regional Medical Director, in which providers discuss quality of care and patient specific cases.  In addition, these meetings are treated as collegial exchanges, and providers are encouraged to raise any issues they would like to discuss.

[*Id.* at 3]

     This Court recently detailed the daily and weekly meetings at the headquarters and institutional levels that were ineffectual at achieving compliance with the Stipulation and the Court's Order to Show Cause (*see* Doc. 2898 at 6-7, 8-9), and also noted that "instead

1 of presenting a corrective action plan aimed at trying something new, Defendants
2 informed the Court at the June status hearing that they will continue to use their previous
3 plan even though the CGARs reflect that the previous plan has not obtained consistent
4 compliance for PM 39 at Lewis.  (Doc. 2874-1 at 81)  That Defendants should exhibit
5 such nonchalance about addressing on-going failures to comply with the Stipulation—
6 even as the sword of sanctions loomed above them—is considerable evidence that a
7 contempt order and monetary sanctions are necessary." [Doc. 2898 at 19-20]

8      The definition of "implement" is to "carry out, accomplish; *especially*: to give
9 practical effect to and ensure of actual fulfillment by concrete measures."[1]  By this
10 definition (or any other), Defendants' perfunctory two-page document falls far short of
11 compliance with the Court's order to "file their plan to implement the recommendations
12 contained in the final Advisory Group report."  [Doc. 2904]

13      Accordingly, the Court should order Defendants to file a new plan within 10 days
14 that fully complies with the Court's order.  That plan should address in detail each
15 recommendation, include all the steps that Defendants will take to implement the plan, the
16 timelines for each step, the person(s) responsible for implementing each aspect of the
17 plan, as well as the individual with overall responsibility for compliance with the Court's
18 order.  Defendants should also be required to set baselines and benchmarks so that the
19 effectiveness of each aspect of their plan can be assessed.
20 . . .
21 . . .
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .

---

[1] https://www.merriam-webster.com/dictionary/implement (visited July 30, 2018) (emphasis in original).

| | | |
|---|---|---|
| 1 | Dated: July 30, 2018 | **ACLU NATIONAL PRISON PROJECT** |
| 2 | | |
| 3 | | By:  s/ David C. Fathi |
| | | David C. Fathi (Wash. 24893)* |
| 4 | | Amy Fettig (D.C. 484883)** |
| | | Victoria Lopez (Ill. 6275388)* |
| 5 | | 915 15th Street N.W., 7th Floor |
| | | Washington, D.C. 20005 |
| 6 | | Telephone:  (202) 548-6603 |
| | | Email:   dfathi@aclu.org |
| 7 | | afettig@aclu.org |
| | | vlopez@aclu.org |

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.

**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:   dbarr@perkinscoie.com
 agerlicher@perkinscoie.com
 jhgray@perkinscoie.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:   kbrody@acluaz.org

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com
           rlomio@prisonlaw.com

*Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.L.L.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:     kirstin@eidenbachlaw.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:     jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

| | |
|---|---|
| 1 | **ARIZONA CENTER FOR DISABILITY LAW** |
| 2 | |
| 3 | By:   s/ Maya Abela |
| 4 |     Asim Dietrich (Bar No. 027927)<br>    5025 East Washington Street, Suite 202<br>    Phoenix, Arizona 85034<br>    Telephone: (602) 274-6287<br>    Email: adietrich@azdisabilitylaw.org |

    Rose A. Daly-Rooney (Bar No. 015690)
    J.J. Rico (Bar No. 021292)
    Jessica Jansepar Ross (Bar No. 030553)
    Maya Abela (Bar No. 027232)
    **ARIZONA CENTER FOR DISABILITY LAW**
    177 North Church Avenue, Suite 800
    Tucson, Arizona 85701
    Telephone: (520) 327-9547
    Email:
      rdalyrooney@azdisabilitylaw.org
      jrico@azdisabilitylaw.org
      jross@azdisabilitylaw.org
      mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Kevin R. Hanger
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

                                    s/ D. Freouf

LEGAL140727301.1                    -7-