1 | Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' RESPONSE TO CORIZON HEALTH'S MOTION TO INTERVENE (DOC. 2942)** |

LEGAL140731195.1

**INTRODUCTION**

This Court has ruled on two separate occasions in the past year that Corizon Health, Inc. ("Corizon"), Defendants' private health care contractor, should not be granted leave to participate in this case as a litigating *amicus curiae*. [Docs. 2235, 2604] Both times, the Court noted that the Arizona Department of Corrections ("ADC") "is the obligor, not Corizon," (Doc. 2235 at 2), and that the "Court's focus must be on whether AD[]C, as obligor on the Stipulation, is complying with the Stipulation." [Doc. 2604 at 1] Corizon now seeks leave to intervene, this time to appeal the Court's orders issued on June 22, 2018, that Defendants also are appealing. [Doc. 2942] Corizon is Defendants' agent, and does not have a separate or distinct interest in the case from Defendants for purposes of ensuring compliance with the Stipulation and the Court's orders. [*See* Doc. 2210 at 6-7; Docs. 2235, 2604]

This Court must reject Corizon's motion to intervene for two intertwined reasons. First, abundant case law makes clear that this Court does not have jurisdiction to entertain Corizon's intervention motion, because Defendants have filed their Notices of Appeal. Second, Corizon's motion does not fall into one of the typical situations in which courts may permit non-parties to intervene for purposes of an appeal: (1) when a party decides not to appeal an adverse judgment, and the intervenor seeks to prosecute the appeal in the shoes of the non-appealing party, or (2) the non-party has been held in contempt.

**ARGUMENT**

**I. Defendants Filed Their Notices of Appeal and Therefore the Court No Longer Has Jurisdiction Over the Motion to Intervene**

As a threshold matter, the Court lacks jurisdiction to consider Corizon's motion, as Defendants' filing of their Notices of Appeal divested the Court of its jurisdiction to consider the motion. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (*per curiam*) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Some Courts of Appeals have

LEGAL140731195.1

provided a limited exception to this general rule and permitted district courts to take subsequent action that would serve "in aid of the appeal" itself, such as memorializing an oral opinion in writing. *See, e.g.*, *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013-14 (6th Cir. 2003) (collecting cases and other authorities); WRIGHT & MILLER, FEDERAL PRAC. & PROC. § 3949.1 at notes 40-52 (4th ed. April 2018).

Five Courts of Appeals, and two district courts in the Ninth Circuit, have held in published opinions that an effective notice of appeal by a party divests a district court of jurisdiction to entertain a non-party's motion to intervene for purposes of appeal, and that the "in aid of the appeal" exception does not apply.[1] This is the rule even when the motion to intervene is filed before a party's notice of appeal—which, in any event, did not occur in this case, as Defendants filed their Notices of Appeal on July 21, 2018 (Docs. 2935-2937), and Corizon filed its motion to intervene on July 23, 2018 (Doc. 2942). *See, e.g.*, *Doe v. Public Citizen*, 749 F.3d 246, 257-59 (4th Cir. 2014) (district court did not have jurisdiction to consider a motion to intervene filed three months before a party filed its notice of appeal); *Taylor v. KeyCorp*, 680 F.3d 609, 616-17 (6th Cir. 2012) (district court was divested of jurisdiction to consider intervention motion filed three days before party filed notice of appeal); *Drywall Tapers & Pointers of Greater N.Y., Local Union 1974 v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 92, 94-95 (2d Cir. 2007) (no jurisdiction although motion to intervene was filed more than six weeks prior to a party filing notice of appeal); *Roe v. Town of Highland*, 909 F.2d 1097, 1100 (7th Cir. 1990) (motion to intervene filed the same day a notice of appeal was filed by a party); *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928-29 (5th Cir. 1983) (motion to intervene filed more than a month after party filed notice of appeal); *Stiller v. Costco Wholesale Corp.*, No. 3:09-cv-2473-GPC-BGS, 2015 WL 1612001, at *1-2 (S.D. Cal. April 9, 2015) (motion to intervene filed same day that a party filed notice of appeal);

---

[1] The Ninth Circuit held the same in an unpublished memorandum. *Bryant v. Crum & Forster Specialty Ins. Co.*, 502 Fed. App'x 670, 671 (9th Cir. 2012) (unpublished memorandum).

*Apple Inc. v. Samsung Elecs. Co.*, Case No.: 11-CV-01846-LHK, 2014 WL 12812431, at *1 (N.D. Cal. July 29, 2014) (motion to intervene filed more than three months after parties appealed and cross-appealed); *see also Bryant v. Crum & Forster Specialty Ins. Co.*, 502 Fed. App'x 670, 671 (9th Cir. 2012) (unpublished memorandum) ("[Party's] subsequent notice of appeal divested the district court of its jurisdiction; the district court thus lacked jurisdiction to entertain appellants' motion to intervene"); *Amarin Pharm. Ireland Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437, 440-41 (D.D.C. 2015) (collecting cases); *Rolle v. New York City Housing Auth.*, 294 F. Supp. 574, 576 (S.D.N.Y. 1969) (district court was without jurisdiction to grant motion to intervene in the absence of a remand from the Court of Appeals).[2]

Therefore, this Court should deny Corizon's motion, as it lacks the jurisdiction to consider it.

**II.   Corizon Cannot Show That Its Motion Falls into One of the Limited Situations in Which Non-Parties May Intervene for Purposes of an Appeal**

There are a few cases in which courts have allowed a motion to intervene for purposes of appeal after final judgment. These cases fall into two categories: (1) when a party decides not to appeal an adverse judgment, and the intervenor seeks to prosecute the appeal in the shoes of the non-appealing party, or (2) the non-party has been held in contempt. Neither of these factual scenarios exist here.

**A.   Defendants Ryan and Pratt Have Appealed the District Court's Orders**

On limited occasions, district courts have allowed non-parties to intervene to appeal an order when a party is not appealing an adverse judgment or ruling. *See, e.g.*,

---

[2] The Third Circuit held that a district court had jurisdiction to consider a motion to intervene after a notice of appeal was filed. *Halderman v. Pennhurst State Sch. & Hosp.*, 612 F.2d 131, 134 (3d Cir. 1979). However, the Fifth, Sixth, and Seventh Circuits have all noted that this was based upon an erroneous interpretation of *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), which allowed post-judgment intervention by putative class members when class representatives decided to not appeal a denial of class certification, *see* Part II.A. *See Taylor*, 680 F.3d at 617 n.11; *Roe*, 909 F.2d at 1100 n.2; *Avoyelles Sportsmen's League*, 715 F.2d at 928-29 (collecting cases holding that filing notice of appeal divests district court of jurisdiction to rule on motion to intervene).

*Peruta v. San Diego*, 824 F.3d 919 (9th Cir. 2016) (holding that the State of California could intervene in a case challenging a county's requirements for issuing a concealed handgun license, after the county sheriff declined to petition for a rehearing *en banc*). Similarly, putative class members can intervene and appeal a denial of class certification after the class representatives settled their claims and chose to not appeal the denial of class certification. *United Airlines Inc. v. McDonald*, 432 U.S. 385, 392-93 (1977).[3] However, this right to intervene when a party is not appealing an adverse ruling requires a significant showing of standing. *See Hollingsworth v. Perry*, 570 U.S. 693, 705-706 (2013) (finding the sponsors of California's Proposition 8 ballot initiative that banned same-sex marriage did not have standing to intervene and to appeal district court's order finding Prop. 8 unconstitutional, even when the state officials named as defendants chose to not appeal).[4]

In any event, in the case at hand, Defendants have filed Notices of Appeal with regard to the same orders that Corizon seeks to appeal. [Docs. 2935-2937]

**B.    The Court's Contempt Order is Directed at Defendants, Not Corizon**

"The right of a nonparty to appeal an adjudication of contempt cannot be questioned." *U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 76 (1988). But in that case, the non-party seeking to appeal had itself been held in contempt.

---

[3] The U.S. Supreme Court subsequently held that unnamed class members who objected in a timely manner at a fairness hearing to the approval of a settlement agreement for the class action had the power to bring an appeal of the settlement without first intervening. *Devlin v. Scardelletti*, 536 U.S. 1, 8-9 (2002).

[4] Corizon cites to *Yniguez v. State of Arizona*, 939 F.2d 727, 734 (9th Cir. 1991), for the proposition that a motion to intervene for purposes of an appeal is timely if filed within the time allowed for the filing of the appeal. [Doc. 2942 at 3] Their reliance on *Yniguez* is inapposite. First, the case involved a factual situation where a party did not appeal an adverse decision, and so the district court had jurisdiction to consider a motion to intervene. *Compare* Part I, *supra*. (In *Yniguez*, the ballot initiative sponsors of an "English only" law were allowed to intervene to defend it after the Governor of Arizona refused to appeal the decision striking it down.) Second, *Yniguez* is not good law. Corizon failed to inform the Court that the U.S. Supreme Court subsequently *vacated* the decision, because the plaintiff state employee had resigned from state employment prior to the Ninth Circuit's decision (939 F.2d 727), and thus, the Supreme Court held, the case should have been dismissed at that point, prior to the issuance of a decision, and should have not proceeded any further. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 56-61, 71-74 (1997).

1    That is not the situation here. The Court's contempt order is not directed at Corizon, but
2    rather Defendants. [*See* Doc. 2898 at 23 ("IT IS THEREFORE ORDERED that
3    ***Defendants*** are held in civil contempt for failure to comply with the Stipulation as
4    detailed in the Court's Order to Show Cause") (emphasis added)]

5    Corizon is an agent of the State, contracted to provide health care services to
6    people incarcerated in Arizona's ten state prisons. Corizon points to the contract's
7    indemnification clause that allegedly makes it responsible for fees, costs, and any other
8    awards in this action, as a basis for its need to intervene for purposes of the appeal. [*See*
9    Doc. 2942 at 2, 4] But that is of no relevance—the fact that Corizon's attorneys
10   negotiated and agreed to such an indemnification clause does not transform the Court's
11   contempt order that explicitly names "Defendants" to read "Defendants and Corizon."

12   Likewise, Corizon argues it is "bound" by the Court's orders, and therefore it has
13   standing to appeal. [Doc. 2942 at 2 n.2] That is false. Corizon is not, and has never been,
14   a party to this litigation, and none of the orders at issue are directed against, let alone bind,
15   Corizon. Corizon cites to *Devlin v. Scardelletti*, but again, that case involved the right of
16   an unnamed class member to appeal a settlement agreement, because the class
17   representatives' interests diverged from those of the class member intervenor, who
18   pursuant to Rule 23 would be bound by the settlement agreement and powerless to opt out
19   of it. *Devlin*, 536 U.S. at 8-9. Here, Corizon is not bound by the Court's orders and its
20   interest in reversing those orders are the same as Defendants' interest.[5]

---

[5] The Court has previously noted that Corizon's interests are amply protected by Defendants. [*See* Doc. 2604 at 2 ("it is the State's burden to meet its contractual obligations and thus its lawyers must bear all of that responsibility in Court")] Indeed, there has been a joint defense agreement in place between Defendants and Corizon for more than five years. [*See* Doc. 2563-1 at 5-7 (joint defense agreement countersigned May 16, 2013, May 21, 2013, May 28, 2013, and June 3, 2013 by Counsel for Defendants and the Assistant General Counsel of Corizon)] Defendants and Corizon have pointed to this agreement as the basis for shielding communications between them as privileged. [*See, e.g.*, 9/12/17 Tr. at 185:2-10 ("MR. STRUCK: [. . .] We've had a joint defense agreement with Corizon since Corizon contracted with ADC when Wexford left the scene. [. . .] This case is now settled. The joint defense agreement remains, and it entitles defense counsel for ADC and defense counsel for Corizon, who the Court has recognized is the agent, or the plaintiffs have argued is the agent of ADC, to communicate without having the communications discovered.")]

## CONCLUSION

For the foregoing reasons, Corizon's Motion should be denied. If Corizon wants to make its position known to the Ninth Circuit regarding the orders on appeal by the Defendants, it can file a motion to file an amicus brief this Fall, when Defendants' briefs are due to the Court of Appeals.

Respectfully submitted,

Dated: August 1, 2018             **PRISON LAW OFFICE**

By:   s/ Corene Kendrick
      Donald Specter (Cal. 83925)*
      Alison Hardy (Cal. 135966)*
      Sara Norman (Cal. 189536)*
      Corene Kendrick (Cal. 226642)*
      Rita K. Lomio (Cal. 254501)*
      **PRISON LAW OFFICE**
      1917 Fifth Street
      Berkeley, California 94710
      Telephone:  (510) 280-2621
      Email:    dspecter@prisonlaw.com
                ahardy@prisonlaw.com
                snorman@prisonlaw.com
                ckendrick@prisonlaw.com
                rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@aclu.org
          afettig@aclu.org
          vlopez@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

| | |
|---|---|
| 1 | Kirstin T. Eidenbach (Bar No. 027341) |
| | **EIDENBACH LAW, P.L.L.C.** |
| 2 | P. O. Box 91398 |
| | Tucson, Arizona 85752 |
| 3 | Telephone:  (520) 477-1475 |
| | Email:    kirstin@eidenbachlaw.com |
| 4 | |
| | Kathleen E. Brody (Bar No. 026331) |
| 5 | **ACLU FOUNDATION OF ARIZONA** |
| 6 | 3707 North 7th Street, Suite 235 |
| | Phoenix, Arizona 85013 |
| 7 | Telephone:  (602) 650-1854 |
| | Email:    kbrody@acluaz.org |
| 8 | |
| | Daniel C. Barr (Bar No. 010149) |
| 9 | Amelia M. Gerlicher (Bar No. 023966) |
| | John H. Gray (Bar No. 028107) |
| 10 | **PERKINS COIE LLP** |
| | 2901 N. Central Avenue, Suite 2000 |
| 11 | Phoenix, Arizona 85012 |
| | Telephone:  (602) 351-8000 |
| 12 | Email:    dbarr@perkinscoie.com |
| | agerlicher@perkinscoie.com |
| 13 | jhgray@perkinscoie.com |

1
2
3
4
5
6
7
8
9
10
11
12
13
14 Caroline Mitchell (Cal. 143124)*
**JONES DAY**
15 555 California Street, 26th Floor
San Francisco, California 94104
16 Telephone:  (415) 875-5712
Email:   cnmitchell@jonesday.com
17
*Admitted *pro hac vice*
18
John Laurens Wilkes (Tex. 24053548)*
19 **JONES DAY**
717 Texas Street
20 Houston, Texas 77002
Telephone:  (832) 239-3939
21 Email:   jlwilkes@jonesday.com

22 *Admitted *pro hac vice*

23 *Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
24 Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
25 Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
26 themselves and all others similarly situated*

27

28

LEGAL140731195.1              -7-

**ARIZONA CENTER FOR DISABILITY LAW**

By: s/ Maya Abela
Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
Jessica Jansepar Ross (Bar No. 030553)
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
  rdalyrooney@azdisabilitylaw.org
     jrico@azdisabilitylaw.org
     mabela@azdisabilitylaw.org
     jross@azdisabilitylaw.org

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington St., Ste. 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:   adietrich@azdisabilitylaw.com

*Attorneys for Arizona Center for Disability Law*

# CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Kevin R. Hanger
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
khanger@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

                                    s/ C. Kendrick

LEGAL140731195.1                              -9-