Office of the Arizona Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSAL RE: USE OF CONTEMPT FINES (Dkt. 2941)** |

Defendants object to Plaintiffs' proposed use of the sanction monies (Doc. 2941) because it fails to honor the intent of the Court's order (Dkt. 2898) and it violates the Stipulation and fundamental legal proscriptions.  The Court therefore should reject their proposal.[1]

---

[1] Defendants have appealed the validity of the Contempt Order. Nothing in this Response should be construed as a waiver of that challenge. Moreover, the Court should first resolve Defendants' forthcoming motion to stay the June 22 Orders before distributing any sanction monies.

**I.   THE COURT SHOULD REJECT PLAINTIFFS' PROPOSAL TO HIRE A MEDICAL-GRIEVANCE INVESTIGATOR.**

Plaintiffs' counsel propose to use 90% of the funds to pay "one or more independent medical experts to investigate and resolve concerns about the medical care of individual class members." (Dkt. 2941 at 2.) But their proposal also requires the Court to create and install a system that effectively overrides the terms and intent of the Stipulation and ADC's grievance system. If an inmate raises a "concern" or "allegation[] of inadequate care," the expert will investigate and, if they conclude that "further action is needed," the expert will notify Defendants, Corizon, and counsel. (*Id.*) Defendants then must take remedial steps to "ensure the provision of adequate medical care" to the inmate. (*Id.*) Plaintiffs' counsel do not articulate what happens if they believe that the remedial steps are inadequate. But their proposal is obviously set up to involve the Court if it is not adequate. The Court should reject this proposal out of hand for several reasons.

First, the sanction monies are supposed to be used "to further compliance with the healthcare requirements of the Stipulation." (Dkt. 2898 at 23:17-20.) Compliance with the Stipulation is based on compliance with its performance measures. (*See* Dkt. 1185, ¶ 8 ["Defendants shall comply with the health care performance measures set forth in Exhibit B."].) Compliance with the performance measures is measured according to the Health Care Measure Protocols. (*Id.*, ¶¶ 9-10; *see also* Dkt. 1185-1, Ex. C.) Compliance is *not* measured by Defendants' remediation of individual inmate "concerns" or "allegations of inadequate care." An order requiring Defendants to provide remediation plans for every single inmate "concern" overrides—indeed, eviscerates—the terms of the Stipulation. Plaintiffs' counsel cannot unilaterally do that. (*See* Dkt. 1185, ¶ 40.) Plaintiffs' proposal does not further compliance with the provisions Defendants bargained for. It demands new ones.

Second, requiring Defendants to hire a special investigator violates the Stipulation's no-staffing provision. Under that provision, the Court is not permitted to order Defendants to "hire a specific number or type of staff." (Dkt. 1185, ¶ 36.)

2

Third, though Plaintiffs' counsel assert that this process "will not replace the currently existing grievance process" (Dkt. 2941 at 2), it effectively will. Instead of complying with the multi-step grievance process,[2] inmates will simply elect to raise their "concern" with the special investigator and bypass the grievance process altogether. Inmates who mistakenly believe that, by doing so, they have exhausted their administrative remedies will find their complaint barred under the Prison Litigation Reform Act ("PLRA"). *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 88, 90-91 (2006).

Fourth, the proposal is not feasible. It contemplates an indefinite system with a finite amount of money to fund it. It will also result in an extraordinary expenditure of judicial resources. The proposal will enmesh the Court in dozens, hundreds, and perhaps even thousands of inmate "concerns" regarding their individual healthcare. Under their proposal, an inmate may raise any "concern[]" relating to their medical care. And Defendants must prepare a remediation plan if the special investigator determines "further action is needed." These are standard-less, ambiguous terms that will engender costly litigation over inmate preferences and grievances far below constitutional standards. *See Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (a difference in opinion as to treatment, or even a showing of medical negligence, does not amount to an Eighth Amendment violation). The Court should not go down that path and endeavor to micromanage the healthcare of every single inmate in ADC custody.[3] *See Bruce v. Ylst*, 351 F.3d 1283, 1290 (9th Cir. 2003) ("[F]ederal courts must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison

---

[2] *See* https://corrections.az.gov/reports-documents/adc-policies/department-orders-index.

[3] Defendants note that since February 2015, the inception of the enforcement period, Plaintiffs' counsel have sent them 747 letters stating medical complaints by individual class members' (*See*, e.g., Dkt. 2432-1.) Each complaint is investigated. (*See*, *e.g.*, Ex. 1.) In addition to medical grievances properly submitted through the grievance system, ADC reviews and investigates complaints received by inmate family members. *See* https://corrections.az.gov/public-resources/constituent-services/communicating-adc-about-inmate.

administrators, for which we are ill-equipped."). Its authority is limited to enforcing the terms of the Stipulation.[4] (Dkt. 1185, ¶ 36.)

## II. THE COURT SHOULD REJECT PLAINTIFFS' PROPOSAL TO PAY INDIVIDUAL CLASS MEMBERS.

Plaintiffs propose to "use 10% of the funds to compensate each class member identified by Defendants as being among the individual instances of noncompliance with the OSC order in December 2017 and January 2018." (Dkt. 2941 at 2.) But, once again, this proposal does nothing to "further compliance with the healthcare requirements of the Stipulation." (Dkt. 2898 at 23.) Defendants have already paid the sanction. Giving that money to inmates—even to those who have been released, or to the next-of-kin (Dkt. 2941 at 2-3)—will not further compliance. Indeed, it would take money out of the pot that could be used to improve the healthcare system.

Paying individual class members is also prohibited for several reasons. First, the underlying lawsuit was one for prospective relief only, not damages. (Dkt. 1.) *See Brown v. Or. Dep't. of Corr.*, 751 F.3d 983, 989 (9th Cir. 2014) (holding that the 11th Amendment bars damages for official capacity claims). Second, the Stipulation does not allow for liquidated damages or contemplate any damages payout to individual class members for Stipulation violations. (Dkt. 1185.) Third, none of the class members who would receive a payout under this proposal has shown any damages. Simply because they did not receive care under the parameters of the Stipulation does not mean they suffered any injury. Compensating class members for no injury is an improper contempt fine. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947) ("Where compensation is intended .... [s]uch fine must of course be based upon evidence of complainant's actual loss."). And it becomes an improper punitive fine where, as here, Plaintiffs have admitted that compensation for each class member is no more than $10. (Dkt. 2214 at 6.) *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (a coercive

---

[4] Defendants note that Magistrate Judge Duncan has previously acknowledged that the Stipulation does not allow him to appoint a special master. (Dkt. 2038, R.T. 04/17/17 at 673:24-676:6; *see also* Dkt. 2043, 2067, 2083.)

4

sanction "cannot undo or remedy what has been done nor afford any compensation"). Fourth, compensating these class members violates Defendants' Seventh Amendment right to a jury trial and the PLRA. *See* 42 U.S.C. §§ 1997e(a), -(e) (inmates cannot recover damages unless they exhausted all administrative remedies and prove physical injury); *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 822 (1994) ("disinterested factfinding and evenhanded adjudication" are essential to imposing criminal fines). The arbitrarily selected class members cannot receive any of the sanction monies.

### III. CONCLUSION

For these reasons, the Court should reject Plaintiffs' counsel's proposed use of the sanction monies.

DATED this 6th day of August, 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Rachel Love
  Daniel P. Struck
  Rachel Love
  Timothy J. Bojanowski
  Nicholas D. Acedo
  3100 West Ray Road, Suite 300
  Chandler, Arizona  85226

  Office of the Arizona Attorney General
  Michael E. Gottfried
  Assistant Attorneys General
  2005 N. Central Avenue
  Phoenix, Arizona 85004-1592

  *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

///

///

///

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Rachel Love