Office of the Arizona Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' "IMPLEMENTATION PLAN" FOR THE ADVISORY BOARD'S HEALTH CARE STAFFING RECOMMENDATIONS (DOC. 2948-1)** |

Defendants Ryan and Pratt, through counsel, reply to Plaintiffs' Response to Defendants' "Implementation Plan" for the Advisory Board's Health Care Staffing Recommendations (Doc. 2948, 2948-1). This Court should find that Corizon's Implementation Plan satisfies the Court's Order to implement the Advisory Board's generalized recommendations and deny Plaintiffs' request that Defendants submit a new

plan within ten (10) days.  (Doc. 2804, 2961 at 3.) [1]   This is especially so where the Stipulation expressly forbids the Court from ordering Defendants to hire a specific number or type of staff unless Defendants propose to do so themselves.  (Doc. 1185, ¶ 36.)

Here, the Advisory Board's final report very generally sets forth nine recommendations regarding staffing and compensation for Corizon's provider-level health care and mental health personnel who provide care to the ADC inmate population incarcerated at ADC's ten state-operated prison complexes.  (Doc. 2940-1.) Plaintiffs' Response takes issue with Corizon's plan for implementation of the Advisory Board's recommendations, arguing in sum that Corizon's plans are not specific enough. Plaintiffs' Response, however, only specifically objects to Corizon's plan for three of the nine recommendations. As set forth in Defendants' Notice and explained below, Corizon's submitted implementation plan is compliant with the Court's Order where the Advisory Board's recommendations are general in nature and require careful evaluation, study, and consideration in order to determine more specified implementation.[2]

First, Plaintiffs object to Corizon's plan regarding the Advisory Board's Recommendation 2 (Strengthen and standardize a referral and retention bonus plan) because Corizon stated it was evaluating potential referral/retention bonus plans to

---

[1]Defendants have appealed the validity of the Order. Nothing in this Reply should be construed as a waiver of that challenge. Moreover, the Court should first resolve Defendants' forthcoming motion to stay the June 22 Orders before ruling on Plaintiffs' objections.

[2] As to the "Healthcare Provider Survey and Interviews" component of the evaluation, the Advisory Board's recommendations were based, in part, on:

- an email survey distributed to 171 current employees, to which only 67 responses were received; and
- phone interviews requested of 36 current/former employees, of which 15 interviews were completed.

Corizon, however, employs more than 1000 persons to deliver healthcare to the ADC inmate population.

1   determine whether to implement the recommendation.  (Doc. 2948-01 at 2). The Board's
2   recommendation is general at best, encouraging Corizon to "incentivize" its Arizona
3   employee-base through generalized bonus plan and non-specified mentoring and peer-to-
4   peer engagement programs. There can be no dispute that evaluating compensation
5   packages for all of Corizon's current employee-base which traverses numerous levels of
6   positions is an arduous task. As such, Corizon's evaluation efforts are compliant with the
7   Court's Order to implement the Board's recommendation.  (Doc. 2940-1 at 20.)

8       Second, Plaintiffs likewise object to Corizon's plan regarding the Advisory
9   Board's Recommendation 3 (Ensure compensation methodology integrity) because
10  Corizon stated it would continue to evaluate its compensation structures utilizing its
11  Compensation Department. (Doc. 2948-01 at 2). Simply put, the recommendation
12  advocates a generalized "consistent compensation approach across all provider types and
13  suggests "[r]evisiting compensation bands" for physicians and psychologists. (Doc. 2940-
14  1 at 21.)  Cut to its quick, Recommendation 3 suggests Corizon take another look at its
15  physician and psychologist compensation plans.  That is what Corizon is doing.  Such an
16  evaluation cannot be completed in 30 days.  As such, Corizon's evaluation efforts are
17  compliant with the Court's Order to implement the Board's recommendation.

18      Third, Plaintiffs object to Corizon's plan regarding the Advisory Board's
19  Recommendation 8 (Create a provider-led committee structure to increase employee
20  engagement) in which Corizon advised that while it is evaluating the recommendation, it
21  already has daily processes whereby providers (led by its Arizona Regional Medical
22  Director) are able to discuss quality of care and specific patient issues in a collegial
23  exchange. (Doc. 2948-01 at 3). The Board's recommendation neither acknowledges the
24  existence of this already-in-place process nor criticizes it.  (Doc. 2940-1 at 20.) Corizon's
25  commitment to evaluate its existing processes that already allow its providers "to be
26  heard" in conjunction with the Board's seemingly similar recommendation to do the same
27  is reasonable and compliant with the Court's Order.

28

Finally, Plaintiffs seem to generally argue that Defendants and Corizon are ordered to "try something new" by way of referring out of context to Status Hearing discussions in which remedial plans tied to specific Stipulation Performance Measures have been discussed. Here, however, none of the Advisory Board recommendations are tied to specific Stipulation provisions or Performance Measures – and indeed they cannot be where the Stipulation provides that the Court is not permitted to order Defendants to "hire a specific number or type of staff."  (Doc. 1185, ¶ 36.) Neither does the Order nor the Board recommendations require Corizon to eliminate its current processes and start anew with its staffing, recruitment or retention processes. Based upon the general recommendations provided by the Advisory Board, Corizon's careful evaluation and study of current processes, with consideration of improvement of the same, is therefore reasonable under the circumstances and constitutes compliance with the Order.

For these reasons, Defendants request this Court find that Corizon's Implementation Plan (Doc. 2948-1) complies with the Court's Order and deny Plaintiffs' request for the filing of a "new plan."

DATED this 6th day of August, 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Rachel Love
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 West Ray Road, Suite 300
Chandler, Arizona  85226

Office of the Arizona Attorney General
Michael E. Gottfried
Assistant Attorneys General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:    ahardy@prisonlaw.com

Amelia M. Gerlicher:    agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amy B. Fettig:    afettig@npp-aclu.org

Asim Dietrich:    adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:    cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:    ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:    DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:    dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:    dspecter@prisonlaw.com

Jessica Pari Jansepar Ross:    jross@azdisabilitylaw.org

John Howard Gray:    jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:    jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:    jrico@azdisabilitylaw.org

Kathleen E. Brody:    kbrody@acluaz.org

Kirstin T. Eidenbach:    kirstin@eidenbachlaw.com

Maya Abela:    mabela@azdisabilitylaw.org

Rose Daly-Rooney:    rdalyrooney@azdisabilitylaw.org

Sara Norman:    snorman@prisonlaw.com

Rita K. Lomio:    rlomio@prisonlaw.com

Victoria Lopez:    vlopez@aclu.org

/ / /

/ / /

/ / /

5

1         I hereby certify that on this same date, I served the attached document by U.S.
2   Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

3       N/A

4                       /s/Rachel Love