Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-ROS<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PROPOSAL RE: USE OF CONTEMPT FINES (DOC. 2941)** |

Plaintiffs submit this reply in support of their Proposal Re: Use of Contempt Fines (Doc. 2941).

## I. NINETY PERCENT OF THE CONTEMPT FUNDS SHOULD BE USED TO COMPENSATE ONE OR MORE INDEPENDENT MEDICAL EXPERTS.

Consistent with the Court's order (Doc. 2898 at 23), Plaintiffs proposed that "[t]he Court should use 90% of the [contempt] funds to pay for one or more independent medical experts to investigate and resolve concerns about the medical care of individual class members." [Doc. 2941 at 2] Defendants object to this proposal, but their objections have nothing to do with the proposal Plaintiffs actually made.

Defendants claim that Plaintiffs' proposal runs afoul of the Stipulation's provision that the Court may not order Defendants "to hire a specific number or type of staff." [Doc. 1185 ¶ 36] But Plaintiffs' proposal says nothing about Defendants hiring anyone; it proposes the appointment of "one or more independent medical experts." [Doc. 2941 at 2] To the extent that Defendants are arguing that the Court has no power to appoint an independent expert, Defendants lost that argument when the Court appointed a Rule 706 expert in December 2017. [Doc. 2483] And such an argument is baseless in any event; district courts have broad authority—both under Rule 706 and pursuant to their inherent power—to appoint expert witnesses and consultants. *See Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) ("district courts retain inherent authority to appoint technical advisors in appropriate cases").[1]

---

[1] Defendants state that "Magistrate Judge Duncan has previously acknowledged that the Stipulation does not allow him to appoint a special master," citing "R.T. 04/17/17 at 673:24-676:6." [Doc. 2968 at 4 n.4] This is false. At the cited portion of the transcript, Judge Duncan said the following:

> And so what I do now is I provide the notice under Rule 53(b)(1) of the Rules of Civil Procedure that the Court is contemplating appointing a special master to serve these functions, functions to be specifically delineated after I have given the parties an opportunity to be heard.

[Tr. 4/17/17 at 674:11-15]

Plaintiffs' proposal stated that it "will not replace the currently existing grievance process outlined in ADC's Department Order ("DO") 802." [Doc. 2941 at 2] Although this language could hardly be clearer, Defendants nevertheless claim that Plaintiffs' proposal would "effectively override … ADC's grievance system." [Doc. 2968 at 2] Defendants argue that "inmates will simply elect to raise their 'concern' with the special investigator [sic] and bypass the grievance process altogether" [*Id.* at 3] But this is rank speculation, unsupported by declarations or any other evidence. In any event, the Prison Litigation Reform Act "requires prisoners to exhaust prison grievance procedures before filing suit." *Jones v. Bock*, 549 U.S. 199, 202 (2007). Thus, if class members fail to use the ADC grievance system, it is they who will be harmed, not Defendants.[2]

Finally, Defendants object that Plaintiffs' proposal "will enmesh the Court in dozens, hundreds, and perhaps even thousands of inmate 'concerns' regarding their individual healthcare." [Doc. 2968 at 3] But this argument bears no relationship to Plaintiffs' actual proposal, which says nothing whatsoever about Court involvement in the work of the independent expert.[3]

## II. TEN PERCENT OF THE CONTEMPT FUNDS SHOULD BE USED TO COMPENSATE INJURED CLASS MEMBERS.

Plaintiffs propose using 10% of the contempt funds to compensate class members who did not receive the health care to which they are entitled under the Stipulation. Defendants raise a grab-bag of arguments against this proposal; all are meritless.

---

[2] Even assuming, *arguendo*, that complaints to the independent expert would supplement Defendants' grievance system, appointment of such an expert is well within the Court's plenary power to enforce the Stipulation (*see* Doc. 1185 ¶ 36) and its broad remedial power in contempt proceedings (*see* n.3, *infra*). It is obvious that Defendants' grievance system has thus far failed to ensure that class members receive basic medical care that complies with the requirements of the Stipulation.

[3] Defendants cite cases setting forth the requirements for establishing an Eighth Amendment violation (Doc. 2968 at 3), but those requirements are irrelevant where, as here, Defendants have been held in contempt for violating a court order. "District courts have broad equitable power to order appropriate relief in civil contempt proceedings." *SEC v. Hickey*, 322 F.3d 1123, 1128 (9th Cir.), *opinion amended on denial of reh'g sub nom. SEC v. Hickey*, 335 F.3d 834 (9th Cir. 2003).

Many of Defendants' arguments are premised on the assumption that compensatory contempt fines are identical to money damages. They are not. "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). This inherent power is not limited to cases in which money damages are sought in the complaint or provided for in the resulting settlement agreement, and it is in no way affected by the Prison Litigation Reform Act. *See Kelly v. Wengler*, 822 F.3d 1085, 1091 (9th Cir. 2016) (affirming contempt sanctions for violation of settlement in injunctive action brought by prisoners).[4]

Once a party has been held in contempt, the court may impose "a remedial fine, which compensates the party who won the injunction for the effects of his opponent's noncompliance." *Hutto v. Finney*, 437 U.S. 678, 691 (1978) (prison conditions case). Defendants assert, without authority, that class members who concededly did not receive the health care services to which they are entitled under the Stipulation have suffered no injury, but this argument is risible; one who has been deprived of something to which she is legally entitled has clearly suffered a legally cognizable injury. *See, e.g.*, *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) ("the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury").

To the extent that Defendants argue that an individualized calculation must be performed with respect to each of the more than 1400 class members to whom they denied required health care, they are wrong; a court may award a compensatory contempt fine in a nominal amount without proof of actual harm. *Welch v. Spangler*, 939 F.2d 570, 573 (8th Cir. 1991) (prison conditions case). One hundred dollars per incident of wrongfully denied health care is a reasonable amount for a nominal award. *See Tom James Co. v.*

---

[4] Defendants' counsel in this case were also counsel for defendants in *Kelly*. *See* 822 F.3d at 1090.

1  *Morgan*, 141 Fed. App'x 894, 897 (11th Cir. 2005) (granting nominal contempt award of $100 per incident).

Finally, Defendants' argument that they are immune from contempt sanctions under the Eleventh Amendment is frivolous. *See Hutto*, 437 U.S. at 690 (award of contempt sanctions against state defendant in prison conditions case is not barred by Eleventh Amendment). Defendants' argument that they are entitled to a jury trial is similarly foreclosed by Supreme Court precedent. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) (for civil contempt, "[n]either a jury trial nor proof beyond a reasonable doubt is required").

## CONCLUSION

The Court should adopt Plaintiffs' proposal for use of the contempt funds (Doc. 2941).

Dated: August 13, 2018                     **ACLU NATIONAL PRISON PROJECT**

By:   s/ David C. Fathi
David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@aclu.org
          afettig@aclu.org
          vlopez@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:   dbarr@perkinscoie.com
          agerlicher@perkinscoie.com
          jhgray@perkinscoie.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:   kbrody@acluaz.org

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:   dspecter@prisonlaw.com
         ahardy@prisonlaw.com
         snorman@prisonlaw.com
         ckendrick@prisonlaw.com
         rlomio@prisonlaw.com

*Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.L.L.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone: (520) 477-1475
Email:   kirstin@eidenbachlaw.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:   cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:   jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:   s/ Maya Abela
    Asim Dietrich (Bar No. 027927)
    5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
    Telephone: (602) 274-6287
    Email:   adietrich@azdisabilitylaw.org

    Rose A. Daly-Rooney (Bar No. 015690)
    J.J. Rico (Bar No. 021292)
    Jessica Jansepar Ross (Bar No. 030553)
    Maya Abela (Bar No. 027232)
    **ARIZONA CENTER FOR DISABILITY LAW**
    177 North Church Avenue, Suite 800
    Tucson, Arizona 85701
    Telephone: (520) 327-9547
    Email:
      rdalyrooney@azdisabilitylaw.org
      jrico@azdisabilitylaw.org
      jross@azdisabilitylaw.org
      mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

s/ D. Freouf