☒ FILED  ☐ LODGED

**Aug 15 2018**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

Michael J. Cohn #285721
ASPC Lewis/Bachman
P.O. Box 3500
Buckeye, AZ 85326

UNITED STATES DISTRICT COURT, ARIZONA

Parsons, et al.
v.
Ryan, et al.

2:12 CV-00601-ROS
Petition for considering case overlap
Hon. Roslyn O. Silver

I, Michael J. Cohn, Class plaintiff in the above captioned case respectfully request that this honorable court so sponte consider the overlap of the above captioned case with CV13-01149-TUC-CKJ. As set forth in the attached documents, the aggregate effects of the AZ. Dept. of Corrections (Charles Ryan, Director, under the supervision of Gov. Douglas Ducey), create a super-extraordinary circumstance of hostile treatment of inmates. Such ongoing violations of multiple constitutional rights constitutes "irreperable harm" of inmates, requiring extraordinary remedies in my opinion. Elrod v. Burns, 427 US, 347, 373, 96 S Ct, 2673 (1976)

In effect, for many inmates "triple-jeopardy" is implicated. Inadequate medical care plus inadequate safe housing assignments implicates "intent to neglect," systemically and across departments within ADC. Civil Rights attorney Stacy Scheff has informed me that in one of her cases, Marlene Coffee of the Protective Custody Committee has testified in US. District Court that she (ADC) knows of the risks to inmates assigned to general population units. Yet, ADC continues to deny, routinely, access to Protective Custody units by those seeking such protections. Further

ADC intentionally assigns inmates to high risk units where those reportedly cooperating with integration are threatened, assaulted and reportedly some have been murdered by resistant inmates. Ms. Schell has indicated to me that she is willing to submit a declaration verifying some or all above upon the court's request.

It seems that management of the Arizona Department of Corrections is out of control and is in serious need of rehabilitation. As the State of Arizona appears incapable of repairing/managing this situation, an extraordinary remedy is required.

For the reasons stated herein and for the fact that counsel for plaintiffs shirks responsibility for filing a comparable motion, this honorable court should honor this request in all its respects.

Respectfully Submitted:                                  Date: 7/31/18

Michael J. Cohn, Ed.D.

Dr. Michael J. Cohn
   Prisoner Rights Advocate
   Per General Order 14-17

Original efiled to:   on: 8/15/18
   Clerk of the U.S. Dist. Ct., et al.

— Copy mailed to:   on: 8/16/18
   Arizona Supreme Court and parties
   1501 W. Washington
   Phoenix, AZ 85007

Michael J. Cohn #288721
ASPC Lewis/Bachman
P.O. Box 3500
Buckeye, AZ 85326

ARIZONA SUPREME COURT

| State of Arizona | CR-18-0338-PR |
| v. | 1CA-CR 18-0020-PR PC |
| Michael J. Cohn | CR 2013-114147-001 |
| Petitioner, Pro Per | Petition for Triple-Jeopardy Relief (Special Action) |

I, Michael J. Cohn, Petitioner Pro Per in the above captioned case, respectfully request a sua sponte order for relief from triple-jeopardy as described herein and in the attached documents and in the appellate brief.

Pursuant to U.S. v. Kelsor, 665 F3d 6811 (6th Cir. 2011), more than one punishment for the same offense constitutes double jeopardy. This is consistent with U.S. v. Briggs 623 F3d 7221 (9th Cir. 2010); State v. Donald, 198 Ariz. 406 10 P.3d 1193 (app. 2000). Model Code E.R. 3.4, 3.8, ARCrP. 15.1, et seq., ARCrP. 26.8, et seq., the 5th, 6th, 8th & 14th Amdts. of the U.S. Constitution, comparable State of Arizona constitutional articles, inter alia, et al.

The facts are that ADC provides inadequate medical care (Parsons v. Ryan, #2:12 CV 601-DKD, class action upheld, 2013, class action aff'd, 9th Cir. 2014) and exposes inmates wantonly to harm via the Federally mandated integration process CV 13-01149-TUC-CKJ.

Petitioner alleges he was not informed of either of the above cases prior to agreeing to the plea

agreement, is now exposed to "unreasonable risk of future harm by both scenarios (Helling v. McKinney, 509 US at 33 (1993), was provided no explanations of these conditions by defense counsel, prosecutor or Judge, was provided no case documents to read in violation of the 1st amendment, and did not receive an explanation from Judge Stephens as to why he was being sentenced to ADC in violation of multiple constitutional rights. ARS§13-4121; 13-4132.2; 13-4132.3; ARS§13-116, ARS§13-702 note 35, 5th, 6th, 8th & 14th amendts. U.S. Const. & comparable state constitutional articles. This is an extraordinary circumstance, not incidental to incarceration.

Petitioner, on or about Feb. 17, 2018 was compelled to seek protective segregation due to threat of assault. Petitioner asserts the primary cause for the threat was anti-semitism. Petitioner has been denied placement in the Integrated Housing Program (IHP) or Protective Custody units, the safest reasonable settings for an inmate in his circumstances. Petitioner also alleges ageism and disability discrimination by ADC and a hate crime enhancement to ADC's apparent adult neglect, criminal negligence and fraud.

### Efforts to Resolve

Petitioner has notified the "Criminal Investigations Unit" which shirks responsibility for investigating this matter. Petitioner has written ADC's General Counsel, the ACLU, copied the Attorney General, et al. to no avail. Petitioner's only resort it seems is the court. Petitioner has been informed by counsel that ADC is highly resistant to placing civil case plaintiffs in safe units. This exposes them to risk pending resolution of the case. This is not a reasonable remedy for a 67 year old Jewish [...] is not a trouble maker. Such conditions are unreasonable

of a Jewish man in a prison that is medically hostile as well as racially hostile (anti-semitism). For the reasons stated herein, this honorable Court should grant petitioner's request for special action.

Respectfully submitted,   Date: 7/31/18

Michael J. Cohn, Ed.D.

Michael J. Cohn, Ed.D.

Original and 6 copies mailed to:   on:
- Clerk of the AZ. Supreme Court
  1501 W. Washington
  Phoenix, AZ 85007

Copies to:   on:
- Attorney General
  1275 W. Washington
  Phoenix, AZ 85007

- Maricopa Co. Atty.
  301 W. Jefferson
  Phoenix, AZ 85003

- Hon. Sherry K. Stephens
  175 W. Madison
  Phoenix, AZ 85003

- Amanda Martin, Atty. Supervisor
  Ofc. of the Public Defender
  620 W. Jackson #4015
  Phoenix, AZ 85003

- Stacy Scheff, Esq., Atty. for Dr. Cohn
  P.O. Box 40611
  Tucson, AZ 85717

- David Fathi, Director
  ACLU, Natl. Prison Project
  915 15th St. NW., 7th Flr.
  Washington, D.C. 20005

GAL DEPARTMENT
ATIONAL PRISON
ROJECT



Received 7/30/18 MAC

# CONFIDENTIAL ATTORNEY-CLIENT CORRESPONDENCE

July 23, 2018

Michael Cohn ADC #288721
ASPC Lewis, Bahman Unit
P.O. Box 3500
Buckeye, AZ 85326

Re: *Parsons v. Ryan*

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON DC 20005-2112
T/202 393 4930
F/202 393 4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC
PRACTICE LIMITED TO
FEDERAL COURTS

Dear Mr. Cohn,

We received your letter of June 3, 2018. We are sorry to hear about your concerns with the ADOC. As you may know, we are currently in the monitoring phase of *Parsons v. Ryan*. The information you provide is valuable to us as we work to ensure that the Arizona Department of Corrections complies with the settlement agreement.

We appreciate your time and thank you for your interest in *Parsons v. Ryan*.

Sincerely,

The National Prison Project

6 of 9

*Writer Copy*   Received w/letter from ACLU 7/30/18, mJC

Michael J Cohn #288721
ASPC Lewis / Bachman
P.O Box 3500
Buckeye, AZ 85326

6/3/18

David Fathi Director
National Prison Project
ACLU
915 15th St. NW
Washington D.C 20005-2112

RE: Aggregate risk of Future Harm to Defendants in Criminal Trials/ Arizona Superior Courts /AZ. Dept of Corrections - class Action (ADOC - Hereinafter) Farmer vs Brennan (1994); Helling vs McKinney (1993)

Mr. Fathi:

I write as a supplement to my prior letters regarding unreasonable risk of future harm to inmates cooperating with the federally mandated racial integration of the AZ Dept of Corrections. I copy the Attorney General as he supervises the County Attorneys, defends the State in parties by, by cw + response to appeals of defendants in the appellate and the Supreme Court. I copy the Director of the Maricopa Co. Public Defenders office as this is the largest County in the state by population of detainees. I do not know who the President of the Public Defenders, Defense Attorney Association is. I allege the following:

Cumulatively, the risk of harm from inadequate medical care in ADOC and to inmates cooperating with the integration process makes ADOC

an untenable setting for incarceration. Recent Riots in Yuma and Tucson are symptomatic of administrative incompetence and policy failures

2.) Systemic deficiencis in security staffing and protective custody facilities implicate a "pervasive risk" of harm.

3.) Housing violent inmates or inmates with substantial disciplinary violations in open dormitores trespasses 8th amendment rights and constitutes double-jeopardy to non-violent inmates. Violence is not necessarily defined by offense, but also by competent assessment of inmates upon intake.

4.) 5th, 6th and 14th amendment due process rights are commonly violated during trial and sentencing phases as evidence of risk of harm is concealed by the state during these judicial phases. Defendants have a right to not be sentenced based on false or unreliable information. As the aggregate risk results in an unreasonable risk of future harm to defendants, defendants/Counsel have a right to know the evidence of these conditions of confiment prior to signing plea agreements or deciding to go to trial (Donald/Brady)

5.) Plea agreements have inadequate safeguards to protect against "Sentencing manipulation". "Sentencing enhancement," exposes defendants to second or third punishments for the same offense. Prosecutor misconduct, by concealment of evidence, causes a greater sentence than the statutes require.

6.) The ADOC intentionally houses inmates in high risk units (see #2 above)

7.) The aggregate results of inadequate medical care and deficient protective/security measures is an extraordinary situation, not the incidental consequences of incarceration

2      8 of 9

Remedies for Consideration

1) Injunctive Relief
   A) Suspend Sentencing defendants to ADOC, pending resolution of the above.
2) Release non-violent (non-dangerous/non-repetitive) inmates to community corrections.
3) Institute scientifically researched/effective rehabilitation programs in All ADOC units.
4) Criminal charges for adult abuse/neglect, fraud, criminal negligence against staff as indicated. ARS (46-451-457)
5) Appoint a federal receiver to supervise the administration of ADOC.
6) Sanctions as indicated.
7) Refer to DOJ for investigation of corruption into the executive and legislative branches of Arizona Government.

        Respectfully submitted

        Michael J. Cohn, Ed, D.

    Dr. Michael J. Cohn
    Prisoner rights Advocate (5 years Experience)

CC: James Haas, Dir ofc of the public Defender (Maricopa Co)
     Mark Brnovich attorney General