Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,

Plaintiffs,

v.

Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,

Defendants.

No. CV 12-00601-PHX-ROS

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RELIEF FROM COURT ORDER RE: HNR BOXES (DOC. 2932)**

## INTRODUCTION

Over the past year and a half, the parties have "litigated the issue [of HNR boxes] to conclusion," including through a four-day evidentiary hearing and extensive briefing.[1] [Doc. 2901 at 4] Based on the well-developed record, the Court found that "not all inmates are able to attend an open clinic, wait to be seen, and submit an HNR without difficulty," and ordered Defendants to reinstall HNR boxes. [*Id.* at 2, 4] Dissatisfied, Defendants repackage in a Rule 60(b) motion the very same arguments briefed last year.

But neither an adverse ruling nor a new judge resets the clock and authorizes yet another round of briefing. *See Ctr. for Biological Diversity v. Norton*, 304 F. Supp. 2d 1174, 1178 (D. Ariz. 2003) ("It is not the proper function of a Rule 60(b) motion to reargue matters that have already been litigated."); *Tech. Res. Servs., Inc. v. Dornier Med. Sys., Inc.*, 134 F.3d 1458, 1465 n.9 (11th Cir. 1998) ("In general, when a case is transferred from one district judge to another, the parties should not treat the transfer as an opportunity to relitigate all of the first judge's rulings."); *Williams v. C.I.R.*, 1 F.3d 502, 503 (7th Cir. 1993) ("Litigants have a right to expect that a change in judges will not mean going back to square one."). Put simply, Defendants' motion amounts to little more than a continuation of their "distracting" motions practice that the Court already has noted "divert[s] the attention from . . . what should be the appropriate focus on this case." [6/1/18 AM Tr. at 14:3-24 (discussing "motion from the defendants trying to stop everything that we have put in place, a motion that is without any basis in law")]

---

[1] [*See* Doc. 1862 at 1 (Order) ("This new system, however, does not appear to provide a mechanism by which inmates who are not able to see a registered nurse during the appointed timeframe can still submit their HNRs in a way that can be monitored. This concern was echoed by Plaintiffs' counsel, who indicated that inmates have recently reported an inability to submit HNRs if they were not seen at the open clinic."); Doc. 1873 (Defendants' Response re: HNR Submissions); Doc. 1889 (Plaintiffs' Comments Re: Revised Monitoring Guides and Open Clinic); Doc. 2136 (Defendants' Motion to Vacate Evidentiary Hearing on HNR Boxes); Doc. 2147 (Order); Doc. 2164 (Defendants' Proposed Agenda for July 13-14, 2017 Status Hearing and Evidentiary Hearing re HNR Boxes) ; 7/14/17 Tr.; 8/8/17 Tr.; 8/9/17 Tr.; 9/13/17 Tr.; Doc. 2365 (Plaintiffs' Statement Regarding Defendants' Removal of HNR Boxes) ("Plaintiffs' HNR Statement"); Doc. 2416 (Defendants' Response to Plaintiffs' Statement re Defendants' Removal of HNR Boxes) ("Defendants' HNR Response"); Doc. 2458 (Plaintiffs' Reply in Support of Statement on Removal of HNR Boxes) ("Plaintiffs' HNR Reply")]

## ARGUMENT

The Ninth Circuit has "cautioned that [Rule 60(b)(6)] is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citations omitted). "To receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (internal quotation marks, brackets, and citations omitted); *see also Mattivi Bros. Leasing Inc. v. Ecopath Indus. LLC*, No. CV-10-0049-PHX-DGC, 2011 WL 2784609, at *3 (D. Ariz. July 14, 2011) ("Rule 60(b)(6) places the burden entirely on Defendant to establish 'extraordinary circumstances' beyond its control."). Defendants do not even attempt to meet this heavy burden. Instead, as explained below, Defendants simply repeat the same arguments and issues that were fully briefed last year and considered by the Court.

### I. RULE 60(B)(6) DOES NOT PERMIT ROTE RELITIGATION OF ISSUES.

"Legal error does not by itself warrant the application of Rule 60(b)." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). Put differently, "[i]t is not the proper function of a Rule 60(b) motion to reargue matters that have already been litigated." *Norton*, 304 F. Supp. 2d at 1178 (citing *Crateo v. Intermark, Inc.*, 536 F.2d 862, 870 n.15 (9th Cir. 1976), and *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)); *see also Hen v. City of Los Angeles*, 244 F. App'x 794, 797 (9th Cir. 2007) (observing that "a motion for reconsideration is not a means to reargue a previous position"); *Prudential Equity Grp., LLC v. Rowland*, No. 07-801-PHX-EHC, 2008 WL 11338875, at *2 (D. Ariz. Dec. 8, 2008) ("Dissatisfaction with the Court's order is not an adequate ground for relief, under Rule 60(b)."); *Cincinnati Ins. Co. v. All Plumbing, Inc. Serv., Parts Installation*, 64 F. Supp. 3d 69, 75 (D.D.C. 2014) ("Rule 60(b)(6) relief is inappropriate where Plaintiff merely reargues the theory he originally advanced." (internal quotation marks, brackets, and citation omitted)). Were the rule otherwise, "a district court's

workload would multiply" because it would be "obliged to rule twice on the same arguments by the same party upon request."[2] *Strawser v. Strange*, 100 F. Supp. 3d 1276, 1284 (S.D. Ala. 2015) (internal quotation marks and citation omitted).

Before issuing its order on HNR boxes, the Court held a four-day evidentiary hearing, where it "heard testimony from multiple inmate witnesses, ADOC staff, and Corizon staff." [Doc. 2901 at 2; *see* 7/14/17 Tr.; 8/8/17 Tr.; 8/9/17 Tr.; 9/13/17 Tr.] The Court then requested briefing from the parties, which covered the very same issues raised by Defendants now in their Rule 60(b)(6) motion. [9/13/17 Tr. at 169:15-171:19; Doc. 2318 at 2 (Civil Minutes)] In particular, prior briefing addressed **(a)** application of the Stipulation's dispute-resolution process, [*compare* Doc. 2932 at 7-8 (Defendants' Rule 60(b)(6) Motion), *with* Doc. 2416 at 4-5 (Defendants' HNR Response); *see also* Doc. 2458 at 3-4 (Plaintiffs' HNR Reply)]; **(b)** the Court's enforcement authority, [*compare* Doc. 2932 at 8-10 (Defendants' Rule 60(b)(6) Motion), *with* Doc. 2416 at 3-4 (Defendants' HNR Response); *see also* Doc. 2458 at 2-3 (Plaintiffs' HNR Reply)]; and **(c)** sufficiency of the evidence, including adequacy of class member testimony, testimony of Defendants' witnesses, open clinic access and waiting conditions, and reliability of CGAR data, [*compare* Doc. 2932 at 11-15 (Defendants' Rule 60(b)(6) Motion), *with* Doc. 2416 at 5-15 (Defendants' HNR Response); *see also* Doc. 2365 at 3-21 (Plaintiffs' HNR Statement); Doc. 2458 at 2, 4-5 (Plaintiffs' HNR Reply).

---

[2] Defendants filed a notice of appeal of the Court's order the day after filing their Rule 60(b) motion. [Doc. 2937] The proper vehicle for a litigant to challenge a district court's decision on the merits typically is an appeal. *Plotkin*, 688 F.2d at 1293 (noting that "correction of legal errors committed by the district courts is the function of the Court of Appeals"); *Title v. United States*, 263 F.2d 28, 31 (9th Cir. 1959) ("Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal."); *Sullivan v. Faras-RLS Grp., Ltd.*, 795 F. Supp. 305, 309 (D. Ariz. 1992) ("Arguments that the court was in error on the issues it considered should be directed to the court of appeals."); *Gonzalez v. BAC Home Loans Servicing, LP*, No. CV-12-02305-PHX-JAT, 2013 WL 3199729, at *2 (D. Ariz. June 24, 2013), *aff'd sub nom. Gonzalez v. Bank of Am., N.A.*, 643 F. App'x 665 (9th Cir. 2016) (denying Rule 60(b) motion because movant's "argument that this Court made an erroneous judgment is properly made in an appeal, not in a Rule 60(b) motion").

Such repeated arguments are not cognizable under Rule 60(b)(6). *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (affirming denial of Rule 60(b) motion where movants "simply reargued their case"); LRCiv 7.2(g)(1) ("No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order."); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579-580 (10th Cir. 1996) ("The only event not contemplated by Defendants was that the district court would disagree with their proffered interpretation of the settlement agreement, and that is not the kind of intervening event contemplated by Rule 60(b)(6)." (reversing grant of Rule 60(b) motion)).[3]

Defendants do include one "new" argument in their Rule 60(b) motion: Defendants now contend that the Court improperly placed the burden of proof on them. [Doc. 2932 at 10-11] In support, Defendants cite three cases that were decided in 1960, 2006, and 2013—well before the Court issued the challenged order. [*Id.*] But Defendants do not explain why they did not make this argument previously; indeed, both the Court and Plaintiffs had placed the burden of proof at issue, and Defendants opted not to respond. [*See* 6/14/17 Tr. at 111:15-18 ("THE COURT: . . . I do think that the burden is on the defendants to show me how it is that the stipulation's enforcement is not encumbered by the removal of something that is specified in the stipulation."); Doc. 2365 at 2 (Plaintiffs' HNR Statement) ("The Court has ruled that the burden would be on the Defendants to show that the removal of HNR boxes does not impact the reliability of

---

[3] Defendants, in their "Background" section, cite data from the March 2018 CGAR Report and state that "Plaintiffs have not presented any evidence to dispute the accuracy of these scores or the system-wide success of the open clinic." [Doc. 2932 at 5; *see also id.* at 14] That data was filed with the Court on May 24, 2018, after the parties' briefing of HNR boxes was completed on November 17, 2017. [Doc. 2836; Doc. 2458] But Plaintiffs' evidence and argument challenging the accuracy of the March 2018 CGAR data is the same evidence and argument Plaintiffs offered with respect to previous CGAR data—"by only counting and auditing HNRs that are accepted, Defendants do not capture in their CGAR reviews all of the requests for care." [Doc. 2458 at 2 (noting that Plaintiffs and their expert "repeatedly" have made this point)] The Court agreed with Plaintiffs. [Doc. 2901 at 2-3 (reviewing testimony and finding that "the modified open clinic HNR process may impermissibly constrict the number of HNRs submitted for measurement")]

CGAR results, or access to care. Defendants clearly have failed to meet the burden." (internal citation omitted)); Doc. 2458 at 4 (Plaintiffs' HNR Reply) ("Again, it is not Plaintiffs who have the burden of proof, but rather Defendants"). Rule 60(b)(6) cannot reanimate this waived argument. *See Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004) (affirming denial of Rule 60(b) motion that was a "belated attempt to argue a legal theory [movant] should have raised earlier"); *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) (affirming district court's refusal "to consider an argument raised for the first time on reconsideration without a good excuse" (citation omitted)); *Sprint Commc'ns Co., L.P. v. W. Innovations, Inc.*, 618 F. Supp. 2d 1121, 1123 (D. Ariz. 2009) ("Because there is no reason this argument could not have been presented earlier, it is not appropriate to present for the first time in a Motion for Reconsideration."); LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity . . . any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier . . . .").

## II. THE COURT'S ORDER IS NECESSARY TO ENSURE THAT ALL CLASS MEMBERS, INCLUDING THOSE "TOO ILL OR DISABLED TO GET TO AND WAIT AT THE OPEN CLINIC," ARE ABLE TO ACCESS MEDICAL AND MENTAL HEALTH CARE.

Finally, Defendants reference "'the risk of injustice to the parties.'" [Doc. 2932 at 7 (quoting *Liljeberg v. Health Servs. Acquisitions Corp.*, 486 U.S. 847, 863-64 (1988))] But absent the Court's order reinstating HNR boxes, class members—particularly those "too ill or disabled to get to and wait at the open clinic," which sometimes requires waiting "outside in temperatures exceeding 100 degrees"—may not be able to access needed medical and mental health care, and the "numbers of HNRs submitted for measurement" under the Stipulation "may [be] impermissibly constrict[ed]." [Doc. 2901 at 2, 3; *see also* Doc. 2365 at 9-21 (summarizing testimony explaining how open clinic creates barriers to care)]

Defendants assert that "compliance with the [HNR] Order will result in delayed healthcare." [Doc. 2932 at 2-3] But the Court's order expressly allows Defendants to "continue the open clinic procedures for accepting HNRs." [Doc. 2901 at 4; *see also id.* at 2-3 n.2 (noting that open clinic process has "positive attributes")] Defendants do not explain why they cannot both reinstall HNR boxes and continue to run open clinic apart from a general reference in the "Background" section of their motion to "already limited correctional and medical personnel." [Doc. 2932 at 6] That cursory statement is insufficient grounds for Rule 60(b)(6) relief. *See Norton*, 304 F. Supp. 2d at 1178 ("[R]elief from a court order should not be granted merely because a party finds it inconvenient to live with the terms of the order."); *California Pac. Bank v. Fed. Deposit Ins. Corp.*, 885 F.3d 560, 570 (9th Cir. 2018) ("Inadequately briefed and perfunctory arguments are . . . waived.").

Moreover, Defendants' assertion appears to conflict with their prior representations. For example, Defendants previously represented to the Court that class members could submit HNRs either at open clinic or through HNR boxes. [Doc. 1873 at 3 (Defendants' Response re: HNR Submissions) ("These processes ensure that inmates are able to submit HNRs in multiple ways to request and receive routine medical care within 24 hours of submission of their HNRs, whether the submission of the HNR occurs in person through the open clinic process or through placement of the HNR in the collection box.")] Moreover, the Assistant Director of Nursing at ASPC-Eyman testified that, when HNR boxes previously were in place, "[t]he night nurse would then pick them [HNRs] up and triage them so that the next day that they could see the nurse, dental or whoever they needed to see." [9/13/17 Tr. at 137:12-20] And, according to Defendants' attorney, both HNR boxes and the open clinic may have been running simultaneously at ASPC-Yuma. [6/1/18 PM Tr. at 97:10-99:17 ("My understanding is the boxes are supposed to be used for medication renewals and that the inmates are not supposed to be using those boxes to process HNRs, but they still do. And so as a result, nursing is still picking them up and processing them, but that's not supposed to be the way it's done.")]

In any event, if an inadequate number of correctional and medical personnel is the only problem, the solution is simple: Defendants must hire more correctional and medical personnel. *Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc) ("Lack of resources is not a defense to a claim for prospective relief because prison officials may be compelled to expand the pool of existing resources in order to remedy continuing Eighth Amendment violations.").[4]

**CONCLUSION**

This Court should deny Defendants' Motion for Relief from Court Order re: HNR Boxes [Doc. 2932].

Dated: August 17, 2018

**PRISON LAW OFFICE**

By: s/ Rita K. Lomio

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email: dspecter@prisonlaw.com
ahardy@prisonlaw.com
snorman@prisonlaw.com
ckendrick@prisonlaw.com
rlomio@prisonlaw.com

*Admitted *pro hac vice*

[4] In the "Background" section of their Rule 60(b) motion, Defendants assert that "[a]t no time has there been any finding, verdict, or judgment that Defendants had committed any constitutional violation . . . ." [Doc. 2932 at 3] This has become a common refrain in Defendants' filings, without success. For present purposes, Plaintiffs note only that the Court made all necessary findings under the Prison Litigation Reform Act, at the parties' joint stipulation and request. [Doc. 1458, Attach. 1; Doc. 1185 at 14 ¶ 36; 18 U.S.C. § 3626(a)(1)(A)]

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@aclu.org
afettig@aclu.org
vlopez@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.L.L.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone: (520) 477-1475
Email: kirstin@eidenbachlaw.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
agerlicher@perkinscoie.com
jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email: cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email: jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By: s/ Maya Abela

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
Jessica Jansepar Ross (Bar No. 030553)
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org
mabela@azdisabilitylaw.org
jross@azdisabilitylaw.org

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington St., Ste. 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.com

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

s/ D. Freouf