Office of the Arizona Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RELIEF FROM COURT ORDER RE: HNR BOXES (DOC. 2932)** |

Defendants have not rehashed old arguments or attempted a second bite of the apple in their request for relief from the Court's Order regarding HNR boxes (Doc. 2901). Relief is proper and warranted under Federal Rule of Civil Procedure 60(b)(6) to correct clear error and prevent manifest injustice.

**I. LEGAL ARGUMENT**

"Rule 60(b)(6) is a grand reservoir of equitable power and it affords courts the discretion and power to vacate judgments whenever such action is appropriate to

1 accomplish justice." *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (citing *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) (internal citations and quotations marks omitted)). "[T]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Phelps*, 569 F.3d at 1133. "If we focus on fairness to the particular litigants, a careful study of [the judge's] analysis of the merits of the underlying litigation suggests that there is a greater risk of unfairness in upholding the judgment . . . than there is in allowing a new judge to take a fresh look at the issues." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 868 (1988).

**A. Defendants Motion for Rule 60(b) Relief is Proper.**

The Ninth Circuit allows relief from judgment under Rule 60(b) to correct clear error. *Delay v. Gordon*, 475 F.3d 1039, 1043 (9th Cir. 2007); *Liberty Mutual Insurance Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982); *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966); *Welsh v. Cunard Lines, Ltd.*, 595 F. Supp. 844, 844 (D. Ariz. 1984). A court commits clear error and abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact. *See SEC v. Coldicutt,* 258 F.3d 939, 941 (9th Cir. 2001); *see also Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir. 1999)). Indeed, "a failure to correct *clear* error constitutes abuse of discretion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999) (en banc) (per curiam) (emphasis in original). Defendants' motion was timely filed—within 14 days of the Order—and is not a substitute for an untimely appeal. Defendants have preserved their appeal by timely filing a notice of appeal. (Docs. 2982 at n. 2 and 2937)  This Court has an opportunity and is in the best position to correct its own errors and is given wide discretion to do so under Rule 60(b)(6).

//
//

### B. The Court Committed Clear Procedural Error in Bypassing the Stipulation's Mandatory Dispute Resolution Process.

Plaintiffs offer no justification in their Response for the procedural defect at hand, or any substantive arguments concerning the appropriateness of the dissonant proceedings. (Doc. 2982) The Stipulation, however, clearly mandates a mediation process and sets forth each parties' burdens and obligations in the event of a dispute. The Court ignored this procedural prerequisite by ordering out-of-step evidentiary hearings and briefings regarding Defendants' positive change to an open clinic. While the Court stated: "Similarly unavailing is Defendants' contention that this issue is not yet ripe for resolution—it has been over one year since this decision was reported to the Court and the parties have litigated the issue to conclusion" [Doc. 2901 at p. 4], this passage of time justification was regarding the change in operations to the open clinic – and not evidence that Plaintiffs had proceeded through the Stipulation's required mediation process. The passage of time and ultra vires proceedings do not legitimize the procedural misstep. There has been no finding of waiver on Defendants' part as to the procedural illegitimacy of the HNR box evidentiary hearing process the Court chose to employ. (See Docs. 2136; 2416; and 2350, 09/13/2017 Evid. Hr. Tr. At 169:15-171:14) Magistrate Judge Duncan erred in side-stepping the Stipulation's mediation process, which requires Plaintiffs to first "provide Defendants with a written statement describing the alleged non-compliance ("Notice of Substantial Non-Compliance")." (Doc. 1185 at 13, ¶ 30) Defendants then must respond to Plaintiffs' Notice. (*Id.*) Thereafter, the parties must informally meet and confer to attempt to resolve the dispute. (*Id.*) If unable to resolve the dispute, the parties must mediate. (*Id.* at 13, ¶ 31) If still unresolved, either party may file a Motion to Enforce the Stipulation. (*Id.*) Only then would Magistrate Judge Duncan have the authority to make a finding as to substantial non-compliance. (*Id.* at 14, ¶ 36) This process did not occur, and, to be clear, there has been no finding of substantial non-compliance concerning the purely operational change to an open clinic practice.

Rule 60(b)(6)'s "grand reservoir of equitable power" is called upon here to correct clear error. "We must continuously bear in mind that 'to perform its high function in the best way justice must satisfy the appearance of justice.'" *Liljeberg*, 486 U.S. at 864 (citations omitted).  Failure to correct the clear error is an abuse of the Court's discretion. *McDowell*, 197 F.3d at 1255 n.4.  The Court stripped Defendants of their bargained for process requiring (1) Plaintiffs to provide Defendants notice of and describe their allegation of substantial compliance, (2) Defendants to respond to the allegations, (3) the parties to mediate any remaining disputes, and (4) a party to file a Motion to Enforce if seeking final resolution of any remaining disputes.  This process provides the parties multiple opportunities to resolve their disputes before burdening the Court. The Order should be vacated.

**C. The Court Committed Clear Error in Extending the Stipulation's Reach.**

Next, Plaintiffs provide no authority that supports the Court's inappropriate extension of the Stipulation and its limited enforcement power conferred thereunder. They rely instead solely upon the Court's flawed Order.

Here, the Court ostensibly agreed with Defendants that the purely operational change from the HNR box system to an open clinic practice was not prohibited by the Stipulation.  Indeed, it is undisputed that neither the Stipulation nor the performance measures require either an HNR box system or an open clinic. And so, to reach its findings, the Court inappropriately stretched the scope of the Stipulation and its enforcement authority to grant itself discretion to determine whether the operational change "complies with the letter and spirit of the Stipulation." (Doc. 2901 at 4)  In so doing, the Court impermissibly stepped outside the express language of the Stipulation to mandate operations that are not required by the Stipulation. *Mining Inv. Grp., LLC v. Roberts,* 217 Ariz. 635, 639, 177 P.3d 1207, 1211 (Ct. App. 2008) ("We have long held that we will give effect to a contract as written where the terms of the contract are clear and unambiguous.") *(citing Hadley v. Sw. Properties, Inc.,* 116 Ariz. 503, 506, 570 P.2d

190, 193 (1977); *Grubb & Ellis Mgmt. Services, Inc. v. 407417 B.C., L.L.C.,* 213 Ariz. 83, 86, ¶ 12, 138 P.3d 1210, 1213 (Ct. App. 2006)); *Goodman v. Newzona Inv. Co.,* 101 Ariz. 470, 472, 421 P.2d 318, 320 (1966) ("It is not within the province ... of the court to alter, revise, modify, extend, rewrite or remake an agreement.... Where the intent of the parties is expressed in clear and unambiguous language, there is no need or room for construction or interpretation and a court may not resort thereto."))*; Valley Nat'l Bank of Phoenix v. Shumway,* 63 Ariz. 490, 496, 163 P.2d 676, 678 (1945) ("[C]ourts cannot make contracts for the parties ....")*.*

The Stipulation is not a consent decree [Doc. 1842, 1846, 2228, 2241], and it explicitly limits the Court's enforcement authority to "enforcement of the performance measures and it's not a general habitability dominion that [it has]". (See Doc. 1185, ¶ 36; Doc. 2207, 07/13/2017 Status Hr. Tr. 6:22-25) The Court clearly erred in adding operational mandates to the Stipulation and imposing its own interpretation of the "letter and spirit of the Stipulation".

### D. The Court Committed Clear Error in Shifting the Burden to Defendants to Prove a Negative.

Plaintiffs argue only that Defendants failed to challenge the Court's burden shifting and therefore waived this argument. The record belies this claim.  Defendants have maintained throughout the out-of-step proceedings (and, frankly, since monitoring began) that the burden is on Plaintiffs to prove substantial non-compliance with the Stipulation. (See Docs. 2136 and 2416) As to the specific evidentiary hearings, counsel likewise preserved Defendants' objection to the not-bargained-for and erroneous burden shift that the Court landed on Defendants. (See Doc. 1836, 12/014/2016 Status Hr. Tr. 59:12-60:1; Doc. 2207, 07/12/2017 Status Hr. Tr. 24:1-7; Doc. 2350, 09/13/2017 Evid. Hr. Tr. At 169:15-171:14) Defendants further insisted that the parties are required to mediate the issue, and only when the parties cannot agree and seek enforcement is the Court authorized to intervene and resolve the matter.  (*Id.*)  Defendants have not waived their position on the Court's improper and unsupported burden shifting.

Again, Plaintiffs failed to provide any contrary authority or anything substantive that supports the erroneous burden shift. Indeed, the burden shift imposed by the Court and gladly accepted by Plaintiffs not only supplants new and non-agreeable terms to the Stipulation, but violates well-established contract claim jurisprudence. (Doc. 1185, ¶ 30) *See also Thomas v. Montelucia Villas, LLC*, 302 P.3d 617, 621 (Ariz. 2013) (plaintiff has the burden to of proving the existence of a contract, breach, and resulting damages). Moreover, requiring Defendants to then prove a negative—that removal of the HNR boxes "would have no effect on the measurement of Defendants' compliance with the Stipulation" [Doc. 2901 at 3]—imposes an unfair and unjust burden. *See United States v. Cortez-Rivera*, 454 F.3d 1038, 1041-42 (9th Cir. 2006) (quoting *Sissoko v. Rocha*, 440 F.3d 1145, 1162 (9th Cir. 2006); *see also Elkins v. United States*, 364 U.S. 206, 218 (1960). In extending its power to enforce an unambiguous contract where the express language was not in controversy and misapplying the burden of proof, the Court committed clear error and abused its discretion. *See Valley Eng'rs, Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir.1999). The error should be corrected and the Order vacated.

### E. The Court Committed Clear Error in Resting Its Decision on Clearly Erroneous Findings of Fact.

Plaintiffs argue in their Response that the HNR box system is "necessary to ensure all class members . . . are able to access medical and mental healthcare." (Doc. 2982 at 5) They rely exclusively on the Court's Order and offer nothing more. Plaintiffs ignore the overwhelming empirical evidence Defendants cited from the record that contradicts the Court's erroneous conclusion that there are barriers to access to healthcare and that the numbers of HNRs submitted may be impermissibly constricted.

The inescapable fact is that the Court's findings were based solely upon speculation derived from inadmissible hearsay testimony by "witnesses testif[ying] that some inmates were unable to attend the open clinic during the designated hours." (Doc. 2901 at 2) Even assuming the allegations of the witnesses were true and actually proven,

there was no finding by the Court of substantial non-compliance with any Stipulation performance measure triggering the Court's enforcement authority. The Order therefore further rests upon the Court's disregard of the express language of the Stipulation and imposed its own interpretation to determine whether a purely operational change "complies with the letter and spirit of the Stipulation"—a misappropriation of Arizona contract law. *Goodman,* 421 P.2d at 320.

Notably, Plaintiffs did not deny that the HNR box practice was failing. (Id. at 6) The deficient performance scores speak for themselves. (See Doc. 2932 at 3-5) Ostensibly because their demand for the return of a failing system contradicts their clients' interests, they assert that the Court did not preclude both systems from running and suggest that Defendants proceed with both practices to ensure compliance with performance measures. They then disingenuously allege that Defendants have not sufficiently explained why both systems cannot run at the same. However, as Plaintiffs note, Defendants provided that both systems could not be supported at the same time. (See Doc. 2982 at 6) And several weeks before Plaintiffs filed their Response, Defendants further provided ADC's Division Director, Carson McWilliams', Declaration in which he stated that "Defendants assessed available resources and determined that running dual systems . . . was unduly burdensome on already limited correctional and medical personnel and both systems could not be accommodated simultaneously. Accordingly, Defendants were required to cease operation of the open medical clinic to comply [with the Court's Order]." (Doc. 2947-1 at ¶ 22)

Plaintiffs offer no controverting substantive argument or evidence that supports the Order. The Court's findings and application of law in the Order were clearly erroneous and should be vacated.

/ / /

/ / /

/ / /

/ / /

## II. CONCLUSION

For these reasons and those set forth in Defendants' Motion for Relief (Doc. 2932), the Court's Order should be vacated.

DATED this 24th day of August, 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Daniel P. Struck
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 West Ray Road, Suite 300
Chandler, Arizona  85226

Office of the Arizona Attorney General
Michael E. Gottfried
Assistant Attorneys General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

///

///

///

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck