**Index of Exhibits to the**
**Declaration of Corene Kendrick**

| Exhibit # | Description |
|---|---|
| 1 | 7/2/18 Letter from D. Fathi to D. Struck |
| 2 | 7/17/18 Letter from J. Lee to D. Fathi |
| 3 | 7/24/18 Letter from D. Fathi to D. Struck |
| 4 | 8/1/18 Letter from J. Lee to D. Fathi |
| 5 | 7/5/18 Letter from C. Kendrick to T. Bojanowski Re: Class Member in Need of Mental Health Care, and 7/9/18 Response of A. Hesman to Same **(FILED UNDER SEAL)** |
| 6 | 7/18/18 Letter from R. Lomio to T. Bojanowski Re: Class Member in Need of Medical Care, and 7/18/18 Response of A. Hesman to Same **(FILED UNDER SEAL)** |
| 7 | 7/20/18 Letter from R. Lomio to T. Bojanowski Re: Class Member in Need of Medical Care, and 7/23/18 Response of A. Hesman to Same **(FILED UNDER SEAL)** |
| 8 | 7/23/18 Letter from C. Kendrick to T. Bojanowski Re: Class Member in Need of Medical Care, and 7/24/18 Response of A. Hesman to Same **(FILED UNDER SEAL)** |
| 9 | 8/10/18 Letter from C. Kendrick to T. Bojanowski Re: Class Member in Need of Mental Health Care, and 8/13/18 Response of A. Hesman to Same **(FILED UNDER SEAL)** |

# Exhibit 1

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



July 2, 2018

**BY ELECTRONIC MAIL ONLY**

Dan Struck
Struck, Love, Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
dstruck@strucklove.com

   Re: *Parsons v. Ryan*

Dear Dan:

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

PLEASE RESPOND TO
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*


*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

As you know, the Court has ordered that "Defendants shall continue to file monthly reports reflecting every instance of noncompliance for PMs at facilities under the October 10, 2017 Order to Show Cause that are at less than 85% compliance." Doc. 2898 at 24. The most recent month for which Defendants have filed such a report is February 2018. *See* Doc. 2786-2. Please let us know when Defendants will be filing their reports for March, April, May, and June 2018.

Please also let us know when Defendants will produce the April 2018 CGAR reports.

Thank you very much.

Very truly yours,

David C. Fathi

Cc:  All counsel

# Exhibit 2



STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Jacob B. Lee
480.420.1641
jlee@strucklove.com

July 17, 2018

**_VIA EMAIL ONLY_**
David Fathi
Legal Department
National Prison Project
915 15th Street, NW
7th Floor
Washington, DC  20005-2112

   **Re:**  **_Parsons v. Ryan_**

Dear David:

   We are in receipt of your letter dated July 2, 2018, as well as Corene's letter dated July 13, 2018, regarding production of data regarding instances of non-compliance with the Performance Measures subject to the Order to Show Cause that are below 85% compliance for March-June 2018 pursuant to the Court's June 22, 2018 Contempt Order (Doc. 2898).[1] We had not previously prepared and filed data for months beyond February 2018 because the Court did not specifically order such filings or set any deadlines regarding the same. Although the Court's June 22, 2018 Contempt Order still does not specifically require that data for March-June 2018 be filed, in the spirit of good faith, we are working with Corizon to gather and produce the data and to establish procedures for continued production going forward. At this time, however, we are unable to provide a specific date for the production.

            Sincerely,

            Jacob B. Lee

JBL/eap
cc: Counsel of Record

---

[1] Other issues raised in the July 2 and July 13 letters will be addressed in separate correspondence.

Exhibit 3

**LEGAL DEPARTMENT**
**NATIONAL PRISON**
**PROJECT**



**AMERICAN CIVIL**
**LIBERTIES UNION**
**FOUNDATION**

PLEASE RESPOND TO
NATIONAL PRISON
PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-
2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
*DIRECTOR*
*ATTORNEY AT LAW∗*

∗NOT ADMITTED IN DC:
PRACTICE LIMITED TO
FEDERAL COURTS

<u>**BY EMAIL ONLY**</u>

July 24, 2018

Dan Struck
Struck, Love, Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
dstruck@strucklove.com

   Re: *Parsons v. Ryan*

Dear Dan:

We write regarding Defendants' noncompliance with multiple orders of the Court.

<u>**Doc. 2889**</u>

On June 19, 2018, the Court entered the following order:

> A letter to the Court from Plaintiff Maryanne Chisholm, one of the class
> representatives, has been placed on the docket (Doc. 2873). The letter makes
> allegations of retaliation for her role in this case.
>
> **IT IS THEREFORE ORDERED** that Defendants shall file a response to
> the allegations in the letter within 30 days from the date of this Order.

Doc. 2889.  Defendants' response to this order was due no later than July 19, 2018
(see Fed. R. Civ. P. 6(a)), but Defendants filed no response to the Court's order by
that date.

On July 20, 2018, Defendants filed an untimely document purporting to respond to
the Court's June 19 order.  Doc. 2930.  While that document was inexplicably
captioned "Defendants' Notice of Compliance with Court Order (Doc. 2889)," it in
fact announced Defendants' refusal to comply with the Court's order:

> Therefore, Defendants respectfully decline to respond to Plaintiff
> Chisholm's allegations and request that the Court rescind its Order requiring
> that Defendants respond to those allegations.

Doc. 2930 at 2.

<u>**Doc. 2898**</u>

On June 22, 2018, the Court entered the following order:

> **IT IS FURTHER ORDERED** that Defendants shall continue to file
> monthly reports reflecting every instance of noncompliance for PMs at

facilities under the October 10, 2017 Order to Show Cause that are at less than 85% compliance.

Doc. 2898 at 24.  On July 2, we wrote to you pointing out that Defendants had not filed reports for March, April, May, or June 2018, and requesting that you do so.

On July 17, we received a letter from Jacob Lee, claiming that "the Court's June 22, 2018 Contempt Order … does not specifically require that data for March-June 2018 be filed."  In light of the plain language of the Court's order quoted above, this claim is frivolous.

**Doc. 2901**

On June 22, 2018, the Court entered the following order:

> **IT IS FURTHER ORDERED** that within 30 days of this Order, Defendants shall:
>
> (1) Defendants shall reinstall HNR boxes in all housing units where they were removed. The Court will not require the HNR boxes to be replaced in the same locations but will require the same number in each unit as before and expects that any change in location will not create a barrier for any particular group of inmates (i.e., if an HNR box was previously accessible to wheelchair-bound inmates then a comparably accessible box must be placed in the same unit);
>
> (2) Defendants shall resume the previous process for collecting and logging the submitted HNRs. Defendants may also continue the open clinic procedures for accepting HNRs;
>
> (3) Defendants shall notify the affected inmates in writing announcing the reversion to the prior HNR submission process; and
>
> (4) Defendants shall provide competent and admissible evidence to the Court that this return to the status quo ante has occurred.

Doc. 2901 at 4-5.  While Defendants have filed a declaration from Carson McWilliams claiming that "Defendants have complied with the Court's Order through the aforementioned actions" (Doc. 2947-1 at ¶ 26), the declaration states only that on July 13, 2018, "Defendants *initiated* the process of re-installing the HNR boxes as ordered by the Court."  *Id.*, ¶ 25 (emphasis added).  The declaration nowhere states that Defendants have reinstalled HNR boxes in all housing areas where they were removed; have reinstalled the same number in each unit as before; or have ensured that any change in location will not create a barrier for any particular group of prisoners – all of which were required by the Court's order to be completed no later than July 23, 2018.

AMERICAN CIVIL
LIBERTIES UNION
FOUNDATION

2

**Doc. 2902, 2903**

On June 22, 2018, the Court entered the following order:

> **IT IS FURTHER ORDERED** awarding Plaintiffs $1,107,361.40 in attorneys' fees and $152,630.58 in costs, for a total of $1,259,991.98 pursuant to the parties' Stipulation. The Clerk of Court must enter judgment against Defendants accordingly.

Doc. 2902 at 11.  On the same date, judgment was entered in favor of Plaintiffs and against Defendants in the amount of $1,259,991.98.  Doc. 2903.

In your July 23 email to Don Specter, you stated that Defendants do not intend to comply with this order and judgment because you have filed a notice of appeal.[1]

* * *

> We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975).

Defendants have not sought, let alone been granted, a stay of any of the orders set forth above.  Defendants' willful noncompliance with these orders constitutes contempt.  If Defendants have not fully complied with these orders by August 1, 2018, we will seek all appropriate remedies from the Court.

Very truly yours,

David C. Fathi

Cc:      All counsel

---

[1] In addition, we are still awaiting payment of Plaintiffs' monitoring fees and expenses for the first quarter of 2018; this payment was due on June 18, 2018. *See* Stipulation, ¶ 44.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

# Exhibit 4



STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Jacob B. Lee
480.420.1641
jlee@strucklove.com

August 1, 2018

***VIA EMAIL ONLY***
David Fathi
Legal Department
National Prison Project
915 15th Street, NW
7th Floor
Washington, DC  20005-2112

Re:   ***Parsons v. Ryan***

Dear David:

We are in receipt of your letter dated July 24, 2018, in which you complain that Defendants have not complied with various orders recently entered by the Court. We disagree with your allegations, as follows.

**Doc. 2889**—On July 25, 2018, the Court entered an order relieving Defendants of any further requirement to respond to the allegations raised by Maryanne Chisholm, stating "the Court will take no additional action regarding Chisholm's allegations and will not require a further response from Defendants." (Doc. 2955.) As such, we are not in violation of any Court orders related to Chisholm, and this issue is moot.

**Doc. 2898**—The language you quoted regarding continued production of monthly reports regarding non-compliance with certain Performance Measures subject to the Order to Show Cause says nothing about data for March-June 2018. The Court's use of the word "continue" in the June 22, 2018 order is ambiguous, as it could mean either (1) that Defendants are to file such reports from the date of the order forward, which at most would be from June 2018 forward; or (2) that Defendants are to file reports from the date of the last production forward, which would be March 2018 forward. Either way, we informed you on July 17, 2018 that, in the spirit of good faith, we were working with Corizon to gather and produce the data for March-June 2018 and to establish procedures for continued production going forward. As the Court's order did not specify any deadlines for production, we are not in violation of the order.

**Doc. 2901**—Your issue with this order appears to be an issue with the wording of Carson McWilliams's declaration, rather than Defendants' compliance with the order, as you make no

David Fathi
August 1, 2018
Page 2

allegations regarding actual non-compliance. Your quotation of Carson's declaration was selective, however, and ignored the several paragraphs after ¶25, which (as you noted) states that Defendants began re-installing HNR boxes "as ordered by the Court" on July 13, 2018, the same day Defendants notified inmates of the change in the HNR submission process (¶¶23-24). The following paragraphs state that as of July 20, 2018 (i.e., one week after Defendants began re-installing HNR boxes pursuant to the Court's order), "Defendants have complied with the Court's Order through the aforementioned actions" (¶26) and that "[t]he HNR boxes were restored as ordered" (¶28.) (Doc. 2947-1.) Defendants are not in violation of the order, and no further action is needed.

**Doc. 2902 and 2903**—Again, you selectively quote from the record. As you noted, at 4:16 p.m. MST on July 23, 2018, Dan informed Don that Defendants intended to appeal the fees order, and would not be remitting a check until the issue is resolved. You ignored, however, Dan's email of July 24, 2018 at 2:35 p.m. MST in which he stated that Defendants will be seeking a stay of the fees order pending appeal. That remains the case, and we will be filing the motion to stay soon.

**1Q 2018 Monitoring Fees**—This issue has been resolved. The fees were sent to Plaintiffs' counsel via electronic funds transfer on June 26, 2018, as confirmed by Ashley Kirby via email on July 26, 2018.

Sincerely,

Jacob B. Lee

JBL/ar
cc: Counsel of Record

# Exhibit 5

# (Redacted)



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Steven Fama
Alison Hardy
Corene Kendrick
Rita Lomio
Margot Mendelson
Thomas Nosewicz
Camille Woods
Lynn Wu

VIA EMAIL ONLY

July 5, 2018

Mr. Timothy Bojanowski
Struck, Love, Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
tbojanowski@strucklove.com

RE:     *Parsons v. Ryan*, 2:12-CV-00601
        Class Member in Need of Mental Health Care
        ████████████████████████, Eyman - Browning

Dear Mr. Bojanowski:

I write regarding ████████ a class member who has been housed at Eyman-Browning's Mental Health Watch for more than two months, and is in need of intensive mental health treatment in an inpatient mental health setting. ████████ is diagnosed with paranoid schizophrenia, and was approved for involuntary medication at a PMRB held on June 7, 2018 (see attached). According to ████████ medical record, he is awaiting transfer to ASPC-Phoenix Baker Unit.

According to ████████ medical record, he has been on this current mental health watch at Eyman without interruption from 5/1/18 through the present. A note made by Mental Health RN Hayes yesterday stated that:

> The inmate was seen on a 30 minute SW and will remain on this level watch. The inmate was offered to be pulled out of his cell to be seen in a confidential setting, but he refused and was seen cell front for approximately 5 minutes. inmate denies SI, but reports HI, when TW asked what HI meant, this inmate started laughing and talking about peanut butter, TW asked inmate are you hearing voices, inmate replies "Yes"

> Standing at cell front, makes eye contact, but is definitely responding to internal stimuli, laughs loudly for no reason, takes long amount of time to respond to question, most responses are not answers, appearance is disheveled and odorous.

**Board of Directors**
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

Mr. Timothy Bojanowski

Re: 

July 5, 2018

Page 2

I attempted to speak with ███████ when visiting the Browning mental health unit on June 19 and again on June 21, 2018 (with Judge Duncan).  On June 19, ███████ presented as extremely agitated, and was pacing his cell. He reported that he has been on suicide watch off and on for more than a year. He displayed a great deal of paranoia about who I was and throughout the encounter he was clearly responding to auditory hallucinations.  He also appeared shaky and jittery.  The area around his cell door reeked of pepper spray, and the door was sticky. Other persons housed in the unit reported to me and the other monitors that ███████ was frequently sprayed by custody staff when he acted out or engaged in acts of self harm, and that had last happened on the previous day, June 18.

On June 21, 2018, when we visited the unit with Judge Duncan, ███████ was nonresponsive and laying on his mattress.  A note made that same day at 8:20 am by Psych Associate Wesley Luffman, approximately an hour prior to our visit, stated:

> IM seen for daily watch contact. He was offered to be pulled out of his cell for 1:1 confidential counseling and refused this opportunity. He was seen at his cell front. IM was lying on his bunk staring blankly out the cell front. The inmate responded as is his baseline with very limited responses.
>
> This writer tested his though capacity about asking open ended questions. Im was asked what his favorite animal was. He responded, "Equinox." Im was asked what color an equinox is. He responded, "blue and gold." Im was asked how many legs an equinox has. He responded slowly, "one." Im was then asked what his favorite food is. He responded, "having a kid." Im was asked to repeat himself and he remained quiet and stared blankly out the front of his cell.
>
> ***The inmate continues to await an open bed for his transfer to Baker ward. He is not getting his needs met in a Max custody general population atmosphere.*** This inmate's watch level was staffed with the mental health team. IM will remain on a 30" MHW.

(Emphasis added)

On June 7, 2018, psychiatrist Antonio Carr led a PMRB hearing at which the involuntary administration of Haldol was approved.

Given ███████ continuing decompensation, as documented by the July 4, 2018 treatment note, we ask that he be transferred to Baker Ward without further delay so that he can receive the in-patient mental health care recommended by his treatment team.

Mr. Timothy Bojanowski
Re: ███████ ███████
July 5, 2018
Page 3

Thank you for your prompt attention to this matter.

Sincerely,

Corene Kendrick
Staff Attorney

cc: ███████

**ARIZONA DEPARTMENT OF CORRECTIONS**

Findings of Psychotropic Medication Review Board (PMRB)

| Date of Hearing 6/7/18 | Treating Psychiatric Provider (Last, First M.I.) Liefson NP | Time 1018 | ✓ AM ☐ PM |
|---|---|---|---|

PMRB MEMBERS  (Please print)

Psychiatrist _____ DR- CARR _____

Deputy Warden/ADW _____ Sanchez _____

Psychologist _____ DR- PloT _____

OTHERS IN ATTENDANCE

Inmate _____

CO III _____ coIII sheridan _____

Treating Psychiatric Provider _____ NP Liefson _____

Other _____ Masters, Luffman _____

---

On the above date and time, this Psychotropic Medication Review Board considered the request of treating psychiatric provider, _____ Liefson _____, to involuntarily administer psychotropic medications to inmate ▮▮▮▮▮ as part of the inmate's treatment plan.

The PRMB has received and considered:

☑ The "Notification of Intent to Request Approval"

☑ The "Notification of Hearing and Inmate's Rights"

☑ Testimony provided by: _____ Leifson, masters _____  _____

☐ The following documents: _____

The PRMB finds that:

☑ The inmate was properly provided copies of the "Notification of Intent to Request Approval" and the "Notification of Hearing and Inmate's Rights" in a timely manner.

☑ The inmate suffers from a mental disorder.

☑ Due to a mental disorder, the inmate is severely impaired.

☑ Due to a mental disorder, the inmate's conduct presents a  likelihood of serious harm.

☑ The proposed medication is in the inmate's best interest.

---

**Having received the benefit of the foregoing information, testimony, and documents this PMRB has determined by majority vote (with the psychiatrist in the majority) that:**

☑ The treating psychiatric provider's request for involuntary medication is approved.

☐ The treating psychiatric provider's request for involuntary medication is NOT approved.

| Signature of the PMRB Chair   A Car  Antono Carmo | Date 6/7/18 |
|---|---|

| Inmate Name  (Last, First M.I.) ▮▮▮▮▮ | ADC Number ▮▮▮▮▮ |
|---|---|
| Date of Birth ▮▮▮▮▮ | Facility/Unit Browning |

Distribution:
White - Inmate Medical Record
Canary - Deputy Warden or Assistant Deputy Warden
Pink -  Key Contact Psychologist
Goldenrod - Inmate

1103-2
8/6/07

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Notification of Intent to Request Approval to**
**Involuntarily Administer Psychotropic Medication**

Please print or type all information

You are hereby notified that, in my professional opinion, you suffer from a diagnosed mental disorder.  That mental disorder is:

Unspecified Schizophrenia Spectrum and other Psychotic disorder [F29]

As a result of this mental disorder:

X You are severely impaired          X Your behavior poses a likelihood of serious harm

As evidenced by:

Severe Psychiatric Decompensation
History/Current medication Non-Compliance
Severely limited insight into psychiatric illness
Denial of mental Health Services/ treatments
Significant impairment maintaining ADL's
Difficulty communicating with grossly Disorganized thought + presentation

You have been offered the opportunity to voluntarily participate in a plan of treatment for this mental disorder, which includes a medication component.  This treatment plan, in my professional opinion, provides a substantial likelihood of ameliorating your condition, and is in your medical interest.  You have refused this opportunity to voluntarily participate in this treatment plan, including the medication component.

You are therefore notified that an involuntary medication hearing before a PSYCHOTROPIC MEDICATION REVIEW BOARD (PMRB) is being requested.  You will receive written notification of this hearing as well as a list of your rights.

| Delivered to the inmate on | 6/6/18 | at | 815 |
| | *(Date)* | | *(Time)* |

| Psychiatric Provider's Signature | Date |
| | 6/5/2018 |

**Brett Leifson, P.M.H.N.P.-B.C.**

**Notification of Intent to Request Approval to**
**Involuntarily Administer Psychotropic Medication**

| Inmate Name *(Last, First M.I.)* | | ADC Number |
| | | |
| Date of Birth | Institution/Facility | |
| | Eyman Browning | |

1103-15
12/19/12

Distribution:   White - Inmate Medical Record
Canary - Key Contact Psychologist
Pink - Inmate

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Psychotropic Medication Review Board**
**Notification of Hearing and Inmate's Rights**

FROM TO

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility/Location |
|---|---|---|
| ████████ | ████████ | Eyman Browning |
| Key Contact Psychologist Dr Platt | | Date 6/5/2018 |

You are hereby notified that a hearing before the Psychotropic Medication Review (PMRB) has been scheduled to consider the request of your treating psychiatric provider to involuntarily administer psychotropic medication to you as part of your treatment plan.  The hearing will be held:

| Date 6/7/18 | Time 900 | Location Browning |
|---|---|---|

The purpose of the hearing is for the PMRB panel to determine if:

You suffer from a mental disorder,

Due to a mental disorder, you are severely impaired or your conduct presents a likelihood of serious harm, and

The proposed medication is in your best medical interest.

**YOU HAVE THE RIGHT TO ATTEND THIS HEARING**

At the hearing, you have the right to assistance and presence of your CO III or your CO III's supervisor and, at the discretion of the PMRB panel, to present evidence and cross examine staff witnesses.

You will be provided a copy of the PMRB's findings within eight (8) hours of the conclusion of the hearing.

If the PMRB determines that there is not sufficient cause for you to be involuntarily medicated, in the absence of clear and imminent threat of death or physical injury to yourself or another, you will not be involuntarily medicated.

Your treating psychiatric provider can petition for another hearing before the PMRB no sooner than fourteen (14) days of the last hearing.

If the PMRB determines that there is sufficient cause for you to be involuntarily medicated, you have the right to appeal that decision to the Mental Health Program Manager of the Department of Corrections, or his designee, by sending an inmate letter to the key contact Psychologist within twenty-four (24) hours of your receipt of the PMRB's decision.

Distribution
White - Inmate Medical Record
Green - Psychiatric Provider
Canary - Deputy Warden or Assistant Deputy Warden
Pink - CO III
Goldenrod - Inmate

1103-1
8/6/07

CHSS027J　　Condensed Health Services Encounter　　　　　Wednesday July 04, 2018 04:13:35 PM

| | |
|---|---|
| | ADC #: ▓▓▓▓▓　Inmate Name: ▓▓▓▓▓▓▓▓▓▓<br>ENCOUNTER DATE: 06/21/2018　TIME: 08:15:00　DURATION: minutes　TYPE: MH - 30 Minute Watch Contact<br>LOCATION: ASPC-E BROWNING MHW [A32]　SETTING: Clinic |
| S | Are interpreter services needed for this inmate: No<br>Was the inmate offered the option to speak in a confidential setting: Offered and refused/seen cell front<br>Confidential Setting Comments: None<br>NOTES: IM seen for daily watch contact. He was offered to be pulled out of his cell for 1:1 confidential counseling and refused this opportunity. He was seen at his cell front. IM was lying on his bunk staring blankly out the cell front. The inmate responded as is his baseline with very limited responses. This writer tested his though capacity about asking open ended questions. Im was asked what his favorite animal was. He responded, "Equinox." Im was asked what color an equinox is. He responded, "blue and gold." Im was asked how many legs an equinox has. He responded slowly, "one." Im was then asked what his favorite food is. He responded, "having a kid." Im was asked to repeat himself and he remained quiet and stared blankly out the front of his cell. The inmate continues to await an open bed for his transfer to Baker ward. He is not getting his needs met in a Max custody general population atmosphere. This inmate's watch level was staffed with the mental health team. IM will remain on a 30" MHW. |
| O | NOTES:<br><br>Im remains grossly psychotic and limited in capacity. Im requires a higher level of care to meet his needs. |
| A | NOTES: Unspecified schizophrenia spectrum and other psychotic disorder [F29] |
| P | NOTES: Remain on 30 min watch. |
| E | NOTES: Im educated on coping skills related to living in max custody. Counseled inmate to take medications as prescribed. |
| H/S | MH Status: Acute Distress or Outpatient SMI |
| | STAFF: Luffman, Wesley, LAC |



Tania Amarillas <tania@prisonlaw.com>

## Parsons Class Members in Need of Medical Care

**Ashlee Hesman** <ahesman@strucklove.com>        Mon, Jul 9, 2018 at 8:00 AM
To: Tania Amarillas <tania@prisonlaw.com>, Tim Bojanowski <TBojanowski@strucklove.com>, Elaine Percevecz <EPercevecz@strucklove.com>, Dan Struck <DStruck@strucklove.com>, Rachel Love <RLove@strucklove.com>, Lucy Rand <Lucy.Rand@azag.gov>, "mary.beke@azag.gov" <mary.beke@azag.gov>, Corene Kendrick <ckendrick@prisonlaw.com>, Kirstin Eidenbach <kirstin@eidenbachlaw.com>, Maya Abela <mabela@azdisabilitylaw.org>, Kathy Brody <kbrody@acluaz.org>, Don Specter <dspecter@prisonlaw.com>, Alison Hardy <ahardy@prisonlaw.com>, Rita Lomio <rlomio@prisonlaw.com>, David Fathi <dfathi@aclu.org>, Amy Fettig <afettig@aclu.org>, Amber Norris <anorris@prisonlaw.com>, Thomas Nosewicz <tom@prisonlaw.com>, Gabriela Pelsinger <gabriela@prisonlaw.com>, Ada Lin <alin@aclu.org>, Juliette Mueller <juliette@prisonlaw.com>, "rlee@aclu.org" <rlee@aclu.org>, "PRATT, RICHARD (RPRATT@azcorrections.gov)" <RPRATT@azcorrections.gov>, "HEADSTREAM, VANESSA (VHEADST@azcorrections.gov)" <VHEADST@azcorrections.gov>, Parsons Team <ParsonsTeam@strucklove.com>

Tania,

Thank you for your letters regarding the health care concerns of inmates ███████████████. We have forwarded the letters to Corizon and asked them to follow up on the care being provided to these inmates. ADC's Monitoring Bureau will also be reviewing their care to ensure it is medically appropriate. Please advise these inmates that this review is not a substitute for the inmate administrative grievance procedure and that ADC and its employees and/or contractors are not waiving any argument with respect to the PLRA exhaustion requirement. Please feel free to contact me if you have any questions.

Sincerely,

Ashlee Hesman

**From:** Tania Amarillas [mailto:tania@prisonlaw.com]
**Sent:** Thursday, July 05, 2018 4:35 PM
**To:** Tim Bojanowski <TBojanowski@strucklove.com>; Elaine Percevecz <EPercevecz@strucklove.com>; Ashlee Hesman <ahesman@strucklove.com>; Dan Struck <DStruck@strucklove.com>; Rachel Love <RLove@strucklove.com>; Lucy Rand <Lucy.Rand@azag.gov>; mary.beke@azag.gov; Corene Kendrick <ckendrick@prisonlaw.com>; Kirstin Eidenbach <kirstin@eidenbachlaw.com>; Maya Abela <mabela@azdisabilitylaw.org>; Kathy Brody <kbrody@acluaz.org>; Don Specter <dspecter@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Rita Lomio <rlomio@prisonlaw.com>; David Fathi <dfathi@aclu.org>; Amy Fettig <afettig@aclu.org>; Amber Norris <anorris@prisonlaw.com>; Thomas Nosewicz <tom@prisonlaw.com>; Gabriela Pelsinger <gabriela@prisonlaw.com>; Ada Lin <alin@aclu.org>; Juliette Mueller <juliette@prisonlaw.com>; rlee@aclu.org
**Subject:** Parsons Class Members in Need of Medical Care

[Quoted text hidden]

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is

not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# Exhibit 6

# (Redacted)



**PRISON LAW OFFICE**

General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Steven Fama
Alison Hardy
Corene Kendrick
Rita Lomio
Margot Mendelson
Thomas Nosewicz
Camille Woods
Lynn Wu

VIA EMAIL ONLY

July 18, 2018

Mr. Timothy Bojanowski
Struck, Love, Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
tbojanowski@strucklove.com

     RE:   *Parsons v. Ryan*, 2:12-CV-00601
            Class Member in Need of Medical Care
            █████████████, Florence - South

Dear Mr. Bojanowski:

     We write on behalf of ████████ who is 81 years old. ██████████ reports that his entire body has been covered in a stinging, burning, and itching rash for seven months. He reports that the few ointments and creams he has been provided alleviate symptoms only for an hour or two.

     RN Royer saw ██████████ on June 28, 2018, when he was housed at ASPC-Florence. RN Royer observed "a diffuse rash throughout body" and entered the following Subjective Notes into the electronic medical record:

> Patient was called to medical to be assessed for scabies. Patient has had a rash for 6 months an currently has what appears to be scabies in the creases of his fingers and throughout the rest of body

     That same day, ██████████ was transferred to ASPC-Eyman SMU I. RN Raposo noted that there was "no suicidal concern." Nonetheless, ██████████ reports that he was stripped of his clothing and given only boxers and a tube of permethrin. He reported that he was instructed to spread the permethrin all over his body, from head to feet, and to wash it off after 72 hours. For the six days that he was housed in SMU I, however, he reportedly was not allowed to shower or wash his hands after using the toilet. He reportedly was not provided with a toothbrush or toothpaste to clean his teeth. He was kept awake by other incarcerated people banging on their doors and shouting. He was given two sandwiches for each meal, consisting of bread and cold cuts. He reported that he vomited for half an hour and later had diarrhea several times after eating the sandwiches.

     On July 3 or 4, 2018, ██████████ was transferred back to Florence. RN Goff entered the following comments in the electronic medical record: "IM cleared from Scabies watch per Dr. Gay may return to unit." ██████████ reports that he did not receive his personal property when he returned,

**Board of Directors**
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

Mr. Timothy Bojanowski

Re: █████████████████

July 18, 2018

Page 2

including a t-shirt, long sleeve shirt, large brim hat, boxers shorts, pants, belts, and socks.  ███████ who has a history of skin cancer, reports that the long sleeve shirt and large brim hat are necessary to protect him from the sun.  (███████ has SNOs for both items.)

On July 10, 2018, ██████████ saw RN Willhelm.  He reported that his rash had gotten worse and that he was feeling weak and tired.  ██████████ was prescribed ivermectin.

██████████ was seen again on July 13, 2018, this time by RN Owiti.  She entered the following Subjective Notes:

> Pt. states rash ongoing since 7 months ago and has tried several treatment options without good relief. Pt. states was seen on the nurse's line on 7/10/2018 for the same issue and was prescribed Ivermectin tablets and Permethrin cream for suspected scabies. Pt. states treatment did not alleviate the symptoms and rash covering whole body.

> Pt. also complain about ongoing suspicious skin lesion/bump on the right inner pinna with bleeding on and off. Pt. states lesion been spontaneously bleeding in the last 3 days without any provocation. Pt. states has a history or Basal cell carcinoma. Last skin biopsy from other areas of the body with similar lesions revealed skin keratosis. Pt. request further evaluation.

RN Owiti entered the following Objective Notes and referred ██████████ to a provider:

> Pt. with erythematous skin rash covering entire body except for uncovered areas of the body - face and neck. Rash red in color, widespread, non bleeding, non draining, no skin breakdown, non pustule.

> Pt. with bump on the inner pinna of right ear with scabbing and tender to touch. No evidence of bleeding at this time.

On July 17, 2018, NP Igwe saw ██████████  She entered the following Subjective Notes:

> Pt prsents CC "persistent skin rash/itch. Suspicious skin lesion - history of skin cancer". Reports he noticed new skin rash on both lower legs a few days ago. Reports generalized skin rash, worse on chest and upper arms. Reports itching and burning sensation. He denies fever/chills. Pt also requests skin biopsy on the scab on skin of his R. ear lobe. Reports the scab has intermittent bleeding.

NP Igwe prescribed two additional medications for three days.  She also noted ██████████ would be scheduled for a skin biopsy of his right ear lobe ("Schedule for skin biopsy R. ear lobe").

Mr. Timothy Bojanowski

Re: ███████████

July 18, 2018

Page 3

At this time, however, there does not appear to be a pending consult request in ███████████'s medical record for a biopsy of his right ear.

We request that ███████████ be scheduled for a biopsy as soon as possible.  We also request that a meaningful treatment plan be developed to address the rash that covers his body, which already has persisted for seven months.  Finally, we request that his property, including his long sleeve shirt and wide brim hat, be returned to him immediately.

Thank you for your prompt attention to this matter.

Sincerely yours,

Tania Amarillas
Litigation Assistant

Rita Lomio
Staff Attorney

cc: ███████████



Tania Amarillas <tania@prisonlaw.com>

---

## Parsons Class Member in Need of Medical Care

Ashlee Hesman <ahesman@strucklove.com>            Wed, Jul 18, 2018 at 5:27 PM
To: Tania Amarillas <tania@prisonlaw.com>, Tim Bojanowski <TBojanowski@strucklove.com>, Elaine Percevecz <EPercevecz@strucklove.com>, Dan Struck <DStruck@strucklove.com>, Rachel Love <RLove@strucklove.com>, Lucy Rand <Lucy.Rand@azag.gov>, "mary.beke@azag.gov" <mary.beke@azag.gov>, Corene Kendrick <ckendrick@prisonlaw.com>, Kirstin Eidenbach <kirstin@eidenbachlaw.com>, Maya Abela <mabela@azdisabilitylaw.org>, Kathy Brody <kbrody@acluaz.org>, Don Specter <dspecter@prisonlaw.com>, Alison Hardy <ahardy@prisonlaw.com>, Rita Lomio <rlomio@prisonlaw.com>, David Fathi <dfathi@aclu.org>, Amy Fettig <afettig@aclu.org>, Amber Norris <anorris@prisonlaw.com>, Thomas Nosewicz <tom@prisonlaw.com>, Gabriela Pelsinger <gabriela@prisonlaw.com>, Ada Lin <alin@aclu.org>, Juliette Mueller <juliette@prisonlaw.com>, "L. Renee Lee" <rlee@aclu.org>, "PRATT, RICHARD (RPRATT@azcorrections.gov)" <RPRATT@azcorrections.gov>, "HEADSTREAM, VANESSA (VHEADST@azcorrections.gov)" <VHEADST@azcorrections.gov>, Parsons Team <ParsonsTeam@strucklove.com>

Tania,

Thank you for your letter regarding the health care concerns of inmate ████. We have forwarded the letter to Corizon and asked them to follow up on the care being provided to this inmate. ADC's Monitoring Bureau will also be reviewing his care to ensure it is medically appropriate. Please advise this inmate that this review is not a substitute for the inmate administrative grievance procedure and that ADC and its employees and/or contractors are not waiving any argument with respect to the PLRA exhaustion requirement. Please feel free to contact me if you have any questions.

Sincerely,

Ashlee Hesman

**From:** Tania Amarillas [mailto:tania@prisonlaw.com]
**Sent:** Wednesday, July 18, 2018 4:53 PM
**To:** Tim Bojanowski <TBojanowski@strucklove.com>; Elaine Percevecz <EPercevecz@strucklove.com>; Ashlee Hesman <ahesman@strucklove.com>; Dan Struck <DStruck@strucklove.com>; Rachel Love <RLove@strucklove.com>; Lucy Rand <Lucy.Rand@azag.gov>; mary.beke@azag.gov; Corene Kendrick <ckendrick@prisonlaw.com>; Kirstin Eidenbach <kirstin@eidenbachlaw.com>; Maya Abela <mabela@azdisabilitylaw.org>; Kathy Brody <kbrody@acluaz.org>; Don Specter <dspecter@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Rita Lomio <rlomio@prisonlaw.com>; David Fathi <dfathi@aclu.org>; Amy Fettig <afettig@aclu.org>; Amber Norris <anorris@prisonlaw.com>; Thomas Nosewicz <tom@prisonlaw.com>; Gabriela Pelsinger <gabriela@prisonlaw.com>; Ada Lin <alin@aclu.org>; Juliette Mueller <juliette@prisonlaw.com>; L. Renee Lee <rlee@aclu.org>
**Subject:** Parsons Class Member in Need of Medical Care

Dear Tim,

[Quoted text hidden]

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# Exhibit 7

# (Redacted)



# PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Steven Fama
Alison Hardy
Corene Kendrick
Rita Lomio
Margot Mendelson
Thomas Nosewicz
Camille Woods
Lynn Wu

VIA EMAIL ONLY

July 20, 2018

Mr. Timothy Bojanowski
Struck, Love, Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
tbojanowski@strucklove.com

RE:   *Parsons v. Ryan*, 2:12-CV-00601
      Class Member in Need of Medical Care
      ██████████████, Florence - South

Dear Mr. Bojanowski:

We write on behalf of ███████████ an 85-year-old man who reportedly suffers from dementia. A concerned party notified us about ███████████'s medical condition. According to the medical record, ███████ is "[w]heelchair-bound, unable to ambulate independently." He suffers from a "severe" skin rash "head to toe." The rash affects his legs, trunk, upper arms, buttocks, and groin, and causes pain, itchiness, and irritation. The rash reportedly has persisted for about a year.

This is the second report this week of an elderly class member in Florence – South being improperly housed when suspected of having scabies. *See* Letter from R. Lomio to T. Bojanowski, ███████████, Florence – South (July 18, 2018) (reporting that 81-year-old man was housed in Eyman – SMU I for six days for "Scabies watch"). Both class members reportedly have had a rash for a significant period of time without adequate treatment.

## "TOTAL BODY" RASH WITH "STRONG INFLAMMATORY COMPONENT"

On June 24, 2018, ███████████ was seen by RN Price in response to an HNR. In the HNR, ███████████ reported: "[T]he itching is getting worse. I need relief! The cream I am using now is not doing the job. The [Tylenol] is not dulling the pain long enough." RN Price noted in the medical record that ████████ was "covered head to toe in what appears to be scabies like rash."

███████████ was prescribed permethrin cream to apply all over his body and ivermectin. ███████████ reportedly was forced to sleep on the floor of the health unit that night.

███████████ saw NP Igwe the next morning for evaluation. NP Igwe noted that ███████████ reported that "he still has the cream on his body as he has not been allowed entry into his room yet." NP Igwe entered the following Plan Notes:

1.   Pt cleared to return to his room
2.   Rinse off permetrin cream ASAP

**Board of Directors**
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

Mr. Timothy Bojanowski
Re: ████████████████████
July 20, 2018
Page 2

3.    Start terbinefin Qday as prescribed
4.    Hold Metoprolol and recheck HR daily
5.    Improved personal hygiene - no sharing of personal items

████████████ s property reportedly was confiscated for a week and some of it still is missing, including his medical mattress.

████████████ was seen again by medical staff on July 5.  Dr. Stewart entered the following notes:

PATIENT PRESENTS WITH A YEAR LONG RASH. . . .

SKIN     SEVERE RASH AFFECTING LEGS, UPPER ARMS, TRUNK BUTTOCK AND GROIN.  THE PATIENT RASH IS MACULAR AND COALESCING.     THERE  IS  A  STRONG  INFLAMMATORY COMPONENT . . . .

TOTAL BODY RASH WITH INFLAMMATION

Dr. Stewart prescribed additional medications and noted ████████████ should have hypoallergenic clothes washings.

MEMORY LOSS

After reviewing ████████████'s medical records, it also appears that he never received a follow up appointment with a provider for concerns regarding memory loss in 2016.  On May 23, 2016, ████████████ was seen by RN Johnson.  She entered the following Subjective Notes:

Pt. says they are having memory problems. Pt. says he can't remember set times when he was supposed to be somewhere. He says his pusher is the one that remembers for them. Pt says they don't remember what medications he is taking. Pt. says his memory is getting worse and he is getting confused and at times he can't remember where he is at time. Pt. says they get confused easily and he can't talk as well as he use[d] to. He can't remember names.

She then stated in the Plan Notes that ████████████ would see a provider for follow up.  An appointment with NP Denehy was scheduled for June 16, 2016, but that appointment was marked as "Completed" as of May 23, 2016—the date of the appointment with RN Johnson.  There is no indication in the medical record that ████████████ was seen by a provider on May 23, 2016.

* * * * *

We request that ADC ensure that ████████████ receives appropriate evaluation and treatment of his persistent rash and reported memory loss.  We also request that his property be returned to him.

Mr. Timothy Bojanowski
Re: ██████████████████
July 20, 2018
Page 3

Thank you for your prompt attention to this matter.

Sincerely yours,

Tania Amarillas
Litigation Assistant

Rita Lomio
Staff Attorney

cc:   ████████████ (redacted)



Tania Amarillas <tania@prisonlaw.com>

---

## Parsons Class Member in Need of Medical Care

**Ashlee Hesman** <ahesman@strucklove.com>      Mon, Jul 23, 2018 at 10:09 AM
To: Tania Amarillas <tania@prisonlaw.com>, Tim Bojanowski <TBojanowski@strucklove.com>, Elaine Percevecz <EPercevecz@strucklove.com>, Dan Struck <DStruck@strucklove.com>, Rachel Love <RLove@strucklove.com>, Lucy Rand <Lucy.Rand@azag.gov>, "mary.beke@azag.gov" <mary.beke@azag.gov>, Corene Kendrick <ckendrick@prisonlaw.com>, Kirstin Eidenbach <kirstin@eidenbachlaw.com>, Maya Abela <mabela@azdisabilitylaw.org>, Kathy Brody <kbrody@acluaz.org>, Don Specter <dspecter@prisonlaw.com>, Alison Hardy <ahardy@prisonlaw.com>, Rita Lomio <rlomio@prisonlaw.com>, David Fathi <dfathi@aclu.org>, Amy Fettig <afettig@aclu.org>, Amber Norris <anorris@prisonlaw.com>, Thomas Nosewicz <tom@prisonlaw.com>, Gabriela Pelsinger <gabriela@prisonlaw.com>, Ada Lin <alin@aclu.org>, Juliette Mueller <juliette@prisonlaw.com>, "L. Renee Lee" <rlee@aclu.org>, Alayna O'Bryan <alayna@prisonlaw.com>, Gabriella Sergi <gabby@prisonlaw.com>, "PRATT, RICHARD (RPRATT@azcorrections.gov)" <RPRATT@azcorrections.gov>, "HEADSTREAM, VANESSA (VHEADST@azcorrections.gov)" <VHEADST@azcorrections.gov>, Parsons Team <ParsonsTeam@strucklove.com>

Tania,

Thank you for your letter regarding the health care concerns of inmate ████. We have forwarded the letter to Corizon and asked them to follow up on the care being provided to this inmate. ADC's Monitoring Bureau will also be reviewing his care to ensure it is medically appropriate. Please advise this inmate that this review is not a substitute for the inmate administrative grievance procedure and that ADC and its employees and/or contractors are not waiving any argument with respect to the PLRA exhaustion requirement. Please feel free to contact me if you have any questions.

Sincerely,

Ashlee Hesman

**From:** Tania Amarillas [mailto:tania@prisonlaw.com]
**Sent:** Friday, July 20, 2018 4:10 PM
**To:** Tim Bojanowski <TBojanowski@strucklove.com>; Elaine Percevecz <EPercevecz@strucklove.com>; Ashlee Hesman <ahesman@strucklove.com>; Dan Struck <DStruck@strucklove.com>; Rachel Love <RLove@strucklove.com>; Lucy Rand <Lucy.Rand@azag.gov>; mary.beke@azag.gov; Corene Kendrick <ckendrick@prisonlaw.com>; Kirstin Eidenbach <kirstin@eidenbachlaw.com>; Maya Abela <mabela@azdisabilitylaw.org>; Kathy Brody <kbrody@acluaz.org>; Don Specter <dspecter@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Rita Lomio <rlomio@prisonlaw.com>; David Fathi <dfathi@aclu.org>; Amy Fettig <afettig@aclu.org>; Amber Norris <anorris@prisonlaw.com>; Thomas Nosewicz <tom@prisonlaw.com>; Gabriela Pelsinger <gabriela@prisonlaw.com>; Ada Lin <alin@aclu.org>; Juliette Mueller <juliette@prisonlaw.com>; L. Renee Lee <rlee@aclu.org>; Alayna O'Bryan <alayna@prisonlaw.com>; Gabriella Sergi <gabby@prisonlaw.com>
**Subject:** Parsons Class Member in Need of Medical Care

[Quoted text hidden]

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# Exhibit 8

# (Redacted)



**PRISON LAW OFFICE**

General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Steven Fama
Alison Hardy
Corene Kendrick
Rita Lomio
Margot Mendelson
Thomas Nosewicz
Camille Woods
Lynn Wu

VIA EMAIL ONLY

July 23, 2018

Mr. Timothy Bojanowski
Struck, Love, Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
tbojanowski@strucklove.com

      RE:   *Parsons v. Ryan*, 2:12-CV-00601
            Class Member in Need of Medical Care
            ██████████████████, Tucson - Rincon

Dear Mr. Bojanowski:

      We write on behalf of ████████, a class member with prostate cancer, drug-induced gynecomastia, and spondylolisthesis, among other conditions. ████████ has urgent health concerns in need of immediate medical attention.

      On 7/03/18, provider S. Ellison referred a request to Utilization Management (UM), for a radiology consult, noting that, "the patient's right breast has continued to increase in size and has gotten progressively more tender. Needs to be evaluated by ultrasound. Patient also states there is a discharge from the nipple." UM has yet to respond to this request, in violation of Performance Measure 48, as it has now been twenty calendar days since the request was submitted.

      Since February 2018, providers have placed four requests for neuro surgery consults. On 2/19/18, PA N. Salyer submitted a request for a consult, noting ████████, "needs Lumbar Sacral L4-5 Fusion Associated W/ Spondylolisthesis, and Canal Stenosis, Prostate Cancer Rx On Hold Until Surgery Completed". The medical record provides a note from Dr. Dumont at Banner University Medical Center from 4/20/18, stating that, "he has discussed surgery, discussed risks/benefits of surgery with pt during appt on 2/16/18 therefore will not make a phone call to the prison."

      Since receiving that notice from Dr. Dumont, another request for a neuro consult was made by provider Ellison on 7/02/18. The request states, "the patient has already been seen by a neurosurgeon in Tucson and surgery has been approved. The surgeon refused to meet again with the patient to discuss the surgery further. The patient states previously he did not explain the surgery to him well. We would like an appointment with a neurosurgeon in Phoenix. The one we use in Tucson cannot be used again." An ATP was recommended on 7/06/18. This ATP has yet to be accepted by the provider.

**Board of Directors**
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

Mr. Timothy Bojanowski
Re: ███████████████
July 23, 2018
Page 2

    As noted in PA Salyer's note, █████████' cancer treatment has been put on hold pending his spinal surgery. Therefore, it is of the utmost importance that he be scheduled and have the spinal surgery, so that he can then proceed with the prostate cancer treatment.

    We ask that a radiology consult and ultrasound be scheduled for ██████████ to evaluate his right breast. We further request that a neuro consult be scheduled with a neurosurgeon who will explain the spinal surgery's benefits and risks to ██████████ so that his treatment for prostate cancer can resume as soon as possible.

    Thank you for your prompt attention to this matter.

Sincerely,

*Gabriela Pelsinger*

Gabriela Pelsinger, Litigation Assistant

*Corene Kendrick*

Corene Kendrick, Staff Attorney

cc: ██████████



Tania Amarillas <tania@prisonlaw.com>

## Parsons Class Members in Need of Medical Care

**Ashlee Hesman** <ahesman@strucklove.com>　　　　　　　　　　　Tue, Jul 24, 2018 at 9:32 AM
To: Tania Amarillas <tania@prisonlaw.com>, Tim Bojanowski <TBojanowski@strucklove.com>, Elaine Percevecz
<EPercevecz@strucklove.com>, Dan Struck <DStruck@strucklove.com>, Rachel Love <RLove@strucklove.com>, Lucy
Rand <Lucy.Rand@azag.gov>, "mary.beke@azag.gov" <mary.beke@azag.gov>, Corene Kendrick
<ckendrick@prisonlaw.com>, Kirstin Eidenbach <kirstin@eidenbachlaw.com>, Maya Abela <mabela@azdisabilitylaw.org>,
Kathy Brody <kbrody@acluaz.org>, Don Specter <dspecter@prisonlaw.com>, Alison Hardy <ahardy@prisonlaw.com>, Rita
Lomio <rlomio@prisonlaw.com>, David Fathi <dfathi@aclu.org>, Amy Fettig <afettig@aclu.org>, Amber Norris
<anorris@prisonlaw.com>, Thomas Nosewicz <tom@prisonlaw.com>, Gabriela Pelsinger <gabriela@prisonlaw.com>, Ada
Lin <alin@aclu.org>, Juliette Mueller <juliette@prisonlaw.com>, "L. Renee Lee" <rlee@aclu.org>, Alayna O'Bryan
<alayna@prisonlaw.com>, Gabriella Sergi <gabby@prisonlaw.com>, "PRATT, RICHARD (RPRATT@azcorrections.gov)"
<RPRATT@azcorrections.gov>, "HEADSTREAM, VANESSA (VHEADST@azcorrections.gov)"
<VHEADST@azcorrections.gov>, Parsons Team <ParsonsTeam@strucklove.com>

Tania,

Thank you for your letters regarding the health care concerns of inmates ███████████████.  We have
forwarded the letters to Corizon and asked them to follow up on the care being provided to these inmates.  ADC's
Monitoring Bureau will also be reviewing their care to ensure it is medically appropriate. Please advise these inmates
that this review is not a substitute for the inmate administrative grievance procedure and that ADC and its employees
and/or contractors are not waiving any argument with respect to the PLRA exhaustion requirement.  Please feel free
to contact me if you have any questions.

Sincerely,

Ashlee Hesman

**From:** Tania Amarillas [mailto:tania@prisonlaw.com]
**Sent:** Monday, July 23, 2018 3:22 PM
**To:** Tim Bojanowski <TBojanowski@strucklove.com>; Elaine Percevecz <EPercevecz@strucklove.com>; Ashlee
Hesman <ahesman@strucklove.com>; Dan Struck <DStruck@strucklove.com>; Rachel Love
<RLove@strucklove.com>; Lucy Rand <Lucy.Rand@azag.gov>; mary.beke@azag.gov; Corene Kendrick
<ckendrick@prisonlaw.com>; Kirstin Eidenbach <kirstin@eidenbachlaw.com>; Maya Abela
<mabela@azdisabilitylaw.org>; Kathy Brody <kbrody@acluaz.org>; Don Specter <dspecter@prisonlaw.com>;
Alison Hardy <ahardy@prisonlaw.com>; Rita Lomio <rlomio@prisonlaw.com>; David Fathi <dfathi@aclu.org>;
Amy Fettig <afettig@aclu.org>; Amber Norris <anorris@prisonlaw.com>; Thomas Nosewicz
<tom@prisonlaw.com>; Gabriela Pelsinger <gabriela@prisonlaw.com>; Ada Lin <alin@aclu.org>; Juliette Mueller
<juliette@prisonlaw.com>; L. Renee Lee <rlee@aclu.org>; Alayna O'Bryan <alayna@prisonlaw.com>; Gabriella
Sergi <gabby@prisonlaw.com>
**Subject:** Parsons Class Members in Need of Medical Care

[Quoted text hidden]

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# Exhibit 9

# (Redacted)



**PRISON LAW OFFICE**

General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Steven Fama
Alison Hardy
Corene Kendrick
Rita Lomio
Margot Mendelson
Thomas Nosewicz
Camille Woods
Lynn Wu

VIA EMAIL ONLY

August 10, 2018

Mr. Timothy Bojanowski
Struck, Love, Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
tbojanowski@strucklove.com

RE:   *Parsons v. Ryan*, 2:12-CV-00601
      Class Member in Need of Medical Care
      ███████████████, Perryville – Complex Watch Area

Dear Mr. Bojanowski:

We write on behalf of ████████ a class member with a history of seizures and serious mental illness who needs immediate in-patient mental health care in a therapeutic milieu such as Phoenix-Flamenco.

████████ is currently in the Perryville Watch unit after an attempt multiple attempts at self-harm.  According to her medical record, she has been the subject of 22 ICS calls since July due to seizures and attempted self-harm.  We spoke with ████████ during our tour, and in reviewing her more recent medical records since our visit, it appears that her mental health state has deteriorated significantly.

████████ was the subject of three separate ICSs on August 7, 2018 while she was on constant watch at the Complex Watch Area ("CWA"). One was for a seizure, one was for chest pains, and the third was after an incident of self-harm.  According to the notes for the ICS at 19:21 written by LPN Julie Sanders,

ICS CALLED FOR DROWNING. OFFICERS STATED THAT IM TRIED TO DROWN HERSELF IN THE TOILET. THEY DID NOT KNOW HOW LONG SHE WAS IN THE WATER. THEY PULLED HER OUT AND SHE HAD NO PULSE AND WAS NOT BREATHING. THEY THEN BEGAN CPR.  IM WITHSTOOD FULL COMPRESSIONS FOR OVER 3 MINUTES BEFORE FINALLY COUGHING. TW ARRIVED TO THE IM BREATHING WITH A PULSE. VSS. UNRESPONSIVE. PROVIDER CONTACTED AND TW WAS

**Board of Directors**
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

ADVISED TO CALL 911. IM WAS SENT OUT TO ABRAZO WEST FOR FURTHER EVALUATION.

It is unfathomable how a person who is supposed to be on constant watch was able to drown herself in the toilet for a period of time such that she had no pulse and it took three minutes to revive her.  Based on LPN Sanders' notes, officers reported they did not know how long she had been in the toilet.

Upon █████████ s return to Perryville on August 8, she was placed back on constant watch. That same day, an ICS was called after she attempted to swallow her hospital bracelet. According to RN Shannon Smith, officers responded by deploying chemical agents. █████████ proceeded to stop the acts of self-harm and she removed the hospital band from her mouth and slide it under her door. She was then placed in the shower for decontamination.  According to RN Smith's notes, officers in the watch unit reported that they found █████████ on the shower floor having seizure-like symptoms.  Medical staff tended to █████████ on the shower floor at approximately 2030 hours. RN Smith noted the following in the medical records:

> 2030 Pt seen with back to cell door, kneeling in the shower. Skin on back reddened.
> 2037 Pt seated in chair in suicide smock. Pt with eyes closed, does not verbally respond to this RN. Pt holds head up straight then allows head to fall to the side. Pt with copious amounts of clear mucus draining from nose. Towel was obtained and this RN wiped Pt's nose repeatedly. Pt noted to have pink area to upper lip from probable ammonia inhalant burn. Pt is cuffed behind back and obtaining BP was difficult, unsure of accuracy. Pt continues to be unresponsive with head now to the side. Pt tremoring at times in upper body, possibly shivering from being wet just out of the shower. Pt cleared to return to cell. Security advised Pt to assist with walking to make transfer to cell easier. Pt assisted to stand to by security and then was noted to ambulate to her cell. Pt placed on floor of cell, uncuffed and cell door shut. Pt remained laying on floor.
> 2107 This RN still on the run seeing another IM. Pt calling out this RN's name. Pt sitting up naked c/o skin burning. Pt advised that is normal for chemical spray. Pt asking for something for the burning. Pt advised there is nothing that can be given for the chemical spray burning. Pt c/o upper lip burn from ammonia inhalant recently, had previously submitted an HNR. Pt advised this RN could admin ointment to her finger for her to apply to upper lip. Pt reported she shouldn't be in watches. States she will continue to act out. Pt encouraged to remain calm and get some rest.

The Plan Notes from this ICS response state RN Smith gave █████████ some ointment to apply to the chemical burn on her upper lip.

Mr. Timothy Bojanowski
Re: █████████████████
August 10, 2018
Page 3

It does not appear from a review of her medical record that ████████ has been placed on any anti-seizure medications or that a provider has addressed her recurring seizures.

We request that ███████ be immediately seen by a provider to address and provide treatment for her recurring seizures, and if necessary, be referred to a neurologist for evaluation. We further request that she be evaluated for transfer to Phoenix-Flamenco where she can receive appropriate inpatient mental health treatment.

Thank you for your prompt attention to this matter.

Sincerely,

Tania Amarillas, Litigation Assistant

Corene Kendrick, Staff Attorney

cc: ████████



**Tania Amarillas <tania@prisonlaw.com>**

---

## Parsons Class Member in Need of Medical Care

**Ashlee Hesman** <ahesman@strucklove.com>                    Mon, Aug 13, 2018 at 8:30 AM
To: Tania Amarillas <tania@prisonlaw.com>, Tim Bojanowski <TBojanowski@strucklove.com>, Elaine Percevecz
<EPercevecz@strucklove.com>, Dan Struck <DStruck@strucklove.com>, Rachel Love <RLove@strucklove.com>, Lucy
Rand <Lucy.Rand@azag.gov>, "mary.beke@azag.gov" <mary.beke@azag.gov>, Corene Kendrick
<ckendrick@prisonlaw.com>, Kirstin Eidenbach <kirstin@eidenbachlaw.com>, Maya Abela <mabela@azdisabilitylaw.org>,
Kathy Brody <kbrody@acluaz.org>, Don Specter <dspecter@prisonlaw.com>, Alison Hardy <ahardy@prisonlaw.com>, Rita
Lomio <rlomio@prisonlaw.com>, David Fathi <dfathi@aclu.org>, Amy Fettig <afettig@aclu.org>, Amber Norris
<anorris@prisonlaw.com>, Thomas Nosewicz <tom@prisonlaw.com>, Annelise Finney <afinney@prisonlaw.com>, Gabriela
Pelsinger <gabriela@prisonlaw.com>, gabriella sergi <gabby@prisonlaw.com>, Alayna O'Bryan <alayna@prisonlaw.com>,
Juliette Mueller <juliette@prisonlaw.com>, Jessica Carns <jcarns@aclu.org>, "jmelvin@aclu.org" <jmelvin@aclu.org>,
"PRATT, RICHARD (RPRATT@azcorrections.gov)" <RPRATT@azcorrections.gov>, "HEADSTREAM, VANESSA
(VHEADST@azcorrections.gov)" <VHEADST@azcorrections.gov>, "TAYLOR, NICOLE" <NTAYLOR@azcorrections.gov>

Tania,

Thank you for your letter regarding the health care concerns of inmate ███████.  We have forwarded the letter to
Corizon and asked them to follow up on the care being provided to this inmate.  ADC's Monitoring Bureau will also be
reviewing her care to ensure it is medically appropriate. Please advise this inmate that this review is not a substitute
for the inmate administrative grievance procedure and that ADC and its employees and/or contractors are not
waiving any argument with respect to the PLRA exhaustion requirement.  Please feel free to contact me if you have
any questions.

Sincerely,

Ashlee Hesman

**From:** Tania Amarillas [mailto:tania@prisonlaw.com]
**Sent:** Friday, August 10, 2018 4:56 PM
**To:** Tim Bojanowski <TBojanowski@strucklove.com>; Elaine Percevecz <EPercevecz@strucklove.com>; Ashlee
Hesman <ahesman@strucklove.com>; Dan Struck <DStruck@strucklove.com>; Rachel Love
<RLove@strucklove.com>; Lucy Rand <Lucy.Rand@azag.gov>; mary.beke@azag.gov; Corene Kendrick
<ckendrick@prisonlaw.com>; Kirstin Eidenbach <kirstin@eidenbachlaw.com>; Maya Abela
<mabela@azdisabilitylaw.org>; Kathy Brody <kbrody@acluaz.org>; Don Specter <dspecter@prisonlaw.com>;
Alison Hardy <ahardy@prisonlaw.com>; Rita Lomio <rlomio@prisonlaw.com>; David Fathi <dfathi@aclu.org>;
Amy Fettig <afettig@aclu.org>; Amber Norris <anorris@prisonlaw.com>; Thomas Nosewicz
<tom@prisonlaw.com>; Annelise Finney <afinney@prisonlaw.com>; Gabriela Pelsinger
<gabriela@prisonlaw.com>; gabriella sergi <gabby@prisonlaw.com>; Alayna O'Bryan
<alayna@prisonlaw.com>; Juliette Mueller <juliette@prisonlaw.com>; Jessica Carns <jcarns@aclu.org>;
jmelvin@aclu.org
**Subject:** Parsons Class Member in Need of Medical Care

[Quoted text hidden]

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.