Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, Plaintiffs, v. Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, Defendants. | No. CV 12-00601-PHX-ROS **PLAINTIFFS' REQUEST FOR STATUS HEARING AND PROPOSED AGENDA** |

Plaintiffs hereby request that the Court schedule a status hearing in this case at the Court's earliest available date. Plaintiffs propose any of the following dates: September 18, 19, 25, 26, 2018, or October 2, 9, 10, 11, 12, 15, 16, or 17, 2018. Plaintiffs' Counsel notified Counsel for Defendants on September 7, 2018 regarding this request, and Counsel for Defendants responded on September 10, 2018, that they oppose this request. *See* Declaration of Corene Kendrick, filed hereto, Exhibit 1. Plaintiffs hereby propose the following items be included in the Court's agenda for the status hearing.

1. Defendants' continuing noncompliance with performance measures set forth in the October 10, 2017 Order to Show Cause (Doc. 2373) and/or performance measures previously found substantially noncompliant by the Court, and the status of Defendants' remedial plans. [*See, e.g.*, Doc. 2898-1; *see also* Doc. 1583 at 2; Doc. 1709 at 1; Doc. 2030 at 2; Doc. 2403 at 2-3; Doc. 2764 at 2] In addition to showing current noncompliance with many of the measures previously found noncompliant, Defendants' latest report shows that nine of the measures specifically set forth in the October 2017 Order to Show Cause remain noncompliant as of June 2018. [Doc. 2988-1 at 55, 83, 105, 129, 135, 159, 169, 189, 207]. For a number of those measures, compliance deteriorated between May and June 2018. [*Id.* at 55, 83, 105, 135, 159, 169]

2. Defendants' failure to comply with the Court's order that "Defendants shall continue to file monthly reports reflecting every instance of noncompliance for PMs at facilities under the October 10, 2017 Order to Show Cause that are at less than 85% compliance." (Doc. 2898 at 24). *See* Doc. 2993-1 at 3-12 (Exs. 1-4). Defendants have provided no data on their noncompliance for any month after February 2018.[1]

---

[1] Unless and until the Court grants a stay, Defendants must comply with the orders. *See Maness v. Meyers*, 419 U.S. 449, 458 ("[A]ll orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.").

3. Status of the Court's appointment of experts. [Docs. 2900 at 14, 2905 at 4] The parties provided their nominations to the Court on July 23, 2018. [*See* Docs. 2939, 2940, 2946, 2949]

4. Update on Defendants' implementation of the Advisory Board's recommendations. [Docs. 2904; 2948; 2948-1; 2961; 2969] Plaintiffs' position is that Defendants have not complied with the Court's order to "file their plan to implement the recommendations contained in the final Advisory Group report." Doc. 2904 at 1; *see* Doc. 2961.

5. Update on Defendants' plan to implement telemedicine, since Dr. Robertson's last report at the June 14, 2018 status hearing. [*See* 6/14/18 Tr. at 60:20-72:25; *see also* Doc. 2816 at 3; 5/9/18 Tr. at 180:16-23] Defendants have provided no update on this topic in the nearly three months since the June 14 hearing.

6. Defendants' failure to produce documents requested by Plaintiffs, some requests date back over a year. The parties have met and conferred repeatedly regarding the requests and have been at an impasse for several months; this issue was on the agenda for past status hearings but due to time limitations, Judge Duncan was unable to resolve the issues. [*See* Kendrick Decl. Exs. 1-6; Doc. 2793; Doc. 2794-1 at 79-87 (Exs. 11-12); Doc. 2741; Doc 2742-3 at 10-35 (Exs. 10-12)]

7. Outstanding Motion to Enforce Maximum Custody Performance Measures. [Docs. 1944, 1983, 2006, 2362, 2430] Previously, the parties had informed the Court that renewed settlement talks around the Motion to Enforce were in progress so that the Motion to enforce could be tabled for decision. [Doc. 2680] As of September 5, 2018, Defendants withdrew from settlement talks so that the Motion to Enforce is now ripe for decision. In light of the complex procedural history of this motion, Plaintiffs believe that the Court would benefit from the opportunity to hear from counsel.

8. Possible resumption of monthly status hearings. Plaintiffs believe that monthly status hearings promote judicial efficiency by providing a regularly-scheduled opportunity for review of Defendants' remedial plans for noncompliant Performance

| | |
|---|---|
| 1 | Measures, as well as resolution of the numerous other issues that arise in this large and |
| 2 | complex case. |

Dated: September 6, 2018　　　　　　　　　**PRISON LAW OFFICE**

By:   s/ Corene Kendrick
    Donald Specter (Cal. 83925)*
    Alison Hardy (Cal. 135966)*
    Sara Norman (Cal. 189536)*
    Corene Kendrick (Cal. 226642)*
    Rita K. Lomio (Cal. 254501)*
    **PRISON LAW OFFICE**
    1917 Fifth Street
    Berkeley, California 94710
    Telephone: (510) 280-2621
    Email:  dspecter@prisonlaw.com
            ahardy@prisonlaw.com
            snorman@prisonlaw.com
            ckendrick@prisonlaw.com
            rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:  dfathi@aclu.org
        afettig@aclu.org
        vlopez@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, PLLC**
P. O. Box 91398
Tucson, Arizona 85752
Telephone: (520) 477-1475
Email:  kirstin@eidenbachlaw.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:  kbrody@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:  dbarr@perkinscoie.com
        agerlicher@perkinscoie.com
        jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 875-5712
Email:  cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone: (832) 239-3939
Email:  jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By: s/ Maya Abela

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
Jessica Jansepar Ross (Bar No. 030553)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
  rdalyrooney@azdisabilitylaw.org
  jrico@azdisabilitylaw.org
  mabela@azdisabilitylaw.org
  jross@azdisabilitylaw.org

Asim Dietrich (Bar No. 027927)
5025 East Washington St., Ste. 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.com

*Attorneys for Arizona Center for Disability Law*

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

                                          s/ C. Kendrick