Index of Exhibits to the Declaration of Corene Kendrick

| Exhibit # | Description |
|---|---|
| 1 | 9/7/18 and 9/10/18 Emails between C. Kendrick, Counsel for Plaintiffs, and D. Struck, Counsel for Defendants, Regarding Request for Status Hearing |
| 2 | 5/18/18 Letter from R. Love, Counsel for Defendants, to D. Fathi, Counsel for Plaintiffs, Regarding Update on Document Production. |
| 3 | 5/22/18 Letter from D. Fathi to T. Bojanowski, Counsel for Defendants, Regarding CQI Attachments. |
| 4 | 5/23/18 Letter from R. Valenti, Counsel for Defendants, to D. Fathi, Regarding Defendants' Response to Plaintiffs' Monthly Document Requests 87-90. |
| 5 | 7/13/18 Letter from C. Kendrick to T. Bojanowski Regarding Outstanding Matters. |
| 6 | 8/13/18 Letter from R. Valenti to C. Kendrick Regarding Outstanding Matters |

# Exhibit 1

**Corene Kendrick**

| | |
|---|---|
| **From:** | Corene Kendrick |
| **Sent:** | Monday, September 10, 2018 2:21 PM |
| **To:** | 'Dan Struck'; 'Rachel Love'; 'Tim Bojanowski'; 'Elaine Percevecz' |
| **Cc:** | Don Specter; 'David Fathi'; 'Kirstin Eidenbach'; 'Maya Abela'; 'Amy Fettig'; Rita Lomio; Tania Amarillas; 'Jessica Carns' |
| **Subject:** | RE: Parsons - Request for Status Hearing |

Dan,

Thank you for your response.

With regard to Defendants' failure to produce requested documents, the parties have met and conferred multiple times about Defendants' blanket refusal to produce certain documents, and both sides agree that we are at an impasse. This has been on the agenda for past status hearings but due to time limitations of those hearings, Judge Duncan did not resolve the issue. *See* Doc. 2793, Doc. 2794-1 at 79-87 (Exs. 11-12); Doc. 2741; Doc 2742-3 at 10-35 (Exs. 10-12); *see also* Doc. 2993-1 at 3-12 (Exs. 1-4); 5/18/18 Letter from R. Love to D. Fathi; 5/22/18 Letter from D. Fathi to Tim Bojanowski; 5/23/18 Letter from R. Valenti to D. Fathi; 7/13/18 Letter from C. Kendrick to T. Bojanowski; 8/13/18 Letter from R. Valenti to C. Kendrick.

-Corene

---

**From:** Dan Struck [mailto:DStruck@strucklove.com]
**Sent:** Monday, September 10, 2018 12:01 PM
**To:** Corene Kendrick <ckendrick@prisonlaw.com>; Rachel Love <RLove@strucklove.com>; Tim Bojanowski <TBojanowski@strucklove.com>; Elaine Percevecz <EPercevecz@strucklove.com>
**Cc:** Don Specter <dspecter@prisonlaw.com>; David Fathi <dfathi@aclu.org>; Kirstin Eidenbach <kirstin@eidenbachlaw.com>; Maya Abela <mabela@azdisabilitylaw.org>; Amy Fettig <afettig@aclu.org>; Rita Lomio <rlomio@prisonlaw.com>; Tania Amarillas <tania@prisonlaw.com>; Jessica Carns <JCarns@aclu.org>
**Subject:** RE: Parsons - Request for Status Hearing

Corene,

Thank you for clarifying the purpose behind your proposal to request a status conference.  As previously stated, we do not believe that a status conference is necessary.  In addition, we are confident that if Judge Silver believes that a status conference is important, she will order that one take place.   We also don't think that the reasons you have delineated below warrant the necessity of calling for a status conference.  The following is our response to your reasons for needing a status conference:

1. The Court denied Plaintiffs' Motion to Enforce regarding max custody monitoring without prejudice at Doc. 2353, 1944. Plaintiffs filed a revised proposed order and Defendants responded with their objections at Doc. 2362, 2430. No status conference is required regarding this issue. If Plaintiffs want the Court to rule on the motion and revised order, a simple notice to the Court regarding the same is sufficient. Expenditure of fees and costs for Plaintiffs counsel to travel to Arizona and for Defendants and their counsel to attend a hearing for this purpose is wasteful, unnecessary and does not promote judicial economy.
2. If you would like to know the status of the remedial plans, we can provide you with this information without the necessity of a status conference.
3. As you are aware, the Defendants have requested a stay of this order.   It is unclear why Plaintiffs believe that a status conference is necessary.

4. See response to No. 3.
5. See response to No. 3.
6. If you would like to know the status of the plan to implement telemedicine, we can provide you with this information without the need for a status conference.
7. What documents are you claiming that you haven't received?  It is not appropriate for Plaintiffs to request a status conference on this basis without letting us know what you believe that you haven't received and then going through a meet and confer first. We believe that we have provided you with everything that you have asked for in your monthly requests.
8. Defendants are opposed to periodic status hearings.   There is no need to expend fees and costs in attorney time and travel, and take up the Court's time with information that can be provided to Plaintiffs and the Court in writing.  Moreover, in the past, Plaintiffs have used these hearings more as a springboard to raise issues outside the scope of the Stipulation.

In any event, Defendants believe that Judge Silver will order a status conference if she believes it is necessary.   As there does not appear to be a reason that warrants a status conference at this time, we will oppose your request.

Dan



Daniel P. Struck
Attorney

**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**
3100 W. Ray Road | Suite 300 | Chandler AZ 85226
p: 480.420.1601 | dstruck@strucklove.com | strucklove.com

---

**From:** Corene Kendrick [mailto:ckendrick@prisonlaw.com]
**Sent:** Friday, September 07, 2018 3:32 PM
**To:** Dan Struck <DStruck@strucklove.com>; Rachel Love <RLove@strucklove.com>; Tim Bojanowski <TBojanowski@strucklove.com>; Elaine Percevecz <EPercevecz@strucklove.com>
**Cc:** Don Specter <dspecter@prisonlaw.com>; David Fathi <dfathi@aclu.org>; Kirstin Eidenbach <kirstin@eidenbachlaw.com>; Maya Abela <mabela@azdisabilitylaw.org>; Amy Fettig <afettig@aclu.org>; Rita Lomio <rlomio@prisonlaw.com>; Tania Amarillas <tania@prisonlaw.com>; Jessica Carns <JCarns@aclu.org>
**Subject:** RE: Parsons - Request for Status Hearing

Dan,

Topics for the status hearing include:

1. Outstanding Motion to Enforce Maximum Custody Performance Measures (Docs. 1944, 1983, 2006, 2362, 2430). Previously, the parties had informed the Court that renewed settlement talks around the Motion to Enforce were in progress so that the Motion to enforce could be tabled for decision. (Doc. 2680).  As of September 5, 2018, Defendants have withdrawn from settlement talks so that the Motion to Enforce is now ripe for decision.
2. Defendants' continuing noncompliance with Performance Measures set forth in the October 10, 2017 Order to Show Cause (Doc. 2373), and the status of Defendants' remedial plans.
3. Defendants' failure to comply with the Court's order that "Defendants shall continue to file monthly reports reflecting every instance of noncompliance for PMs at facilities under the October 10, 2017 Order to Show Cause that are at less than 85% compliance." (Doc. 2898 at 24).
4. Status of the Court's appointment of experts pursuant to Doc. 2900 (at 14) and Doc. 2905 (at 4).
5. Update on Defendants' implementation of the Advisory Board's recommendations. (Docs. 2948, 2948-1, 2961, 2969)

6. Update on Defendants' plan to implement telemedicine, since Dr. Robertson's report at the June 14 status hearing.
7. Defendants' failure to produce documents requested by Plaintiffs.
8. Possible resumption of periodic status hearings to review Defendants' remedial plans for noncompliant Performance Measures.

Thank you,
Corene

---

**From:** Dan Struck [mailto:DStruck@strucklove.com]
**Sent:** Friday, September 7, 2018 2:00 PM
**To:** Corene Kendrick <ckendrick@prisonlaw.com>; Rachel Love <RLove@strucklove.com>; Tim Bojanowski <TBojanowski@strucklove.com>; Elaine Percevecz <EPercevecz@strucklove.com>
**Cc:** Don Specter <dspecter@prisonlaw.com>; David Fathi <dfathi@aclu.org>; Kirstin Eidenbach <kirstin@eidenbachlaw.com>; Maya Abela <mabela@azdisabilitylaw.org>
**Subject:** RE: Parsons - Request for Status Hearing

Corene,

Perhaps if you would let us know why plaintiffs believe that a status hearing is necessary and what you intend to raise at the proposed status conference, we would be in a position to let you know whether we will oppose or join your request.  At this time, we don't believe that the parties need to be troubling the court or expending unnecessary fees by requesting a conference.  If there is a specific issue that you would like to address with Judge Silver, please let us know so we can be in a position to evaluate this request.

Dan Struck



Daniel P. Struck
Attorney

**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**
3100 W. Ray Road | Suite 300 | Chandler AZ 85226
p: 480.420.1601 | dstruck@strucklove.com | strucklove.com

---

**From:** Corene Kendrick [mailto:ckendrick@prisonlaw.com]
**Sent:** Friday, September 07, 2018 12:34 PM
**To:** Dan Struck <DStruck@strucklove.com>; Rachel Love <RLove@strucklove.com>; Tim Bojanowski <TBojanowski@strucklove.com>; Elaine Percevecz <EPercevecz@strucklove.com>
**Cc:** Don Specter <dspecter@prisonlaw.com>; David Fathi <dfathi@aclu.org>; Kirstin Eidenbach <kirstin@eidenbachlaw.com>; Maya Abela <mabela@azdisabilitylaw.org>
**Subject:** Parsons - Request for Status Hearing

Dear Dan, Rachel, and Tim,

We plan to file a request on Tuesday with Judge Silver that she schedule a status conference in *Parsons v. Ryan*. We are going to propose that she choose from one of the following dates for the hearing:  September 18, 19, 25, 26, or October 2.

Please let me know no later than the close of business on Monday whether Defendants will oppose our request, or if you want to jointly move the court. If you want to join us in the request, I will draft a stipulation for your review.

Thanks,

Corene

Corene Kendrick, Staff Attorney
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA 94710
510-280-2621
ckendrick@prisonlaw.com

---

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

---

# Exhibit 2



STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Rachel Love
480.420.1616
rlove@strucklove.com

May 18, 2018

***VIA EMAIL ONLY***
David C. Fathi
ACLU Foundation
National Prison Project
915 15th Street, NW
7th Floor
Washington, DC  20005-2112

Re:   *Parsons v. Ryan* – **Update on Document Production**

Dear David:

I apologize for the delay in getting you an update on outstanding document requests and production status.  Set forth below is the status for categories of documents at issue.

After review, please let us know if you have further questions, concerns, or if you believe a meet and confer is in order.  I am jumping in on this issue to assist Richie Valenti while he is out.  Accordingly, if I have missed something, it is not intentional.  Please advise as to anything I may have missed so I can get you an answer/status.

All information related to anticipated production or status is without waiver of objections to the requests, as previously made.

**Mortality Reviews**

We have received an additional twenty mortality reviews for production.  We are reviewing the same and anticipate production by Wednesday, May 23.  The mortality reviews pending review and production are as follows:

1) Isabell Molina #307090
2) Flavio Navarro #83895
3) Luis Reyes #61719
4) Jeffrey Jensen # 242484
5) Richard Torres #36483
6) Robert Neese #030526
7) Earl Bray #135737

David C. Fathi
May 18, 2018
Page 2

    8) Shawn Lynch #206125
    9) Todd Remine #168246
    10) Lauren McCray #223302
    11) Miguel Mata #068762
    12) Robert Coronado-Nunez #110942
    13) Joshua Palmer #196521
    14) Alvie Rogers #63360
    15) Donnie Shaw #172018
    16) Eddie Ruiz #324913
    17) Paul Alexander #155641
    18) Carol Lee #204744
    19) Manuel Diaz #233369
    20) Craig O'Neal #113031

**Psychological Autopsies**

The psychological autopsies for Randy Aguilar (#219831), Carlos Carrillo (#172834), and Darrell Mohr (#149480) are not yet available. We will produce upon finalization by ADC.

**Request 55 – Agendas/Meeting Minutes (ADC & Corizon Bi-Monthly Meetings)**

Our review of production reveals that the requested Agendas/Meeting Minutes have been produced except for 11/16/17, 4/16/18, and 4/30/18. We anticipate production by Wednesday, May 23.

**Request 62 – Documents re Discontinuation of Narcotic Pain Medications**

Corizon has communicated that it is not aware of documents responsive to this request as written.

**Request 67 – Documents re Dr. Malachinski**

ADC does not have documents responsive to this request. Corizon objects to production of personnel records of its employees. Defendants and Corizon further object that the request is overly broad and outside the scope of the Stipulation and performance measures as to documents to be produced in this matter.

**Request 71 – Heat Intolerance Log**

Defendants will produce the March 2018 Heat Intolerance log by Wednesday, May 23.

David C. Fathi
May 18, 2018
Page 3

## Request 74 – Documents re Changes to Policy Governing Suicide or Mental Health Watches

Corizon is determining whether it has documents responsive to this request.

## Request 76 – Max Custody Monitoring

Jamie Guzman responded to this request for information by letter to Amy Fettig dated May 4, 2018.

## Request 82 – Specialty Referrals Pending UM Review and Appointments

Corizon is determining whether a "pending" list can be generated historically where once the request/appointment is completed, it is no longer pending.  We will let you know what Corizon finds out.

## Request 83 – Source Documents for PM 25 CGAR Reports

We have received the CGAR source documents for January and February CGARS. Review is underway and we anticipate production by Wednesday, May 23.

Sincerely,

Rachel Love

RL/eap
cc:     Counsel of Record

# Exhibit 3

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



May 22, 2018

**BY ELECTRONIC MAIL ONLY**

Timothy J. Bojanowski
Struck, Love, Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
tbojanowski@strucklove.com

Re:     *Parsons v. Ryan*

Dear Tim:

We are writing in regards to the CQI meeting minutes from January 2017 – March 2018.

The CQI minutes often reference attachments, such as grievance logs, provider ICS critiques, or generic "studies" or "reports." These various attachments have never been included with the production of the CQI minutes. Without these attachments it is difficult, if not impossible, to fully appreciate the substance of these meetings. In particular, the CQI minutes for the Phoenix facility often reference numerous attachments, and there is little substantive discussion of the issues contained in the minutes themselves.

Attached is a complete list of all the missing attachments referenced in the CQI meeting minutes from January 2017 – March 2018. We ask that Defendants produce these documents as soon as possible.

Thank you very much.

Very truly yours,

David C. Fathi

Encl.

cc:     All counsel

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

| Month | Facility | Topic | Missing Attachment | Bates Number |
|---|---|---|---|---|
| March 2018 | Perryville | Emergency Responses | ICS critiques for Pedro, Cruz, Carlos, Lumley & Maria | ADCM1505300 |
| March 2018 | Phoenix | Infection control report | Graph and report | ADCM1505305 |
| March 2018 | Phoenix | Emergency Responses | Details of 8 ER returns | ADCM1505305 |
| March 2018 | Phoenix | Critical incidents/adverse patient events | Report | ADCM1505306 |
| March 2018 | Safford | Other topics/issues | ICS Critique | ADCM1505321 |
| March 2018 | Tucson | Safety and Environmental Report | "See attached" (appears to be related to Dialysis) | ADCM1505325 |
| March 2018 | Tucson | Emergency responses | ICS Critiques | ADCM1505326 |
| March 2018 | Tucson | Results of morbidity/mortality review | CAPs | ADCM1505328 |
| March 2018 | Tucson | QI process and/or outcome studies | Studies | ADCM1505329 |
| February 2018 | Lewis | Emergency Responses | Provider ICS Critique | ADCM1496570 |
| February 2018 | Lewis | Emergency Responses | Nursing ICS Critiques | ADCM1496570 |
| February 2018 | Lewis | Coordination of care case studies | Missing this section (Section M) — Minutes jump from Section L to N | ADCM1496571-ADCM1496572 |
| February 2018 | Perryville | Emergency Reponses | ICS critiques attached for Pedro, Cruz, Carlos, Lumley & Maria | ADCM1505300 |
| February 2018 | Phoenix | Grievances | Grievance log | ADCM1496579 |
| February 2018 | Phoenix | Statistical Report | "See attached document from clinical coordinator" | ADCM1496579 |
| February | Phoenix | Review of | CQI results | ADCM1496580 |

| Month | Facility | Topic | Missing Attachment | Bates Number |
|---|---|---|---|---|
| 2018 | | monthly/quarterly audits and monthly chart reviews | | |
| February 2018 | Phoenix | CQI process and outcome studies | Update | ADCM1496580 |
| February 2018 | Phoenix | CGAR Findings | Findings | ADCM1496580 |
| February 2018 | Tucson | Grievances | "Written report presented with charts/graphs" | ADCM1496593 |
| February 2018 | Tucson | Safety and Environmental Report | Safety Notes | ADCM1496595 |
| February 2018 | Tucson | Statistical Report | Dialysis report | ADCM1496595-96 |
| February 2018 | Tucson | Emergency Responses | ICS Critiques | ADCM1496596 |
| February 2018 | Tucson | Results of Morbidity/Mortality Review | CAPS & Report | ADCM1496597 |
| February 2018 | Tucson | Review of audits/charts reviews | Studies | ADCM1496598 |
| February 2018 | Tucson | QI process and/or outcome studies | Studies | ADCM1496598 |
| January 2018 | Douglas | Safety & Environmental | Safety Minutes from December | ADCM1496460 |
| January 2018 | Lewis | Emergency Responses | Provider ICS Critique | ADCM1496494 |
| January 2018 | Perryville | Emergency Reponses | ICS critiques attached for Maria, Lumley, Carlos | ADCM1496499 |
| January 2018 | Phoenix | Grievances | Grievance log | ADCM1496504 |
| January 2018 | Phoenix | Statistical Report | Document from clinical coordinator | ADCM1496504 |
| January 2018 | Phoenix | Review of monthly/quarterly | "The DON is completing the monthly CQI audit for January and | ADCM1496505 |

| Month | Facility | Topic | Missing Attachment | Bates Number |
|-------|----------|-------|--------------------|--------------|
| | | audits and monthly chart reviews | results are attached" | |
| January 2018 | Phoenix | CQI Process & Outcome Studies | Update | ADCM1496505 |
| January 2018 | Phoenix | CGAR Findings | "Attached –" | ADCM1496505 |
| January 2018 | Safford | Results of morbidity review | CAPs | ADCM1496513 |
| January 2018 | Safford | Results of morbidity review | "See attach reports" | ADCM1496513 |
| January 2018 | Tucson | Grievances | "SEE ATTACHED" | ADCM1496518 |
| January 2018 | Tucson | Results of morbidity/mortality review | See CAP attached | ADCM1496521 |
| January 2018 | Tucson | Other sentinel events, excluding mortalities | See CAP attached | ADCM1496521 |
| January 2018 | Yuma | CGAR CAPs | See attached study | ADCM1496533 |
| December 2017 | Douglas | Safety & Environmental | Review attached Safety Minutes | ADCM1047608 |
| December 2017 | Eyman | CQI process and outcome studies | Graph that shows compliance with Inmates on Chronic Care | ADCM1047624 |
| December 2017 | Perryville | Emergency Responses | ICS critiques attached for Maria, Lumley, Carlos | ADCM1047646 |
| December 2017 | Phoenix | Grievances | 2 for the month of October.  Graph is attached. | ADCM1047650 |
| December 2017 | Phoenix | Infection Control Report | Verbal report received.  Report attached. | ADCM1047650 |
| December 2017 | Phoenix | Statistical Report | See attached documents from clinical coordinator. | ADCM1047650 |
| December 2017 | Phoenix | Emergency Responses | Emergency responses report re: 11 send outs in October. | ADCM1047650 |
| December | Phoenix | Results of | Report on final mortality review | ADCM1047650 |

| Month | Facility | Topic | Missing Attachment | Bates Number |
|---|---|---|---|---|
| 2017 | | morbidity/mortality review | | |
| December 2017 | Phoenix | Other sentinel events, excluding mortalities | Sentinel event report | ADCM1047651 |
| December 2017 | Safford | Sentinel events | Sentinel event from 7/15/17 Ft. Grant inmate | ADCM1047659 |
| December 2017 | Tucson | Grievances | Grievances report, "SEE ATTACHED" | ADCM1047662 |
| December 2017 | Tucson | Results of morbidity/mortality review | CAP regarding lack of documentation provided for the death of inmate #291199 and death of inmate #135737 | ADCM1047665 |
| December 2017 | Yuma | Statistical Report | "See report" referenced several times throughout this section. | ADCM1047676 |
| December 2017 | Yuma | Emergency Responses | Emergency Response reports for Cocopah, Cheyenne, Dakota, Cibola, and LaPaz | ADCM1047677 |
| November 2017 | Douglas | Safety & Environmental | Review attached Safety Minutes | ADCM1043719 |
| November 2017 | Lewis | Results of morbidity/mortality review | Discussion of Mortality reviews conducted in October (see attached) | ADCM1048114 |
| November 2017 | Lewis | CQI process and outcome studies | "Passed no-CAP (see attached) | ADCM1048115 |
| November 2017 | Perryville | Emergency Responses | "ICQ critiques attached for Cruz, Carlos, Pedro" | ADCM1043751 |
| November 2017 | Phoenix | Grievances | "1 for the month of September. Graph is attached." | ADCM1043755 |
| November 2017 | Phoenix | Infection Control Report | Verbal report received. Report attached. | ADCM1043755 |
| November 2017 | Phoenix | Statistical Report | See attached documents from clinical coordinator. | ADCM1043755 |
| November 2017 | Phoenix | Emergency Reponses | ADON Erb reported there were 17 ER send outs in September: Committee reviewed send out data. No new recommendations.  Report | ADCM1043755 |

| Month | Facility | Topic | Missing Attachment | Bates Number |
|---|---|---|---|---|
| | | | attached. | |
| November 2017 | Phoenix | Review of monthly/quarterly audits and monthly chart reviews | Report attached. | ADCM1043756 |
| November 2017 | Safford | Review of audits/charts | "Discuss trends noted, lessons learned, improvement strategies. Written report Attached" | ADCM1043762 |
| November 2017 | Tucson | Grievances | SEE ATTACHED | ADCM1043767 |
| November 2017 | Tucson | Statistical Report | SEE ATTACHED | ADCM1043768 |
| November 2017 | Tucson | Results of morbidity/mortality review | SEE ATTACHED CAP | ADCM1043769 |
| November 2017 | Tucson | Other sentinel events, excluding mortalities | "Med error—double dose for PM staff—educate staff; Dylatime BID AM dose is too high.  SEE ATTACHED" | ADCM1043770 |
| November 2017 | Winslow | CGAR CAPs | "List attached, discussed" | ADCM1043776 |
| November 2017 | Yuma | Statistical Report | "See report" | ADCM1043780 |
| November 2017 | Yuma | Emergency Reponses | "See report" | ADCM1043780 |
| October 2017 | Douglas | Safety and Environmental | "Nothing to be placed in any of the boiler rooms, showed a picture of our boiler room." | ADCM1043648 |
| October 2017 | Florence | CGAR CAPs | "Spencer will have attached to minutes." | ADCM1043673 |
| October 2017 | Lewis | Emergency Responses | "See Attached Provider ICS Critiques" | ADCM1043678 |
| October 2017 | Phoenix | Review of monthly/quarterly audits and monthly chart reviews | "Report attached" | ADCM1043688 |

| Month | Facility | Topic | Missing Attachment | Bates Number |
|-------|----------|-------|--------------------|--------------|
| October 2017 | Phoenix | Sentinel Events | "No new recommendations. Report attached." | ADCM1043688 |
| October 2017 | Phoenix | Emergency Responses | "Report attached" | ADCM1043687 |
| October 2017 | Phoenix | Statistical Report | "See attached documents from clinical coordinator" | ADCM1043687 |
| October 2017 | Phoenix | Infection Control Report | "Verbal report received. Report attached." | ADCM1043687 |
| October 2017 | Phoenix | Grievances | "1 for the month of September. Graph is attached." | ADCM1043687 |
| October 2017 | Perryville | Emergency Responses | "ICS critiques attached for Maria, Cruz, Carlos, Lumley, CX" | ADCM1043683 |
| October 2017 | Safford | Statistical Report | "End of the month completed referred to attached." | ADCM1043691 |
| October 2017 | Winslow | CGAR CAPs | "List attached, discussed" | ADCM1043709 |
| September 2017 | Perryville | Emergency Responses | ICS critiques attached for Cruz, Carlos & Pedro | ADCM1043621 |
| September 2017 | Phoenix | Grievances | Graph of six grievances filed in August | ADCM1043626 |
| September 2017 | Phoenix | Statistical Report | "Attached" | ADCM1043627 |
| September 2017 | Phoenix | Review of monthly/quarterly audits and monthly chart reviews | "Monthly Audits (CQSI audits and any other site specific audits) – discuss, attach graph to minutes" | ADCM1043628 |
| September 2017 | Safford | Infection Control Report | "August infection control attached. No Trends to report remains in the average." | ADCM1043634 |
| September 2017 | Safford | Safety and Environmental Report | Health Unit inspection reports attached. | ADCM1043634 |
| September 2017 | Safford | Emergency Responses | All critiques reviewed/attached. | ADCM1043634 |
| September | Safford | Review of | See attached. | ADCM1043634 |

| Month | Facility | Topic | Missing Attachment | Bates Number |
|---|---|---|---|---|
| 2017 | | audits/charts reviews | | |
| September 2017 | Winslow | CGAR CAPs | "Current goal is 85%, aspire to 90%.  List attached, discussed." | ADCM1043639 |
| August 2017 | Lewis | Emergency Response | "See attached Provider ICS critiques" | ADCM1033424 |
| August 2017 | Lewis | Emergency Response | "See attached Nursing ICS critiques" | ADCM1033423 |
| August 2017 | Perryville | Review of audits/charts review | See attached monthly audits asthma/ infirmary | ADCM1033430 |
| August 2017 | Perryville | Emergency Response | ICS critique attached for Cruz, Lumley, Cerice and Pedro | ADCM1033429 |
| August 2017 | Phoenix | Grievances | "6 for the month of July. Graph is attached" | ADCM1033434 |
| August 2017 | Phoenix | Infection Control Report | "Verbal report received. Report attached" | ADCM1033434 |
| August 2017 | Phoenix | Safety and Environmental Report | "Discussion was held about keeping medical supplies in plastic totes on Flamenco. Committee agreed with recommendation. DW has been very with helpful keeping Flamenco area clean. Report attached." | ADCM1033434 |
| August 2017 | Phoenix | Statistical Report | "See attached documents from clinical coordinator" | ADCM1033434 |
| August 2017 | Phoenix | Emergency Responses | "ADON Erb reported there were 10 ER send outs in July: Committee reviewed send out data. No new recommendations. Report attached." | ADCM1033434 |
| August 2017 | Phoenix | Results of morbidity/mortality review | "Committee reviewed SEC recommendations related to inmate #093564. No additional action needed. Report attached." | ADCM1033435 |
| August 2017 | Phoenix | Other sentinel events, excluding mortalities | "One incident of self-harm reported on Flamenco. Committee discussed incident. No new recommendations. | ADCM1033435 |

| Month | Facility | Topic | Missing Attachment | Bates Number |
|-------|----------|-------|--------------------|--------------|
| | | | "Report attached." | |
| August 2017 | Phoenix | Critical incidents/adverse patient events | "Two medication incidents reviewed by committee. No harm to patient involved. Committee discussed alternative. Report attached." | ADCM1033435 |
| August 2017 | Phoenix | Review of monthly/quarterly audits and monthly chart review | "Report attached." | ADCM1033435 |
| August 2017 | Safford | Infection Control Report | "July infection control attached. No Trends to report remains in the average." | ADCM1033439 |
| August 2017 | Safford | Statistical Report | "Statistical Report sent to Regional office for ADOC. No Trends." | ADCM1033439 |
| August 2017 | Safford | Emergency Responses | "Staff completed and turned in 10 ICS critiques. All were signed and reviewed by security staff. The only recommendation was for the Simulated response to the Complex Control. It took longer that it should due to happening at Shift Change. Will discuss with Security to see how we can fix medical getting through the controls when responding to ICS.  All Critiques attached." | ADCM1033439 |
| August 2017 | Safford | Other sentinel events, excluding mortalities | "1 for ruptured appendix. Outcome was favorable. Inmate out to hospital and surgery same day that he presented to the health unit with abdominal complaints. See attached report." | ADCM1033439 |
| August 2017 | Safford | Review of audits/charts reviews | 1 audit turned in for the month of July 2017. See attached." | ADCM1033440 |
| August 2017 | Winslow | CGAR CAPs | Current goal is 85%, aspire to 90%. List attached, discussed. | ADCM1033452 |

| Month | Facility | Topic | Missing Attachment | Bates Number |
|-------|----------|-------|--------------------|--------------|
| July 2017 | Perryville | Emergency Responses | "ICS critiques attached for Cruz, Maria and Rosa" | ADCM1001016 |
| July 2017 | Phoenix | Review of monthly/quarterly audits and monthly chart reviews | "Quarterly pharmacy audit results are attached" | ADCM1001022 |
| July 2017 | Safford | Infection Control Report | "June infection control report attached" | ADCM1001026 |
| July 2017 | Safford | Safety and Environmental Report | "See attached Unit inspections" | ADCM1001026 |
| July 2017 | Safford | Review of audits/charts reviews | "Attached report. 2 nursing audits completed for the month of June 2017/" | ADCM1001027 |
| June 2017 | Lewis | Emergency Responses | "See Attached Nursing ICS critiques. See attached Provider ICS critiques" | ADCM979766 |
| June 2017 | Perryville | Emergency Responses | "ICS critiques attached for Lumley and Santa Rosa" | ADCM979773 |
| June 2017 | Phoenix | Grievances | "Grievance log attached" | ADCM979777 |
| June 2017 | Phoenix | Infection Control Report | 'Infection Control graph and monthly report attached." | ADCM979777 |
| June 2017 | Phoenix | Safety and Environment Report | "Environmental rounds report attached." | ADCM979777 |
| June 2017 | Phoenix | Statistical Report | "Statistical Reports attached." | ADCM979777 |
| June 2017 | Phoenix | Emergency Responses | 'The ICS critique report is attached." | ADCM979777 |
| June 2017 | Phoenix | Results of morbidity/ mortality review | "The Committee was updated on pending cases...Documentation attached." | ADCM979778 |
| June 2017 | Phoenix | Review of monthly/ quarterly audits and monthly chart reviews | "Audit report attached." | ADCM979778 |

| Month | Facility | Topic | Missing Attachment | Bates Number |
|-------|----------|-------|--------------------|--------------|
| June 2017 | Safford | Infection Control Report | "See attached monthly infection control report" | ADCM979783 |
| June 2017 | Safford | Safety and Environmental Report | 'Environmental Reports with no significant findings see attached." | ADCM979783 |
| June 2017 | Safford | Emergency Responses | "See ICS critique attached with Summary report." | ADCM979783 |
| June 2017 | Safford | Review of audits/charts review | 'See attached."- Missing summary on the different medical responses that occurred | ADCM979784 |
| May 2017 | Lewis | Emergency Response | "See attached nursing ICS critiques. See attached provider ICS critiques." | ADCM979674 |
| May 2017 | Safford | Infection Control Report | 'See attached monthly infection control report." | ADCM979709 |
| May 2017 | Safford | Environmental and safety Report | "Environmental reports with no significant findings see attached." | ADCM979710 |
| May 2017 | Safford | Review of audits/ charts review | "All audit findings attached." | ADCM979711 |
| May 2017 | Safford | QI Process and/or outcome studies | 'The Diabetic outcome study is concluded attached is the final documentation of this study" | ADCM979712 |
| April 2017 | Perryville | Grievances | 'Formal grievances for march is 11; see attached graph" | ADCM919218 |
| April 2017 | Safford | Infection Control Report | "There are no trends for the infection control report. Report attached" | ADCM919235 |
| March 2017 | Perryville | Grievances | "Formal grievances for February 7 is zero; see attached graph." | ADCM919130 |
| March 2017 | Perryville | CGAR CAPs | "Discussion on the Red findings (see attached)." | ADCM919131 |
| March | Safford | Infection Control | "There are no trends for the | ADCM919146 |

| Month | Facility | Topic | Missing Attachment | Bates Number |
|---|---|---|---|---|
| 2017 | | Report | infection control report. Report attached" | |
| March 2017 | Yuma | CQI process and outcome studies | "See attached studies done on refusal of treatment nursing… | ADCM919171 |
| February 2017 | Perryville | Grievances | "Formal grievances for January 4 is zero; 6 informal. see attached graph." | ADCM840295 |
| February 2017 | Safford | Infection Control Report | "Report attached" | ADCM840312 |
| February 2017 | Safford | QI Process and/or outcome studies | "Full document attached" | ADCM840314 |
| January 2017 | Safford | Emergency Responses | 'There were no negative responses, evaluations and no recommendations made on the critiques. See attached" | ADCM840000 |
| January 2017 | Safford | Review of audits/charts review | List of number and  types of audits reported with "See attached " following it | ADCM840001 |
| January 2017 | Safford | QI Process and/or outcome studies | Issues and educational material being followed with "See attached" following it | ADCM840001 |
| January 2017 | Winslow | Grievances | " See 2016 graph attached" | ADCM840012 |
| January 2017 | Winslow | Statistical Report | "2016 HNR graphs attached" | ADCM840013 |

# Exhibit 4



# STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Richard M. Valenti
480.420.1615
rvalenti@strucklove.com

May 23, 2018

**_VIA EMAIL ONLY_**
David C. Fathi
American Civil Liberties Union Foundation
NATIONAL PRISON PROJECT
Legal Department
915 15th Street, NW – 7th Floor
Washington, DC  20005-2112

      Re:     Parsons v. Ryan
             _Defendants' Response to Plaintiffs' Monthly Document Requests 87-90_

Dear David:

Defendants respond to Plaintiffs' supplemental requests for production 87 through 90 as follows:

**Request 87:**
Inventory lists of (i) free standing oxygen tanks and (ii) central supply levels of oxygen at any and all IPC units and step-down units in the prison complexes covered by the Stipulation, including, but not limited to, ASPC-Tucson/Manzanita Unit, Houses 5 and 6; ASPC-Tucson/Rincon Unit, Houses 8 and 9; ASPC-Florence IPC; ASPC-Lewis L-11, from January 1, 2018 through the present.

**Defendants' response:**
Defendants object to this request as it seeks information that is not relevant to the Stipulation and the performance measures. Defendants further object that this request is overbroad and exceeds the scope of the Stipulation, the performance measures, and the ADC HSCMB Monitor Guide. Neither the Stipulation nor any of the performance measures impose any monitoring requirements, reporting obligations, or ~~any~~ other conditions with respect to the oxygen supply at any facility. Although Plaintiffs previously raised an issue with respect to oxygen supply in March 2018, Defendants investigated the allegations and found them to be unsubstantiated. _See_ 3/21/18 Kirstin Eidenbach letter to Tim Bojanowski and Ashlee Hesman's 3/21/18 correspondence to Kirstin Eidenbach.

David C. Fathi
May 23, 2018
Page 2

Based on the foregoing, the burden of identifying and producing documents responsive to this request substantially outweighs any likely benefit of production. *See* Fed. R. Civ. P. 26(b)(1); ¶ 29 of Dkt. 1185 ("The parties shall cooperate so that plaintiffs' counsel has reasonable access to information reasonably necessary to perform their responsibilities required by this Stipulation without unduly burdening defendants.") (emphasis added).

**Request 88:**
Documents sufficient to show the calculations, assumptions, and source documents underlying the purported compliance figures set forth in Defendants' Exhibit 102.

**Defendants' response:**
Defendants object to this request as it seeks information that is not relevant to the Stipulation and the performance measures. Furthermore, this request is overbroad and exceeds the scope of the Stipulation, the performance measures, and the ADC HSCMB Monitor Guide. Defendants also object to this request as vague; with respect to the phrase "Documents sufficient to show," it fails to describe the documents sought with requisite particularity. *See* Fed. R. Civ. P. 26 (b)(1)(A).

Defendants further object because Plaintiffs already possess the requested information. At the March 26, 2018 Order to Show Cause Hearing, Richard Pratt's testimony demonstrated how ADC calculated the percentages depicted in Defendants' Exhibit 102 (i.e., divide the number of compliant performance measures in a given month by 849 (the total number of performance measures) and multiply the resultant number by 100). *See* 3/26/18 Tr. at 850 and 876. Plaintiffs cross-examined Mr. Pratt about Defendants' Exhibit 102, including what factors ADC took into account when calculating the percentages. *See* 3/26/18 Tr. at 876-877. The Order to Show Cause Hearing is over. Plaintiffs had the opportunity to question Mr.  Pratt further about the "calculations, assumptions and source documents" related to Exhibit 102, but chose not to do so. Regardless, as mentioned above, Plaintiffs know how the percentages in Exhibit 102 were calculated, and Plaintiffs have the CGAR reports for all of the months represented in Exhibit 102. Consequently, if Plaintiffs desire, Plaintiffs can calculate the percentage of compliant performance measures and then compare their calculations to Exhibit 102.

Based on the foregoing, the burden of identifying and producing documents responsive to this request substantially outweighs any likely benefit of production. *See* Fed. R. Civ. P. 26(b)(1); ¶ 29 of Dkt. 1185 ("The parties shall cooperate so that plaintiffs' counsel has reasonable access to information reasonably necessary to perform their responsibilities required by this Stipulation without unduly burdening defendants.") (emphasis added).

**Request 89:**
The full text of the statement issued by a Corizon spokesperson on or about March 27, 2018, that included the assertion that "[t]he parties had no expectation that there would be full compliance with the performance measures until a minimum of four years had passed."

David C. Fathi
May 23, 2018
Page 3

**Defendants' Response:**
Defendants object to this request as it seeks information that is not relevant to the Stipulation and the performance measures. Defendants further object that this request exceeds the scope of the Stipulation, the performance measures, and the ADC HSCMB Monitor Guide. Plaintiffs can obtain the requested statement from the Arizona Republic. Michael Kiefer, the author of the article which contains the above quote, can be contacted at michael.kiefer@arizonarepublic.com. Based on the foregoing, the burden of identifying and producing documents responsive to this request substantially outweighs any likely benefit of production. *See* Fed. R. Civ. P. 26(b)(1); ¶ 29 of Dkt. 1185 ("The parties shall cooperate so that plaintiffs' counsel has reasonable access to information reasonably necessary to perform their responsibilities required by this Stipulation without unduly burdening defendants.") (emphasis added).

**Request 90:**
The full text of the statement issued by a Corizon spokesperson on or about April 13, 2018, that included the assertion that "[t]oday we are in full compliance on 94 percent of the performance measures the state agreed to in its settlement agreement with the ACLU and others on the Parsons v. Ryan class action lawsuit that predates Corizon's service in Arizona."

**Defendants' response:**
Defendants object to this request as it seeks information that is not relevant to the Stipulation and the performance measures. Defendants further object that this request exceeds the scope of the Stipulation, the performance measures, and the ADC HSCMB Monitor Guide. Defendants also object because the statement is publically available. *See* https://kjzz.org/content/634857/corizon-health-whistleblower-ordered-testify-federal-court-about-arizona-prison. Per Jimmy Jenkins, the article's author, that is the statement KJZZ received from Corizon. If Plaintiffs wish to further confirm, Plaintiffs can contact Jimmy Jenkins.

Based on the foregoing, the burden of identifying and producing documents responsive to this request substantially outweighs any likely benefit of production. *See* Fed. R. Civ. P. 26(b)(1); ¶ 29 of Dkt. 1185 ("The parties shall cooperate so that plaintiffs' counsel has reasonable access to information reasonably necessary to perform their responsibilities required by this Stipulation without unduly burdening defendants.") (emphasis added).

Sincerely,

Richard M. Valenti

RMV/eap

cc:    Counsel of record

# Exhibit 5



*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Steven Fama
Alison Hardy
Corene Kendrick
Rita Lomio
Margot Mendelson
Thomas Nosewicz
Camille Woods
Lynn Wu

# Prison Law Office

General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

VIA EMAIL ONLY

July 13, 2018

Mr. Timothy Bojanowski
Struck, Love, Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
tbojanowski@strucklove.com

     RE:   *Parsons v. Ryan*
           Outstanding Matters

Dear Tim,

     I write to follow up on several outstanding matters.

**Instances of Noncompliance with the Order to Show Cause**

     First, I write to follow up on the letter that David Fathi sent to Dan Struck on July 2, 2018, to which we have received no answer.  The Court ordered that "Defendants shall continue to file monthly reports reflecting every instance of noncompliance for PMs under the October 10, 2017 Order to Show Cause that are at less than 85% compliance." Doc. 2898.  The most recent month for which Defendants filed such a report is February 2018.  Doc. 2786-2.  **Please file your reports for March, April, May, and June 2018**.[1]

**2018 First Quarter Monitoring Fees**

     Defendants have failed to pay the first quarter 2018 fees of $101,195, which was due no later than June 18, 2018. **Please pay the amount owed immediately**.

---

[1] Mr. Fathi's letter, sent the morning of Monday July 2, 2018, and drafted the previous business day, requested the April 2018 CGARs.  At the time he sent the letter, he was not aware that those had been provided after close of business on the previous business day, Friday June 29, 2018.  The Court has previously ordered that CGARs must be provided no later than two days before the monthly status hearing or the 15th of the month, whichever is soonest.

**Board of Directors**
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

Mr. Tim Bojanowski
RE: Parsons v. Ryan
July 13, 2018
Page 2

**Outstanding Information Requests**

***Temperature Logs***

The Stipulation requires that:

If a prisoner who is taking psychotropic medication suffers a heat intolerance reaction, all reasonably available steps will be taken to prevent heat injury or illness. If all other steps have failed to abate the heat intolerance reaction, the prisoner will be transferred to a housing area where the cell temperature does not exceed 85 degrees Fahrenheit.

Doc. 1185 at ¶ 15.

To enable Plaintiffs and the Court to monitor compliance with these requirements, the Court has ordered Defendants to produce accurate, reliable temperature logs during the late spring and summer months.  Specifically, on September 12, 2017, the Court ordered as follows:

IT IS ORDERED Defendants are to begin taking temperatures beginning in May, unless temperatures begin to be unseasonably warm in April, then readings shall be reported beginning at that time through the end of September.

Doc. 2317 at 3.  Defendants have thus far reported no temperature readings for 2018.[2] *See also* 4/13/18 Ltr. from R. Valenti to C. Kendrick at 3 ("Defendants will also produce applicable temperature logs on a rolling basis, as previously agreed.")  **Please produce temperature logs from May 1, 2018 through the present, as ordered by the Court**.[3]

---

[2] On April 16, 2018, Defendants produced three documents related to temperature checks, but none of them included logs.  The first document, "Temperature Checks" (ADCM150365-67) is an April 6, 2018 memo to all wardens from Regional Operations Directors Ernie Trujillo and Joe Profiri, detailing how the collection of temperature checks would be standardized.  The second document, "Temperature Log Guide" (ADCM150368-69) is a two page guide for staff explaining how to fill out the Microsoft Excel spreadsheet in which the temperatures are logged.  The third document, "Standard Temperature Log" (ADCM1505370-706) is 337 pages of blank log forms.

[3] Phillip L. Carson, ADC #91914, currently housed at Eyman-Cook Unit, has recently filed documents with the Court reporting a heat intolerance reaction.  *See* Doc. 2926, 2928.  According to eOMIS, Mr. Carson is taking psychotropic medications including Trileptal and Duloxetine.  He has most recently reported heat-related illness to health care staff on July 3 and July 6, 2018.

Mr. Tim Bojanowski
RE: Parsons v. Ryan
July 13, 2018
Page 3

### *CQI Minutes and Director's Meeting Minutes*

Plaintiffs' Standing Request # 2 since October 2015 is for the monthly CQI meeting minutes, used to measure compliance with PM # 27.  The most recent month for which we received the CQI minutes are the March 2018 meetings (reviewing February 2018 data).  **Please provide the CQI minutes for April, May, and June 2018 meetings**.

Plaintiffs also have a standing request (Request 55) for all agendas and minutes of Director's Meetings (also known as ADC & Corizon Bi-Weekly Meetings) since January 1, 2017.  The most recent agendas/minutes we received are dated April 30, 2018.  **Please provide the Director's Meetings agendas/minutes for May and June 2018 meetings**.

### *Supplemental Requests*

Mr. Valenti's letter of April 13, 2018 promised to provide responsive documents to requests number 67 and 76.  **Please provide the responsive information**.

Based upon Mr. Valenti's April 13, 2018 letter, the parties are at an impasse as Defendants refuse to produce documents responsive to Requests No. 75, 80, 81, 82, 84, and 85.  Based upon Mr. Valenti's May 23, 2018 letter, the parties are at an impasse as Defendants refuse to produce documents responsive to Requests No. 87-90.

We have not received a response to the following pending requests:
- **Request No. 91** (Requested 5/15/18): The monthly report or spreadsheet maintained by Jason Reese summarizing all class member mortalities, as described by Dr.  David Robertson in Feb. 28, 2018 testimony. (2/28/18 Tr. at 334:19-335:4)

Sincerely yours,

*Kendrick*

Corene Kendrick
Staff Attorney

# Exhibit 6



STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Richard M. Valenti
480.420.1615
rvalenti@strucklove.com

August 13, 2018

***VIA EMAIL ONLY***
Corene Kendrick
PRISON LAW OFFICE
General Delivery
San Quentin, CA  94964

        Re:    ***Parsons v. Ryan***
               **Outstanding Matters**

Dear Corene,

        This is a response to your July 13, 2018 letter regarding document production and other outstanding matters.

**Instances of Noncompliance with the Order to Show Cause**

        Refer to Defendants' July 17, 2018 letter. *See* 7/17/18 letter from Jacob Lee to David Fathi.

**2018 First Quarter Monitoring Fees**

        Refer to Defendants' August 1, 2018 letter. *See* 8/1/18 letter from Jacob Lee to David Fathi.

**Outstanding Information Requests:**

        **Temperature Logs**

        Defendants produced May 2018 temperature logs for nine of the ten facilities on August 10, 2018; the last facility, Douglas, was produced on August 12, 2018. *See* ADCM1527748-1528611 and ADCM1529717-1529761 (Douglas).

        With respect to future months, as Defendants have previously informed Plaintiffs' counsel, temperature logs will be produced on a rolling basis. *See* 8/1/18 correspondence from Rachel Love to David Fathi.

Corene Kendrick
August 13, 2018
Page 2

### CQI Meeting Minutes

Defendants produced the April, May, and June 2018 CQI Meeting Minutes on July 15, 2018. *See* ADCM1523852-1523923 (April), ADCM1523924-1524011 (May), and ADCM1524012-1524091 (June).

### Director's Meeting Minutes

Defendants produced May and June Director's Meeting Agendas/Minutes on July 24, 2018. *See* ADCM1526475-1526477 (May) and ADCM1526478-1526484 (June).

### Supplemental Requests

**Request 67:** Refer to Defendants' May 18, 2018 letter. *See* 5/18/18 letter from Rachel Love to David Fathi at 2.

**Request 75:** Other than the responsive 5/26/17 Stacey Crabtree Memorandum (ADCM961594-1598) that was previously produced, Defendants stand by their previous responses and objections. *See* 4/13/18 letter from Richard Valenti to Corene Kendrick at 4 and Defendants' January 12, 2018 correspondence to Plaintiffs.

**Request 76:** Refer to Defendants' May 4 and May 18, 2018 letters. *See* 5/4/18 letter from Jamie Guzman to Amy Fettig at 1 and 5/18/18 letter from Rachel Love to David Fathi at 3.

**Request 80:** Defendants stand by their objections set forth in Defendants' April 2, 2018 letter. *See* 4/2/18 letter from Richard Valenti to David Fathi at 4.

**Request 81:** Defendants stand by their objections set forth in Defendants' April 2, 2018 letter. *See* 4/2/18 letter from Richard Valenti to David Fathi at 4-5.

**Request 82:** Your assertion is incorrect. Defendants are awaiting a response from Corizon.

**Request 84:** Defendants stand by their objections set forth in Defendants' April 2, 2018 letter. *See* 4/2/18 letter from Richard Valenti to David Fathi at 6.

**Request 85:** Defendants stand by their objections set forth in Defendants' April 2, 2018 letter. *See* 4/2/18 letter from Richard Valenti to David Fathi at 7.

**Request 87:** Defendants stand by their objections set forth in Defendants' May 23, 2018 letter. *See* 5/23/18 letter from Richard Valenti to David Fathi at 1-2.

**Request 88:** Defendants stand by their objections set forth in Defendants' May 23, 2018 letter. *See* 5/23/18 letter from Richard Valenti to David Fathi at 2.

Corene Kendrick
August 13, 2018
Page 3

**Request 89:** Defendants stand by their objections set forth in Defendants' May 23, 2018 letter. *See* 5/23/18 letter from Richard Valenti to David Fathi at 3.

**Request 90:** Defendants stand by their objections set forth in Defendants' May 23, 2018 letter. *See* 5/23/18 letter from Richard Valenti to David Fathi at 3.

**Request 91:**   Defendants object to this request as it seeks information that is irrelevant to the Stipulation and the Performance Measures. Furthermore, this request exceeds the scope of the Stipulation, the Performance Measures, and the ADC HSCMB Monitor Guide.  Based on Dr. Robertson's testimony, Mr. Reese creates the requested report based on information taken from the mortality reviews. Pursuant to the Stipulation, Defendants already produce the mortality reviews of all class members. Doc. 1185, ¶ 29. Defendants have confirmed that the requested report consists of information that can be obtained from those mortality reviews. Therefore, Plaintiffs already possess the requested information, and Defendants object on that basis as well.

Based on the foregoing, the burden of identifying and producing documents responsive to this request substantially outweighs any likely benefit of production. *See* Fed. R. Civ. P. 26(b)(1) and Doc. 1185, ¶ 29 ("The parties shall cooperate so that plaintiffs' counsel has reasonable access to **information reasonably necessary to perform their responsibilities required by this Stipulation without unduly burdening defendants**.") (emphasis added).

**Request 92: Any and all logs tracking and/or documenting research and/or outcomes regarding medical requests, inquiries, and/or advocacy received from prisoners, attorneys, and/or family or friends of prisoners.**

Defendants object to this request as it seeks information that is irrelevant to the Stipulation and the Performance Measures. Furthermore, this request is overly broad and exceeds the scope of the Stipulation, the Performance Measures, and the ADC HSCMB Monitor Guide.

The request is also vague and ambiguous as to the phrase "all logs tracking and/or documenting" and the terms "research", "outcomes", "inquiries", and "advocacy". The request does not identify whether it seeks Corizon or ADC subject matter. Finally, the request does not specify a timeframe. Consequently, the request fails to describe the documents sought with the requisite particularity. *See* Fed. R. Civ. P. 26 (b)(1)(A).

Based on the foregoing, the burden of identifying and producing documents responsive to this request substantially outweighs any likely benefit of production. *See* Fed. R. Civ. P. 26(b)(1) and Doc. 1185, ¶ 29 ("The parties shall cooperate so that plaintiffs' counsel has reasonable access to **information reasonably necessary to perform their**

Corene Kendrick
August 13, 2018
Page 4

**responsibilities required by this Stipulation without unduly burdening defendants**.")
(emphasis added).

Sincerely,

Richard M. Valenti

RMV/eap
cc:     Counsel of Record

3100 West Ray Road | Suite 300 | Chandler, AZ 85226
480.420.1600 | STRUCKLOVE.COM