Office of the Arizona Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | NO. 2:12-cv-00601-ROS <br><br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR STATUS HEARING (DOC. 2999)** |

Defendants Charles Ryan and Richard Pratt oppose Plaintiffs' Request for Status Hearing. (Doc. 2999.)  An in-person hearing to discuss Plaintiffs' proposed agenda items does not warrant the substantial cost of out-of-state travel by Plaintiffs' counsel or the expenditure of judicial resources.  Moreover, none of the proposed agenda items pertain to any pending motions, nor do the issues require emergency Court intervention and the subversion of normal motion practice procedures. This Court should deny Plaintiffs' request.

**Plaintiffs' Proposed Agenda Item 1:**

Defendants' [alleged] continuing non-compliance with performance measures set forth in the October 10, 2017 Order to Show Cause (Doc. 2373) and/or performance measures previously found substantially noncompliant by the Court, and the status of Defendants' remedial plans. (Doc. 1185 at ¶¶ 9-10.)

**Defendants' Response:**

There is no motion or Court Order requiring specific action by Defendants on this issue other than monthly reporting under the terms of the Stipulation. In accordance with the Stipulation requirements, Defendants provide monthly CGAR reports that track Defendants' compliance with their performance measures. If Plaintiffs' counsel desire an update on remedial plans, the parties can simply arrange for a telephone call. There is no reason that Plaintiffs' counsel must travel from out of state and appear in court to ask Defendants' counsel questions about remedial plan updates. These discussions can, and should, occur between the parties. There is no need for the Court to preside over what is historically simply a reporting by Defendants' counsel as to explanations for performance scores and remedial plan explanation/status, and a few follow-up questions, if any, by Plaintiffs' counsel along with Plaintiffs' counsel's comments on Defendants' reports. If Court intervention is necessary, the parties can file appropriate pleadings and request relief.[1]

**Plaintiffs' Proposed Agenda Item 2:**

Defendants' [alleged] failure to comply with the Court's order that "Defendants shall continue to file monthly reports reflecting every instance of noncompliance for PMs at facilities under the October 10, 2017 Order to Show Cause that are at less than 85% compliance." (Doc. 2898 at 24.)

---

[1] Plaintiffs' attempt to paint this case before the Court and in the media as one of "chronic noncompliance" with the Stipulation is undermined by the fact that Magistrate Judge Duncan has found Defendants to be substantially noncompliant with only 17% of the performance measures/facilities (Doc. 2960), a fact Plaintiffs cannot dispute.

1    **Defendants' Response:**

2    The Order to Show Cause only ordered real-time data for December 2017 (Doc.

3    2373 at 4), and the Real-Time Data Order does not specify when that reporting must

4    resume or when Defendants must provide the data. (Doc. 2898 at 24.) As Plaintiffs are

5    well aware, Defendants have moved to stay that obligation. (Doc. 2971.)   Because

6    briefing on the Motion to Stay is complete and therefore awaits the Court's ruling on that

7    issue, a status hearing to discuss the same is unnecessary.  (Docs. 2971, 2992, 3001.)

8    **Plaintiffs' Proposed Agenda Items 3 and 4:**

9    Status of the Court's appointment of experts and update on Defendants'

10   implementation of the Advisory Board's recommendations.  (Docs. 2900, 2904, 2905.)

11   **Defendants' Response:**

12   As Plaintiffs are well aware, Defendants have filed a Motion to Stay regarding

13   these orders.  (Doc. 2971.)  Because briefing on the Motion to Stay is complete and

14   therefore awaits the Court's ruling, a status hearing to discuss these items is unnecessary.

15   (Docs. 2971, 2992, 3001.)  Moreover, since it is left to the Court to decide whether to

16   ultimately appoint experts (and who), a hearing simply to get an update from the Court on

17   its progress is unnecessary.  The same goes for Plaintiffs' request for an update regarding

18   any plan to implement the Advisory Board's recommendations. Defendants submitted

19   their plan and Plaintiffs have filed a response. (Doc. 2948, 2961, 2969.)  It is in the

20   Court's hands.  Thus, there is nothing to gain from an in-court update on its status.

21   **Plaintiffs' Proposed Agenda Item 5:**

22   Update on Defendants' plan to implement telemedicine, since Dr. Roberson's last

23   report at the June 14, 2018 status hearing.

24   **Defendants' Response:**

25   This is one of many examples of how Plaintiffs have used monthly status hearings

26   to depart from the terms and purpose of the Stipulation.  Neither the Stipulation nor the

27   performance measures require the implementation or advancement of telemedicine.

28   While it remains an option and a goal to increase the use of such services, the Stipulation

does not require that Defendants must use, change, or increase their use of telemedicine. Accordingly, a status hearing is not required on this issue.  As with Plaintiffs' Proposed Agenda Item 1, Defendants' counsel can simply communicate status to Plaintiffs' counsel in a phone call among the parties. There is no reason to expend fees, travel costs (for Plaintiffs' counsel), or judicial resources.

**Plaintiffs' Proposed Agenda Item 6:**

Defendants' [alleged] failure to produce documents requested by Plaintiffs.

**Defendants' Response:**

As support for this Agenda Item, Plaintiffs attach three letters between the parties discussing document production. Plaintiffs, however, fail to inform the Court or Defendants as to *specifically* what document requests/disputes remain at issue.  There are no motions pending before the Court on this issue.  And the letters are in many instances outdated where supplemental documents have been produced to Plaintiffs. It is inappropriate to spring unspecified issues on Defendants at a status hearing and then request an immediate ruling from the Court.  The appropriate, efficient, and expedient vehicle to address any discovery disputes is to present a joint discovery dispute motion or position statement to the Court, providing the Court with the necessary history, factual, and legal basis for the parties' positions.  Only if the Court is unable to rule on the dispute based on the pleadings is a hearing (telephonic) appropriate.

Although there are multiple document requests for which Defendants have appropriately objected to production, this occurs where the requests are vague, overly broad, unduly burdensome, and exceed the scope of the Stipulation and Performance Measures.  The following examples are particularly illustrative of the vague, overly broad, unduly burdensome, and irrelevant nature of these requests:

- Request 80: All documents regarding the issuance of Inmate Disciplinary Reports against class members who fail to pick up watch swallow medications at their assigned time.

4

- Request 92: Any and all logs tracking and/or documenting research and/or outcomes regarding medical requests, inquiries, and/or advocacy received from prisoners, attorneys, and/or family or friends of prisoners.

As to Request 80, in addition to being irrelevant and overly broad, the request is unduly burdensome. There is no coding system that can determine whether a disciplinary report was issued to an inmate for a watch swallow medication violation. Individual violations are coded by category (e.g., Resisting or Disobeying a Verbal or Written Order), not by the unique conduct underlying the violation. In order to respond, Defendants would be required to review every individual disciplinary violation, for every one of approximately 35,000 inmates, for no defined period of time, to see if any inmate was ever disciplined for not picking up medications on time. Add to this, neither the Stipulation nor the HCPMs speak to disciplinary action related to medication pickups. Thus, the request runs far afield of the scope of the Stipulation and HCPMs.

Likewise, Request 92, in addition to being irrelevant and outside the scope of the Stipulation and HCPMs, is vague and ambiguous, and the request otherwise fails to identify the documents requested with any particularity. These examples highlight discovery disputes that may be at play, but a status hearing is not necessary to address the same.  Rather, discovery disputes that can be handled through normal pleading practice and, if necessary, a telephonic discovery dispute hearing.

**Plaintiffs' Proposed Agenda Item 7:**

Outstanding Motion to Enforce Maximum Custody Performance Measures. (Doc. 1944, 1983, 2006, 2362, 2430.)

**Defendants' Response:**

The Court denied Plaintiffs' Motion to Enforce regarding max custody monitoring (Doc. 1944) without prejudice at Doc. 2353. Plaintiffs filed a revised proposed order and Defendants responded with their objections at Doc. 2362 and 2430. No status hearing is required regarding this issue. If Plaintiffs want the Court to rule on the previously dismissed motion and/or revised order, a simple notice to the Court regarding the same is

sufficient. Expenditure of fees and costs for Plaintiffs' counsel to travel to Arizona to tell the Court that they want a ruling on their previously dismissed motion is wasteful and unnecessary. It is also a waste of time for the Court unless it believes a hearing is necessary to resolve the issue.

**Plaintiffs' Proposed Agenda Item 8:**

Possible resumption of monthly status hearings.

**Defendants' Response:**

Defendants oppose monthly status hearings.  It is unnecessary for the parties to expend fees and costs in attorney time and travel, and to waste judicial resources, to orally update the Court on what the parties have been doing in the prior month. It is also inappropriate to provide a forum for Plaintiffs' counsel to orally move for relief and/or request Court intervention on a multitude of unknown issues and grievances, which they have never discussed with Defendants' counsel.  This position is not based on speculation, but on the protracted post-settlement history of this case where party and Court resources have been unnecessarily expended conducting days upon days of status hearings mostly because of third-hand allegations, speculation, and media reports. The post-settlement litigation in this case should be handled responsibly and efficiently like any other litigation, with the parties providing information and requesting relief in writing and affording the opposing party the opportunity to provide a rebuttal.  If the Court would like a hearing to discuss a specific issue, it can set one. But it should not automatically calendar status hearings and permit a town hall style forum.

1

RESPECTFULLY SUBMITTED this 14th day of September, 2018.

2

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

3

4

By /s/Rachel Love

5
Daniel P. Struck
Rachel Love

6
Timothy J. Bojanowski
Nicholas D. Acedo

7
3100 West Ray Road, Suite 300
Chandler, Arizona  85226

8

Office of the Arizona Attorney General

9
Michael E. Gottfried
Assistant Attorneys General

10
2005 N. Central Avenue
Phoenix, Arizona 85004-1592

11

*Attorneys for Defendants*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

    I hereby certify that on September 14, 2018, I electronically transmitted the

3
attached document to the Clerk's Office using the CM/ECF System for filing and
transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

4   Alison Hardy:                ahardy@prisonlaw.com

5   Amelia M. Gerlicher:         agerlicher@perkinscoie.com;docketPHX@perkinscoie.com,
                                 kleach@perkinscoie.com

6
    Amy B. Fettig:               afettig@npp-aclu.org
7
    Asim Dietrich:               adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org;
8                                phxadmin@azdisabilitylaw.org

9   Caroline N. Mitchell:        cnmitchell@jonesday.com; mlandsborough@jonesday.com;
                                 nbreen@jonesday.com
10
    Corene T. Kendrick:          ckendrick@prisonlaw.com; edegraff@prisonlaw.com
11
    Daniel Clayton Barr:         DBarr@perkinscoie.com; docketphx@perkinscoie.com;
12                               sneilson@perkinscoie.com

13  David Cyrus Fathi:           dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

14  Donald Specter:              dspecter@prisonlaw.com

15  Jessica Pari Jansepar Ross:   jross@azdisabilitylaw.org

16  John Howard Gray:            jhgray@perkinscoie.com; slawson@perkinscoie.com

17  John Laurens Wilkes:         jlwilkes@jonesday.com, dkkerr@jonesday.com

18  Jose de Jesus Rico:          jrico@azdisabilitylaw.org

19  Kathleen E. Brody            kbrody@acluaz.org

20  Kirstin T. Eidenbach:        kirstin@eidenbachlaw.com

21  Maya Abela                   mabela@azdisabilitylaw.org

22  Rose Daly-Rooney:            rdalyrooney@azdisabilitylaw.org

23  Sara Norman:                 snorman@prisonlaw.com

24  Rita K. Lomio:               rlomio@prisonlaw.com

25  Victoria Lopez:              vlopez@aclu.org

26  / / /

27  / / /

28  / / /

8

1          I hereby certify that on this same date, I served the attached document by U.S.
2    Mail, postage prepaid, on the following, who is not a registered participant of the
     CM/ECF System:

3         N/A

4                            /s/Rachel Love