Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
*Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
*Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
*Desiree Licci, Joseph Hefner, Joshua Polson, and*
*Charlotte Wells, on behalf of themselves and all others*
*similarly situated*

**[ADDITIONAL COUNSEL LISTED ON**
**SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON**
**SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR STATUS HEARING (DOC. 2999)** |

Plaintiffs reiterate their request that this Court schedule a status hearing as soon as practicable. Defendants appear to believe that they need not comply with the Court's orders, or participate in status hearings, simply because they have moved for a stay. *See* Doc. 3002 at 3. The Supreme Court says otherwise. *See* Doc. 2999 at 2 n. 1 (citing *Maness v. Meyers*, 419 U.S. 449 (1975)).[1]

Defendants maintain that their noncompliance with the Stipulation is only "alleged," and deny that it is "chronic." Doc. 3002 at 2 n. 1. The noncompliance is not "alleged," but is reality: Defendants fail to acknowledge that the Court has found them substantially noncompliant with numerous performance measures at multiple institutions, (*see* Docs. 1583, 1709, 2030, 2403), and that their "pervasive and intractable failures to comply with the Stipulation," (Doc. 2373 at 1), were the reason for the Court's Order to Show Cause and Contempt Order. [Docs. 2373, 2898] The noncompliance for many measures is chronic. *See, e.g.*, Doc. 2988-1 at 43 *and* Doc. 2251-1 at 43 (PM 19 (documentation of medication administration) noncompliant at Lewis every month since March 2015);[2] Doc. 2988-1 at 94, 98, and 101, *and* Doc. 2251-1 at 49 (ongoing noncompliance dating to 2015 at Eyman, Florence, and Lewis with PM 42 (follow up sick call encounter occurs within specified timeframe); Doc. 2988-1 at 129 and 135, *and* Doc. 2251-1 at 50 (chronic noncompliance at Eyman and Lewis with PM 47 (diagnostic study results sent to patient within 7 days);[3] *see also* Doc. 2905 at 1 (Court observing that

---

[1] Defendants incorrectly assert that "none of the proposed agenda items pertain to any pending motions," (Doc. 3002 at 1), yet then concede that Plaintiffs' proposed agenda item regarding the Motion to Enforce Maximum Custody Performance Measures is a pending motion. *Id*. at 5-6.

[2] The Court has ordered Defendants to retain experts to analyze why deficiencies exist with PM 19 at Lewis, and to opine upon the policies and procedures necessary to compel compliance. [Doc. 2905 at 3]

[3] The Court's Order to Show Cause and Contempt Order included PM 47 at Eyman, Florence, Lewis, Phoenix, Perryville, and Tucson. [Doc. 2373 at 3, Doc. 2898 at 21-23] The Court has ordered Defendants to retain experts to analyze why deficiencies exist with PM 47 at Eyman, Lewis, Phoenix, and Tucson, and to opine upon the policies and procedures necessary to compel compliance. [Doc. 2905 at 3]

"PM 42 at Eyman has been non-compliant since April 2017 and Defendants have stopped proposing substantive revisions to their remediation plan" and "PM 39 at Lewis has been non-compliant for eight of the last 12 months and Defendants' most recent plan is that they 'will continue to utilize the same corrective action plan as set forth in the [previous] update.'") (citations omitted, brackets in original)].

Defendants next claim that with regard to their ongoing noncompliance, "[t]here is no motion or Court Order requiring specific action by Defendants on this issue other than monthly reporting under the terms of the Stipulation." Doc. 3002 at 2. This is flat-out wrong. The Stipulation states that once there is a finding of noncompliance, the Court may order Defendants to *develop* and *implement* remedial plans. [*See* Doc. 1185 at ¶ 36 ("In the event the Court finds that Defendants have not complied with the Stipulation, it shall in the first instance require Defendants to submit a plan approved by the Court to remedy the deficiencies identified by the Court")] The Court repeatedly has ordered Defendants to develop remedial plans, and also has ordered them to implement those plans. [*See, e.g.,* Doc. 1619 at 1 ("The Court approves Defendants' remediation plan with respect to Performance Measures 11, 13, 14, 37, 39, 46, 54, 66, 92, 93, and 98 but provides notice of its concern, for the reasons stated on the record, that the Remediation Plan will not address Defendants' failures to meet these performance measures as required in the Stipulation")] Thus, Defendants are under continuing Court order to implement remedial plans with regard to numerous noncompliant performance measures.[4]

---

[4] Defendants also state that "[n]either the Stipulation nor the performance measures require the implementation or advancement of telemedicine." Doc. 3002 at 3. But that is beside the point – for more than two years, Defendants have touted telemedicine as a critical component of remediating noncompliance with numerous measures. [*See, e.g.,* Doc. 2988-1 at 202 (Performance Measure 55 (disease management guidelines implemented for chronic diseases) at Eyman: "Corrective Action Plan: Additional telemedicine lines and Provider lines were able to clear the backlog as of June 29.")] If Defendants now are disavowing the use of telemedicine as part of their remediation plans, then they must file new remediation plans with the Court and explain why they are abandoning a solution that they have touted for years.

Defendants claim that the Court "has found Defendants to be substantially noncompliant with only 17% of the performance measures/facilities." Doc. 3002 at 2 n. 1. The cited source (Doc. 2960) does not support this contention. And, in any event, the Court has emphatically rejected Defendants' contention that they get a pass on some performance measures so long as they are in compliance with others. [*See, e.g.,* 3/27/18 Tr. at 1015:7-9 ("What has been the focus are the ones that have dogged the State and the Court with respect to critically significant health care measures that there has been abject failure with.")].

With regard to Plaintiffs' proposed agenda item regarding Defendants' failure to provide requested documents, the Stipulation specifically provides that "Plaintiffs' counsel and their experts shall have reasonable access to the … documents necessary to properly evaluate whether Defendants are complying with the performance measures and other provisions of this Stipulation." Doc. 1185 at ¶ 29. Defendants make extravagant claims about the alleged burdensomeness of Plaintiffs' document requests, but fail to support these claims with declarations or any evidence whatsoever. [Doc. 3002 at 4-5] As the Ninth Circuit has recognized, "the arguments and statements of counsel are not evidence." *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc*., 289 F.3d 589, 593 n. 4 (9th Cir. 2002) (citation, internal quotation marks omitted).

Finally, with regard to Plaintiffs' proposed agenda item of restarting the practice of monthly status hearings, Plaintiffs believe that such hearings are necessary. While this Court may of course choose a different path, Judge Duncan "long ago concluded that the most efficient way to manage enforcement was to conduct monthly status conferences." Doc. 2902 at 6-7; *see also Shorter v. Baca*, 895 F.3d 1176, 1183 n.5 (9th Cir. 2018) ("[W]e have recognized that, when conditions are dire, more judicial supervision, not less, may be warranted") (citing *Brown v. Plata*, 563 U.S. 493, 500 (2011)). The prospect of a monthly meeting with the Court had a salutary effect on Defendants, with long-delayed productions frequently materializing on the afternoon or evening before, or the morning of, a scheduled status conference. Defendants' claims that past status hearings have been

devoted to "third-hand allegations, speculation, and media reports" are unsupported by citations to the hearing transcripts, minute orders, or any other source.  [Doc. 3002 at 6] Defendants also assert it is "unnecessary for the parties to expend fees and costs in attorney time and travel," (*id.*), but to date, Defendants have not paid a dime to Plaintiffs' counsel for more than three years of successful enforcement activities, and have appealed and moved to stay the Court's order awarding fees for the time period through June 30, 2017.  [Doc. 2902 (Fees Award); Doc. 2951 (Notice of Appeal) (Ninth Circ. App. No. 18-16365); Doc. 2971 (Motion to Stay)].

Therefore, for the above reasons and those offered in their original Request for a Status Hearing (Doc. 2999), Plaintiffs respectfully request that the Court schedule monthly or other periodic status conferences starting as soon as practicable.

Dated:  September 20, 2018

**PRISON LAW OFFICE**

By:   s/ Corene Kendrick
Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com
           rlomio@prisonlaw.com

*Admitted *pro hac vice*

**[ADDITIONAL COUNSEL LISTED ON NEXT PAGE]**

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@aclu.org
               afettig@aclu.org
               vlopez@aclu.org

*Admitted *pro hac vice*.  Not admitted
 in DC; practice limited to federal
 courts.
**Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, PLLC**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:     kirstin@eidenbachlaw.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:     kbrody@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:     dbarr@perkinscoie.com
               agerlicher@perkinscoie.com
               jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:     cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:     jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY
LAW**


By:   s/ Maya Abela

    Rose A. Daly-Rooney (Bar No. 015690)
    J.J. Rico (Bar No. 021292)
    Maya Abela (Bar No. 027232)
    Jessica Jansepar Ross (Bar No. 030553)
    **ARIZONA CENTER FOR
    DISABILITY LAW**
    177 North Church Avenue, Suite 800
    Tucson, Arizona 85701
    Telephone:  (520) 327-9547
    Email:
        rdalyrooney@azdisabilitylaw.org
            jrico@azdisabilitylaw.org
            mabela@azdisabilitylaw.org
            jross@azdisabilitylaw.org

    Asim Dietrich (Bar No. 027927)
    5025 East Washington St., Ste. 202
    Phoenix, Arizona 85034
    Telephone: (602) 274-6287
    Email:    adietrich@azdisabilitylaw.com

*Attorneys for Arizona Center for Disability
Law*

1

**<u>CERTIFICATE OF SERVICE</u>**

2

  I hereby certify that on September 20, 2018, I electronically transmitted the above

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants:

5

6

Michael E. Gottfried
Lucy M. Rand

7

Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov

8

Lucy.Rand@azag.gov

9

Daniel P. Struck
Rachel Love

10

Timothy J. Bojanowski
Nicholas D. Acedo

11

Ashlee B. Hesman
Jacob B. Lee

12

Timothy M. Ray
Richard M. Valenti

13

Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

14

dstruck@strucklove.com
rlove@strucklove.com

15

tbojanowski@strucklove.com

16

nacedo@strucklove.com
ahesman@strucklove.com

17

jlee@strucklove.com
tray@strucklove.com

18

rvalenti@strucklove.com
jguzman@strucklove.com

19

*Attorneys for Defendants*

20

21

        s/ C. Kendrick

22

23

24

25

26

27

28