1  Kathleen E. Brody (Bar No. 026331)
   **ACLU FOUNDATION OF ARIZONA**
2  3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
3  Telephone: (602) 650-1854
   Email: kbrody@acluaz.org
4
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
5  *Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
   *Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
6  *Desiree Licci, Joseph Hefner, Joshua Polson, and*
   *Charlotte Wells, on behalf of themselves and all others*
7  *similarly situated*

8  **[ADDITIONAL COUNSEL LISTED BELOW]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **DECLARATION OF CORENE KENDRICK IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS FEES AND COSTS** |

I, Corene Kendrick, declare:

1. I am an attorney licensed to practice in the State of California, and admitted to this Court *pro hac vice*. I am a senior attorney at the Prison Law Office, and counsel for the Plaintiffs in this case. If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge. I offer this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs.

2. The Prison Law Office engages in class action and other impact litigation to improve the conditions of prisons and jails for adults and children, represents individual prisoners, educates the public about prison conditions, and provides technical assistance to attorneys throughout the country. Since its founding, we have litigated numerous large-scale prisoner and parolee class actions, including successfully arguing before the U.S. Supreme Court in *Brown v. Plata*, 563 U.S. 493 (2011) (holding the court mandated population limit for California prisons was necessary to remedy violations of prisoners' constitutional rights to adequate medical and mental health care), and *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206 (1998) (unanimously holding the Americans with Disabilities Act applies to state prisoners). In addition to this case, other class action and impact litigation cases brought by the Prison Law Office involving the rights of incarcerated people include *Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1993) (action challenging conditions, psychiatric and medical care, and HIV discrimination at California Medical Facility); *Madrid v. Gomez*, 889 F. Supp. 1146 (N.D. Cal. 1995) (action challenging conditions, medical and mental health care, guard brutality, due process, personal safety, and access to law libraries at Pelican Bay State Prison); *Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995) (statewide class action challenging the adequacy of mental health care in California prisons); *Clark v. California*, 123 F.3d 1267 (9th Cir. 1997) (statewide class action on behalf of developmentally disabled California prisoners under the Americans with Disabilities Act); *Armstrong v. Wilson*, 124 F.3d 1019 (9th Cir. 1997) (statewide class action on behalf of physically disabled California prisoners under the Americans with Disabilities Act); *Plata v. Schwarzenegger*, No. C-

1  O1-1351 TEH (N.D. Cal. 2001) (statewide class action challenging inadequacy of
2  California prisoner health care); *Valdivia v. Davis*, 206 F.Supp.2d 1068 (E.D. Cal. 2002)
3  (statewide class action challenging the lack of due process in California Board of Prison
4  Terms parole revocation proceedings); *Farrell v. Tilton*, Alameda County Sup. Ct.
5  No. 3079344 (2003) (taxpayer action to reform the conditions of confinement for wards
6  under the jurisdiction of the California Division of Juvenile Justice); *Perez v. Tilton*,
7  No. C-05-5241 JSW (N.D. Cal. 2005) (statewide class action challenging inadequacy of
8  California prisoner dental care); *Mitchell v. Felker*, No. 2:08-cv-01196-RAJ (E.D. Cal.
9  2008) (statewide class action challenging California Department of Corrections and
10 Rehabilitation's practice of imposing race-based lockdowns at institutions); *Hall v.
11 County of Fresno*, No. 1:11-CV-02047-LJO-BAM (E.D. Cal. 2011) (civil rights class
12 action challenging conditions in Fresno County jails); *Gray v. County of Riverside*, (C.D.
13 Cal. 2013) No. EDCV13-0444 VAP (civil rights class action challenging health care at
14 Riverside County jails); *Chavez v. County of Santa Clara*, No. 15-cv-05277 NJV (N.D.
15 Cal. 2015) (civil rights class action challenging health care, disability discrimination, and
16 use of force and solitary confinement at Santa Clara County jails); *Topete v. County of
17 San Bernardino*, No. 5:16-cv-00355-VAP-DTB (C.D. Cal. 2016) (civil rights class action
18 challenging solitary confinement, health care, disability discrimination and use of force at
19 San Bernardino County jails); *Mays v. County of Sacramento*, No. 2:18-cv-02081-TLN
20 (E.D. Cal. 2018) (civil rights class action challenging conditions of confinement, mental
21 health care, and medical care in Sacramento County jails); and *Teneng v. Trump*,
22 No. 5:18-cv-01609-JGB-KK (C.D. Cal. 2018) (civil rights class action against the federal
23 government regarding the incarceration of asylum seekers and immigrants at a federal
24 prison).
25       3.     In early 2011, the Prison Law Office began its investigation into the
26 conditions of confinement at ADC's state run prisons and representing the class of people
27 who are incarcerated at ADC's state run prisons. Since that time, the office has engaged
28 in pre-trial discovery and motion practice, negotiated the Stipulation, and once the

Stipulation was approved by the Court, engaged in monitoring and enforcement activities. We remain in ongoing contact with the named plaintiffs and members of the plaintiff class through individual correspondence, visits, and telephone calls.

4. The Prison Law Office has devoted an enormous amount of time and expense enforcing the Stipulation in the face of the constant obstacles erected by the ADC, Corizon, and Defendants' counsel. I personally spent over 1,240 hours on enforcement work from July 1, 2017 to June 30, 2018. This figure does not even include my regular monitoring work in *Parsons* during this one year period, which includes the review and analysis of monthly document productions, site visits to institutions, and correspondence with class members. Compared to the many other judgments and settlements my office monitors, this case stands out for Defendants' failure to acknowledge that there are problems in the delivery of health care, failure to cooperate in any meaningful way, and their seeming unwillingness or inability to comply with the Court's orders or the remedies that they agreed to implement. This has necessitated a constant stream of litigation and court hearings to enforce the Stipulation. As a result, both Rita Lomio, another senior attorney in my office, and I have been very limited in the new work we have been able to take on during the entire period of this litigation. As a result of Ms. Lomio and I having to devote so much time and energy to enforcement in this case, this ripple effect impacted the entire office's ability to monitor and litigate cases. For example, I previously was lead day-to-day attorney in *Armstrong v. Brown*, our case involving people with physical disabilities incarcerated in California prisons, but in January 2018 I had to hand that monitoring role off to other attorneys in my office because of the extraordinary amount of time I was spending on *Parsons* enforcement matters.

5. This case involves extremely complex civil litigation. The work in prosecuting this case involves marshalling complex facts, often from dozens of medical records, correspondence with people incarcerated at ADC, preparing expert declarations, conducting legal research for and writing briefs on enforcement and contempt motions,

1  filing motions to modify the monitoring procedure, participating in mediations, preparing
2  witnesses for direct testimony, preparing for the cross-examination of Defendants'
3  witnesses, reviewing and analyzing thousands of pages of documents for hearing exhibits,
4  and keeping up to date on ADC's efforts to comply with 103 performance measures.

5        6.      Each employee of the Prison Law Office who worked on this case
6  maintained contemporaneous records showing the time worked on the case and provided a
7  detailed description of the work. The office's policy and standard business practice with
8  respect to recording billable time, which it has followed in this case, is for each legal staff
9  member on a daily basis to record the time that he or she spends on a particular task, in
10 increments of one-tenth of an hour. Each time-keeper enters those hours into a
11 computerized billing system. The Prison Law Office uses the Timeslips program as its
12 computerized billing system. I have reviewed each entry and the office's summary of
13 attorney/paralegal time and costs. The amount claimed comes after I exercised billing
14 judgment to exclude hours that were redundant, excessive, or otherwise unnecessary. I
15 believe that the time claimed is reasonable and fair in light of the enormous obstacles
16 present this hard-fought case and the significant amount of time and resources Plaintiffs'
17 counsel invested in this case, to the exclusion of engaging in other impact litigation.
18 Attached hereto as **Exhibit A** is a summary of the time spent on this case by each
19 timekeeper.

20       7.      The Prison Law Office pays law students who work as law clerks for the
21 office during the summer. At times, a student will receive course credit for working with
22 us during the academic year in lieu of payment for their work. All law students who
23 worked on *Parsons* during the period July 1, 2017 to June 30, 2018 were paid.

24       8.      In total, the Prison Law Office seeks compensation for a total of
25 $550,390.05 in attorney fees and $21,867.20 in expenses. All of this time was reasonably
26 and necessarily spent, and all of these expenses were reasonably and necessarily incurred,
27 in enforcing the provisions of the Stipulation in this case and in ensuring that the
28 Defendants' frivolous motions did not undermine the terms of the Stipulation. Attached

hereto as **Exhibit B** is a detailed description of all time and expenses for which this office is seeking compensation by timekeeper, including Kirstin Eidenbach.  The time and expenses set forth in Exhibits A and B do not include time or expenses spent on monitoring activities.  Exhibit B does include costs such as expert fees, out-of-town travel, transcripts and other expenses that are typically billed to clients.  For travel costs, my office followed Judge Duncan's order to keep roundtrip airfare from Oakland or San Francisco airports below $350 roundtrip, and hotel accommodations below $200/night.  If exceptions had to be made, the reason why is noted in our billing records.  When travel expenses exceeded the cap it was due to such factors as dates of court hearings changing unexpectedly, (for example, in January 2018 when Judge Duncan was ill and postponed a hearing), holidays (hearings within days of Christmas), or seasonal events in Phoenix that caused hotel and airfare rates to be higher than usual (*i.e.* Major League Baseball's spring training in the Phoenix metro area).  Every effort was made to keep travel costs low.

9. We have staffed this case as efficiently as possible.  To that end the Prison Law Office has contracted with Kirstin Eidenbach, who practices in Tucson, to visit clients, coordinate all prison site visits, and participate in mediations and hearings. Additionally, the Prison Law Office relies upon litigation assistants and investigators (under attorney supervision) to triage and respond to the hundreds of letters we receive monthly from class members, and we utilize law students to perform basic legal research and document review and analysis.

10. The PLRA rate of $220.50 per hour is far below the market rate for attorneys in the San Francisco Bay Area, the applicable rate for our attorneys. The current 2018 rates that we are paid by the California Department of Corrections and Rehabilitation for non-PLRA cases, which do not include a surcharge for exceptional results, are as follows:

| Staff | Year of Bar Admission | FY 2018 Hourly Rate |
|---|---|---|
| Donald Specter | 1978 | $965 |
| Alison Hardy | 1988 | $870 |
| Sara Norman | 1997 | $780 |
| Corene Kendrick | 2003 | $675 |
| Rita Lomio | 2007 | $615 |
| Thomas Nosewicz | 2008 | $585 |
| Lynn Wu | 2009 | $535 |
| Mae Ackerman-Brimberg | 2013 | $440 |
| Camille Woods | 2017 | $350 |
| Amber Norris | Investigator | $335 |
| Megan Lynch | Investigator | $335 |
| Annelise Finney | Investigator | $300 |
| Sarah Hopkins | Investigator | $300 |
| Tania Amarillas | Senior Paralegal | $275 |
| Claudia Ceseña | Law Student | $275 |
| Bernadette Rabuy | Law Student | $275 |
| Briana Zweifler | Law Student | $275 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 26, 2018, in Berkeley, California.

                           s/ Corene Kendrick
                           Corene Kendrick

**ADDITIONAL COUNSEL:**

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:   dspecter@prisonlaw.com
         ahardy@prisonlaw.com
         snorman@prisonlaw.com
         ckendrick@prisonlaw.com
         rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:   dfathi@aclu.org
         afettig@aclu.org
         vlopez@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.L.L.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:   kirstin@eidenbachlaw.com

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:   kbrody@acluaz.org

| | |
|---|---|
| 1 | Daniel C. Barr (Bar No. 010149) |
| 2 | Amelia M. Gerlicher (Bar No. 023966)<br>John H. Gray (Bar No. 028107) |
|  | **PERKINS COIE LLP** |
| 3 | 2901 N. Central Avenue, Suite 2000<br>Phoenix, Arizona 85012 |
| 4 | Telephone: (602) 351-8000 |
|  | Email:   dbarr@perkinscoie.com |
| 5 |          agerlicher@perkinscoie.com |
|  |          jhgray@perkinscoie.com |
| 6 |  |
|  | Caroline Mitchell (Cal. 143124)* |
| 7 | **JONES DAY** |
|  | 555 California Street, 26th Floor |
| 8 | San Francisco, California 94104 |
|  | Telephone: (415) 875-5712 |
| 9 | Email:   cnmitchell@jonesday.com |
| 10 | *Admitted *pro hac vice* |
| 11 | John Laurens Wilkes (Tex. 24053548)* |
|  | **JONES DAY** |
| 12 | 717 Texas Street |
|  | Houston, Texas 77002 |
| 13 | Telephone: (832) 239-3939 |
|  | Email:   jlwilkes@jonesday.com |
| 14 |  |
| 15 | *Admitted *pro hac vice* |
| 16 | *Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina* |
| 17 | *Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree* |
| 18 | *Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and* |
|  | *all others similarly situated* |

-8-

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

Asim Dietrich
Rose A. Daly-Rooney
J.J. Rico
Jessica Jansepar Ross
Maya Abela
ARIZONA CENTER FOR DISABILITY LAW
adietrich@azdisabilitylaw.org
rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org
jross@azdisabilitylaw.org
mabela@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

    s/ D. Freouf