FILED _____ LODGED
RECEIVED _____ COPY

SEP 2 8 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

In The United States District Court
For The District of Arizona

Victor Antonio Parsons, et, al.,        Case CV 12-00601
                Plaintiffs,             PHX - ROS
        V.                              Judge RO Silver
Charles L. Ryan, et, al,               Motion: Seeking
                Defendants,            Finding of Contempt

        Along with some prior disclosure, For
which I have no copy of but Re:
I.P.C. at Manzanita From 2-6-18 -
7-13-18, As stated in The informal
on 7-11-18, I requested a simple
"Glucose Stress Test. It is a simple
every so many hours blood test" Not
one thing to do with a Laboratory.
        This is so simple any Lay-person can
fully understand, I have so many Flags
Re: This treatment or testing, The
Testing would be less than √ 1.00 U.S.D.
        The issue has still not been addressed
A DOC and Corizon are in Contempt of Court
They Fail to provide Medical Care as Needed
        The treatment Corizon tried to pawn of
is quite medically unacceptable see

Dale V Parsons
P.O. Box 24402 · 077877
Tucson, Arizona 85734· 2440

Jackson V. McIntosh, 90 F. 3d 330, 332 (9th Cir. 1996) Corizon Idea of one blood test per day x 5 Days Would not come close to a stress test and at The First Day Staff Medical Type abused The Petitional by inflicting pain, The next days were refused, For a bait or otherwise just corizon Torture, As in Wal-Mart V. Dukes,

## Relief Requested

1. 1,000.00 U.S.D Per Day for Delay
2. VIA Court Order, I'm now requesting Court Monitor For The Proper Testing w/medical background, No reason to harm Me for requesting care
3. Removal Of Corizon Care
4. The Asst Deputy Warden says the court can request copies of original filing, As were to be returned but not returned, A-DW says I'm playing games etc quote abusive in violation of Federal Grievance Policy, Note A DOC Grievance Policy Not Certified,

See Attachments Re: Contempt

Submitted This 23 Day Sept 2018
by Dah Malsone
Dah Malsone

 **ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Grievance

*For Distribution: Copy of Corresponding Inmate Grievance Resolution must be attached to this response.*

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER |
|---|---|
| Maisano, Dale | 77877 |

| INSTITUTION/ UNIT | CASE NUMBER |
|---|---|
| ASPC-Tucson / Whetstone C37-18-121 | |

---

CORIZON
INMATE GRIEVANCE RESPONSE

Your inmate grievance dated 8/19/18 was received in the Tucson office of Corizon Inmate Health Services on 8/22/18.

Your primary area of concern is laboratory testing.

Your concern has been reviewed by medical and it was determined that the current diagnostic path is not showing for glucose studies.  I do not see where you placed an HNR to discuss this with the provider.  If you have a concern about your blood glucose please place an HNR to discuss.

This grievance has been addressed. "In accordance with current policy, this response is final, and constitutes exhaustion of all remedies within the Department."

BS(21194)

Please note, per Revised Department Order 802.05, 1.2, pg. 5 - "Specifying the decision of the Contract Facility Health Administrator is final and constitutes exhaustion of all remedies within the Department."

---

| STAFF SIGNATURE  ~~Benjamin Schmid~~, FHA | DATE *(mm/dd/yyyy)* 9/7/2018 |
|---|---|

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Grievance

| RECEIVED BY | Ji Aguilar |
|---|---|
| TITLE | COI |
| BADGE NUMBER | 9837 |
| DATE (mm/dd/yyyy) | 08/19/2018 |

*Note.  You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Maisano, Doh | 077177 | 8-19-18 |

| INSTITUTION/FACILITY | CASE NUMBER |
|---|---|
| ASP-T Catis-tstin   2 A 34 | C37-18-127 |

TO: GRIEVANCE COORDINATOR      Corizon  FHA

**Description of Grievance** *(To be completed by the Inmate)*

First of all Your response of 8/9/18 This issue had not been addressed till 8-14-18, And I'm still not given A Glucose Strew Test. What Staff is trying is one check daily, It need I will go to AMA, but right now, I'm going to U.S. Dist. Ct. Casey, V. Lewis, 834 F Supp, 1477 1545 (O. Ariz 1993,) Handicapped Inmate must have their needs fully accommodated. Not even "Cursory" Sham see Terrance V. North ville Req'l Psychatric Hsp, 286 F 3d 834, 840 (6th Cir. 2001) as well McElligoH V. Foley, 182 F 3d at 1251) Corizon is in contempt of Court. According to Casey V. Lewis.

**Proposed Resolution** *(What informal attempts have been made to resolve the problem?  What action(s) would resolve the problem?)*

1  2,000.00 U.S. Dollars Per Day for Delay
2  Same
3  Same but Fust.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Dahn Maino | 8-19-18 | | 8 22 18 |

**Action taken by  Documentation of Resolution or Attempts at Resolution.**

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

DISTRIBUTION:  INITIAL:  White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL:  White – Inmate;  Canary – Grievance File

802-1
12/12/13

*2 of 3*



## ARIZONA DEPARTMENT OF CORRECTIONS
Inmate Informal Complaint Response



| | |
|---|---|
| | For Distribution:  Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response. |

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER |
|---|---|
| Maisano, Dale | 77877 |

**INSTITUTION/ UNIT**
ASPC-Tucson / Whetstone MI C37-18-123

| FROM | LOCATION |
|---|---|
| Kimberlee Switzer, RN, BSN Director of Nursing | Complex Health Unit |

CORIZON
INMATE INFORMAL COMPLAINT RESPONSE

Your inmate informal complaint dated 7/23/18 was received in the Tucson office of Corizon Inmate Health Services on 7/23/18.

Your primary area of concern is a lab test.

Your concern has been reviewed by medical and it was determined that your concern was addressed with the ADON (Assistant Director of Nursing) and you will be followed up on the nurse line.

This informal complaint has been addressed. This has resolved your concern.

KS/ds(20966)

| STAFF SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| *Dav /K Switer DON* | 8/9/2018 |

Distribution:   INITIAL: White and Canary or Copies - Grievance Coordinator; Pink or Copy - Inmate
FINAL: White - Inmate; Canary - Grievance Coordinator File

802-12
10/16/16



# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue. Please print all information.

AT (37-18-12)

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Navarro, Dale | 070870 | ASP T Whetstone  2 A 74 | 7·21·18 |

| TO | LOCATION |
|---|---|
| CO III | Whetstone |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

"I'm attempting to informally resolve the following issue"
I waive no time at any step of the Grievance Process.
My Single issue is : HNR Filed 7·11·18 , Requesting
a "Glucose/Stress Test" . At 10 Day, My only response
was nurse's line of 7/12/18 while I was at HU- 6819
Was not seen. Please review Estelle V Gamble, 429 U.S
97 97 S. Ct 285 (1976) It is a simple read a 6th
Grader can fully Understand. On 7·14·18 at My current
I informed D.R Anderson, RN of this issue.

Relief Requested

1 1,000.00 U.S.D per Day for Delay
2 Vim Card Order - I will be required to Covid Mondo at
all A DOC Med Unit
3 Approval of Course Con

Given to: Accout # 6188

RECEIVED
7/23/18
by COIV J. Richter #1014

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Dale M Navarro | 7·21·18 |

Have you discussed this with institution staff?  ☑ Yes  ☐ No

If yes, give the staff member name:  Dr. Jutha and Moss

Distribution.  INITIAL  White and Canary – Inmate
FINAL  White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

Supervisors "Knew of Violations
And Failed to Prevent Them"

"Their own culpable actions inactions in
the training, supervision, or control of
subordinates"

See Wearthen V. Schriro, 2009 WL
2632719, *1 (D. Ariz, 25 Aug 2009)

Supervisory officials personally participated
in the constitutional deprivation or that
Supervision officials were aware of widespread
abuses and, with deliberate indifference to the
inmates constitutional rights Failed to take
action to prevent further misconduct")

Supervisors can be held liable for the actions
of their subordinates (1) For setting in motion
a series of acts by others, or knowingly
refusing to terminate a series of acts by others,
which they knew or reasonably should have
would cause others to inflict constitutional
injury; (2) For culpable action or inaction in
training supervision, or control of subordinates;
(3) For acquiescence in constitutional
deprivation by subordinate; or (4) For
conduct that shows "reckless or callous
indifference to the rights of others.

The "Actual Injury" Requirement

The most important holding in Casey is
that there can be no abstract violation
of The Right of Access to the courts,
regardless of the adequacy or inadequacy
of the provisions that the prison has made to
assure access to the courts.

## Rights Based on Court Orders

Some Jails and Prisons are subject to Court Orders in Prisoners' Civil rights class action judgements are supposed to determine the rights of class members, See Court Decisions in class action determin certain Facts for purposes of later actions, but they generally do not determine the liability of particular individual defendants, Whether they are entered as a result of a court decision or by agreement of the parties approved by the court, see Rufo V. Inmates of Suffolk County Jail, 502 U.S. 367, 387, 112 S.ct 748 (1992) holding consent decrees enforcable and subject to the rules generally appicable to other judgements and decrees") Kaufman V. Mc Caughtry, 419 F. 3d 678, 685 (7th Cir. 2005) (plantiff is bound by class action settlement agreement during what publications prisoner can receive). Smith V. City of Chicago, 769 F. 2d 408 411 (7th Cir. 1985) (consent decree "defines and shapes the right in question") The Fact that the order is old does not mean a court should not enforce it if it is still in effect,

Florida Association for Retarded
Citizens Inc V. Bush, 246 F. 3d 1296,
1298 (11th Cir. 2001) (Disignating a case
closed does not change the court's orders.)
Jackson V. Schwarzenegar, 357
F. Supp 2d 1198, 1209 (C.D. Cal 2004)
(" Individual lawsuits) For injunctive and
declaratory relief may not be brought
if there is a class action pending involving
the same subject matter") Dotson V.
Moschner, 764 F. Supp 163, 167 (D.
Kan 1991)

"The right to be heard, weather one's
condition be exalted or lowly., is a right
the card have a duty to vindicate".)

It has long been said the rights
without remedies are not rights at all.

In Ex parte Hull, 312 U.S. 546, 61 S.
Ct. 640, 85 L. Ed. 1034 (1941) and
Johnson V. Avery, 393 U.S. 483, 89 S. Ct.
747, 21 L. Ed. 2d 718

The Court The Supreme Court Established
the right to the elimination of barriers
erected by prison officials that had the
effect of restricting access to the courts,
In the later case The Court held that more
is required to protect this right than the
elimination of cases that held
unconstitutional filing Fees for habeas corpus
petitioners of prisoners could not afford to pay
the Fees and held that indigent persons
were entitled to receive free transcripts
to pursue appeals and Habeas Corpus Petition.
See Smith V. V. Bennett, 365 US.
708, 81 S. Ct. 895 (1961) ($ 4 Filing
Fee for habeas petition was unconstitutional).

Long v. District Court of Iowa, In a For
Lee County Fort Madison, Iowa
385 U.S. 192, 87 S. Ct 362 (1996)
(Indigent prisoners entitled to transcripts
of prior habeas proceeding).

See Susan N. Herman, Slashing and
Burning Prisoners' Rights: Congress and
the supreme Court in Dialogue, 77
Or. L. Rev. 1229, 1258 (1988)
(without access to the courts, the
concept of civil death may be
reintroduced);

Is it not true. As in Martin V. Davies, 917 F. 2d 336, 339 (7th Cir. 1990); Daniel B. V. O'Bannon, 588 F. Supp. 1095, 1099-1100 (E.D. Pa. 1984) (all class members are bound by final judgements in a class action)

Canale V Sutherland, 334 F. 3d 980, 987 & 9 (11th Cir. 2003 (" Because consent decrees are enforceable through contempt little need exists to allow suits under section 1983").

As well see Rass - Simmons of Warwick Inc. V. Baccarat, Inc, 182 F.R.D. 386 (D.R.I. 1998) (violation of injunction does not create seperate cause of action.

only remedy for violation of Contempt).
As Well see Cook V. City of Chicago,
192, F. 3d 693, 695 (7th Cir 1999) and
Reynolds V. Roberts, 207 F. 3d 1288, 1289
(11th Cir 2000)

Contempt A party who disobeys a
court order may be held in contempt,
see Rule 70 (e), Fed. R. Civ. P. This
is a case even if the party believes
in good Faith that the order is unlawful,
U.S. V. Underwood 880 F. 2d 612, 618
(1st Cir. 1989) or if it is later ruled
erroneous. Money V. Commercial Bank
of Kuwait, S.A.K. 399 F. Supp. 2d 412,
416 (S.D.N.Y. 2005),
No one can be held in contempt of an
order unless it is clear and specific
enough that they can understand it and
unless the acts they committed are
clearly in violation of the order see
Rule 65 (d) (2), Fed. R Civ. P., and
Morales Feliciano V. Hernandez Colon,
704 F Supp. 16, 19 (D.P.R 1988) (Prison
staff with notice could be held liable)
Actual notice, like any other Fact, can

be inferred from circumstantial evidence,
Morales Feliciano V. Hernandez Colon, 704
F. Supp. at 19 ("actual notice can be
reasonably inferred" from a requirement
that an order be made known to all employees),
This prison guards and other employees
may be subject to contempt sanctions of
they violate an injunction against the
prison administration, see Morales V
Feliciano V. Hernandez Colon, 704 F. Supp.
at 19.

A Party may also be found in contempt for
failing to make sure that subordinates obey
the order. See National Basketball Ass'n V.
Design Management Consultants, Inc., 289
F. Supp. 2d 373, 377 (S.D.N.Y. 2003);
E.E.O.C. V. Wal-Mart Stores, 147
F. Supp. 2d 980, 982-83 (D. Ariz. 2001)
(contempt found for failure to train staff)
Jordan V. Arnold, 472 F. Supp. 265, 289
(M.D. Pa. 1979) ("[F]inding of civil contempt
may be made if it is shown that a party
has violated his obligations imposed by a
court decree by failure of diligence, ineffective
control etc. To Paul."

Courts have broad discretion to enter orders to make sure a prior order is carried out or its purpose are accomplished, see McComb V Jacksonville Paper Co., 336 US 187, 193-94 69 S. Ct. 497 (1949); E.E.O.C V. Local 580, International Assn. of Bridge, Structural and Ornamental Ironworkers, 925 F. 2d 588 595 (2d Cir. 1991); Cach V Turnbull, 144 F Supp. 2d 395, 418 (D.V.I. 2001) (court may require actions not provided for in original order to cure contempt);

Or compensatory damage, sometimes called remedial Fines, to person injured by violation of a court order in American Rivers V. U.S. Army Corps of Engineers, 274 Supp. 2d 62 70 (D.D.C 2003); Merriweather V. Sherwood 250 F. Supp. 2d 391, 394-95 (S.D.N.Y 2003) (damages for civil contempt limited to compensation for losses suffered; ). As well see Hutto V. Finney, 437 U.S 678 691, 98 S. Ct. 2565 (1978) (" if any state agency refuses to adhere to a court order a financial penalty may be the most effective means of insuring compliance."),

Further Relief and Modification of
Judgements, A Court has inherent Power to
make additional orders when a judgment has
been disobeyed or has failed to achieve its
purpose, See Root V. Woolworth, 150 U.S. 401
410 - 411, 14 S. Ct. 136 (1983) (" It is
well settled that court of equity has
jurisdiction to carry into effect its own orders,
decrees and judgements..."); U.S. V. United
Shoe Machinery Corp, 391 U.S. 244, 248-49
88 S Ct. 1496 (1968); System Federation V.
Wright, 364 U.S. 642, 642-48, 81 S.Ct
368 (1966) King - Seeley Thermos Co. V.
Aladdin Industries, Inc 418 F. 2d 31, 35
(2 d Cir. 1971) National Law Center V.
U S Veteran Admin, 98 F. Supp 2d 25,
26-27 (DDC 2000) ("A court's power to
enforce its own injunction by issuing
additional orders is broad, ... particularly
where the enjoined party has not fully
complied with the court's earlier order.

A DOC has a History see Hook V. State
of Arizona Dept of Corr, 972 F 2d 1012,
1014 (9th Cir. 1992) ( Soon to be at court
on more time )

impede

According to Webster's Dictionary, The word impede is defined " to stop in progress; to obstruct; hinder." Webster's New International Dictionary of the English Language (2d ed).

18 U.S.C. § 3626 (F) and Rule 53 of the Federal Rules of Civil Procedure and appoint a moniter.

Government Officals have Failed to demonstrate their ability to abide by The Requrement of The Courts Order and The Requirements of The Constitution see Freeman V. Pitts 503 U.S 467 (1992)

The State Players including Asst and Atty Gen have made no attempt to abide by The requirements set forth In any of The Courts Orders, see Board of Education V. Dowell, 498 U.S. 237 (1991)

The "Actual Injury" Requirement

The most important holding in Casey
is that there can be no abstract
violation of The Right Of Access to
the courts.

Regardless of the adequacy or
inadequacy of the provisions that the
prison has made to assure access
to The Courts.

Held In Contempt

See Gluth V. Kangas, 951 F. 2d 1504 (9th Cir 1991) (ordering prison officials to "provide an adequate number of functioning typewriters in the law library and other appropriate location for persons use in preparation of legal papers");

See Contempt in:
Tuggle V. Barksdale, 641 F. Supp. 34 (W.D. Tenn 1985) (adequate number of usable typewriters must be provided); Jackson V Whitman, 642 F. Supp. 516 (W.D. La 1986) (defendants held in contempt for violation of consent judgement, including refusing to let inmates use their own typewriters).

Under Gluth A DOC is as well in violation of See e.g. Gluth V. Kangas, 951 F. 2d 1504 (9th Cir. 1991) (holding that district court could order that typewriters, typing supplies, and other materials, including file folders, brief covers, and bindings be made available to persons, even though it might not be constitutionally required, as part of its power to order broad-based remedial relief to remedy an underlying constitutional violation of the right of access to courts)

H.I.C.
1 of

See Thompson V. Enomoto, 915 F. 2d 1383 (9th Cir. 1990) (consent judgement in which inmate could use 4 K memory typewriter); Jackson V. Whitman, 642 Supp 816 (W.D. La. 1986)

When Typewriters are provided, Then prison officials may not damage or confiscate them in retaliation for a prisoner's use of the grievance or court system, see Rhodes V. Robinson, 380 F. 3d 1123 (9th Cir. 2004) opinion amended and superseded on denial or reh'g, 408 F. 3d 559 (9th Cir. 2005) (plaintiff claimed that prison guards retaliated against him for exercising his First Amendment right to file grievances with the prison by damaging his typewriter; court held that plaintiff's allegations were sufficient to sustain a cause of action against defendants).

H.1.C
2d

"The Right to be heard, whether one's condition be exalted or lowly, is a right the courts have a duty to vindicate")

It has long been said the rights without remedies are not rights at all.

In Ex parte Hull, 312 U.S. 546, 61 S. Ct. 640, 85 L. Ed. 1034 (1941) and Johnson V. Avery, 393 U.S. 483, 89 S. Ct 747. 21 L. Ed. 2d 718

The Court The Supreme Court Established the right to the elimination of barriers erected by prison officials that had the effect of restricting access to the courts. In a later case, The Court held that more is required to protect this right than the elimination of cases that held unconstitutional filing fees for habeas corpus petitions of prisoners could not afford to pay the fee and held that indigent prisoners were entitled to receive free transcripts to pursue appeals and Habeas Corpus Petitions, See Smith V. Bennett, 365 U.S. 708, 81 S Ct 895 (1961) (§ 4 filing fee for habeas petition even unconstitutional) J. Lane V. District Court of Iowa in and for Lee County,

Fort Madison, Iowa 385 U.S 192, 87
S. Ct 362 (1996) (Indigent prisoners entitled
to transcript of prior habeas proceeding).


See Susan N. Herman, Slashing and Burning
Prisoners' Rights: Congress and the Supreme Court
in Dialogue, 77 Or. L. Rev. 1229, 1258 (1998)
(without access to the courts, the concept of
civil death may be reintroduced);

2 of 2

In Closing, We for sure prevail on a right of access claim, and we clearly show The Respondent did clearly under Ex Parte Hill, The State Officials positively interfered with My absolute Right to bring a claim in court

As well technical problems will show a case filed in Maricopa County, shortage of copies and limited access has caused, Denial of Access to The Court, More exhibits can be sent, After a Court Order is issued by This Court

Lets not forget what The Supreme Court said in Christopher V. Harbury, 536 U.S. 403, 414, 122 S. Ct. 2179 (2002) The Court cited Lewis V. Casey, suggesting that the right of access recognized, Is is not limited to the complaint stage of litigation



## ARIZONA DEPARTMENT OF CORRECTIONS

### Request/Authorization for Qualified Legal Copying

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name (Last, First M.I.) | ADC Number |
|---|---|
| Maisan, D. | 377373 |
| Institution/Unit | Date |
| ASP. T. Wabh. | 9-4-11 |

List each document separately. Forms packages count as one item. Unrelated exhibits count separately.

**ATTACH DOCUMENTS**

PARALEGAL REVIEW

| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | ✓ Unmodified |
|---|---|---|---|---|---|---|
| 1 | Lewis V. Case | 250 | 7 | | | NOT SIGNED OR DATED. |
| 2 | Mulia Suba G | | | | | NOT A MOTION, JUST |
| 3 | Finden of Cudily | | | | | NUMEROUS PAGES OF CASE LAW |
| 4 | Cul Ing & Go ing | | | | | W/ NUMEROUS COPIES OF |
| 5 | (1964) | | 1 | | | PREVIOUSLY SUBMITTED COPY |
| 6 | As Pr. Filing Ande Ahil | | | | | AND PARA LEGAL REQUEST |
| 8 | ON - New Action/can | | | | | FORMS, AND A COPY (LTM |
| 9 | Contend Al Gouvel | | | | | 802 POLICY. ALSO PETITIONER |
| 10 | deals Pu God Rule | | | | | HAS LEWIS AND PESSRNDOT |
| | | | | | | CASE 7" |

| Request received and forwarded to Paralegal for action. | | | |
|---|---|---|---|
| Designated Staff Name (Last, First M.I.) | Designated Staff Signature | Date/Received | Date Forwarded |
| WADLaw | | 9-LL-18 | 9-4-18 |

I have reviewed the request for legal copying. Take the following action:

☐ Copy: Unmodified

☐ Copy: Modified as indicated above

☐ Non-qualified legal copies, non-legal matter.

☐ Paralegal requests meeting with inmate - approval suspended

| Paralegal's Name (Last, First M.I.) | Paralegal's Signature | Date |
|---|---|---|
| VLIBRARI | VIA EMAIL | 9-7-18 |

| No. of Copies made _____ @ $ _____ each = TOTAL _____ | | |
|---|---|---|
| Designated Staff Name (Last, First M.I.) | Designated Staff Signature | Date |

Given 9-11-18

**Distribution:** White - Library
Green - Legal Access Monitor
Canary - Inmate
Pink - Paralegal
Goldenrod - Inmate

902-2
2/4/11

Judge, I cant obtain copies for all
This is the best I can do, Requested for
all given 3 in part & 4 pri

Respectfully, thus

Dale Mann
Dale Mann

**ARIZONA DEPARTMENT OF CORRECTIONS**

Request/Authorization for Qualified Legal Copying

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name (Last, First M.I.) | ADC Number |
|---|---|
| Massai, Dak | 177871 |
| Institution/Unit | Date |
| ASP T. Whitlow    2AH | 9-11-18 |

List each document separately.  Forms packages count as one item.  Unrelated exhibits count separately.
ATTACH DOCUMENTS

PARALEGAL REVIEW

| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | Unmodified |
|---|---|---|---|---|---|---|
| 1 | Motion Finding of Contempt | 11 | 45 | 11 | 3 | |
| 2 | Parsons v. Ryan Case CV-12 | | | | | |
| 3 | Dec Pltf 101 | | | 11 | | |
| 4 | No Pre-Filing Approval | | | NOT SIGNED OR | | |
| 5 | Mails Sur Notice | | | DATED ONCE | | |
| 6 | Dam Mi Heal | | | SIGNED AND DATED 3 | | |
| 8 | Ch. & Re Inmate | | | COPIES ONLY | | |
| 9 | Sur Summ Cul | | | | | |
| 10 | | | | | | |

Request received and forwarded to Paralegal for action.

| Designated Staff Name (Last, First M.I.) | Designated Staff Signature | Date/Received | Date Forwarded |
|---|---|---|---|
| WADEN | | 9-11-18 | 9-11-18 |

I have reviewed the request for legal copying.  Take the following action:

☐ Copy: Unmodified
☒ Copy: Modified as indicated above
☐ Non-qualified legal copies, non-legal matter.
☐ Paralegal requests meeting with inmate - approval suspended

| Paralegal's Name (Last, First M.I.) | Paralegal's Signature | Date 9:57 PM |
|---|---|---|

No. of Copies made 33  @ $ .10  each = TOTAL 3.30

| Designated Staff Name (Last, First M.I.) | Designated Staff Signature | Date |
|---|---|---|

Distribution: White - Library
Green - Legal Access Monitor
Canary - Inmate
Pink - Paralegal
Goldenrod - Inmate

902-2
2/4/11