Cover Sheet

Maisano V State of Arizona   Case

FILED          LODGED
RECEIVED       COPY

SEP 2 8 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY                    DEPUTY

Based on Bounds V Smith
430 U.S. at 828, 97
S. Ct 1491 (1977)

Motion Seeking Finding of Contempt

Relief Requested

Fax and E-Mail Access to Court
VIA Court Order

IN THE
UNITED STATES
SUPREME COURT

Dale Maisano                  Case 430 U.S. 817, 828
    Petitioner                97 S. Ct. 1491 (1977)
    V.                        Motion Seeking
State of Arizona,             Finding of Contempt,
State Attorney General,       Requesting Fax and
Director Arizona              E-Mail Access VIA
Department of Corrections     Court Order
Wardens and Deputy
Wardens as well as
Individuals as needed,
    Respondents

    The Petitioner Comes to This Court
Requesting The Court: To Court Order
all Filings For Contempt to be Faxed
of E-Mailed Forthwith Upon Request
Respondents are in Violation of
Bounds V. Smith, 430 U.S. at 828, 97
S. Ct. 1491 (1977); Lewis V. Casey, 518
U.S 343, 351-53, 116 S. Ct. 2174 (1996);
Christopher V. Harbury, 536 U.S 403,
414, 416 n. 13, 122 S. Ct. 2179 (2002);

S.C. 1d

Hudson V. Palmer, 468 U.S. 517, 523, 104
S Ct. 3194 (1984); Wolff V. McDonnell,
418 U.S. 539, 558, 94 S Ct. 2963 (1974);
Johnson V. Avery, 393 U.S. 483, 490
(1969); Johnson V. California, 543 U.S.
499, 509-515, 125 S. Ct. 1141 (2005)

On 9-4-18, The Petitioner requested copies
of Manson V. Ryan " Moting Seeking
Finding of Contempt To be Filed: In The
United States Supreme Court: And
on 9-4-18 Lewis V. Casey 116 S. Ct.
2174 (1996) 280 pgs. To: U.S. Sup. Ct.
Motion: Seeking Contempt of Court

Contempt A party who disobeys a
Court order may be held in contempt.
See Rule 70 (e), Fed. R. Civ. P.
This is a case even if the party
believes in good Faith that the order is
unlawful, U.S. V. Underwood

Both cases have an excess of Dubble
Deals in Violation, A Capricious Disregaod
for any and All Courts Orders, Proof
is within each Contempt Request

S.C. 2d

These Acts have been going on From The Dates of Any and All Court Orders, Send Me to The U.S.S.R and get Me away from these Liens Fols Who have No Idea we have a Constitution or Court Order Read Their Crazy Grinch Attorney General and The Fols He or well employees.

Last but not least One Paralegal for taking of Law Library per state 4/3 0004 one paralegal Trained by the worst city in Az History 17 Bar Actions. She is a Nut all Kinds Mixed in One Super Crazy And what Staff Say, She has the Final Word. No Access etc

"Actual Injury" by being "Frustrated" or "Impeded", I could Fill a book.

## Relief Requested

1. Your Fax or E-mail Address / Number
2. A Court order for Fax or E-Mail, Upon My Request x 7 Days Per-Week
3. Copies as required w/in 48 hrs, as required in Court order see Gluth V. Kangas 951 F. 2d 1509 (9th Cir. 1991) (Staff at ADOC say it is dead

S.C. 3d

Not one aspecte of this order is ever followed
nor was an appeal filed to U.S. Sp. Ct.
I'm still awaiting copies from 9.4.18 and
for Years in many cases including Writs
of Habeas Corpus, Welcome to Legal Access
Arizona Style, The Dc Cavels do the
Same on a constant, Who has th Power?
Ex-parte Hull, 312 US 546, 61 S Ct 640 (1941) Why?
Submitted This 11 Day of Sept 2018

23

by
Dale Maisano
P.O. Box 24402 - 077877
Tucson, Arizona 85734- 24402

cc Chief Justice Roberts
Justice Alito
Kennedy
Ginsburg
Breyer
Kagan
Sotomayor
Gorsuch
Thomas

Paralegal Betty Ulibari, Gov Az, Ac Atty Gen, Dir C. Ryan

S.C. 4d

Service Addresses

Clerk of The United States
        Supreme Court
# 1 First Street N.E.
Washington, D.C.   20543

Clerk
Chief Justice Roberts
Justice Alito
        Kennedy
        Ginsburg
        Breyer
        Kagan
        Sotomayor
        Gorsuch
        Thomas

Paralegal Betty E. Ulibarri
21446 Singlow drive
Sun City West, Arizona  85375
623-210-2346
bettyur 419 @ msn. com

Attorney General State of Arizona
Mark Bronovich
Asst Atty Gen Brad Keogh

J. A. 1of

Asst Atty Gen Michael E. Gottfried
All of 1275 W Washington
          Phoenix, Arizona   85007

Director Charles Ryan
1601 Jefferson
Phoenix, Arizona  85007

S.A. 2 of

Supervisors "Knew of Violations
And Failed to Prevent Them"
"Their own culpable actions inactions in
the training, supervision, or control of
subordinates"

See Werthen V. Schriro, 2009 WL
2632719, *1 (D. Ariz, 25 Aug 2009)

Supervisory officials personally participated
in the constitutional deprivation or that
Supervision officials were aware of widespread
abuse and, with deliberate indifference to the
inmates constitutional rights Failed to take
action to prevent further misconduct")

Supervisors can be held liable For the actions
of their subordinates (1) For setting in motion
a series of acts by others, or Knowingly
refusing to terminate a series of acts by others,
which they knew or reasonably should have
would cause others to inflict constitutional
injury; (2) For culpable action or inaction in
training, supervision, or control of subordinates;
(3) For acquiescence in constitutional
deprivation by subordinates; or (4) For
conduct that shows "reckless or callous
indifference to the rights of others.

## The "Actual Injury" Requirement

The most important holding in Casey is
that there can be no abstract violation
of The Right of Access to the court,
Regardless of the adequacy or inadequacy
of the provision that the prison has made to
assure access to the court.

Rights Based on Court Orders

Some Jails and Prisons are subject to
Court Orders in Prisoners' Civil rights
Class action judgements are supposed to
determine the rights of class members,
See Court Decisions in class action
determine certain Facts for purposes of
later actions, but they generally do not
determine the liability of particular
individual defendants, Whether they
are entered as a result of a court
decision or by agreement of the parties
approved by the court, see Rufo V.
Inmates of Suffolk County Jail, 502
U.S. 367, 387, 112 S.ct 748 (1992) holding
Consent decrees enforcable and subject to
the rules generally appicably to other
judgments and decrees) Kaufman V.
Mc Caughtry, 419 F. 3d 678, 685
(7th Cir. 2005) (plaintiff is bound by class
action settlement agreement during what
publications, prisoners can receive).
Smith V. City of Chicago, 769 F. 2d 408
411 (7th Cir. 1985) (consent decree
"defines and shapes the right in question")
The Fact that the order is old does not
mean a court should not enforce it if
it is still in effect,

Florida Association for Retarded
Citizens Inc. V. Bush  246 F. 3d 1296,
1298 (11th Cir. 2001) (Disignating a case
closed does not change the court orders.)
Jackson V. Schwartzenegger , 357
F. Supp 2d 1198, 1209 (C. D. Cal 2004)
(= Individual lawsuits) For injunctive and
declaratory relief may not be brought
if there is a class action pending involving
the same subject matter') Dotson V.
Moschner, 764 F. Supp. 163, 167 (D.
Kan. 1991)

"The right to be heard, weather one's condition be exalted or lowly, is a right the court has a duty to vindicate".)

It has long been said the rights without remedies are not rights at all.

In Ex parte Hull, 312 U.S. 546, 61 S. Ct 640, 85 L. Ed 1034 (1941) and Johnson V. Avery, 393 U.S. 483, 89 S. Ct. 747, 21 L. Ed. 2d 718

The Court The Supreme Court Established the right to the elimination of barriers erected by prison official that had the effect of restricting access to the courts, In the later case The Court held that more is required to protect this right than the elimination of cases that held unconstitutional filing Fees for habeas corpus petitions of personal could not afford to pay the Fees and held that indigent prisoners were entitled to receive free transcripts to pursue appeals and Habeas Corpus Petitions. See Smith V. V. Bennett, 365 U.S. 708, 81 S. Ct. 895 (1961) ($4 Filing Fee for habeas petition was unconstitutional);

Long v. District Court of Iowa, In a For
Lele County Fort Madison, Iowa
385 U.S. 192, 87 S. Ct 362 (1996)
(Indigent prisoners entitled to transcripts
of prior habeas proceeding).

See Susan N. Herman, Slashing and
Burning Prisoners' Rights: Congress and
the supreme Court in Dialogue, 77
Or. L. Rev. 1229, 1258 (1988)
(without access to the courts, the
concept of civil death may be
reintroduced);

Is it not true. As in Martin V. Davies, 917 F. 2d 336, 339 (7th Cir. 1990); Daniel B V. O'Bannon, 588 F. Supp. 1095, 1099-1100 (E.D. Pa. 1984) (all class members are bound by final judgements in a class action).

Cangle V Sutherland, 334 F. 3d 980, 987 & 9 (11th Cir. 2003 (" Because consent decrees are enforceable through contempt little need exists to allow suits under section 1983").

As well see Ross-Simmons of Warwick Inc, V. Baccarat, Inc, 182 F. R.D. 386 (D.R.I. 1998) (violation of injunction does not create seperate cause of action.

only remedy for violation of Contempt).
As Well see Cook V. City of Chicago,
192. F. 3d 693, 695 (7th Cir. 1999) and
Reynolds V. Roberts, 207 F. 3d 1288, 1289
(11th Cir 2000)

Contempt A party who disobeys a
court order may be held in contempt,
see Rule 70(e), Fed. R. Civ. P. This
is a case even if the party believes
in good Faith that the order is unlawful,
U.S V. Underwood 880 F. 2d 612, 618
(1st Cir. 1989) or of it is later ruled
erroneous. Morris V Commercial Bank
of Kuwait. S.A.K. 399 F. Supp. 2d 412
416 (S.D.N.Y. 2005).
No one can be held in contempt of an
order unless it is clear and specific
enough that they can understand it and
unless the acts they committed are
clearly in violation of the order see
Rule 65 (d) (a) Fed. R Civ. P., and
Morales Feliciano V. Hernandez Colon
704 F Supp 16, 19 (D.P.R 1988) (Prison
staff with notice could be held liable)
Actual notice, like any other Fact, can

be inferred from circumstantial evidence,
Morales Feliciano v. Hernandez Colon, 704
F. Supp. at 19 ("actual notice can be
reasonably inferred" from a requirement
that an order be made known to all employees),
   Thus prison guards and other employees
may be subject to contempt sanctions if
they violate an injunction against the
prison administration, see Morales V.
Feliciano v. Hernandez Colon, 704 F. Supp.
at 19.
   A party may also be found in contempt for
failing to make sure that subordinates obey
the order. See National Basketball Ass'n v.
Design. Management Consultants, Inc., 289
F. Supp. 2d 379, 377 (S.D. N.Y. 2003);
E.E.O.C. V. Wal-Mart Stores, 147
F. Supp. 2d 980, 982-83 (D. Ariz. 2001)
(contempt found for failure to train staff)
Jordan V. Arnold, 472 F. Supp. 265, 289
(M.D. Pa. 1979) ("[F]inding of civil contempt
may be made if it is shown that a party
has violated his obligations imposed by a
court decree by failure of diligence, ineffective
control etc. To point.

Courts have broad discretion to enter orders
to make sure a prior order is carried out or
its purpose are accomplished, see McComb
V Jacksonville Paper Co., 336 US 187, 193-94
69 S Ct. 497 (1949); E.E.O.C V. Local
580, International Assn of Bridge, Structural
and Ornamental Ironworkers, 925 F 2d 588
595 (2d Cir 1991); Carty V Turnbull, 144
F Supp 2d 395, 418 (D.V.I. 2001) (court
may require actions not provided for in
original order to cure contempt);

Or compensatory damages, sometimes called
remedial fines, to place injured by violation
of a court order see American Rivers V. U.S.
Army Corps of Engineers, 274 Supp. 2d 62
70 (D.D.C 2003); Merriweather V. Sherwood
250 F Supp 2d 391, 394-95 (S.D.N.Y 2003)
(damages for civil contempt limited to
compensation for losses suffered).
As well see Hutto V. Finney, 437 U.S 678
691, 98 S. Ct. 2565 (1978) ("if any state
agency refuses to adhere to a court order, a
financial penalty may be the most effective
means of insuring compliance.").

Further Relief and Modifications of Judgements, A Court has inherent Power to make additional orders when a judgment has been disobeyed or has failed to achieve its purpose, See Root V. Woolworth, 150 U.S. 401 410-411, 14 S. Ct. 136 (1983) ("It is well settled that court of equity has jurisdiction to carry into effect its own orders, decrees and judgements.."). U.S. V. United Shoe Machinery Corp, 391 U.S. 244 248-49 88 S Ct. 1496 (1968). System Federation V. Wright, 364 U.S 642, 647-48, 81 S.Ct 368 (1966) King-Seeley Thermos Co. V. Aladdin Industries Inc 418 F. 2d 31 35 (2d Cir. 1971) National Law Center V. U.S Veteran Admin. 98 F. Supp 2d 25, 26-27 (DDC 2000) ("A court's power to enforce its own injunction by using additional orders is 'broad' ... particularly where the enjoined party has not "fully complied with the court's earlier order.

A DOC has a History see Hook V. State of Arizona Dept of Corr. 972 F. 2d 1012 1014 (9th Cir 1992) (Seen to be at core one more time)

impede

According to Webster's Dictionary, The word impede is defined " to stop in progress; to obstruct; hinder." Webster's New International Dictionary of the English Language (2d ed).

18 U.S.C. § 3626 (F) and Rule 53 of the Federal Rules of Civil Procedure and appoint a monitor.

Government Officials have Failed to demonstrate their ability to abide by The Requirement of The Courts Order and The Requirements of The Constitution see Freeman V. Pitts 503 U.S 467 (1992)

The States Players including Asst and Atty Gen have made no attempt to abide by The requirements set Forth In any of The Courts Orders, see Board of Education V. Dowell, 498 U.S. 237 (1991)

The "Actual Injury" Requirement

The most important holding in Casey
is that there can be no abstract
violation of The Right Of Access to
the courts.

Regardless of the adequacy or
inadequacy of the provisions that the
prison has made to assure access
to The Courts.

## Held In Contempt

See Gluth V. Kangas, 951 F. 2d 1504 (9th Cir 1991) (ordering prison officials to "provide an adequate number of functioning typewriters in the law library and other appropriate locations for prisoners use in preparation of legal papers");

See Contempt In:
Tuggle V. Barksdale, 641 F. Supp. 34 (W.D. Tenn 1965) (adequate number of usable typewriters must be provided); Jackson V Whitman, 642 F. Supp. 516 (W.D. La 1986) (defendants held in contempt for violation of consent judgement, including refusing to let inmates use their own typewriters).

Under Gluth A DOC is as well in violation of See e.g. Gluth V. Kangas, 951 F. 2d 1504 (9th Cir. 1991) (holding that district court could order that typewriters, typing supplies, and other materials, including file folders, brief covers, and binding be made available to prisoners, even though it might not be constitutionally required, as part of its power to order broad-based remedial relief to remedy an underlying constitutional violation of the right of access to courts)

H.I.C.
1 of

See Thompson V. Enomoto, 915 F.2d
1383 (9th Cir. 1990) (consent judgement in
which inmate could use 4th memory
typewriter); Jackson V. Whitman, 642
Supp 816 (W.D. La. 1986)

When Typewriters are provided, Then
prison officials may not damage or confiscate
them in retaliation for a prisoner's use of
the grievance or court system, see Rhodes
V. Robinson, 380 F. 3d 1123 (9th Cir. 2004)
opinion amended and superceded on denial
of reh'g 408 F. 3d 559 (9th Cir. 2005)
(plaintiff claimed that prison guards retaliated
against him for exercising his First Amendment
right to file grievances with the prison by
damaging his typewriter; court held that
plaintiff's allegations were sufficient to
sustain a cause of action against defendants).

II.1.C
2d

"The Right to be heard, whether one's conditions be exalted or lowly, is a right the courts have a duty to vindicate")

It has long been said the rights without remedies are not rights at all.

In Ex parte Hull, 312 U.S. 546, 61 S. Ct. 640, 85 L. Ed. 1034 (1941) and Johnson V. Avery, 393 U.S. 483, 89 S. Ct. 747, 21 L. Ed. 2d 718

The Court The Supreme Court Established the right to the elimination of barriers erected by prison officials that had the effect of restricting access to the courts. In a later case, The Court held that more is required to protect this right than the elimination of cases that held unconstitutional filing Fees for habeas corpus petitions if prisoners could not afford to pay the Fees and held that indigent prisoners were entitled to receive Free transcripts to pursue appeals and Habeas Corpus Petitions, See Smith V. Bennett, 365 U.S. 708, 81 S. Ct. 895 (1961) ($4 filing fee for habeas petition was unconstitutional). Long V. District Court of Iowa In and for Lee County,

Fort Madison, Iowa 385 U.S 192, 87
S. Ct 362 (1996) (Indigent prisoners entitled
to transcript of prior habeas proceeding).


See Susan N. Herman, Slashing and Burning
Prisoners' Rights: Congress and the Supreme Court
in Dialogue, 77 Or. L. Rev. 1229, 1258 (1998)
(without access to the courts, the concept of
civil death may be reintroduced).

2 of 2

In Closing, We For sure prevail on a right of access claim, and we clearly show The Respondent did clearly under Ex Parte Hull, The State Officials positively interfered with My absolute Right to bring a claim in court

As well technical problems will show in cases Filed in Maricopa County, shortage of copies and limited access has caused, Denial of Access to The Court, More exhibits can be sent, After a Court Order is issued by This Court

Lets not forget what The Supreme Court said in Christopher V. Harbury, , 536 U.S. 403, 414, 122 S. Ct. 2179 (2002) The Court cited Lewis V. Casey, suggesting that the right of access recognized, Is is not limited to the complaint stage of litigation

# ARIZONA DEPARTMENT OF CORRECTIONS

## Request/Authorization for Qualified Legal Copying

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name (Last, First M.I.) | ADC Number |
|---|---|
| Maisan O.L. | 277577 |
| Institution/Unit | Date |
| ASP T whld. | 9-4-11 |

List each document separately. Forms packages count as one item. Unrelated exhibits count separately.
ATTACH DOCUMENTS

**PARALEGAL REVIEW**

| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | Unmodified |
|---|---|---|---|---|---|---|
| 1 | Lewis V. Can | 250 | 7 | | | NOT SIGNED OR DATED. |
| 2 | Motion Seeking A | | | | | NOT A MOTION, JUST |
| 3 | Findin of Cnld. | | | | | NUMEROUS PAGES OF CASE LAW |
| 4 | Cn. Ins S. Gp. IN | | | | | W NUMEROUS COPIES OF |
| 5 | (444) | | | | | PREVIOUSLY SUBMITED COPY |
| 6 | Do. Re. Filing Ord. Mtl. | | | | | AND PARA LEGAL REQUEST |
| 8 | Do. Re. New Action/Can | | | | | FORMS, AND A COPY OF THE |
| 9 | Content N. Grievant | | | | | ACL POLICY. ALSO PETITIONER |
| 10 | Inmt't Per Grd. Rule | | | | | HAS LEWIS AND RESPONDENT |
| | | | | | | CASE 7" |

Request received and forwarded to Paralegal for action.

| Designated Staff Name (Last, First M.I.) | Designated Staff Signature | Date/Received | Date Forwarded |
|---|---|---|---|
| WADLaw | | 9-4-18 | 9-4-18 |

**Paralegal**

I have reviewed the request for legal copying. Take the following action:

[ ] Copy: Unmodified

[ ] Copy: Modified as indicated above

[ ] **Non-qualified legal copies, non-legal matter.**

[ ] Paralegal requests meeting with inmate - approval suspended

| Paralegal's Name (Last, First M.I.) | Paralegal's Signature | Date |
|---|---|---|
| VLIBRARI | VIA EMAIL | 9-7-18 |

| No. of Copies made _____ | @ $ _____ | each = TOTAL _____ |
|---|---|---|

| Designated Staff Name (Last, First M.I.) | Designated Staff Signature | Date |
|---|---|---|
| | | |

Given 9-11-18

Distribution: White - Library
Green - Legal Access Monitor
Canary - Inmate
Pink - Paralegal
Goldenrod - Inmate

902-2
2/4/11

Inmate _Dale Massin_
ADC # _21119_
Arizona State Prison Complex _____
Unit _____

AZ S____ ___

LEGAL MAIL

**F**

**USPS FIRST-CLASS PKG**

ComBasPrice

U.S. POSTAGE PAID
NEOPOST USA
ePostage

ARIZONA DEPT OF CORRECTIONS
10000 S WILMOT RD
TUCSON AZ 85756-8699

Ship Date: 09/24/18
Weight: 0 lb 11 oz
**0005**

C011

US JUDGE ROSLYN SILVER
US DISTRICT COURT HOUSE
SPC 1
401 W WASHINGTON ST
PHOENIX AZ 85003-2118

USPS TRACKING # EP

9200 1901 1220 3915 3191 96

Judge Roslyn O. Silver
Senior United States District Judge
U.S. District Courthouse
401 W. Washington St.
Phoenix, Arizona 85003-2