Arizona State Prison Tucson
Whetstone Unit P.O. Box 24402
Tucson, Arizona 85734-24402

FILED _____ LODGED
_____ RECEIVED _____ COPY

OCT 29 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

In The United States District
For The District of Arizona

Parsons, et, al,                    Case CV-12-00601 PHX-ROS
        Plaintiff(s)                Judge R.O. Silver
        V
Ryan, et, al,
        Defendants,                 Order to Show Cause

        Judge other Criminals are Interfering
with Medical Proceeding, Ive requested
some 200+ Deliberate Indifference, Under
42, U.S.C. § 1997 (e)'s Re: Medical
Malpractice, Maisaro V Warren /
Corizon Healthcare, Filed U.S. Dist.
Ct. M.D. Tenn No. 3:18-cv-00899 etc
as said x 200+
        Within My Copy requests, I've
requested Attorney Copies as well as
A.C.L.U. Copy, HRDC Litigation
Project, Staff Atty Prison Legal News,
Donald Specter etc.
        The Paralegal is one Nut Jacket, She
says so many things it is Crazy,
Last week She viewed a Writ of Habeas
Corpus and said it was no such thing

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE LRCiv 54 (Rule Number/Section)

it was amended with request for sanctions and sent to The Court.

As well a case was filed in PHX U.S.D.C. Marsano V. Az Atty Gen. et. al., including all Prison Legal Staffing, How can we explain our ongoing issues / problems if we are denied all access.

We have Tried to relay on a constant Ex-partie Hull, Avery V. Johnson Lewis V. Casey, We are denied as well Legal Assidance by A DOC Paralegal and under Johnson V. Avery.

We Just want what Estelle V. Gamble 429 U.S. 97, 97 S. Ct 285 (1976) Says.

Please M.D Tenn Filings and correct our access to This court as well see Gluth V Kangas 951 F 2d 1504 (9th Cir 1991) All Aspects of Court Orders to A DOC Denied, Just like in this case and all other orders to A DOC, Brnovich and his band of Wrong Doing Thugs, Should be given a Carpet Call

Under penalty of perjury , I, Dale
Maisow , In Re Maisow V. Warren
and Paperwork to court, have never ash
a second time for the same action,
All New Daily
    Sworn Under 28 U.S.C. § 1746


                    by  Dale Maisow
                        Dale Maisow
Submitted This 18th Day of Oct 2018


To  Paralegal Julia Erwin
    Legal Access Monitor

12-CV-601
Parsons V. Ryan

Judge

You are denied

pgs. x 9

Ex-Parte Hull , 312 U.S. 546
61 S. Ct 640 (1941)

As Well Violates
Gluth V. Kangas   951 F 2d 1504
(9th Cir. 1991)   48 hrs Re: Copies



**ARIZONA DEPARTMENT OF CORRECTIONS**

Request/Authorization for Qualified Legal Copying

| Please PRINT information in all areas clearly. Use a PEN and PRESS FIRMLY. |

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Maisan, Dan | 077877 |
| Institution/Unit | Date |
| ASP-T-Whetton   2 A 74 | 10-18-18 |

List each document separately.  Forms packages count as one item.  Unrelated exhibits count separately.
ATTACH DOCUMENTS

| | | | | | PARALEGAL REVIEW | |
|---|---|---|---|---|---|---|
| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | ✓ Unmodified |
| 1 | Parsun V. Ryan CV-12-00601 | | | | | |
| 2 | Copy as well Faxed to | | | | | |
| 3 | Crow as well | 41 | 54 | | 3 | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |

*(left margin: To be completed by the inmate/paralegal)*

Request received and forwarded to Paralegal for action.

*(left margin: Designated Staff)*

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date/Received | Date Forwarded |
|---|---|---|---|
| WADLW | | 10-18-18 | 10-18-18 |

*(left margin: Paralegal)*

I have reviewed the request for legal copying.  Take the following action:

☐ Copy: Unmodified

☒ Copy: Modified as indicated above

*(handwritten: " THERE IS A LINED BLANK PAGE - REMOVE. REMOVE THE LAST NINE PAGES, 3 COPIES NOT 54 )*

☐ Non-qualified legal copies, non-legal matter.

☐ Paralegal requests meeting with inmate - approval suspended

*(handwritten: 6:47PM)*

| Paralegal's Name *(Last, First M.I.)* | Paralegal's Signature | Date |
|---|---|---|
| VLIBRARI | VIA EMAIL | 10-19-18 |

*(left margin: Designated Staff)*

| No. of Copies made  93  @ $  .10  each = TOTAL  9.30 |
|---|

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|
| WADLW | | 10-25-18 |

**Distribution:** White - Library
Green - Legal Access Monitor
Canary - Inmate
Pink - Paralegal
Goldenrod - Inmate

902-2
2/4/11

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Request for Paralegal Assistance

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Unit |
|---|---|---|
| Marrais, Dale | 077071 | ASP-T Whetton 2 B 74 |

Briefly describe your complaint: *(Use a blank sheet of paper if additional room is needed.)* Note I'm in need of filing a new Contempt Claim at The U.S. Suprem Court Level, Reference "Jailhouse Lawyer" Read Johnson V. Avery 393 U.S. 483, 89 S. Ct. 747 (1969), I'm awaiting Your Denial So I can File, Your help is needed "Catch 22"

"INMATE HAS FILED NUMEROUS LAWSUITS. FORMS ARE NOT AVAILABLE PER 902 POLICY IN THE LIBRARY"

| Inmate Signature | Date |
|---|---|
| Dale Marem | 8-29-18 |

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|
| WADLON | | 8-29-18 |

**Paralegal Review**

NOT BE

☒ A meeting will be scheduled with a Paralegal.

☐ Your complaint does not involve a qualified legal claim. You may pursue this issue in accordance with Department Order 902, Inmate Legal Access to the Courts, sections 902.01 and 902.02.

☐ Unclear. A meeting will be scheduled with a paralegal to determine if assistance can be provided.

| Paralegal's Name *(Last, First M.I.)* | Paralegal's Signature | Date |
|---|---|---|
| LIBRARY | VIA EMAIL | 8-29-18  8:45 PM |

Your appointment with the Paralegal has been scheduled for _____

at _____ a.m./p.m. in the _____
       TIME                                              DATE

Please bring this authorization and all related documents to the meeting.

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|
| | | |

Distribution: White – Library
            Canary – Inmate
            Blue – Legal Access Monitor
            Pink – Paralegal
            Green – Paralegal
            Goldenrod – Inmate

902-1
2/4/11

 **ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Request for Paralegal Assistance**

| | | Please PRINT information in all areas clearly. Use a PEN and PRESS FIRMLY. |
| --- | --- | --- |

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Unit |
| --- | --- | --- |
| Maisano, Dale | 073171 | ASP-T-Whetstone 2 A74 |

**Briefly describe your complaint:** *(Use a blank sheet of paper if additional room is needed.)*

I'm in need of Help Filing a contempt of Court Re Indigent Legal supplies Maisano v. Ulibarri. Under Gluth v. Kangas, 951 F. 2d 1504 (9th Cir 1991) I will need a non-bias person with Void of Conflict of interest.

See Lewis v. Casey / Bounds v. Smith, I don't see exception but I'm not a Paralegal.

| Inmate Signature | Date |
| --- | --- |
| Dale Maisano | 10-11-18 |

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
| --- | --- | --- |
| WADLW | | 10-11-18 |

**Paralegal Review**

NOT BE

☒ A meeting will ~~be~~ scheduled with a Paralegal.   "DENIED, INMATE HAS FILED NUMEROUS COMPLAINTS, MOTIONS

☐ Your complaint does not involve a qualified legal claim. You may pursue this issue in accordance with Department Order 902, Inmate Legal Access to the Courts, sections 902.01 and 902.02.   PRO PER"

☐ Unclear. A meeting will be scheduled with a paralegal to determine if assistance can be provided.

| Paralegal's Name *(Last, First M.I.)* | Paralegal's Signature | Date |
| --- | --- | --- |
| ULIBARRI | VIA EMAIL | 10-13-18 |

Your appointment with the Paralegal has been scheduled for _____

at _____ a.m./p.m. in the _____
   TIME                                    DATE

Please bring this authorization and all related documents to the meeting.

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
| --- | --- | --- |
| | | |

Distribution: White - Library
Canary - Inmate
Blue - Legal Access Monitor
Pink - Paralegal
Green - Paralegal
Goldenrod - Inmate

902-1
2/4/11

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Request for Paralegal Assistance

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Unit |
|---|---|---|
| Maisano, Dale | 078817 | ASP T. Whitton 2 A 74 |

Briefly describe your complaint: *(Use a blank sheet of paper if additional room is needed.)* On 10-12-18 Paralegal B.E. Ulibarri read The Top 40 Pgs of a Writ of Habeas Corpus for Copying Maisano V. St. of AZ CR 2004-00731 Pinal County Any Fool could fully understand it is a clear Writ of Habeas Corpus St Contractor Ulibarri is a Special Type of Paralegal who Knowledg. The Writ 2600 Pgs was sent 10-15-18. VIA U.S. Mail Requesting Sanctions on Paralegal and asking for 380 Pgs not copyed to Be ct. ordered Yw 20 pgs were Scoped by Prison Staffing not L.L. as req. I'm going to read Help filing Maisano V. Ulibarri for Failling Re: Export. Hull. 312. 546. 549 61 S. Ct 640 (1941) to U.S. Sup ct. of Next for Maisano V. Ulibarri To be filed 9th Cir Ct. of Appes for Violation of Glidl V. Maxw. 46 Am to copy law. And Last Maisano V. Ulibarri to U.S Sup ct for The Bounds V. Smith and Lewis V. Casy Violation, Request Removal of Ulibarri. Forthwith

| Inmate Signature | Date |
|---|---|
| Dale Maisano | 10-15-18 |

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|
| WADLOW | *[signature]* | 10-16-18 |

---

Paralegal Review

☐ A meeting will be scheduled with a Paralegal.

☐ Your complaint does not involve a qualified legal claim. You may pursue this issue in accordance with Department Order 902, Inmate Legal Access to the Courts, sections 902.01 and 902.02.

☐ Unclear. A meeting will be scheduled with a paralegal to determine if assistance can be provided.

| Paralegal's Name *(Last, First M.I.)* | Paralegal's Signature | Date |
|---|---|---|
| | | |

---

Your appointment with the Paralegal has been scheduled for _____,

at _____ a.m./p.m. in the _____,
        TIME                                                  DATE

Please bring this authorization and all related documents to the meeting.

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|
| | | |

Distribution: White - Library
        Canary - Inmate
        Blue - Legal Access Monitor
        Pink - Paralegal
        Green - Paralegal
        Goldenrod - Inmate

902-1
2/4/11

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Request for Paralegal Assistance

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Unit |
|---|---|---|
| Maison, Dah | 078877 | ASP T Whetn 2 174 |

Briefly describe your complaint: *(Use a blank sheet of paper if additional room is needed.)*

I'm in need of filing a New Civil Rights Action - Access to Courts As ordered in Gluth V. Kangas 951 F 2d 1504 (9th Cir. 1991) I'm being Denied Envelopes by P.L. Ulibarri as Bounds V. smith and Lewis V. Cary state no matter how many actions I've filed in th past which is a dream of Ulibarri I'm going to need a Non-bias Person Whot a Conflict of Interest to help me at all stages of my New action, Fails to comply still just on one more new action

| Inmate Signature | Date |
|---|---|
| Dah Ma— | 10-16-18 |

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|
| WADW | M— | 10-16-18 |

Paralegal Review

☐ A meeting will be scheduled with a Paralegal.

☐ Your complaint does not involve a qualified legal claim.  You may pursue this issue in accordance with Department Order 902, Inmate Legal Access to the Courts, sections 902.01 and 902.02.

☐ Unclear.  A meeting will be scheduled with a paralegal to determine if assistance can be provided.

| Paralegal's Name *(Last, First M.I.)* | Paralegal's Signature | Date |
|---|---|---|
| | | |

Your appointment with the Paralegal has been scheduled for _____,

at _____ a.m./p.m. in the _____,
   TIME                                    DATE

Please bring this authorization and all related documents to the meeting.

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|
| | | |

Distribution: White - Library
Canary - Inmate
Blue - Legal Access Monitor
Pink - Paralegal
Green - Paralegal
Goldenrod - Inmate

902-1
2/4/11

**ARIZONA DEPARTMENT OF CORRECTIONS**

Request/Authorization for Qualified Legal Copying

| Please PRINT information in all areas clearly. Use a PEN and PRESS FIRMLY. |
| --- |

| Inmate Name *(Last, First M.I.)* | ADC Number |
| --- | --- |
| Maisano, Dan | 077877 |
| Institution/Unit | Date |
| ASP T. Whetstone          2 A2H | |

List each document separately. Forms packages count as one item. Unrelated exhibits count separately.

ATTACH DOCUMENTS   Atty Letter And Judge in GO)

| | | PARALEGAL REVIEW |
| --- | --- | --- |

All New   Document Name 1997
Civil Rights Actn Medical 1590

| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | ✓ Unmodified |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | Parsons V. Ryan 12-CV-00601 | 30 | 9 | | | |
| 2 | ACLU Nat Prison Proj. | 30 | 9 | | | |
| 3 | HRDC Litigation Project | 30 | 9 | | | |
| 4 | Maisano V. Warren | 1 | 4 | | | |
| 5 | Maisano V. Warren | 1 | 4 | | | |
| 6 | Maisano V. Warren | 1 | 4 | | | |
| 8 | Maisano V. Warren | 1 | 4 | | | |
| 9 | Maisano V. Warren | 1 | 4 | | | |
| 10 | | | | | | |

Request received and forwarded to Paralegal for action.

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date/Received | Date Forwarded |
| --- | --- | --- | --- |
| WADOW | | 10-16-18 | 10-16-18 |

I have reviewed the request for legal copying. Take the following action:

"ALL DENIED"

☐ Copy: Unmodified

☐ Copy: Modified as indicated above   "CVI2-0061. ANY QUESTION REFER TO ATTORNEY.

☐ Non-qualified legal copies, non-legal matter.

ALL DOCUMENTS SUBMITTED NUMEROUS

☐ Paralegal requests meeting with inmate - approval suspended   TIMES

WILL NOT REVIEW AGAIN"

| Paralegal's Name *(Last, First M.I.)* | Paralegal's Signature | Date   8:53PM |
| --- | --- | --- |
| ULIBARRI | VIA EMAIL | 10-17-18 |

RETURNED 10-18-18

| No. of Copies made _____ | @ $ _____ | each = TOTAL |
| --- | --- | --- |

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
| --- | --- | --- |
| | | |

Distribution: White – Library
Green – Legal Access Monitor
Canary – Inmate
Pink – Paralegal
Goldenrod – Inmate

902-2
2/4/11

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Request/Authorization for Qualified Legal Copying**

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Maisano, Dah | 077877 |
| Institution/Unit | Date |
| ASP-T Whetston    2 A 74 | 10-11-18 |

List each document separately. Forms packages count as one item. Unrelated exhibits count separately.

ATTACH DOCUMENTS                                    **PARALEGAL REVIEW**

| No. | All New Document Name 1497 (e)i Denial of Medical Care | Number of Pages | Number of Copies | Number of Pages | Number of Copies | Unmodified |
|---|---|---|---|---|---|---|
| 1 | Maisano, Warren | 2 | 4 | | | ✓ |
| 2 | Maisano, Warren | 3 | 4 | | | |
| 3 | Maisano V. Warren | 1 | 4 | | | |
| 4 | Maisano V. Warren | 1 | 4 | | | |
| 5 | Maisano V. Warren | 1 | 4 | | | |
| 6 | Maisano V. Warren | 1 | 4 | | | |
| 8 | Maisano V. Warren | 1 | 4 | | | |
| 9 | Maisano V. Warren | 1 | 4 | | | |
| 10 | Maisano V. Warren | 1 | 4 | | | |

*(To be completed by the inmate/paralegal)*

**Designated Staff**

Request received and forwarded to Paralegal for action.

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date/Received | Date Forwarded |
|---|---|---|---|
| WADLOW | | 10-11-18 | 10-11-18 |

**Paralegal**

I have reviewed the request for legal copying.  Take the following action:

☐ Copy: Unmodified

☐ Non-qualified legal copies, non-legal matter.

☐ Copy: Modified as indicated above

☐ Paralegal requests meeting with inmate - approval suspended

"ALL COPIES 1 AND 2 DENIED"

| Paralegal's Name *(Last, First M.I.)* | Paralegal's Signature | Date 12:03 PM |
|---|---|---|
| VILBARU | VIA EMAIL | 10-13-18 |

**Designated Staff**

RETURNED 10-16-18

| No. of Copies made _____ | @ $ _____ | each = TOTAL _____ |
|---|---|---|

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|
| | | |

Distribution: White - Library
　　　　　　　Green - Legal Access Monitor
　　　　　　　Canary - Inmate
　　　　　　　Pink - Paralegal
　　　　　　　Goldenrod - Inmate

902-2
2/4/11

**ARIZONA DEPARTMENT OF CORRECTIONS**

Request/Authorization for Qualified Legal Copying

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Maisano, Dale | 077877 |
| Institution/Unit | Date |
| ASP-T. Whetstone   2 A 74 | 10-11-18 |

List each document separately. Forms packages count as one item. Unrelated exhibits count separately.

ATTACH DOCUMENTS

PARALEGAL REVIEW

| No. | All New Document Name Civil Rights Action 42 U.S.C. 1997(e) | Number of Pages | Number of Copies | Number of Pages | Number of Copies | Unmodified ✔ |
|---|---|---|---|---|---|---|
| 1 | Letter Attorney Neulahanta | 17 | 2 | | | |
| 2 | A.C.L.U | 1 | 1 | | | ✔ |
| 3 | Maisano V Warren | 1 | 4 | | | |
| 4 | Maisano V Warren | 1 | 4 | | | |
| 5 | Maisano V Warren | 1 | 4 | | | |
| 6 | Maisano V Warren | 1 | 4 | | | |
| 8 | Maisano V. Warren | 1 | 4 | | | |
| 9 | Maisano. V. Warren | 1 | 4 | | | |
| 10 | Maisano V. Warren | 1 | 4 | | | |

*To be completed by the inmate/paralegal*

---

**Designated Staff**

Request received and forwarded to Paralegal for action.

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date/Received | Date Forwarded |
|---|---|---|---|
| WADLN | M | 10-11-18 | 10-11-18 |

---

**Paralegal**

I have reviewed the request for legal copying. Take the following action:

☐ Copy: Unmodified

☐ Copy: Modified as indicated above

☐ **Non-qualified legal copies, non-legal matter.**

☐ Paralegal requests meeting with inmate - approval suspended

"ALL COPIES 1 AND 2 DENIED"

| Paralegal's Name *(Last, First M.I.)* | Paralegal's Signature | Date 12-03 ℞ |
|---|---|---|
| VCIBARRI | VIA EMAIL | 10-13-18 |

---

**Designated Staff**

RETURNED 10-16-18

| No. of Copies made _____ @ $ _____ | each = TOTAL _____ |
|---|---|

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date |
|---|---|---|

Distribution:  White - Library
Green - Legal Access Monitor
Canary - Inmate
Pink - Paralegal
Goldenrod - Inmate

902-2
2/4/11

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Grievance

For Distribution:  Copy of Corresponding Inmate Grievance Resolution must be attached to this response.

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER |
|---|---|
| Maisano, Dale | 77877 |

| INSTITUTION/ UNIT | CASE NUMBER |
|---|---|
| ASPC-Tucson / Whetstone C37-18-121 | |

CORIZON
INMATE GRIEVANCE RESPONSE

Your inmate grievance dated 8/19/18 was received in the Tucson office of Corizon Inmate Health Services on 8/22/18.

Your primary area of concern is laboratory testing.

Your concern has been reviewed by medical and it was determined that the current diagnostic path is not showing for glucose studies.  I do not see where you placed an HNR to discuss this with the provider.  If you have a concern about your blood glucose please place an HNR to discuss.

This grievance has been addressed. "In accordance with current policy, this response is final, and constitutes exhaustion of all remedies within the Department."

BS(21194)

Please note, per Revised Department Order 802.05, 1.2, pg. 5 - "Specifying the decision of the Contract Facility Health Administrator is final and constitutes exhaustion of all remedies within the Department."

| STAFF SIGNATURE   Benjamin Schmid, FHA | DATE *(mm/dd/yyyy)* |
|---|---|
| | 9/7/2018 |

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| RECEIVED BY | |
|---|---|
| *Lil Aguilar* | |
| TITLE | |
| CO II | |
| BADGE NUMBER | DATE (mm/dd/yyyy) |
| 9837 | 08/19/2018 |

Note.   You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Maisano, Dok | 077877 | 8-19-18 |

| INSTITUTION/FACILITY | CASE NUMBER |
|---|---|
| ASP-T Cath-Istm      2 A 34 | C37 - 18 - 127 |

TO: GRIEVANCE COORDINATOR     Corizon FHA

**Description of Grievance** (To be completed by the Inmate)

First of all Your response of 8/9/18 This issue had not been addressed till 8-14-18, And I'm still not given A Glucose Strip Test, What Staff is trying is one check daily, If need I will go to AMA, but right now I'm going to U.S. Dist Ct. Casey V. Lewis, 834 F. Supp, 1477, 1545 (D. Ariz 1993) Handicapped Inmate. must have their needs Fully accommodated. Not some "Cursory" sham see Terrance V. North ville, Reg'l Psychiatric Hsp, 286 F 3d 834, 848 (6th Cir. 2001) as well McElligott V. Foley, 182 F 3d 1251) Corizon is in contempt of Court According to Casey V. Lewis

**Proposed Resolution** (What informal attempts have been made to resolve the problem?  What action(s) would resolve the problem?)

1   2,000.00  U.S. Dollars Per Day for Delay
2   Same
3   Same but First

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| John Mon | 8-19-18 | | 8 22 18 |

**Action Taken by  Documentation of Resolution or Attempts at Resolution.**

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

DISTRIBUTION:  INITIAL:  White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL:  White – Inmate; Canary – Grievance File

802-1
12/12/13





**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Informal Complaint Response

| | *For Distribution:* Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response. |
|---|---|

| INMATE NAME *(Last, First M.I.) (Please print)*<br>Maisano, Dale | ADC NUMBER<br>77877 |
|---|---|
| INSTITUTION/ UNIT<br>ASPC-Tucson / Whetstone MI C37-18-123 | |

| FROM<br>Kimberlee Switzer, RN, BSN Director of Nursing | LOCATION<br>Complex Health Unit |
|---|---|

CORIZON
INMATE INFORMAL COMPLAINT RESPONSE

Your inmate informal complaint dated 7/23/18 was received in the Tucson office of Corizon Inmate Health Services on 7/23/18.

Your primary area of concern is a lab test.

Your concern has been reviewed by medical and it was determined that your concern was addressed with the ADON (Assistant Director of Nursing) and you will be followed up on the nurse line.

This informal complaint has been addressed. This has resolved your concern.

KS/ds(20966)

| STAFF SIGNATURE<br>*[signature]* Don /K Switer DON | DATE *(mm/dd/yyyy)*<br>8/9/2018 |
|---|---|

Distribution:   INITIAL: White and Canary or Copies - Grievance Coordinator; Pink or Copy - Inmate
FINAL: White - Inmate; Canary - Grievance Coordinator File

802-12
10/16/16

## ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue. Please print all information.

MI (37-18-16)

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT   2 A74 | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Mariano, Dale | 078877 | ASP T Whetstone | 7-21-18 |

| TO        CO 111 | LOCATION    Whetstone |
|---|---|

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

"I'm attempting to informally resolve the following issue."
I waive no time at any step of The Grievance Process.
My Single issue is: HNR Filed 7-11-18, Requesting
"Glucose/Stress Test", At 10 Days, My only response
was nurses line of 7/12/18 while I was at HU-6B19
Was not seen. Please review Estelle V Gamble, 429 U.S.
97, 97 S. Ct. 285 (1976) It is a simple read a 6th
Grader can fully Understand, On 7-19-18 at My current
I informed D.R. Anderson, RN of this issue.

Relief Requested

1. 1,000.00 USD per Day for Delay
2. Via Court Order, I will be required to Ccourt Monitor at
all ADOC Med Unit,
3. Removal of Course Conc

Given to: Accept # 6188

RECEIVED
7/23/18
by COIV J. Richter #1014

| INMATE SIGNATURE   Dale Mariano | DATE (mm/dd/yyyy)   7-21-18 |
|---|---|

Have you discussed this with institution staff?   ☑ Yes   ☐ No

If yes, give the staff member name:   Anderson and Mario

Distribution.   INITIAL  White and Canary - Inmate
FINAL  White – Inmate, Canary – Grievance Coordinator File

802-11
6/25/14

# Daily Sickcall

The Eighth Amendment to the U.S Constitution gives convicted inmates the right to adequate medical care. The Due Process Clause of the Fifth Amendment for Federal inmates, or the Fourteenth Amendment for State and local inmates, gives the same right to pretrial detainees. Courts generally treat medical claims the same whether they are brought by convicted inmates or pretrial detainees.

See Estate of Owensby V City of Cincinnati, 414 F. 3d 596, 602-03 (6th Cir. 2005), cert. denied sub nom, Jorg V. Estate of Owens, 126 S Ct 2023 (2006); Miller V Calhoun County, 409. F. 3d 803, 812 (6th Cir. 2005); Brown V. Harris, 240 F 3d 383, 388 & n. 6 (4th Cir 2001); Chavez V Cady, 207 F 3d 901, 904 (7th Cir. 2000).

Corizon as well as A DOC Fail to fully understand; Why?, Do inmates have a constitutional right to medical care, when people in the outside world do not! The reason is simple. When you are in Jail or Prison, You cannot visit a Doctor,

2d

Medical Clinic or Hospital on our own.
You cannot go to the Drugstore and buy
medicine we need while We are in
Prison or Jail. We cannot do anything
We Should Do, (e.g., eat well,
exercise often) to avoid getting sick
in the first place. Because you lose your
ability to obtain medical care you are
imprisoned, officials have a Absolute
Duty to provide care timely as well as
Daily. See De Shaney v. Winnebago
County Dept of Social Servs., 489 U.S.
189, 199 - 200, 109 S. Ct. 998);
Estelle v. Gamble, 429 US 97, 104, 97
S. Ct. 285 (1976) Im not the one to say it
First, It is common Knowledge and should
be Known by all Judges and Attorneys,
("It is but just that public be required
to care for the prisoner, who cannot by
reason of the deprivation of his liberty,
care for himself.")

    The Supreme Court First recognized that
inmates have a right to medical care in
1976, in Estelle v Gamble, 429 U.S. 97, 97
S. Ct. 285 (1976), In That case the Court
wrote that the "denial of medical care

3d

may result in pain and suffering which no one suggests would serve any penological purpose." Id at 103. This means that Jail and Prison officials may not deny your medical care as a means of saving money or for punishment. Furthermore, they may not deny you medical care on the ground that it makes their jail or prison safer or more secure. In fact, untreated communicable diseases can spread quickly through a facility, and untreated mental illnesses can lead to outbreaks of violence, making conditions less safe and secure.

Once admitted to a jail or prison, inmates must be able to communicate their medical concerns and requests to qualified medical personnel. There must be a regular Daily reliable sick call procedure for inmates in both general population and segregation. It is unconstitutional for guards and other untrained staff to decide which inmates get to see a doctor and which do not. At A DOC this is common practice.

The Law says, Each Jail or Prison must have adequate facilities for medical examinations and treatment. Similarly, it must have "organized"

system of Medical Records, For which
Corizon / A DOC Fail to maintain, As
Known by The Court "It is a Joke,
A Sham, We are headed For an outbreak
of all types of issues see Helling V. Mckinney,
509 U.S. 25, 33, 113 S. Ct 2475 (1993) (Please
read what The Supreme Court Says) At A DOC
all Under Corizon are in Danger.
    Communication of Medical Needs "Prison
Officials Show Deliberate Indifference to Medical
Needs, If Prisoners are unable to make their
medical problems Known to The Medical
Staff "See Hoptowit V Ray, 682 F.2d
1237, 1253 (9th Cir. 1982); accord, Johnson-
El V. Schoemehl, 878 F.2d 1043, 1054
-55 (8th Cir. 1989) (Sick call only once a
week stated a constitutional claim); Bass by
Lewis V. Wallenstein, 769 F.2d 1173, 1184-
85 (7th Cir. 1985) (Known deficencies in sick
Call system supported a Finding of deliberate
indifference); Morales Feliciano V. Calderon
Sierra, 300 F. Supp. 2d 321, 341 (D.P.R. 2004)
("Failing to provide a sick call system that
ensures access to care and that is capable of
effectively handeling emergencies" implicates
Eight Amendment Rights);

5 of

Alexander V Boyd, 876 F Supp 773, 784 (D.S.C 1995) (requiring nursing staff to be available daily to review sick call requests) As The stipulation agreement reflect, As Az Doc Arnold on behalf of H.B. V. Lewis, 803 F. Supp, 246, 257 (D Ariz 1992) (Lack of adequate system of psychiatric referrals supported a finding of deliberate indifference) See The Court Order (medical provider could be found deliberately indifferent for permitting a person with only a master's degree and no professional licence to have authority over mental health referrals and suicide precautions) As done currently at A Doc "Real" Casey V. Lewis, 834 F Supp 1477, 1545 (D. Ariz 1993), A Doc is in Contempt of Court, As well The Court needs to correct.

Medical Staff Prison Officals must provide a medical staff that is "Competent to examine prisoners and diagnose illnesses. It must be able able to treat medical problems or to refer prisoners to others who can." see Hoptowit V Ray, 682 F 2d 1237, 1253 (9th Cir. 1982); accord Coleman V. Wilson, 912 F Supp 1282, 1307 (E.D Cal, 1995); To Point see Hartman V. Correctional Medical Services, Inc 960 F Supp 1577

6 of

1581-83 (M.D. Fla 1996) This is Corizon Different
Name but Corizon (permitting a person with
only a Masters degree and No Professional Licenses
to have authority over mental health referrals
and suicide precaution supported claim of a
policy of deliberate indifference by medical provider)
Need I explain "Knowledge"

7 of

# Valley Fever Declared a Public Health Emergency at Two California Prisons; Court Orders Prisoner Transfers

*by John E. Dannenberg*

On April 25, 2013, Dr. John Galgiani, an expert hired by attorneys representing prisoners in the long-running *Plata v. Brown* class-action lawsuit over medical care in the California Department of Corrections and Rehabilitation (CDCR), filed an 80-page affidavit with the federal court overseeing the case in which he described conditions at Central California facilities where prisoners have been afflicted by a disease known as Valley Fever.

Valley Fever (coccidioidomycosis) is a potentially fatal fungal infection that causes flu-like symptoms. It is contracted by inhaling spores from infected soil, but is not contagious once a person is infected. The spores frequent the southwestern United States, with about a quarter of reported infections occurring in California and over 70 percent in Arizona, according to the Centers for Disease Control and Prevention.

The disease has been an ongoing problem at the CDCR's Pleasant Valley and Avenal State Prisons, where the soil contains Valley Fever spores that are spread through dust and when the dirt is disturbed. [See: *PLN*, July 2010, p.22; June 2008, p.22; Aug. 2007, p.1]. Other state prisons are located in the area where Valley Fever is prevalent but have not experienced as many infections; those facilities include the California Correctional Institution, CSP Corcoran, Kern Valley State Prison, North Kern State Prison, SATF at Corcoran and Wasco State Prison.

The CDCR reported 640 cases of Valley Fever in 2011, including 535 at the Pleasant Valley and Avenal facilities. There is no vaccination to protect against the disease. At least eleven prisoners have filed Valley Fever-related claims with the state's Victims Compensation and Government Claim Board; all have been rejected.

Dr. Galgiani, a professor of medicine at the University of Arizona who founded a center where the disease is researched, stated in his affidavit that the prevalence of Valley Fever at the Pleasant Valley and Avenal facilities is a "public health emergency."

"Prison officials should be, but apparently are not, acting in a manner consistent with a situation where the lives of individuals are at substantial risk," he said after reviewing records of four prisoners who

died due to Valley Fever, finding that prison medical staff had delayed for months before testing for the disease.

Galgiani stated in his affidavit that 62 state prisoners died from Valley Fever between 2006 and January 2013. He did not indicate how many of the deaths occurred at Pleasant Valley and Avenal, but noted that those facilities had by far the highest rates of the disease – with Pleasant Valley's infection rate being 1,000 times greater than the statewide average and Avenal having an infection rate 189 times higher.

Valley Fever pervades the communities surrounding the prisons in the southern San Joaquin Valley as well, but Dr. Galgiani observed that the infection rates at both the Pleasant Valley and Avenal facilities are notably higher than in the local community. A pernicious characteristic of the disease is that blacks and Filipinos are particularly vulnerable; 71 percent of the prisoners who died of Valley Fever between 2006 and 2011 were black.

Galgiani stated, "In my opinion African-American prisoners should be excluded from these two prisons along with Filipinos, Inuits, persons with diabetes, HIV, or any immunocompromising condition, and that decision should be implemented immediately. Not to do so will keep these groups at risk of severe complication from new Valley Fever infection. Moreover, there should be no transfers of any inmates with these ethnicities or medical conditions to either Pleasant Valley State Prison or Avenal State Prison for the same reasons."

On April 29, 2013, Medical Receiver J. Clark Kelso, appointed by the federal court to oversee healthcare in California prisons, ordered prisoners with an increased susceptibility to Valley Fever to be transferred from the two facilities. Kelso directed the CDCR to remove non-white and non-Latino/Hispanic prisoners, as well as prisoners with certain medical risk factors and prisoners over age 55 because they are at higher risk of contracting the disease.

Joyce Hayhoe, a spokeswoman for the Receiver's office, noted that in addition to causing prisoner deaths, Valley Fever has hospitalized about 40 percent of the more than 8,200 prisoners housed at the Avenal and Pleasant Valley facilities.

She added, "The state of California has known since 2006 that segments of the inmate population were at a greater risk for contracting Valley Fever, and mitigation efforts undertaken by CDCR to date have proven ineffective.... As a result, the Receiver has decided that immediate steps are necessary to prevent further loss of life."

Those steps include a mass transfer of an estimated 3,250 susceptible prisoners out of Pleasant Valley and Avenal, and refilling the beds with presumably less-vulnerable prisoners who still will be at risk of Valley Fever infections. While falling short of conceding they will select prisoners by race, that is tantamount to what the CDCR will likely have to do to keep the facilities full.

Governor Jerry Brown's administration wasted no time in objecting to the Receiver's order, complaining, "It is premature to move more than 3,000 inmates out of two state prisons until more is known about an airborne fungus that is being blamed for nearly three dozen inmate deaths and hundreds of hospitalizations."

CDCR Secretary Jeffrey Beard claimed that the transfers may result in increased racial violence within California's prison system, presumably because the prisoner transfers from Pleasant Valley and Avenal would be partly based on race.

State officials further argued that transferring prisoners was premature until they could learn whether other steps taken by the CDCR would be effective in limiting the exposure of prisoners and staff to the disease. To that end, the CDCR stated it was trying to control dust during construction, is supplying surgical masks to prisoners and employees who ask for them, and is providing educational materials about Valley Fever. Prison officials are also installing air filters and considering ways to cover up and screen out dusty areas, and agreed to move 600 high-risk prisoners by August 2013.

Apparently not wanting to wait to determine the effectiveness of the CDCR's efforts while prisoners continue to contract Valley Fever, sometimes fatally, the U.S. District Court over the *Plata* litigation entered an order on June 24, 2013 directing state prison officials to comply with the Re-

ceiver's directive to transfer increased-risk prisoners out of the Pleasant Valley and Avenal facilities. The CDCR was ordered to complete the transfers within 90 days.

The district court rejected the state's argument that an order to transfer prisoners from Pleasant Valley and Avenal constituted a "prisoner release order" under the Prison Litigation Reform Act, and noted that the CDCR had admitted it was "aware that Valley Fever presents a serious risk to inmate health."

However, the court limited the Receiver's directive by removing Inuit prisoners, prisoners over the age of 55 and prisoners who had already been infected with Valley Fever from the list of offenders to be transferred from the two facilities. "Perhaps at one point, Defendants' wait-and-see approach might have been reasonable. Under current conditions, however, they are not.... An exclusionary policy is now the only reasonable response," the district court wrote. See: *Plata v. Brown*, U.S.D.C. (N.D. Cal.), Case No. 3:01-cv-01351-TEH.

"The order is absolutely necessary to preserve people's lives and health because state officials have been simply unwilling to take appropriate action when there's a clear and imminent danger to prisoners' lives. It's the most recent example of the state's inability to protect the health of prisoners," said Don Specter, director of the Prison Law Office, which represents prisoners in the *Plata* litigation.

The Centers for Disease Control and Prevention and the affiliated National Institute of Occupational Safety and Health have agreed to study problems related to Valley Fever at the Avenal and Pleasant Valley prisons; however, there is no projected completion date for their review, which amounts to more government stalling. They could save themselves both time and money – and perhaps prisoners' lives – by simply reading Dr. Galgiani's affidavit and taking heed of the findings of the Medical Receiver and the district court. ◼

Sources: *Huffington Post, Associated Press, Los Angeles Times, ABC News, www.wsws.org*

# Corcoran Sun

Full Color Prison Yard Monthly
News ♦ Entertainment ♦ Resources

**3 Month Trial Subscription**

**Only $5** (money orders only)



**IN FULL COLOR**

All new full color format deeper content, more exciting episodes of thrilling novels and sexy pics. We at Corcoran Sun are striving to become a top quality prison publication. Submit your writing, art, poetry etc., see your submission, name and contact info in print.

**Single issues** ($3 money order or 8 FCS)
**Yearly Subscription** ($30 money order or 96 FCS)
Payments to: Freebird Publishers
Box 541 North Dighton, MA 02764
Email: Diane@FreebirdPublishers.com



**WE NEED YOUR HELP!**

We are updating the Disciplinary Self Help Litigation Manual (Manville 2007) to help guide prisoners through the misconduct and disciplinary litigation process.

To effectively help inmates, we need case law and opinions from state courts that affect this process at the state level.

Please send us a copy of any decisions entered by a state court relating to prisoner misconduct/disciplinary actions. (if copy cannot be made, please send original and we will return it at your request)

send all material to:

**Professor Daniel Manville, MSU College of Law**

**610 Abbot Rd., East Lansing, MI 48823**

(please do not send summaries, memos, or requests for representation)

## Daily Sick Call

The courts have also held that inmates must have access to doctors for non-emergency situations. The procedure by which such access is provided is often referred to as sick call, and some form of a sick call procedure is constitutionally required. See Hoptowit V Ray, 682 F 2d 1237, 1252-55; 9 Fed R. Evid. Serv. 1511 (9th Cir. 1982) (must have "ready access to adequate medical care," lack of sick call every day part of inadequacy);

As well see U.S Dept of Justice Federal Standards for Prisons and Jails §§ 5.19 to 20 (1980)

As Well inmates are entitled To:

In addition to the care and treatment to which sick and disabled inmates are entitled under the Constitution, statutes may serve as a separate source of protection. Perhaps the most significant example of the breadth of protection that may be afforded by a statute is the American with Disabilities Act (ADA), codified at 42 U.S.C. §§ 12101-12213. The ADA prohibits state and local governments and other public entities from discriminating against any "qualified individual with a disability" and from excluding individuals from programs, services, or activities because of their disability. Id. § 12132. A "qualified individual with a disability" is defined as " an individual with a disability who, with or with without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." Id. § 12131 (2). Because of

1 d 2

the ADA, state and local officials have had
to take a number of steps, including some
physical plant modifications, to ensure that
disabled inmate can participate in programs
and receive services available to nondisabled
inmate. Another Federal statute, the
Rehibilation Act of 1973, also prohibits
Federal agencies and certain entities that
receive Federal Financial assistance, including
state and local agencies, from discriminating
against individuals because of their disabilities
See 29 U.S.C § 794.

2 of 2

## Relief Requested

Bottom Line See Hoptowit V Ray, 682 F. 2d 1237, 1252-55, 9 Fed. R. Evid. Serv. 1511 (9th Cir 1982) (Must have "ready access to adequate medical care" lack of sick call every day part of inadequacy); Todaro V Ward, 431 F. Supp 1129, 1146 (S D N Y 1977), Judgement aff'd, 565 F. 2d 48 (2d Cir. 1977) and aff'd 652 F 2d 54 (2d Cir 1981) ("Court have held that a sick call procedure for prompt referrals of those in need of a physician is constitutionally required.")

Note Brown V Plata, 563 US 493 (2011) (Gross understaffing caused lengthy delays in medical and mental health care and, in turn, multiple avoidable deaths); Boss V Wallenstein, 769 F 2d 1173 (7th Cir, 1995) (sick call procedures failed to ensure prompt access to medical care).

# We have a Constitutional Right to Humane Conditions

See Farmer V. Brennan, 518 U.S. at 832 (quoting Hudson V Palmer, 468 U.S. 517, 526 -27, 104 S Ct 3194 (1984) Go to Lewis V. Casey, 518 U.S 343, 350, 116 S. Ct 2174 (1996). A healthy inmate who is in danger of suffering a "deprivation of needed medical treatment" may file in court that prison medical facilities were inadequate. Note "Serious harm" in condition cases is a deprivation (denial) of a basic human need. Protection from assult and medical care are two basic human needs. Other basic human needs include shelter, exercise, Food, clothing and sanitation. For which A DOC lacks all from time to time see Farmer V. Brennan, 511 U.S. at 832; Wilson V. Seiter, 501 U.S 294, 304, 111 S Ct 2321 (1991); Helling V Mckinney, 509 U.S 25, 32, 113 S Ct 2475 (1993); see also Rhodes V. Chapman, 452 US at 347 (Stating that Eighth Amendment prohibits conditions that "deprive inmates of the minimial civilized measure of life's necessities"). And lets top it all off with A DOC and their Daily Norm! Johnson V. Lewis, 217 F 3d 276, 231 (9th Cir. 2000).

## Supervisor Duty

See Medcalf V State of Kansas, 626
F. Supp 1179, 1186 (D Kan 1986) (Supervisor
had a duty " to carefully hire, train and
supervise adequate medical personnel capable
of evaluating and meeting ... reasonable
medical needs")

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Letter

Requests are limited to one page and one issue, NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Maisano, Dale | 077877 | ASP-I Whetstone ZAH | 10-18-18 |

| To: Paralegal Julia Erwin Legal Access Monitor | Location | Central Office |
|---|---|---|

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I'm quite sure The Court will get Your Disrespect of and for it's authority

If I were The Legal Thug; I'd get with The Access Prescribed by Law.

Stop All; criminal conduct

Copies For all requested

A.C.L.U.
Atty Donald Specter
HRDC Litigation Project
Attorney Neelakanta
and all W/in 601

| Inmate Signature | Date |
|---|---|
| Dale Maisano | 10-18-11 |

Have You Discussed This With Institution Staff?  ☒ Yes   ☐ No

If yes, give the staff member's name:  Grievance Pending  X X X

916-1
5/13/10

Distribution:  White - Master Record File      Canary - Inmate

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Maisano, Dale | 077877 | ASP-T-Whetstone | 10-15-18 |

| To: Paralegal John Crain Legal Access Monitor | Location Central Office |
|---|---|

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Im quite sure The Court will get Your Disrespect

of and For it's authority

If I were The Legal Thug; I'd quit

with The Access Prescribed by Law

+ Stop All criminal conduct

Copies for all requested

A.C.L.U.

Atty Donald South;

H.R.D.C. Litigation Project

Attorney Neelakanta

and all Who GOT

| Inmate Signature Dale Maisano | Date 10-11-1 |
|---|---|

| Have You Discussed This With Institution Staff?   ☒ Yes   ☐ No | |
| If yes, give the staff member's name: Grievance Pending XXX | |

Distribution:  White - Master Record File      Canary - Inmate

916-1
5/13/10

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Letter

| Requests are limited to <u>one page</u> and <u>one issue</u>. <u>NO</u> ATTACHMENTS PERMITTED. Please print all information. |

| Inmate Name   (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Maisan, Dah | 077877 | ASP-T Whetstone | 10·18·18 |

| To: Paralegal Julia Erwin | Location | Central Office |
|---|---|---|
| Legal Access Monitor | | |

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

On 10·16·18, I submitted a form 902-L "All New 1997
Civil Rights Action Medical Issue Maisan V. Warren

New   2. 30 pages to Judge Silver   12-00601 cv

New   3. 30 pg ACLU Nat Prison Project

New   4 HRDC Litigation Project 30 pg

When I ask for copies to Attorney Donald Spector
they are denied, I will wait 24 hr and
File on Attorney Gen Al.

Your Choice

I have around 120 pg

One more to no idea days prison

See Novak V. Beto, 453 F 2d 661
(5th Cir 1971)

A DOC One Paralegal 43 000 +

| Inmate Signature | Date |
|---|---|
| Dah M | 10·18·18 |

**Have You Discussed This With Institution Staff?**   ☒ Yes   ☐ No

If yes, give the staff member's name:   Greely Alder Vill E-Mail To all in need