Michael J. Cohn #288721
ASPC Tucson/Manzanita 3A3L
P.O. Box 24401
Tucson, AZ 85734-4401

FILED ___ LODGED
RECEIVED ___ COPY
NOV 0 2 2018
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT, ARIZONA

| Parsons, et al. | 2:12CV601-ROS |
|---|---|
| v. | Supplement to motion to compel compliance |
| Ryan, et al. | Hon. Roslyn O. Silver |

I, Michael J. Cohn, class plaintiff/prisoner rights advocate respectfully submit this supplement detailing the business license statutes.

Per ARS §13-3706; Failure to procure or exhibit a business license:

A) A person commits failure to procure or exhibit a business license if such person knowingly commences or transacts any business, profession or calling, for which a license is required by any law of this state, without procuring the license prescribed for transacting such business, or who upon demand of a peace officer or magistrate refuses to exhibit such license.

B) Failure to procure or exhibit a business license is a Class 2 misdemeanor.

As set forth in the motion to compel compliance there appear to be 50 or so medical units operating fraudulently in the Az. Dept. of Corrections. as I allege they are not properly licensed, plus at least 2 nursing home dorms on this unit. Such utter contempt for the law is consistent with Judge Duncan's sanctions of ADC which is charged with assuring Corizon LLC, AKA Corizon Health's compliance with the 2015 stipulation. I do not understand

1

the Attorney General's complicity with allowing Corizon to shirk its legal responsibilities as it is the A.G.'s duty to protect the public from business fraud. The thousands of disabled inmates also have a right to the A.G.'s protection. It appears +A.G., et.al. is an accomplice to a fraudulent scheme and artifice, as set forth in the Petition for investigation of fraudulent schemes. See ARS § 13-2310, ARS §41-1492 et seq., & ARS §41-791, 192, 193 ARS §41-1792.01, .02

Per the contents herein and previously submitted, the court should grant my motions/petitions in all their respects. Clearly, I am addressing issues counsel for plaintiffs has wantonly disregarded due to lack of preparation or incompetence (strickland). Therefore, short of a motion or suit for sanctions to return the $750,000 accrued by counsel for plaintiffs to date, to the plaintiffs for their ineffectiveness, the court should act su sponte as I have requested.

Respectfully submitted,           Date: 10/28/18

Michael J. Cohn, Ed.D.

Dr. Michael J. Cohn, Pro Se / Prisoner Rights Advocate.

Original Mailed to:   ON: 10/29/18

Clerk of the U.S. Dist. Ct.          — Prison Law Off.
401 W. Washington                    General Delivery
Phoenix, AZ 85003                    San Quentin, CA 94964

Copies to:   ON: 10/29/18           attn: Sarah Normor
Attorney General
1275 W. Washington
Phoenix, AZ 85007

2