Office of the Arizona Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL REQUEST IN SUPPORT OF MOTION FOR STATUS HEARING (DOC. 3039; 2999)** |

Defendants Charles Ryan and Richard Pratt oppose Plaintiffs' Supplemental Request for Status Hearing. (Doc. 3039). There has been no change in circumstances since Plaintiffs filed their September 10, 2018 request for resumption of monthly status hearings. (Doc. 2999). An in-person hearing to discuss Plaintiffs' proposed agenda items does not warrant the substantial cost of out-of-state travel by Plaintiffs' counsel, waste of the parties' resources, and the expenditure of judicial resources. Moreover, none of the proposed agenda items pertain to any pending motions, nor do the issues require Court

intervention or subversion of normal motion practice procedures. This Court should deny Plaintiffs' request.

## I.     PLAINTIFFS' REQUESTS AND DEFENDANTS' RESPONSES

### Plaintiffs Seek to Update the Court Regarding Proposed Experts

Plaintiffs open their supplemental request for a status hearing by requesting they be able to update the Court in-person about the status of their proposed experts. They then specifically advise that Dr. Venters can no longer serve as an expert, but Plaintiffs' other two proposed experts can. There is no need for a hearing for Plaintiffs' counsel to tell the Court in-person exactly what they just told the Court in one paragraph. Plaintiffs' request is unnecessary and a waste of time and resources.[1]

### Plaintiffs' Proposed Agenda Item 1:

Defendants' [alleged] continuing non-compliance with performance measures set forth in the October 10, 2017 Order to Show Cause (Doc. 2373) and/or performance measures previously found substantially noncompliant by the Court, and the status of Defendants' remedial plans. [See, e.g., Doc 1583 at 2, Doc 1709 at 1, Doc. 2030 at 2, Doc. 2430 at 2-3, Doc. 2764 at 2, Doc. 3020 at 1-2].

### Defendants' Response:

This is the same Agenda Item 1 as requested in Plaintiffs' September 10, 2018 Request for Status Hearing. (Doc. 2999). Nothing has changed and therefore Defendants' response is the same. There is no motion or Court Order requiring specific action by Defendants on this issue other than monthly reporting under the terms of the Stipulation.

---

[1] Moreover, Defendants have filed a Motion to Stay regarding these orders. (Doc. 2971.) Because briefing on the Motion to Stay is complete and therefore awaits the Court's ruling, a status hearing to discuss these items is unnecessary. (Docs. 2971, 2992, 3001.) Additionally, since it is left to the Court to decide whether to ultimately appoint experts (and who), a hearing simply to get an update from the Court on its progress is unnecessary. Defendants submitted their plan and Plaintiffs have filed a response. (Doc. 2948, 2961, 2969.) It is in the Court's hands. Thus, there is nothing to gain from an in-court update on its status

2

1  In accordance with the Stipulation requirements, Defendants provide monthly CGAR
2  reports that track Defendants' compliance with their performance measures.  If Plaintiffs'
3  counsel desire an update on remedial plans, the parties can simply arrange for a telephone
4  call.  There is no reason that Plaintiffs' counsel must travel from out of state and appear in
5  court to ask Defendants' counsel questions about remedial plan updates. These
6  discussions can, and should, occur between the parties. There is no need for the Court to
7  preside over what is historically simply a reporting by Defendants' counsel as to
8  explanations for performance measure scores and remedial plan status, and a few follow-
9  up questions, if any, by Plaintiffs' counsel along with Plaintiffs' counsels' comments on
10 Defendants' reports.  If Court intervention is necessary, the parties can file appropriate
11 pleadings and request relief.[2]

**Plaintiffs' Proposed Agenda Item 2:**

Plaintiffs' Motion for Attorneys' Fees for enforcement/litigation of the Stipulation in FY 2018.  [Doc. 3026 (Motion); Doc. 3032 (Defs' Response, requesting oral arguments); Plf's Reply due November 2, 2018].

**Defendants' Response:**

The Motion is fully briefed.  A request for a status hearing on this issue makes no sense.  There is nothing to do but await the Court's ruling.  No status hearing is needed for Plaintiffs' counsel to tell the Court that the Motion is fully briefed and awaiting a ruling. The Court knows this.

///
///
///
///

---

[2] Plaintiffs' attempt to paint this case before the Court and in the media as one of "chronic noncompliance" with the Stipulation is undermined by the fact that Magistrate Judge Duncan has found Defendants to be substantially noncompliant with only 17% of the performance measures/facilities (Doc. 2960), a fact Plaintiffs cannot dispute.

**Plaintiffs' Proposed Agenda Item 3:**

Defendants' continuing refusal to timely pay Plaintiffs' monitoring fees as required by ¶44 of the Stipulation (Doc. 1185). [Doc. 3026 (Motion); Doc. 3037 (Defs' Response); Plfs' Reply due October 31, 2018.

**Defendants' Response:**

First, Defendants deny Plaintiffs' allegation of "continuing refusal to timely pay." Second, Plaintiffs' counsel received their 2018 second quarter monitoring fees/costs payment on October 26, 2018. Third, Defendants already advised the Court in Doc. 3037 as to the status of payment and general reasons for Defendants' objections to Plaintiffs' monitoring bills. There is nothing further to discuss on this issue and no status hearing is needed.

**Plaintiffs' Proposed Agenda Item 4:**

The planned transfer of all juvenile girls currently housed at Perryville-Minors Unit to Tucson-Minors Unit, (see 4T Investigators, "Risky Relocation," 10/3/18, available at https://kvoa.com/news/n4t-investigators/2018/10/03/n4t-investigators-risky-relocation/), and the possible impact upon the monitoring of Performance Measures that involve minors (health care PMs 33,34, 62, 73) as well as the impact upon maximum custody monitoring.

**Defendants' Response:**

Plaintiffs' counsel essentially ask this Court to order that attorneys from different states converge before the Court so that Plaintiffs' counsel can ask Defendants' counsel questions about a media article. Such a request is inappropriate and an attempt at a grand waste of the parties' and the Court's resources. If Plaintiffs' counsel have questions, they could call Defendants' counsel and ask questions – or write. The Court does not need to be involved. There is no dispute, no motion pending, and, most importantly, the Stipulation does not in any way require Defendants to ask permission of or consult with Plaintiffs' counsel in management of its prison populations – which sometimes involves relocating populations to different complexes. Lastly, media does not dictate the course

of this case. This agenda item is an example of Plaintiffs' counsels' attempt to use the media to impermissibly expand the scope of the Stipulation.

**Plaintiffs' Proposed Agenda Item 5:**

Update regarding the outbreaks of scabies at ASPC-Douglas and ASPC-Tucson.

**Defendants' Response:**

This is another non-Stipulation "issue" item that does not warrant a status hearing. Plaintiffs' counsel had a concern, requested an update, and this same date Defendants' counsel sent Plaintiffs a letter regarding their demand for an update (objecting to Plaintiffs' demand for Defendants to create lists and "final reports" where no such documents exist and where Fed.R.Civ.P. 34 expressly protects Defendants from having to do the same). Plaintiffs' counsel have mail, telephone, visitation, and electronic access to the class members' medical records such that they can determine which of their clients allegedly contracted scabies. Defendants are not obligated to perform investigations for Plaintiffs' counsel on an issue not governed by the Stipulation. Most importantly, there is no provision of the Stipulation that requires Defendants to provide Plaintiffs' counsel with updates such as this. Nor is there any motion pending in this regard and, as such, there is nothing for the Court do in this regard. A request for a status hearing to demand answers from Defendants' counsel in front of the Court is not appropriate. There is no Court intervention needed on this agenda item.

## II. CONCLUSION

Based upon the foregoing, Defendants respectfully request this Court deny Plaintiffs' supplemental request. Plaintiffs ask the Court to set monthly or periodic status hearings. However, both Plaintiffs' original request and the supplemental request demonstrate that there is no need for monthly status hearings. The agenda items they list require no Court intervention and often exceed the scope of the Stipulation.

DATED this 8th day of November, 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Rachel Love
   Daniel P. Struck
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   3100 West Ray Road, Suite 300
   Chandler, Arizona 85226

   Office of the Arizona Attorney General
   Michael E. Gottfried
   Assistant Attorneys General
   2005 N. Central Avenue
   Phoenix, Arizona 85004-1592

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Caroline N. Mitchell: | cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Jessica Pari Jansepar Ross: | jross@azdisabilitylaw.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| John Laurens Wilkes: | jlwilkes@jonesday.com, dkkerr@jonesday.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Kirstin T. Eidenbach: | kirstin@eidenbachlaw.com |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Victoria Lopez: | vlopez@aclu.org |

/ / /

/ / /

/ / /

1. I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

   N/A

   /s/Rachel Love