THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE  LRCiv 5.4
(Rule Number/Section)

☑ FILED   ☐ LODGED
☐ RECEIVED ☐ COPY

NOV 19 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Michael J. Cohn #288721
ASPC Tucson/Manzanita 3A32
P.O. Box 24401
Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

| Parsons, et al. | 2:12CV601-ROS |
|---|---|
| V. | Motion to compel counsel to file per 5 USC§706 |
| Ryan, et al. | Hon. Roslyn O. Silver |

I, Michael J. Cohn, Class Plaintiff/Prisoner Rights Advocate in the above captioned case respectfully request this honorable court order counsel for plaintiffs as follows:

- Counsel for plaintiffs is ordered to file a motion per 5 USC§706, the "Administrative Procedures Act," on behalf of its past, current and future clients in the instant case. The arguments and details should include those described in the attached letter and those added by counsel. A quality product must be the result.

For the reasons described in my prior motions, etc, interalia and in the attached letter to Corene Kendrick, the court should approve this motion in all its respects.

Respectfully submitted,                                Date: 11/11/18

Michael J. Cohn, Ed.D, Pro Se
Dr. Michael J. Cohn                                    Copies to:   on: 11/16/18

Original mailed to:  on: 11/16/18
Clerk of the US Dist. Ct.
401 W. Washington
Phoenix, AZ 85003

- Atty General
  1275 W. Washington
  Phoenix, AZ 85007
- Prison Law Off
  General Delivery
  San Quentin, CA 94964

1

Michael J. Cohn #288721
ASPC Tucson/Manzanita 3A3L
P.O. Box 24400
Tucson, AZ 85734-4401

11/11/18

Corene Kendrick, Esq.
Prison Law Ofc.
General Delivery
San Quentin, CA 94964

 Re: Administrative Procedures Act 5 USC §706, E.O. 1.3
   Parsons v. Ryan.

Ms. Kendrick:

In light of the fact that there has been little to no improvement/compliance by ADC in 6 years of litigation, I respectfully request that your office file an additional complaint, (Parsons v. Ryan). Per the "Administrative Procedures Act," all past, current and future inmates are adversely affected by the status quo and I, if not others, am aggrieved. We are entitled to judicial review thereof.

Specifically, I request a detailed examination of the inmates who have died in ADC since privatization began. I request exhumation of all pertinent remains, forensic analysis of the remains, forensic analysis of the ashes of those cremated, forensic investigation

1

of the circumstances of their deaths, including interviews of inmates and staff who knew them. This should be at the State's expense as it appears the State has the most to gain by concealing evidence (ARS §13-2809).

I assert the above is necessary per model code E.R.1.3 (diligence). There is nothing I know of in the Stipulation that precludes your office from such a motion.

Please see the attached internal grievances. I allege the homicide of Mr. Cromwell and the fraudulent scheme of failing to procure a local business license. Please encourage the A.G. to pursue criminal investigation of these matters.

- I am continuing my investigation of medical care on this unit. A maintenance crew member has alerted me that there are no emergency buzzers in building HU6 (Hospice, etc.). Nursing staff may not know that a patient emergency exists until their hourly rounds. Diapers (soiled) are routinely left around the unit and not put in trash bags. The fire alarms in all buildings are disconnected intentionally by ADC. The rumor is that ADC would prefer to pay fire code violation fines than install/update the alarm system. Firewalls in the building structure may holes or may be deteriorated significantly. ADA TITLE II is implicated in these matters as are nursing home standards of care.

- One additional request. I request that your office provide me with a Corizon Health policy & procedure manual so I can monitor staff compliance with policy. According to an LPN, she has a manual that she received at the time of employment,

2

but Corizon has not updated it to her knowledge. She stated that she thought it might be online. Apparently nursing staff are not directed to sign and verify their reading and understanding of current policies/procedures. I believe the court should know this. I believe this should be done at least annually as policies change. To my knowledge ADC has not incorporated the stipulation into policy.

It is these and similar insights I can provide with greater authority as an expert witness. I have not forgotten my professions even after 5.5 years of confinement. I forgot to include that I was a part-time faculty member at Arizona State, the Southwest College of Naturopathic medicine, University of Phoenix and Western International University. I have taught undergraduates, graduates and naturopathic medical students. I also taught part-time at Northern Arizona University's Phoenix Campus.

- I am assisting an inmate with a dental grievance. Corizon is refusing to extract his painfully impacted wisdom tooth. The D.O.N. responded to his grievance stating he should brush his teeth more. She also included another inmate's grievance response in the same envelope, violating that inmate's privacy rights. Such behavior on the part of so-called professionals inspires me to be more vigorous in my advocacy efforts. I am incapable of ignoring such matters. My motives are pure in this matter. I intend to be right and do right.

Yours in prisoners rights,

Michael J. Cohn Ed.D.

Dr. Michael J. Cohn

3



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

Complaints are limited to one page and one issue.  Please print all information.

INMATE NAME (Last, First M.I.) (Please print): Cohn, Michael J.
ADC NUMBER: 258771
INSTITUTION/UNIT: 3A3L Tucson/Manzanita
DATE (mm/dd/yyyy): 11/7/18

TO: COII Saenz - Please note: This document may be evidence in court.
LOCATION: HU3

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Issue: alleged homicide of inmate Sean Cromwell, a Jewish inmate. Per the Administrative Procedures Act 5 USC §706, Inmates suffering legal wrong because of agency action or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof (5th, 8th and 14th amendts, US Const., comparable state C. Basis, article ARS §13-1101-1105. I allege the following persons are parties to homicide: C.O.II Botello, Nurse Broadwater, COIII Colston, ADON Kidd.

                    Facts as reported to me
Per COIV Evans who was present on the day in question, COIII Colston told her that a Nurse (Broadwater reportedly) was present on the unit when Cromwell was impaired. Inmates reportedly told Broadwater that Cromwell was impaired, but she refused to check on him (criminal negligence), wantonly disregarding risk. COII Botello went to check on Cromwell, started chest compressions, but no mouth to mouth or defibrillator per policy/training as he should (Sgt. Nitro 11/5/18). It was obvious to lay persons Cromwell had stopped breathing. COIII Colston arrived some minutes later & began mouth-mouth. She did not defibrillate as she should per policy/training (Id). Per Nitro - annual CPR/Defibrillator training. (Criminal implications, alleged law enforcement notified)

1) 1st Degree murder (hate crime with intent to neglect a Jewish inmate.
2) Negligent homicide/manslaughter - wanton disregard for risk. Failure to implement resuscitation efforts properly per training 3) Criminal
4) negligence - Felony murder does not require intent to kill. Negligence by supervisor ADON Kidd to adequately supervise/train Broadwater.
                    Requested Remedies
1) Suspension of the above parties pending criminal investigation.
2) Criminal investigation by outside/independent law enforcement agency

INMATE SIGNATURE: M. J. Cohn
DATE (mm/dd/yyyy): 11/7/18

Any evidence of retaliation against me will be reported to authorities.

Have you discussed this with institution staff? ☒ Yes   ☐ No
If yes, give the staff member name: CO IV Evans

Received
[illegible stamp]



# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance

**RECEIVED BY:** Sachz, S
**TITLE:** CO II
**BADGE NUMBER:** 5637
**DATE:** 11/?/18

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

**INMATE NAME** (Last, First M.I.): Cohn, Michael J.
**ADC NUMBER:** 288721
**DATE:** 11/9/18
**INSTITUTION/FACILITY:** Tucson/Manzanita 3A3L
**CASE NUMBER:** Response to Informal not received, prior to expiration of time frames.
**TO: GRIEVANCE COORDINATOR**

### Description of Grievance (To be completed by the Inmate)

Per ARS §13-3206 - alleged Failure of Corizon Health to procure/Exhibit a City of Tucson Business License. Contempt for law by FHA Schmid/ADON Kidd. This is a class 2 misdemeanor potentially punishable by time in jail. I allege a fraudulent scheme to provide nursing home business (HU5&6) and medical care business without proper licensure (medical clinic). Per ARS §111-1490 et seq. (Disability) all inmates, but especially the disabled have a right to the equivalent standard of care in the community. This includes licensure and inspection oversight by governmental agencies. Estell v. Gamble, 429 US 97, 104, 114 Set. 970 (1976). City licenses are not exempted to my knowledge.

### Proposed Resolution

Refer to FBI for criminal investigation. FBI has jurisdiction as ADC receives federal funds, especially funds for the disabled per ARS §41-1490, et seq. (Disability). Suspend Schmid & Kidd pending investigation.

**INMATE'S SIGNATURE:** [signature]
**DATE:** 11/9/18
**GRIEVANCE COORDINATOR'S DATE:**

Action taken by _____  Documentation of Resolution or Attempts at Resolution.

**STAFF MEMBER'S SIGNATURE** | **BADGE NUMBER** | **DATE**

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13



# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Response

For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.

| Inmate Name (Last, First M.I.) | ADC Number |
|---|---|
| COHN, MICHAEL J. | 288721 |

| Institution/Unit |
|---|
| ASPC/T/Manzanita |

| From | Location |
|---|---|
| COIII SAENZ | HU03 A03L |

I received your Inmate Informal Complaint Resolution dated 10/15/18 regarding a medical issue.

This informal C14-282 was forwarded to medical & they have failed to provide a response within the authorized policy time frames.

If you are not satisfied with this response you may submit a Formal Grievance (802-1) within policy time frames.

Staff Signature: [signature]

Date: 11-9-18

Distribution: Original - Inmate
Copy – Grievance Coordinator File

802-12(e)
12/19/12

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue. Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson/Manzanita 3A3 | 10/22/18 |

**TO:** COIII Saenz

**LOCATION:** Manzanita HU3

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Issue: Fraudulent Scheme to provide unlicensed medical care and Felony murder of inmates by ADC/Corizon LLC, AKA Corizon Health. I allege ADC/Corizon LLC AKA Corizon Health individually or jointly decided to pursue an unlicensed medical care for profit business per ARS §13-2310. All inmate deaths (app. 300) since privatization occurring from medical neglect are felony murders. 2:12CV601-ROS. A death occurring during the commission of a serious crime constitutes Felony murder. Felony murder does not require intent to kill, ARS§13-1101-1105. Per the Administrative Procedures Act 5 USC §706 I assert that inmates suffering legal wrong because of agency action or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. Parsons, et al. v. Ryan, et al. 2:12CV601-ROS. The 5th, 6th, 8th and 14th Amendments of the U.S. Const. and comparable State Constitutional Articles are implicated. Per ARS§13-702 annotated note 35, no sentence can be cruel and unusual. "Deliberate Indifference" is implicated in this matter as all inmates are plaintiffs in Parsons v. Ryan, all are affected adversely and all are aggrieved. Farmer v. Brennan 511 US. 825, 837 (1994); Helling v. McKinney, 509 U.S. 25, 31-32 (1993).

Requested Remedy
- Refer this matter to the U.S. Dept of Justice for criminal investigation.

Note: Any attempt to transfer me, search my person/property (unprovoked), change my bunk location, interalia, etc. will be viewed as retaliation.

**INMATE SIGNATURE:** M.J.Cohn, Ed.D.
Prisoner Rights Advocate

**DATE (mm/dd/yyyy):** 10/22/18

Have you discussed this with institution staff? ☑ Yes ☐ No

If yes, give the staff member name: COIII Saenz

802-11
6/25/14

Distribution: INITIAL: White and Canary - Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

**Inmate Name (Last, First M.I.):** Cohn, Michael J.
**ADC Number:** 288721
**Institution/Unit:** Tucson / Manzanita
**Date:** 11/12/18

**To:** CO III Saenz
**Location:** HU3

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

Issue: Disconnection of fire alarm system.

It has been reported to me by a member of the maintenance crew that ADC has disconnected the fire alarm system. Reportedly, the system is out of date and does not meet code. Reportedly, ADC chooses to pay fines rather than update the system due to cost.

Deliberate indifference - This decision puts inmates and staff at risk. I doubt ADC told Corizon or Trinity or Keefe about this so they could update evacuation protocols, provide gas masks to staff or other reasonable accommodations. Building HU6 is particularly at risk as they don't use an automatic door opening system. Evacuating the patients with little warning will be almost impossible. Staff would need time to open doors, move beds, etc.

Remedy

1) Please verify the above reports. If true...
2) Please contact the Correctional Officers Association and request the system be upgraded to meet code by their office.
3) I will submit grievance per the Administrative Procedures Act 5 USC 7706 on behalf of inmates.
4) Evacuation plans should be updated.
5) Fire drills should be conducted.

**Inmate Signature:** M. J. C.
**Date:** 11/12/18

Received by COIII 11-13-18 Sam

**Have You Discussed This With Institution Staff?** ☑ Yes ☐ No
**If yes, give the staff member's name:** LPN Espinosa, C.O. Marquez 6:30 pm 11/12/18 apx.

Distribution: White - Master Record File   Canary - Inmate

916-1
5/13/10