THIS DOCUMENT IS **NOT** IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE **CIVR 5.4**
(Rule Number/Section)

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 26 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ✓ DEPUTY

Michael J. Cohn #288721
ASPC Tucson/Manzanita 3 M 3C
P.O. Box 24401
Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

| Parsons, et al., | 2:12 cv 601-ROS |
|---|---|
| v. | Motion to Compel that Stipulation be included in policy |
| Ryan, et al., | Hon. Roslyn O. Silver |

I, Michael J. Cohn, class plaintiff/Advocate, respectfully request this court order Mr. Ryan to incorporate the Stipulation into policy 1100, "Inmate Healthcare Services." To date, this has not occurred. If the Stipulation is not in policy, it is clear that ADC intends to avoid/sabotage the case.

Please see the attached inmate letter to Assistant Director of Nursing J. Kidd. If nursing administrators can't even follow procedures as simple as meeting time frames, why should we expect them to meet objectives that aren't even formally in policy.

For the reasons stated herein, the court should grant this motion in all its respects.

Respectfully submitted,
Michael J. Cohn, Ed.D.
Dr. Michael J. Cohn, Pro Se
Advocate

Date: 11/18/18

Copies to: ow: 11/28/18
- Attorney General
  1275 W. Washington
  Phoenix, AZ 85007
- Prison Law Off.
  General Delivery
  San Quentin, CA 94964

Original to: ow: 11/26/18
Clerk of the U.S. Dist. Ct.
401 W. Washington
Phoenix, AZ 85003

1

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

**Inmate Name (Last, First M.I.):** Cohn, Michael J.
**ADC Number:** 288721
**Institution/Unit:** Tucson / Manzanita 3M32
**Date:** 11/18/18

**To:** ADOW Kidd
**Location:** Manzanita Medical

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Ms. Kidd: My two grievances of 10/15/18 & 10/22/18, responded to by D.O.N. K. Switzer were both out of time frame. I understand you are exceedingly busy, as Corizon intentionally understaffs its units for purposes of cost containment, (Parsons v. Ryan, Judgment of Spring 2018). However, this does not excuse failure to follow procedure. I know you don't want inmates asking you about the status of their grievances. It appears my asking was justified. I also wanted to engage you in discussing other matters, but I found you completely unapproachable. Therefore, I will resort to written communications, grievances and the like.

Please proceed with due diligence upon receipt of my grievances in the future.

Yours in Prisoner Rights,

P.S. Although I am very busy serving my sentence, I am always willing to meet with you to discuss provision of adequate medical care etc., 24 hours per day. MJC

cc: Judge Roslyn Silver (Parsons v. Ryan)
cc: ACLU-OHQ, D. Fathi
    Prison Law Ofc. C. Kendrick
    S. Scheff, Civil Rights Attny.

**Inmate Signature:** Michael J. Cohn, Ed.D. Advocate
**Date:** 11/18/18

**Have You Discussed This With Institution Staff?** ☒ Yes ☐ No
If yes, give the staff member's name: COIII Saenz

Distribution: White - Master Record File    Canary - Inmate

916-1
5/13/10

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Resolution

*Complaints are limited to one page and one issue.*

Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson / Manzanita | 11/19/18 mc |

| TO | LOCATION |
|---|---|
| CO III Saenz | HU3 |

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

Issue: Intent of Corizon Health to neglect inmate well being. ✱

I spoke with Facility Health Administrator Schmid who was on the unit today. I introduced myself as Dr. Cohn, an advocate for inmates on the Parsons v. Ryan case. He said it's not allowed to advocate. I said, "I can write the court." He acquiesced. He asked if I had a question. I said that it has been reported to me that there are no emergency buzzers for the patients in dorm 6. He said again, "You can't advocate for them. Tell whoever it is to write DOC. Buzzers are their issue."

All he needed to say is that I had a point and he would send an email to Mr. Pratt. Instead he would rather risk a patient's harm due to insufficient emergency measures and his staff's liability due to inadequate response time, etc. I find this shocking, outrageous + unconscionable. I am aggrieved ✱

Remedies Requested
1) Disciplinary action against Mr. Schmid.
2) Notify ADC HQ that Corizon doesn't care about inmate well-being
3) Notify ADC HQ to install buzzers in Building 6.
4) Note: Intent to neglect implicates a criminal act potentially.

Witness: Inmate W.M., M.D. Name Unknown
✱ 5 USC §706 administrative procedures act. If one is aggrieved by agency action, one is entitled to judicial review thereof.
CC: Prison Law Off.
    Judge Silver
    Attorney General

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| M.J.C. | 11/19/18 mc |

Received CO III Saenz 11-19-18

Have you discussed this with institution staff?  ☑ Yes  ☐ No
If yes, give the staff member name: Mr. Schmid

Distribution:   INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
                FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14