Michael J. Cohn #288721

ASPC Tucson/Manzanita 3A3C

P.O. Box 24401

Tucson, AZ 85734-4401

☑ FILED          ___ LODGED
___ RECEIVED     ___ COPY

NOV 29 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Ninth Circuit Court of Appeals

| Parsons, et al. | U.S. Dist. Ct. Arizona File: 2112 CV601-ROS |
| v. | Notice of Appeal/~~motion for continuance~~ |
| Ryan, et al. | Hon. members of the court |

I, Michael J. Cohn, class plaintiff, pro se in the above captioned case, respectfully notify this honorable court of my intent to appeal the denial of the "motion for investigation of fraudulent schemes," without comment (Doc. 3057-1; page 10; doc. 3044).

~~I further request a continuance of 30 days for purposes of preparation (FRCvP, Rule 4(5). MJC 11/25/18~~

For the reasons stated herein, the court should grant this request in all its respects.

Respectfully Submitted,                    Date: 11/25/18

Michael J. W

Michael J. Cohn, Pro Se

Declaration of Service/mailing/compliance

I declare under penalty of perjury that the original and 3 copies are mailed to the Ninth Circuit Court of appeals via the mail and property Dept. of this unit per legal mail on Nov. 28, 2018, clerk of the Ninth Circuit Court of appeals, U.S. Courthouse, 95 Seventh St., San Francisco, CA 94103-1518. Copies are mailed on Nov. 28, 2018 via the mail/property Dept. of this unit via legal mail to Lucy Rand, A.A.G, Attny. Genl, 1275 W. Washington, Phoenix, AZ 85007 and Sara Norman, Attny. Mgr. Prison Law Office, General Delivery, San Quentin, CA 94964. This document is less than 20 pages or 20 pages.

IN THE NINTH CIRCUIT
COURT OF APPEALS

| Parsons, et al, | UNITED STATES DISTRICT COURT, ARIZONA |
| Plaintiff | File No. 2:12 CV 601-ROS |
| v. | Memorandum of Points and Authorities (DOC, 3044) |
| Ryan, et al. | |
| Respondents/Defendants | |

Michael J. Cohn, Ed.D.

Appellant, PRO SE

(Class Plaintiff) Prisoner Rights

ADVOCATE

Appeal of denial of Petition for Investigation of Fraudulent Schemes

Former Psychologist, Licensed, Surrendered, 2014, Voluntarily

# TABLE OF CONTENTS

Page

TABLE OF CASES and Authorities          ii

Background of the case          1

ARGUMENTS          4

CONCLUSION          7

APPENDIX          APPENDIX

Table of Cases and Authorities

CASES                                                        Page

Helling v. McKinney, 509 US, at 33 (1993)                3

Parsons v. Ryan, 2:12 CV601-ROS                          1,2,4,6

State v. Smith, 121 ARIZ, 106, 588 P,2d 848 (APP.1978)   4

State v. Suarez, 137 ARIZ, 368 (APP.1983)                4

ARIZONA REVISED STATUTES

ARS § 13-2310                                            2,4
ARS § 13-2706                                            2,3
ARS § 38-402                                            5

UNITED STATES CONSTITUTION

Eighth Amendment                                         3

Other AUTHORITIES

5 USC §§ 551-583, 701-706, 801-808, 3105                 3
         3344, 6362, 7562

BACKGROUND (See Docs. 2898 & 3057-1)

A. Appellant began serving his 15 year sentence on February 28, 2014 in the Arizona Department of Corrections. The trial court knew of appellant's serious medical condition app. 3 months prior to sentencing. The court should have known or knew of Parsons v. Ryan as it was upheld as a class action by the U.S. District Court of Arizona in March of 2013. Appellant discovered Parsons v. Ryan during the summer of 2014, sometime after this court affirmed the class action.

B. Appellant has had many encounters with medical units at ASPC-Yuma, ASPC-Lewis, ASPC-Phoenix and ASPC-Tucson. Appellant has been a vigorous self-advocate and advocate for others in accord with the ethical code of the American Psychological Association. Appellant's Correction Plan includes a career change to "Paralegal". Appellant completed the Blackstone Career Institute's "Paralegal Studies" program in 2015. He completed advanced classes in Civil Litigations, Torts/Personal Injury, Criminal Law, Family Law, Wills/Trusts/Estates. Subsequently, Appellant has assisted many inmates as a "Jailhouse Lawyer", ranging from quashing detainers, waiving/deferring child support, paternity, divorce, post-conviction, direct appeals, etc, medical advocacy.

As appellant has a background in hospital/healthcare administration he has thoroughly studied Parsons v. Ryan and advocated for improved healthcare during his incarceration. He communicates with counsel for plaintiffs and has written letters for inmates needing assistance with their medical care. He has taken a patient and the patient's toe that fell off from gangrene to the administration in order to get care for that patient. The patient subsequently

had toe and foot surgery. The patient was subsequently interviewed by a Phoenix radio station about his struggles with prison healthcare.

C. Reports of Inmate Deaths — Upon appellant's arrival at the MANZANITA UNIT about 8/28/08, inmates who appellant had known from other units immediately approached him about a suspicious pattern of inmate deaths. What is unique about this unit is that dorms HU5 and HU6 would be reasonably viewed as nursing home units or their equivalent. ADC reportedly categorizes these as special housing units or similar nomenclature. Appellant initiated his own investigation into these matters. Upon his investigation it occurred to appellant that he had never seen a business license during his confinement, particularly for HU5 + HU6. Upon further research it is apparent to appellant that Corizon/ADC have not procured/displayed business licenses for their locale of operation, in this case, City of Tucson. ARS§13-2706. This a class 2 misdemeanor.

D. Lack of Licensure and Felony Murder. — Appellant researched the questions of whether or not a fraudulent scheme on behalf of Corizon Health/ADC is, was and will be occurring. Providing medical care/nursing home level care without local business licenses throughout the ADC system. Appellant filed a ^petition motion for Investigation of Fraudulent schemes with the U.S. Dist. Court of Arizona on 10/23/18. It is this petition that the Dist. Ct. denied on 11/12/18, that is now being appealed. ARS§13-2310. (Doc. 3044), Parsons v. Ryan.

2

for Parsons V. Ryan

E. Administrative Procedures ACT - The legal foundation is based on violation of prisoner's 8th amendment right to be free from cruel and unusual punishment ~~due~~ due to inadequate medical care and the unreasonable risk of future harm resulting thereof Hellins V. McKinney 509 US at 33 (1993). The extraordinary circumstances and the length of this litigation necessitate additional legal authority. Appellant asserts the administrative Procedure ACT is implicated 5 USC § 702; 5 USC §§ 551-583, 701-706, 801-808, 3105, 3944, 6362 and 7562. A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute is entitled to judicial review thereof. 5 USC § 702. The courts may require agencies to act if they have acted arbitrarily, capriciously, have abused ~~direction~~ discretion, or are otherwise not in accordance with the law. Agency Action which may be reviewed by the courts includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act."

In the Instant Case ARS § 13-3706, Failure to procure or exhibit a business license if such.

A. A person commits failure to procure or exhibit a business license if such person knowingly commences or transacts any business, profession or calling, for which a license is required by any law of this state, without the license prescribed for such business, or who upon demand of a peace officer or magistrate, refuses to exhibit such license.

In his 4.5 app. years of confinement, appellant has never seen any kind of business license as described herein

13

For ADC or Corizon Health.

13. Failure to procure or exhibit a business license is a class 2 misdemeanor.

As this is a criminal matter it could be easily resolved if a peace officer asks Corizon to exhibit their business license. They (Corizon/ADC) will either have it or not. Appellant is not a peace officer and a court order is necessary to proceed.

ARGUMENT I

FRAUDULENT Schemes

If business licenses in every medical facility in the Arizona Dept. of Corrections are non-existent a Fraudulent Scheme and Artifice is implicated A R S §13-2310. In this case, the Scheme would be to provide unlicensed medical services to wards of the State. Motives could be to avoid cost, avoid accountability, to act in contempt of the law or other motives. The consequence is to defraud the taxpayers of the State of Arizona. Inmates have a right to medical care that is equivalent to that available in the community. As community medical care businesses must be licensed, the standard of care is clear. ADC/corizon medical facilities must be licensed and subject to inspection by the appropriate authority. It is the scheme that is the crime, not the multiplicity of acts resulting from the scheme. State v. Smith, 121 ARIZ. 106, 588 P.2d 848 (App. 1978); State v. Suarez, 137 Ariz. 368 (App. 1983). Contempt of law allows an entity to act in their own interest, not in the best interest of the consumer, et al. Parsons. v. Ryan, 2:12 CV 601-ROS Docs. 2698 & 3057-1. As Parsons V. Ryan has established

Systemically inadequate medical care, ARS § 36-402 is
Violated or rendered moot...

This chapter and the rules adopted by the director
pursuant to this chapter do not authorize the licensure,
supervision, regulation or control of... all medical and
health-related facilities and services that are provided
to inmates who are confined in a State prison. The State
Dept of Corrections shall annually evaluate the medical and
health-related facilities that are provided to inmates who
are confined in a State prison. The State Dept of
Corrections shall annually evaluate the medical and health-
related facilities and services that are provided to inmates
to determine that the facilities and services meet the
applicable standards that are adopted by the director of
the department of health Services. The State dept of
corrections shall report the results of its annual evaluation
and the actual findings including a plan of correction for
any deficiencies to the director of the Dept of Health Services.
The Dept of Health Services shall conduct validation
Surveys on a percentage of the medical and health-related
facilities, the Number of which shall be determined by the
Directors of the Dept of Corrections and the Director of the
Dept of Health Services. The Director of D.O.C, shall
remain maintain the annual evaluation reports...

Clearly, the intent of the legislature was to allow the
fox to guard the henhouse;

5

ARGUMENT II

Consequences of the Fraudulent Scheme

Clearly, Corizon Health/ADC if guilty of a Fraudulent Scheme, exploit, neglect and abuse inmates. Parsons v. Ryan (id). Further, the taxpayers are defrauded as they are paying over $100 million per year for adequate prison medical care. This is a crime against the State of massive proportions. Even if the services provided to date were adequate (they are not per id.), the risk of future harm to inmates and taxpayers continues.

Felony murder of inmates who have died from medical neglect is also implicated. A death occurring during the commission of a crime qualifies as "felony murder." Law Dictionary, Merriam-Webster, 2011 Conspiracy may also be involved. Examination of email/text message correspondence may be necessary to verify this. Returning to the question of felony murder, according to expert Dr. Robert Cohen, 1 inmate per week dies from medical neglect. This suggests some 300 felony murders since the initiation of Parsons v. Ryan in 2012.

ARGUMENT III

Necessity of Law Enforcement Investigation

Appellant is not a peace officer or detective. This case is too complex and layered for an inmate to investigate as the necessity for interviewing high ranking officers, directors, etc. will be necessary. A court order is required or should I say, a court referral of this matter to law enforcement is necessary as law enforcement agencies have discretion about what they will investigate.

## CONCLUSION

The stakes are high for the inmates and the State in this matter. For inmates, this is a life and death or quality of life matter. For the State, fiscal costs are implicated as well as the integrity of the State in terms of how its citizens are treated. For ADC/Corizon, the stakes are merely business as usual. The burden for correcting this matter clearly rests on the State/ADC Corizon.

Clearly, there is at least some evidence, if not a preponderance of evidence that Corizon/ADC have not procured/exhibited business licenses for the locale of their operation. This is a criminal act. Fraudulent schemes and artifices and felony murder may also be implicated. Thousands of inmates are adversely affected if not also aggrieved by 5 USC §702 inter alia.

Per the Canons of Judicial conduct, Integrity and diligence of the court connect to this matter. Inmates are a vulnerable population and rely on the court for protection as well as justice. As Justice Brandeis said:

When the Government becomes the lawbreaker, it breeds contempt for the law.

Contempt for the law is well-documented in Parsons v. Ryan. Why would we expect anything other than contempt for the law from ADC/Corizon regarding procurement of business licenses?

I beg the court to remand with appropriate instructions.

Respectfully submitted,                    Date: 11/26/18

Michael J. Cohn, Ph.D.

Dr. Michael J. Cohn, Pro se

7

APPENDIX

APPENDIX A — Petition for Investigation of Fraudulent
                        Schemes

APPENDIX B — Federal Sanctions ALONE WON'T Fix Prison
                        Healthcare

APPENDIX C — Judge THREATENS ARIZONA PRISON OFFICIALS ...

APPENDIX D — Pertinent internal grievance documents

APPENDIX A

Michael J. Cohn #288721

ASPC Tucson/MANZANITA 3A3L

P.O. Box 24401

Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

Parsons, et al,                    2:12 CV 601-ROS

v.                    Petition for INVESTIGATION of Fraudulent Schemes, etc.

Ryan, et al.                    Hon. Roslyn O. Silver

I, Michael J. Cohn, class plaintiff/prisoner Rights Advocate
respectfully request this honorable Court to Su Sponte refer the ADC
(Arizona Dept. of Corrections)(charles Ryan, Director) and CORIZA LLC,
(AKA corizon Health) to the US. Dept. of Justice for criminal
investigation of the following violations:

1) Fraudulent schemes and artifices. ARS § 13-2310. I allege
the above agencies conspired to pri illegally provide Medical
*individually or as accomplices, etc,*
care/nursing home care, etc. without appropriate licenses.

2) Felony murder, ARS§13-1101 et sq. I allege every inmate who has
died in the ADC since privatization of medical care was initiated
is a victim of felony murder, A death occurring during
commission of a crime qualifies as a "Felony murder."

3) Conspiracy. ARS §13-30, 303, 303, 304, 305, 306. Crutcher & Sanchez v. County of
Dakota, 687 F3d 979 (8th Cir. 2012).

Per the ADMINISTRATIVE Procedures ACT 5 USC § 706 I assert
that inmates suffering legal wrong because of agency action
or adversely affected or aggrieved by agency action within

7

the meaning of a relevant Statute, is entitled judicial
review thereof. As set forth herein, I personally and
all other past and current and future inmates have a
right to judicial review of the alleged felonies since
privatization of medical in ADC was initiated. Felony
murder does not require intent to kill. (Merriam-Webster's
Dictionary of Law, Springfield, Mass. 2011.

    I assert that expert Dr. Robert Cohen's testimony of (1) one
inmate death per week due to medical negligence accounts for
app. 300 felony murders since this case was filed in 2012. This
does not include those who may have died from medical neglect, but
not were identified as such. 2012cv601-DKD. See also E.J. Montini
column, Az. Republic 9/11/2014 ("Inmates should be treated like Dogs").
    In 2015 I wrote Judge Duncan prior to the Fairness Hearing
that none of us expect the Arizona Dept. of Corrections to act
in good faith to provide inmates adequate medical care. Not
only have they not acted in good faith, but my repeated
assertions that they are acting criminally to murder inmates
under the cover of medical error is verified over and over
during these past years. Nothing will improve, in my opinion,
until the court takes strong action to investigate, arrest
and prosecute those responsible and assign a Federal Receiver
to operate/direct ADC and any private medical vendor. I
will continue to repeat this mantra ad nauseum

2

Until the court recognizes the validity of my assertions and takes corrective action su sponte. I see no point in continuing the theater of Parsons v. Ryan when ADC has made clear its intent to do whatever it wants, contemptuously, in full view of the world.

For the reasons stated herein, the court should grant this motion in all its respects.

Respectfully submitted,                    Date: 10/22/18

Michael J. Cohn, Ed.D.

Dr. Michael J. Cohn

Prisoner Rights Advocate


Original mailed to:   on: 10/23/18

Clerk of the U.S. District Ct.

401 W. Washington

Phoenix, AZ. 85003


Copies to:    on: 10/23/18

— Attorney General

1275 W. Washington

Phoenix, AZ 85007

— Sara Norman, Atty. Mgr.

Prison Law Ofc.

General Delivery

San Quentin, CA 94964

APPENDIX B

APP 6/23/18

3 of 3

# Federal sanctions alone won't fix prison health care



**Your Turn**
Tiera Rainey
Guest columnist

In an unprecedented ruling on Friday, U.S. Magistrate Judge David Duncan handed down $1.4 million in federal sanctions against the Arizona Department of Corrections and its director, Chuck Ryan.

The agency and Ryan were found to be in contempt of court for failing to ensure that ADC's current for-profit contractor of health-care services, Corizon Health Inc., is providing adequate care to more than 34,000 state prisoners.

We applaud Judge Duncan for finally holding Ryan and Corizon accountable for the cruel and inhumane mistreatment of prisoners, which has led to needless suffering since prison health care was privatized in 2011. However, sanctions alone will not fix this broken system.

The sanctions imposed by Judge Duncan are the result of ADC's years-long legal battle with the American Civil Liberties Union and the class-action suit it

filed against Ryan and ADC in 2012. The Parsons vs. Ryan case spotlighted ADC's systemic neglect, high death tolls, and overuse of solitary confinement. ADC reached a settlement with the ACLU in 2015 in which it agreed to not only improve its health-care system, but also to meet 100 health-care performance measures.

When the ACLU brought Ryan and ADC back to court in October 2017, it provided overwhelming evidence of continued negligence by Corizon. The ACLU's witnesses, collected testimonies, and ADC's internal documents showed that health-care units remain understaffed, and prisoners are routinely denied access to essential services and medications, as well as to timely medical referrals. The sanctions are the first real consequences that ADC has faced after years of broken promises to change and improve its system.

Admittedly, ADC-managed health care has always been problematic. But its underlying shortcomings have only worsened with privatized care, which

That year, Wexford Health Sources took over ADC's health care, only to have its $349 million contract canceled after a wave of negative press, including a story about a Wexford nurse creating a Hepatitis-C scare after reusing needles on prisoners.

As we at American Friends Service Committee-Arizona documented, in our report *Death Yards: Continuing Problems with Arizona's Correctional Health*, ADC recorded a combined 37 prisoner deaths in 2011 and 2012. When Corizon took over for Wexford in 2013, ADC reported 50 prisoner deaths within Corizon's first eight months on the job.

While hefty sanctions are a symbolic — and welcome — punishment for ADC's negligence and callous disregard for the people it incarcerate, fines are likely to have an adverse effect on prisoners and their families through higher service fees for phone calls and commissary, and/or larger cuts to programming and re-entry assistance. More importantly, the sanctions imposed by Judge Duncan do not require ADC to take meaningful actions to address the drivers of its ongoing

health-care crises.

Despite the looming sanctions, ADC renewed Corizon's contract in May for another year and increased Corizon's per-diem rate by 20 percent, which was rubber-stamped by a joint legislative budget committee earlier this week. ADC has also released a new RFP for a three-year health-care contract to begin in 2019, further perpetuating this vicious cycle by taking bids from companies with equally bad track records who hope to profit off Ryan's malfeasance.

Rather than look for innovative, people-first solutions that could include working with local, public hospitals and universities, ADC chooses more of the same: providing inadequate care to some of our state's most vulnerable.

Judge Duncan's sanctions are themselves an urgent call for change, but apathy is proving to be ADC's only response.

*Tiera Rainey is a project coordinator for American Friends Service Committee-Arizona, which works to reduce the size and scope of the criminal punishment system. Reach her at trainey@afsc.org, on Twitter, @tbia30.*

## ARIZONA REPUBLIC
# REPUBLIC MEDIA

Published daily by Phoenix Newspapers Inc. 200 E. Van Buren St., Phoenix, AZ 85004 or P.O. Box 1950, Phoenix, AZ 85001. Phone 602-444-8000. Periodicals Postage Paid in Phoenix, AZ 85026.
**Member:** Alliance for Audited Media
**Postmaster:** Send address changes to The Arizona Republic, P.O. Box 1950, Phoenix, AZ 85001.

(ISSN 0892-8711) · (USPS 030-920) · Vol. 129, No. 38

Merchandise or service advertised in *The Republic* is expected to be accurately described and readily available at the advertised prices. Deceptive or misleading advertising is never knowingly accepted. Complaints regarding advertising should be directed to The Arizona Republic Advertising Department, or the Better Business Bureau, 4428 N. 12th St., Phoenix, AZ 85014.

Letters to the editor, opinion columns and articles submitted to The Arizona Republic may be published or distributed in print, electronic or other forms. For more information, call us at 602-444-8499.

Executive Editor, **Greg Burton**
602-444-8797, greg.burton@azcentral.com

Regional President, Advertising, **Anthony Bratti**
602-444-8701, anthony.bratti@gannett.com

Editorial Page Editor, **Phil Boas**
602-444-8292, phil.boas@arizonarepublic.com

Community Relations Director, **Stacy Sullivan**
602-444-8749, stacy.sullivan@arizonarepublic.com

Senior News Director, **Josh Susong**
602-444-8299, josh.susong@arizonarepublic.com

10/12/2017    Judge Threatens Arizona Prison Officials With Contempt For 'Pervasive and Intractable Failures' - Hit & Run : Reason.com

Case 2:12-cv-00601-ROS    Document 3067    Filed 11/29/18    Page 17 of 21

*APPENDIX C*

# Judge Threatens Arizona Prison Officials With Contempt For 'Pervasive and Intractable Failures'

reason.com/blog/2017/10/12/judge-threatens-arizona-prison-officials

C.J. Ciaramella

10/12/2017

WILL POWERS/UPI/NewscomA federal judge said Tuesday he is considering holding Arizona prison officials in contempt of court for their "pervasive and intractable failures" to abide by a 2014 agreement to improve care of inmates in the state prison system.



Three years ago, the Arizona Department of Corrections agreed to settle a federal class-action lawsuit filed by the American Civil Liberties Union (ACLU) and several other law firms by taking steps to improve medical care inside its prisons. The lawsuit, filed in 2012, followed media investigations and persistent allegations of fatally inadequate medical care by the department's medical provider, Corizon.

Prison officials have been accused of defying court orders and intimidating inmate witnesses as they resisted complying with the settlement. An increasingly exasperated U.S. Magistrate Judge David K. Duncan issued an order Tuesday calling on the department to show why it should not be held in civil contempt for failing to meet the guidelines and benchmarks in the agreement.

Duncan's order came after he hauled Arizona Department of Corrections Director Charles Ryan into his court in August to address allegations that guards were retaliating against inmates who testified about poor conditions inside the state's prisons. When Duncan ordered the department to stop any such retaliation, Ryan sent an email to his staff saying the ruling was "disappointing," and that they "deserved better."

In another court filing in September, an ACLU lawyer says she overheard an Arizona correctional officer say to several fellow officers, "Those fucking ACLU lawyers. Who the fuck do they think they are telling us what we can and cannot do to inmates? I can do whatever I want, whenever I want."

"All of this disrespect for the rule of law," Duncan fired back, "is something I have never experienced or seen in nearly 30 years of being a lawyer, or in 16 years as a judge."

If Ryan is held in civil contempt, he would join the company of former Maricopa County sheriff Joe Arpaio, a fellow Arizonan and one of America's most anachronistic and cruelest lawmen. President Trump pardoned Arpaio this summer after he was found guilty of both criminal and civil contempt of court.

Andrew Wilder, a spokesperson for the department, says in a statement to *Reason* that it is "firmly committed to holding its current contracted health care provider, Corizon, accountable for its contractual responsibility to provide inmates the constitutionally-mandated health care to which they are entitled."

"Moreover, ADC already has taken significant and concrete actions to encourage Corizon to meet the specific performance measures under the Parsons Stipulation," Wilder continues.

However, in 2016, when the ACLU and other lawyers for the plaintiffs filed complaints that the Arizona Department of Corrections had failed to comply with the settlement, local media outlet 12 News reported that it was still being "inundated with emails and phone calls from families of prisoners alleging their loved ones are not getting the treatment they need."

The news outlet 12 News published an investigation in 2014 revealing that, despite Corizon's $125 million annual contract with the state, Arizona inmates faced disastrous delays in physical and mental health treatment. Separate reports by doctors touring Arizona prisons also found stomach-churning conditions and neglect. *Courthouse News*, summarizing the reports, described it as "an understaffed system in which an inmate died with infected lesions swarmed by flies, a man who ate his own feces was never seen by a psychiatrist, and a woman swallowed razor blades while allegedly under constant watch."

One of the doctors described a 30-year-old inmate who was given less than a year to live after extreme delays in detection and treatment of testicular cancer led to the disease spreading to his internal organs.

Corene Kendrick of the Prison Law Office in Berkeley, California, told the *Phoenix New Times* this week that her office is still getting "dozens of letters each week" from prisoners suffering from serious medical conditions. "This spring, four people committed suicide in three weeks, and our mental health expert's report indicated the suicides were tied to inadequate or nonexistent mental health care," she wrote.

In a press statement, director of the ACLU National Prison Project David Fathi says the Arizona prison system remains out of control.

"It was three years ago this week that the Arizona Department of Corrections signed the settlement agreement in this case over prison health care so inadequate that it leads to needless suffering and even death," Fathi said. "The fact that the Department of Corrections is still grossly out of compliance with the settlement is proof that the department is profoundly broken, leaving the thousands of prisoners under its control with scant access to medical care."

5 at 20

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue. Please print all information.

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| COHN, Michael J. | 288721 | TUCSON/MANZANITA 3A3L | 10/22/18 |

| TO | LOCATION |
|---|---|
| COIII Saenz | MANZANITA HU3 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Issue! Fraudulent scheme to provide unlicensed medical care and Felony murder of inmates by ADC/CORIZA LLC, AKA corizon Health. I allege ADC/CORIZA LLC AKA Corizon Health individually or jointly decided to pursue an unlicensed medical care for profit business per ARS §13-2310, all inmate deaths (app. 300) since privatization occurring from medical neglect are felony murders. 2:12 CV 601-ROS. A death occurring during the commission of a serious crime constitutes Felony murder, Felony murder does not require intent to kill. ARS §13-1101-1105 Per the Administrative Procedures Act 5 USC §706 I assert that inmates suffering legal wrong because of agency action or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. Parsons, et.al. v. Ryan, et.al. 2:12 CV 601-ROS. The 5th, 6th, 8th and 14th amendments of the U.S. Const. and comparable State CONSTITUTIONAL ARTICLES are implicated. Per ARS §13-702 annotated note 35, no sentence can be cruel and unusual. "Deliberate Indifference" is implicated in this matter as all inmates are plaintiffs in Parsons v. Ryan, all are affected adversely and all are aggrieved. Farmer v. Brennan 511 US, 825, 837 (1994); Helling v. McKinney, 509 U.S. 25, 31-32 (1993).

Requested Remedy

- Refer this matter to the U.S. Dept of Justice for criminal investigation.

Note: any attempt to transfer me, search my person, property (unprovoked), change my bunk location, interalia, etc. will be viewed as retaliation.

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| M. J. Cohn, Ed.D. Prisoner Rights Advocate | 10/22/18 |

Have you discussed this with institution staff?   ☑ Yes   ☐ No

If yes, give the staff member name: COIII Saenz

Distribution:   INITIAL: White and Canary - Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File



**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Informal Complaint Resolution   C14-282

Complaints are limited to one page and one issue. Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson/ MANZANITA 3A3L | 10/15/18 |

TO D.W, Gleton, Warden Please note! This is a
COIII Saenz, Chris Ryan Court documents

LOCATION
MANZANITA HU3

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Issue: Operating a medical and Nursing home business (for profit) without
a license/Business License. This is a plaintiff/witness document.
Pursuant to ARS 341-1492 et seq, I allege disability discrimination.
Facts:; Inmates, particularly the disabled have a right to the
equivalent standard of care to that in the community at large. Estelle
v. Gamble, 97, 104 Sct, (1976). The standard of care for nursing
homes is to be licensed and audited by the Arizona State Board
of Health. Doing HU 5 and HU6, I assert, are nursing home
facilities of various levels. Operating a medical care business
requires a business license from the City of operation (Tucson).
I allege system-wide fraud by the Arizona Dept of Corrections
and Corizon Health due to: operating a medical care business and
nursing homes without a license. This situation is analogous
to a physician practicing medicine without a license. Even if the
service to date is competent, it is still illegal as the future patients
and current patients are exposed to an unreasonable risk of future
harm. Parsons, et al. v. Ryan, et al. 2:12CV601-ROS, class action aff'd,
(9th circuit 2014); Helling v. McKinney, 509 U.S. at 33 (1993).
Requested Remedies for Deliberate indifference, Insufficient evidence of license
1. ADC/Corizon Health must obtain proper licensures ASAP.
2. Release all disabled residents of all ADC complexes to appropriate
facilities so they can receive the proper standard of care
3. Post all pertinent license including those of nurses and
physicians. Corizon hires non-licensed staff - medical records
clerk at Manzanita is not certified. Inmates have a right
to know their caregivers are legitimate.

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| M.J.Cohn, Ed.D. *Former Psychologist, Former Health/Hospital Administrator, Prisoner Rights Advocate* | 10/15/18 |

Note: Transfer to another dorm, unit complex, unprovoked searches, etc, = Retaliation

Have you discussed this with institution staff?  ☒ Yes   ☐ No

If yes, give the staff member name: CWFOI LPN, name unknown, Ms. Padilla, Medical Records Clerk



**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Informal Complaint Response

| | *For Distribution:* Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response. |
|---|---|

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER |
|---|---|
| Cohn, Michael | 288721 |

| INSTITUTION/ UNIT |
|---|
| ASPC-Tucson / Manzanita MI C14- 282 |

| FROM | LOCATION |
|---|---|
| Kimberlee Switzer, RN, BSN Director of Nursing | Complex Health Unit |

**CORIZON**

**INMATE INFORMAL COMPLAINT RESPONSE**

Your inmate informal complaint dated 10/15/18 was received in the Tucson office of Corizon Inmate Health Services on 10/18/18.

Your primary area of concern is House 5 and 6 "licenses".

Your concern has been reviewed by medical and it was determined that AZDOC and Corizon both adhere to Federal, State and Local requirements for operation of medical facilities.
This informal complaint has been addressed. This has resolved your concern.

KS/ds(21459)

| STAFF SIGNATURE | K.Switzer DON | DATE *(mm/dd/yyyy)* |
|---|---|---|
| *[signature]* DON | | 11/7/2018 |

Distribution:   INITIAL: White and Canary or Copies - Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary - Grievance Coordinator File

802-12
10/16/16