THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE CJVLR 5.4
(Rule Number/Section)

Michael J. Cohn 288721
ASPC Tucson/Manzanita 3A3L
P.O. Box 24401
Tucson, AZ 85734-4401

United States District Court, Arizona

| Parsons, et al. | 2:12 CV 601-ROS |
|---|---|
| v. | Motion to compel meeting w/ Corizon staff member. |
| Ryan, et al. | Hon. Roslyn O. Silver |

I, Michael J. Cohn, class plaintiff/Advocate in the above named case respectfully request this court order Charles Ryan, Director of ADC to arrange a meeting with myself and Asst. Director of nursing Kidd. As set forth in the attached Informal Complaint Resolution, etc., Ms. Kidd refuses to meet with inmates. When issues arise, it is my customary practice to discuss the matters as they may be resolvable. If not, I pursue the internal administrative remedies. Yet Ms. Kidd's hostile and obstructive attitude forces me into pre-litigation measures and creates an adversarial process unnecessarily. Some of the issues I wish to discuss are:

1) Lack of emergency buzzers for patients in building 6. As I could end up in Buildings 5 or 6 this is pertinent to me.
2) Disconnection of fire alarms in all buildings by ADC. I wish to discuss fire drills and evacuation plans. This applies to me.
3) Advocacy for those unable by incapacitation to advocate for themselves.
4) Reporting adult abuse, neglect, exploitation to the authorities per ARS§ 46-451-457. This may apply to me.

1

5) Corizon's protocol for treatment of Hepatitis "C."

6) Corizon's position on prescribing opiate pain meds. applies to me.

It is apparent to me that Corizon fears inmates may be correct in their advocacy for fellow inmates. In that case, costs may escalate. Medical conditions obvious to lay persons that require treatment, if not treated adequately constitutes Deliberate Indifference (Estelle v. Gamble; Farmer v. Brennan). Lay persons advocacy is ~~not only~~ preferred, if it promotes being a positive community member. The whole point of rehabilitation is to be a positive community member. It is also necessary for lay persons to advocate as their may be no other mechanism to address the needful inmate's needs.

For the reasons stated herein, this honorable court should grant this motion in all its respects.

Respectfully submitted,                                    Date: 11/28/18

*[signature]* Ed.D., Pro Se

Dr. Michael J. Cohn

Original mailed to:   on: 11/29/18        Prison Law Ofc.
Clerk of the U.S. Dist. Ct.                General Delivery
401 W. Washington                          San Quentin, CA 94964
Phoenix, AZ 85007

Copies to:   on: 11/29/18
Attorney General
1275 W. Washington
Phoenix, AZ 85007

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Resolution

*Complaints are limited to one page and one issue.*

*Please print all information.*

**INMATE NAME** (Last, First M.I.) (Please print): Cohn, Michael J.
**ADC NUMBER**: 288724
**INSTITUTION/UNIT**: Tucson / Manzanita 3A3L
**DATE** (mm/dd/yyyy): 11/28/18

**TO**: COIII Saenz
**LOCATION**: HU3

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

Per 5 USC §702 inter alia, I am aggrieved by J. Kidd, ADON's Inmate Letter response, I am entitled to judicial review thereof. (see attached).

Ms. Kidd states that she does not have meetings with inmates at any point in time. She further states that I am not to advocate for the care of other inmates. I allege that this type of hostile attitude is typical of the "Corizon Way."

The penological interest of incarceration is rehabilitation / being a good community member. Yet Corizon would obstruct us, via Ms. Kidd, from being able to assist fellow inmates who believe they are not receiving adequate healthcare. Why would Corizon take this position? Per Estelle v. Gamble (1976) conditions obvious to a lay person that are not being adequately treated will be viewed as "deliberate indifference." Clearly, through established law, we not only have the right to advocate for fellow inmates, for those who adhere to the ethical principles of their former or current profession, it is an obligation. (Principle E, Ethics Code of the American Psychological Assoc.). Yet Ms. Kidd assumes I will advocate for others. When advocating for others I advocate for myself, as I may at some future point have the same medical needs as those I advocate for. The risk of future harm to me applies, 8th Amdt. Remedy: Helling v. McKinney 509 US at 33/1993.
Court order for Ms. Kidd to meet with me to discuss unit medical issues.
CC: Judge Silver
Attorney General
Prison Law Office

**INMATE SIGNATURE**: M.D. Cohn
**DATE** (mm/dd/yyyy): 11/28/18

Have you discussed this with institution staff? ☑ Yes ☐ No       COIII Saenz
If yes, give the staff member name: COIII Saenz

Distribution: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Letter Response

Received 11/27/18 MPC

*For distribution: Copy of corresponding Inmate Letter must be attached to this response.*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER |
|---|---|
| Cohn, M. | 288721 |

| INSTITUTION/UNIT |
|---|
| ASPC-T/Manzanita |

| FROM (Last, First M.I.) (Please print) | LOCATION |
|---|---|
| Kidd ADON | Medical |

Your IM letter was received and reviewed.

Please note I do not have meetings with Inmates at any point in time. Please also note that you are not an advocate for care of other inmates.

If you have a medical concern for yourself, please place an HNR.

Thank You

STAFF SIGNATURE: Kidd - ADON

DATE (mm/dd/yyyy): 11/27/18

Distribution: Original – Master File
Copy - Inmate

916-2(e)
5/14/12

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Letter

Requests are limited to **one page** and **one issue**. **NO ATTACHMENTS PERMITTED**. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson/Manzanita 3M32 | 11/18/18 |

**To:** ADOW Kidd
**Location:** Manzanita Medical

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Ms. Kidd: My two grievances of 10/15/18 & 10/22/18, responded to by D.O.N. K. Switzer were both out of time frame. I understand you are exceedingly busy as Corizon intentionally understaffs its units for purposes of cost containment, (Parsons v. Ryan, Judgment of Spring 2018). However, this does not excuse failure to follow procedure. I know you don't want inmates asking you about the status of their grievances, It appears my asking was justified. I also wanted to engage you in discussing other matters, but I found you completely unapproachable. Therefore, I will resort to written communications, grievances and the like.

Please proceed with due diligence upon receipt of my grievances in the future.

Yours in Prisoner Rights,

P.S. Although I am very busy serving my sentence, I am always willing to meet with you to discuss provision of adequate medical care etc, 24 hours per day. MJC

cc: Judge Roslyn Silver (Parsons v. Ryan)
cc: ACLU - Atty. D. Fathi
  Prison Law Off. C. Kendrick
  S. Scheff, civil Rights Atty.

**Inmate Signature:** Michael J. Cohn, Ed.D. Advocate
**Date:** 11/18/18

Have You Discussed This With Institution Staff? ☒ Yes ☐ No
If yes, give the staff member's name: COII Saenz