1    Kathleen E. Brody (Bar No. 026331)
     **ACLU FOUNDATION OF ARIZONA**
2    3707 North 7th Street, Suite 235
     Phoenix, Arizona 85013
3    Telephone: (602) 650-1854
     Email: kbrody@acluaz.org
4
     *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
5    *Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
     *Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
6    *Desiree Licci, Joseph Hefner, Joshua Polson, and*
     *Charlotte Wells, on behalf of themselves and all others*
7    *similarly situated*
     **[ADDITIONAL COUNSEL LISTED ON**
8    **SIGNATURE PAGE]**

9    Asim Dietrich (Bar No. 027927)
     **ARIZONA CENTER FOR DISABILITY LAW**
10   5025 East Washington Street, Suite 202
     Phoenix, Arizona 85034
11   Telephone: (602) 274-6287
     Email: adietrich@azdisabilitylaw.org
12
     *Attorneys for Plaintiff Arizona Center for Disability Law*
13   **[ADDITIONAL COUNSEL LISTED ON**
     **SIGNATURE PAGE]**
14

15                    UNITED STATES DISTRICT COURT

16                         DISTRICT OF ARIZONA

17   Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-ROS
     Dustin Brislan; Sonia Rodriguez; Christina
18   Verduzco; Jackie Thomas; Jeremy Smith; Robert
     Gamez; Maryanne Chisholm; Desiree Licci; Joseph    **PLAINTIFFS' PROPOSED**
19   Hefner; Joshua Polson; and Charlotte Wells, on     **AGENDA FOR THE**
     behalf of themselves and all others similarly      **DECEMBER 6, 2018 STATUS**
20   situated; and Arizona Center for Disability Law,   **HEARING**

21                    Plaintiffs,

22          v.

23   Charles Ryan, Director, Arizona Department of
     Corrections; and Richard Pratt, Division Director,
24   Division of Health Services, Arizona Department of
     Corrections, in their official capacities,
25
                      Defendants.
26

27

28

LEGAL142318100.1

Plaintiffs propose the following agenda items for the December 6, 2018 status hearing ordered by the Court:

1.      Defendants' ongoing failure to comply with the Court's order that "Defendants shall continue to file monthly reports reflecting every instance of noncompliance for PMs at facilities under the October 10, 2017 Order to Show Cause that are at less than 85% compliance." (Doc. 2898 at 24).  *See* Doc. 2993-1 at 3-12 (Exs. 1-4); Declaration of Corene Kendrick ("Kendrick Decl."), filed herewith, ¶ 2, Ex. 1. Defendants have provided no data on their noncompliance for any month after February 2018, although on July 7, 2018, and August 1, 2018, they assured Plaintiffs' counsel that such real-time information would be provided.[1]  Doc. 2993-1 at 5, 11.

2.      Defendants' continuing noncompliance with performance measures set forth in the October 10, 2017 Order to Show Cause (Doc. 2373), and/or performance measures previously found substantially noncompliant by the Court, (*see, e.g.*, Doc. 1583 at 2, Doc. 1709 at 1, Doc. 2030 at 2, Doc. 2430 at 2-3, Doc. 2764 at 2, Doc. 3020 at 1-2), and Defendants' November 21, 2018 remedial plans to address ongoing noncompliance.  [*See generally*, Doc. 3062-1]

In addition to showing current and ongoing noncompliance with many of the measures previously found noncompliant, Defendants' report of September 2018 CGAR scores shows that in that month, they were noncompliant with 15 of the measures specifically set forth in the October 2017 Order to Show Cause.  [Doc. 3062-1 at 77 (PM 35 at Lewis, 77%); *id*. at 97 (PM 39 at Lewis, 73%); *id*. at 124 (PM 44 at Eyman, 25%); *id*. at 140 (PM 46 at Eyman, 84%); *id*. at 143 (PM 46 at Florence, 81%); *id*. at 162 (PM 47 at Lewis, 36%); *id*. at 171 (PM 47 at Tucson, 61%); *id*. at 191 (PM 50 at Florence,

---

[1]  The Court has denied Defendants' motions for reconsideration and for a stay of the Court's orders issued on June 22, 2018.  [Doc. 3057]  Defendants must therefore promptly comply with these orders.  *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("[A]ll orders and judgments of courts must be complied with promptly.  If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.  Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.").

76%); *id.* at 200 (PM 51 at Eyman, 78%); *id.* at 204 (PM 51 at Florence, 73%); *id.* at 208 (PM 51 at Tucson, 80%); *id.* at 218 (PM 52 at Florence, 25%); *id.* at 225 (PM 52 at Tucson, 75%); *id.* at 243 (PM 66 at Florence, 10%); *id.* at 248 (PM 66 at Tucson, 80%); *see also* Doc. 2999 ¶ 1 (citing Doc. 2898-1) (June 2018 noncompliance); Doc. 3003 at 2-3 (detailing chronic noncompliance in July 2018); Doc. 3039 ¶ 1 (citing Doc. 3014) (documenting noncompliance in August 2018)][2]

3.     The parties' proposed use of the contempt fines.  [Doc. 2898 at 24 (Order); Doc. 2941 (Plaintiffs' Proposal); Doc. 2945 (Defendants' Proposal)]

4.     The Court's proposed appointment of Dr. Marc Stern, M.D., as Rule 706 expert.  [Doc. 3057 at 8]

5.     Update on Defendants' implementation of the Advisory Board's recommendations.  [Docs. 2904, 2948, 2948-1, 2961, 2969]  Plaintiffs' position is that Defendants' two page document does not comply with the Court's order to "file their plan to implement the recommendations contained in the final Advisory Group [sic] report." Doc. 2904 at 1; *see* Doc. 2961; *see also* Kendrick Decl., Exs. 2-7 (Corizon staffing reports for May-October 2018).

6.     Update on Defendants' plan to implement telemedicine to address noncompliance with specialty care performance measures, since Dr. Robertson's last report at the June 14, 2018 status hearing.  [*See* 6/14/18 Tr. at 60:20-72:25; *see also* Doc. 2816 at 3; 5/9/18 Tr. at 180:16-23]  Defendants have provided no update to the Court or Plaintiffs' counsel in the nearly six months since the June 14 hearing, other than the Corizon   Regional   Medical   Director   informing   Plaintiffs'   counsel   during   the

---

[2] Defendants' latest report again raises questions regarding the accuracy of information documented in class members' medical records.  *See* Doc. 3062-1 at 53 (finding 74% compliance with PM 20 ["Medical AIMs entries are accurately completed within 3 business days from the entry in the medical record." (Doc. 1185-1 at 9)] at Florence, because "Providers were postdating SNOs [Special Needs Orders] with a date after the actual encounter with the patient.").  *Compare* Doc. 2900 at 12 (Order Regarding Termination of Monitoring) ("Each of the examples above, when taken together, demonstrates that the Court cannot be confident that the CGARs demonstrate compliance with the Stipulation").

November 13-15, 2018 monitoring tour of ASPC-Lewis that there has been no change in the use of telemedicine and no additional specialties are being offered.  [*See* Kendrick Decl. ¶ 10]

7.    Plaintiffs' report to the Court regarding Plaintiffs' November 13-15, 2018 monitoring tour of ASPC-Lewis, including provision of false information by Defendants and their counsel that materially interfered with Plaintiffs' experts' fact-finding (Kendrick Decl. ¶¶ 4-9, 11-15, Exs. 8-13); systemic problems identified during the tour, (*id.* Ex. 15); and identification of individual class members in urgent need of health care (*id.* Ex. 16).

8.    Outstanding Motion to Enforce Maximum Custody Performance Measures. [Docs. 1944, 1983, 2006, 2362, 2430]  Previously, the parties had informed the Court that renewed settlement talks regarding the Motion to Enforce were in progress, and the Court held any decision or order in abeyance.   [Doc. 2680]   As of September 5, 2018, Defendants unilaterally withdrew from settlement talks, and thus the Motion is now ripe for decision.  In light of the complex procedural history of this motion, Plaintiffs wish to provide an oral update to the Court.

9.    Plaintiffs' Motion for Attorneys' Fees for enforcement of the Stipulation in FY 2018.  [Doc. 3026 (Motion); Doc. 3032 (Defs' Response); Doc. 3047 (Reply)]

10.    Defendants' continuing refusal to timely pay Plaintiffs' ongoing monitoring fees as required by ¶ 44 of the Stipulation (Doc. 1185).  [Doc. 3026 (Motion); Doc. 3037 (Defs' Response); Doc. 3042 (Reply)]

11.    Defendants' refusal to pay Plaintiffs' attorneys' fees for enforcement and litigation of the Stipulation through June 30, 2017, as ordered by the Court on June 22, 2018 (Docs. 2902, 2903).  [*See* Kendrick Decl., Ex. 1 at 2]

12.    Defendants' refusal to produce documents requested by Plaintiffs' counsel in advance of prison monitoring tours, in defiance of the Court's order that if Plaintiffs' counsel provides notification 30 days prior to a tour, all requested documents must be provided by Defendants in advance of the tour.  [Doc. 2526 at 3; *see also* Kendrick Decl., Exs. 17-18]

13.    Defendants' refusal to produce documents requested by Plaintiffs, some of which were requested more than a year ago.   The parties have met and conferred repeatedly regarding these requests and have been at an impasse for much of 2018; this issue has been on the agenda for past status hearings, but due to time limitations, Judge Duncan was unable to resolve the issues.   [*See* Doc. 3000-1, Exs. 1-6; Doc. 2793; Doc. 2794-1 at 79-87 (Exs. 11-12); Doc. 2741; Doc. 2742-3 at 10-35 (Exs. 10-12)] Specifically, Plaintiffs seek production of the following documents that are relevant to the monitoring of Defendants' compliance with the Stipulation:

a.  Request No. 75, Requested 11/15/17, "All documents reflecting plans to concentrate seriously mentally ill (SMI) prisoners at Tucson-Rincon Unit or in any other location."   Defendants objected to this request as "irrelevant, vague and ambiguous, overly broad, and exceeds the scope of the Stipulation," (Kendrick Decl., Ex. 19), and to date have provided one 5-page document.  [Doc. 3000-1 at 34]

b.  Request No. 76, Requested 11/16/17, "All documents, emails, communications, policies, post orders, training materials and curricula, and plans (draft or final) relating to the implementation of monitoring of the Max Custody Performance Measures at converted "close custody" units at Florence Central Unit."   Defendants objected to this request as "irrelevant, vague and ambiguous, overly broad, and exceeds the scope of the Stipulation," (Kendrick Decl., Ex. 19), and to date have provided no documents.  [Doc. 3000-1 at 34]

c.  Request No. 80, Requested 1/15/18, "All documents regarding the issuance of Inmate Disciplinary Reports against class members who fail to pick up watch swallow medications at their assigned time." Defendants objected to this request as "irrelevant and overly broad," (Doc. 2742-3 at 13), and to date have provided no documents. [Doc. 3000-1 at 34]

d. Request No. 81, Requested 1/15/18, "All documents regarding (1) the standards and criteria used to select patients for Hepatitis C treatment, and (2) the annual budget of ADC and/or Corizon for Hepatitis C treatment." Defendants objected to this request as "irrelevant" and "exceeds the scope of the Stipulation," (Doc. 2742-3 at 13-14), and to date have provided no documents. [Doc. 3000-1 at 34]

e. Standing Request No. 82, Requested 1/15/18, "For all ten Arizona State Prison Complexes for the previous 90 days, a list of (1) all pending requests for specialty referral pending Utilization Management review, and (2) all pending specialty appointments." Since April 2018, counsel for Defendants have stated they are "awaiting" Corizon's response to this request. [*See* Doc. 2742-3 at 14; Doc. 3000-1 at 34]

f. Request No. 84, Requested 2/15/18, "All minutes, notes, or other documents from all Hepatitis C committee meetings and/or any Utilization Management committee meeting at which decisions were made regarding whether to treat a patient for Hepatitis C with Direct Acting Agents (DAA), since January 1, 2017." Defendants objected to this request as "irrelevant" and "exceeds the scope of the Stipulation," (Doc. 2742-3 at 15), and to date have provided no documents. [Doc. 3000-1 at 34]

g. Request No. 85, Requested 2/15/18, "All documents regarding (1) the standards and criteria used to exclude patients with Hepatitis C from Direct Acting Agents (DAA) treatment since January 1, 2017, and (2) a list of all patients Corizon and/or ADC have excluded from receiving Hepatitis C treatment with DAAs." Defendants objected to this request as "irrelevant" and "exceeds the scope of the Stipulation," (Doc. 2742-3 at 16), and to date have provided no documents. [Doc. 3000-1 at 34]

h. Request No. 87, Requested 4/16/18, "Inventory lists of (i) free standing oxygen tanks and (ii) central supply levels of oxygen at any and all IPC units and step-down units in the prison complexes covered by the Stipulation, including but not limited to ASPC-Tucson, Manzanita Unit, Houses 5 and 6; ASPC-Tucson Rincon Unit, Houses 8 and 9; ASPC-Florence IPC; ASPC-Lewis L-11, from January 1, 2018 through the present."   Defendants objected to this request as "not relevant" and "overbroad," (Doc. 3000-1 at 25-26), and to date have provided no documents.  [*Id*. at 34]

i. Request No. 88, Requested 4/16/18, "Documents sufficient to show the calculations, assumptions, and source documents underlying the purported compliance figures set forth in Defendants' Exhibit 102." Defendants objected to this request as "not relevant," "overbroad and exceeds the scope of the Stipulation," and "vague[] with respect to the phrase 'Documents sufficient to show,'" (Doc. 3000-1 at 26), and to date have provided no documents.  [*Id*. at 34]

j. Request No. 89, Requested 4/16/18, "The full text of the statement issued by a Corizon spokesperson on or about March 27, 2018, that included the assertion that '[t]he parties had no expectation that there would be full compliance with the performance measures until a minimum of four years had passed.'"  This request referred to a written statement provided by a Corizon spokesman to the *Arizona Republic*. Defendants objected to the request on the grounds that it was "not relevant" and burdensome, and directed Plaintiffs' counsel to request their contractor's written statement from the reporter.  [Doc. 3000-1 at 27]

k. Request No. 90, Requested 4/16/18, "The full text of the statement issued by a Corizon spokesperson on or about April 13, 2018, that

included the assertion that '[t]oday we are in full compliance on 94 percent of the performance measures the state agreed to in its settlement agreement with the ACLU and others on the Parsons v. Ryan class action lawsuit that predates Corizon's service in Arizona.'"  This request referred to a written statement provided by a Corizon spokesman to the Phoenix NPR affiliate KJZZ.  Defendants objected to the request on the grounds that it was "not relevant" and burdensome, and directed Plaintiffs' counsel to request their contractor's written statement from the reporter.  [Doc. 3000-1 at 27]

l.   Request No. 91, Requested 5/15/18, "The monthly report or spreadsheet maintained by Jason Reese summarizing all class member mortalities, as described by Dr. David Robertson in Feb. 28, 2018 testimony.  (2/28/18 Tr. at 334:19-335:4)."   Defendants objected to this request as "irrelevant" and that it "exceeds the scope of the Stipulation" and have provided no responsive documents.  [Doc. 3000-1 at 35]

m.   Request No. 92, Requested 6/15/18, "Any and all logs tracking and/or documenting research and/or outcomes regarding medical requests, inquiries, and/or advocacy received from prisoners, attorneys, and/or family or friends of prisoners."  Defendants objected to the request on the grounds that it is "irrelevant," "overly broad and exceeds the scope of the Stipulation," and "vague and ambiguous," and have provided no responsive documents.  [Doc. 3000-1 at 35]

14.   For the reasons set forth in their original Request for a Status Hearing (Doc. 2999), Reply (Doc. 3003), and Supplemental Request for a Status Hearing (Doc. 3039), Plaintiffs respectfully request that the Court schedule monthly or other periodic status conferences starting as soon as practicable.

//

//

1    Respectfully submitted,

2    Dated:  December 4, 2018                **PRISON LAW OFFICE**

3
                                            By:   s/ Corene Kendrick
4                                                Donald Specter (Cal. 83925)*
                                                 Alison Hardy (Cal. 135966)*
5                                                Sara Norman (Cal. 189536)*
                                                 Corene Kendrick (Cal. 226642)*
6                                                Rita K. Lomio (Cal. 254501)*
                                                 1917 Fifth Street
7                                                Berkeley, California 94710
                                                 Telephone:  (510) 280-2621
8                                                Email:    dspecter@prisonlaw.com
                                                           ahardy@prisonlaw.com
9                                                          snorman@prisonlaw.com
                                                           ckendrick@prisonlaw.com
10                                                         rlomio@prisonlaw.com

11                                               *Admitted *pro hac vice*

12                                               David C. Fathi (Wash. 24893)*
                                                 Amy Fettig (D.C. 484883)**
13                                               Victoria Lopez (Ill. 6275388)*
                                                 **ACLU NATIONAL PRISON
14                                               PROJECT**
                                                 915 15th Street N.W., 7th Floor
15                                               Washington, D.C. 20005
                                                 Telephone:  (202) 548-6603
16                                               Email:    dfathi@aclu.org
                                                           afettig@aclu.org
17                                                         vlopez@aclu.org

18                                               *Admitted *pro hac vice*.  Not admitted
                                                  in DC; practice limited to federal
19                                                courts.
                                                 **Admitted *pro hac vice*
20
                                                 Kirstin T. Eidenbach (Bar No. 027341)
21                                               **EIDENBACH LAW, P.L.L.C.**
                                                 P. O. Box 91398
22                                               Tucson, Arizona 85752
                                                 Telephone:  (520) 477-1475
23                                               Email:    kirstin@eidenbachlaw.com

24                                               Kathleen E. Brody (Bar No. 026331)
                                                 **ACLU FOUNDATION OF
25                                               ARIZONA**
                                                 3707 North 7th Street, Suite 235
26                                               Phoenix, Arizona 85013
                                                 Telephone:  (602) 650-1854
27                                               Email:    kbrody@acluaz.org

28

LEGAL142318100.1                    -8-

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:      dbarr@perkinscoie.com
                agerlicher@perkinscoie.com
                jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:      cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:      jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

1

2

**ARIZONA CENTER FOR DISABILITY LAW**

3

By:   s/ Maya Abela

4

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
Jessica Jansepar Ross (Bar No. 030553)
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone:  (520) 327-9547
Email:
    rdalyrooney@azdisabilitylaw.org
        jrico@azdisabilitylaw.org
        mabela@azdisabilitylaw.org
        jross@azdisabilitylaw.org

5

6

7

8

9

10

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington St., Ste. 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:    adietrich@azdisabilitylaw.com

11

12

13

14

*Attorneys for Arizona Center for Disability Law*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on December 4, 2018, I electronically transmitted the above

3   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4   Notice of Electronic Filing to the following CM/ECF registrants:

5

Michael E. Gottfried
6                               Lucy M. Rand
Assistant Arizona Attorneys General
7                        Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov
8
Daniel P. Struck
9                               Rachel Love
Timothy J. Bojanowski
10                          Nicholas D. Acedo
Ashlee B. Hesman
11                            Jacob B. Lee
Timothy M. Ray
12                          Richard M. Valenti
Jamie D. Guzman
13          STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
14                        rlove@strucklove.com
tbojanowski@strucklove.com
15                       nacedo@strucklove.com
ahesman@strucklove.com
16                         jlee@strucklove.com
tray@strucklove.com
17                        rvalenti@strucklove.com
jguzman@strucklove.com
18
*Attorneys for Defendants*
19

20                                              s/ D. Freouf

21

22

23

24

25

26

27

28