Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED BELOW]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED BELOW]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **DECLARATION OF CORENE KENDRICK** |

LEGAL142318231.1

I, Corene Kendrick, declare:

1. I am an attorney licensed to practice before the courts of the State of California, and admitted to this Court *pro hac vice*. I am a staff attorney at the Prison Law Office, and an attorney of record to the plaintiff class in this litigation. If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2. Attached hereto as **Exhibit 1** is a true and correct copy of a letter that Plaintiffs' counsel David C. Fathi sent to Daniel Struck, attorney for Defendants, on November 7, 2018, regarding Defendants' failure to comply with the Court's June 22, 2018 orders, specifically Doc. 2898, 2902, and 2903. As of today, Plaintiffs' counsel has received no response to this letter; Defendants have not complied with the Court's order to file monthly reports showing all instances of noncompliance for performance measures under the October 10, 2017 Order to Show Cause; and Defendants have not paid the attorneys' fees the Court ordered them to pay.

3. Attached hereto as **Exhibits 2-7** are true and correct copies of Corizon's monthly health care staffing reports for the months of May-October 2018.

4. On November 13-15, 2018, I participated in Plaintiffs' counsel's tour of Arizona State Prison Complex ("ASPC") Lewis. During the tours, I took written notes during meetings, interviews, and interactions between plaintiffs' counsel and our experts with prisoners, counsel for Defendants, and ADC and Corizon staff.

5. On November 13-14, 2018, I accompanied plaintiffs' mental health expert Dr. Pablo Stewart as he visited the facility to evaluate the treatment provided to people with mental illness, especially those who are designated by ADC as seriously mentally ill, and referred to as "SMI" patients. Attached hereto as **Exhibit 8** is a true and correct copy of the October 17, 2018 letter from Plaintiffs' counsel Kirstin Eidenbach to Defendants' counsel Timothy Bojanowski, notifying them of the plans for the Lewis tour. In the letter, Ms. Eidenbach writes that "Dr. Stewart will need to visit [. . .] all housing units designated for prisoners with mental illness or a specified MH score. . ." *Id.* at 4.

LEGAL142318231.1

6.     On the morning of November 13, 2018, our group was accompanied by Defendants' counsel Rachel Love and Warden Berry Larson, among others. In addition to Dr. Stewart and me, we were joined by Prison Law Office litigation assistant Alexis Hoffman, and ACLU National Prison Project litigation fellow Ryan Kendall. We asked to go to the Rast Max Unit, which has three separate housing areas within it—numbered 3A, 3B, and 4C. Each housing area is subdivided into six "pods," which have two tiers of cells within the pod. We were met at Rast by Deputy Warden ("DW") Rode, who oversees the unit. Dr. Stewart told Ms. Love, Warden Larson, and DW Rode that he wanted to go to the areas of Rast unit that housed SMI prisoners. Warden Larson and Ms. Love both stated that there was no SMI unit within Rast. DW Rode stated that SMI prisoners are "sprinkled throughout Rast" and not in any one place.

7.     Therefore, we went first to Rast Max 3A, because the suicide watch unit is in one of the pods, and Dr. Stewart and Plaintiffs' counsel spoke with class members housed in 3A. One of the prisoners with whom I spoke told me that he had once been housed at Rast Max 4C when it was designated a SMI unit. After Dr. Stewart had finished interviewing everyone at 3A designated as SMI, I again asked Warden Larson, DW Rode, and Ms. Love if there was a unit or pod anywhere in Rast that was designated for SMI class members. They again said no.

8.     Although Rast Max 3B is across a hallway from 3A, we decided to instead go to Rast Max 4C on Tuesday afternoon, based upon the prisoner's suggestion that we would find people with mental illness housed there. Dr. Stewart spent Tuesday afternoon, and much of Wednesday November 14, at 4C interviewing SMI people.

9.     The morning of November 14, 2018, prior to visiting housing units, Plaintiffs' counsel, Dr. Stewart, and Plaintiffs' medical expert Dr. Todd Wilcox met with Corizon facility and regional health officials, as well as Defendants' counsel, Corizon's attorneys, and ADC headquarters staff. At this meeting, Dr. Stewart again asked about any housing units designated for SMI people. He expressed concern to Corizon Regional Mental Health Director Dr. Lynn Calcote, and ADC Mental Health Monitor Dr. Nicole

1    Taylor, that there were no such designated units anywhere at Lewis.  According to notes
2    that I took during the meeting, as well as the notes of other Plaintiffs' counsel, Dr. Taylor
3    stated that there were no units at Lewis designated for SMI prisoners, and that the only
4    places in the entire state prison system that had designated units for male SMI prisoners
5    were ASPC-Eyman, ASPC-Florence, ASPC-Tucson, and ASPC-Phoenix.

6           10.    During this same meeting, I asked Corizon's new Regional Medical
7    Director, Dr. Greg Ladele, about the use of telemedicine for specialty care, as this had
8    been an area of great focus and interest by Judge Duncan.  Dr. Ladele reported that it was
9    still the case that there is only one specialty, infectious disease, available from the
10   University of Arizona's telemedicine program, and he did not know when or whether any
11   new specialties would be available for class members.

12          11.    On November 14, 2018, after Dr. Stewart had finished speaking to SMI
13   people in Rast Max 4C, he and I again asked if there were any other areas anywhere in the
14   Rast Unit where SMI prisoners were housed, before we left Rast to visit another suicide
15   watch unit on a geographically separate portion of the Lewis prison complex, in the Stiner
16   Unit.  Again, we were told by Warden Larson, DW Rode, and Ms. Love that there was no
17   such place at Rast.  Dr. Stewart therefore spent the balance of the day at Stiner Detention
18   Unit, speaking with class members housed there.  Dr. Stewart was not on the tour for the
19   third day, November 15.

20          12.    On the afternoon of November 15, 2018, I was with a group of plaintiffs'
21   attorneys visiting detention units.  After my group had finished, we asked to be taken to
22   where a group led by Ms. Eidenbach and Dr. Wilcox were.  We found them back at Rast
23   Max, this time in 3B, the unit that Dr. Stewart had skipped after being told multiple times
24   that there were no units at Rast designated for SMI people.  When we arrived at Rast
25   Max 3B, we found Ms. Eidenbach and Dr. Wilcox and other plaintiffs' counsel in Pod 6,
26   which was in fact a pod designated for SMI people.  Even though this pod and housing
27   unit are maximum custody units, with the severe sensory deprivations built into the
28   architecture and operation of the units, many of the prisoners housed in Rast Max 3B6

1  reported that they were there on classification overrides, and that most of them were close
2  custody or medium custody security levels.

3        13.    Plaintiffs' counsel and Dr. Wilcox attempted to speak to all of these class
4  members, but unfortunately none of us—including Dr. Wilcox—has the mental health
5  training of Dr. Stewart, a board-certified psychiatrist.

6        14.    The class members we spoke to—and Plaintiffs' counsel and/or Dr. Wilcox
7  spoke to every single class member in the unit—reported that they were only allowed out
8  of their cells for two hours in the morning, and two hours in the afternoon.  They reported
9  that the only time they were offered exercise was at 5:00 a.m., which many of them were
10 unable to attend (a) due to being on strong psychotropic medications that left them unable
11 to awaken at such an early hour and/or (b) due to the fact that it is cold in the morning,
12 and many of them had no clothes other than a t-shirt and shorts.  Patients in this pod also
13 reported receiving no DI 326 group programming.  They confirmed that they received
14 none of the protections of the Stipulation's performance measures related to SMI class
15 members housed in Max Custody units.  In addition, the two psych associates who cover
16 the 3B6 SMI pod are those assigned to the other pods in Rast Max 3A, 3B, and 4C.  Class
17 members repeatedly told us that, while these psych associates do as much as they can to
18 help, they are stretched very thin and also have no SMI specific training.

19       15.    While still in 3B6, I asked Ms. Love, Warden Larson, and DW Rode why
20 they had repeatedly, for the previous two days, falsely told Dr. Stewart and me that there
21 was no SMI pod in Rast.  Warden Larson and Ms. Love insisted that Dr. Stewart's request
22 had been to see SMI pods in "Rast Max," (which was untrue), and that since many of
23 these prisoners had a classification level of "close custody," this pod—situated within the
24 Rast Max unit—was therefore not part of "Rast Max."

25       16.    Attached hereto as **Exhibit 9** is a true and correct copy of a declaration
26 signed by Dr. Pablo Stewart.

27       17.    Attached hereto as **Exhibit 10** is a true and correct copy of a declaration
28 signed by Mr. Kendall.

18. Attached hereto as **Exhibit 11** is a true and correct copy of a declaration signed by Ms. Hoffman.

19. Attached hereto as **Exhibit 12** is a true and correct copy of a declaration signed by Ms. Eidenbach.

20. Attached hereto as **Exhibit 13** is a true and correct copy of a letter that I sent counsel for Defendants on November 16, 2018, regarding the attempts to thwart Dr. Stewart and Dr. Wilcox in fact-finding at ASPC-Lewis. Of note, the letter at page 2 incorrectly refers to the SMI pod at issue as being at 3A6; it is in fact 3B6, as noted above.

21. Attached hereto as **Exhibit 14** is a true and correct copy of an email that Defendants' counsel Ms. Love sent me on November 21, 2018 in response to my November 16 letter. Other than that email, Plaintiffs have received no response from Defendants.

22. Attached hereto as **Exhibit 15** is a true and correct copy of a letter I sent Counsel for Defendants on November 30, 2018, regarding the systemic problems identified during our November 13-15 tour of ASPC-Lewis.

23. Attached hereto as **Exhibit 16 and filed under seal** are redacted versions of 19 letters that Plaintiffs' counsel has sent to Defendants since the November 13-15 Lewis tour detailing individual class members in urgent need of medical, dental, and/or mental health care.

24. Attached hereto as **Exhibit 17** is a true and correct copy of a letter sent by Ms. Eidenbach to Counsel for Defendants on November 8, 2018, notifying them of Plaintiffs' counsel's planned tour of ASPC-Florence on December 5-6, 2018, and requesting the production of certain documents no later than November 20, 2018.

25. Attached hereto as **Exhibit 18** is a true and correct copy of a letter sent by Defendants' counsel Richard Valenti to Ms. Eidenbach on December 3, 2018, stating that Defendants will not provide documents related to maximum custody performance measures prior to the December 5-6 tour.

1    26.   Attached hereto as **Exhibit 19** is a true and correct copy of an email sent by Defendants' counsel Jamie Guzman to Plaintiffs' counsel regarding documents we had requested on November 15, 2017, in our monthly document request.

I declare under penalty of perjury that the foregoing is true and correct.

Executed December 4, 2018, in Berkeley, California.

                 s/ Corene Kendrick
                 Corene Kendrick

**ADDITIONAL COUNSEL:**

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com
           rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@aclu.org
           afettig@aclu.org
           vlopez@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Kirstin T. Eidenbach (Bar No. 027341)
**EIDENBACH LAW, P.L.L.C.**
P. O. Box 91398
Tucson, Arizona 85752
Telephone:  (520) 477-1475
Email:    kirstin@eidenbachlaw.com

| | |
|---|---|
| 1 | Kathleen E. Brody (Bar No. 026331) |
| | **ACLU FOUNDATION OF ARIZONA** |
| 2 | 3707 North 7th Street, Suite 235 |
| | Phoenix, Arizona 85013 |
| 3 | Telephone: (602) 650-1854 |
| | Email: kbrody@acluaz.org |
| 4 | |
| | Daniel C. Barr (Bar No. 010149) |
| 5 | Amelia M. Gerlicher (Bar No. 023966) |
| | John H. Gray (Bar No. 028107) |
| 6 | **PERKINS COIE LLP** |
| | 2901 N. Central Avenue, Suite 2000 |
| 7 | Phoenix, Arizona 85012 |
| | Telephone: (602) 351-8000 |
| 8 | Email: dbarr@perkinscoie.com |
| | agerlicher@perkinscoie.com |
| 9 | jhgray@perkinscoie.com |
| 10 | Caroline Mitchell (Cal. 143124)* |
| | **JONES DAY** |
| 11 | 555 California Street, 26th Floor |
| | San Francisco, California 94104 |
| 12 | Telephone: (415) 875-5712 |
| | Email: cnmitchell@jonesday.com |
| 13 | |
| | *Admitted *pro hac vice* |
| 14 | |
| | John Laurens Wilkes (Tex. 24053548)* |
| 15 | **JONES DAY** |
| | 717 Texas Street |
| 16 | Houston, Texas 77002 |
| | Telephone: (832) 239-3939 |
| 17 | Email: jlwilkes@jonesday.com |
| 18 | *Admitted *pro hac vice* |
| 19 | *Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated* |

| | |
|---|---|
| 1 | Asim Dietrich (Bar No. 027927) |
| 2 | **ARIZONA CENTER FOR DISABILITY LAW** |
| | 5025 East Washington Street, Suite 202 |
| 3 | Phoenix, Arizona 85034 |
| | Telephone: (602) 274-6287 |
| 4 | Email: adietrich@azdisabilitylaw.org |
| 5 | Rose A. Daly-Rooney (Bar No. 015690) |
| | J.J. Rico (Bar No. 021292) |
| 6 | Jessica Jansepar Ross (Bar No. 030553) |
| | Maya Abela (Bar No. 027232) |
| 7 | **ARIZONA CENTER FOR DISABILITY LAW** |
| 8 | 177 North Church Avenue, Suite 800 |
| | Tucson, Arizona 85701 |
| 9 | Telephone: (520) 327-9547 |
| | Email: |
| 10 | rdalyrooney@azdisabilitylaw.org |
| | jrico@azdisabilitylaw.org |
| 11 | jross@azdisabilitylaw.org |
| 12 | mabela@azdisabilitylaw.org |
| 13 | *Attorneys for Arizona Center for Disability Law* |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2018, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

s/ D. Freouf