# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

    In prior orders the Court identified two issues that require expert inquiry and recommendations. The first was irregularities and errors in the monitoring process that produces the compliance numbers for the Stipulation's 103 health care Performance Measures and undermine confidence in their validity (Doc. 2900). The second was the substantial noncompliance with critical aspects of health care delivery including access to prescription medications, diagnostic testing, routine and specialty physician consultations, treatment for chronic health care problems, and emergency care (Doc. 2905).

    Based upon those orders and as discussed at the Status Conference on December 6, 2018, the Court hereby appoints Dr. Marc Stern as an expert in this matter pursuant to Federal Rule of Civil Procedure 706. Dr. Stern will analyze and provide written recommendations in reports on both issues. His analysis will include, but is not limited to, a review of the electronic medical records system (eOMIS), whether the instructions for evaluating compliance as outlined in the Monitoring Guide are being applied correctly, whether the required record review includes a sufficient number of records and a proper

sampling process, the informal ADC/Corizon challenge process to draft compliance numbers, and the documentation of any subsequent modifications to proposed compliance numbers. If Dr. Stern concludes any aspect of the monitoring process is unreliable or inaccurate, Dr. Stern will provide written recommendations of remedial measures to correct any identified deficiencies.

With respect to the substantial noncompliance with certain performance measures, Dr. Stern will evaluate causes of noncompliance and the barriers to compliance and propose written recommendations to alleviate them. His evaluation will address, but is not limited to, the following areas of health care delivery: Pharmacy (PM 15 at Lewis; PM 19 at Lewis); Intersystem Transfers (PM 35 at Lewis); Access to Care (PM 39 at Lewis; PM 40 at Eyman; PM 42 at Eyman, Florence, Lewis; PM 44 at Eyman, Florence, Lewis); Diagnostic Services (PM 46 at Eyman; PM 47 at Eyman, Lewis, Phoenix, Tucson); Specialty Care (PM 49 at Tucson; PM 50 at Florence, Tucson; PM 51 at Florence); PM 52 at Eyman, Florence, Tucson); Chronic Care (PM 54 at Eyman; PM 55 at Eyman); and Infirmary Care (PM 66 at Florence; PM 67 at Lewis, Tucson).

The parties will be ordered to meet and confer to jointly develop a stipulated plan to implement Dr. Stern's appointment. The plan must ensure all issues identified herein are to be investigated and must also identify other terms of his engagement such as: the parameters for Dr. Stern's access to documents, records, and prison facilities; the timeframe for Dr. Stern's work, including deadlines for interim status updates; how Dr. Stern will deliver his recommendations to the Court; an outline for Dr. Stern's compensation including professional fees, expenses, and other costs; how Dr. Stern will be compensated (e.g., directly from Defendants or by Defendants depositing sums with the Clerk of Court); and how the parties and the Court may communicate with Dr. Stern. After the parties develop the stipulated plan, they must jointly confer with Dr. Stern to confirm the plan's feasibility and address any concerns he may have.

**IT IS THEREFORE ORDERED** the Court appoints Dr. Marc F. Stern as an expert in this matter pursuant to Federal Rule of Civil Procedure 706.

**IT IS FURTHER ORDERED** the parties shall confer and file the stipulated plan detailed herein (after conferring with Dr. Stern) on or before **January 18, 2019**.

Dated this 11th day of December, 2018.

                                            Honorable Roslyn O. Silver
                                            Senior United States District Judge