THIS DOCUMENT IS **NOT** IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE **CJVLR 5.4**
(Rule Number/Section)

✓ FILED   ___ LODGED
___ RECEIVED   ___ COPY

DEC 2 0 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Michael J. Cohn #258721
ASPC Tucson/Manzanita 3A36
P.O. Box 24401
Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

| Parsons, et al. | 2:12 CV 601-ROS | CV-12-601-PHX-ROS |
| v. | Motion for Sanctions/Retaliation | |
| Ryan, et al. | Hon. Roslyn O. Silver | |

I, Michael J. Cohn, class plaintiff/advocate in the above named case respectfully request sanctions in the amount of $1 million dollars against the Arizona Dept. of Corrections (Charles Ryan, Director)/ Corizon Health, (Facility Health Administrator, Benjamin Schmid, Director of Nursing, Kimberlee Switzer and Asst. Director of Nursing, J. Kidd, all of Tucson Complex) as described herein. As set forth in the attached inmate letters, Inmate Informal Complaint Resolutions and Inmate grievances, etc., Schmid, Switzer and Kidd are trying to silence my advocacy efforts on behalf of the disabled in particular and all inmates in general. This violates ARS§46-1492.10 retaliation against someone aiding the disabled. (Americans with Disabilities Act, Title II, Rehabilitation Act§504, inter alia, et al). I have identified myself as a prisoner Rights Advocate on other units and was encouraged in my efforts, not retaliated against (Deputy Warden of Operations of the Lewis Complex would be a witness to this)(His name is John Weiss).

In fact, in the presence of D.W. Weiss, I have stated that Corizon is murdering inmates. Mr. Weiss stated he would not disagree with me.

1

## Sanction Amount

I respectfully estimate there are about 100 disabled inmates on this unit, primarily, but not necessarily housed in dorms 1B, 4A, 5 and 6. I request $1000 per inmate who are adversely affected or aggrieved by how they are treated, equalling $1 million. The Court should send a strong message to ADC/Corizon that inmates should be encouraged to improve conditions of confinement, not suppressed. I request the funds be deposited in my inmate account. Per the 8th Amendment of the U.S. Constitution and comparable State of AZ. Constitutional article(s), I assert I have a right to attempt to improve conditions of confinement for myself and others. Parsons v. Ryan, 2:12CV601-ROS, Helling v. McKinney, 509 U.S. at 33 (1993) (unreasonable risk of future harm).

## Some Conditions of Concern

1) There are no emergency call buttons (buzzers) for the patients in our dorm, but especially those housing the disabled (Dorms 1/3, 4A, 5 and 6).
2) A Licensed Practical Nurse should be stationed in Dorm 5, 24 hours per day.
3) Fire alarms have been disconnected, reportedly as a cost saving measure by ADC.
4) To my knowledge there have been no fire or evacuation drills, ever on this unit. If staff are not trained and practiced in evacuation how will they know what to do when an

emergency occurs?

5) Nurse Practitioners and other providers have an obligation to report adult abuse/neglect. To my knowledge, they are not making such reports. ARS §46-454.

6) A suspicious pattern of deaths have occurred on this unit reportedly. What steps are being taken to prevent these? Estelle v. Gamble, 429 US, 97, 104 S.Ct. (1976).

7) Other.

Per Principle E of the Code of Ethics of the American Psychological Association, I am obligated to assist those whose autonomous decision making is impaired. I assert that all inmates are incapacitated and therefore impaired in autonomous decision-making as they are under the authority of the state. For example, our "Do Not Resuscitate" orders are invalid as the state requires we be resuscitated as Wards of the state (LPN Hall). The disabled are particularly vulnerable and we are all dependent on Corizon Health and cannot choose our medical providers.

## Conclusion

For the reason stated herein, the court should grant my motion in all its respects.

Respectfully submitted,

Michael J. Cohn, Ed.D.

Dr. Michael J. Cohn, Advocate.

Certificate of Service

Original mailed to:    on: 12/17/18
Clerk of the U.S. Dist. Ct.
401 W. Washington, SPC-1
Phoenix, AZ 85734

Copies mailed to:    on: 12/17/18
Attorney General
1275 W. Washington
Phoenix, AZ 85007

Prison Law Ofc.
General Delivery
San Quentin, CA 94964

Michael S. Cohn #289721
ASPC Tucson/Manzanita 3A3L
P.O. Box 24401
Tucson, AZ 85734-4401

12/10/18

Dr. Robertson / Richard Pratt
HSMB
1601 W. Jefferson
Phoenix, AZ 85007

Re: Retaliation

Gentlemen:

I write to request your assistance regarding Corizon staff's attempts to retaliate against me for my advocacy efforts. Mr. Pratt, perhaps recalls meeting with me some 4 years ago after I filed a complaint with Adult Protective Services (something Dr. Robertson should be doing). I expect you have been reading my filings in the Parsons v. Ryan case. My position is clear. I believe the leaders of the State of prisons intend to murder as many inmates as they can under the cover of medical neglect. I stand for the inmates and myself per ARS § 46-1092.10, disability retaliation, Principle E of the Code of ethics of the American Psychological Association my occupation and the Bill of Rights of the U.S. Constitution. As you will see in the attached documents, FHA Schmid, D.O.N. Switzer & ADON Kidd are

trying to silence me. A few points...

1) There are no emergency buzzers for the patients in Bldg. 4U6. This is the equivalent of a skilled nursing facility/hospice. The equivalent standard of care is emergency buzzers as in comparable community facilities.

2) Fire alarms have been disconnected. There have been no fire or evacuation drills for the past 5 years to my knowledge.

3) The "scabies" outbreak has not been eliminated. No follow-up.

4) Open clinics have been canceled against Judge Duncan's order. (Letter from Prison Law Ofc, dated 11/18/18).

5) The ADON, Kidd refuses to meet with me to discuss my concerns.

6) Administration seems indifferent to the above other than the "scabies" matter.

7) I believe Jewish inmate Sam Cromwell was a victim of a homicide/hate crime, by medical and security staff.

My attorneys are working to have me released to house arrest so I can choose my own doctors. It has been a 5 year fight, but I was finally prescribed Baclofen for the complications of the mass in my sacrum. My mobility improved almost immediately after 2 doses of this. Corizon made me suffer and less mobile than necessary.

I am seeking adequate medical care for myself and others. I act in good faith, which is more than Corizon or ADC do (Parsons v. Ryan, Docs. 2898 & 3057-1).

Please instruct Corizon FHA Kidd, Schmid, D.O.R, Switzer, ADOW Kidd to cease & desist retaliation for my advocacy efforts. If they are so insecure about me speaking up, I can only infer they know I am correct and are acting defensively.

I have 9 more years on my sentence. If I have to remain in ADC, I will do my best to survive. I have little to lose and I will go down fighting to my last breath if necessary.

Your assistance in this matter is appreciated.

Michael J. Cohn, Ed.D
Dr. Michael J. Cohn, Advocate for self & others.

CC: S. Dogek
    S. Scheff    } Attorneys for Dr. Cohn
    F. Bruemmer

Legal
Certificates achieved in prison: Paralegal Studies, Criminal Law, Civil Litigation, Torts/Personal Injury, Family Law, Wills/Trusts/Estates.



# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

*This is a Court document of a witness to the Parsons V. Ryan Case. MgC*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Cohn, Michael J. | 285721 | Tucson / Manzanita 3A3 2 | 12/7/18 |

**TO** B. Schmid, FHA
K. Switzer, D.O.N., J. Kidd, ADON

**LOCATION** Complex Medical / Manzanita Medical

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

- I allege retaliation by B. Schmid, FHA, K. Switzer, D.O.N., J. Kidd, A.D.O.N. per ARS§46-1492, 10), obstructing my efforts to aid the disabled, coercing me to stop such aid and intimidating me to stop advocacy efforts on behalf of inmates in HU Buildings 1B, 4A, 5 & 6 and any other disabled inmates (interalia), et al. residing in this or any other complex of the Arizona Dept. of Corrections, its reentry programs, halfway houses, etc. Retaliation is an illegal act. See Inmate Informal Complaint Resolution Response m I-C14-18-307. Per Principle I of the American Psychological Association, I am obligated to be aware that Special safeguards may be necessary to protect the rights and welfare of persons or communities whose vulnerabilities impair autonomous decision making. ALL inmates are incapacitated by incarceration, especially the disabled (See MVD Report).
- Per 5 USC ¶ 702 inter alia, I am harmed, adversely affected and aggrieved & entitled to judicial review thereof.
- I allege witness tampering of a witness/class plaintiff (Parsons v. Ryan, 2:12CV601-ROS, class action upheld, 9th Cir. (2014). ARS §13-2804 inter alia.

    Remedy
    - Cease and desist obstructing, inter alia, etc. my advocacy efforts.

CC: S. Dosek, attorney for Dr. Cohn
    Judge Silver, Parsons v. Ryan
    Attorney General, attn. L. Rand, A.A.G.
    Prison Law Ofc., attn. Sara Norman, class action attorneys
    Dr. Robertson, ADC, Health Care Services monitoring Bureau
    Selected medical staff - Manzanita Unit + selected officers.

Note: As I am disabled per ADA TITLE II, I allege retaliation against a disabled person as well. ARS §46-1492, et. seq.

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| M.J. C—, Ed.D., Advocate | 12/7/18 |

Have You Discussed This With Institution Staff? ☑ Yes ☐ No

If yes, give the staff member's name: B. Schmid, FHA, COIV Evans

Note: Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, *Inmate Disciplinary Procedure.*

Distribution: Original – Master File
Copy – Inmate

916-1
5/10/17



**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Grievance

| RECEIVED BY | Saenz, J |
|---|---|
| TITLE | CoII |
| BADGE NUMBER | DATE (mm/dd/yyyy) |
| 5637 | 12-5-18 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Cohn, Michael J. | 285721 | 12/4/18 |
| INSTITUTION/FACILITY | CASE NUMBER | |
| Tucson / Manzanita 2A3L | MI-C14-18-302 | |

TO: GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the Inmate) Informal Complaint Response by Switzer violates ARS §41-1492.10 (B) It is unlawful to coerce, threaten, intimidate an individual on account of his aiding a disabled person. I allege coercion/intimidation to suppress my advocacy efforts. Per 5 USC §702 inter alia, I have the right to judicial review if I have been harmed, adversely affected or aggrieved. I am harmed, adversely affected and aggrieved. Attempting to bully any inmate who seeks to improve conditions of confinement per his 8th Amdt. US Const. right is shocking, outrageous and unconscionable.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)
1) Vendor Incident Report
2) Terminate employment of Schwenk, Switzer, Kidd
3) [illegible] should send report to the Attorney General.

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S | DATE (mm/dd/yyyy) |
|---|---|---|---|
| M. J. C. | 12/4/18 | | |

Action taken by _____ Documentation of Resolution or Attempts at Resolution.

| STAFF MEMBER'S SIGNATURE | BADGE NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13



# ARIZONA DEPARTMENT OF CORRECTIONS
Inmate Informal Complaint Response

| For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response. |
|---|

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER |
|---|---|
| Cohn, Michael J | 288721 |

| INSTITUTION/ UNIT |
|---|
| ASPC-Tucson / Manzanita |

| FROM | LOCATION |
|---|---|
| Kimberlee Switzer, RN, BSN Director of Nursing | Complex Health Unit   MI-C14-18-302 |

CORIZON
INMATE INFORMAL COMPLAINT RESPONSE

Your inmate informal complaint dated 11/19/18 was received in the Tucson office of Corizon Inmate Health Services on 11/26/18.

Your primary area of concern is House 6 "Buzzers".

Your concern has been reviewed by medical and it was determined and indicated by FHA Schmid, you are not the "advocate" for the yard in regard to medical or otherwise. If you have a concern regarding your medical care or have health concerns of your own please submit an HNR and follow the appropriate procedure.

This informal complaint has been addressed. This has resolved your concern.

KS/ba
21633

| STAFF SIGNATURE | K.Switzer DON | DATE *(mm/dd/yyyy)* |
|---|---|---|
| | | 11/26/2018 |

Distribution:   INITIAL: White and Canary or Copies - Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary - Grievance Coordinator File

802-12
10/16/16

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter Response**

Received 10/27/18 mPC

For distribution: Copy of corresponding Inmate Letter must be attached to this response.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER |
|---|---|
| Cohn, M. | 288721 |

| INSTITUTION/UNIT |
|---|
| ASPC-T/Manzanita |

| FROM (Last, First M.I.) (Please print) | LOCATION |
|---|---|
| Kidd ADON | Medical |

Your IM letter was received and reviewed.

Please note I do not have meetings with Inmates at any point in time. Please also note that you are not an advocate for care of other inmates.

If you have a medical concern for yourself, please place an HNR.

Thank You

STAFF SIGNATURE: Kidd - ADON

DATE (mm/dd/yyyy): 11/27/18

Distribution: Original – Master File
Copy – Inmate

916-2(e)
5/14/12

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Resolution   MC14-302

VIV52

Complaints are limited to one page and one issue.
Please print all information.

| INMATE NAME (Last, First M.I.) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson / Manzanita | 11/19/18 mc |

| TO | LOCATION |
|---|---|
| CO II Saenz | HU 3 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Issue: Intent of Corizon Health to neglect inmate well-being. *
 I spoke with Facility Health Administrator Schmid who was on the unit today. I introduced myself as Dr. Cohn, an advocate for inmates on the Parsons v. Ryan case. He said it's not allowed to advocate. I said, "I can write the court." He acquiesced. He asked if I had a question. I said that it has been reported to me that there are no emergency buzzers for the patients in dorm 6. He said again, "You can't advocate for them. Tell whoever it is to write D.O.C. Buzzers are their issue."
 All he needed to say is that I had a point and he would send an email to Mr. Pratt. Instead he would rather risk a patient's harm due to insufficient emergency measures and his staff's liability due to inadequate response time, etc. I find this shocking, outrageous + unconscionable. I am aggrieved. ¥

Remedies Requested
1) Disciplinary action against Mr. Schmid.
2) Notify ADC HQ that Corizon doesn't care about inmate well-being.
3) Notify ADC HQ to install buzzers in Building 6.
4) Note: Intent to neglect implicates a criminal act potentially.

Witness: Inmate W.M., M.D. Name unknown
¥ 5 USC §706, administrative procedures Act. If one is aggrieved by agency action, one is entitled to judicial review thereof.
CC: Prison Law Off.
    Judge Silver
    Attorney General

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| M. J. C. | 11/26/18 mc |

Have you discussed this with institution staff?  ☒ Yes  ☐ No
If yes, give the staff member name: Mr. Schmid

Received CoIII Saenz on 11-19-18

Distribution: INITIAL: White and Canary or Copies – Grievance Coordinator, Pink or Copy – Inmate
FINAL: White – Inmate, Canary – Grievance Coordinator File

802-11
6/25/14

**ARIZONA DEPARTMENT OF CORRECTIONS**
Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson / Manzanita 3A3C | 12/4/18 |

To: COIV Evans / J. Kidd ADON
Re: 
Location: Manzanita Admin. / Medical

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Legal Basis for an inmate to advocate for others.
   In addition to 5 USC §702 inter alia, et al. Administrative Procedures Act, please be advised of ARS § 41-1492.10 Prohibition against retaliation. (B) It is unlawful to coerce, intimidate, threaten an individual in the exercise or enjoyment of, for having exercised or enjoyed or on account of his having aided or encouraged any other individual in the exercise or enjoyment of any right granted or protected by this article. 41-1492 is the disability rights article.
   Therefore, when FHA Schmid & ADON Kidd assert that I can't advocate for the medical care of other inmates, as in Emergency Buzzers for Building 6, inter alia, etc. they are not only wrong, they are violating the law, allegedly.
   Remedy. — I request a Vendor Incident Report
I request any and all disciplinary action against FHA Schmid and ADON Kidd including but not limited to reassignment to another ADC complex, fines, a report to the office of the Attorney General, etc.
— I assert I am a victim of coercion / intimidation by both parties. See attached letter from Ms. Kidd.
cc: Judge Silver, Parsons v. Ryan
   Attny. General Attn. Lucy Rand, A.A.G.,
   Prison Law Office, attn. Sara Norman, Esq.

Inmate Signature: M.J.C__, Ed.D., ADVOCATE      Date: 12/4/18

Have You Discussed This With Institution Staff? ☑ Yes ☐ No
If yes, give the staff member's name: COIV Evans – Town Hall Mtg.

916-1
5/13/10
Distribution: White - Master Record File   Canary - Inmate



**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Cohen, Michael J. | 288721 | Tucson / Manzanita 3B2L | 12/10/18 |

| TO | LOCATION |
|---|---|
| D.W. Gelron | Manzanita Administration |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Sir - I have received and appealed your inmate grievance response regarding the alleged homicide of inmate Cromwell. As a former healthcare/hospital administrator, I understand and respectfully disagree with your position. In document 2898 of the Parsons v. Ryan case, it is noted that some 40% of inmate deaths are caused or significantly contributed to by healthcare personnel. Some 30% were preventable. — I have a serious medical condition that could paralyze or kill me. In my almost 5 years in prison I have witnessed a number of inmate deaths. I believe it is the intent of the leaders of this state to murder inmates under the cover of medical neglect, whenever possible. I believe Corizon is a willing accomplice. This has been testified to and reported in the media by Dr. Watson who worked for Corizon at Eyman. I am fighting for my life and my quality of life, as well as the lives & quality of life of my fellows.

I do not do shoddy work. My investigation of the Cromwell death is thorough and sophisticated. I have sent some 25 pages to Judge Silver of Parsons v. Ryan, the Attorney General & the ACLU, et al. I am being considered as an expert witness in the case as I am also a forensic examiner. By knowledge, experience and training, I am qualified in all respects to investigate and opine on such matters. My attorneys are working to have me released to house arrest so I can choose my own doctors. I am not a risk to reoffend, escape or create problems. I want to survive prison & will fight to do so. I am glad to meet & talk with you at any time.

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| M.J.C., Ph.D. Dr. Michael J. Cohn | 12/10/18 |

Have You Discussed This With Institution Staff?  ☑ Yes   ☐ No

If yes, give the staff member's name: CO IV Evans, Deputy Warden of Operations at Lewis - John Weiss

Note: Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, *Inmate Disciplinary Procedure*.

Distribution:  Original – Master File
              Copy – Inmate

916-1

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Letter

*This document is evidence in 2:12CV601-ROS.*

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 288721 | TUCSON / MANZANITA | 12/16/18 |

**To:** Kidd, ADON
**Location:** MANZANITA MEDICAL

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

I had sent you the court documents + the letter to the Health Services Monitoring Bureau as a courtesy to you so that you would be informed. Since you returned the envelopes unopened you should know that the court documents were a motion to the judge to order the reinstatement of open clinic + for tissue samples and treatment for the "scabies" patients who are still symptomatic. The letter to HSMB was about your attempts to silence me and the issues on the unit that you refuse to discuss with me. I could have just sent you an inmate letter, but what would be the fun in that? I now have more insights into your character confirming what I already thought, (unprofessional conduct). AZ. State Bd. of Nursing. Since you returned the documents, I had just received a Season's Greetings card from the American Friends Service Committee. This is a national prisoner rights organization that received a Nobel prize for their efforts. Their Arizona office is here in Tucson. I sent them the documents you returned with a cover letter. I've already sent them the 25 pages of my reports to the Judge, the Attorney General and the ACLU et al. The AFSC had an editorial in the AZ. Republic about the $1.45 million fine Judge Duncan ordered for Corizon's non-compliance with the Parsons v. Ryan settlement. I'm hoping Judge Silver will agree with my motion to distribute the fines to the inmates. Our lawyers want it to go to expert witnesses. Who knows, maybe they'll hire me!

**Inmate Signature:** M.J. Cohn, Ed.D. Advocate
**Date:** 12/16/18

**Have You Discussed This With Institution Staff?** ☑ Yes ☐ No
**If yes, give the staff member's name:** Ms. Turner, RN

Distribution: White - Master Record File    Canary - Inmate

916-1
5/13/10