THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE CIVLR 5.4
(Rule Number/Section)

Michael J. Cohn #288721
ASPC Tucson/ Manzanita 3A3L
P.O. Box 24401
Tucson, AZ 85734-4401

FILED ✓   LODGED ___
RECEIVED ___   COPY ___
JAN 02 2019
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT, ARIZONA

| Parsons, et al. | Ninth Cir. # 18-17351 |
| --- | --- |
| v. | 2:12 CV 601-ROS |
| Ryan, et al. | Motion to compel inclusion of HIPAA/Patients |
| v. | Rights forms in inmate medical records |
| Cohn, Appellant | Hon. Roslyn O. Silver |

I, Michael J. Cohn, class plaintiff/appellant/advocate in the above captioned cases respectfully request a motion to compel inclusion of HIPAA/Patients Rights forms/acknowledgement of patient understanding in their primary language in all ADC inmate charts, as set forth herein.

In the attached inmate letter response, Ms. Pearson, Medical Records Monitor of the Health Services Contract Monitoring Bureau states "ADC does not have forms for HIPAA Rights and Patient Rights." According to Notice of Policy Practices; 45 CFR 164-520: Inmates do not have a right to a Notice of Privacy Practices (Notice)." Pearson is silent on the issue of the Patient Rights Notice (form).

### Fraudulent Scheme

I allege ADC via its agent Pearson, engages in a fraudulent scheme to obtain the benefit of suppressing inmates seeking justice via civil litigation. Obstructing knowledge of our rights is

-1-

(Toston)

an obvious ploy, violating our 1st amendt. right to read, Toston v. Thurman (697) 697 F3d 828 (7th Cir. 2012), our 5th amendt. due process/double jeopardy rights, our 8th amendt. right to freedom from cruel and unusual punishment and our 14th amendt. due process and equal protection of the laws rights. 2:12cv 601-ROS Comparable State Const. Rights are similarly violated. I allege this is another example of ADX/Corizon's contempt for the law (Doc. 2598). ARS§13-2310 Fraudulent Schemes and certifices. as set forth in my attached Inmate Letter dated 12/21/18 Estelle v. Gamble, Americans w/ Disabilities Act, Rehabilitation Act§ 504, ARS§41-1492, et seq. supercede CFR's as we (inmates) have a right to the equivalent standard of care to that in the community. I also now point out that CFR's only apply to the Federal Bureau of Prisons, not state prisons. Free Speech Coalition v. Attorney General of U.S., 677 F3d 519 (3rd Cir. 2012) "Regulations cannot supercede a federal statute." Parsons v. Ryan, 2:12cv 601-ROS, Doc. 2898, et seq. See inter alia.

Harm, adverse affect, aggrieved

Per 5 USC §702 inter alia, I assert I am harmed, adversely affected and aggrieved and am entitled to judicial review thereof. Croft v. Governor of Texas, 562 F3d 735 (5th Cir. 2009). "The loss of first amendment freedoms, for even minimal periods of time unquestionably constitutes "irreperable injury so as to support preliminary injunctive relief." In the instant case, this violation has been ongoing and cumulative for some 6 years. Tens of thousands of inmates have been, are and will be adversely affected. Who

2

knows how many cases would have been filed, possibly even contributing to the resolution of Parsons v. Ryan?

### Negligence of Counsel for Plaintiffs

This instant matter is so fundamental it exceeds the Strickland Standards for counsel ineffectiveness and rises to negligence. It is shocking, outrageous and unconscionable that counsel for plaintiffs wantonly disregarded our basic/essential privacy and patient rights. The cumulative effect of counsel's neglect in this matter is incalculable. When one considers the thousands of Hepatitis "C" cases among inmates that aren't receiving treatment even tho the standard is to treat at any stage; the thousands of disabled patients who are receiving inadequate treatment (AUED reports); the lack of proper licensure of ADC/Corizon's medical/nursing home care; and the other issues I have brought to the Court's attention, such as inmate murders by intent to neglect, I am without words to express my grief. I can only beg the Court for relief.

### Deliberate Indifference

The Equal Protection clause of the 14th amendment extends to prison inmates. Rouse v. Benson, 193 F3d 936 (8th cir. 1999). There is no penological interest to deprive inmates of their HIPAA/Patient Rights. Ashler v. California Dept. of Corrections, 350 F3d, 917 (9th cir. 2003), Wilson v. Seiter, 501 US., 294,

3

303, 111 S Ct. 2321 (1991); Farmer v. Brennan, 511 U.S., 825, 834, 114 S. Ct. 1970 (1994). "Deliberate Indifference" is a lesser included violation in this fraudulent scheme as I allege motive of intent to obstruct inmate litigation as reasonably inferred. "subjective approach to recklessness", Prison officials know of and disregards an excessive risk to inmate health and safety. Farmer, 511 US at 840-41.

Conclusion

A fraudulent scheme exists to deprive inmates of their HIPAA/Patient Rights. This is shocking, outrageous and unconscionable. Ongoing Constitutional violations of the 1st, 5th, 8th &14 Amendts. are implicated for the past 6 years at least. Counsel for Plaintiffs is negligent on this issue. For the reasons stated herein, the court should grant this motion in all its respects.

Respectfully submitted                    Date: 12/23/18

Michael J. Cohn, Ed.D., Pro Se

Dr. Michael J. Cohen, Class Plaintiff, Appellant/advocate

Original mailed to:  on: 12/27/18    copies mailed to:   on: 12/27/18
- Clerk of the U.S. Dist. Ct.          - Attorney General
401 W. Washington SPC-1                1275 W. Washington
Phoenix, AZ 85003                      Phoenix, AZ 85007

Copy mailed to:  on: 12/27/18         - Prison Law Ofc.
Ninth Circuit Ct. of Appeals
P.O. Box 193939                        General Delivery
San Francisco, CA 94119-3939           San Quentin, CA 94964

4

# ARIZONA DEPARTMENT OF CORRECTIONS/CORIZON HEALTH

## INMATE LETTER RESPONSE

INMATE NAME: COHN, MICHAEL J.     ADC NO: 288721

INSTITUTION/UNIT: ASPC-Tucson-Manzanita

FROM: Carol B. Pearson, Medical Record Monitor

LOCATION: Health Services Contract Monitoring Bureau  DATE: December 19, 2018

SUBJECT: Inmate Letters dated December 12, 2018 received December 18, 2018

In your letter, you state that there were "items missing and a fraudulent entry" in your medical records that you reviewed recently. Re: 1 & 2: ADC does not have forms for HIPAA Rights and Patient Rights. According to Notice of Policy Practices: 45 C.F.R. 164-520: Inmates do not have a right to a Notice of Privacy Practices (Notice). They do not have a right to receive the Notice with respect to a medical record created during incarceration. As you know, you may review your medical records on a quarterly basis. #3: Patient Education section: I do not know why these handouts are not in your medical record. #4: Nurses have been instructed to document in the SOAPE format.

Re: fraudulent entry at Lewis complex: You are waiting for a grievance response regarding to a refusal of KOP's. I do not have an answer to your issue.

cp

STAFF SIGNATURE

*Carol B Pearson*

cc: B. Schmid, Facility Health Administrator, ASPC – Tucson

DISTRIBUTION:   White   - Central Office Master File
                Yellow  - Inmate                         FORM 7051168B
                Pink    - Institutional file             REV. 1/89

**ARIZONA DEPARTMENT OF CORRECTIONS**
**Inmate Letter**

This is evidence/court document

Requests are limited to **one page** and **one issue**. **NO ATTACHMENTS PERMITTED**. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson / Manzanita | 12/21/18 |

**To:** Carol Pearson, Med. Records Monitor
**Location:** Health Svcs, Contract monitoring Bureau

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Thank you for your Inmate Letter Response dated 12/19/19. I am confused on a number of issues. Although ADC may not have HIPAA Rights/Patient Rights forms, I see no exemption in statute or contract that allows Corizon as a "For Profit" entity to deprive us of such rights/forms. 45 CFR-164-520 is superceded by Estelle v. Gamble, 429 US, 97, 104, Sct. (1976), Americans w/ Disabilities Act, Title II, Rehabilitation Act #504 / ARS §46-1492, et seq. We have the right to the equivalent standard of care to that available in the community (Programs & Services as well). I have notified the Prison Law Ofc., Judge Silver & the Attorney General of my concerns. Parsons, et al. v. Ryan, et al. 2:12CV601-ROS. I believe your office should require the above forms, etc., inter alia of Corizon. I allege "deliberate indifference" to our 5th, 8th & 14th Amndt. U.S. Const. Rights & comparable State Const. Rights inter alia. As I see it, this is another example of ADC's "contempt for the law." (Doc. 2898, id.).

Regarding the SOAPE Format, you state the nurse's have been told to do this. I assert they are not. What are you going to do about it? Perhaps a complaint to the State Board of Nursing for unprofessional conduct/incompetence is in order? Your office should do this for purposes of contract compliance. Regarding the missing patient education documents, (Scabies, back exercises), what are you going to do about? Schmid will likely do nothing. Regarding the fraudulent entry, what are you going to do about it? You don't have an answer. I suggest you obtain one.

CC: Judge Silver, Attny. General, Prison Law Ofc.

**Inmate Signature:** M.J. Cohn, ED. Dr. Michael J. Cohn
**Date:** 12/21/18

Have You Discussed This With Institution Staff? ☑ Yes  ☐ No
If yes, give the staff member's name: Ms. Padilla, Med. Records Clerk

My Certificates: Civil Litigation, Torts/Personal Injury, Criminal Law, etc.

Distribution: White - Master Record File   Canary - Inmate

916-1
5/13/10

Michael J. Cohn #288721
ASPC Tucson/Manzanita 3A3L
P.O. Box 24401
Tucson, AZ 85734-4401

NINTH CIRCUIT COURT OF APPEALS

| Parsons, et al. | NO. 18-17351 |
| --- | --- |
| v. | D.C. NO. 2:12cv601-ROS |
| Ryan, et al. | AMENDMENT II to motion for criminal INVESTIGATION OF Fraudulent Schemes; more alleged evidence of Fraud |
| v. | |
| Cohn, APPELLANT | Hon. Justices |

I, Michael J. Cohn, appellant in the above named case respectfully advise this court of additional alleged evidence of Fraud by ADC/Corizon Health, et al. Appellant asserts that he has never seen administrative licenses/certificates of Corizon administrative staffs on units with Nursing care Institutions or Assisted Living facilities per ARS§36-446.01 (A)(B)(C). A nursing care institution shall not operate in this state except under the supervision of an administrator licensed pursuant to this article. An assisted living facility shall not operate in this state except under the supervision of a manager certified pursuant to this article. It is unlawful for any person who does not have a license or certificate to practice skilled nursing facility administration or assisted living facility administration management or use of any sign, title, card or device indicating that such person is an administrator or manager. The above includes those whose functions and duties are shared with others, as in Director of Nursing and Assistant

1

Director of Nursing or Correctional Nurse Supervisor or Assistant Correctional Nurse Supervisor

I assert that all ADC complex IPC (Infirmary) facilities and all Special Housing Units (SHU) are defined as Nursing Care Facility Institutions or Assisted Living Facilities. It is possible, although probably for the court to decide, if all housing units in ADC would be considered Assisted Living Facilities under/per this statute. ARS § 36-401 et seq. This Unit, HU1-B; HU4A, HU5, HU6 are Nursing Care Institutions allegedly, or Assisted Living Facilities as those housed in these are profoundly or severely disabled

### Appellee Obligation

It is the obligation of the Appellee to produce the licenses described herein Per 5 USC § 702 inter alia (Administrative Procedures Act). I assert I am adversely affected by fraud, harmed by fraud and aggrieved of fraud by ADC, Corizon, et al., as set forth in the Opening Brief (Memorandum of Points + Authorities) in this instant case. I am further harmed by the betrayal of trust in the administrators, Schmid, FHA, Switzer, D.O.N. and Kidd, A.D.O.N. who have attempted to silence me. (See Motion for Sanctions per ARS § 41-1492.10, 2:12601-ROS). Per ARS § 13-2310 this appears Prima Facie to be a further act of fraud in furtherance of the initially documented fraudulent scheme of unlicensed medical care.

### Factor for Consideration

ADC/Corizon should suspend the administrators pending criminal investigation. Inmates cannot trust them to provide proper care. Contempt for the law once again is at issue. Corizon/ADC's pattern of contempts continues to irreparably

2

harm all inmates and should not be tolerated by this honorable court. How many crimes must ADC/Corizon commit before there is a meaningful intervention by the court? Unless Mr. Schmid can produce a Nursing Care Institution Administrator License and Assisted Living Facility License certificate his title is illegal. Facility Health Administrator is all inclusive and incorporates the above. By shared functions and duties, Switzer D.O.N. and Kidd, A.D.O.N., must not indicate they are an administrator or manager. (See attached Inmate Informal Complaint Resolution).

The negligence of ADC in this matter is outrageous. It should not fall to an inmate to have to hold the entirety of ADC/Corizon accountable for obeying the law. Only a Federal Intervention has a chance at remedying this situation.

For the reasons stated herein and the prior submissions, the court should grant this motion for criminal investigation in all its respects.

Respectfully submitted,                    Date: 12/26/18

Michael J. Cohn, Ed.D., appellant, Pro Se

Dr. Michael J. Cohn

Original mailed to: on: 12/27/18

Clerk of the Ninth Cir. Ct. of Appeals

P.O. Box 193939

San Francisco, CA 94119-3939

Copies to: on: 12/27/18
Clerk of the US Dist. Ct.
401 W. Washington
Phoenix, AZ 85003

Attorney General.
1275 W. Washington
Phoenix, AZ 85007

Prison Law Ofc.
General Delivery
San Quentin, CA 94964



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

*Complaints are limited to one page and one issue. NO ATTACHMENTS PERMITTED.* Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohen, Michael J. | 288721 | Tucson / Manzanita | 12/26/18 |

| To | Location |
|---|---|
| COIII Saenz | HU 3 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

1) Issue: I allege fraud by Benjamin Schmid, FHA, Kimberly Switzer, D.O.N. and J. Kidd, A.D.O.N. Per ARS § 36-446.01 (A) A nursing care institution shall not operate in this state except under the supervision of an administrator licensed pursuant to this article. (B) An assisted living facility shall not operate in this state except under the supervision of a manager certified pursuant to this article.

(C) It is unlawful for any person who does not have a license or certificate to practice skilled nursing facility administration or assisted living facility management or use any sign, title, card or device indicating that such person is an administrator or manager.

2) ARS § 36-446 The above includes those whose functions and duties are shared w/others as in D.O.N. and ADON.

3) I assert that the complex IPC, Manzanita HU 1B, HU 4H, HU 5 and HU 6 are defined as "nursing care institutions or assisted living facilities". ARS § 36-401 et seq.

Requested Remedies
1) Provide the required licenses for my inspection in the presence of COIII Saenz or COIV Evans. Obtaining a license post this date is a cover-up.
2) per 608.02.1.2, please submit this document to C.I.U. for possible criminal investigation.
3) Judicial review per 5 USC § 702 inter alia.
4) Transfer all inmates affected to community.

Inmate Signature: M.J. Cohn Ph.D - Dr. Michael J. Cohn, Advocate    Date: 12/26/18

cc: Judge Silver, Attorney General, Prison Law Off, 2:12CV601-ROS

Have You Discussed This With Institution Staff?  ☐ Yes  ☒ No
If Yes, give the staff member Name:

Distribution:  Original - Inmate
Copy – Grievance Coordinator File

802-11(e)
12/19/12