THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE ___LRCiV 5.4___
(Rule Number/Section)

-ROS   Document 3109   Filed 01/14/19   Page 1 of 31

CV-12-00601-PHX-ROS

☑ FILED          ___ LODGED
___ RECEIVED     ___ COPY

JAN 1 4 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Michael J. Cohn #288721

ASPC Tucson / MANZANITA 3A3L

P.O. Box 24401

Tucson, AZ 85734-4401

## UNITED STATES DISTRICT COURT, ARIZONA

| Parsons, et al. | No. 18-17380   Ninth Circuit |
| V. | D.C. No. 2:12 CV 601-ROS |
| Ryan, et al, | Supplemental Submission to Motion for Sanctions, additional evidence, |
| V. | alternative Dispute Resolution Efforts. |
| Cohn, Pro Se | Hon. Roslyn O. Silver |

I, Michael J. Cohn, class plaintiff, appellant, advocate in the above named case respectfully submit the attached complaint to the AZ. state Board of nursing as additional evidence. I am pursuing every avenue I am able in an attempt to obtain relief. I wish to have the court understand that I am dedicated to improving conditions of confinement. I will do my best to hold those accountable who obstruct, interfere with or suppress such efforts. Please note, my internal remedies are exhausted in this matter with no relief.

Respectfully submitted,                    Date: 1/7/19

Michael J. Cohn, Ed.D., Pro Se

Dr. Michael J. Cohn, Advocate / Education / Expert Witness

APPELLANT

Original mailed to: on: 1/11/19          Copies to:      on: 1/11/19

Clerk of the U.S. Dist. Ct.              Clerk of the Ninth Circuit

401 W. Washington SPC-1                  Court of Appeals

Phoenix, AZ 85003                        P.O. Box 193939

                                         San Francisco, CA 94119-3939

1

Certificate of Service Cont,

ATTORNey General
1375 W. Washington
Phoenix, AZ 85007


Prison Law Ofc,
General Delivery
San Quentin, CA 94964
ATTN. Sava Norman, attny. mgr.

resolution, including settlement negotiations, conciliation, facilitation, mediation, fact-finding, mini-trials and arbitration, is encouraged to resolve disputes arising under this article.

**H.** In addition to any sanction that the court may award to a party pursuant to any rule or law in any civil action brought under this article, the court may impose a sanction on a plaintiff or the plaintiff's attorney if the court determines that an action or series of actions is brought under this article for the primary purpose of obtaining a payment from the defendant due to the costs of defending the action in a court. When imposing a sanction, the court may consider the totality of the abusive litigation-related practices of the plaintiff and the plaintiff's attorney.

**I.** If the court imposes a sanction pursuant to subsection H of this section, the court may order a party to pay a part of the sanction to the governor's office of youth, faith and family and, if ordered, the parties must notify the governor's office of youth, faith and family of the court's order. The governor's office of youth, faith and family must use these monies for the following purposes:

1. To educate covered persons or entities about the person's or entity's obligations under this article.

2. To award attorney fees to claimants who file a meritorious complaint with the attorney general and who resolve the complaint without litigation. Added by Laws 1992, Ch. 224, § 4, eff. Jan. 27, 1994. Amended by Laws 2017, Ch. 175, § 3.

**§ 41–1492.10. Prohibition against retaliation and coercion**

**A.** No person may discriminate against any individual because the individual has opposed any act or practice made unlawful by this article or because the individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this article.

**B.** It is unlawful to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of, for having exercised or enjoyed or on account of his having aided or encouraged any other individual in the exercise or enjoyment of any right granted or protected by this article. Added by Laws 1992, Ch. 224, § 4.

**§ 41–1492.11. Examination and courses**

Any person that offers examinations or courses related to applications, licensing, certification or credentialing for secondary or postsecondary edu-

cation, professional or trade purposes shall offer these examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for these individuals. Added by Laws 1992, Ch. 224, § 4.

**§ 41–1492.12. Interpretation of disability and substantially limits; definitions**

**A.** A person shall define and construe a disability in favor of broad coverage of individuals under this article to the maximum extent permitted by the terms of this article.

**B.** A person shall interpret substantially limits consistently with the findings and purposes of the ADA amendments act of 2008 (P.L. 110–325; 122 Stat. 3553).

**C.** An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability.

**D.** An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.

**E.** The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as:

1. Medication, medical supplies, equipment or appliances, low-vision devices, excluding ordinary eyeglasses or contact lenses, prosthetics, including limbs and devices, hearing aids and cochlear implants or other implantable hearing devices, mobility devices or oxygen therapy equipment and supplies.

2. Use of assistive technology.

3. Reasonable accommodations or auxiliary aids or services.

4. Learned behavioral or adaptive neurological modifications.

**F.** The ameliorative effects of the mitigating measures of ordinary eyeglasses or contact lenses shall be considered in determining whether an impairment substantially limits a major life activity.

**G.** For the purposes of this section:

1. "Low-vision devices" means devices that magnify, enhance or otherwise augment a visual image.

2. "Ordinary eyeglasses or contact lenses" means lenses that are intended to fully correct visual acuity or eliminate refractive error. Added by Laws 2010, Ch. 304, § 12.

**ARTICLE 9. F...**

*Article 9, ... sisting of §§ ... added by Lav... August 6, 199...*

**§ 41–1493.**

In this article, quires:

1. "Demonstr... going forward w...

2. "Exercise ... act or refusal t... motivated by a r... exercise is comp... of religious belie...

3. "Governm... agency or politic...

4. "Nonreligi... cludes all memb... tural centers, da... theaters and pla... of size that a g... allows to meet ... ordinance or by...

5. "Person"... institution.

6. "Political ... city, including a ... municipal corp... board, commiss... including a cha... nicipal corporat... local public agen...

7. "Religion-... (a) Means nu... as maximum oc... setbacks, fire c... sewer capacity ... limitations.

(b) Does not i... (i) Synergy w... more desirable.

(ii) The ability... "Suitable ... ally feasible ... venue source ... th respect to t... th relation to ... trict or in a ... ds acceptable

Michael J. Cohn #288721
ASPC Tucson/ Manzanita 3A3L
P.O. Box 24401
Tucson, AZ 86734-4401


1/4/19


ARIZONA State Board of Nursing
1740 W. Adams St. #2000
Phoenix, AZ 85007-2607
Re: J. Kidd, Kimberlee Switzer RN's
attn, D. Hurtado, Sr. Investigator, Complaint Triage Coordinator


Ms. Hurtado:
- Enclosed, please find Exhaustion of all internal department
grievance procedures per ARS §31-341(A)(B). (Inmate Grievance Response).
I allege the following regarding J. Kidd, R.N., Assistant Director of
Nursing and Kimberlee Switzer, Director of Nursing:
1) Violations of Unprofessional Conduct
2) Retaliation (coercion/ Intimidation) against an individual aiding
the disabled (ARS §41-1492.10 (B), ADA TITLE II, Rehabilitation Act §504
                                    42 USC §12132
3) Violation of 5 USC §702 interalia, the administrative procedures act,
Adversely affected/aggrieved and entitled to judicial Review thereof,
4) Attempt to compel me to violate the American Psychological
Association Code of Ethics (Principle E), my former occupation.
- Pending Exhaustion of Internal grievance procedures, I will be
alleging homicide of inmate Sean Cromwell by, Ms. Kidd and

1

Ms. Switzer: This is a related matter to the current complaint as
I believe Kidd/Switzer are trying to silence me to keep the alleged homicide
from being exposed. Also implicated is Abuse/Neglect of a vulner-
able adult (Mr. Cromwell was reportedly wheelchair bound and otherwise impaired).
5) Failure to obtain Certification Licensure as a Nursing Care Institution/
Assisted Living administrator. ARS § 36-446.01 (A)(B)(C).
~ Extensive documentation is enclosed. I have also included
documentation of my legal education (3 certificates) to further establish
my advocacy credentials. I refer to the legal definition of advocacy:
a person who acts in defense of a cause. The cause in this case
is adequate medical care for all inmates, & myself particularly the disabled.
(Merriam-Webster, Dictionary of Law, 2011). 5th+8th amendments U.S. Const.,
Comparable State Const. Article 8. Helling v, McKinny 509 US at 33 (1993).

Facts of the Case

Briefly, as these are set forth in the enclosed documents, I attempted
to bring the issue of the lack of Emergency Call Buttons and
other issues to the attention of Ms. Kidd. Ms. Kidd Refused to discuss
these with me and coerced me in writing to discontinue advocacy
efforts (enclosed). Ms. Switzer, as an accomplice to retaliation,
reiterated this position as Supervisor of Kidd on behalf of
Benjamin Schmid, Facility Health Administrator. The obligation
of an R.N. in this situation is to protect the patients in the
Nursing Care INSTITUTION, not silence the person attempting to
aid them. This by any ethical Standard of any medical profession,
in my informed opinion. The principle of Respondent Superior
implicates Switzer in this matter.

2

Although I voluntarily relinquished my Psychology license in 2014, I continue to adhere to the APA Code of Ethics. Principle E obligates me to safeguard those whose autonomous decision making is impaired as individuals or as a community. In all respects, the law and ethics are on my side in this matter.

## Requested Remedies

1) Suspension of Kidd/Switzer's Licenses pending investigation. In my opinion, their conduct makes them dangerous to patients. They cannot be trusted with our care.

2) Revocation of licenses, permanently, upon completion of investigation, if liable.

3) Report to the Attorney General for further discipline as fines are allegedly implicated per disability statutes. The A.G. enforces these. (ARS § 41-1492, et seq.) See 1492.09.

## Objection to your Letter dated 12/14/18

I object to the fact that you did not send me the names of nurses in Tucson, etc. & their license numbers. This is public information. I intend to do background checks on all medical personnel employed by Corizon Health. I hope to prove that Corizon hires staff with poor records, further exposing inmates to harm.

If your office is concerned about security issues, I point out that Switzer has provided her name and Kidd has provided her initial. It should also be noted that medical personnel assume risk when they work in prison. They sell their soul

3

to the devil (Corizon Health, allegedly) for extra income. There should be no qualms about providing this information to us in light of their exploitation of the taxpayers who may be paying $60,000/year or more for LPN's in correctional Healthcare. Inmates are taxpayers as we pay taxes on all of our commissary purchases. We have the same right to know our caregivers are qualified and legitimate as anyone else. We can't trust Corizon to ensure this as they are already in contempt of the law. 2:12CV601-ROS, doc. 2898.

### Adverse affect / Aggrieved

Per 5 USC 7702 inter alia, I am adversely affected and aggrieved by Kidd/Switzer's actions. If they will treat me like this, a doctor and a "Jailhouse Lawyer," what should one think they are doing to those without self-advocacy skills? I am compelled to protect myself and defend my rights to express myself per the 1st Amendment of the US. Const. (free speech) and comparable state const. articles. As the court has already established that our medical care is systemically inadequate & ADC/Corizon are in contempt of the law, who will stand up for us? 2:12 CV601-ROS et seq. We are compelled to be our own advocates as litigation has been unsuccessful. If we are suppressed, indifferent or sadistic medical care is inevitable as there will be no enforcement of standards. In short, we have no choice, but to increasingly be our own advocates. Nurses have harmed us repeatedly by omission and commission. (Parsons v Ryan, 2:12CV601-ROS. Docs. 1-3067). If the transgressions of Switzer/Kidd are overlooked, what is to prevent future transgressions?

5

## Starting From a Disadvantage

The Arizona Dept. of Corrections cites the National Commission on Correctional Healthcare Standards as the standard for Correctional medical Care. This standard is generally viewed as a lesser standard than the Joint Commission on Accreditation of Healthcare Organizations (JCAHO). Policy D.O. 1100 Inmate Healthcare; Healthcare Services Technical Manual, AZ. Dept. of Corrections, 2010. I have reviewed Both the policy and the technical manual and find them both lacking in comparison to JCAHO standards that I was trained in and participated in. For example, I find No requirement for "Clinical Privileging" of Medical Staff. This requires an employee to provide evidence of their medical school, etc. diploma, their state license and their own malpractice Insurance. Even if one is covered by Corizon's medical Insurance, the obligation of the Insurer is to protect the company, not the individual. It is prudent when working in the medical profession to have one's own malpractice insurance. As inmates, we have no access to such information. Why would we believe Corizon, which has been non-compliant and AZ. Dept. of corrections hire qualified staff? (id. Doc. 2898). The Medical Records Librarian here is not certified.

Thus, we start from a lesser standard than the community standard that we have a Constitutional right to. Self-advocacy to even get to an equivalent standard of care is not an option. It is a requirement. David Fathi, Director of the National Prison Project recently stated that prison health care ranges from nonexistent to "barely adequate" [1] In light of the recent contempt finding (id), we are not even at the barely adequate level. Advocacy is required and should not be interfered with, obstructed or suppressed. Estelle v. Gamble, 439 US 97, 104 sct. (1976).

5

CONCLUSION

For the reasons stated herein, in the enclosed documents and in Parsons, et al. v. Ryan, et al. 8:12cv601-ROS, this honorable board should grant my remedies in all their respects.

- Please obtain all Parsons, et al. v. Ryan, et al. documents as evidence, at State expense.

Respectfully submitted,

Michael J. Cohan, Ed.D.

Dr. Michael J. Cohan, Pro Se
Advocacy/Education/Expert Witness [2][3][4]


(1) CURE, Summer, 2018

(2) Resume' provided to court, et al. in Parsons v. Ryan.

(3) Experience and graduate level training as a healthcare/hospital administrator

(4) A) Privileges at Scottsdale Camelback Hospital (psychologist), expired

   B) Fellow & Diplomate, American Board of Medical Psychotherapists and Psychodiagnosticians, expired.

   C) Certification in the treatment of substance use disorders, American Psychological Association, expired.

   D) Part-time faculty member, Dept. of Psychology in Education, Arizona State University, other part-time positions with local universities.

# 6

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance

| | For Distribution:  Copy of Corresponding Inmate Grievance Resolution must be attached to this response. |

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER |
| Cohn, Michael J. | 288721 |
| INSTITUTION/ UNIT | CASE NUMBER |
| ASPC-Tucson / Manzanita | C14-174-018 |

CORIZON

INMATE GRIEVANCE RESPONSE

Your inmate grievance dated 12-04-18 was received in the Tucson office of Corizon Inmate Health Services on 12-06-18.

Your primary area of concern is regarding feeling threatened.

Your concern has been reviewed by medical and it was determined that you do not have a medical concern in this grievance.  If you, or any other inmate, has a concern about their medical care, they can submit an HNR to medical.

This grievance has been addressed. "In accordance with current policy, this response is final, and constitutes exhaustion of all remedies within the Department."

BS/at (20017)

Please note, per Revised Department Order 802.05, 1.2, pg. 5 - "Specifying the decision of the Contract Facility Health Administrator is final and constitutes exhaustion of all remedies within the Department."

| STAFF SIGNATURE   B. Richey   AFHA | DATE (mm/dd/yyyy)   12/18/18 |

# Federal sanctions alone won't fix prison health care

**Your Turn**
Tiera Rainey
Guest columnist

APP 6/23/18



In an unprecedented ruling on Friday, U.S. Magistrate Judge David Duncan handed down $1.4 million in federal sanctions against the Arizona Department of Corrections and its director, Chuck Ryan.

The agency and Ryan were found to be in contempt of court for failing to ensure that ADC's current for-profit contractor of health-care services, Corizon Health Inc., is providing adequate care to more than 34,000 state prisoners.

We applaud Judge Duncan for finally holding Ryan and Corizon accountable for the cruel and inhumane mistreatment of prisoners, which has led to needless suffering since prison health care was privatized in 2011. However, sanctions alone will not fix this broken system.

The sanctions imposed by Judge Duncan are the result of ADC's years-long legal battle with the American Civil Liberties Union and the class-action suit it

filed against Ryan and ADC in 2012. The *Parsons vs. Ryan* case spotlighted ADC's systemic neglect, high death tolls, and overuse of solitary confinement. ADC reached a settlement with the ACLU in 2015 in which it agreed to not only improve its health-care system, but also required ADC and Corizon to meet 100 health-care performance measures.

When the ACLU brought Ryan and ADC back to court in October 2017, it provided overwhelming evidence of continued negligence by Corizon. The ACLU's witnesses, collected testimonies, and ADC's internal documents showed that health-care units remain understaffed, and prisoners are routinely denied access to essential services and medications, as well as to timely medical referrals. The sanctions are the first real consequences that ADC has faced after years of broken promises to change and improve its system.

Admittedly, ADC-managed health care has always been problematic. But its underlying shortcomings have only worsened with privatized care, which ADC began outsourcing in 2012.

That year, Wexford Health Sources took over ADC's health care, only to have its $349 million contract canceled after a wave of negative press, including a story about a Wexford nurse creating a Hepatitis-C scare after reusing needles on prisoners.

As we at American Friends Service Committee-Arizona, documented in our report, *Death Yards: Continuing Problems with Arizona's Correctional Health-care*, ADC recorded a combined 37 prisoner deaths in 2011 and 2012. When Corizon took over for Wexford in 2013, ADC reported 50 prisoner deaths within Corizon's first eight months on the job.

While hefty sanctions are a symbolic — and welcome — punishment for ADC's negligence and callous disregard for the people it incarcerates, fines are likely to have an adverse effect on prisoners and their families. Through higher service fees for phone calls and commissary, and/or larger cuts to programming and re-entry assistance. More importantly, the sanctions imposed by Judge Duncan do not require ADC to take meaningful actions to address the drivers of its ongoing

health-care crises.

Despite the looming sanctions, ADC renewed Corizon's contract in May for another year and *increased* Corizon's per diem rate by 20 percent, which was rubber-stamped by a joint legislative budget committee earlier this week. ADC has also released a new RFP for a three-year health-care contract to begin in 2019, further perpetuating this vicious cycle by taking bids from companies with equally bad track records who hope to profit off Ryan's malfeasance.

Rather than look for innovative, people-first solutions that could include working with local, public hospitals and universities, ADC chooses more of the same: providing inadequate care to some of our state's most vulnerable.

Judge Duncan's sanctions are themselves an urgent call for change, but apathy is proving to be ADC's only response.

*Tiera Rainey is a program coordinator for American Friends Service Committee-Arizona, which works to reduce the size and scope of the criminal punishment system. Reach her at trainey@afsc.org; on Twitter, @tbiz30.*

**ARIZONA REPUBLIC**

**REPUBLIC** MEDIA

Published daily by Phoenix Newspapers Inc. 200 E. Van Buren St., Phoenix, AZ 85004-0 P.O. Box 1950, Phoenix, AZ 85001. Phone 602-444-8000. Periodicals Postage Paid in Phoenix, AZ 85026.
**Member:** Alliance for Audited Media

**Postmaster:** Send address changes to The Arizona Republic, P.O. Box 1950, Phoenix, AZ 85001.

(ISSN 0892-8711) · (USPS 030-920) · Vol. 129, No. 38

Merchandise or service advertised in *The Republic* is expected to be accurately described and readily available at the advertised prices. Deceptive or misleading advertising is never knowingly accepted. Complaints regarding advertising should be directed in writing to *The Arizona Republic*, Advertising Department, or the Better Business Bureau, 4428 N. 12th St., Phoenix, AZ 85014.

Letters to the editor, opinion columns and articles submitted to *The Arizona Republic* may be published or distributed in print, electronic or other forms. For more information, call us at 602-444-8499.

Executive Editor, Greg Burton
602-444-8797, greg.burton@azcentral.com

Regional President, Advertising, Anthony Bratti
602-444-8701, anthony.bratti@gannett.com

Editorial Page Editor, Phil Boas
602-444-8292, phil.boas@arizonarepublic.com

Community Relations Director, Stacy Sullivan
602-444-8749, stacy.sullivan@arizonarepublic.com

Senior News Director, Josh Susong
602-444-8299, josh.susong@arizonarepublic.com

3 of 3

# ARIZONA DEPARTMENT OF CORRECTIONS
# Inmate Letter Response





| Inmate Letter # | Inmate Name (Last, First, mi) | ADC # | Facility: | Unit: | DateRecd: |
|---|---|---|---|---|---|
| IL-18-0312 | COHN, MICHAEL | 288721 | TUCSON | ASPC-T MANZANITA | 12/17/2018 |

Your correspondence dated 12/10/18 addressed separately to Assistant Director Pratt and Dr. Robertson was received 12/17/18 and forwarded to my office for review and response. You advise that you are writing to request assistance regarding Corizon staff attempts to retaliate against you for your advocacy efforts. You state that your position is clear; that the leaders of the State of Arizona intend to murder as many inmates as they can under the cover of medical neglect. You report the following issues 1) there are no emergency buzzers for patients in HU6, 2) fire alarms have been disconnected, 3) the scabies outbreak has not been eliminated, 4) open clinics have been cancelled against Judge Duncan's order, 5) the ADON refuses to meet with you to discuss your concerns, 6) administrator seems indifferent to the above other than the scabies matter, and 7) you believe a Jewish inmate was the subject of a hate crime. In addition to the above, you report that your attorneys are working to have you released to house arrest so you can obtain your own doctors. You state that you are seeking adequate medical care for yourself and others in good faith. You request that the Corizon staff be instructed to cease and desist retaliation for your advocacy efforts.

The Department of Corrections is concerned for the health and medical treatment of all inmates. Inmate health care was privatized July 1, 2012; the current medical vendor is Corizon Health. The Department created a Monitoring Bureau to follow the medical care and treatment of inmates after privatization of health services effective July 1, 2012. Responsibility and accountability for inmate heath care is demanded now, as in the past.

In researching your medical concerns, I am advised that in accordance with Department Order 916.03, inmates who have questions or problems requiring written responses from Department staff shall use the Inmate Letter, Form 916-1. The Inmate Letter shall be used for all staff/inmate correspondence other than grievances and disciplinary appeals. No other written forms shall be accepted in place of the Inmate Letter. The Inmate Letter may be obtained from the inmate's counselor or other staff member designated by the Warden, Deputy Warden or Administrator.

Your medical concerns have been forwarded to the Corizon leadership at ASPC-Tucson for review and any action deemed necessary. The operational concerns have been forwarded to the ASPC-Tucson Warden for review and action as deemed necessary.

I am sending a copy of this correspondence to Corizon for their additional review and any action considered necessary at this time. It is also being provided to the ADC Health Services Bureau monitor at ASPC- Tucson for further follow up.

_Vanessa Headstream_                                      10/19/18

**Vanessa Headstream, CRN, CCHP, Program**            Date
**Evaluation Administrator, Health Services Contract**
**Monitoring**

**cc: Complex Site Manager, TUCSON**

**c.o. Master File**

Tuesday, December 18, 2018                                             Page 1 of 1

Michael S. Cobb #283721

ASPC Tucson / Manzanita 3A3L

P.O. Box 24401

Tucson, AZ 85734-4401

RECEIVED
DEC 17 2018
HEALTH SERVICES

12/10/18

Dr. Robertson / Richard Pratt

H S M B

1601 W. Jefferson

Phoenix, AZ 85007

        Re: Retaliation

Gentlemen:

    I write to request your assistance regarding Corizon staff's
attempts to retaliate against me for my advocacy efforts. Mr. Pratt,
perhaps recalls meeting with me some 4 years ago after I filed
a complaint with Adult Protective Services (something Dr.
Robertson should be doing). I expect you have been reading
my filings in the Parsons vs Ryan case. My position is clear.
I believe the leaders of the State of prisons intend to murder
as many inmates as they can under the cover of medical neglect.
I stand for the inmates and myself per ARS § 46-1092.10, disability
retaliation, Principle E of the Code of ethics of the American
Psychological Association my occupation and the Bill of Rights
of the U.S. Constitution. As you will see in the attached
documents, FHA Schmid, D.O.N. Switzer & ADON Kidd are

1

trying to silence me. A few points...

1) There are no emergency buzzers for the patients in Bldg. 4U6. This is the equivalent of a skilled nursing facility/hospice. The equivalent standard of care is emergency buzzers as in comparable community facilities.

2) Fire alarms have been disconnected. There have been no fire or evacuation drills for the past 5 years to my knowledge.

3) The "scabies" outbreak has not been eliminated. No follow-up.

4) Open clinics have been canceled against Judge Duncan's order. (Letter from Prison Law Ofc, dated 11/18/18).

5) The ADON, Kidd refuses to meet with me to discuss my concerns.

6) Administration seems indifferent to the above other than the "scabies" matter.

7) I believe Jewish inmate Sam Cromwell was a victim of a homicide/hate crime by medical and security staff.

My attorneys are working to have me released to house arrest so I can choose my own doctors. It has been a 5 year fight but I was finally prescribed Baclofen for the complications of the mass in my sacrum. My mobility improved almost immediately after 2 doses of this. Corizon made me suffer and less mobile than necessary.

I am seeking adequate medical care for myself and others. I act in good faith, which is more than Corizon or ADC do (Parsons v. Ryan, Docs. 2898 & 3057-1),

2

Please instruct Corizon FHA Kidd, Schmid, D.O.N., Switzer, ADON Kidd to cease & desist retaliation for my advocacy efforts. If they are so insecure about me speaking up, I can only infer they know I am correct and are acting defensively.

I have 9 more years on my sentence. If I have to remain in ADC, I will do my best to survive. I have little to lose and I will go down fighting to my last breath if necessary.

Your assistance in this matter is appreciated.

Michael J. Col, Ed.D.

Dr. Michael J. Cohn, Advocate for self & others.


CC: S. Dogek
    S. Scheff      } attorneys for Dr. Cohn
    E. Bruemmer

Legal
Certificates achieved in Prison: Paralegal Studies, Criminal Law
   Civil Litigation, Torts/ Personal Injury, Family Law, Wills/ Trusts/
   Estates.

**ARIZONA DEPARTMENT OF CORRECTIONS**

Requests are limited to one page and one issue.  NO ATTACHMENTS PERMITTED.  Please print all information.

**Inmate Letter**

*This is a Court document of a witness to the Parsons V. Ryan Case, MJC*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT  Tucson) | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Cohn, Michael J. | 288721 | MANZANITA 3432 | 12/7/18 |

| TO B. Schmid, FHA | LOCATION |
|---|---|
| K. Switzer, D.O.N., J. Kidd, ADON | Complex medical/manzanita medical |

State briefly but completely the problem on which you desire assistance.  Provide as many details as possible.

- I allege retaliation by B. Schmid, FHA, K. Switzer, DON, J. Kidd, A.D.O.N. per ARS§46-1492.10, obstructing my efforts to aid the disabled, coercing me to stop such aid and intimidating me to stop advocacy efforts on behalf of inmates in HU Buildings 1B, 4A, 5&6 and any other disabled inmates (interalia), et al. residing in this or any other complex of the Arizona Dept of Corrections, its reentry programs, halfway houses, etc. Retaliation is an illegal act. See Inmate Informal Complaint Resolution Respons m E-C14-18-307. Per Principle E of the American Psychological Association, I am obligated to be aware that special safeguards may be necessary to protect the rights and welfare of persons or communities whose vulnerabilities impair autonomous decision making. ALL inmates are incapacitated by incarceration, especially the disabled (see NVID Report).

- Per 5USC§702 interalia, I am harmed, adversely affected and aggrieved + entitled to judicial review thereof.

- I allege witness tampering of a witness/class plaintiff (Parsons v. Ryan, 2:12CV601-ROS, class action upheld, 9th Cir. (2014), ARS §13-2804, interalia.

  _Remedy_
- Cease and desist obstructing, interalia etc. my advocacy efforts.

CC: S. Dosek, attorney for Dr. Cohn
    Judge Silver, Parsons v. Ryan
    Attorney General, attn. L. Rand, A.A.G.
    Prison Law Ofc., attn. Sara Norman, class action attorneys
    Dr. Robertson, ADC, Health Care Services Monitoring Bureau
    Selected medical staff - MANZANITA UNIT + selected officers.
Note: As I am disabled per ADA TITLE I, I allege retaliation against a disabled person as well. ARS §46-1492, et. seq.

| INMATE SIGNATURE  M.J. C___ Ed.D., Advocate | DATE (mm/dd/yyyy)  12/7/18 |
|---|---|

Have You Discussed This With Institution Staff?  ☑ Yes   ☐ No

If yes, give the staff member's name:  B. Schmid, FHA,    COIV Evans

*Note:*  Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, _Inmate Disciplinary Procedure_.

Distribution:   Original – Master File
                Copy – Inmate

916-1
5/10/17

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson / MANZANITA 3 A3C | 12/4/18 |

| To: Re: | Location |
|---|---|
| COII Evans / J. Kidd ADOW | MANZANITA Admin./medical |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Legal Basis for an inmate to advocate for others.

In addition to 5 USC §702 interalia, et al. Administrative Procedures Act, please be advised of ARS § 41-1492.10 Prohibition against retaliation. (B) It is unlawful to coerce, intimidate, threaten an individual in the exercise or enjoyment of, for having exercised or enjoyed or on account of his having aided or encouraged any other individual in the exercise or enjoyment of any right granted or protected by this article. 41-1492 is the disability rights article.

Therefore, when FHA Schaif & ADOW Kidd assert that I can't advocate for the medical care of other inmates, as in Emergency Buzzers for Building 6, Interalia, etc. they are not only wrong, they are violating the law, allegedly.

Remedy — I request a Vendor Incident Report

I request any and all disciplinary action against FHA Schaif and ADOW Kidd including but not limited to (reassignment) to another ADC complex, Fines, a report to the office of the attorney general, etc.

— I assert I am a victim of coercion/intimidation by both parties. See attached letter from Ms. Kidd.

cc: Judge Silver, Parsons v Ryan

Dir. General Ctr. Lucy Rand, A.A.G.

Prison Law Office, attn: Sara Norman, Esq.

| Inmate Signature | Date |
|---|---|
| M.A.G. E3.0. ADVOCATE | 12-4-18 |

Have You Discussed This With Institution Staff?  ☑ Yes  ☐ No

If yes, give the staff member's name: COII Evans - Townhall

21625

xΘ. ( ) **ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**   C14-307

ISSUE:

Please print all information.

| INMATE NAME (Last, First M I) (Please print) | ADC NUMBER | INSTITUTION/UNIT Tucson | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Cohn, Michael J. | 28874 | Manzanita 3A36 | 11/28/18 |

| TO | LOCATION |
|---|---|
| CGTII Saenz | 14U 3 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Per 5 USC 3702 inter alia, I am aggrieved by J. Kidd, ADCR?
Inmate letter response, I am entitled to Judicial review
thereof (see attached).
Ms. Kidd states that she does not have meetings with inmates
at any point in time. She further states that I am not to
advocate for the care of other inmates. I allege that this
type of hostile attitude is typical of the "Corizon Way."
The penological interest of incarceration is rehabilitation/
being a good community member yet Corizon would obstruct us,
via Ms. Kidd, from being able to assist fellow inmates who believe
they are not receiving adequate healthcare. Why would Corizon
take this position? Per Estelle v Gamble (1976) conditions obvious
to a lay person that are not being adequately treated will be viewed
as "deliberate indifference." Clearly, through established law, we
not only have the right to advocate for fellow inmates, for those
who adhere to the ethical principles of their former or current
profession, it is an obligation (Principle E, Ethics Code of the
American Psychological Assoc.). Yet Ms. Kidd assumes I will
advocate for others, when advocating for others I advocate for
myself as I may at some future point have the same medical needs as
those I advocate for. The risk of future harm to me applies. 8th don't.
                                                     Helling v McKinney 509 US 25 113/1993
Remedies
Court order for Ms. Kidd to meet with me to discuss own medical issues
CC; Judge Silver
    Attorney General
    Prison Law Office

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| [signature] | 11/28/18 |

Have you discussed this with institution staff?  ☑ Yes   ☐ No

If yes, give the staff member name  CGTII Saenz

Distribution   INITIAL   White and Canary or Copies – Grievance Coordinator. Pink or Copy – Inmate
               FINAL   White – Inmate  Canary – Grievance Coordinator File



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| RECEIVED BY Saenz, J |
|---|
| TITLE CoIII |
| BADGE NUMBER S637 | DATE (mm/dd/yyyy) 12-5-18 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Cohw, Michael J. | 288721 | 12/4/18 |

| INSTITUTION/FACILITY | CASE NUMBER C14-174-018 |
|---|---|
| Tucson, MANZANITA 3A3 L | ~~P-11 C14-18-362~~ |

TO: GRIEVANCE COORDINATOR

Description of Grievance (To be completed by the inmate) INFORMAL complaint Response by Switzer Violates ARS§41-1492.10(B) It is unlawful to coerce, threaten, intimidate an individual on account of his aiding a disabled person. I allege coercion, intimidation to suppress my advocacy efforts. Per 5 USC §702 inter alia. I have the right to judicial review if I have been harmed, adversely affected or aggrieved. I am harmed, adversely affected and aggrieved. Attempting to bully an inmate who seeks to improve conditions of confinement per his 8th amendn US Const right is shocking, outrageous and unconscionable.

Proposed Resolution (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)
Terminate 1) Vendor Incident Report
2) Terminate employment of Schma, Switzer, Kidd
3) Per ARS§41-1492.09 - Admin. should send report to the ATTORNEY General.

| INMATE'S SIGNATURE Mo. A. C. | DATE (mm/dd/yyyy) 12/4/18 | GRIEVANCE COORDINATOR'S R.C. | DATE (mm/dd/yyyy) 12/11/18 |
|---|---|---|---|

| Action taken by | Documentation of Resolution or Attempts at Resolution. |
|---|---|

| STAFF MEMBER'S SIGNATURE | BADGE NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|

DISTRIBUTION   INITIAL   White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL   White – Inmate   Canary – Grievance File

802-1
12/12/13



ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Informal Complaint Response

| For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response. |
|---|

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER |
|---|---|
| Cohn, Michael J | 288721 |

| INSTITUTION/ UNIT |
|---|
| ASPC-Tucson / Manzanita |

| FROM | LOCATION |
|---|---|
| Kimberlee Switzer, RN, BSN Director of Nursing | Complex Health Unit **MI-C14-18-302** |

CORIZON
INMATE INFORMAL COMPLAINT RESPONSE

Your inmate informal complaint dated 11/19/18 was received in the Tucson office of Corizon Inmate Health Services on 11/26/18.

Your primary area of concern is House 6 "Buzzers".

Your concern has been reviewed by medical and it was determined and indicated by FHA Schmid, you are not the "advocate" for the yard in regard to medical or otherwise. If you have a concern regarding your medical care or have health concerns of your own please submit an HNR and follow the appropriate procedure.

This informal complaint has been addressed. This has resolved your concern.

KS/ba
2633

| STAFF SIGNATURE | K.Switzer DON | DATE *(mm/dd/yyyy)* |
|---|---|---|
| | | 11/26/2018 |

Distribution:  INITIAL: White and Canary or Copies - Grievance Coordinator; Pink or Copy - Inmate
FINAL:  White – Inmate; Canary - Grievance Coordinator File

802-12
10/16/16

# ARIZONA DEPARTMENT OF CORRECTIONS

**Inmate Letter Response**   *Received 10/27/18 mDC*

For distribution:   Copy of corresponding Inmate Letter must be attached to this response.

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER |
|---|---|
| Cohn, M. | 288721 |

INSTITUTION/UNIT

ASPC-T/Manzanita

| FROM *(Last, First M.I.) (Please print)* | LOCATION |
|---|---|
| Kidd ADON | Medical |

Your IM letter was received and reviewed.

Please note I do not have meetings with Inmates at any point in time. Please also note that you are not an advocate for care of other inmates.

If you have a medical concern for yourself, please place an HNR.

Thank You

STAFF SIGNATURE   *Kidd - ADON*

DATE *(mm/dd/yyyy)*   6/27/18

916-2(e)
5/14/12

Distribution:   Original – Master File
Copy - Inmate



**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Letter

*Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.*

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson / MANZANITA 38 3 2 | 12/10/18 |

| TO | LOCATION |
|---|---|
| D.W. Gelrow | MANZANITA ADMINISTRATION |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Sir - I have received and appealed your inmate grievance response regarding the alleged homicide of inmate Cromwell. As a former healthcare/hospital administrator, I understand and respectfully disagree with your position. In document 2898 of the Parsons v. Ryan case, it is noted that some 40% of inmate deaths are caused or significantly contributed to by healthcare personnel. Some 30% were preventable. -- I have a serious medical condition that could paralyze or kill me. In my almost 5 years in prison I have witnessed a number of inmate deaths, I believe it is the intent of the leaders of this state to murder inmates under the cover of medical neglects whenever possible. I believe Corizon is a willing accomplice. This has been testified to and reported in the media by Dr. Watson who worked for Corizon at EYMAN. I am fighting for my life and my quality of life, as well as the lives & quality of life of my fellows.

I do not do shoddy work. My investigation of the Cromwell death is through and sophisticated. I have sent some 25 pages to Judge Silver of Parsons v. Ryan, the attorney General & the ACLU et al. I am being considered as an expert witness in the case as I am also a forensic examiner. By knowledge, experience and training, I am qualified in all respects to investigate and opine on such matters. My attorneys are working to have me released to house arrest so I can choose my own doctors, I am not a risk to reoffend, escape or create problems, I want to survive prison & will fight to do so.

I am glad to meet & talk with you at any time.

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| M.O.Co., Ph.D. Dr. Michael S. Cohn | 12/10/18 |

Have You Discussed This With Institution Staff?  ☑ Yes   ☐ No

If yes, give the staff member's name: CO2 Evars, Deputy Warden of Operations at Lewis - John Weiss

Note: Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, Inmate Disciplinary Procedure.

Michael J. Cohn #288721

ASPC Tucson / MANZANITA 3A3L

P.O. Box 24401

Tucson, AZ 85734-4401

NINTH CIRCUIT COURT OF APPEALS

| Parsons, et al. | NO. 18-17351 |
|---|---|
| v. | D.C. NO. 2:12CV601-ROS |
| Ryan, et al, | AMENDMENT II to motion for criminal INVESTIGATION OF |
| V, | Fraudulent Schemes; more alleged evidence of Fraud |
| Cohn, APPELLANT | Hon, Justices |

I, Michael J. Cohn, appellant in the above named case respectfully advise this court of additional alleged evidence of Fraud by ADC / Corizon Health, et al. Appellant asserts that he has never seen administrative licenses / certificates of Corizon administrative staffs on units with Nursing care Institutions or Assisted Living facilities per ARS§36-446.01 (A)(B)(C). A nursing care Institution shall not operate in this state except under the supervision of an administrator licensed pursuant to this article, An assisted living facility shall not operate in this state except under the supervision of a manager certified pursuant to this article. It is unlawful for any person who does not have a license or certificate to practice skilled nursing facility administration or assisted living facility administration management or use of any sign, title, card or device indicating that such person is an administrator or manager. The above includes those whose functions and duties are shared with others, as in Director of Nursing and ASSISTANT

Director of Nursing or Correctional Nurse Supervisor or ASSISTANT Correctional Nurse Supervisor

I assert that all ADC complex IPC (Infirmary) facilities and all Special Housing Units (SHU) are defined as Nursing Care facilit Institutions or Assisted Living Facilities. It is possible, although probably for the court to decide, if all housing Units in ADC would be considered Assisted Living Facilities under/per this statute. ARS § 36-401 et seq. This UNIT, HU 1-B; HU 4A, HU5, HU6 are Nursing Care Institutions allegedly or Assisted Living Facilities as those housed in these are profoundly or severely disabled

APPELLEE Obligation

It is the obligation of the Appellee to produce the licenses described herein Per 5 USC § 702 inter alia (Administrative Procedures Act), I assert I am adversely affected by fraud, harmed by fraud and aggrieved of fraud by ADC, Corizon, et al., as set forth in the Opening Brief (memorandum of Points & authorities) in this instant case, I am further harmed by the betrayal of trust in the administrators, Schmid, FHA, Switzer, D.O.N. and Kidd, A.D.O.N who have attempted to Silence me. (See Motion for Sanctions per ARS § 41-1492.10, 2:12601-ROS). Per ARS § 13-2310 this appears Prima Facie to be a further act of fraud in furtherance of the initially documented fraudulent scheme of unlicensed medical care.

Factor for Consideration

ADC/Corizon should suspend the administrators pending criminal Investigation. Inmates cannot trust them to provide proper care. Contempt for the law once again is at issue Corizon/ADC's pattern of contempts continues to irreparably

2

harm all inmates and should not be tolerated by this honorable court. How many crimes must ADC/Corizon commit before there is a meaningful intervention by the court?

Unless Mr. Schmid can produce a Nursing Care Institution Administrator License and Assisted Living Facility License certificate his title is illegal. Facility Health Administrator is all inclusive and incorporates the above. By shared functions and duties, Switzer D.O.N. and Kidd, A.D.O.N., must not indicate they are an administrator or manager. (See attached Inmate Informal Complaint Resolution).

The negligence of ADC in this matter is outrageous. It should not fall to an inmate to have to hold the entirety of ADC/Corizon accountable for obeying the law. Only a Federal Intervention has a chance at remedying this situation.

For the reasons stated herein and the prior submission, the court should grant this motion for criminal investigation in all its respects.

Respectfully submitted,                        Date: 12/26/18

Michael J. Cohn, Ed.D., appellent, Pro Se

Dr. Michael J. Cohn                            Copies to:  on: 12/27/18
                                               Clerk of the US Dist. Ct.
                                               401 W. Washington
original mailed to!   on: 12/27/18             Phoenix, AZ 85003

Clerk of the Ninth Cir. Ct. of Appeals         Attorney General.
                                               1275 W. Washington
                                               Phoenix, AZ 85007
P.O. Box 193939

San Francisco, CA 94119-3939                   Prison Law Ofc.
                                               General Delivery
                                               San Quentin, CA 94964



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

*Complaints are limited to one page and one issue.*
*NO ATTACHMENTS PERMITTED.* *Please print all*
*information.*

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Unit TUCSON) | Date |
|---|---|---|---|
| Cobw, Michael  J. | 288721 | MANZANITA | 12/26/18 |

| To | Location |
|---|---|
| COIII Saenz | HU3 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

1) Issue: I allege fraud by Benjamin Schmid, FHA, Kimberly Switzer, D.O.N. and J. Kidd, A.D.O.N., Per ARS § 36-446.01 (A) A nursing care institution shall not operate in this state except under the supervision of an administrator licensed pursuant to this article.

(B) An assisted living facility shall not operate in this state except under the supervision of a manager certified pursuant to this article.

(C) It is unlawful for any person who does not have a license or certificate to practice skilled nursing facility administration or assisted living facility management or use any sign, title, card or device indicating that such person is an administrator or manager. ARS 36-446

2) The above includes those whose functions and duties are shared w/others as in D.O.N. and A.D.O.N.

3) I assert that the Complex IPC, MANZANITA HU 1B; HWYA, HU5 and HU6 are defined as "nursing care institutions" or assisted living facilities. ARS § 36-401 et seq.

   Requested Remedies

1) Provide the required licenses for my inspection in the presence of COIII Saenz or COIII Evans. Obtaining a license post this date is a cover-up.

2) Per 608.02.1.2, Please submit this document to C.I.U. for possible criminal investigation.

3) Judicial review per 5 USC § 702 inter alia.

| Inmate Signature  4) Transfer all inmates effected to community. | Date |
|---|---|
| M.J. Cobb EdD- Dr. Michael J. Cobb, Advocate | 12/26/18 |

CC: Judge Silver, Attorney General, Prison Law Office 2:12 CV601-ROS

| Have You Discussed This With Institution Staff?   ☐ Yes   ☑ No |
|---|
| If Yes, give the staff member Name: |

To: ms. pedraia

From: Michael J. Cohn #288721 MGC

Date: 11/23/18

Re: Corizon Health's intent to neglect severely disabled inmates

Please see the attached INFORMAL complaint Resolution. Perhaps you are familiar with Housing UNIT 6 at MANZANITA. ADC calls it a "Specialized Housing UNIT." However it houses bed ridden, severely disabled and terminally ill patients. ANY reasonable person would consider it a nursing home.

Inmates are entitled to the equivalent standard of care to that in the community. To my knowledge, all nursing homes have emergency buzzers for the patients. HU6 does not have emergency buzzers for patients. Mr. Schmid clearly is indifferent to this issue or worse. This exposes patients and staff to unreasonable risk.

I will only send you information of serious nature. I know you are busy and I do not want to bother you with routine problems.

* URGENT. It has been verified that ADC/HQ has disconnected fire alarms on all prison units. Reportedly, the cost of paying fines is less than the cost of updating the system to meet code. The last inspection of the Manzanita fire prevention system was 2013. This is outrageous. The bosses in Phoenix are exposing inmates and staff to unreasonable risk and not even telling us. Please feel free to verify this information. It has been reported to Manzanita admin.



# Blackstone Career Institute

Est. 1890

### Awards this Certificate in

## Civil Litigation

upon

## Michael Cohn

who has fulfilled all the requirements prescribed by the School and is entitled
to all of the honors, rights and privileges thereunto appertaining.

In Testimony Whereof this recognition of achievement is

### Given this 22ⁿᵈ Day of September 2015

President

*Valerie L. Behrle* B.S., M.Ed.
Director of Education





38 of 38

# Blackstone Career Institute

*Est. 1890*

Awards this Certificate in

## Personal Injury/Torts

upon

## Michael Cohn

who has fulfilled all the requirements prescribed by the School and is entitled
to all of the honors, rights and privileges thereunto appertaining.

In Testimony Whereof this recognition of achievement is

Given this 17th Day of November 2015

President

Valerie A. Sehre   B.S., M.Ed.

Director of Education



**Blackstone Career Institute**

Est. 1890

Awards this Certificate in

Criminal Law

upon

Michael Jay Cohn

who has fulfilled all the requirements prescribed by the School and is entitled
to all of the honors, rights and privileges thereunto appertaining.

In Testimony Whereof this recognition of achievement is

Given this 23rd day of June 2015

_____
President

Valerie L. Behrle B.S., M. Ed.
Director of Education

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue.

Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson 1 Manzanita 3b32 | 1/7/19 |

| TO | LOCATION |
|---|---|
| COIII Saenz | HU3 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Per 5 USC§ 702 interalia, etal., I allege the following by J. Kidd, K. Switzer
1) Deliberate indifference (Parsons, et al. v. Ryan, et al. 2:12 CV 601-ROS)
2) Unprofessional conduct (#2, state Bd. of Nursing)
3) Retaliation (ARS§ 41-1492.10)
4) attempted murder by Neglect (Parsons v. Ryan, id.)
- On 12/26/18, Nurse Practitioner Warren ordered that I have
blood pressure checks 3x/wk for 2 weeks, I have had none to date.
- I allege Kidd, ADON & Switzer DON, intend to Neglect my care in
hopes I will have a fatal cardiac event, in retaliation for my
advocacy efforts and complaints against them. Similar incidents
are well-documented in Parsons v. Ryan, id.(1) as they supervise
the Nursing staff by the doctrine of Respondent superior they
are responsible for ensuring that provider orders are followed,
Note! I met Switzer on 1/3/19 She refused to talk to me.
Remedy
1) Blood pressure checks as ordered.
2) D.O. 601 investigation for retaliation
3) D.O. 608 investigation for attempted murder/lesser included
offenses.
(1) See Parsons, et al. v. Ryan, et al. Doc. 2898. 8 of 18 deaths were
caused by or significantly contributed to by medical staff.


CC: Judge Silver
attny. General
Prison law Ofc.

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| M.J.Cole, Ed.D, Dr. Michael J. Cohn | 1/7/19 |

Have you discussed this with institution staff? ☑ Yes ☐ No

If yes, give the staff member name: M.S. Warren, NP

Distribution: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14