THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE <u>CIV LR 5.4</u>
(Rule Number/Section)

FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 17 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ SS ___ DEPUTY

Michael J. Colon #288721
ASPC Tucson/Manzanita 3A3L
P.O. Box 24401
Tucson, AZ 85734-4401

CV-12-00601-PHX-ROS

UNITED STATES DISTRICT COURT, ARIZONA

| Parsons, et al. | Ninth Cir. 18-17361 |
| v. | D.C. 2:12cv601-ROS |
| Ryan, et al. | 2nd supplemental submission in support of motion for sanctions. |
| v. | |
| Colon, Pro Se | Hon. Roslyn O. Silver |

I, Michael J. Colon, advocate/appellant/class plaintiff in the above captioned case, respectfully submit a 2nd supplement in support of my motion for sanctions. As set forth in the attached Informal complaint resolution and inmate letters, I add attempted murder, deliberate indifference, fraud, gross negligence and unprofessional conduct to my existing allegation of retaliation/coercion/intimidation. I also submit the names Ms. Anthony, LPN, Ms. Gil, RN and Ms. Turner, RN as witnesses. I also submit the name Wareese Muzzakir, inmate as a witness.

<u>Facts</u>

On 12/26/19, NP Warren ordered blood pressure checks 3x/wk. for 2 weeks as my blood pressure has been elevated and I have been on medicine for this for about a year. I was not checked for blood pressure. The order expired on 1/9/19. On 1/11/19 I submitted an HNR requesting a cardiology consult, noting I had not received BP checks as ordered. I was seen that day by RN Turner who indicated that the computer system did not alert the nursing staff that I had an order for BP checks. I made no comment. The new series of

1

BP checks was scheduled for Saturday, Tues. and Thursdays for 3 weeks x3. On 1/12/19 at 3pm I went to medical and asked Ms. Anthony, LPN about the BP checks. She indicated Ms. Gil had submitted the first order, which expired on the 9th. I was confused about this as Ms. Gil was not involved to my knowledge. Ms. Anthony made sure the record was correct for the new series, stating that Ms. Turner entered the order incorrectly. She then took my BP.

Today, about 2pm, I asked Ms. Gil in the presence of Mr. Muzzakir and LPN C? about her entry. She stated that when she inputs orders she enters them on the treatment line so the nurses can see them the next day. I asked if they do this? She said yes and I should talk to Ms. Kidd about it tomorrow. I had indicated earlier that I did not get the BP checks. I stated that Ms. Kidd refuses to talk to me. Ms. Gil asked why and I stated that because I am accusing her of attempted murder. Mr. C LPN then said to her, let's go and they went inside the medical unit.

Ms. Gil's statements contradict the statement of Ms. Turner who indicated a computer deficiency is the problem. I infer that Ms. Kidd instructed or otherwise suggested that Ms. Turner tell me this as a cover-up.

### Conclusion

The cumulative evidence of retaliation, inter alia, etc. so far submitted is substantial evidence of misconduct. Witnesses have been present to some or all events I have submitted. Written evidence of retaliation via inmate letter and grievance responses has been submitted. Unless the state can

2

provide a substantial rebuttal in this matter, the facts support my allegations. For the reasons stated herein, and in the prior submissions, the court should grant my request in all respects.

Respectfully submitted,                         Date: 1/13/19

*Michael J. Cohn, Ed.D.*

Dr. Michael J. Cohn
Advocacy/Education Expert Witness


Original mailed to:    on:
Clerk of the U.S. Dist. Ct.
401 W. Washington #130-SPC-1
Phoenix, AZ 85003


Copies to:    on:                    Sara Norman
Clerk of the Ninth Cir.              Prison Law Off.
Ct. of Appeals                       General Delivery
P.O. Box 193939                      San Quentin, CA 94964
San Francisco, CA 94119-3939


Attorney General
1275 W. Washington
Phoenix, AZ 85007

3

**ARIZONA DEPARTMENT OF CORRECTIONS**
**Inmate Letter**

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson / Manzanita 3A3C | 1/9/19 |

| To: | Location |
|---|---|
| Richard Pratt, HCSMB | ADC, 1601 W. Jefferson, Phoenix, AZ 85007 |

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

Issue: attempted murder by nursing staff (alleged).
 Please see the enclosed Inmate Informal Complaint Resolution alleging deliberate indifference, unprofessional conduct, retaliation, attempted murder.
 As set forth therein, the provider ordered blood pressure checks 3x/week for 2 weeks, on 12/26/19. I have received none. Ms. Kidd, A.D.O.N. and her supervisor, Kimberlee Switzer, D.O.N. are responsible for ensuring doct provider orders are followed. I allege they intentionally neglected me, hoping I will have a fatal cardiac event in retaliation for my complaints against them. I request a retaliation investigation and a criminal investigation per policies 601 & 608. I will be sending copies of this to Judge Silver, the A.G. and the Prison Law Ofc. I will send a copy to my lawyers and the Governor's Ofc.
 Please do due diligence in this matter!
AMENDMENT as of 1/11/19
 Ms. Turner, RN told me today during an appointment to address my BP that Ms. Warren's order for BP checks was not transmitted to the nursing staff. Emos apparently does not have that app. Therefore, I am adding gross/criminal negligence to the allegations above. It is the nursing supervisor's obligation to ensure the MIS system does not result in interruptions in patient care. They knew this and wantonly disregarded it.

| Inmate Signature | Date |
|---|---|
| M.J. Cohn, Ed.D. | 1/9/19 |

Have You Discussed This With Institution Staff? ☒ Yes ☐ No
If yes, give the staff member's name: Cott Saenz

**ARIZONA DEPARTMENT OF CORRECTIONS**
**Inmate Letter**

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 285721 | TUCSON / Manzanita 3A32 | 1/9/19 |

| To: | Location |
|---|---|
| D.W. Goiron | Manzanita Admin |

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

Re: Retaliation Statutes/Policies

To avoid any confusion in future grievances pertaining to Retaliation I will include all of the following:

- 5 USC §702 inter alia - Administrative Procedures Act. ∮F I am harmed, adversely affected or aggrieved by agency action.
- 1st Amndt. U.S. Const. - Free Speech
- 5th Amdt. U.S. Const - Double Jeopardy
- 8th  "    "   "  - Freedom from cruel & unusual punishment
- ADA - 42 U.S.C. §12132 Prisons are public entities as they are "instrumentality of the State. 42 U.S.C. §12132(1)(B).
- Rehabilitation Act of 1973 §504  29 USC §794(a), et seq.
    Federal Law supercedes State Law & Regulations per the Equal Protections Clause of the 14th Amndt. U.S. Const.
- ARS §41-1492 et seq. Disability, sec. 10.
- ARS §46-451-457 - Adult abuse/neglect/Exploitation.
- 42 U.S.C. §1997(a) - Retaliation by Prison officials.
- D.O. 608, 02.1.2 - Crime of staff operations on premises
        et. seq.
- D.O. 601 - Retaliation against an inmate
- Other, not yet stated.
    Please contact me if you have any questions.

Inmate Signature: M.J. Cohn
Date: 1/9/19

Have You Discussed This With Institution Staff? ☑ Yes  ☐ No
If yes, give the staff member's name: D.W. Goiron, COIV Evans

Distribution: White - Master Record File   Canary - Inmate      916-1  5/13/10

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

**Inmate Name (Last, First M.I.):** Cohn, Michael J.
**ADC Number:** 288721
**Institution/Unit:** Tucson / Manzanita 3A3L
**Date:** 1/12/19
**To:** J. Kidd
**Location:** Manzanita Medical

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Issue: Gross Negligence (see Informal Complaint Resolution of 1/7/19)
I send this to you as a courtesy so I can fully explain why I am aggrieved.

- During my appointment yesterday w/ Ms. Turner, RN, she explained to me that the EMOS computer program does not alert the nursing staff to provider orders. This [is] why I did not receive the BP checks as ordered.

- Gross or criminal negligence implicates reckless or wanton disregard for risk. It seems nursing staff knows of this EMOS deficiency. The question becomes, "why has the deficiency in the patient management Information System not been corrected?" It is no secret that delays in providing care may harm patients. Clearly, the responsibility for this negligence rests on Mr. Schmid, FHA, but is a shared responsibility with nursing supervisors. Nursing supervisors should be diligent in eliminating gaps or delays in the provision of care. Patient interests are the priority!

- I have read about 1000 pages of the Parsons vs Ryan Class Action case. EMOS deficiencies are well-documented in the suit. This particular deficiency clearly impacts quality of care. It is OUTRAGEOUS that it continues.

- Therefore, I am adding Gross Negligence to the ICR of 1/7/19 in addition to deliberate indifference, retaliation, unprofessional conduct and attempted murder. Please bring this issue to the monthly CQI meetings. I respectfully remind you that in addition to my Board Certified Clinical background I have experience and formal training training in healthcare/hospital administration. I am qualified in all respects to express my opinions on these matters. cc; Judge Silver, AHCC, General, etal.

**Inmate Signature:** M.J.Cl, Ed.D. Advocacy, Education, & Expert Witness
Dr. Michael J. Cohn
**Date:** 1/12/19

**Have You Discussed This With Institution Staff?** ✓ Yes
**If yes, give the staff member's name:** Ms. Turner, RN, CO III Saenz, CO IV Evans

Distribution: White - Master Record File    Canary - Inmate

916-1
5/13/10

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Resolution    C14

*Complaints are limited to one page and one issue.*
*Please print all information.*

**INMATE NAME** (Last, First M.I.) (Please print): Cohn, Michael J.
**ADC NUMBER**: 288721
**INSTITUTION/UNIT**: Tucson / Manzanita 3B32
**DATE** (mm/dd/yyyy): 1/7/19

**TO**: COIII Saenz
**LOCATION**: HU3

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

Per 5 USC § 702 inter alia, et al., I allege the following by J. Kidd, K. Switzer:
1) Deliberate indifference (Parsons, et al. v. Ryan, et al., 2:12cv601-ROS)
2) Unprofessional conduct (AZ. State Bd. of Nursing)
3) Retaliation (ARS § 41-1492.10)
4) Attempted murder by neglect (Parsons v. Ryan, id.)

- On 12/26/18, Nurse Practitioner Warren ordered that I have blood pressure checks 3x/wk for 2 weeks. I have had none to date.
- I allege Kidd, ADW & Switzer DON, intend to neglect my care in hopes I will have a fatal cardiac event, in retaliation for my advocacy efforts and complaints against them. Similar incidents are well-documented in Parsons v. Ryan, id. As they supervise the nursing staff, by the doctrine of respondeat superior they are responsible for ensuring that provider orders are followed.
Note: I met Switzer on 1/3/19. She refused to talk to me.

Remedy
1) Blood pressure checks as ordered.
2) D.O. 601 investigation for retaliation
3) D.O. 608 investigation for attempted murder/lesser included offenses.
4) See Parsons, et al. v. Ryan, et al., Doc. 2898. 8 of 19 deaths were caused by or significantly contributed to by medical staff.

cc: Judge Silver
Atty. General
Prison Law Ofc.

**INMATE SIGNATURE**: M. Cohn, Ed.D, Dr. Michael J. Cohn
**DATE** (mm/dd/yyyy): 1/7/19

Have you discussed this with institution staff? ☒ Yes ☐ No
If yes, give the staff member name: MS. Warren, NP

Distribution: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter** — Witness/court document.

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

Inmate Name (Last, First M.I.): Cohn, Michael J.
ADC Number: 288721
Institution/Unit: Tucson/Manzanita ASPC-~~LEWIS-STINER~~ 3n2
Date: 1/13/19

To: J. Kidd
Location: Manzanita medical

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

According to Ms. Gill who I spoke with today, about 2pm, she entered my BP checks on the treatment line. She stated that the nurses read the treatment line the next day. The question exists, why did I not get the BP checks from 12/26 - 1/9/19? Ms. Anthony stated that Gil entered the order. You are responsible to ensure the provider orders are followed. I now add fraud to my allegations as Ms. Turner led me to believe the gap in tx. was due to a computer deficiency & Gil entered the data manually. I can readily infer that you directed Turner to mislead me. I will be adding this document to my grievance process, etc.

cc: Judge Silver, Parsons et al. v Ryan, et al. v, Cohn
Attorney General
Prison Law Ofc.
witnesses: C., LPN, I.M. Muzzakir

Inmate Signature: M. J.C., ED-
Date: 1/13/19

Have You Discussed This With Institution Staff? ✓ Yes ☐ No
If yes, give the staff member's name: Pulley, LPN, Gil, RN

Distribution: Original - Master Record File
Copy - Inmate

916-1
5/14/12