THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE CIVLR 5.4
(Rule Number/Section)

Michael J. Cohn #288721
ASPC Tucson/Manzanita 3A3L
P.O. 24401
Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

Parsons, et al.         | Ninth Cir. 18-17351
v.                      | D.C. 2:12cv601-ROS
Ryan, et al.            | Supplemental Submission; 4th Supplement to Preliminary
v.                      | Investigative Report of Death of Inmate Cromwell
Cohn, Pro Se            | Hon. Roslyn O. Silver

I, Michael J. Cohn, Advocate/apellant/class Plaintiff, respectfully submit the attached report. The ultimate issue is this... ongoing contempt for the law by ADC/Corizon and betrayal of clients by counsel for Plaintiffs. I will continue to investigate this matter and report my findings to the court, et al. As set forth in the attached report, I assert counsel for Plaintiffs should pursue reopening the investigation of Cromwell's death.

Respectfully submitted,

Michael J. Cohn, Ed.D.

Dr. Michael J. Cohn
Advocacy/Education/Expert Witness

original mailed to:      on: 1/17/19          copies to:  on 1/17/19
Clerk of the U.S. Dist. Ct.                  - attorney General
401 W. Washington #130-SPC-2                 1275 W. Washington
Phoenix, AZ 85003                            Phoenix, AZ 85007
                                             - Prison Law Ofc.
                                             General Delivery
                                             San Quentin, CA 94964

1

Michael J. Cohn #285721
ASPC Tucson / Manzanita 3A3L
P.O. Box 24401
Tucson, AZ 85734-4401

Supplement #4 to Preliminary Investigative Report of the Death of Inmate Sean Cromwell, a Jewish Inmate. Submitted to the Prison Law Office. 1/15/19

I met with Lt. Hansen of the SSU, on Monday 1/13/19. I have met with Officer Rojas in the past, but he will be in tomorrow. I reviewed my knowledge of the case with Lt. Hansen. Lt. Hansen provided some insights. To briefly review this matter I will highlight the issues.
1) Mr. Cromwell was disabled, wheelchair bound and in severe pain.
2) Medical staff reportedly viewed him as a pill-seeking nuisance.
3) Lt. Hansen stated that Cromwell was a known narcotics abuser and implied this apparently was a factor in his death.
4) Cromwell was reportedly given an injection of Toridol about 15-30 minutes prior to collapse, but was reportedly not kept under observation in the medical unit per standard of care.
5) Nurse Broadwater per CO IV Evans was present on the unit, but refused to give aide after being notified of Cromwell's collapse by inmates.
6) Officer Boteo provided chest compressions, but no breathing assistance. Lt. Hansen states this is policy

1

until medical staff arrive.

7) Boteo refused to allow inmates to assist. Lt. Hansen states this is also per policy. (I did not tell Lt. Hansen that the inmate(s) were red cross certified).

8) Narcan was not administered. Lt. Hansen states Narcan is optional. (If Cromwell was known to staff to be a Narcotics user, it was not optional in my opinion).

9) I made the point that it is Security/medical staff's obligation to prevent/protect Cromwell from Narcotics abuse. Lt. Hansen refuted, stating words to the effect that I would lose on this issue as precedent is that staff cannot supervise one inmate 24 hours a day. (I did not argue this point, however, I will research case law to verify, I am skeptical). ADA applies.

10) I made the point that if my argument in the ninth Cir. prevails and a criminal Investigation of Contempt of Business License verifies guilt on the part of Corizon/ADC/Fraudulent scheme, every inmate death since Corizon signed the contract is a felony murder.

11) Lt. Hansen indicated that I seem to have things moving in this matter. He wondered what I needed SSU for, I indicated that I believe Criminal Investigations Unit, et al. are overlooking staff misconduct. I want a criminal investigation as anti-semitism on the part of Boteo, Broadwater and Kidd, et al. has not been investigated. Their peers need to be questioned as well as their computer activities need to be examined.

12) My civil attorney, Scott Dosek met with me today at MANZANITA visitation room. We agree on what is required in this matter.

<u>Betrayal of Clients by Counsel for Plaintiffs</u> —
Per Model Code, ER 1.3, diligence, counsel for plaintiffs in 2:12cv601-ROS in my opinion has betrayed their own clients. By wantonly abandoning pursuit of this matter and obstructing my efforts to obtain justice for Mr. Cromwell and all inmates, counsel for plaintiffs appears to connive with ADC/Corizon, overlooking staff misconduct. This is unconscionable and worthy of sanctions. Mr. Dosek is admitted to practice before the 9th Cir. and the U.S. Supreme Ct. We will be discussing this in future meetings.

— In my opinion, it is the best interests of all inmates and future inmates that Counsel for plaintiffs reopen the investigation of Mr. Cromwell's death and pursue it to its ultimate conclusion. We cannot trust that Boteo, Kidd, et al. will properly care for us. Yet they are allowed to work on this unit and Boteo mostly in HU5 where the Cromwell death occurred. Despite my objections, MANZANITA administrators harbor murder suspects and expose inmates to unreasonable risk of harm. Deputy Warden Gerron stated to me that since there is no finding of wrongdoing there is nothing he

can do. I view this as "deliberate indifference."

### When Deviation from Policy is Necessary

The connivance in this matter by CIU, ADC & SSU is this. Policies are guidelines. (an overall plan, principle or guideline; Merriam-Webster Dictionary of Law, 2011). When circumstances require it, deviation is necessary. The bottom line is this... When Broadwater refused to aide, Boteo should have deviated from policy and provided Cromwell with breathing assistance or let inmates assist as it was reportedly obvious to lay persons Cromwell was not breathing. He should have also told inmates to get the defibrilator. In short, Boteo manifested poor judgment for the circumstances. He followed policy to the letter, which I allege, along with Broadwater's criminal negligence murdered Cromwell. He should also have obtained Narcan from medical given Cromwell's reported history of narcotic abuse, apparently known to staff.

### Homicide, no matter how you slice it —

I assert, in my informed/educated opinion, Cromwell's death was a homicide by any definition. At best, negligent homicide is implicated. At worst, 2nd degree murder is implicated. Broadwater, Boteo, Colston and Kidd (supervisor of Broadwater), in my mind are suspects until I am satisfied they are not. Hate crime has not been ruled out. A criminal investigation by an independent law enforcement agency is justified.

4

I would like it to be known, I would pursue any other inmate's death as vigilantly as I have Cromwell's if asked. We cannot rely on Counsel for Plaintiffs to do due diligence on these matters. How many times have we been betrayed? I shudder at the thought!

Please reopen the investigation of Mr. Cromwell's death. It's the least you can do!

*Michael J. Cohn, Ed.D.*

Dr. Michael J. Cohn
Advocacy/Education/Expert Witness

CC: Judge Silver
    Attorney General
    Richard Pratt
    Scott Dosek

Cohn #286721                                                           1/15/19

Addendum to Supplement #4, Death of Cromwell:

Additional thoughts on Cromwell's reported narcotic use/abuse
It seems that ADC/CIV are intent on blaming the victim in this matter rather than taking responsibility for staff misconduct. I allege "malpractice" if not "deliberate indifference" on the part of Corizon. Knowing Cromwell had severe pain, was he sent to a pain clinic for management by epidurals or other alternatives to pain medication? According to NP Salas, Corizon opts for pain meds rather than alternatives/non-medical interventions. I have asked for physical therapy myself and been denied more than once. Did utilization management ever review his case? Was his case brought to the CQI committee for review? If not, why not? If so, was there adequate follow-up? Was he counseled on narcotic use? Was his pain medicine dose adjusted? If so, how many times? Was he at the maximum dosage? These are all questions for a criminal investigation.

I respectfully remind your office that I had certification in the treatment of Substance Use Disorders by the American Psychological Association. I am qualified in all respects to address these points by knowledge, training and experience.

      Michael J. Cohn, Ed.D.

Dr. Michael J. Cohn
Advocacy/Education/Expert Witness

AUTHORITY
Mushlin, M. The Rights of Prisoners, chapter on "Medical Care" West, 5th Ed. 2018.

6

Addendum #2   Death of Cromwell
Failure to Protect

The question of whether or not ADC/Corizon had a duty to protect Cromwell from injuring himself by narcotic abuse is at issue. Staff reportedly knew of his narcotic use. (Addendum I. "Possible Deliberate indifference" was found in such a case contradicting Lt. Hansen's belief that ADC is not liable for such protection. (Thompson v. Upshur County, Texas, 245 F.3d 447, 458-959, (5th Cir. 2001).

The lack of prison drug addiction treatment program is unconstitutional per Palmigiano v. Garrahy, 443 F. Supp at 971-973. Similarly, the failure to provide drug and alcohol treatment "contributes to the totality of conditions which make degeneration probable and self-improvement unlikely." Ramos v. Lamm, 485 F. Supp. 122, 146 (D. Colo. 1980) aff'd in part, vacated in part on other grounds 639 F.2d 559 (10th Cir. 1980). Was Cromwell provided a drug treatment program? Unlikely, in my opinion. In fact, prison officials could have required Cromwell participate in drug treatment. Ross v. Keelings, 2 F. Supp. 2d 810, 815-20 (E.D. Va 1998).

Per the Americans with Disabilities Act Title II, I allege Cromwell had a right to drug treatment as an equivalent program or service to those available in the community. ARS§ 41-1492 et seq. "Disability." (Disparate treatment, Disparate Impact). Briefly, ADC/Corizon had a "duty to treat/protect" an inmate who was reportedly a known drug user/abuser.

Michael J. Cohn, Ed.D.
Dr. Michael J. Cohn