THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE **LRCiV 5.4**
(Rule Number/Section)

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 28 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _AMP_ DEPUTY

Michael J. Cohn #288721
ASPC Tucson / Manzanita 3A32
P.O. Box 24401
Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

| Parsons, et al. | Ninth Cir. - 18-17351 |
| v. | D.C. 2:12CV601-ROS |
| Ryan, et al. | Supplement 3 in support of motion for sanctions, etc. |
| v. | |
| Cohn, Pro Se | Hon. Roslyn O. Silver |

I, Michael J. Cohn, class plaintiff/advocate/appellant in the above named case respectfully submit additional documentation of retaliation by J. Kidd, RN, ADOW and K. Switzer, D.O.W. (Interference with advocacy for self and others. As set forth in the attached Inmate Informal Complaint Resolution, etc., I allege interference with my efforts to defend the cause of adequate medical care for myself, the disabled and able-bodied inmates, per the 1st amdt. U.S. Const., ADA, TITLE II, 42 USC §12213, et seq, ARS §41-1492.00 et seq, 42 USC §1997 & 1983, etc., inter alia, et al. J. Kidd, supervised by K. Switzer restricted my ability to send her correspondence with no explanation or attempt at conflict resolution. Per 5USC §702 inter alia, I am adversely affected and aggrieved and entitled to judicial review thereof. This is just another example of Corizon Health's hostility towards inmates and contempt for the law of prisoner rights.

For the reasons stated herein, therein and in prior submissions, this honorable court should grant my motion for sanctions in all respects.

Note: Attached also is documentation of Exhaustion of internal remedies re:

1

the death of inmate Cromwell.

Respectfully submitted,                    Date: 1/24/19

Michael J. Cole, Ed. D.

Advocacy/Education/Expert Witness
                                Service

Original mailed to:   on: 1/25/19

Clerk of the U.S. Dist. Ct.

401 W. Washington #130-SPC-1

Phoenix, AZ 85003


Copies to:   on: 1/25/19

Clerk of the Ninth Civ. Court of appeals

P.O. Box 193939

San Francisco, CA 94119-3939


Attorney General

1275 W. Washington

Phoenix, AZ 85007


Prison Law Ofc.

General Delivery

San Quentin, CA 94964

Attn: Sara Norman

2

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue.

Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Cohn, Michael J. | 285721 | Tucson / Manzanita | 1/18/19 |

| TO | LOCATION |
|---|---|
| COIV Sarao | HU3 |

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

Retaliation by J. Kidd, ADOW (more evidence). Pursuant to 42 USC § 1983, 1st, 4th, 5th & 14th Amdt, U.S. Const. ARS 41-451-457, 42 USC § 1997. Interference with advocacy for self and others, ARS§ 41-1492 et seq. sec. 10, 42 USC § 12213 et seq sec (1)(B). D.O. 603 Attachment "C", conduct unbecoming a staff member. 5 USC § 702 inter alia

Facts:
Today, at about 12pm, I was delivered a memo from D.W. Gervan indicating J. Kidd refused to receive mail from me, etc. Dated 1/15/19. I indicated to Sgt. Gonzalez & C.O. Romero that I would not sign until I discussed this w/my attorney. Sgt. Gonzalez stated I refuse to sign. I stated I am not refusing to sign, I just need to speak w/my attorney. He returned a few minutes later with a copy stating I refused to sign. WITNESS: C.O. Romero

Remedy:
1) I request a D.O. 601 investigation against J. Kidd. Conduct unbecoming a staff member, attachment C.
2) Unprofessional conduct, disciplinary action, (ict).
3) I request a D.O. 601 investigation of Sgt. Gonzalez. Attachment C, Conduct unbecoming a staff member.
4) IF Ms. Kidd, et al, wants to resolve our conflict she should have the courage and decency to meet with me and try to resolve the issues. Instead, she chooses retaliatory methods that are more likely to inflame the conflict than resolve it. From the beginning, I asked for a meeting + she refused. So be it!

INMATE SIGNATURE: [signature]
DATE: 1/18/19

Have you discussed this with institution staff? ☒ Yes ☐ No
If yes, give the staff member name: Sgt. Gonzalez, C.O. Romero

Distribution: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

ARIZONA DEPARTMENT OF CORRECTIONS
ARIZONA STATE PRISON COMPLEX – TUCSON
MEMORANDUM

TO: Inmate Michael Cohn #288721, Manzanita

FROM: Benjamin Gieron, Deputy Warden, Manzanita

DATE: January 18, 2019

SUBJECT: Request to Stop Inmate Correspondence

Per Department Order 914.01, <u>Inmate Mail</u>, Inmates may send or receive an unlimited number of letters from individuals of their choice, except:

1.1.5. Anyone who advises the Warden or Deputy Warden that they do not wish to receive mail from a particular inmate.

A request has been made for you to discontinue correspondence with: Corizon ADON J. Kidd.

You are hereby notified that you are forbidden to send mail to the above mentioned member.

Any correspondence mailed to: Corizon ADON J. Kidd shall result in appropriate disciplinary sanctions, including reduction or denial of Earned Release Credits.

If you are found in violation of this direction, all your outgoing mail will be reviewed to ensure no further correspondence is sent to the entities noted above.

I, _____, acknowledge that on _____,

I was informed not to send any mail to: Corizon ADON J. Kidd

_Refused to sign_  1-18-19
Inmate signature     Date
+ Gonzale 2-9023   1-18-19
R,__ #6386        1-18-19
Staff signature – witness   Date

Cc: Mail Room
    Master Record
    Inmate

Letters\ stop correspondence

# ARIZONA DEPARTMENT OF CORRECTIONS

**For distribution:** Copy of corresponding Inmate Letter must be attached to this response.

## Inmate Letter Response

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER |
|---|---|
| Cohn, M. | 288721 |

| INSTITUTION/UNIT |
|---|
| ASPC-T/Manzanita |

| FROM (Last, First M.I.) (Please print) | LOCATION |
|---|---|
| Kidd ADON | Medical |

Your IM letters were received on 01/16/2019

Your area of concern is: Blood Pressure Checks-duplicate letter for same issue

Your concern is being researched and staff will be addressed if deemed apporpriate.

If you have a medical concern for yourself, please place an HNR.

Thank You

STAFF SIGNATURE: *[signed] J. Kidd*

DATE (mm/dd/yyyy): 1/16/2019

Distribution: Original – Master File
Copy - Inmate

916-2(e)
5/14/12

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate L[etter]

Requests are limited to **one page** and **one issue**. NO ATTACHMENTS PERMITTED. Please print all information.

**Inmate Name (Last, First M.I.):** Cohn, Michael J.
**ADC Number:** 288721
**Institution/Unit:** Tucson / Manzanita 3A3L
**Date:** 1/12/19

**To:** J. Kidd
**Location:** Manzanita Medical

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Issue: Gross Negligence (See Informal Complaint Resolution of 1/7/19)

I send this to you as a courtesy so I can fully explain why I am aggrieved.

— During my appointment yesterday w/ Ms. Turner, RN, she explained to me that the EMOS computer program does not alert the nursing staff to provider orders. This is why I did not receive the BP checks as ordered.

— Gross or criminal negligence implicates reckless or wanton disregard for risk. It seems nursing staff knows of this EMOS deficiency. The question becomes, "Why has the deficiency in the patient management information system not been corrected?" It is no secret that delays in providing care may harm patients. Clearly, the responsibility for this negligence rests on Mr. Schmid, FHA, but is a shared responsibility with nursing supervisors. Nursing supervisors should be diligent in eliminating gaps or delays in the provision of care. Patient interests are the priority!

— I have read about 1000 pages of the Parsons v. Ryan Class Action Case. EMOS deficiencies are well-documented in the suit. This particular deficiency clearly impacts quality of care. It is OUTRAGEOUS that it continues.

— Therefore, I am adding Gross Negligence to the ICR of 1/7/19 in addition to deliberate indifference, retaliation, unprofessional conduct and attempted murder. Please bring this issue to the monthly CQI meetings. I respectfully remind you that in addition to my Board certified clinical background I have experience and formal training in healthcare/hospital administration. I am qualified in all respects to express my opinions on these matters. cc: Judge Silver, Att'y General, et al.

**Inmate Signature:** M.J.C., Ed.D. Dr. Michael J. Cohn
Advocacy, Education, Expert Witness
**Date:** 1/12/19

Have You Discussed This With Institution Staff? ☒ Yes ☐ No
If yes, give the staff member's name: Ms. Turner, RN, CO III Saenz, CO III Evans

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Letter — Witness / Court document.

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson / ASPC-LEWIS-STINER Manzanita 3A2 | 1/13/19 |

To: J. Kidd
Location: Manzanita medical

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

According to Ms. Gill who I spoke with today, about 2pm, she entered my BP checks on the treatment line. She stated that the nurses read the treatment line the next day. The question exists, why did I not get the BP checks from 12/26 - 1/9/19? Ms. Anthony stated that Gil entered the order. You are responsible to ensure the provider orders are followed. I now add <u>Fraud</u> to my allegations as Ms. Turner led me to believe the gap in tx. was due to a computer deficiency & Gil entered the data manually. I can readily infer that you directed Turner to mislead me. I will be adding this document to my grievance process, etc.

cc: Judge Silver, Parsons et al. v Ryan, et al. v, Cohn
Attorney General
Prison Law Ofc.
witnesses: C., LPN, I.M. Muzzakir

Inmate Signature: M. J. C., EdD
Date: 1/13/19

Have You Discussed This With Institution Staff? ☑ Yes  ☐ No
If yes, give the staff member's name: Anthony, LPN, Gil, RN

Distribution: Original - Master Record File
Copy - Inmate
916-1
5/14/12

**ARIZONA DEPARTMENT OF CORRECTIONS**
Inmate L[etter]

Requests are limited to <u>one page</u> and <u>one issue</u>. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cothn, Michael J. | 258721 | Tucson Whetstone 343.2 | 1/22/19 |

To: K. Switzer, D.O.N.
Location: Complex Medical ...

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

Issue: additional retaliation by Ms. Kidd, ADO, Mel 17. Today, I received a memo from D.W. Geirn stating that Ms. Kidd does not wish to receive mail from me. I am provided no reason. Per 5 USC §702 (notwithstanding), 42 USC §1983, I am aggrieved. I expect that "professionals" would provide an explanation for their conduct. Per Nursing Board standards, it's one unprofessional conduct. Per the 1st Amendment of the U.S. Constitution I have a right to express my opinions, even in prison. I allege a constitutional violation.

From now on, I will be sending the inmate letters intended for Kidd to you. I hope you are professional enough to handle them appropriately.

Note:
If Ms. Kidd wants to resolve the conflict with me, I suggest a meeting. I asked to speak with her from the beginning. A 5 minute discussion would have probably been sufficient. Since she refused and you back her up, I have no choice but to use the mail system, and the grievance system. So be it!

CC: Judge Silver
Attorney General
Prison Law Ofc.

Inmate Signature: M. Cothn, Ed.D. advocacy, Education, Expert Witness
Date: 1/22/19

Have You Discussed This With Institution Staff? ☒ Yes ☐ No
If yes, give the staff member's name: COIII Evans

Distribution: White - Master Record File   Canary - Inmate

916-1
5/13/10

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate L[etter]   18-17351 (9th Cir. 2018)
This is a court document.

Requests are limited to **one page** and **one issue**. **NO ATTACHMENTS PERMITTED**. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit Tucson) | Date |
|---|---|---|---|
| Cohn, Michael J. | 28872 | Manzanita 3193L | 1/22/19 |

To: Richard Pratt, Asst. Dir.    Location: HSMB    ADC Headquarters

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Issue - New contract with Centurion of Arizona.
Pursuant to Parsons v. Ryan, et al. v. Cohn 18-17351 (9th Cir. 2018), et al., please ensure the following:

1) That Centurion of Arizona procure and exhibit a business license to operate a medical care business in each locality of operation, as required, by law/ordinance.

2) That Centurion of Arizona FHA's, Directors of Nursing and Asst. Directors of Nursing, et al. obtain Nursing Care Institution Administrator Licences and/or Assisted Living Administrator Certificates as required by Law. These must be exhibited for inmates to see.

3) That all current and future inmates are provided with HIPAA and Patient's Rights forms for acknowledgement and signature in accord with the 8th amndt. equivalency to the community standard of care.

4) Please provide me with a copy of the contract w/ Centurion of AZ. (evidence).

5) That emergency call buttons be installed in Manzanita HU6 for all patients.

6) That I am provided with an A.D.O.C. Healthcare Services Technical Manual or/and other applicable policy/procedure manual. Please charge my inmate account.

cc: Judge Silver, Prison Law Ofc., Attorney General.

Inmate Signature: M.J. Cohn Ph.D. Advocacy / Education Expert Witness    Date: 1/22/19

Have You Discussed This With Institution Staff? ☑ Yes ☐ No
If yes, give the staff member's name: CO IV Evans, D.W. Geiron

Distribution: White - Master Record File    Canary - Inmate

916-1
5/13/10



# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Resolution

Complaints are limited to one page and one issue.
Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson / Manzanita 31-3C | 12/7/18 |

| TO | LOCATION |
|---|---|
| COIII Sanz | HU3 |

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

- I allege Retaliation, Racism (anti-semitism), Disability and age discrimination per ARS§46-1492.10, 42 USC§2000cc-1, ARS§46-457, ARS§46-1492 et seq., inter alia, etc, et al., Per the Administrative Procedures Act 5 USC§702 inter alia, et al., I am harmed, adversely affected & aggrieved and entitled to judicial review thereof.

- On 12/7/18 6:30 app p.m. at the conclusion of the Chanukah religious observance (supervised by Chaplain Crosby) I went to medical unit to obtain my medications. Ms. Anthony, LPN refused to give me my meds, stating that med pass had been closed for 30 minutes. I stated I had to attend the religious observance. She said I should have come by earlier. I stated I did come by, but the line was too long. She said, "sorry." I saw C.O. King and explained to him that the Chaplain was late & we had to stay at the service until the candles burned out. I asked for a sergeant & stated I shouldn't have to choose between G-d and my meds, I have a right to my medicine. He agreed & radioed Sgt. Barnes. Sgt. Barnes also agreed after explanation. We walked to medical & Sgt. Barnes spoke to Ms. Anthony, I was given my meds. Ms. Anthony reportedly told Sgt. she knew nothing of Jewish rituals.

- I assert that a white, Christian, under 50, compliant inmate would not have been similarly treated. I am retaliated against due to my advocacy efforts, am Jewish, disabled & 50 years of age or older. Retaliation is an illegal act. It is this culture of hostility toward Jewish, disabled inmates I allege, created by Schmid, FHA, Switzer, D.O.N., & Kidd, ADON (supervisor of Anthony) that was contributory to the alleged homicide of fellow Jewish, disabled inmate Sam Cromwell.

Remedy - Disciplinary action against Ms. Anthony. Administrative review by Dr. Robertson / Richard Pratt of Healthcare Svcs. monitoring Bureau.

| INMATE SIGNATURE | | DATE (mm/dd/yyyy) |
|---|---|---|
| M. J. W., Ed.D. | CC: Judge Silver, Attorney General, Prison Law Ofc., S. Dosek, Counsel for Dr. Cohn | 12/7/18 |

Have you discussed this with institution staff? ☑ Yes ☐ No

If yes, give the staff member name: Chaplain Crosby, Sgt. Barnes, C.O. King

Distribution: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE

Received 1/23/19 MØC



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|---|---|---|---|---|---|
| 974 | Cohn | 288721 | C14170018 | Tucson | Manzanita |

In your grievance filed at Manzanita Unit, you claim Department staff were negligent in their duties as it pertains to the death of another inmate. Your resolution is for the staff involved to be suspended or reassigned.

Your grievance has been reviewed at Central Office and the Deputy Warden's response is affirmed. Allegations of staff misconduct involving inmates are taken seriously. These allegations have been forwarded to the Administration for review. Investigations are treated as confidential and you will not be notified of the outcome or of any corrective action that may have been taken.

No further action is warranted in this matter.

cc: Warden, Tucson Complex

RK

*R. Kepney*
Appeals Officer

*CRGlynn for*
Charles L. Ryan, Director

01/08/2019
Date

Exhaustion of administrative Remedies
MØC.

Page 1 of 1



# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Grievance Appeal

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

**Please type or print in black or blue ink.** (To be completed by staff member initially receiving appeal)

Received By: Saenz, J
Title: COIII
Badge #: S637
Date: (mm/dd/yyyy) 12-5-18

**Please Print**

INMATE'S NAME (Last, First M.I.) (please print): Cohy, Michael J.
ADC NUMBER: 288721
DATE (mm/dd/yyyy): 12/5/18
INSTITUTION: Tucson - Manzanita
CASE NUMBER: C14-170-018

TO: Tucson Complex Warden Roberts

I am appealing the decision of D.W. Geiron for the following reasons:

I dispute, with respect, everything stated in the Inmate grievance response. One need not have first hand knowledge of a crime to investigate and establish enough evidence that a crime was possibly committed. This is what police do after a robbery, etc. I am qualified as a former Forensic examiner. I have much more evidence than likely was obtained. If D.W. is sincere about concerns for staff misconduct then invite the County Sheriff to investigate independently. I have notified the Judge in Parsons V. Ryan, the Attorney General and our Lawyers. I suggest due diligence by ADC. I am not an authority. ADOC Authorities need

INMATE'S SIGNATURE: M.J. Co[?]
DATE (mm/dd/yyyy): 12/5/18
GRIEVANCE COORDINATOR'S SIGNATURE: [signature]
DATE (mm/dd/yyyy): 12/13/18

RESPONSE TO INMATE BY:
LOCATION:

STAFF SIGNATURE:
DATE (mm/dd/yyyy):

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL: White – Inmate
Canary – Grievance File

802-3
12/12/13

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance – GF Supplement

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Cohn, Michael | 288721 | ASPC-T-Manzanita | C14-170-018 |

**Summarization of complaint:** You allege that staff (Corizon Broadwater, ADON Kidd, COII Botello and COIII Colston) were negligent in their duties that contributed to the death of a former inmate assigned to Manzanita. You further allege that this was a result of a hate crime because the victim was Jewish.

**Description of investigation:** Policy review, inmate file review.

**Summary of findings:** As the administrator of the Manzanita unit, it is my duty to ensure that all protocols are followed after any significant event, particularly one that ends in the death of an inmate. I have read the allegations listed in your grievance. These allegations are all based on hearsay as you were not assigned to the Manzanita unit and could not have had any firsthand knowledge of this inmate or incident. The Department and I take all allegations of staff misconduct seriously. Based on my knowledge of this incident and known details of the investigation, there is nothing that would be considered suspicious concerning this inmate's death. D.O. 711 was followed and CIU provided all information available to conduct a proper investigation.

**Decision/ Rationale:** This matter is considered resolved. If this solution is not acceptable to you, you have five working days to submit a grievance appeal on this matter.

| Signature | Date |
|---|---|
| *[signed]* | 12/04/18 |

INITIAL DISTRIBUTION – <u>Committee Recommendation</u> – All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink – Inmate, Canary – Grievance File

INITIAL DISTRIBUTION – GF Supplement – White and Canary – Grievance Coordinator, Pink – Inmate
FINAL DISTRIBUTION – White – Inmate, Canary – Grievance File

802-7P
2/14/00



# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance

| RECEIVED BY | Saenz, S |
|---|---|
| TITLE | CoIII |
| BADGE NUMBER | DATE (mm/dd/yyyy) |
| 5637 | 11-21-18 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Cobin, Michael J. | 288721 | 11/21/18 |

INSTITUTION/FACILITY Tucson/Manzanita 3A32

CASE NUMBER: C14-170-018

TO: GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the Inmate): Informal complaint resolution Response is insufficient as it fails to address the harboring of alleged staff homicide suspects in their current position on this unit. This exposes inmates to an unreasonable risk of future harm violating their 8th Amdt. U.S. Const. Rights to freedom from cruel + unusual punishment. Helling v. McKinney 509 US at 33 (1993). Also, it is reasonable for inmates aware of the Cromwell incident to be suspicious and fearful of the staff members, creating a culture of suspicion by unit administration. This has the potential to interfere with the smooth operation/function of the unit.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

1) Suspend the staff members allegedly suspected of homicide pending criminal investigation.
2) If personnel policies preclude suspension, please reassign the alleged staff members to other units.

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S | DATE (mm/dd/yyyy) |
|---|---|---|---|
| | | K. E___ | 11/26/18 |

Action taken by _____   Documentation of Resolution or Attempts at Resolution.

| STAFF MEMBER'S SIGNATURE | BADGE NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Response

**For Distribution:** Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.

| Inmate Name (Last, First M.I.) | ADC Number |
|---|---|
| COHN, MICHAEL J. | 288721 |

**Institution/Unit**

ASPC/T/Manzanita

| From | Location |
|---|---|
| COIII SAENZ | HU03 A03L |

I received your Inmate Informal Complaint Resolution regarding an alleged homicide & your complaint against staff members. I have forwarded your complaint my supervisor. The results of the review of the complaint & staff members will remain confidential and you will not be advised if any action is taken. End of repsonse.

**Staff Signature:** [signature]

**Date:** 11-21-18

**Distribution:** Original - Inmate
Copy – Grievance Coordinator File

802-12(e)
12/19/12



# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Resolution

*Complaints are limited to one page and one issue. Please print all information.*

| INMATE NAME (Last, First M.I.) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Cohn, Michael J. | 288721 | 3A92 TUCSON/MANZANITA | 11/7/18 |

**TO** CoIII Saenz - Please note: This document may be evidence in court.

**LOCATION** HU3

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

Issue: alleged homicide of inmate Sean Cromwell, a Jewish inmate. Per the Administrative Procedures Act 5 USC §706, Inmates suffering legal wrong because of agency action or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof (5th, 8th and 14th amdts. US Const., comparable state Const, article ARS §13-1101-1105. I allege the following persons are parties to homicide C.O.II Botello, Nurse Broadwater, CoIII Colsten, ADON Kidd.

**Facts as reported to me**

Per CoIV Evans who was present on the day in question, CoIII Colsten told her that a Nurse (Broadwater reportedly) was present on the unit when Cromwell was impaired. Inmates reportedly told Broadwater that Cromwell was impaired, but she refused to check on him (criminal negligence), wantonly disregarding risk. CoII Botello went to check on Cromwell, started chest compressions, but no mouth to mouth or defibrillator as he should per policy/training (Sgt. Nrero 11/5/18). It was obvious to lay persons Cromwell had stopped breathing. CoIII Colsten arrived some minutes later + began mouth-mouth. She did not defibrillate as she should per policy/training (iC). Per Nrero- annual CPR/Defibrillator training.

Criminal Implications, alleged (Law enforcement notified)
1) 1st Degree murder (hate crime with intent to neglect a Jewish inmate)
2) Negligent homicide/manslaughter - Wanton disregard for risk. Failure to implement resuscitation efforts properly per training 3) Criminal negligence - Felony murder does not require intent to kill. Negligence by supervisor ADON Kidd to adequately supervise/train Broadwater.

**Requested Remedies**
1) Suspension of the above parties pending criminal investigation.
2) Criminal investigation by outside/independent law enforcement agency

**INMATE SIGNATURE** M.J. Cohn  **DATE** 11/7/18

Any evidence of retaliation against me will be reported to authorities.

Have you discussed this with institution staff? ☒ Yes ☐ No
If yes, give the staff member name: CoIV Evans

Received 11-7-18

Distribution: INITIAL: White and Canary - Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14