Jonathan C. Bertanelli No. H7835

ASPC-Lewis / Rast Mau HC5-02

P.O. Box 3600

Buckeye, Arizona 85326

Plaintiff, appearing in propria persona.

☒ FILED   ☐ LODGED

**Feb 05 2019**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

In The United States District Court

For The District OF Arizona

| | |
|---|---|
| Jonathan Cataldo Bertanelli, | No. CV-12-0601-PHX-ROS |
| Plaintiff, A Member OF | Class Action |
| The Plaintiff's Class Action | Plaintiff Bertanelli's Motion For Court |
| Class, | Order To Compel, Director OF Arizona |
| | Department OF Corrections (ADC) |
| In re The Matter OF: | To Provide Plaintiff With Quailfied |
| | Legal Photocopies Of Plaintiff |
| Victor Parsons, et. al. on | "Motion To Intervene As Plaintiff |
| behalf of themselves and all | In This Class Action, Parsons et. al. |
| Others similarly situated and | v. Ryan, et. al. (Id), To (S)erve |
| Arizona Center OF Disability, | (H)ardcopy Upon Defendant's |
| Law, | Ryan And Pratt, Per ADOC |
| Plaintiff's, | Policy DO 902. |
| | |
| v. | [Local Rule 7.2 et. seq USDC-AZ] |
| | |
| Charles L. Ryan, Arizona Depart- | Plaintiff Bertanelli's Motion For Court |
| ment OF Corrections, et. al., | Order To Compel, Director Of Arizona |
| Defendant's | |

1

Department Of Corrections (ADC) To
[T]reat Plaintiff's ADC Outgoing Mail
As ADC (O)utgoing (L)egal Mail to (S)erve
ADC Defendant's Ryan and Pratt, A
Hardcopy Of Plaintiff's "Motion
To Intervene As Plaintiff, In
This Class Action, Parsons, et. al. v.
Ryan, et. al., (Id), Under ADC Policy
902, Or alternatively Issue A
Court Order Directing (S)erviece Upon
ADC Defendant's Ryan And Pratt
By Seermons Via US Marshall
Serviece.

The undersigned plaintiff, appearing in propria persona, hereby
respectfully submits the following two (2) seperate but corelated
motions.

I.

Plaintiff submits his "Motion for Court Order to Compel, Director
Of Arizona Department Of Corrections (ADC) to provide Plaintiff with Quali-
fied Legal Photocopies of Plaintiff's "Motion to Intervene As Plaintiff,
In this Class Action, Parsons et. al v. Ryan, et. al., to (S)erve Hardcopy
Upon ADC Defendant's Ryan and Pratt, Per ADC Policy 902."

On January 25, 2019, the Plaintiff had E-Filed with this court his
"Plaintiff Bertonelli's Motion to Intervene As Plaintiff In this Class
Action, Parsons, et. al. v. Ryan, et. al., ("Motion"). See eg. (Exhibit 1,
Plaintiff's ADC E-File Receipt signed by Librarian Hartzell). At this

- I -

2

time, the Plaintiff simultaneously had electronically (s)erved a copy of his Motion upon Defendant's Ryan and Pratt's Counsel's of Record in this action using the ADC CM/ECF system. (Id). In addition, the Plaintiff did not electronically serve Defendant Ryan or Defendant Pratt individually due to they are not participants of the CM/ECF system. (Id).

The Plaintiff then submitted a seperate ADC Request for Qualified Legal Coping in which he requested the ADC paralegal library to approve two (2) copies of his Motions to (b)and copy serve each Defendant Ryan and De-fendant Pratt due to they are not participants of the CM/ECF system in accordance with Local Rule 7.2 et. seq, USDC-AZ and F.R.Civ.P 5 et. seq. See e.g. (Exhibet I, Plaintiff's Request for Qualified legal Copeny, dated 01/24/19). On January 29, 2019, ADC para legal library (b)lanketly and (a)rbitrarily denied Plaintiff there requested copies of the Motion to serve these Defendants. (Id. at pg1). (Emphases (added).

Pursuant to governing ADC "Inmate Access to the Court's" policy under Departmental Order (DO) 902, requires the ADC contract paralegal to approve inmates legal copeny in the (q)uanties (N)eceseary to meet the Courts filing and service requirements to counsel(s) and party(s) in the action. (Id).

A motion to intervene as plaintiff in Class action, the intervening (p)arty must serve a copy of the Motion to intervene directly upon (e)ach defendant in the action as well as opposing counsel(s) under Rule 23(d) F.R.Civ.P.

Therefore, ADC paralegal library, has arbitrarily denied Plaintiff the required two (2) copies of his Motion to Intervene to serve upon Defendant's Ryan and Pratt in violation of governing ADC Policy DO 902. (Emphases (add). As the result thereof, ADC paralegal

Ulibarri has thereby arbitrarily [p]revented Plaintiff from effectuating his required [S]ervice of the [M]otion upon Defendant's Ryan and Pratt in violation of this Court's Local Rule 7.I et. al., supra and F.R.Civ.P. 5, et seq. supra.

Under Local Rule 7.I et seq, supra, a party or counsel who does (N)ot serve - motion, pleading, memorandum et ... such non-compliance may be deemed a consent to the denial of the Motion and (T)his Court may dispose of the motion summarily. (Id). (Emphasis)

Therefore, the Plaintiff remains in the imminent threat of this Court [d]ismissing his [M]otion to Intervene, as Plaintiff in this Class action, due to his [I]nvoluntary non-compliance in his inability, to serve a copy of the Motion upon Defendant's Ryan and Pratt, as the result of Ave paralegal Ulibarri intentionally denying him the required copies of this Motion to serve Defendant's, 1/ under Local Rule 7-I et. seq., supra; thru no fault of his own.

Based upon the foregoing, the Plaintiff anticipates Defendant's Ryan and Pratt's (d)efense Counsel(s) of Record to file a motion objecting to his improper service of not serving a copy of their Motion upon Defendant's Ryan and Pratt and request (d)ismissal of his Motion by this Court for failure to serve in violation of Local Rule 7.I.
//

1/ Based upon the foregoing, the Plaintiff asserts paralegal Ulibarri had intentionally denied Plaintiff three copies of the Motion purposefully to get his Motion dismissed for lack of service and fraudulently to prevent Defendant's Ryan and Pratt from having any personal knowledge of the systemic life threatening allegations in his Motion against them to prevent liability based upon lack of personal knowledge.

-4-

4

et. seq.

Therefore, the Plaintiff has no equally plain, speedy or adequate remedy at law, other than by virtue of this Court to issue an Order which compels the Director of ADC to (d)irect contract ADC paralegal Illibarri to provide Plaintiff with two (2) copies of his Motion to serve upon Defendants' Ryan and Pratt, in accordance with Local Rule 7.2 et seq., supra and F.R.Civ.P. 5 et. seq. supra.

Wherefore, the plaintiff prays that this Court will issue an Order which:

I.. Grants plaintiff an order which compels Director of ADC to direct contract ADC paralegal Illibarri to provide Plaintiff with two (2) Qualified legal copies of his Motion pursuant to ADC Policy 902 in which to serve Defendants' Ryan and Pratt in this action.

II. Grant plaintiff such other and further relief as the Court deems just and proper.

## II.

The Plaintiff submits his "Motion For Court Order to Compel, Director of (A)rizona Department of Corrections ("ADC") to [T]reat Plaintiff's ADC [O]utgoing mail as ADC [O]utgoing (2)egal Mail to (S)erve ADC Defendants' Ryan and Pratt, A (W)ardcopy of Plaintiff's "Motion to Intervene as Plaintiff, In this class action, Parsons et. al. V. Ryan, et. al., (Id), Under ADC Policy 902, Or Alternatively Issue A Court Order Directing (S)ervice Upon ADC Defendants' Ryan and Pratt By Summons via US Marshall's Service.

On January 15, 2019, the Plaintiff had E-Filed with this Court his "Plaintiff Bertinelli's Motion to Intervene as Plaintiff In this class

-5-

5

Action, Parsons et al. v. Ryan, et al, ("Motion"). See e.g. (Exhibit 2, Plain-tiff's ADC E-Filing Reciept, dated 01/25/19).

At this time, the Plaintiff simultaneously had electronically (s)erved a copy of his Motion upon Defendant's Ryan and Pratt's coensel of Record in this cction eesing the E-Filing CM/ECF system. (Id). In addition, the Plaintiff did (N)ot electronically (s)erve Defendant's Ryan and Pratt in-dividually due to they are (N)ot preticipants of the CM/ECF system. (Id).

Pursuant to governing ADC "Inmate Access to the Courts" policy under Departmental Order (DO) 902, legal mail is defined as mail to the courts or attorneys exclusively; all legal mail outgoing is logged and inmate is given reciept as proof of mailing and all inmate legal mail is mailed on the (b)asis that the inmates trust account is debited for that postage; and thereafter is collected when the inmate has sufficent funds. (Id).

A motion to intervene as plaintiff in class cction, the intervening (party must serve a (c)opy of the motion to intervene upon each defendant in the cction as well as opposeing counsel(s) under Rule 23(d), F.R.civ.P.

Therefore, the Plaintiff must (s)erve a (c)opy of his Motion, which is a (l)egal (p)leading, upon ADC prison official Defend-ant's Ryan and Pratt whom are (N)ot attorneys; and therefore, the Plaintiff is (p)recluded from serving these Defendants with a copy of this Motion as required by law under ADC Legal Mail guidlines per ADC Policy DO 902. As the result, the Plain-tiff is (p)revented from effeectiting his required [s]ervice of the Motion upon Defendant's Ryan and Pratt in violation of this

-6-

6

Court's Local Rule 7.1 et. seq., supra and F.R.civ.P. 5 et. seq., supra.

Under Local Rule 7.1 et seq., supra, a party or counsel who does (N)ot serve motion, pleading, memorandum ect... such non-compliance may be deemed a consent to the denial of the Motion and (T)his Court may dispose of the Motion summarily. (Id). (Emphases).

Therefore, the Plaintiff remains in the imminent threat of this Court [d]ismissing his [M]otion to Intervene, as Plaintiff in this Class Action, due to his [I]nvoluntary non-compliance in his inability to serve a copy of the [M]otion upon Defendant's Ryan and Pratt, as the result, they are (N)ot attorney's within the definition of ADC Legal Mail guidelines under ADC Policy 802 and he is thus (p)rohibited from serving his (l)egal (d)ocument [M]otion upon these Defendant's per the Policy prohibition. (Id); thru no fault of his own. 1/

Based upon the foregoing, the Plaintiff anticipates Defendant's Ryan and Pratt's (d)efense counsel(s) of Record to file a Motion objecting to his non service of the Motion upon Defendant's Ryan and Pratt and request (d)ismissal of his Motion to Intervene by this Court for failure to serve in violation of Local Rule 7.1 et seq., supra.

Therefore, the Plaintiff has no equally plain, speedy or adequate remedy at law, other than by virtue of this Court to issue an Order which compels the Director of ADC to direct appropriate ADC staff at the ASPC-Lewis, Rast Max Unit to [T]reat his ADC //

1/ The Plaintiff is totally indigent and has absolutely no funds whatsoever to independantly prepay the postage to serve his Motion upon these Defendants.

[o]ut going mail as ADC [o]ut going [L]egal Mail to [s]erve ADC Defendant's Ryan and Pratt a hard copy of his "Motion to Intervene" to effectuate service in accordance with Rule 7.1 et seq., supra and F.R.Civ.P. 5 et seq., supra; or in the alternative issue a Court Order which directs service of the motion upon Defendant's Ryan and Pratt by summons served by the U.S. marshall's Service.

Wherefore, the plaintiff prays that this Court issue an Order which:

I.    Grants plaintiff an Order which compels the Director of ADC to direct the appropriate ADC staff at the ASPC-Lewis/Rast Max Unit to [t]reat his [o]utgoing mail, as ADC [o]utgoing [L]egal mail to [s]erve ADC Defendant's Ryan and Pratt a hard copy of his "Motion to Intervene" to effectuate service thereupon.

II.    Grant plaintiff an Order which directs the U.S. Marshall's Service to serve Plaintiff's Motion upon Defendant's Ryan and Pratt to effectuate service thereupon.

III.    Grant plaintiff such other and further relief as this Court deems just and proper.

Respectfully Submitted this 7th day of February, 2019

By: _____

JONATHAN C. BERTAMELLI, AE

Intervenor Plaintiff

Propria Persona

Certificate Of Service

-8-

8

I, Jonathan Cataldo Bertanelli, AE, hereby certify
that on this 7th day of February, 2019, I electronically
transmitted the following document entitled, to wit: Declaration of Jonathan e Bertanelli, Re. Plaintiff Bertanelli's Motion to intervene as
Plaintiff In class action Parsons et. al. v. Ryan et. al. (Id)
using the CF/ECF system to file with the court and to
the CF/ECF participants:

Donald Specter, Esq., 1917 Fifth Street, Berkeley
California, 94710
Alison Hardy, Esq., 1917 Fifth Street, Berkeley,
California, 94710
Sara Norman, Esq., 1917 Fifth Street, Berkeley,
California, 1917
Corene Kendrick, Esq., 1917 Fifth Street, Berkeley,
California, 94710
Rita K. Lomio, Esq., 1917 Fifth Street, Berkeley,
California, 94710
David c. Fathi, Esq. 915 15th Street, 7th Fl,
Washington, De. 10005
Amy Fettig, Esq., 915 15th Street, 7th Fl,
Washington, D.C. 10005.
Victoria Lopez, Esq., 915 15th Street, 7th Fl,
Washington, D.C. 10005.
Kristen T. Eidenbach, Esq, P.O. Box 91398, Tucson,
Arizona
Michael E. Gottfried, Assistant attorney General (AAG)

-9-

9

1275 W. Washington Street, Phoenix, Arizona 85007-2926

Lucy M. Rand, AAG, 1275 W. Washington Street, Phoenix, Arizona 85007-2926.

Daniel P. Struck, Esq., 400 W. Ray Road, Ste. 300, Chandler, Arizona 85226.

Rachel Love, Esq., 400 West Ray Road, Ste 300, Chandler, Arizona 85226

Timothy J. Bojanowski, Esq., 400 West Ray Road, Ste. 300, Chandler, Arizona 85226.

Nicholas D. Acedo, Esq., 400 West Ray Road, Ste. 300, Chandler, Arizona 85226.

Ashley B. Fletcher, Esq., 400 West Ray Road, Ste. 300, Chandler, Arizona, 85226.

Jacob B. Lee, Esq., 400 West Ray Road, Ste. 300, Chandler, Arizona, 85226.

Kevin R. Hanger, Esq., 400 West Ray Road, Ste 300, Chandler, Arizona 85226.

Timothy M. Ray, Esq., 400 West Ray Road, Ste. 300, Chandler, Arizona 85226.

Richard M. Valenti, Esq., 400 West Ray Road, Ste. 300, Chandler, Arizona 85226.

Jamie D. Guzman, Esq., 400 West Ray Road, Ste 300, Chandler, Arizona 85226.

Kathleen E. Brody, Esq., 3707 North 7th Street, Ste 235, Phoenix, Arizona 85013

Sarah Kader, Esq., 5025 East Washington St, Ste 202, Phoenix, Arizona 85034.

Asim Dietrich, Esq., 5025 East Washington St., Ste 202,

40

Phoenix, Arizona 85034.

Amelia M. Morrow-Gerlecher, Esq. 2901 North Central Avenue, Ste. 2000, Phoenix, Arizona 85012.

Daniel C. Barr, Esq., 2901 North Central Avenue, Ste. 2000, Phoenix, Arizona 85012.

John H. Gray, Esq. 2901 North Central Avenue, Ste. 2000, Phoenix, Arizona 85012.

Caroline N. Mitchell, Esq. 555 California Street, 26 Floor, San Francisco, CA. 94104.

Rose Ann Daly-Rooney, Esq. 177 North Church Avenue, Ste 800, Tucson, Arizona 85701.

Jessica P. Jansepar, Esq. 177 North Church Avenue, Ste. 800, Tucson, Arizona 85701.

Jose de Jesus Rico, Esq. 177 North Church Avenue, Ste. 800, Tucson, Arizona 85701.

Maya S. Abela, Esq. 177 North Church Avenue, Ste. 800, Tucson, Arizona 85701.

John L. Wilkes, Esq., 177 Texas Street, Houston, Texas 77002.

Kathleen L. Wieneke, Esq. 1095 W. Rio Saloob Pkwy., Ste. 209, Tempe, Arizona 85281.

Stephen Weeks, Esq. 3839 East Marshalls Gulch Place, Tucson, Arizona 85718.

Joseph E. Deylo, Esq. Arizona Assistant Attorney General 2005 North Central Avenue, Phoenix, Arizona 85004-1592

Stacy Scheff, Esq., P.O. Box 40611, Tucson, Arizona 85717-0611.

Respectfully Submitted this 7th day of February, 2019.

By:

Jonathan C. Bertanelli, AE

Exhibit 1

Exhibit 1

**ARIZONA DEPARTMENT OF CORRECTIONS**

Request/Authorization for Electronic Filing

Please PRINT information in all areas clearly. Use a PEN and PRESS FIRMLY.

| Inmate Name (Last, First M.I.) | Housing Location | ADC Number |
|---|---|---|
| Bertenelli, Jonathan C | Rast May | 47835 |
| Institution / Unit | 4e5-02 | Date |
| ASPC-Lewis / Rast May | | 01/21/19 |

List each document seperately

| No. | Document Name | Number of Pages |
|---|---|---|
| 1 | Plp Motion to Intervene as Class | 213 |
| 2 | Plp CV-12-0601-PHX-ROS | |
| 3 | | |
| 4 | Certificate of Service | |
| 5 | On Page 5 of motion | → |
| 6 | Serve 3 1/2 attorneys | → |
| 7 | Parties | |
| 8 | | |
| 9 | | |
| 10 | | |

**E-FILE**

This will Be Filed In "5" Part

Part I, Pages 1-50
Part II, Pages 51-100
Part III, Pages 101-150
Part IV, Pages 151-200
Part V, Pages 201-213 (End)

| Designated Staff Name (Last, First M.I.) | Designated Staff Signature | Date Received | Date Forwarded | Time Forwarded |
|---|---|---|---|---|
| Hartzell, A.   Librarian II | | 1-25-19 | 1-25-19 | |

## READ THE BACK OF THE FORM
## FOR INFORMATION ON CORRECTLY
## FILING E-FILE DOCUMENTS WITH THE
## U.S. DISTRICT COURT.

Date Originals Returned: _____ Signature: _____

14

Exhibit 2

Exhibit 2

*(handwritten at top)* Bertanelli Noll Harvest 24th 2019

# ARIZONA DEPARTMENT OF CORRECTIONS

**ADC**

Request/Authorization for Qualified Legal Copying

Please PRINT information in all areas clearly. Use a PEN and PRESS FIRMLY

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER |
|---|---|
| Bertanelle, Jonathan C | 47835 |

| INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|
| ASPC - Lewis / Rast May 4C5-02 | 01/24/19 |

*To be completed by the inmate / paralegal*

List each document separately. Forms packages count as one item. Unrelated exhibits count separately.

**ATTACH DOCUMENTS**        **PARALEGAL REVIEW**

| No. | Document Name | Number of Pages | Number of Copies | Number of Pages | Number of Copies | X Unmodified |
|---|---|---|---|---|---|---|
| 1 | Plp Bertanelli, Intervenor Plp. | | | | | |
| 2 | Class action | | | | | |
| 3 | Parsons et al v. Ryan, etc'd | | | | | |
| 4 | No. CV-IF0601 -PHX-ROS | 213 | 3 | | | |
| 5 | | | | | | |
| 6 | I E-Filed cell attorney | | | E-File Done | | |
| 7 | Parties. | | | today per Librarin | | |
| 8 | But Need hardcopies to | | | Hartzel. Need to | | |
| 9 | serve 3 Defendants NOT Party | | | serve copies Noll | | |
| 10 | of the E-File System Default Report Pratt | | | | | |

## Designated Staff

Request received and forwarded to Paralegal for action.

| DESIGNATED STAFF NAME *(Last, First, M.I.)* *(Please print)* | DESIGNATED STAFF SIGNATURE | DATE RECEIVED *(mm/dd/yyyy)* | DATE FORWARDED *(mm/dd/yyyy)* |
|---|---|---|---|
| Hartzell A | *(signature)* | | |

## Paralegal

I have reviewed the request for legal copying. Take the following action:

☐ Copy: Unmodified      ☐ Copy: Modified as indicated above

☐ Non-qualified legal copies, non-legal matter      ☐ Paralegal requests meeting with inmate – approval suspended

*Denied p Paralegal Ulibarri 1-29-19*

| PARALEGAL'S NAME *(Last, First, M.I.) (Please print)* | PARALEGAL'S SIGNATURE | DATE RECEIVED *(mm/dd/yyyy)* |
|---|---|---|
| | | |

## Designated Staff

| No. of Copies Made _____ @ $ _____ each = Total _____ |
|---|

| DESIGNATED STAFF NAME *(Last, First, M.I.) (Please print)* | DESIGNATED STAFF SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|---|
| | | |

Distribution:   White - Library
             Green – Legal Access Monitor
             Canary – Inmate
             Pink – Paralegal
             Goldenrod - Inmate

902-2
7/6/13

*(handwritten)* Deadline Jany 29, 2019

1.6