THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE  S.4
(Rule Number/Section)

FILED ✓   ___ LODGED
___ RECEIVED   ___ COPY

FEB 1 5 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Michael J. Cohn #288721

ASPC Tucson/Manzanita 3A3L

P.O. Box 24401

Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

| Parsons, et al. | Ninth Cir. 18-17351 |
| v. | D.C. 2:12 CV601-ROS |
| Ryan, et al. | Supplement #8 in support of motion for sanctions & |
| v. | Confirmation of retaliation/interference, ARS§41-1492.10 |
| Cohn, Pro Se | Hon. Roslyn O. Silver |

I, Michael J. Cohn, class plaintiff/advocate/appellant in the above captioned case, respectfully submit the enclosed inmate grievances, etc. in support of the motion for sanctions. As set forth in the attached, I allege that J. Kidd, RN, ADON & K. Switzer, RN, D.O.N. intentionally withheld blood pressure checks from me for 2 weeks in retaliation for my advocacy efforts/complaints against them. (Nursing Code of Ethics; Provisions 1-5, 6, 8.

As the timing of this event is concurrent with my complaints and an ordinary willed person would be "chilled" by such neglect, retaliation is confirmed. (ARS§ 41-1492.10). Austin v. Terhone, 367 F3d, 1167, 1771 (9th Cir. 2004) "Interference" with my advocacy efforts is also ongoing as set forth in my prior filings (ARS§ 41-1492.10), and in the instant filing, 18 USC§ 42

For the reasons set forth herein and in prior filings, the court should grant the motion for sanctions in all its respects.

Respectfully submitted,                                    Date: 2/15/19

Michael J. Cohn, Ed.D., Pro Se
Dr. Michael J. Cohn
Advocacy/Education/Expert Witness

1

## Certificate of Service

Original mailed to:   on: 2/12/19
Clerk of the U.S. Dist. Ct.
401 W. Washington #130, SPC-1
Phoenix, AZ 85003


Copies to:   on: 2/12/19
Attorney General
1275 W. Washington
Phoenix, AZ 85007


Prison Law Ofc.
General Delivery
San Quentin, CA 94964


(1) Retaliatory motive can be inferred from temporal proximity between protected conduct and adverse actions, 2:12cv601-DKD Doc.2209, p.3. Pratt v. Rowland, 65 F3d 802, 808 (9th Cir. 1995). Sorrano's Gas Inc. v. Morgan, 874 F2d 1310, 1316 (9th Cir. 1995).

(2) adverse actions would chill or silence a person of ordinary firmness from future 1st amendment activities: Mendocino Envtl. Ctr. v. Mendocino Co. 192 F3d 1283, 1300 (9th Cir. 1999).

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Grievance

| RECEIVED BY | Saenz, J |
|---|---|
| TITLE | CoIII |
| BADGE NUMBER | DATE (mm/dd/yyyy) |
| 5637 | 2-6-19 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Cohn, Michael J. | 288721 | 2/6/19 |
| INSTITUTION/FACILITY Tucson / MANZANITA 3A3L | CASE NUMBER M1-C14-19-006 | |

TO: GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the Inmate)

Switzer's IICR is inadequate as it enables misconduct on the part of the nursing staff involved in this aspect of my case. Exposing me to future harm by unethical nursing staff members is "deliberate indifference" and implicates criminal negligence on Switzer's part. It is possible I could have had a heart attack, stroke or other cardiovascular event during the delay in receiving adequate care. Per Nursing Code of Ethics, Provisions 1, 2, 3, 4, 5, & 8 & 6; I allege unprofessional conduct by Kidd, et al, and incompetence.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

1) I request D.O. 601 investigation. (Attachments B)(C).
2) I request D.O. 608.02.1.2 investigation
3) Complaint to State Board of Nursing for suspension of Kidd & Switzer's licenses. ARS §§ 36-446-446.03.07.09.

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S | DATE (mm/dd/yyyy) |
|---|---|---|---|
| M.J. C. | 2/6/19 | | |

| Action taken by | Documentation of Resolution or Attempts at Resolution. |
|---|---|

| STAFF MEMBER'S SIGNATURE | BADGE NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13



**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Informal Complaint Response

For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER |
|---|---|
| Cohn, Michael J. | 288721 |

**INSTITUTION/ UNIT**
ASPC-Tucson / Manzanita

| FROM | LOCATION |
|---|---|
| Kimberlee Switzer, RN, BSN Director of Nursing | Complex Health Unit MI-C14-19-006 |

CORIZON
INMATE INFORMAL COMPLAINT RESPONSE

Your inmate informal complaint dated 1/7/19 was received in the Tucson office of Corizon Inmate Health Services on 1/9/19.

Your primary area of concern is your blood pressure checks.

Your concern has been reviewed by medical and it was determined that your blood pressure checks are being evaluated by medical and you will have an appointment upcoming with the provider.

This informal complaint has been addressed. This has resolved your concern.

KS/ba
21734

| STAFF SIGNATURE | K.Switzer DON | DATE (mm/dd/yyyy) 02/01/2019 |
|---|---|---|

Distribution: INITIAL: White and Canary or Copies - Grievance Coordinator; Pink or Copy - Inmate
FINAL: White - Inmate; Canary - Grievance Coordinator File

802-12
10/16/16



# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Resolution   C14-00u

Complaints are limited to one page and one issue.
Please print all information.

| INMATE NAME | ADC NUMBER | INSTITUTION/UNIT | DATE |
|---|---|---|---|
| Cobn, Michael J. | 288721 | Tucson 1 / Manzanita 3B32 | 1/7/19 |

**TO:** COIII Saenz
**LOCATION:** HU 3

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

Per 5 USC § 702 interalia, etal., I allege the following by J. Kidd, K. Switzer.
1) Deliberate indifference (Parsons, et al. v. Ryan, et al. 2;12CV601-ROS)
2) Unprofessional conduct (Az. State Bd. of Nursing)
3) Retaliation (ARS § 41-1492.10)
4) Attempted murder by neglect (Parsons v. Ryan, id.).

- On 12/26/18, Nurse Practitioner Warren ordered that I have blood pressure checks 3x/wk for 2 weeks. I have had none to date.
- I allege Kidd, ADON & Switzer DON, intend to neglect my care in hopes I will have a fatal cardiac event, in retaliation for my advocacy efforts and complaints against them. Similar incidents are well-documented in Parsons v. Ryan, id. As they supervise the nursing staff, by the doctrine of respondeat superior they are responsible for ensuring that provider orders are followed.
Note! I met Switzer on 1/3/19. She refused to talk to me.

**Remedy**
1) Blood pressure checks as ordered.
2) D.O. 601 investigation for retaliation
3) D.O. 608 investigation for attempted murder/lesser included offenses.

(1) See Parsons, et al. v. Ryan, et al. Doc. 2898. 8 of 18 deaths were caused by or significantly contributed to by medical staff.

cc: Judge Silver
    Attny. General
    Prison Law Ofc.

**INMATE SIGNATURE:** M.J.C., E.D., Dr. Michael J. Cobn
**DATE:** 1/7/19

Have you discussed this with institution staff? ☑ Yes ☐ No
If yes, give the staff member name: M.S. Warren, NP

Distribution: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File
802-11  6/25/14

resolution, including settlement negotiations, conciliation, facilitation, mediation, fact-finding, mini-trials and arbitration, is encouraged to resolve disputes arising under this article.

H. In addition to any sanction that the court may award to a party pursuant to any rule or law in any civil action brought under this article, the court may impose a sanction on a plaintiff or the plaintiff's attorney if the court determines that an action or series of actions is brought under this article for the primary purpose of obtaining a payment from the defendant due to the costs of defending the action in a court. When imposing a sanction, the court may consider the totality of the abusive litigation-related practices of the plaintiff and the plaintiff's attorney.

I. If the court imposes a sanction pursuant to subsection H of this section, the court may order a party to pay a part of the sanction to the governor's office of youth, faith and family and, if ordered, the parties must notify the governor's office of youth, faith and family of the court's order. The governor's office of youth, faith and family must use these monies for the following purposes:

1. To educate covered persons or entities about the person's or entity's obligations under this article.

2. To award attorney fees to claimants who file a meritorious complaint with the attorney general and who resolve the complaint without litigation.
Added by Laws 1992, Ch. 224, § 4, eff. Jan. 27, 1994. Amended by Laws 2017, Ch. 175, § 3.

### § 41-1492.10. Prohibition against retaliation and coercion

A. No person may discriminate against any individual because the individual has opposed any act or practice made unlawful by this article or because the individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this article.

B. It is unlawful to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of, for having exercised or enjoyed or on account of his having aided or encouraged any other individual in the exercise or enjoyment of any right granted or protected by this article.
Added by Laws 1992, Ch. 224, § 4.

### § 41-1492.11. Examination and courses

Any person that offers examinations or courses related to applications, licensing, certification or credentialing for secondary or postsecondary education, professional or trade purposes shall offer these examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for these individuals.
Added by Laws 1992, Ch. 224, § 4.

### § 41-1492.12. Interpretation of disability and substantially limits; definitions

A. A person shall define and construe a disability in favor of broad coverage of individuals under this article to the maximum extent permitted by the terms of this article.

B. A person shall interpret substantially limits consistently with the findings and purposes of the ADA amendments act of 2008 (P.L. 110-325; 122 Stat. 3553).

C. An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability.

D. An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.

E. The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as:

1. Medication, medical supplies, equipment or appliances, low-vision devices, excluding ordinary eyeglasses or contact lenses, prosthetics, including limbs and devices, hearing aids and cochlear implants or other implantable hearing devices, mobility devices or oxygen therapy equipment and supplies.

2. Use of assistive technology.

3. Reasonable accommodations or auxiliary aids or services.

4. Learned behavioral or adaptive neurological modifications.

F. The ameliorative effects of the mitigating measures of ordinary eyeglasses or contact lenses shall be considered in determining whether an impairment substantially limits a major life activity.

G. For the purposes of this section:

1. "Low-vision devices" means devices that magnify, enhance or otherwise augment a visual image.

2. "Ordinary eyeglasses or contact lenses" means lenses that are intended to fully correct visual acuity or eliminate refractive error.
Added by Laws 2010, Ch. 304, § 12.

ARTICLE 9. F

*Article 9, sisting of §§ added by La August 6, 19*

§ 41-1493.

In this article quires:

1. "Demonst going forward w

2. "Exercise act or refusal motivated by a exercise is comp of religious belie

3. "Governm agency or politi

4. "Nonrelig cludes all memb tural centers, d theaters and pl of size that a g allows to meet ordinance or by

5. "Person" institution.

6. "Political ity, including municipal corp board, commis including a cha nicipal corpora local public age

7. "Religion Means n maximum o backs, fire capacity lations. Does not Synergy v desirable The abili Suitable feasible source respect to relation t or in acceptab

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Grievance

| RECEIVED BY | Saenz, J. |
|---|---|
| TITLE | CJI |
| BADGE NUMBER | 5637 |
| DATE (mm/dd/yyyy) | 12-5-18 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

**INMATE NAME** (Last, First M.I.) (Please print): Cohn, Michael J.
**ADC NUMBER**: 285721
**DATE** (mm/dd/yyyy): 12/11/18
**INSTITUTION/FACILITY**: Tucson/Manzanita 3A3L
**CASE NUMBER**: MI-C14-18-302
**TO: GRIEVANCE COORDINATOR**

**Description of Grievance** (To be completed by the Inmate): Informal complaint response by Switzer violates ARS§41-1492.10(B). It is unlawful to coerce, threaten, intimidate an individual on account of his aiding a disabled person. I allege coercion/intimidation to suppress my advocacy efforts. Per 5 USC §702 inter alia, I have the right to judicial review if I have been harmed, adversely affected or aggrieved. I am harmed, adversely affected and aggrieved. Attempting to bully any inmate who seeks to improve conditions of confinement per his 8th Amdmt. US Const. right is shocking, outrageous and unconscionable.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?):
1) Under Incident Report
2) Terminate employment of Sepand, Switzer, Kidd
3) [illegible] ... child Sexd report to the Attorney General.

**INMATE'S SIGNATURE**: M.R.C.
**DATE**: 12/11/18

**GRIEVANCE COORDINATOR'S** / **DATE**:

Action taken by _____ Documentation of Resolution or Attempts at Resolution.

**STAFF MEMBER'S SIGNATURE** | **BADGE NUMBER** | **DATE** (mm/dd/yyyy)

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13

*ANA Code of Ethics - 2017*
*(No distinctions between practice inside or outside prison.)*

## Provision 4

The nurse has authority, accountability, and responsibility for nursing practice; makes decisions; and takes action consistent with the obligation to promote health and to provide optimal care.

### 4.1 Authority, Accountability, and Responsibility

Nurses bear primary responsibility for the nursing care that their patients and clients receive and are accountable for their own practice. Nursing practice includes independent direct nursing care activities; care as ordered by an authorized healthcare provider; care coordination; evaluation of interventions; delegation of nursing interventions; and other responsibilities such as teaching, research, and administration. In every role, nurses have vested authority, and are accountable and responsible for the quality of their practice. Additionally, nurses must always comply with and adhere to state nurse practice acts, regulations, standards of care, and ANA's *Code of Ethics for Nurses with Interpretive Statements*.

Given the context of increased complexity, development of evidence, and changing patterns in healthcare delivery, the scope of nursing practice continues to evolve. Nurses must exercise judgment in accepting responsibilities, seeking consultation, and assigning activities to others who provide nursing care. Where advanced practice registered nurses (APRNs) have prescriptive authority, these are not acts of delegation. Both the APRN issuing the order and the nurse accepting the order are responsible for the judgments made and are accountable for the actions taken.

### 4.2 Accountability for Nursing Judgments, Decisions, and Actions

To be accountable, nurses follow a code of ethical conduct that includes moral principles such as fidelity, loyalty, veracity, beneficence, and respect for the dignity, worth, and self-determination of patients, as well as adhering to the scope and standards of nursing practice. Nurses in all roles are accountable for decisions made and actions taken in the course

Cohn #288721   IG 2/6/19

of nursing practice. Systems and technologies that assist in clinical practice are adjunct to, not replacements for, the nurse's knowledge and skill. Therefore, nurses are accountable for their practice even in instances of system or technology failure.

### 4.3 Responsibility for Nursing Judgments, Decisions, and Actions

Nurses are always accountable for their judgments, decisions, and actions: however, in some circumstances, responsibility may be borne by both the nurse and the institution. Nurses accept or reject specific role demands and assignments based on their education, knowledge, competence, and experience, as well as their assessment of the level of risk for patient safety. Nurses in administration, education, policy, and research also have obligations to the recipients of nursing care. Although their relationships with patients are less direct, in assuming the responsibilities of a particular role, nurses not in direct care share responsibility for the care provided by those whom they supervise and teach. Nurses must not engage in practices prohibited by law or delegate activities to others that are prohibited by their state nurse practice acts or those practice acts of other healthcare providers.

Nurses have a responsibility to define, implement, and maintain standards of professional practice. Nurses must plan, establish, implement, and evaluate review mechanisms to safeguard patients, nurses, colleagues, and the environment. These safeguards include peer review processes, staffing plans, credentialing processes, and quality improvement and research initiatives. Nurses must bring forward difficult issues related to patient care and/or institutional constraints upon ethical practice for discussion and review. The nurse acts to promote inclusion of appropriate individuals in all ethical deliberation. Nurse executives are responsible for ensuring that nurses have access to and inclusion on organizational committees and in decision-making processes that affect the ethics, quality, and safety of patient care. Nurses who participate in those committees and decision-making processes are obligated to actively engage in, and contribute to, the dialogue and decisions made.

Nurses are responsible for assessing their own competence. When the needs of the patient are beyond the qualifications or competencies of the nurse, that nurse must seek consultation and collaboration from qualified nurses, other health professionals, or other appropriate resources. Educational resources should be provided by agencies or organizations and used by nurses to maintain and advance competence. Nurse educators

in any setting should colla[...] needs, to develop learning [...] resources, and to evaluate [...]

### 4.4 Assignment and Dele[gation]

Nurses are accountable an[...] nursing activities. Such ass[...] state practice acts, organiz[...]

Nurses must make reaso[...] when delegating selected [...] evaluation of the knowled[...] whom the care is assigned [...] the nursing care needs of [...]

Nurses are responsible f[...] quality and outcomes of t[...] whom they have assigned [...] responsibilities such as ass[...] selected interventions acco[...] not knowingly assign or d[...] task for which that person [...] or directives do not relieve [...] assignment or delegation [...]

Nurses in management a[...] to provide a safe environme[...] assignment and delegation. [...] development; licensure, cer[...] verification; adequate and f[...] patient and the nurse from [...] responsibilities, activities, or [...] should facilitate open comm[...] them, without fear of repris[...] assignment for which they [...]

Nurses functioning in ed[...] and accountability for the [...] clinical assignments. It is i[...] nurse or nursing student b[...] under appropriate supervi[...]

ANA 2015

| | 15 |
|---|---|
| ıs, and Actions | |
| ıs, and Actions | |
| es or Tasks | |
| | 19 |
| l-Being | |
| of Professional Growth | |
| | 23 |
| | 27 |
| nquiry | |
| , and | |
| y Development | |
| | 31 |
| alth Diplomacy | |
| :s and Reduce Disparities | |
| :reme, or | |
| | 35 |
| | 39 |
| | 41 |
| ıics | 47 |
| | 49 |

# Provisions of the Code of Ethics for Nurses with Interpretive Statements

**Provision 1** | The nurse practices with compassion and respect for the inherent dignity, worth, and unique attributes of every person.

**Provision 2** | The nurse's primary commitment is to the patient, whether an individual, family, group, community, or population.

**Provision 3** | The nurse promotes, advocates for, and protects the rights, health, and safety of the patient.

**Provision 4** | The nurse has authority, accountability, and responsibility for nursing practice; makes decisions; and takes action consistent with the obligation to promote health and to provide optimal care.

**Provision 5** | The nurse owes the same duties to self as to others, including the responsibility to promote health and safety, preserve wholeness of character and integrity, maintain competence, and continue personal and professional growth.

**Provision 6** | The nurse, through individual and collective effort, establishes, maintains, and improves the ethical environment of the work setting and conditions of employment that are conducive to safe, quality health care.

**Provision 7** | The nurse, in all roles and settings, advances the profession through research and scholarly inquiry, professional standards development, and the generation of both nursing and health policy.

**Provision 8** | The nurse collaborates with other health professionals and the public to protect human rights, promote health diplomacy, and reduce health disparities.

**Provision 9** | The profession of nursing, collectively through its professional organizations, must articulate nursing values, maintain the integrity of the profession, and integrate principles of social justice into nursing and health policy.