THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE LRCiv 5.4
(Rule Number/Section)

✓ FILED ___ LODGED
___ RECEIVED ___ COPY
FEB 27 2019
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Michael J. Cohn #288721
ASPC Tucson/Manzanita 3A32
P.O. Box 24401
Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

| Parsons, et al. | Ninth Cir. 18-17351 |
|---|---|
| v. | D.C. 2:12CV601-ROS |
| Ryan, et al. | Exhibits (Deliberate Indifference) in support of motion for sanctions |
| v. | |
| Cohn, Pro Se | Hon. Roslyn O. Silver |

I, Michael J. Cohn, class plaintiff, advocate, appellant in the above captioned case, respectfully submit the attached exhibits in the support of the motion for sanctions.

1) Exhibit I - ILR from CO II Evans dated 2/13/19. Evans states she does not believe my allegations have merit. Therefore she has not diligently Abated/investigated them. An official who has knowledge of a serious risk or a cruel condition must make reasonable measures to abate it. Farmer v. Brennan, 511 US. at 847. Inmate safety and adequate medical health care the 8th amendment issues in these matters. SSU officer Rojas has been open to receiving my input including some 50 pages of documentation. He agrees I have provided sufficient evidence indicating crimes have probably been committed. Yet Evans, a senior level administrator with some 20 years experience, fails to diligently investigated/Abated! these matters. Such recklessness is outrageous and unconscionable.

If ADC administrators would act diligently, I probably wouldn't have to file motions in this court. Yet it seems, pursuing court action seems to be what ADC wants us to learn in terms of solving

1

problems. There appears to be no other pathway for problem-solving.

2) IL to Richard Pratt, I have listed 7 issues of deliberate indifference that I have reported to administration in the past. These are 8th Amndt. issues of inmate health and safety. To my knowledge they have not been resolved for the benefit of inmates/plaintiffs.

## Conclusion

I repeat the mantra that the court must take strong action or the culture of indifference that has existed, exists and will continue to exist in ADC will perpetuate. For the reasons stated herein and in prior submissions, the court should grant the motion for sanctions in all its respects.

Respectfully submitted,                    Date: 2/18/19

Michael J. Cohn, Ed.D., Pro Se

Dr. Michael J. Cohn

Advocacy/Education/Expert Witness

## Certificate of Service

Original mailed to:   ON: 2/25/19
Clerk of the U.S. Dist. Ct.
401 W. Washington
Phoenix, AZ 85003

Copies to:   ON: 2/25/19

Attorney General                           Prison Law Ofc.
1275 W. Washington                         General Delivery
Phoenix, AZ 85007                          San Quentin, CA 94964

**ARIZONA DEPARTMENT OF CORRECTIONS**
**Inmate Letter**

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

**Inmate Name** (Last, First M.I.): Cohn, Michael J.
**ADC Number:** 288721
**Institution/Unit:** Tucson / Manzanita 3A3L
**Date:** 2/20/19

**To:** Constituent Services
**Location:** ADC Central Ofc.

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Please see the attached court filing pertaining to the "deliberate indifference" of an ADC administrator. In my opinion, a pathway to diligent problem-solving other than court action is necessary to address serious problems that inmates bring to administrators attention.

CC: Judge Silver
    Attorney General
    Prison Law Ofc.

**Inmate Signature:** M.J. Cohn, Ed.D. Dr. Michael J. Cohn
**Date:** 2/20/19

**Have You Discussed This With Institution Staff?** ☑ Yes ☐ No
**If yes, give the staff member's name:** D.W. Geivon, CO III Evans, SSU Rojas.

Distribution: White - Master Record File    Canary - Inmate
916-1
5/13/10

Exhibit 1



# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Letter Response

For distribution: Copy of corresponding Inmate Letter must be attached to this response.

| | |
|---|---|
| INMATE NAME (Last, First M.I.) (Please print)<br>Cohn, Michael | ADC NUMBER<br>288721 |
| INSTITUTION/UNIT<br>ASPC-Tucson/ Manzanita | |
| FROM (Last, First M.I.) (Please print)<br>COIV Evans | LOCATION<br>Administration/ Programs |

I received your inmate letter dated 1/14/19 on 1/16/19 advising me that you are actively participating already in the Parsons vs. Ryan case. You also accuse me of not assisting you in your endeavor to expose medical and DOC staff which you believe have committed criminal acts to include deliberate indifference, fraudulent schemes, operating without a license and homicide, to name a few. These are serious accusations that I would report on to any necessary agency, should I believe that they took place. Based on the information I know and what I have witnessed, none such act is true. With that being said, I have always encouraged you to attempt resolution should you feel it necessary. I will not speak for the Department of Corrections or Corizon on procedures, policy, contracts or protocols I do not know anything about. I have provided answers to all formal correspondence received with the policy and information I have access to.

| STAFF SIGNATURE  COIV J. Evans #5730 | DATE (mm/dd/yyyy)<br>02/13/2019 |
|---|---|

Distribution: Original – Master File
Copy - Inmate

916-2(e)
5/14/12

**ARIZONA DEPARTMENT OF CORRECTIONS**
**Inmate Letter**

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

**Inmate Name (Last, First M.I.):** Cohn, Michael J.
**ADC Number:** 288721
**Institution/Unit:** TUCSON / MANZANITA 3A3L
**Date:** 1/14/19

**To:** CO IV Evans
**Location:** MANZANITA Admin.

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I received your inmate letter response dated 1/10/19. You should know that the correct caption for 2:12cv601-ROS is Parsons, et al. v. Ryan, et al. v. Cohn 18-17351 (9th cir. 2018). I already actively participate in the case. The ACLU is limited to the 104 areas of the 2015 settlement. The issues I bring to you are outside their perview. You've made it clear I am on my own and you will not assist. So be it!

**Inmate Signature:** M. J. Cohn
**Date:** 1/14/19

**Have You Discussed This With Institution Staff?** ☒ Yes ☐ No
**If yes, give the staff member's name:** CO IV Evans

Distribution: White - Master Record File    Canary - Inmate

916-1
5/13/10



## ARIZONA DEPARTMENT OF CORRECTIONS

### Inmate Letter Response

*For distribution: Copy of corresponding Inmate Letter must be attached to this response.*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER |
|---|---|
| Cohn, Michael | 288721 |

| INSTITUTION/UNIT |
|---|
| ASPC-Tucson/ Manzanita |

| FROM (Last, First M.I.) (Please print) | LOCATION |
|---|---|
| COIV Evans | Administration/ Programs |

I received your inmate letter dated 1/09/19 on 1/10/19 clarifying your definition and intent to be an advocate for inmates' rights, mainly adequate medical care. Since this issue has already come into question, the ACLU has actively interviewed inmates and reported their findings in the Parsons vs. Ryan case. Reform is already in motion. Should you believe you have anything to contribute to this reform, you may contact the ACLU.

| STAFF SIGNATURE COIV L.E ―#5730 | DATE (mm/dd/yyyy) 01/10/2019 |
|---|---|

Distribution:  Original – Master File
              Copy - Inmate

916-2(e)
5/14/12

**ARIZONA DEPARTMENT OF CORRECTIONS**
Inmate Letter

Requests are limited to **one page** and **one issue**. **NO ATTACHMENTS PERMITTED**. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 285721 | TUCSON / MANZANITA 3A32 | 1/9/19 |

| To: | Location |
|---|---|
| CO IV EVANS | MANZANITA Admin. |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Clarification of term "advocacy."

I received your Inmate Letter response dated 1/7/2019.
Please be advised that I have no interest of being in a position of formal control or authority over other inmates.
Legal definition of "advocacy" I adhere to: 2: a person or group that defends or maintains a cause or proposal. Merriam-Webster Law Dictionary, 2011.

I defend the cause of prisoner rights in all respects including, but not limited to the following:
- adequate medical care.
- freedom from staff or other inmate assaults
- Freedom from all forms of discrimination including ADA.
- Proper hygiene + sanitation
- Proper diet
- Proper exercise
- Proper access to the courts
- Freedom of expression

Inter alia.

Again, Kidd + Schmid seek to silence me from defending medical care adequacy and defending other inmate rights. This is outrageous and MANZANITA administrators should insist they cease and desist in all respects.
Again 41-1492.10 applies as the ADA applies to prisoners (Title II). The ADA has the same restrictions on coercion, retaliation,

Inmate Signature: M.J. Cohn, Ed.D    Date: 1/9/19

Have You Discussed This With Institution Staff?  ☒ Yes  ☐ No
If yes, give the staff member's name: CO IV Evans

Distribution: White - Master Record File   Canary - Inmate

916-1
5/13/10

**ARIZONA DEPARTMENT OF CORRECTIONS**    Exhibit 2
**Inmate Letter**

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 288721 | TUCSON / MANZANITA 3A3L | 2/15/19 |

| To: | Location |
|---|---|
| Richard Pratt, HSMB | ADC Central OFC. |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Issue: Medical Review Committee: In light of the new vendor, I would like to provide input to the Medical Review Committee as well as your office. What would the proper procedure be for submitting suggestions? Can I be included in the meetings by telephone or video conference? Some concerns are:

1) Treatment of Hepatitis 'C'. Recent case law implicates treatment at any/all stages regardless of cost. Abu-Jamal v. Wetzel (2017). Rosado v. Alameda (9th Cir. S.D. Cal.). Others.

2) Protocol for the administration of Toridol. I have reviewed an older ADC Tech Manual and do not see such protocol.

3) As previously mentioned, emergency call buttons in all nursing care/assisted living facilities in ADC.

4) Protocol for reporting child/adult abuse/neglect of inmates and follow-up. ARS §46-451-457.

5) Psych. meds are often discontinued without proper step-down. This exposes inmates to risk. Same with opioid pain meds.

6) The names of Utilization Management physicians and license numbers should be provided. Corizon obstructs this, leaving inmates with no recourse for complaints to Boards of Standards or suits. Such id's should be provided.

7) Inmates report meetings with psych. associates are mostly meaningless. Oversight for psychotherapy, treatment plan reviews etc., psych. testing, should be provided.

CC: Prison Law Ofc., etc.

Inmate Signature: M.J.C., Ed.D., Dr. Michael J. Cohn       Date: 2/15/19

Have You Discussed This With Institution Staff?  ✓ Yes   ☐ No
If yes, give the staff member's name: v. Hedstrom by ILR

Distribution: White – Master Record File   Canary – Inmate
916-1
5/13/10