✓ FILED   ___ LODGED
___ RECEIVED ___ COPY

FEB 2 8 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

michael J. Cohn #288721

ASPC Tucson/ MANZANITA 3A32

P.O. Box 24401

Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

| Parsons, et al. | Ninth Cir. 18-17351 |
| --- | --- |
| v. | D.C. 2:12cv601-ROS |
| Ryan, et al. | Supplement #11 in support of motion for sanctions |
| v. | Per ARS§41-1492.10; Interference, coercion, intimidation, threat |
| Cohn, Pro Se | HON. Roslyn O. Silver |

I, michael J. Cohn, class plaintiff, advocate, appellant, pro se, respectfully submit this supplement documenting exhaustion of internal remedies pertaining to the withholding of blood pressure checks as retaliation for my advocacy efforts inter alia, etc. by J. Kidd RN and K. Switzer. Such checks were provided as was medication only after my vigorous self-advocacy efforts. For the reasons stated herein and previously, the court should grant the motion for sanctions in all its respects, as¹ coercion/intimidation/interference are documented.
threat!

Date: 2/25/19

Respectfully submitted,
michael J. Cohn, Ed.D., Pro Se
Dr. Michael J. Cohn

Service

Original mailed to:   ON: 2/26/19
Clerk of the U.S. Dist. Ct.
401 W. Washington #130-SPC-1
Phoenix, AZ 85003

copies to:   ON: 2/26/19
Attorney General
1275 W. Washington
Phoenix, AZ 85007
— Prison Law Ofc.
General Delivery
San Quentin, CA 94964

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE LRCiv 5.4
(Rule Number/Section)

resolution, including settlement negotiations, conciliation, facilitation, mediation, fact-finding, mini-trials and arbitration, is encouraged to resolve disputes arising under this article.

H. In addition to any sanction that the court may award to a party pursuant to any rule or law in any civil action brought under this article, the court may impose a sanction on a plaintiff or the plaintiff's attorney if the court determines that an action or series of actions is brought under this article for the primary purpose of obtaining a payment from the defendant due to the costs of defending the action in a court. When imposing a sanction, the court may consider the totality of the abusive litigation-related practices of the plaintiff and the plaintiff's attorney.

I. If the court imposes a sanction pursuant to subsection H of this section, the court may order a party to pay a part of the sanction to the governor's office of youth, faith and family and, if ordered, the parties must notify the governor's office of youth, faith and family of the court's order. The governor's office of youth, faith and family must use these monies for the following purposes:

1. To educate covered persons or entities about the person's or entity's obligations under this article.

2. To award attorney fees to claimants who file a meritorious complaint with the attorney general and who resolve the complaint without litigation.
Added by Laws 1992, Ch. 224, § 4, eff. Jan. 27, 1994. Amended by Laws 2017, Ch. 175, § 3.

§ 41–1492.10. Prohibition against retaliation and coercion

A. No person may discriminate against any individual because the individual has opposed any act or practice made unlawful by this article or because the individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this article.

B. It is unlawful to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of, for having exercised or enjoyed or on account of his having aided or encouraged any other individual in the exercise or enjoyment of any right granted or protected by this article.
Added by Laws 1992, Ch. 224, § 4.

§ 41–1492.11. Examination and courses

Any person that offers examinations or courses related to applications, licensing, certification or credentialing for secondary or postsecondary education, professional or trade purposes shall offer these examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for these individuals.
Added by Laws 1992, Ch. 224, § 4.

§ 41–1492.12. Interpretation of disability and substantially limits; definitions

A. A person shall define and construe a disability in favor of broad coverage of individuals under this article to the maximum extent permitted by the terms of this article.

B. A person shall interpret substantially limits consistently with the findings and purposes of the ADA amendments act of 2008 (P.L. 110–325; 122 Stat. 3553).

C. An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability.

D. An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.

E. The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as:

1. Medication, medical supplies, equipment or appliances, low-vision devices, excluding ordinary eyeglasses or contact lenses, prosthetics, including limbs and devices, hearing aids and cochlear implants or other implantable hearing devices, mobility devices or oxygen therapy equipment and supplies.

2. Use of assistive technology.

3. Reasonable accommodations or auxiliary aids or services.

4. Learned behavioral or adaptive neurological modifications.

F. The ameliorative effects of the mitigating measures of ordinary eyeglasses or contact lenses shall be considered in determining whether an impairment substantially limits a major life activity.

G. For the purposes of this section:

1. "Low-vision devices" means devices that magnify, enhance or otherwise augment a visual image.

2. "Ordinary eyeglasses or contact lenses" means lenses that are intended to fully correct visual acuity or eliminate refractive error.
Added by Laws 2010, Ch. 304, § 12.

ARTICLE 9. F

*Article 9, sisting of 5! added by La August 6, 19*

§ 41–1493.

In this article quires:

1. "Demonst going forward w

2. "Exercise act or refusal motivated by a ercise is comp f religious belie

3. "Governm gency or politi

4. "Nonrelig cludes all meml ural centers, d eaters and pl size that a g lows to meet dinance or by

5. "Person" titution.

6. "Political including municipal cor ard, commis luding a cha pal corpora public age

"Religior Means no maximum o cks, fire capacity ations. Does not Synergy v desirable The abili Suitable feasible e sourc espect to ulation to or in cceptab

 **ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Grievance

| | |
|---|---|
| | *For Distribution: Copy of Corresponding Inmate Grievance Resolution must be attached to this response.* |

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER |
|---|---|
| Cohn, Michael J | 288721 |

| INSTITUTION/ UNIT | CASE NUMBER |
|---|---|
| ASPC-Tucson / Manzanita | C14-016-019 |

CORIZON
INMATE GRIEVANCE RESPONSE
Your inmate grievance dated 2/6/19 was received in the Tucson office of Corizon Inmate Health Services on 2/8/19.

Your primary area of concern is your Blood Pressure.

Your concern has been reviewed by medical and you had your blood pressure taken several times and the provider reviewed the data on 2/4/19. As a result of the data, you were started on an antihypertensive medication.  That medication was ordered KOP and you were given the medication on 2/6/19.

This grievance has been addressed. "In accordance with current policy, this response is final, and constitutes exhaustion of all remedies within the Department."

BS/lp ( 19-29 )

Please note, per Revised Department Order 802.05, 1.2, pg. 5 - "Specifying the decision of the Contract Facility Health Administrator is final and constitutes exhaustion of all remedies within the Department."

| STAFF SIGNATURE    B.Richey AFHA | DATE *(mm/dd/yyyy)* 2/14/2019 |
|---|---|



**ARIZONA DEPARTMENT OF CORRECTIONS**

19-29 218

**Inmate Grievance**

| RECEIVED BY | |
|---|---|
| Saenz, S | |
| TITLE | |
| CoIL | |
| BADGE NUMBER | DATE *(mm/dd/yyyy)* |
| S637 | 2-6-19 |

Note:   You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| Cohn, Michael J, | 288721 | 2/6/19 |
| INSTITUTION/FACILITY   Tucson/ | CASE NUMBER | C14-016-019 |
| MANZANITA 3A3L | M-1-C14-19-006 | |

TO: GRIEVANCE COORDINATOR

**Description of Grievance** *(To be completed by the Inmate)*

Switzer's IICR is inadequate as it enables misconduct on the part of the nursing staff involved in this aspect of my case. Exposing me to future harm by unethical nursing staff members is "deliberate indifference" and implicates criminal negligence on Switzer's Part. It is possible I could have had a heart attack, stroke or other cardiovascular event during the delay in receiving adequate care. Per Nursing Code of Ethics, Provisions 1, 2, 3, 4, 6, 8 & 6; I allege unprofessional conduct by Kidd, et al. and incompetence.

**Proposed Resolution** *(What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)*

1) I request D.O. 601 investigation. (attachments (B)(C).
2) I request D.O. 608.02.1,2 investigations
3) Complaint to State Board of nursing for suspension of Kidd's Switzer's licenses. ARS §§36-446.446.03.07.09.

| INMATE'S SIGNATURE | DATE *(mm/dd/yyyy)* | GRIEVANCE COORDINATOR'S | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| M.J.C. | 2/6/19 | R.E. | 2/8/19 |

Documentation of Resolution or Attempts at Resolution.

Action taken by _____

| STAFF MEMBER'S SIGNATURE | BADGE NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| | | |

802-1
12/12/13

DISTRIBUTION:   INITIAL:   White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL:   White – Inmate; Canary – Grievance File

 **ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Informal Complaint Response

| For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response. |
|---|

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER |
|---|---|
| Cohn, Michael J. | 288721 |

| INSTITUTION/ UNIT |
|---|
| ASPC-Tucson / Manzanita |

| FROM | LOCATION |
|---|---|
| Kimberlee Switzer, RN, BSN Director of Nursing | Complex Health Unit  MI-C14-19-006 |

CORIZON
INMATE INFORMAL COMPLAINT RESPONSE

Your inmate informal complaint dated 1/7/19 was received in the Tucson office of Corizon Inmate Health Services on 1/9/19.

Your primary area of concern is your blood pressure checks.

Your concern has been reviewed by medical and it was determined that your blood pressure checks are being evaluated by medical and you will have an appointment upcoming with the provider.

This informal complaint has been addressed. This has resolved your concern.

KS/ba

2173-1

| STAFF SIGNATURE | K.Switzer DON | DATE (mm/dd/yyyy) 02/01/2019 |
|---|---|---|

Distribution:   INITIAL: White and Canary or Copies - Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary - Grievance Coordinator File

802-12
10/16/16

21734

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Informal Complaint Resolution   C14- 00U

Complaints are limited to one page and one issue.

Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT TUCSON 1 | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Cohn, michael J. | 288721 | Manzanita 3B32 | 1/7/19 |

TO
C OIII Saenz

LOCATION
HU3

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Per 5 USC) 702 interalia, etal., I allege the following by J. Kidd, K. Switzer
1) Deliberate indifference (Parsons, et al. v. Ryan, et al. 2:12 CV 601 -ROS )
2) Unprofessional conduct (Az. State Bd. of Nursing)
3) Retaliation (ARS) VI-1892.10)
4) Attempted murder by neglect (Parsons v. Ryan, id.).
- On 12/26/18, Nurse Practitioner Warren ordered that I have
blood pressure checks 3x/wk for 2 weeks. I have had none to date.
- I allege Kidd, ADON & Switzer DON intend to neglect my care in
hopes I will have a fatal cardiac event, via retaliation for my
advocacy efforts and complaints against them. Similar incidents
are well-documented in Parsons v. Ryan, id." as they supervise
the nursing staff, by the doctrine of respondant superior they
are responsible for ensuring that provider orders are followed.
Note! I met Switzer on 1/3/19 She refused to talk to me.
    Remedy
1) Blood pressure checks as ordered.
2) D.O. 601 investigation for retaliation
3) D.O. 608 investigation for attempted murder/lesser included
offenses.
    (1) See Parsons, et al. v. Ryan, et al. Doc. 2898, 8 of 18 deaths were
caused by or significantly contributed to by medical staff.

cc: Judge Silver
    attny. General
    Prison Law Ofc.

INMATE SIGNATURE
M.A. Ce, Ed.D, Dr. michael J. Cohn

DATE (mm/dd/yyyy)
1/7/19

Have you discussed this with institution staff?   ☑ Yes   ☐ No

If yes, give the staff member name: m.S. Warren, NP

Distribution:   INITIAL:  White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
            FINAL:  White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14