Office of the Arizona Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR ORDER REQUIRING PRODUCTION OF HEALTH CARE TRANSITION PLAN (DKT. 3170)** |

Citing no legal authority or Stipulation provision, Plaintiffs request the Court order Defendants to provide a transition a plan regarding the July 2019 transition of provision of healthcare to the inmate population from Corizon to Centurion.  Plaintiffs' request is based solely on counsel's personal belief, opinion, and assumption that the transition will somehow be flawed.  Counsel's opinion is based on dissatisfaction with Corizon's transition to a different healthcare provider (California Forensic Medical group) in a

different case and state.[1]  Because the Stipulation, and not Plaintiffs' counsel, dictates what Defendants are and are not required to do, and because neither the Stipulation nor any other legal authority requires Defendants to provide Plaintiffs with a transition plan, Plaintiffs' Motion should be denied.

## I.     THE STIPULATION DOES NOT REQUIRE DEFENDANTS TO PROVIDE PLAINTIFFS WITH A TRANSITION PLAN.

The Stipulation is the bargained-for agreement the parties reached when they settled this matter in 2014.  It outlines what the parties must and may do.  For example, Defendants must monitor compliance with various performance measures, and Plaintiffs may bring allegations that Defendants are in substantial noncompliance with certain performance measures to Defendants and the Court's attention.  (Dkt. 1185 at ¶¶9-10, 29-31.)  Plaintiffs also have the option to request certain types of ADC records and tour prison complexes.  (*Id*. at ¶¶29, 32.)   Absent from the Stipulation, however, is any requirement that Defendants provide Plaintiffs with a transition plan if a different healthcare provider is selected.  While Plaintiffs could have included such a provision, they did not.  The possibility that the Arizona Department of Corrections ("ADC") would select a new healthcare provider was foreseeable.  Indeed, Corizon, the contractor in place at the time the Stipulation was negotiated, was the second company to contract with ADC for the provision of healthcare services to its inmate population.

The Stipulation contains no requirement that Defendants develop or provide a plan as Plaintiffs demand.  Nor does it permit Plaintiffs' counsel to control or influence any plan Defendants or Centurion may develop.  Plaintiffs' counsel's only role under the Stipulation is to monitor Defendants' compliance with it.  On this basis alone, Plaintiffs' Motion should be denied.[2]

---

[1] Counsel's dissatisfaction is based on non-specific claims of "incomplete recordkeeping" and failure to provide tracking information.  (Dkt. 3170 at 2-3.)

[2] That a handful of inmates received bills from hospitals is not relevant.  Corizon has no control over who hospitals or other outside specialists send their bills to.  Despite this, Corizon has investigated and ensured each bill brought to their attention was paid.

1

2

## II.   A TRANSITION PLAN HAS ALREADY BEEN PRODUCED TO PLAINTIFFS.

Even if a requirement existed under the Stipulation (it does not), it is unnecessary to require Defendants to develop a transition plan because Centurion already developed a plan.   *See* Exhibit 1 (Centurion's Transition Plan).   Other than requesting Defendants formulate a new plan, and wanting input into a new plan, Plaintiffs' Motion is silent as to why or how Centurion's Transition Plan is inadequate.   As the plan notes, Centurion has successfully transitioned Corizon contracts in Tennessee, Minnesota, Florida, and New Mexico and it "recognizes the importance of collaborating with the incumbent healthcare contractor in order to ensure a smooth transition for current employees and continuous, uninterrupted quality care for patients." (*Id*. at 1.)   The plan details **eighteen** transition activities (meetings with each complex's warden, interface with Corizon, implementation of new employee orientation, etc.) and **twenty six** transition components (office support, information technology, specialty care, radiology, audiology, etc.) which include approximately **200** specific tasks.[3]   (Ex. 1.)   Centurion's Transition Plan is appropriate. Plaintiffs have no authority to change or alter Centurion's Transition Plan as it is a function of the State's procurement process to which Plaintiffs are not a party.   If Plaintiffs believe any performance measure becomes substantially noncompliant as a result of the transition, their recourse is to raise the issue with Defendants and the Court through the procedures outlined in the Stipulation.   Because a plan has already been developed and provided to Plaintiffs, their Motion is moot and should be denied.

## III.   COLLABORATING ON A TRANSITION PLAN IS BEYOND THE SCOPE OF MARC STERN M.D.'S ENGAGEMENT.

While Plaintiffs reference Marc Stern, M.D. and a prior suggestion that he collaborate with Defendants to formulate a transition plan, their Motion does not specifically request that the Court order Defendants to do so.   To the extent this is what

---

[3] Plaintiffs request Defendants provide a plan that includes information regarding specialty care, electronic medical records, chronic care, and psychotropic medications. (Dkt. 3170.) Centurion's Transition Plan includes each of these items. (*Id*. at 42-44, 48.)

3

Plaintiffs are requesting, their request should be denied.   First, as discussed above, Defendants are not obligated to form a transition plan.  Second, formulation of a transition plan goes beyond the scope of work the Court appointed Dr. Stern to perform.   Not surprisingly, Plaintiffs again fail to cite to any authority, such as the Stipulation or the Court's Order describing the scope of Dr. Stern's work, to support their request.  Dr. Stern was not appointed to collaborate, provide input, or develop a transition plan.  (Dkt. 3127.) For these reasons, any request by Plaintiffs that Dr. Stern collaborate with Defendants to develop a transition plan should be denied.

To the extent Dr. Stern requests information that relates to the transition and is relevant to the tasks he is undertaking at the Court's request, Defendants will fully cooperate with him in providing such information.  Moreover, if Defendants believe that collaborating with Dr. Stern regarding the transition will be fruitful, they will do so without the necessity of a court order.

**IV.** **CONCLUSION**

For these reasons, Defendants request Plaintiffs' Motion be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DATED this 18th day of March, 2019.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Daniel P. Struck
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 West Ray Road, Suite 300
Chandler, Arizona  85226

Office of the Arizona Attorney General
Michael E. Gottfried
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:           ahardy@prisonlaw.com

Amelia M. Gerlicher:    agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amy B. Fettig:          afettig@npp-aclu.org

Asim Dietrich:          adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Caroline N. Mitchell:   cnmitchell@jonesday.com; mlandsborough@jonesday.com; nbreen@jonesday.com

Corene T. Kendrick:     ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:    DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:      dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:         dspecter@prisonlaw.com

John Howard Gray:       jhgray@perkinscoie.com; slawson@perkinscoie.com

John Laurens Wilkes:    jlwilkes@jonesday.com, dkkerr@jonesday.com

Jose de Jesus Rico:     jrico@azdisabilitylaw.org

Kathleen E. Brody       kbrody@acluaz.org

Maya Abela             mabela@azdisabilitylaw.org

Rose Daly-Rooney:       rdalyrooney@azdisabilitylaw.org

Sara Norman:           snorman@prisonlaw.com

Rita K. Lomio:          rlomio@prisonlaw.com

Victoria Lopez:         vlopez@aclu.org

Ryan M. Kendall:        rkendall@aclu.org; ryankendall@ucla.edu

/ / /

/ / /

/ / /

/ / /

6

1    I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

3    N/A

4                                    /s/Daniel P. Struck