FILED _____ LODGED
RECEIVED _____ COPY

MAR 1 9 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1  BRIAN LESLIE FINKEL, DO
2  #182X86
3  ASPC Florence-South 232 Low
4  PO Box 8400
5  Florence, Az 85132-8400
6  Class Member
7
8       IN THE US DISTRICT COURT
9    For THE STATE OF Arizona.
10                    CV-12-601-PHX-ROS
11  PARSONS            #2:12-CV-00601
12    PLAINTIFF
13                   Additional information
14  Versus             dealing with Corizon's
15                     Failure to maintain
16  RYAN               Adequate xray/diagnostic
17   defendant        imagery photo medical
18                    records, A violation
19                    of Parsons stipulation
20                    order. Performance Measures
21
22
23      BRIAN LESLIE FINKEL, DO IS A CLASS
24  member of the above referenced
25  class action law suit. He is also
26

                    (1)

1   THE PLANIFF IN " BRIAN ISSUE FINKEL V
2   CORIZON HEALTH INC, ET AL " #2:17-CV-
3   01981-JJT-BSB.
4
5        IT WAS DURING DISCOVERY IN
6   FINKEL THAT I DISCOVERED THAT
7   CORIZON UTILIZES AN ILLICIT XRAY PHOTO
8   AND DIAGNOSTIC IMAGING PHOTO ELECTRONICALLY
9   STORED INFORMATION STORAGE SCHEME
10  THAT EFFECTIVELY REDUCES FROM
11  VIEW PATIENT / RADIOLOGIC TECHNOLOGY
12  METADATA THAT THE ARIZONA
13  LEGISLATURE REQUIRES BY LAW TO BE
14  PRESENT ON DIAGNOSTIC IMAGERY MEDICAL
15  RECORDS. CORIZON'S ILLICIT SCHEME
16  TAKES ADEQUATE METADATA AND MAKES
17  IT UNAVAILABLE TO LITIGATORS, FURTHER
18  HEALTH CARE PROVIDERS, GOVERNMENT
19  ADMINISTRATORS AND COURT OFFICIATES
20  WHO DO NOT KNOW OF THE SCHEME
21
22       THIS IS AN IMPORTANT ISSUE
23  BECAUSE I FEAR THERE WILL NOT
24  BE CONTINUITY OF CARE WHEN
25  CORIZON TRANSITIONS TO CENTURION
26
27              /21

1  iN JULY 2019, INAdeQuate X-RAY
2  & DIAGNOSTIC IMagary Photos THAt
3  do NoT IDANTIFY THe PATIENT,
4  WHEN & WHO USEd WHAT EQUIPMENT
5  TO COMPLETE THE STUDY Will COMPROMISE
6  FURTHER HARM IN CARE FOR INMATES.
7
8     I HAVE SENT THE ATTACHED
9  document TO BOTH SETS OF ATTORNEYS
10 IN PARSONS. I RESPECTFULLY
11 ASK THE COURT TO INVESTIGATE MY
12 COLORABLE CLAIMS OF INAdeQuate
13 DIAGNOSTIC IMagary MEDICAL RECORDS
14 WITH DoctoR STERN, THE PLAINTIFF'S
15 ATTORNEYS & CORIZON'S deFENSE
16 LAWYERS.
17
18    RESPECTFULLY SUBMITTED THIS 19TH
19 MARCH 2019  BY,
20
21  Brian Leslie Finkel DO
22  BRIAN LESLIE FINKEL DO
23  #182486
24  ASPC FloRANCE - SOUTH 232C
25  PO BOX 8400
26  FloRANCE, ARIZONA 85132-8400
27
                    (3)

CERTIFICATE OF SERVICE

I certify that the attached
document was served upon the
Clerk of the court via the
ASP Florence - South Prison
Mailbox System on 19 March 2019

Copies Mailed To:

1) Attorney Corene Kendrick
     Prison Law Office
     General Delivery
     San Quentin, CA 94964-0001

2) Attorney Daniel Struck
     3100 West My 101 st, #300
     Chandler, AZ 85226

3) Attorney Nicole Rowley
     PWB
     2350 East Camelback Rd
     #440
     Phoenix, AZ 85016

Brian Leslie Finkelde
     Brian Leslie Finkelde

(4)

EXECUTIVE DIRECTOR
ARIZONA DEPARTMENT OF HEALTH SERVICES
1818 WEST ADAMS
Phoenix, Arizona 85007

SUBJECT: FORMAL COMPLAINT:
Corizon Health Incorporated:
Corizon Health Inc (corizon) XRAY AND
Diagnostic Electronic Storage Information
storage scheme Threatens the continuity
of care and The Health of Vulnerable
adults and children in the Custody
of the Arizona Department of Corrections.

(1) INTRODUCTION

MY NAME IS Brian Leslie Finkel, DO.
I am an Arizona resident in the Custody of
the Arizona Department of Corrections (ADC).
ADC has a National and State constitutional
obligation to provide Adequate care to
Arizona residents in their Custody.
ADC has Health Units and infirmaries
within the Prison complexs scattered
Throughout ADC's Prison Archipelago.

(1)

ARIZONA INMATES ARE A CLASS OF
RESIDENT THAT ARE ENTITLED TO CONSTITUTIONALLY
ADEQUATE HEALTH CARE THAT MEETS BOTH
NATIONAL AND ARIZONA SCIENTIFIC COMMUNITY
STANDARDS OF MEDICINE. THE ARIZONA
LEGISLATURE PRIVATIZED HEALTH CARE FOR
INMATES. THE ADC HAS CONTRACTED
WITH A THIRD PARTY PRIVATE ENTITY;
(CORIZON HEALTH INCORPORATED (CORIZON)
TO PROVIDE HEALTH CARE TO INMATES
WITHIN ADC HEALTH UNITS & INFIRMARIES.
CARE THAT CANNOT BE PROVIDED TO INMATES
WITHIN THE PRISON SYSTEM IS TO BE
PROVIDED BY OFF-SITE MEDICAL SPECIALISTS
AND HOSPITALS.

I AM FILING THIS COMPLAINT DIRECTLY
WITH THE DIRECTOR OF THE DEPARTMENT OF
HEALTH SERVICES (DHS) BECAUSE COMPLAINTS
FILED BY ME WITH THE AZ STATE BOARD
OF OSTEOPATHIC MEDICINE AND SURGERY, THE
HEALTH MONITORING BOARD OF ADC AND
THE ARIZONA BOARD OF RADIOLOGIC TECHNOLOGY
HAVE BEEN IGNORED OR TOTALLY
UNANSWERED BY THE STATE ADMINISTRATORS

tasked to ensure the Arizona revised statutes dealing with the integrity of medical records and the continuity of care that is compromised when a major health care provider, such as Corizon, has an illicit electronically stored information scheme for medical records dealing with diagnostic integrity (X-ray, CAT scan, MRI, ultrasounds, echocardiograms, etc.) schemes.

Corizon's reputation as a notorious scofflaw laissez-faire Dickensian capitalist company is well known with the US District courts of the USA and has been widely published in state and national media sources. Corizon's failure to meet the terms of its contract with ADC is known within the Az legislature and by Az Governor Ducey. Court documents from the Az case of "Parsons v Ryan" have been published showing a morbidity and mortality rate for Az inmates that far exceeds that of non-incarcerated inmates. Plaintiff

(3)

Attorneys in Prisons documented poor quality of inmate care resulted in U.S. District Court Judge Duncan publishing a stipulation order that maintained 100 performance measures that both ADC and Corizon were ordered to meet to protect inmate health care. Corizon's schemes to not adhere to the stipulation order performance measures resulted in a contempt fine by the US District court of Phoenix of over $1,300,000 against ADC and millions more in legal fees to Parsons plaintiff's lawyers.

The public shaming of ADC in the media has resulted in Corizon losing the ADC "Justice Health" care contract it held. ADC will have Centurion health care (Centurion Arizona LLC) assume "Justice Health care" on 1 July 2019. Now, valid concerns have arisen that Corizon's losing the contract will compromise the integrity of "Justice Health" in ADC. Valid concerns that continuity of care will be compromised

(4)

Because Corizon has a Track record
of walking away from jurisdictions in
which it has lost previous contracts by
not cooperating with an efficient
transfer of adequate medical records
to the new provider.

I enclose for the DHS Executive
Director's review a January 30, 2019
letter from Staff Attorney Corene
Kendrick of the Prison Law Office
to the Corizon's Arizona Defense
Attorneys. Miss Kendrick's Firm was
a significant part of the Plaintiff's
Attorneys in Parsons. (See Exhibit
#1). The letter goes into great
detail concerning continuity of care
for Class members during the Transition
from Corizon ~~xxxxx~~ to Centurion. Well
documented instances of Corizon's
sloppy departure from other jurisdictions
in which it had lost contracts is
well demonstrated. The concerns
published in this letter are worthy
of the Director of DHS attention

(5)

AND INTERVENTION TO PROTECT THE HEALTH CARE OF ARIZONA INMATES. ALL ARIZONA RESIDENTS, REGARDLESS OF THEIR SOCIAL STATUS, SHOULD RECEIVE PROTECTION THAT HAS BEEN MEMORIALIZED BY THE AZ LEGISLATURE IN HEALTH STATUTES DEALING WITH "ADEQUATE" MEDICAL RECORDS.

(2)   COMPLAINT

I AM AN ARIZONA RESIDENT IN ADC CUSTODY WHO DID NOT RECEIVE ADEQUATE HEALTH CARE FROM CORIZON. CORIZON HAS AN UNOFFICIAL CUSTOM BASED ON A SELF-SERVING INTERPRETATION OF PRISONS STIPULATION PERFORMANCE MEASURE #50 THAT IT INSTRUCTED ITS SUBORDINATE EMPLOYEES TO IMPLEMENT. THIS UNOFFICIAL CUSTOM DELAYED OFF-SITE COMPLETION OF URGENT CONSULTS, REGARDLESS OF MEDICAL NECESSITY, FOR UP TO THIRTY DAYS. IN MY INSTANCE, CORIZON DELAYED REFERRAL TO AN ORTHOPEDIC SURGEON FOR SURGICAL REPAIR OF UNSTABLE BIMALLEOLAR FRACTURES OF THE LEFT LEG FOR 23 DAYS. THE

political pressure (THREATS OF pending legal action) by Friends and Family members was the only reason I received surgery in under 30 days. The national and Arizona Scientific community standards is to repair the severe trauma I suffered within 3 days. Corizon's Deliberate indifference to providing me with timely care has resulted in Further injury, chronic pain and a permanently paralysed and painful ① leg Below the knee.

I Filed a USC §1983 civil rights complaint with the US district court of Phoenix in 2017. SEE: BRIAN LESLIE FINKEL V corizon Health incorporated, ET AL, #2:17-CV-01981-JJT-BSB. IT was during Discovery in FINKEL That I learned of The Unofficial custom of destroying off-site records AND corizon's illicit Diagnostic Imaging Photo Electronic Storage information scheme dealing with X-rays, CAT & MRI scans, ultrasounds, etc.

(7)

Arizona Revised Statutes requiring the maintenance of "Adequate" Medical records are published by the AZ Legislature in :

(A) ARS § 32-1401-2;
B) ARS § 32-1800-3; AND
c) ARS § 32-2801-24(d)

require that ALL Medical records must contain Patient Metadata that clearly identifies the patient. ARS § 32-2801-24 (d) insists that Radiologic Technology Metadata g, as well as Patient Metadata, must be prominently displayed on All Radiologic Technology Photo Medical records.

Corizon's Agent in FINKEL did not dispute that Corizon hired An intermediary to "Embed" the metadata required by the above referenced Az Revised ~~statues~~ ~~■■~~ statutes From view before putting the Electronically stored Diagnostic imagery into storage. Corizon's Agent DID NOT dispute that the embedded metadata could

(8)

NOT BE VIEWED BY LITIGANTS, STATE
OFFICIALS, OTHER HEALTH CARE PROVIDERS
AND COURT OFFICIALS WHO DID NOT
KNOW OF CORIZON'S DICOM APPLICATION
THAT EMBEDED [REDACTED] THE METADATA.
CORIZON'S AGENT DID NOT DISPUTE DURING
DISCOVERY THAT THEY SEND "INADEQUATE"
XRAYS PHOTOS AND OTHER DIAGNOSTIC
IMAGERY PHOTOS TO OFF-SITE SPECIALISTS
AND HOSPITALS THAT LACK THE METADATA
NECESSARY FOR CONTINUITY OF CARE BASED
ON RADIOLOGIC TECHNOLOGY. THE CORIZON
AGENT DID NOT DISPUTE THAT DISCOVERY
EVIDENCE THAT LACKED PATIENT/TECHNOLOGY
METADATA WERE SENT TO ME, MY
MEDICAL EXPERTS, AND WERE FILED BY
ME WITH THE HONORABLE JUDGE
BRIGGETTE BADE IN FINKEL. SEE
FINKEL DOCUMENTS #181, 208, 209
AND #269 ✪1

✪1 THE PLAINTIFF IS AN INDIGENT INMATE AND
CANNOT AFFORD TO COPY TANGIBLE COPIES OF THE
16 FORWARDED FINKEL COURT DOCUMENTS. THE
ASSISTANT AZ ATTORNEY GENERAL ASSIGNED TO
D.N.S. CAN USE THE A.GO's PACER ACCOUNT
TO ACCESS THESE DOCUMENTS.

(9)

Corizon's Agent in Finkel has Knowledge of The document storage schane's violation of Az Community Standards For The maintainance of Adequate Medical records dealing with Diagnostic Imagery Medical records. To date, No document has Been Filed with the US District Court stating the illicit schane will or has Been corrected. SEE Finkel Doc # 208 & 209.

I have Filed Three Separate complaints with Three Separate Az Health care regulatory Agencies That deal with Corizon or have The Statutory obligation to protect public Health by Enforcing The above Referenced. Arizona reused statutes, The Az Board of Osteopathic Examiners In Medicine and Surgery AND The Az State Board of radiologic Technology Refused To Acknowledge receipt of my properly Filed and properly served First Amendment complaints dealing with the document schane. These

(10)

Two Agencies' Executive Directors have demonstrated Bits and Prejudice by not acknowledging receipt of complaints filed by an inmate OR they are protecting the reputation of Corizon because it is employed by another State Agency. The Health monitoring board of ADC acknowledged receipt of the complaint but filed it without taking any action; despite knowing Corizon's actions violated ADOC Health Regulations published in ADOC Health Service Tech manual 2010 and the aforementioned as noused statutes.

(3.)    <u>DISCUSSION</u>

As of the date of this complaint Corizon has not corrected its illicit Xray/Diagnostic imagery photo electronic stored information scheme. I have personal knowledge that Corizon sent inadequate Xray/CAT scan imagery to my off-site orthopedic surgeon in November 2018. My surgeon, and

(11)

The hospital in which I will have my next surgery, will be forced to provide continuity of care based on inadequate medical records, inadequate records that violate community health care standards published as LAW by the Arizona legislature. Corizon operates under the color of state law, it has a contract with the ADC, and has a duty and obligation to adhere to AZ LAW published in Arizona revised statutes.

The 30 January 2019 Prison Law Office letter clearly shows Corizon's failures in the past that have compromised the continuity of care to inmates in other penitentiary subdivisions outside of Arizona. Corizon has not demonstrated to date any action that it will cooperate with Centurion Arizona LLC in ensuring a smooth transition of X-ray / diagnostic imagery photo medical records that meet the definition of

(12)

Adequate Medical records found in
ARS§32-1401-2; ARS§32-1800-3,
AND ARS§32-2801-24(d). If
Corizon does not send Diagnostic Imagery
Adequate Medical records to Centurion,
"AT RISK" Vulnerable AZ residents
in ADC custody will not receive
continuity of care that will prevent
unnecessary morbidity and mortality,

(4)    CONCLUSION

Arizona inmates in ADC custody are
vulnerable minors and adults
because they are totally dependent
upon ADC's third party entity to
provide them with care. Inmates
cannot chose their provider. Their
lives are in jeopardy when an
unethical provider uses illicit schemes
and unpublished customs to ~~administer~~
cut costs to maximize profit.
Corizon administrators are unscrupulous
profiteers who use "willing helpers"
in the legal profession to continue

(13)

Their malicious abuse of appropriated tax dollars meant for inmate health care. They showed deliberate indifference to quality of life issues while they were making money during their ADC contract. Their past track records in other states show they do not provide adequate records when they lose a contract.

I am imploring the director of the AZ Department of Health Services to work with the plaintiff's attorneys in the Parson case to ensure adequate diagnostic imagery medical records are provided to Centurion Arizona LLC before 1 July 2019. Three (3) other state agency administrators have abandoned their obligation to enforce health standard statutes because the impacted AZ residents are in the custody of ADC. Such bias & prejudice is unacceptable in twenty first century Arizona.

(14)

TIME IS OF THE ESSENCE. VULNERABLE
MINORS AND ADULTS LIVES ARE AT
STAKE. DHS HAS STEPPED IN TO
PROTECT THE LIVES OF VULNERABLE
ADULTS AT THE HACIENDA HEALTH
CARE FACILITY WHEN EGREGIOUS
SELF-SERVING CONDUCT WAS DISCOVERED
IN A PRIVATE AGENCY. THE FACT THAT
AT RISK INDIVIDUALS ARE BEING PUT
INTO JEOPARDY BY ANOTHER STATE
AGENCIES' PRIVATE PROVIDER SHOULD NOT
DETER DHS FROM PROTECTING ALL
VULNERABLE ADULTS. DON'T LET INMATES DIE!!

I SUGGEST THAT DHS INITIATE
AN AD HOC COMMITTEE WITH ADC,
THE PRISON LAW OFFICE, CORIZON'S
LAWYERS, THE PRISONS MONITOR
APPOINTED BY JUDGE ROSLYN SILVER
OF THE US DISTRICT COURT IN AN
EFFORT TO RESOLVE THIS ISSUE QUICKLY
AND TO ENSURE VULNERABLE PATIENTS
RECEIVE CONTINUITY OF CARE NOT
IMPEDED BY INADEQUATE MEDICAL RECORDS

PLEASE ACKNOWLEDGE RECEIPT OF
(15)

This complaint by sending a response as "Legal mail" to my address below.

Respectfully submitted this 19 Day of March 2019 by

Brian Leslie Finkel DO
BRIAN LESLIE FINKEL DO
#182486
ASPC Florence - South 2B2L
PO Box 8400
Florence, AZ 851328400

Certificate of Service.

I certify that the attached document was served upon the Director of the AZ Dept of Health Services via the ASPC Florence - South Prison mailbox system on 19 March 2019. Copies mailed to the following individuals via the United States Postal Service

(16)

1) CLERK OF THE COURT
   PARSONS V RYAN 2:12-CV-00601
   SANDARTY OCONNOR DISTRICT COURT
   401 WEST WASHINGTON ST, #130, SPC1
   PHOENIX, ARIZONA 85003-2118

2)   ATTORNEY CORENE KANDRICK
     PRISON LAW OFFICE
     GAVENTE RELLWAY
     SAN QUENTIN, CA 94964-0001

3)   ATTORNEY DANIEL STRUCK
     STRUCK, LOVE, BOJANOWSKI & ACEDO
     3100 WEST RAY ROAD, #300
     CHANDLER, AZ 85226

4)   DAVID ROBERTSON DO
     HEALTH MONITORING BUREAU
     AZ DEPT OF CORRECTIONS
     1601 WEST JEFFERSON
     PHOENIX, AZ 85007

5) Mister JIMMY JENKINS
   KJZZ / NPR
   2323 WEST 14TH STREET
   TEMPE, AZ 85281-6948

(17)

6) Attorney McDre Lynn Rowley
     @ PWB
     2390 East Camelback 10th
        #440
     Phoenix, AZ 85016

(18)

EXHIBIT #1



**PRISON LAW OFFICE**

General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Steven Fama
Alison Hardy
Sophie Hart
Corene Kendrick
Rita Lomio
Margot Mendelson
Thomas Nosewicz
Shira Tevah
Camille Woods

VIA EMAIL ONLY

January 30, 2019

Mr. Daniel Struck
Struck, Love, Bojanowski & Acedo
3100 West Ray Road, Suite 300
Chandler, AZ 85226
dstruck@strucklove.com

     RE:   *Parsons v. Ryan*, 2:12-CV-00601
            Centurion Transition Plan

Dear Dan,

As you know, ADC announced on January 18, 2019 that it was awarding a contract to provide health care services to Centurion of Arizona, LLC, effective July 1, 2019.

For reasons that I will detail below, we are concerned about the continuity of care for class members during the transition from Corizon to Centurion. Therefore, we write to request that Defendants involve the Court's expert, Dr. Marc Stern, and Plaintiffs' counsel in a collaborative effort to ensure continuity of care in the next six months. We ask that you propose dates and times in the next two weeks for the parties and Dr. Stern to speak about the transition plan. If there are any written transition plans at this time, we ask that you provide them to us. We hope to avoid further litigation by understanding the efforts that ADC, Corizon and Centurion will undertake to ensure a transition that minimizes harm to patients and takes into consideration issues that are of concern to us.

Specifically, we are concerned that there will not be a smooth transition in the electronic health record system; the requesting, scheduling, and paying for subcontracted specialty medical care; chronic care management; mental health programs; the uninterrupted provision of chronic and psychotropic medication; and the retention of staff. Additionally, since Corizon provides the source documents and raw data to the Monitoring Bureau to measure and report compliance with the Stipulation, the transition in vendors implicates the Bureau's ability to monitor prior to and after the transition.

**Board of Directors**
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

Mr. Dan Struck
RE: Centurion Transition Plan
January 30, 2019
Page 2

Our concerns are based upon our experience and knowledge of Corizon's actions in the waning months of contracts in California county jails, after their contracts to provide health care to people in the jails were not renewed, as well as based on Corizon's past actions in Arizona. ADC has in its custody people with much more serious and chronic medical and mental health needs than those found in a county jail, and the impact upon *Parsons* class members could potentially be much more severe than the problems experienced by people in the county jails.

With regard to Corizon's actions in other jurisdictions after losing a contract, I am co-counsel of record in *Murray v. County of Santa Barbara*, Case No. 2-17-cv-08805 (C.D. Cal. Filed 12/6/17), a class action lawsuit brought on behalf of persons incarcerated in the jails of Santa Barbara County, California, regarding the provision of medical and mental health care, and accommodations for people with disabilities. The case was filed in December 2017, but for several years prior to the filing, my office and Disability Rights California ("DRC"), the federally-designated protection and advocacy organization for the State of California, had investigated the conditions in the jails. Our offices and the County had negotiated an agreement by which mutually-agreed upon experts would tour the jails and offer their opinions as to the remedial efforts needed to ameliorate unconstitutional conditions of confinement.

For many years prior to the investigation, Santa Barbara County had contracted with Corizon to provide medical, dental, and mental health care at the jails. In the course of the DRC/PLO investigation and experts' review in 2016 and 2017, it became clear that Corizon's performance was abysmal. In early 2017, the County's Board of Supervisors awarded the health care contract to California Forensic Medical Group ("CFMG"). After Corizon was notified that it would no longer be the contractor, the transition was deeply flawed and caused failures with respect to the delivery and continuity of care for people in the jail with serious medical and mental health treatment needs.

Specifically, as Corizon's contract with Santa Barbara County came to an end, Corizon staff at the jail sent clinical tracking logs and other critically important patient documentation to Corizon's national headquarters in Tennessee. These records were thus not available to Santa Barbara County or to CFMG administrators and staff when they assumed the role as the County's health care contractor. This resulted in time inefficiencies due to the need to repeat health diagnostic questioning and testing, and there was no record of pending requests for specialty care. This also meant that there was insufficient information available to the incoming treating health care staff about patients' current medications, diagnoses, specialty and chronic medical needs, and serious mental health care needs. As a result, CFMG and County staff were often unable to locate individual patient charts, and the clinical staff often saw patients without any in-house or specialty records available. When CFMG took over, it discovered that individual patient records had been left woefully incomplete by Corizon staff in recent months – prescription and treatment plan information was absent from past medical records. CFMG staff reported to the County and

DRC/PLO that it was a huge logistical challenge to meet with every patient to figure out what medications he or she needed to be on.

After the contract to provide health care had been awarded to CFMG, but before Corizon's contract ended, Corizon staff did not file loose paper health care records, including prisoners' health services requests, grievances, and providers' requests for specialty care. Instead, in the twilight months of the contract, Corizon staff failed to organize or respond to these paper requests. These documents were not in order nor were they scanned to individual patients' medical records. In April 2017, Dr. Roberta Stellman, M.D., a mutually-agreed upon expert regarding the provision of mental health services, toured the jail with the DRC/PLO team and County counsel and jail representatives. Dr. Stellman and the others observed that there were multiple boxes of loose records and documents dating back at least six months. These included patient health care requests and grievances regarding medical, dental, and mental health care; documents from specialists; and lab results.

Dr. Stellman and the monitors observed that some Corizon records were either destroyed, or only in Corizon's proprietary electronic health record system to which the County did not have access. For example, suicide watch cell logs were destroyed or sent back to Corizon's corporate headquarters without copies left in Santa Barbara. Corizon also removed Q1 2017 data regarding requests for mental health services, which hampered Dr. Stellman's effort to analyze mental health care, and more importantly also adversely impacted facility staff's ability to provide mental health care.

After Corizon left Santa Barbara County, the parties learned that it had been using a Microsoft Excel spreadsheet to track when prescriptions for chronic care and psychotropic medications were expiring and needed to be renewed by Corizon's subsidiary pharmaceutical company, PharmCorr. The Corizon staff in Santa Barbara were also using an Excel spreadsheet to track which patients needed to be seen by the on-site provider. It is unclear if Corizon provided either spreadsheet to the CFMG team who took over health care management; CFMG management asserted to the court experts, the County, and the DRC/PLO team that no such information had been provided to them. As a result, patients experienced abrupt interruptions in their medications during the transition from PharmCorr to CFMG's pharmacy provider.

As a result of Corizon's behavior in Santa Barbara County, when the Fresno County Board of Supervisors declined to renew Corizon's contract to provide health care services there, and instead awarded the contract to CFMG, Fresno County insisted that CFMG come on-site to the jail for 90 days prior to the effective date of the contract, to work side-by-side with Corizon management to ensure a smoother transition. While there were hiccups in the transition, the fact that the County had a transition plan in place made the process go much more smoothly than in Santa Barbara.

Mr. Dan Struck
RE: Centurion Transition Plan
January 30, 2019
Page 4

Finally, we are also concerned about Corizon's inability or unwillingness to timely pay its specialty subcontractors prior to and after the transition. In the past six months alone, we have notified Corizon ten times about bills and collection notices that were sent to class members for services for which Corizon had apparently failed to pay:

| Notification Date | Name | ADC No. | Prison | Amount |
|---|---|---|---|---|
| 8/2/18 | ██████████ | ████ | ASPC-Perryville | $1,140.00 $1,040.00 |
| 8/3/18 | ██████████ | ████ | ASPC-Perryville | $1,224.00 |
| 8/7/18 | ██████████ | ████ | ASPC-Perryville | $572.00 |
| 9/25/18 | ██████████ | ████ | ASPC-Florence | $2,834.00 |
| 10/11/18 | ██████████ | ████ | ASPC-Tucson | $4,712.00 |
| 11/16/18 | ██████████ | ████ | ASPC-Florence | $2,834.00 |
| 11/16/18 | ██████████ | ████ | ASPC-Eyman | $1,516.00 |
| 11/30/18 | ██████████ | ████ | ASPC-Phoenix | $1,212.00 |
| 1/8/19 | ██████████ | ████ | ASPC-Perryville | $1,836.43 |
| 1/23/19 | ██████████ | ████ | ASPC-Tucson | $265.00 $1,650.00 |
| 1/24/19 | ██████████ | ████ | ASPC-Tucson | $62.00 |
| 1/25/19 | ██████████ | ████ | ASPC-Eyman | $1,782.00 |

*See also* Attachment A (correspondence with Mr. Kartchner regarding unpaid specialty bills); 8/8/17 Tr. at 93:23-103:5 (testimony of Richard Pratt regarding Corizon's failure to pay three subcontractors, including $1.2 million owed to Florence Anthem Hospital).

We are concerned that if there is not a transition plan in place to ensure that Corizon continues to pay its subcontractors for all services rendered prior to July 1, 2019, ADC and/or our clients will be left on the hook for Corizon's failure to pay.

///

///

Mr. Dan Struck
RE: Centurion Transition Plan
January 30, 2019
Page 5

We look forward to working collaboratively with you and Dr. Stern on this transition to ensure continuity of care to class members.

Sincerely,

*Kendrick*

Corene Kendrick, Staff Attorney

cc:     Counsel of Record
        Dr. Marc Stern