# Exhibit 1

Marc F. Stern, MD, MPH
Assistant Affiliate Professor, School of Public Health, University of Washington
Consultant in Correctional Health Care
1100 Surrey Trace Drive SE
Tumwater, Washington 98501, USA
(360) 701-6520
marcstern@live.com

March 24, 2019

In its order (Doc. 3085) the Court instructed the parties in *Parsons* to jointly develop a stipulated plan to implement my appointment as the Court's 706 expert. The parties submitted a plan (Doc. 3111) which contained all the elements requested by the Court regarding how I would conduct my work, with two exceptions. At my request, that plan did not address the Court's request for "the timeframe for Dr. Stern's work, including deadlines for interim status updates" and "how Dr. Stern will deliver his recommendations to the Court" because I needed more information, including a preliminary visit, in order to propose meaningful responses to these latter two requests.

Having received all the information I have requested from the parties, having conducted a two-day visit on February 4th and 5th, and having discussed my plan with the parties, I am now in a better position to compose the plan, which is described below.

I conducted another visit from March 11th to 15th during which, among other activities, I met with Director Ryan, ADC monitors, Corizon regional (i.e. Arizona) and local managers, front-line Corizon staff, and toured the facilities at Tucson, Eyman, Phoenix, Lewis (and briefly visited the Florence facility which I toured more extensively during my February trip). I chose these facilities because they are the ones that are struggling the most with the PMs and, for the same reason, were the ones highlighted by the Court in its order. While I am examining, in one manner or another, some activities at all the other facilities, in the interest of efficiency and cost, for the moment I am not planning on visiting the other five facilities.

The plaintiffs have asked that I consider visiting Perryville because it houses women and because, as a facility that is performing better on the PMs, it may provide insights into how the other facilities might improve their performance. Based on my review so far, including input I received regarding Perryville from staff at other facilities I visited, I do not believe a visit to Perryville is likely to change my conclusions, so am not currently planning to visit Perryville. However, I have taken the plaintiffs' request under advisement and will modify my plan if I believe it will be helpful.

It is my hope to have completed my analysis and discussions with the parties by the end of May, to be followed by a written report to the Court two to three weeks

thereafter. As the end of May approaches, it is also my plan to find solutions to which both parties agree for as many of the problems as possible which I identify, such that my report to the Court will identify problems as well as propose workable palatable solutions. For problems for which there is more than one possible solution and/or those for which the parties cannot agree on a solution, it is my intention to include those in the report along with the perspective of both parties and my recommendations.

Plaintiffs requested I provide evidence, including but not limited to patient case reports, of how any failure to successfully perform on PMs poses a significant risk of serious harm to patients due to health care delivery that falls below the community standard of care, referencing the Court's most recent Order stating that "the quality of health care provided to individual prisoners is necessarily relevant to determine whether there is a 'practice of substantially departing from the standard of care.' (Doc. 1185 ¶ 8.)  Dr. Stern will not be precluded from analyzing care provided to particular prisoners in order to draw global conclusions about health care delivery."  (Doc. 3127.)

Plaintiffs also requested I opine on whether the PMs by themselves accurately reflect the adequacy of the care being provided to prisoners, referencing the Court's statement that I should be permitted to "draw global conclusions about health care delivery."

Both of Plaintiffs' requests are doable. Plaintiffs' first request is likely doable within the timeframes described earlier. Plaintiffs' second request would require approximately four to six weeks more time; this request could, however, be addressed through a second, separate report so as not to delay my report on the other issues.

Defendants requested that I limit my report to the parameters established by the Court in my appointment.  Specifically, Defendants assert that Plaintiffs' requests go beyond the scope of the Stipulation as negotiated by the parties.  Defendants assert that there is nothing within the four corners of the Stipulation which allows the Court or the parties to address specific instances of "patient case reports" or whether the agreed upon performance measures "accurately reflect the adequacy of care provided to prisoners."

I recognize that there are legal issues at hand outside my ken. Thus I seek the Court's guidance on how to address the two above requests from Plaintiffs.

It is my plan to share the draft of my report with both parties, invite their feedback, and incorporate that feedback into the final version I submit to the Court.

I am unable to anticipate, at this point, whether I will recommend an oral presentation of the report in open court; that will depend on the specific recommendations in the final report as well as the level of agreement with those recommendations by the parties.

Similar to my plan for the final report, the above plan is the product of discussion with both parties. The draft of this submission was shared with the parties and their feedback has been incorporated. Thus this submission reflects the joint agreement of both parties except where noted.

Finally, I would like the Court to know that both parties have been exceedingly cooperative in making themselves, their staff, and their data, available to me, for which I am greatly appreciative.

I hope this plan is acceptable to the Court, and I remain at its disposal if there are any questions or need for modification.

Respectfully yours,

Marc F. Stern