1   Kathleen E. Brody (Bar No. 026331)
    **ACLU FOUNDATION OF ARIZONA**
2   3707 North 7th Street, Suite 235
    Phoenix, Arizona 85013
3   Telephone:  (602) 650-1854
    Email: kbrody@acluaz.org
4
    *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
5   *Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
    *Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
6   *Desiree Licci, Joseph Hefner, Joshua Polson, and*
    *Charlotte Wells, on behalf of themselves and all others*
7   *similarly situated*

    **[ADDITIONAL COUNSEL LISTED ON**
8   **SIGNATURE PAGE]**

9   Asim Dietrich (Bar No. 027927)
    **ARIZONA CENTER FOR DISABILITY LAW**
10  5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
11  Telephone:  (602) 274-6287
    Email: adietrich@azdisabilitylaw.org
12
    *Attorneys for Plaintiff Arizona Center for Disability Law*
13
    **[ADDITIONAL COUNSEL LISTED ON**
    **SIGNATURE PAGE]**
14

15              UNITED STATES DISTRICT COURT

16                   DISTRICT OF ARIZONA

17  Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-ROS
    Dustin Brislan; Sonia Rodriguez; Christina
18  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph    **PLAINTIFFS' REPLY IN**
19  Hefner; Joshua Polson; and Charlotte Wells, on     **SUPPORT OF MOTION FOR**
    behalf of themselves and all others similarly      **ORDER REQUIRING**
20  situated; and Arizona Center for Disability Law,   **PRODUCTION OF HEALTH**
                                                       **CARE TRANSITION PLAN**
                        Plaintiffs,                    **(DOC. 3170)**
21
         v.
22
    Charles Ryan, Director, Arizona Department of
23  Corrections; and Richard Pratt, Division Director,
    Division of Health Services, Arizona Department of
24  Corrections, in their official capacities,

                        Defendants.
25

26

27

28

1

**INTRODUCTION**

2      Defendants do not deny that continuity of care is an essential element of a

3 minimally adequate correctional health care system. But faced with uncontroverted

4 evidence of the risk to patient health and safety created by Corizon's chaotic exit from the

5 Santa Barbara County (California) jail system in 2017, they steadfastly refuse to create a

6 transition plan to ensure that this scenario is not repeated when Corizon leaves Arizona

7 just over three months from now.[1]

8

**ARGUMENT**

9      Defendants first distort the undisputed record of Corizon's departure from Santa

10 Barbara County, saying that Plaintiffs raise only "non-specific claims of 'incomplete

11 recordkeeping' and failure to provide tracking information." Doc. 3187 at 2 n. 1.

12 Defendants' characterization is, to put it charitably, incomplete:

13
14
15       Specifically, as Corizon's contract with Santa Barbara County came to an
       end, Corizon staff at the jail sent clinical tracking logs and other critically
       important patient documentation to Corizon's national headquarters in
       Tennessee. These records were thus not available to Santa Barbara County
       or to CFMG[2] administrators and staff when they assumed the role as the
16       County's health care contractor. This resulted in time inefficiencies due to
       the need to repeat health diagnostic questioning and testing, and there was
17       no record of pending requests for specialty care. This also meant that there
       was insufficient information available to the incoming treating health care
18       staff about patients' current medications, diagnoses, specialty and chronic
       medical needs, and serious mental health care needs. As a result, CFMG
19       and County staff were often unable to locate individual patient charts, and
       the clinical staff often saw patients without any in-house or specialty
20       records available. When CFMG took over, it discovered that individual
       patient records had been left woefully incomplete by Corizon staff in recent
21       months – prescription and treatment plan information was absent from past
       medical records. CFMG staff reported to the County and [plaintiffs'
22       counsel] that it was a huge logistical challenge to meet with every patient to
       figure out what medications he or she needed to be on.

23
       After the contract to provide health care had been awarded to CFMG, but
24       before Corizon's contract ended, Corizon staff did not file loose paper

25       [1] Defendants' factual assertions are unsupported by declarations, documents, or any
26 evidence whatsoever. *See, e.g.*, Doc. 3187 at 2 n. 2. "[T]he arguments and statements of
counsel are not evidence." *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d
27 589, 593 n.4 (9th Cir. 2002) (internal quotation marks omitted); *Mason v. Ryan*, No. CV-
17-08098-DGC-MHB, 2019 WL 1014896 at *2 (D. Ariz. Mar. 4, 2019) (same).
       [2] CFMG, California Forensic Medical Group, was the health care provider that
28 assumed the Santa Barbara County Jail contract after Corizon's departure.

health care records, including prisoners' health services requests, grievances, and providers' requests for specialty care. Instead, in the twilight months of the contract, Corizon staff failed to organize or respond to these paper requests. These documents were not in order nor were they scanned to individual patients' medical records. In April 2017, Dr. Roberta Stellman, M.D., a mutually-agreed upon expert regarding the provision of mental health services, toured the jail with [plaintiffs' counsel] and County counsel and jail representatives. Dr. Stellman and the others observed that there were multiple boxes of loose records and documents dating back at least six months. These included patient health care requests and grievances regarding medical, dental, and mental health care; documents from specialists; and lab results.

Dr. Stellman and the monitors observed that some Corizon records were either destroyed, or only in Corizon's proprietary electronic health record system to which the County did not have access. For example, suicide watch cell logs were destroyed or sent back to Corizon's corporate headquarters without copies left in Santa Barbara. Corizon also removed Q1 2017 data regarding requests for mental health services, which hampered Dr. Stellman's effort to analyze mental health care, and more importantly also adversely impacted facility staff's ability to provide mental health care.

Doc. 3171-1 at 7-8.

Corizon's conduct in Santa Barbara County created a serious risk of harm to patients. *See Coleman v. Wilson*, 912 F. Supp. 1282, 1314 (E.D. Cal. 1995) ("A necessary component of minimally adequate medical care is maintenance of complete and accurate medical records"); *Madrid v. Gomez*, 889 F. Supp. 1146, 1259 (N.D. Cal. 1995) (citing "utterly deficient" medical recordkeeping in finding constitutional violation).

Defendants claim that "a transition plan has already been produced to plaintiffs." Doc. 3187 at 3. This is untrue. The document Defendants cite as "Centurion's Transition Plan" is actually an excerpt from Centurion's proposed "Scope of Work" that the company submitted prior to receiving the contract, as part of its response to ADC's Request for Proposals to provide health care services. *See* Doc. 3171 at 4 ¶ 8; Doc. 3171-1 at 56-70.

Even accepting Defendants' characterization of Centurion's contract bid as its "transition plan," the experience of Santa Barbara County shows that an incoming contractor is largely powerless to control the actions of its predecessor. Defendants provide the Court no information on what steps – if any – they are taking to ensure that

Corizon does not take actions that undermine a smooth transition and place class members' health and safety at risk.

## CONCLUSION

All parties and this Court share an interest in an orderly transition to a new health care provider for the 34,000 people in Arizona state prisons.  The Court should order Defendants to produce and file a transition plan without further delay.

Dated:  March 25, 2019

**PRISON LAW OFFICE**

By:   s/ Corene Kendrick
Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
             ahardy@prisonlaw.com
             snorman@prisonlaw.com
             ckendrick@prisonlaw.com
             rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Victoria Lopez (Ill. 6275388)*
Ryan Kendall (Cal. 324714)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@aclu.org
             afettig@aclu.org
             vlopez@aclu.org
             rkendall@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Kathleen E. Brody (Bar No. 026331)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    kbrody@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
             agerlicher@perkinscoie.com
             jhgray@perkinscoie.com

Caroline Mitchell (Cal. 143124)*
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  (415) 875-5712
Email:    cnmitchell@jonesday.com

*Admitted *pro hac vice*

John Laurens Wilkes (Tex. 24053548)*
**JONES DAY**
717 Texas Street
Houston, Texas 77002
Telephone:  (832) 239-3939
Email:    jlwilkes@jonesday.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

1
2

**ARIZONA CENTER FOR DISABILITY LAW**

3

By:   s/ Maya Abela

4
5

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)

6

**ARIZONA CENTER FOR DISABILITY LAW**

7

177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone:  (520) 327-9547

8

Email:

9

    rdalyrooney@azdisabilitylaw.org
        jrico@azdisabilitylaw.org
            mabela@azdisabilitylaw.org

10
11

Asim Dietrich (Bar No. 027927)
5025 East Washington St., Ste. 202

12

Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:    adietrich@azdisabilitylaw.com

13
14

*Attorneys for Arizona Center for Disability Law*

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that on March 25, 2019, I electronically transmitted the above

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants:

5

6

Michael E. Gottfried
Lucy M. Rand

7

Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov

8

Lucy.Rand@azag.gov

9

Daniel P. Struck
Rachel Love

10

Timothy J. Bojanowski
Nicholas D. Acedo

11

Ashlee B. Hesman
Jacob B. Lee

12

Timothy M. Ray
Richard M. Valenti

13

Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

14

dstruck@strucklove.com
rlove@strucklove.com

15

tbojanowski@strucklove.com

16

nacedo@strucklove.com
ahesman@strucklove.com

17

jlee@strucklove.com
tray@strucklove.com

18

rvalenti@strucklove.com
jguzman@strucklove.com

19

*Attorneys for Defendants*

20

21

s/ C. Kendrick

22

23

24

25

26

27

28