THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE LRCiv 5.4
(Rule Number/Section)

FILED ✓   LODGED ___
RECEIVED ___ COPY ___

APR 04 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Michael J. Cohn #288721
ASPC Tucson/Manzanita 3432
P.O. Box 24401
Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

Parsons, et al.          | Ninth Cir. 2:12-CV-601-ROS  18-17351
v.                       | D.C. 2:12CV601-ROS
Ryan, et al.             | Neglect of Disabled Inmates, 2 Examples
v.                       |
Cohn, Pro Se             | Hon. Roslyn O. Silver

I, Michael J. Cohn, Class Plaintiff/advocate/appellant in the above named case respectfully notify this court of continuing neglect of inmates per ARS§41-1492, et seq., ADA Title II and Rehabilitation Act §504. I allege ethical violations per ANA Code of Ethics, Provisions 1-6 & 8 by Nursing staff including nurse practitioner(s). I assert ineffectiveness of the AZ Center for Disability Law for failure to protect disabled inmates as the Protection & Advocacy Agency for the State of Arizona. I allege those with a duty to care violate the duty to report neglect of vulnerable adults to the authorities (a misdemeanor, neglect is a felony) per ARS§46-451-452. Model Code E.R.1.3. (diligence).

Please see the attached letter to Corene Kendrick for facts, etc.

Respectfully submitted,                    Date: 4/1/19

Michael J. Cohn, Ed.D.                     Copies to:  on: 4/1/19

Dr. Michael J. Cohn                        — Attorney General
                                              1275 W. Washington
Original mailed to: on: 4/1/19                Phoenix, AZ 85007
Clerk of the U.S. Dist Ct.                 — Corene Kendrick, Esq.
401 W. Washington #130-SPC-1                  Prison Law Ofc.
                                              General Delivery
                                              San Quentin, CA 94964

Michael J. Cohn #288721
ASPC Tucson/Manzanita 3A31
P.O. Box 24401
Tucson, AZ 85734

4/1/19

Corene Kendrick, Esq.
Prison Law Ofc.
General Delivery
San Quentin, CA 94964

Re: Pure, unadulterated, sadism, 2 Examples, there are more.

Ms. Kendrick:

I write today to notify you of the sadistic policy of Corizon/ADC to discontinue necessary medications of seriously ill patients. Per the AMA Code of Ethics, Provisions 1, 2, 3, 4, 5, 6 & 8 and the Turner Standard, Inter alia, et al., (Turner v. Safely), I find the following appalling:

1) On 3/30/19, James Mosier, seizure patient had multiple grand mal seizures on the sidewalk in front of building HU6. I would describe security staff response to "Man Down" as reasonable. I would describe Medical Unit's response as non-urgent, perhaps slow. I witnessed the events after the "man down" call from about 75 yards away until I walked to within about 10 feet of the events.

Mr. Mosier had told me ~~yes~~ on 3/29/19 that his clonopin had been discontinued by medical, reportedly due to it

1

not being detected in his blood. I asked him if the nurses had accused him of selling his meds. He said "no." He stated he had no blood tests since December. On 3/30/19, Mr. Mosier stated he found out today his Phenobarbital was discontinued with no explanation.

### Policy Issue

Patient health, safety and well-being are the priorities in this matter. Necessary medications should never be discontinued as a disciplinary consequence. Per Policy D.O. 803 consequences are loss of privileges. If the medical staff suspects, but has no proof of patient medication abuse, the least restrictive methods for ensuring proper medication use should be implemented. These may include med-watch, observing the patient take the meds and ensuring they are swallowed, keeping the patient in the medical unit while the meds are being absorbed, advising the patient that his blood will be tested routinely to ensure compliance, placement in drug rehab and so-forth. To discontinue meds, aggravating a patient's condition and putting him at risk for serious injury as a punitive measure is nothing more than sadism and abuse of power.

### Mosier's History

Mr. Mosier, as you are aware, has repeatedly been tormented by Corizon/ADC. He has been improperly assigned to top bunks, fallen from them during seizures and suffered head injuries reportedly. He has been given a helmet, but no strap to secure it. Therefore, the helmet falls off during seizures, exposing him to head

injury. He suffers seizures probably at least weekly. It appears ADC staff have tried to cover up their malfeasance. I have referred him to the Personal Injury attorney list your office provides and added some names. He reports COIII Williams has obstructed an attorney's efforts to call him by refusing to call the attorney at the scheduled time twice. He has not yet received a "Director's Response" to his grievance, which is out of time frame, reportedly.

And there is much more...

### Mr. Peasley

Mr. Peasley, a 68 year old Parkinson's Disease patient is also repeatedly tormented by Corizon/ADC. He has been prescribed medical ice by Corizon providers/Hospital physicians to aid his swallowing. Mr. Peasley asserts that Security Staff have falsely accused him of bartering ice, reporting such to medical unit which discontinued his ice. Mr. Peasley was never put on report or subjected to disciplinary action via policy 803. Therefore, by policy he has done nothing wrong. However, medical (Corizon) refuses to reinstate his ice. Mr. Peasley has had 3 E.R. visits, two are due to dehydration/malnutrition and one due to a UTI, all are related to impaired swallowing and lack of medical ice.

If discipline is implicated, once again, the consequence should not be discontinuation of a medically necessary item, but loss of privileges.

My bunk is about 20 feet from Mr. Peasley's. I have never known him to barter medical ice. He knows it is essential

3

to his well-being. It should be permanent as a special needs order.

Recommended Remedies

1) Policy review by Medical Review Committee,
2) Ethics education for nursing staff / medical staff
3) Creation of a judicial procedure in AZ. Superior Courts for emergency injunctive relief / order to show cause in such cases within 72 hours.
4) As these are ADA cases, a procedure from the Attorney General's ADA division for emergency relief / order to show cause in such cases, within 72 hours.
5) The AZ. Center for Disability Law as the P&A agency for Arizona should initiate / spearhead the above remedies and monitor their implementation.

Mr. Mosier and Mr. Peabley are suffering. Please contact Mr. Gottfried / Ms. Rand and reinstate their prescribed medications / ice. Show cause later if necessary.

Respectfully submitted,                     Date: 4/1/19
Michael J. Cohn, Ed.D.
Dr. Michael J. Cohn
Advocacy / Education / Expert Witness


cc: Richard Pratt, HSMB