Mr. Roberto Carrasco Gamez #131401
ASPC-Lewis-Rast Max
P.O. Box 3600, Buckeye, Ariz. 85326

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

Victor Parsons
   Plaintiff

V.

Charles L. Ryan et al.
   Defendants

CASE NO. 12-CV-0601 PHX-ROS

NOTICE OF SERVICE

On 8 April 19, the following documents were mailed to defendant Ryan et al.;

- Notice of Non-Compliance ("D.I. 326")

Respectfully submitted this 9 day of April 19

Under penalty of perjury

Mr. Roberto Carrasco Gamez #131401
ASPC-Lewis-Rast Max
P.O. Box 3600, Buckeye, AZ 85326

Page 1



# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Gamez, Robert C | 131401 | ASPC-Lewis RM | 8 April 19 |

**TO:** Director Charles L. Ryan  
**LOCATION:** UCS 4

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I AM generating this Inmate letter with grave concern, Director Ryan fails to provide an effective alternative so that I can transition from severe isolation to a less-controlled housing environment. Acknowledging the damaging effects of Solitary Confinement, Ryan sought to ameliorate the severe risk of physical and psychologically pain by facially designing a step program ("D.I. 326") which on paper allows one to transition from controlled based housing to open privilege base housing.

"D.I. 326" committee members are required to meet monthly to review any potential step advancement/regression. All decisions made by a ("D.I. 326") committee are discretionary. A rule has not been created that prohibits individual officers from improperly asserting influence upon my advancement in step level, something as simple as an Incident Report (I.R.) for requesting medical care has prevented me from obtaining incentives.

"D.I. 326" committee members have broad discretion on whose name gets submitted to the committee for (30) thirty day review. "D.I. 326" does not afford me: 1. A notice of hearing or, 2. A chance to object to the committees findings when reduced to the lowest possible level. I am not allowed to see the evidence against me.

"D.I. 326" is not designed to benefit nobody at last many prisoners in Solitary Confinement are prohibited from obtaining job opportunity. "D.I. 326" members decide which prisoners are treated harshly through an opaque administrative process, the lack of procedural due process gives prison officials a formula to keep me isolated not a reason.

Due to the inadequacies in implementing "D.I. 326" I am requesting a "ADC policy" change that provides prisoners a procedural due process pursuant to the 14th Amend. U.S. Constitutional right when subject to ("D.I. 326").

**INMATE SIGNATURE:** /s/  
**DATE:** 8 April 19

Have You Discussed This With Institution Staff? ☐ Yes  ☐ No

If yes, give the staff member's name: C/C ACLU National Prison Project

Note: Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, Inmate Disciplinary Procedure.

Anthony Corman   Carson McWilliams  
Donald Renault   Ernest Trujillo  
Donala Morris   Gerald Thompson

Distribution: Original – Master File  
Copy – Inmate

916-1  
5/10/17