THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE LR 5.4
(Rule Number/Section)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, et al.<br>Plaintiff<br><br>v.<br><br>Charles Ryan, et al.<br>Defendants. | NO CV-12-00601-PHX-ROS<br><br>REQUEST FOR PRELIMINARY INJUNCTION |

Plaintiff seeks to preliminary enjoin Defendants from denying him critical medical care for his life threatening disease.

Plaintiff respectfully request this court to issue an order requiring Defendants to stop delaying/denying treatment ordered by Plaintiff cancer specialist.

### Memorandum

### Introduction

Matthew Christensen is 32 years old. He suffers from testicular cancer which is now life threatening. Christensen seeks a preliminary injunction to stop Defendants from preventing him from receiving medically necessary care for his cancer.

Defendants policy and practice of denying/delaying Mr Christensen life threatening surgery and chemotherapy denying him his right to be free from cruel and unusual punishment is violation of

1

the Eighth Amendment of the United States Constitution.

Statement of Facts

After a long delay of treatment, Mr. Christensen had surgery on March 12th, 2019 to remove one of his testicles due to cancer.

The specialist ordered that I return for a follow-up 3 days after surgery. The specialist stated if swelling did not decrease dramatically after the third day - that I must return immediately as I had complications.

I went to medical several times complaining of severe pain and my belief that something was seriously wrong. I advised medical that my pain was a 10 out of 10.

I advised N.P. Dorothy Igwe of my extreme concerns:
1) That I did not return for a follow-up as ordered.
2) That I have not started chemotherapy as ordered.
3) That my testicle feels like it is on fire and it feels like it is about to explode.

N.P. Igwe told me just to "deal with it," and "everything is normal."

N.P. Dorothy Igwe believes the cancer specialist orders do not have to be followed as she makes the decision on what treatment I need. She believes treatment for cancer is too expensive and that they can manage it onsite.

N.P. Dorothy Igwe did not share my post-op instructions until 7 weeks post surgery.

I have filed emergency grievances to no avail. Corizon/ADC are required to respond, but decided not to respond with it time frames. They often take several months or don't respond at all.

Three weeks after surgery, I returned to the surgeon for my follow-up. The surgeon was shocked at:
1) the delay. It took 3 weeks, but he ordered 3 days.
2) N.P. Igwe claiming everything was "normal" when my testicle was the size of a volleyball because I in fact suffered a blood hemorrhage and I need immediate surgery.
3) That I have not started chemotherapy as ordered
4) that N.P. Igwe prescribed Ibuprofen for pain as it is a blood thinner and what leads to blood clot or hemorrhage.

I explained my frustrations with N.P. Dorothy Igwe - who believes my specialist does not know what he is talking about and ice and Ibuprofen will treat my cancer.

This belief of N.P. Igwe may cost me my life. All for the sake of saving her employer money.

Argument
The Court should grant a preliminary injunction because Mr. Christensen has an overwhelming likelihood of success on merits. There can be no dispute that his cancer

3

constitutes a serious medical need. Defendants refusal to provide medically necessary treatment, including immediate surgical intervention to remove the blood hemorrhage - which could kill him at any second, and the chemotherapy to destroy all cancer, constitutes deliberate indifference in violation of the Eight Amendment. The balance of hardships tips sharply in Plaintiff's favor, and an injunction is clearly in the public interest.

A. <u>Plaintiff has an overwhelming likelihood of success on the merits that Defendants have been deliberately indifferent to his serious medical needs in violation of 8th Amendment.</u>

It is well established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'" Estelle v. Gamble. Such indifference may be "manifested by prison doctors in their response to the prisoner needs..." Id.

(1.) Mr. Christensen will undoubtedly succeed in demonstrating that his cancer constitutes a serious medical need. The failure to treat his cancer will result in serious harm, and the failure to treat a blood clot could result in immediate death. It is difficult to imagine a more serious medical need.

(2.) Defendants so Mr. Christensen showing that Defendants have been deliberately indifferent to his needs is likewise overwhelming. "Deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm. Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir 2003)(citing <u>Farmer</u>.

B. Mr. Christensen has suffered and will continue to suffer if Defendants fail to provide the necessary treatment for his testicular cancer. His blood hemorrhage forces him to endure pain at 10/10 and which could kill him. Not providing chemo could also lead to death.

C. The Balance of hardships tips in Mr. Christensen's favor and a preliminary injunction is in the public interest, as he continues to suffer <u>unbearable pain</u>, and may suffer serious and irreversible harm so long as Defendants deprive him of medically necessary care for his cancer. The hardship placed on Defendants by requiring them to provide medically necessary care is infinitesimal when compared with the hardship Mr. Christensen faces if denied medically necessary care.

    The rule in the 9th circuit is the "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a prelim. injunction, so long as plaintiff shows that there is a likelihood of irreparable injury and the injunction is in the public interest." See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir 2011). Those showings have been made here on all counts, and the Court should issue a preliminary injunction. "It is always in the public interest to prevent the violation of a party's constitutional rights.'" Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir 2012). There is no public interest in Mr. Christensen's continued suffering and deterioration.

## CONCLUSION

Mr Christensen respectfully requests that the Court issue an order requiring Defendants to (i) immediately send Mr Christensen to surgery as ordered to remove blood clot; (ii) follow treatment orders by cancer specialist, specifically chemotherapy. (iii) and all future orders by the specialist.

4/8/19
date

Respectfully

Mathew Christensen #209722
ASPC-Florence, East Unit
PO Box 5000
Florence, AZ 85132