Michael J. Cohn #288721
ASPC Tucson/Manzanita 3A3L
P.O. Box 24401
Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

| | |
|---|---|
| Parsons, et al. | 9th Cir. 18-17351 |
| v. | D.C. 2:12 CV 601 ROS |
| Ryan, et al. | Motion to Compel Counsel for Plaintiffs to file |
| v. | a petition on behalf of disabled inmates |
| Cohn, Pro Se | Hon. Roslyn O. Silver |

I, Michael J. Cohn, class plaintiff, advocate, appellant in the above captioned case respectfully request an order to compel counsel to file a petition on behalf of disabled inmates as follows:

- Per FedRCivP 23(d), which authorizes the Court to permit class members to intervene or otherwise come into the action, I request injunctive relief. Per the attached inmate letter to Richard Pratt of the HSMB, about 100 disabled inmates reside at the Manzanita Unit of the ASPC Tucson.(1) Per the ADA Title II, the Rehabilitation Act §504, ARS §41-1492 et seq., CRIPA 42 USC §1997, inter alia, et al, etc., such residents are entitled to equal access to programs/services available in the community. As nursing care institutions are required to have licensed administrators (operations must cease if they do not), so should prison based nursing care institutions. ARS §36-446.01(A); 36-401 et seq., ANA Code of Ethics Provisions 1-6 & 8, ADC, the Attorney General and Counsel for Plaintiffs have had in their possession documentation of my internal remedies efforts dating back to 12/26/18 or thereabouts.(2) They have taken no action to

(1) Exhibit A  (2) Exhibit B

date to remedy this alleged fraud and contempt of law. Such inaction is characteristic of this case (18-17351 9th Cir.). Another resident (Mario Lopez) of HUG recently died of suspicious circumstances, reportedly involving the Federal ICE Detention Facility as the recipient of Mr. Lopez either near death or DOA from ADC Tucson/Manzanita. Appropriately licensed administrators probably would have managed this case more effectively.[3] HUG still does not have emergency call buttons for the residents. This even since the on sight visit of counsel for plaintiffs in January 2019 — If ADC/Corizon will not comply with community standards the only meaningful remedy is to transfer these patients to community based facilities that meet standards. Counsel for Plaintiffs is capable of filing such a motion, but has not to date.

### Conclusion

For the reasons stated herein, in 18-17351 9th Cir., inter alia, et al., this honorable court per the 8th Amendment, Helling v. McKinney 509 US at 33 (1993), should compel counsel for plaintiffs to file a motion on behalf of all current and future disabled inmates. The court should grant this motion in all its respects and as the court otherwise sees fit.

Respectfully submitted,                                    Date: 5/1/19

Michael J. Cohn, EdD., Pro Se

Dr. Michael J. Cohn, (Advocacy, Coaching, Education, Expert Witness) Service

Original mailed to: on: 5/2/19

Clerk of the US Dist. Ct.
401 W. Washington, #130 SPC-1
Phoenix, AZ 85003

2    (3) Exhibit C

Service (cont.)

Copies to: on 5/2/19
Attorney General
1275 W. Washington
Phoenix, AZ 85007
attn. Michael E. Gottfried

Corene Kendrick, Esq. or Sara Norman, Esq.
Prison Law Ofc.
General Delivery
San Quentin, CA 94964

3

**ARIZONA DEPARTMENT OF CORRECTIONS**
Inmate Letter

Exhibit A

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson / Manzanita 3A32 | 4/30/19 |

| To: | Location |
|---|---|
| Richard Pratt, Asst. Dir. | ADC Central Ofc. |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Issue: Ongoing fraud by Corizon
- I allege violations as follows. ARS §13-2310 - Fraudulent schemes & artifices. ARS §36-446.01 (A). Operating a nursing care/assisted living facility without appropriate administrator licenses. ARS §36-401 et seq. ANA code of ethics, Provisions 1-6 & 8; D.O. 601, Attachment C. 1. c, Failure to perform required duties 601. Attachment C. 2. h. Failure to exercise proper supervision over employees. C. 2. I. misuse and/or abuse of supervisory authority. C. 2. k. Preferential treatment of subordinates. C. 2. R. Disregarding directives, policies, guidelines or procedures. C. 5. L. Violation of Standards of conduct for State Employees.
- ADON's Neefe & Howard have been assigned to this Unit. No Nursing care institution, etc. license is posted. NO NURSING CARE INSTITUTION shall operate in this state without the appropriate administrator license(s). id. I assert HU6, HU5, HU4 & HU1B are nursing care institutions/assisted living facilities.
- My internal remedies on this issue are exhausted. I point this matter out to you as Corizon continues to spit in the faces of your office, the court, the taxpayers and its wards. Corizon does what it wants in contempt of law, policies, etc.
  Remedy
1) Report to law enforcement
2) Transfer all current & future inmates assigned to such units to programs in the community which meet all standards/license requirements
3) Disciplinary action in accord with policy, D.O. 601 et seq.

| Inmate Signature | Date |
|---|---|
| M.J. Cohn, Ed.D., witness in Parsons et al. v Ryan et al | 4/30/19 |

Have You Discussed This With Institution Staff?  ☒ Yes   ☐ No
If yes, give the staff member's name: D.W. Geivon, COIV Evans, SSU Rojas

Distribution: White - Master Record File    Canary - Inmate

916-1
5/13/10

Exhibit B

21708



# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Resolution C14-325

Complaints are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson/Manzanita | 12/26/18 |

| To | Location |
|---|---|
| COIII Saenz | HU3 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

1) Issue: I allege fraud by Benjamin Schmid, FHA, Kimberly Switzer, D.O.N. and J. Kidd, A.D.O.N. Per ARS § 36-446.01 (A) A nursing care institution shall not operate in this state except under the supervision of an administrator licensed pursuant to this article. (B) An assisted living facility shall not operate in this state except under the supervision of a manager certified pursuant to this article. (C) It is unlawful for any person who does not have a license or certificate to practice skilled nursing facility administration or assisted living facility management or use any sign, title, card or device indicating that such person is an administrator or manager.

2) ARS § 36-446 the above includes those whose functions and duties are shared w/others as in D.O.N. and ADON.

3) I assert that the complex IPC, Manzanita HU 1B, HU 4A, HU 5 and HU 6 are defined as "nursing care institutions or assisted living facilities. ARS § 36-401 et seq.

Requested Remedies
1) provide the required licenses for my inspection in the presence of COIII Saenz or COIV Evans. Obtaining a license post this date is a cover-up.
2) per 608.02.1.2. please submit this document to C.I.U. for possible criminal investigation.
3) Judicial review per 5 USC § 702 inter alia.
4) Transfer all inmates affected to community.

Inmate Signature: M.J. Cohn Ph.D - Dr. Michael J. Cohn, Advocate    Date: 12/26/18

cc: Judge Silver, attorney General, Prison Law Off, 2:12CV601-ROS

Have You Discussed This With Institution Staff?   ☐ Yes   ☑ No
If Yes, give the staff member Name:

Distribution: Original - Inmate
Copy - Grievance Coordinator File

802-11(e) 12/19/12

Exhibit C
ANA-2015

|  | 15 |
| --- | --- |
| s, and Actions | |
| s, and Actions | |
| s or Tasks | |
| | 19 |
| Being | |
| of Professional Growth | |
| | 23 |
| | 27 |
| quiry | |
| and | |
| Development | |
| | 31 |
| lth Diplomacy | |
| and Reduce Disparities | |
| eme, or | |
| | 35 |
| | 39 |
| | 41 |
| cs | 47 |
| | 49 |

# Provisions of the Code of Ethics for Nurses with Interpretive Statements

**Provision 1** | The nurse practices with compassion and respect for the inherent dignity, worth, and unique attributes of every person.

**Provision 2** | The nurse's primary commitment is to the patient, whether an individual, family, group, community, or population.

**Provision 3** | The nurse promotes, advocates for, and protects the rights, health, and safety of the patient.

**Provision 4** | The nurse has authority, accountability, and responsibility for nursing practice; makes decisions; and takes action consistent with the obligation to promote health and to provide optimal care.

**Provision 5** | The nurse owes the same duties to self as to others, including the responsibility to promote health and safety, preserve wholeness of character and integrity, maintain competence, and continue personal and professional growth.

**Provision 6** | The nurse, through individual and collective effort, establishes, maintains, and improves the ethical environment of the work setting and conditions of employment that are conducive to safe, quality health care.

**Provision 7** | The nurse, in all roles and settings, advances the profession through research and scholarly inquiry, professional standards development, and the generation of both nursing and health policy.

**Provision 8** | The nurse collaborates with other health professionals and the public to protect human rights, promote health diplomacy, and reduce health disparities.

**Provision 9** | The profession of nursing, collectively through its professional organizations, must articulate nursing values, maintain the integrity of the profession, and integrate principles of social justice into nursing and health policy.