**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Attached to this Order is a communication from Dr. Stern requesting authorization to obtain expert assistance. To fully understand and rule on Dr. Stern's request, the Court needs more context about the issues with which he seeks assistance. After receiving that additional information, the parties will be required to file statements indicating whether they object or consent to Dr. Stern's proposal.

Accordingly,

**IT IS ORDERED** no later than **May 15, 2019**, Dr. Stern must supplement his request. Dr. Stern may submit that supplement by email to the Court with a copy to the parties.

….

….

….

….

….

**IT IS FURTHER ORDERED** no later than **May 17, 2019**, each side shall file a statement indicating whether they object or consent to Dr. Stern's proposal. If a side objects, their filing must explain the basis for that objection.

Dated this 13th day of May, 2019.

_____
Honorable Roslyn O. Silver
Senior United States District Judge

Your Honor,

As the Court has directed, I am submitting this communication through the Court to request expert assistance with my work as 706 expert to the Court in the matter of Parsons v Ryan, et al.

Pursuant to issues which were recently raised to me regarding the mental health provisions of the Settlement, I believe that the accuracy of my report will benefit from collaboration with someone who has more expertise than me in certain aspects of mental health care delivery. To that end I would like to propose to the Parties and Court that I engage the services of Bart Abplanalp, Ph.D. Dr. Abplanalp is a regional psychologist with the Washington Department of Corrections and had consulted in other litigations. Based on my experience working with him in the past, I believe he is well-qualified on matters of correctional mental health care delivery in a prison setting and will be able to examine the issues I assign to him dispassionately and objectively. I am not aware of any conflicts of interest, real or apparent, but am including a copy of his Curriculum Vitae for your and the parties' review.

I plan to ask Dr. Abplanalp to provide input to me on issues related to the content of mental health encounters addressed by the mental health Performance Measures, but may seek his input on other issues related to my charge. I estimate Dr. Abplanalp's commitment will be less than 40 hours. Dr. Abplanalp would be paid by ADC, however, I will supervise his work and will validate his invoices prior to submission to ADC. Dr. Abplanalp's hourly rate is $200 per hour. Other than that, he would be bound by the same requirements and afforded the same abilities as described for me in the Court's various orders. He will require remote access to eOMIS; I will provide necessary training. I expect that Dr. Abplanalp will accomplish his work via document review and possibly telephone or email communications; it is possible, but very unlikely, that he will need to travel to Arizona. He will funnel any requests for documents through me.

I will supervise Dr. Abplanalp's work, receive his work results, and incorporate them as appropriate in my report, for which I will take full responsibility.

This request is for the work I am doing to produce my primary analysis as described in Doc. 3231. If I find that Dr. Abplanalp's assistance is necessary for the supplemental report described in the same docket, I will make a new request to the Court.

**Marc F. Stern, MD, MPH**
**Assistant Affiliate Professor, School of Public Health,**
    **University of Washington**
**Clinical Professor, School of Public Health**