Office of the Arizona Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | NO. 2:12-cv-00601-ROS <br><br><br> **DEFENDANTS' RESPONSE TO COURT ORDER (Dkt. 3247)** |

Pursuant to the Court's May 13, 2019 Order, for the reasons detailed below, Defendants object to the appointment of Dr. Abplanalp to assist Dr. Stern in his work as a Fed.R.Evid. 706 expert.  (Dkt. 3247.)

First, Defendants have concerns regarding Dr. Abplanalp's ability to be fair and impartial.  Specifically, he identifies himself as an "expert witness for the American Civil Liberties Union and the Southern Poverty Law Center."  *See* Exhibit 1 (Biography of Dr. Abplanalp attached to "Partnering with Department of Corrections" 2015 Spring

Conference); *see also Dockery v. Christopher Epps*, 3:13-CV-326-WHB-JCG, 2014 WL 12573328 (S.D. Miss. Oct. 29, 2014). Indeed, the ACLU touts the favorable opinions he provides for their clients by publishing them on its website. *See* https://www.aclu.org/sites/default/files/assets/abplanalp_report.pdf (last visited May 17, 2019). Additionally, Dr. Abplanalp's potential bias is evidenced in his hourly rates. When he is retained by the ACLU, he charges only $100.00 an hour for his opinion. (*Id.* at 2.) Here, he is requesting ADC pay double his ACLU rate. (Dkt. 3247 at 3.)

Second, due to the sampling methodology employed by Dr. Abplanalp, his opinions are not credible. In *Dockery*, the Court found that his methodology, "rais[ed] questions regarding bias, and whether it is scientifically permissible to make inferences as to the whole [prison] prisoner population based on a selective sampling of medical records of only a few inmates . . ." and determined these issues went to the credibility of Dr. Abplanalp's opinions. *Dockery v. Fischer,* 253 F. Supp. 3d 832, 844 (S.D. Miss. 2015). Indeed, statistical expert Emlee Woodard Nicholson (who specializes in sampling techniques, research bias and how to avoid it), expressed grave concerns with Dr. Abplanalp's sampling methodology. *See* Exhibit 2 (Affidavit of Emlee Woodard Nicholson). Based upon her analysis of Dr. Abplanalp's two-day review of medical records at the East Mississippi Correctional Facility, she concluded:[1]

> **. . . he shared files with other experts ensuring that their findings would not be independent and that bias would appear in all samples.** (*Id.* at ¶5.)

> The methodology employed by Dr. Abplanalp precludes him from making inferences of any sort about the population from which his samples were taken . . . (*Id.* at ¶7.)

> Based on the samples of medical records no valid conclusion can be drawn about any persons other than the specific cases chosen for study. (*Id.* at ¶8.)

> Dr. Abplanalp's conclusions should not be projected from the sample of inmates to a population of inmates because he did not use mathematics and statistics to standardize the

---

[1] This list only highlights some of Ms. Nicholson's conclusions. Defendants urge the Court to review all of the opinions in Ms. Nicholson's affidavit.

2

generalization process. Because Dr. Abplanalp did not use this process, there is no way to confirm the trustworthiness of his generalizations. (*Id*. at ¶9.)

Dr. Abplanalp used biased sampling when he selected the inmates in the subgroup, he did not take care to ensure that the inmates in the sample were representative of the inmate populations so he can make only biased conclusions about the inmate populations. (*Id*. at ¶10.)

Haphazardly selecting a sample on one's own will likely produce a biased sample. Dr. Abplanalp's report has finding that are based on this type of biased sampling. (*Id*. at ¶25.)

**Selecting individuals to be in the sample because they are examples of a claim's truth is the most egregious from of sampling bias and is unacceptable in a scientific study. Some of Dr. Abplanalp's findings are based on this type of biased sampling.** (*Id*. at ¶26.)

**In the methodology section of his report, Dr. Abplanalp explains that "a number" of charts he reviewed were suggested to him by "[another expert in the case] and by Plaintiffs' counsel."** (*Id*. at ¶27.)

Dr. Abplanalp provides no evidence to support a claim about mental health records. He reviewed a biased sample and projected his opinion about that sample to the population of mental health records. (*Id*. at ¶36.)

Dr. Abplanalp's technique is not accepted to any degree in the scientific community. (*Id*. at ¶41.)

For these reasons, Defendants object to Dr. Abplanalp's appointment. Defendants request that the Court allow the parties to provide names of other mental health experts who would be able to provide objective opinions utilizing appropriate sampling methods.

DATED this 17th day of May, 2019.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Daniel P. Struck
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

    Office of the Arizona Attorney General
    Michael E. Gottfried
    Assistant Attorney General
    2005 N. Central Avenue
    Phoenix, Arizona 85004-1592

    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:                    ahardy@prisonlaw.com

Amelia M. Gerlicher:        agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amy B. Fettig:                  afettig@npp-aclu.org

Asim Dietrich:                  adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Corene T. Kendrick:        ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:       DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:         dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:             dspecter@prisonlaw.com

John Howard Gray:        jhgray@perkinscoie.com; slawson@perkinscoie.com

Jose de Jesus Rico:      jrico@azdisabilitylaw.org

Kathleen E. Brody         kbrody@acluaz.org

Maya Abela                   mabela@azdisabilitylaw.org

Rose Daly-Rooney:        rdalyrooney@azdisabilitylaw.org

Sara Norman:                snorman@prisonlaw.com

Rita K. Lomio:              rlomio@prisonlaw.com

Ryan M. Kendall:          rkendall@aclu.org; ryankendall@ucla.edu

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck

5