Office of the Arizona Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' SUPPLEMENTAL RESPONSE TO COURT ORDER (Dkt. 3247)** |

Pursuant to the Court's May 13, 2019 Order, for the additional reasons detailed below, Defendants object to the appointment of Dr. Abplanalp to assist Dr. Stern in his work as a Fed.R.Evid. 706 expert. (Dkt. 3247.) First, any appointment of Dr. Abplanalp exceeds the scope of the Stipulation.

Second, technical experts' roles must be carefully defined and limited. They "are not witnesses, and may not contribute evidence. Similarly, they are not judges, so they may not be allowed to usurp the judicial function." *Reilly v. United States*, 863 F.2d 149,

157 (1st Cir. 1988). "Neither may a court employ a technical advisor to undertake an independent mission of finding facts outside the record of the case." *Id.* at 158 (internal quotation marks and citation omitted); *see also Fed. Trade Comm'n v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1213 (9th Cir. 2004) (citing *A & M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1097 (9th Cir. 2002)); *Reilly*, 863 F.2d at 155) ("A technical advisor may not assume the role of an expert witness by supplying new evidence; nor may an advisor usurp the role of the judge by making findings of fact or conclusions of law.").

Here, Dr. Stern would be embarking on an impermissible fact-finding mission into mental health ("MH") Performance Measures ("PM"), which, by his own admission, exceeds the scope of the expertise for which the Court appointed him. Worse, Dr. Stern's request for the assistance of a MH expert is unfounded because, as Dr. Stern indicates, he requires another expert for "issues which were recently raised to [him] regarding the mental health provisions of the Settlement." (Doc. 3247.) He does not disclose what issues were raised or how they arose. He also does not allege or present evidence that Defendants failed to meet MH PMs, let alone allege any deficiency in the monitoring in that respect.

Incidentally, however, Plaintiffs recently submitted notices of substantial noncompliance with respect to MH PMs to Defendants and copied Dr. Stern. Those allegations are unfounded in the Stipulation and contrary to the standard of care. Defendants are following the steps mandated by the Stipulation to first meet and confer concerning the alleged noncompliance by responding to the notice of noncompliance pursuant to the provisions set forth in the Stipulation. Appointing an expert at this premature juncture deprives the parties of the benefit of their bargain to provide efficient and economical alternatives to resolving disputes arising out of the Stipulation. To be sure, there has been no allegation to date of systemic noncompliance with respect to MH PMs, and the scores would not support one.

For these additional reasons, Dr. Stern's engagement of a MH expert to assist him make findings of facts for the Court is not only impermissible, *see Fed. Trade Comm'n*,

362 F.3d at 1213; *Reilly*, 863 F.2d at 158, but so is the appointment of Dr. Abplanalp to carry out that fact-finding mission. The appointment of Dr. Abplanalp is not authorized by the Stipulation and exceeds permissible bounds under Rule 706.

DATED this 17th day of May, 2019.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Daniel P. Struck
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

Office of the Arizona Attorney General
Michael E. Gottfried
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Ryan M. Kendall: | rkendall@aclu.org; ryankendall@ucla.edu |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck