Office of the Arizona Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br>v.<br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' MOTION FOR RECONSIDERATION OF COURT ORDER (DOC. 3235)** |

Defendants Charles Ryan and Richard Pratt respectfully move for reconsideration of the Court's May 6, 2019 Order with respect to deadlines imposed regarding reporting on the June 2019 Health Care Performance Measures ("HCPMs") at issue in the Court's Order. (Doc. 3235.) Specifically, Defendants request that the Court reconsider the July 19, 2019 deadline for the reporting of June compliance scores, as well as all attendant briefing deadlines.

## I. INTRODUCTION

On May 6, 2019, the Court issued an Order requiring Defendants to bring twenty-one (21) Health Care Performance Measures ("HCPMs") across various prison complex locations into substantial compliance no later than July 1, 2019. (Doc. 3235 at 6.) The Court also ordered Defendants to provide June 2019 compliance scores to the Court by July 19, 2019, and to show cause by July 26, 2019, as to why the Court should not impose civil contempt sanctions of $50,000.00 per HCPM per complex. (*Id*. at 7.)

The HCPMs/locations and complexes at issue in the May 6, 2019 Order are:

- **HCPM 6** (Are provider orders noted daily with time, date, and name of person taking the orders off?) at **Eyman**.

- **HCPM 11** (Are newly prescribed provider-ordered formulary medications provided to the inmate within two (2) business days after prescribed, or on the same day, if prescribed STAT?) at **Eyman**.

- **HCPM 12** (Do medical records contain documentation of refusals or "no shows"?) at **Eyman**.

- **HCPM 14** (Are refills for chronic care or requested by a prisoner between three and seven business days prior to the prescription running out completed in a timely manner such that there is no interruption or lapse in medication?) at **Eyman**.

- **HCPM 15** (Are inmates who refuse prescribed medication (or no show) being counseled by a QHCP after three consecutive refusals?) at **Eyman and Lewis**.

- **HCPM 19** (Perpetual inventory medications will be signed off on by inmate's individual MAR.) at **Lewis**.

- **HCPM 24** (Are emergency medical response bags checked daily, inventoried monthly, and contain all required essential items?) at **Lewis**.

- **HCPM 35** (For intersystem transfers (complex to complex), are all inmate medications (KOP and DOT) transferred with and provided to the inmate or otherwise provided at the receiving prison without interruption?) at **Eyman and Lewis**.

- **HCPM 37**  (Is the inmate being seen on sick call by an RN within 24 hours after the HNR is received (or immediately if identified with an emergent need, or the same day if identified as having an urgent need)?) at **Eyman and Lewis**.

- **HCPM 39**  (Are routine provider referrals being addressed by a medical provider and referrals requiring a scheduled provider appointment being seen within fourteen (14) calendar days of the referral?) at **Eyman and Lewis**.

- **HCPM 40** (Are urgent provider referrals being seen by a Medical Provider within 24 hours of the referral?) at **Eyman**.

- **HCPM 42** (Is a follow-up sick call encounter occurring within the time frame specified by the Medical or Mental Health Provider?) at **Eyman and Florence**.

- **HCPM 44**  (Are inmates that are returning from an inpatient hospital stay or ER transport with discharge recommendations from the hospital having the hospital's treatment recommendations reviewed and acted upon by a Medical Provider within 24 hours?) at **Eyman, Florence, and Lewis**.

- **HCPM 47** (Are Medical Providers communicating the results of the diagnostic studies to the inmate upon request and within seven (7) calendar days of the date of the request?) at **Eyman and Lewis**.

- **HCPM 49**  (Are patients for whom a provider's request for specialty services is denied told of the denial by a Medical Provider at the patient's next scheduled appointment, no later than 30 days after the denial, and the Provider documents in the patient's medical record the Provider's follow-up to the denial?) at **Eyman and Florence**.

- **HCPM 50** (Are Medical Providers reviewing the diagnostic report, including pathology reports, and acting upon the reports with abnormal values within five (5) calendar days of receiving the report at the prison?) at **Florence**.

- **HCPM 51** (Are routine consultations being scheduled and completed within 60 calendar days of the consultation being requested by the provider?) at **Eyman, Florence, and Tucson**.

3

- **HCPM 52**  (Are specialty consultation reports being reviewed and acted on by a provider within seven (7) calendar days of receiving the report?) at **Eyman and Florence**.

- **HCPM 66**  (Are medical provider encounters occurring at a minimum of every 72 hours for IPC inmates?)  At **Florence and Tucson**.

- **HCPM 67**  (In an IPC, do registered nurses conduct and document an assessment at least once every shift? Graveyard shift assessments can be welfare checks.) at **Tucson**.

- **HCPM 72**  (Do inmates who refuse prescribed diets for more than 3 consecutive days receive follow-up nutritional counseling by a QHCP?) at **Eyman**.

(Doc. 3235 at 6-7.)

## II. REPORTING JUNE COMPLIANCE SCORES BY JULY 19, 2019 CREATES AN UNDUE BURDEN[1]

The Arizona Department of Corrections' ("ADC") Health Services Contract Monitoring Bureau ("HSCMB") is responsible for monitoring the Stipulation HCPMs using specific protocols set forth in Exhibit C to the Stipulation. (Decl. R. Pratt at ¶11, attached hereto as Exh.1.)   The Monitor Guide, which is a living document, provides the methodology for monitoring each HCPM.  (*Id*. at ¶12.)

The process for reporting monthly HCPM compliance scores is as follows:  By the fifth day of each month, Corizon (the third party medical provider) is to provide the HSCMB with source documents containing all records applicable to each HCPM. (*Id*. at ¶13.)  The HSCMB uses a Microsoft Excel randomization function to develop randomized lists utilized in the monitoring process.  (*Id*. at ¶14.)  Randomized lists are further filtered

---

[1] Defendants maintain their previous position that the Court does not have civil contempt power where the Stipulation is not a consent decree, but rather a private settlement agreement.  *See Balla v. Idaho State Bd. Of Corr*., 869 F.2d 461, 466 (9th Cir. 1989); *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994); *Kelly v. Wengler*, 822 F.3d at 1085, 1094-96 (9th Cir. 2016); *United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980); *Kelly v. Wengler*, 979 F.Supp. 2d 1237, 1239-41 (D. Idaho 2013); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-82 (1994). This issue is pending appeal in the Ninth Circuit in *Parsons, et al. v. Ryan*, No. 18-16358.

1  as necessary to draw samples applicable to each specific HCPM.  (*Id*. at ¶15.)  Ten
2  records per yard are randomly selected for each HCPM. If there are less than ten records,
3  all are measured/monitored.  (*Id*. at ¶16.)

4  The data used to monitor each HCPM is collected in a retrospective manner,
5  allowing for monitoring periods to be consistent and complete.  (*Id*. at ¶17.)  The data
6  reporting period is the completed period of time prior to the month in which the
7  monitoring is being conducted.  (*Id*. at ¶18.)  Thus, for June 2019 compliance scores,
8  source document data will be collected and provided to HSCMB during the month of July
9  2019. (*Id*. at ¶19.)  Collected source document data for June 2019 will then be reviewed
10 and scored during the month of July 2019.  (*Id*. at ¶20.)  In sum, the entire month of July
11 2019 following the monitored month of June 2019 is required for HSCMB personnel to
12 analyze HCPM source documents, determine compliance, and report compliance
13 percentages for the HCPMs at issue in the Stipulation. (*Id*. at ¶21.)  Specifically, it will
14 take the Monitoring Bureau the entire month of July 2019 to complete the review for the
15 monitored month of June 2019.  (*Id*. at ¶22.)

16 There is also a Corizon rebuttal process that occurs before final compliance
17 reporting is completed in order to provide Corizon the opportunity to rebut any findings of
18 noncompliance that were determined by HSCMB.  (*Id*. at ¶23-24.)  Preliminary results for
19 the monitored month of June 2019 will be presented to Corizon throughout the month of
20 July 2019 as the results are completed by the HSCMB. All preliminary results for the
21 month of June 2019 will be completed and available for review by Corizon by August 1,
22 2019.  (*Id*. at ¶23.)  Corizon is then allowed the first ten business days of August 2019 to
23 rebut or dispute any preliminary findings made by the HSCMB for the monitored month
24 of June 2019.  The final scores for the monitored month of June 2019 will be available on
25 or about August 15, 2019.  (*Id*. at ¶24.)  For all of these reasons, in the normal course of
26 operations, data regarding June 2019 compliance scores for HCPMs 6, 11, 12, 14, 15, 19,
27 24, 35, 37, 39, 40, 42, 44, 47, 49, 50, 51, 52, 66, 67, and 72 will not be available until at
28 least mid-August 2019.  (*Id*. at ¶25.)

Here, complying with the order to provide the Court with June compliance scores for twenty-one (21) HCPMs by July 19th will cause an undue burden, as the scores will not have been fully gathered, reviewed, and scored by then, thus compromising the accuracy of the information provided to the Court. (*Id.* at ¶26.) Providing premature scores by July 19th will also deprive ADC and Corizon of any rebuttal period which, in turn, will compromise the accuracy of the information provided to the Court. (*Id.* at ¶27.) Reporting on twenty-one (21) HCPMs across several complexes at issue in the Order requires monitoring of thirty-four (34) HCPMs across various yards. This equates to analyzing compliance and monitoring for approximately 340 inmate medical files for the month of June, which will not begin until July 5th, and with the necessary Corizon rebuttal period, will not complete until August 15th.

Restricting the normal monitoring and reporting timeframe places an undue burden on already strained Monitoring Bureau resources but more importantly reasonably compromises the accuracy of the data reported to the Court where both Corizon and ADC are deprived of the rebuttal process that could change (either for the better or the worse) the initial compliance reporting determinations made by the HSCMB. Defendants therefore request the time period to report June 2019 compliance data for the twenty-one (21) HCPMs at issue in the Order be extended to Friday, August 23, 2019, and the attendant briefing schedules likewise be extended as set forth below in the Conclusion section.

## III.   CONCLUSION

For these reasons, Defendants respectfully request the Court reconsider the July 1, 2019 deadline in its Order and allow Defendants until Friday, August 23, 2019 to report June compliance scores.

Defendants further request the Court extend the deadline for Defendants to show cause as to why the Court should not impose civil contempt sanctions to Friday, September 13, 2019, as Defendants should be permitted sufficient time after the

6

compliance data is finalized and reported in order to analyze the scores and determine arguments against sanctions, where necessary.

Defendants likewise request the Court extend the deadline for Plaintiffs to respond to Friday, October 4, 2019 and for Defendants to file a reply to Friday, October 18, 2019.

DATED this 20th day of May, 2019.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Daniel P. Struck
   Daniel P. Struck
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   3100 West Ray Road, Suite 300
   Chandler, Arizona 85226

   Office of the Arizona Attorney General
   Michael E. Gottfried
   Assistant Attorney General
   2005 N. Central Avenue
   Phoenix, Arizona 85004-1592

   *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Ryan M. Kendall: | rkendall@aclu.org; ryankendall@ucla.edu |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck