# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Consistent with the Court's May 13, 2019 Order, Dr. Stern submitted additional information to support his request to obtain expert assistance in reviewing mental health care records, which is attached to this Order. Dr. Stern explains that having additional expertise from an individual with more experience with mental health care delivery in a correctional setting will enhance Dr. Stern's ability to provide a more complete and accurate final report. Dr. Stern recommends Dr. Bart Abplanalp, the Chief Psychologist for the Washington Department of Corrections. The Court solicited input from the parties on Dr. Abplanalp's appointment. Plaintiffs do not object (Doc. 3249) but Defendants lodged two separate objections (Docs. 3252-3253).

Because Dr. Abplanalp's expertise bears on whether compliance scores for mental health care delivery are accurately reported, which is within the ambit of Dr. Stern's inquiry (*see* Docs. 3111, 3127, 3231), the Court will approve Dr. Stern's request and will appoint Dr. Abplanalp as a supplemental Rule 706 expert. And while none of Defendants' objections have merit, the Court must specifically address them because they raise concerns

about Defendants' candor to the Court.

The first objection leveled against Dr. Abplanalp is that his opinions are not credible because another court found that his sampling methodology, "rais[ed] questions regarding bias, and whether it is scientifically permissible to make inferences as to the whole [prison] prisoner population based on a selective sampling of medical records of only a few inmates." *Dockery v. Fischer*, 253 F. Supp. 3d 832, 844 (S.D. Miss. 2015).  But the district court in *Dockery* made no such finding.  Instead, the court referenced the questions raised by the correctional defendants' *Daubert* motion to exclude all of plaintiffs' expert witnesses' opinions about conditions of confinement.  And in fact, the court ultimately denied the defendants' motion to exclude plaintiffs' experts' opinions and certified a class action alleging unconstitutional conditions of confinement for mentally ill prisoners.

Defendants further object to Dr. Abplanalp's appointment because, in their view, his prior work with the ACLU raises impartiality questions.  They point to Dr. Abplanalp's practice of charging $100 per hour for his work with the ACLU while his proposed hourly rate for this case would be $200.  Defendants ignore that experts may charge different fees for performing different types of work or the practice of charging fees on a sliding scale. In short, there is no legitimate basis to question Dr. Abplanalp's impartiality based merely on his varying fees.  The Court will, however, reserve a decision on the hourly rate Defendants must pay Dr. Abplanalp until he provides further information supporting the increased rate.

Seven hours after filing their first objections, Defendants filed a second set of objections.  They state, without explanation, that Dr. Abplanalp's appointment exceeds the Stipulation's scope.  Defendants then argue that technical experts' roles must be carefully defined and limited under *Reilly v. United States*, 863 F.2d 149, 157 (1st Cir. 1988) and conclude that Dr. Abplanalp would be "embarking on an impermissible fact-finding mission" (Doc. 3253 at 2).  The First Circuit in *Reilly*, however, addressed the role of a technical advisor as specifically distinguished from an expert under Rule 706.  Defendants intentionally altered *Reilly's* reference from "advisor" to "expert" and because neither Dr.

Stern nor Dr. Abplanalp is a "technical advisor," *Reilly* has no applicability here. Even so, both parties will have an opportunity to review or contest Dr. Stern's findings and recommendations. Defendants' objections are overruled.

**IT IS THEREFORE ORDERED** that the Court appoints Dr. Bart Abplanalp as an expert in this matter pursuant to Federal Rule of Civil Procedure 706. Dr. Abplanalp's role is limited to reviewing mental health care files as detailed in Dr. Stern's supplemental request, which is attached to this Order.

**IT IS FURTHER ORDERED** that within 10 days of this Order Dr. Abplanalp must submit evidence reflecting the justification for his $200 hourly charge. After reviewing his submission, the Court will determine the appropriate hourly rate.

Dated this 30th day of May, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge