IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

The Court must resolve several unrelated but outstanding issues.

First, Dr. Bart Abplanalp submitted additional information to the Court articulating the basis for his proposed $200 hourly fee for his work as a Rule 706 expert in this case. That supplemental information is attached to this Order. The Court finds that based on Dr. Abplanalp's experience, $200 per hour is appropriate and it will direct that he be compensated at that rate.

Next, the Court will deny three class members' motions. Stanley Nelson's motion to file civil contempt must be denied as it provides no information about his medical conditions (Doc. 3268). If Mr. Nelson seeks to present a claim for the denial of medical treatment, he must file a separate, individual action.

Similarly, the Court will deny Stephen Swartz's request for an emergency stay of proceedings (Doc. 3271). Mr. Swartz, who is not currently in ADC custody, seeks a stay of his state court criminal proceedings and an injunction to prevent his transfer back to ADC custody as he was subjected to retaliatory actions during his previous incarceration

because of his status as a named class member in this action. His motion must be denied, however, because Mr. Swartz has not established a sufficient basis to interfere in his ongoing state court criminal proceedings or to enjoin his transfer to ADC if he is sentenced to prison.

And the third motion is Robert Benge's request to testify at the next status conference (Doc. 3275). There is no status conference currently scheduled and if the Court requires class member testimony, it will coordinate through counsel.

In addition to the three motions, the Court also received correspondence from class member Richard Day, which is attached to this order. Mr. Day alleges, among other complaints, he is being denied treatment for Hepatitis C. To facilitate adjudication of these allegations, the Clerk of Court must open the correspondence as a new civil action.

Finally, pursuant to Local Rule of Civil Procedure 7.2(g), the Court will direct Plaintiffs to respond to Defendants' Motion for Reconsideration (Doc. 3261).

**IT IS THEREFORE ORDERED** that Defendants must reimburse Dr. Bart Abplanalp $200 per hour for his work as a Rule 706 expert in this case. (Doc. 3269). Dr. Abplanalp's supplemental justification for his hourly rate is attached to this Order.

**IT IS FURTHER ORDERED denying** Stanley Nelson's Motion to File Civil Contempt (Doc. 3268); Stephen Swartz's Request for Emergency Stay of Proceedings and an Injunction (Doc. 3271) and Robert Benge's Request to Testify at Next Status Conference (Doc. 3275).

**IT IS FURTHER ORDERED** that Richard Day's correspondence, received on June 3, 2019, and attached to this Order, must be docketed and opened as a new civil action.

>>>

>>>

>>>

>>>

>>>

>>>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS FURTHER ORDERED** that pursuant to Local Rule of Civil Procedure 7.2(g), Plaintiffs must respond to Defendants' Motion for Reconsideration (Doc. 3261) within 14 days of this Order. Defendants may reply within 7 days of Plaintiffs' response.

Dated this 5th day of June, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge