Office of the Arizona Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, et al., on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | Case No. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY AND OBJECTION TO THIS COURT'S ORDER DATED MAY 6, 2019** |

As established in Defendants' Motion to Stay, a stay of this Court's May 6, 2019 Order (the "May 2019 Order") pending final resolution of the appeal of a substantially similar prior contempt order, dated June 22, 2018 (the "Prior Sanctions Order"), is

warranted and proper. A stay pending that appeal is justified because the Ninth Circuit's resolution of the Prior Sanctions Order appeal may directly impact the validity of the May 2019 Order, and could nullify it. This is especially true in light of the Ninth Circuit's order staying distribution of the sanctions monies already paid in connection with the Prior Sanctions Order pending resolution of that appeal.[1] No. 18-16358, Doc. 42 at 2. In contrast, a stay will not cause any harm to Plaintiffs. Therefore, Defendants request that this Court stay the May 2019 Order.

**I.    THE COURT SHOULD STAY THE ORDER.**

    **A.    Likelihood of Success.**

First, Defendants are likely to succeed on the merits in their appeal of the Prior Sanctions Order. Plaintiffs' arguments to the contrary misstate the legal questions at issue in the appeal and the applicable legal standards. In the Prior Sanctions Order appeal, Defendants argued that this Court does not have contempt power to enforce the Stipulation and that any exercise of contempt powers is barred by both federal law and the express terms of the Stipulation.[2] (Dkt. 3265-1 at 32-49.) Contrary to Plaintiffs' statements, neither of these issues have previously been presented to or decided by the Ninth Circuit. Therefore, the "law of the case" doctrine does not apply to Defendants' arguments in the appeal.[3] *See United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004)

---

[1] In their Opposition, Plaintiffs state that the Ninth Circuit denied Defendants' motion to stay the underlying orders in the appeal of the Prior Sanctions Order. (Dkt. 3280 at 1 n.2.) That is untrue. In fact, the Ninth Circuit granted in part and denied in part Defendants' motion to stay. No. 18-16358, Doc. 42 at 2. The Ninth Circuit stayed enforcement of the Judgment in a Civil Case (Dkt. 2899), which is one of the bases for the appeal of the Prior Sanctions Order, and waived the bond requirement. *Id*. The Ninth Circuit denied Defendants' request to stay a requirement in the Prior Sanctions Order that they report every instance of noncompliance with certain measures at certain facilities on a monthly basis. *Id*.

[2] Even this Court (Judge Duncan) had reservations about exercising contempt authority. (*See* R.T. (amended) 8/9/17, at 65-69 [asking parties to brief "whether there remains some legal power for me aside from contempt" to order sanctions.)

[3] To the extent that Plaintiffs are suggesting that the district court's (Judge Duncan's) prior order holding that it had contempt power under the Stipulation (Dkt.

(law of the case doctrine applies to "an issue previously decided" by the courts). Instead, it is crucial that the Ninth Circuit determine whether this Court has the authority to use contempt powers before it exercises that authority again. This was implicitly recognized by the Ninth Circuit when it stayed distribution of the sanctions monies already paid in connection with the Prior Sanctions Order pending final resolution of that appeal.

Further, the issues raised in the appeal of the Prior Sanctions Order are subject to *de novo* review; they are not reviewed for an abuse of discretion or clear error as suggested by Plaintiffs. Plaintiffs cited standards of review apply to issues and arguments not raised by Defendants in the appeal. To resolve the legal questions at issue in the appeal of the Prior Sanctions Order (i.e. whether this Court has contempt power), the Ninth Circuit must first determine whether the Stipulation is a "private settlement agreement" or "consent decree" as those terms are defined by 18 U.S.C. § 3626. The interpretation of federal statute is subject to *de novo* review. *See Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016). Then, if the Ninth Circuit determines (as it should) that the Stipulation is a "private settlement agreement," it must determine whether the Stipulation itself provides contempt powers. The interpretation of a settlement agreement is also subject to *de novo* review. *Id.*

**B.  Irreparable Injury.**

Plaintiffs state that the balance of harms must tip sharply in Defendants' favor for a stay to be granted, regardless of the strength of the other stay factors. (Dkt. 3280 at 4-5.) However, what the Ninth Circuit stated in *Leiva-Perez v. Holder* is that a stay may not issue with an *insufficient* showing of irreparable harm. 640 F.3d 962, 965 (9th Cir. 2011). The movant is not required to show that the harm tips sharply in his favor, but must only

---

2373) is "law of the case," such an order is plainly not binding upon the Ninth Circuit in the appeal. Further, that order does not preclude the district court from either reconsidering its contempt authority now or ordering a stay of the May 2019 Order. *See Smith*, 389 F.3d at 949 (law of the case doctrine is discretionary and district court may reconsider its prior decisions when appropriate).

show that irreparable harm is "probable." *Id.* at 968. Defendants have done so. If the May 2019 Order is not stayed, the Court could impose sanctions against Defendants, which Defendants will be required to pay, and then the Ninth Circuit could determine that this Court does not have contempt powers. Staying the May 2019 Order will merely stay the imposition of the proposed sanctions against Defendants, the potential payment of sanctions monies by Defendants, and the potential disbursement of any sanctions imposed. This would preserve the status quo in this matter. *See Golden Gate Restaurant Ass'n v. City & Cty. of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008) (quoting *Canal Auth. of Fl. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)) (preservation of the status quo will often prevent irreparable injury).[4]

### C. Risk of Injury to Plaintiffs.

Plaintiffs will not be injured by a stay of the May 2019 Order. It does not require any additional or different healthcare be provided to Plaintiffs, and a stay will not result in any additional delays in Plaintiffs' healthcare. The May 2019 Order also does not require Defendants to pay any sanctions at this time, and it cannot be said until after briefing in the appeal of the Prior Sanctions Order is completed whether Defendants will be required to pay any sanctions monies. Further, regardless of any stay, Defendants will continue providing healthcare to Plaintiffs under the Stipulation (albeit through a new contract with a new healthcare provider); Defendants will not revoke any care or benefits and will not provide any less or different healthcare to Plaintiffs.

Considering this, Plaintiffs' authority misses the mark. (Doc. 3280 at 6-7.) In *Blum v. Caldwell*, 446 U.S. 1311 (1980), the requested stay would have delayed the provision of Medicaid benefits to state residents. In *Harris v. Board of Supervisors, Los Angeles County*, 366 F.3d 754 (9th Cir. 2004), the requested stay would have reduced the

---

[4] Plaintiffs argue that Defendants' litigation costs should not be considered irreparable injury, but Defendants have never argued that their litigation costs are an irreparable injury that justifies a stay.

number of healthcare facilities and resources available to county residents. In *Lopez v. Heckler*, 713 F.2d 1432 (9th Cir. 1983), the requested stay would have delayed the reinstatement of disability benefits to disabled citizens. In contrast, here, the May 2019 Order does not require any additional or different healthcare be provided to Plaintiffs, and a stay will not result in any additional delays in Plaintiffs' healthcare or in any revocation or reduction of the healthcare provided to Plaintiffs. Defendants seek only to stay imposition of potential sanction monies, including the proposed briefing and hearing.

**D. Public Interest.**

Plaintiffs argue that the public interest is in their favor because they have alleged a violation of their constitutional rights. (Dkt. 3280 at 10-11.) However, neither enforcement nor a stay of the May 2019 Order will affect Plaintiffs' constitutional rights. The Order does not require Defendants to provide additional and/or different healthcare to Plaintiffs, and a stay will not result in any additional delays in Plaintiffs' healthcare. The May 2019 Order merely requires Defendants to bring certain performance measures in the Stipulation into substantial compliance or potentially face contempt sanctions. Whether the Court determines to impose or not impose contempt sanctions now or after the resolution of the Prior Sanctions Appeal will not deprive Plaintiffs of any remedy nor result directly in a change in the manner in which healthcare is provided beginning on July 1 when the State's contract with a new provider will be in effect. As such, the fact that the public interest disapproves of violations of constitutional rights has no weight here.

In contrast, the well-established public interests in efficient use of judicial resources and preserving the right to appellate review favor granting a stay in this matter. *See Gila River Indian Cmty. v. United States*, No. CV-10-1993-PHX-DGC, 2011 WL 1656486, at *4 (D. Ariz. May 3, 2011); *Hatch v. United States*, CR 02-1016-PHX-JJT, 2016 WL 6155363, at *3 (D. Ariz. Sept. 30, 2016), *report and recommendation adopted*

*in part*, CR 02-01016-PHX-JJT, 2016 WL 6143047 (D. Ariz. Oct. 21, 2016). If the May 2019 Order is vacated after it is enforced, substantial party and judicial resources will have been wasted, including that of both this Court and the Ninth Circuit, and Defendants' right to appellate review will have been rendered ineffectual.

Therefore, a stay of the May 2019 Order is warranted and necessary here. Defendants respectfully request that this Court stay enforcement of the May 2019 Order until final resolution of their appeal of the Prior Sanctions Order.

**II. DEFENDANTS' OBJECTIONS TO THE MAY 2019 ORDER ARE NOT MERITLESS.**

Defendants' Motion presents significant objections to the May 2019 Order. (Dkt. 3265 at 8-10.) Plaintiffs respond substantively to only one of them. Their failure to respond to the other objections should be deemed an acknowledgement that Defendants' arguments have merit for purposes of a stay.

Further, regarding the one point that Plaintiffs do contest, Plaintiffs are wrong. It is well established that sanctions imposed for punitive purposes are criminal contempt. *Falstaff Brewing*, 702 F.2d at 778-79, 799; *Shell Offshore*, 815 F.3d at 629. The May 2019 Order suggests an intent to punish Defendants for their past non-compliance with the Stipulation. (Dkt. 3265 at 8-10.) It includes as its basis Defendants' past non-compliance, not only in January and February 2019 but "[f]or the last several years." (Dkt. 3235 at 2-5.) The fact that the Court announced the fines in connection with demanding non-compliance in a future month does not change this determination. *See Bagwell*, 512 U.S. at 836 ("the fact that the trial court announced the fines before the contumacy, rather than after the fact, does not in itself justify respondents' conclusion that the fines are civil or meaningfully distinguish these penalties from the ordinary criminal law"). The sanctions, when imposed, will be retrospective and punish Defendants for their past non-compliance. Therefore, the proposed sanctions are for criminal contempt, and Defendants must be

afforded appropriate due process.[5]

### III. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that this Court stay enforcement of its May 6, 2019 Order until final resolution of the appeal of the Prior Sanctions Order.

DATED this 14th day of June, 2019.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Daniel P. Struck
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 West Ray Road, Suite 300
Chandler, Arizona  85226

Office of the Arizona Attorney General
Michael E. Gottfried
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592

*Attorneys for Defendants*

---

[5] Further, even if the proposed sanctions are only partially punitive, the criminal character prevails in determining procedure and review. *Falstaff Brewing*, 702 F.2d at 778-79.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Ryan M. Kendall: | rkendall@aclu.org; ryankendall@ucla.edu |
| Molly Brizgys: | mbrizgys@acluaz.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck