Kathleen E. Brody (Bar No. 026331)
Molly Brizgys (Bar No. 029216)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org
Email: mbrizgys@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-ROS <br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION (DOC. 3261)** |

Defendants' motion for reconsideration of the Court's May 6, 2019 Order (Doc. 3235) that they provide June 2019 audit data for 34 performance measures / locations by July 19, 2019 does not state if it is filed under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure.[1]  *See Acker v. United States*, No. CV-17-04486-PHX-ROS (JZB), 2018 WL 1763641, at *2 (D. Ariz. Jan. 30, 2018) (a motion to reconsider can be construed as either a Rule 59 or 60 motion when movant "cited no governing Federal Rule of Civil Procedure") (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441-42 (9th Cir. 1991)).  A Rule 59(e) motion is appropriate only if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Acker*, 2018 WL 1764641, at *3 (quoting *School Dist. No. 1J, Multnomah County, Or. v. ACandS, In*c. 5 F.3d 1255, 1263 (9th Cir. 1993)). A Rule 60(b) motion is granted only in rare circumstances, *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995), for reasons such as mistake or excusable neglect, newly discovered evidence, fraud, a void judgment, a satisfied or discharged judgment, or "any other reason justifying relief." Fed. R. Civ. P. 60(b)(1)-(6).

Defendants offer no "extraordinary circumstances" that meet their heavy burden under Rule 60(b)(6)'s catch-all provision. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (holding that Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.") (quotation marks and citations omitted); *see also Mattivi Bros. Leasing Inc. v. Ecopath Indus. LLC*, No. CV-10-0049-PHX-DGC, 2011 WL 2784609, at *3 (D. Ariz. July 14, 2011) ("Rule 60(b)(6) places the burden entirely on Defendant to establish extraordinary circumstances beyond its control.") (quotation marks and citations omitted).

Defendants request more than a month-long extension to provide the June 2019

---

[1] Defendants state that the deadline to provide information is July 1, 2019, (Doc. 3261 at 6), but that is incorrect.

1  audit data for 34 performance measures / locations, stating it would be an "undue burden"
2  to provide the Court with these numbers by July 19, 2019, because the ADC Health
3  Services Contract Monitoring Bureau ("HSCMB") normally spends the entire month after
4  an audited month conducting file reviews, and then allows Corizon ten business days to
5  rebut or dispute the HSCMB's findings. [Doc. 3261 at 4-5]  Defendants concede that
6  "[p]reliminary results for the monitored month of June 2019 will be presented to Corizon
7  throughout the month of July 2019 as the results are completed by the HSCMB," (*id*. at
8  5), but offer no explanation why they cannot prioritize the 34 measures in the Court's
9  Order and complete those audits first, as soon as they receive the source documents from
10 Corizon on July 5, 2019.  *See* Doc. 3261-1 ¶ 13 ("By the fifth day of each month, Corizon
11 is to provide the HSCMB with source documents containing all records applicable to each
12 HCPM [health care performance measure].")  The Order does not require Defendants to
13 provide the June data for every single measure at every single prison.  Defendants do not
14 explain why they cannot deviate from the "normal course of operations," (Doc. 3261 at 5),
15 given the urgency of complying with the chronically noncompliant measures in the Order,
16 and start the June 2019 audit with the measures in the Order and request that Corizon
17 provide expedited responses in the rebuttal process. Defendants complain that providing
18 the data "equates to analyzing compliance and monitoring for approximately 340 inmate
19 medical files," (*id*. at 6), but this is less onerous than it sounds, as according to the
20 HSCMB's organizational chart on ADC's website, there are at least 30 positions with a
21 monitoring role.  *See* Exhibit 1, *available at* https://corrections.az.gov/health-services.

22     Defendants also request a six week extension to show cause why the Court should
23 not impose civil sanctions (from July 26, 2019, *see* Doc. 3235 at 7, to September 13,
24 2019, *see* Doc. 3261 at 6), to "determine arguments against sanctions, where necessary."
25 Doc. 3261 at 7.  Other than this opaque and conclusory statement, they do not explain
26 why it will take their attorneys four weeks after providing the Court the data to describe
27 all the steps Defendants took in June to avoid noncompliance.

28     This Court has a duty to enforce the Stipulation, which was approved as necessary

| | |
|---|---|
| 1 | to remedy constitutionally inadequate medical and mental health care. [Doc. 1458 at 6; Doc. 1185 at 13 ¶ 36; 18 U.S.C. § 3626(a)(1)(A); *see Brown v. Plata*, 563 U.S. 493, 511 (2011) ("Courts . . . must not shrink from their obligation to enforce the constitutional rights of . . . prisoners." (quotation marks and citation omitted)); *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 440 (2004) ("Federal courts are not reduced to approving consent decrees and hoping for compliance."); *see also* Doc. 3057 at 8 (Order, Nov. 15, 2018) ("Defendants' interminable noncompliance—which persists to this day—forecloses a finding that a stay of the Court's June 22, 2018 Orders is appropriate because of the continued harm the class experiences")] |

For these reasons, the Court should deny Defendants' Motion for Reconsideration, and maintain the current deadlines set out in the May 6, 2019 Order.

                              Respectfully submitted,

Dated:  June 20, 2019          **PRISON LAW OFFICE**

By:  s/ Corene T. Kendrick
    Donald Specter (Cal. 83925)*
    Alison Hardy (Cal. 135966)*
    Sara Norman (Cal. 189536)*
    Corene T. Kendrick (Cal. 226642)*
    Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:   dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com
           rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Ryan Kendall (Cal. 324714)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:   dfathi@aclu.org
           afettig@aclu.org
           rkendall@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Kathleen E. Brody (Bar No. 026331)
Molly Brizgys (Bar No. 029216)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: kbrody@acluaz.org
       mbrizgys@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
       agerlicher@perkinscoie.com
       jhgray@perkinscoie.com

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:   s/ Maya Abela
Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email: rdalyrooney@azdisabilitylaw.org
       jrico@azdisabilitylaw.org
       mabela@azdisabilitylaw.org

Asim Dietrich (Bar No. 027927)
5025 East Washington St., Ste. 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.com

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2019, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

s/ C. Kendrick