Office of the Arizona Attorney General
Michael E. Gottfried, Bar No. 010623
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-3393
Michael.Gottfried@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF COURT ORDER (Doc. 3235)** |

Defendants Charles Ryan and Richard Pratt submit this Reply in Support of their Motion for Reconsideration of the Court's Order to Show Cause (Doc. 3235). Defendants seek relief *only* from the deadlines set in the Order, not the substance of the Order. Reporting June healthcare Performance Measures ("PMs") by July 19 levies an undue burden on the Health Services Contract Monitoring Bureau ("HSCMB"), especially in light of the transition of healthcare providers from Corizon to Centurion on July 1, 2019.

Reconsideration pursuant to Local Rule 7.2(g)(1) is appropriate here where the Court's Order is not a final appealable order and was issued sua sponte without an opportunity by either party to present their respective positions. Therefore, Defendants' Motion for Reconsideration did not repeat arguments previously made and did not belatedly raise new arguments. The complexity of the monitoring process substantially hinders the ability of the HSCMB to comply with the July 19, 2019 deadline. Moreover, the transition of healthcare to Centurion will require significant resources to upload providers during the same timeframe as compliance with the Order.

### A. Reconsideration is Appropriate and Warranted.

Because the Order to Show Cause is not a final appealable order, Rules 59 and 60 do not apply. "Those rules only apply when a party seeks reconsideration of a final judgment." *Parker v. State*, CV-17-00887-PHX-DWL, 2019 WL 2579404, at *2 (D. Ariz. June 24, 2019).[1] The appropriate procedural mechanism for relief from an interlocutory order such as this is a motion for reconsideration pursuant to Local Rule 7.2(g)(1). *See*, *e.g.*, *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989). Defendants invoke that Rule here.

Motions for reconsideration under Rule 7.2(g) will be granted when the moving party can show either a "manifest error" or "new facts or legal authority that could not have been brought to [the court's] attention earlier with reasonable diligence." LRCiv 7.2(g); *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 322, 324 (D. Ariz. 2018). A motion for reconsideration must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." LRCiv 7.2(g)(1).

---

[1] When Defendants filed a precautionary notice of appeal from the Court's October 2017 order to show cause, Plaintiffs argued that it was premature because no finding of contempt or sanctions had been ordered. *See Parsons v. Ryan*, No. 17-17324, Doc. 7. The Ninth Circuit agreed and dismissed the appeal because "the order was not final and immediately appealable." *Id*. at 9.

Although a motion for reconsideration is not appropriate to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), or repeat arguments previously made, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003), Defendants' Motion did not do either one. On May 6, 2019, the Court issued its Order sua sponte without providing the parties an opportunity to present their arguments. Accordingly, Defendants' Motion for Reconsideration of that Order does not repeat arguments previously made or raise new arguments that could have been raised prior to the Court's Order. Rather, Defendants' only opportunity to explain the gravity of the Court's Order is in their Motion for Reconsideration.

### B.   The July 19 Deadline is Unduly Burdensome and Will Yield Unreliable Results.

Defendants explained in their Motion that June data and source documents are not even collected and provided to the HSCMB until July 5. (Doc. 3261-1, ¶ 13.) The HSCMB then randomizes lists utilized in the monitoring process. (*Id.*, ¶ 14.) Records are then randomly selected if available. (*Id.*, ¶¶ 15-16.) The records and source documents, comprised of approximately 340 inmate files containing numerous pages, are subsequently reviewed and scored. (*Id.*) Corizon then has a ten-day rebuttal period beginning on August 1. (*Id.*, ¶¶ 23-24.) Final scores can be made available after this period, on or about August 15. (*Id.*, ¶¶ 24-25.)

In fact, the Court has previously acknowledged and appreciated Defendants' inability to provide this information any earlier. After hearing testimony from Richard Pratt regarding what it takes to prepare this information, it reasoned:

> It sounds to me that the only reasonable possibility is to -- well, I must say, having listened to what you have explained to me, it does seem applying just common understanding of how long things seem to take in any institution or any bureaucracy or any monitoring process that it does seem that there's unlikely any opportunity to wiggle about faster.

(Doc. 1691, December 8, 2016 Status Hearing Tr.)

And concluded in a subsequent order "that 1.5 months after the close of a particular month appears to be the soonest such reports can be available."[2] (Doc. 1678, December 8, 2016 Status Hearing Minutes.) The data the Court has currently ordered production of—even if prioritized—is no different, and requires the same 1.5 month turnaround.

Plaintiffs argue that the HSCMB could prioritize the 34 HCPMS across several complexes and yards and provide those numbers. Plaintiffs, however, ignore that the HSCMB will not receive the documentation to begin scoring until Friday, July 5. To provide the Court with scores on July 19 requires the HSCMB to score approximately 340 inmate files and for Corizon to engage its rebuttal process in only ten business days—while, simultaneously, the HSCMB will be deeply imbedded in offloading and onboarding and training new Centurion providers. (Doc. 3261-1.) This is a monumental burden. Should the Court require Defendants to attempt to engage in this contracted timeframe, the scores reported cannot be properly scrutinized by the HSCMB or rebutted by Corizon. Thus, any scores will be unreliable.

Plaintiffs also fail to show any prejudice resulting from extending the deadlines to report *past* performance, especially in light of the fact that an entirely new provider will take over healthcare on July 1. Thus, even by the July 19 deadline currently set, any sanctions for past Corizon performance will not serve the Court's stated purpose of imposing sanctions to "compel compliance with the Stipulation." (Doc. 2898 at 20.) Centurion is a completely new provider and has every intention of meeting the HCPMs. There is no harm in allowing Defendants additional time to report Corizon's past performance.

**CONCLUSION**

For the foregoing reasons, reconsideration of the deadlines set in the Order to Show Cause is warranted and appropriate. Accordingly, Defendants respectfully request that the Court allow Defendants until Friday, August 23, 2019, to report June scores.

---

[2] Significantly, Plaintiffs raised no objection to the Court's 2016 Order allowing Defendants a month and a half to prepare and comprise this data.

Defendants further request that the Court extend the deadline for Defendants to show cause as to why the Court should not impose civil contempt sanctions to Friday, September 13, 2019, as Defendants should be permitted sufficient time after the compliance data is finalized and reported to defend against sanctions, if necessary. Defendants likewise request that the Court extend the deadline for Plaintiffs to respond to Friday, October 4, 2019 and for Defendants to file a reply to Friday, October 18, 2019.

DATED this 27th day of June, 2019.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Daniel P. Struck
   Daniel P. Struck
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   3100 West Ray Road, Suite 300
   Chandler, Arizona  85226

   Office of the Arizona Attorney General
   Michael E. Gottfried
   Assistant Attorney General
   2005 N. Central Avenue
   Phoenix, Arizona 85004-1592

   *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Kathleen E. Brody | kbrody@acluaz.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Ryan M. Kendall: | rkendall@aclu.org; ryankendall@ucla.edu |
| Molly Brizgys: | mbrizgys@acluaz.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck