STEPHEN O. SWARTZ # 180330043
PIMA COUNTY JAIL
PO. BOX 951, 4-C-2
TUCSON, AZ 85702



REFERENCE CIV. R 5.4
(Rule Number/Section)

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

VICTOR ANTONIO PARSONS, et. al.,
          Plaintiffs,

v.

CHARLES L. RYAN, et. al.,
          Defendants

No.: CV12-00601-PHX-ROS

REQUEST FOR
INJUNCTION
(Second Request)

   Plaintiff, Stephen Oliver Swartz, proceeding pro se for the instant pleading and pursuant to the Fed. R. CIV. P., RULE 65, hereby submits a Request for Injunction to enjoin and/or prevent plaintiff from being remanded to or held in the custody of the Arizona Department of Corrections.

   In Support of this Request is the following Memorandum of Points and Authorities with attached Exhibits, A-J.

(1)

EXHIBIT     EXHIBIT LIST

1. "A" – Medical Encounter Note     3-2-2010

2. "B" – Letter to ACLU-AZ     6-18-2010

3. "C" – Medical Encounter Note     7-3-2010

4. "D" – Banner Medical Physician Note     5-6-2017

5. "E" – Corene Kendrick letter     7-6-2018

6. "F" – David C. Fathi letters     5- -2019

7. "G" – Woolbright Affidavit     4-5-2019

8. "H" – Froebe Affidavit     4-5-2019

9. "I" – Sentencing Memorandum     6-13-2019

10. "J" – Page 5 Mitigation Report     6-17-2019

(1-A)

RESPECTFULLY SUBMITTED this 23rd Day of June, 2019.

STEPHEN O. SWARTZ
Plaintiff - Pro Se

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL HISTORY

From approximately 12-1-2009 until 9-11-2017 plaintiff was serving a term of imprisonment in the Arizona Department of Corrections (ADOC). During this time plaintiff became involved with the Legal Organizations and attorneys who are still litigating this very Class Action lawsuit in which plaintiff eventually became a "Named" plaintiff.

During the aforementioned term of imprisonment ADOC failed to protect, and/or intentionally acted against, plaintiff whom suffered numerous acts of violence and other retaliation for doing legalwork, grievances, prisoner advocacy and being a Class Representative in this very Class Action lawsuit. The two (2) most serious attacks on plaintiff are briefly Summarized in Doc. # 3271.

Plaintiff was released from imprisonment on 9-11-2017, and commenced an Eleven (11) Month term of Community Supervision (Parole) here in Tucson, AZ. After five (5)

(2)

Months of perfect performance on parole plaintiff's mother passed away on 2-16-2018 causing plaintiff to have a severe mental breakdown and which eventually resulted in plaintiff's arrest on 3-30-2018.

On 7-7-2018 plaintiff accepted a plea bargain and pled guilty to Burglary in THE THIRD DEGREE (vehicle) for which plaintiff was sentenced on 6-17-2019 to a term of 2.5 years / 30 months in ADOC with 444 day back time credit. Plaintiff is now awaiting of the Superior Court's Sentencing Order and transfer into the physical custody of the ADOC.

## II. RELEVANT PROCEDURAL HISTORY

On 5-29-2019 plaintiff submitted a "Notice to the Court," (DOC #3270), outlining some of the retaliation plaintiff suffered for being a prisoner advocate and Parsons Class Representative.

On 5-30-2019 plaintiff filed a Request for an Emergency Stay of Proceedings and Injunction, (DOC #3271). Again outlining incidents of violence that plaintiff suffered while in the custody of the ADOC and asking this Court to STAY this State's Criminal Proceedings against plaintiff and to enjoin the State from again placing plaintiff in the custody of the ADOC.

On 6-6-2019 this Court denied plaintiff's Request, (Doc. #3278) for NOT giving this Court a "Sufficient basis" to interfere.

As explained above Sentence was imposed on plaintiff in State v. Swartz, #CR 2018-1405-001 on 6-17-2019 and Plaintiff is now submitting this Second Request for Injunction in the hope this Court will prevent plaintiff from being returned to ADOC Custody and Order the execution of the imposed Sentence, approximately Seven(7) more months, to be performed somewhere other than in the Custody of the ADOC.

## III. FACTS AND CIRCUMSTANCES REQUIRING ISSUANCE OF AN INJUNCTION

As previously avowed to this Court plaintiff suffered through approximately 7 years 9 months of torture, physical and mental abuse, (See Doc. #3270 and 3271), and had conditions imposed upon him that not even an animal should be forced to endure let alone a human being. The violence and assaults plaintiff suffered were instigated and even paid for by ADOC officials who purposely subjected plaintiff to conditions and situations that amount to psychological abuse and torture as attached Exhibits will show.

All facts, circumstances and allegations put forth in

(4)

this and any other pleadings plaintiff has submitted OR submits is supported by ADOC records, Medical and Mental health records and even, to some extent, evidence and pleadings in this case.

On 2-26-2010 plaintiff was attacked by four (4) inmates and beaten with a laundry bag containing two (2) padlocks while staff stood by and watched, (see EXHIBIT "A"). This attack while instigated and ordered by ADOC administrative staff in direct retaliation for legalwork and grievances of plaintiff's now connected to Parsons. Some record of this attack is contained in pleadings previously submitted in this case as well as in ADOC records. The Medical care, or lack thereof, that plaintiff received following this assault is contained in the Original Complaint in this case. Some of the physical and psychological abuse that was perpetrated upon plaintiff following this 2010 attack is recorded in plaintiff's 6-18-2010 letter to the ACLU, (see EXHIBIT "B" attached).

Following the 2010 assault and botched surgery plaintiff was housed in a Detention Unit under punitive conditions and after repeatedly being housed with inmates who were connected with or actually the inmates who committed the assault, plaintiff was attacked and beaten again on 7-3-2010 by the two (2) inmates plaintiff was forced to live with in a two (2) man cell, (see EXHIBIT "C"

(5)

attached) whom fractured more bones in plaintiff's face.

Throughout 2010 and up till May of 2011 ADOC Staff purposely and continuously placed plaintiff in danger by attempting to house plaintiff in the same prison unit, building and even the same with inmates connected to, and/or an actual perpetrator of, the February 2010 assault. All of this can be proven by ADOC records, and grievances plaintiff filed and is now in possession of. The ADOC's malignant sense of humor and psychological abuse can be clearly shown by the fact that almost a year later, after the 2-26-2010 assault on Barchey Unit, plaintiff was transfered back to and housed on the same unit, same building, same dorm and even the very same bunk, 4-D-10, on which the 2-26-2010 assault took place, ( See <u>Plaintiff's 8-22-13 Videotaped Deposition</u>).

In May of 2011, after more than a year of being forced to live in, and being placed in, situations causing constant fear and threat of danger, environments and atmospheres of violence plaintiff finally had a mental collapse and was assigned to suicide/mental health watch (<u>See Plaintiff's 8-22-13 Videotaped Deposition</u>). For the next four (4) months plaintiff remained on constant suicide watch but still managed to commit self-harm multiple times requiring emergent transport to hospital to undergo surgeries and different procedures. Much of this period of time is recorded in the Original

(6)

complaint in this case, Medical and Mental health records, grievances and also plaintiff's 8-22-2013 Videotaped deposition. Simply stated the treatment, abuse and Conditions imposed upon plaintiff by ADOC Staff clearly drove plaintiff to the brink of madness if not temporarily insane.

Finally in September of 2011 after a Civilian psychiatrist at West Valley Hospital in Phoenix made a report of my Condition, after one (1) of the incidents of Self-harm, plaintiff was transfered to Baker Ward · Alhambra-Phoenix. ADOC's version of a Maximum Security psychiatric Unit, where plaintiff spent the next three (3) months, ( Record of this Contained in Parsons pleading, ADOC and Mental health Records). After my first Contact and visit with ACLU attorney JAMES LYALL and other Parsons attorneys I was attacked by an ADOC guard while handcuffed behind the back and issued disciplinary which was used as the basis to transfer plaintiff back to Lewis Complex in December of 2011, ( ADOC Movement and DISCIPLINARY Records)

From my return to Lewis Complex in December of 2011 until my release in September of 2017 plaintiff was subjected to many abusive, endangering and retaliatory actions by ADOC Staff directly or via other inmates. Much of this is documented in plaintiff's ADOC file and Mental health records. During this entire time ADOC Staff Constantly instigated other inmates against plaintiff, issued

(8)

bogus disciplinary, would without reason transfer plaintiff,
deny medical care, tampered with mail and the list could
go on. Many ADOC Staff and inmates became aware that
plaintiff was a marked man and that ADOC and CORIZON
had it in for plaintiff, (see EXHIBITS G and H, Affidavits
of Woolbright and Froebe), to the point of blatantly offering
rewards of money, drugs and/or favors for inmates to
commit acts of violence on plaintiff. Eventually the
retaliation and/or harassment and abuse got to be so
much that Parsons attorneys David C. Fathi and Corene
Kendrick became aware of and knowledgeable about
it, (See EXHIBITS E and F, letters of Kendrick and Fathi).

    In place of a going away gift four (4) months prior
to plaintiff's 9-11-2017 release some inmates accepted the
bounty placed on plaintiff's head and two (2) inmates, after
having ADOC Staff unlock plaintiff's cell door, entered
and attacked plaintiff, while ADOC stood by, securing
the cell door on the way out. This entire incident was
caught on security cameras and it took nearly an hour
for plaintiff's condition to even be discovered and then at
least an hour more for plaintiff to be taken to
hospital via life flight, (See EXHIBITS D and I, Sect. I,
attached)(also refer to EXHIBITS G and H).

    During the adjudication of plaintiff's criminal charge,
for which plaintiff now awaits transfer to ADOC custody,

and after INVESTIGATING and gathering evidence for
Mitigation in the hope of having a sentence imposed
that did NOT entail plaintiff being returned to the
CUSTODY of the ADOC both Public Defender Michael J.
Rosenbluth and Mitigation Specialist Bryan Smith became
staunch believers in all the facts put forth in this
Request, so much so both composed and submitted
sworn Court pleadings attesting to the facts of the
retaliation plaintiff suffered as the result of Collusion
between ADOC staff and inmates, (see EXHIBIT I Sentencing
Memorandum and EXHIBIT J, pg. 5 of Mitigation Report) and
the certainty that the same fate awaits plaintiff
if returned to ADOC Custody, ( EXHIBITS I AND J).


## IV. LEGAL ARGUMENT AND CITATIONS

The UNITED STATES CONSTITUTION Forbids the infliction
of Cruel and UNUSUAL punishment under the 8th
Amendment and any reasonable minded Jurist would have
to agree that the treatment and conditions plaintiff
was forced to endure as recorded above definitely
fits the definition of Cruel and unusual, even more
so would define torture. As the United States Supreme
Court has repeatedly made clear the scope of the
8th Amendment is NOT Static but "... draws its

meaning from evolving standards of decency which mark the progress of a maturing society," <u>Rhodes v. Chapman</u> (1981) 452 U.S. 337; quoting <u>Trop v. Dulles (1958) 356 U.S. 86.</u>

A person is removed from society and separated from all he loves and sent to prison as punishment for violations of the law. He is not sent to prison to be punished, but as punishment, and although the prison setting is not meant to be comfortable or to supply all the amenities of freedom the deprivations that are a natural and necessary aspect of incarceration cannot deny the basic necessities of life and thus "... no matter where they are housed prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care and personal safety," <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir 2000); <u>Munoz v. Hoggard</u>, 2019 U.S. Dist LEXIS 57620; <u>Gee v. Lombardo</u> 2018 U.S. Dist Lexis 188636; <u>Timmons v. Folley</u> 2019 U.S. Dist. LEXIS 14533.

Furthermore, "when the state by the affirmative exercise of its power so restrains individuals' liberty that the individuals are rendered unable to care for themselves and at ~~the same~~ time fails to provide for ... basic human needs ... reasonable safety it is

(10)

CRUEL AND UNUSUAL PUNISHMENT ...," Helling v. M<sup>c</sup>Kinney, (1993) 125 L.Ed.2d.22; Youngberg v. Romero, 457 U.S. 307, 321 (1982); Johnson v. California, (2005) 543 U.S. 499. Although a prisoner is NOT entitled to a necessarily comfortable environment he is entitled and has a CONSTITUTIONAL right "... to be Confined in an environment which does NOT result in his degeneration OR threatens his physical and Mental well-being," Ramos v. Lamm, 639 F.2d 559, 566 (10th Cir 1980)

In this case an INJUNCTION MUST ISSUE even though future harm OR INJURY is SPECULATIVE so is the Suns' rising in the MORNING but IN all likelihood the SUN WILL RISE AND WITH EVEN MORE certainty plaintiff will again be subjected to conditions and treatment that will inflict more pain, suffering, injury and perhaps even death, if returned to the CUSTODY of the ADOC. Simply the MENTAL Trauma that being returned to the CUSTODY of the same entity that previously NOT only failed to protect plaintiff but actually participated in, and intentionally sought, plaintiff's injury, will be horrendous. ADOC officials have Clearly Shown PURPOSE AND INTENTION concerning plaintiff, the intention to purposely harm AND/OR Kill plaintiff as just the readily available evidence shows, (See EXHIBITS A - J) and Nothing has happened

(11)

to change that. Even plaintiff's defense counsel and mitigation specialist, after minimal investigation, became staunch believers in plaintiff's certain peril if plaintiff is returned to ADOC custody, (see EXHIBITS I AND J attached).

Furthermore public knowledge, and from plaintiff's personal experience, as put forth by Arizona media and many other sources prove that overall general conditions in the entire Arizona prison system inflict cruel and unusual punishment on not only the inmates forced to live in ADOC facilities but even on ADOC staff whom ADOC has willfully and knowingly failed to protect from injury, harm and unsafe conditions. How much more so for the prisoners confined in these broken and dangerous conditions.

The issuance of an injunction in this case, to prevent plaintiff from again being placed in the custody of the ADOC causes no harm to the defendants and saves plaintiff from a very substantial and serious threat of irreparable harm to plaintiff's physical and mental health.

The threatened injury to plaintiff, hands down outweighs any possible harm the injunction could cause and issuing the requested injunction can not possibly adversely effect the publics' or judicial

interests as either way plaintiff will remain incarcerated for the remainder of the Sentence imposed. Injunctive relief is needed and without it there exists a very cognizable danger of recurrent harm and damage Not only to plaintiff but harm that is NOT in the Publics' Interests Nor that of Justice, U.S. V. W.T. Grants, 345 U.S. 629 (1953); B.K. v. Snyder, 2019 U.S. Dist. Lexis 12417 (9th Cir. App.); quoting Johnson V. California, Supra.


## V. REQUESTED RELIEF

Based on all the foregoing facts, Circumstances, legal argument and Citations and the attached EXHIBITS A-J plaintiff prays this Court will prevent plaintiff from again being placed in the Custody and Control of the ADOC.

Plaintiff should have No more than 7 to 8 months remaining to serve actually imprisoned to complete the imposed Sentence and prays this Court will Order that plaintiff be imprisoned / housed in ANY alternative to the ADOC and any other relief this Court may deem Just.

RESPECTFULLY SUBMITTED this 23rd day of June, 2019.

(13)

RFI: 15 OF 15

*[signature]*

STEPHEN O. SWARTZ
Plaintiff - Pro Se

I, Stephen Oliver Swartz, upon my oath and under penalty of perjury hereby swear that the foregoing pleading is based upon, and true and correct, to the BEST of my knowledge and belief.

EXECUTED this 23rd day of June, 2019

*[signature]*

STEPHEN O. SWARTZ

I, Stephen O. Swartz, hereby CERTIFY that the ORIGINAL of the foregoing Request for Injunction with EXHIBITS was mailed this 23rd day of June 2019 to:

THE U.S. DISTRICT COURT
CLERK of the COURT
401 W. Washington St. SPC 1
Phoenix, AZ 85003

and ONE (1) Copy to: (HANDWRITTEN Pencil)
NO Exhibits
OFFICE of the Attorney GENERAL
2005 Central Ave.
Phoenix, AZ 85004-1592

(14)

# EXHIBIT "A"

11/2/2018

3/ 2010

CHSS027J   Condensed Health Services Encounter          Friday November 02, 2018 09:48:07 AM

| | |
|---|---|
| | ADC #: 102486   Inmate Name: SWARTZ, STEPHEN O.<br>ENCOUNTER DATE: 03/02/2010   TIME: 14:02:21   DURATION: minutes   TYPE: Provider - Physical - Periodic<br>LOCATION: ASPC-L STINER CDU [L03]   SETTING: Clinic |
| S | NOTES: None |
| O | NOTES: None |
| A | NOTES: None |
| P | PREV TRANSFER HOLD: Medical Hold     EXPIRES: 12/31/2015<br>PREV TRANSFER HOLD: Medical Hold     EXPIRES: 12/31/2018<br>Consultation Request: Off-site Clinic<br>Service Type:     Priority: Routine<br>NOTES: Provider: Macabuhey<br>Type: Surgery - PLASTICS<br>Details: plastics: facial fractures<br>Reviewer: Molla, Chaza<br>Comments: 3/2/2010 1:59:34 PM: 3/4/10 appointment 3/2/10 inmate assaulted on 2/26/10. Air lifted to MMC and work up revealed multiple facial fractures left side of face. Hematoma around left eye, vision blurry. Can open eyes only slightly. I/M claims he can feel movement of the mandible and TMJ when he touches left side of face. Needs urgent referral to plastics per MMC.<br>Priority: Urgent<br>Appt Loc: Dr. Thorpe (oral surgeon) |
| E | NOTES: None |
| H/S | MH Status: Previously received MH services |
| | STAFF: 0999874 |

PROVIDER SIGNATURE: _____
                    0999874

EXHIBIT "B"

EX B

Stephen O. Swartz #102486
A.S.P.C. Lewis - S.D.U. A-R
P.O. Box 3100
Buckeye, AZ    85326

June 18th, 2010

Arizona Civil Liberties Union
P.O. Box 17148
Phoenix, AZ    85011

RE: Seeking representation, Attorney Referral and Protection

Dear ACLU;

Hello!! My name is Stephen O. Swartz and I'm a prisoner in the Arizona D.O.C. at the Lewis Complex. On 2/26/2010 I was assaulted and beaten with Padlocks by 3 or 4 inmates and actually died and was revived before being flown out on a Chopper. On 3/3/10 I underwent facial surgery and during this procedure in the back of a doctor's office I was overdosed on anesthesia and when returned to the prison medical unit I again actually died and was revived again by the same nurse after which I spent 30 hrs. at the West Valley Hospital. I now suffer permanent nerve damage in my left eye, leftside of face and permanent disfigurement.

After going through all that I have been held in detention units and isolation cells and there has never been any type of investigation done, in fact no one, until 6/16/10, even spoke to me or interviewed me about the attack. On 6/2/10 D.O.C. officials attempted to force me to live in the same building with two of the perpetrators, I refused and was given disciplinary action. On 6/4/10 I was again forced to house in a unit with two more of my attackers, I attempted to refuse under threat to my life and was told that I would have to or I would be physically placed in the cell therefore I relented, within 10 minutes verbal threats were made and I again attempted to be moved however was not permitted. As a result I slit my own wrist and was removed under psychological order. After I was cleared by the psychological department D.O.C. again attempted to house me with my attackers and upon my refusal I was given disciplinary action again.

I am now being housed in a detention unit in a two man cell with two other inmates and am being forced to sleep on the floor. I am very much in fear for my life and cannot stand another beating as I am almost 50 yrs. old and in less than excellent physical shape. D.O.C. seems to have no interest in or concern for my wellbeing and have not even taken disciplinary action against those who attacked me and will not even assist in identifying those responsible in order to keep us separated.

Please I am very much in need of someones help and interest in my situation, I do not want to die a violent death in prison. I am asking for your help in representing me in a legal action or helping me to obtain someone to represent me and also that you take some type of action to protect me from D.O.C.'s lack of interest and concern so I do not get killed in prison.

I pray that you will assist me at this time as I have no family and support system in the world and very much need your help. Thank you for your time and Please respond to me, I will be anxiously awaiting your Reply.
Very Truly Yours,

EXHIBIT "C"


11/2/2018

7/2010

CHSS027J    Condensed Health Services Encounter    Friday November 02, 2018 09:47:33 AM

| | |
|---|---|
| | ADC #: 102486    Inmate Name: SWARTZ, STEPHEN O.<br>ENCOUNTER DATE: 07/13/2010   TIME: 15:03:10   DURATION: minutes   TYPE: Provider - Physical - Periodic<br>LOCATION: ASPC-L STINER CDU [L03]    SETTING: Clinic |
| S | NOTES: None |
| O | NOTES: None |
| A | NOTES: None |
| P | PREV TRANSFER HOLD: Medical Hold    EXPIRES: 12/31/2015<br>PREV TRANSFER HOLD: Medical Hold    EXPIRES: 12/31/2018<br>Consultation Request: Off-site Clinic<br>Service Type:    Priority: Routine<br>NOTES: Provider: Ende<br>Type: Oral Surgery<br>Details: Oral Surgery/maxillo-facial<br>Reviewer: Molla, Chaza<br>Comments: Left zygomatic arch fracture. Assaulted 7/3/10. Received ice. Crepitus since then.<br>Priority: Urgent<br>Appt Loc: Dr. Thorpe (oral surgeon) |
| E | NOTES: None |
| H/S | MH Status: Previously received MH services |
| | STAFF: 0999874 |

PROVIDER SIGNATURE: _____

0999874

EXHIBIT "D"

.Physician Progress Notes                                    SWARZ, STEPHEN - 1959688
* Final Report *


Result type:              .Physician Progress Notes
Date/Time of Service:     May 06, 2017 08:24 MST
Result status:            Auth (Verified)
Result title:             OMFS Progress Note*
Performed By:             ABDOU DDS, EMAD on May 06, 2017 08:27 MST
Verified by:              ABDOU DDS, EMAD on May 06, 2017 08:27 MST
Encounter info:           88533526, BUMCP, Observation, 05/03/2017 -


Patient is a 54 y/o M who was assaulted in prison and suffered right orbital floor fracture/medial orbital wall and
   bilateral mandibular fractures (right body fracture and left subcondylar fracture).  Patient has a hx of left orbital floor
   and ZMC fractures that were previously repaired.
He is s/p ORIF of R mand body fx and CR of L subcondylar fx.
continues to reports worsening vision from R eye

PLAN:
pt scheduled for transfer to have ophtho eval in office today at 11AM
will likely discharge today after ophtho clearance
continue abx while inhouse
puree diet
sinus precautions
elevate HOB
follow up with Dr.Buhrow in 1-2 weeks in OMFS clinic

Emad Abdou DDS
OMFS PGY-1
201-5938



**Completed Action List:**
* Perform by ABDOU DDS, EMAD on May 06, 2017 08:27 MST
* Sign by ABDOU DDS, EMAD on May 06, 2017 08:27 MST
* VERIFY by ABDOU DDS, EMAD on May 06, 2017 08:27 MST

EXHIBIT "E"



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Steven Fama
Alison Hardy
Corene Kendrick
Rita Lomio
Margot Mendelson
Thomas Nosewicz
Camille Woods
Lynn Wu

July 6, 2018

To Whom It May Concern:

RE:     State of Arizona v. Stephen Oliver Swartz
        Case No: CR20181405-001
        Arizona Superior Court, Pima County
        Hon. Gus Aragon, Presiding

I write in support of Mr. Swartz's request that he serve any sentence in the above captioned matter out-of-state. Since 2011, Mr. Swartz has been a named plaintiff in the case of *Parsons v. Ryan*, Case No. 2:12-601 (D. Ariz. filed 3/3/12), an injunctive class action lawsuit brought against the Arizona Department of Corrections by my office and the ACLU challenging the medical, dental, and mental health care provided to the people incarcerated in the Arizona prison system.

As a result of his willingness to take the high-profile role of being a named plaintiff in the *Parsons* matter, Mr. Swartz reported that he experienced ongoing harassment and threats from other prisoners and from staff for being a "snitch" and working with the plaintiffs' attorneys. Mr. Swartz was seriously physically assaulted twice after he agreed to be a named plaintiff, most recently in the spring of 2017 where he was knocked unconscious, and had his jaw broken and lost several teeth.

Mr. Swartz was released from custody in September 2017. I have been informed by both Mr. Swartz and by a Tucson attorney named Stacy Scheff, that in December 2017 he testified as an expert on the prison gang system within ADC in a failure to protect case that Ms. Scheff brought against ADC in state court on behalf of another prisoner. Based on my experience and knowledge of gang politics within the ADC prison system, Mr. Swartz's testimony in that matter put his live in grave danger. Therefore, it is imperative that he be housed out of state via the Interstate Compact.

Sincerely yours,

*Clendrick*

Corene Kendrick
Staff Attorney

**Board of Directors**
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

EXHIBIT "F"

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT



**PRIVILEGED ATTORNEY-CLIENT COMMUNICATION**

April 19, 2019

Stephen O. Swartz
#180330043
Pima County Jail
P.O. Box 951
Tucson, AZ  85702

Dear Mr. Swartz:

**AMERICAN CIVIL
LIBERTIES UNION
FOUNDATION**

PLEASE RESPOND TO
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW'

'NOT ADMITTED IN DC:
PRACTICE LIMITED TO
FEDERAL COURTS

Thank you for your letter of March 16, and apologies for my delay in responding – I have been traveling for much of the last few weeks.

I apologize also for our apparent failure to respond to letters you sent us last year. It is certainly our policy to respond to all letters from named plaintiffs in *Parsons v. Ryan*.  I cannot explain why you did not receive a response to yours, but I deeply regret that this happened.

I recently spoke with Mr. Smith and sent him a draft letter of support for you; I will finalize the letter as soon as I hear back from him.  I certainly hope that it helps, and that your sentencing goes as well as can be expected.

I'm enclosing an update on recent developments in the *Parsons* case.  As I said in the letter I sent Mr. Smith, you have played an indispensable role in vindicating the constitutional rights of 34,000 Arizona state prisoners.  My colleagues and I are deeply grateful to you for the important role you have played in this case.

Thank you again for writing, and best wishes.

Very truly yours,

David C. Fathi

To Whom It May Concern:

I write to set forth my knowledge of Mr. Stephen O. Swartz.

I am an attorney and the Director of the National Prison Project of the American Civil Liberties Union.  The National Prison Project brings challenges to conditions of confinement in prisons, jails, and other places of detention throughout the United States.

Since 2012 I have been co-lead counsel in *Parsons v. Ryan*, an injunctive challenge to conditions in the Arizona Department of Corrections (ADC).  In 2013 a statewide class was certified, comprising approximately 34,000 ADC prisoners.  *See Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014) (affirming class certification).

Mr. Swartz was one of the thirteen original class representatives in *Parsons*.  Accordingly, I have known him since 2012, and in my capacity as class counsel I have been in regular contact with him, both by mail and through in-person visits during his incarceration in ADC.  He has always taken very seriously his duties as a class representative to represent the interests of the class as a whole.  He has diligently kept me and other class counsel apprised of conditions and developments in ADC, acting as our eyes and ears inside the prisons.  Although the federal judge in *Parsons* found it necessary to warn ADC officials not to retaliate against prisoners who speak to class counsel, Mr. Swartz was undeterred by the prospect of retaliation and never wavered in his dedication to the *Parsons* case, even after suffering a violent assault in ADC.  All in all, Mr. Swartz has played a critical role in vindicating the constitutional rights of 34,000 Arizona state prisoners.

I have no knowledge of the charges Mr. Swartz currently faces.  But based on my acquaintance with him over the past several years, I know him to be a responsible, honest person who is willing to put the interests of others above his own.  I would not hesitate to place my trust and confidence in him, just as I have in my role as *Parsons* class counsel.

If I can provide any further information, please contact me at dfathi@aclu.org or (202) 548-6603.

Very truly yours,


David C. Fathi
Director

EXHIBIT "G"

**Pima County Public Defender**
33 N. Stone Ave., 21ˢᵗ Floor, Tucson, Arizona 85701
TEL: (520) 724-6800/FAX: (520) 770-4168
*pd.minuteentries@pima.gov*
*MICHAEL J. ROSENBLUTH, PCC# 64753, SB#014630*
**Attorney for Stephen Oliver Swartz**

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| THE STATE OF ARIZONA,        ) | Case No.: CR20181405-001 |
|                              ) | |
| Plaintiff,             ) | **Affidavit of Michael Woolbright** |
|                              ) | |
| vs.                          ) | |
|                              ) | |
| STEPHEN OLIVER SWARTZ,       ) | Honorable Gus Aragon |
|                              ) | Division 30 |
| Defendant              ) | |

My name is Michael Woolbright and I do hereby swear to the following:

1.    I am Michael Woolbright, DOC # 099948.

2.    Between 2015 and 2017, I was housed in the same Arizona Department of
Corrections complex as Stephen Swartz.

3.    Mr. Swartz was considered problematic by corrections' staff.

4.    I am aware that a SSU Corrections Officer solicited inmates to physically assault
Mr, Swartz.

RESPECTFULLY REQUESTED this 5th day of April, 2019.

Michael Woolbright

SUBSCRIBED AND SWORN TO and acknowledged before me this 5th day of April,
2019 by Michael Woolbright

1



NOTARY PUBLIC

My Commission Expires:

02/10/2021

Copies foregoing delivered to:

Honorable Honorable Gus Aragon          DELIVERED
Division 30

Jeffrey Wadman                          DELIVERED
Pima County Attorney's Office

2

EXHIBIT "H"

**Pima County Public Defender**
33 N. Stone Ave., 21st Floor, Tucson, Arizona 85701
TEL: (520) 724-6800/FAX: (520) 770-4168
*pd.minuteentries@pima.gov*
*MICHAEL J. ROSENBLUTH, PCC# 64753, SB#014630*
**Attorney for Stephen Oliver Swartz**

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| THE STATE OF ARIZONA, | ) Case No.: CR20181405-001 |
| | ) |
| Plaintiff, | ) **Affidavit of Taylor Froebe** |
| | ) |
| vs. | ) |
| | ) |
| STEPHEN OLIVER SWARTZ, | ) Honorable Gus Aragon |
| | ) Division 30 |
| Defendant | ) |

My name is Taylor Froebe and I hereby swear to the following:

1.  I am Taylor Froebe, DOC # 21890.

2.  I was housed in the Arizona Department of Corrections at the Buckeye complex at the same time as Stephen Swartz.

3.  During that time period, Mr. Swartz acted as an advocate for other inmates regarding obtaining proper medical care.

4.  As a result of Mr. Swartz's advocacy, certain correction officers and medical staff were overtly hostile to Mr. Swartz.

5.  I learned that a CO-IV correction officer offered other inmates a monetary reward if the inmate would assault Mr. Swartz.

6.  Mr. Swartz was assaulted at the Buckeye complex resulting in Mr. Swartz being life flighted out of the complex.

1

RESPECTFULLY REQUESTED this 5th day of April, 2019.

_____
Taylor Froebe

SUBSCRIBED AND SWORN TO and acknowledged before me this 5th day of April, 2019 by Taylor Froebe

JACQUELINE MARIE BRITT
Notary Public, State of Arizona
Pima County
My Commission Expires
February 10, 2021

_____
NOTARY PUBLIC

My Commission Expires:

2/10/2021
_____

Copies foregoing delivered to:

Honorable Honorable Gus Aragon          DELIVERED
Division 30

Jeffrey Wadman                          DELIVERED
Pima County Attorney's Office

2

EXHIBIT "I"

Pima County Public Defender
33 N. Stone Ave., 21st Floor, Tucson, Arizona  85701
TEL:  (520) 743-6800, FAX:  (520) 770-4168
EMAIL:  PD.MinuteEntries@pima.gov
*MICHAEL J. ROSENBLUTH, PCC#64753, SB#014630*
*Attorney for Stephen Swartz*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| THE STATE OF ARIZONA, | Case No.: CR 20181405-001 |
| Plaintiff, | |
| vs. | SENTENCING MEMORANDUM |
| STEPHEN OLIVER SWARTZ, | |
| Defendant | Honorable Gus Aragon<br>Division 30 |

On June 17, 2019, the defendant, Stephen Oliver Swartz, will go before this Court for sentencing on one count of Burglary in the Third Degree, a Class Four Felony.  Mr. Swartz hereby moves this Court to impose a time served sentence of 444 days (14.5 months) for the following reasons pursuant to *State v. Van Adams*, 194 Arizona 408, 984 P.2d 16 (1999).

## I.   MR. SWARTZ IS FACING SERIOUS BODILY HARM IF ORDERED TO SERVE A PRISON SENTENCE AT ADOC.

During his prior incarceration in the Arizona Department of Corrections (ADOC), Mr. Swartz acted as a prisoner advocate for himself and other inmates.  When he saw ADOC not providing other inmates with proper medical or mental health treatment, he would help those inmates write official grievances.  Additionally Mr. Swartz wrote numerous grievances on his own behalf after ADOC failed to provide him with proper mental health, medical and dental treatment.

Mr. Swartz, to obtain better care for all inmates, agreed to be one of the named plaintiffs in the matter of *Parsons v. Ryan,* CV-12-00601-PHX-ROS.  ADOC was sued because of their ineffective and improper medical, dental and mental health care of inmates.  Under the settlement, ADOC must fix their broken health care system which has been plagued with long

1

term systemic problems.  To date, ADOC has not complied with all the terms of the settlement.  In fact, the court fined ADOC 1.4 million dollars last year because of their lack of compliance.

As a result of his role in *Parsons* and for being a prisoner advocate, ADOC has repeatedly retaliated against Mr. Swartz.  See Exhibit A.  When Mr. Swartz was last incarcerated in 2017, ADOC staff members repeatedly harassed and threatened Mr. Swartz.  Taylor Froebe and Michael Woolbright were both incarcerated at the Lewis Complex in DOC with Mr. Swartz.  In sworn statements, attached hereto in Exhibit B, Froebe and Woolbright state how a CO4 Corrections Officer solicited other inmates to assault Mr. Swartz in retaliation for Mr. Swartz prisoner advocacy and how ADOC staff was overtly hostile to Mr. Swartz.

In fact on May 3, 2017, Mr. Swartz was severely assaulted.  After being given access to Mr. Swartz's cell by a correction's officer, one inmate with another inmate standing guard violently and viciously attacked Mr. Swartz.  Corrections officers did nothing to stop the attack nor did they come to Mr. Swartz's aid for approximately an hour after the attack.  Mr. Swartz sustained numerous serious injuries: a fractured jaw, fractured skull and fractured orbital bone.  Mr. Swartz injuries were so severe, he had to be air lifted (life flighted) from the Lewis Complex to the hospital.  This violent assault was the second violent assault Mr. Swartz sustained while incarcerated in ADOC.

There is no reason to believe that if Mr. Swartz is sent back to ADOC to serve a prison sentence that Mr. Swartz's life would not be in grave danger from further retaliation.  Not only has ADOC not protected Mr. Swartz, ADOC has actively participated to harm Mr. Swartz.  Consequently, any prison sentence served at ADOC would be an unconstitutionally cruel sentence.   The only way to ensure Mr. Swartz safety is to order a time serve sentence or in the alternative order that Mr. Swartz serve his sentence out of state pursuant to the Western Interstate Compact.  See A.R.S. §§ 31-471 and 31-472.

## II.  MR. SWARTZ SUFFERS FROM MENTAL ILLNESS.

According to medical records received by counsel, Mr. Swartz has been diagnosed with being afflicted with depression, bi-polar and anxiety.  Mr. Swartz also has been violently assaulted twice while being incarcerated in ADOC.  Both assaults were life threatening.  As a consequence, Mr. Swartz also suffers from Post-traumatic Stress Disorder (PTSD).  Mr. Swartz

has been prescribed medication to deal with his mental illness.  Sadly, Mr. Swartz had a psychotic break when his mother passed away on February 16, 2018.

Mr. Swartz respectfully requests this Court to take into consideration in mitigation the fact that he is mentally ill.

### III. MR. SWARTZ ABILITY TO APPRECIATE THE WRONGFULLNESS OF HIS CONDUCT WAS SIGNIFCANTLY IMPAIRED.

Pursuant to A.R.S. § 13-701(E)(2), the court shall consider as a mitigating circumstance the fact that a defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was significantly impaired, but not to a degree that would constitute a defense to prosecution.

On September 11, 2017, Mr. Swartz was released from ADOC and ordered to participate in Community Supervision.  Mr. Swartz did well on Community Supervision until the death of his mother on February 16, 2018.  Mr. Swartz obtained employment, participated in treatment through La Frontera and regularly met with his parole officer.  See Exhibit C.  Mr. Swartz's mother who was ill wanted him to leave the State of Arizona to visit her.  Mr. Swartz told her he needed to finish parole first.  Sadly she died before Mr. Swartz could see her in person.  Prior to her death, his mother told Mr. Swartz that all she wanted from him was for him "to be free."  She wanted him to no longer be a criminal and instead live a good honest life.

Her death caused Mr. Swartz to have a severe psychotic break.  His life went into an immediate tailspin.  The weeks following her death are a blur to Mr. Swartz as he slipped into acute despair, depression and anxiety.  On February 20, 2018, Tucson Police Department officers took Mr. Swartz to CRC after observing his bizarre behavior.

Not being in the right mind suffering from acute mental illness, Mr. Swartz did take Mr. Mendez's vehicle on March 23, 2018.  Mr. Mendez took Mr. Swartz's wallet and money. In retaliation because he was not thinking clearly, Mr. Swartz took the vehicle.

As a result of his psychotic break caused by the death of his mother, Mr. Swartz at the time of the offense was significantly impaired and unable to fully appreciate the wrongfulness of his conduct.  Consequently Mr. Swartz respectfully asks this Court to take that into consideration as mitigation pursuant to A.R.S. § 13-701(E)(2).

## IV. MR. SWARTZ HAS ACCEPTED RESPONSIBILITY AND IS REMORSEFUL.

Even though he was in the midst of a psychotic tailspin as a result of his mother's death at the time of the offense, Mr. Swartz, by accepting a mandatory prison plea, is taking full responsibility for stealing Mr. Mendez's car. Mr. Swartz knows it was wrong for him to keep the car regardless of the fact that Mr. Mendez had stolen Mr. Swartz's wallet and money. Mr. Swartz is genuinely remorseful for his criminal conduct. Not only did he hurt Mr. Mendez, his commission of this crime was a betrayal of his promise to his mother to be free. Mr. Swartz is more determined than ever to live up to the promise he made to his mother and no longer be a criminal. See Exhibit D.

## V. MR. SWARTZ IS COMMITTED TO REHABILITATING HIMSELF.

Mr. Swartz is deeply committed to rehabilitating himself. Mr. Swartz is done with his former lifestyle. Not only does he want to honor the promise made to his mother but Mr. Swartz realizes how destructive a life of crime is. To that end, Mr. Swartz has been continuing his mental health treatment while incarcerated at the Pima County Jail. Mr. Swartz has also participated in numerous self-help classes. Attached are 39 certificates. See Exhibit E.

Mr. Swartz is committed to continuing his mental health treatment after he is sentenced by this Court. In addition, he has no desire to ever live in Arizona. Consequently upon his completion of his sentence, Mr. Swartz is going to do a self-imposed banishment from the State of Arizona. He plans on moving to Alaska to work in the fishing industry with Icicle Seafoods.

His commitment to continuing his mental health treatment, his commitment to continuing to rehabilitate himself, his knowledge that death probably awaits him if he returns to ADOC, and most importantly his avowal to his late mother to be free at not be a criminal ensures that Mr. Swartz is no longer a risk to recidivate.

## CONCLUSION

Because Mr. Swartz has already served 444 days (14.5 months) of incarceration, any prison sentence greater than 18 moths in the ADOC will gravely put Mr. Swartz life at risk and

thus violate his constitutional rights under both the Arizona and the United States Constitutions to be free from cruel and unusual punishment.  Because of Mr. Swartz's role as a prisoner advocate, ADOC has demonstrated by their actions when Mr. Swartz was last incarcerated there that they cannot adequately protect him and certain individuals who worked for ADOC actively contributed to Mr. Swartz being a victim of a vicious violent assault.

Even though Mr. Swartz was significantly impaired at the time of the offense which interfered with his ability to appreciate the wrongfulness of his criminal conduct which is a statutory mitigating factor, Mr. Swartz has accepted full responsibility for his conduct.  Mr. Swartz plans on continuing the rehabilitative efforts he started upon his release to Community Supervision.  He plans on never returning to the State of Arizona upon completion of his sentence.  Finally he wants to honor his late mother, and be free.

Consequently, for the reasons stated above, Mr. Swartz respectfully requests this Court to impose a time served sentence of 444 days or in the alternative if a sentence greater than 1.5 years is imposed, order ADOC to house Mr. Swartz out of state pursuant to the Western Interstate Compact.

RESPECTFULLY SUBMITTED this 13th day of June, 2019.

Law Offices
PIMA COUNTY PUBLIC DEFENDER


By_____
MICHAEL J. ROSENBLUTH
ATTORNEY FOR MR. SWARTZ

Distribution only on following page:

Honorable Gus Aragon                 DELIVERED
Division 30

Jeff Wadman                          DELIVERED
Deputy County Attorney

EXHIBIT "J"

Stephen Oliver Swartz
June 14, 2019

write him. Did you know that? Stephen experiences a lot of guilt and shame. He said, "Never in my life have I done something to let so many people down."

**Mental Health:**  Medical records reveal Stephen suffers from several mental health diagnosis. He has been treated for Mood Disorder, Bipolar Affective Disorder, Adjustment Disorder unspecified, Depression, and PTSD.  His ADOC medical record contains over 100 pages medical and or mental health request hand written by Stephen.  Nearly every request refers to a prior unanswered request.  He has been on at least 20+ different psychiatric medication.

Stephen suffers from severe paranoia.  He exhibits extreme hypervigilance.  He constantly catastrophizes the past, present and future.  He maintains an overall negative outlook on most of his current life circumstance.  In part, he does this for good reasons.

**Collateral Consequences of being sent to Prison:**  Stephen has almost lost his life twice while serving time in ADOC.  Stephen was attacked and severely beaten by several inmates.  During each assault, staff stood by and did nothing to intervene or stop the attacks.  Stephen sustained life threatening injuries and was taken by Life-Flight from the prison to a local hospital.  This writer is quite certain that ADOC staff and inmates colluded in an attempt to take Stephen's life. Moreover, this writer believes if given another opportunity (i.e., Swartz back to prison), they would collude and attack again.

Despite his current legal situation, Stephen appears to be an open and honest person about who he is and takes responsibility for his current life circumstance.  Every person interviewed thought very highly of Stephen and pledged to continue their support.   He actively participated in the mitigation process and he completed all assigned tasks without question.  He admits that he feels embarrassed and ashamed about his conduct and behavior.

If given the opportunity, Stephen has decided to leave the state of Arizona and never return. Transportation to the Bay Area in Northern California has been arranged.

Your time and consideration are deeply appreciated.


Submitted on June 17, 2019 by


/s/_____
Bryan A. Smith
Mitigation Specialist
Pima County Public Defender's Office