THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE 5.4
(Rule Number/Section)

FILED ___ LODGED ___
RECEIVED ___ COPY ___
JUL 15 2019
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

David Getzen 172829
ASPC Tucson — Whetstone
10,004 S Wilmot Rd
Box 24402, Tucson, AZ 85734

— U.S District Court - Clerk
Honorable Roselyn Silver
401 Washington St SPC-1
U.S Courthouse 130
Phoenix, Az 85003-2118

| | |
|---|---|
| Victor Parson | Case 2:12 CV 00601 ROS-PHX |
| US | |
| | — notice of Appearance advisory counsel. |
| Charles Ryan et-al | |

[signature]
7-5-19



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Steven Fama
Alison Hardy
Sophie Hart
Corene Kendrick
Rita Lomio
Margot Mendelson
Thomas Nosewicz
Shira Tevah
Camille Woods

## LEGAL MAIL - CONFIDENTIAL

February 21, 2019

David Getzen, ADC 172829
Tucson - Whetstone
PO Box 24402
Tucson, AZ 85734

Dear Mr. Getzen:

We write in response to two letters we received that were signed by you but sent in envelopes that had the names of different people. We received these letters on 1/29/2019 and 2/04/2019, and they reported that you are having medical problems. We are sorry to hear this.

As you may know, *Parsons v. Ryan* is the class action lawsuit brought by our office, the ACLU, and other lawyers against ADC about problems with ADC's health care system and conditions in maximum custody units. "Class action" means it covers all people in the ten ADC prisons. On February 18, 2015, the federal court approved a settlement of the case. Under the settlement, ADC must fix its health care system and meet more than 100 health care performance measures, covering issues such as health care for people with chronic medical conditions; care for people with mental illnesses; and dental care. ADC must overhaul the rules for maximum custody units. These changes will apply to all people in ADC custody. We did not seek money damages for people, and you will not receive any money as a result of the settlement. The lawsuit sought only changes to the policies and practices of ADC.

The settlement calls for ongoing monitoring by our lawyers to make sure ADC complies with it. We tour institutions, review documents including prisoners' health care files, and interview prisoners. We will be using information we get in letters to help us focus on system-wide or prison-wide problems.

We have a very limited ability to provide individual help to people with health care needs. We may be able to notify ADC's attorneys under the *Parsons* case if we learn of a person who has urgent untreated health care needs that could lead to death or serious permanent injury, or that are seriously affecting his ability to complete activities of daily living such as eating, walking, or toileting.

In response to your letter, we reviewed your recent medical records, which we can do as class counsel in the *Parsons* case. The record appear to show that you last saw a medical provider on 1/14/2019 to discuss chronic intermittent sharp low back pain from a previous work injury. The provider's notes indicate that she ordered ibuprofen and a back brace, and that you received this back brace on 1/26/2019.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

*incorrect / need to clarify*

Your letter also <u>says that you received an MRI in April 2018.</u> We did not see any MRI results in your medical record.

Given the above information, we recommend that you file an HNR reporting any current symptoms and the treatment you feel you need. If you are dissatisfied with the response, we advise that you file a grievance until you have exhausted the process. We will review any grievance response that you receive and will consider at that time whether we can help. We enclose a postage-prepaid envelope for your convenience in responding.

We hope you're doing OK, Mr. Getzen. Take care.

Sincerely,

*Gabriela Pelsinger*

Gabriela Pelsinger
Litigation Assistant under Corene Kendrick

Enclosures: AZ Exhaustion Memo; SASE

*I wrote to Rita Lomio, that I did not recieve an MRI or CAT scan, on 4-23-18 or 4-24-18*

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT,

ACLU
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

**CONFIDENTIAL ATTORNEY-CLIENT CORRESPONDENCE**

June 24, 2019

David Getzen, #172829
ASPC-Tuscon, Whetstone Unit
10000 South Wilmot
PO Box 24400
Tucson, AZ 85734

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-1112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC.
PRACTICE LIMITED TO
FEDERAL COURTS

Re: *Parsons v. Ryan*

Dear Mr. Getzen:

We received your letter dated January 9, 2019. Thank you for writing us. Enclosed you will find an overview of the First Step Act that you requested. To be clear, we did not create this document nor are we responsible for its contents.

As you may know, we are currently in the monitoring phase of *Parsons v. Ryan*. The information you provide is valuable to us as we work to ensure that the Arizona Department of Corrections complies with the settlement agreement.

We appreciate your time and thank you for your interest in *Parsons v. Ryan*.

Sincerely,

The National Prison Project



**LEGAL DEPARTMENT**
**NATIONAL PRISON**
**PROJECT**

*NOTE: This handout is not intended to be legal advice about the facts in your case, but it will give you more information about your rights and what you can do to help yourself.*

**CONFIDENTIAL ATTORNEY-CLIENT CORRESPONDENCE**

*Parsons v. Ryan* Case Update
Revised February 2019

### I. BACKGROUND ON *PARSONS V. RYAN*

*Parsons v. Ryan* is a federal class-action lawsuit against the Arizona Department of Corrections' (ADC) medical, mental health, and dental care system. The lawsuit also challenges inhumane conditions in isolation units. This case is a "class action" and covers all people housed in the ten Arizona state prisons (Douglas, Eyman, Florence, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, and Yuma). The lawsuit sought only changes to the policies and practices of ADC and did not seek money damages. The case was filed in March 2012 by the ACLU, Prison Law Office, and other lawyers.

**AMERICAN CIVIL**
**LIBERTIES UNION**
**FOUNDATION**

PLEASE RESPOND TO
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T 202.393.4930
F 202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
DIRECTOR
ATTORNEY AT LAW*

*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS

♦ **What does the Arizona Department of Corrections have to do?**

On February 18, 2015, Judge David Duncan approved the case's settlement. The settlement agreement requires ADC to fix its health care system and meet more than 100 health care outcome measures, including medical care, mental health care, and dental care. ADC also must overhaul the rules for isolation units. Since the settlement was approved, the federal court has issued a series of orders directing ADC to take additional steps to comply with the settlement.

♦ **How can you help me?**

The Prison Law Office and ACLU continue to represent all people in the *Parsons* class. Our work is focused on making sure that ADC does everything required by the Stipulation. We do this through document review and monitoring trips to the prisons, where we interview class members and staff. When necessary, we go to court and ask the federal judge to issue further orders directing ADC to comply with the Stipulation.

To monitor ADC more effectively, we have divided monitoring duties with our co-counsel. Our co-counsel at the Prison Law Office monitors ADC's dental and medical care, and we monitor ADC's mental health care and conditions of confinement in isolation/max custody units. If you have concerns regarding mental health care and/or conditions in isolation/max custody units, please write to us. If you have concerns regarding dental or medical care, please write PLO via Legal Mail at:

> **Prison Law Office**
> **RE:** *Parsons v. Ryan*
> **General Delivery**
> **San Quentin, CA 94964**

pg 1 of 2

The *Parsons* lawsuit did not seek money damages. If you want to file an individual lawsuit, we cannot represent you. We have some free self-help material we can send you on how to exhaust your administrative remedies, how to file a lawsuit, and attorney referrals. If you would like this information, please write to us and ask.

## II.   RECENT CASE DEVELOPMENTS

- **Change of Health Care Contractor**

On January 18, 2019, ADC issued a press release stating, among other things: "The contract with Centurion to assume its correctional healthcare responsibilities is effective July 1, 2019. ADC's current inmate healthcare provider, Corizon, will continue to perform its existing contractual obligations and is expected to work with ADC, and Centurion, to ensure a smooth transition of existing services." By letter dated January 30, 2019, we told ADC that it is important to make sure there is a process for a smooth transition from Corizon to Centurion. We do not want any lapses in care.

- **Change of Federal Judge**

In June 2018, Magistrate Judge David Duncan, who oversaw settlement negotiations and post-judgment litigation, retired from the bench. District Court Judge Roslyn Silver now is assigned to *Parsons*.

- **Monitoring Methodology and Appointment of Court Expert**

On June 22, 2018, the federal judge issued an order regarding problems with how ADC is monitoring its compliance with the Stipulation. Doc. 2900. On December 11, 2018, the federal judge appointed Dr. Marc Stern as an independent expert to investigate and address these problems. Doc. 3089. Dr. Stern will conduct two areas of inquiry: (1) irregularities and errors in the monitoring process, and (2) substantial noncompliance with critical aspects of health care delivery. Dr. Stern will propose written recommendations of any problems he discovers. We do not yet know how long his review will take. *Id.*

- **Need for Increased Staffing**

We believe that ADC must increase its medical staff in order to comply with the Stipulation. The federal judge appointed an expert to evaluate existing staffing levels and make recommendations. On June 22, 2018, the federal judge ordered ADC to submit a plan on how to recruit and retain health care staff. Doc. 2904. On December 20, 2018, the U.S. Court of Appeals for the Ninth Circuit ruled that the federal judge "may, in the future, consider ordering Defendants to develop and implement a plan to increase staffing in general as a remedy for Defendants' non-compliance." *Parsons v. Ryan*, 912 F.3d 486, 505 (9th Cir. 2018).

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Pg 2 of 2

U.S District Court
Judge Roselyn Silver

your Honor
now comes David Wetzel
being a member of the
class action suit
Parson vs Ryan
2:12-00601 - DKD-PHX
2:12 00601 - ROS-PHX

-requesting, respectfully grant
introducing advisory counsel
-Prison Law Firm, CA
Rity Lomio PLLC
Corene Kendrick - PLLC
And
-American civil liberty union
David Faith PLLC
West D.C office

submitted
7-5-19
[signature]