THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE CJVLR 5.4
(Rule Number/Section)

Michael J. Cohn #288721
ASPC Tucson / Manzanita 1B19 (ADA)
P.O. Box 24401
Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

Parsons, et al.        2:12CV ROS        CV-12-601-PHX-ROS
    v.                 NOTICE OF SUSPICIOUS Inmate Death
Ryan, et al.           Hon. Roslyn O. Silver

I, Michael J. Cohn, class plaintiff, advocate in the above captioned case, respectfully notify this honorable court of the suspicious death of inmate Daniel Frederickson, allegedly, as follows:

- Allegedly, Mr. Frederickson suffered from congestive heart failure. About 2 months ago, he told P.A. Salyer that he had chest pain and wanted to go to the hospital. He was housed in building HU6, supposedly an ADA compliant, but unlicensed nursing care institution. To my knowledge, Centurion administrative staff do not have or exhibit nursing care institution administrator licenses. By law, such facilities must cease operations. This facility lacks emergency call buttons. ARS§13-3706; ARS§41-1708-7; 42 CFR§483 et seq.; ADA Title II; Rehabilitation Act§504; ARS§41-1492 et seq.; ANA code of Ethics, Prov. 1-9; D.O. 601 attachment "C" inter alia, et seq., etc., et al.

- Allegedly, P.A. Salyer told Frederickson he would be fine. The process was repeated until on or about July 1, 2019. On or about July 1, 2019, Dr. Salazar, Tucson complex Medical Director & other staff toured HU6. Rep. allegedly, Dr. Salazar, et al. recognized Frederickson was in distress. He was sent to the hospital for an unknown amount of time. He was returned to ADC, IPC (Infirmary) and died 7/10/19

1

transported to the hospital and some time later was transported to the IPC. Reportedly, he died last night.

### Comments

Understanding that congestive heart failure is a terminal condition, the question becomes whether or not his life would have been extended had he gone to the hospital 2 months ago or so. Unless he gave specific instructions for (written) hospice care, the standard of care would be to extend his life as long as possible as I understand it. In light of Corizon losing its contract would there be an enhanced culture of "deliberate indifference" to those requiring expensive care? Was there a written or unwritten policy or custom or pattern of depriving such patients of life-extending care?

The wanton or reckless disregard for the standard of care in this matter implicates criminal negligence, negligent homicide or involuntary manslaughter, allegedly. At least, there is an implication of adult neglect and the failure to report adult neglect, allegedly. ARS§46-451-457 (see 454). ARS§13-1102/1104.

### Mortality Review

As I understand it, the Mortality Review is conducted by staff members of ADC/Centurion. To my knowledge, no independent medical professional participates. Per MCPC E.R. 1.3, counsel for plaintiffs failed to petition the court for reconfiguration of the Mortality Review committee to include an independent participant. An expert may or may not review the record, but no mechanism of meaningful oversight is provided. Counsel for plaintiffs obstructs independent review of mortality reports, etc. appearing to

2

connive with ADC, in my experience. Further, to my knowledge, they have not contacted law enforcement regarding suspicious inmate deaths.

I am considering the options regarding this.

### P.A. Salyer

To my knowledge, P.A. Salyer is a named party in at least one current 42 USC §1983 lawsuit. The pattern of negligence/ Deliberate indifference is similar. I can state this as I have read parts of the case, including the transcript of Salyer's testimony. The question becomes, is there a pattern, custom or written/unwritten policy of "deliberate indifference?" In a Prima Facie sense, so it appears. Salazar - Failure to adequately supervise.

### Conclusion

Per FedRCivP 23(d) the court may authorize a class member to intervene or come into the action. I have requested that Mr. Pratt/ Centurion allow me to observe/report on the mortality review and CQI committees at Tucson Complex. This is a stop-gap, but necessary measure to include an element of oversight. If necessary, I will petition the court to compel counsel for plaintiffs to submit a motion for reconfiguration of the Mortality Review committee.

I reiterate what I have stated previously. Nothing will improve in this matter without federal intervention. Noncompliance is foreseeable. Not only does ADC lack the will for improvement, the intent is to neglect for purposes of profit and sadism, IMHO.

I say this as a witness who is immersed in the situation and has been for 5 years. I have lived in 4 complexes, all with medical units. I have helped dozens if not hundreds

3

of inmates with HNR's and medical grievances. I have written HSCMB on numerous occasions. I have submitted numerous grievances on my own, most, if not all have been futile as the custom, practice, written/unwritten policies of ADC are hostile to inmates.

Respectfully submitted,                                  Date: 7/11/19

*Michael J. Cohn, EdD.*

Dr. Michael J. Cohn
Advocacy/Coaching/Education/Expert Witness
                        Service

Original Mailed to:     on: 7/15/19
Clerk of the U.S. Dist. Ct.
401 W. Washington
Phoenix, AZ 85003


copies to:     on: 7/15/19
Michael E. Gottfried, A.A.G.
2005 N. Central
Phoenix, AZ 85012


Corene Kendrick, Esq.
Prison Law Ofc.
General Delivery
San Quentin, CA 94964

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Resolution

*Note! This is a court document!*
MJC
C14-180

Complaints are limited to one page and one issue. Please print all information.

| INMATE NAME (Last, First M.I.) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson / Manz. 1B19 | 7/11/19 |

| TO | LOCATION |
|---|---|
| COIII Vance | HU1 |

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

Issue: Alleged homicide of IM Frederickson.
- I allege the following re: Nick Salyer, P.A., Abel Salazar, M.D. et al. ARS§13-1104 Involuntary Manslaughter or 1102 Negligent Homicide or and ARS§46-451-457 adult Neglect; Failure to report adult Neglect, ANA Code of Ethics Prov. 1-6+8 D.O. 601a Mach. "C" inter alia, et al.
- App. 2 mos. ago Frederickson told P.A. Salyer he had chest pain + wanted to go to the hospital. Salyer said "no" stating Frederickson would be fine. This was repeated until on or about July 1, 2019. Salazar, M.D. + other staff toured HU6 + saw that Frederickson was in distress. Frederickson went to the hospital and some time later was sent to IPC where he died last night.
- Standard of care is to extend care life as long as possible unless patient knowingly, intelligently and voluntarily admits himself to hospice care. To my knowledge, no such policy/procedure exists in ADC.
- ADC pattern, practice, custom + unwritten or written policy is to hasten end of life under the cover of adequate or inadequate medical care to avoid criminality.
- Salyer was inadequately supervised. D.O. 601.3.w; 601.2.h.
- Nursing staff failed to refer this case for CQI review (above).
- Switzer, D.O.N. failed to adequately supervise nursing staff (above).
cc: Judge Silver, A.A.G. Gottfried, attny. Kendrick - Parsons v. Ryan Remedy. - Investigate per D.O. 602.02, 1,2 + D.O 601 et seq.
Per ADA Title II et seq., ARS§41-1492.10 I am allowed to aid the disabled.

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| M.J. Cohn, Ed.D. Advocacy/coaching/education/expert witness / witness in Parsons v. Ryan case | 7/11/19 |

Have you discussed this with institution staff? ☒ Yes ☐ No
If yes, give the staff member name: C.O. Romero

Distribution: INITIAL: White and Canary – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

RCVD 7/11/19 V

Michael J. Cohn #288721
ASPC Tucson/Manzanita 1819
P.O. Box 24401
Tucson, AZ 85734

7/11/19

His Excellency, John Rothschild
Mayor of Tucson
255 W. Alameda
Tucson, AZ 85701

Re: Tax Evasion, etc. by Centurion Health of AZ.

Mr. Mayor:
 I write today to notify you that Centurion Health of AZ., the new ADC medical care vendor has not procured or exhibited a City of Tucson business license. I infer they have not paid the relevant taxes. There are several separate medical facilities all requiring separate licenses per City ordinances. Centene, Inc. the parent company is a Fortune 100 company. As I understand it, Centurion has a $204 million contract with AZ. DOC. to provide medical care for one year. In short, they can afford City taxes. There is no statutory exemption as they are for profit.
 Even if there was a reason for Centurion to have incentives, they can still afford taxes. Corizon Health, the prior vendor appears to have gotten away with about 7

1

years of tax evasion even tho I brought this matter to Federal Court. Your own business license division failed to pursue this matter. I hope bribery or corruption were not involved. Further it appears Az D.O.C. aided/abetted this matter, also a violation of the law.

My agenda in this matter is to hold those responsible for our health care accountable. I allege inmates are murdered routinely by those companies for the sake of profit and sadism. This is concealed from public scrutiny.

A Jewish inmate, a citizen of Israel, I allege was murdered by 3 nurses and 2 officers about a year ago. I am seeking justice for him as he has no family and I am also Jewish. Inmates are expected to obey the law. The state and its contracted vendors should do no less.

If it is in the City of Tucson's interest to waive license and taxes, so be it. This should be done formally with City Council approval, not by contempt of law.

Centurion Health of AZ.
3800 N. Central #460
Phoenix, AZ 85012

Please do due diligence regarding this matter for the reasons stated herein.

Yours in prisoner rights,

Michael J. Cohn, ℛ.D.

Dr. Michael J. Cohn
Advocacy/Coaching/Education/Expert Witness
cc: Judge Silver, et al. @ U.S. Dist. Ct.