Kathleen E. Brody (Bar No. 026331)
Molly Brizgys (Bar No. 029216)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email: kbrody@acluaz.org
Email: mbrizgys@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
*Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
*Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
*Desiree Licci, Joseph Hefner, Joshua Polson, and*
*Charlotte Wells, on behalf of themselves and all others*
*similarly situated*

**[ADDITIONAL COUNSEL LISTED ON**
**SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON**
**SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH THE COURT'S ORDER (DOC. 2898) AND FOR ORDER TO SHOW CAUSE [DOC. 3301]** |

The Court's June 22, 2018 order (Order) finding Defendants in civil contempt of court was crystal clear that "Defendants shall continue to file monthly reports reflecting every instance of noncompliance for PMs at facilities under the October 10, 2017 Order to Show Cause [Doc. 2373 at 3-4] that are at less than 85% compliance." Doc. 2898 at 24.[1] Defendants' monitoring reports show continued and ongoing widespread noncompliance with many of the PMs / facilities at issue; that noncompliance triggers the need to provide more detailed information for the given month / PM / facility.  [*See* Doc. 3301 at 4-12] Rather than address this reality or explain their refusal to abide by the Order, Defendants characterize it as "ambiguous," because they did not understand what the word "continue" meant. [Doc. 3315 at 4]  They also assert that their disregard of the Order is reasonable because they asked Corizon twice in July 2018 for the data, and received no response from their contractor.  [Doc. 3315 at 3; Doc. 3315-1 ¶¶ 7-9]

These post hoc justifications do not meet Defendants' heavy burden to show that they took *all* reasonable steps to comply with the Order.  At no time in the past year did Defendants or their attorneys ever bring to the Court's attention that they did not understand the "ambiguous" Order, nor did they inform the Court of Corizon's failure to provide the data despite a clear contractual requirement to provide all requested reports.[2] [*See* Exhibit 1, ADC-Corizon Contract (ADOC13-041943) at §§ 2.18.11 ("Corizon will also support our program for the ADC for the utilization of the following reports: [. . .] *Ad hoc reports, as required*") (emphasis added)][3] Defendants cannot throw their vendor under the bus to justify their own failure to comply with the Court's orders.  [*See* Doc. 2898 at 20 ("The evidence suggests that the States' recalcitrance flows from its fear of

---

[1] All citations to the case docket are to the page numbers assigned by the Court's Electronic Case Filing (ECF) system.

[2] *See also* Doc. 2898 at 16, ¶ 58 ("ADC did not disclose its concerns to the Court or to Plaintiffs about the December 2017 real time data until Mr. Pratt's cross-examination as part of the OSC hearing.").

[3] The contract is available at https://procure.az.gov/bso/external/document/attachments/attachmentFileDetail.sdo?fileNbr=362725&docId=ADOC13-041943&docType=P&releaseNbr=0&parentUrl=/external/purchaseorder/poSummary.sdo&external=true&searchType=contract.

losing its contracted healthcare. But even if true, such fear is not a factor that can properly be considered in determining what steps the State must take to meet the health care needs of its inmates. . . . Rather than push its contractor to meet those needs, the State has instead paid them more and rewarded them with financial incentives while limiting the financial penalties for non-compliance.")].

## I.      The Order is Not Ambiguous.

As detailed in Plaintiffs' Motion, the Order is specific and definite, and Plaintiffs will not repeat their arguments.  [*See* Doc. 3301 at 15-16]  Defendants argue the Order is confusing because the word "continue" could have had "several possible interpretations." Doc. 3315 at 4.  Their argument is unavailing based both on the facts and the law:  the language is clear and unambiguous by any interpretation, they failed to seek any clarification of its meaning, and "self-induced and self-perpetuated" confusion or disagreement with an order does not defend against a failure to obey it. *See Chapman v. Pac. Tel. & Tel. Co*., 613 F.2d 193, 194 (9th Cir. 1979).

Notably, Defendants' July 2018 motion to stay the Order did not indicate that they were confused about the word "continue," or that it was ambiguous. [*See* Doc. 2971 at 20-21]  They only argued it was burdensome. [*Id*]  They also did not argue it was ambiguous or confusing in their Ninth Circuit stay motion. [*See* Case No. 18-16358, Dkt. 15-1]  In any event, the Court denied a stay, and the Ninth Circuit specifically affirmed the order to continue to report monthly data.  [Doc. 3057; Doc. 3276 at 2]  Therefore, any argument that noncompliance was justified by their confusion of the meaning of the word "continue," is both waived and frivolous.[4]

//

//

---

[4] Defendants cite *Gen. Signal Corp. v. Donnalco, Inc*., 787 F.2d 1376, 1379 (9th Cir. 1986), to support their position that "[a]t a minimum, given the Order's ambiguity, Defendants substantially complied with it, which precludes a finding of civil contempt." Doc. 3315 at 4.  But *Gen. Signal Corp*. does not hold that a party's failure to abide by an ambiguous order constitutes substantial compliance, as Defendants assert it does; the case simply recites the legal standard for civil contempt.

## II.    Defendants Fail to Show They Took All Reasonable Steps to Comply.

Defendants' assertions that they took all reasonable steps to comply with the Order fail for several reasons.

***First***, Defendants' counsel's declaration inexplicably fails to attach any underlying correspondence in support of the avowals.  [*See* Doc. 3315-1 at ¶¶ 2-8]  The failure to provide any actual evidence to the Court raises an evidentiary presumption under the adverse inference rule that such evidence—if it exists—is unfavorable to their position. *See Singh v. Gonzales*, 491 F.3d 1019, 1024 (9th Cir. 2007), *superseded by statute as stated in Singh v. Holder*, 602 F.3d 982 (9th Cir. 2010) ("When a party has relevant evidence in his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him.") (*quoting Int'l Union (UAW) v. NLRB*, 459 F.2d 1329, 1336 (D.C. Cir. 1972) ("Although *this rule can be traced as far back as 1722* when it was applied in the famous case of the chimney sweep's jewel, it has been utilized in scores of modern cases as well") (emphasis added)); *Evis Manuf. Co. v. F.T.C.*, 287 F.2d 831, 847 (9th Cir. 1961) ("An unfavorable inference may result from the unexplained failure of a party to produce documentary or other real evidence"); *see also* Fed. R. Evid. R. 1002 ("An original writing . . . is required in order to prove its content unless these rules or a federal statute provides otherwise.").

***Second***, the factual record contradicts Defendants' counsel's sworn declaration. For example, counsel makes a hearsay statement that "On April 16, 2018, Corizon responded and advised that true 'real time' reporting was not possible."  Doc. 3315-1 ¶ 6. But less than two weeks after their contractor allegedly said this, Defendants filed the February 2018 real-time data on April 27, 2018.  *See* Doc. 2786 and Exhibits thereto. Likewise, counsel asserts that after two requests to Corizon in mid-July 2018 for the data, "Corizon did not provide any more 'real time' data."  Doc. 3315-1 ¶ 8.  Based on this recitation of the timeframes, (*see also* Doc. 3315 at 3), no further actions were taken by Defendants or Corizon after July 11, 2018 to comply with the Order.  But this contradicts the representations the same declarant made to Plaintiffs' counsel on July 17, 2018 that

"we are working with Corizon to gather and produce the data for March-June 2018 and to establish procedures for continued production going forward," (Doc. 2993-1 at 5), and reiterated on August 1, 2018. *Id*. at 11.

   *Third*, Defendants describe communication with Corizon *prior* to June 22, 2018. [Doc. 3315 at 2-3; Doc. 3315-1 at ¶¶ 2-6]  This is irrelevant to an analysis of whether they took all reasonable steps to comply with the Order issued on June 22, 2018.  The only efforts described that were taken *after* its issuance are the two times Defendants' attorney asked Corizon for data—on July 10 and 11, 2018.  [Doc. 3315 at 3; Doc. 3315-1 ¶¶ 7-8]  Notably, Defendants do not describe *any* efforts to comply for the next year, although (1) Plaintiffs asked Defendants to comply on July 24, 2018, and November 7, 2018, (*see* Doc. 3301 at 3, *citing* Doc. 2993-1 at 7-8, Doc. 3071-1 at 4-5); (2) this Court denied a stay on November 15, 2018, (Doc. 3057); and (3) the Ninth Circuit specifically instructed them to provide the data on June 3, 2019. [Doc. 3276 at 2 ("[w]e do not stay the district court's order of contempt requiring monthly reporting")][5]

   *Fourth*, Defendants assert it was impossible to comply with the Order because Corizon "controlled the documents, software and staff" necessary to comply, and they received no data from Corizon.  Doc. 3315 at 6.  This argument is unavailing. Corizon, as Defendants' contractor, was their agent, and thus any failure by Corizon to provide data is attributable to Defendants.  *Salyers v. Metro. Life Ins. Co*., 817 F.3d 934, 939 (9th Cir. 2017) ("The legal consequences of an agent's actions may be attributed to a principal when the agent is acting within its authority") (*citing* RESTATEMENT (THIRD) OF AGENCY § 2 intro. note (2006)).  Impossibility is not a valid defense to contempt if the party "is responsible for the inability to comply." *United States v. Asay*, 614 F.2d 655, 660 (9th Cir. 1980) (quotation marks and citation omitted); *see also F.T.C v. Affordable Media, LLC*,

---

[5] Defendants assert that "Plaintiffs' Motion is silent as to what additional steps Defendants were required to take to comply with the Court's Order." Doc. 3315 at 6.  It is not Plaintiffs' burden to hypothesize the myriad ways Defendants could have complied with the Order; rather, Defendants must show "categorically and in detail" why they are unable to comply. *N.L.R.B. v. Trans Ocean Export Packing, Inc*., 473 F.2d 612, 616 (9th Cir. 1973); *see also Kelly v. Wengler*, 822 F.3d 1085, 1096 (9th Cir. 2016).

1    179 F.3d 1228, 1239 (9th Cir. 1999) (impossibility is not a defense if the inability to

2    comply is self-induced).  Furthermore, Defendants characterize compliance with the order

3    as "not reasonable," "tedious[,] and time consuming."  Doc. 3315 at 7.  Inconvenience and

4    time-consuming are not the same as impossible.

5         **Fifth**, Defendants falsely assert that "Defendants kept Plaintiffs apprised of their

6    continued, unsuccessful efforts to obtain the data from Corizon."  Doc. 3315 at 6.  In fact,

7    Defendants' counsel communicated with Plaintiffs' counsel only in response to Plaintiffs'

8    requests that they comply, and told Plaintiffs' counsel that "we are working with Corizon

9    to gather and produce the data for March-June 2018 and to establish procedures for

10   continued production going forward." Doc. 2993-1 at 5 and 11. Not once did Defendants

11   inform Plaintiffs that they were "unsuccessful" in obtaining data from their contractor.

12   [*See* Doc. 2993-1 at 5, 11; Doc. 3075-1 at 2]  And again, Defendants offer no explanation

13   why they did not tell the Court that their contractor refused to provide the data despite the

14   contractual obligation to provide reports upon request or as required.  *See* Ex. 1; *compare*

15   *In re Dual-Deck Video Cassette Recorder Antitrust Litig. v. Motion Picture Ass'n of Am.*,

16   10 F.3d 693, 695 (9th Cir. 1993) (holding that contempt "need not be willful, and there is

17   no good faith exception to the requirement of obedience to a court order.")]

18        **III.    The Order Does Not Violate the Stipulation.**

19        Defendants yet again argue that the Order's requirement of providing information

20   regarding all instances of noncompliance violates the Stipulation, and that they only have

21   to comply with the Stipulation 85% of the time.  [Doc. 3315 at 9-10]  As detailed in

22   Plaintiffs' Motion, (Doc. 3301 at 17), the Court should yet again reject this shopworn and

23   meritless argument.  And in fact, the Order's requirement that Defendants **report** every

24   instance of noncompliance when a PM goes below the 85% threshold for judicial

25   involvement, is not the same as requiring 100% compliance.

26        **IV.    A Finding of Civil Contempt Is Appropriate Here.**

27        Plaintiffs respectfully request that the Court order Defendants to provide the data

28   regarding all instances of noncompliance for the PMs / prisons listed in their Motion

1  (Doc. 3301 at 3-12), for the months from March 2018 to the present no later than August

2  19, 2019, and order Defendants to continue to file the data for each month no later than

3  the 20th day of each month thereafter.  Plaintiffs request that the Court order Defendants

4  to show cause on August 19, 2019, why they should not be held in civil contempt of court

5  and fined $10,000 for each day after August 19, 2019 that they do not provide the

6  information regarding all instances of noncompliance from March 2018 to the present.

7                                                    Respectfully submitted,

8  Dated:  July 19, 2019                    **PRISON LAW OFFICE**

9                                                    By:   s/ Corene T. Kendrick
                                                            _____
10                                                          Donald Specter (Cal. 83925)*
                                                            Alison Hardy (Cal. 135966)*
11                                                          Sara Norman (Cal. 189536)*
                                                            Corene T. Kendrick (Cal. 226642)*
12                                                          Rita K. Lomio (Cal. 254501)*
                                                            **PRISON LAW OFFICE**
13                                                          1917 Fifth Street
                                                            Berkeley, California 94710
14                                                          Telephone:  (510) 280-2621
                                                            Email:     dspecter@prisonlaw.com
15                                                                         ahardy@prisonlaw.com
                                                                             snorman@prisonlaw.com
16                                                                         ckendrick@prisonlaw.com
                                                                             rlomio@prisonlaw.com
17                                                          *Admitted *pro hac vice*

18

19                                                          David C. Fathi (Wash. 24893)*
                                                            Amy Fettig (D.C. 484883)**
20                                                          Ryan Kendall (Cal. 324714)*
                                                            **ACLU NATIONAL PRISON PROJECT**
21                                                          915 15th Street N.W., 7th Floor
                                                            Washington, D.C. 20005
22                                                          Telephone:  (202) 548-6603
                                                            Email:     dfathi@aclu.org
23                                                                         afettig@aclu.org
                                                                             rkendall@aclu.org
24                                                          *Admitted *pro hac vice*. Not admitted in DC;
                                                              practice limited to federal courts.
25                                                          **Admitted *pro hac vice*

26

27

28

Kathleen E. Brody (Bar No. 026331)
Molly Brizgys (Bar No. 029216)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    kbrody@acluaz.org
              mbrizgys@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
              agerlicher@perkinscoie.com
              jhgray@perkinscoie.com

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:    s/ Maya Abela
         Rose A. Daly-Rooney (Bar No. 015690)
         J.J. Rico (Bar No. 021292)
         Maya Abela (Bar No. 027232)
         **ARIZONA CENTER FOR DISABILITY LAW**
         177 North Church Avenue, Suite 800
         Tucson, Arizona 85701
         Telephone:  (520) 327-9547
         Email:    rdalyrooney@azdisabilitylaw.org
                       jrico@azdisabilitylaw.org
                       mabela@azdisabilitylaw.org

         Asim Dietrich (Bar No. 027927)
         5025 East Washington St., Ste. 202
         Phoenix, Arizona 85034
         Telephone: (602) 274-6287
         Email:    adietrich@azdisabilitylaw.com

*Attorneys for Arizona Center for Disability Law*

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that on July 19, 2019, I electronically transmitted the above

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants:

5

6

Michael E. Gottfried
Lucy M. Rand

7

Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov

8

Lucy.Rand@azag.gov

9

Daniel P. Struck
Rachel Love

10

Timothy J. Bojanowski
Nicholas D. Acedo

11

Ashlee B. Hesman
Jacob B. Lee

12

Timothy M. Ray
Richard M. Valenti

13

Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

14

dstruck@strucklove.com
rlove@strucklove.com

15

tbojanowski@strucklove.com
nacedo@strucklove.com

16

ahesman@strucklove.com
jlee@strucklove.com

17

tray@strucklove.com
rvalenti@strucklove.com

18

jguzman@strucklove.com

19

*Attorneys for Defendants*

20

s/ C. Kendrick

21

22

23

24

25

26

27

28

-8-