THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE  CIVIL 54
(Rule Number/Section)

Michael J. Cohn 288721
ASPC Tucson/ Manzanita 1B19
10002 S. Wilmot, P.O.B. 24401
Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

| Parsons, et al. | 2:12CV601-ROS |
|---|---|
| V. | Issues of Incompetence of Centurion/ADC |
| Ryan, et al. | Hon. Roslyn O. Silver |

I, Michael J. Cohn, class plaintiff/advocate in the above named case, respectfully notify this honorable court of issues of administrative incompetence leading to non-compliance by Centurion/ADC. It is a relatively simple matter to identify patient vulnerabilities by reviewing the medical literature (attached). Identifying the medical problems for which patients sue the most, organizes Quality Assurance efforts. Administrative incompetence is apparent in ADC/Centurion because there is no apparent coherent effort to address high risk problems, at least to my knowledge and understanding. If I were in charge, I would audit HNR's and survey nursing staff to identify the most common problems. I would ask for their suggestions and recommendations and assign a team to audit and update policy and procedures. It's not that difficult. Vetting contractors is another issue when the legislature requires paying no more than medicaid rates. The pool of participants will shrink and the quality of care in some cases may be questionable. To my knowledge, Centurion accepts anyone who agrees to medicaid rates. There is no vetting for quality of care to my knowledge.

1

Per FedRCivP 23(d), I am considering asking the court to assign counsel for Plaintiffs to address Quality assurance matters in a more comprehensive way. Performance measures are a goal, but if the administrators who are supposed to implement them are incompetent, non-compliance is assured. Lack of will only exacerbates this.

Respectfully submitted,     Date: 7/28/19

Michael J. Cohn, Ed.D.

Dr. Michael J. Cohn
advocacy / coaching / Education / Expert Witness
         service

Original mailed to:   on:
Clerk of the U.S. Dist. Ct.
401 W. Washington #130, SPC-1
Phoenix, AZ 85003


Copies to:   on:
Michael E. Gottfried, A.A.G.
2005 N. Central
Phoenix, AZ 85004


Corene Kendrick, Esq.
Prison Law Off.
General Delivery
~~Phoenix, AZ~~ & San Quentin, CA 94964

2

**ARIZONA DEPARTMENT OF CORRECTIONS**
**Inmate Letter**

Note: This is a court document. MJC

Requests are limited to <u>one page</u> and <u>one issue</u>. NO <u>ATTACHMENTS PERMITTED</u>. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson 1 MANZ. 1B19 | 7/28/19 |

To: Abel Salazar, M.D.
Location: Tucson Complex Medical

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Issue: Continuous Quality Improvement

I just completed reading a book on medical malpractice. The author describes the top 20 reasons for suits. I have selected those most likely to occur in ADC. I suggest the CQI committee and training instructors to focus on these:
(1) Failure to diagnose an impending heart attack (2) Failure to diagnose a fracture or improper fracture care (3) Nerve injury from a tooth extraction (4) Failure to diagnose cancer from a X-ray or lab specimen (5) Patient falls from bed or bathroom (6) Nerve or blood vessel injury from back surgery (7) Failure to diagnose appendicitis (8) Sciatic nerve injury from infection (9) Nerve injury during surgery from positioning (10) Failure to treat pressure sores in nursing home patients.

- I suggest that contracted specialists have background checks on the frequency of the above episodes of care. Failure to vet contracted specialists may expose patients to unnecessary risks. Policies and protocols should be reviewed and updated regarding the above.

- As a former healthcare/hospital administrator, I can say with certainty that if I were in charge of ADC healthcare I would insist on addressing these issues.

cc: Judge Silver, M. Gottfried, R.N.C., Corene Kendrick, Esq., Richard Pratt, HSCMB, Florence Bruemmer, attorney for Dr. Cohn

Inmate Signature: M.J.C., Ed.D.
Witness in Parsons v. Ryan case
Date: 7/28/19

Have You Discussed This With Institution Staff? ☐ Yes ☑ No
If yes, give the staff member's name:

Distribution: White - Master Record File    Canary - Inmate

916-1
5/13/10