Michael J. Cohn #288721
ASPC Tucson/Manzanita 1B19
P.O. Box 24401
Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

| Parsons, et al. | 2:12CV601-ROS |
| v. | Deliberate Indifference and Lost Chance Doctrine |
| Ryan, et al. | Hon. Roslyn O. Silver |

I, Michael J. Cohn #288721, class plaintiff/advocate in the above named case, respectfully notify this honorable court of the issue of the "Lost Chance Doctrine" of medical malpractice and its interface with "Deliberate Indifference." In my opinion, many, if not most complaints about inadequate, privatized, prison medical care implicate these legal doctrines as they interact with each other. (attached). The "Lost Chance or Loss of Chance" doctrine involves the reduction in the chance of a successful medical outcome due to failure to diagnose a condition prior to its progression (50% chance of successful outcome reduced to 25% chance of successful outcome, for example). The plaintiff may be compensated for the percentage of loss of chance for a successful outcome. As this doctrine was established by the Matsuyama v. Birnbaum case in 2008, I believe this doctrine has been in the public domain sufficiently that physicians in general know or should know about it. Thus, when Centurion, inter alia, Utilization management staff, deny or delay thorough diagnostics, the "Loss of Chance" doctrine is immediately activated. Knowledge of the doctrine, especially when providers accept the alternative Treatment Plan (ATP), immediately implicates deliberate indifference

as the patient is denied a qualitative assessment of the chance for a successful outcome with intent, in my opinion.

Per Fed R Civ P 23(d), which authorizes a class plaintiff to come into the action, I am considering the possible remedies for this matter. In my opinion, sanctions for Centurion's denials/delays of diagnostics, specialty consults, etc., inter alia, should be an option. Counsel for plaintiffs / ADC HSCMB should accumulate data on these events, or use existing data.

The 6500 to 20,000 estimated Hepatitis "C" patients who are not receiving treatment while in ADC are a population to consider. The standard of care as I understand it is to "treat at any stage, even if the patient is a known drug user/abuser. Corizon/Centurion use the "monitoring approach," withholding treatment until the last minute. Sometimes it is too late.

Abu-Jamal v. Wetzel, M.D. Penn (2017). In my opinion, those diagnosed with Hepatitis "C" encounter "loss of chance" as they wait for treatment, as the disease can cause liver damage at any point. id. Sanctions should be issued, in my opinion, on a per-patient basis, per month for those not yet treated.

The point is, if Centurion knows it is committing malpractice by "loss of chance," inter alia, then it is also Deliberately Indifferent.

Respectfully yours,
Michael J. Cohn, EdD.
Dr. Michael J. Cohn

2

Service

Original mailed to: on: 8/5/19
Clerk of the U.S. Dist. Ct.
401 W. Washington #130-SPC-1
Phoenix, AZ 85003

Copies to:   on: 8/5/19
Michael E. Gottfried, A.A.G.
2005 N. Central
Phoenix, AZ 85004


Corene Kendrick, Esq.
Prison Law Ofc.
General Delivery
San Quentin, CA 94964


3

**ARIZONA DEPARTMENT OF CORRECTIONS**
Inmate Letter

Note: This is a court document. MJC

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson Manzanita 1B19 | 7/31/19 |

| To: | Location |
|---|---|
| Abel Salazar, M.D. | Tucson Complex Medical |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Issue: Loss of Chance Doctrine of Medical Malpractice.

- I have observed that many inmate patients encounter "loss of chance." Matsuyama v. Birnbaum, 452 Mass 1, 890 N.E. 2d 819 (2008). A patient encountering loss of chance may complain of symptoms, but a proper diagnosis is not obtained for some time, perhaps years. If the condition had been diagnosed correctly he may have had (let's say for example) a 50% chance of successful treatment. The delay in diagnosis reduced the chances for successful treatment considerably. A plaintiff is allowed to recover compensation for the reduction in his chance for a favorable outcome, if that was caused by a provider's negligence.

- "Medicine today, it is widely believed, is supposed to prolong life, or at least improve one's quality of life during the time he has left." (Personal Injury and the Law of Torts for Paralegals; Morissette, Emily Lynch, Wolters Kluwer, p.135, 2014).

- Privatized prison medical care appears to be stingy in terms of thorough diagnostic testing, perhaps resulting in more frequent "Loss of chance" cases than in the general community (Parsons v. Ryan)

≥ I will be advising the court and our class action attorneys about this. I believe that "Deliberate Indifference" will now be further implicated in such cases as you and ADC are now informed of the doctrine. Please train the medical staff regarding this as you see fit.

cc: Judge Silver, M. Gottfried, A.A.G., Corene Kendrick, Esq. Richard Pratt, HSCMB witness in Parsons v. Ryan case

Inmate Signature: M.J. Cohn, Ed.D.    Date: 7/3/19

Have You Discussed This With Institution Staff?  ☑ Yes  ☐ No
If yes, give the staff member's name: NP Ende