THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE LR CIV 5.4
(Rule Number/Section)

FILED ✓ / LODGED ___
RECEIVED ___ / COPY ___
AUG 12 2019
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ____ DEPUTY

Michael J. Cohn #288721
ASPC Tucson / Manzanita 1B19
10002 S. Wilmot, P.O.B. 24401
Tucson, AZ 85734-4401

UNITED STATES DISTRICT COURT, ARIZONA

Parsons, et al.  |  2:12CV601-ROS
  v.             |  Notice of "Blanket Policy"
Ryan, et al.     |  Hon. Roslyn O. Silver

I, Michael J. Cohn, Class Plaintiff/Advocate in the above named case, respectfully notify this honorable court of a "blanket policy" of discontinuing patient medications inappropriately and without adequate safeguards. This is alleged and is upon information and belief. Inmates are urging action today and I have but 10 minutes to make legal copies.

I will follow-up (see attached).

Respectfully submitted,

Michael J. Cohn, Ed.D.

Dr. Michael J. Cohn

original to: on: 8/8/19 Service
Clerk of the U.S. Dist. Ct.
401 W. Washington
Phoenix, AZ 85734

copies to: on: 8/8/19
M.E. Gottfried                    C. Kendrick, Esq.
2005 N. Central                   Prison Law Ofc.
Phoenix, AZ 85004                 General Del.
                                  San Quentin, CA 99964

**ARIZONA DEPARTMENT OF CORRECTIONS**
Inmate Letter

*This is a court document. MJC 8/7/19*

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Cohn, Michael J. | 288721 | Tucson / Manzanita 18-19 | 8/7/19 |

**To:** Abel Salazar, M.D.
**Location:** Tucson Complex Medical Unit

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

Issue: Blanket policy of medication discontinuation. It is apparent by the number of complaining patients, upon information and belief, that Centurion Health of AZ is implementing a pattern, custom, written or unwritten policy of blanket discontinuation of medications. Such approaches are illegal (2:12cv601-ROS). Under the allegedly fraudulent approach of accusing patients of medication non-compliance, Centurion's providers rationalize their misconduct. However, they wantonly disregard the disclaimer on lab reports that variables such as dosage, gender, scheduling etc. may affect lab results. This is a not so obvious attempt to appear to individualize the neglect for the sake of profit and/or sadism. Sadism is apparent as there is no attempt at the standard of care to step down those who are or may be dependent iatrogenically on tramadol, gabapentin, morphine, etc. The dependence may be psychological or physical or both, but regardless, patients are tormented/tortured by withdrawal or similar symptoms. No attempt that is meaningful is made to reduce their discomfort violating the 8th amdt.'s prohibition against cruel & unusual punishment by leaving them in pain and exposing them to risk of serious harm, even death. Estelle v. Gamble (1976); Helling v. McKinney, 509 U.S. at 33 (1993). Per ANA Code of Ethics, Prov. 3, Nursing staff must advocate & promote pt. rights, health & safety. It seems they are willing accomplices to abuse/neglect, etc. ARS §46-451-457

*Witness in Parsons v. Ryan case.*

**Inmate Signature:** M.J. Cohn, Ph.D.
**Date:** 8/7/19

Have You Discussed This With Institution Staff? ☒ Yes ☒ No  *Similar issues, but not exactly this one.*
If yes, give the staff member's name: ___

Distribution: White - Master Record File    Canary - Inmate

916-1
5/13/10