**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Response**

*For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.*

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| OLSON, RAYMOND S. | 185267 |

| Institution/Unit |
|---|
| ASPC, EYMAN-BROWNING UNIT |

| From | Location |
|---|---|
| COIII T. WILDE | BROWNING UNIT |

This is in response to your informal complaint dated 7/27/2019 regarding what you state is DW Days instructing her Administrative staff to deprive STG/Death Row inmates of two (2) of the three (3) recreation days you were afforded while Director's Instruction 326 was in effect based on the Parson's vs Ryan agreement. You state you were not provided adequate notification regarding said policy changes. The resolution to your complaint is to be provided the incentives that were provided to you as outlined in Directors Instruction 326.

You provided with your complaint two (2) different versions of Department Order 812 Attachment B.

After review of available information, the following was found:

I reviewed your file and found you are an STG Step III inmate.

I also reviewed Department Order 812 – INMATE MAXIMUM CUSTODY MANAGEMENT AND INCENTIVE SYSTEM (which superseded Director's Instruction 326) effective on 7/24/2019.

Per DO 812 Attachment B:

Step III Recreational Activities:

For GP and STG - Three, 2.5-hour blocks per week, to include one-time per week, in the 10x10

In pod recreation

Recreation with another inmate in accordance with Department Order #704, Inmate Regulations

I am unable to resolve your complaint at my level. If you wish to move forward with the Grievance Procedure, you have five (5) work days from the receipt of this response to submit your Grievance to the Unit's Grievance Coordinator or your COIII. End of Response.

| Staff Signature | Date |
|---|---|
| COIII Wilde | 7·30·19 |

Distribution:   Original - Inmate
                Copy – Grievance Coordinator File

802-12(e)
12/19/12

| BROWNING UNIT (GP / STG / Condemned Row (**)) | | | |
|---|---|---|---|
| Item | Step I | Step II | Step III |
| Recreation | Three, 2.5-hour blocks per week in the standard enclosure | Three, 2.5-hour blocks per week, one of which can be in the 10x10 interactive enclosure | • Recreational Activities:<br>  • For GP -- One, 2.5-hour block per month in 20x40 basketball enclosure (up to eight inmates)<br>  • For GP and STG - Three, 2.5-hour blocks per week in the 10x10 interactive enclosures<br>  • For Condemned Row -- Four, 2.5-hour blocks per week of outdoor recreation - All can be in the 10x10 interactive enclosures<br>• In pod recreation<br>• Recreation with another inmate in accordance with Department Order #704, Inmate Regulations |
| Hobby Craft | None | Origami and pencil drawing supplies | Origami and pencil drawing supplies |
| Resource Center/Library Access | Yes | Yes | Yes |
| TV (*) | Yes | Yes | Yes |
| Securepak | Once per quarter within security limitations on certain items | Once every other month within security limitations on certain items | Once every month within security limitations on certain items |
| Other | None | Participate in fundraisers | • Participate in fundraisers<br>• WIPP - Jobs as pod porter<br>• Unrestrained escorts -- may be eligible |

(*) Loaner televisions (TV) are issued upon availability with an emphasis on delivery of programing content. Priority is given to inmates in Mental Health Programs and Restrictive Housing. Inmates who are no longer indigent or in the Maximum Custody Steps process shall forfeit access to the loaner TV program.

(**) Condemned Row program requirement is voluntary.

## BROWNING UNIT (GP / STG / Condemned Row (**))

| Item | Step I | Step II | Step III |
|---|---|---|---|
| Recreation | Three, 2.5-hour blocks per week in the standard enclosure | Three, 2.5-hour blocks per week, one of which can be in the 10x10 interactive enclosure | • Recreational Activities:<br>  • For GP – One, 2.5-hour block per month in 20x40 basketball enclosure (up to eight inmates)<br>  • For GP and STG - Three, 2.5-hour blocks per week, to include one-time per week, in the 10x10 enclosures<br>  • For Condemned Row – Four, 2.5-hour blocks per week of outdoor recreation - All can be in the 10x10 interactive enclosures<br>• In pod recreation<br>• Recreation with another inmate in accordance with Department Order #704, Inmate Regulations |
| Hobby Craft | None | Origami and pencil drawing supplies | Origami and pencil drawing supplies |
| Resource Center/Library Access | Yes | Yes | Yes |
| TV (*) | Yes | Yes | Yes |
| Securepak | Once per quarter within security limitations on certain items | Once every other month within security limitations on certain items | Once every month within security limitations on certain items |
| Other | None | Participate in fundraisers | • Participate in fundraisers<br>• WIPP - Jobs as pod porter<br>• Unrestrained escorts – may be eligible |

(*)  Loaner televisions (TV) are issued upon availability with an emphasis on delivery of programing content.  Priority is given to inmates in Mental Health Programs and Restrictive Housing. Inmates who are no longer indigent or in the Maximum Custody Steps process shall forfeit access to the loaner TV program.

(**) Condemned Row program requirement is voluntary.

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance

Josefowicz

TITLE: CO II

BADGE NUMBER: 11808

DATE (mm/dd/yyyy): 7/30/2019

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

INMATE NAME (Last, First M.I.) (Please print): OLSON RAYMOND

ADC NUMBER: 185267

DATE (mm/dd/yyyy): 7.31.19

INSTITUTION/FACILITY: EYMAN, BROWNING

CASE NUMBER: A21-303-019

TO: GRIEVANCE COORDINATOR

Description of Grievance (To be completed by the Inmate)          GR Supplement ATTACHED

I hereby incorporate my informal as factual bases.. Facts & DO: 812 shored up by released policy via The Courts. Case 2:18-CV-01146-DGC-JZB Document 44-1 Filed 7.1.19 page 48 of 94 ... Azdoc, DW, Days And Her Agents/admin. Have ATTempted to Remove Long Standing incentives / privileges. That Have Been estab-lished since the inception of directors instruction 326. 3-27-14. It is the norm when a directors order sup-ersedes a instruction it is consistant with the directors instruction to ensure inmates are not deprived there standing liberties / privileges. (with out proper due process) In order for inmates to lose privileges He Has to de-monstrate (some) kind of Bad Behavior. As outlined in Di 326 & DO: 812 step level Reduction Di 326 attach-ment (F) & DO: 812 ATTachment (B) page 1 of 2 .. For step (3) Reduction to step (2) "found guilty of a class C disciplinary violation" (Repeated) demonstration of poor behavior. To step 1 "found guilty of a class A or B disciplinary violation" "Refusal to program" "consistenty demonstrated poor socialization skills, and or

Proposed Resolution (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

The STG class Request this language Be changed Back to its proper form where it (is) consistant with the previous Di326 policy. And the STG & condemned Row Have there previous interactive cage recreation schedule Restored ...
IE. For C·P and STG Three 2.5 hr blocks per week in the 10x10 interactive enclosure

Inmate's Signature: Raymond Olson

Date: 7.31.19

Grievance Coordinator's Signature: CO III Moneghan for CO IV Van Winkle

Date: 8/2/19

Action taken by Documentation of Resolution or Attempts at Resolution.

Staff Member's Signature:

Badge Number:

Date:

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13

**Inmate Grievance - GF Supplement**

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Olson Raymond | 185267 | Browning Eyman | A21-303-019 |

Non-Cooperative Behavior... The STG & Death Row classes (did) none of the above... when the recreation schedule was publicly submitted both classes seen they (all) had been reduced to (1) interactive cage rec a week. Thus inmates started arguing there case based off of the DO1812 released (by) the courts in the above case... I will highlight the attachment (B) page 2 of 2 step III here * Recreational Activities * For GP One, 2.5-hour block per month in 20x40 basketball enclosure (up to eight inmates) * For GP and STG (3)- 2.5-hour blocks per week in the 10x10 interactive enclosure... * For condemned Row - (4) - 2.5-hour blocks per week of outdoor recreation (all) can be in the 10x10 interactive enclosures. * In pod recreation * Recreation with another inmate in accordance with Department Order 704... This language respectively (is) consistant with Directors instruction 386 at attachment (F) & attachment (I)... (except revised (4) outdoor recreation periods Down to (3) All can be in the 10x10 interactive enclosures as shown attachment (F)... When these (2) classes started arguing this at DOC, On Days, and Her agents came up with (some) mysteriously revised attachment (B) page 2 of 2 This mysteriously took place between 7.1.19 & 7.24.19 on the revised attachment (B) 2 of 2 step III the Language is only changed at the section for GP and STG. I'll highlight that here * For GP and STG (3)-2.5-hour blocks per week, (to include one time per week, in the 10x10 enclosures)... Now when you look at the language Respectively with Step II Recreational Activities they (are) the same. I'll highlight that here * (3) - 2.5 hour blocks per week one of which can be in the 10x10 interactive enclosure... Thus reducing a whole class of STG Inmates to Step II incentives / privileges... With (no) activity (or) behavior for said reduction as outlined above. STG receive (no) other incentives in this step (3) recreation activity section as it stands today IE. No incentive. (No) matter how inmates received this from the courts, or received said revised version of this department Order as soon as they seen the rec schedule and revised policy (all) would have filed

| Signature | Date |
|---|---|
| Raymond Olson | 7.31.19 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

# Inmate Grievance Response

| Inmate Name | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Olson, Raymond | 185267 | ASPC-E/Browning | A21-303-019 |

I have reviewed your inmate grievance case A21-303-019 in regards to a revised recreation schedule with the advent of DO 812 on July 24, 2019. The issue of contention is that under DI 326, you were entitled to receive four (4) outdoor recreation periods a week. All may be in the 10 x 10 interactive enclosure. Under DO 812 in the same status, you will receive three (3) 2.5 hour blocks per week, and may include one-time per week in the 10 x 10 interactive enclosure.

I have reviewed the information that you have provided, CO III Wilde's informal complaint response, and have consulted with the DO 812 supervisors.

Your proposed resolution is that you request the language in DO 812 be changed back to its original form, consistent with the previous DI 326. This would have the STG inmates, including yourself, back to the previous amount of weekly recreation in the interactive enclosures.

Firstly, attachment B in case 2:18-cv-01146-DGC-JZB Document 44-1 Filed 07/01/19 Page 48 of 94 references a non-official document. Attachment B did not become official policy until 7/24/2019. This is what the revised recreation schedule in conjunction with DO 812 is derived from.

The new policy implementation is not punishment. The number of hours that you are afforded each week has not changed. When the Department was following DI 326, you were afforded as a Step (1) 7.5 hours per week, step (2) 8.5 hours per week and step (3) 9.5 hours per week. Additionally at Browning unit, you were offered an additional .5 hours per recreation period. Your program requirements are the same, as well as your out of cell time.

Browning unit will continue to offer 3 hour blocks of recreation, above and beyond what policy requires.

**This issue is considered resolved at this level. You have five (5) working days from the receipt of this response to appeal to the Director.**

End of response.

| Signature | | Date |
|---|---|---|
| _[signature]_ 7360 ADW | | 8/19/19 |

INITIAL DESTRIBUTION – Committee Recommendation – All copies to Grievance Advisory Committee
FINAL DISTRIBUTION – White and Pink – Inmate, Canary – Grievance File

INITIAL DESTRIBUTION - GF Supplement – White and Canary – Grievance Coordinator, Pink – Inmate
FINAL DISTRIBUTION – White – Inmate, Canary – Grievance File

_Received via Inmate mail service 8·22·19_

802-7P
2/14/00

**Inmate Grievance Appeal**

(To be completed by staff member initially receiving appeal)

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

| | |
|---|---|
| Received by: | TL |
| Title: | CS I |
| Badge #: | 8009 |
| Date: | 8/27/19 |

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| OLSON Raymond | 185267 | 8.27.19 |

| Institution | Case Number |
|---|---|
| Eyman, Browning | A21-303-019 |

TO: director
CHARLES RYAN

I am appealing the decision of **ADW** _____ for the following reasons:

I HERE BY incorporate my informal & Grievance As Factual Basis: In The Grievance Response AZ doc And its Agents continue to use semantics to Not only deprive Prisoners & Subclass members ( STG & Condemned Row) There standing Liberties. But Also to compelety Remove language from DO: 812. PARSONS V. RYAN stipulations (IS) clear That Subclass members Receive incentives consistant with DI 326. (which AZdoc & Agents have Failed to do through out the last (3) yrs) Using The Same semantics As The Grievance coordinator uses Here And IS Affirmed by The (Adw). You Are Still Receiving The ( Same) Amount of (Time). Thus its Not A (Actual) punishment To Remove standing Liberties /incentives. If interactive cage Recreation. once Again Subclass members Receive (No) other Recreation incentives

G-F Supplement

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Raymond S Olson | 8.27.19 | Cole Monaghan | 8/30/19 |

Response To Inmate By: _____ Location _____

| Staff Signature | Date |
|---|---|

DISTRIBUTION:
INITIAL:    White & Canary - Grievance Coordinator
            Pink - Inmate
FINAL:     White - Inmate
            Canary - Grievance File

802-3
7/13/09

Inmate Grievance - GF Supplement

A21-303-019

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| OLSON RAYMOND | 185267 | Eyman Browning | ~~G~~ |

In Step (3) DO:812 NOR have SUBCLASS MEMBERS received INcentives CONSISTANT WITH DI:326. Azdoc & Agents Have USED group PUNISHMENT & SEMANTICS TO CARRY THIS SYSTEMATIC PLAN OUT. TO RETURN BROWNING UNIT TO POST PARSONS V. RYAN PRivileges. IE. 8-24-19 SATERDAY IS OUR ONLY DAY IN IDA CLUSTER FOR INTERACTIVE CAGE RECREATION THIS PERIOD. CHUTE RECREATION, OUTDOOR INTERACTIVE CAGE RECREATION, SHOWERS (ALL) CANCELED. DO TO ALLEGED SHORT STAFF. (WHICH HAPPENS MORE OFTEN THEN NOT) DI 326 & DO 812 (IS) CLEAR IN ITS LANGUAGE ON WHAT IT TAKES TO RECEIVE A REDUCTION IN STEP & INcentives. AZ doc AND ITS AGENTS CAN (NOT) ARBITRARILY DO SO AT WILL (DUE PROCESS ISSUE) SECOND THE GRIEVANCE COORDINATOR CLAIMS THAT THE POLICY RELEASED TO THE COURTS IN SAID CASE (AN) AZDOC LAWYERS IS (NOT) A OFFICIAL DOCUMENT BECAUSE THE POLICY DID NOT GO INTO EFFECT TELL 7-24-19. SUBCLASS MEMBERS FIND THIS (ODD) 1.) WHY WOULD AZDOC RELEASE A NON-OFFICIAL DOCUMENT TO THE COURTS! 2.) WHY WOULD AZ DOC AND LAWYERS GO INTO LONG DETAIL EXPANDING ON THE HIGH STANDARD OF DO:812 AND ALL THE INcentives WE (ARE) ALLEGEDLY GETTING.! WHEN A SUBCLASS MEMBER RAISED CONDITIONS OF CONFINEMENT. AZ doc & ITS REGIME (ARE) UP TO THE (SAME) ENHANCED DEPREVATION OF PRISONERS BASIC HUMAN NEEDS & RIGHTS. (PRO-SOCIAL INTERACTION & HUMAN TOUCH) ONCE THE INMATE POPULATION RECEIVES (30) DAYS NOTICE OF POLICY CHANGE OR IMPLEMENTATION OF POLICY. IT IS SUPPOSED TO BE FINALIZED IN THE LEGAL LIBRARY SO(ALL) INMATES HAVE THE ABILITY TO CHECK IT OUT OVER THE (30) DAYS SO THEY CAN BECOME (PROPERLY) INFORMED. (IF) THERE IS ANOTHER SUBSEQUENT CHANGE. ANOTHER NOTICE SHOULD BE DISSEMINATED. (THIS NOTICE SHOULD HAVE BEEN DISSEMINATED 6-24-19 EVEN THOUGH THEY DID NOT RECEIVE IT TELL 8-2-19)

| Signature | Date |
|---|---|
| Raymond S OLSON | 8-27-19 |

INITIAL DISTRIBUTION - <u>Committee Recommendation</u> - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - <u>GF Supplement</u> - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 741 | Olson | 185267 | A21303019 | Eyman | SMU II/Browning |

In your grievance filed at Browning Unit, you claim the new recreation schedule is in violation of Director's Instruction 326. Furthermore, you believe the new recreation schedule is in violation of the Parsons v. Ryan stipulation. Your resolution is for Security Threat Group inmates to receive incentives associated with DI-326.

Your grievance has been reviewed at Central Office and the Deputy Warden's response is affirmed. You have provided no evidence to prove Department staff have violated policy. Furthermore, you are receiving the authorized incentives and recreation time that is outlined in Department Order 812, Inmate Maximum Custody Management and Incentive System.

No further action is warranted in this matter.

cc: Warden, Eyman Complex

RK

*R. Kepney*
**Appeals Officer**


*CRGlynn for*
**Charles L. Ryan, Director**

09/03/2019
**Date**

EXHiBiT 10

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution** H-I-33

*Complaints are limited to one page and one issue.* Please print all information.

| INMATE NAME *(Last, First M.I.)* *(Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Brummer Joseph | 160622 | Eyman Browning | 7-28-19 |

| TO | LOCATION |
|---|---|
| Co. III Wilde | Programs / IDA Co III's office |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am writing to "attempt" to informally resolve the following issue at the administrative level. D.W. Days and her "agents" are undeservingly and intentionally depriving the STG's and death row prisoners of their incentives (Per) Parsons V. Ryan, D.I. 326, which has now been superseded by Department order 812. 1). Department orders and policy are not suggestions but are infact a guideline that staff and inmates must follow. 2). STG's and death row prisoners received "NO" (30) day notification (as policy requires) that the DO. 812 would be superseding D.I. 326. 3). D.W. Days and her "agents" passed out a recreation schedule this week that shows that (3) 2.5 hour blocks "in" the 10x10 interactive enclosure was taken away. 4) These two classes of inmates did (nothing) to provoke such draconian action to be taken by the administration. These classes of inmates have positively programed and maintained excellent behavior Etc... As Shown by Step (3). See Brummer V. Ryan, and also (per) The DO 812 attach. (B) page 2 of 2 - Step (III) recreation activities for condemned Row (4)-2.5 hour blocks (per week) of outside recreation (all) can be "in" the 10x10 interactive enclosure... For Gp and STG's (3) 2.5 hour blocks (per week) "in" the 10x10 interactive enclosure... AZ doc and its "agent" made a choice to remain willfully ignorant of any of this and simply chose not to meaningfully attempt to address this issue... They have know or should have known in the proper performance of their professional duties that this policy was going into effect July 24th 2019. Now they for "some reason" feel they can take away incentives from (2) specific groups with zero due process being offered. I am here by placing AZ D.o.c on notice that these violations must be address for all (3) classes, and that D.o. 812 must be followed to the "T" or legal action will be taken in this matter. Thank you.

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Joseph B | 7-28-19 |

Have you discussed this with institution staff?  ☐ Yes  ☐ No

If yes, give the staff member name:

Distribution:   INITIAL: White and Canary - Inmate
FINAL: White -- Inmate; Canary – Grievance Coordinator File

802-11
6/25/14



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Response**

| | *For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.* |
|---|---|

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| BRUMMER, JOSEPH B. | 160622 |

| Institution/Unit |
|---|
| ASPC, EYMAN-BROWNING UNIT |

| From | Location |
|---|---|
| COIII T. WILDE | BROWNING UNIT |

This is in response to your informal complaint dated 7/28/2019 regarding what you state is DW Days instructing her Administrative staff to deprive STG/Death Row inmates of two (2) of the three (3) recreation days you were afforded while Director's Instruction 326 was in effect based on the Parson's vs Ryan agreement. You state you were not provided adequate notification regarding said policy changes. The resolution to your complaint is to be provided the incentives that were provided to you as outlined in Directors Instruction 326.

After review of available information, the following was found:

I reviewed your file and found you are an STG Step III inmate.

I also reviewed Department Order 812 – INMATE MAXIMUM CUSTODY MANAGEMENT AND INCENTIVE SYSTEM (which superseded Director's Instruction 326) effective on 7/24/2019.

Per DO 812 Attachment B:

Step III Recreational Activities:

For GP and STG - Three, 2.5-hour blocks per week, to include one-time per week, in the 10x10

In pod recreation

Recreation with another inmate in accordance with Department Order #704, Inmate Regulations

I am unable to resolve your complaint at my level. If you wish to move forward with the Grievance Procedure, you have five (5) work days from the receipt of this response to submit your Grievance to the Unit's Grievance Coordinator or your COIII. End of Response.

| Staff Signature | Date |
|---|---|
| COIII *[signature]* Wilde | 7/30/19 |

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| | RECEIVED BY |
|---|---|
| | *Wallace* |
| | TITLE |
| | *CO II* |
| BADGE NUMBER | DATE *(mm/dd/yyyy)* |
| *10145* | *8-1-19* |

Note:   You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| Brummer Joseph | 160622 | 7-31-19 |

| INSTITUTION/FACILITY | CASE NUMBER |
|---|---|
| Eyman / Browning unit. | A21-301-019 |

TO:  GRIEVANCE COORDINATOR

**Description of Grievance** *(To be completed by the Inmate)*

I hereby incorporate my informal as a Factual Basis. Facts + D.O. :812 shored up by released policies Via the courts. see Brummer V. Ryan 2:18-cv-01146-DGC-(JZB) document 44-1 Filed 7-1-19 page 48 of 94... AZ doc, Div. Dnys and her agents / admin. Have attempted to remove / delete long standing incentives / privileges that have been established since the very inception of D.I. 326, on 3-27-14. It's the "norm" that when a Directors order Superisets an instruction, it is consistent with the directors instruction to ensure inmates are not deprived there standing liberties / privileges [without "first" being afforded "Proper" due process]. In order for an inmate to lose "any type" of a privilege, he must have first demonstrated (Some kind kind) of bad / negative behavior, As is "clearly" outlined in D.I. 326 + D.O.: 812 - Step level reduction DI 326 attachment (F) + D.O. :812 attachment

**Proposed Resolution** *(What informal attempts have been made to resolve the problem?  What action(s) would resolve the problem?)*

The entire STG class Respectfully request this language to be changed back to its proper form where it (is) consistent with the previse DI 326 policy. And The STG + Death row to have their interactive cage recreation schedule restored. Basically what I am saying is dont punish + stop punishing inmates for following the rules for over (5) years. Thank you

| INMATE'S SIGNATURE | DATE *(mm/dd/yyyy)* | GRIEVANCE COORDINATOR'S | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| *Joseph Brun* | 7-31-19 | COII Monaghan For COIV Van Winkle | 8/2/19 |

Action taken by _____   Documentation of Resolution or Attempts at Resolution.

| STAFF MEMBER'S SIGNATURE | BADGE NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| *Wallace* | *10145* | *8-1-19* |

DISTRIBUTION:  INITIAL:  White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL:  White – Inmate; Canary – Grievance File

802-1
12/12/13

**Inmate Grievance - GF Supplement**

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Brummer Joseph | 160627 | Eyman Browning | A21-301-019 |

(B) page 1 of 2... for step (III) reduction to a step (II)- found guilty of a class (A or B) disciplinary violation, which I have not been. Refusal to program. I attend every available class or any opportunity to program. Consistently demonstrated poor social/zation skills, or a non-cooperative behavior... I have been a phase (III) + step (III) since 3-27-14, so clearly I have not demonstrated any negative, or non-cooperative behavior. Infact, the STG + Death row classes have done none of the above either, yet we have all had liberties taken with zero due process being afforded to "any" of the inmates.. When the recreation schedule was publicly submitted both classes seen that they had "all" been reduced to (1) interactive cage rec a week. Thus inmates became aware and began attempting to air their grievance based off of the DO:812 released (BY) the courts in the above mention case. I will highlight the attachment (B) page 2 of 2 step (III) incentives here... * Recreation activities* for Lip one, 2.5 hour blocks per month in 20x40 basketball enclosure (up to eight inmates) "for Lip and STG's three, 2.5-hour blocks per week "in" the 10x10 interactive enclosure." for Condemned Row- four 2.5-hour blocks per week of outdoor recreation all "can" be "in" the 10x10 interactive enclosure * In Pod recreation* Recreation with another inmate in accordance with department order 704... This language respectively (IS) consistant with D.I. 326 at attachment (F) and also attachment (I)... when these (2) classes started arguing this AZ D.O.C, D.W. Days and her agents "mysteriously" "came" up with some revised DO:812 attachment (B) page 2 of 2. This all "mysteriously" took place "sometime" between 7-1-19 7-24-19. On the revised attachment (B) 2 of 2, step (III) the language is only a change for the section for LiP + STG's. I'll highlight that change. For LiP and STG's (3) 2.5 hour blocks per week, (to include one time per week in the 10x10 enclosures). Now when you look at the language respectively with step (II) recreation activities they are the same. I'll highlight that here. * (3)-2.5-hour blocks per week one of which can be in the 10x10 interactive enclosure. Thus D.W. Days and her agents have reduced mine and the entire STG class of our step (III) incentives to a step (II) with absolutely (zero) activity (or) behavior for such a type of reductions to take place. STG inmates receive (No) other incentives in this step (III) recreation activity section as it stands today. I.E. No real incentive as the carrot has been removed from the stick.

| Signature | Date |
|---|---|
| Joseph Brummer | 7-31-19 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

# Inmate Grievance Response

| Inmate Name | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Brummer, Joseph | 160622 | ASPC-E/Browning | A21-301-019 |

I have reviewed your inmate grievance case A21-301-019 in regards to a revised recreation schedule with the advent of DO 812 on July 24, 2019. The issue of contention is that under DI 326, you were entitled to receive four (4) outdoor recreation periods a week. All may be in the 10 x 10 interactive enclosure. Under DO 812 in the same status, you will receive three (3) 2.5 hour blocks per week, and may include one-time per week in the 10 x 10 interactive enclosure.

I have reviewed the information that you have provided, CO III Wilde's informal complaint response, and have consulted with the DO 812 supervisors.

Your proposed resolution is that you request the language in DO 812 be changed back to its original form, consistent with the previous DI 326. This would have the STG inmates, including yourself, back to the previous amount of weekly recreation in the interactive enclosures.

Firstly, attachment B in case 2:18-cv-01146-DGC-JZB Document 44-1 Filed 07/01/19 Page 48 of 94 references a non-official document. Attachment B did not become official policy until 7/24/2019. This is what the revised recreation schedule in conjunction with DO 812 is derived from.

The new policy implementation is not punishment. The number of hours that you are afforded each week has not changed. When the Department was following DI 326, you were afforded as a Step (1) 7.5 hours per week, step (2) 8.5 hours per week and step (3) 9.5 hours per week. Additionally at Browning unit, you were offered an additional .5 hours per recreation period. Your program requirements are the same, as well as your out of cell time.

Browning unit will continue to offer 3 hour blocks of recreation, above and beyond what policy requires.

**This issue is considered resolved at this level. You have five (5) working days from the receipt of this response to appeal to the Director.**

End of response.

| Signature | Date |
|---|---|
| *[signature]* ADW | *[handwritten date]* |

INITIAL DESTRIBUTION – Committee Recommendation – All copies to Grievance Advisory Committee
FINAL DISTRIBUTION – White and Pink – Inmate, Canary – Grievance File

INITIAL DESTRIBUTION - GF Supplement – White and Canary – Grievance Coordinator, Pink – Inmate
FINAL DISTRIBUTION – White – Inmate, Canary – Grievance File

*[handwritten]* ✻ Received via inmate mail on 8-22-19

802-7P
2/14/00



**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Grievance Appeal

| | |
|---|---|
| The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form. | **Please type or print in black or blue ink.** (To be completed by staff member initially receiving appeal) |

| | |
|---|---|
| Received By: | +P |
| Title: | CO II |
| Badge #: | 8029 |
| Date: (mm/dd/yyyy) | 8/27/19 |

**Please Print**

| INMATE'S NAME (Last, First M.I.) (please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Brummer Joseph | 160622 | 8-26-19 |

| INSTITUTION | CASE NUMBER |
|---|---|
| Eyman Browning unit | A21-301-019 |

TO: The Director of AZ Doc.

I am appealing the decision of _Browning unit A.D.W._ for the following reasons:

I here by incorporate my informal & Grievance as factual basis. In the grievance respose AZ Doc and its Agents have continued to use Semantics to not only deprive prisoners & Subclass Members (Stg & Condemned Row) standing liberties. But also to completely remove language from DO: 812 - Parsons V. Ryan Stipulation [Are] clear that Subclass members receive Incentive Consistant with DI: 326 (which AZ Doc & Agents have failed to do throughout the last (3) yrs.) Using the Same Semantics as the grievance Cordinator uses here and was affirmed by the ADW in the "rubber Stamp" review. "You are still receiving the (Same) amount of (time)." Thus its not a (actual) Punishment to remove Subclass Members

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Joseph Brum | 8-26-19 | Cott Managhan | 8/30/19 |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL: White – Inmate
Canary – Grievance File

802-3
12/12/13

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Brummer Joseph | 160622 | Eyman Browning | A21-301-019 |

Standing liberties / incentives. If interactive cage recreation are removed.
Once Again sub class members receive [No] other recreation incentives
in step ✓(3) and have not for years (Doc: 812) Nor have sub class members
received incentives consistent with (D.I 326). AZ Doc + Agents have
continued to use group punishment + semantics to carry this systematic
plan out to return inmates to pre Parson V. Ryan privileges. If on
Saturday, 8-24-19, was our "only" day for interactive cage recreation
for this time period. Chute recreation — Interactive cage recreation
and showers (ALL) canceled do to an "alleged" staff shortage which
happens more often then not. DI 326 + Do 812 are clear on the language of
what it takes to receive a reduction in step + incentive. AZ Doc and its Agents
can [Not] Arbitrarily Do so willy Nilly. Due process mandates such. Second
the grievance coordinator claims that the policy reffered to that was "released" to the
courts in [Brummer V. Ryan] By AZ Doc own lawyer is (not) an official document
because it didn't technically go into affect until 7-24-19. Subclass members find
this (Strange). I, why would AZ Doc release a standard of 812 and go in great
detail of all the incentives we are allegedly getting. When Sub class members
raised issues about [Conditions of confinement] AZ and its Regime are
up to the same. Enhanced depravation of prisoners basic Human needs
And Rights (ie pro social interaction + Human touch) Third once the
inmate population received a (30) day notice of policy change or implementation
of policy. It [is] supposed to be finalized and in the legal library for review over
the (30) day period. If there are any subsequent changes an additional
notice "must be" issued to alert to changes and allow review period.
The Director must correct this or legal litigations will follow. Thanks

| Signature | Date |
|---|---|
| Joseph Bru | 8-26-19 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-9
7/13/09

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 738 | Brummer | 160622 | A21301019 | Eyman | SMU II/Browning |

In your grievance filed at Browning Unit, you claim the new recreation schedule is in violation of Director's Instruction 326. Furthermore, you believe the new recreation schedule is in violation of the Parsons v. Ryan stipulation. Your resolution is for Security Threat Group inmates to receive incentives associated with DI-326.

Your grievance has been reviewed at Central Office and the Deputy Warden's response is affirmed. You have provided no evidence to prove Department staff have violated policy. Furthermore, you are receiving the authorized incentives and recreation time that is outlined in Department Order 812, Inmate Maximum Custody Management and Incentive System.

No further action is warranted in this matter.

cc: Warden, Eyman Complex

RK

*R. Kepney*
**Appeals Officer**

*CRGlynn for*
**Charles L. Ryan, Director**

09/03/2019
**Date**

EXHiBiT 11

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

Complaints are limited to one page and one issue. Please print all information.

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Jones, McRyan, Ray | 245309 | Eyman / Browning | 07-27-2019 |

| TO | LOCATION |
|---|---|
| CO III Wilde | Browning |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I'm writing this Kite to informally resolve The following issue. DW. Days and her agents/administration are underservingly depriving The STG3 Death Row Prisoners Their incentives Per The Parsons v. Ryan. Di 326 which is now superseded by the DO 812 Which has gone into effect as of 7-24-19 (1.) STG1 death row Prisoners Never received The 30 day notification That DO:812 Would be superseding Di 326. (2.) DW. Days and her agents/administration passed out a recreation schedule This week that has taken away 2 hr 2.5 hr blocks in the 10x10 interactive enclosure. (3.) These Two classes of inmates have done Nothing to provoke This unwarranted Action. These classes of inmates have programed and Maintained good behavior ETC. Per The DO:812 attachment (B) Page 2 of 2. Step III Recreational Activities  * For condemned Row (4) 2.5 hr blocks (Per week) of outside recreation (All) can be 'in' The 10x10 interactive enclosures. * For GP and STG (3) 2.5 hr blocks (Per Week) "in" the 10x10 interactive enclosures. AZDOC and it's agents Made a choice to Kick The can down the road and not Problematically address This issue When they Knew for atleast The last 6 Months to a year This policy Was going into effect. Now They believe it's ok To Take away incentives from Two specific Groups. And add in another group, and still not provide The Minimum incentives To (All) 3 Classes per Policy.

AZ DOC Are here by Placed on Notice. (All) 3 Groups are requesting Their incentives per policy As outlined! Before They are forced to Notify the ACLU's Media and seek further litigation to receive incentives consistent With the policy

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| *[signature]* | 7-27-19 |

Have you discussed this with institution staff?   ☐ Yes   ☐ No

If yes, give the staff member name:

| **ARIZONA DEPARTMENT OF CORRECTIONS** | **For Distribution:** Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response. |
|---|---|
| **Inmate Informal Complaint Response** | |

| Inmate Name (Last, First M.I.) | ADC Number |
|---|---|
| JONES, MARYAN R. | 245309 |

| Institution/Unit |
|---|
| ASPC, EYMAN-BROWNING UNIT |

| From | Location |
|---|---|
| COIII T. WILDE | BROWNING UNIT |

This is in response to your informal complaint dated 7/27/2019 regarding what you state is DW Days instructing her Administrative staff to deprive STG/Death Row inmates of two (2) of the three (3) recreation days you were afforded while Director's Instruction 326 was in effect based on the Parson's vs Ryan agreement. You state you were not provided adequate notification regarding said policy changes. The resolution to your complaint is to be provided the incentives that were provided to you as outlined in Directors Instruction 326.

After review of available information, the following was found:

I reviewed your file and found you are an STG Step III inmate.

I also reviewed Department Order 812 – INMATE MAXIMUM CUSTODY MANAGEMENT AND INCENTIVE SYSTEM (which superseded Director's Instruction 326) effective on 7/24/2019.

Per DO 812 Attachment B:

Step III Recreational Activities:

 For GP and STG - Three, 2.5-hour blocks per week, to include one-time per week, in the 10x10

In pod recreation

Recreation with another inmate in accordance with Department Order #704, Inmate Regulations

I am unable to resolve your complaint at my level. If you wish to move forward with the Grievance Procedure, you have five (5) work days from the receipt of this response to submit your Grievance to the Unit's Grievance Coordinator or your COIII. End of Response.

| Staff Signature | Date |
|---|---|
| COIII Wilde | 7 / 30 / 19 |

Distribution:   Original - Inmate
Copy – Grievance Coordinator File

802-12(e)
12/19/12

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| | Title _____ |
|---|---|
| | Badge Number 10354    Date 8.1.19 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First M.I.) | ADC Number | Date |
|---|---|---|
| Jones, MaRyan, Ray | 245309 | 8-1-19 |
| Institution/Facility | Case Number | |
| Eyman Browning | A21-309-019 | |

To: Grievance Coordinator

GF attached

**Description of Grievance** (To be completed by the inmate)

I hereby incorporate my informal as factual base... facts & Doc 812 shored up by released policy via The Courts. Case 2:18-cv-01146-DGC-JZB Document 44-1 Filed 7-1-19 page 48 of 94... AZ Doc, DW-Days and her admin. have attempted to remove long standing incentives/privileges that have been established since the inception of DI 326-3-27-14. It is the norm when a Directors order supersedes a instruction it is consistent with the Directors instruction to ensure inmates are not deprived their standing liberties/privileges. (without proper due process) in order for inmates to lose privileges he has to demonstrate (some) kind of bad behavior. As out lined in DI 326 & Do: 812 Step level reduction DI 326 Attachment (F) & Do: 812-Attachment (B) page 1 of 2... For Step 3 reduction to Step 2 one must be found guilty of a class (C) disciplinary violation. *(Repeated) demonstration of poor behavior. To step 1 * found guilty of a class (A) or (B) Violation.* Refusal To program * consistently demonstrated poor socialization skills, and or non-cooperative behavior... The STG & Death Row classes have done. (None) of the above... when the new recreation schedule was publicly submitted, both classes seen they (all) had been reduced to 1 interactive cage rec a week. This inmates started arguing their case Board off of

**Proposed Resolution** ( What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

The STG class Request This language be changed back to its proper form where it (is) consistent with the previous DI:326 policy, and the STG & condemned Row have their previous interactive cage rec schedule Restored...

We ask That this please be Taken care of...

Thank you

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| | 8-1-19 | COIII Manghane For COIV Van Winkle | 8/5/19 |

| Action taken by | Documentation of Resolution or Attempts at Resolution. |
|---|---|
| | |

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

Initial Distribution - White and Canary - Grievance Coordinator; Pink - Inmate
Final Distribution - White - Inmate; Canary - Grievance File

802-1
7/13/09

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance - GF Supplement**

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Jones, Maryan, Ray | 245309 | Eyman Browning | A21-309-019 |

The Do: 812 Released (By) the Courts in the above case... I will highlight the attachment (B) Page 2 of 2.
Step III here * recreational activities * for GP 1 2.5 hr block per Month in 2x4's Basketball cage,
(upto 8 inmates). * for GP 3 STG 3 2.5 hr blocks per week in the 10x10 interactive enclosure. For condemned
Row 4 2.5 hr blocks per week of outdoor rec. (All) can be in the 10x10 interactive enclosure. In pod rec. * Rec
With another inmate in accordance with DO: 704... This language Respectfully (is) consistant with DI 326
attachment (F) & Attachment (I)... (except Revised (4) outdoor rec periods down to (3) All can be in the
10x10 interactive enclosures as Shown attachment (F)... When these two classes started arguing this. Az Doc.
D.W. Dougs and per ADMIN Came up with (a) Mysteriously revised Attachment (B) page 2 of 2. This is previously.
Took place Between 7-1-19 & 7-24-19. On the revised attachment (B) 2 of 2. Step III the language is
Only changed at the Section for GP & STG. I'll highlight that here. for GP 3 STG (3) 2.5 blocks
per week, 1 of which can be in the 10x10 enclosure... Now when you look at the language respectfully
With Step II rec Activities They (Are) The Same. I'll highlight that here * (3) 2.5 hr blocks per week
1. of which can be in the 10x10 interactive enclosures... Thus reducing as outlined above...
The STG inmates to Step II incentives/privileges. with (No) activity (or) behavior for Said
reduction as outlined above. STG receive (No) other incentives in this Step (3) rec
activity Section, as it Stands today IE: No Incentives... (No) Matter how inmates
received this from the courts, or received Said revised version of This Department
order, as soon as They Been the Rec Schedule. and revised policy (All) which have
Filed...

| Signature | Date |
|---|---|
| | 8-1-19 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

# Inmate Grievance Response

| Inmate Name | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Jones, MaRyan | 245309 | ASPC-E/Browning | A21-309-019 |

I have reviewed your inmate grievance case A21-309-019 in regards to a revised recreation schedule with the advent of DO 812 on July 24, 2019. The issue of contention is that under DI 326, you were entitled to receive four (4) outdoor recreation periods a week. All may be in the 10 x 10 interactive enclosure. Under DO 812 in the same status, you will receive three (3) 2.5 hour blocks per week, and may include one-time per week in the 10 x 10 interactive enclosure.

I have reviewed the information that you have provided, CO III Wilde's informal complaint response, and have consulted with the DO 812 supervisors.

Your proposed resolution is that you request the language in DO 812 be changed back to its original form, consistent with the previous DI 326. This would have the STG inmates, including yourself, back to the previous amount of weekly recreation in the interactive enclosures.

Firstly, attachment B in case 2:18-cv-01146-DGC-JZB Document 44-1 Filed 07/01/19 Page 48 of 94 references a non-official document. Attachment B did not become official policy until 7/24/2019. This is what the revised recreation schedule in conjunction with DO 812 is derived from.

The new policy implementation is not punishment. The number of hours that you are afforded each week has not changed. When the Department was following DI 326, you were afforded as a Step (1) 7.5 hours per week, step (2) 8.5 hours per week and step (3) 9.5 hours per week. Additionally at Browning unit, you were offered an additional .5 hours per recreation period. Your program requirements are the same, as well as your out of cell time.

Browning unit will continue to offer 3 hour blocks of recreation, above and beyond what policy requires.

**This issue is considered resolved at this level. You have five (5) working days from the receipt of this response to appeal to the Director.**

End of response.

| Signature | Date |
|---|---|
| *[signature]* | *[date]* |

INITIAL DISTRIBUTION – Committee Recommendation – All copies to Grievance Advisory Committee
FINAL DISTRIBUTION – White and Pink – Inmate, Canary – Grievance File

INITIAL DISTRIBUTION - GF Supplement – White and Canary – Grievance Coordinator, Pink – Inmate
FINAL DISTRIBUTION – White – Inmate, Canary – Grievance File

802-7P
2/14/00

*Received on 8-22-19 via Inmate Mail Services*

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance Appeal

Please type or print in black or blue ink.
(To be completed by staff member initially receiving appeal)

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

| | |
|---|---|
| Received By: | DW |
| Title: | CO II |
| Badge #: | 8029 |
| Date: (mm/dd/yyyy) | 8/27/19 |

**Please Print**

| INMATE'S NAME (Last, First M.I.) (please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Jones, McRyan, R | 245309 | 8-23-2019 |

| INSTITUTION | CASE NUMBER |
|---|---|
| EYMan Browning 4-I-32 | A21-309-019 |

TO: Director Charles Ryan

I am appealing the decision of  ADW  for the following reasons:

I hereby incorporate My informal & Grievance as factual Basis. In the Grievance Response AZ Doc and its Agents continue to use semantics to not only deprive Prisoners & Subclass Members (STG & condemned Row) their standing liberties but also completly remove language from DO 812. Persons v Ryan stipulations is clear that subclass members receive incentives consistant with DI 326 (which Doc & Agents have failed to do throughout the last 3 yrs using the same semantics as the Grievance coordinator uses here and is affirmed by the ADW. You are still receiving the same amount of time. Thus its not an (actual) punishment to remove standing liberties/incentives. I.E. interactive cage rec once again Subclass Members receive no other rec incentives.....   GF Supplement Attached

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|---|---|
| M. JG | 8-23-2019 | CoII Monaghan | 8/30/19 |

| RESPONSE TO INMATE BY | | LOCATION | |
|---|---|---|---|

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|

DISTRIBUTION: INITIAL: White & Canary -- Grievance Coordinator
                                    Pink -- Inmate
                    FINAL:   White -- Inmate
                             Canary -- Grievance File

802-3
12/12/13

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Jones, MaRyan, B | 245309 | Eyman Browning | A21-309-019 |

In step (3) Do:812 nor have subclass members received incentives consistant with Di::326. Azdc & Agents have used group punishment & semantics to carry this systematic plan out. To return Browning unit to Pre Parsons v. Ryan privileges, I.E. 8-24-19 Saturday is our only day in Tda cluster for interactive cage rec this week. Chute rec, Interactive cage rec & Showers (All) canceled, due to Alleged short staff. (which happens more often than not) Di::326 & Do:812 are clear in language on what it takes to Receive a Reduction in step and incentives. Azdc can not arbitrarily do so at will (due process issue). Second the Grievance coordinator claims the policy Released to the courts in said case (By Azdc lawyers is (not) an official docume-nt because the policy didn't go into effect until 7-24-19. Subclass members find This odd 1 why would Azdc Release a (non) official document to the courts? (2) why would Az dc and lawyers go into long detail explaining on the high standard of the Do:812 and all the incentives we (Are) Allegedly getting? when a subclass member raised conditions of confinment, Az dc and its reg-me (Are) up to its same enhanced deprivation of Prisoners basic human needs and rights (social interaction and human task. once the inmate population receives (30) days notice of policy change or implementation of policy, It is supposed to be finalized in the legal library so (All) inmates have Th Ability to check it out over the (30) days so They can become (properly) informed. (I.F) There is another subsequent change. Another notice should be disseminated. This notice should have been posted 6-24-19...

| Signature | Date |
|---|---|
| _M. ____ (signature)_ | 8-23-2019 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 744 | Jones | 245309 | A21309019 | Eyman | SMU II/Browning |

In your grievance filed at Browning Unit, you claim Department Order 812, Inmate Maximum Custody Management and Incentive System is in violation of Director's Instruction 326. Your resolution is for the Department to honor the Parsons v. Ryan agreement.

Your grievance has been reviewed at Central Office and the Deputy Warden's response is affirmed. You have provided no evidence to prove Department staff have violated policy. Furthermore, you are receiving the authorized incentives and recreation time as outlined in Department Order 812, Inmate Maximum Custody Management and Incentive System.

No further action is warranted in this matter.

cc: Warden, Eyman Complex

RK

*R. Kepnsy*
**Appeals Officer**

*CRGlynn for*
**Charles L. Ryan, Director**

09/10/2019
**Date**

EXHIBIT 12

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Informal Complaint Resolution

*Complaints are limited to one page and one issue. Please print all information.*

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Farinas Richard | 172361 | Eyman browning | 7-27-19 |

TO CO III Wilde

LOCATION 4-I-40

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I'm writing this informal to informally resolve the following issue. D.W. Days And her Agents/Admin are Undeservingly depriving the STG's & Death Row prisoner their Incentives per the persons V. Ryan, DI 326, which is Now superseded by DO:812 effective 7-24-19. 1.) STG's and death row prisoners Never received the 30 day notification that DO:812 would be superseding DI:326. 2.) DW Days and her Agents/Admin passed out A recreation schedule this week that has taken away (2) - 2.5 hr blocks [in] the 10×10 interactive enclosure. 3.) These two classes of inmates Did (nothing) to provoke this Unwarranted action. These classes of inmates have programed and maintained good behavior etc. per the Department order 812 Attachment (B) Page 2 of 2, Step III recreation Activities for condemned row (4) - 2.5 hr Blocks (per week) of outside recreation [all] can be "in" the 10×10 interactive enclosures... For cp and STG's (3) - 2.5 hr blocks (per Week) "in" the 10×10 interactive enclosures... AZ doc and and its Agents made a choice to kick the can down the road and chose Not to problematicly Address this issue. When they knew for At least the last 6 Months to a year this policy was going into effect. Now they believe its ok to take away incentives from 2-specific groups and add in another group. and still not provide the minimum incentives to All 3 classes per policy.

AZ Doc Are Here by placed on Notice. (All 3-Classes Are requesting their incentives (per policy As outlined) before these classes Are forced to Notify the ACLU & media and Any other sources that can be Asserteined and seek to further litigation to recieve incentives consistent with the policy.

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| | 7-27-19 |

Have you discussed this with institution staff?   ☐ Yes   ☐ No

If yes, give the staff member name:

Distribution:   INITIAL: White and Canary - Inmate
                FINAL: White – Inmate; Canary – Grievance Coordinator File

| ARIZONA DEPARTMENT OF CORRECTIONS<br><br>**Inmate Informal Complaint Response** | *For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.* |
|---|---|

| Inmate Name *(Last, First M.I.)*<br><br>FARINAS, RICHARD A. | ADC Number<br><br>172361 |
|---|---|
| Institution/Unit<br><br>ASPC, EYMAN-BROWNING UNIT | |

| From<br><br>COIII T. WILDE | Location<br><br>BROWNING UNIT |
|---|---|

This is in response to your informal complaint dated 7/27/2019 regarding what you state is DW Days instructing her Administrative staff to deprive STG/Death Row inmates of two (2) of the three (3) recreation days you were afforded while Director's Instruction 326 was in effect based on the Parson's vs Ryan agreement. You state you were not provided adequate notification regarding said policy changes. The resolution to your complaint is to be provided the incentives that were provided to you as outlined in Directors Instruction 326.

After review of available information, the following was found:

I reviewed your file and found you are an STG Step III inmate.

I also reviewed Department Order 812 – INMATE MAXIMUM CUSTODY MANAGEMENT AND INCENTIVE SYSTEM (which superseded Director's Instruction 326) effective on 7/24/2019.

Per DO 812 Attachment B:

Step III Recreational Activities:

 For GP and STG - Three, 2.5-hour blocks per week, to include one-time per week, in the 10x10

In pod recreation

Recreation with another inmate in accordance with Department Order #704, Inmate Regulations

I am unable to resolve your complaint at my level. If you wish to move forward with the Grievance Procedure, you have five (5) work days from the receipt of this response to submit your Grievance to the Unit's Grievance Coordinator or your COIII. End of Response.

| Staff Signature<br><br>COIII Wilde | Date<br><br>7.27.19 |
|---|---|

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

RECEIVED BY: _Oehl_

TITLE: CO II

BADGE NUMBER: 11596

DATE (mm/dd/yyyy): 08/01/2019

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

INMATE NAME (Last, First M.I.) (Please print): FARINAS, Richard

ADC NUMBER: 172361

DATE (mm/dd/yyyy): 7-31-19

INSTITUTION/FACILITY: Eyman Browning

CASE NUMBER: A21-300-019

TO: GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the Inmate)

Supplement Attached

I hearby incorporate my informal as factual bases... Facts & Di:812 shored up by released policy Via The courts. Case 2:18-cv-01146-DGC-32B Document 44-1 Filed 7-1-19 page 48 of 94. AzDOC. DW Dancy and her agents/admin. Have attempted to remove long standing incentives/privileges. That have established since the inception of Directors instruction 326. 3-27-14. It is the Norm when a Director orders supersedes a instruction it is consistent with the directors instruction to ensure inmates are not deprived there standing liberties/privileges (without proper Due process) in order for inmates to lose privileges he has to demonstrate (some) kind of bad behavior. As outlined in Di 326 & Do:812 Step level Reduction Di 326 Attachment (F) & Do:812 Attachment (B) page 1 of 2. For step (3) Reduction to step (2) Found guilty of a class AC disciplinary Violation (repeated) demonstration of poor behavior. To step 1. Found guilty of a class A or B disciplinary Violation "refused to program" Consistantly demonstrated poor socialization skill and or

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

The STG class request this language be challenged back to its proper Form where it (is) consistent with the previous Di 326 policy. and the STG & condemned Row Have there previous interactive cage Recreation schedule Restored..

I.E. "For Cap and step Three 2.5 Hrs blocks per Week in the 10x10 interactive Enclosure

INMATE'S SIGNATURE: L. Farinas

DATE (mm/dd/yyyy): 7-31-19

GRIEVANCE COORDINATOR'S: Cottonwood run for COIV Van Winkle

DATE (mm/dd/yyyy): 8/2/19

Action taken by _____     Documentation of Resolution or Attempts at Resolution.

STAFF MEMBER'S SIGNATURE

BADGE NUMBER

DATE (mm/dd/yyyy)

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13

**Inmate Grievance - GF Supplement**

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Richard Farinas | 172361 | Eyman Browning | A21-300-019 |

NON- cooperative Behavior. . The STG & Death Row classes I did NONE of the Above. .when the recreation schedule was publicly submitted Both classes seen they [all] had been Reduced To [1] interactive cage Rec A week. This Inmate's Stated Arguing their case Based off OF the DO: 812 Released [by] the courts in the Above case. . I will Highlight the Attachment [b] Page 2 of 2 Step III Here. Recreational Activities For Gp one, 2.5 Hr Block per month in 20x10 Basketball enclosure [up to eight inmates] - For Gp and STG [3] 2.5 Hour Blocks per week in the 10x10 interactive enclosure. . For condemned Row - [4] 2.5 Hour Blocks per week of out door recreation [all] can be in the 10x10 interactive enclosure. In pod recreation. Recreation with another inmate in Accordance with Department order 704 . . This language repeatedly [is] consistent with Director instructions 326 At Attachment [F] & Attachment [i] . - . [except revised [4] outdoor Recreation periods Down to [3] All can be in the 10x10 interactive enclosures As shown Attachment [F] . - . when these [2] classes Started Arguing this AZ Doc, DW Days, and her Agents came up with [some] mysteriously Revised Attachment [B] page 2 of 2. This mysteriously took place Between 7-1-19 & 7-24-19 on the revised Attachment [B] 2 of 2 Step III the language is only changed At the section For Gp and STG . I'll Highlight that here". For Gp and STG [3] 2.5 Hr Blocks per week [to include one Time per week in the 10x10 interactive enclosure. . . Thus Reducing a whole class OF STG Inmates to Step II incentives / privileges. with [No] Activity [or] Behavior For Said Reduction As outlined Above . STG Receive [No] other incentives in this Step [3] Recreation Activity section As it Stands Today I.E. "No" incentive [No] matter How Inmates Receive this From the courts or Received Said Revised Version of this Department order As soon As they Seen the Rec Schedule and Revised policy [all] would have Filed

| Signature | Date |
|---|---|
| P. Farinas | 7-31-19 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

# Inmate Grievance Response

| Inmate Name | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Farinas, Richard | 172361 | ASPC-E/Browning | A21-300-019 |

I have reviewed your inmate grievance case A21-300-019 in regards to a revised recreation schedule with the advent of DO 812 on July 24, 2019. The issue of contention is that under DI 326, you were entitled to receive four (4) outdoor recreation periods a week. All may be in the 10 x 10 interactive enclosure. Under DO 812 in the same status, you will receive three (3) 2.5 hour blocks per week, and may include one-time per week in the 10 x 10 interactive enclosure.

I have reviewed the information that you have provided, CO III Wilde's informal complaint response, and have consulted with the DO 812 supervisors.

Your proposed resolution is that you request the language in DO 812 be changed back to its original form, consistent with the previous DI 326. This would have the STG inmates, including yourself, back to the previous amount of weekly recreation in the interactive enclosures.

Firstly, attachment B in case 2:18-cv-01146-DGC-JZB Document 44-1 Filed 07/01/19 Page 48 of 94 references a non-official document. Attachment B did not become official policy until 7/24/2019. This is what the revised recreation schedule in conjunction with DO 812 is derived from.

The new policy implementation is not punishment. The number of hours that you are afforded each week has not changed. When the Department was following DI 326, you were afforded as a Step (1) 7.5 hours per week, step (2) 8.5 hours per week and step (3) 9.5 hours per week. Additionally at Browning unit, you were offered an additional .5 hours per recreation period. Your program requirements are the same, as well as your out of cell time.

Browning unit will continue to offer 3 hour blocks of recreation, above and beyond what policy requires.

**This issue is considered resolved at this level. You have five (5) working days from the receipt of this response to appeal to the Director.**

End of response.

| Signature | | Date 8/19/19 |
|---|---|---|

recieved via Mail 8-22-19

INITIAL DISTRIBUTION -- Committee Recommendation – All copies to Grievance Advisory Committee
FINAL DISTRIBUTION -- White and Pink – Inmate, Canary – Grievance File

INITIAL DISTRIBUTION -  GF Supplement – White and Canary – Grievance Coordinator, Pink – Inmate
FINAL DISTRIBUTION -- White – Inmate, Canary -- Grievance File

802-7P
2/14/00

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

Please type or print in black or blue ink.
(To be completed by staff member
initially receiving appeal)

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

| Received By: | O TB |
|---|---|
| Title: | CO A |
| Badge #: | 8029 |
| Date: *(mm/dd/yyyy)* | 8/27/19 |

**Please Print**

| INMATE'S NAME *(Last, First M.I.) (please print)* | ADC NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| FARINAS, Richard | 172361 | 8-25-19 |

| INSTITUTION | CASE NUMBER |
|---|---|
| | A21-300-019 |

TO: Charles Ryan director or Acting Director

I am appealing the decision of ___Adw___ for the following reasons:

I Here By incorporate my informal and Grievance As Factual Basis: In the Grievance Response Az dec and it's Agents continue to Use Semantics to Not only deprive prisoners and Sub-Class Members (STGB Condemned Row) There Standing liberties, but also to completely Remove language From DO:812. Parsons V. Ryan stipulations (is) clear that Subclass Members receive Incentives consistent With DI 326. which az dec and agents Have failed to do through out the last (3 yrs) using the same semantics As the Grievance Coordinator Uses here and is affirmed By the (Adw). you are still receiving the (same) amount of time). Thus its Not A (actual) punishment to remove Standing liberties/incentives. IE. Interactive cage recreation. Once again Subclass Members receive (NO) other recreation incentives. C-F Supplement.

| INMATE'S SIGNATURE | DATE *(mm/dd/yyyy)* | GRIEVANCE COORDINATOR'S SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| [signature] | 8-26-19 | CO III Monaghan | 8/30/19 |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| | |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL: White – Inmate
Canary – Grievance File

802-3
12/12/13

**Inmate Grievance - GF Supplement**

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| FARias Richard | 172361 | Eyman Browning | A21-300-019 |

In step (3) Do 812 Not Have Subclass Members recieved Incentives Consistent with DI:326. Azdc and Agents Have used group punishment and semantics to carry this Systematic plan out. To return Browning Unit to post parson V. Ryan privileges i.e. 8-24-19 saturday is our only day In Ida cluster For interactive cage recreation this period. Chute recreation, outdoor interactive cage recreation showers (all) canceled, Do to Alleged short staff. (which Happens more often then Not) DI-326 and Do:812 (is) clear in its language on what it takes to recieve a reduction In step and Incentives. Azdc and its Agents can Not Arbitrarily Do so at Will (due process issue) Second the grievence coordinator claims that the policy released to the courts in said case (by) Azdc lawyers is (not) A official Document because the policy did Not go into effect ten 7-24-19. Subclass Members Find this (odd) 1.) why would Azdc release a Non-official Document to the courts! 2.) why would Azdc and lawyers go into long detail expanding on the high Standard of Do:812 and All the incentives we are Allegedly geting! (when A subclass Member raised conditions of confinement) Azdc and its Regime (Are) up to the same enhanced deprevation of prisoners Basic Human Needs and Rights (Pro-Social Interaction and Human touch once the ~~sentencing regime process~~ Inmate population recieves (30) days Notice of policy change or implementation of policy. It is supposed to be finalized in the Legal Library So (all) Inmates Have the Ability to check it out over the (30) days so they can become (properly) informed (if) there is Another subsequent change. Another Notice should be disseminated (this Notice Should Have Been disseminated (7-24-19) Even though they did not recieve it tell 8-24-19)

| Signature | Date |
|---|---|
| *[signature]* | 8-26-19 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 737 | Farinas | 172361 | A21300019 | Eyman | SMU II/Browning |

In your grievance filed at Browning Unit, you claim the new recreation schedule is in violation of Director's Instruction 326. Furthermore, you believe the new recreation schedule is in violation of the Parsons v. Ryan stipulation. Your resolution is for the Department to abide by DI-326.

Your grievance has been reviewed at Central Office and the Deputy Warden's response is affirmed. You have provided no evidence to prove Department staff have violated policy. Furthermore, you are receiving the authorized recreation time that is outlined in Department Order 812, Inmate Maximum Custody Management and Incentive System.

No further action is warranted in this matter.

cc: Warden, Eyman Complex

RK

_R. Kepney_
**Appeals Officer**

_CRGlynn for_
**Charles L. Ryan, Director**

09/03/2019
**Date**


EXHIBIT 13

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

*Complaints are limited to one page and one issue. Please print all information.*

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Kuyiyeava William | 129061 | Eyman/Browning | 7/25/19 |

| TO   CoIII Wilde | LOCATION   Ida CoIII office |
|---|---|

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I'm Writing This Kite To Informally Resolve The Following Issue. D.W. Days And Her Agents'/Admin Are Undeservingly Depriving The "STG" & Death Row Prisoners Their Incentives Per The Parsons V. Ryan D.I. 326 Which Is Now Superseded By D.O. 812 Effective 7/24/19. 1. STG' & Death Row Prisoners Never Received The 30 Day Notification That D.O. 812 Would Be Superseding D.I. 326.) (2. D.W. Days And Her Agents/Admin Passed Out A Recreation Schedule This Week That Has Taken Away (2) 2½ Hour Blocks In The 10x10 Interactive Enclosure.) (3. These Two Classes Of Inmates Did (Nothing) To Provoke This Unwarranted Action. These Classes Of Inmates Have Progressed And Maintained Good Behavior ETC. Per The Department Order 812 Attachment (B) Page 2 of 2. Step III· Recreation Activities For Condemned Row (4) 2½ Hour Blocks (Per Week) Of Outside Recreation (All) Can Be "In" The 10x10 Interactive Enclosures. For GP And STG '(3) 2½ hr Blocks (Per Week) "In" The 10x10 Interactive Enclosures. A? DOC And Its Agents Made A Choice To Kick The Can Down The Road And Chose Not To Problematically Address The Issue When They Knew For At Least The Last 6 Months To A Year This Policy Was Going Into Effect. Now They Believe It's Okay To Take Away Incentives From 2-Specific Groups And Add To Another Group And Still Not Provide The Minimum Incentives To (All) (3) Classes Per Policy.

A? DOC Are Here Placed On Notice. (All) 3-Classes Are Requesting Their Incentive (Per) Policy A. Outlined 'Before These Classes Are Forced To Notify ACLU And Media And Seek Further Litigation To Receive Incentives Consistent With The Policy.

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| | 7/25/19 |

Have you discussed this with institution staff?   ☐ Yes   ☒ No

If yes, give the staff member name:

Distribution:   INITIAL: White and Canary - Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Response**

*For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.*

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| KUYIYESVA, WILLIAM A. | 129061 |

| Institution/Unit |
|---|
| ASPC, EYMAN-BROWNING UNIT |

| From | Location |
|---|---|
| COIII T. WILDE | BROWNING UNIT |

This is in response to your informal complaint dated 7/25/2019 regarding what you state is DW Days instructing her Administrative staff to deprive STG/Death Row inmates of two (2) of the three (3) recreation days you were afforded while Director's Instruction 326 was in effect based on the Parson's vs Ryan agreement. You state you were not provided adequate notification regarding said policy changes. The resolution to your complaint is to be provided the incentives that were provided to you as outlined in Directors Instruction 326.

After review of available information, the following was found:

I reviewed your file and found you are an STG Step III inmate.

I also reviewed Department Order 812 – INMATE MAXIMUM CUSTODY MANAGEMENT AND INCENTIVE SYSTEM (which superseded Director's Instruction 326) effective on 7/24/2019.

Per DO 812 Attachment B:

Step III Recreational Activities:

For GP and STG - Three, 2.5-hour blocks per week, to include one-time per week, in the 10x10

In pod recreation

Recreation with another inmate in accordance with Department Order #704, Inmate Regulations

I am unable to resolve your complaint at my level. If you wish to move forward with the Grievance Procedure, you have five (5) work days from the receipt of this response to submit your Grievance to the Unit's Grievance Coordinator or your COIII. End of Response.

| Staff Signature COIII | Date 7/30/19 |
|---|---|

Distribution:   Original - Inmate
                Copy – Grievance Coordinator File

802-12(e)
12/19/12

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| | Received By |
|---|---|
| | Wallace |
| | Title |
| | CO# |

| Badge Number | Date |
|---|---|
| 10145 | 8-1-19 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First M.I.) | ADC Number | Date |
|---|---|---|
| Kuyvesva William | 129061 | 7/31/19 |

| Institution/Facility | Case Number |
|---|---|
| Browning / Eyman | A21-302-019 |

To: Grievance Coordinator

Description of Grievance (To be completed by the inmate)    ( GF Supplement Attached )

To Hereby Incorporate My Informal As Factual Bases. Footif Do: 312 Showed Up By Released Policy Via The Courts Case 2:18-CU-0146-DGG-32B Doc. 44-1 Filed 7-1-19 Pg 43 0f 94 . AZ Doc, On Days And Her Agents/Admin Have Attempted To Remove Long Standing Incentives/Privileges That Have A Been Established Since The Inception Of DI 326 3-27-14 It It The Norm When A Directors Order Superceded A Instruction It It Consistant With The Directors Instruction To Ensure Inmates Are Not Deprived There Standing Liberties/Privileges (Without Proper Due Process) To Order For Inmates To Lose Privileges He Has To Demonstrate (Some) Kind Of Bad Behavior As Outlined In DI 326B Do:312 Step Level Reduction DI326 Attachment

Proposed Resolution ( What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

The STG Class Request That Language Be Changed Back To It's Proper Form Where It It Consistant With The Previous DI 326 Policy And The STG & Condamed Row Have There Previous Interactive Cage Recreation Schedule Restored

IE For GP And STG Three 2½ Hour Blocks Per Week In The 10X10 Interactive Enclosure.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| | 7/31/19 | C.O.III Naughton for COIV Van Winkle | 8/2/19 |

| Action taken by | Documentation of Resolution or Attempts at Resolution |
|---|---|
| | Received VIA Mail Service 8/ |

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

Initial Distribution - White and Canary - Grievance Coordinator;  Pink - Inmate
Final Distribution - White - Inmate;  Canary - Grievance File

802-1
12/19/12

**Inmate Grievance - GF Supplement**

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Ruyievva William | 129061 | Browning/Eyman | A21-302-019 |

(F) + Do: 812 Attachment (B) Pg 1 of 2 For Step (3) Reduction To Step (2) Found Guilty Of A Class C Disciplin Violation (Repeated) Demonstration Of Poor Behavior. To Step 1 Found Guilty Of A Class A-or-B Disciplinary Violation "Refusal To Program" Consistently Demonstrate Poor Socialization Skills And Or Non-Cooperation Behavior. The STG + Death Row Classes (Did) None Of The Above. When The Recreation Schedule Was Publialy Submitted Both Class Seen They (All) Had Been Reduced To (1) Interactive Cage Rec A Week. This Inmates Started Arguing There Case Based Off Of The Do: 812 Released By The Courts. In The Above Case. I Will Highlight The Attachment (A) Pg 2 of 2 Step III Here ✗ Recreational Activities For GP. : 2½ HR Blocks Per Week In Their 20X10 Interactive [Basketball] Enclosers (Up To 8 Inmates) For GP And STG (3) - 2½ HR Blocks Per Week In Their 10X10 Interactive Enclosers. For Condensed Row (4) - 2½ Hour Blocks Per Week Of Outdoor Rec (All) Can Be In 10X10 Enclosers. In Pod Rec ✗ Recreation With Another Inmate, In Accordance With Department Order 704... This Language Respectfully (is) Consistant With DI [704] 326 At Attachment (F) + Attachment (i)... (Except Revised 4) Outdoor Rec Period Down To (3) All Can Be In 10X10 Interactive Enclosers As Shown Attachment (F)... When There Two Classes Started Arguing This A2 Doc DW Day And Her Agents Come Up With Some Mysteriously Revised Attachment 4 Pg 2 of 2 This Mysteriously Took Place Between 7-1-19 [And] 7-24-19 ON The Revised Attachment (B) Pg 2 of 2 Step III. The Language Is ONly Changed At The Section For GP + STG I'll Highlight That Here. For GP And STG (B) 2½ Blocks Per Week To Include One Time Per Week In 10X10 Enclosure.↓ Now When You Look At The Language Respectfully With Step II Rec Activities They (Are) The Same. I'll Highlight That Here. (3) 2½ HR Blocks Per Week One Of Which Can Be In The 10X10 Interactive Enclosers. This Reducing A Whole Class Of STG To Step II Incentives/Privilges. With No Activity (or) Behavior For Said Reduction As Outlined Above. STG Recieve (No) Other Incentives In This Step (3) Rec Activity Section A. It Stands Today If No Incentives (No) Matter How Inmates Recieved This From The Courts Or Recieved Said Revised Version Of This Dept Order As Soon As They Seen The Rec Schedule And Revised Policy (All) Would Have Filed

| Signature | Date |
|---|---|
| K | 7/31/19 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

# Inmate Grievance Response

| Inmate Name | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Kuyiyesva, William | 129061 | ASPC-E/Browning | A21-302-019 |

I have reviewed your inmate grievance case A21-302-019 in regards to a revised recreation schedule with the advent of DO 812 on July 24, 2019. The issue of contention is that under DI 326, you were entitled to receive four (4) outdoor recreation periods a week. All may be in the 10 x 10 interactive enclosure. Under DO 812 in the same status, you will receive three (3) 2.5 hour blocks per week, and may include one-time per week in the 10 x 10 interactive enclosure.

I have reviewed the information that you have provided, CO III Wilde's informal complaint response, and have consulted with the DO 812 supervisors.

Your proposed resolution is that you request the language in DO 812 be changed back to its original form, consistent with the previous DI 326. This would have the STG inmates, including yourself, back to the previous amount of weekly recreation in the interactive enclosures.

Firstly, attachment B in case 2:18-cv-01146-DGC-JZB Document 44-1 Filed 07/01/19 Page 48 of 94 references a non-official document. Attachment B did not become official policy until 7/24/2019. This is what the revised recreation schedule in conjunction with DO 812 is derived from.

The new policy implementation is not punishment. The number of hours that you are afforded each week has not changed. When the Department was following DI 326, you were afforded as a Step (1) 7.5 hours per week, step (2) 8.5 hours per week and step (3) 9.5 hours per week. Additionally at Browning unit, you were offered an additional .5 hours per recreation period. Your program requirements are the same, as well as your out of cell time.

Browning unit will continue to offer 3 hour blocks of recreation, above and beyond what policy requires.

**This issue is considered resolved at this level. You have five (5) working days from the receipt of this response to appeal to the Director.**

End of response.

| Signature | | Date |
|---|---|---|
| *[signature]* | | 8/19/19 |

Received Via Mial 8/22/19

INITIAL DISTRIBUTION – Committee Recommendation – All copies to Grievance Advisory Committee
FINAL DISTRIBUTION – White and Pink – Inmate, Canary – Grievance File

INITIAL DISTRIBUTION - GF Supplement – White and Canary – Grievance Coordinator, Pink – Inmate
FINAL DISTRIBUTION – White – Inmate, Canary – Grievance File

802-7P
2/14/00

**ARIZONA DEPARTMENT OF CORRECTIONS**

Please type or print in black or blue ink.
(To be completed by staff member initially receiving appeal)

**Inmate Grievance Appeal**

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received By: ____HB____
Title: ____8029____
Badge #: ____Co II____
Date: (mm/dd/yyyy) ____8/27/19____

*Please Print*

INMATE'S NAME (Last, First M.I.) (please print)
Kuyiyesva, William

ADC NUMBER
129061

DATE (mm/dd/yyyy)
8/26/19

INSTITUTION
Eyman / Browning

CASE NUMBER
A21-302-019

TO: Director Of ASDOC / Acting Director     (GF Supplement Attached)

I am appealing the decision of   A.D.W   for the following reasons:

I Hereby Incorporate My Informal Grievance As Factual Basis. In The Grievance Response A2 DOC And Its Agents Continue Continue To Use Semantics To Not Only Deprive Prisoners Of Subclass Members (STG & Condemned Row) Standing Liberties But Also To Completly Remove Language From DO: 812. Parsons V. Ryan Stipulation (Are) Clear That Subclass Members Receive Incentive Consistent With DI: 326 (Which A2DOC & Agents Have Failed To Do Throughout The Last (3) yrs) Using The Same Semantics As The Grievance Coordinator Uses Here And (Is) Affirmed By The ADW. You Are Still Receiving The (Same) Amount Of (Time) Thus Its Not A (Actual) Punishment To Remove Subclass Members Standing Liberties/ Incentives. If Interactive Cage Recreation Once Again Subclass Members Receive

INMATE'S SIGNATURE

DATE (mm/dd/yyyy)
8/26/19

GRIEVANCE COORDINATOR'S SIGNATURE
Cott Monaghan

DATE (mm/dd/yyyy)
8/30/19

RESPONSE TO INMATE BY

LOCATION

STAFF SIGNATURE

DATE (mm/dd/yyyy)

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL: White – Inmate
Canary – Grievance File

802-3
12/12/13

**Inmate Grievance - GF Supplement**

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Kuyyeva, William | 129061 | Eyman / Browning | A21-302-019 |

(No) Other Recreation Incentives In Step (3) And Have Not For Years. (Do: 812). Nor Have Subclass Members Received Incentives Consistent With (DI: 326). A2 Doc & Agents Have Used Group Punishment & Semantics To Carry This Systematic Plan Out To Return Us To Past Parsons V. Ryan Privileges. IF 8-24-19 Saturday Was Our Only Day For Interactive Cage Recreation For This Time Period. Chute Recreation, Interactive Cage Recreation Showers (ALL) Canceled Do To Alleged Short Staff Which Happens More Often Than Not. DI: 326 & DoB12 (IE) Claim In Its Language On What It Takes To Receive A Reduction In Step & Incentives. A2 Doc And Its Agents Con (Not) Arbitrarily Do So At Will. (Due Process Issue) Second The Grievance Coordinator Claims That The Policy Released To The Courts In Said Case (BY) A2 Doc Own Lawyers Is (Not) A Offical Document Because The Policy Did Not Go Into Effect Till 7-24-19. Subclass Members Find This (ODD) 1) Why Would A2 Doc Release A Standered Of Do: 812 And All The Incentives We (ARE) Allegedly Getting! (When A Subclass Member Raised Issues About Conditions Of Confinement A2 And It Regime (ARE) Up To The (same) Ehanced Deprevation Of Prisoners Basic Human Need, And Rights. (IE, Pro Sacail Interaction & Human Touch) Third Once The Inmate Population Receives (30) Day Notice Of Policy Change Or Implimation Of Policy. It (Is) Supposed To Be Finalized In The Legal Library So (All) Inmates Have The Ability To Check It out Over The (30) Days. So They Can Become (Properly) Informed. (IF) There Is Another Subsequent Change Another Notice Should Be Dissemenated. (This Notice Should Have Been Dissreminated 6-24-19, Even Though They Did Not Receive It Till 8-2-19.

| Signature | Date |
|---|---|
| | 8/26/19 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 739 | Kuyiyesva | 129061 | A21302019 | Eyman | SMU II/Browning |

In your grievance filed at Browning Unit, you claim the new recreation schedule is in violation of Director's Instruction 326. Furthermore, you believe the new recreation schedule is in violation of the Parsons v. Ryan stipulation. Your resolution is for Security Threat Group inmates to receive incentives associated with DI-326.

Your grievance has been reviewed at Central Office and the Deputy Warden's response is affirmed. You have provided no evidence to prove Department staff have violated policy. Furthermore, you are receiving the authorized incentives and recreation time as outlined in Department Order 812, Inmate Maximum Custody Management and Incentive System.

No further action is warranted in this matter.

cc: Warden, Eyman Complex

RK

*R. Kepney*
**Appeals Officer**

*CRGlynn for*
**Charles L. Ryan, Director**

09/10/2019
**Date**

EXHiBiT 14