Richard Johnson 151089

ASPC Eyman Browning Unit

P.O. Box 3400

Florence, Arizona 85132

Subclass Plaintiff

☒ FILED   ☐ LODGED

**Sep 24 2019**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

CV-12-601-PHX-ROS

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanna Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, Plaintiffs, | No. CV12-00601-PHX-RS PLAINTIFF (SUBCLASS), RICHARD JOHNSON'S MOTION TO ENFORCE THE STIPULATION, RE. [Doc.] 1185 |
| v. | |
| Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, Defendants. | |

Plaintiff, Richard Johnson, and similarly situated inmates, hereby move this Court to exercise its inherent powers and those outlined in the Stipulation, (Doc.) 1185, to enforce the terms of the Stipulation by finding Defendants acting in bad faith by terminating Directors Instruction

1  (D.I.) 326 and modifying the maximum custody Step Program Matrix
2  (SPM). Plaintiffs believe the modification to the maximum custody
3  SPM doesn't further the intent of the provision, rather, it creates
4  more isolation. Plaintiffs request the Court to order Defendants to
5  reinstate D.I. 326 and take immediate and substantial action to implement
6  the terms of the Stipulation to end the extreme conditions of solitary
7  confinement and isolation in the subclass units.

8

## PROCEDURAL   BACKGROUND

10  Parsons v. Ryan is a federal class action lawsuit against the Arizona
11  Department of Corrections' (ADC) medical, mental health, and dental care
12  system. The lawsuit also challenges inhumane conditions in maximum custody
13  isolation units.
14  The Court has certified this case as a class action. [(Doc.) 1185 at paragraph
15  3, lines 10-16]. The class is defined as "All prisoners who are now, or
16  will in the future be, subjected to the medical, mental health, and dental
17  care policies and practices of the ADC." [Id.]. A subclass was also
18  established and was defined as "All prisoners who are now, or will in the
19  future be, subjected by the ~~ADC~~ ADC to isolation, defined as confinement
20  in a cell for 22 hours or more each day or confinement in the following
21  housing units: Eyman-SMU 1; Eyman-Browning Unit; Florence-Central
22  Unit; Florence-Kasson Unit; or Perryville-Lumley Special Management
23  Area." [Id.]
24  The purpose of the Stipulation was to settle the above captioned
25  case. [See (Doc.) 1185]. The Stipulation governs or applies to the 10
26  ADC complexes: Douglas, Eyman, Florence, Lewis, Perryville, Phoenix,
27  Safford, Tucson, Winslow, and Yuma. [Id.]. The Stipulation does not
28  apply to occurrences or incidents that happen to class members while they

do not reside at one of the 10 ADC complexes. [Id.]

The lawsuit sought only changes to the policy and practices of ADC, and did not seek money damages. The case was filed in March 2012 by the Prison Law Office, the ACLU, and other lawyers.

STATEMENT OF FACTS

I. On 10-14-2014 both parties ~~agr~~ agreed upon a settlement. [See (Doc.) 1185, "STIPULATION" at paragraphs 4 and 5]. Within that Stipulation at section "II. SUBSTANTIVE PROVISIONS" at "B. Maximum Custody Prisoners", paragraphs 17, 18, 22, and 24, clear and concise provisions were established that Defendants were made to comply with.

"Defendants shall implement DI 326 and the Step Program Matrix for all eligible prisoners and shall maintain them in their current form for the duration of this Stipulation. In the event that Defendants intend to modify DI 326 and the Step Program Matrix they shall provide Plaintiffs' counsel with thirty (30) days' notice. In the event that the parties do not agree on the proposed modifications, the dispute shall be submitted to Magistrate Judge", " who shall determine whether the modifications effectuate the intent of the relevant provisions of the Stipulation." [See (Doc.)1185 at paragraph 22, lines 7-12].

II. On 07-24-2019 D.I. 326 was discontinued and superseded by Department Order 812 - Inmate Maximum Custody Management And Incentive System (D.O. 812). Between 07-24-2019 and 08-01-2019 the new SPM was implemented. Instead of maximum Security Threat Group (STG) inmates at step level III being allowed 4 outdoor recreational periods in the 10×10 interactive recreational enclosures, when D.I. 326 was implemented, maximum custody STG step level III inmates were now going to the solitary standard chute recreational area ①, per Deputy Warden Days.

-3-

[See Exhibit A].

Due to the number of inmates wanting recreational periods and the limited number of solitary standard chute recreational areas available, a great deal of inmates were denied recreation:

* Saturday 07-27-2019, inmates denied rec., Correctional Officer (CO) II Montgomery and CO II Sorenson said they were gonna write Information Reports (IR's) about inmates being denied recreation (rec).

* Monday 07-29-2019, inmates denied rec., CO II Josefowvich said she was gonna write an IR.

* Tuesday 07-30-2019, inmates denied rec., Sergeant Wills or Willis said he was gonna write an IR.

On 08-01-2019 D.O. 812 was put on hold and D.I. 326 was reinstated. On 08-24-2019 D.I. 326 was terminated and D.O. 812 was reinstated. Since 08-24-2019 inmates are still being denied rec., maximum custody step level III inmates are still being forced to go to the solitary standard chute rec. area when rec. isn't cancelled, no make-up rec is ever provided, and the examples are:

* Saturday 08-24-2019, rec cancelled, no make-up

* Friday   08-30-2019, rec cancelled, no make-up

* Saturday 08-31-2019, rec cancelled, no make-up.

These were just from the month of August that I, Richard Johnson, wrote down. There were others in August but I did not write them down. There were quite a few in September, but I did not write them all down or my notes were lost.

① The term "solitary standard chute recreational area" references the concrete enclosures on all 4 sides, spanning 25-30 feet high, attached to some of the living units in maximum custody where prisoners are taken for recreational periods in complete isolation from one another. A drain is all that is in the solitary standard chute recreational area.

1   * Sunday 09-15-2019, rec cancelled, no make-up

2   * Monday 09-16-2019, rec was stopped by officers due to the

3   "possibility of rain".

4   III. Plaintiffs, Richard Johnson, Shawn Harris, Augustine Hernandez, [2]

5   and similiar situated STG inmates, have tried to address this issue by

6   exhausting all available administrative remedies, i.e. D.O. 802 Inmate

7   Grievance Procedure (D.O. 802), [See Exhibit B, Richard Johnson's

8   151089 grievance, grievance no. A21-327-019]. [See Exhibit C, Shawn

9   Harris's 198341 grievance, grievance no. A21-332-019]. [See Exhibit D,

10  Augustine Hernandez's 115550 grievance, grievance no. A21-345-019].

11      I, Richard Johnson, have also written to the Prison Law Office at

12  San Quentin, Ca. 94964 and the ACLU at:

13          ACLU National Prison Project

14          Attn: David Fathi, Attorney at Law

15          915 15th Street, NW, 7th Floor

16          Washington, DC 20005,

17  No response from the ACLU and the Prison Law Office suggest I write to

18  the ACLU. [See Exhibit E].

19      Out-of-cell exercise and socialization is a cornerstone of D.I. 326 and

20  the Stipulation. It is a key component of the "Maximum Custody Performance

21  Measures" (MCPM) 1, 3, 5, and 6. In particular, MCPM 6 requires that:

22      "All maximum custody prisoners at Eyman-Browning, Eyman-SMU 1,

23      Florence-Central, Florence-Kasson, and Perryville-Lumley Special

24      Management Area (Yard 30), who are eligible for participation in

25

26  ② Plaintiffs Richard Johnson, Shawn Harris, and Augustine Hernandez are
    classified as STG inmates by the ADC and by Defendants. As such, Plaintiffs are subclass

27  Plaintiffs in maximum security units, per the Stipulation.

28                              -5-

DI 326 are offered out-of-cell time, **incentives**, programs and property consistent with their Step Level and housing assignment under the DI 326 policy." [See (Doc.) 1185-1, Exhibit E] [emphasis added].

As part of the D.I. 326 incentive system, Step Level II and III inmates at maximum custody facilities are allowed access to interactive rec. enclosures and greater socialization during exercise periods. [See Director's Instruction 326, Maximum Custody Population Management, March 27, 2014 ("D.I. 326") (ADC 261959-85) (Doc.) 1775-3]. For example, at Browning Unit a Step II prisoner can expect 3 two hour rec. periods each week, one of which can be in the 10×10 interactive enclosure, and a Step III can expect 4 outdoor recreation periods a week, all 4 can be in the 10×10 interactive enclosure. [Id. at ADC 261974].

The interactive rec. enclosures and greater socialization during exercise periods are central to the D.I. 326 program and efforts to ameliorate the impacts of isolation.

Now, Defendants are stating to Plaintiffs " you will receive three (3) 2.5 hour blocks per week" in the solitary standard chute rec area, "and may include one-time per week in the 10×10 interactive enclosure," [See Exhibits B, C, and D], only if rec isn't cancelled that day, which happens more times than not.

The new SPM under D.O. 812 is as followed for STG inmates:

Level I - Three, 2.5 hour blocks per week in the standard enclosure (Recreation)

Level II - Three, 2.5 hour blocks per week, one of which can be in the 10×10 interactive enclosure (Recreation)

Level III - Three, 2.5 hour blocks per week, to include one-time

per week, in the 10 x 10 enclosures [Recreation] [See Exhibit &F, D.O. 812, SPM for STG inmates at Attachment B].

As STG inmates, subclass, Plaintiffs do not receive "In pod recreation", no "recreation with another inmate"; no "Unrestrained escorts", or no "Jobs as pod porter", due to staff shortage and "Hard lockdown" status. ③ ④

Plaintiffs have tried to address this issue within the Department by utilizing D.O. 802. Responses are:

"The number of hours that you are afforded each week has not changed.", and, "Browning unit will continue to offer 3 hour blocks of recreation, above and beyond what policy requires." [See Exhibits B, C, and D].

Plaintiff, Richard Johnson, has written to the Prison Law Office and to the ACLU. The Prison Law Office has told me I would need to write to the ACLU about the maximum custody units. [See Exhibit E]. I have not received a response from the ACLU.

Exhausting all administrative remedies with no substantial action taken, writing to Plaintiffs' lawyers with no response, I do not know of any other avenue to address this violation of the Stipulation than to take this course of action.

③ There are pod porter jobs but due to "hard lockdown" status and short staff, once a month, maybe, pod porter will come out.

④ "Hard lockdown" status is what officers tell inmates when there are no movement, unit wide. "Hard lockdown" prevents rec., pod porter, programs, etc.

## RELIEF REQUESTED

Plaintiffs request the Court issue an order that

1) Finds Defendants acting in bad-faith with [Doc.] 1185 "STIPULATION" MCPM 1,3,5, and 6 at Eyman Browning Unit with subclass Plaintiffs.

2) Order the reinstatement of D.I. 326 and its Step Program Matrix.

, or,

3) If the Court finds that Plaintiff, Richard Johnson's, motion is inappropriate, order Plaintiffs' counsel to address Richard Johnson's issue in a reasonable timeframe.

Richard Johnson's request for a reasonable timeframe is because since the termination of D.I. 326 and implementation of D.O. 812, I have been experiencing depression and rageful outburst due to more isolation. I have been trying to control my mental health by talking to Psych. Tech. Zion on 09-20-2019, 09-13-2019, 09-06-2019, 08-31-2019. I have also talked to Psych. Associate Gerdes on 09-06-2019 and Psych. Associate Dr. Willyerd on 09-11-2019.

## CONCLUSION

Plaintiffs respectfully request the Court to find Defendants' actions to be in bad faith of the provisions of the Stipulation. Plaintiffs, subclass, request relief.

RESPECTFULLY SUBMITTED this 21TH day of September, 2019.

CERTIFICATE OF SERVICE

I hereby certify that this was sent on September 21, 2019 via E-file to all current parties involved with this matter in accordance with GENERAL ORDER 14-17.

Richd Jh 151089

Parsons v. Ryan et al.

USDC cv 12-00601-PHX-RS


Table of Exhibits

Exhibit A      "MEMORANDUM" from Deputy Warden Days - 07-24-2019

Exhibit B      Grievance No: a21-327-019, Richard Johnson 151089

Exhibit C      Grievance No: a21-332-019, Shawn Harris 198341

Exhibit D      Grievance No: a21-345-019, Augustine Hernandez 115550

Exhibit E      "CONFIDENTIAL LEGAL MAIL", Parsons v. Ryan Case Update
                Revised September 2019

Exhibit F      Department Order 812 Inmate Maximum Custody
                Management and Incentive System, cover page with
                ATTACHMENT B

I.

# EXHIBIT

# a

101

# Arizona Department of Corrections

## ASPC-Eyman Browning Unit

### MEMORANDUM

**TO:**      Inmate Population
**FROM:**    Deputy Warden Days, ASPC-Eyman
**DATE:**    7/24/2019
**SUBJECT:** DO 812

Effective 7/24/2019 in compliance with DO 812 all GP, Stg and Condemned Row inmates are now eligible for step level increases. RSHP and Enhanced security are not eligible. Inmates must comply with the following requirements, unless otherwise documented in an individual program plan:

- Grooming and Hygiene - In accordance with the standards outlined in Department Order #704, Inmate Regulations.
- Shower - Required to shower regularly.
- Education and/or Program Classes – Are required to participate in designated classes/programs.
- Refrain from creating excessive banging, noise, or yelling.
- Refrain from being disrespectful.
- Throwing any substance out of cell at staff or inmate(s) may result in disciplinary placement in alternative housing and prolonged stay in Step I.
- Cell Cleanliness - In accordance with the standards outlined in Department Order #704, Inmate Regulations.

Upon the commission of a serious rule violation or significant negative behavior, the Program Team may convene prior to the scheduled meetings to determine step level regression or removal from the program.

Recreation will be conducted as follows:

Step 1 - For GP, STG and Condemned Row Three, 3-hour blocks per week in the chute enclosure.

Step 2 - For GP, STG and Condemned Row Three, 3-hour blocks per week in the chute enclosure, one of which **may** be in the 10x10 interactive enclosures.

Step 3 - For GP and STG - Three, 3-hour blocks per week in the chute enclosure, to include one-time per week, in the 10x10 enclosures.

Step 3 - For GP only – One, 3-hour block per month in 20x40 basketball enclosure in place of 10x10 enclosures.

Step 3 - For Condemned Row – Four, 3-hour blocks per week in the chute enclosure this **may** be in the 10x10 interactive enclosures.

EXHIBIT

B

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 765 | Johnson | 151089 | A21327019 | Eyman | SMU II/Browning |

In your grievance filed at Browning Unit, you claim Department Order 812, Inmate Maximum Custody Management and Incentive System is in violation of Director's Instruction 326. Your resolution is for the Department to honor the Parsons v. Ryan stipulation.

Your grievance has been reviewed at Central Office and the Deputy Warden's response is affirmed. You have provided no evidence to prove Department staff have violated policy. Furthermore, you are receiving the authorized incentives and recreation time as outlined in Department Order 812, Inmate Maximum Custody Management and Incentive System.

No further action is warranted in this matter.

cc: Warden, Eyman Complex

RK

*R. Kepsey*
**Appeals Officer**

*CRGlynn for*
**Joseph Profiri, Acting Director**

09/17/2019
**Date**

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance Appeal

*(right margin: all in black or blue ink. (To be completed by staff member initially receiving appeal))*

| | |
|---|---|
| The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form. | Received By: _Chr_<br>Title: _____<br>Badge #: _11406_<br>Date: *(mm/dd/yyyy)* _9-1-19_ |

**Please Print**

| INMATE'S NAME *(Last, First M.I.)* (please print) | ADC NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| Johnson, R. | 151089 | 09-01-19 |

| INSTITUTION | CASE NUMBER |
|---|---|
| Eyman / Browning Unit | A21-327-019 |

TO: DIRECTOR LEVEL

I am appealing the decision of **THE ADW WHO SIGNED MY I/M GRIEVANCE RESPONSE** for the following reasons:

THE RESPONSE DIDNT ADDRESS ANY OF MY POINTS I BROUGHT TO ATTENTION. I AM FEELING MORE ISOLATED AND RAGEFULL. SINCE THE ADVENT OF DO 812 ON 07-24-19 I NEVER RECEIVED MY REC ON 07-27-19, OR 07-29. I WAS TOLD NO MAKE UP BY SHIFT SUPERVISORS. THEN ON THURSDAY 08-01-19 DO 812 WAS SUSPENDED. DO 812 RESTARTED ON 08-24-19, SINCE THEN I HAVE NOT BEEN ABLE TO GO TO THE 10x10 INTERACTIVE ENCLOSURE DUE TO CANCELLATION. NO MAKE UP AT ALL. PRISON OFFICIALS ARE SAYING I'M AFFORDED 9.5 HOURS PER WEEK OF OUT OF CELL TIME, BUT IN REALITY, DUE TO THE "ADVENT OF DO 812" I AM FEELING AND BEING MORE ISOLATED AND RAGEFULL. MY INTERACTIVE RECREATIONAL PERIOD HAS BEEN MODIFIED, DUE TO DO 812, TO JUST CHUTE SOLITARY REC. MY INTERACTIVE TABLE TIME HAS BEEN CANCELLED, AND MY POD PORTER HAS BEEN DISCONTINUED. AS A STEP LEVEL 3 I AM SUPPOSE TO RECEIVE

| INMATE'S SIGNATURE | DATE *(mm/dd/yyyy)* | GRIEVANCE COORDINATOR'S SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| *Richd Jh* | 09-01-19 | COIII Mang for CO4 Van Winkle | 9/4/19 |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| | |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator<br>Pink – Inmate<br>FINAL: White – Inmate<br>Canary – Grievance File

802-3<br>12/12/13

ARIZONA DEPARTMENT OF CORRECTIONS
Case 2:12-cv-00601-ROS   Document 3368   Filed 09/24/19   Page 16 of 44
Inmate Grievance - GF Supplement

PG. 2 OF 7

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Johnson, R. | 151089 | Eyman/Browning | A21-327-019 |

OUTSIDE 10X10 INTERACTIVE REC WITH OTHER STEP LEVEL 3 INMATES, UNDER DO 812 I NOW GET SOLITARY CHUTE REC.

BETWEEN 08-01-19 AND 08-24-19 WHEN DO 812 WAS ~~TEMPORALY~~ TEMPORARILY SUSPENDED OFFICERS WERE GIVING ME INTERACTIVE REC PERIODS IN THE 10X10 INTERACTIVE ENCLOSURE WITH OTHER INMATES 3 TIMES A WEEK.

SINCE 08-24-19, NO REC OR SHOWERS FOR ME ON 08-24-19 AND 08-26-19 AND 08-30-19 OR ON 08-31-19, NO MAKE UP OFFERED TO ME.

UNDER THE DI 326 MATRIX I WAS OFFERED 4 TIMES A WEEK OF OUTSIDE 10X10 INTERACTIVE REC, INTERACTIVE TABLE TIME WITH ANOTHER INMATE, AND A POD PORTER POSITION.

DO 812 SUPERSEDES DI 326, AND I'M NOW OFFERED 3 TIMES A WEEK OF SOLITARY CHUTE REC, WITH A CHANCE ONCE A WEEK TO GO TO THE 10X10 INTERACTIVE ENCLOSURE, I DON'T GO BECAUSE OFFICERS KEEP CANCELLING.

I BELIEVE PRISON OFFICIALS ARE ACTING IN BAD FAITH IN REGARDS TO THE INCENTIVES ~~AFFO~~ AFFORDED TO INMATES' STEP LEVELS; PARSONS V. RYAN, DOCUMENT 1185 "STIPULATION", EFFORTS TO AMELIORATE THE IMPACTS OF ISOLATION WERE MADE BY CREATING DI 326 AND THE STEP PROGRAM MATRIX UNDER PARSONS V. RYAN. ELIGIBLE INMATES WERE ALLOWED TO INTERACT AND SOCIALIZE WITH EACH OTHER AT MAXIMUM CUSTODY FACILITIES UNDER DI 326. ADMINISTRATION IS VEERING AWAY FROM THIS REHABILITATION AND CREATING MORE ISOLATION AND ANTISOCIALISM TO THE INMATE POPULATION.

| Signature | Date |
|---|---|
| Richard Jh | 09-01-19 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

**Inmate Grievance Response**     PG 3 of 7

| Inmate Name | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Johnson, Richard | 151089 | ASPC-E/Browning | A21-327-019 |

I have reviewed your inmate grievance case A21-327-019 in regards to a revised recreation schedule with the advent of DO 812 on July 24, 2019. The issue of contention is that under DI 326, you were entitled to receive four (4) outdoor recreation periods a week. All may be in the 10 x 10 interactive enclosure. Under DO 812 in the same status, you will receive three (3) 2.5 hour blocks per week, and may include one-time per week in the 10 x 10 interactive enclosure.

I have reviewed the information that you have provided, CO III Lewis's informal complaint response, and have consulted with the DO 812 supervisors.

Your proposed resolution is to abide by the Parsons v. Ryan stipulation, document 1185.

The new policy implementation is not punishment. The number of hours that you are afforded each week has not changed. When the Department was following DI 326, you were afforded as a Step (1) 7.5 hours per week, step (2) 8.5 hours per week and step (3) 9.5 hours per week. Additionally at Browning unit, you were offered an additional .5 hours per recreation period. Your program requirements are the same, as well as your out of cell time.

Browning unit will continue to offer 3 hour blocks of recreation, above and beyond what policy requires.

**This issue is considered resolved at this level. You have five (5) working days from the receipt of this response to appeal to the Director.**

End of response.

| Signature | Date |
|---|---|
| *[signature] #2386 ADW* | 8/23/19 |

INITIAL DISTRIBUTION – Committee Recommendation – All copies to Grievance Advisory Committee
FINAL DISTRIBUTION – White and Pink – Inmate, Canary – Grievance File

INITIAL DESTRIBUTION - GF Supplement – White and Canary – Grievance Coordinator, Pink – Inmate
FINAL DISTRIBUTION – White – Inmate, Canary – Grievance File

802-7P
2/14/00

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

| | |
|---|---|
| Received By | ANAYA |
| Title | C○II |
| Badge Number 5497 | Date 8/5/19 |

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First M.I.) JOHNSON, R. | ADC Number 151089 | Date 08-05-2019 |
|---|---|---|
| Institution/Facility EYMAN / BROWNING | Case Number A21-327-019 | |

To: GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the inmate)

MY ISSUE - RECENTLY D.O. 812 WAS IMPLEMENTED. AS AN STG I/M, STEP III I FALL UNDER D.O. 812's ATTACHMENT B "BROWNING UNIT (GP/STG/CONDEMNED ROW)" MATRIX. ACCORDINGLY, MY RECREATION IS "THREE, 2.5-HOUR BLOCKS PER WEEK IN THE 10x10 INTERACTIVE ENCLOSURES". OFFICERS WERE DISREGARDING POLICY AND MAKING ME HAVE MY REC IN "THE STANDARD ENCLOSURE" (CHUTE REC) DESPITE KNOWING I AM A MAXIMUM CUSTODY, STG, STEP III I/M (INMATE). NOW I AM BEING TOLD THAT WITH D.W. DAYS APPROVAL, D.O. 812 WASN'T BEING FOLLOWED IN REGARDS TO THE INCENTIVES PER STEP LEVEL, DUE TO THE I/M POPULATION. I BELIEVE PRISON ADMINISTRATORS WERE ACTING IN BAD FAITH IN REGARDS TO INCENTIVES TO I/M's STEP LEVELS. IN ACCORDANCE WITH PARSONS V. RYAN, 2:12-CV-00601-PHX-DJH, DOCUMENT 1185 "STIPULATION" PG. 6 OF 21, PARAGRAPH 18: DEFENDANTS

**Proposed Resolution** ( What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

INFORMAL ATTEMPTS - TALKED TO BOTH REC CREWS AND WITH SGT.s COMEAU AND McKINNEY, BEFORE AND AFTER THE IMPLEMENTATION OF D.O. 812. INFORMAL COMPLAINT 07-28-19, RESPONSE DATED 08-02-19. RESOLVEMENT - ABIDE BY PARSONS V. RYAN "STIPULATION", DOCUMENT 1185, NO REPRISALS AND A COPY OF THE REQUIRED "NOTICE" STIPULATED IN PARAGRAPH 22 ON PG 9 OF 21, EXHAUST ALL ADMINISTRATIVE REMEDIES.

| Inmate's Signature [signature] | Date 08-05-2019 | Grievance Coordinator's Signature Cott Monaghan for Coy Van Winkle | Date 8/7/19 |
|---|---|---|---|

| Action taken by _____ | Documentation of Resolution or Attempts at Resolution. |
|---|---|
| | |
| | |
| | |
| | |
| | |

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

Initial Distribution - White and Canary - Grievance Coordinator; Pink - Inmate
Final Distribution - White - Inmate; Canary - Grievance File

802-1
12/19/12

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Johnson, R. | 151089 | Eyman / Browning | A21-327-019 |

SHALL COMPLY WITH THE MAXIMUM CUSTODY PERFORMANCE MEASURES.

PG. 9 OF 21, PARAGRAPH 22: DEFENDANTS SHALL IMPLEMENT D.I. 326 AND THE STEP PROGRAM MATRIX FOR ALL ELIGIBLE PRISONERS AND SHALL MAINTAIN THEM IN THEIR CURRENT FORM FOR THE DURATION OF THIS STIPULATION. IN THE EVENT THAT DEFENDANTS INTEND TO MODIFY D.I. 326 AND THE STEP PROGRAM MATRIX THEY SHALL PROVIDE PLAINTIFF'S COUNSEL WITH THIRTY (30) DAYS NOTICE. IN THE EVENT THAT PARTIES DO NOT AGREE ON THE PROPOSED MODIFICATIONS, THE DISPUTE SHALL BE SUBMITTED TO MAGISTRATE JUDGE - WHO SHALL DETERMINE WHETHER THE MODIFICATIONS EFFECTUATE THE INTENT OF THE RELEVANT PROVISIONS OF THE STIPULATION.

PG. 10 OF 21, PARAGRAPH 26: CANCELLED FOR LEGITIMATE OPERATIONAL OR SAFETY AND SECURITY REASONS, (NOT ENOUGH HOURS IN THE SHIFT TO TURNOUT ALL ELIGIBLE I/M'S FOR THEIR OUT-OF-CELL-TIME ISN'T A) (JUSTIFIED REASON IN ACCORDANCE WITH THE STIPULATION) - DEFENDANTS SHALL MAKE EVERY REASONABLE EFFORT TO ENSURE THE AMOUNT OF OUT OF CELL TIME SHALL BE MADE UP FOR THOSE PRISONERS WHO MISSED OUT OF CELL TIME.

MAXIMUM CUSTODY PERFORMANCE MEASURE 3 AND 6 (EXHIBIT D OF THE STIPULATION) ISN'T HAPPENING.

3: ALL OUT-OF-CELL TIME THAT IS LIMITED OR CANCELLED IS PROPERLY DOCUMENTED AND JUSTIFIED IN ACCORDANCE WITH THE TERMS OF THE STIPULATION.

6: ELIGIBLE I/M'S MINIMUM OF 6.5 HOURS OUT OF CELL, STEP 1 - 7.5 HOURS, STEP 2 - 8.5 HOURS, AND STEP 3 - 9.5 HOURS OUT OF CELL.

EFFORTS TO AMELIORATE THE IMPACTS OF ISOLATION WERE MADE BY CREATING D.I. 326 AND THE STEP PROGRAM MATRIX FOR ALL ELIGIBLE I/M'S TO INTERACT AND SOCIALIZE WITH OTHER I/M'S AT MAX CUSTODY FACILITIES. ADMINISTRATION IS TRYING TO VEER AWAY FROM THAT SUBTERFUGE(ALLY) AND CREATE MORE ISOLATION AND ANTISOCIALISM TO THE I/M POPULATION.

| Signature | Date |
|---|---|
| Ridd Jh | 08-05-2019 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

## ARIZONA DEPARTMENT OF CORRECTIONS

### Inmate Informal Complaint Response

| | |
|---|---|
| **For Distribution:** Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response. | |

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| JOHNSON, R | 151089 |

| Institution/Unit |
|---|
| ASPC-EYMAN/BROWNING |

| From | Location |
|---|---|
| COIII Lewis | KING 5 |

This is in response to your informal complaint dated 7/28/2019 regarding what you state is DW Days instructing her Administrative staff to deprive STG/Death Row inmates of two (2) of the three (3) recreation days you were afforded while Director's Instruction 326 was in effect based on the Parson's vs Ryan agreement. You state you were not provided adequate notification regarding said policy changes. The resolution to your complaint is to be provided the incentives that were provided to you as outlined in Directors Instruction 326.

You provided with your complaint two (2) different versions of Department Order 812 Attachment B.

After review of available information, the following was found:

I reviewed your file and found you are an STG Step III inmate.

I also reviewed Department Order 812 – INMATE MAXIMUM CUSTODY MANAGEMENT AND INCENTIVE SYSTEM (which superseded Director's Instruction 326) effective on 7/24/2019.

Per DO 812 Attachment B:

Step III Recreational Activities:

For GP and STG - Three, 2.5-hour blocks per week, to include one-time per week, in the 10x10

In pod recreation

Recreation with another inmate in accordance with Department Order #704, Inmate Regulations

I am unable to resolve your complaint at my level. If you wish to move forward with the Grievance Procedure, you have five (5) work days from the receipt of this response to submit your Grievance to the Unit's Grievance Coordinator or your COIII. End of Response.

| Staff Signature | *CO III Lewis #12089* | Date 8-2-19 |
|---|---|---|

Distribution:   Original - Inmate
Copy – Grievance Coordinator File

802-12(e)
12/12/13

**ARIZONA DEPARTMENT OF CORRECTIONS**

Inmate Informal Complaint Resolution

*Complaints are limited to one page and one issue. Please print all information.*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Johnson, R. K.5 | 151089 | Eyman/Browning | 07-28-19 |

| TO | LOCATION |
|---|---|
| C.O. III Lewis | 4 J/K Cluster |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am informally trying to RESOLVE the following issue - Recreational Activities I'm being denied as a step 3. PER P.O. 812 I/m Maximum Custody Management and Incentive System, I am classified under "Attachment B - Browning Unit (GP/STG/Condemned Row)" matrix. Per Attachment B's matrix as a STEP III my recreation is "three, 2.5-hour blocks per week in the 10x10 interactive enclosures". However, officers are disregarding policy and making me have my rec in "the standard enclosure" (chute rec) despite knowing I am a maximum custody, STG, STEP III I/m (inmate). Officers are also violating the "maximum custody performance measures" stipulated under the class action lawsuit Parsons v. Ryan, et al. Case 2:12-cv-00601-PKD. Specifically, performance measure (P.M.) #6. Before P.O. 812 was implemented, 07-24-19, as an STG I/m, STEP III I would receive three, 3 hours of rec in the 10x10 interactive enclosure per week. Now, I'm receiving less out-of-cell exercise and less socialization. While maintaining my STEP III level, per Parsons v. Ryan, efforts to ameliorate the impacts of isolation were made by creating incentives to interact and socialize with other I/m's at maximum custody facilities by allowing access to excercise enclosures and greater socialization during exercise periods.
This is not happening. Officers are creating more isolation.

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| *Richard Johnson* | 07-28-19 |

Have you discussed this with institution staff?   ☒ Yes   ☐ No

If yes, give the staff member name: REC CREW, C.O. III, and DW Days

Distribution:   INITIAL: White and Canary - Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

EXHIBIT

C

OF

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 734 | Harris | 198341 | A21332019 | Eyman | SMU II/Browning |

In your grievance filed at Browning Unit, you claim the new recreation schedule is in violation of Director's Instruction 326. Furthermore, you believe the new recreation schedule is in violation of the Parsons v. Ryan stipulation. Your resolution is for the Department to abide by the Parsons v. Ryan stipulation.

Your grievance has been reviewed at Central Office and the Deputy Warden's response is affirmed. You have provided no evidence to prove Department staff have violated policy. Furthermore, you are receiving the authorized recreation time that is outlined in Department Order 812, Inmate Maximum Custody Management and Incentive System.

No further action is warranted in this matter.

cc: Warden, Eyman Complex

RK

_R. Kepney_
**Appeals Officer**

_CRGlynn for_
**Charles L. Ryan, Director**

09/03/2019
**Date**

**Inmate Grievance Appeal**

*The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.*

(To be completed by staff member initially receiving appeal)

Received by: McCauley
Title: CO #
Badge #: 10673
Date: 8-27-19  2200

**PLEASE PRINT**

| Inmate's Name (Last, First, M.I.) | ADC No. | Date |
|---|---|---|
| HARRIS SHAWN | 198341 | 08-27-2019 |

| Institution | Case Number |
|---|---|
| Eyman Browning | AZI-332-019 |

TO: Grievance Coordinator

I am appealing the decision of _A.D.W._ for the following reasons:

My question/s have not been answered. Parson V. Ryan suit was to give people at rec time "time" to Interact (SOCIALIZE) with others, talk, play games and work out together. Since it started, we been getting three "3" CAGE REC known as 10x10 recreation outside with other prisoners. Now its been switched to three "3" in POD REC known as CHUTE ENCLOSURE and one "1" time in CAGE REC 10x10 to socialize. Why is this happing? Why at first "D.O. 812 Stated the following Step 3, Three "3" 1.5 hour block per week in the 10x10 Cage Rec interactive enclosure and one "1" in pod recreation. Also entitled to WIPP (Porter Jobs) that we havent even been getting either. Then D.W. Days had all D.O. 812 policys pulled from library and put what she wanted and changed the original D.O. 812 policy. How can that be done? Spent to the Librarian! YES we are getting the same amount of time for Rec, but not to socialize & interact with others. We are being put in the Chute

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Shawn M Harris | 08-27-2019 | CoIII Monaghan for CoIII Vk Winkle | 8/28/19 |

Response To Inmate By: 

Location:

Staff Signature: 

Date:

DISTRIBUTION:
INITIAL:   White & Canary - Grievance Coordinator
           Pink - Inmate
FINAL:     White - Inmate
           Canary - Grievance File

802-3
7/13/09

PAGE #1 OF 2

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| HARRIS SHAUN | 198341 | BROWNING | A21-332-019 |

by our selves with no one to talk too, no one to interact with or socialize with. D.O.C stated now for step level increases WHAT in creases? By being put in a chute rec three "3" times a week? WE WENT FROM THREE "3" TIMES A WEEK FOR YEARS TO NOW ONE "1" TIME A WEEK TO INTERACT WITH OTHER PRISONERS, WHY? I believe its being used as a form of punishment, no interaction with others but once now is crazy. Also stated in grievance response Our program requirements are the same as well as my out of cell time. No it's not. You are not letting the porters out like they should.

You are making us go to Chute "Pod Rec," where it can be very dangerous out there. It gets alot HOTTER cause its inside of four "4" walls where no wing comes through. We are not being given Ice water to cool our bodies down, No Shade nor water sprinklers either WHAT IS D.O.C going to do about this? People can die out there. I just wanted to put this down so its on record and D.O.C cant say they did not know about it.

WHY WAS THE D.O.812 FALSEFIED? It was changed from the original version to steal our Three "3" times of a week rec in the 10×10 Enclosures. I'm not sure if someone does not understand what kind of rec CHUTE is? Its pod rec, inside the building and 10×10 enclosures are Cage Rec Out side where everyone can see and talk to one another. Parson V. Ryan and my constitution rights are being violated. A.C.I.U, San Aventio law office and courts should know about this and that prisoners lives are being put in danger by being placed in the heat with No safeguards. ALL REC'S should be entitled too, Ice Water, Shade, and Water Sprinklers, and more so for Chute Rec cause NO air can flow through it and gets alot more hotter than cage rec.

TO RESOLVE GRIEVANCE: ① Put new safeguards in place for all kinds of rec, chute and Cage Rec. ② I would like my three "3" times a week of rec in 10×10 enclosure Cage Rec, where I can interact and socialize with others like I'm surpose to get.

Thank You

| Signature | Date |
|---|---|
| Shaun M Harris | 08-27-2019 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

ARIZONA DEPARTMENT OF CORRECTIONS

# Inmate Grievance Response

| Inmate Name | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Harris, Shawn | 198341 | ASPC-E/Browning | A21-332-019 |

I have reviewed your inmate grievance case A21-332-019 in regards to a revised recreation schedule with the advent of DO 812 on July 24, 2019. The issue of contention is that under DI 326, you were entitled to receive four (4) outdoor recreation periods a week. All may be in the 10 x 10 interactive enclosure. Under DO 812 in the same status, you will receive three (3) 2.5 hour blocks per week, and may include one-time per week in the 10 x 10 interactive enclosure.

I have reviewed the information that you have provided, CO III Lewis's informal complaint response, and have consulted with the DO 812 supervisors.

Your proposed resolution is to abide by the Parsons v. Ryan stipulation, document 1185.

The new policy implementation is not punishment. The number of hours that you are afforded each week has not changed. When the Department was following DI 326, you were afforded as a Step (1) 7.5 hours per week, step (2) 8.5 hours per week and step (3) 9.5 hours per week. Additionally at Browning unit, you were offered an additional .5 hours per recreation period. Your program requirements are the same, as well as your out of cell time.

Browning unit will continue to offer 3 hour blocks of recreation, above and beyond what policy requires.

**This issue is considered resolved at this level. You have five (5) working days from the receipt of this response to appeal to the Director.**

End of response.

| Signature | *[signature]* ADW | Date  2/23/19 |
|---|---|---|

INITIAL DISTRIBUTION – Committee Recommendation – All copies to Grievance Advisory Committee
FINAL DISTRIBUTION – White and Pink – Inmate, Canary – Grievance File

INITIAL DISTRIBUTION - GF Supplement – White and Canary – Grievance Coordinator, Pink – Inmate
FINAL DISTRIBUTION – White – Inmate, Canary – Grievance File

802-7P
2/14/00

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

Received By _Vizasco_

Title _Con_

Badge Number _8181_   Date _8/8/19 828 hrs_

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.

| Inmate Name (Last, First M.I.) | ADC Number | Date |
|---|---|---|
| Harris Shaun | 198341 | 8-5-2019 |

| Institution/Facility | Case Number |
|---|---|
| Eyman Browning | A21-332-019 |

To: Grievance Coordinator

**Description of Grievance** (To be completed by the inmate)

Recently D.O. 812 was implemented as an STG/I/m Step 3. I fall under D.O. 812's attachment B, "Browning Unit (GP-STG-Condemned Row) "Matrix" accordingly, my recreation is "Three "3" 2.5 Hour Block per weeks in the (10x10 interactive enclosures". Officers were disregarding policy and making me have my Rec in the "Standard enclosure (CHUTE REC) despite knowing I am a maximum custody STG Step 3 I/m (inmate). Now I am being told that with Dw'd Days approval, D.O. 812 wasn't being followed in reguars to the incentives per step level, due to the I/m population. I believe prison administrators were acting in bad faith in reguars to incentives to I/m's Step levels. In accordance with Parsen V. Ryan, 2112-BV-00601 PHX DTH Document 1185 "Stipulation" PG. 6 of 21 Paragraph 18: Defendants shall comply with the maximum custody performance measures. PG 9 of 21 Paragraph 22: Defendants shall implement D.I 326

**Proposed Resolution** ( What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

Informal Attempts talked to both Rec crews and with Sgt Cameau and Mckinney before and after the implementation of D.O. 812. Informal complaint 07-27-2019, Response dated 8-2-2019 Resolvement abide by Parsen V. Ryan "Stipulation, document 1185 No Reprisals and a copy of the Required "Notice" stipulation in paragraph 22 on pg 9 of 21 Exhaust all administrative Remedies

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Shaun M Harris | 8-5-2019 | CO III Monaghan for CO IV Van Winkle | 8/8/19 |

| Action taken by _____ | Documentation of Resolution or Attempts at Resolution. |
|---|---|
| | |
| | |
| | |
| | |
| | |

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| | | |

Initial Distribution - White and Canary - Grievance Coordinator;  Pink - Inmate
Final Distribution - White - Inmate;  Canary - Grievance File

802-1
12/19/12

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| HARRIS SHAWN | 198341 | ASPC - Browning | A21-332-019 |

and the step program matrix for all eligible prisoners and shall maintain them in their
current form for the duration of this stipulation. In the event that defendants intend
to modify D.I. 326 and step program matrix they shall provide plaintiffs counsel with
thirty (30) days notice. In the event the parties do not agree on the proposed
modifications, the dispute shall be submitted to magistrate Judge - who shall
determine whether the modifications effectuate the intent of the relevant provisions
of the stipulation.

PG. 16 of 21; Paragraph 26: Cancelled for legitimate operational or safety and
Security reasons, (NOT enough hours in the shift to turnout all eligible I/ms for their
OUT of CELL TIME isn't a) (Justified reason in accordance with the stipulation) -
Defendants shall make every reasonable effort to ensure the amount of out of cell time
shall be made up for those prisoners who missed out of cell time
MAXIMUM CUSTODY PERFORMANCE MEASURE: 3 and 6 (Exhibit D of the stipulation)
isn't happening. 3: All out-of-cell time that is limited or cancelled is properly documented
and justified in accordance with the terms of the stipulation

       6: Eligible I/ms minumum of 6.5 hours out of cell, Step 1. 7.5 hours,
Step 2 - 8.5 hours, and step 3 - 9.5 hours out of cell.

Efforts to ameliorate the impacts of isolation were made by creating D.I. 326
and the step programs matrix for all eligible I/ms to interact and socialize with other
inmates at max custody facilities administration is trying to veer away from that
subter fligely and create more isolation and anti socialism to the I/m population

| Signature | Date |
|---|---|
| Shaun M Harris | 8-5-2019 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Response

| | For Distribution: Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response. |
|---|---|

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| HARRIS S | 198341 |

**Institution/Unit**

ASPC-EYMAN/BROWNING

| From | Location |
|---|---|
| COIII Lewis | KING 3 |

This is in response to your informal complaint dated 7/27/2019 regarding what you state is DW Days instructing her Administrative staff to deprive STG/Death Row inmates of two (2) of the three (3) recreation days you were afforded while Director's Instruction 326 was in effect based on the Parson's vs Ryan agreement. You state you were not provided adequate notification regarding said policy changes. The resolution to your complaint is to be provided the incentives that were provided to you as outlined in Directors Instruction 326.

You provided with your complaint two (2) different versions of Department Order 812 Attachment B.

After review of available information, the following was found:

I reviewed your file and found you are an STG Step III inmate.

I also reviewed Department Order 812 – INMATE MAXIMUM CUSTODY MANAGEMENT AND INCENTIVE SYSTEM (which superseded Director's Instruction 326) effective on 7/24/2019.

Per DO 812 Attachment B:

Step III Recreational Activities:

 For GP and STG - Three, 2.5-hour blocks per week, to include one-time per week, in the 10x10

In pod recreation

Recreation with another inmate in accordance with Department Order #704, Inmate Regulations

I am unable to resolve your complaint at my level. If you wish to move forward with the Grievance Procedure, you have five (5) work days from the receipt of this response to submit your Grievance to the Unit's Grievance Coordinator or your COIII. End of Response.

| Staff Signature | CO III Lewis #12089 | Date 8-2-19 |
|---|---|---|

Distribution:  Original - Inmate
 Copy – Grievance Coordinator File

802-12(e)
12/12/13

EXHIBIT
D

OF

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 776 | Hernandez | 115550 | A21345019 | Eyman | SMU II/Browning |

In your grievance filed at Browning Unit, you claim Department Order 812, Inmate Maximum Custody Management and Incentive System is in violation of Director's Instruction 326. Your resolution is for the Department to honor the Parsons v. Ryan stipulation.

Your grievance has been reviewed at Central Office and the Deputy Warden's response is affirmed. You have provided no evidence to prove Department staff have violated policy. Furthermore, you are receiving the authorized incentives and recreation time as outlined in Department Order 812, Inmate Maximum Custody Management and Incentive System.

No further action is warranted in this matter.

cc: Warden, Eyman Complex

RK

*R. Kepney*

**Appeals Officer**

*CRGlynn for*

**Joseph Profiri, Acting Director**

09/17/2019
**Date**



# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance Appeal

Please type or print in black or blue ink.
(To be completed by staff member
initially receiving appeal)

| | |
|---|---|
| The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form. | Received By: Murreta |
| | Title: SOII |
| | Badge #: 1078 |
| | Date: (mm/dd/yyyy) 9/3/2019 |

**Please Print**

| INMATE'S NAME (Last, First M.I.) (please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| HERNANDEZ Augustine | 115550 | 9-3-19 |

| INSTITUTION | CASE NUMBER |
|---|---|
| Eyman / Browning | A21-345-019 |

TO: Director Level

I am appealing the decision of <u>The ADW who signed my I'm Grievence Respose</u> for the following reasons:

The response Didn't Address Any of my points. I brought to Attention, I Am feeling more isolated And Rageful, more Anxiety, Since the Advent of D.O. 812 on 7-24-19, I never received my rec on 7-27-19, or 7-29-19. I was told no make up rec by shift super's Then on Thursday 8-1-19 D.O. 812 was suspended, D.O. 812 restarted on 8-24-19. Since then I have Not been Able to go to the "10 x 10" interactive enclosure Due to Cancellation, no make up At All, prison officials are saying I'm Afforted 9.5 hours per week of out of cell time

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Augustine Hernz | 9-3-19 | COIII Managlan for COIV Van Winkle | 9/9/19 |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL: White – Inmate
Canary – Grievance File

ARIZONA DEPARTMENT OF CORRECTIONS
Case 2:12-cv-00601-ROS    Document 3368    Filed 09/24/19    Page 33 of 44
Inmate Grievance - GF Supplement

Page 1 of 8

| Inmate Name *(Last, First M.I.)* | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| HERNANDEZ Augustine | 115550 | Eyman/Browning | A21-345-019 |

my Rec shendule is Tuesday, Friday, And sunday all at 2.5 hours per rec that includes 10x10, That does Not Add up to 9.5 hours, that is 7.5 hours. Since the "Advent of D.O. 812" I am Feeling more isolated And with Attack of AAnxiety. My interactive recreational period has been modified, Do to the "812" "DO 812" To just chute solitary Rec, my interactive table time has been cancelled, As A step 3 I Am Suppose to receive outside "10x10" interactive Rec with other step Level 3 inmates, under ~~STE~~ Do.812 I Now get solitary chute Rec, Between 8-1-19 And 8-24-19 when DO.812 was temporarily Suspended, I was receiving Three, 3 hours of 10x10 interactive enclosures. Since August 24th No 10x10 enclosures rec's, under DI 326 matrix I was offered 4 times A week of outside 10x10 interactive Rec, Also interactive table time with Another inmate. DO. 812 supersedes DI 326 And I'm offered 2 times A week of solitary chute Rec, with a chance once A week to go to the 80 x 10 interactive enclosure, I don't go cause of cancelling. I believe prison officials are acting in Bad Faith in Regards to the incentives afforded to inmates step levels, Parson v. Ryan, Document, 1185 "stipulation", Efforts to Ameliorate the impacts of isolation were made By creating DI 326 And The step program matrix under Parsons v. Ryan, Eligible inmates were Allowed to interact And socialize with each other at maximum custody Facilities under DI 326, Administration is veering Away From this Rehabilitation And creating more isolation And Antisocialism to the inmate population

| Signature | Date |
|---|---|
| Augustin Hern | 9-3-19 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09

23 of 31

**Inmate Grievance Response**

| Inmate Name | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Hernandez, Augustine | 115550 | ASPC-E/Browning | A21-345-019 |

I have reviewed your inmate grievance case A21-345-019 in regards to a revised recreation schedule with the advent of DO 812 on July 24, 2019. The issue of contention is that under DI 326, you were entitled to receive four (4) outdoor recreation periods a week. All may be in the 10 x 10 interactive enclosure. Under DO 812 in the same status, you will receive three (3) 2.5 hour blocks per week, and may include one-time per week in the 10 x 10 interactive enclosure.

I have reviewed the information that you have provided, CO III Lewis's informal complaint response, and have consulted with the DO 812 supervisors.

Your proposed resolution is to abide by the Parsons v. Ryan stipulation, document 1185.

The new policy implementation is not punishment. The number of hours that you are afforded each week has not changed. When the Department was following DI 326, you were afforded as a Step (1) 7.5 hours per week, step (2) 8.5 hours per week and step (3) 9.5 hours per week. Additionally at Browning unit, you were offered an additional .5 hours per recreation period. Your program requirements are the same, as well as your out of cell time.

Browning unit will continue to offer 3 hour blocks of recreation, above and beyond what policy requires.

**This issue is considered resolved at this level. You have five (5) working days from the receipt of this response to appeal to the Director.**

End of response.

| Signature | Date |
|---|---|
|  | 8/29/19 |

INITIAL DESTRIBUTION – Committee Recommendation – All copies to Grievance Advisory Committee
FINAL DISTRIBUTION – White and Pink – Inmate, Canary – Grievance File

INITIAL DESTRIBUTION - GF Supplement – White and Canary – Grievance Coordinator, Pink – Inmate
FINAL DISTRIBUTION – White – Inmate, Canary – Grievance File



# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance

RECEIVED BY *Loh*
TITLE *COIV*
BADGE NUMBER 9746
DATE (mm/dd/yyyy) 8/11/19

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| HERNANDEZ Augustine | 115550 | 8-11-19 |

| INSTITUTION/FACILITY | CASE NUMBER |
|---|---|
| Eyman / Browning | A21-345-019 |

TO: GRIEVANCE COORDINATOR

### Description of Grievance (To be completed by the Inmate)

My Issue - Recently D.O. 812 was Implemented, as an StG I/m, Step III I Fall under D.O. 812's attachment B "Browning unit (GP)StG condemned Row" matrix, accordingly, my Recreation is three .25-hour Blocks per week in the 10x10 interactive enclosures. "officers were disregarding Plicy and making me have my Rec in "The standard enclosure" (White Rec) Despite knowing I Am a maximum custody, StG, Step III I/m inmate. Now I Am being told that with D.W. Days Approval, D.O. 812 wasn't being followed in Regards to the incentives per step level due to the I/m population. I believe prison administrators were acting in bad faith to incentives to I/m step levels. In Accordance with Persons v. Ryan, 2:12-CV-N0601-Phx-DJH, Document 1183 "Stipulation" Pg. 6 of 21, paragraph 18: Defendants

### Proposed Resolution (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

Informal attempts - Talked to Both Rec crews and with StG, Lorecie and McKimey, before and after The implementation of D.O. 812, Informal complaint 8-1-19 Resolment - Abide By Persons v. Ryan "stipulation", Document 1185, no Reprisons And A copy of the Required "notice" sitipulated in paragraph 22 on Pg 9 of 21 Exhaust All Administrative Remedies.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Augusty Hery | 8-11-19 | COIII Mongha for COIV Un Winkler | 8/14/19 |

### Action taken by Documentation of Resolution or Attempts at Resolution.

Unprocessed, See Attachment

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| B. May | 2880 | 8/12/19 |

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13

ARIZONA DEPARTMENT OF CORRECTIONS
Inmate Grievance - GF Supplement

Page 2
Case 2:12-cv-00601-ROS   Document 3368   Filed 09/24/19   Page 36 of 44
Loh 9746
8/11/19

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Hernandez Augustine | 165550 | Eyman/Browning | A21-345-019 |

Shall comply with The maximum custody Performance measures.
PG. 9 of 21, Paragraph 22: Defendants shall implement D.I. 326 And
The step program matrix For All Eligible prisoners And shall maintain them in
their current Form for the Duration of this stipulation, In the event that
Defendants Intend to modify D.I. 326 And the step program matrix
They shall provide plaintiff's counsel with Thirty (30) Days Notice.
In The event that parties Do not agree on the proposed modifications, The
Dispute shall Be submitted to magistrate Judge who shall Determine
Whether the modifications Effectuate the intent of the Relevant
Provisions of the Stipulation. PG 10 of 21, Paragragh 26: Cancelled
for Legitimate operational or safety And security Reasons, (I not enough
Hours in the shift to turnout all Eligible I/m's for their out of cell
time, Is not a) (Justified Reason in accordance with the Stipulation)
- Defendants shall make every Reasonable effort to ensure the Amount
of the cell shall be made up for those prisoners who missed out of cell
time. Maximum custody Performance measure: 3 and 6
(Exhibit D of The stipulation) Isn't happening. 3: out of cell
time, that is limited or cancelled is properly Documented And
Justified in accordance with the terms of the stipulation.
6:Eligible Inmates minimum of 6.5 Hours out of cell, step 1-2.5
Hours, step 2, 8.5 hours, And step 3 - a:5 hours out of cell.
Efforts to Ameliorate the impacts of Isolation were made by
Creating D.I. 326 And The step program matrix For All Eligible
Inmates to interact And socialize with other Inmates at max
custody Facilities, Administration is trying to veer away
From that Subterfugely And create more Isolation
And Anti Socialism to The inmate population.

| Signature | Date |
|---|---|
| Antone Hernandez | 8-11-19 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

802-7
7/13/09



# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Response

*For distribution: A copy of corresponding Inmate Informal Complaint Resolution must be attached to this response.*

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Hernandez, A | 115550 |
| Institution/Unit | |
| ASPC-EYMAN/BROWNING | |

| From | Location |
|---|---|
| COIII Lewis | King 10 |

This is in response to your informal complaint dated 8/01/2019 regarding what you state is DW Days instructing her Administrative staff to deprive STG/Death Row inmates of two (2) of the three (3) recreation days you were afforded while Director's Instruction 326 was in effect based on the Parson's vs Ryan agreement. You state you were not provided adequate notification regarding said policy changes. The resolution to your complaint is to be provided the incentives that were provided to you as outlined in Directors Instruction 326.

You provided with your complaint two (2) different versions of Department Order 812 Attachment B.

After review of available information, the following was found:

I reviewed your file and found you are an STG Step III inmate.

I also reviewed Department Order 812 – INMATE MAXIMUM CUSTODY MANAGEMENT AND INCENTIVE SYSTEM (which superseded Director's Instruction 326) effective on 7/24/2019.

Per DO 812 Attachment B:

Step III Recreational Activities:

For GP and STG - Three, 2.5-hour blocks per week, to include one-time per week, in the 10x10

In pod recreation

Recreation with another inmate in accordance with Department Order #704, Inmate Regulations

I am unable to resolve your complaint at my level. If you wish to move forward with the Grievance Procedure, you have five (5) work days from the receipt of this response to submit your Grievance to the Unit's Grievance Coordinator or your COIII. End of Response.

| Staff Signature | Date |
|---|---|
| | |

Distribution:    Original - Inmate
                Copy – Grievance Coordinator File

802-12(e)
12/12/13

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

Complaints are limited to one page and one issue.   Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| HERNANDEZ Augustine | 115550 | Eyman Browning | 8-1-19 |

| TO | LOCATION |
|---|---|
| C.O. III Lewis | 4-K-10 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I Am informally trying to Resolve The following Issue - Recreational Activities. I'm being denied step 3 : Per D.O. 812 I/m maximum custody management And incentive system, I AM classified under "Attachment B - Browning unit (GP)(STG) (Condemmed Row)" matrix, Per Attachment B's matrix as A step III my recreation is "Three 2.5 Hour blocks per week in the 10 x 10 interactive enclosures" However, officers are disregarding Policy And making me have my Rec in "The Standard enclosure" ((Chute Rec) Despite Knowing I AM a maximum custody, STG, step III inmate. Officers are also violating The maximum custody performance measures "situated under the class Action law suit Parsons v. Ryan. Et Al case 2:12 cv 00601 DKD specifically, Performance measure (P.M) #6 Before ~~STG~~ Do 812 And implemented 07-24-19 as AN I/m, step III I would recieve Three, 3 Hours of Rec in The 10 x 10 interactive enclosure per week Now I'm recieving less out of cell exercise And less socialization while maintaing my step 3 level. Per Parsons v. Ryan, efforts to Ameliorat the impacts of Isolation were made By creating incentives to interact and socialize with other I/ms at maximum custody Facilites by Allowing Access to excercise enclosures Greater Socialization During exercise Periods. This is not happening, officers are creating more Isolation

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| *(signature)* | 8-1-19 |

Have you discussed this with institution staff?   ☐ Yes   ☐ No

If yes, give the staff member name:

Distribution:   INITIAL: White and Canary - Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

EXHIBIT
E

♦     **How can you help me?**

In recent months, we have heard from people at some prisons that there is a rumor that the ACLU and Prison Law Office are no longer the attorneys since Centurion started providing health care. This is not true, we are still the attorneys for all people in the *Parsons* class. Our work is focused on making sure that ADC does everything required by the Stipulation. We do this through document review and monitoring trips to the prisons, where we talk to class members and staff. When necessary, we go to court and ask the federal judge to issue further orders directing ADC to comply with the Stipulation.

We have divided monitoring duties with our co-counsel. The Prison Law Office monitors problems with medical and dental care. We may be able to notify ADC attorneys if we learn of people with serious and urgent untreated health care needs that could lead to death or permanent injury, or that are seriously affecting activities of daily living, including eating, bathing, dressing, toileting, walking, transferring, and continence. Other than notifying ADC, we cannot assist with your individual health care concern.

The ACLU National Prison Project monitors problems with mental health care and the maximum custody units. You can write to them directly via confidential Legal Mail at:

ACLU National Prison Project
Attn: David Fathi, Attorney at Law
915 15th Street, NW, 7th Floor
Washington, DC 20005

The *Parsons* lawsuit did <u>not</u> seek money damages. If you want to file an individual lawsuit, we cannot represent you, and you must exhaust your grievance (this means take it to the highest level) before you can file a lawsuit. We have free self-help material we can send you on how to exhaust grievances, how to file a lawsuit in state or federal court, and a list of attorneys who in the past have sued ADC and/or Corizon. If you would like any of this information, please write us and ask for it.

We also have prepared numerous self-help handouts on other topics, including: Commutation and Compassionate Release, Hepatitis C, HNR Charges and Charges for Outside Medical Care, Immigrant Resources, Innocence Project, Legal Mail, LGBT Resources, Medical Diets, Medical Records Request Process, Pain Management, Pardons, Parental Power of Attorney forms, and Parole / Community Resources for People Leaving Prison. Please write to us if you would like a free copy of these handouts. You can also write and ask for any of the court orders described on the next pages.

EXHIBIT
F

CHAPTER: 800

Inmate Management

DEPARTMENT ORDER:

812 – Inmate Maximum Custody
Management and Incentive System

OFFICE OF PRIMARY
RESPONSIBILITY:

OPS

Effective Date:

July 24, 2019

Amendment:

N/A

Supersedes:

DI 326 (3/27/14)

Scheduled Review Date:

TBD

ACCESS

☐  Contains Restricted Section(s)

# Arizona Department of Corrections

## Department Order Manual



Charles L. Ryan, Director

## ATTACHMENT B

| BROWNING UNIT (GP / STG / Condemned Row (**)) | | | |
|---|---|---|---|
| **Item** | **Step I** | **Step II** | **Step III** |
| Intake | Orientation and sign Memo of Expectations for Maximum Custody Step Plan | N/A | N/A |
| Expectations | • Follow Rules and Regulations including Department Order #704, Inmate Regulations<br>• Participate in prescribed programs/classes/individual in-cell study groups as per program plan (Attachment G)<br>• Participate in the Reentry Program for all those within 18 months of release | • Follow Rules and Regulations including Department Order #704, Inmate Regulations<br>• Participate in prescribed programs/classes/individual groups as per program plan (Attachment G)<br>• Demonstrate positive social interaction skills | • Follow Rules and Regulations including Department Order #704, Inmate Regulations<br>• Participate in prescribed programs/classes/individual groups as per program plan (Attachment G)<br>• Maintain "meets expectation" on all work evaluations<br>• Consistently demonstrate positive social interaction skills<br>• Demonstrate good work ethic |
| Step Level Advancement<br><br>(recommended by Program Team) | To Step II:<br>• Minimum of 30 calendar days in Step I<br>• Display behavior that is cooperative and respectful<br>• No discipline in previous 30 calendar days | To Step III:<br>• Minimum of 30 calendar days in Step II<br>• Display behavior that is cooperative and respectful<br>• Must complete or actively participating in all programs as per program plan | N/A |
| Step Level Reduction<br><br>(decision by Program Team on a case-by-case basis) | N/A | To Step I:<br>• Found guilty of a Class A or B rule violation<br>• Two or more Class C rule violations within 90 calendar days while in Step II<br>• Refusal to program<br>• Consistently demonstrate poor socialization skills, and/or non-cooperative behavior | To Step II:<br>• Found guilty of a Class C disciplinary violation<br>• Repeated demonstration of poor behavior<br><br>To Step I:<br>• Found guilty of a Class A or B rule violation<br>• Refusal to program<br>• Consistently demonstrate poor socialization skills, and/or non-cooperative behavior |
| Store | $60/week  -  $80/Holiday | $80/week  -  $120/ Holiday | $100/week  -  $160/ Holiday |
| Phone | 1 per week/15 minutes in duration | 2 per week/15 minutes in duration | 3 per week/15 minutes in duration |
| Visitation | One, 2-hour non-contact visit block per week | Two, 2-hour non-contact visit blocks per week | Three, 2-hour non-contact visit blocks per week |

### BROWNING UNIT (GP / STG / Condemned Row (**))

| Item | Step I | Step II | Step III |
|---|---|---|---|
| Recreation | Three, 2.5-hour blocks per week in the standard enclosure | Three, 2.5-hour blocks per week, one of which can be in the 10x10 interactive enclosure | • Recreational Activities:<br>  • For GP – One, 2.5-hour block per month in 20x40 basketball enclosure (up to eight inmates)<br>  • For GP and STG - Three, 2.5-hour blocks per week, to include one-time per week, in the 10x10 enclosures<br>  • For Condemned Row – Four, 2.5-hour blocks per week of outdoor recreation - All can be in the 10x10 interactive enclosures<br>• In pod recreation<br>• Recreation with another inmate in accordance with Department Order #704, Inmate Regulations |
| Hobby Craft | None | Origami and pencil drawing supplies | Origami and pencil drawing supplies |
| Resource Center/Library Access | Yes | Yes | Yes |
| TV (*) | Yes | Yes | Yes |
| Securepak | Once per quarter within security limitations on certain items | Once every other month within security limitations on certain items | Once every month within security limitations on certain items |
| Other | None | Participate in fundraisers | • Participate in fundraisers<br>• WIPP - Jobs as pod porter<br>• Unrestrained escorts – may be eligible |

(*)  Loaner televisions (TV) are issued upon availability with an emphasis on delivery of programing content.  Priority is given to inmates in Mental Health Programs and Restrictive Housing. Inmates who are no longer indigent or in the Maximum Custody Steps process shall forfeit access to the loaner TV program.

(**) Condemned Row program requirement is voluntary.