Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**NOTICE REGARDING DR. MARC STERN'S RECOMMENDATIONS TO TERMINATE PERFORMANCE MEASURES (Dkt. 3379)** |

Defendants, through counsel, attach sections of Dr. Marc Stern's analysis that were originally to be included in his report that was filed by the Court on October 3, 2019 (Dkt. 3379), until they were deleted several hours prior to submission to the Court on October 2, 2019.  The deletions include a section and a table describing 508 performance measures that Dr. Stern recommended should be terminated from the Stipulation; 19 performance measures that Dr. Stern recommended be retired or terminated contingent on the Court's acceptance of the recommendation cited; and 61 performance measures that Dr. Stern recommended be retired or terminated contingent upon the Court's acceptance of the recommendation cited and subsequent success on re-audit.

Specifically, Defendants were informed of the removal of the section and table from the report to be filed with the Court shortly before Dr. Stern submitted his report to

the Court on October 2, 2019. (Exh. 1, Decl. of Daniel P. Struck). Based upon a telephone conference between Dr. Stern and undersigned counsel on October 4, 2019, it is counsel's understanding that the section and table addressing compliant performance measures was removed primarily due to the fact that Plaintiffs' counsel had various objections to the section/table, and Dr. Stern was concerned that the time spent addressing these objections would delay the filing of the report. (*Id.*) This, despite the fact that sections to which Defendants objected to were included in the report, with Dr. Stern simply advising the Court of Defendants' objections. In addition, it is undersigned counsel's understanding that Dr. Stern was concerned that his work with respect to identifying which performance measures should be terminated from the Stipulation might have been outside the scope of his duties as defined by the Court. (*Id.*) However, the December 6, 2018, hearing regarding the appointment of Dr. Stern and the subsequent Orders regarding the same establish otherwise. Indeed, in appointing Dr. Stern, the Court saw "the big problem has been the performance measures and whether or not there's been compliance." (Doc. 3093 at 4:19-22; *see also* 5:3-8; 14:5-15; 16:24-17: 21; 18:2-11.) The Court further concluded during the December 2018 hearing that including assessment of monitoring methodology and accuracy, Dr. Stern would focus on performance measures, whether or not the performance measures had been complied with, and report to the Court whether there has been compliance on 627 performance measures that Defendants believed at the time of the hearing to be compliant. (Doc. 3093 at 30:7-31:9; 32:5-16; *see also* Docs. 3089, 3127.)

      Dr. Stern does not object to Defendants filing this Notice with the Court advising of sections deleted from the final report and the reasons therefore, but expressed a preference that the parties attempt to resolve whatever objections Plaintiffs' counsel might have with respect to the removed sections. Defendants were never provided Plaintiffs' objections to the removed sections of the report.

      Defendants submit the removed sections of Dr. Stern's report and the accompanying Exhibit 2 to the Court in light of the fact that they support Defendants'

prior assertions to the Court that the majority of the performance measures required by the Stipulation have been met by the Defendants and should be terminated from the Stipulation, allowing the Court and the parties to concentrate on the performance measures which have been found to be in substantial non-compliance. (*See* Exh. 1 at Attachment A which constitutes true and correct excerpts of Dr. Stern's September 30, 2019 draft report as it stood five hours before being submitted to the Court on October 2, 2019, presented here in comparison format showing deleted portions in redline format.) In addition, assessment and determination of compliant performance measures was work performed by Dr. Stern and information salient to this Court's determination that Defendants are indeed substantially compliant with far more than the majority of the Stipulation's health care performance measures which Plaintiffs continually challenge without legitimate basis.

DATED this 7th day of October, 2019.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Daniel P. Struck
   Daniel P. Struck
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   3100 West Ray Road, Suite 300
   Chandler, Arizona  85226

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Molly Brizgys: | mbrizgys@acluaz.org |
| Marty Lieberman: | mlieberman@acluaz.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck