Marty Lieberman (Bar No. 007442)
Molly Brizgys (Bar No. 029216)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: mliberman@acluaz.org
　　　　mbrizgys@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE (DKT. 3382)** |

LEGAL145937336.1

1    Dr. Marc Stern, the Court's Rule 706 expert, submitted his report to the Court on
2 October 2, 2019.  On October 7 Defendants, apparently dissatisfied with Dr. Stern's final
3 report, filed with the Court portions of an earlier draft of the report that was more to their
4 liking.  This draft report is irrelevant and Defendants' filing of it is improper, and should
5 be disregarded by the Court.

6    This Court appointed Dr. Stern as an expert pursuant to Fed. R. Evid. 706 on
7 December 11, 2018.  [Doc. 3089]  The parties had their first joint telephone conference
8 with Dr. Stern on January 2, 2019.  [*See* Declaration of Corene Kendrick ("Kendrick
9 Decl."), filed herewith, ¶ 2]  In the nine months between that date and the submission of
10 his final report, Dr. Stern held numerous telephone conferences—sometimes with both
11 parties at the same time, but more frequently with Plaintiffs' counsel or with Defendants
12 and their counsel separately.  [*Id*. ¶¶ 3-5]  Most of those conferences involved discussion
13 of Dr. Stern's tentative findings and conclusions, either as related orally by Dr. Stern, or
14 as set forth in a partial or complete draft of his report.  [*Id*. ¶ 4]

15    Over the weeks and months of these discussions, Dr. Stern's draft report evolved as
16 he considered the input of the parties.  Plaintiffs' counsel objected to a number of
17 provisions in the various drafts.  In some cases, Dr. Stern deleted or modified the
18 provision in question in response to a comment or objection; in other cases, he rejected
19 Plaintiffs' counsel's objection and the provision remained.  [Kendrick Decl. ¶ 4]
20 Plaintiffs believe that Dr. Stern engaged in a similar process with Defendants and their
21 attorneys, as his report indicates when Defendants objected in whole or in part to a
22 recommendation or conclusion.

23    In short, Dr. Stern's final report reflects and incorporates his consideration of the
24 parties' comments in light of his expertise.  If a provision is in the final report, it is
25 because Dr. Stern saw fit to include it; if a provision is absent, it is because Dr. Stern
26 decided to omit it.  Defendants asked Dr. Stern to include certain material in his final
27 report to the Court, and he declined.  That should be the end of the matter.

28

1    For Defendants to take it upon themselves to file on the public docket a portion of
2    an earlier draft report that Dr. Stern decided, in the exercise of his expertise, to exclude
3    from his final report is highly improper.  It is, however, entirely consistent with
4    Defendants' repeated attempts to undermine and impede the work of the Court's Rule 706
5    experts.  [*See, e.g.*, Doc. 3127 at 1 ("It appears, however, that Defendants wish to
6    artificially limit the scope of Dr. Stern's work both in substance and by preventing him
7    from speaking with personnel involved in providing care. Such limitations are not
8    appropriate"); Doc. 3269 at 1-2 ("while none of Defendants' objections [to the
9    appointment of Dr. Abplanalp] have merit, the Court must specifically address them
10   because they raise concerns about Defendants' candor to the Court")]

11   Defendants' improper action also fatally compromises the confidentiality of
12   Dr. Stern's draft report.  The law uniformly provides that drafts of expert reports and
13   similar documents that include pre-final decisions and information are generally
14   confidential, and not discoverable or disclosable.  *See, e.g.*, Fed. R. Civ. P. 26(b)(4)(B)
15   (drafts of expert reports are protected from discovery "regardless of the form in which the
16   draft is recorded"); *see also Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114,
17   1120-21 (9th Cir. 1988) (documents that were "working drafts" subject to revision are
18   pre-decisional and therefore not disclosable under FOIA).

19   Defendants assert that they "were never provided Plaintiffs' objections to the
20   removed sections of the report" (Doc. 3382 at 2), but conspicuously fail to note that they
21   did not notify or consult with Plaintiffs' counsel in any way before filing Dr. Stern's draft
22   report.  [Kendrick Decl. ¶ 7]  Defendants' improper conduct in filing this draft on the
23   public docket is especially ironic in light of their earlier request that Dr. Stern's entire
24   final report be filed under seal.  [*See* Doc. 3111 at 11 ("Defendants request that any report
25   filed with the Court be filed under seal")]

26   For all of these reasons, the Court should disregard Defendants' filing at Doc. 3382
27   and 3382-1.

28

1   Dated:  October 9, 2019            **ACLU NATIONAL PRISON PROJECT**

2

3                         By:   s/ David C. Fathi

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@aclu.org
          afettig@aclu.org

*Admitted *pro hac vice*.  Not admitted
 in DC; practice limited to federal
 courts.
**Admitted *pro hac vice*

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          ckendrick@prisonlaw.com
          rlomio@prisonlaw.com

*Admitted *pro hac vice*

Marty Lieberman (Bar No. 007442)
Molly Brizgys (Bar No. 029216)
**ACLU FOUNDATION OF
ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    mlieberman@acluaz.org
          mbrizgys@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
          agerlicher@perkinscoie.com
          jhgray@perkinscoie.com

1

2

3

4

*Attorneys for Plaintiffs Shawn Jensen;*
*Stephen Swartz; Sonia Rodriguez; Christina*
*Verduzco; Jackie Thomas; Jeremy Smith;*
*Robert Gamez; Maryanne Chisholm;*
*Desiree Licci; Joseph Hefner; Joshua*
*Polson; and Charlotte Wells, on behalf of*
*themselves and all others similarly situated*

5

6

**ARIZONA CENTER FOR DISABILITY
LAW**

7

By: __s/ Maya Abela_____

8

9

10

Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:   adietrich@azdisabilitylaw.org

11

12

13

14

15

16

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR
DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
    rdalyrooney@azdisabilitylaw.org
          jrico@azdisabilitylaw.org
          mabela@azdisabilitylaw.org

17

18

*Attorneys for Arizona Center for Disability*
*Law*

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 9, 2019, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com

*Attorneys for Defendants*

s/ D. Freouf