| | |
|---|---|
| 1 | Marty Lieberman (Bar No. 007442) |
| | Molly Brizgys (Bar No. 029216) |
| 2 | **ACLU FOUNDATION OF ARIZONA** |
| | 3707 North 7th Street, Suite 235 |
| 3 | Phoenix, Arizona 85013 |
| | Telephone: (602) 650-1854 |
| 4 | Email: mlieberman@acluaz.org |
| | mbrizgys@acluaz.org |
| 5 | |
| | *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia* |
| 6 | *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy* |
| | *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,* |
| 7 | *Joseph Hefner, Joshua Polson, and Charlotte Wells, on* |
| | *behalf of themselves and all others similarly situated* |
| 8 | **[ADDITIONAL COUNSEL LISTED BELOW]** |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-ROS |
| Plaintiffs, | **DECLARATION OF CORENE KENDRICK** |
| v. | |
| David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

146154101.1

I, Corene Kendrick, declare:

1. I am an attorney licensed to practice in the State of California, and admitted to this Court *pro hac vice*. I am a senior attorney at the Prison Law Office, and counsel for the Plaintiffs in this case. If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge. I offer this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs.

2. The Prison Law Office engages in class action and other impact litigation to improve the conditions of prisons and jails for adults and children, represents individual prisoners, educates the public about prison conditions, and provides technical assistance to attorneys throughout the country. Since its founding, we have litigated numerous large-scale prisoner and parolee class actions, including successfully arguing before the U.S. Supreme Court in *Brown v. Plata*, 563 U.S. 493 (2011) (holding the court mandated population limit for California prisons was necessary to remedy violations of prisoners' constitutional rights to adequate medical and mental health care) and *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206 (1998) (unanimously holding the Americans with Disabilities Act applies to state prisoners). In addition to this case, other class action and impact litigation cases brought by the Prison Law Office involving the rights of incarcerated people include *Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1993) (action challenging conditions, psychiatric and medical care, and HIV discrimination at California Medical Facility); *Madrid v. Gomez*, 889 F. Supp. 1146 (N.D. Cal. 1995) (action challenging conditions, medical and mental health care, guard brutality, due process, personal safety, and access to law libraries at Pelican Bay State Prison); *Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995) (statewide class action challenging the adequacy of mental health care in California prisons); *Clark v. California*, 123 F.3d 1267 (9th Cir. 1997) (statewide class action on behalf of developmentally disabled California prisoners under the Americans with Disabilities Act); *Armstrong v. Wilson*, 124 F.3d 1019 (9th Cir. 1997) (statewide class action on behalf of physically disabled California prisoners under the Americans with Disabilities Act); *Plata v. Schwarzenegger*, No. C-

146154101.1

O1-1351 TEH (N.D. Cal. 2001) (statewide class action challenging inadequacy of California prisoner health care); *Valdivia v. Davis*, 206 F. Supp. 2d 1068 (E.D. Cal. 2002) (statewide class action challenging the lack of due process in California Board of Prison Terms parole revocation proceedings); *Farrell v. Tilton*, Alameda County Sup. Ct. No. 3079344 (2003) (taxpayer action to reform the conditions of confinement for wards under the jurisdiction of the California Division of Juvenile Justice); *Perez v. Tilton*, No. C-05-5241 JSW (N.D. Cal. 2005) (statewide class action challenging inadequacy of California prisoner dental care); *Mitchell v. Felker*, No. 2:08-cv-01196-RAJ (E.D. Cal. 2008) (statewide class action challenging California Department of Corrections and Rehabilitation's practice of imposing race-based lockdowns at institutions); *Hall v. County of Fresno*, No. 1:11-CV-02047-LJO-BAM (E.D. Cal. 2011) (civil rights class action challenging conditions in Fresno County jails); *Gray v. County of Riverside*, (C.D. Cal. 2013) No. EDCV13-0444 VAP (civil rights class action challenging health care at Riverside County jails); *Chavez v. County of Santa Clara*, No. 15-cv-05277 NJV (N.D. Cal. 2015) (civil rights class action challenging health care, disability discrimination, and use of force and solitary confinement at Santa Clara County jails); *Topete v. County of San Bernardino*, No. 5:16-cv-00355-VAP-DTB (C.D. Cal. 2016) (civil rights class action challenging solitary confinement, health care, disability discrimination and use of force at San Bernardino County jails); *Mays v. County of Sacramento*, No. 2:18-cv-02081-TLN (E.D. Cal. 2018) (civil rights class action challenging conditions of confinement, mental health care, and medical care in Sacramento County jails); and *Teneng v. Trump*, No. 5:18-cv-01609-JGB-KK (C.D. Cal. 2018) (civil rights class action against the federal government regarding the incarceration of asylum seekers and immigrants at a federal prison).

3. In early 2011, the Prison Law Office began its investigation into the conditions of confinement at ADC's state run prisons, and representing the class of people who are incarcerated at ADC's state run prisons. Since that time, the office has engaged in pre-trial discovery and motion practice, negotiated the Stipulation, and once the

Stipulation was approved by the Court, engaged in monitoring and enforcement activities. We remain in ongoing contact with the named plaintiffs and members of the plaintiff class through individual correspondence, visits, and telephone calls.  However, both routine monitoring in this case and client contact are not billed to enforcement work under the Stipulation.

4. The Prison Law Office has devoted an enormous amount of time and expense enforcing the Stipulation in the face of the constant obstacles erected by the ADC, Corizon, and Defendants' counsel.  Compared to the many other judgments and settlements my office monitors, this case stands out for Defendants' failure to acknowledge that there are problems in the delivery of health care, failure to cooperate in any meaningful way, and their seeming unwillingness or inability to comply with the Court's orders or the remedies that they agreed to implement.  The complexities of enforcement work in this case prevented me and other attorneys in the Prison Law Office from taking on additional fee generating work during the period from July 1, 2018 to June 30, 2019.

5. Each Prison Law Office employee who worked on this case maintained contemporaneous records showing the time worked on the case and provided a detailed description of the work.  The office's policy and standard business practice with respect to recording billable time, which it followed here, is that employees record daily the time that they spend on a particular task in increments of one-tenth of an hour, and enters those hours into the Timeslips computerized billing system.  I have reviewed each entry and the office's summary of time and costs.  The amount claimed comes after I exercised billing judgment to exclude hours that were redundant, excessive, or otherwise unnecessary.  I believe the time claimed is reasonable and fair.  Attached hereto as **Exhibit A** is a summary of the time spent on this case by each timekeeper.

6. We have staffed this case as efficiently as possible.  To that end we utilize law students to perform basic legal research and document review and analysis.  We pay law students who work as law clerks for the office during the summer.  At times, a student

1  may opt to receive course credit in lieu of payment for their work. All four law students
2  who worked on *Parsons* during the period July 1, 2018 to June 30, 2019 were paid.

3      7.    In total, the Prison Law Office seeks compensation for a total of
4  $105,916.65 in attorney fees and $3,718.95 in expenses. All of this time was reasonably
5  and necessarily spent, and all of these expenses were reasonably and necessarily incurred,
6  in enforcing the provisions of the Stipulation. Attached hereto as **Exhibit B** is a detailed
7  description of all time and expenses for which this office is seeking compensation by
8  timekeeper. Exhibit B includes expenses that are typically billed to clients such as travel,
9  transcripts, and interpretation services. My airfare expense for the December 2018
10 hearing is different from Don Specter's is because my travel was split 50-50 between the
11 enforcement and monitoring accounts, as I spent one day at the hearing and a second day
12 touring a prison. Every effort was made to keep travel costs low. The time and expenses
13 set forth in Exhibits A and B do not include time or expenses spent on monitoring
14 activities.

15     8.    The PLRA rate of $223.50 per hour is far below the market rate for
16 attorneys in the San Francisco Bay Area. It also is below the applicable market rate for
17 investigators, paralegals, and law students. The current 2019 San Francisco Bay Area
18 rates that the California Department of Corrections and Rehabilitation pays PLO for non-
19 PLRA cases, which do not include a surcharge for exceptional results, are as follows:

| Staff | Year of Bar Admission | FY 2019 Hourly Rate |
|---|---|---|
| Donald Specter | 1978 | $995 |
| Alison Hardy | 1988 | $870 |
| Sara Norman | 1997 | $805 |
| Corene Kendrick | 2003 | $700 |
| Rita Lomio | 2007 | $625 |
| Thomas Nosewicz | 2008 | $600 |
| Amber Norris | Senior Investigator | $335 |

| Staff | Year of Bar Admission | FY 2019 Hourly Rate |
|---|---|---|
| Tania Amarillas | Investigator | $300 |
| Patrick Booth | Law Student | $275 |
| Claudia Ceseña | Law Student | $275 |
| Curtis Harris | Law Student | $275 |
| Christopher Johnson | Law Student | $275 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 29, 2019, in Berkeley California.

        s/ Corene T. Kendrick
       Corene T. Kendrick

**ADDITIONAL COUNSEL:**   Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email: dspecter@prisonlaw.com
    ahardy@prisonlaw.com
    snorman@prisonlaw.com
    ckendrick@prisonlaw.com
    rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Eunice Hyunhye Cho (Wash. 53711)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@aclu.org
         afettig@aclu.org
         echo@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:   dbarr@perkinscoie.com
         agerlicher@perkinscoie.com
         jhgray@perkinscoie.com

Marty Lieberman (Bar No. 007442)
Molly Brizgys (Bar No. 029216)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:   mlieberman@acluaz.org
         mbrizgys@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2019, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com

*Attorneys for Defendants*

Asim Dietrich
Rose A. Daly-Rooney
J.J. Rico
Maya Abela
ARIZONA CENTER FOR DISABILITY LAW
adietrich@azdisabilitylaw.org
rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org
mabela@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

s/ D. Freouf