Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' STATEMENT RE: OCTOBER 11, 2019 ORDER (Dkt. 3385)** |

On October 11, 2019, the Court ordered the parties to select one of three options: (1) continue with the existing Stipulation; (2) negotiate a new settlement agreement; or (3) set aside the Stipulation and proceed to a trial on the merits. (Dkt. 3385.) Defendants agree with the Court that "Dr. Stern's recommendations appear to be a solid basis on which the parties could craft a supplemental settlement agreement." (*Id.* at 4.) For example, Dr. Stern believes that, of the remaining 890 healthcare performance measures: 515 should be terminated unconditionally; 21 should be retired; and 113 are no longer applicable to the particular complex. (Dkt. 3382-1 at 9–10; Dkt. 3379 at 37–38, 44, 53–56, 89–90.) If accepted by Plaintiffs (or the Court), that would reduce the number of monitored healthcare performance measures to approximately 241, which is less than 25% of the total number

originally required to be monitored under the Stipulation.[1] (Dkt. 1185-1, 2900.) That would allow resources and efforts to target and cure those performance measures that remain non-compliant. (*See* Dkt. 3385 at 4 ["Such an agreement would result in a much more focused effort aimed at ensuring the delivery of required health care."].)

Although Dr. Stern believes that there are issues regarding the accuracy of compliance data for 11 *other* specific performance measures, he did not find either the compliance data or ADC's monitoring system to be systemically inaccurate or unreliable. (Dkt. 3379 at 9–48.) In fact, he rejected many of Plaintiffs' concerns, endorsed many of ADC's monitoring methods, and concluded: "It is my firm conclusion that ADC monitors conduct their work as fiduciaries for patients incarcerated at ADC. Their first and only consideration is whether patients are safe, as measured by the PMs they review. If anything, I found their audit decisions, at times, to be less forgiving of the vendor's actions than I might have been myself." (*Id*. at 9.) For those specific performance measures that he took issue with, he provided the parties recommendations for measuring going forward.[2] The parties can build on those and other recommendations during negotiations.

As the Court recognizes, the upshot in negotiating a new settlement agreement is "possibly resolving the entire controversy, including all matters before this Court and the Ninth Circuit." (Dkt. 3385 at 4.) Therefore, Defendants choose Option 2: "send the parties

---

[1] Of those 241 healthcare performance measures, only 43 have been included in an order to show cause for chronic non-compliance. (Dkt. 2372, 3235.) The Court has held Defendants in contempt for failing to comply with 19 of those performance measures (Dkt. 2898), just 2% of the total number originally required to be monitored under the Stipulation (Dkt. 1185-1, Exhibit B).

[2] For those performance measures that he believes should be measured differently, Dr. Stern did not find any intentional wrongdoing by ADC monitors. (Dkt. 3379 at 14–15, 19, 38–39, 41–42, 48.) One performance measure (PM 44) he believed resulted in "over- *or understated*" compliance data (*id*. at 38–39, emphasis added); compliance data for two performance measures (PMs 85 & 86) he believed were "not necessarily wrong, but they are statistically 'watered down'" (*id*. at 45); and one recommendation he admits is "not perfect, but it is practical, and most importantly achieves the intent of the PM" (*id*. at 48). Dr. Stern also urged the Court to reconsider its prior Order removing "N/A" entries from the compliance calculus, and to reverse its prior Order requiring ADC to reinstate the HNR-box system. (*Id*. at 70, 108–109.)

1 for settlement negotiations." (*Id.* at 6.) If Plaintiffs refuse, the Court should pursue continued enforcement of the Stipulation.

DATED this 4th day of November, 2019.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Daniel P. Struck
  Daniel P. Struck
  Rachel Love
  Timothy J. Bojanowski
  Nicholas D. Acedo
  3100 West Ray Road, Suite 300
  Chandler, Arizona 85226

  *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| Name | Email |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Molly Brizgys: | mbrizgys@acluaz.org |
| Marty Lieberman: | mlieberman@acluaz.org |
| Eunice Cho | ECho@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P., Struck