1  Martin Lieberman (Bar No. 007442)
   Molly Brizgys (Bar No. 029216)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: mlieberman@acluaz.org
            mbrizgys@acluaz.org
5
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
6  *Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
   *Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
7  *Desiree Licci, Joseph Hefner, Joshua Polson, and*
   *Charlotte Wells, on behalf of themselves and all others*
8  *similarly situated*

9  **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

10 Asim Dietrich (Bar No. 027927)
   **ARIZONA CENTER FOR DISABILITY LAW**
11 5025 East Washington Street, Suite 202
   Phoenix, Arizona 85034
12 Telephone: (602) 274-6287
   Email: adietrich@azdisabilitylaw.org
13
   *Attorneys for Plaintiff Arizona Center for Disability Law*
14
   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
15

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' RESPONSE TO THE COURT'S OCTOBER 11, 2019 ORDER [DOC. 3385]** |

Pursuant to the Court's order setting out the "three options regarding the future course of this case," (Doc. 3385 at 1), Plaintiffs respond as follows:

In response to this Court's orders (Doc. 3385 at 6; Doc. 3387 at 1), on October 25, 2019, Plaintiffs' counsel spoke telephonically with Counsel for Defendants and informed them which of the options Plaintiffs planned to pursue. [Declaration of Corene Kendrick ("Kendrick Decl."), filed herewith, ¶ 2]

Plaintiffs' preference is to set the case for trial. It is clear from Defendants' conduct in the past five years that they have no intention of complying with all of the substantive provisions of the Stipulation. In addition, Dr. Stern's report makes clear that without modification the Performance Measures and other parts of the Stipulation will not ensure that the Plaintiff class receives constitutionally adequate care. [*See* Doc. 3379 at 72-88, 113-135 (detailing how Defendants' failure to successfully perform on the Performance Measures poses a significant risk of serious harm to class members, and concluding that the measures by themselves do not accurately reflect the adequacy of the care provided to class members as reflected in cases where class members were placed at risk of serious harm); *see also* Kendrick Decl. ¶ 3, Ex. 1 (small sample of the almost 300 letters sent by Plaintiffs' counsel to Defendants between May 17 and November 1, 2019, regarding people at risk of, or actually suffering, serious injury or death due to inadequate medical, dental, or mental health care)] As the Court noted, "if Defendants continue to argue the Court lacks meaningful authority to coerce them into complying with the stipulation, setting aside the stipulation likely is the only solution." Doc. 3385 at 5.[1]

Defendants informed Plaintiffs that their preference is to engage in new settlement negotiations. Plaintiffs are willing to engage in negotiations pending trial under certain conditions. In light of Defendants' argument that the only remedy for non-compliance

---

[1] However, for the reasons set forth below, the Court cannot terminate the current Stipulation until it renders judgment after trial or enters a new agreement reached by the parties. Plaintiffs dispute Defendants' position that the Stipulation is unenforceable and that this Court lacks power to enforce it. *See* Ninth Circuit No. 18-16358, Dkt. 43, at 62-67. All citations to the district court or Court of Appeals docket are to the page numbers assigned by the ECF system.

with the Stipulation (which they contend is nothing more than a private settlement agreement) is to set the case for trial, it makes no sense to enter into settlement negotiations if Defendants are unwilling to agree to a consent decree or other fully enforceable judgment. Similarly, much of the past five years has been devoted to proving that Defendants are not accurately reporting their compliance with the Performance Measures. Thus, in order to ensure a fair and accurate monitoring process, the substantive provisions of any agreement must be monitored by an independent person or entity. Finally, since Dr. Stern has clarified many of the issues and the parties have been engaged with each other for seven years, the negotiation period should be short.

Therefore, Plaintiffs will enter into negotiations while preparing for trial only if Defendants agree that (1) the product of those negotiations will be a consent decree or other fully enforceable judgment, (2) Defendants' compliance with the substantive provisions of the decree will be subject to monitoring by an independent and neutral person or entity, and (3) the negotiation period will be time limited, such as to 60 days. Plaintiffs also request that a district court judge be the settlement judge, because of (1) the complex nature of the case; (2) the parties' adversarial relationship; (3) the fact that any settlement would necessarily require the State of Arizona to commit substantial financial resources; and (4) Defendants' position that federal magistrate judges lack the authority to oversee or manage this case. [*See, e.g.*, Docs. 2641, 2642, 2692, 2693, 2753, 2777, 2779]

This Court has the discretion pursuant to Federal Rule of Civil Procedure 60(b)(5) to reinstate the proceedings on the grounds that applying the Stipulation "prospectively is no longer equitable." Fed. R. Civ. Proc., R. 60(b)(5); *see Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410–11 (9th Cir. 1991) (district court facing "consistent noncompliance" or "bad faith noncompliance" with settlement agreement could restore a dismissed case to the civil active list); *see also Grand Canyon West Ranch, LLC v. Kempthorne*, Case No. CV-03-02496-PCT-NVW, 2013 WL 12364963, at *5 (D. Ariz. July 1, 2013) (district court reinstated dismissed case, after finding that the interest of equity is served "by giving effect to the intentions and expectations of the

parties as far as the enforceability of the settlement agreement."); 11 Mary Kay Kane, FED. PRAC. & PROC. § 2863 (Rule 60(b)(5) is "based on the historic power of a court of equity to modify its decree in the light of changed circumstances"). And pursuant to the Stipulation, the Court "shall retain the power to enforce this Stipulation through all remedies provided by law," with two narrow exceptions not relevant here. Doc. 1185 ¶ 36.[2] Given the binding precedent and the Stipulation's explicit reservation, the Court certainly has the authority to set the case for trial where, as here, it retains jurisdiction and the case is not dismissed.[3]

However, for legal and equitable reasons, this Court should not terminate the current Stipulation until it issues a judgment subsequent to trial, because until the Court issues a new decree, Plaintiff class members need and are entitled to the protections of the Stipulation. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 352 (9th Cir. 1999) ("A judgment is property, so taking it away requires due process of law. [. . .] Due process generally requires notice and an opportunity to be heard before a governmental deprivation of a property interest.") (citations omitted)). Plaintiffs' counsel must have continued access to class members, their electronic health records, and information via monitoring visits and documents, to evaluate the care provided to class members and to continue to advocate for people at substantial risk of serious harm, injury, or death due to systemic problems with health care and the conditions of maximum custody units.

---

[2] Rule 60(b) states that a district court is to act "on motion," which includes either a motion by a party or *sua sponte* "in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion." *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351-52 (9th Cir. 1999) (quoting *United States v. Jacobs*, 298 F.2d 469, 472 (4th Cir. 1961) and citing Black's Law Dict. 1424 (6th ed. 1990)).

[3] The Court also has the power to reinstate the proceedings for trial pursuant to its contempt power, as the Ninth Circuit has held in the prison litigation context. *See, e.g., Kelly v. Wengler*, 822 F.3d 1085, 1097 (9th Cir. 2016) (holding that the extension of the settlement agreement was an appropriate compensatory civil sanction as "this sanction sought to return Plaintiffs as nearly as possible to the position they would have occupied had [defendant] not violated the agreement."). The Court currently has before it fully briefed responses to its Order to Show Cause, (Docs. 3235, 3339, 3352, 3363), as well as Plaintiffs' motion for contempt for Defendants' refusal to comply with the Court's June 22, 2018 contempt order (Doc. 2898 at 24) and with a Ninth Circuit order (Doc. 3276). [Docs. 3301, 3315, 3323]

[Doc. 1185 at ¶¶ 3-4, 7-33, 35-44; *see also generally* Kendrick Decl. Exs. 1-4][4]

Plaintiffs propose that the Court schedule a trial to commence approximately 180 days from the date of its order setting the matter for trial, with discovery to close 45 days before trial, and that the Court postpone the requirement that the parties file proposed Findings of Fact and Conclusions of Law until after all the evidence has been submitted.

Plaintiffs plan to introduce the bulk of their case via experts, and request that the Court order Defendants to permit Plaintiffs' experts and counsel access to tour ADC institutions in the coming months, and that these visits not count against the 20 days of monitoring visits per year authorized by the Stipulation. [Doc. 1185 ¶ 32] Plaintiffs request that the Court order Defendants to provide all documents requested prior to an expert tour within seven (7) days of Plaintiffs' notification of a planned tour. Plaintiffs will notify Defendants a minimum of two weeks prior to a planned expert tour. Plaintiffs propose that the parties exchange all expert reports thirty (30) days prior to the date set for trial. Each party shall make their experts available for a deposition to last no longer than eight (8) hours.

Plaintiffs hope to streamline and shorten any trial, and thus they request that the Court (1) require experts to present the bulk of their direct testimony through written declarations, with time-limited direct oral testimony; (2) order the parties to stipulate that

---

[4] Likewise, if the parties are engaged in negotiations to reach a new settlement, the existing Stipulation must remain in effect until a new agreement is reached and entered by the Court.

Upon entry of a new judgment or agreement, the Court should terminate, rather than vacate, the existing Stipulation. The Ninth Circuit and other courts have recognized this distinction in the prison litigation context. *See Gilmore v. State of Calif.*, 220 F.3d 987, 999-1000 (9th Cir. 2000) (noting that the Prison Litigation Reform Act's termination provision "mandates only the termination of prospective relief, it does not require a court to terminate or vacate the underlying final judgment (typically a consent decree) which provides for such relief"); *Inmates of Suffolk Cty. v. Rouse*, 129 F.3d 649, 662 (1st Cir. 1997) ("While terminating a consent decree strips it of future potency, the decree's past puissance is preserved and certain of its collateral effects may endure. Vacating a consent decree, however, wipes the slate clean, not only rendering the decree sterile for future purposes, but also eviscerating any collateral effects and, indeed, casting a shadow on past actions taken under the decree's imprimatur"), *cert. denied*, 524 U.S. 951 (1998); *accord*, *Benjamin v. Jacobson*, 172 F.3d 144, 159 (2d Cir.), *cert. denied sub nom. Benjamin v. Kerik*, 528 U.S. 824 (1999).

documents and medical records that the experts reviewed can be submitted into evidence without laying a foundation; (3) order the parties to stipulate to the greatest extent possible regarding the admissibility of documents; and (4) order any deposition designations be submitted into the record for Court review rather than read into the record live.

Plaintiffs anticipate that if these proposed methods to streamline and shorten the trial are adopted, they can present their case in chief in approximately 80 hours (not including Defendants' cross-examination time).[5]

Respectfully submitted,

**PRISON LAW OFFICE**

By:  s/ Corene T. Kendrick
    Donald Specter (Cal. 83925)*
    Alison Hardy (Cal. 135966)*
    Sara Norman (Cal. 189536)*
    Corene T. Kendrick (Cal. 226642)*
    Rita K. Lomio (Cal. 254501)*
    **PRISON LAW OFFICE**
    1917 Fifth Street
    Berkeley, California 94710
    Telephone:  (510) 280-2621
    Email:    dspecter@prisonlaw.com
            ahardy@prisonlaw.com
            snorman@prisonlaw.com
            ckendrick@prisonlaw.com
            rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Eunice Hyunhye Cho (Wash. 53711)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@aclu.org
        afettig@aclu.org
        echo@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.

---

[5] Defendants' Statement cites to and relies upon a draft chart that Dr. Stern did not include in his final report, (Doc. 3399 at 1:25, citing Doc. 3382-1 at 9-10); Plaintiffs objected to the improper filing of this chart, and the Court explicitly instructed Defendants that it would not consider the chart. [Doc. 3385 at 3 n.2]

\*\*Admitted *pro hac vice*

Martin Lieberman (Bar No. 007442)
Molly Brizgys (Bar No. 029216)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:   mlieberman@acluaz.org
            mbrizgys@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:   dbarr@perkinscoie.com
            agerlicher@perkinscoie.com
            jhgray@perkinscoie.com

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:   s/ Maya Abela
Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:   rdalyrooney@azdisabilitylaw.org
            jrico@azdisabilitylaw.org
            mabela@azdisabilitylaw.org

Asim Dietrich (Bar No. 027927)
5025 East Washington St., Ste. 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
 Email:   adietrich@azdisabilitylaw.com

*Attorneys for Arizona Center for Disability Law*

# CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com

*Attorneys for Defendants*

s/ Corene Kendrick