1  Daniel P. Struck, Bar No. 012377
   Rachel Love, Bar No. 019881
2  Timothy J. Bojanowski, Bar No. 022126
   Nicholas D. Acedo, Bar No. 021644
3  STRUCK LOVE BOJANOWSKI & ACEDO, PLC
   3100 West Ray Road, Suite 300
4  Chandler, Arizona  85226
   Telephone:  (480) 420-1600
5  Fax:  (480) 420-1696
   dstruck@strucklove.com
6  rlove@strucklove.com
   tbojanowski@strucklove.com
7  nacedo@strucklove.com

8  *Attorneys for Defendants*

9              **UNITED STATES DISTRICT COURT**
10                **DISTRICT OF ARIZONA**

11  Victor Parsons, *et al.*, on behalf of themselves    NO. 2:12-cv-00601-ROS
    and all others similarly situated; and Arizona
12  Center for Disability Law,
                                      Plaintiffs,        **MOTION TO STAY SECOND**
13          v.                                           **ATTORNEYS' FEES ORDER AND**
                                                         **JUDGMENT (Dkt. 3245, 3246)**
14  Charles Ryan, Director, Arizona Department
    of Corrections; and Richard Pratt, Interim
15  Division Director, Division of Health Services,
    Arizona Department of Corrections, in their
16  official capacities,
                                      Defendants.

17

18         Pursuant to FRAP 8(a) and Civil Rule 62(b), Defendants respectfully request the

19  Court to stay enforcement of the May 8, 2019 Attorneys' Fees Order and Judgment

20  pending its appeal.  Although a monetary judgment is automatically stayed if a bond is

21  secured, *United States v. Orr Water Ditch Co.*, 391 F.3d 1077, 1079 n.2 (9th Cir. 2004),

22  this Court has the discretion to waive that requirement if the defendant demonstrates that

23  it can promptly pay the judgement, if necessary, at the conclusion of the appeal.  *In re*

24  *Nassau County Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015); *Dillon v. City of*

25  *Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988); *Biltmore Associates, L.L.C. v. Twin City*

26  *Fire Ins. Co.*, 2007 WL 242253, at *1 (D. Ariz. Aug. 22, 2007).  The State can and will do

27  so here, and therefore a waiver should be granted.  This Motion is supported by the

28  following Memorandum and the attached Declaration.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      Background.**

**A.      The First Attorneys' Fees Order and Pending Appeal (No. 18-16365).**

On June 22, 2018, Judge Duncan awarded Plaintiffs $1,259,991.98 in attorneys' fees and costs for work performed between October 1, 2015 and June 30, 2017. (Dkt. 2902, 2903.) Defendants appealed that First Attorneys' Fees Order, and, on appeal, have challenged Judge Duncan's rulings pertaining to: (1) the scope of awardable fees under Paragraph 43 of the Stipulation; (2) the hourly rate for attorneys and paralegals; and (3) the availability of a fee enhancing multiplier. (Dkt. 2936.) *See Parsons v. Ryan*, No. 18-16365, Doc. 33 [Opening Brief], 49 [Reply Brief]. Depending on the outcome of that appeal, the size of the award could be significantly reduced.

Defendants also moved, pursuant to Civil Rule 62(b), to stay enforcement of the First Attorneys' Fees Order pending the appeal. (Dkt. 2971 at 22-23.) In their request for a stay, Defendants argued that Rule 62(b) applied to requests to stay monetary awards, like the First Attorneys' Fees Order, and they sought a waiver of the security requirement. (*Id.*) The Court, however, applied the standard for stays involving injunctive orders and denied the request. (Dkt. 3057 at 7-8, citing *Hilton v. Braunskill*, 481 U.S. 770 (1987).)[1]

Defendants then sought a stay from the Ninth Circuit, *see* Federal Rule of Appellate Procedure 8(a)(2), again citing Rule 62(b) and requesting a waiver of the security requirement. *See Parsons v. Ryan*, No. 18-16365, Doc. 11-1 [Motion to Stay]. Plaintiffs did not dispute that Rule 62(b) applied, but argued that Defendants should be required to post a bond or other security. *Id.*, Doc. 18-1 at 27-30 [Response to Motion to Stay].[2] The Ninth Circuit agreed with Defendants, applied Rule 62(b), waived the

---

[1] In their request for a stay, Defendants sought a stay of not only the First Attorneys' Fees Order, but also several other injunctive orders issued on June 22, 2018. (Dkt. 2971 at 19-22.) In denying a stay on all of them, the Court lumped the monetary and injunctive orders together and applied the *Hilton* standard. (Dkt. 3057 at 7-8.) It did not apply Rule 62(b) to Defendants' request to stay the First Attorneys' Fees Order, nor did it address Defendants' request for a waiver of the security requirement under that Rule.

[2] Plaintiffs' Response addressed, in one document, not only Defendants' request to stay the First Attorneys' Fees Order, but also Defendants' request to stay several other

1   security requirement, and stayed the First Attorneys' Fees Order and Judgment pending

2   the appeal.  *Id*., Doc. 42 (attached as Ex. 1.)

3       On September 24, 2019, the Ninth Circuit heard oral argument in that appeal (No.

4   18-16365).  *Id*., Doc. 63.

5       **B.     The Second Attorneys' Fees Order and Pending Appeal (No. 19-16128).**

6       On May 8, 2019, the Court awarded Plaintiffs $1,633,121.80 in attorneys' fees and

7   costs for work performed between July 1, 2017 and June 30, 2018.  (Dkt. 3245, 3246.)  In

8   that Order, the Court adopted Judge Duncan's prior rulings regarding the scope of

9   awardable fees under Paragraph 43, the hourly rate for attorneys and paralegals, and the

10  availability of a fee enhancing multiplier.  (Dkt. 3245 at 1-2.)  Defendants have appealed

11  that Second Attorneys' Fees Order (Dkt. 3272), *see Jensen v. Ryan*, No. 19-16128, and,

12  like their first appeal (No. 18-16365), they intend to challenge each of these rulings.[3]

13      In light of the Ninth Circuit's Order in No. 18-16365 waiving the security

14  requirement and staying the First Attorneys' Fees Order (Ex. 1), Defendants asked

15  Plaintiffs' counsel if they would agree to waive the security requirement and stay the

16  Second Attorneys' Fees Order pending its appeal.  Plaintiffs' counsel declined that

17  request, forcing Defendants to prepare and file this Motion.

18  **II.    The Court Should Stay the Second Attorneys' Fees Order and Judgment
            Pending the Appeal.**
19

20      **A.     Rule 62(b) Applies to This Stay Request.**

21      In denying Defendants' request to stay the First Attorneys' Fees Order and

22  Judgment, the Court assumed that the *Hilton* test to stay *injunctive* orders applied.  (Dkt.

23

24  (injunctive) orders challenged in two separate appeals; they then filed the same document
    in all three appeals. *See Parsons v. Ryan*, No. 18-16365, Doc. 18-1 [Response to Motion
25  to Stay in Attorneys' Fees Order appeal]; *Parsons v. Ryan*, No. 18-16358, Doc. 22-1
    [Response to Motion to Stay in Contempt Order appeal]; *Parsons v. Ryan*, No. 18-16368,
    Doc. 20-1 [Response to Motion to Stay in Injunctive Order appeal].
26
        [3] Because appeal No. 18-16365 will resolve these challenges, the Ninth Circuit
27  stayed briefing in appeal No. 19-16128 pending disposition of appeal No. 18-16365. *See
    Jensen v. Ryan*, No. 19-16128, Doc. 11 [Motion to Suspend Briefing Schedule], 14 [Order
28  Granting Stay of Proceedings].

1   3057 at 7.) *See Nken v. Holder*, 556 U.S. 418, 422 (2009) (request to stay a removal

2   order); *Hilton*, 481 U.S. at 773 (request to stay an order granting habeas relief); *Lair v.*

3   *Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012); (request to stay an order enjoining

4   enforcement of statute).    But as the Ninth Circuit—and even Plaintiffs—tacitly

5   recognized, that test does not apply to requests to stay monetary orders.  *See Parsons v.*

6   *Ryan*, No. 18-16365, Doc. 18-1, 42 [attached as Ex. 1].)

7          Rule 62(b) applies to requests to stay monetary orders.  *See Am. Mfrs. Mut. Ins. Co.*

8   *v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) ("[A] party taking an

9   appeal from the District Court is entitled to a stay of a money judgment as a matter of

10  right if he posts a bond in accordance with [former] Fed. R. Civ. P. 62(d)[.]"); *Townsend*

11  *v. Holman Consulting Corp.*, 881 F.2d 788, 796 (9th Cir. 1989), *opinion vacated on reh'g*

12  *on other grounds*, 929 F.2d 1358 (9th Cir. 1990) (noting that former Rule 62(d) applies to

13  a request to stay a money judgment); *Biltmore Associates*, 2007 WL 2422053, at *1

14  (citing former Rule 62(d)) ("When a money judgment is involved, one gets a stay by

15  posting a bond."); *Abbywho, Inc. v. Interscope Records*, 2008 WL 11406048, at *1 (C.D.

16  Cal. May 9, 2008) ("Plaintiffs' reliance on *Hilton* is misplaced, however, as these factors

17  are to be considered only when a party seeks a stay from the district court pursuant to

18  Rule 62(c)."); *Bolt v. Merrimack Pharm., Inc.*, 2005 WL 2298423, at *2 (E.D. Cal. Sept.

19  20, 2005) (holding that the *Hilton* test is "irrelevant in a case controlled by [former] Rule

20  62(d)"); *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1161 (E.D. Pa. 1993) (holding that the

21  *Hilton* test "is not applicable to a motion for stay under [former] Rule 62(d)").[4]

22          **B.     Under Rule 62(b), This Court Has the Discretion to Waive the Security
                     Requirement.**

23          Rule 62(b) provides: "At any time after judgment is entered, a party may obtain a

24  stay by providing a bond or other security."  Generally, a defendant is entitled to a stay

25

26          ───────────────
                 [4] Rule 62 was reorganized in 2018, and the stay provision for monetary orders was
27  moved from Subsection (d) to Subsection (b). *See* Fed. R. Civ. P. 62(b) Advisory
    Committee Notes (2018 amendment) ("Subdivision 62(b) carries forward in modified
28  form the supersedeas bond provision of former Rule 62(d).").

"as a matter of right" if it posts a bond or other security. *Am. Mfrs. Mut. Ins. Co.*, 87 S. Ct. at 3; *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977). However, a court can waive the security requirement. "[T]he district court has broad discretionary power to waive the bond requirement if it sees fit." *Townsend*, 881 F.2d at 796-97; *Dillon*, 866 F.2d at 904-05; *In re Nassau*, 783 F.3d at 417; *Lewis v. Cty. of San Diego*, 2018 WL 1071704, at *2 (S.D. Cal. Feb. 27, 2018); *Mendez v. Baca*, 2013 WL 12162127, at *1 (C.D. Cal. Sept. 16, 2013); *Dixon v. City of Coeur d'Alene*, 2011 WL 13137320, at *2 (D. Idaho Dec. 19, 2011). Plaintiffs contested this discretion the first go-around, but the Ninth Circuit's Order waiving the security requirement and staying the First Attorneys' Fees Order made clear that the Court undoubtedly has such discretion.[5]

### C. The Court Should Waive the Security Requirement and Stay the Second Attorneys' Fees Order.

The Federal Civil Rules exempt the United States, its officers, and its agencies from the security requirement. *See* Fed. R. Civ. P. 62(e). Similarly, under the Arizona Civil Rules, the State is exempt from having to post any security to stay a state court judgment. *See* Ariz. R. Civ. P. 62(e)(1). The posture of this case—a federal court judgment against the State—falls in between these express exemptions, but the Court should not refuse to waive the security requirement simply because of that loophole. *See Danner Const. Co., Inc. v. Hillsborough Cty.*, 2009 WL 3055315, at *3 (M.D. Fla. Sept. 24, 2009) ("[I]n exercising its broad discretion, this Court will align with state case law and exempt the state and its political subdivisions, namely counties, from furnishing a supersedeas bond" to stay a federal judgment).

Furthermore, a waiver is appropriate in this instance. In determining whether to waive the security requirement, courts will consider the following factors:

    (1) the complexity of the collection process;

---

[5] For instance, Plaintiffs relied on *ACLU of Nevada v. Masto*, 670 F.3d 1046 (9th Cir. 2012), but that case did not involve a party's request to waive the security requirement and nothing in the decision repudiates the district court's discretion to waive it.

1

2

    (2) the amount of time required to collect a judgment after it is
        affirmed on appeal;

3

4

    (3) the degree of confidence that the district court has in the
        availability of funds to pay the judgment;

5

6

    (4) whether the appellant's ability to pay the judgment is so
        plain that the cost of a bond would be a waste of money;
        and

7

8

9

    (5) whether the appellant is in such a precarious financial
        position that the requirement to post a bond would place
        other creditors of the [plaintiff] in an insecure position.

10    *See Dillon*, 866 F.2d at 904-05 (applying these factors to waive former Rule 62(d)'s

11    supersedeas-bond requirement and grant stay of judgment and attorneys' fees award); *see*

12    *also In re Nassau*, 783 F.3d at 417 (same).

13          As explained in the attached declaration by ADC's Division Director of

14    Administrative Services, Defendants can and will promptly pay the judgment upon the

15    conclusion of the appeal if the award is affirmed. (*See* Ex. 2.) The money to pay the fees

16    award will come from ADC's annual budget. (*Id.*, ¶ 5.) On average, ADC can pay a

17    judgment from its budget within four to six business days; it is not a complex process.

18    (*Id.*, ¶ 6.) ADC's appropriation and use of money for known expenditures, like the

19    attorneys' fees award, is well-managed, and the amount of the fees award is in the range

20    of awards that it can pay without any issues. (*Id.*, ¶ 11.) The Court can have confidence

21    that the State will pay its debt timely and in full. Therefore, it should waive the security

22    requirement and grant a stay pending the appeal. *In re Nassau*, 783 F.3d at 417;

23    *Dillon*, 866 F.2d at 905.

24          Plaintiffs previously resisted a waiver, but, again, the Ninth Circuit did not find any

25    of their arguments persuasive. For instance, citing *Lightfoot v. Walker*, 797 F.2d 505 (7th

26    Cir. 1986), and *Southeast Booksellers Ass'n v. McMaster*, 233 F.R.D. 456, 460 (D.S.C.

27    2006), Plaintiffs argued that a waiver is not appropriate because a legislative appropriation

28    *may* be necessary to pay the judgment. But ADC's ability to work with the Legislature to

1    appropriate more money *if necessary* is even more assurance that the judgment will be

2    paid.   Nonetheless, the Director of Administrative Services has avowed that he is

3    confident that ADC can pay this Judgment promptly and in full at the conclusion of the

4    appeal, and that the amount is usually one that ADC can pay without any issues.  (Ex. 2,

5    ¶¶ 9–11.)   The courts in *Dillon*, 866 F.2d at 905, and *In re Nassau*, 783 F.3d at 418,

6    granted waivers based on similar avowals.  The Declaration establishes that the collection

7    process is not complex; ADC can promptly pay awards of this size; ADC's appropriation

8    and use of money for known expenditures (such as this attorneys' fees award) is well-

9    managed; and (to his knowledge) ADC has never defaulted on a judgment.[6] (*Id*., ¶¶ 5–6,

10    9–11.)

11         Plaintiffs also previously argued that the Court should not have confidence that

12    Defendants will pay the Judgment if it is affirmed on appeal because of the circumstances

13    recounted in *Hook v. Arizona. Department of Corrections*, 107 F.3d 1397 (9th Cir. 1997).

14    In *Hook*, the district court entered a consent decree, appointed a special master to monitor

15    compliance with the decree, and ordered ADC to pay the master's fees.  *Id*. at 1400.  After

16    these orders were entered, the Arizona Legislature enacted a statute that prohibited the

17    payment of fees and expenses incurred by a special master, unless the Legislature

18    appropriated funds for the payment.  *Id*. (citing A.R.S. § 35-152).  As a result, ADC's

19    Director could not pay the fees without violating state law.  *Id*. at 1403.  The Director

20    "sought payment from the Department of Administration–Risk Management Division,

21    sought to place the matter before the Legislative Committee that handles interim budget

22    requests, and asked the Governor to call a special session of the State Legislature to enact

23         ---

24    [6] *Lightfoot* and *McMaster* presented much different circumstances. In *Lightfoot*, the court denied Illinois's waiver request because "the procedure for collecting a judgment against the [State of Illinois] is not only cumbersome and time-consuming, but uncertain in outcome" because "the judgment cannot be paid unless and until the state legislature votes to appropriate the money necessary to pay it." 797 F.2d at 506. And in *McMaster*, the court denied South Carolina's waiver request because South Carolina admitted that the plaintiffs "probably cannot be paid until the South Carolina Legislature enacts an appropriation to satisfy the judgment," rendering the collection process "cumbersome, complex, and time-consuming." 233 F.R.D. at 460. Here, payment is not uncertain or complex.

25

26

27

28

7

1    an appropriation bill to pay the special masters' fees and expenses." *Id*.  But his efforts

2    were unsuccessful, and the district court held him in contempt.  *Id*. at 1400.  This Court

3    affirmed, holding that § 35-152 did not justify ADC's non-compliance with the special-

4    master provisions. *Id*. at 1403-04.

5        Neither the decision in *Hook* (22 years ago), nor the Arizona Legislature's

6    enactment of § 35-152 (24 years ago), undermines Defendants' ability to pay the Second

7    Attorneys' Fees Order.  The award is not for the payment of special-masters fees.  The

8    legislative members today are not the same as those 20 years' ago.  And under *Hook*,

9    enacting similar legislation (relating to attorneys'-fees awards) would not excuse

10   Defendants' obligation to pay.  Like the Ninth Circuit, this Court should reject this

11   meritless argument.

12                                **CONCLUSION**

13       For these reasons, the Court should waive the security requirement and stay the

14   Second Attorneys' Fees Order and Judgment pending its appeal.

15       DATED this 8th day of November, 2019.

16                                          STRUCK LOVE BOJANOWSKI & ACEDO, PLC

17

18                                          By /s/Nicholas D. Acedo

19                                              Daniel P. Struck
                                                Rachel Love
20                                              Timothy J. Bojanowski
                                                Nicholas D. Acedo
21                                              3100 West Ray Road, Suite 300
                                                Chandler, Arizona  85226
22
                                                *Attorneys for Defendants*
23

24

25

26

27

28

                                             8

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:            ahardy@prisonlaw.com

Amelia M. Gerlicher:     agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

Amy B. Fettig:           afettig@npp-aclu.org

Asim Dietrich:           adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Corene T. Kendrick:      ckendrick@prisonlaw.com; edegraff@prisonlaw.com

Daniel Clayton Barr:     DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:       dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:          dspecter@prisonlaw.com

John Howard Gray:        jhgray@perkinscoie.com; slawson@perkinscoie.com

Jose de Jesus Rico:      jrico@azdisabilitylaw.org

Maya Abela               mabela@azdisabilitylaw.org

Rose Daly-Rooney:        rdalyrooney@azdisabilitylaw.org

Sara Norman:             snorman@prisonlaw.com

Rita K. Lomio:           rlomio@prisonlaw.com

Molly Brizgys:           mbrizgys@acluaz.org

Marty Lieberman:         mlieberman@acluaz.org

Eunice Cho               echo@aclu.org

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Nicholas D. Acedo