**EXHIBIT 2**

**EXHIBIT 2**

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-DKD<br><br>**DECLARATION OF MICHAEL P. KEARNS** |

I, **MICHAEL P. KEARNS**, make the following Declaration:

1. I am over the age of 18 years and have personal knowledge of and am competent to testify to the matters set forth in this Declaration.

2. The Arizona Department of Corrections ("ADC") has five Divisions: Offender Services; Health Services; Inmate Reentry; Director's Office; and Administrative Services.

3. I am currently the Director of the Administrative Services Division. I have held that position for approximately 10 years and have been a State employee for approximately 29 years.

4. The Administrative Services Division consists of five Bureaus: Procurement; Information Technology; Engineering and Facilities; Planning Budget and Research; and Financial Services.

5. The Financial Services Bureau is responsible for ADC's accounting and directs the payment of judgments entered against ADC. The money to pay these judgments derives from ADC's annual budget. If the amount of the judgment exceeds the amount of money that has been set aside to cover legal claims (or that remains in that allotment), the Administrative Services Division will locate and use money from other portions of ADC's budget to ensure that it is promptly paid in full. If necessary, it can work with the State Legislature to appropriate more money.

6. On average, ADC can pay a judgment from its budget within four to six business days. It is not a complex process.

7. I am familiar with the ongoing litigation in *Parsons v. Ryan* and the recent judgments entered against ADC in that suit.

8. On June 27, 2018, ADC paid the $1,445,000.00 Judgment of Civil Contempt against the Defendants in full, within seven days of the entry of that Judgment.

9. I am aware of the Judgment of Attorney Fees and Costs entered on June 22, 2018, in the amount of $1,259,991.98, against the Defendants. I understand that the Ninth Circuit has stayed enforcement of that Judgment until the appeal challenging the underlying award is resolved.

10. I am also aware of the Judgment on Attorney Fees entered on May 8, 2019, in the amount of $1,633,121.80, against the Defendants. I also understand that the Defendants are moving to stay enforcement of that Judgment pending the final disposition of the appeal from the underlying award, and that they are requesting a waiver of any security/supersedeas bond.

11. I am confident that ADC will be able to pay both of these Judgments, promptly and in full, at the conclusion of the appeals, even if that is several years from now. To my knowledge, ADC has never defaulted on a court judgment. ADC's appropriation and use

of money for known expenditures is well-managed, and the total amount of these Judgments is usually one that ADC can pay without any issues.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5TH day of November, 2019.

MICHAEL P. KEARNS