# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| Victor Parsons, et al.<br>*Plaintiff*<br>v.<br>David Shinn, et al.<br>*Defendant* | Civil Action No. 2:12-cv-00601-ROS |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Leonel Urdaneta, M.D.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Perkins Coie LLP<br>2901 N. Central Avenue, Suite 2000<br>Phoenix, Arizona 85012 | Date and Time:<br>12/02/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/13/2019

*CLERK OF COURT*

OR

_____           s/ David C. Fathi
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Prisoner Plaintiffs , who issues or requests this subpoena, are:

David C. Fathi, ACLU National Prison Project, 915 15th St. N.W., 7th Floor, Washington, DC 20005; dfathi@aclu.org; 202-548-6603

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:12-cv-00601-ROS

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:12-cv-00601-ROS   Document 3417-1   Filed 11/13/19   Page 4 of 10

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.*  A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.*  The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.*  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# DEFINITIONS

For the purposes of this request the following definitions shall apply:

1. "ADC" means the Arizona Department of Corrections, including all its subdivisions, agents, employees, contractors, and attorneys.

2. "COMMUNICATIONS" means any transmittal of information from one person or entity to another by any means, including letters, correspondence, notes, memoranda, records, reports, papers, facsimiles, electronic mail (whether to, from, copied or blind copied), electronic mail generated from a hand held personal device including a Blackberry or iPhone, instant messaging, electronic mail generated from business or personal email accounts, internet relay chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings including Web-X and any other meeting software and share point servers, and oral contact such as face-to-face discussions or meetings, telephone conversations, and voice mail messages.

3. "CORIZON" means Corizon, Inc.

4. "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and description and every tangible thing that is or has been in YOUR possession, custody, or control, to which YOU have access, or of which YOU have knowledge, including, but not limited to, newspaper articles, magazine articles, news articles, correspondence, letters, contracts, files, electronic mail, memoranda, stenographic notes, handwritten notes, drafts, studies, publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices, pictures, photographs, films,

146311359.1

1  audiotapes, videotapes, computer records, voice recordings, maps, reports, surveys,
2  MINUTES, data compilations, and statistical compilations, regardless of whether a
3  particular DOCUMENT is privileged or confidential, and regardless of the form of
4  storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk
5  (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device).

6       5.    "HEALTH CARE" means the provision of care, including adequate diet, to
7  address the mental health, medical, or dental needs of a PATIENT whether those needs
8  arise as a result of injury, illness, disease, or other trauma, or care provided for diagnostic
9  or preventive purposes.

10      6.    "PATIENT" means a person incarcerated by the ADC.

11      7.    "REGARDING" or "REGARDED" to any given subject matter means,
12 without limitation, anything that, in whole or in part, analyzes, comments upon,
13 comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences,
14 explains, identifies, manifests, mentions, pertains directly or indirectly to, reflects, refers
15 to, relates to, responds to, states, summarizes, or is in any way relevant to the particular
16 subject matter identified.

17      8.    "YOU," "YOUR," and "YOURSELF" means Leonel Urdaneta, M.D., his
18 agents, representatives, contractors, and employees.

**INSTRUCTIONS**

1. YOU are required to furnish all DOCUMENTS in YOUR possession, custody, or control, including those DOCUMENTS that are in YOUR possession, custody, or control in the normal course of YOUR employment obligations, and those in the possession, custody or control of your (1) employer; (2) consultants; (3) attorneys; (4) representatives; (5) agents; or (6) any other person acting or purporting to act on YOUR behalf or at YOUR direction, whether doing so directly or at the direction of YOUR subordinates.  Possession, custody, or control includes DOCUMENTS stored in electronic form by third party service providers but accessible to you, including but not limited to email accounts, FTP servers, portable storage media such as USB drives, cloud storage services such as Dropbox or SharePoint, and online workspaces such as WebEx.

2. Each request herein constitutes a request for DOCUMENTS in their entirety, with all enclosures and attachments, and without abbreviation, redaction, or expurgation.

3. YOU shall produce any and all drafts and copies of each DOCUMENT that are responsive to any request, including but not limited to copies containing handwritten notes, markings, stamps, or interlineations.

4. YOU shall produce all responsive DOCUMENTS as they have been kept in the ordinary course of business.

5. Responsive DOCUMENTS should be produced in a form consistent with the Federal Rules of Civil Procedure, including producing the DOCUMENTS in a form or forms in which they are ordinarily maintained or in a reasonable usable form or forms.

6. If YOU object to a portion or an aspect of a request, state the grounds for your objection with specificity and respond to the remainder of the DOCUMENT request. If any DOCUMENTS, or portion thereof, are withheld because YOU claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, YOU are required to provide a privilege log setting forth the

specific basis for the claim of privilege or protection and for each DOCUMENT provide the following:

      a.     the subject matter of the DOCUMENT;

      b.     the title, heading or caption of the DOCUMENT, if any;

      c.     the date appearing on the DOCUMENT or, if no date appears thereon, the date or approximate date on which the DOCUMENT was prepared;

      d.     the type of the DOCUMENT (e.g., whether it is a letter, memorandum, MINUTES of meeting, etc.) and the number of pages of which it consists;

      e.     the identity of the person who signed the DOCUMENT or, if it was not signed, the person who prepared it;

      f.     the identity of each person to whom the DOCUMENT was addressed and the identity of each person to whom a copy thereof was sent; and

      g.     the identity of each person who has custody of a copy of each such DOCUMENT.

7.     If YOU claim that a portion of a DOCUMENT is protected from disclosure for any reason, produce such DOCUMENT with redaction of only the portion claimed to be protected. When such redactions for privilege or protection are made, YOU shall place a legend similar to "REDACTION – PRIVILEGE" on the copy of the DOCUMENT produced. All redactions shall also be included on the privilege log described in Instruction #6.

8.     If any DOCUMENT called for by these requests has been destroyed, lost, discarded, or is otherwise no longer in your possession, custody, or control, identify such DOCUMENT as completely as possible, and specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing disposal, and the person disposing of the DOCUMENT.

**DOCUMENTS REQUESTED**

1. All documents and communications exchanged between you and Corizon employees, or between you and ADC employees, regarding the adequacy of mental health staffing levels in the Arizona Department of Corrections.

2. All documents and communications exchanged between you and Corizon employees, or between you and ADC employees, regarding the adequacy of individual and group mental health treatment provided to patients in the Arizona Department of Corrections, including but not limited to the practice of "cellfront" encounters during which the patient remains in his or her cell while speaking to mental health staff.

3. All documents and communications exchanged between you and Corizon employees, or between you and ADC employees, regarding the mental health treatment provided to patients who are on suicide watch or mental health watch, or who have recently been removed from suicide watch or mental health watch, in the Arizona Department of Corrections, including but not limited to the "STAR process."

4. All documents and communications exchanged between you and Corizon employees, or between you and ADC employees, regarding the adequacy of measures taken by mental health staff and custody staff to prevent suicide or self-harm by patients in the Arizona Department of Corrections.

5. All documents and communications exchanged between you and Corizon employees, or between you and ADC employees, regarding the adequacy of mental health treatment plans for patients in the Arizona Department of Corrections.

6. All documents and communications exchanged between you and Corizon employees, or between you and ADC employees, regarding the availability of appropriate medications to treat the mental illnesses of patients in the Arizona Department of Corrections, including but not limited to any limitations imposed by Corizon or ADC on the psychotropic medications that can be prescribed for patients, and/or the discontinuation of non-formulary medications that community or jail mental health staff had prescribed for patients prior to their incarceration in ADC custody.

7. All documents and communications exchanged between you and Corizon employees, or between you and ADC employees, regarding the Psychotropic Medication Review Board ("PMRB") process to approve patients for involuntary medication.

8. All documents and communications exchanged between you and Corizon employees, or between you and ADC employees, regarding the risk posed by high temperatures to patients taking psychotropic medications.

9. All documents and communications exchanged between you and Corizon employees, or between you and ADC employees, regarding the appropriateness of the use of "telemedicine" to provide mental health services to patients in the Arizona Department of Corrections.

10. All documents and communications exchanged between you and Corizon employees, or between you and ADC employees, regarding the accuracy of monitoring of ADC's compliance with the mental health requirements of the Stipulation in *Parsons v. Ryan*.