# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-0601-PHX-ROS |
| Plaintiffs, | |
| v. | **NOTICE AND ORDER FOR SETTLEMENT CONFERENCE** |
| Ryan L. Ryan, et al., | |
| Defendants. | |

This case has been referred to United States Magistrate Judge Deborah M. Fine for a Settlement Conference (Doc. 3416).

**THE COURT HEREBY INSTRUCTS AND ORDERS:**

The purpose of the Settlement Conference is to facilitate voluntary settlement of the case. The Settlement Conference will be conducted in such a manner as not to prejudice any party in the event a settlement is not reached. To that end, the offer and demand, or any communication relayed to the undersigned in confidence, will be kept confidential and will not be disclosed to any adverse party, absent express consent to do so. Rule 408, Federal Rules of Evidence, applies to all aspects of the Settlement Conference. All communications and information exchanged, to include Settlement Conference Memoranda, in and during the settlement process, not otherwise discoverable, will not be admissible in evidence for any purpose and shall not be used for any purpose outside the Settlement Conference itself. At the conclusion of the Settlement Conference, all documents submitted and exchanged by the parties shall be returned, destroyed, or

otherwise disposed of in the manner directed by the Settlement Judge upon the request of any party. Although the Court recognizes that there are exceptions to the confidentiality of the communications referenced above,[1] a party must seek permission from the Court in advance before dissemination of such confidences. This Order mandating the parties' corporate representatives' and insurers', if any, physical appearance is intended to increase the efficiency and effectiveness of the Settlement Conference by reducing the time for communication of offers and expanding the ability to explore the varied options for settlement, to give the adverse parties the opportunity to hear the rationale and arguments regarding the likelihood of success of the claims/defenses directly from the lawyers who will be trying the case, to meet the litigants themselves, and to hear first-hand the candid comments, if any, made by the Settlement Judge about the case and/or the judicial process. The physical presence, rather than the availability by telephone, of those individuals with the authority to settle cases, substantially increases the likelihood of settlement and leads to more meaningful negotiations.

Consequently, pursuant to the authority granted to the Court in, *inter alia*, 28 U.S.C. § 473(b)(5) and Rule 16(b), Fed. R. Civ. P., counsel/representatives of the parties with full and complete authority to discuss settlement of the case **SHALL** physically appear at the date and time of the Settlement Conference

**IT IS FURTHER ORDERED that:**

1. Counsel/Representatives of the parties **SHALL** physically appear before the undersigned Settlement Judge, 401 W. Washington St., Courtroom 304, Phoenix, Arizona, on **Friday, January 10, 2020, for a 9:15 check in so that the settlement conference may begin at 9:30 a.m.**

2. Settlement conferences are often unproductive unless the parties have exchanged settlement demands and compromise offers before the conference and have made a serious effort to settle the case on their own. Accordingly, before arriving at the

---

[1] *See Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011).

Settlement Conference, the parties shall negotiate and make good faith efforts to settle the case without the involvement of the Court.

      3.      Copies of all Settlement Conference Memoranda shall be exchanged between counsel and each party shall hand deliver to the Court the original of that party's Settlement Conference Memorandum, **on or before 4:00 p.m. on December 23, 2019**. The Settlement Conference Memoranda shall **NOT** be filed with the Clerk. The original Settlement Conference Memoranda shall be hand delivered directly to the chambers of U.S. Magistrate Judge Deborah M. Fine.

      4.      Each Settlement Conference Memorandum shall address the following:

          a.      A summary estimate of past attorneys' and experts' fees and a summary estimate of future attorneys' and experts' fees should a settlement not be reached.

          b.      Each party's position on settlement, including specific terms.

          c.      Any objection to the procedure of separate and private caucuses with each party, the parties' representatives and the Settlement Judge during the Settlement Conference.

      5.      Each party's Settlement Conference Memorandum shall be no longer than one hundred pages inclusive of exhibits. No responsive memorandum shall be permitted.

      6.      For purposes of finalizing a complete, final written agreement at the settlement conference, counsel for each party shall bring to the settlement conference a laptop computer and a flash drive.

      7.      Complete candor with the Court is required.

      8.      Absent good cause shown, if any party's counsel or representative fails to promptly appear at the Settlement Conference, fails to comply with the terms of this Order, including the failure to timely provide the Settlement Conference Memorandum, is substantially unprepared to meaningfully participate in the Settlement Conference, or fails to participate in good faith in the Settlement Conference, the Settlement Conference may be vacated and/or sanctions may be imposed pursuant to Rules 16(f) and 37(b)(2)(B) and (C), Federal Rules of Civil Procedure, which may include the entry of default judgment,

dismissal of the Complaint, and/or an award of reasonable attorney's fees and expenses and/or a finding of contempt.  *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989); *Lockhart v. Patel, supra.; Nick v. Morgan's Foods, Inc., supra.*

Dated this 20th day of November, 2019.

_____
Honorable Deborah M. Fine
United States Magistrate Judge