Martin Lieberman (Bar No. 007442)
Molly Brizgys (Bar No. 029216)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: mlieberman@acluaz.org
 mbrizgys@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-ROS <br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SUSPEND BRIEFING ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. 3415)** |

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................1

II.  PROCEDURAL BACKGROUND AND ORDERS AT ISSUE ...........................3

III. ARGUMENT ................................................................................................4

   A. Defendants Cannot Show a Strong Likelihood of Success on Appeal..................4

   B. Defendants Cannot Show Irreparable Injury Absent A Stay...............................5

   C. Defendants Cannot Show That Plaintiffs Will Not Be Substantially
      Injured If a Stay is Granted ...............................................................................6

   D. Defendants Cannot Show That Public Interest Considerations Support a Stay ....7

IV. CONCLUSION ............................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Bazuaye v. INS*,
79 F.3d 118, 120 (9th Cir. 1996) ...................................................................................2

*Bernhardt v. Cty. of Los Angeles*,
79 F.3d 862, 870 (9th Cir. 2002) ...................................................................................7

*Eberle v. City of Anaheim*,
901 F.2d 814, 818 (9th Cir. 1990) .................................................................................2

*F.T.C. v. Standard Oil Co. of Cal.*,
449 U.S. 232, 244 (1980) ..............................................................................................6

*Graves v. Arpaio*,
633 F. Supp. 2d 834, 847 (D. Ariz. 2009) .....................................................................7

*Kelly v. Wengler*,
822 F.3d 1086 (9th Cir. 2016) .......................................................................................4

*Leiva-Perez v. Holder*,
640 F.3d 962, 964 (9th Cir. 2011) .........................................................................3, 4, 5

*Murphy v Smith*,
138 S. Ct. 784 (2018) ....................................................................................................4

*Nationwide Biweekly Admin., Inc. v. Owen*,
873 F.3d 716, 735 n.20 (9th Cir. 2017) .........................................................................6

*Nken v. Holder*,
556 U.S. 418, 427, 433-434 (2009) ..........................................................................3, 4

*Renegotiation Bd. v. Bannercraft Clothing Co.*,
415 U.S. 1, 24 (1974) ....................................................................................................5

*United States v. Robertson*,
875 F.3d 1281, 1291 (9th Cir. 2017) .............................................................................4

## I. INTRODUCTION

In October 2014, the parties reached a settlement agreement ("the Stipulation") in this class action filed on behalf of approximately 34,000 Arizona Department of Corrections ("ADC") prisoners, as well as the Arizona Center for Disability Law ("Plaintiffs"). The Court found the Stipulation to be "fair, adequate, and reasonable," and it went into effect on February 18, 2015. [Doc. 1458 at 1]

Since then, Plaintiffs have engaged in extensive and sustained efforts to enforce the terms of the Stipulation.[1] Because of Plaintiffs' ongoing enforcement efforts and Defendants' continuing recalcitrance and failure to comply with the Stipulation, the Court has issued multiple orders finding a host of performance measures noncompliant, appointed two Rule 706 experts, ordered Defendants to develop remedial plans for noncompliant performance measures, ordered Defendants to bring myriad performance measures into compliance or face a civil contempt sanction of $50,000 per performance measure per complex, and ordered the parties to engage in time-limited re-negotiations.[2] While

---

[1] In the years since the Settlement Agreement was reached, Plaintiffs have served upon Defendants multiple notices of non-compliance with the health care performance measures, successfully opposed Defendants' efforts to terminate monitoring of the performance measures, and highlighted deficiencies in Defendants' monitoring practices, as well as providing ongoing enforcement documentation requested by the Court. [*See, e.g.*, Pls. Proposed Rule 706 Experts (Doc. 2940); Pls. Proposal for Use of Contempt Fines (Doc. 2941); Pls. Response to Defs. Implementation Plan (Doc. 2961); Pls. Supplement to Proposed Rule 706 Experts (Doc. 2961); Pls. Reply in Support of Proposal for Use of Contempt Fines (Doc. 2976); Pls. Proposed Agenda for December 6, 2018 Status Hearing (Doc. 3070); Pls. Notice to Court Pursuant to Local Rule 7.2(n) (Doc. 3184); Pls. Response to Court's Order of May 13, 2019 (Doc. 3249); Pls. Response to Defs. Objections to Dr. Bart Abplanalp (Doc. 3258)] Likewise, Plaintiffs have had to respond to many motions filed by Defendants. [*See, e.g.* Defs. Mot. to Stay June 22, 2018 Orders (Doc. 2971); Defs. Mot. for Reconsideration of Court Order (Doc. 3261); Defs. Mot. to Stay and Objection to this Court's Order Dated May 6, 2019 (Doc. 3265); Defs. Mot. for Reconsideration [3269] (Doc. 3281)]

[2] *See, e.g.*, Doc. 2958 (ordering Defendants to submit updated Performance Measure Charts regarding May 2018 compliance); Doc. 3020 (granting in part Plaintiffs' Motion to Enforce and finding Performance Measures 19, 44, 48, 52, 67, 95, 96, and 98 substantially noncompliant at various facilities; ordering Defendants to develop remedial plans for certain Performance Measures); Doc. 3051 (ordering mediation regarding Performance Measure #3); Doc. 3057 (denying Defs. Mot. for relief from Denial of Termination of Monitoring; denying Defs. Mot. for Relief from Court Order for HNR Boxes; denying Defs. Mot. to Stay Court Orders; granting Pls. Mot. for a Status Hearing); Doc. 3077 (order confirming Magistrate Judge Duncan had jurisdiction and that his previous rulings will remain in place); Doc. 3089 (appointing Dr. Marc Stern as Rule 706 expert); Doc. 3127

1  Defendants' sustained, intractable non-compliance and their dilatory litigation tactics have
2  forced Plaintiffs' counsel to engage in nearly five years of ongoing enforcement and
3  litigation activities, the tremendous amount of work, time, effort, and costs expended by
4  Plaintiffs to enforce the Stipulation has continued unabated, and has led the Court to
5  consistently determine that Plaintiffs are entitled to compensation per the plain terms of the
6  Stipulation. [Doc. 2902; Doc 2903; Doc. 3245; Doc. 3246]

7  Continuing their repeated attempts to obstruct and delay Plaintiffs' ongoing attempts
8  to enforce the Stipulation, Defendants now move to suspend briefing on Plaintiffs' third
9  Motion for Attorneys' Fees and Costs pending the Ninth Circuit's resolution of their appeal
10 of the Court's prior June 22, 2018 Order Awarding Attorneys' Fees ("First Attorneys' Fees
11 Order"). [Doc. 3415] Defendants argue that their current appeal will be dispositive of the
12 instant Motion for Attorneys' Fees and Costs, as their objections and challenges to the
13 instant Motion mirror their objections and challenges to the Court's First Attorneys' Fees
14 Order currently on appeal. [*Id.* at 1-2]

15 Defendants' one-page motion fails even to cite, let alone meet, the high legal
16 standard for a stay of proceedings pending appeal.  Given Defendants' failure to argue the
17 legal standard for a stay in their opening brief, they are foreclosed from doing so in their
18 reply, and for this reason alone the Court should deny their motion. *See Bazuaye v. INS*, 79
19 F.3d 118, 120 (9th Cir. 1996) ("[I]ssues raised for the first time in the reply brief are
20 waived.") (citing *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)).

21 Even if Defendants had actually argued the legal standard for a stay (which it is their
22 burden to meet), their motion must be denied. "A stay is an intrusion into the ordinary

23 ───────────────────
24 (clarifying the terms of Dr. Stern's engagement); Doc. 3231 (ordering Dr. Stern to include evidence in his report of how any failure to successfully perform on Performance Measures
25 poses a significant risk of serious harm to patients due to substandard health care and whether the Performance Measures accurately reflect the adequacy of care being provided
   to prisoners); Doc. 3232 (awarding Plaintiffs $1.6 million in attorneys' fees and costs); Doc.
26 3234 (ordering Defendants to produce a Health Care Transition Plan); Doc. 3235 (ordering Defendants to be in substantial compliance or face civil contempt sanction); Doc. 3260
27 (ordering appointment of Magistrate Judge as mediator); Doc. 3269 (appointing Dr. Bart Abplanalp as Rule 706 expert); Doc. 3416 (directing the parties to engage in negotiations
28 and report back no later than January 13, 2020).

-2-

processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant[,]" and the party seeking a stay bears the burden of proof. *Nken v. Holder*, 556 U.S. 418, 427, 433-434 (2009). In order to meet this burden, a moving party must affirmatively demonstrate that the balance of equities favors a stay of proceedings pending appeal, using the following four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Defendants make no attempt to meet their burden, arguing instead the vague and conclusory assertion that a stay would save resources and further the interests of judicial economy. [Doc. 3415 at 2]

Because Defendants entirely fail to meet their burden to show that the balance of equities under the governing factors warrants a stay of proceedings, the Court should deny their motion for a suspension of briefing on Plaintiffs' Motion for Attorneys' Fees and Costs.

**II.     PROCEDURAL BACKGROUND AND ORDERS AT ISSUE**

On June 22, 2018, the Court entered the First Attorneys' Fees Order, awarding the Plaintiffs those fees and costs accrued through July 1, 2017. On July 21, 2018, Defendants filed their Notice of Appeal of the First Attorneys' Fees Order, challenging the scope of fees requested by Plaintiffs under Paragraph 43 of the Stipulation, the hourly rates used for the fee calculation, and the application of a 2.0 multiplier to the lodestar figure. [Doc. 2935; Doc. 3415 at 1-2] On September, 24, 2019, the parties argued Defendants' appeal before the Ninth Circuit and submitted it for the panel's ruling.

On November 4, 2019, Plaintiffs filed their Motion for Attorneys' Fees and Costs for the July 1, 2018, through June 30, 2019 Enforcement Period, as well as their "fees on fees" related to their successful motion for fees for work done from July 1, 2017, through June 30, 2018. [Doc. 3401 ("Second Fees Orders")] In total, Plaintiffs' November 2019

-3-

motion seeks $386,858.61 in fees, costs, and enhancements. [*Id.*] On November 12, 2019, Defendants filed a Motion to Suspend Briefing on Plaintiffs' Motion for Attorneys' Fees and Costs. [Doc. 3415]

**III. ARGUMENT**

A stay is an extraordinary remedy that should rarely be granted. *Nken*, 556 U.S. at 427, 433-34.  In order to obtain a stay pending appeal, the moving party must meet the burden of showing that it faces hardship or inequities such that a stay is warranted. In determining whether the balance of equities favors a stay, courts analyze the following four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Leiva-Perez*, 640 F.3d at 964. Defendants entirely fail to meet their burden under this test.

**A. Defendants Cannot Show a Strong Likelihood of Success on Appeal**

Defendants face demanding standards of review on appeal, and their stay motion fails to show that the Court abused its discretion in the First Attorneys' Fee Order. Defendants intend to raise the same objections to the instant Motion for Attorneys' Fees and Costs as were raised in their appeal of the First Attorneys' Fees Order, but those arguments are meritless. [Doc. 3415 at 1] For example, Defendants argue on appeal that lodestar enhancement multipliers in prison cases – specifically approved in *Kelly v. Wengler*, 822 F.3d 1086 (9th Cir. 2016) – are now flatly disallowed by *Murphy v Smith*, 138 S. Ct. 784 (2018). [No. 18-16365, Doc. 11-1 at 18] But *Murphy* considered only the narrow issue of what portion of money damages should be used for attorneys' fees under the Prison Litigation Reform Act (PLRA).  138 S. Ct. at 786.  While the Stipulation adopts the hourly rates prescribed by the PLRA, that statute is not the basis for the fees awarded here, and the Court correctly found that *Murphy* was irrelevant to the multiplier issue. [Doc. 2902 at 4] *Kelly* remains binding Circuit precedent.  *See United States v. Robertson*, 875 F.3d 1281, 1291 (9th Cir. 2017) ("So long as the court can apply our prior circuit precedent

-4-

1 without running afoul of the intervening authority it must do so") (internal quotation marks
2 omitted).  Defendants have failed to show a strong likelihood of success on appeal.

### B. Defendants Cannot Show Irreparable Injury Absent A Stay

Without a showing of irreparable harm tipping "sharply" in the movant's favor, a stay "may not issue, regardless of [the movant's] proof regarding the other stay factors." *Leiva-Perez,* 640 F.3d at 965, 968, 971. Defendants fall far short of meeting this burden, raising only the generic argument that suspending briefing on Plaintiffs' Motion for Attorneys' Fees and Costs will "substantially reduce the time and expense required to respond to Plaintiffs' Motion," thus preserving the resources of both parties and promoting the interest of judicial economy. [Doc. 3415 at 2] Perhaps recognizing they cannot meet this heavy burden, Defendants do not even assert that adhering to the current briefing schedule would present an irreparable injury to them.

Nonetheless, the precedent is clear that the injury alleged by Defendants does not meet the standard of irreparable injury. As the *Leiva-Perez* court held, the moving party must allege a reason specific to their case, as opposed to a reason that would apply equally well to all parties moving for a stay of proceedings. *Leiva-Perez*, 640 F.3d at 969 ("[i]nstead, a noncitizen must show that there is a reason specific to his or her case, as opposed to a reason that would apply equally well to all aliens and all cases, that removal would inflict irreparable harm—for example, that removal would effectively prevent her from pursuing her petition for review, or that, even if she prevails, she could not be afforded effective relief"). In terms of the hypothetical injury that could result from denial of a stay, Defendants merely allege that responding to Plaintiffs' Motion for Attorneys' Fees and Costs would expend time and resources. [Doc. 3415 at 2][3] However, responding to motions and expending resources in the process of doing so is a universal feature of legal proceedings. *See Renegotiation Bd. v. Bannercraft Clothing Co*., 415 U.S. 1, 24 (1974)

---

[3] Ironically, Defendants fail to acknowledge that their Motion to Suspend Briefing has itself generated an unnecessary expenditure of time and resources, as Plaintiffs now have to respond to their frivolous Motion.

("Mere litigation expense . . . does not constitute irreparable injury") (citation omitted); *F.T.C. v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) (same); *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 735 n.20 (9th Cir. 2017) (same)  Furthermore, even this alleged injury is one that will not be cured by a suspension of proceedings pending appeal, as Defendants will eventually have to respond to Plaintiffs' motion regardless of the appeal's outcome. Defendants fail to show that they will suffer irreparable injury absent a stay.[4]

### C. Defendants Cannot Show That Plaintiffs Will Not Be Substantially Injured If a Stay is Granted

Defendants ignore the requirement that a party seeking a stay must show definitively that no other parties will be substantially injured by a stay, as they cannot make such as showing. Plaintiffs would be substantially injured by a stay.

Underlying the Court's orders awarding attorneys' fees is the recognition that in the face of sustained intransigence by Defendants, Plaintiffs' counsel have vigorously, repeatedly, and successfully moved to enforce the terms of the Stipulation, producing excellent results for the 34,000 class members in this case.  The uncommonly difficult issues encountered by Plaintiffs' counsel in enforcing the Stipulation, largely a product of Defendants' conduct and litigation strategy, have necessitated an enormous outlay of resources and continuous work to overcome.

The purpose of fee-shifting provisions is "to attract competent counsel to represent citizens deprived of their civil rights." *Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 870

---

[4] During oral argument on Defendants' appeal of the First Fees Order, Defendants' counsel conceded that Plaintiffs are entitled to some fees:

> Paragraph 43 can only mean that they are entitled to fees and costs that can be directly attributed to filing the motion to enforce, which includes preparing the motion and the reply, and any subsequent related briefing, oral argument, or hearing. We're not saying that they're not entitled to any fees; they are, but only for fees that can be directly attributed to that motion.

*Parsons v. Ryan*, Ninth Cir. No. 18-16358 Oral Argument (September 24, 2019) at 11:54, https://www.ca9.uscourts.gov/media/view_video.php?pk_vid =0000016209.

-6-

(9th Cir. 2002). In this case, Plaintiffs' counsel have yet to be paid a single penny for nearly five years of successful work to enforce the Stipulation – and now Defendants seek still more delay. Defendants' efforts to obstruct the delivery of just compensation for the efforts of Plaintiffs' counsel perpetuates the undesirability of class action cases on behalf of prisoners, which ultimately reduces the availability of counsel to litigate such cases, thus inflicting harm both on Plaintiff class members and on similarly situated incarcerated people facing unconstitutional conditions of confinement.[5]

Class action cases on behalf of prisoners are generally considered undesirable even by the civil rights bar, owing to the fact that they are so time-consuming and expensive to litigate. The PLRA's fee cap serves to make such cases even more undesirable by cutting market rates substantially. And, coupled with the significant degree of expertise and experience required to litigate complex prisoner rights class action cases, the end result is that few lawyers are willing to, or even equipped to, bring cases such as this one.[6] Preventing the just compensation of counsel who nonetheless overcome these systemic factors further enshrines such disincentives and thus harms both the Plaintiff class in this case and similarly situated persons.

**D. Defendants Cannot Show That Public Interest Considerations Support a Stay**

Defendants likewise ignore the requirement that a party seeking a stay must show that the public interest favors a stay. Here, public interest considerations confirm that a stay is inappropriate.

---

[5] "This case is considered 'undesirable' because § 1983 class actions on behalf of prisoners involving the conditions of confinement are exceedingly fact-intensive, time-consuming, and expensive to litigate, and the PLRA restricts the hourly rate for attorneys' fees below market." *Graves v. Arpaio*, 633 F. Supp. 2d 834, 847 (D. Ariz. 2009).

[6] "To my knowledge, no lawyers, law firms, or public-interest groups in Arizona have the degree of experience in prisoner-rights litigation, the expertise to litigate a complex, statewide, prisoner-rights class action, and the resources to bring a lawsuit like the Parsons v. Ryan litigation. I am also unaware of any qualified local counsel who would be willing to bring a complicated, resource intensive case, like Parsons, for the low fee rate set by the Prison Litigation Reform Act. As a result, it was necessary to bring in outside legal expertise to conduct this case." [*See* Doc. 2279 ¶ 5 (Declaration of Kathleen E. Brody)]

-7-

Public interest considerations weigh sharply in favor of Plaintiffs. Militating against the granting of a stay is the interest in compensating Plaintiffs' counsel's superior performance, extraordinary commitment of resources, and excellent results for their clients, particularly in the face of Defendants' persistent non-compliance and obstruction.[7] The vast outlay of resources required to enforce the Stipulation during the 2018-19 Enforcement Period is directly linked to Defendants' conduct, and principles of fundamental fairness support the prompt delivery of just compensation for Plaintiffs' counsel's successful representation of 34,000 class members in spite of that conduct.

## IV.    CONCLUSION

For these reasons, Defendants' motion for a suspension of briefing on Plaintiffs' Motion for Attorneys' Fees and Costs should be denied.

Dated: November 26, 2019                **ACLU NATIONAL PRISON PROJECT**

By: s/ Amy Fettig
David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Eunice Hyunhye Cho (Wash. 53711)*
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@aclu.org
             afettig@aclu.org
             echo@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

---

[7] Throughout the 2018-19 Enforcement Period, the Court faulted Defendants for their scorched-earth litigation tactics and noncompliance, noting that "[w]hile Defendants are free to utilize the State's resources as they wish, at some point their continued insistence that taxpayer money is better spent on assiduously defending their noncompliance with the Stipulation than on efforts towards remedying the fundamental underlying cause of that noncompliance is likely ill-conceived and ill-advised." [Doc. 3057 at 9] The Court further noted that "**Defendants' actions** raise the distinct miserable possibility that the Stipulation will have to be set aside and the parties instructed to litigate again." [*Id.* (emphasis added)] The Court exhorted Defendants to engage in "good-faith" efforts at achieving compliance with the Stipulation, and rebuffed Defendants' objections to the appointment of a Rule 706 expert "because they raise concerns about Defendants' candor to the Court." [*Id.*; Doc. 3269 at 1-2]

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
   agerlicher@perkinscoie.com
   jhgray@perkinscoie.com

Martin Lieberman (Bar No. 007442)
Molly Brizgys (Bar No. 029216)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: mlieberman@acluaz.org
   mbrizgys@acluaz.org

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email: dspecter@prisonlaw.com
   ahardy@prisonlaw.com
   snorman@prisonlaw.com
   ckendrick@prisonlaw.com
   rlomio@prisonlaw.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2019, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

Asim Dietrich
Rose A. Daly-Rooney
J.J. Rico
Maya Abela
ARIZONA CENTER FOR DISABILITY LAW
adietrich@azdisabilitylaw.org
rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org
mabela@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

                                        s/ Amy Fettig