Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' RESPONSE TO COURT ORDER (Dkt. 3416)** |

Because the Stipulation is a contract, voluntarily entered into by the parties, it is governed by contract law principles.  *See Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) ("An agreement to settle a legal dispute is a contract and its enforceability is governed by familiar principles of contract law.").  When a party has materially breached a contract, the remedies available are: (1) rescission; (2) specific performance; or (3) damages. *W. Pinal Family Health Ctr., Inc. v. McBryde*, 785 P.2d 66, 68 (Ariz. App. 1989); *see also Cruz v. Cockrell*, CV-16-01283-PHX-GMS, 2018 WL 487833, at *3 (D. Ariz. Jan. 19, 2018) (citing *Weatherford v. Adams*, 251 P.3d 453, 455–56 (Ariz. 1926)) ("If one party breaches the contract, the party not at fault may either rescind the contract, refuse to recognize the breach and compel performance, or treat the breach as terminating the contract and sue for damages.").

These are the remedies available to Plaintiffs *if* they can prove a *material* breach of the Stipulation.  The structure of the Stipulation confirms this remedial path.  If Plaintiffs believe that Defendants have "failed to substantially comply in some significant respect with this Stipulation," they must send a notice of substantial non-compliance, confer informally with Defendants, and, if a resolution is not reached, mediate the dispute with a magistrate judge.  (Dkt. 1185, ¶¶ 30–31.)  If the mediation does not resolve the issue, Plaintiffs may then file a motion to enforce the Stipulation with the Court.  (*Id.*, ¶ 31.)  If the Court determines that Defendants have not complied with the Stipulation, Defendants are permitted "to submit a plan, approved by the Court, to remedy the deficiencies." (*Id.*, ¶ 36.)  "In the event the Court subsequently determines that the Defendants' plan did not remedy the deficiencies, the Court shall retain the power to enforce this Stipulation *through all remedies provided by law*, except that the Court shall not have the authority to order Defendants to construct a new prison or to hire a specific number or type of staff unless Defendants propose to do so as part of a plan to remedy a failure to comply with any provision of this Stipulation." (*Id.*, emphasis added.)

Because the Stipulation is a contract and the remedies for a material breach of a contract are rescission, specific performance, or damages, those are the "remedies provided by law" that Plaintiffs can seek and the Court can order.  *See Christina A. ex rel. Jennifer A. v. Bloomberg*, 315 F.3d 990, 993–94 (8th Cir. 2003) (holding that inmate-plaintiffs to a settlement agreement, which authorized district court to enforce its terms, could seek breach-of-contract remedies for non-compliance); *Macias v. N.M. Dep't of Labor*, 300 F.R.D. 529, 553 (D.N.M. 2014) ("[V]iolation of a settlement agreement over which the court has retained jurisdiction is subject to state contract law regarding the prima facie elements, affirmative defenses, and remedies of and for breach of contract.").

Plaintiffs have recently stated that their "preference" is to go to trial.  (Dkt. 3402.) But to do that, they must first exhaust the Stipulation's procedural requirements (Dkt. 1185, ¶¶ 30–31) and establish a material breach of the Stipulation (Dkt. 3399 at 2 n.1; Dkt. 3410 at 3–4 n.2).  They must also demonstrate that rescission is appropriate.  "The remedy of

rescission … requires a 'vital' breach of contract, representing a 'substantial failure of consideration.'" *Seitz v. Indus. Comm'n of Az.*, 911 P.2d 605, 609 (Ariz. App. 1995); *see also First Ascent Ventures, Inc. v. DLC Dermacare, LLC*, CV-06-1794-PHX-JAT, 2006 WL 7285609, at *5 (D. Ariz. Oct. 25, 2006) (citing *Amos Flight Operations, Inc. v. Thunderbird Bank*, 540 P.2d 1244, 1248 (Ariz. 1975) (noting that rescission requires an "entire or substantial failure of consideration"). Rescission "abrogates the contract and undoes it from the beginning; that is, not merely to release the parties from further obligation to each other in respect to the subject of the contract, but to annul the contract and restore the parties to the relative positions which they would have occupied if no such contract had ever been made." *Hall v. Read Dev., Inc.*, 274 P.3d 1211, 1219, ¶ 30 (Ariz. App. 2012) (quoting *Reed v. McLaws*, 110 P.2d 222, 225 (Ariz. 1941)).

Even then, Defendants cannot be rushed to trial. They must be afforded all of the procedural protections granted under the law, beginning with notice of what claims in the 150-paragraph Complaint—which was filed over seven years ago—Plaintiffs seek to pursue. The parties must then be able to engage in discovery. To secure the injunctive and declaratory relief requested in their Complaint, Plaintiffs must establish a *current* constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 845 (1994); *Green v. Mansour*, 474 U.S. 64, 73 (1985); *see generally* 18 U.S.C. § 3626. Plaintiffs cannot rely on stale evidence produced and disclosed during discovery five years ago. And Defendants must have an opportunity to test their evidence. This will require a new Rule 16 scheduling order setting forth fact and expert discovery deadlines, as well as deadlines for dispositive and *Daubert* motions to weed out any allegations that lack evidentiary support.[1]

Of course, Plaintiffs do not have to go down this path. They can continue with the Stipulation and agree to terminate the 762 Health Care Performance Measures (of the remaining 890) that Dr. Stern believes should be terminated or retired or are no longer

---

[1] Testing the strength of Plaintiffs' experts' testimony and underlying data is particularly important. Plaintiffs have already stated that they "plan to introduce the bulk of their case via experts." (Dkt. 3402 at 5.) Defendants must depose their experts and be able to present expert testimony of their own.

applicable.  (Dkt. 3379 at 37–38, 44, 53–56, 89–90; Dkt. 3382-1 at 9–10.)  That would allow Defendants to focus resources and efforts on those performance measures that remain non-compliant.  Plaintiffs could also suggest specific remedial plans to cure non-compliant Performance Measures.  (*See* Dkt. 1185, ¶ 36 ["In the event the Court finds that Defendants have not complied with the Stipulation, it shall in the first instance require Defendants to submit a plan approved by the Court to remedy the deficiencies identified by the Court. … In determining the subsequent remedies the Court shall consider whether to require Defendants to submit a revised plan."].)[2] Achieving total compliance should be a common goal and in everyone's interest.

DATED this 2nd day of December, 2019.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By/s/Daniel P. Struck
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

*Attorneys for Defendants*

---

[2] Plaintiffs usually request non-specific relief in their motions to enforce the Stipulation.  (*See*, *e.g.*, Dkt. 1576 at 36 ["The Court should order Defendants to develop a plan to comply with their obligations without further delay."]; Dkt. 1625 at 21 ["The Court should order Defendants to comply with the Stipulation as written."]; Dkt. 1663 at 4 ["Plaintiffs request that the Court order Defendants to develop a meaningfully specific and detailed plan to permanently remedy their continued substantial noncompliance …."]; Dkt. 1863 at 15 [same]; Dkt. 2253 at 2 ["Plaintiffs … hereby move this Court to exercise its inherent powers and those outlined in the Stipulation … to enforce the terms of the Stipulation and order Defendants to take immediate and substantial action to remedy gross and dangerous deficiencies …."]; Dkt. 2520 at 2 [same].)

4

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on December 2, 2019, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
3  Notice of Electronic Filing to the following CM/ECF registrants:

4    Alison Hardy:             ahardy@prisonlaw.com

5    Amelia M. Gerlicher:    agerlicher@perkinscoie.com;docketPHX@perkinscoie.com,
kleach@perkinscoie.com
6

7    Amy B. Fettig:          afettig@npp-aclu.org

    Asim Dietrich:          adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org;
8                             phxadmin@azdisabilitylaw.org

9    Corene T. Kendrick:    ckendrick@prisonlaw.com; edegraff@prisonlaw.com

10  Daniel Clayton Barr:    DBarr@perkinscoie.com; docketphx@perkinscoie.com;
sneilson@perkinscoie.com
11

12  David Cyrus Fathi:     dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

    Donald Specter:       dspecter@prisonlaw.com
13

14  John Howard Gray:    jhgray@perkinscoie.com; slawson@perkinscoie.com

15  Jose de Jesus Rico:     jrico@azdisabilitylaw.org

16  Maya Abela            mabela@azdisabilitylaw.org

17  Rose Daly-Rooney:     rdalyrooney@azdisabilitylaw.org

    Sara Norman:          snorman@prisonlaw.com
18

19  Rita K. Lomio:          rlomio@prisonlaw.com

20  Molly Brizgys:          mbrizgys@acluaz.org

21  Eunice Cho             ECho@aclu.org

22        I hereby certify that on this same date, I served the attached document by U.S. Mail,
postage prepaid, on the following, who is not a registered participant of the CM/ECF
23  System:

24        N/A

25                             /s/Daniel P. Struck

26

27

28