Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br>v.<br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' EMERGENCY[1] MOTION TO QUASH PLAINTIFFS' SUBPOENA FOR DEPOSITION TESTIMONY TO LEONEL URDANETA AND FOR PROTECTIVE ORDER (DKT. 3417-2)** |

In 2014, discovery closed and the parties settled the case.  (Dkt. 1185.)  Now, over five years later, Plaintiffs attempt to resurrect and utilize discovery devises to obtain irrelevant and stale information by deposing former Corizon employee, Leonel Urdaneta. Plaintiffs concede that neither the Stipulation nor any other legal authority authorizes them to take this deposition—and they cannot articulate why it is necessary.

It is Defendants' desire to prevent the expenditure of fees (by both sides) to prepare for and defend this unnecessary deposition, especially during a time when the parties should

---

[1] The deposition of Leonel Urdaneta is scheduled for December 10, 2019.  As such, Defendants request the Court stay the deposition until this issue is resolved.

be working together to try and resolve this case.[2]  Indeed, deposing a former employee of a contractor who has not provided healthcare to ADC's inmates since May 2019 is incompatible with the Court's current directives.[3] (Dkt. 3416.)  For these reasons, the Court should quash Plaintiffs' subpoena for deposition testimony to Leonel Urdaneta and issue a protective order vacating the December 10, 2019 deposition.  (Dkt. 3417-2.)

**I.   BACKGROUND**

   **A.   Plaintiffs' Subpoenas to Leonel Urdaneta**

On October 31, 2019, Plaintiffs' counsel informed counsel for Corizon that former Regional Psychiatric Director, Leonel Urdaneta, contacted him to discuss "the provision of mental health care in the Arizona Department of Corrections."  *See* Exhibit 1 (Correspondence between Fathi and Kartchner).  On November 4, 2019, Corizon's counsel objected to Plaintiffs' counsel communicating with Dr. Urdaneta without having Corizon counsel present, and suggested (without Defense counsel's input) that Plaintiffs coordinate a meeting or deposition.  (*Id.*)  On November 13, 2019, Plaintiffs filed a Notice of Intent to Serve Subpoenas upon Dr. Urdaneta—one for production of documents and one for deposition testimony.[4]  (Dkt. 3417.)  On November 19, 2019, in an attempt to resolve the issue without court intervention, Defense counsel wrote Plaintiffs' counsel and requested they provide authority that allows them to subpoena documents and conduct depositions at this juncture in the case.  *See* Exhibit 2 (Correspondence between Hesman and Fathi).  The next day, Plaintiffs' counsel advised that because Defendants subpoenaed documents in preparation of evidentiary hearings held in 2018, and because Corizon's counsel suggested the deposition, they were entitled to take it.  (*Id.*)  That same day, Defense counsel requested

---

[2] Defendants inquired into whether Plaintiffs will seek reimbursement for fees associated with this deposition.  (Ex. 2.)  Plaintiffs advised that they "do not yet know whether time spent on Dr. Urdaneta's deposition will be included in [their] 2020 petition."  (*Id.*)

[3] Dr. Urdaneta resigned on May 5, 2019.

[4] Plaintiffs withdrew their subpoena duces tecum on December 2, 2019.  (Dkt. 3425.)  Thus, this motion to quash pertains only to Plaintiffs' subpoena for deposition testimony.  If, however, Plaintiffs renew the subpoena duces tecum, Defendants reserve the right to assert similar objections as those discussed herein.

1  that Plaintiffs' counsel confirm they had no legal authority to support their position. (*Id.*)
2  After receiving no response, on November 26, 2019, Defense counsel inquired again. (*Id.*)
3  The parties participated in a telephonic meet-and-confer that same day. While Plaintiffs'
4  counsel advised during the call they were "confident" the Court would allow the deposition,
5  he did not reveal why, or advise what legal authority supports their request. (*Id.*) To date,
6  Plaintiffs have not responded to Defense counsel's request for legal authority. (*Id.*)

## II. LEGAL ARGUMENT

Rule 45 subpoenas are subject to Rule 26, which outlines the permissible scope of discovery. *R. Prasad Indus. v. Flat Irons Envtl. Sols. Corp.*, 2014 WL 2804276, at *2 (D. Ariz. 2014). Because of this, "courts have found that Rule 45 subpoenas sought after the discovery cut-off are improper attempts to obtain discovery beyond the discovery period." *Internmatch, Inc.*, 2016 WL 1212626, at *1 (N.D. Cal. 2016) (first citing *Rice v. United States*, 164 F.R.D. 556, 557–59 (N.D. Okla. 1995); and then citing *FTC v. Netscape Commc'ns Corp.*, 196 F.R.D. 559, 560–61 (N.D. Cal. 2000)); *see also Joseph P. Carroll Ltd. v. Baker*, 2012 WL 1232957 at *2 (S.D.N.Y. 2012) ("it is black letter law that parties may not issue subpoenas pursuant to Federal Rule of Civil Procedure 45 'as a means to engage in discovery after the discovery deadline has passed.'") (citations omitted); *Integra Lifesciences I, Ltd. V. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) (subpoenas issued under Rule 45 are discovery tools that must be utilized within the time period permitted for discovery in a case).[5]

Because Defendants seek to quash an untimely subpoena, they have standing to bring this instant motion. *Ferreira v. Penzone*, No. CV-15-01845-PHX-JAT, 2018 WL 1706212, at *3 (D. Ariz. Apr. 9, 2018) ("[h]ere, plaintiff does not seek an equitable remedy, but instead seeks to quash a tardy subpoena – a remedy [Fed.R.Civ.P. 45(d)(3)] provides to

---

[5] While there are narrow exceptions which allow subpoenas to be issued in advance of trial, those exceptions do not apply as there is no trial or other evidentiary hearing scheduled in this case. *See Integra*, 190 F.R.D. at 562 (citing *Puritan Inv. Corp. v. ASLL Corp.*, No. CIV. A. 97-1580, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997) and cases cited therein).

her."). The deposition is scheduled for December 10, 2019. (Dkt. 3407-2.) As such, Defendants' Motion to Quash is timely. *See Santiago v. Hawaii*, No. CV 16-00583 DKW-KSC, 2017 WL 11448359, at *1 (D. Haw. Mar. 29, 2017) (motion to quash should be "timely" brought, which courts have interpreted to mean within the time set in the subpoena for compliance).

Additionally, because Defendants' interests will be jeopardized by the discovery Plaintiffs seek, and because Plaintiffs have refused to stay the deposition pending resolution of the issue by the Court,[6] Defendants also move for a protective order pursuant to Fed.R.Civ.P. 26(c). A party can move for a protective order regarding a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party. *See In re REMEC, Inc. Sec. Litig.*, No. CIV 04CV1948 JLS AJB, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008); *see also Portland Gen. Elec. Co. v. U.S. Bank Trust Nat'l Assoc.*, 38 F.Supp.2d 1202, 1206 n. 3 (D.Or.1999), *rev'd on other grounds*, 218 F.3d 1085 (2000) (noting that parties have standing to challenge third party subpoenas under Rule 26(c)); *Springbook Lenders v. Northwestern Nat'l Ins. Co.*, 121 F.R.D. 679, 680 (N.D.Cal.1988) (same); *Integra,* 190 F.R.D. at 562 n. 3 (noting party has standing to seek protective order against third party discovery in violation of court order)).[7]

### A. Plaintiffs' Subpoena Was Issued After the Close of Discovery and Must be Quashed.

It is undisputed that Plaintiffs issued their subpoena after settlement of the case and thus after the close of discovery. (Dkt. 3417-2.) Therefore, it must be quashed. *Ferreira,* 2018 WL 1706212, at *2 (D. Ariz. Apr. 9, 2018) (unless the subpoena falls into one of the narrow exceptions to this rule, subpoenas served after the close of discovery "must be quash[ed].").[8] Plaintiffs' argument that Defendants have waived the ability to object

---

[6] Ex.2.

[7] Pursuant to Fed.R.Civ.P. 26(c)(1), Defense counsel certifies they conferred with Plaintiffs' counsel in good faith (both telephonically and in writing) before bringing this instant motion. (Ex. 2.)

[8] *See*, e.g., *Davis v. Tri-Cty. Metro. Transp. Dist. of Oregon*, No. 3:12-CV-0808-SI, 2015 WL 3823826, at *1 (D. Or. June 18, 2015) (finding motion for protective order and to

4

because Corizon's counsel suggested the deposition, or because Defendants subpoenaed documents in preparation of 2018 evidentiary hearings, is unpersuasive and not supported by legal authority. First, as a non-party, Corizon's counsel is not necessarily familiar with the Stipulation's terms, including the information to which Plaintiffs are entitled to. Moreover, Corizon's counsel does not bind Defendants. When Plaintiffs filed their Notice of Intent to Serve Subpoenas, Defendants immediately objected and attempted to resolve the issue without court intervention. (Ex.1–2.) After the parties' meet-and-confer on November 26, 2019, when it became apparent that no resolution was possible, Defendants quickly filed this instant motion.[9]

Second, Defendants subpoenaed post-settlement documents in preparation of evidentiary hearings held in 2018 pursuant to court order. (Dkt. 2585-1; Dkt. 2565-1.) Those subpoenas were proper under the trial/evidentiary hearing exceptions discussed above. Regardless, that Plaintiffs failed to object to those subpoenas does not somehow foreclose Defendants' ability to object to improper and untimely subpoenas issued by Plaintiffs.

Plaintiffs have failed to offer any reason why this deposition should go forward. Moreover, they have not provided any legal authority which allows them to take this

---

quash subpoena "well taken" as subpoena was issued after close of discovery); *nSight, Inc. v. PeopleSoft, Inc*., 2006 WL 988807, at *3 (N.D. Cal. Apr. 13, 2006) (subpoenas duces tecum for particular records, issued to third parties after close of discovery, were quashed as improper attempt to engage in discovery after discovery cut-off); *Integra,* 190 F.R.D. at 561 ("Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case."); *Marvin Lumber & Cedar Co. v. PPG Indus., Inc*., 177 F.R.D. 443, 445 (D.Minn.1997) (subpoenas under Rule 45, invoking the authority of the court to obtain the pretrial production of documents and things, are discovery within the definition of Fed.R.Civ.P. 26(a)(5) and are therefore subject to the time constraints that apply to all other methods of formal discovery); *Rice*, 164 F.R.D. at 558 (N.D.Okl.1995) ("After careful consideration, the Court finds that the Rule 45 subpoenas duces tecum in this case constitute discovery."); *see also Puritan,* 1997 WL 793569 at *1 ("Trial subpoenas may not be used, however, as a means to engage in discovery after the discovery deadline has passed."); *BASF Corp. v. Old World Trading Co*., Civ. No. 86–5602, 1992 WL 24076, at *2 (N.D.Ill. Feb. 4, 1992) ("Here, discovery has been closed for almost eleven months, and the court will not allow the parties to engage in discovery through trial subpoenas.").

[9] Defense counsel was traveling on November 27 and their office was closed November 28-29, 2019 in observance of the Thanksgiving holiday.

5

deposition or engage in discovery in a case that settled over five years ago. The deposition does not relate to monitoring or enforcement of the Stipulation and serves only to frustrate the parties' upcoming settlement discussions. Indeed, allowing the deposition will open the flood gates to deposing anyone Plaintiffs desire, without the protections and limits imposed by the Rules. Because discovery has long since closed, good cause exists for the Court to enter a protective order to eliminate the expense and annoyance of having to defend an unauthorized and unnecessary deposition. Fed.R.Civ.P. 26(c) ("[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . ."). To enable the parties to focus on resolution of this matter, Defendants request the Court quash the subpoena and enter a protective order vacating the December 10, 2019 deposition.

## III.    CONCLUSION

For these reasons, Defendants request that their Motion be granted, the subpoena to Dr. Urdaneta be quashed, and a protective order be issued vacating the December 10, 2019 deposition.

DATED this 3rd day of December, 2019.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Daniel P. Struck
   Daniel P. Struck
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   3100 West Ray Road, Suite 300
   Chandler, Arizona 85226

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Molly Brizgys: | mbrizgys@acluaz.org |
| Eunice Cho | ECho@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck