## Index of Exhibits to Declaration
## of David C. Fathi

**Exhibit 1**    October 27, 2019 email from Leonel Urdaneta, M.D. to David Fathi

**Exhibit 2**    October 31 - November 6, 2019 email string between Todd Kartchner and David Fathi

**Exhibit 3**    November 19 - December 2, 2019 email string between Ashlee Hesman and David Fathi

**Exhibit 4**    November 27, 2019 letter from Ashlee Hesman to David Fathi

**Exhibit 5**    Cover page of the brief filed on behalf of Defendants in *Parsons v. Ryan*, Ninth Circuit No. 18-16358, Dkt. 36, by Mr. Kartchner and other attorneys at Fennemore Craig

**Exhibit 6**    November 27, 2019 letter from Todd Kartchner to David Fathi

# EXHIBIT 1

## David Fathi

| | |
|---|---|
| **From:** | leonel urdaneta < ▓▓▓▓▓▓▓▓▓▓▓▓▓ > |
| **Sent:** | Sunday, October 27, 2019 3:23 PM |
| **To:** | David Fathi |
| **Subject:** | AZ Correctional Practices |

Hello, Mr. Fathi,

Ms. Angela Fischer referred me to you. I am a psychiatrist who has worked in the correctional field for 30 years plus. My last job was as Director of Psychiatry for the AZ-Corizon contract.

My reason for reaching out to you is my interests in bringing to light the dysfunctions I was witness to during my two years as head of the Psychiatric Service for the contract, dysfunctions that were part to AZ Correctional Department and of Corizon itself. Those dysfunctions caused tremendous harm to patients, including suicides and severe self-injurious damage.

I am for that asking for your help to become a voice for the improvement of care for patients in the correctional system in Arizona.

Thank you for you attention and time,

Leonel A. Urdaneta, MD

# EXHIBIT 2

**David Fathi**

| | |
|---|---|
| **From:** | David Fathi |
| **Sent:** | Wednesday, November 06, 2019 5:30 PM |
| **To:** | KARTCHNER, TODD |
| **Cc:** | Don Specter; Corene Kendrick; Amy Fettig; Maya Abela; Rachel Love (RLove@strucklove.com); Tim Bojanowski (TBojanowski@strucklove.com) |
| **Subject:** | RE: Dr. Leonel Urdaneta |

Todd:

We intend to subpoena Dr. Urdaneta for a deposition.  We will let you know possible dates in the near future.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@aclu.org
@DavidCFathi

*Not admitted in DC; practice limited to federal courts

---

**From:** KARTCHNER, TODD [mailto:TKARTCHNER@fclaw.com]
**Sent:** Monday, November 04, 2019 2:03 PM
**To:** David Fathi
**Cc:** Don Specter; Corene Kendrick; Amy Fettig; Maya Abela; Rachel Love (RLove@strucklove.com); Tim Bojanowski (TBojanowski@strucklove.com)
**Subject:** RE: Dr. Leonel Urdaneta

David:

We can agree to disagree on the application of *Lang*.  The only thing I'm concerned about is whether you intend to have communications with Dr. Urdaneta without my knowledge and outside my presence.  Please advise.

--Todd Kartchner

**Todd S. Kartchner,** Director
T: 602.916.5461 | F:  602.916.5661
tkartchner@fclaw.com

**From:** David Fathi <dfathi@aclu.org>
**Sent:** Monday, November 4, 2019 11:33 AM
**To:** KARTCHNER, TODD <TKARTCHNER@fclaw.com>
**Cc:** Don Specter <dspecter@prisonlaw.com>; Corene Kendrick <ckendrick@prisonlaw.com>; Amy Fettig <afettig@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Rachel Love (RLove@strucklove.com)

<RLove@strucklove.com>; Tim Bojanowski (TBojanowski@strucklove.com) <TBojanowski@strucklove.com>
**Subject:** RE: Dr. Leonel Urdaneta

Todd,

We have never said that we do not challenge Corizon's right to be present. We do not agree with your characterization of *Lang*, and you apparently concede that you have no other authority to support your position.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@aclu.org
@DavidCFathi

*Not admitted in DC; practice limited to federal courts

---

**From:** KARTCHNER, TODD [mailto:TKARTCHNER@fclaw.com]
**Sent:** Monday, November 04, 2019 12:50 PM
**To:** David Fathi
**Cc:** Don Specter; Corene Kendrick; Amy Fettig; Maya Abela; Rachel Love (RLove@strucklove.com); Tim Bojanowski (TBojanowski@strucklove.com)
**Subject:** RE: Dr. Leonel Urdaneta


David:

You have argued too many times to count that Corizon was ADC's agent, and we believe, and are prepared to argue, *Lang* should (and does) apply to ADC's circumstances as well. Moreover, if you're not challenging Corizon's right to be present, it seems like a wasted argument on your part. You're still in a position where *ex parte* communications are prohibited.

Again, let us know if you want to coordinate a meeting or deposition with Dr. Urdaneta. Please be advised we will seek immediate relief from the Court should we find you are engaging in *ex parte* communications with him.

Best,
Todd Kartchner


**Todd S. Kartchner,** Director
T: 602.916.5461 | F:  602.916.5661
tkartchner@fclaw.com

**From:** David Fathi <dfathi@aclu.org>
**Sent:** Monday, November 4, 2019 10:21 AM
**To:** KARTCHNER, TODD <TKARTCHNER@fclaw.com>
**Cc:** Don Specter <dspecter@prisonlaw.com>; Corene Kendrick <ckendrick@prisonlaw.com>; Amy Fettig <afettig@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Rachel Love (RLove@strucklove.com) <RLove@strucklove.com>; Tim Bojanowski (TBojanowski@strucklove.com) <TBojanowski@strucklove.com>
**Subject:** RE: Dr. Leonel Urdaneta

Todd,

Thank you for your response.  Kindly provide authority for your position that ADC may object to Plaintiffs' counsel speaking with Dr. Urdaneta, who is not now, and to our knowledge has never been, an ADC employee.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@aclu.org
@DavidCFathi

*Not admitted in DC; practice limited to federal courts

---

**From:** KARTCHNER, TODD [mailto:TKARTCHNER@fclaw.com]
**Sent:** Monday, November 04, 2019 11:45 AM
**To:** David Fathi
**Cc:** Don Specter; Corene Kendrick; Amy Fettig; Maya Abela; Rachel Love (RLove@strucklove.com); Tim Bojanowski (TBojanowski@strucklove.com)
**Subject:** RE: Dr. Leonel Urdaneta

David:

ADC and Corizon jointly object to communications with Dr. Urdaneta without having defense counsel present.  Pursuant to *Lang v. Superior Court*, 170 Ariz. 602 (1992), *ex parte* communications with former employees whose acts or omissions may be imputed to the former employer are prohibited.

You will need to coordinate a meeting, or, if you prefer, a deposition, with us, and again, defense counsel will need to be present for either option.

Let me know if you have any questions.
--Todd Kartchner

**Todd S. Kartchner,**  Director

**FENNEMORE** CRAIG

2394 East Camelback Road, Suite 600, Phoenix, AZ 85016-3429
T: 602.916.5461  | F:  602.916.5661
tkartchner@fclaw.com  |  View Bio



**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error. Then delete it. Thank you.

**From:** David Fathi <dfathi@aclu.org>
**Sent:** Thursday, October 31, 2019 11:02 AM
**To:** KARTCHNER, TODD <TKARTCHNER@fclaw.com>
**Cc:** Don Specter <dspecter@prisonlaw.com>; Corene Kendrick <ckendrick@prisonlaw.com>; Amy Fettig
<afettig@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; David Fathi <dfathi@aclu.org>
**Subject:** Dr. Leonel Urdaneta

Dear Todd,

Dr. Leonel Urdaneta recently contacted us, requesting to speak with us about the provision of mental health care
in the Arizona Department of Corrections.  As you may be aware, Dr. Urdaneta is no longer employed by
Corizon.  Nevertheless, we are writing as a courtesy to let you know that we intend to speak with him.  If
Corizon intends to assert any objection to our communication with Dr. Urdaneta, please let us know by the
close of business on Monday, November 4.

Thanks very much.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@aclu.org
@DavidCFathi

*Not admitted in DC; practice limited to federal courts

# EXHIBIT 3

**David Fathi**

| | |
|---|---|
| **From:** | David Fathi |
| **Sent:** | Monday, December 02, 2019 10:01 AM |
| **To:** | Ashlee Hesman |
| **Cc:** | Corene Kendrick (ckendrick@prisonlaw.com); Amy Fettig; Don Specter (dspecter@prisonlaw.com); Jessica Carns; Curtis Harris; Tim Bojanowski; Elaine Percevecz; Dan Struck; Rachel Love; KARTCHNER, TODD |
| **Subject:** | RE: Parsons-Urdaneta Deposition |

Ashlee:

The question whether time spent on the deposition of Dr. Urdaneta will be included in Plaintiffs' next fee petition -- like the question whether your firm will bill the taxpayers of Arizona for time spent attempting to block that deposition -- is completely irrelevant to any issue before the Court.

Plaintiffs have been submitting fee petitions for one-year periods, from July 1 to June 30.  If this pattern continues, Plaintiffs' next fee petition will not be submitted until sometime after June 30, 2020.  Because Plaintiffs exercise billing judgment before submitting our fee petitions, we do not yet know whether time spent on Dr. Urdaneta's deposition will be included in our 2020 petition.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@aclu.org
@DavidCFathi

*Not admitted in DC; practice limited to federal courts

---

**From:** Ashlee Hesman [mailto:ahesman@strucklove.com]
**Sent:** Sunday, December 01, 2019 7:35 PM
**To:** David Fathi
**Cc:** Corene Kendrick (ckendrick@prisonlaw.com); Amy Fettig; Don Specter (dspecter@prisonlaw.com); Jessica Carns; Curtis Harris; Tim Bojanowski; Elaine Percevecz; Dan Struck; Rachel Love; KARTCHNER, TODD
**Subject:** RE: Parsons-Urdaneta Deposition

David,

May we please have a response to the below question regarding fees associated with the Dr. Urdaneta deposition?

Thank you,

Ashlee

**From:** Ashlee Hesman
**Sent:** Tuesday, November 26, 2019 1:55 PM
**To:** 'David Fathi' <dfathi@aclu.org>

**Cc:** 'Corene Kendrick (ckendrick@prisonlaw.com)' <ckendrick@prisonlaw.com>; 'Amy Fettig' <afettig@aclu.org>; 'Don Specter (dspecter@prisonlaw.com)' <dspecter@prisonlaw.com>; 'Jessica Carns' <JCarns@aclu.org>; 'Curtis Harris' <Curtis.Harris@aclu.org>; Tim Bojanowski <TBojanowski@strucklove.com>; Elaine Percevecz <EPercevecz@strucklove.com>; Dan Struck <DStruck@strucklove.com>; Rachel Love <RLove@strucklove.com>; 'KARTCHNER, TODD' <TKARTCHNER@fclaw.com>
**Subject:** RE: Parsons-Urdaneta Deposition

David,

I write to follow up on our phone call from this morning.  You requested that Defendants reconsider filing a motion to quash because you are confident the Court will allow Plaintiffs to depose Dr. Urdaneta.  You have not yet, however, responded to the below request or otherwise provided legal authority to support your position.  We suggested that the parties' time is better spent on reaching a resolution at mediation, rather than generating additional fees on a deposition which is not authorized by the Stipulation, especially where any information gleaned from it will be stale and irrelevant.  You disagreed.  In good faith, however, we discussed your proposal with our client.  But, for the reasons I outline above and below, we will be moving to quash.  Finally, will you please advise whether Plaintiffs' next fee application will include time spent on this deposition and/or SDT?

Ashlee

**From:** Ashlee Hesman
**Sent:** Wednesday, November 20, 2019 3:56 PM
**To:** 'David Fathi' <dfathi@aclu.org>
**Cc:** Corene Kendrick (ckendrick@prisonlaw.com) <ckendrick@prisonlaw.com>; Amy Fettig <afettig@aclu.org>; Don Specter (dspecter@prisonlaw.com) <dspecter@prisonlaw.com>; Jessica Carns <JCarns@aclu.org>; Curtis Harris <Curtis.Harris@aclu.org>; Tim Bojanowski <TBojanowski@strucklove.com>; Elaine Percevecz <EPercevecz@strucklove.com>; Dan Struck <DStruck@strucklove.com>; Rachel Love <RLove@strucklove.com>; KARTCHNER, TODD <TKARTCHNER@fclaw.com>
**Subject:** RE: Parsons-Urdaneta Deposition

David,

Thank you for your quick response.  We disagree with your position that Defendants agreed to the deposition or have somehow waived the ability to object.  We have not.  To confirm, you have no legal authority that allows Plaintiffs to take depositions and subpoena documents in this case?  If not, we will be moving to quash.

Ashlee

**From:** David Fathi [mailto:dfathi@aclu.org]
**Sent:** Wednesday, November 20, 2019 3:41 PM
**To:** Ashlee Hesman <ahesman@strucklove.com>
**Cc:** Corene Kendrick (ckendrick@prisonlaw.com) <ckendrick@prisonlaw.com>; Amy Fettig <afettig@aclu.org>; Don Specter (dspecter@prisonlaw.com) <dspecter@prisonlaw.com>; Jessica Carns <JCarns@aclu.org>; Curtis Harris <Curtis.Harris@aclu.org>; Tim Bojanowski <TBojanowski@strucklove.com>; Elaine Percevecz <EPercevecz@strucklove.com>; Dan Struck <DStruck@strucklove.com>; Rachel Love <RLove@strucklove.com>; KARTCHNER, TODD <TKARTCHNER@fclaw.com>
**Subject:** RE: Parsons-Urdaneta Deposition

Ashlee,

As you know, Defendants have repeatedly subpoenaed documents in the post-settlement phase of this litigation.  *See, e.g.,* Doc. 2585-1 (Defendants' subpoena duces tecum to Onyx Healthcare LLC); Doc. 2565-1

(Defendants' subpoena duces tecum to Dr. Janice Watson). As for the deposition of Dr. Urdaneta, Defendants have already agreed to it. When Dr. Urdaneta contacted us, we gave notice to Todd Kartchner that we intended to speak with him. On November 4, 2019, Mr. Kartchner responded on behalf of both ADC and Corizon:

"ADC and Corizon jointly object to communications with Dr. Urdaneta without having defense counsel present. … You will need to coordinate a meeting, or, if you prefer, a deposition, with us, and again, defense counsel will need to be present for either option."

See attached email exchange. Although Rachel Love and Tim Bojanowski were copied on Mr. Kartchner's email, neither objected to his statement of ADC's position.

If you would like to discuss the scheduling of the deposition or specific items called for in the subpoena, we would be happy to do so. But if your goal is to block the deposition of Dr. Urdaneta, I'm afraid we will be unable to reach agreement.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@aclu.org
@DavidCFathi

*Not admitted in DC; practice limited to federal courts

---

**From:** Ashlee Hesman [mailto:ahesman@strucklove.com]
**Sent:** Tuesday, November 19, 2019 5:21 PM
**To:** David Fathi
**Cc:** Corene Kendrick (ckendrick@prisonlaw.com); Amy Fettig; Don Specter (dspecter@prisonlaw.com); Jessica Carns; Curtis Harris; Tim Bojanowski; Elaine Percevecz; Dan Struck; Rachel Love
**Subject:** Parsons-Urdaneta Deposition

David,

We are in receipt of Plaintiffs' subpoenas for documents and deposition testimony to Leonel Urdaneta. Can you please provide us with the authority that allows Plaintiffs to take depositions and subpoena documents in this case? We are hoping to resolve this without court intervention, but would appreciate a response by Friday to allow us adequate time to prepare and file a motion if necessary.

Thanks,

Ashlee

 Ashlee B. Hesman
Partner
**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**
3100 West Ray Road | Suite 300 | Chandler AZ 85226
480.420.1631 | ahesman@strucklove.com | STRUCKLOVE.COM

# EXHIBIT 4



STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ashlee B. Hesman<br>
480.420.1631<br>
ahesman@strucklove.com

November 27, 2019

<u>**VIA EMAIL ONLY**</u>
David C. Fathi
NATIONAL PRISON PROJECT
915 15TH Street, NW - 7th Floor
Washington, DC  20005-2112

   **Re:**  *Parsons v. Shinn*
       **Defendants' Objections to Plaintiffs' Subpoena to Leonel Urdaneta**
       **(Dkt. 3417)**

Dear David:

   Pursuant to Fed.R.Civ.P. 45(d)(2)(B)[1], Defendants object to Plaintiffs' Subpoena Duces Tecum to Leonel Urdaneta.

   Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are discovery tools that must be utilized within the time period permitted for discovery in a case.  *See, e.g.*, *Integra Lifesciences I, Ltd. V. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999).  Since discovery has been closed for years, and the Stipulation does not provide Plaintiffs with any mechanism to request documents, Plaintiffs' service of a subpoena now is an improper attempt to obtain discovery.

   For these same reasons, Defendants object to Plaintiffs' Subpoena to Leonel Urdaneta for deposition testimony.  Additionally, it is Defendants' desire to prevent the unnecessary expenditure of fees (by both sides) to attend and prepare for a deposition.  Indeed, taking the deposition of a disgruntled former Corizon employee during a time when the parties need to work together to try and resolve this case is incompatible with Judge Silver's directives.  For the reasons discussed herein, Defendants will move to quash both subpoenas.

          Sincerely,

          *Ashlee Hesman*

          Ashlee B. Hesman

ABF/eap
cc:  Counsel of record

---

[1] While Defendants are not a party to the subpoena, they lodge these objections to ensure they are preserved in anticipation of their motion to quash.

# EXHIBIT 5

No. 18-16358

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

VICTOR PARSONS, ET AL., ON BEHALF OF THEMSELVES AND ALL
OTHERS SIMILARLY SITUATED; AND ARIZONA CENTER FOR
DISABILITY LAW, Appellees

v.

CHARLES RYAN, DIRECTOR, ARIZONA DEPARTMENT OF
CORRECTIONS; AND RICHARD PRATT, INTERIM DIVISION DIRECTOR,
DIVISION OF HEALTH SERVICES, ARIZONA DEPARTMENT OF
CORRECTIONS, IN THEIR OFFICIAL CAPACITIES, Appellants.

---

On Appeal From the
United States District Court of Arizona (Phoenix Division)
District Court No. 2:12-cv-00601

---

### DEFENDANTS-APPELLANTS' OPENING BRIEF

---

Timothy J. Berg
Todd Kartchner
Courtney R. Beller
Shannon McKeon
Fennemore Craig, P.C.
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016-3429
Telephone: (602) 916-5000

Daniel P. Struck
Rachel Love
Nicholas D. Acedo
Struck, Love, Bojanowski & Acedo, PLC
3100 W. Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600

*Attorneys for Defendants-Appellants*

# EXHIBIT 6

# FENNEMORE CRAIG
## ATTORNEYS

**Todd S. Kartchner**
**Director**
tkartchner@fclaw.com

2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
PH (602) 916-5461  | FX (602) 916-5661
fennemorecraig.com

November 27, 2019

**VIA EMAIL**

David C. Fathi
ACLU National Prison Project
915 15th Street N.W., 7th Floor
Washington D.C. 20005
dfathi@aclu.org

    Re: Objections to Subpoena Duces Tecum to Dr. Leonel Urdaneta
      *Parsons v. Shinn*, CV 12-00601-PHX-ROS

Counsel:

  We are in receipt of Plaintiffs' notice of intent to serve a Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action (the "Subpoena") upon Dr. Leonel Urdaneta, a former Corizon Health, Inc. ("Corizon") employee, in the above-referenced matter. As you are aware, this firm represents Corizon.

  Corizon objects to the Notice on the grounds that Plaintiffs have no authority to issue the Subpoena because the discovery period in the above-referenced matter has closed. Moreover, the Subpoena is vague and ambiguous, is overly broad, seeks privileged documents, and seeks disclosure of Corizon's trade secrets and confidential commercial information, as more fully detailed below. As such, Corizon requests that Plaintiffs immediately withdraw the Subpoena. Should Plaintiffs refuse to do so, Corizon intends to file a Motion to Quash the Subpoena.

## A. Discovery In The Above-Referenced Matter Is Closed

  Corizon is aware that the above-referenced case has been closed for several years and that the Court maintained jurisdiction solely to enforce the parties' Stipulation through limited means. Corizon is also aware that the parties' access to information is governed and dictated by the Stipulation. For example, the Stipulation mandates that Defendants must provide Plaintiffs with the health care records, mortality reviews, and psychological autopsies of any inmate who dies during confinement; that Plaintiff have access up to ten health care and institutional records per month, as selected by Plaintiffs' counsel; that Plaintiffs' counsel may conduct up to 20 tour days per year at ADC's facilities; and that Plaintiffs' counsel may conduct interviews of prisoners, ADC employees, or employees of ADC's contractors. Nowhere in the Stipulation are Plaintiffs permitted to subpoena non-parties for documents or information. As such, the Subpoena is invalid and must be withdrawn.

FENNEMORE CRAIG

November 27, 2019
Page 2

**B.**   **The Subpoena Is Vague And Ambiguous.**

The Subpoena seeks documents and communications regarding Dr. Urdaneta's communications with "Corizon employees" on various subjects. The Subpoena defines "Corizon" as "Corizon, Inc." However, no Corizon, Inc. exists. For this reason, the Subpoena is unintelligible, vague, and ambiguous.

**C.**   **The Subpoena Is Overly Broad.**

Rule 26 limits discoverable information to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FRCP 26(b)(1). The Subpoena is grossly overly broad because there is no timeframe or temporal limit on the Requests. As such, responsive documents will include those from time periods before the institution of this litigation or the parties' agreement to the Stipulation. Such documents are wholly unrelated to the issues in this matter—i.e., the enforcement of the Stipulation—and are not discoverable.

**D.**   **The Subpoena Requests Privileged Documents**

In addition, pursuant to Rule 26, discovery is limited to ***nonprivileged*** documents and information. Despite this, the Subpoena seeks "all documents and communications" regarding certain of Plaintiffs' allegations. The Subpoena fails to limit or exclude privileged documents from the scope of documents responsive to its Requests. In fact, it appears that Plaintiffs actually intended for the Subpoena to seek privileged documents. For example, Request No. 10 seeks "[a]ll documents and communications . . . regarding the accuracy of monitoring of ADC's compliance with the mental health requirements of the Stipulation." Documents responsive to the Subpoena, especially Request No. 10, will certainly include privileged communications between Dr. Urdaneta and Corizon's in-house legal team and outside counsel. Such documents are plainly not discoverable.

**E.**   **The Subpoena Requests Disclosure of Trade Secrets and Confidential Commercial Information.**

Rule 26 limits a party's ability to discovery of another's trade secrets or other confidential research, development, or commercial information. FRCP 26(c)(1)(G). A "trade secret" is "information, including a formula, pattern, compilation, program, device, method, technique or process, that both: (a) [d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." A.R.S. § 44-401. "Confidential commercial information is information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained." *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 697 (D. Nev. 1994); *see also Cheatwood v. Christian Bros. Servs.*, No. 2:16-CV-2946-HRH, 2018 WL 684736, at *7 (D. Ariz. Feb. 2, 2018).

# FENNEMORE CRAIG

November 27, 2019
Page 3

The Subpoena seeks disclosure of Corizon's trade secrets and confidential commercial information. Disclosure of this information would materially damage Corizon by compromising its competitive advantage in the marketplace.

- Request No. 1 seeks documents "regarding the adequacy of mental health staffing levels in [ADC]." Documents responsive to this Request would include documents relating to Corizon's confidential and proprietary staffing model. Corizon's staffing model is confidential commercial information, which is not available to competitors.

- Request Nos. 2–5 seek documents relating to Corizon's "mental health treatment provided to patients," including choosing to conduct cell-front encounters, application of the "STAR process," and the adequacy of measures and treatment plans. Documents responsive to these Requests would include Corizon's proprietary mental health treatment plans and policies, including the "STAR process." As with its staffing model, Corizon's treatment plans and policies are confidential and proprietary commercial information and are not available to competitors.

- Request Nos. 6–8 seek documents relating to the "availability of appropriate medications," the risk to inmates by "taking psychotropic medications," and Corizon's "Psychotropic Medication Review Board ('PMRB') process." Documents responsive to these Requests would include those relating to Corizon's PMRB and proprietary PMRB process, Corizon's proprietary formulary and available medications, and Corizon's confidential assessment of the adequacy and appropriateness of its formulary. Corizon's formulary and its business practices and policies are confidential and proprietary commercial information, which is not available to competitors.

- Request No. 9 seeks documents relating to "the appropriateness of the use of 'telemedicine' to provide mental health services." Responsive documents would again include Corizon's staffing model, as well as Corizon's confidential assessment of the viability of telemedicine for provision of mental health services. This information and Corizon's assessments are confidential and proprietary commercial information, which are not shared with competitors.

- Request No. 10 seeks documents "regarding the accuracy of monitoring of ADC's compliance with the mental health requirements of the Stipulation." Responsive documents to this Request would include Corizon's confidential assessment of the Stipulation and its legal requirements, and a comparison of Corizon's policies and practices to the requirements of the Stipulation. Such assessments are confidential and proprietary commercial information, and are not available to Corizon's competitors.

## FENNEMORE CRAIG

November 27, 2019
Page 4


Documents responsive to the Subpoena are the very types of confidential, sensitive documents and information that Rules 26 and 45 intend to protect, and disclosure of this information would be incredibly harmful to Corizon's business.

For the above reasons, the Subpoena is invalid and seeks non-discoverable information. Therefore, Plaintiffs must immediately withdraw the Subpoena. Feel free to contact me to discuss.

Sincerely,

FENNEMORE CRAIG, P.C.

Todd Kartchner

TKAR/SHMC

15369465