1   Daniel P. Struck, Bar No. 012377
    Rachel Love, Bar No. 019881
2   Timothy J. Bojanowski, Bar No. 022126
    Nicholas D. Acedo, Bar No. 021644
3   STRUCK LOVE BOJANOWSKI & ACEDO, PLC
    3100 West Ray Road, Suite 300
4   Chandler, Arizona  85226
    Telephone:  (480) 420-1600
5   Fax:  (480) 420-1695
    dstruck@strucklove.com
6   rlove@strucklove.com
    tbojanowski@strucklove.com
7   nacedo@strucklove.com

8   *Attorneys for Defendants*

9

## UNITED STATES DISTRICT COURT

10

## DISTRICT OF ARIZONA

11

| | |
|---|---|
| 12  Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | NO. 2:12-cv-00601-ROS |
| 13                                    Plaintiffs, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO QUASH** |
| 14  v. | **(DKT. 3436)** |
| 15  Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| 17                                    Defendants. | |

18          Plaintiffs present no legal authority to support their request to depose Dr. Urdaneta,

19   and instead resort to red herring arguments.  None of them permit Plaintiffs to engage in

20   post-settlement discovery.  Defendants' Motion should be granted.  (Dkt. 3436.)

21   **I.      LEGAL ARGUMENT**

22          **A.      Defendants Have Standing to Quash the Subpoena to Dr. Urdaneta.**

23          Plaintiffs argue that Defendants lack standing to quash the subpoena because,

24   "[g]enerally speaking, a party does not have standing to quash a subpoena served on a third

25   party."  (Dkt. 3441 at 5.)  This general rule does not apply, however, when a party moves

26   to quash a third party subpoena *on the basis of its untimeliness*.  *See, e.g., Davis v. Tri-Cty.*

27   *Metro. Transp. Dist.*, No. 3:12-cv-0808-SI, 2015 WL 3823826, at *1 (D. Or. 2015)

28   (granting motion to quash subpoena served on third party after expiration of discovery

1    deadline); *Rice v. United States*, 164 F.R.D. 556, 556–558 (N.D. Okla. 1995) (same).  As

2    explained in their Motion, because Defendants do not seek an equitable remedy, and instead

3    seek to quash an untimely subpoena, they have standing to move to quash.  *See Ferreira v.*

4    *Penzone*, No. CV-15-01845-PHX-JAT, 2018 WL 1706212, at *3 (D. Ariz. Apr. 9, 2018)

5    ("Here, plaintiff does not seek an equitable remedy, but instead seeks to quash a tardy

6    subpoena – a remedy [Fed.R.Civ.P. 45(d)(3)] provides to her.").  Plaintiffs argue that this

7    exception and these cases are distinguishable because they involved violations of case

8    management orders.  But that is precisely what Plaintiffs seek to do here—engage in

9    discovery after the time to do so has passed.  Defendants have standing to move to quash.

10          **B.    Plaintiffs are Not Entitled to Post-Settlement Discovery.**

11          As detailed in Defendants' Motion, Defendants attempted to resolve this issue, at

12   length, before seeking Court intervention.  (Dkt. 3436 at 2–3.)  Defendants inquired multiple

13   times, sometimes without receiving any response from Plaintiffs, as to Plaintiffs' legal

14   authority for their position.  (*Id*.)  The only authority they provided were arguments that

15   Defendants had subpoenaed documents in preparation of evidentiary hearings held in 2018,

16   and that Plaintiffs were "confident" the Court would let them depose Dr. Urdaneta.  (*Id*.)

17   Neither of these arguments are contained in their Response.  Instead, for the first time,

18   Plaintiffs argue that discovery is routine in post-judgment-monitoring-prison cases.  (Dkt.

19   3441 at 8.)  The cases Plaintiffs cite, however, are distinguishable.

20          For example, in *Armstrong*, the Court denied the defendants' motion to quash a

21   subpoena because the Ninth Circuit had specifically remanded "to allow the parties to

22   adduce additional evidence and to permit the district court to prepare an order supported by

23   the evidence before it."  *Armstrong v. Brown*, No. C 94-2307 CW, 2011 WL 2020589, at

24   *1 (N.D. Cal. May 24, 2011).  No such directive has been issued here.  In *Coleman*, a three-

25   judge panel addressed the depositions of three high-ranking officials in anticipation of a

26   proceeding to determine whether a prisoner release order was appropriate pursuant to 18

27   U.S.C. § 3626(a)(3).  *Coleman v. Schwarzenegger*, No. CIV S-90-0520LKKJFMP, 2008

28   WL 4300437, at *1 (E.D. Cal. Sept. 15, 2008).  That is not the case here.  Plaintiffs'

remaining cases from other circuits are also distinguishable, as the depositions sought there were in preparation of a contempt hearing, *State of N.Y. v. Shore Realty Corp.*, 763 F.2d 49, 53 (2d Cir. 1985), and a Rule 56(f) motion to terminate, *Palmer v. Rice*, 231 F.R.D. 21, 27 (D.D.C. 2005).  Those circumstances are not present here.  Permitting Plaintiffs to engage in post-settlement discovery defeats the entire purpose of the parties' settlement agreement. Nor does the Stipulation authorize Plaintiffs to depose former ADC or contractor employees.   The subpoena should be quashed.[1]

### C.     Defendants Did Not Consent to the Deposition of Dr. Urdaneta.

Plaintiffs' claim that "Todd Kartchner of Fennemore Craig [] represents Corizon and ADC in this litigation," is not accurate.   As Plaintiffs are well aware, Mr. Kartchner represents only Corizon in the district court.  *See* Exhibit 1 (Declaration of Kartchner) at ¶2.[2]  His email correspondence make this clear, as he refers to himself and defense counsel separately.  (Dkt. 3441 at 4; Ex. 1 at ¶7.)  Mr. Kartchner has avowed that he "ha[s] never met and conferred with Plaintiffs' counsel on behalf of Defendants pertaining to any matters or issues before this Court"; that "[a]ny interactions [he] had with Plaintiffs' counsel for matters or issues before this Court has always been about and on behalf of Corizon"; and

---

[1]   Plaintiffs accuse Defendants of sanctionable conduct because they cited *Internmatch, Inc. v. Nxtbigthing*, LLC, 2016 WL 1212626, at *1 (N.D. Cal. 2016), for the undisputed proposition that "courts have found that Rule 45 subpoenas sought after the discovery cut-off are improper attempts to obtain discovery beyond the discovery period" (Dkt. 3436 at 3) and did not indicate that the order stating that proposition in that case was subsequently vacated. What they fail to inform the Court, however, is that the order in *Internmatch* was vacated at the direction of the Ninth Circuit because the parties agreed that the order (among others) became moot.  *See Internmatch, Inc. v. NxtBigThing, LLC*, No. 16-16242, 2017 WL 6945891, at *1 (9th Cir. Nov. 8, 2017); *see also Internmatch, Inc. v. NxtBigThing, LLC*, No. 16-16242, Doc. 20, 33, 34, 36, 37.  Neither the Ninth Circuit nor the district court vacated or otherwise cast doubt on the underlying proposition.  *Cf. West v. United States*, 744 F.2d 1317, 1318 (7th Cir. 1984) (vacating panel decision upon granting rehearing en banc and affirming district court's judgment).  Indeed, the district court in *Ferreira v. Penzone*, No. CV-15-01845-PHX-JAT, 2018 WL 1706212, at *1 (D. Ariz. Apr. 9, 2018), relied on that same proposition (after the vacatur of the order by the *Internmatch* court). Plaintiffs do not address *Ferreira* on this point (which cited the proposition exactly as Defendants did) or any of the other cases cited by Defendants for this same proposition. Their accusation is frivolous.

[2]  Attorneys from Fennemore Craig, including Todd Kartchner, appeared as co-counsel for Defendants in two appeals *before the Ninth Circuit*.  (Ex. 1 at ¶¶3–4.)

that his invitation to Plaintiffs' counsel to coordinate a meeting or deposition came from Corizon, not Defendants. (Ex. 1 at ¶¶5–6, 10.)[3]  Therefore, Plaintiffs' argument that parties are bound by the statements of their attorneys is misplaced.  Defendants never agreed to this deposition.  Even if they had, Plaintiffs cite no authority for their position that Defendants have somehow waived the ability to object.[4]

> **D.  Plaintiffs Can Informally Interview Dr. Urdaneta Within the Presence of both Corizon and Defendants' Counsel.**

The Court's Order required the parties to address whether, instead of a deposition, Plaintiffs could informally speak to Dr. Urdaneta with Corizon's counsel present.  (Dkt. 3440 at 1.)  The answer is yes.[5]  Thus, a deposition is not "essential" and Defendants are not "obstruct[ing] the search for truth," as Plaintiffs claim. (Dkt. 3441 at 2, 6.)   What Plaintiffs cannot do, however, is engage in discovery.  As Plaintiffs' Response confirms, neither the Stipulation, the Rules of Civil Procedure or Evidence, nor caselaw confers this right.  Plaintiffs argue an informal interview would not provide a deposition transcript they can use at trial.  (Dkt. 3441 at 10.)  Again, there is no forthcoming trial.  Instead, the parties should focus their efforts on a renewed settlement agreement, and not on retrospective opinions from a former contractor's employee.

## II.   CONCLUSION

For these reasons, the Court should grant Defendants' Motion and quash the deposition subpoena to Dr. Urdaneta.

---

[3] Additional detail regarding Mr. Kartchner's communications with Plaintiffs' counsel regarding Dr. Urdaneta is outlined in Exhibit 1.

[4] Defendants immediately objected upon receipt of the subpoena.  (Dkt. 3436 at 2.)

[5] Corizon agrees, and its counsel has offered to coordinate this meeting.  (Ex. 1 at ¶¶13–14.)

DATED this 9th day of December, 2019.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Timothy J. Bojanowski
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

*Attorneys for Defendants*

1

**CERTIFICATE OF SERVICE**

2

3

     I hereby certify that on December 9, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

4

Alison Hardy:           ahardy@prisonlaw.com

5

Amelia M. Gerlicher:    agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com

6

7

Amy B. Fettig:         afettig@npp-aclu.org

8

Asim Dietrich:         adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

9

Corene T. Kendrick:     ckendrick@prisonlaw.com; edegraff@prisonlaw.com

10

Daniel Clayton Barr:    DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

11

12

David Cyrus Fathi:     dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:       dspecter@prisonlaw.com

13

John Howard Gray:     jhgray@perkinscoie.com; slawson@perkinscoie.com

14

Jose de Jesus Rico:     jrico@azdisabilitylaw.org

15

Maya Abela           mabela@azdisabilitylaw.org

16

Rose Daly-Rooney:     rdalyrooney@azdisabilitylaw.org

17

Sara Norman:         snorman@prisonlaw.com

18

Rita K. Lomio:         rlomio@prisonlaw.com

19

Molly Brizgys:         mbrizgys@acluaz.org

20

Eunice Cho           ECho@aclu.org

21

22

     I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

23

24

     N/A

25

                /s/Timothy J. Bojanowski

26

27

28