**EXHIBIT 1**

**EXHIBIT 1**

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br>v.<br><br>Charles Ryan, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DECLARATION OF TODD KARTCHNER** |

I, **TODD KARTCHNER**, make the following Declaration:

1. I am over the age of 18 years and have personal knowledge of and am competent to testify to the matters set forth in this Declaration.

2. My firm and I represent Corizon Health, Inc.

3. While we appeared on Defendants' behalf in two appeals before the Ninth Circuit (No. 18-16358; No. 18-16368), we do not (and have never) represented Defendants in this Court.

4. The only reason we appeared on their behalf in the above-referenced appeals was due to the potential implications those appeals posed to our client, Corizon.

5. I have never met and conferred with Plaintiffs' counsel on behalf of Defendants pertaining to any matters or issues before this Court.

6. Any interaction I have had with Plaintiffs' counsel for matters or issues before this Court has always been about and on behalf of Corizon.

7. That distinction is borne out in the email Plaintiffs' counsel, David Fathi, sent to me on October 31, 2019 in which he asked whether **Corizon** intended to object to his communications with its former employee, Dr. Leonel Urdaneta. (Dkt. 3436-1.)

8. During email correspondence I exchanged with Mr. Fathi between October 31 and November 6, 2019, I advised Mr. Fathi that Corizon and ADC jointly objected to Plaintiffs' counsel communicating with Dr. Urdaneta outside their presence. (*Id.*)

9. I copied ADC's counsel from the law firm, Struck Love Bojanowski and Acedo, PLC, on that email to show that they, as Defendants' counsel before this Court, joined in that objection.

10. My subsequent invitation to Mr. Fathi to coordinate a meeting or deposition with Dr. Urdaneta came from Corizon, not Defendants.

11. Again, this is consistent with the fact that all prior interaction with Plaintiffs' counsel to meet and confer on any matter or issue before this Court has always been about and/or on behalf of Corizon.

12. It is my understanding that the Court has inquired as to whether Corizon takes the position that a subpoena is necessary for Plaintiffs' counsel to speak with Dr. Urdaneta.

13. Corizon does not object to having Plaintiffs' counsel speak with Dr. Urdaneta during an informal meeting so long as both Corizon and Defendants have counsel present for such discussions.

14. In my email to Mr. Fathi dated November 4, 2019, I offered to coordinate a meeting with Dr. Urdaneta.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of December, 2019.

TODD KARTCHNER