**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

On October 27, 2019, Leonel Urdaneta, M.D., sent an email to Plaintiffs' counsel. That email explained Dr. Urdaneta previously worked as "Director of Psychiatry for the AZ-Corizon contract." In that position, Dr. Urdaneta witnessed "dysfunctions" that "caused tremendous harm to patients, including suicides and severe self-injurious damage." Dr. Urdaneta wished to speak with Plaintiffs' counsel to "bring[] to light" those "dysfunctions." After receiving that email, Plaintiffs' counsel contacted counsel for Corizon and asked whether Corizon would "assert any objection" to Plaintiffs' counsel speaking with Dr. Urdaneta. Corizon's counsel responded, copying defense counsel, "ADC and Corizon jointly object to communications with Dr. Urdaneta without having defense counsel present." Corizon's counsel then stated Plaintiffs' counsel "will need to coordinate a meeting, or, if you prefer, a deposition, with us, and again, defense counsel will need to be present for either option." Plaintiffs' counsel opted to set a deposition via a subpoena issued to Dr. Urdaneta. That subpoena prompted Defendants to file a motion to quash.

Defendants argue the subpoena is improper because it was issued after the close of discovery. (Doc. 3436 at 4). Defendants contend there is no "legal authority which allows [Plaintiff] to take this deposition . . . in a case that settled over five years ago." (Doc. 3436 at 6). Plaintiffs respond that Corizon's counsel led them to believe a deposition was permissible and the deposition will provide "critical information" that could be useful in the parties' upcoming settlement negotiations. (Doc. 3441 at 6). Importantly, Defendants concede that Plaintiffs' counsel can "interview" Dr. Urdaneta but they object to that "interview" taking the form of a deposition.

It is true that in the usual case, a Rule 45 subpoena issued after the deadline for the completion of all discovery likely would be improper. *Ferreira v. Penzone*, No. CV-15-01845-PHX-JAT, 2018 WL 1706212, at *1 (D. Ariz. Apr. 9, 2018). But the parties are well-aware that this is far from the usual case. And while this case settled over five years ago, the parties remain mired in disagreements over the agreed-upon monitoring of Defendants' compliance with the Stipulation. Indeed, the Stipulation contemplates that Plaintiffs remain entitled to periodic updates regarding Defendants' performance. Thus, Defendants continue to produce documents for review by Plaintiffs' counsel and the Court on a regular basis. Thus, to simply premise their motion to quash on the end of discovery ignores the context and complexity of this action.

Moreover, Dr. Urdaneta is a willing witness who wishes to tell Plaintiffs' counsel about his experiences during a period when the Stipulation was in place. Defendants have admitted that "Plaintiffs can informally interview Dr. Urdaneta within the presence of both Corizon and Defendants' counsel." (Doc. 3446 at 4). In other words, whether conducted as a deposition or as an "informal interview," Defendants concede Plaintiffs' counsel will be allowed to gather information from Dr. Urdaneta. This last fact is enough to merit denying the motion to quash. Defense counsel has offered no persuasive explanation why a deposition should be barred if an "interview," with all counsel present, will happen anyway. Allowing a deposition instead of an "interview" will not materially increase the cost or complexity of that proceeding—the attorneys' fees will be incurred regardless. And

placing Dr. Urdaneta under oath will have the added benefit of ensuring the accuracy of his testimony and make it possible his testimony could be used in future proceedings.  In these unique circumstances, the deposition will be allowed to proceed.

Accordingly,

**IT IS ORDERED** the Motion to Quash (Doc. 3436) is **DENIED**.

Dated this 9th day of December, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge