Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>            Plaintiffs,<br>v.<br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>            Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SUSPEND BRIEFING ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (DKT. 3415)** |

Plaintiffs contend that a request to stay *briefing* requires satisfaction of the four "traditional" factors outlined in cases like *Nken v. Holder*, 556 U.S. 418 (2009), and *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011).  *See also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (outlining factors).  But that traditional test applies to requests to stay injunctive *orders*.  *See Am. Hotel & Lodging Ass'n v. City of Los Angeles*, No. CV 14-09603-AB (SSX), 2015 WL 10791930, at *2 (C.D. Cal. Nov. 5, 2015) (". . . *Nken* applies *specifically* to stays of the enforcement of an order or judgment. . ."); *AirFX.com v. AirFX, LLC*, CV 11-01064-PHX-FJM, 2013 WL 2458770, at *1 (D. Ariz. June 6, 2013) (noting that the *Hilton* factors "govern the district court's power to stay an order under Rule 62(c)");

*Biltmore Associates, L.L.C., as Tr. v. Twin City Fire Ins. Co.*, 205-CV-04220-PHX-FJM, 2007 WL 2422053, at *1 (D. Ariz. Aug. 22, 2007) (noting that the *Hilton* factors "regulate the issuance of a Rule 62(c), Fed.R.Civ.P. stay"); *see also Nken*, 556 U.S. at 422 (request to stay a removal order); *Hilton*, 481 U.S. at 773 (request to stay an order granting habeas relief); *Leiva-Perez*, 640 F.3d at 970 (request to stay a removal order).

Defendants are not seeking a stay of a particular order. Rather, they are requesting a temporary suspension of further briefing—pursuant to the Court's inherent power to control its docket and to promote the efficient use of judicial and party resources—on Plaintiffs' third Motion for Attorneys' Fees to allow the Ninth Circuit to resolve the same objections in appeal No. 18-16365. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."); *Zepeda v. United States*, CV-17-1229-PHX-ROS (JFM), CR-08-1329-PHX-ROS, 2019 WL 4579222, at *2-3 (D. Ariz. Sept. 18, 2019) (granting motion to stay habeas briefing schedule pending Ninth Circuit appeal without analyzing traditional factors).

As discussed in Defendants' Motion, the parties and the Court will waste valuable resources briefing and ruling on issues that will soon be resolved by the Ninth Circuit.[1] (Dkt. 3415 at 2.) It will also result in a third round of appeals on the same issues. Suspending further briefing until the Ninth Circuit rules will promote the efficient and orderly course of justice.[2] *See Am. Hotel & Lodging Ass'n*, 2015 WL 10791930, at *3 (finding that a stay will "protect and promote judicial economy" and that "[t]here is no reason to expend any additional resources" while awaiting a ruling on appeal which may resolve the matter). While Plaintiffs argue at length that Defendants have not satisfied the

---

[1] The Court held oral argument in appeal No. 18-16365 on September 24, 2019.

[2] In fact, recognizing that the issues in the first and second appeals are the same, the Ninth Circuit stayed briefing in the second appeal because resolution of the first will control the second. *See Jensen v. Ryan*, No. 19-16128, Doc. 14.

tradition (inapplicable) test, they do not articulate any plausible prejudice if a temporary suspension in briefing is granted.[3]

## CONCLUSION

For these additional reasons, Defendants respectfully request that further briefing on Plaintiffs' third Motion for Attorneys Fees' be temporarily stayed pending resolution of appeal No. 18-16365.

DATED this 10th day of December, 2019.

                          STRUCK LOVE BOJANOWSKI & ACEDO, PLC

                          By /s/Timothy J. Bojanowski
                              Daniel P. Struck
                              Rachel Love
                              Timothy J. Bojanowski
                              Nicholas D. Acedo
                              3100 West Ray Road, Suite 300
                              Chandler, Arizona 85226

                              *Attorneys for Defendants*

---

[3] Plaintiffs' assertion that they "have yet to be paid a single penny for nearly five years of successful work to enforce the Stipulation. . ." is misleading. (Dkt. 3423.) To date, Plaintiffs have been paid approximately $1,206,158.21 pursuant to Paragraph 43 of the Stipulation.

# CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Molly Brizgys: | mbrizgys@acluaz.org |
| Eunice Cho | ECho@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Timothy J. Bojanowski