Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br>v.<br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY SECOND ATTORNEYS' FEES ORDER AND JUDGMENT<br>(DKT. 3413)** |

Defendants seek to stay enforcement of the Second Attorneys' Fees Order and Judgment pending resolution of its appeal. This is not a "dilatory litigation tactic[]" or an attempt to "obstruct" Plaintiffs' enforcement of the Stipulation, as they contend. (Dkt. 3426 at 3:3, 3:9–10.) It is a request authorized by the Rules of Appellate and Civil Procedure. *See* FRAP 8(a); Fed. R. Civ. P. 62(b). It is undisputed that Defendants are entitled to a stay if they secure a bond, *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977), *or* if the Court waives the bond requirement, *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796–97 (9th Cir. 1989), *opinion vacated on reh'g on other grounds*, 929 F.2d 1358 (9th Cir. 1990). Defendants seek a waiver. The parties dispute what test applies in that circumstance.

In seeking a waiver to stay the First Attorneys' Fees Order, Defendants maintained that the factors enunciated in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988), governed stays under Rule 62(b). *See Parsons v. Ryan*, No. 18-16365, Doc. 11-1 at 11–14. Plaintiffs did not dispute that point in response, and argued only that the *Dillon* factors were not satisfied. *Id.*, Doc. 18-1 at 27–30. The Ninth Circuit disagreed with Plaintiffs, waived the bond requirement, and granted a stay. (Dkt. 3413–1 at 2.) Plaintiffs ignore the Ninth Circuit's tacit recognition that the *Dillon* factors control the Rule 62(b) waiver inquiry.

This second time-around, Plaintiffs raise a new theory. They now contend that a party seeking a waiver must first satisfy the factors articulated in *Hilton v. Braunskill*, 481 U.S. 770 (1987), and *Nken v. Holder*, 556 U.S. 418 (2009), before—and in addition to—satisfying the *Dillon* factors. As discussed below, there is no support for that dual-pronged approach in this District or in *Dillon* itself. The *Dillon* factors—and only the *Dillon* factors—dictate whether a waiver is appropriate. Regarding those factors, Plaintiffs re-hash the same arguments that were rejected by the Ninth Circuit. This Court should similarly grant a waiver and stay the Judgment pending its appeal.

**A.    The *Hilton* Factors Do Not Apply to Rule 62(b) Stays.[1]**

Plaintiffs' primary argument is that a party seeking a waiver of Rule 62(b)'s security requirement must first satisfy the *Hilton* "traditional" factors before turning to the *Dillon* "waiver" factors. (*See* Dkt. 3426 at 7:20–21 [stating that the *Hilton* factors "remain the threshold test for courts to analyze before even reaching the waiver question"].) Plaintiffs cite two cases from the Western District of North Carolina to support this dual-pronged test. Those extra-jurisdictional cases, however, are neither binding nor persuasive.

Plaintiffs first cite *Kirby v. Gen. Elec. Co.*, 210 F.R.D. 180 (W.D.N.C. 2000). In that litigation, the defendant moved to sanction the plaintiffs under Rule 11. *Kirby v. Gen. Elec.*

---

[1] Rule 62 was reorganized on December 1, 2018, and the stay provision at issue here was moved from Subsection (d) to Subsection (b). *See* Fed. R. Civ. P. 62(b) Advisory Committee Notes (2018 amendment). Decisions issued before that date refer to Subsection (d), but they apply equally to the current Subsection (b). *See id.* ("Subdivision 62(b) carries forward in modified form the supersedeas bond provision of former Rule 62(d).").

2

*Co.*, 2000 WL 33917979, at *3–7 (W.D.N.C. Dec. 8, 2000). The district court granted the motion for sanctions, but deferred ordering a specific sanctions amount until it had additional information. *Id.* at *7; *see also Kirby v. Gen. Elec. Co.*, 2001 WL 34013451, at *1–2 (W.D.N.C. Feb. 23, 2001). After the court granted summary judgment, the plaintiffs filed a notice of appeal and a motion to stay the sanctions order pending the appeal. *Kirby*, 210 F.R.D. at 192–94. In addressing the plaintiffs' request to waive the bond requirement, the court stated:

> Before the Court can exercise its discretion to grant a stay without a bond, it must first determine that a stay is warranted. The Supreme Court has set forth the factors regulating the issuance of a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) (citations omitted). After determining that a stay is warranted, the Court must then determine that it should issue a stay on less than a full bond securing the entire judgment. In making this determination, the Court must be mindful of the purpose for requiring a bond on appeal, "to 'preserve the status quo while protecting the non-appealing party's rights pending appeal.'" *Alexander* [*v. Chesapeake, Potomac & Tidewater Books, Inc.*], 190 F.R.D. [190,] 193 [(E.D. Va. 1999)] (quoting *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). Accordingly, a bond may not be necessary either "(i) when the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal, and (ii) when 'the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial hardship.'" *Id.* (quoting *Poplar Grove*, 600 F.2d at 1191).

*Id.* at 195.

The court did not address the *Hilton* factors, however. Instead, it ruled that the plaintiffs' request for a stay was premature because a final order setting the sanction amount had not been entered. *Id.* It also noted that the plaintiffs (individuals) had not demonstrated

why they could not post a bond or other security, thus failing to satisfy the test articulated in *Alexander* and *Poplar Grove*. *Id*.

*Kirby* is not persuasive for several reasons. First, its reference to the *Hilton* factors was dicta. Second, it appears that the plaintiffs were seeking to stay the underlying sanctions order finding a Rule 11 violation; no monetary (sanctions) award had been entered. *See id*. at 194 ("Plaintiffs have requested that this Court stay the enforcement of its orders pursuant to Rule 62(a), (b), and (d)."). A stay of a *non*-monetary order *is* subject to the *Hilton* factors. *See Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 2015 WL 10791930, at *2 (C.D. Cal. Nov. 5, 2015) ("*Nken* applies *specifically* to stays of the enforcement of an order or judgment....") (citing *Hilton*) (emphasis in original); *see generally* Fed. R. Civ. P. 62(d). Thus, in context, the court's reference to the *Hilton* factors likely pertained to the request to stay the non-monetary sanctions order. In this case, Defendants seek a stay of a purely monetary judgment. Third, *Kirby* does not cite or recognize the Seventh Circuit's decision in *Dillon*. Instead, it applies the waiver test created in *Poplar Grove* (Fifth Circuit) and adopted in *Alexander* (E.D. Va.). 210 F.R.D. at 195. As Plaintiffs concede, "courts throughout the *Ninth Circuit* have regularly adopted the *Dillon* test."[2] (Dkt. 3426 at 7 n.7, emphasis added.)

Nonetheless, however district courts in the Western District of North Carolina are approaching waiver requests is irrelevant. District courts in the District of Arizona do *not* employ the *Hilton* factors as a threshold test when deciding whether to waive a Rule 62(b) security bond. They apply only the *Dillon* factors. *See*, *e.g.*, *Steinberger v. IndyMac*

---

[2] The second Western District of North Carolina case relied on by Plaintiffs cited *Kirby* and applied its dual-pronged test. *See Diamond Falls Estates, LLC v. Nantahala Bank & Tr. Co.*, 2015 WL 6394194, at *1 (W.D.N.C. Oct. 22, 2015). But like *Kirby*, it did not apply the *Dillon* factors and instead relied on the *Poplar Grove* factors. As discussed below, the District of Arizona applies the *Dillon* factors. Plaintiffs also cite *Southeast Booksellers Ass'n v. McMaster*, 233 F.R.D. 456, 458–59 (D.S.C. 2006), to support their assertion that, "Only after determining that a stay is warranted do courts rely on the [*Dillon*] factors." (Dkt. 3426 at 6:21–7:6.) *McMaster* does not support that assertion at all. The court only mentioned *Kirby*'s dual-pronged test in recounting various tests employed by other Fourth Circuit district courts, but did not adopt or apply it. *Id*. at 458–59. In fact, the *McMaster* court analyzed the stay request under the *Dillon* factors. *Id*. at 459–60 (discussing *Dillon* and its progenitor, *Lightfoot v. Walker*, 797 F.2d 505 (7th Cir. 1986)).

*Mortgage Services*, No. CV-15-00450-PHX-ROS, 2017 WL 6032532, at *1–2 (D. Ariz. Feb. 23, 2017); *AirFX.com v. AirFX, LLC*, 2013 WL 2458770, at *1 (D. Ariz. June 6, 2013); *Taylor v. Horizon Distributors, Inc.*, 2010 WL 582108, at *1 (D. Ariz. Feb. 17, 2010); *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 2010 WL 384594, at *2 (D. Ariz. Jan. 29, 2010); *Biltmore Associates, L.L.C., as Tr. v. Twin City Fire Ins. Co.*, 2007 WL 2422053, at *1 (D. Ariz. Aug. 22, 2007); *see also Studio Transp. Drivers v. Happy Hour Productions, LLC*, 2010 WL 11526878, at *1–2 & n.2 (C.D. Cal. Apr. 5, 2010) (noting that "[d]istrict courts in the Ninth Circuit routinely rely upon a five factor test outlined by the Seventh Circuit in *Dillon* … to determine whether waiving the bond requirement is warranted," and further noting that the *Hilton* factors are not relevant in considering whether to waive former Rule 62(b)'s bond requirement). Indeed, *Dillon* did not incorporate the *Hilton* factors into its Rule 62(b) waiver test.[3]

Finally, engrafting the *Hilton* factors into the Rule 62(b) analysis makes no sense. The *Hilton* factors apply to stays of injunctive orders. *See AirFX.com*, 2013 WL 2458770, at *1 (noting that the *Hilton* factors "govern the district court's power to stay an order under [former] Rule 62(c)"); *Biltmore Associates*, 2007 WL 2422053, at *1 (noting that the *Hilton* factors "regulate the issuance of a [former] Rule 62(c), Fed.R.Civ.P. stay"); *see also Nken*, 556 U.S. at 422 (request to stay a removal order); *Hilton*, 481 U.S. at 773 (request to stay an order granting habeas relief). Staying such an order is an "intrusion into the ordinary processes of administration and judicial review." *Nken*, 556 U.S. at 427 (quoting *Virginia Petroleum Jobbers Assn. v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958)). That is why securing a stay of an injunctive order requires a "strong showing" of the *Hilton* factors (likelihood of success, irreparable injury absent a stay, the injury a stay will impose on the non-moving party, and public policy). *Sierra Club v. Trump*, 929 F.3d 670, 687 (9th Cir. 2019).

---

[3] Plaintiffs cite *Kranson v. Fed. Express Corp.*, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013), for the proposition that "[c]ourts in the Ninth Circuit regularly use the Dillon factors in determining whether to waive the bond requirement." (Dkt. 3426 at 7 n.7.) Notably, even the court in *Kranson* granted a stay after analyzing *only* the *Dillon* factors. *Id.* at *5.

A stay of a monetary judgment pending an appeal does not invoke these concerns. A stay is a matter of right under Rule 62(b) if a bond is secured. *See* Fed. R. Civ. P. 62(b). A court can waive the bond requirement upon a showing of the *Dillon* factors because "[t]hese criteria, in contrast to the traditional [*Hilton*] stay factors, more directly address the primary purpose of Rule 62[b]: to ensure recovery for a party who ultimately prevails on appeal, and to protect the judgment debtor from the risk of losing the money if the decision is reversed." *In re Nassau County Strip Search Cases*, 783 F.3d 414, 418 (2d Cir. 2015). Thus, the *Hilton* factors are irrelevant. Consequently, the majority of Plaintiffs' Response is unhelpful. (*See* Dkt. 3426 at 3–11 [arguing that Defendants applied the wrong test, failed to address the correct (*Hilton*) test, and are not entitled to a stay under the *Hilton* factors].) Defendants set forth the correct test.

**B.     Defendants Have Established the *Dillon* Factors.**

In addressing the *Dillon* factors, Plaintiffs make cursory and already rejected arguments, none of which are persuasive. They first contend that Defendants do not have an automatic right to a waiver under *Dillon*. (Dkt. 3426 at 7:17–19.) Defendants do not disagree. As they argued in their Motion, the Court has the discretion to waive the security requirement if the *Dillon* factors are satisfied. (Dkt. 3413 at 5–8.) Here, they are.

Plaintiffs next argue that "Defendants' sole argument is that 'it is not a complex process' for ADC to pay a judgment." (Dkt. 3426 at 11:19–20.) This is simply not true. Defendants argued that a waiver was appropriate because ADC's "collection process is not complex; ADC can promptly pay awards of this size; ADC's appropriation and use of money for known expenditures (such as this attorneys' fees award) is well-managed; and … ADC has never defaulted on a judgment." (Dkt. 3413 at 7:6–9.) This argument was supported by a Declaration from the Director of Administrative Services, who also avowed that ADC can promptly pay the Judgment in full at the conclusion of the appeal. (Dkt. 3413-2.) The courts in *Dillon* and *In re Nassau* granted waivers based on similar avowals.

For their last rebuttal, Plaintiffs rehash *McMaster*, *Lightfoot*, and *Hook v. Arizona Department of Corrections*, 107 F.3d 1397 (9th Cir. 1997). Defendants distinguished each

of these cases in their Motion. (Dkt. 3413 at 6–8 & n.6.) Unlike the circumstances in *McMaster* and *Lightfoot*, the payment process is not complex or cumbersome, and legislative involvement is not necessarily required. And the circumstances in *Hook*—more than 20 years ago—are nothing like those here. Just as the Ninth Circuit did, this Court should reject these arguments and grant Defendants a waiver.

## CONCLUSION

For these additional reasons, the Court should waive the security requirement and stay the Second Attorneys' Fees Order and Judgment pending its appeal.

DATED this 12th day of December, 2019.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/Nicholas D. Acedo
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Molly Brizgys: | mbrizgys@acluaz.org |
| Eunice Cho | ECho@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Nicholas D. Acedo