Molly Brizgys (Bar No. 029216)
Jared Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: mbrizgys@acluaz.org
       jkeenan@acluaz.org
       carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, Plaintiffs, v. David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official capacities, Defendants. | No. CV 12-00601-PHX-ROS **JOINT STATUS REPORT REGARDING SETTLEMENT DISCUSSIONS (DOC. 3416)** |

**PLAINTIFFS' POSITION**

Pursuant to the Court's order (Doc. 3416), the parties held a settlement conference on January 10, 2020, with Magistrate Judge Fine. As noted in Judge Fine's minute entry (Doc. 3468), the parties made efforts to resolve the disputes, but no resolutions were reached, and no additional settlement/mediations dates were set. In light of the parties' impasse, Plaintiffs reiterate their request that the Court set the matter for trial and that the Court schedule a status conference at the Court's earliest availability. [Doc. 3402]

* * *

As detailed in Plaintiffs' previous filings, (Docs. 3402, 3430), this Court has the authority to reinstate the proceedings on the grounds that applying the Stipulation "prospectively is no longer equitable" (Fed. R. Civ. Proc., R. 60(b)(5)), and pursuant to its contempt power. [*See, e.g., Kelly v. Wengler*, 822 F.3d 1085, 1097 (9th Cir. 2016) (holding that the extension of the settlement agreement was an appropriate compensatory civil sanction as "this sanction sought to return Plaintiffs as nearly as possible to the position they would have occupied had [defendant] not violated the agreement.")][1]

However, for legal and equitable reasons, this Court should not terminate the current Stipulation until it issues a judgment subsequent to trial, because until the Court issues a new decree, Plaintiff class members need and are entitled to the protections of the Stipulation. [*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 352 (9th Cir. 1999) ("A judgment is property, so taking it away requires due process of law. [. . .] Due process generally requires notice and an opportunity to be heard before a governmental deprivation of a property interest.") (citations omitted))]

Upon entry of a new judgment or agreement, the Court should terminate, rather than vacate, the existing Stipulation. The Ninth Circuit and other courts have recognized this distinction in the prison litigation context. [*See Gilmore v. State of Calif.*, 220 F.3d

---

[1] The Court currently has before it fully briefed responses to its Order to Show Cause, (Docs. 3235, 3339, 3352, 3363), as well as Plaintiffs' motion for contempt for Defendants' refusal to comply with the Court's June 22, 2018 contempt order (Doc. 2898 at 24) and with a Ninth Circuit order (Doc. 3276). [Docs. 3301, 3315, 3323]

987, 999-1000 (9th Cir. 2000) (noting that the Prison Litigation Reform Act's termination provision "mandates only the termination of prospective relief, it does not require a court to terminate or vacate the underlying final judgment (typically a consent decree) which provides for such relief"); *Inmates of Suffolk Cty. v. Rouse*, 129 F.3d 649, 662 (1st Cir. 1997) ("While terminating a consent decree strips it of future potency, the decree's past puissance is preserved and certain of its collateral effects may endure. Vacating a consent decree, however, wipes the slate clean, not only rendering the decree sterile for future purposes, but also eviscerating any collateral effects and, indeed, casting a shadow on past actions taken under the decree's imprimatur"), *cert. denied*, 524 U.S. 951 (1998); *accord*, *Benjamin v. Jacobson,* 172 F.3d 144, 159 (2d Cir.), *cert. denied sub nom. Benjamin v. Kerik*, 528 U.S. 824 (1999)]

\* \* \*

Plaintiffs propose that the Court schedule a trial to commence approximately 180 days from the date of its order setting the matter for trial, with discovery to close 45 days before trial, and that the Court postpone the requirement that the parties file proposed Findings of Fact and Conclusions of Law until after all the evidence has been submitted.

Plaintiffs plan to introduce the bulk of their case via experts, and request that the Court order Defendants to permit Plaintiffs' experts and counsel access to tour ADC institutions in the coming months, and that these visits not count against the 20 days of monitoring visits per year authorized by the Stipulation. [Doc. 1185 ¶ 32] Plaintiffs request that the Court order Defendants to provide all documents requested prior to an expert tour within seven (7) days of Plaintiffs' notification of a planned tour. Plaintiffs will notify Defendants a minimum of two weeks prior to a planned expert tour. Plaintiffs propose that the parties exchange all expert reports thirty (30) days prior to the date set for trial. Each party shall make their experts available for a deposition to last no longer than eight (8) hours.

Plaintiffs hope to streamline and shorten any trial, and thus they request that the Court (1) require experts to present the bulk of their direct testimony through written

1  declarations, with time-limited direct oral testimony; (2) order the parties to stipulate that
2  documents and medical records that the experts reviewed can be submitted into evidence
3  without laying a foundation; (3) order the parties to stipulate to the greatest extent possible
4  regarding the admissibility of documents; and (4) order any deposition designations be
5  submitted into the record for Court review rather than read into the record live.

6  Plaintiffs anticipate that if these proposed methods to streamline and shorten the
7  trial are adopted, they can present their case in chief in approximately 80 hours (not
8  including Defendants' cross-examination time).

9  **<u>DEFENDANTS' POSITION</u>**

10  Defendants believe some progress was made during the January 10, 2020
11  mediation session with Magistrate Judge Fine as to defining general concepts that may
12  govern a re-negotiated stipulation. The parties discussed numerous issues regarding a
13  revised agreement and the scope of same. Defendants believe additional mediation
14  sessions with Magistrate Judge Fine would be beneficial and request that the Court issue
15  additional orders requiring the parties to continue the mediation process with Magistrate
16  Judge Fine.

17  As to Plaintiffs' demand to set the case for trial and devise a discovery schedule,
18  Defendants maintain, as asserted in Defendants' Reply to Plaintiffs' Response to Court
19  Order (Dkt. 3456), that Plaintiffs have not established the necessary legal and factual basis
20  for reopening the case and proceeding to trial. As previously argued, because the
21  Stipulation is not a court order, Rule 60 is not a valid legal basis to terminate the
22  Stipulation and set the case for trial. (Dkt. 3456 at 2-3.) Finally, Defendants once again
23  object to Plaintiffs' proposed discovery and trial schedule and procedure and disposition
24  of the Stipulation. (Dkt. 3410 at 4-5.)

25  //
26  //
27  //
28  //

Dated: January 13, 2020

Respectfully submitted,

| **STRUCK, LOVE, BOJANOWSKI, & ACEDO, PLC** | PRISON LAW OFFICE |
|---|---|
| By: : s/ (with permission)<br>    Timothy J. Bojanowski<br>Daniel P. Struck<br>Rachel Love<br>Timothy J. Bojanowski<br>Nicholas D. Acedo<br>**STRUCK, LOVE,**<br>**BOJANOWSKI, & ACEDO, PLC**<br>3100 West Ray Road, Suite 300<br>Chandler, Arizona 85226<br>Telephone: (480) 420-1600<br>Email:   dstruck@strucklove.com<br>          rlove@strucklove.com<br>          tbojanowski@strucklove.com<br>          nacedo@strucklove.com<br><br>*Attorneys for Defendants* | By:  s/ Corene T. Kendrick<br>    Donald Specter (Cal. 83925)*<br>    Alison Hardy (Cal. 135966)*<br>    Sara Norman (Cal. 189536)*<br>    Corene T. Kendrick (Cal. 226642)*<br>    Rita K. Lomio (Cal. 254501)*<br>**PRISON LAW OFFICE**<br>1917 Fifth Street<br>Berkeley, California 94710<br>Telephone: (510) 280-2621<br>Email:   dspecter@prisonlaw.com<br>          ahardy@prisonlaw.com<br>          snorman@prisonlaw.com<br>          ckendrick@prisonlaw.com<br>          rlomio@prisonlaw.com<br><br>*Admitted pro hac vice<br><br>David C. Fathi (Wash. 24893)*<br>Amy Fettig (D.C. 484883)**<br>Eunice Hyunhye Cho (Wash. 53711)*<br>**ACLU NATIONAL PRISON PROJECT**<br>915 15th Street N.W., 7th Floor<br>Washington, D.C. 20005<br>Telephone: (202) 548-6603<br>Email:   dfathi@aclu.org<br>          afettig@aclu.org<br>          echo@aclu.org<br><br>*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.<br><br>**Admitted *pro hac vice*<br><br>Molly Brizgys (Bar No. 029216)<br>Jared Keenan (Bar No. 027068)<br>Casey Arellano (Bar No. 031242)<br>**ACLU FOUNDATION OF ARIZONA**<br>3707 North 7th Street, Suite 235<br>Phoenix, Arizona 85013<br>Telephone: (602) 650-1854<br>Email:   mbrizgys@acluaz.org<br>          jkeenan@acluaz.org<br>          carellano@acluaz.org |

|     |                                                                 |
| --- | --------------------------------------------------------------- |
| 1   | Daniel C. Barr (Bar No. 010149) |
| 2   | Amelia M. Gerlicher (Bar No. 023966)<br>John H. Gray (Bar No. 028107)<br>**PERKINS COIE LLP** |
| 3   | 2901 N. Central Avenue, Suite 2000<br>Phoenix, Arizona 85012 |
| 4   | Telephone: (602) 351-8000<br>Email:  dbarr@perkinscoie.com |
| 5   |           agerlicher@perkinscoie.com<br>          jhgray@perkinscoie.com |

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:   s/ Maya Abela
Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:  rdalyrooney@azdisabilitylaw.org
         jrico@azdisabilitylaw.org
         mabela@azdisabilitylaw.org

Asim Dietrich (Bar No. 027927)
5025 East Washington St., Ste. 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
 Email:   adietrich@azdisabilitylaw.com

*Attorneys for Arizona Center for Disability Law*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2020, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com

*Attorneys for Defendants*

s/ Corene T. Kendrick