**EXHIBIT 2**

**EXHIBIT 2**

ORIGINAL

RECEIVED
02 JUN 19 PM 3:11
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
JUN 20 2002
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  BILL LOCKYER, Attorney General
   of the State of California
2  ROBERT R. ANDERSON
   Chief Assistant Attorney General
3  PAUL D. GIFFORD
   Senior Assistant Attorney General
4  MICHAEL G. LEE, SBN 88956
   Supervising Deputy Attorney General
5  JOHN M. APPELBAUM, SBN 149643
   Supervising Deputy Attorney General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 445-2389
8    Fax: (916) 324-5205

9  Attorneys for Davis, Presley,
    Steinberg, Cambra and Gage
10 CA2001CS0001

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| MARCIANO PLATA, et al., | No. C-01-1351 TEH |
| Plaintiffs, | [PROPOSED] ORDER ADOPTING CLASS ACTION STIPULATION AS FAIR, REASONABLE AND ADEQUATE |
| v. | |
| GRAY DAVIS, et al., | |
| Defendants. | |

This matter came for hearing on June 13, 2002, to determine whether the proposed stipulation settling the injunctive relief in this case is fair, reasonable, and adequate to the class under Federal Rule of Civil Procedure 23(e). Plaintiffs were represented by Donald Specter and Steven Fama of the Prison Law Office. Defendants were represented by John M. Appelbaum, Supervising Deputy Attorney General.

The Court hereby FINDS as follows:

The class received adequate notice of the proposed stipulation. The class received notice from April 17, 2002 to May 28, 2002. Notice was posted in the housing units, and copies were distributed to inmates on lock down, in security housing units, in

1

[PROPOSED] ORDER ADOPTING CLASS ACTION STIPULATION                    No. C-01-1351 THE

1  orientation units, and in infirmaries. Notice was also furnished for inmates with
2  disabilities. The notice contained a summary of the proposed medical improvements to
3  assist inmates. Copies of the proposed stipulation and the attached policies and
4  procedures were available to inmates in the law libraries.
5        The Court independently reviewed the stipulation and policies and
6  procedures, as well as the comments received, plaintiffs' and defendants' responses to the
7  comments, and the comments and testimony provided at the hearing. Most comments
8  concerned specific aspects of the medical policies, which the parties adequately
9  responded to by: (1) referencing certain policies and procedures that address particular
10 concerns raised by the comments; (2) explaining that the stipulation provides for
11 modification of those policies if necessary to provide for constitutionally adequate care;,
12 and (3) showing that the policies and procedures as written provide for a medical care
13 delivery system designed to minimize the risk of harm to inmates.
14     Other comments stated that the phase-in or roll-out period provided for in the
15 stipulation was unfair. However, this provision is not unfair given the settlement as a
16 whole, and because: (1) certain improvements must be made at all named prisons starting
17 January 1, 2003; (2) Court-ordered relief of the kind required by the Stipulation would
18 not have been possible until after a trial and decision, a process would have taken several
19 years and required plaintiffs to risk an adverse decision at trial or on appeal; and (3) the
20 size and scope of the improvements do not make simultaneous implementation feasible.
21     After considering the evidence and the settlement as a whole, the Court hereby
22 finds that the stipulation is fair, reasonable and adequate. The stipulation requires
23 systemic improvements in the delivery of medical care at the named facilities, and
24 provides for monitoring by the California Department of Corrections, plaintiffs and
25 independent court experts, with the Court retaining jurisdiction to enforce its terms if
26 necessary.
27     The Court further finds that the stipulation meets the requirements of 18
28 U.S.C. § 3626(a)(1) because the relief narrowly drawn, extends no further than necessary

2

[PROPOSED] ORDER ADOPTING CLASS ACTION STIPULATION     No. C-01-1351 THE

to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

The Court hereby adopts the stipulation as the order of this Court.

The parties are directed to meet and confer regarding: (1) the contents of a notice to the plaintiff class regarding approval of the settlement, and the timing and manner by which such notice will be provided; and (2) the content and filing of a proposed order providing for the establishment of an escrow account to be administered by the Court for the purpose of paying the independent Court experts.

**IT IS SO ORDERED.**

DATED: 6/20/02

THELTON E. HENDERSON
United States District Judge

Approved as to form:

DATED: 6/19/02

STEVEN FAMA
Attorney for Plaintiffs

Plata -- Fairness Order Version 3.wpd

3

[PROPOSED] ORDER ADOPTING CLASS ACTION STIPULATION    No. C-01-1351 THE

## DECLARATION OF SERVICE

Case Name: *Marciano Plata, et al. v. Gray Davis, et al.*

No.    USDC-ND No. C-01-1351 THE

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the Bar of this Court at which member's direction this service is made. I am familiar with the business practices at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 19, 2002, I placed the attached

**[PROPOSED] ORDER ADOPTING CLASS ACTION STIPULATION
AS FAIR, REASONABLE AND ADEQUATE**

in the internal mail collection system at the Office of the Attorney General, 455 Golden Gate Avenue #11000, San Francisco, California 94102, for deposit in the United States Postal Service that same day in the ordinary course of business, in a sealed envelope, postage fully postpaid, addressed as follows:

| | |
|---|---|
| DONALD SPECTER<br>STEVE FAMA<br>Prison Law Office<br>General Delivery<br>San Quentin, CA 94964-0001 | CAROLINE MITCHELL<br>Pillsbury Winthrop<br>50 Fremont Street<br>San Francisco, CA 94105 |
| WARREN E. GEORGE<br>McCutchen, Doyle, Brown & Enersen<br>Three Embarcadero Center<br>San Francisco, CA 94111-4066 | |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 19, 2002 at San Francisco, California.

_____J. Maher_____                          _____Maher_____
                                                                              Signature