☒ FILED   ☐ LODGED

**Jan 30 2020**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

1  Richard  Johnson  151089
2  A.S.P.C.  Eyman  Browning  Unit
3  P.O.  Box  3400
4  Florence,  Arizona  85132
5  Plaintiff (Subclass)

6

7        UNITED  STATES  DISTRICT  COURTS
8              DISTRICT  OF  ARIZONA

9

10  Parsons, et al.,        No. CV 12 - 00601 - PHX
          Plaintiffs,
11
12    v.              PLAINTIFF RICHARD JOHNSON (SUBCLASS)
13  Shinn, et al.,     MOTION TO ENFORCE THE STIPULATION, RE. (DOC.-
          Defendants.
14                     1185) (SECOND REQUEST)

15

16        Plaintiff, Richard Johnson, and similarly situated inmates,
17  hereby move this Court to exercise its inherent powers and those
18  outlined in the Stipulation, (Doc. 1185), to enforce the terms of
19  the Stipulation by finding Defendants acting in bad faith by terminating
20  Directors Instruction (D.I.) 326 and modifying the maximum
21  custody Step Program Matrix (SPM). Plaintiffs believe the
22  modification to the maximum custody SPM **does not** further the
23  intent of the provisions, rather, it creates more isolation. Plaintiffs
24  request the Court to order Defendants to reinstate D.I. 326 and take
25  immediate and substantial action to implement the terms of the
26  Stipulation to end the extreme conditions of solitary confinement
27  and isolation to the subclass Plaintiffs.
28

1

# PROCEDURAL BACKGROUND

Parsons v. Shinn[1] is a federal class action lawsuit against the Arizona Department of Corrections' (ADC) medical, mental health, and dental care system. The lawsuit also challenges inhumane conditions in maximum custody isolation units.

The Court has certified this case as a class action, ([Doc. 1185] at paragraph 3, lines 10-16). The class is defined as:

"All prisoners who are now, or will in the future be, subjected to the medical, mental health, and dental care policies and practices of the ADC." (Id.).

A subclass was also established and was defined as:

"All prisoners who are now, or will in the future be, subjected by the ADC to isolation, defined as confinement in a cell for 22 hours or more each day or confinement in the following housing units: Eyman-SMU 1; Eyman-Browning Unit; Florence-Central Unit; Florence-Kasson Unit; or Perryville-Lumley Special Management Area,". (Id.).

The purpose of the Stipulation was to settle the above captioned case, (See, [Doc. 1185]). The Stipulation governs or applies to the 10 ADC complexes: Douglas, Eyman, Florence, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, and Yuma, (Id.). The Stipulation does not apply to occurrences or incidents that happen to class members while they do not reside at one of the 10 ADC complexes, (Id.).

The lawsuit sought only changes to the policy and practices of ADC, and did not seek money damages. The case was filed in March 2012 by the Prison Law Office, the ACLU, and other lawyers.

[1] Originally Parsons v. Ryan.

**2**

# STATEMENT OF FACTS

I. On 10-14-2014 both parties agreed upon a settlement. ([Doc. 1185], "STIPULATION" at paragraphs 4 and 5). Within that Stipulation at section "II. SUBSTANTIVE PROVISIONS" at "B. Maximum Custody Prisoners", paragraphs 17, 18, 22, and 24, clear and concise provisions were established that Defendants were made to comply with.

"Defendants shall implement DI 326 and the Step Program Matrix for all eligible prisoners and shall maintain them in their current form for the duration of this Stipulation. In the event that Defendants intend to modify DI 326 and the Step Program Matrix they shall provide Plaintiffs' counsel with thirty (30) days' notice. In the event that the parties do not agree on the proposed modifications, the dispute shall be submitted to Magistrate Judge ... who shall determine whether the modifications effectuate the intent of the relevant provisions of the Stipulation.". (See [Doc. 1185] at paragraph 22, lines 7-12).

Out-of-cell exercise and socialization is a cornerstone of D.I. 326 and the Stipulation. It is a key component of the "Maximum Custody Performance Measures" (MCPM) 1, 3, 5, and 6. In particular, MCPM 6 requires that:

"All maximum custody prisoners at Eyman-Browning, Eyman-SMU1, Florence-Central, Florence-Kasson, and Perryville-Lumley Special Management Area (Yard 30), who are eligible for participation in DI 326 are offered out-of-cell time, **incentives**, programs and property consistent with their Step Level and housing assignment under the DI 326 policy." (See [Doc. 1185-1], Exhibit E). (emphasis

1  added).

2  As part of the D.I. 326 incentive system, Step Level II and III
3  inmates at maximum custody facilities are allowed access to interactive
4  recreational enclosures and greater socialization during exercise periods.
5  (See Director's Instruction 326, Maximum Custody Population
6  Management, March 27, 2014 ["D.I. 326"] [ADC 261959-85]
7  [Doc. 1775-3]). For example, at Browning Unit a Step II prisoner
8  can expect 3 two hour recreational periods each week, one of
9  which can be in the 10x10 interactive enclosure, and a Step III
10 can expect 4 outdoor recreational periods a week, all 4 can be in
11 the 10x10 interactive enclosure. (Id. at ADC 261974).

12       The interactive recreational enclosures and greater socialization
13 during exercise periods are central to the D.I. 326 program and efforts
14 to ameliorate the impacts of isolation.

15 **II.**  On 09-24-2019 Plaintiff submitted to the Court a motion
16 for enforcement. ("PLAINTIFF [SUBCLASS], RICHARD JOHNSON'S MOTION
17 TO ENFORCE THE STIPULATION, RE. [Doc.] 1185") (Exhibit a).

18       Within Plaintiff's motion he stated prison officials termination
19 of D.I. 326, the implementation of Department Order 812 - Inmate
20 Maximum Custody Management and Incentive System (D.O. 812),
21 the significant **reduction** of inmate's 10x10 interactive recreational
22 enclosures, the **increase** of the solitary standard chute recreational
23 area, officers cancellation of recreation due to the limited number
24 of solitary standard chute recreational areas available, Plaintiff's and

26  ② The term "solitary standard chute recreational area" references the concrete
    enclosures on all 4 sides, spanning 25-30 feet high, attached to some of the living
27  units in maximum custody where prisoners are taken for recreational periods in complete
    isolation from one another.

other inmates' exhaustion of Department Order 802 - Inmate Grievance
Procedure (D.O. 812) to address prison officials non-compliance with
(Doc. 1185) terms and stipulations, Plaintiff and similar situated
inmates non-existence of out-of-cell-time or incentives despite
what D.O. 812 states, and Plaintiff's request for relief.

**III.** Since Plaintiff's 09-24-2019 motion for enforcement, he has
utilized D.O. 802 a second time regarding, "ADMINISTRATION
OFFICIALS ARE PICKING AND CHOOSING WHEN TO ALLOW OFFICERS TO
TURN [PLAINTIFF] OUT FOR [HIS] 1 TIME A WEEK 10×10 INTERACTIVE
REC,". (Exhibit B, Plaintiff's Inmate Informal Complaint
Resolution, dated 11-04-2019).

Within his grievance, Plaintiff specifically stated dates when
recreation was cancelled due to "staff shortage", (Id., at Plaintiff's
Inmate Grievance, dated 11-29-2019). Yet, Plaintiff specifically
stated dates when there was no recreation, at first, due to staff
shortages, but later officers were instructed to give recreation to the
inmate population because a tour by high ranking prison officials
from Central Office in Phoenix, Arizona were on the unit.
(Id.). To include the Director of the ADC. (Id.). The response
Plaintiff received from Grievance Coordinator 2880:

"Unprocessed: Timeframes are expired. Informal Complaint
response was 11/8/19, grievance was submitted on 11/29/19.
5 Days To File." (Id.).

Grievance Coordinator 2880's response was dated 12/02/19. (Id.).

On 12-08-2019 Plaintiff submitted a Grievance Appeal, along
with an Inmate Grievance - GF Supplement form, to appeal
Grievance Coordinator 2880's decision. (Id, at Plaintiff's
Inmate Grievance Appeal and Inmate Grievance - GF Supplement,

dated 12-08-2019 ). Plaintiff specifically stated D.O. 802 and its
contents as the reason why Plaintiff's grievance should not have been
"unprocessed" and Grievance Coordinator 2880's deliberate
manipulation of policies to not process Plaintiff's grievance: (Id.),

"GRIEVANCE COORDINATOR 2880 STATES 'TIMEFRAMES ARE
EXPIRED. INFORMAL COMPLAINT RESPONSE WAS 11/8/19, GRIEVANCE
WAS SUBMITTED ON 11/29/19. 5 DAYS TO FILE.' PER D.O. 802
3.0 FORMAL GRIEVANCE PROCESS (NON-MEDICAL), 3.2 'THE
INMATE HAS FIVE WORKDAYS FROM RECEIPT OF THE RESPONSE
FROM THE COIII TO SUBMIT A FORMAL GRIEVANCE...,' NOT
5 DAYS FROM THE DATE THATS ON THE INFORMAL RESPONSE. I
RECEIVED THE 'RECEIPT OF THE RESPONSE' ON 11-22-19 (FRIDAY).
FROM 11-22-19 TO 11-29-19 I HAVE TRIED TO GET AN I/M GRIEVANCE
FROM OFFICERS ON GRAVEYARD SHIFT. OFFICERS TELL ME NONE ARE
AVAILABLE OR REQUEST FORMS FROM THE C.O.III. I SENT AN I/M
LETTER ADDRESSED TO COIII LEWIS ON 11-25-19 (MONDAY). TO THIS
DAY, 12-08-19, I STILL HAVEN'T GOTTEN A RESPONSE FROM LEWIS.
I HAD TO GET THIS SUPPLEMENT FORM, GRIEVANCE APPEAL, AND
THE GRIEVANCE FORM FROM ANOTHER INMATE (I/M). I BELIEVE
PRISON OFFICIALS ARE DELIBERATELY MANIPULATING POLICY SO MY
ISSUE WILL NOT BE ADDRESSED." (Id.).

Plaintiff did all he could do to comply with department orders and
to properly exhaust all administrative remedies. In spite of Plaintiff's
sincere efforts, Appeal Officer Rodreco Kepney chose to consciously
disregard policy and respond with: (Id.),

"The grievance you submitted was unprocessed as outlined in
Department policy. It is recommended you review Department
Order 802, Inmate Grievance Procedure, to be better

informed of Department policy concerning the filing of grievances." (Id., at Plaintiff's ARIZONA DEPARTMENT OF CORRECTIONS INMATE LETTER RESPONSE, Letter #15, dated 12/18/19).

**IV**. On 01-07-2020 inmates were taken to a "townhall meeting" with administrative personnel. Plaintiff did not attend this "townhall meeting" due to a settlement hearing he was Ordered to go to at the Sandra Day O'Connor U.S. Courthouse, courtroom 304, Phoenix, Arizona. (Exhibit C).

Inmate Gerald Cutter 66394 did attend and Cutter relayed to me, Plaintiff, that Associate Deputy Warden (ADW) Romney was present at the townhall meeting. (Exhibit D). Cutter also relayed that prison officials informed the inmates in attendance that the ACLU and the Courts were aware and approved the termination of D.I. 326 for D.O. 812. (Id.).

On 01-09-2020 Plaintiff sent an Inmate Letter addressed to ADW Romney requesting the documents stating that the Courts and ACLU agreed to the termination of D.I. 326. (Exhibit E). To this day, no response. (Id.).

On 01-09-2020 Plaintiff spoke to C.O. III Lewis, at Plaintiff's cellfront, about documents stating the approved termination of D.I. 326 and where Plaintiff could get them from. (Id.). Lewis stated he did not know of any documents and told Plaintiff he would e-mail Romney about how Plaintiff can find out about those documents. (Id.).

On 01-09-2020 Plaintiff wrote to the ACLU at: (Id.).
American Civil Liberties Union Foundation
National Prison Project

915 15th Street, NW , 7th FL.
Washington, D.C. 20005-2112 , (Id.),
to find out about the alleged termination of D.I. 326 for D.O. 812.
(Id.), To this day, no response. (Id.).

On 01-15-2020 Plaintiff checked out the Parsons v. Ryan:
Stipulation | Settlement from the unit's library to see if an
updated and/or amended version was submitted. (Exhibit F).
It was the same [Doc. 1185] STIPULATION | SETTLEMENT, not
an amended one.

On 01-22-2020 Plaintiff sent C.O. III Lewis an Inmate Letter
asking the status of his e-mail to ADW Romney about where and/
or how to find the documents pertaining to the termination of
D.I. 326 and implementation of D.O. 812. (Exhibit G). Response:
        "I haven't sent him an email yet about this.
        Its on my list of things to do". (Id.).
On 01-28-2020  C.O. III Lewis came to Plaintiff's cellfront
and told Plaintiff the following: (Exhibit E).
        1. ADW Romney didn't have access to the documents
           Plaintiff was seeking. (Id.).
        2. ADW Romney didn't have those papers | documents at the
           townhall meeting. (Id.).
        3. ADW Romney told Lewis that Southern Regional
           Operating Director (S-ROD) was at the townhall meeting.
           (Id.).
        4. S-ROD's name is Credio. (Id.).
        5. S-ROD Credio had those papers | documents at the
           townhall meeting. (Id.).

8

Submitting Inmate Letters to try to find the amended agreement|
settlement document(s), trying to exhaust all available administrative
remedies, prison officials deliberately and consciously disregarding
department policies when Plaintiff try to address out-of-cell time issues,
writing to the ACLU with no response, I, Plaintiff do not know of
any other avenue to utilize to determine the validity of the ACLU,
the Courts, and Defendants agreement to terminate D.I. 326 with
the implementation of D.O. 812 and where to receive that agreement|
settlement document; than to take this course of action.

## RELIEF REQUESTED

Plaintiff, Richard Johnson along with ~~similar~~ similar situated
inmates, request the Court issue an Order that

1.) Finds Defendants acting in bad-faith with (Doc. 1185) "STIPULATION"
   MCPM 1, 3, 5, and 6 at Eyman Browning Unit with subclass
   Plaintiffs.

2.) Order the reinstatement of D.I. 326 and its Step Program
   Matrix.

3.) Order Defendants to abide by and follow their own grievance
   policies and process Plaintiff's grievance issue that
   Grievance Coordinator 2880 refused to process, which
   Appeal Officer Rodreco Kepney consciously chose to disregard
   too.

4.) Order Defendants to provide all Plaintiffs, in this class action,
   any and all amended, modified terms regarding (Doc. 1185),
   by providing those amended|modified documents through
   Plaintiffs' housing unit's library,
   , or

5.) If the Court finds that Plaintiff, Richard Johnson's Motion is inappropriate, order Plaintiff's counsel to address Richard Johnson's issue in a reasonable timeframe.

## CONCLUSION

Plaintiff, and similar situated inmates, respectfully request the Court to find Defendants' actions to be in bad faith of the provisions of the Stipulation. Plaintiff, and similar situated inmates, request relief.

RESPECTFULLY SUBMITTED this 30th day of January 2020.

## CERTIFICATE OF SERVICE

I hereby certify that this was sent on January 30 2020 via E-file to all current parties involved with this matter in accordance with GENERAL ORDER 14-17.

Richd Jh 151089

Parsons v. Shinn, et al.
USDC cv12-00601-PHX

Table of Exhibits

| | |
|---|---|
| Exhibit A | Inmate Letter addressed to Librarian Mainhall, dated 01-21-2020 ; AZDdb_ Prisoner Filings, dated Jan 27, 2020 ; Request/Authorization for Electronic Filing, dated 09-24-2019. |
| Exhibit B | Richard Johnson's Inmate Letter Response, dated 12-18-2019 ; Inmate Grievance Appeal and Inmate Grievance - GF Supplement, dated 12-08-2019 ; Inmate Grievance, dated 11-29-2019 ; and Inmate Informal Complaint Resolution, dated 11-04-2019 ; Inmate Informal Complaint Response, dated 11-08-2019. |
| Exhibit C | WRIT OF HABEAS CORPUS AD TESTIFICANDUM, Case 2:15-cv-00670-MTL, Document 208-1. |
| Exhibit D | Declaration of Gerald Cutter 66394. |
| Exhibit E | Declaration of Richard Johnson 151089. |
| Exhibit F | INMATE COPY - BROWNING LIBRARY - CHECKOUT RECEIPT, JOHNSON 151089 4-K-05 |
| Exhibit G | Inmate Letter addressed to C.O. III Lewis with Lewis's response, dated 01-22-2020. |

I

# EXHIBIT
# a

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter**

> Requests are limited to one page and one issue. NO ATTACHMENTS ,PERMITTED. Please print all information.

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Johnson, R. | 151089 | EYMAN / BROWNING | 01-21-20 |

| To | Location |
|---|---|
| LIBRARIAN MAINHALL | LIBRARY |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I WOULD LIKE TO KNOW THE DATE YOU FILED a MOTION FOR ME.
PARSONS v. RYAN   CV12-60601-PHX-RS
"PLAINTIFF, (SUBCLASS), RICHARD JOHNSON'S, MOTION TO ENFORCE THE STIPULATION,
RE. [DOC.] 1185", THERE WAS 44 PAGES TOTAL. I FILED THE MOTION IN SEPTEMBER
OF 2019.

RECEIVED
JAN 2 2 2020

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Richard JL | 01-21-20 |

...ve You Discussed This With Institution Staff?  ☐ Yes  ☐ No

If yes, give the staff member's name:

Distribution:  Original – Master File
Copy - Inmate

2 OF 23

916-1
5/14/12

**AZDdb_Prisoner Filings**

Jan 27, 2020,
4:00 PM (15
hours ago)

to me

A 44 page document was received and filed on 9/24/19. Harley does still work here.

This email contains information that is intended only for the person(s) to whom it is addressed. If you received this communication in error, please do not retain it or distribute it and notify the sender immediately.

**Joseph Mainhall <**        **ɔv>**

Mon, Jan 27, 3:50
PM (15 hours
ago)

to prisoner@az       gov

Can you please look into this?  Also, is Harley still working there?

--------- Forwarded message ---------
From: **Joseph Mainhall** <'       ɪv>
Date: Wed, Jan 22, 2020 at 8:41 AM
Subject: Question re: Johnson CV-00601-PHX-RS
To: Harley Antrum <ʜ    ɪm@azd.u     v>

RE:  Johnson CV-00601-PHX-RS

Harley:

Inmate Johnson is inquiring with me about when I filed a particular motion.  I signed off on an internal form that I filed it on September 24, 2019 and have it logged on an internal log as well.  However when I search my SENT box it is not there.  I even searched my DRAFT box in the event that I started it and got interrupted and didn't send it but it's not in my DRAFT box either.

He said it was 44 pages and this was regarding Parsons vs Ryan so I wouldn't expect to receive a NEF but it concerns me that I can't find it in my SENT box.  That was a week that I was covering 3 different libraries due to Cook and Meadows being on vacation and I am concerened I never even sent it to the court.

**ARIZONA DEPARTMENT OF CORRECTIONS**

Please PRINT information in all areas clearly.
Use a PEN and PRESS FIRMLY.

Request / Authorization for Electronic Filing

| Inmate Name *(Last, First M.I.)* | | | ADC Number |
|---|---|---|---|
| JOHNSON RICHARD | | | 151084 |
| Institution/Unit | | Housing Location | Date |
| EYMAN/BROWNING | | 4·K·5 | 09·24·2019 |

List each document separately.

| No. | Document Name | Number of Pages |
|---|---|---|
| 1 | PLAINTIFF, (SUBCLASS) RICHARD JOHNSON'S MOTION- | 44 |
| 2 | to ENFORCE THE STIPULATION RE. [Doc.] 1185 w/ | |
| 3 | EXHIBITS | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |

*To be completed by the Inmate*

E-FILE

| Designated Staff Name *(Last, First M.I.)* | Designated Staff Signature | Date Received | Date Forwarded | Time Forwarded |
|---|---|---|---|---|
| J. Mainhall, Librarian II | | 7/24 | 9/24 | |

*Designated Staff*

## UPDATED E-FILING INSTRUCTIONS ISSUED BY THE DISTRICT COURT ON 9-17-15

Under District Court General Order 14-17 you are required to participate in the Prisoner Electronic Filing Program. In order to avoid delays in the processing of your documents, please follow the below guidance.

1. Only documents intended for filing in your U.S. District Court case should be submitted to the librarian for scanning. **All other documents will be returned, unfiled, to the librarian.**
2. Documents intended for courts other than the U.S. District Court must not be submitted to the librarian for scanning. These documents must be mailed to the appropriate court. **These documents will be returned, unfiled, to the librarian.**
3. Correspondence should be <u>mailed</u> to the court. Documents submitted electronically which appear to be correspondence will be returned, unprocessed, to the librarian.
4. You must include your <u>complete</u> case number on your documents in the following format: CV-13-0000-PHX or CV-13-0000-TUC. Documents without a case number which are not new cases will be returned, unfiled, to the librarian.

If you are submitting more than one new case, each case must be clearly labeled or the documents will be considered one case.

5. Documents must be dark enough to be legible after the scanning process. If possible, use a dark ink pen. If an ink pen is not available, write as dark as possible with a pencil. Darken all areas of carbon copy forms that may not be legible. **Documents will NOT be reviewed for legibility. Your case will be delayed if the presiding judge is unable to read the documents.**
6. If you are submitting multiple documents, they must be given to the librarian as separate documents. **Documents scanned together will be electronically filed as one document.**
7. **Each page of every document must be clearly numbered in the order you wish to have them scanned.** Oversized documents should be submitted to the librarian in 50 page increments and must be clearly labeled, 1 of ___. Begin page numbers anew with each separate document.
8. The certificate of service should be the last page of your document. **If it is filed separately without a case number it will be returned, unfiled, to the librarian.**
9. The notice of electronic filing (NEF) from the Court will include the number of pages filed.
10. <u>Do not</u> submit two-sided documents.
11. **Do not** submit copies of cases or prison policies. The Court has access to them, so you only need to cite them.

Rev. 08/10/2017

4 OF 23

# EXHIBIT B

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE LETTER RESPONSE

$k-5$



| Letter # | Inmate Name | ADC# | Complex | Unit | Received |
|----------|-------------|------|---------|------|----------|
| 15 | Johnson | 151089 | Eyman | SMU II/Browning | 12/10/2019 |

This office received a partial grievance packet on 12/10/2019 and the response is as follows:

The grievance you submitted was unprocessed as outlined in Department policy. It is recommended you review Department Order 802, Inmate Grievance Procedure, to be better informed of Department policy concerning the filing of grievances.

End of Report

_Rodreco Kepney_       12/18/19
                                                    **Date**

**Rodreco Kepney**

6 of 23

**Inmate Grievance Appeal**

*(To be completed by staff member initially receiving appeal)*

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

| Received by: | NAVA |
|---|---|
| Title: | COII |
| Badge #: | 5742 |
| Date: | 12-8-2019 |

**PLEASE PRINT**

| Inmate's Name *(Last, First, M.I.)* | ADC No. | Date |
|---|---|---|
| JOHNSON , R. | 151089 | 12-08-19 |

| Institution | Case Number |
|---|---|
| EYMAN / BROWNING | |

TO: DIRECTOR LEVEL

I am appealing the decision of GRIEVANCE COORDINATOR 2880 for the following reasons:

PRISON OFFICIALS / GRIEVANCE COORDINATOR 2880 IS CHOOSING TO INTERPRET D.O. 802 IN A WAY TO DELIBERATELY "UNPROCESSED" MY GRIEVANCE, MY ISSUE - ADMINISTRATION IS PICKING AND CHOOSING WHEN TO ALLOW OFFICERS TO TURN ME OUT FOR RECREATION, SEE, MY I/M INFORMAL COMPLAINT, DATED 11-04-19, AND MY I/M GRIEVANCE, DATED 11-29-19, JUST AS RECENTLY AS 12-07-19, SATURDAY, REC WAS CANCELLED WITH NO MAKE UP SCHEDULED, GRIEVANCE COORDINATOR 2880 STATES " TIMEFRAMES ARE EXPIRED, INFORMAL COMPLAINT RESPONSE WAS 11/8/19, GRIEVANCE WAS SUBMITTED ON 11/29/19, 5 DAYS TO FILE, " PER D.O. 802 3.0 FORMAL GRIEVANCE PROCESS (NON-MEDICAL), 3.2 " THE INMATE HAS FIVE WORKDAYS FROM RECEIPT OF THE RESPONSE FROM THE CO III TO SUBMIT A FORMAL GRIEVANCE ... ", NOT 5 DAYS FROM THE DATE

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| *[signature]* | 12-08-19 | | |

| Response To Inmate By: | Location |
|---|---|
| | |

| Staff Signature | Date |
|---|---|
| | |

RECEIVED
DEC 2019
Director's Office

DISTRIBUTION:
INITIAL:    White & Canary - Grievance Coordinator
            Pink - Inmate
FINAL:      White - Inmate
            Canary - Grievance File

802-3
7/13/09

7 OF 23

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| JOHNSON, R. K.S | 151089 | EYMAN / BROWNING | |

THATS ON THE INFORMAL RESPONSE. I RECEIVED THE "RECEIPT OF THE RESPONSE" ON 11-22-19 (FRIDAY), FROM 11-22-19 TO 11-29-19 I HAVE TRIED TO GET AN I/M GRIEVANCE FROM OFFICERS ON GRAVEYARD SHIFT. OFFICERS TELL ME NONE ARE AVAILABLE OR REQUEST FORMS FROM THE C.O. III. I SENT AN I/M LETTER ADDRESSED TO CO III LEWIS ON 11-25-19 (MONDAY) TO THIS DAY, 12-08-19, I STILL HAVEN'T GOTTEN A RESPONSE FROM LEWIS, I HAD TO GET THIS SUPPLEMENT FORM, GRIEVANCE APPEAL, AND THE GRIEVANCE FORM FROM ANOTHER INMATE (I/M). I BELIEVE PRISON OFFICIALS ARE DELIBERATELY MANIPULATING POLICY SO MY ISSUE WILL NOT BE ADDRESSED.

I HAVE DONE ALL THAT I CAN TO COMPLY WITH DEPT. ORDERS AND TO PROPERLY EXHAUST ALL ADMINISTRATIVE REMEDIES, PER PRISON LITIGATION REFORM ACT (PLRA).

I AWAIT PRISON OFFICIALS' RESPONSE.

| Signature | Date |
|---|---|
| Richard Johnson | 12-08-2019 |

INITIAL DISTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator, Pink - Inmate
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File

8 OF 23

802-7
7/13/09

PG 1 of 3

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Grievance

**Note:** You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice.

Received By: SILVA, A.

Title: CO II

Badge Number: 11921  Date: 11/29/15

| Inmate Name (Last, First M.I.) | ADC Number | Date |
|---|---|---|
| JOHNSON, R. | 151089 | 11-29-19 |

| Institution/Facility | Case Number |
|---|---|
| EYMAN / BROWNING | |

To: GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the inmate)

MY ISSUE- ADMINISTRATION ARE PICKING AND CHOOSING WHEN TO ALLOW OFFICERS TO TURN ME OUT FOR MY 1 TIME A WEEK 10x10 INTERACTIVE REC. I AM A STEP III WHICH PERMITS ME TO GO TO THE 10x10 REC ENCLOSURES ONCE A WEEK. FOR MONTHS MY ONCE A WEEK 10x10 HAS BEEN CANCELLED FOR SHORT STAFF MORE TIMES THAN NOT WITHOUT EVER A MAKE UP DAY PROVIDED. HOWEVER, WHEN A TOUR OR A HIGH RANKING OFFICIAL COMES TO THE UNIT, OFFICERS ARE CROSSED OVER FROM OTHER UNITS. AN EXAMPLE, ON 10-31-19 MY REC (10x10) WAS CANCELLED DUE TO SHORT STAFF. THEN OFFICERS TOLD ME THEY WERE TOLD BY ADMINISTRATION TO TURN OUT THE INMATE POPULATION FOR THEIR 10x10 REC BECAUSE THE DIRECTOR WAS COMING TO THE UNIT. THE NEXT DAY, 11-01-19, I WAS DENIED REC DUE TO SHORT STAFF. IF ADMINISTRATION CAN CROSS OVER OFFICERS FROM OTHER UNITS WHEN A TOUR OR A HIGH RANKING OFFICIAL COMES TO THIS UNIT THEN OFFICERS CAN BE SENT WHEN A TOUR OR HIGH RANKING OFFICER ISN'T HERE. ADMINISTRATION IS CHOOSING NOT TO. ANOTHER EXAMPLE OF NO REC WITH NO MAKE-UP DATE, 11-16-19, 11-8-19, 11-09-19, AND 11-02-19. ALSO, AS RECENTLY AS OF 11-29-19.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

INFORMAL ATTEMPTS- TALKED TO FLOOR OFFICERS AND THE REC CREW. INFORMAL COMPLAINT SUBMITTED ON 11-04-19. RESPONSE DATED 11-08-19.

RESOLVEMENT- REQUEST ADMINISTRATION TO STOP PICKING AND CHOOSING WHEN I CAN BE TURNED OUT FOR MY 10x10 INTERACTIVE REC. EXHAUST ALL AVAILABLE ADMINISTRATION REMEDIES.

| Inmate's Signature | Date | Grievance Coordinator's Signature | Date |
|---|---|---|---|
| Richd JL | 11-29-19 | | |

| Action taken by | Grievance Coordinator | Documentation of Resolution or Attempts at Resolution. |
|---|---|---|

Unprocessed: Time Frames are expired. Informal Complaint response was 11/8/19, grievance was submitted on 11/29/19. 5 Days To File.

| Staff Member's Signature | Badge Number | Date |
|---|---|---|
| B. May | 2-880 | 12/02/19 |

Initial Distribution - White and Canary - Grievance Coordinator; Pink - Inmate
Final Distribution - White - Inmate; Canary - Grievance File

9 OF 23

802-1
7/13/09

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Informal Complaint Resolution**

Complaints are limited to one page and one issue. Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Johnson, R. K.S | 151089 | Eyman / Browning | 11-04-2019 |

| TO | LOCATION |
|---|---|
| C.O. III LEWIS | 4 J/K |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am informally trying to resolve the following issue - administration officials are picking and choosing when to allow officers to turn me out for my 1 time a week 10x10 interactive rec. I am a STEP III which permits me to go to the 10x10 rec cages once a week. For months my once a week 10x10 has been cancelled due to short staff more times than not. I have never been given a make-up rec, however, when a tour of a high ranking official comes to the unit officers are crossed over from other units, to this unit. An example, on 10-31-19 friday, I was told by officers rec was cancelled due to short staff. Then I was told the director was coming so officers were made to come to this unit so the I/m population could get their rec while the director was here. I got rec that day, the very next day 11-01-19 saturday I was denied chute rec due to short staff. If administration can divert officers from other units, over here, when a tour of a high ranking official comes to this unit, then officers could be sent over here for my day for rec turnout, administration is choosing not to.

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Richd Jo | 11-04-2019 |

Have you discussed this with institution staff?   ☒ Yes   ☐ No

If yes, give the staff member name: REC CREW & FLOOR OFFICERS

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Response

**For Distribution:** Copy of Corresponding Inmate Informal Complaint Resolution must be attached to this response.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Johnson,R | 151089 |

| Institution/Unit |
|---|
| ASPC-EYMAN/BROWNING |

| From | Location |
|---|---|
| COIII Lewis | King 5 |

This is your response for your Informal Complaint dated 11-04-19 and received on 11-06-19 in regards out of cell time for Rec.

Response: On 10-12-19, 11-01-19  the entire Complex was short staff and certain things gets cancelled  due to staff shortage.  When the units are below a unsafe staffing level it is a decision from the Complex Warden or the Unit Deputy Warden to conduct a hard lockdown. It is decided by each unit if and when it can be made up if staffing level allows.

I consider this matter to be resolved. If you are not satisfied with my response feel free to continue in the Grievance Process, Department Order 802 as outlined.

| Staff Signature | Date |
|---|---|
| | 11 - 8 - 19 |

Distribution:   Original - Inmate
Copy – Grievance Coordinator File

11 of 23

802-12(e)
12/12/13

# EXHIBIT

# C

12 of 23

RCVD DEC 19 '19 PM 12:04
US MARSHALS SERVICE AZ

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Richard Johnson,

      Plaintiff,

v.

Carson McWilliams, et al.,

      Defendants.

No. CV-15-00670-PHX-MTL

**WRIT OF HABEAS CORPUS
AD TESTIFICANDUM**

TO:    Stephen Morris
       ASPC – Eyman, Browning STG Unit
       P.O. Box 3500
       Florence, AZ 85132-3500

      You are commanded to transport Richard Johnson, Inmate #151089, to the Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, courtroom 304, Phoenix, Arizona, on Tuesday, January 7, 2020, at 1:15 p.m., to appear before United States Magistrate Judge Deborah M. Fine for the purpose of a Settlement Conference. The Department of Corrections is to maintain custody of the inmate at all times. The inmate is to be returned at the conclusion of the Settlement Conference to the Arizona Department of Corrections, Arizona State Prison, Eyman – Browning STG Unit, Florence, AZ.

13 of 13

1       WITNESS the Honorable Deborah M. Fine, U.S. Magistrate Judge, United States

2   District Court for the District of Arizona, and the Seal of this Court on December 13, 2019.

3

4       BRIAN D. KARTH, CLERK
        United States District Court

5       District of Arizona

6

7   BY: _____

8       Deputy Clerk

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

14 OF 23

EXHIBIT
D

15 of 23

Gerald W. Cutter, #066394 here by declares:

I, Gerald W. Cutter, ADC #066394 am incarcerated in The Arizona Department of Corrections (ADC). Browning unit in florence, Arizona. On 01-07-2020 (Tuesday) I was restrained and escorted to a Town hall meeting with other maximum Security inmates and Prison officials. Present at the Town meeting was Associate Deputy warden (A.D.W) Romney. The Topic of The meeting was the termination of D.I.326 and The implementation of Department order 812-Inmate maximum Custody management and Incentive system (D.O.812).

Inmates at the meeting, including myself, wanted to know why D.I.326 was Terminated and how does D.O.812 further the intent of The "stipulction"/ Settlement" set forth in Document 1185.

The only response Prison officials Told us was The Courts and ACLU were aware of the Termination of D.I. 326 and were in agreement with the termination of D.I.326 for D.O.812.

Prison officials went onto other Topics, but when inmates tried to get clarification about the Courts and ACLU being "aware" of D.I.326's Termination and the implemention of D.O.812, Prison officials, to include A.D.W Romney, only said The Court's and ACLU were aware of the Changes.

At the Conclusion of the meeting I was taken back to my Cell.

I declared under penalty of Perjury That The foregoing is True and correct, executed at florence, Arizona on January 27, 2020.

Gerald w. Cutter ADC # 066394.

16 of

EXHIBIT
E

Richard Johnson 151089 hereby declares;

On 01-09-2020 I sent an Inmate Letter addressed to Associate Deputy Warden Romney requesting documents stating that the Courts and ACLU agreed to terminate Director's Instruction 326, I never received a response to this day, 01-29-2020.

On 01-09-2020 I spoke to Correctional Officer III Lewis at my cellfront about paperwork/documents stating the approval of Director's Instruction 326 termination and where I could get those documents/paperwork. Lewis told me he did not know of any documents and/or paperwork to that effect, but told me he would e-mail Romney about how I could obtain those documents/paperwork.

On 01-09-2020 I wrote to the ACLU at 915 15th Street, NW, 7th FL. Washington, D.C. 20005-2112, ACLU Foundation, National Prison Project to find out the validity of the agreement to terminate Director's Instruction 326. I haven't received a response to this day, 01-29-2020.

On 01-28-2020 Lewis came to my cellfront and told me the following:
1.) Romney told Lewis to tell me he didn't have access to the documents I was seeking.
2.) Romney told Lewis to tell me he didn't have those papers/documents at the townhall meeting.
3.) Romney told Lewis to tell me that at the townhall meeting the Southern Regional Operating Director was there.
4.) Romney said the Southern Regional Operating Director's name is Credio.
5.) Romney told Lewis to tell me Credio had those papers/documents at the townhall meeting.

18 OF 23

I declare under penalty of perjury that the foregoing
is true and correct. Executed at Florence, Arizona
on January 29, 2020.

Richd Jd— 151089

19 oF 23

# EXHIBIT
## F

20 of 23



## BROWNING LIBRARY - CHECKOUT RECEIPT

**Inmate Name:**

# JOHNSON

**ADC #:**     **Housing:**

# 151089   4-K-05

| | |
|---|---|
| Checked-Out: | 1/15/2020 |
| DUE DATE: | **1/19/2020** |

**Book #**    **Title**

9907     PARSONS V RYAN : STIPULATION / SETTLEMENT 118S

9978     RUDISILL STIPULATION

(21 OF 23)

Staff Signature: _____

Badge #: _62-23_     Date: _01/19/2020_

### Staff signature is REQUIRED to verify the book(s) were returned to staff.

Materials are due back to the library by the due date printed on the receipt. If you fail to return the materials, you will not be allowed to check out any other material until the first one is returned. It is your responsibility to maintain and keep track of any materials issued to you. If you fail to do so, you will be charged for the replacement cost of the material and will be subject to disciplinary action. The same action will be taken for materials that are torn, ripped, or written on. If you leave the unit without returning library materials, you will be charged for them.

Return all library materials to the Pod Officer and make sure they sign the copy of the book receipt. Be sure to remain aware of who the staff member is that you returned material to, as any discrepancies will have to be resolved with that staff member. The library will not accept the excuses that you were moved to a new cell, left the unit for medical, suicide watch, material is in your property, etc., or do not know who picked up or took the library material from you.

EXHIBIT
G

22 of 23

**Inmate Letter**

Requests are limited to one page and one issue. NO
ATTACHMENTS PERMITTED. Please print all information.

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Unit | Date |
|---|---|---|---|
| Johnson, R. | 151089 | SMU II | 01-22-20 |

| To: C.O. III LEWIS | Location: 4 J/K |
|---|---|

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

ABOUT 2 WEEKS AGO I ASKED YOU AT MY CELLFRONT ABOUT WHETHER
YOU CAN HELP ME OUT W/ LOCATING DOCUMENTS PERTAINING TO PARSONS V.
SHINN. BEFORE IT WAS PARSONS V. RYAN,

SPECIFICALLY, I ASKED YOU IF YOU KNEW ABOUT ADW ROMNEY'S STATEMENT
THAT THE COURTS & ACLU APPROVED THE TERMINATION OF D.I. 326 &
REPLACING IT W/ D.O. 812. I ASKED YOU IF YOU KNEW WHERE TO FIND
THOSE DOCUMENTS.

YOU TOLD ME YOU WOULD E-MAIL ROMNEY TO FIND OUT.

I AM REQUESTING THE DATE & TIME YOU SENT THAT E-MAIL TO ADW
ROMNEY.

I havent sent him an email yet
About this. Its on my list of things
to do

| Inmate Signature | Date |
|---|---|
| Richd Jh | 01-22-20 |

Have You Discussed This With Institution Staff?  [X] Yes  [ ] No
If yes, give the staff member's name:  w/ you