Jared Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: jkeenan@acluaz.org
       carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' MOTION TO APPOINT COURT EXPERT** |

LEGAL147104911.1

**INTRODUCTION**

In its recent Order to Show Cause ("OSC"), the Court noted that the Order was being issued "while the Court considers Dr. Stern's report and decides on a path forward." [Doc. 3490 at 1] Plaintiffs propose that while the Court waits for Defendants' reports on their compliance with the OSC, the Court effectuate one of Dr. Stern's critical systemic recommendations: that a staffing analysis be conducted. [*See* Doc. 3379 at 98] Month after month, Defendants' reports to the Court regarding ongoing noncompliance identify staffing shortages as a root cause of the noncompliance. [*See, e.g.*, Doc. 3472-1 at 98-100, 119, 122, 128-31, 133-34, 141-42, 147, 159, 175, 180, 182, 204, 218, 220, 226, 280, 282, 314-15, 335, 341, 343, 359-60, 362, 375, 383, 395-96] A staffing analysis also would help to effectuate Dr. Stern's related recommendation, that the Defendants reconfigure their "mix" of staff, by identifying not only how many additional health care staff are needed, but also the types of staff. [Doc. 3379 at 98-100]

Finally, a staffing analysis would assist the Court in evaluating what is likely to be a defense against contempt—the claim that Defendants have taken all reasonable steps to comply with the Stipulation. A staffing study that includes an analysis of whether compensation should be adjusted to fill any necessary positions, and if so by how much, would provide the Court with information about whether Defendants are taking all reasonable steps to comply with the Stipulation and whether the Court should order Defendants to increase compensation.

Second, Plaintiffs respectfully request that the Court direct Dr. Stern (or another expert) to provide the critical analysis that his report left undone. Specifically, Dr. Stern noted that his report did *not* provide a systemic analysis of the adequacy of the health care provided to class members:

> I was not charged by the court to evaluate, did not design my methodology to, and therefore with rare exception do not offer an opinion on, whether, overall, the systems of care in place to deliver health care at the ADC pose a significant risk of serious harm to its residents.

[Doc. 3379 at 4; *see also id.* at 113]

1    The Court should appoint an expert (or experts), pursuant to Rule 706 of the
2    Federal Rules of Evidence, to (a) conduct a staffing analysis of the number and types of
3    health care staff needed at each Arizona State Prison Complex to provide adequate
4    constitutional health care to class members, and (b) undertake a system-wide evaluation of
5    the adequacy of health care provided to class members, using qualitative evaluation
6    metrics instead of the Stipulation's existing methodology of timeframes and box-
7    checking. [*See id*. at 113]

8    Given his past work for the Court in this case and his familiarity with the ADC
9    system, Dr. Stern is the logical person to perform these two tasks, and Plaintiffs do not
10   object to him being so appointed by the Court. If Dr. Stern is unable or unavailable to
11   conduct either or both of these tasks, Plaintiffs request that the Court appoint different
12   independent experts, based upon input and suggestions of Dr. Stern, Plaintiffs, and
13   Defendants. The full cost of the experts must be borne by Defendants, the party solely
14   responsible for the failure to timely comply with the Stipulation, instead of indigent
15   incarcerated class members and Plaintiff Arizona Center for Disability Law, a nonprofit
16   organization.

**ARGUMENT**

18   The Stipulation clearly states that "[t]he parties consent to the reservation and
19   exercise of jurisdiction by the District Court over all disputes between and among the
20   parties arising out of this Stipulation. [. . .] [T]he Court *shall retain the power* to *enforce*
21   this Stipulation *through all remedies provided by law*, except that the Court shall not have
22   the authority to order Defendants to construct a new prison or to hire a specific number or
23   type of staff. . ." [Doc. 1185 ¶¶ 35-36 (emphasis added)] Other than these two limits, this
24   Court retains all of its inherent equitable Article III authority, and thus can appoint a
25   Rule 706 expert. *See Parsons v. Ryan*, -- F.3d --, 2020 WL 466709 at *5 (9th Cir. 2020)
26   (affirming that **this** Court has the authority under the Stipulation to issue all orders
27   necessary to effectuate compliance with the Stipulation, barring the two exceptions set
28   forth in the Stipulation); *Parsons v. Ryan*, 912 F.3d 486, 499-501 (9th Cir. 2018) (same);

1  *see also* Fed. R. Evid. 706 Advisory Committee Note (1972 Proposed Rules) ("The
2  inherent power of a trial judge to appoint an expert of his own choosing is virtually
3  unquestioned") (citations omitted).

4  "Courts have broad discretion to appoint expert witnesses" under Rule 706 of the
5  Federal Rules of Evidence, *Sanders v. York*, 446 F. App'x 40, 43 (9th Cir. 2011), in order
6  to provide "an independent source of evidence" to the Court and to assist it in its decision-
7  making process, *F.T.C. v. Enforma Nat. Prods. Inc.*, 362 F.3d 1204, 1213 (9th Cir. 2004).
8  The Court can appoint Rule 706 experts to provide it with reports and recommendations,
9  and to monitor compliance with past orders and stipulations.  *See* Docs. 2483, 3089; *Kelly*
10 *v. Wengler*, 979 F. Supp. 2d 1104, 1116 (D. Idaho 2013) (appointing independent monitor
11 to evaluate compliance with settlement in prison conditions case), *aff'd*, 822 F.3d 1085
12 (9th Cir. 2016).  An order appointing an expert is not immediately appealable. *Parsons v.*
13 *Ryan*, -- F.3d --, 2020 WL 466709 at *21-22 (9th Cir. 2020).

14 Rule 706(c)(2) provides that the expert's compensation shall be paid by the parties
15 and shall be allocated in a manner directed by the Court.  Because the appointment of an
16 expert in this case is necessary solely due to Defendants' failure to honor the terms of the
17 Stipulation, Defendants should bear the full financial burden, as this Court ordered with
18 the two experts previously appointed.  [*See* Doc. 2483 at 2; Doc. 3089 at 2; Doc. 3127 at
19 3]  A district court has the ability to allocate all costs of a Rule 706 expert to one side, and
20 Ninth Circuit precedent holds that it is appropriate to allocate all costs of a Rule 706
21 expert to the state when one of the parties is an indigent incarcerated person. *McKinney v.*
22 *Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991)*, vacated on other grounds sub nom.*
23 *Helling v. McKinney*, 502 U.S. 903 (1991), *judgment reinstated*, 959 F.2d 853 (9th Cir.
24 1992) ("Otherwise, we are faced with an inflexible rule that would prevent the district
25 court from appointing an expert witness whenever one of the parties in an action is
26 indigent, even when the expert would significantly help the court"); *see also Armstrong v.*
27 *Schwarzenegger*, No. C 94-2307 CW, 2007 WL 1687776 (N.D. Cal. June 11, 2007)
28 (appointing a court expert and allocating all fees and expenses to Defendants); *Plata v.*

*Schwarzenegger*, No. C01-1351, 2005 WL 2932253, *1 (N.D. Cal. Oct. 3, 2005) (discussing appointment of medical experts in 2002 order).[1]

### CONCLUSION

The Court should appoint an expert or experts under Rule 706 of the Federal Rules of Evidence, to conduct the staffing analysis recommended by Dr. Stern, and to conduct a systemic and qualitative analysis of the health care services provided to class members.

Dated: February 4, 2020              Respectfully submitted,

**PRISON LAW OFFICE**

By:   s/ Corene T. Kendrick
      Donald Specter (Cal. 83925)*
      Alison Hardy (Cal. 135966)*
      Sara Norman (Cal. 189536)*
      Corene T. Kendrick (Cal. 226642)*
      Rita K. Lomio (Cal. 254501)*
      1917 Fifth Street
      Berkeley, California 94710
      Telephone: (510) 280-2621
      Email:   dspecter@prisonlaw.com
               ahardy@prisonlaw.com
               snorman@prisonlaw.com
               ckendrick@prisonlaw.com
               rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Eunice Hyunhye Cho (Wash. 53711)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@aclu.org
         afettig@aclu.org
         echo@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

---

[1] Plaintiffs previously informed the Court as to why it was not appropriate to impose the financial burden of the expert on indigent class members, the nonprofit Plaintiff Arizona Center for Disability Law, or to deduct the expert costs from Plaintiffs' counsel's attorney fees for monitoring compliance, capped at $250,000 per year.  [*See* Doc. 2043 at 5-9; Doc. 2045]

Jared Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: jkeenan@acluaz.org
carellano@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
agerlicher@perkinscoie.com
jhgray@perkinscoie.com

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:  s/ Maya Abela
Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email: rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org
mabela@azdisabilitylaw.org

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.com

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2020, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com

*Attorneys for Defendants*

s/ D. Freouf