1  Jared Keenan (Bar No. 027068)
   Casey Arellano (Bar No. 031242)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: jkeenan@acluaz.org
            carellano@acluaz.org
5
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
6  *Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
   *Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
7  *Desiree Licci, Joseph Hefner, Joshua Polson, and*
   *Charlotte Wells, on behalf of themselves and all others*
8  *similarly situated*

   **[ADDITIONAL COUNSEL LISTED ON**
9  **SIGNATURE PAGE]**

10 Asim Dietrich (Bar No. 027927)
   **ARIZONA CENTER FOR DISABILITY LAW**
11 5025 East Washington Street, Suite 202
   Phoenix, Arizona 85034
12 Telephone: (602) 274-6287
   Email: adietrich@azdisabilitylaw.org
13
   *Attorneys for Plaintiff Arizona Center for Disability Law*
14
   **[ADDITIONAL COUNSEL LISTED ON**
   **SIGNATURE PAGE]**
15

16                     UNITED STATES DISTRICT COURT

17                           DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ENFORCE THE STIPULATION AND AMEND THE ORDER TO SHOW CAUSE (DOC. 3492)** |

LEGAL23774493.1

**INTRODUCTION**

With a single exception (PM 74), Defendants concede that all of the Performance Measures addressed in Plaintiffs' Motion meet the Court's definition of substantial noncompliance, in that they have had three or more consecutive months of noncompliance out of the last eighteen months reported. *See* Doc. 2644 (Court's definition of substantial noncompliance); Doc. 3515 at 2:12-13 (Defendants' concession that "the following measures meet the Court's definition of substantial noncompliance").[1]  As explained below, PM 74 also meets that definition. That is the end of the matter; the Court should find all of these measures substantially noncompliant, and order Defendants to develop remedial plans.[2]

**I.       PM 74 is substantially noncompliant.**

**PM 74 (Perryville):** *All female prisoners shall be seen by a licensed mental health clinician within five working days of return from a hospital post-partum.*

Defendants argue that a mental health encounter in which the psychologist noted that "there was another [inmate] in the area" complies with PM 74, notwithstanding the Stipulation's clear requirement that such encounters "take[] place in a confidential setting." Doc. 1185-1 at 5. Defendants' sole support for this proposition is the declaration of Nicole Taylor.

However, that declaration is inadmissible. Although Dr. Taylor states under oath that she has "personal knowledge" of the matters asserted (Doc. 3515-1 at 6), that is false. The clinical note from the encounter in question is set forth at Doc. 3255-1 at 78. The note contains no indication that Dr. Taylor was present for this encounter; indeed, she does not claim that she was. Moreover, virtually none of the "facts" set forth in Dr.

---

[1] Although Defendants claim – with no evidentiary support – that "the compliance scores listed in Plaintiffs' Motion for PM 24 and PM 44 are wrong" (Doc. 3515 at 2:4-5), those measures remain substantially noncompliant even if the Court accepts Defendants' proffered scores as accurate. *See* Doc. 3515 at 2 n. 1.

[2] Defendants' plaintive entreaties that a measure "only missed compliance by 5%" (*see, e.g.,* Doc. 3515 at 3:9) are irrelevant. Under the Stipulation, compliance is binary; a measure is either compliant at a given facility in a given month, or it is not.

LEGAL23774493.1

Taylor's declaration – that the other patient was thirty feet away; that she was receiving IV antibiotic therapy; that the clinician "spoke in a low voice" – appear anywhere in the clinical note. Thus, these statements consist of multiple levels of hearsay. *See* Doc. 3515-1 at 8 (Dr. Taylor's admission that her knowledge is based upon "discussions with individuals who interviewed the psychologist that interacted with the inmate"). They are accordingly inadmissible. *See Muniz v. United Parcel Serv., Inc.,* 738 F.3d 214, 223 (9th Cir. 2013) (district court's consideration of hearsay declaration was error); *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (same).

Of course Defendants could easily have submitted a declaration by the psychologist who conducted the encounter and accordingly had personal, non-hearsay knowledge of the facts. That they chose not to do so creates a presumption that the psychologist's testimony would not have been helpful to them. *See U.S. v. Noah*, 475 F.2d 688, 691 (9th Cir. 1973) ("The failure of a party to produce a material witness who could elucidate matters under investigation gives rise to a presumption that the testimony of that witness would be unfavorable to that party if the witness is peculiarly within the party's control").

Defendants argue that "Plaintiffs provide no evidence that the other inmate understood Spanish or that she was able to hear the psychologist's low voice." Doc. 3515 at 5. But Plaintiffs have no such burden. The Stipulation requires that the encounter "take[] place in a confidential setting;" given the psychologist's statement that "there was another [inmate] in the area," it manifestly did not. That is the end of the inquiry; the encounter did not comply with the requirements of PM 74.[3]

Defendants' argument betrays a fundamental misunderstanding of the purpose of confidentiality. As Dr. Stern explains, "conducting [mental health] encounters in a

---

[3] In any event, it is hardly unlikely that the other patient understood Spanish. While language and ethnicity do not correlate perfectly, 38.9% of the people in ADC custody are "Hispanic" – the largest single ethnic group in the state's prison population. *See* Arizona Department of Corrections Rehabilitation and Reentry, Corrections at a Glance, February 2020, at 2, available at
https://corrections.az.gov/sites/default/files/REPORTS/CAG/2020/cagfeb-20.pdf.

confidential space is of paramount importance for patients on watch *because it helps ensure that the patients share complete and accurate information with the clinician, information which is key to assessing risk.*" Doc. 3379 at 121 (emphasis added). Dr. Pablo Stewart elaborates:

> [T]he purpose of confidentiality is to encourage full and frank disclosure by the patient. The presence of another person can prevent such full and frank disclosure by causing the patient to self-censor. If that happens, it is irrelevant whether the other person actually heard or understood what the patient said; the damage is done by what the patient did *not* say to the clinician because of the presence of another person.

Declaration of Pablo Stewart, M.D., filed herewith, ¶ 7 (emphasis in original). In other words, the presence of a third person destroys confidentiality and creates a risk of harm because it may cause the patient to withhold critical information from the clinician – regardless of whether that third person understands or even hears what is said.[4]

Thus, the encounter in question was not compliant; Defendants' score on PM 74 for February 2019 should have been 75% rather than 100%, yielding three consecutive months of noncompliance and making the measure substantially noncompliant under the Court's definition. *See* Stewart decl., ¶ 9.[5]

---

[4] Defendants attempt to imply that Dr. Stern approves of their decision to count this encounter as compliant, but their careful phrasing stops short of asserting that. See Doc. 3515-1 at 8 ("after conferring with Dr. Stern, the file was marked compliant"). Again, if Dr. Stern supported Defendants' position they could have submitted a statement from him to that effect; they did not.

[5] Quite apart from its status as inadmissible hearsay, the Court should treat Dr. Taylor's declaration with a heavy dose of skepticism. Earlier in this case Dr. Taylor – who is a member of the State Bar of Arizona – violated an order excluding witnesses from the courtroom by reading the transcripts of witness testimony prior to her own testimony. *See* 6/13/18 Tx. at 6:22-7:12. The Court addressed Dr. Taylor:

> I'm going to make a further record about this, however, and that is because Dr. Taylor is a licensed member of the State Bar of Arizona and should know better. And I told counsel in my chambers that I was considering whether a Bar complaint was appropriate in this instance. It's not as if a lawyer who's been excluded from the courtroom, who's been told you cannot be in the courtroom, should not know that that means that you can't read the transcripts for what happened in the courtroom that you were excluded from.

\* \* \*

> But you wear two hats always, Dr. Taylor. Sometimes I've been wondering in this

## II.  Defendants' remaining arguments are meritless.

Although they concede that Plaintiffs have satisfied the meet-and-confer and mediation requirements of the Stipulation with respect to PM 67 at Florence, they argue that Plaintiffs are now required to do so again. *See* Doc. 3515 at 6:10-11.  But Defendants invent this "requirement" out of whole cloth; they point to nothing in the Stipulation that requires that this process be completed more than once.  *See* Doc. 1185, ¶¶ 30-31; *Goodman v. Newzona Inv. Co.*, 421 P.2d 318, 320 (Ariz. 1966) ("Where parties bind themselves by a lawful contract, in the absence of fraud a court must give effect to the contract as it is written, and the terms or provisions of the contract, where clear and unambiguous, are conclusive . . . It is not within the province or power of the court to alter, revise, modify, extend, rewrite or remake an agreement.") (internal citations omitted).

Finally, Defendants argue that the Court may not amend its Order to Show Cause to include the PMs and facilities at issue in this Motion.  But Defendants cite no case law to support their assertion that the inherent and plenary contempt power of the Court is so limited.

## CONCLUSION

For all of these reasons, the Court should grant Plaintiffs' Motion, find Defendants in substantial noncompliance with regard to all the Performance Measures at issue (see

---

(*continued*) courtroom which hat you've had on.  I thought it was appropriate for you to have only your assistant director hat, because that's why you're here. But sometimes I've felt that you have worn another hat, and that is as some kind of advocate of a legal nature.

And I have seen some things in the courtroom that have been disquieting to me, and I've shared those with your counsel in the off-the-record matter, and I'll share it with you here now. I have seen you mouth words to witnesses on the stand. You've been sitting there, and I have seen you mouth words, make gestures to witnesses on the stand, which I took to be your effort to try to influence their testimony.

*Id*. at 8:1-24.  Dr. Taylor is not a neutral witness but a zealously partisan advocate – and one who has repeatedly shown disregard for the rules of this Court.  The Court should not credit her declaration.

LEGAL23774493.1                                    -4-

Doc. 3492 at 6-7), and order Defendants to submit remedial plans.[6]

Dated: March 19, 2020   By: /s/ David Fathi
David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Eunice Hyunhye Cho (Wash. 53711)*
Maria V. Morris (Cal. 223903)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@aclu.org
afettig@aclu.org
echo@aclu.org
mmorris@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
agerlicher@perkinscoie.com
jhgray@perkinscoie.com

Jared Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: jkeenan@acluaz.org
carellano@acluaz.org

---

[6] After Plaintiffs filed their Motion (Doc. 3492), the Court terminated PM 19. Doc. 3495 at 14. Accordingly, Plaintiffs withdraw their Motion as to PM 19 at Tucson.

LEGAL23774493.1   -5-

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com
           rlomio@prisonlaw.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:  /s/ Maya Abela

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone:  (520) 327-9547
Email:  rdalyrooney@azdisabilitylaw.org
        jrico@azdisabilitylaw.org
        mabela@azdisabilitylaw.org

Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email:     adietrich@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2020, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

                                          /s/ David Fathi