1  Jared Keenan (Bar No. 027068)
   Casey Arellano (Bar No. 031242)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone:  (602) 650-1854
4  Email:  jkeenan@acluaz.org
              carellano@acluaz.org
5
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
6  *Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
   *Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
7  *Desiree Licci, Joseph Hefner, Joshua Polson, and*
   *Charlotte Wells, on behalf of themselves and all others*
8  *similarly situated*

   **[ADDITIONAL COUNSEL LISTED ON**
9  **SIGNATURE PAGE]**

10 Asim Dietrich (Bar No. 027927)
   **ARIZONA CENTER FOR DISABILITY LAW**
11 5025 East Washington Street, Suite 202
   Phoenix, Arizona 85034
12 Telephone:  (602) 274-6287
   Email: adietrich@azdisabilitylaw.org
13
   *Attorneys for Plaintiff Arizona Center for Disability Law*
14
   **[ADDITIONAL COUNSEL LISTED ON**
15 **SIGNATURE PAGE]**

16                    UNITED STATES DISTRICT COURT

17                           DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-ROS <br><br>**DECLARATION OF PABLO STEWART, M.D.** |

LEGAL23774493.1

I, PABLO STEWART, M.D., DECLARE:

1. I am a physician licensed to practice in California and Hawaii and a board-certified psychiatrist, with a specialty in clinical and forensic psychiatry. My background and experience as relevant to my expert testimony in this proceeding have previously been provided to the Court (see Doc. 1538-1 at 3-6; Doc. 3511-1).

2. I have been asked to provide an opinion on whether a mental health encounter with a patient in the Arizona Department of Corrections took place "in a confidential setting" as required by the Stipulation, when the clinician noted that "There was another [inmate] in the area."

3. I have reviewed the following materials:

   a. The mental health clinician's note from the encounter in question (Doc. 3255-1 at 78) and other portions of the patient's medical record

   b. Defendants' Response to Plaintiffs' Motion to Enforce the Stipulation and Amend the Order to Show Cause (Doc. 3515)

   c. Declaration of Nicole Taylor, Ph.D. (Doc. 3515-1)

4. The mental health encounter in question was performed pursuant to Performance Measure 74, which requires that "All female prisoners shall be seen by a licensed mental health clinician within five working days of return from a hospital post-partum." The reason for ensuring that a woman is seen by a mental health clinician "post-partum" is that approximately 10% of women suffer from Postpartum Depression. Postpartum Depression is a serious psychiatric disorder that can result in the patient becoming seriously depressed and psychotic. If not properly identified and treated, Postpartum Depression places the patient at risk for self-harm and suicide. It can also cause the patient to harm her newborn infant. Incarcerated women are at an especially high risk of developing Postpartum Depression due to the stress of being imprisoned. The patient in question had several additional risk factors for the development of Postpartum Depression. These included being multiparous, severely obese and having had her first born taken away by Child Protective Services.

5. Confidentiality of the interaction between patient and clinician is essential to the provision of effective mental health treatment and assessment of the patient's risk. Even more than a clinician treating physical ailments, a mental health clinician must rely on full and frank disclosure by the patient of her symptoms, thoughts, and feelings. If the patient withholds information because of her fear that she will be overheard, the clinician may be unable to make an accurate diagnosis and effectively plan treatment. In less serious cases this will lead to erroneous diagnosis and ineffective treatment; in more serious cases it may lead the clinician to miss critical warning signs of impending self-harm or suicide.

6. The Defendants argue that the mental health encounter at issue was confidential because "Plaintiffs provide no evidence that the other inmate understood Spanish or that she was able to hear the psychologist's low voice." Although the note for this encounter does indicate that the clinician spoke with her patient in Spanish, there is no indication that she spoke in a "low voice."

7. More fundamentally, Defendants' argument shows a misunderstanding of the purpose of confidentiality. As explained above, the purpose of confidentiality is to encourage full and frank disclosure by the patient. The presence of another person can prevent such full and frank disclosure by causing the patient to self-censor. If that happens, it is irrelevant whether the other person actually heard or understood what the patient said; the damage is done by what the patient did *not* say to the clinician because of the presence of another person.

8. The Defendants also argue that "this encounter provided the inmate with far more confidentiality than a civilian hospital room, where patients reside in the same room separated (at most) by a curtain." This is incorrect. In every civilian hospital with which I am familiar, postpartum psychiatric evaluations are performed in a completely confidential setting. That is, if the patient is not in a private room, they are moved to an interview room where they are alone with the mental health clinician.

9. For these reasons, it is my opinion that this mental health encounter did not take place "in a confidential setting."

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18TH day of March, 2020 at Honolulu, Hawaii.

*[signature]*

PABLO STEWART, M.D.

| | | |
|---|---|---|
| 1 | **ADDITIONAL COUNSEL:** | David C. Fathi (Wash. 24893)* |
| 2 | | Amy Fettig (D.C. 484883)** |
| | | Eunice Hyunhye Cho (Wash. 53711)* |
| 3 | | Maria V. Morris (Cal. 223903)* |

ADDITIONAL COUNSEL:

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Eunice Hyunhye Cho (Wash. 53711)*
Maria V. Morris (Cal. 223903)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@aclu.org
afettig@aclu.org
echo@aclu.org
mmorris@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
agerlicher@perkinscoie.com
jhgray@perkinscoie.com

Jared Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: jkeenan@acluaz.org
carellano@acluaz.org

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email: dspecter@prisonlaw.com
ahardy@prisonlaw.com
snorman@prisonlaw.com
ckendrick@prisonlaw.com
rlomio@prisonlaw.com

1 | *Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email: rdalyrooney@azdisabilitylaw.org
           jrico@azdisabilitylaw.org
           mabela@azdisabilitylaw.org

Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:   adietrich@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2020, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
Jamie D. Guzman
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com
jguzman@strucklove.com

*Attorneys for Defendants*

/s/ David Fathi