1  Jared Keenan (Bar No. 027068)
   Casey Arellano (Bar No. 031242)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: jkeenan@acluaz.org
            carellano@acluaz.org
5
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
6  *Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
   *Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
7  *Desiree Licci, Joseph Hefner, Joshua Polson, and*
   *Charlotte Wells, on behalf of themselves and all others*
8  *similarly situated*

   **[ADDITIONAL COUNSEL LISTED ON**
9  **SIGNATURE PAGE]**

10 Asim Dietrich (Bar No. 027927)
   **ARIZONA CENTER FOR DISABILITY LAW**
11 5025 East Washington Street, Suite 202
   Phoenix, Arizona 85034
12 Telephone: (602) 274-6287
   Email: adietrich@azdisabilitylaw.org
13
   *Attorneys for Plaintiff Arizona Center for Disability Law*
14
   **[ADDITIONAL COUNSEL LISTED ON**
   **SIGNATURE PAGE]**
15

16                    UNITED STATES DISTRICT COURT

17                          DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>    Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official capacities, <br><br>    Defendants. | No. CV 12-00601-PHX-ROS <br><br> **DECLARATION OF TANIA AMARILLAS DIAZ** |

I, Tania Amarillas Diaz, declare:

1. I am an investigator at the Prison Law Office ("PLO") assigned to work on the *Parsons* case. I am over the age of 18 and if called as a witness, I could and would testify competently to the facts stated below, all of which are within my personal knowledge.

2. On March 11-12, 2020, I participated in a monitoring tour of Arizona State Prison Complex ("ASPC")-Florence, along with other attorneys employed by the PLO, the Arizona Center for Disability Law, the ACLU of Arizona, and the ACLU National Prison Project.

3. In preparation for the tour, Plaintiffs' counsel requested a list of all requests for specialty referral submitted to Utilization Management for patients at ASPC-Florence from November 1, 2019, to February 15, 2020, including (a) name and ADC number of patient; (b) specialty type; (c) request status (routine, urgent, or emergent); (d) status of request as of the date the report is run. Attached hereto as **Exhibit 1**, and filed under seal, is a true and correct copy of the request (redacted).

4. In response to our request, Defendants produced a 21-page report listing the 1,001 specialty consult requests submitted between November 1, 2019, and February 15, 2020. The report contained 618 specialty consult requests submitted as "Routine," 381 specialty consult requests submitted as "Urgent," and two specialty consult requests submitted as "Emergent." The specialty consult requests span many specialties, including neurosurgery, hem/oncology, cardiology, ENT, and gastroenterology. Attached hereto as **Exhibit 2**, and filed under seal, is a true and correct copy of the list (redacted), as produced and Bates-stamped ADCM1602422-ADCM1602442 by Counsel for Defendants.

5. On March 9 and 10, 2020, I reviewed the status of 283 specialty consult requests listed in the report produced by Defendants, focusing primarily on requests whose status was listed as "Authorization Obtained." I did this by checking the electronic medical record for the relevant class member and consult request.

6. The report contained 276 specialty consult requests listed as "Authorization Obtained." I understand this to mean that the requests have been authorized but not yet scheduled or completed. I reviewed the underlying medical records for 188 of those 276 requests. (I selected those 188 by scanning the specialty consult requests report for entries listed as "Authorization Obtained" and prioritizing requests submitted on an urgent basis.) I found that 85 out of those 188 requests (or 45%) were already out of compliance with Performance Measures 50 and 51. That is, if they were submitted on a routine basis, it already had been over 60 days since the consult request was submitted, meaning they were out of compliance with Performance Measure 51 ("Routine specialty consultations will be scheduled and completed within 60 calendar days of the consultation being requested by the provider."). Or, if they were submitted on an urgent basis, it already had been over 30 days since the consult request was submitted, meaning they were out of compliance with Performance Measure 50 ("Urgent specialty consultations and urgent specialty diagnostic services will be scheduled and completed within 30 calendar days of the consultation being requested by the provider.").

7. For example, I reviewed the following specialty consult requests for five separate class members. The list produced by Defendants listed the status of each of the below requests as "Authorization Obtained."

  a) A routine request for a neurology consult was submitted on November 18, 2019, for "NEUROLOGY CONSULT PARKINSONS TREMORS WORSE EVEN WITH INCREASES TO MEDICTIONS MORE TREMORS INCREASED SEE MEDICATION DOSING INMATE NEUROLOGY PLEASE." According to Performance Measure 51, that consult should have been completed by January 17, 2020. According to the electronic medical record, the request was authorized on December 12, 2019; March 11, 2020; and twice on March 18, 2020. Also according to the electronic medical record, this class member has not been seen for this request as of March 19, 2020.

b) A routine request for ENT was submitted on December 2, 2019, for "increased R ear pain for the last 2-3 months. His ear rings and throbs with pain at night." According to Performance Measure 51, that consult should have been completed by January 31, 2020. According to the electronic medical record, the request was authorized on December 12, 2019. According to the electronic medical record, this class member has not been seen for this request as of March 19, 2020.

c) An urgent request for hem/oncology was submitted on December 10, 2019, for a follow-up with Dr. Arslan, hematologist/oncologist, who requested that the class member return on November 8, 2019. According to Performance Measure 50, that consult should have been completed by January 9, 2020. According to the electronic medical record, the request was authorized on December 20, 2019, and February 20, 2020. According to the electronic medical record, this class member has not been seen for this request as of March 19, 2020.

d) A routine request for cardiology was submitted on December 16, 2019, for "abnormal 12/3/2019 EKG-sinus bradycardia, left posterior fascicular block." According to Performance Measure 51, that consult should have been completed by February 14, 2020. According to the electronic medical record, the request was authorized on January 8, 2020, and March 5, 2020. According to the electronic medical record, this class member has not been seen for this request as of March 19, 2020.

e) A routine request for gastroenterology was submitted on January 5, 2020, for a HIDA scan. According to Performance Measure 51, that consult should have been completed by March 5, 2020. According to the electronic medical record, the request was authorized on January 21, 2020. According to the electronic medical record, this class member has not been seen for this request as of March 19, 2020. Attached as **Exhibit 3**, and filed under seal, is

a redacted version of a letter sent by Plaintiffs' counsel Rita Lomio and myself to Defendants' counsel Timothy Bojanowski on March 17, 2020, regarding delays in specialty care for this class member.

8. Attached as **Exhibit 4**, and filed under seal, is a redacted version of a letter sent by Plaintiffs' counsel Rita Lomio and Amber Norris to Defendants' counsel Timothy Bojanowski on March 18, 2020, regarding delays in specialty care for another class member at ASPC-Florence.

9. Attached as **Exhibit 5**, and filed under seal, is a redacted version of a letter sent by Plaintiffs' counsel Rita Lomio to Defendants' counsel Timothy Bojanowski on March 19, 2020, regarding delays in specialty care for another class member at ASPC-Florence.

I declare under penalty of perjury that the foregoing is true and correct.

This declaration was executed on March 20, 2020, in San Rafael, California.

Dated: March 20, 2020                              /s/ Tania Amarillas Diaz
                                                        Tania Amarillas Diaz

-4-

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| Dated:  March 20, 2020 | | **PRISON LAW OFFICE** |

By:  s/ Corene T. Kendrick
    Donald Specter (Cal. 83925)*
    Alison Hardy (Cal. 135966)*
    Sara Norman (Cal. 189536)*
    Corene T. Kendrick (Cal. 226642)*
    Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           ckendrick@prisonlaw.com
           rlomio@prisonlaw.com

*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)*
Amy Fettig (D.C. 484883)**
Eunice Hyunhye Cho (Wash. 53711)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@aclu.org
           afettig@aclu.org
           echo@aclu.org

*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.
**Admitted *pro hac vice*

Jared Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    jkeenan@acluaz.org
           carellano@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
           agerlicher@perkinscoie.com

jhgray@perkinscoie.com

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:   s/ Maya Abela
    Rose A. Daly-Rooney (Bar No. 015690)
    J.J. Rico (Bar No. 021292)
    Maya Abela (Bar No. 027232)
    **ARIZONA CENTER FOR DISABILITY LAW**
    177 North Church Avenue, Suite 800
    Tucson, Arizona 85701
    Telephone: (520) 327-9547
    Email:   rdalyrooney@azdisabilitylaw.org
             jrico@azdisabilitylaw.org
             mabela@azdisabilitylaw.org

    Asim Dietrich (Bar No. 027927)
    5025 East Washington St., Ste. 202
    Phoenix, Arizona 85034
    Telephone: (602) 274-6287
    Email:   adietrich@azdisabilitylaw.com

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2020, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Richard M. Valenti
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
rvalenti@strucklove.com

*Attorneys for Defendants*

s/ C. Kendrick