IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>David Shinn, et al.,<br><br>   Defendants. | No. CV-12-00601-PHX-ROS<br><br>**ORDER** |

Plaintiffs seek emergency intervention requiring Defendants coordinate with Dr. Marc Stern to craft and implement procedures to address the COVID-19 pandemic (Doc. 3520). Because the parties' Stipulation does not grant the Court a general power to dictate prison operations, Plaintiffs' request must be denied.

Plaintiffs argue that at their most recent prison tour on March 11-12, 2020, Defendants did not appear to have any plan in place to address this crisis. They seek an order directing Defendants to develop and implement a plan that addresses (at least) the following:

- Patient education;
- Screening, testing, treatment, and housing of class members;
- Provision of hygiene and cleaning supplies;
- Health care and custody staffing plans; and
- Coordination with community hospitals and among the ten prison institutions.

Plaintiffs' concerns are well-founded. Defendants' past performance, coupled with an unprecedented public health crisis, does not inspire confidence in their ability to meet this moment. And while it is true that the Court has found many performance measures non-compliant and sanctioned Defendants for their contemptuous refusal to meaningfully address those same measures, that does not empower the Court to exercise general control over matters such as prisoner education or the distribution of hygiene and cleaning supplies.

Plaintiffs' motion does not point to clear provisions of the Stipulation that would authorize the type of order they seek. They cite *Armstrong v. Brown* for the proposition that "[t]he Court need not wait until a death to require compliance with its orders." 939 F. Supp. 2d 1012, 1022 (N.D. Cal. 2013). But unlike here, the court in *Armstrong* was not limited to enforcement of a settlement agreement that specifically defined the parties' rights and obligations.

Plaintiffs also gloss over the fact that Defendants have acted in response to COVID-19—*e.g.*, suspending visitation, non-emergent movement of prisoners, programming, and religious services (Doc. 3528). Defendants remain obligated to treat prisoners who become ill or critically ill consistent with the Stipulation and Defendants have a solemn responsibility to protect the individuals in their custody. The Stipulation, however, does not provide the ability to grant Plaintiffs the relief they seek.

**IT IS THEREFORE ORDERED** that Plaintiff's Emergency Motion Regarding Defendants' Prevention, Management, and Treatment of COVID-19 (Doc. 3520) is **denied**.

**IT IS FURTHER ORDERED** that the Motion to Seal (Doc. 3538) is **granted**.

**IT IS FURTHER ORDERED** directing the Clerk's Office to file under seal the Exhibits to the Declaration Tania Amarillas Diaz lodged at Doc. 3539.

…

…

…

**IT IS FURTHER ORDERED** that the Motion for Preliminary Injunction (Doc. 3526) filed by class member Ismael Antonio Murphy-Richardson is **denied**.

Dated this 23rd day of March, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge