Anthony J. Fernandez (Bar No. 018342)
Dustin A. Christner, Esq. (Bar No. 019707)
Alyssa R. Illsley (Bar No. 032956)
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
2390 E. Camelback Road, Suite 440
Phoenix, Arizona 85016
Telephone: (602) 954-5605
Facsimile: (602) 954-5606
afernandez@qpwblaw.com
dustin.christner@qpwblaw.com
alyssa.illsley@qpwblaw.com
*Attorneys for Corizon Health, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al.,<br><br>Plaintiff,<br><br>v.<br><br>Charles Ryan, et al.<br><br>Defendants. | Case No.: No. 2:12-cv-00601-ROS-DKD<br><br>**CORIZON HEALTH, INC.'S MOTION TO INTERVENE FOR LIMITED PURPOSE**<br><br>Assigned to the Honorable Roslyn O. Silver |

Pursuant to Fed. R. Civ. P 24(b), Corizon Health, Inc., ("Corizon" herein) by and through undersigned counsel, respectfully submits its Motion to Intervene For Limited Purpose for the sole purpose of presenting this Motion and Corizon's request to be heard regarding Plaintiff's Motion to Intervene for Limited Purpose of Modification of Protective Order and/or Orders to Seal Filed Documents ("Plaintiff's Motion to Intervene").

Corizon is a defendant in the collateral litigation. *See Gonzales v. Corizon Health, Inc. et al.*, No. 2:19-cv-02190-JJT-CDB (D. Ariz. 2018) (the "Collateral Action"). Plaintiff therein (D'Vonne Gonzales) filed a Motion to Intervene in this case - seeking materials, documents, and ESI that are currently under seal in this case. [Doc. 3519 at p. 2.] Ms. Gonzales claims her request for permissive intervention herein is proper because she seeks discovery of documents and materials that are allegedly discoverable in the Collateral Action. [*Id.* at p. 4]. Corizon denies the materials requested therein are discoverable, but seeks to have the substantive issue of discoverability decided by the *Gonzales* court.

Corizon seeks intervention herein for a very limited purpose – solely to seek leave to respond to Plaintiff's Motion to Intervene and to be heard herein. Corizon does not seek intervention to become a party to the case herein.

More specifically, Corizon does not object to Plaintiff's Motion to Intervene to modify the protective order in this case to overcome any procedural hurdle(s) related to Ms. Gonzales' efforts to obtain specific discovery items for use in the Collateral Action.[1] However, Corizon respectfully seeks clarification from this Court that the *Gonzales* court should first make any and all substantive discoverability determinations on any discovery requests and documents/information. In other words, once the *Gonzales* court has decided what is discoverable (if anything), only then may Plaintiff request that those specific, relevant documents be unsealed in the instant litigation. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003)(citations omitted)(finding the collateral court is charged with the responsibility of determining the discoverability of items covered by the protective order, not the issuing court.)

DATED this 31st day of March, 2020.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: /s/Alyssa R. Illsley
     Anthony J. Fernandez
     Dustin A. Christner
     Alyssa R. Illsley
     *Attorneys for Corizon Health, Inc.,*

---

[1] By not objecting to Plaintiff's Motion to Intervene, Corizon does not waive any arguments it may make as to the discoverability and relevancy of any discovery request, document, or ESI.

## CERTIFICATE OF SERVICE

I hereby certify on March 31, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of filing to all attorneys of record in this matter. Hard copies have not been provided via personal delivery or mail to these recipients.

Additionally, Intervenor will serve copies of this Motion and all Exhibits upon counsel of record for the parties in the Collateral Actions at their respective addresses disclosed on the pleadings.

By: ___*/s/Tina Cummings*___