Mr. Roberto Carrasco Gamez #134401
ASPC-Lewis-Rast Max
P.O. Box 3400, Buckeye, Ariz. 85326

☒ FILED  ☐ LODGED
**Apr 16 2020**
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

Victor Parsons et al.,
    Plaintiff          CASE NO. 12-cv-0601-ROS

v.

                       NOTICE OF SERVICE OF DOCUMENT

David Shinn et al.,
    Defendant(s)

On todays date the following was sent to the following individual(s): Prison Law Office; Law Office Panad Cook Devry Mesaros; A.G. Office; Shinn; Pratt; Centurion; Lt. Whiting; OWOP Ibarra/Kimble; FHA Spencer Sego; D.W. Coleman

- Letter in the form of a Notice Requirement pursuant to Fed.R.Civ.P 65(a)(1) Preliminary Injunction.

Respectfully submitted this 16 day of April 20
                                  Under penalty of perjury

Mr. Roberto Carrasco Gamez #134401
ASPC-Lewis-Rast Max
P.O. Box 3400, Buckeye, Arizona 85326        P.A. QP1

TO WHOM IT MAY CONCERN.
(SEE: Parties listed in Certificate of Service.)

7 April 20

RE: Notice Requirement pursuant to Fed.R.Civ.P 65(A)(1) - Preliminary Injunction.

Greetings!
    The sole purpose of this correspondance is to provide you notice prior to seeking court intervention pursuant to Fed.R.Civ.P 65(A)(1) Preliminary Injunction. I hope that once you've had a chance to review this letter that resolution would be worth exploring early and on our own without the involvement of the court.
    Most Recently (ADC) Security personnel at ASPC-Lewis-Rast Max, unjustifiably discontinued All Special Needs Order (SNO) or Medical Waiver(s) for Side Restraints. Security personnel at Rast Max abruptly discontinued my Medical Waiver for Side Restraints based on a "Memo" generated by DW/OP Ibarra and Kimble (see: Gamez's Exhibit A "Active Medical Waiver.")
    On 7 April 20, I spoke to supervisor LT. Whiting regarding (ADC) staff placing me in handcuffs behind my back despite unbearable pain and a Valid doctors Order for Side Restraints. LT. Whiting admitted that on 30 March 20 subordinates at Rast Max were advised by DW/OP Ibarra and Kimble that All use of Side Restraints would be discontinued based on alleged misconduct by prisoners other than myself. I explained that I had an extensive history of injuries to my hands

Page 1

and shoulder that required that I be placed in side restraints to avoid unnecessary pain and further injury. Furthermore, I advised LT. Whiting that the misconduct being used as a "springboard" to discontinue all Medical Waivers did not personally involve myself and the (memo) that is being relied upon was not produced to me nor does it supercede a doctors' order, and most importantly, it is an unlawful practice unauthorized by (ADC) policy that amounts to gross negligence and deliberate indifference prohibited by the U.S. Constitution under the Eighth Amendment-Cruel and Unusual Punishment Clause. On 3 April 20, I submitted the Informal grievance process to CO III E. Trojan, but have not received a response (see: Camuti's Exhibit B Informal Resolution).

Even moreso, in (2018) security personnel Deputy Warden Rode ("resigned") attempted to implement this unlawful practice of discontinuing my Medical Waiver for side restraints for non-medical purposes stating "Medical doesn't override Security." My Medical Waiver was subsequently reinstated only after I filed a grievance. (ADC) Security personnel had notice of my Medical Need for a Medical Waiver from previous grievance(s) but yet purposely interferred with a valid Doctor's order (see: Camuti's Exhibit C Previous Grievance).

Lastly, the Performance Measures in Parsons V. Ryan ("Stipulation") in its own written terms strictly prohibits (ADC) security personnel from purposely interferring with Doctors orders. An alleged (memo) generated by DWOP Ibarra and Kimble to discontinue use of side restraints at ASPC Max for misconduct that did not involve myself doesn't supercede a Doctors order or the (Stipulations) Performance Measure. On 7 April 20, I requested a copy of the (memo) from LT. Whiting but was denied.

Please let me know within (10) ten days from the date of receipt of this "Notice letter" if you're able or willing to address my complaint. I look forward to discussing this matter at your earliest convenience. Pg. 2

Very Truly Yours

Mr. Pedro Carrasco Garcia #131401
ASPC-Lewis Rast Max
P.O. Box 3400, Buckeye, Ariz. 85326

Certificate of Service

Copies of the foregoing were Mailed or E-Mailed,
This ___ day of April 20. TO:

Prison Law Office
Law Office Randall Cook Drury Mesaros
Arizona Attorney General's Office
David Shinn (Director)
Richard Pratt (Medical Director)
Centurion (Medical Services) Dr. Gilbreath
L.T. Whiting
AWOP Ibarra / Kimble
FHA Administrator - Spencer Sego
Deputy Warden Colkman

Page 3

Exhibit A

ADC: 131401
CHSS028B
Case 2:12-cv-00601-ROS  Document 3562  Filed 04/16/20  Page 6 of 14
Patient: GAMEZ, ROBERT G
Other Action/Procedure/Referral
1 of 1
Friday November 23, 2018 14:10:04

| | | | | |
|---|---|---|---|---|
| Encounter Date: | 11/23/2018 | Time: | 14:08:06 | Type: Provider - Sick Call - Scheduled |
| Location: | ASPC-L RAST MAX [L21] | Staff: | Ende, Lawrence E, NP-C | *L. Ende NP-C* |

Category*: Medical Supplies/Special Equipment
Type*: SIDE RESTRAINTS
Count*: 0
Sequence Number: 01
Approximate Begin Date: 11/23/2018
Approximate End Date: 11/22/2019
Refer to Staff: Unknown
Status: Active
As of Date: 11/23/2018   **Status History**

**Specify Comments**

RIGHT SHOULDER ISSUES.

**Prepare To Update**     **Prior Page**

Show Last Updated Information

Encounter Date: 12/16/2019     Time: 14:11:32          Type: Provider - Chronic Care
Location: ASPC-L RAST MAX [L21]   Staff: Ndemanu, Jane Frances

Category*: Medical Supplies/Special Equipment          Pick List
Type*: SIDE RESTRAINTS
Count*: 0                                              Sequence Number:
Approximate Begin Date*: 12/16/2019                    Approximate End Date*: 12/16/2020
Refer to Staff: type/click 1st letter of last name
A B C D E F G H I J K L M N O P Q R S T U V W X Y Z All Help
Status:                                                As of Date: 12/16/2019

Standard Phrases:                   Append

**Specify Comments**

Right shoulder X-ray

[signature] 12/16/19

Add     Add / Next     Prior Page

Show Last Updated Information

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

**INMATE NAME** (Last, First M.I.) (Please print): Jaime, Robert C
**ADC NUMBER**: 131401
**INSTITUTION/UNIT**: ASPC-Lewis RM
**DATE** (mm/dd/yyyy): 3 April 20

**To**: DON O. Mendoza
**Location**: KUBB-Medical

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

On or about 2 April 20, I spoke to you briefly in regards to (ADC) Lewis's apparently complex wide decision to abruptly decontinue all medical waivers for side restraints. It is well documented in my medical file that I suffer from compound injuries that makes it extremely painful to place my hands behind my back. I've had a side restraint waiver for approx (10) ten years while in (ADC)

The decision to discontinue side restraints apparently was ordered by Capt Brewer for misconduct that clearly did not involve myself. Furthermore, as I witnessed today, side restraints are still being used when prisoners are being escorted to group.

It is extremely painful to my hands and right shoulder. Although (ADC) security is provided some discretion when implementing blanket policies and practices, such decision is clearly malpractice and a deliberate indifference to my medical needs and an active doctors order in the present circumstance(s).

I am hoping we can reinstate my Special Needs Order (SNO) for side restraints at your very earliest convenience to avoid court intervention. Thank you!

**INMATE SIGNATURE**:
**DATE** (mm/dd/yyyy): 3 April 20

Have You Discussed This With Institution Staff? ☐ Yes ☐ No
If yes, give the staff member's name:

Distribution: Original – Master File
Copy – Inmate

916-1(e)
5/14/12

Exhibit B

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Informal Complaint Resolution

*Complaints are limited to one page and one issue.*

*Please print all information.*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Gamez, Brook C | 131401 | ASPC-Lewis/RM | 3 April 20 |

| TO | LOCATION |
|---|---|
| COIII E. Toman | 4C 5#15 |

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

I am attempting to informally resolve the following problem. On or about 2 April 20, I was advised by Medical personnel that Capt Frahler was discontinuing all "Special Needs Orders" ("SNO") or Medical Waivers for side restraints. The decision to discontinue all Medical Waivers was apparently decided because of misconduct that did not involve myself. It is well documented in my medical file that I suffer from compound injuries that makes it extremely painful to place my hands behind my back.

Although Security personnel is provided some discretion when implementing "Prison policies and practices" the present circumstances are clearly malpractice and a Deliberate Indifference. Whereas side restraints are still being used for a few apparently where the misconduct occurred.

I had an Active Medical Waiver that was provided to me by Medical personnel based on a Sound Medical Judgment and was valid for another year. Security personnel is required to honor a Sound Medical Judgment. "Failure to honor doctors orders and restraining from cuffing the plaintiff's hands behind his back" Hanrahan v. Doling 925 F.2d 1496 677-68 (9th Cir. 1992). Intentional Interference with Previously prescribed Medical Care once prescribed states 8th Amend. Estelle v. Gamble 424 U.S. 97 (1976) Resolution: Please Reinstate Medical Waiver for Side Restraint or I will seek court intervention immediately.

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| [signature] | 3 April 20 |

Have you discussed this with institution staff? ☑ Yes ☐ No

If yes, give the staff member name: Medical

Distribution: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14

Exhibit C

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Resolution

*Complaints are limited to one page and one issue. Please print all information.*

| INMATE NAME (Last, First M.I.) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Gomez, Robert | 131601 | ASPC Lewis - RM | 30 Sept 18 |

**TO:** COIII Tramen  
**LOCATION:** LCS 9

**State briefly but completely the problem on which you desire assistance. Provide as many details as possible.**

I am attempting to informally resolve the following problem. On 30 Sept 18, I was advised by Sgt Reily that my medical waiver for side restraints had been discontinued by N.P. Ende. On or about 27 Sept. 18, I was advised to submit to restraints by D.W. Rode. I provided Sgt. Coranado & D.W. Rode a copy of my medical waiver for side restraints. Both officers advised me that my medical waiver was not valid & if I didn't submit to restraints, a cell extraction would be used & they'd fuck me up. I advised both officers that I suffered from permanent damage to my right shoulder & it's extremely painful when I place my hands behind my back for a long time. Side restraints were brought & I submitted to restraints.

D.W. Rode advised me that medical doesn't over-ride security and had discontinued my waiver. I advised D.W. Rode that I'd file a lawsuit against him if he did because my medical waiver was valid for another year. I was not combative or disrespectful. N.P. Ende was later advised to discontinue my medical waiver and he did. Both N.P. Ende & D.W. Rode committed malpractice & were deliberately indifferent to my documented history of shoulder pain, failure to honor doctor orders and refrain from cuffing the plaintiff's hands behind his back. Aguyar v. Bruhl 965 F.2d 676 677-68 (8th cir 1992) Intentional interference with previously prescribed medical care once prescribed violates 8th Amend. Estelle v. Gamble 429 U.S. 97 (1976) Requesting Injunction, free from retaliation, all available relief.

**INMATE SIGNATURE:** [signature]  
**DATE:** 30 Sept 18

**Have you discussed this with institution staff?** ☒ Yes ☐ No  
**If yes, give the staff member name:** Medical

*I DID NOT RECIEVE A RESPONSE TO MY INFORMAL SO I MOVE FORWORD*

# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Grievance

**RECEIVED BY:** Murguia, A
**TITLE:** CO II
**BADGE NUMBER:** F355
**DATE:** 11-1-18

*Exhibit C*

*Medical Waiver*

Note: You may appeal the Grievance Coordinator's decision to the Warden/Deputy Warden/Administrator by filing form 802-3, within 10 calendar days of receipt of this notice

**INMATE NAME:** Gamez, Robert
**ADC NUMBER:** 131401
**DATE:** ~~11~~-10-31-18
**INSTITUTION/FACILITY:** ASPC-Lewis / Rast Max
**CASE NUMBER:**

**TO: GRIEVANCE COORDINATOR**

**Description of Grievance**

ON SEPT 30TH 2018, I WAS ADVISED BY SGT. Reily that MY MEDICAL WAVIER (SNO), FOR SIDE RESTRAINTS had been Discontinued By N.P ENDE. ON OR About SEPT 27TH 2018, I WAS to Submit to Restraints by D.W. RODE I PROVIDED MY SNO to SGT CORANADO AND D.W RODE, A COPY of MY SIDE RESTRIANT WAVIER. I WAS ADVISED MY WAVIER WAS NOT VALID AND IF I didnt Submit to RESTRAINTS A Cell EXTRACTION would be USED AND they "Would FUCK ME UP". I ADVISED both OFFICERS I SUFFERED PERMANENT DAMAGE to MY Right shoulder, IT'S EXTREMELY PAINFUL WHEN I HAVE MY HANDS behind my BACK FOR A Long time, SIDE RESTRAINTS were brought AND I submitted to Restraints.

**Proposed Resolution**

INJUNCTION, FREE FROM Retailication, ALL AVIALABLE RELIEF.

ATTACHED FORMS #1 & #2, 10-30-18

**INMATE'S SIGNATURE** / **DATE:** 31-0-18

Action taken by / Documentation of Resolution or Attempts at Resolution.

STAFF MEMBER'S SIGNATURE / BADGE NUMBER / DATE

DISTRIBUTION: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
12/12/13



# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Grievance – GF Supplement

| INMATE'S NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/FACILITY | CASE NUMBER |
|---|---|---|---|
| GAMEZ, ROBERT | 131401 | Eyman/East MAX | |

D.W. RODE ADVISED ME that MEDICAL DOES NOT OVERRIDE SECURITY, AND HIS DECISION TO DISCONTINUE MY WAVIER WAS FINAL. I ADVISED D.W. RODE that I'd FILE A LAWSUIT against HIM IF HE did because my "MEDICAL WAVIER" WAS VALID FOR ANOTHER YEAR.

I WAS NOT COMBATIVE OR DISRESPECTFUL. N.P. ENDE WAS LATER ADVISED TO DISCONTINUE MY MEDICAL WAVIER, AND HE DID. BOTH N.P. ENDE AND D.W. RODE COMMITTED MALPRACTICE AND WERE DELIBERATE AND INDIFFERENT to my documented HISTORY of SHOULDER PAIN. Failure to Honor Doctor's ORDERS AND REFRAIN FROM CUFFING the PlAINTIFF'S HANDS behind His back. "ASHEYAN v. Bruhl 925 F.2d 676, 677-68 (6TH CIR 1992) INTENTIONAL INTERFERENCE with PREVIOUS PRESCRIBED MEDICAL CARE, ONCE PRESCRIBED STATES 8TH AMENDMENT Estelle V. Gamble 429 U.S. 97 (1976)

SIGNATURE: [signed]
DATE (mm/dd/yyyy): 3 Oct 15

INITIAL DISTRIBUTION: GF Supplement – White and Canary or Copies - Grievance Coordinator
Pink, or Copy - Inmate

FINAL DISTRIBUTION: White or Copy – Inmate
Canary or Copy – Grievance File

802-7
12/12/13