**sWO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

De'Vonne Gonzales is suing Corizon Health Inc. and several of its employees in a separate lawsuit challenging the allegedly inadequate care Corizon provided to Gonzales' son for testicular cancer. *Gonzales v. Corizon Health Inc.*, CV-19-2190-PHX-JJT-CDB. During discovery, Gonzales issued a Rule 45 subpoena to the Arizona Department of Corrections ("ADC") seeking documents allegedly relevant to her claims. In particular, the subpoena sought documents regarding Corizon's performance of its contractual obligations and correspondence between ADC and Corizon. Some of the documents Gonzales sought had been filed in the present *Parsons* litigation. CV-19-2190-PHX-JJT-CDB, Doc. 91 at 9.

In the *Gonzales* matter, ADC responded to the Rule 45 subpoena by refusing to produce the documents. According to ADC, the *Parsons* Protective Order did not allow for such production. While not entirely clear, it appears ADC interpreted the *Parsons* Protective Order as limiting which of its own documents could be disclosed in other litigation. The magistrate judge handling discovery in *Gonzales* agreed with ADC and

directed Gonzales to intervene in *Parsons* to try to obtain the documents she seeks.

As a result of the magistrate judge's directions, on March 13, 2020, Gonzales filed in *Parsons* a "Motion to Intervene for Limited Purposed of Modification of Protective Order and/or Orders to Seal Filed Documents." (Doc. 3519). That motion argues Gonzales should be permitted to intervene for the limited purpose of modifying the *Parsons* Protective Order. Gonzales' motion does not, however, identify the specific modification she seeks or believes is required. Instead, Gonzales merely argues the *Parsons* Protective Order should be modified so that she is allowed "to seek discovery of the requested materials."

A few weeks later, instead of filing a response to Gonzales' motion, ADC and Gonzales filed a stipulation indicating they had agreed to modify the *Parsons* Protective Order to allow Gonzales to obtain the discovery she seeks, subject to the supervision of the magistrate or district judge handling the *Gonzales* matter. (Doc. 3551). But like Gonzales' motion, the stipulation does not set forth any specific proposed modification to the *Parsons* Protective Order. Instead, the stipulation merely states ADC "will not object to the production of materials based on the fact the materials are subject to the Protective Order." (Doc. 3551 at 2).

Shortly after ADC and Gonzales filed their stipulation, Corizon filed its own "Motion to Intervene for Limited Purpose" in *Parsons*. (Doc. 3555). In that motion Corizon explains it seeks to intervene for the "very limited purpose" of expressing its position regarding the manner in which Gonzales must seek certain documents. According to Corizon, "the *Gonzales* court should first make any and all substantive discoverability determinations on any discovery requests and documents/information." (Doc. 3555 at 2). Only once the *Gonzalez* court makes those determinations "may Plaintiff request that those specific, relevant documents be unsealed in the instant litigation." It is not clear what Corizon is seeking through its motion but it appears that Corizon, like ADC and Gonzales, believes the magistrate or district judge handling the *Gonzales* matter should resolve whether particular documents are discoverable.

The Court has reviewed the *Parsons* Protective Order and its terms make it difficult to understand the position ADC adopted in the *Gonzales* matter. (Doc. 454). Under the Protective Order, "confidential information" received from an opposing party cannot be disseminated except to a specified list of individuals. (Doc. 454 at 3-4). Crucially, however, the Protective Order makes clear that it is not imposing any limitations on the parties' handling of their own documents. The Protective Order provides, in relevant part:

> *Nothing in this order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.*

(Doc. 454 at 6) (emphasis in original). Given that unambiguous provision, it is unclear why or on what basis ADC resisted the discovery in the *Gonzales* matter based on the *Parsons* Protective Order. The documents being sought from ADC in the *Gonzales* matter appear to be ADC's own documents and the *Parsons* Protective Order does not limit ADC's rights regarding those documents in any way.[1]

It therefore appears that modification of the *Parsons* Protective Order is unnecessary for Gonzales to obtain the discovery she seeks. And even if some sort of modification is necessary, ADC and Gonzales have not identified the modification they believe should be made to permit that discovery. However, to avoid future difficulties, the Court will clarify that the magistrate and district judges handling the *Gonzales* matter should resolve the discoverability of ADC's documents. The Protective Order does not prohibit ADC from producing documents to Gonzales, if appropriate.

There is no need for Gonzales or Corizon to intervene in this action pursuant to Rule 24(b) to obtain this guidance. Therefore, the motions to intervene will be denied. Similarly, the stipulation between ADC and Gonzales will also be denied as unnecessary.

Accordingly,

---

[1] The terms of the Protective Order distinguish this case from the situation presented in *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1128 (9th Cir. 2003). The protective order in that case prohibited the further disclosure of confidential information "by the Producing Party, the [Requesting/]Disclosing Party or Witnesses." *Id.* In other words, that protective order prohibited a party from disclosing its own documents outside of the litigation. There is no such limitation in the present case.

1    **IT IS ORDERED** the Motions to Intervene (Doc. 3519, 3555) are **DENIED**.

2    **IT IS FURTHER ORDERED** the Stipulation (Doc. 3551) is **DENIED**.

3    Dated this 17th day of April, 2020.

       Honorable Roslyn O. Silver
       Senior United States District Judge

- 4 -