WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| David Shinn, | |
| Defendant. | |

Pursuant to the Stipulation, Performance Measure 44 requires that "[i]nmates returning from an inpatient hospital stay or ER transport with discharge recommendations from the hospital shall have the hospital's treatment recommendations reviewed and acted upon by a medical provider within 24 hours." (Doc. 1185-1 at 24.) The Court found PM 44 at Tucson substantially noncompliant on April 23, 2020. (Doc. 3574.) In compliance with Paragraph 36 of the Stipulation (Doc. 1185 ¶ 36), before the Court gains the power to enforce compliance, the Court is required to first provide Defendants an opportunity to develop a remedial plan to bring the measure into compliance. Defendants' remedial plan for PM 44 is as follows:

**Basis of Non-Compliance:**
    Providers are not documenting rationale for changing medications and are not placing consults within timeframe. Additionally, providers need to sign off on nursing note forwarded to them for review.

**Corrective Action Plan:**
    This PM is monitored daily to determine if documentation was completed

correctly. On identifying a non-compliant chart, the provider is alerted to the discrepancies or need for further explanation, and documentation is entered to ensure compliance. The SMD [Site Medical Director] discussed continued vigilance at provider meetings on 08/27/2019 and 10/09/2019. The SMD continued to provide the providers education on 03/10/2020 during a meeting to help clarify lingering issues. The education provided included the following: 1) All discharge recommendations must be reviewed and acted upon within 24 hours; 2) Any deviations from recommendations to include but not limited to medication orders and consult referrals must state a reason for the deviation; 3) All consult recommendations must be entered within the 24-hour timeframe; and 4) Lab orders and medication orders must be entered within the 24-hour timeframe. This education was provided via PowerPoint presentation as well as email communication.

(Doc. 3585)

The Stipulation requires the remedial plan be "approved by the Court." While this may grant the Court the authority to reject a proposed remedial plan as insufficient, the Court will accept this remedial plan with the following observations.

It has now been over five years since Defendants agreed to perform PM 44. But even before the Court found PM 44 at Tucson substantially noncompliant in April 2020, noncompliance was persistent. The Court is concerned that a remedial plan that simply provides education to healthcare staff about the fundamental requirements of PM 44 may not have a meaningful chance of success. If Defendants believe their remedial plan represents their best effort to bring this measure into compliance, the Court is not presently in a position to second-guess that belief. Like all other PMs, however, if this remedial plan does not prove successful, the Court is obligated by the terms of the Stipulation to pursue "all remedies provided by law" to bring PM 44 into compliance.

**IT IS ORDERED** Defendants' remedial plan for PM 44 at Tucson (Doc. 3585) is accepted.

Dated this 19th day of May, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge