Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE THE STIPULATION AND FOR CONTEMPT OF MAY 2019 OSC (DKT. 3235) REGARDING PERFORMANCE MEASURE 50 AT ASPC-FLORENCE (DKT. 3584)** |

Relying solely on the Court's May 6, 2019 Order, Plaintiffs request that Defendants be sanctioned $400,000 for missing the 85% compliance threshold for PM 50 at Florence from June 2019 through January 2020.  The Court's May 6, 2019 Order, however, did not order compliance from July 2019 through January 2020.  It ordered compliance for June 2019 only, and the parties have already briefed whether sanctions should be imposed for June 2019 scores.  For these reasons, and those detailed below, Plaintiffs' Motion should be denied.

## I. BACKGROUND

On May 6, 2019, the Court issued an Order requiring Defendants to bring twenty-one Performance Measures ("PM"s) at various facilities "into substantial compliance no later than July 1, 2019." (Dkt. 3235.) Among them was PM 50 at Florence.[1] (*Id*. at 2.) It further ordered Defendants to "provide June compliance scores to the Court for review," and to then "show cause as to why civil sanctions should not [be] impose[d]" for each noncompliant Performance Measure per complex. (*Id*. at 7.) Defendants submitted June 2019 scores to the Court on August 9, 2019, and the parties completed briefing on September 20, 2019. (Dkts. 3335, 3339, 3352, 3363.) The Court has not yet ruled.

A year later, on May 6, 2020, Plaintiffs filed a "Motion to Enforce the Stipulation and for Contempt of the May 2019 OSC." (Dkt. 3584.) Plaintiffs request the Court to hold Defendants in contempt for violating the May 2019 Order and impose a $400,000 sanction for their failure to substantially comply with PM 50 at Florence from June 2019 through January 2020. (*Id*. at 9.) Defendants recognize that recent compliance with PM 50 has been challenging, largely because that measure no longer reflects an achievable goal under current circumstances. Patients outside of the corrections system in Arizona cannot schedule and attend specialty consult visits in this tight timeframe for numerous hard-to-schedule specialists. There are simply not enough available medical specialists. However, Defendants, and their healthcare vendor Centurion, have been working diligently to find solutions and have made significant progress in the past months, all of which will be outlined in detail in their response to the Court's January 31, 2020 Show Cause Order due on June 15, 2020. (*See* Dkt. 3490 [ordering compliance with several Performance Measures, including PM 50 at Florence, by March 1, 2020, and imposing a $100,000 per

---

[1] The Court's Order describes PM 50 as requiring "all Medical Providers reviewing the diagnostic report, including pathology reports, and acting upon the reports with abnormal values within five (5) calendar days of receiving the report at the prison[.]" (Dkt. 3235 at 2.) That, however, is the requirement for PM 46. (Dkt. 1185-1 at 11.) PM 50 requires urgent specialty consultations and urgent specialty diagnostic services to be scheduled and completed within 30 calendar days of the consultation being requested by the provider. (*Id*.)

1 Performance Measure per complex sanction absent a showing that Defendants took all
2 reasonable steps to come into compliance].)  But for now, as discussed below, the May 2019
3 Order does not provide an independent or additional basis to hold Defendants in contempt
4 or issue sanctions for noncompliance with PM 50 at Florence from June 2019 through
5 January 2020.

## II. LEGAL ARGUMENT

To hold a party in civil contempt, "the moving party has the burden of showing by clear and convincing evidence that the [nonmoving party] violated a *specific and definite* order of the court." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (*quoting Stone v. City and County of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)) (emphasis added); *see also Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989) ("Thus, to support a contempt motion, the order alleged to have been disobeyed must be sufficiently specific.").  A party cannot be held in civil contempt where the order requiring compliance is vague or general.  *Balla*, 869 F.2d at 465.  This is because "civil contempt is a severe remedy . . . that require[s] those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt." *Taggart v. Lorenzen,* 139 S. Ct. 1795, 1801 (2019) (internal citations and quotations omitted).

Plaintiffs have not shown that Defendants violated a specific and definite court order, under penalty of contempt, to maintain substantial compliance with PM 50 at Florence from July 2019 through January 2020.  Plaintiffs rely solely on the Court's May 2019 Order, but that Order did not order compliance—much less threaten contempt and sanctions for noncompliance—for any month other than June 2019. (Dkt. 3235.)  Thus, Defendants cannot be subject to civil contempt sanctions for any noncompliance during that timeframe. *See Hoffman for & on Behalf of N.L.R.B. v. Beer Drivers & Salesmen's Local Union No. 888, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 536 F.2d 1268, 1275 (9th Cir. 1976) ("A party cannot be deterred from action by orders of which it is ignorant, and if a fine is imposed pursuant to an order unknown to a party then that party is being punished for past action."); *see also Turner v. Rogers*, 564 U.S. 431, 441 (2011)

("[C]ivil contempt 'seeks only to coerc[e] the defendant to do *what a court has previously ordered him to do.*'") (emphasis added). To find otherwise would "conflict with the unequivocal and long-standing precedent requiring disobedience of a court order for civil contempt."[2] *E-Smart Techs., Inc. v. Drizin*, No. CIV. 3:06-05528 MHP, 2011 WL 1884195, at *7 (N.D. Cal. May 18, 2011). Although the May 2019 Order did order compliance for June 2019, whether Defendants should be held in contempt and sanctioned for failing to reach the 85% compliance threshold for that month has already been briefed and is awaiting a ruling. (Dkt. 3339, 3352, 3363.)

Arguing that the legislative cap on community specialists is the reason for Defendants' noncompliance with PM 50 at Florence, Plaintiffs request that the Court order Defendants to consult with Dr. Stern and implement his recommendation "that the Legislature's instruction to ADC to cap payment to community specialists at the level adopted by AHCCCS (Arizona House of Representatives, 'HB 2010: Criminal Justice; Budget Reconciliation,' 2009) be rescinded or overridden."[3] (Dkt. 3379 at 102; Dkt. 3584 at 13.) Neither Dr. Stern's Report nor Plaintiffs' Motion explain what authority authorizes Defendants (or the Court) to rescind or override legislation, or how this would be accomplished. Because Plaintiffs' request lacks legal authority, and because there was not a specific and definite order requiring Defendants to comply with PM 50 at Florence from July 2019 through January 2020, the Court should deny Plaintiffs' request that Defendants somehow rescind or override the above-referenced legislation.

---

[2] Noncompliance with the Stipulation cannot serve as a basis for a finding of contempt or the issuance of contempt sanctions absent a court order requiring compliance because the Stipulation itself is not a court order. *See Parsons v. Ryan*, 949 F.3d 443, 454 (9th Cir. 2020).

[3] Even if the Court's May 2019 Order required Defendants to comply with PM 50 at Florence from July 2019–January 2020 (it did not), the Court could only issue contempt sanctions if it found Defendants "fail[ed] to take all reasonable steps *within [Defendants'] power to comply.*" *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (emphasis added). Because Plaintiffs concede that legislation which caps rates (something that is out of Defendants' control) is the "single biggest cause for the failures in complying with PM[] 50," civil contempt sanctions would be inappropriate.

4

### III. CONCLUSION

For these reasons, Plaintiffs' Motion should be denied.

DATED this 27th day of May, 2020.

                        STRUCK LOVE BOJANOWSKI & ACEDO, PLC


                        By /s/Daniel P. Struck
                           Daniel P. Struck
                           Rachel Love
                           Timothy J. Bojanowski
                           Nicholas D. Acedo
                           3100 West Ray Road, Suite 300
                           Chandler, Arizona 85226

                         *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com;docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Amy B. Fettig: | afettig@npp-aclu.org |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| Casey Arellano | carellano@acluaz.org |
| Maria V. Morris | mmorris@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck