Jared Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: jkeenan@acluaz.org
          carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
*Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
*Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
*Desiree Licci, Joseph Hefner, Joshua Polson, and*
*Charlotte Wells, on behalf of themselves and all others*
*similarly situated*

**[ADDITIONAL COUNSEL LISTED ON
SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON
SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **STATEMENT OF DISCOVERY DISPUTE** <br><br> **CERTIFICATION OF MEET AND CONFER PURSUANT TO LOCAL RULE 7.2(j)** |

Pursuant to Local Rule 7.2(j) and the Court's Discovery Dispute Instructions, the parties certify they met and conferred about these matters on May 12, 2020.  If directed by the Court, the parties can submit further briefing.

Plaintiffs' Position

Plaintiffs' Counsel provides a monthly request to Defendants for documents related to their monitoring of the delivery of health care and the conditions in maximum custody units, as authorized by the Stipulation. Doc. 1185 ¶ 29. Plaintiffs requested the following documents as far back as September 2019, as they relate to compliance with multiple specific Stipulation Performance Measures, as further detailed in Exhibit 1 (4/21/20 Plfs' Letter). Defendants continue to object, or have produced no responsive documents, *see* Ex. 2 (5/19/20 Defs' Letter).[1]

- **RFP 66 (9/13/19):** The number of class members in each mental health category and within each category, the number prescribed psychotropic medications: MH-1, MH-2, MH-3A, MH-3B, MH-3C, MH-3D, MH-3E, MH-4, MH-5, SMI. [Ex. 1 at 2-3, Ex. 2 at 2][2]

- **RFP 74 (9/13/19):** Any planned or implemented changes in policy governing suicide or other mental health watches. [Ex. 1 at 3; Ex. 2 at 2; *but see* Ex. 4 at 3 ("The statement that there are no responsive documents is incorrect[,]" describing a memorandum that was photographed during the Yuma tour).

- **RFP 116 (9/13/19):** All mental health staff whose licensure status is incorrectly listed in eOMIS, and the nature of the error. [Ex. 1 at 3-4 ("If Defendants and their vendor(s) do not conduct any quality assurance checks as to the accuracy of the licensure status recorded in eOMIS, then please have Defendant Pratt affirmatively state this under oath"); Ex. 2 at 2]

- **RFP 122 (9/13/19):** Documents and communications regarding the unavailability of custody staff at any ASPC and the impact upon medication administration and/or health care services.  [Ex. 1 at 5; Ex. 2 at 3]

- **RFP 133 (12/16/19):** Documents regarding staffing vacancies in the maximum custody units.  [Ex. 1 at 6; Ex. 2 at 3-4]

- **RFP 134 (12/16/19):** Documents sufficient show average length of stay for prisoners in maximum custody units, including the average length of stay in

---

[1] For previous correspondence summarizing Plaintiffs' stated reasons for this information and Defendants' objections, *see also* Ex. 3 (11/8/19 Defs' Letter); Ex. 4 (11/18/19 Plfs' Letter); Ex. 5 (12/16/19 Plfs' Letter); Ex. 6 (12/19/19 Defs' Letter); Ex. 7 (1/15/20 Defs' Letter).

[2] Defendants previously provided this information on August 15, 2017.  *See* Ex. 8 (8/15/17 Letter from L. Rand to D. Fathi).

Step 1, Step 2, and Step 3 under DI 326/DO 812.  [Ex. 1 at 7; Ex. 2 at 4]

- **RFP 138 (2/21/20):** A list of all prisoners held in maximum custody units at the Florence, Eyman, and Lewis complexes including date classified to maximum custody and current step level under DI 326/DO 812. [Ex. 1 at 8; Ex. 2 at 5]

<u>Defendants' Position</u>

To date, Defendants Pratt and Shinn have produced 1,616,183 pages in response to Plaintiffs' monthly document requests since April 2015.[3]   In responding below, Defendants incorporate their objections to Plaintiffs' requests.  *(See* Exs. 2, 3, 6, 7, and 8). Without waiving those objections, Defendants respond as follows:

- **RFP 66:**  Defendants will produce documents responsive to this request.

- **RFP 74:**   Defendants have produced several documents responsive to this request and referred Plaintiffs to publicly available Director's Instructions (DI357, DI366, and DI358) and a Director's Order (DO1103), which are also responsive.  As Defendants explained,  the  September 1,  2019 Memorandum does  not  reflect  a  planned  or implemented change in policy governing suicide or other mental health watches.  (See Ex. 6.)  There are no additional responsive documents.  (See Ex. 2.)

- **RFP 116:**   This request requires Defendants to create a document, which is not required under Fed. Civ. P. 34.  *See Goolsby v. Carrasco*, No. 1:09–cv–01650 JLT (PC),  2011 WL 2636099,  at *8 (E.D. Cal. July 5, 2011)(document request that would require the defendant to create a roster of employees is not a proper request under Fed. R. Civ. P. 34(a)); *Robinson v. Adams*, No. 1:08–cv–01380–AWI– SMS PC, 2011 WL 2118753, at *20 (E.D. Cal. May 27, 2011) (ruling that a defendant is not required to create a document in response to a request for production).  Requiring Defendants to create a list is unduly burdensome as it would require a review of thousands of eOMIS entries.  This burden substantially outweighs any likely benefit of production.  *See* Fed. R. Civ. P. 26(b)(1); Doc. 1185 at ¶ 29 ("The parties shall cooperate so that plaintiffs' counsel has

---

[3] Though providing Defendants' position for purposes of this discovery dispute, Defendants do not waive their objection that submission of these issues to the Court by way of a discovery dispute position statement is inappropriate and outside the scope of the Stipulation.

reasonable access to information reasonably necessary to perform their responsibilities required by this Stipulation without unduly burdening defendants.") (emphasis added).

Further, Defendants have previously produced to Plaintiffs a roster of mental health staff and their licensure status. Plaintiffs also have access to eOMIS, which provides them the ability to identify staff, if any, where they have a specific concern with their licensure status. Moreover, identifying the licensure status of mental health staff is publicly available to Plaintiffs.

- **RFP 122:** Plaintiffs' request is overly broad as it is not limited by time, and vague and ambiguous as to the terms "encounters" and "health care services" and the phrases "any and all documents" and "unavailability of custody staff". Importantly, this request is outside the scope of the Stipulation and the Performance Measures. Moreover, this request is unduly burdensome as it would require a broad and burdensome ESI search to produce all potentially responsive documents.

Finally, Plaintiffs' request to describe all steps taken to search for and confirm there are no additional documents (*See* Ex. 4) is a disguised interrogatory and an improper document request.

- **RFP 133:** This request is irrelevant as neither the Stipulation nor any of the Performance Measures impose any staffing requirements on Defendants as it relates to custody staff at the maximum custody units. Furthermore, this request fails to describe the documents sought with requisite particularity and, as such, is vague and ambiguous as to the phrase "All documents regarding" and the terms "staffing" and "staffing vacancies"; it also fails to specify a timeframe. *See* Fed. R. Civ. P. 34(b)(1)(A). Documents with regard to staffing issues that might impact a performance measure are provided to Plaintiffs monthly in the max custody books.

- **RFP 134:** As Defendants have stated, neither the Stipulation nor any of the Performance Measures impose any requirements on Defendants regarding the length of time an inmate is assigned to a maximum custody unit or how long an inmate is in Steps 1, 2, and 3 of the DO812/DI326 step program. (*See* Exs. 2 and 7.) Specifically, neither

placement in max custody nor assessment of step level is subject matter governed by the Stipulation or monitored.  Rather, Stipulation compliance and monitoring pertain simply to offered out-of-cell time and programming in accordance with step level and use of force involving chemical agents on seriously mentally ill max custody inmates. Furthermore, the request is unduly burdensome as it would require Defendants to perform a manual review of an indeterminable number of documents related to an unknown number of maximum custody inmates (thousands or more) for an unspecified period of time. (*Id.*)

Notwithstanding, DI326 does not have timeframes associated with the length of time an inmate will remain in a particular step.

- **RFP 138:**  This request is irrelevant and outside the scope of the Stipulation and Performance Measures and overbroad as it is not limited by time.  Importantly, neither the Stipulation nor any of the Performance Measures impose any requirements on Defendants to create a list of all prisoners held in maximum custody to include the date classified to maximum custody and current step level under DI 326/DO 812. Specifically, neither placement in max custody nor assessment of step level is subject matter governed by the Stipulation or monitored.  Rather, Stipulation compliance and monitoring pertain simply to offered out-of-cell time and programming in accordance with step level and use of force involving chemical agents on seriously mentally ill max custody inmates.  The request is also unduly burdensome, as it would require Defendants to perform a manual review of an indeterminable number of documents related to an unknown number of maximum custody inmates (thousands or more) and from that review create a document for production to Plaintiffs.

Notwithstanding, Defendants produce max custody books each month. These books include count sheets for all prisoners in max custody units and contain the inmates' current step level.  Identifying the date(s) they were classified as max custody is unduly burdensome as it would require Defendants to perform a manual review of a number of documents related to an unknown number of max custody inmates (thousands

1    or more) for an unspecified period of time.   As such, the burden of identifying and

2    producing documents responsive to this request substantially outweighs any likely benefit

3    of production. *See* Fed. R. Civ. P. 26(b)(1). The performance measures require defendants

4    to measure inmates who are classified as max custody during the random week selected.

5    Identifying when an inmate was classified as max custody does not matter as the inmate

6    either is, or is not, max custody on the date of the performance measure review.

7    Dated:  May 29, 2020                    Respectfully submitted,

8

9    **STRUCK LOVE BOJANOWSKI**          **PRISON LAW OFFICE**
         **& ACEDO, PLC**
                                         By:   s/ Corene T. Kendrick
10   By: s/   (with permission)          Donald Specter (Cal. 83925)*
            Timothy J. Bojanowski        Alison Hardy (Cal. 135966)*
11                                       Sara Norman (Cal. 189536)*
                                         Corene T. Kendrick (Cal. 226642)*
12   Daniel P. Struck                    Rita K. Lomio (Cal. 254501)*
     Rachel Love                         **PRISON LAW OFFICE**
13   Timothy J. Bojanowski               1917 Fifth Street
     Nicholas D. Acedo                   Berkeley, California 94710
14   3100 W. Ray Road, Ste. 300          Telephone:  (510) 280-2621
     Chandler, Arizona  85226            Email: dspecter@prisonlaw.com
15   Telephone:  (480) 420-1600                    ahardy@prisonlaw.com
     Email:  dstruck@strucklove.com                snorman@prisonlaw.com
16          rlove@strucklove.com                   ckendrick@prisonlaw.com
            tbojanowski@strucklove.com             rlomio@prisonlaw.com
17          nacedo@strucklove.com

18   *Attorneys for Defendants Pratt and Shinn*    *Admitted *pro hac vice*

19                                       David C. Fathi (Wash. 24893)*
                                         Amy Fettig (D.C. 484883)**
20                                       Eunice Hyunhye Cho (Wash. 53711)*
                                         Maria V. Morris (Cal. 223903)*
21                                       **ACLU NATIONAL PRISON PROJECT**
                                         915 15th Street N.W., 7th Floor
22                                       Washington, D.C. 20005
                                         Telephone:  (202) 548-6603
23                                       Email:      dfathi@aclu.org
                                                     afettig@aclu.org
24                                                   echo@aclu.org
                                                     mmorris@aclu.org
25
                                         *Admitted *pro hac vice*. Not admitted in DC;
26                                          practice limited to federal courts.
                                         **Admitted *pro hac vice*
27
                                         Jared Keenan (Bar No. 027068)
28                                       Casey Arellano (Bar No. 031242)

**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:       jkeenan@acluaz.org
             carellano@acluaz.org

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:       dbarr@perkinscoie.com
             agerlicher@perkinscoie.com
             jhgray@perkinscoie.com

*Attorneys for Plaintiffs Shawn Jensen;*
*Stephen Swartz; Sonia Rodriguez; Christina*
*Verduzco; Jackie Thomas; Jeremy Smith;*
*Robert Gamez; Maryanne Chisholm; Desiree*
*Licci; Joseph Hefner; Joshua Polson; and*
*Charlotte Wells, on behalf of themselves and*
*all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:   s/ Maya Abela
      Rose A. Daly-Rooney (Bar No. 015690)
      J.J. Rico (Bar No. 021292)
      Maya Abela (Bar No. 027232)
      **ARIZONA CENTER FOR DISABILITY
      LAW**
      177 North Church Avenue, Suite 800
      Tucson, Arizona 85701
      Telephone:  (520) 327-9547
      Email:    rdalyrooney@azdisabilitylaw.org
                jrico@azdisabilitylaw.org
                mabela@azdisabilitylaw.org

Asim Dietrich (Bar No. 027927)
5025 East Washington St., Ste. 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:    adietrich@azdisabilitylaw.com

*Attorneys for Arizona Center for Disability Law*

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that on May 29, 2020, I electronically transmitted the above

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants:

5

6

Michael E. Gottfried
Lucy M. Rand

7

Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov

8

Lucy.Rand@azag.gov

9

Daniel P. Struck
Rachel Love

10

Timothy J. Bojanowski
Nicholas D. Acedo

11

Ashlee B. Hesman
Jacob B. Lee

12

Timothy M. Ray
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

13

dstruck@strucklove.com
rlove@strucklove.com

14

tbojanowski@strucklove.com
nacedo@strucklove.com

15

ahesman@strucklove.com
jlee@strucklove.com

16

tray@strucklove.com

17

*Attorneys for Defendants*

18

19

s/ C. Kendrick

20

21

22

23

24

25

26

27

28