UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>David Shinn, Director, Arizona Department of Corrections; and Larry Gann, Division Director, Health Care Services Monitoring Bureau, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-ROS<br><br>**ORDER** |

This Court, having reviewed Plaintiffs' Motion to Enforce Paragraph 14 of the Stipulation, and all briefing and exhibits so related, hereby **GRANTS** Plaintiffs' Motion.

The Court hereby FINDS that Paragraph 14, by its plain terms, requires provision of interpreter services for all class members who are not fluent in English, including those who use sign language. The Court FURTHER FINDS that Defendants do not have a system in place to accurately or reliably demonstrate compliance with Paragraph 14.

IT IS THEREFORE ORDERED that Defendants shall, within 30 days, submit a proposed plan to implement such a system as soon as practicable. The plan must include detailed provisions (1) to promptly identify all class members who are not fluent in

LEGAL148519291.1

English, along with their primary language, at intake and at later times; (2) to inform class members how to request interpreter services; (3) to train healthcare staff on their obligations in securing and documenting interpreter services; (4) to ensure that for all deaf class members whose primary means of communication is sign language, that they are provided a qualified sign language interpreter during all healthcare encounters; (5) to identify, evaluate, and train qualified healthcare practitioners who are proficient in languages other than English; and (6) to evaluate, on a monthly basis, whether Paragraph 14 has been complied with at each prison and yard, and to produce to Plaintiffs, for each month, all underlying compliance documents by the 15th of the following month.  The plan must include the date(s) on which each provision has been or will be fully implemented.

IT IS FURTHER ORDERED that Plaintiffs shall, within 14 days of the filing of Defendants' proposed plan, submit a response to the plan.

The Court will evaluate the adequacy of the plan and issue further relief as appropriate.

SO ORDERED.