1  Jared G. Keenan (Bar No. 027068)
   Casey Arellano (Bar No. 031242)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email:  jkeenan@acluaz.org
              carellano@acluaz.org
5
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
6  *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
   *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
7  *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
   *behalf of themselves and all others similarly situated*
8  **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

9  Asim Dietrich (Bar No. 027927)
10 **ARIZONA CENTER FOR DISABILITY LAW**
   5025 East Washington Street, Suite 202
11 Phoenix, Arizona 85034
   Telephone: (602) 274-6287
12 Email: adietrich@azdisabilitylaw.org

13 *Attorneys for Plaintiff Arizona Center for Disability Law*
   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections; and Larry Gann, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' MOTION TO ENFORCE THE COURT'S ORDER [DOC. 3635]** |

LEGAL23774493.1

On June 19, 2020, this Court ordered Defendants to produce certain documents "within seven days of this Order" – that is, by June 26, 2020. Doc. 3635 at 1-2. Because Defendants have not complied with this Order, Plaintiffs seek a further order compelling Defendants' compliance by a date certain.

## FACTUAL BACKGROUND

On May 29, 2020, the parties submitted a joint Statement of Discovery Dispute. Doc. 3613. One of Plaintiffs' discovery requests at issue read as follows:

> **RFP 66 (9/13/19):** The number of class members in each mental health category and within each category, the number prescribed psychotropic medications: MH-1, MH-2, MH-3A, MH-3B, MH-3C, MH-3D, MH-3E, MH-4, MH-5, SMI.[1]

Doc. 3613 at 2. Defendants' statement regarding this request was "Defendants will provide documents responsive to this request." *Id*. at 3.

The Court ruled as follows on RFP 66:

> Upon preparation of the parties' joint submission, Defendants agreed to produce documents responsive to this request. If not already disclosed, the Court will require that the documents be produced within seven days of this Order. This portion of the dispute, however, should not have been presented to the Court. In the future, if one side abandons its position in a dispute only after the other side prepares a discovery dispute submission, the party forced to prepare the dispute will be entitled to its fees in preparing to present or defend the abandoned dispute.

Doc. 3635 (filed June 19, 2020), at 1-2.

When the June 26 deadline for production had come and gone, Plaintiffs' counsel wrote to Defendants, pointing out that they had not complied with the Court's order, and asking that they comply fully by July 6. Fathi Decl. Exh. 1, 2. Defendants responded that they would comply by July 8. *Id*., Exh. 2. Plaintiffs responded that if Defendants had not fully complied with the Court's order by July 8, they would seek further relief from the Court. *Id*.

---

[1] Defendants classify each prisoner with a mental health score, ranging from MH-1 to MH-5. "SMI" means "seriously mentally ill," a designation Defendants apply to some mental health patients. The Stipulation defines these terms at Doc. 1185-1 at 4-5. Under the Stipulation, Defendants' obligation to provide mental health services to a given class member depends upon his or her MH score, and whether the patient is prescribed psychotropic medications. *See generally* Doc. 1185-1 at 13-15. For example, Performance Measure 81 requires that "MH-3A prisoners who are prescribed psychotropic medications shall be seen a minimum of every 90 days by a mental health provider." *Id.* at 13.

LEGAL23774493.1

| | |
|---|---|
| 1 | On July 8, Defendants produced some of the required information, but as of this date they have not stated the number of class members in the following categories: MH-3A, MH-3B, MH-3C, MH-3D, MH-3E, SMI. Defendants do not explain why they have failed to provide the number of class members classified as SMI, but claim that "[t]here is no report that exists which breaks down MH-3s into subcategories for us to report." Fathi Decl., Exh. 3. Defendants did not assert this objection in the Statement of Discovery Dispute (*see* Doc. 3613 at 3), and they do not explain why they have previously provided this information, but cannot do so now. *See* Doc. 3613-1 at 57-58 (August 15, 2017 letter from Defendants' counsel stating the number of class members in each of the following mental health categories: MH-1, MH-2, MH-3A, MH-3B, MH-3C, MH-3D, MH-3E, MH-4, MH-5, SMI). |

On July 8, Defendants produced some of the required information, but as of this date they have not stated the number of class members in the following categories: MH-3A, MH-3B, MH-3C, MH-3D, MH-3E, SMI. Defendants do not explain why they have failed to provide the number of class members classified as SMI, but claim that "[t]here is no report that exists which breaks down MH-3s into subcategories for us to report." Fathi Decl., Exh. 3. Defendants did not assert this objection in the Statement of Discovery Dispute (*see* Doc. 3613 at 3), and they do not explain why they have previously provided this information, but cannot do so now. *See* Doc. 3613-1 at 57-58 (August 15, 2017 letter from Defendants' counsel stating the number of class members in each of the following mental health categories: MH-1, MH-2, MH-3A, MH-3B, MH-3C, MH-3D, MH-3E, MH-4, MH-5, SMI).

**ARGUMENT**

Defendants' obligation to comply with the Court's order is beyond dispute:

> We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975). Faced with Defendants' defiance of its order, the Court has ample power to enter further orders to ensure compliance. *See Armstrong v. Brown*, 768 F.3d 975, 986 (9th Cir. 2014) ("The ongoing, intractable nature of this litigation affords the district court considerable discretion in fashioning relief").

**CONCLUSION**

This Court should not countenance Defendants' flippant attitude toward its orders. The Court should order Defendants to respond fully to RFP 66 by a date certain. Pursuant to its contempt power and its inherent power to enforce compliance with its lawful orders, the Court should impose daily coercive fines for continued noncompliance beyond that date. *See Parsons v. Ryan*, 949 F.3d 443, 454-59 (9th Cir. 2020).

Respectfully submitted this 13th day of July 2020.

**ACLU NATIONAL PRISON PROJECT**

By: <u>  s/ David C. Fathi  </u>
David C. Fathi (Wash. 24893)*
Eunice Hyunhye Cho (Wash. 53711)*
Maria V. Morris (Cal. 223903)*
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:   dfathi@aclu.org
             echo@aclu.org
             mmorris@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.

Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:   jkeenan@acluaz.org
             carellano@acluaz.org

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:   dspecter@prisonlaw.com
             ahardy@prisonlaw.com
             snorman@prisonlaw.com
             ckendrick@prisonlaw.com
             rlomio@prisonlaw.com

*Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:  dbarr@perkinscoie.com
              agerlicher@perkinscoie.com
              jhgray@perkinscoie.com

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**


By:   s/ Maya Abela
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:   adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
   rdalyrooney@azdisabilitylaw.org
             jrico@azdisabilitylaw.org
             mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

LEGAL23774493.1 -4-

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2020, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com

*Attorneys for Defendants*

        s/ Jessica Carns