Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: jkeenan@acluaz.org
       carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections; and Larry Gann, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' MOTION TO ENFORCE COURT'S ORDER (DOC. 3635)** |

LEGAL23774493.1

On June 19, 2020, this Court ordered Defendants to produce certain documents. Doc. 3635. Because Defendants have not complied with this Order, Plaintiffs seek a further order compelling Defendants' compliance by a date certain.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 2020, the parties submitted a joint Statement of Discovery Dispute. Doc. 3613. Among the Plaintiffs' discovery requests at issue were the following:

> RFP 134 (12/16/19) – Documents sufficient to show average length of stay for prisoners in maximum custody units, including the average length of stay in Step 1, Step 2, and Step 3 under DI 326/DO 812.
>
> RFP 138 (2/21/20) – A list of all prisoners held in maximum custody units at the Florence, Eyman, and Lewis complexes including date classified to maximum custody and current step level under DI 326/DO 802.

Doc. 3613 at 2-3. Defendants objected to both of these requests. *Id*. at 4-6. The Court ordered Defendants to provide the requested information within seven days of the Order (June 26, 2020). Doc. 3635 at 4-5.

On June 26, the parties met and conferred regarding several of the RFPs that were the subject of the Court's June 19 Order. Later that day, Defendants produced a .pdf of a spreadsheet purporting to be responsive to RFP 134 and 138. Exhibit 1 to Declaration of Maria V. Morris ("Morris Decl.). However, it contained no data for any class member housed in maximum custody at Florence-Kasson, and provided only the average length of stay in maximum custody, not the average length of stay at each of the steps. *Id*., Ex. 2 at 1.

On July 2, Plaintiffs requested production of the information from Florence-Kasson, the calculation of the average length of stay at each step, and that the spreadsheet be produced as an Excel spreadsheet, rather than solely as a .pdf. Morris Decl., Ex. 3 at 4-5. The parties met and conferred again on July 13, and later that day Defendants produced spreadsheets purporting to be responsive to RFPs 134 and 138. *Id*., Ex. 3 at 3-4. During the meet and confer, Defendants acknowledged that the information about Florence-

---

[1] This is not the first time Plaintiffs have had to move to enforce this order in light of Defendants' failure to comply. *See* Doc. 3652.

LEGAL23774493.1

Kasson was not included in what they had produced. *Id.* at 3. The new spreadsheets were live Excel spreadsheets, as requested. They provided the average length of stay in maximum custody and at each of the steps, but in a manner that did not show what information went into the calculation and how the calculation had been done. *Id.*, Ex. 4.

On July 16, Plaintiffs noted the continuing absence of data from Florence-Kasson and requested that Defendants include the fields in the spreadsheet that showed how the averages were calculated. Morris Decl., Ex. 3 at 3. Defendants indicated that they would try to find out how the calculations were done and whether this was included in a spreadsheet. *Id.*, Ex. 3 at 3.

On July 27, Plaintiffs asked for an update on this issue with the produced document. Defendants did not respond. *Id.*., Ex. 3 at 2. On July 31, Plaintiffs again requested an update on the spreadsheets, noting that they were still waiting on information from Florence-Kasson and the calculations showing how the average lengths of stay had been calculated. *Id.*, Ex. 3 at 1.

On July 31, Defendants produced a spreadsheet showing the ADC number of each person in maximum custody at Florence-Kasson, but providing no information at all about the length of time they had been in maximum custody or the time at each step. Morris Decl., Ex. 5. They also produced a .pdf of a spreadsheet, purporting to show the average length of stay at each step. *Id.*, Ex. 6. They did not provide the calculations, but instead provided a letter explaining their process. *Id.*, Exs. 6, 7. The average lengths of stay at each step in the July 31 spreadsheet were significantly different from the average lengths of stay at each step in the July 13 spreadsheet.[2] For example, the July 13 spreadsheet showed the average length of stay at Step 1 at Lewis-Rast as 143.6 days, whereas the July 31 spreadsheet showed the average length of stay at Step 1 at Lewis-Rast as 72.2 days. *Compare* Morris Decl., Ex. 4 *with* Morris Decl., Ex. 6.

---

[2] According to the spreadsheets, the July 13 spreadsheet showed information as of June 24, 2020, whereas the July 31 spreadsheet showed information as of June 30, 2020. *Compare* Morris Decl., Ex. 4 with Morris Decl. Ex. 6. While this difference could make a small change in the numbers, it should not make a significant change.

On August 3, Plaintiffs informed Defendants of the information about Florence-Kasson that was missing, and again requested the information showing the calculations of average length of stay at each step. Morris Decl., Ex. 8. Defendants indicated that they were seeking this information. *Id.*, Ex. 8.

On August 7, Defendants produced yet another spreadsheet. Morris Decl., Ex. 9. This spreadsheet did include the length of time people housed in maximum custody at Florence-Kasson had been there, and their current step level. With this spreadsheet, Defendants satisfied the June 19 Order with regard to RFP 138. However, the August 7 spreadsheet did not show the average length of time each person in maximum custody had spent at each step as required by the Court's Order with regard to RFP 134. Rather, it showed the average number of days each person had been at the step where they were on June 30, as of June 30. *Id.*, Ex. 9 at 2.

Also, whereas the first spreadsheet, produced on June 26, showed the progress of each person included in the spreadsheet through the steps of maximum custody (Morris Decl., Ex. 2 at 2), the August 7 spreadsheet purported to show the day each person had entered maximum custody, the date of their "initial step", the number of days "in a Max Step" and the "Continuous Days in Max." *Id.*., Ex. 9 at 2. But the Continuous Days in Max and the date of their "initial step" do not match up with the dates in the June 26 spreadsheet, which shows the specific dates each person moved from one step to another. For example, the person with the ADC# ▮▮▮▮ is shown on the August 7 spreadsheet as having entered maximum custody on August 7, 2018, had his initial step the same day, and been both "in a Max Step" and "in Max" for 693 days. *Id.*, Ex. 9 at 3. The June 26 spreadsheet shows that this person had his first review in maximum custody on July 17, 2014 and moved up and down the steps up through at least June 22, 2020. *Id.*, Ex. 2 at 2. There is no indication of any change to the person's custody or step on August 7, 2018. *Id*. There are numerous such inconsistencies between the data produced on August 7 and that produced earlier. *See id.*, Ex. 10 at 1-3 (describing further inconsistencies).

Because of the large number of errors in the August 7 spreadsheet and failure to

1  show data of the average length of stay at each step for each of the people in maximum
2  custody on June 30, Plaintiffs informed Defendants on August 10 that if the errors were
3  not corrected and the spreadsheet completed to show the average length of stay at each step
4  for each person, Plaintiffs would file a Motion to Enforce the Court's June 19, 2020 Order
5  on August 11.  Morris Decl., Ex. 10 at 3.  Defendants responded that they would further
6  update the information and asked that Plaintiffs wait longer before bringing the matter to
7  the Court for resolution.  *Id*. at 1.

8  Because (1) the Defendants have had nearly two months to comply with the Court's
9  order, (2) the quality of the information appears to have deteriorated since the first
10 production in June, and (3) the information is relevant to Plaintiffs' Motion to Enforce the
11 Stipulation (Maximum Custody Performance Measures 1-3, 5-6 and 8), the reply for which
12 is due on August 20, 2020, Plaintiffs declined to hold off further, but indicated that they
13 would withdraw the motion if it is resolved prior to resolution by the Court.  *Id*.[3]

**ARGUMENT**

Defendants' obligation to comply with the Court's order is beyond dispute:

> We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975).

On June 19, this Court ordered Defendants to produce within seven days documents sufficient to show average length of stay for prisoners in maximum custody units, including the average length of stay in Step 1, Step 2, and Step 3 under DI 326/DO 812.  Doc. 3635

---

[3] Plaintiffs' counsel are aware of the Court's distaste for multiple requests for extensions of time to file briefings, (Doc. 3661), but given the delays by Defendants in producing this essential information as well as responsive documents to other requests, (*see* Morris Dec., Ex. 10 at 4 (Defendants did not provide responsive ESI to RFPs 122 and 133 until August 10, 2020)), Plaintiffs may need to seek an extension for their Reply brief in order to fully incorporate these documents – some of which were requested in December 2019.

LEGAL23774493.1                        -4-

at 4-5. The information is, as found by the Court, relevant to the question of whether people incarcerated in maximum custody units are "actually able to advance through the Steps" to access the incentives provided by the Stipulation. *Id*. at 5.

Despite being ordered to provide the information within seven days, nearly two months later, the information remains incomplete. Defendants have not produced the data about average length of stay at each step in maximum custody. Further, the information that they have produced in internally inconsistent, with the most recent information including fewer details, making it impossible to determine how people have moved through the steps in maximum custody. Finally, Defendants have repeatedly failed to provide the actual calculations showing how they determine the average length of stay in maximum custody and at each Step. Showing the calculations is particularly important for two reasons. First, Defendants do not appear to understand that what they have calculated is not actually the average length of stay at each step, but rather the average total number of days at each step as of June 30. Second, given the inconsistency of the information provided, Plaintiffs must be able to verify the accuracy of the calculations.

Faced with Defendants' defiance of its order, the Court has ample power to enter further orders to ensure compliance. *See Armstrong v. Brown*, 768 F.3d 975, 986 (9th Cir. 2014) ("The ongoing, intractable nature of this litigation affords the district court considerable discretion in fashioning relief"). Defendants had seven days to comply with the Court's order to provide the documents responsive to RFPs 134. They did not do so, and should be required to do so now.

**CONCLUSION**

This Court should not countenance Defendants' disregard of its orders. The Court should order Defendants to respond fully to RFPs 134 and 138 by a date certain. Pursuant to its contempt power and its inherent power to enforce compliance with its lawful orders, the Court should impose daily coercive fines for continued noncompliance beyond that date. *See Parsons v. Ryan*, 949 F.3d 443, 454-59 (9th Cir. 2020).

...

| | |
|---|---|
| Dated:  August 11, 2020 | **ACLU NATIONAL PRISON PROJECT** |
| | By: s/ Maria V. Morris |

David C. Fathi (Wash. 24893)*
Eunice Hyunhye Cho (Wash. 53711)*
Maria V. Morris (Cal. 223903)*
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@aclu.org
              echo@aclu.org
              mmorris@aclu.org

*Admitted *pro hac vice*.  Not admitted in DC; practice limited to federal courts.

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
              agerlicher@perkinscoie.com
              jhgray@perkinscoie.com

Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    jkeenan@acluaz.org
              carellano@acluaz.org

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Corene Kendrick (Cal. 226642)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:  dspecter@prisonlaw.com
        ahardy@prisonlaw.com
        snorman@prisonlaw.com
        ckendrick@prisonlaw.com
        rlomio@prisonlaw.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

By:   s/ Maya Abela
      Rose A. Daly-Rooney (Bar No. 015690)
      J.J. Rico (Bar No. 021292)
      Maya Abela (Bar No. 027232)
      **ARIZONA CENTER FOR DISABILITY LAW**
      177 North Church Avenue, Suite 800
      Tucson, Arizona 85701
      Telephone: (520) 327-9547
      Email:
        rdalyrooney@azdisabilitylaw.org
        jrico@azdisabilitylaw.org
        mabela@azdisabilitylaw.org

      Asim Dietrich (Bar No. 027927)
      5025 East Washington Street, Suite 202
      Phoenix, Arizona 85034
      Telephone: (602) 274-6287
      Email:  adietrich@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2020, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com

*Attorneys for Defendants*

s/ Jessica Carns