**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| David Shinn, | |
| Defendants, et al. | |

Plaintiffs seek to enforce the Court's June 19, 2020 Order directing that Defendants produce certain documents within seven days (Doc. 3686, ref. 3635). Among other documents, the Court directed Defendants to produce documents responsive to the following request for production:

> RFP 134 (12/16/19) – Documents sufficient to show average length of stay for prisoners in maximum custody units, including the average length of stay in Step 1, Step 2, and Step 3 under DI 326/DO 812.

This information is crucial for determining whether prisoners can progress through ADC's Maximum Custody Step Program Matrix and earn additional out-of-cell time. The Stipulation explicitly requires Defendants to implement and administer the Step Program Matrix. (Doc. 1185 at 9). And the Stipulation grants Plaintiffs access to the documents "necessary to properly evaluate whether Defendants are complying" with their obligations. (Doc. 1185 at 12).

Despite the Court's order for Defendants to produce the documents within seven

days, Defendants did not do so.[1] Even now, nearly two months later, Defendants' production remains incomplete. Specifically, Plaintiffs allege Defendants have not produced data about the average length of stay at each step. Further, according to Plaintiffs, the information Defendants have produced is internally inconsistent and opaque such that Plaintiffs cannot verify its accuracy. Defendants attempted to persuade Plaintiffs to wait before filing this motion. But because Plaintiffs' Reply to their Motion to Enforce the Maximum Custody PMs is due on August 20, 2020, and these documents are crucial to finish its preparation, they moved ahead.

The fact of nondisclosure after 54 days is concerning. Compounding that failure is that the records Defendants have produced have been obviously unreliable. That raises concerns how Defendants collect data, keep records, and justify their representations to Plaintiffs and the Court.

**IT IS THEREFORE ORDERED** that Defendants must respond to Plaintiffs' Motion to Enforce no later than **Monday August 17, 2020**. Plaintiffs may file a reply no later than **Wednesday August 19, 2020**.

**IT IS FURTHER OREDERED** that Defendants must show cause in their response to the Motion to Enforce why they should not be required to pay Plaintiffs' reasonable attorneys' fees incurred in its efforts to gain compliance with the June 19, 2020 Order.

**IT IS FURTHER ORDERED** that Defendants cannot avoid filing their response by providing the required information to Plaintiffs.

Dated this 13th day of August, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[1] Plaintiffs also allege that Defendants did not initially respond to RFP 138 but eventually complied with the Order on August 7, 2020, 49 days after the Court's Order.