UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>  Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Larry Gann, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official capacities,<br><br>  Defendants. | No. CV 12-00601-PHX-ROS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE THE COURT'S ORDERS AND FOR FURTHER RELIEF** |

The Court having considered Plaintiffs' Motion to Enforce the Court's Orders and for Further Relief, and good cause appearing, **IT IS ORDERED**:

Plaintiffs' motion is **GRANTED**.

1.  Defendants shall ensure that when a determination "whether the [mental health encounter] length was meaningful and appropriate in the context of the patient's overall care" is required by the Court's order (Doc. 3518), that determination shall be made by a psychiatrist.

2.  Defendants shall provide the following written instructions to the evaluators on how to make, and document, the determination "whether the [mental health encounter]

LEGAL23774493.1

1  length was meaningful and appropriate in the context of the patient's overall care:"

> "The evaluator shall review in their entirety the eOMIS records for the patient's last five mental health encounters (not including the weekly rounds required by PM 93), as well as the eOMIS records for any ICS involving the patient in the previous six months. The evaluator shall also review the patient's currently operative mental health treatment plan. The evaluator shall then document in writing his or her reasons for determining that the encounter length was, or was not, meaningful and appropriate in the context of the patient's overall care."

Defendants shall ensure that these instructions are consistently followed.

3. Defendants shall report monthly to the Court the percentage of mental health encounters sampled for the CGARs that fell short of the minimum durations established by the Court in its order (Doc. 3518), and of those encounters, the percentage that were nevertheless counted as compliant with the Stipulation.

LEGAL23774493.1              -2-