Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF CONCERNING ORDER TO SHOW CAUSE (Dkt. 3490)** |

The parties disagree about the scope of the Court's January 31, 2020 Order to Show Cause ("OSC"). Defendants believe that the Court intended to require them to show cause only for noncompliance in February. Plaintiffs believe that the Court intended to require Defendants to show cause for noncompliance in February, March, April, *and* May. The difference is $4.1 million. The parties also dispute whether a Performance Measure ("PM") that was compliant in or after February is subject to sanctions in subsequent months.

Defendants have contemporaneously moved the Court for clarification of its intent on these issues to allow both parties to argue their interpretations, and incorporate that motion here. This Reply addresses Plaintiffs' legal and factual arguments as they pertain to noncompliance in February (Dkt. 3683) and the $2 million at stake there.

## I. ADCRR and Centurion Took All Reasonable Steps to Comply with the OSC.

The *sine qua non* for civil contempt is clear and convincing evidence that a party failed to take "all the reasonable steps within [its] power to insure compliance with the [court's] order." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989). Glaringly absent from Plaintiffs' Response is any assertion that Defendants failed to take all reasonable steps within their control. Plaintiffs do not contest the many steps that Defendants have taken to comply with the Stipulation and OSC (Dkt. 3649 at 3–26), and they do not proffer any additional steps that could have been taken. In fact, they commend Defendants' efforts.[1] (Dkt. 3683 at 7.)

Plaintiffs instead substitute their own standard for civil contempt and erroneously argue that: Defendants should be held in contempt solely because the OSC required Defendants to come into compliance with each listed PM and not every PM was compliant. (*Id.* at 2–3, 11 & Table 1.) In other words, they contend that civil contempt is appropriate—regardless of the steps taken to comply—whenever there has been noncompliance with a court order. That is not the law. Civil contempt is "a party's disobedience to a specific and definite court order *by failure to take all reasonable steps within the party's power to comply.*" *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (emphasis added). Defendants took all reasonable steps within their power to comply with the OSC, and Plaintiffs cannot prove, and do not even contend, otherwise.

## II. ADCRR and Centurion Substantially Complied with the OSC.

Plaintiffs argue that contempt is a "binary" choice—compliance or noncompliance—and that contempt is mandatory each time a PM scored less than 85%.

---

[1] Plaintiffs assert that the efforts taken by ADCRR and Centurion before the OSC are irrelevant. (Dkt. 3683 at 7 & n.6.) But because the OSC is merely a subset of the Stipulation, those measures necessarily were taken to comply with the OSC. They should not be ignored. Plaintiffs are also critical of the overtime hours that mid-level providers contributed to ensure that ADCRR inmates received adequate healthcare, asserting it "is not something to brag about." (Dkt. 3683 at 7 n.7.) These health care workers' efforts should be applauded, not scorned. Moreover, in addition to providing overtime hours to current providers, and as discussed in the Declaration of Tom Dolan, Centurion has taken extraordinary efforts to hire and retain providers. (Dkt. 3649-3, ¶¶ 8–24.) Unfortunately, despite these best efforts, they are not always readily available.

1  (Dkt. 3683 at 2–3, 8 & Table 1.)   However, substantial compliance is a defense to a charge
2  of civil contempt, *In re Dual-Deck*, 10 F.3d at 695, and "technical or inadvertent violations
3  of the order will not support a finding of contempt" if the violating party took all reasonable
4  steps to comply, *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986).[2]
5  The Declaration of Jennine Gahris exhaustively examined each noncompliant PM in
6  February and explained the reason for the noncompliance. (Dkt. 3649-4, ¶¶ 15–121.)  Nine
7  PMs missed compliance by three or less files; four PMs were noncompliant because of
8  technical errors; and four PMs were noncompliant for reasons simply beyond Defendants'
9  control.  (Dkt. 3649 at 50.)  Overall, Defendants were compliant with 86% of the PMs in
10 the OSC (126 out of 146) in February. (*Id*. at 29.)  Plaintiffs do not contest any of this.[3]

   Plaintiffs instead accuse Defendants of trying to re-write the terms of the Stipulation,
which requires 85% compliance.  (Dkt. 3683 at 6, 8 & n.5.)  Defendants do not disagree
that the Stipulation requires each PM to meet or exceed 85% compliance each month.  (Dkt.
1185, ¶ 10.a.iii.)  But here, Defendants are defending against a charge of civil contempt,
and substantial compliance with *the OSC* is a valid defense. *In re Dual-Deck*, 10 F.3d at
695.

   Plaintiffs also contend that Defendants' overall compliance with the Stipulation is
immaterial to the OSC.  (Dkt. 3683 at 6.)  But Defendants' near total compliance with the
Stipulation (95% in February) is further proof that the "severe remedy" of contempt and
drastic sanctions is not warranted.  *See Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019)

---

[2] Plaintiffs do not mention this "substantial compliance" defense in their Response, and they incorrectly assert that technical violations are "not the legal standard for contempt." (Dkt. 3683 at 2.) Although, as they point out, the Ninth Circuit in *Donallco* held that the district court did not abuse its discretion in finding the defendant in contempt, it was because the defendant "did not take all reasonable steps to prevent the violations." 787 F.2d at 1379. *Donallco*'s legal principle—that "technical or inadvertent violations of the order will not support a finding of contempt" if the violating party took all reasonable steps to comply—is still valid, and substantial compliance is still a defense.

[3] Plaintiffs assert that "errors in documentation and other administrative processes in the medical setting can have life or death consequences" (Dkt. 3683 at 9), but they do not explain how any of the specific noncompliant PMs could have led to death, nor do they explain why these technical errors are irrelevant in showing substantial compliance.

("[C]ivil contempt 'should not be resorted to where there is [a] fair ground of doubt as to the wrongfulness of the defendant's conduct.'").[4] Indeed, Plaintiffs have repeatedly characterized Defendants' compliance with the Stipulation as an abject failure. Even in their Response, Plaintiffs assert that ADCRR maintains a "broken health care system." (Dkt. 3683 at 2.) The reality is that it is not. Plaintiffs also go outside the bounds of the OSC, asserting Defendants' "failure to comply with the OSC *or the Stipulation*" and noting that Defendants are in substantial noncompliance "for multiple PMs *not in the OSC*." (*Id.* at 3 n.3 & 9, emphasis added.) Plaintiffs cannot claim substantial noncompliance with the Stipulation but argue that the actual data (showing near total compliance) is irrelevant.[5]

Plaintiffs last contend that good faith is not a defense to civil contempt. (Dkt. 3683 at 9.) Defendants never said it was. A party's good faith *is*, however, relevant in determining an appropriate sanction. *See Taggart*, 139 S. Ct. at 1802 ("On the flip side of the coin, a party's good faith, even where it does not bar civil contempt, may help to determine an appropriate sanction."). Plaintiffs do not accuse Defendants of willful misconduct or bad faith.

### III. The Court Should Reduce the $100,000-Per-Noncompliance Sanction.

Defendants argued in their Response that a $100,000-per-noncompliance sanction was excessive considering the many reasonable steps taken, the technical or inadvertent reasons many of the PMs were noncompliant in February, and the historical compliance for many of the PMs (e.g., four PMs were eligible for termination before the OSC, and six PMs had been consistently/consecutively compliant in the previous nine months). (Dkt. 3649 at 50.) Plaintiffs do not address any of these issues, and instead argue that, because the fines

---

[4] Plaintiffs argue that *Taggart* is inapposite because its analysis focused on "whether there was fair notice to an alleged contemnor" and not "whether the contemnor took all reasonable steps to comply with the order." But neither *Taggart*, nor the case it quoted (*California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885)), limited this principle to any particular element of civil contempt.

[5] Plaintiffs also inject citations to cases that have invoked contempt powers to remedy constitutional violations. (Dkt. 3683 at 4–5.) The OSC is not in place to remedy any constitutional violation.

4

are coercive, they are legitimate.  But that assertion ignores the factors the Court must consider in imposing a sanction, including Defendants' good faith attempt to comply, *Taggart*, 139 S. Ct. at 1802, "the character and magnitude of the harm threatened by the continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired," *Parsons v. Ryan*, 949 F.3d 443, 457 (9th Cir. 2020).

Plaintiffs argue that a $100,000-per-noncompliance sanction is necessary because "the Court's past contempt order fining Defendants $1,000 for each instance of noncompliance was apparently insufficient to coerce compliance." (Dkt. 3683 at 11.)  But that is not what the data shows.  Since July 2019, when Centurion became the healthcare vendor, overall compliance with the PMs in the Stipulation has increased from 89% to 96% as of May 2020. (Dkt. 3649-3, ¶ 7.) Defendants respectfully submit that, given the significant improvement in overall compliance, and their continuing efforts to reach 100% compliance, increasing the sanction by *100 times* is excessive and unnecessary.[6]  Further, Plaintiffs' argument that the Court should increase sanctions so dramatically because of Defendants' size improperly invites the Court to impose punitive sanctions.

## IV. Defendants Cannot Be Held in Contempt for Noncompliance with PM 44-Tucson.

Table 1 in Plaintiffs' Response states that Defendants were noncompliant with "20 PMs" in February 2020. (Dkt. 3683 at 3, Table 1.)  The Table itself, however, highlights 2*1* noncompliant PMs.  (*Id.*)  The difference is PM 44 at Tucson, which is included in Plaintiffs' Table.  Defendants cannot be held in contempt or sanctioned for noncompliance with PM 44 at Tucson because it was not identified in the OSC.[7] (Dkt. 3490 at 2.)  *See Parsons*, 949 F.3d at 454 (a party may only be held in civil contempt if it fails to comply with "a specific and definite order of the court").

---

[6] Defendants note that the overall compliance rate in June 2018 (when the Court issued the $1,000-per-noncompliance sanction) was only 87.65%.

[7] Plaintiffs also include in their Table 1 noncompliance with PM 44 at Tucson for March, April, and May. (Dkt. 3683 at 3, Table 1.) Defendants cannot be held in contempt or sanctioned for these months either for the same reason.

**V.    Conclusion.**

For these additional reasons, the Court should not find Defendants in civil contempt or impose any sanctions for noncompliance in February 2020.

DATED this 28th day of August, 2020.

                STRUCK LOVE BOJANOWSKI & ACEDO, PLC

                By /s/Daniel P. Struck
                    Daniel P. Struck
                    Rachel Love
                    Timothy J. Bojanowski
                    Nicholas D. Acedo
                    3100 West Ray Road, Suite 300
                    Chandler, Arizona 85226

                    *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| Name | Email |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Corene T. Kendrick: | ckendrick@prisonlaw.com; edegraff@prisonlaw.com |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| Casey Arellano | carellano@acluaz.org |
| Maria V. Morris | mmorris@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck