**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Antonio Parsons, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

In its June 19, 2020 Order, the Court required Defendants to respond to Plaintiffs' Requests for Production 134 and 138. Those requests sought a list of prisoners in maximum custody at particular locations as well as "[d]ocuments sufficient to show average length of stay for prisoners in maximum custody units, including the average length of stay in Step 1, Step 2, and Step 3 under DI 326/DO 812." (Doc. 3635 at 4.) Defendants were ordered to produce those documents within seven days. Defendants did not seek reconsideration of that Order. Instead, the following recounts the events after the Court's Order.

- June 26, 2020: Defendants produced a .pdf document ostensibly responsive to RFP 134 and RFP 138. The document did not include information for class members at Florence-Kasson and did not provide the average length of stay at each step in the matrix.
- July 2, 2020: Plaintiffs requested production of the Florence-Kasson data, the calculation of the average length of stay at each step, and that the data be

produced as a spreadsheet.

- July 13, 2020: the parties conferred, and Defendants produced spreadsheets responding to RFP 134 and RFP 138. The production still did not include Florence-Kasson data and the spreadsheets did not reflect how the average calculation had been done.
- July 16, 2020: Plaintiffs requested the Florence-Kasson data and requested the fields in the spreadsheet that showed how the averages were calculated.
- July 27, 2020: Plaintiffs' requested an update, but Defendants did not respond.
- July 31, 2020: Defendants produced incomplete information regarding Florence-Kasson. Defendants also produced spreadsheets that reflected meaningfully different data from the spreadsheets produced on July 13.
- August 3, 2020: Plaintiffs requested the complete Florence-Kasson data.
- August 7, 2020: Defendants produced the remaining information regarding Florence-Kasson for RFP 138. But the spreadsheet did not reflect the average length of time each person in maximum custody spent at each step. The data was also internally inconsistent and rife with errors.
- August 10, 2020: Plaintiffs informed Defendants that they would file a Motion to Enforce the June 19, 2020 Order. Defendants requested Plaintiffs wait longer to file their motion because they were continuing to assemble the data, but Plaintiffs elected to file the motion without delay because they needed the data to draft their reply in support of their Motion to Enforce the Maximum Custody Performance Measures.

Based on these events, Plaintiffs seek a further order requiring Defendants to produce the ordered data by a date certain (Doc. 3686). Defendants respond that they have never tracked maximum custody length of stay or maximum custody step level length of stay data and have, nonetheless, attempted in good faith to respond to Plaintiffs' request and the Court's directive (Doc. 3701). Defendants rely on Rule 34 and its protection

against having to create documents for disclosure. As for the Court's previous concern that Defendants must have this data to comply with the Stipulation, Defendants argue "[n]either the Stipulation nor the Maximum Custody Performance Measures contemplate tracking or measuring average lengths of stay in the maximum custody classification or the attendant DI 326/DO 812 Step Levels." (Doc. 3701 at 3.)

Defendants' current position appears to be that the Stipulation does not require inmates progress through the Step Matrix. That position conflicts with the obvious purpose and intent of the Stipulation. The "Maximum Custody Outcome Measures" of the Stipulation require implementation of the Step Matrix and set forth minimum out-of-cell time for prisoners at each step. (Doc. 1185-1 at 38.) That framework contemplates prisoners moving between steps. Defendants' position that they can, if they wish, keep prisoners at a particular step level in perpetuity would render the benefits of the Stipulation completely illusory. As it has done in the past, the Court again rejects Defendants' invitation to interpret the Stipulation such that their obligations are hollow.

Because the Stipulation requires a meaningful implementation of the Step Matrix, Plaintiffs are entitled to monitor and assess Defendants' performance on that issue. To do so, Plaintiffs need "[d]ocuments sufficient to show average length of stay for prisoners in maximum custody units, including the average length of stay in Step 1, Step 2, and Step 3 under DI 326/DO 812." (Doc. 3635 at 4.) Defendants' position that no such documents exist, and Rule 34 cannot be invoked to require the creation of documents, is misguided. Rule 34 guides production while a plaintiff's claims are untested. Here, Defendants gave up certain rights when they decided to settle this case and take on contractual obligations to the class members. The Stipulation requires Defendants generate a wide variety of documents, such as monthly compliance reports. Indeed, Defendants even repurposed their Monitoring Bureau to assess compliance with the Stipulation, obviously generating a huge number of documents in the process. These examples demonstrate that Rule 34 does not govern this dispute and, accordingly, Defendants' obligation to fully respond to RFP 134

is reaffirmed.[1]

The Court also ordered Defendants to show cause why they should not have to pay Plaintiffs' reasonable attorneys' fees in bringing their motion to enforce. Defendants explain they should not be required to pay attorneys' fees because they performed "complex electronic data analysis to derive statistics not maintained in the normal course and scope of ADCRR operations." (Doc. 3701 at 11.) It is unclear how Defendants can be administering the Step Matrix in good faith if they have no way of knowing whether prisoners are actually progressing. But more importantly, Defendants did not seek more time to comply with the Court's June 19, 2020 Order when it became—according to them—unduly burdensome to do so. Instead, Defendants produced incomplete and inconsistent data without alerting Plaintiffs or the Court. It is *that* conduct that warrants the award of attorneys' fees in bringing the motion to enforce the June 19, 2020 Order.

**IT IS ORDERED** Plaintiffs' Motion to Enforce the June 19, 2020 Order (Doc. 3686) is **granted**. Defendants must produce the remaining data, if not already disclosed, no later than **September 18, 2020**. Defendants must also provide a Notice to the Court reflecting compliance.

**IT IS FURTHER ORDERED** that Defendants must pay Plaintiffs' reasonable attorneys' fees in bringing their Motion to Enforce the Court's June 19, 2020 Order (Doc. 3686). The parties must meet and confer within 21 days of this Order to attempt to reach an agreement on an amount to compensate Plaintiffs' counsel. If no agreement is reached, Plaintiffs' counsel may file a motion for attorneys' fees within 30 days of this order.

**IT IS FURTHER ORDERED** that Plaintiffs' deadline to file their Reply in support of their Motion to Enforce the Stipulation (Maximum Custody) is extended until **October 2, 2020**. Plaintiff's Motion for Extension of Time to File their Reply (Doc. 3728) is

---

[1] The Court recognizes Plaintiffs styled their request as a Request for Production. But using mutually recognizable terminology does not automatically transform it into a request arising under Rule 34 when the parties acknowledge that their obligations and rights arise under the Stipulation, which states that "Plaintiffs' counsel and their experts shall have reasonable access to the institutions, staff, contractors, prisoners and documents necessary to properly evaluate whether Defendants are complying with the performance measures and other provisions of this Stipulation." (Doc. 1185 at 12).

therefore **denied as moot**.

**IT IS FURTHER ORDERED** the Clerk of Court must terminate the Motion at Doc. 3704 as duplicative of the redacted motion filed and pending at Doc. 3694.

Dated this 4th day of September, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge