# EXHIBIT 2

# (REDACTED)

1   Daniel P. Struck, Bar No. 012377
    Rachel Love, Bar No. 019881
2   Timothy J. Bojanowski, Bar No. 022126
    Nicholas D. Acedo, Bar No. 021644
3   STRUCK LOVE BOJANOWSKI & ACEDO, PLC
    3100 West Ray Road, Suite 300
4   Chandler, Arizona 85226
    Telephone: (480) 420-1600
5   Fax: (480) 420-1695
    dstruck@strucklove.com
6   rlove@strucklove.com
    tbojanowski@strucklove.com
7   nacedo@strucklove.com

8   *Attorneys for Defendants*

9                  **UNITED STATES DISTRICT COURT**

10                      **DISTRICT OF ARIZONA**

11

12  Victor Parsons, *et al.*, on behalf of themselves      NO. 2:12-cv-00601-ROS
    and all others similarly situated; and Arizona
    Center for Disability Law,

13                                                          **DECLARATION OF**
                                    Plaintiffs,            **KENYA McCRAY**

14          v.

15  David Shinn, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim
16  Division Director, Division of Health Services,
    Arizona Department of Corrections, in their
17  official capacities,

18                                  Defendants.

19          I, Kenya McCray, make the following Declaration:

20          1.      I am over the age of 18 years and have personal knowledge of and am

21  competent to testify to the matters set forth in this Declaration.

22          2.      I have a Bachelor of Arts in Psychology and a Master's in Education in

23  Counseling.  I am also a licensed Independent Substance Abuse Counselor in Arizona.

24          3.      I have over 15 years of mental health experience with Regional Behavioral

25  Health Authority and correctional systems. I have held various positions where I have

26  provided supervision to other clinical staff, monitored quality of care, and conducted

27  clinical assessments of individuals with mental health problems.  My work experience and

28

qualifications are further set forth in my attached resume.  *See* Attachment A (McCray Resume).

4.      I have been employed by the Arizona Department of Corrections, Rehabilitation and Reentry (ADCRR) as a Mental Health Auditor since December 2016.  In that role, I complete monthly audits of 900-1,000 inmate mental health records to ensure compliance with the Stipulation and Court Orders.  I am also the statewide auditor for Performance Measures ("PMs") 77, 78, 82, 83, 87, 88, 89, 90, and 93.

5.      I have read Plaintiffs' Motion to Enforce the Court's Orders and For Further Relief (Dkt. 3495, 3518), Declaration of Dr. Pablo Stewart, and portions of the Court's March 11, 2020 Order.

6.      In response to the March 11, 2020 Order, I consulted with Chy Porter regarding the subjective analysis requirement for "seen" encounters that are less than the 10 or 30-minutes.  We discussed how we would evaluate and determine whether the length and content of the encounter was meaningful and appropriate in the context of the patient's overall care.

7.      When I receive a file that has an encounter that is less than the required minimum, my evaluation includes, but is not limited to, whether there is discussion about coping skills, whether there is discussion about family support, and whether there is discussion about stability of their symptoms, etc.

8.      I also evaluate how the clinician engaged with the inmate.  For example, if the inmate refused to engage, did not want to talk, or had nothing else to discuss and the encounter was ended, a noncompliant finding would *not* be necessarily given.  It is my opinion, based on my education, training, and experience, that it is clinically appropriate to end an encounter early if the inmate does not want to engage or requests to end the encounter.

9.      In addition, I may also look at prior mental health encounters to look for progression/regression of stability.  Looking at prior encounters can provide additional context when evaluating whether the monitored encounter was meaningful and appropriate.

10.    I strongly disagree with the allegations that I have "abused," and "enthusiastically exploited" the Court's exception and "continue to count all visits, however fleeting, as compliant."

11.    Each evaluation I conduct, where the length of the encounter is less than the minimum duration, is based upon my knowledge, skill, and training.

12.    The following are examples of encounters I have marked noncompliant because the duration was less than the presumptive minimum and was not meaningful or appropriate:

Tucson – PM 78 – April 2020

| Patient's ADC Number | Date of Encounter | Duration of Encounter (minutes) |
|---|---|---|
| ███ | 04/22/2020 | 3 |

Tucson – PM 78 – May 2020

| Patient's ADC Number | Date of Encounter | Duration of Encounter (minutes) |
|---|---|---|
| ███ | 04/28/2020 | 2 |

Tucson – PM 78 – June 2020

| Patient's ADC Number | Date of Encounter | Duration of Encounter (minutes) |
|---|---|---|
| ███ | 04/29/2020 | 3 |
| ███ | 04/13/2020 | between 3-5 |
| ███ | 04/30/2020 | 4 |

Florence – PM 82 – April 2020

| Patient's ADC Number | Date of Encounter | Duration of Encounter (minutes) |
|---|---|---|
| ███ | 04/20/2020 | 3 |
| ███ | 04/13/2020 | 3 |

Florence – PM 82 – June 2020

| Patient's ADC Number | Date of Encounter | Duration of Encounter (minutes) |
|---|---|---|
| ███ | 04/20/2020 | 2 |
| ███ | 04/22/2020 | 2 |

Lewis – PM 82 – June 2020

| Patient's ADC Number | Date of Encounter | Duration of Encounter (minutes) |
|---|---|---|
| ███ | 04/11/2020 | 2 |
| ███ | 04/15/2020 | 2 |

3

Tucson – PM 82 – June 2020

| Patient's ADC Number | Date of Encounter | Duration of Encounter (minutes) |
|---|---|---|
| ██████ | 05/21/2020 | 2 |
| ██████ | 04/30/2020 | 3 |

Phoenix – PM 89 – May 2020

| Patient's ADC Number | Date of Encounter | Duration of Encounter (minutes) |
|---|---|---|
| ██████ | 05/07/2020 | no time noted |

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____11th____ day of September 2020.


Kenya McCray