UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Larry Gann, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-ROS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

This Court, having reviewed Plaintiffs' Motion for Attorneys' Fees and Costs incurred in enforcing the provisions of the Stipulation from July 1, 2018 through June 30, 2019 (the "2018-19 Enforcement Period"), hereby **FINDS** that Plaintiffs are entitled to their reasonable fees and costs as prevailing parties under the terms of the Stipulation. [Doc. 1185 ¶¶ 43, 44] As a result of Plaintiffs' efforts during the 2018-19 Enforcement Period, this Court: (1) ordered Defendants to bring a host of performance measures into compliance; (2) ordered Defendants to show cause why the Court should not impose a civil contempt sanction of $50,000 per noncompliant performance measure per complex; (3) took the extraordinary step of appointing two FRE 706 experts to review Defendants' monitoring process and medical and mental health care; (4) found Defendants substantially noncompliant with a multitude of performance measures at multiple institutions; and (5) ordered Defendants to develop remedial plans. [*See, e.g.*, Docs. 3020, 3235, 3089, 3269]

The Court further **FINDS** that Plaintiffs are entitled to recover all of the attorneys' fees requested because their fee request is reasonable as demonstrated by the Declarations

1   of Counsel and the billing records submitted to the Court. [See Declaration of Corene
2   Kendrick ("Kendrick Decl."); Declaration of David C. Fathi ("Fathi Decl.")] The hourly
3   rate in this matter is predetermined by the Stipulation which adopts the PLRA limit on the
4   hourly rate for attorney's fees. [Doc. 1185 ¶ 43] The Ninth Circuit recently clarified that
5   the baseline for the PLRA hourly rate is the rate that the "Judicial Conference authorized
6   and requested from Congress" which is found in the "Congressional Budget Summary and
7   the Report of the Proceedings of the Judicial Conference of the United States[.]" *Parsons
8   v. Ryan*, 949 F.3d 443, 464-65 (9th Cir. 2020). The current rate authorized by the Judicial
9   Conference for the payment of court-appointed counsel is $149 per hour for FY 2020.[1]
10  Accordingly, 150 percent of that rate is $223.50 per hour for federal FY 2020, which began
11  on October 1, 2019.  *See Graves v. Penzone*, No. CV-77-00479-PHX-NVW, 2020 WL
12  1984022 at *6 (D. Ariz. Apr. 27, 2020) (applying the 2020 PLRA rate of $223.50 per hour).
13  Plaintiffs' counsel, including lawyers, paralegals, and law students, spent a total of 862.20
14  hours enforcing the Stipulation between July 1, 2018 and June 30, 2019. Multiplying these
15  hours by the hourly rate of each biller yields a total of $189,858.60.

16  The Court further **FINDS** that a 2.0 fee enhancement is warranted here, based on the
17  application of the relevant *Kerr* factors that are not already subsumed in the initial lodestar
18  calculation. *See Parsons*, 949 F.3d at 467. The *Kerr* factors considered by this Court in
19  granting the 2.0 enhancement include: (Factor 5) the customary fee in similar litigation;
20  (Factor 7) time limitations imposed by the clients or circumstances; (Factor 8) the results
21  obtained; (Factor 9) the experience, reputation, and ability of the attorneys; (Factor 10) the
22  undesirability of the case; (Factor 11) the nature and length of the professional relationship
23  with the clients; and (Factor 12) awards in similar cases. *See Kerr v. Screen Extras Guild,
24  Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *Graves v. Arpaio*, 633 F. Supp. 2d 834, 847 (D. Ariz.
25  2009).

---

[1] https://www.uscourts.gov/sites/default/files/fy_2020_congressional_budget_summary_0.pdf at 37.

The PLRA rate cap of $223.50 per hour is significantly less than the prevailing market rates in the San Francisco Bay Area and in the Washington, D.C. area. *See* Kendrick Decl. ¶ 8; Fathi Decl. ¶¶ 13-15; Exhibit C.

"Priority work that delays the lawyer's other legal work is entitled to some premium." *Johnson*, 488 F.2d at 718; *see also Kerr*, 526 F.2d at 70. Plaintiffs' counsel have prioritized the ongoing and extensive work required in this case during 2018-19 Enforcement Period, frequently to the exclusion of other work. *See* Fathi Decl. ¶ 17; Kendrick Decl. ¶ 4.

Plaintiffs' counsel obtained excellent results for the class during the 2018-19 Enforcement Period, repeatedly enforcing terms of the Stipulation in the face of Defendants' sustained non-compliance, and ultimately securing the appointment of two FRE 706 experts to review Defendants' monitoring process, medical and mental health care.

While the *Kerr* factor regarding the experience, reputation, and ability of the attorneys has been limited, class counsel in this matter are leading national experts in prisoners' rights litigation. As previously noted by this Court, class counsel have "deep experience in prison litigation and have used that experience to accelerate the Court's focus on issues." [Doc. 2902 at 7]

Class action cases on behalf of prisoners are generally considered "undesirable" even by the civil rights bar, in part because they are so time-consuming and expensive to litigate. *See* Fathi Decl. ¶ 18. The PLRA's fee cap serves to make such cases even more undesirable by cutting market rates substantially. *See, e.g.*, *Graves*, 633 F. Supp. 2d at 847.

Plaintiffs' counsel began their relationship with the plaintiff class more than nine years ago, when the NPP and the PLO began investigating conditions in the Arizona Department of Corrections. Fathi Decl. ¶ 5; Kendrick Decl. ¶ 3. Since then, counsel has maintained close contact with individual prisoners, and the class as a whole, through regular visits, tours, and interviews. Fathi Decl. ¶ 5; Kendrick Decl. ¶ 3.

"The reasonableness of a fee may also be considered in the light of awards made in similar litigation within and without the court's circuit." *Johnson*, 488 F.2d at 719. While

1  exact comparisons are difficult, a number of similar prisoners' rights cases are instructive.
2  For example, in *Graves*, the court awarded NPP the full amount of attorneys' fees requested,
3  even though some provisions of the original judgment were terminated.  633 F. Supp. 2d at
4  856 (awarding attorneys' fees in the amount of $1,239,491.63).  Similarly, in *Rodriguez v.*
5  *Cty. of Los Angeles*, the court noted the excellent work of the plaintiffs' attorneys and the
6  "aggressive opposition" they faced as well as the "serious risk of receiving no payment for
7  their performance of thousands of hours of work" as justification for a lodestar multiplier
8  of 2.0 and a total attorneys' fee award of $5,378.174.66 for a case involving excessive force
9  claims by prisoners against the county brought under both federal and California state law.
10  96 F. Supp. 3d 1012, 1025–26 (C.D. Cal. 2014), *aff'd*, 891 F.3d 776 (9th Cir. 2018); *see*
11  *also Carruthers v. Israel*, 274 F. Supp. 3d 1345, 1350-51 (S.D. Fla. 2017) (finding that the
12  NPP's work on behalf of prisoners was "directly and reasonably incurred in enforcing the
13  relief ordered for the violation" and awarding Plaintiffs $757,840.00 in attorneys' fees);
14  *Dunn v. Dunn*, 318 F.R.D. 652, 681 (M.D. Ala. 2016) (awarding lodestar figure of
15  $989,000.00 for attorneys' fees in class action by prisoners); and *Trueblood v. Wash. State*
16  *Dep't of Social & Health Svcs.*, Case No. C14-1178MJP, 2015 WL 12030114, at *1-2
17  (W.D. Wash. 2015) (awarding $1,267,769.10 in fees for 3,232.77 hours of class action
18  enforcement work on behalf of prisoners).

19  Each factor discussed above supports the award of a 2.0 fee enhancement.

20  Reasonable attorneys' fees include reimbursement of expenses and the Stipulation
21  specifically allows Plaintiffs to seek costs when they are a prevailing party. [Doc. 1185 ¶
22  43] Plaintiffs' counsel have provided the Court itemized lists of expenses appended to the
23  Kendrick and Fathi Declarations. [Kendrick Decl., Ex. B; Fathi Decl., Ex. B] The expenses
24  reflected in Plaintiffs' counsels' records are those for which reimbursement is typically
25  billed to clients. [*See* Kendrick Decl. ¶ 7; Fathi Decl. ¶ 20] The Court **FINDS t**hat Plaintiffs'
26  expenses in the amount of $7,141.41 are reasonable.

27  **IT IS THEREFORE ORDERED** that Defendants shall pay $189,858.60 in
28  attorneys' fees, a $189,858.60 enhancement to those fees, and $7,141.41 in expenses. In

total, Defendants shall pay Plaintiffs' counsel $386,858.61 in fees, costs and enhancements plus interest from the date of this order pursuant to 28 U.S.C. § 1961.