Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: jkeenan@acluaz.org
    carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections, Rehabilitation, and Reentry; and Larry Gann, Assistant Director of the Medical Services Contracting Monitoring Bureau, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-ROS<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 60 MOTION FOR RELIEF FROM COURT ORDER (DOC. 3734)** <br>**[Dkt. 3756]** |

LEGAL23774493.1

**INTRODUCTION**

The September 4 Order (Doc. 3734), directed Defendants (1) to produce within 14 days all outstanding maximum custody documents the Court previously ordered produced two-and-a-half months earlier, and (2) to pay Plaintiffs' attorneys' fees incurred in attempting to obtain the reports. On September 18, 2020, Defendants filed a document titled "Notice of Compliance with Court Order," (Doc. 3755), which was nothing of the sort. Rather than notify the Court of Defendants' compliance with the Order, it instead purported to justify their *failure* to comply because their recordkeeping "ha[s] not returned a reasonably reliable data sample," and "obstacles [] have become insurmountable" in producing the ordered reports. Doc. 3755 at 2. They also filed the instant Rule 60 Motion for Relief, asking the Court to vacate the September 4 Order, and repeating previously rejected arguments that the Court lacks authority to issue such an order, or that they do not have to track subclass members' progress through the maximum custody step program developed to implement the Stipulation's maximum custody requirements. [Doc. 3756]

As detailed below, the Court's Order is interlocutory, and a Rule 60(b) motion is accordingly unavailable. Even if the Order were reviewable under Rule 60(b), such a motion is not the vehicle to relitigate arguments that the Court already rejected, nor have Defendants met the heavy burden—which is entirely theirs—to demonstrate extraordinary circumstances beyond their control that necessitate vacatur. And Defendants' brazen disregard for the two Ninth Circuit decisions affirming the scope of the Court's power in this case is sanctionable.

The Court should deny Defendants' motion, sanction their counsel for their failure to acknowledge or adhere to the two controlling Ninth Circuit decisions in this case, and order Defendants to pay Plaintiffs' attorneys' fees associated with this response. The Court also should sanction Defendants under Rule 37(b)(2)(A) for their failure to comply with the Order, and hold that Plaintiffs' allegations of noncompliance with the maximum custody performance measures set forth in the pending enforcement motion (Doc. 3590) are taken as established. [Fed. R. Civ. P. 37(b)(2)(A)(i)]

LEGAL23774493.1

**ARGUMENT**

**I.   The Court's Power To Issue the Discovery Order Is Incontrovertible, And Defendants' Disregard for the Law of the Case is Sanctionable**

Defendants argue the Order "exceeds the scope of the Stipulation" and the Court's "authority in this matter is restricted to 'enforcement of the performance measures.'" Doc. 3756 at 4. Defendants fail to acknowledge that not once, but twice, the Ninth Circuit unequivocally rejected these arguments and affirmed this Court's authority to issue further orders under its Article III power and the Stipulation's plain language. [*Parsons v. Ryan*, ("*Parsons III*"), 949 F.3d 443, 454–55 (9th Cir. 2020) ("The Stipulation provides the district court the authority to 'enforce this Stipulation through all remedies provided by law,' subject to a few limitations."); *Parsons v. Ryan*, ("*Parsons II*"), 912 F.3d 486, 497–503 (9th Cir. 2018) ("[T]he Stipulation is clear on the limits of the district court's authority."), *cert denied sub nom. Ryan v. Jensen*, 140 S. Ct. 142 (2019)]

For example, Defendants assert that the Stipulation is "a private settlement agreement" and "[a]t no time has there been any finding, verdict, or judgment that Defendants had committed any constitutional violation . . . ." Doc. 3756 at 2. But in 2020, the Ninth Circuit rejected their fixation on the shibboleth of the words "private settlement agreement" somehow limiting the scope of the district court's power. *Parsons III*, 949 F.3d at 454. And in 2018, the Ninth Circuit flatly rejected Defendants' argument that there was no determination of a constitutional violation made against them, and thus the district court somehow lacked power to issue further orders:

> Defendants are incorrect. In approving the Stipulation, the district court held "[b]ased upon the entire record in this case and the parties' Stipulation" that the Stipulation was "necessary to correct the violations of the Federal right of the Plaintiffs." This conclusion necessarily required a finding of a constitutional violation—that is, if there were no violation of a federal right, there would be nothing for the Stipulation to "correct." Therefore, the district court found the requisite constitutional violation in granting the initial prospective relief in this case.

*Parsons II*, 912 F.3d at 501 (alteration in original).[1]

---

[1] The Ninth Circuit also rejected Defendants' argument that the district court had to make new findings of a constitutional violation before entering an order. [912 F.3d at 501]

Moreover, counsel's disregard of, and failure even to acknowledge—let alone distinguish—the law of the case runs afoul of Rule 11 of the Federal Rules of Civil Procedure and the Arizona Rules of Professional Conduct. [*See* Ariz. R. Prof. Conduct, E.R. 3.3(a)(2) ("A lawyer shall not knowingly [. . .] fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer . . . ."); *id.*, Comment at 4 ("Legal argument based on a knowingly false representation of the law constitutes dishonesty toward the tribunal"); *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992) ("Sanctions must be imposed on a signer of a paper if the paper either is filed for an improper purpose or is frivolous.") (citing *Townsend v. Holman Consulting Corp.*, 929 F.3d 1358, 1362 (9th Cir. 1990) (en banc)); *cf. Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (holding that courts have inherent power to issue sanctions in response to abusive litigation practices); *see also Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19, 24 (D.D.C. 2004) ("[W]here a party reiterates arguments that have already been unequivocally rejected by the Court, and its pleadings reflect a deliberate decision to ignore an opinion of the Court which is the controlling law of the case, sanctions are warranted under Rule 11."); *Ortiz-Tarazon v. United States*, No. 12-00877-01-PHX-JAT, 2017 WL 588738, at *1 (D. Ariz. Feb. 14, 2017) ("[T]his Court cannot reconsider the Court of Appeals' merits decision because it is law of the case.")]

Accordingly, the Court should reject Defendants' argument that the Court lacks the power to issue the September 4 Order, sanction counsel pursuant to Rule 11, and order Defendants to pay Plaintiffs' attorneys' fees associated with responding to this motion.

**II.    The Discovery Order is Not Final and Rule 60(b) Does Not Apply**

Rule 60(b)(6) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons [. . . or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Advisory Committee's note to the 1946 amendment of Rule 60(b) states that "[t]he addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments

1  are not brought within the restrictions of the rule, but rather they are left subject to the
2  complete power of the court rendering them to afford such relief from them as justice
3  requires." *Id*., Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment.

4  Here, Defendants seek Rule 60(b) relief from a discovery order, which is not a
5  "final" order. *See Truckstop.net, LLC v. Sprint Corp*., 547 F.3d 1065, 1067 (9th Cir.
6  2008) (holding that discovery orders are interlocutory in nature and nonappealable under
7  28 U.S.C. § 1291); *U.S. v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) (holding that
8  Rule 60(b) is inapplicable to discovery orders because they are not final appealable
9  orders); *Admiral Ins. Co. v. U.S. Dist. Ct. for the Dist. of Ariz*., 881 F.2d 1486, 1490 (9th
10 Cir. 1989) (same); *see also United States v. Nixon*, 418 U.S. 683, 690-91 (1974) (holding
11 that interlocutory review of discovery orders is highly disfavored). The fact that this is a
12 post-judgment discovery order makes no difference, as post-judgment discovery orders
13 also are not final until after the issuance of a contempt order for failure to comply with the
14 discovery order. [*Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1471
15 n.1 (9th Cir. 1992); *accord Piratello v. Philips Elecs. N. Am. Corp*., 360 F.3d 506, 508-09
16 (5th Cir. 2004) (holding that post-judgment orders granting discovery are not considered
17 final judgments unless or until there is a contempt order for failure to comply.)

18 As the Court has not (yet) held Defendants in contempt for their failure to abide by
19 the September 4 Order, it is not final, and Rule 60(b) does not apply.

20 **III.   Even If the Discovery Order Were a Final Order Subject to Rule 60(b), Defendants Fail to Show Extraordinary Circumstances That Warrant Modification or Vacatur.**
21

22 **A. Rule 60(b) Does Not Permit Relitigation of Issues Already Decided.**

23 As the Court noted in a previous denial of a Rule 60(b)(6) motion filed by
24 Defendants, the rule "is used only sparingly as an equitable remedy to prevent manifest
25 injustice[,]" "[t]his procedural mechanism is reserved for extraordinary circumstances
26 such as a case dismissed because of an attorney's gross negligence[,]" and "the moving
27 party must be able to show both injury and circumstances beyond its control . . . ."
28 *Parsons v. Ryan*, No. 2:12-cv-00601-PHX-ROS, 2018 WL 6002515, at *3 (D. Ariz.

Nov. 15, 2018) (citations and quotation marks omitted), (Doc. 3057 at 7); *see also Mattivi Bros. Leasing Inc. v. Ecopath Indus. LLC*, No. CV-10-0049-PHX-DGC, 2011 WL 2784609, at *3 (D. Ariz. July 14, 2011) ("Rule 60(b)(6) places the burden entirely on [a moving party]."); 11 Fed. Prac. & Proc. Civ. § 2864 (3d ed. 2020) ("Courts have found extraordinary circumstances justifying relief . . . in a limited number of cases.")

The desire to reassert a previously failed argument is not an extraordinary circumstance justifying relief from an order, as "[i]t is not the proper function of a Rule 60(b) motion to reargue matters that have already been litigated." *Ctr. for Biological Diversity v. Norton*, 304 F. Supp. 2d 1174, 1178 (D. Ariz. 2003) (citing *Crateo v. Intermark, Inc.*, 536 F.2d 862, 870 n.15 (9th Cir. 1976), and *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)); *see also Prudential Equity Grp., LLC v. Rowland*, No. 07-801-PHX-EHC, 2008 WL 11338875, at *2 (D. Ariz. Dec. 8, 2008) ("Dissatisfaction with the Court's order is not an adequate ground for relief, under Rule 60(b)."); *Cincinnati Ins. Co. v. All Plumbing, Inc. Serv., Parts Installation*, 64 F. Supp. 3d 69, 75 (D.D.C. 2014) ("Rule 60(b)(6) relief is inappropriate where Plaintiff merely reargues the theory he originally advanced.") (internal quotation marks, brackets, and citation omitted).

Defendants argue they do not have "to statistically analyze or monitor length of custody/step level stay data for ADCRR's maximum custody population." Doc. 3756 at 5. The Court already considered and rejected this argument, when it found that the "obvious purpose and intent of the Stipulation" requires that subclass members progress through the Step Matrix because "Defendants' position that they can, if they wish, keep prisoners at a particular step level in perpetuity would render the benefits of the Stipulation completely illusory." Doc. 3734 at 3, citing to Defendants' prior argument at Doc. 3701 at 3.[2] Defendants' recycled arguments are not cognizable under Rule 60(b)(6). *See Parsons*,

---

[2] The Court observed that it is "unclear how Defendants can be administering the Step Matrix in good faith if they have no way of knowing whether prisoners are actually progressing." Doc. 3734 at 5.

2018 WL 6002515, at *3 ("Here, Defendants' motions for relief rely entirely on arguments that were presented, considered, and rejected."), (Doc. 3057 at 7); *Norton*, *supra*, 304 F. Supp. 2d at 1178.[3]

### B. Defendants' Alleged Inability To Track Subclass Members' Progress in the Step Matrix Is Not an Extraordinary Circumstance that Warrants Relief

Defendants attempt to elide the very high standards required to prevail on a Rule 60(b) motion by selectively cherry-picking quotes from caselaw. First, their brief quotes the *dissenting* opinion in *Gonzalez v. Crosby*, 545 U.S. 542 (2005), but fails to disclose that fact to the Court. [Doc. 3756 at 4, quoting 545 U.S. at 542 (Stevens, J., dissenting)] In *Gonzalez*, the Supreme Court held that the district court was correct to deny relief under Rule 60(b)(6) when the petitioner did not show "extraordinary circumstances" warranting relief from his conviction. 545 U.S. at 536.

Next, Defendants quote *Buck v. Davis*, 137 S. Ct. 759, 778 (2017), and *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988), for a general proposition that Rule 60(b) motions should be decided on a "wide range of factors" including "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." Doc. 3756 at 4. But they cite *Liljeberg* for something that it did not hold. The case did not involve a court order, but rather the integrity of the judicial process in and of itself. In *Liljeberg*, the respondent moved to vacate the final judgment on the basis that he did not learn until afterwards that the district judge was on the board of trustees of a third-party university that was in active negotiations with the petitioner regarding the dispute before the court. The respondent filed a Rule 60(b)(6) motion on the basis that the judge should have disqualified himself under 28 U.S.C. § 455(a).[4] The

---

[3] Defendants do not meet the standard for a Motion for Reconsideration as set forth in Local Rule 7.2(g) or relevant caselaw. *See Hen v. City of L.A.*, 244 F. App'x 794, 797 (9th Cir. 2007) ("[A] motion for reconsideration is not a means to reargue a previous position."). Moreover, as Defendants do not assert they meet that standard, any such argument is waived, and thus the Court should not countenance any argument on reply that it construe their Motion in the alternative as a Motion for Reconsideration.

[4] "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

1  paragraph from which Defendants selectively cherry-picked phrases reads in full:

> We conclude that *in determining whether a judgment should be vacated for a violation of § 455(a)*, it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process.

*Liljeberg*, 486 U.S. at 864 (emphasis added).

Finally *Buck*, while citing to the two of the risks enumerated in *Liljeberg*, also was no run-of-the-mill case setting out the legal standard for Rule 60(b)(6) motions, but again involved the integrity of the judicial process. *See* 11 Fed. Prac. & Proc. Civ. § 2864 n.39 (describing *Buck* as "a very unusual case"). *Buck* involved a death-sentenced person's ineffective-assistance-of-counsel claim after his defense attorney called a psychologist who testified that Mr. Buck's race put him at a higher probability of future dangerousness, which was one of the factors to be considered when imposing a death sentence. The Supreme Court held that "[*i*]*n the circumstances of this case*, the District Court abused its discretion in denying Buck's Rule 60(b)(6) motion. . . . Buck may have been sentenced to death in part because of his race[,] . . . a disturbing departure from a basic premise of our criminal justice system[.] . . . Relying on race to impose a criminal sanction *poisons* public confidence in the judicial process." 137 S. Ct. at 778 (citations and quotation marks omitted, emphasis added). In other words, *Buck* stands for the proposition that the "infusion of race as a factor" in sentencing a human to death is "extraordinary" in "nature." *Id.* (citation and quotation marks omitted). Indeed, Justice Thomas expressly noted in his dissent that the opinion does not announce "any new principles of law[,] . . . leav[ing] untouched . . . established principles governing . . . Rule 60(b)(6) motions." *Id.* at 786 (Thomas, J., dissenting).

But even if the standard for granting a Rule 60(b) motion was not "extraordinary circumstances" but instead the more amorphous and looser standard of "risk of injustice to the parties" or the "risk of undermining the public's confidence in the judicial process," as Defendants argue it is, they then completely fail to offer any evidence that producing the ordered reports and paying Plaintiffs' attorneys' fees will result in any injustice to them,

or undermine the public's confidence in the judicial process. They have therefore waived any argument regarding that point. *See Greenawalt v Ricketts*, 943 F.2d 1020, 1027 (9th Cir. 1991) (deeming failure to argue an issue to be a concession).

### IV. The Court Should Sanction Defendants For Their Failure to Provide the Ordered Reports or Track Relevant Information By Holding Plaintiffs' Allegations Regarding Noncompliance with the MCPMs to be Established.

Rule 37(b)(2)(A) sets out the sanctions courts may issue for disobeying a discovery order, including "directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims" or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(i) and (ii); *see, e.g.*, *Tacori Enterprises v. Beverlly Jewellery Co.*, 253 F.R.D. 577, 581–82 (C.D. Cal. 2008) (sanctions establishing facts is available where disobedience of a court order is not shown to be outside the litigants' control). If less drastic monetary sanctions such as awarding attorneys' fees to the prejudiced party do not bring a defiant party into compliance with a court's discovery order, then evidentiary sanctions are appropriate. [*Id*. at 583; *see Henry v. Gill Indus. Inc*., 983 F.2d 943, 948 (9th Cir. 1993) (affirming dismissal after monetary sanctions did not end a party's discovery abuses)]$^5$

Ironically, Defendants attack Plaintiffs' max custody enforcement motion as offering "[i]solated, anecdotal evidence of a relatively few individual members" and "unsubstantiated and speculative allegation." Doc. 3756 at 7 (quoting *G. v. Hawaii*, 794 F. Supp. 2d 1119, 1152 (D. Haw. 2011)) (internal quotation marks omitted). While this is false, as Plaintiffs' evidence is abundant, including numerous sworn declarations by subclass members and hundreds of pages of Defendants' own documents, the reason the

---

$^5$ This Court has previously sanctioned Defendants for their inappropriate and abusive discovery practices. [Doc. 268 at 1] A court may, when deciding whether to sanction a party, "properly consider all of a party's discovery misconduct . . . , including conduct which has been the subject of earlier sanctions." *Payne v. Exxon Corp*., 121 F.3d 503, 508 (9th Cir. 1997).

LEGAL23774493.1                               -8-

disputed documents and reports at issue were requested—initially in December 2019—was precisely to show the widespread, systemic nature of the problems. Despite the obvious need identified by the Court for Defendants to track how long people spend in maximum custody and at each step in order to show compliance with maximum custody performance measures (Doc. 3734 at 3), Defendants admit that they have chosen not to track this, and refuse to produce the ordered reports. [Doc. 3701 at 1-2]

Parties must comply with a court order, and compliance is required within the time limits set forth in the order unless a stay is granted or time extended. *Maness v. Meyers*, 419 U.S. 449, 458-59 (1975). Defendants failed to seek and obtain either a stay or an extension of time prior to the September 18 deadline set forth in the Order, and they cannot nonchalantly ignore the deadline.[6] *See Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997) ("Many of the discovery responses eventually tendered by the plaintiffs came only as the discovery period was drawing to a close, or after it had already closed. [Defendants] were therefore deprived of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy."); *see also North Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986) ("Belated compliance with discovery orders does not preclude the imposition of sanctions.").

Therefore, as a sanction for Defendants' refusal to abide by the September 4 Order, the Court should hold that Plaintiffs' allegations of noncompliance with the maximum custody performance measures in their pending enforcement motion (Doc. 3590), are taken as established. [Fed. R. Civ. P. 37(b)(2)(A)(i)]

## CONCLUSION

The Court should deny Defendants' Rule 60(b) motion, sanction their counsel for their failure to acknowledge or adhere to the controlling law of the case, and order Defendants to immediately pay Plaintiffs' attorneys' fees associated with responding to this motion. The Court should also sanction Defendants pursuant to Rule 37(b)(2)(A) for

---

[6] The Court has already had to extend the deadline for Plaintiffs' Reply multiple times due to Defendants' delays in producing relevant responsive documents.

their failure to abide by the order to produce the documents, and find that Plaintiffs' allegations of noncompliance with the maximum custody performance measures in their pending enforcement motion are established.

Dated: October 2, 2020

Respectfully submitted,

**PRISON LAW OFFICE**

By: s/ Corene T. Kendrick
 Donald Specter (Cal. 83925)\*
 Alison Hardy (Cal. 135966)\*
 Sara Norman (Cal. 189536)\*
 Corene T. Kendrick (Cal. 226642)\*
 Rita K. Lomio (Cal. 254501)\*
 1917 Fifth Street
 Berkeley, California 94710
 Telephone: (510) 280-2621
 Email: dspecter@prisonlaw.com
  ahardy@prisonlaw.com
  snorman@prisonlaw.com
  ckendrick@prisonlaw.com
  rlomio@prisonlaw.com

\*Admitted *pro hac vice*

David C. Fathi (Wash. 24893)\*
Maria V. Morris (Cal. 223903)\*
Eunice Hyunhye Cho (Wash. 53711)\*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@aclu.org
  mmorris@aclu.org
  echo@aclu.org

\*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email: dbarr@perkinscoie.com
  agerlicher@perkinscoie.com
  jhgray@perkinscoie.com

LEGAL23774493.1

-10-

Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:  jkeenan@acluaz.org
  carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By: s/ Maya Abela
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:  adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
  rdalyrooney@azdisabilitylaw.org
  jrico@azdisabilitylaw.org
  mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

# CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2020, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com

*Attorneys for Defendants*

s/ C. Kendrick