**Index of Exhibits to Declaration of Maria V. Morris**

| Ex. | Description | Bates No. | Filing Type |
|-----|-------------|-----------|-------------|
| 1 | .pdf spreadsheet showing the number of days each person in max custody as of June 30, 2020 had spent at each step level | ADCM1644935-1644973 | Under Seal |
| 2 | Supplemental Declaration of Adrian Montoya, dated June 25, 2020 | None | Public |
| 3 | Supplemental Declaration of Stephen Dionne, dated June 25, 2020 | None | Public |
| 4 | Declaration of Daniella Osborn, dated August 5, 2020 | None | Public |
| 5 | Supplemental Declaration of Leonard Medina, dated June 26, 2020 | None | Public |
| 6 | Supplemental Declaration of Conrad Alvarez, dated July 7, 2020 | None | Public |
| 7 | Supplemental Declaration of Tyson Anderson, dated July 8, 2020 | None | Public |
| 8 | Supplemental Declaration of Daniel Carpio, dated July 7, 2020 | None | Public |
| 9 | Supplemental Declaration of Damasso Aguilar, dated June 7, 2020 | None | Public |
| 10 | Supplemental Declaration of Jason Johnson, dated June 7, 2020 | None | Public |
| 11 | Supplemental Declaration of Thomas Hernandez, dates June 7, 2020 | None | Public |
| 12 | Supplemental Declaration of David Gonzales, dated July 7, 2020 | None | Public |
| 13 | Declaration of Samuel Santillana, dated July 8, 2020 | None | Public |
| 14 | Supplemental Declaration of Roberto Ramirez, dated June 26, 2020 | None | Public |
| 15 | Declaration of Jesse Sernas, dated August 3, 2020 | None | Public |
| 16 | Declaration of Nathan Engelking, dated August 6, 2020 | None | Public |

| 17 | Declaration of James Young, dated August 3, 2020 | None | Public |
|---|---|---|---|
| 18 | Supplemental Declaration of Jesse Canez, dated June 29, 2020 | None | Public |
| 19 | Declaration of Raymond Olson, dated July 1, 2020 | None | Public |
| 20 | Declaration of Dustin Brislan dated September 25, 2020, and Exhibits A-D | None | Public |
| 21 | CO Hiring Reports for the last week of the month from November 2018 through July 2020 for ASPC Eyman | ADCM1626659-1626660, ADCM1626664-1626683 | Under Seal |
| 22 | CO Hiring Reports for the last week of the month from November 2018 through July 2020 for ASPC Lewis | ADCM1629023, ADCM1629025, ADCM1629027, ADCM1629029, ADCM1629031, ADCM1629033, ADCM1629035, ADCM1625603-ADCM1625616 | Under Seal |
| 23 | CO Hiring Reports for the last week of the month from November 2018 through July 2020 for ASPC Florence | ADCM1628120-1628134, ADCM1628137, ADCM1628140, ADCM1628143, ADCM1628146, ADCM1628149, ADCM1628152 | Under Seal |
| 24 | Priority Post Plans for ASPC Eyman in 2019 and 2020 | ADCM1626721-1626730 | Under Seal |
| 25 | Priority Post Plans for ASPC Florence | ADCM1620623-1620627 | Under Seal |
| 26 | Email and memorandum entitled "Notes for the Director's Briefing," from March 10, 2020 | ADCM1636277-1636280 | Under Seal |
| 27 | Cancellation Memo for January 2020 for Florence-Kasson | ADCM1637246-1637247 | Under Seal |
| 28 | Cancellation Memo for December 2019 for Eyman-Browning | ADCM1619403-1619406 | Under Seal |

| 29 | Cancellation Memo for November 2019 for Eyman-Browning | ADCM1616219-1616224 | Under Seal |
|---|---|---|---|
| 30 | Priority Post Plans for ASPC Lewis, in effect as of July 1, 2020 | ADCM1629043-1629047 | Under Seal |
| 31 | Screenshot of the maximum custody step progression of R███ S███ | ADCM1645254 | Under Seal |
| 32 | Screenshot of the maximum custody step progression of J██ O██ | ADCM1645968 | Under Seal |
| 33 | Screenshot of the maximum custody step progression of J███ M███ | ADCM1645252 | Under Seal |
| 34 | Screenshot of the maximum custody step progression of D███ P███ | ADCM1647226 | Under Seal |
| 35 | Screenshot of the maximum custody step progression of I█ S███ | ADCM1649392 | Under Seal |
| 36 | Screenshot of the maximum custody step progression of K██ C█ | ADCM1645174 | Under Seal |
| 37 | Screenshot of the maximum custody step progression of E███ B██ | ADCM1645179 | Under Seal |
| 38 | Screenshot of the maximum custody step progression of P██ R█ | ADCM1647278 | Under Seal |
| 39 | Screenshot of the maximum custody step progression of A███ S█ | ADCM1648997 | Under Seal |
| 40 | Screenshot of the maximum custody step progression of J██ E██ | ADCM1648884 | Under Seal |
| 41 | July 16, 2020 letter from Maria Morris to Tim Bojanowski noting that subclass member M███ A████ had not had group therapy since April 7, 2020, and the August 6, 2020 response from Mr. Bojanowski | None | Under Seal |
| 42 | Screenshot from electronic medical record system showing that the last group therapy Mr. A████ had was on April 7, 2020 | None | Under Seal |
| 43 | Three out-of-cell time tracking forms for subclass members at Step 3 included in the December 2019 Eyman-SMU I Maximum Custody Notebook | ADCM1619892, ADCM1619913, ADCM1619953 | Under Seal |

| 44 | Two out-of-cell time tracking forms for subclass members at Step 3 & one for a subclass member at Step 2 included in the December 2019 Lewis-Rast Maximum Custody Notebook | ADCM1638295, ADCM1638353, ADCM1638385 | Under Seal |
|----|----|----|----|
| 45 | Out-of-cell time tracking form included in the December 2019 Maximum Custody Notebook for Eyman-Browning | ADCM1619418 | Under Seal |

FILED UNDER SEAL

# EXHIBIT 1

# EXHIBIT 2

Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:  jkeenan@acluaz.org
　　　　 carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **DECLARATION OF ADRIAN MONTOYA** |

LEGAL23774493.1

I, Adrian Montoya, hereby swear and declare:

1. I am a class member in this matter. I am incarcerated at ASPC-Eyman, and my ADC number is 220094. If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2. I am providing this declaration to supplement the one I executed on December 12, 2019, that was filed with the Court on May 20, 2020, at Docket 3600-1, Exhibit 1 (ECF Doc. 3600-1 at 3-6).

3. I am currently housed in Browning Unit, at 1-Baker cluster, pod 1. I have been in Browning for 6-1/2 years. I am at Step 3 in the max custody stepdown program. I have been at the Step 3 level for 3-1/2 years, and discipline-free for that long as well.

4. In my last declaration, I described how my access to out-of-cell recreation and showers had been cancelled and was inconsistent. Doc. 3600-1 at 4-6, ¶¶ 4-11. This access has become worse since the COVID-19 pandemic. The Browning Unit has been on lockdown since March 2020 due to a shortage of staff and COVID-19.

5. Almost every morning at about 6 am, an officer will come in and announce whether there is enough staff that day for them to do rec and showers, and let the porters out that day. More than 60% of the time, they cancel movement for the day because there aren't enough officers. There are often days when there is no officer working for a good part of the day in the central control observation bubble that oversees all of the pods in the Baker cluster. They will leave the front door to our pods and cluster open so that officers elsewhere in the Browning building can come and go out of the cluster without the person in the bubble buzzing them in and out, or if there are problems.

6. There is a person in my pod who has had medical emergencies several times in the past month, and there was no staff in the control area to respond. About two weeks ago, he had an emergency and his cellmate and the rest of us in the pod were kicking our cell doors for about 30 to 40 minutes before an officer working in another part of the building finally responded. It took another ten minutes for the nurse to arrive after the officer called medical for help.

7.     We are supposed to have outdoor recreation three times a week for two hours.  We have not had any outdoor recreation in the big recreation area since mid-March 2020.  We are supposed to be offered the opportunity to go to the small enclosed concrete pen attached to our pod, three times a week for two to three hours, but in the past two weeks I have only been able to go once.  The officers have cancelled recreation in the pen multiple times in the past few months due to a lack of staff.  The enclosed area is a concrete room about 20 by 10 feet with very tall concrete walls and a chain link fence on the top.  The only thing for recreation is a handball to throw against the wall.  You can take a cup or bottle of water with you, but there is no additional water or toilet out in the concrete pen, and if you are locked out there for two hours, there's no way to come back sooner to your cell to get more water or to get access to a toilet.  When we get to use the concrete pen, we go one at a time.  The handball is not cleaned between each prisoner, and nobody wears face coverings because they haven't offered them to us.  The area is not swept or kept clean.  In the past, I have refused to go to the concrete pen because they offer it very early in the morning or it is too hot.

8.     The people who are at the Step 2 or Step 3 levels of the max custody program are supposed to have at least one hour a week of group programming.  I have not been offered group programming since January 2020.  It would be possible to do group programming safely if they moved our chairs further apart.

9.     We are also supposed to get an hour of "table time" by ourselves each week in the common area, but the last time I asked, the officers said we are no longer allowed table time because of a shortage of staff.

10.     We are supposed to get showers every 72 hours, but sometimes we go four or five days without being offered a shower.  I filed a grievance a couple months ago about not getting my showers, and the response said that showers were cancelled due a shortage of custody staff.

11.     The showers only get cleaned when the porters get out every few days.  The prisoners try to use their shampoo or soap to clean the shower after they use it, in common

1  courtesy to the next person taking a shower.  The staff will keep us locked in the shower
2  for at least an hour or more after we are done bathing, because there is nobody in the
3  control bubble to come let us out.  I sometimes refuse to go to shower because I don't
4  want to be standing in the hot and steamy shower for over an hour, and I "bird bath" in my
5  cell instead.

6      12.    The cluster at Browning Unit's 1-Charlie is across the hall from mine at 1-
7  Baker, and it is used for quarantining people with COVID-19.  About one month ago, I
8  was doing a legal call at 1-Baker, and I saw an officer walk from 1-Charlie and take off a
9  face mask and a paper robe, keep his plastic gloves on, and then come directly in to 1-
10  Baker to pass out dinner trays. I asked him why he was coming into my cluster, because
11  we were told the people working in the quarantine pod were supposed to be there all day.
12  He said that it was okay.  Because of the shortage of staff, the officers that work at 1-
13  Baker will go over to 1-Charlie and unlock the doors for nursing staff.

14      13.    I have not seen any signs posted in my unit explaining the symptoms of
15  COVID-19, or how to prevent the spread of the virus by covering your face or by staying
16  six feet apart from other people.  What I have learned about preventing the spread of the
17  virus is from watching the news.

18      14.    I know that ADC said that they would supply prisoners with soap as needed
19  upon request for COVID hygiene purposes.  This is not happening at my  unit.  The only
20  soap they offer is a little bar of soap, and it is only offered every other Sunday, if soap is
21  available.  The bar of soap is tiny and looks like something you would get at a motel.  I
22  have to buy soap and body wash from the commissary to supplement what is offered.

23      15.    I clean my cell using my shampoo and body wash.  I am not provided any
24  cleaning products like Clorox or bleach.  The porters give us a bottle of what seems to be
25  watered-down Pine Sol to use to clean our cells when they can, at most once a week.

26      16.    The porters are allowed out of their cells to clean the common areas only
27  when there is enough staff to supervise them. This is usually twice a week and if we're
28  lucky, three times a week. They are cleaning the common area with the same watered-

down Pine Sol.

17.    I was told that ADC said in March that they would be doing deep cleaning of all housing units on a weekly basis to disinfect for COVID.  I have not seen this happen in my pod's common area.

18.    The prisoners have not been offered any sort of face coverings.  When the pandemic started, some prisoners were using bandanas to cover their faces when they were in common areas, and they received disciplinary tickets for covering their faces.

19.    On Tuesday, June 23, I went to the clinic to get my blood pressure checked and to see the provider.  The officer who was escorting me was not wearing a mask or face covering when he was a couple feet away from me.  Based on my observations, it appears that only about 50% of the officers wear any sort of face covering consistently.

20.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED June 25, 2020, in Florence, Arizona.

/s/ Adrian Montoya
_____
Adrian Montoya


On June 25, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Corene Kendrick, read the contents of this declaration, verbatim, to Adrian Montoya by telephone. Mr. Montoya orally confirmed that the contents of the declaration were true and correct.  He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Corene Kendrick
_____
Corene Kendrick

# EXHIBIT 3

1   Jared G. Keenan (Bar No. 027068)
    Casey Arellano (Bar No. 031242)
2   **ACLU FOUNDATION OF ARIZONA**
    3707 North 7th Street, Suite 235
3   Phoenix, Arizona 85013
    Telephone:  (602) 650-1854
4   Email:  jkeenan@acluaz.org
                carellano@acluaz.org
5
    *Attorneys for Plaintiffs Shawn Jensen, Stephen*
6   *Swartz, Sonia Rodriguez, Christina Verduzco, Jackie*
    *Thomas, Jeremy Smith, Robert Gamez, Maryanne*
7   *Chisholm, Desiree Licci, Joseph Hefner, Joshua*
    *Polson, and Charlotte Wells, on behalf of themselves*
8   *and all others similarly situated*

    **[ADDITIONAL COUNSEL LISTED ON**
9   **SIGNATURE PAGE]**

10  Asim Dietrich (Bar No. 027927)
    **ARIZONA CENTER FOR DISABILITY LAW**
11  5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
12  Telephone:  (602) 274-6287
    Email: adietrich@azdisabilitylaw.org
13
    *Attorneys for Plaintiff Arizona Center for Disability*
14  *Law*

    **[ADDITIONAL COUNSEL LISTED ON**
15  **SIGNATURE PAGE]**

16              UNITED STATES DISTRICT COURT

17                   DISTRICT OF ARIZONA

18  Victor Parsons; Shawn Jensen; Stephen Swartz;          No. CV 12-00601-PHX-ROS
    Dustin Brislan; Sonia Rodriguez; Christina
19  Verduzco; Jackie Thomas; Jeremy Smith; Robert          **DECLARATION OF**
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph        **STEPHEN DIONNE**
20  Hefner; Joshua Polson; and Charlotte Wells, on
    behalf of themselves and all others similarly
21  situated; and Arizona Center for Disability Law,

22                      Plaintiffs,

23         v.

24  David Shinn, Director, Arizona Department of
    Corrections, Rehabilitation and Reentry; and Larry
25  Gann, Assistant Director, Medical Services Contract
    Monitoring Bureau, Arizona Department of
26  Corrections, Rehabilitation and Reentry, in their
    official capacities,
27                      Defendants.

28

LEGAL23774493.1

I, Stephen Dionne, hereby swear and declare:

1.     I am a class member in this matter.  I am incarcerated at ASPC-Eyman, and my ADC number is 166370.  If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2.     I am providing this declaration to supplement the one I executed on December 12, 2019, that was filed with the Court on May 20, 2020, at Docket 3600-1, Exhibit 3 (ECF Doc. 3600-1 at 13-16).

3.     I am currently housed in Browning Unit, in Wing 1-Baker-4.  I have been in Browning for three years.  I am currently a Step 3 in the max custody stepdown program. I have been at the Step 3 level for about 2-1/2 years.

4.     In my previous declaration, I described how my access to out-of-cell recreation and showers is inconsistent and often cancelled without explanation, or due to staffing shortages.  Doc. 3600-1 at 14, ¶¶ 2-4.  Unfortunately, that situation has become worse since the COVID-19 pandemic.  The Browning Unit has shut down all movement because of COVID-19.

5.     I should be offered out-of-cell exercise / recreation three times a week for two hours.  But for the past three months, since around March 20, 2020, I and the others in my pod have not been offered any out-of-cell recreation time on the main yard.  The reason we were told was because of COVID-19, because the officers said we could catch it.  We are only offered access to a little outdoor area attached to the pod cluster, which is enclosed with cement walls that go up about 20 feet, and is not much larger than my cell. There is nothing to do out in this area, as there is only a handball and the cement walls. We are supposed to be offered access to this outside area three times a week, but that doesn't happen because of staff shortages.  In the past two weeks, I have gone out twice. Sometimes the offer is made during the afternoon when it is really hot.  Some officers but not all, let us take a bottle of water outside with us, but we don't have access to more water out there. There is no toilet in this small enclosed area.  To my knowledge, the handball and the area is not cleaned between prisoners.  We are not allowed to wear a face

1    covering or gloves when we are in this small enclosed area.

2         6.    Since I am at the Step 3 level of the program, I am supposed to have one

3    hour per week of out-of-cell group programming.  ADC has not offered any sort of group

4    programming since mid-March, even though it would be possible to safely do it if we

5    spread the desks more than six feet apart from one another, or if they put an inmate in

6    every other desk, and gave us face coverings.

7         7.    We also are also no longer allowed out-of-cell "table time" in the common

8    area of my pod, when we can play board games by ourselves or write letters.  People at

9    the Step 3 level are supposed to get one hour per week of table time.  I have not been

10   offered table time since around February 2020.

11        8.    The officers always say that there are not enough custody staff to manage

12   us. The officers from Browning Unit are often called away to work at the other Eyman

13   yards.  Recently in past months, there has been such a shortage of officers at Browning

14   Unit that custody officers from the Yuma and Safford prisons were working here.  About

15   two or three weeks ago, another incarcerated person was suffering chest pains and

16   shortness of breath, laying on the floor.  His cellmate and the rest of us were banging on

17   the cell doors calling "man down" but there was nobody working in the main Baker

18   control area.  We were yelling and banging for almost forty minutes before an officer

19   working in a different pod at Browning showed up, and said he had heard us. It took

20   another ten to 15 minutes for the nursing staff to arrive after the officer called them for

21   help.

22        9.    Only some of the officers wear face coverings when they are interacting

23   with us, or escorting us to the showers or to the enclosed pen.

24        10.   I have not seen any signs posted in my unit explaining the symptoms of

25   COVID-19, or how to prevent the spread of the virus.  The only information I have is

26   from watching Dr. Fauci on television.

27        11.   ADC has said that prisoners can request free soap as much as is needed.  I

28   have not been provided with free soap whenever I have requested it, however.  We are

given one tiny bar of soap per week to wash up.  The free soap is inadequate – it is a very small bar, less than the size of a business card and would not last me for a week.  I have to buy additional soap to have enough to wash my hands and body.  I have to use my own hygiene supplies (body wash) that I purchase in order to clean my cell.  About every other week, we are provided a cleaning product that is a mildew reducer to use to clean our cells, but it does not have bleach in it.

12.     The common area of our pod is only cleaned a couple times a week, and again, the incarcerated people doing the cleaning are not provided cleaning products with bleach or disinfectant.  What they are using is basically water with the mildew reducer. After COVID-19 arrived, ADC said they would deep-clean living areas once a week. That has not happened at my pod. To my knowledge, the last time my pod was cleaned was with bleach was about six months ago, when the ACLU toured Eyman. The showers are not cleaned between each person, and based on my observations and to my knowledge, they are cleaned at most every other day by the porter. Otherwise we have to clean the shower ourselves using our soap or body wash before we use it.

13.     We are not provided any cloth face coverings or mask to wear when in the common area.  On June 23, 2020, I had a telemedicine appointment at the clinic.  I was not provided a mask by the officers escorting me, and they were not wearing masks themselves.  The nurse was wearing a mask when she took my vitals.  To my knowledge, the officers do not clean the handcuffs between prisoners, and I have seen them use the same pair of handcuffs on one prisoner after another.

14.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED June 25, 2020, in Florence, Arizona.

/s/ Stephen Dionne
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Stephen Dionne

On June 25, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Corene Kendrick, read the contents of this declaration, verbatim, to Stephen Dionne by telephone. Mr. Dionne orally confirmed that the contents of the declaration were true and correct.  He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Corene T. Kendrick

Corene T. Kendrick

# EXHIBIT 4

Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:  jkeenan@acluaz.org
          carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia
Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy
Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,
Joseph Hefner, Joshua Polson, and Charlotte Wells, on
behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE
PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE
PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br>    v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br>    Defendants. | No. CV 12-00601-PHX-ROS <br><br> **DECLARATION OF DANIELLA OSBORN** |

LEGAL23774493.1

1      I, Daniella Osborn, hereby swear and declare

2      1.     I am a class member in this matter.  I am incarcerated at ASPC-Eyman

3    Browning, and my ADC number is 178862.  If called as a witness, I could and would

4    testify competently to the facts stated herein, all of which are within my personal

5    knowledge.

6      2.     I am currently housed in Wing 1 Able Cluster cell 50.  I have been in this

7    unit since March 13, 2020.  I am currently a phase 3 in the close custody program, though

8    I remain housed in the Maximum Custody unit.

9      3.     ADC has provided us with minimal instruction on COVID-19 and how to

10   protect ourselves from infection. They only gave us a sheet of paper telling us to wash our

11   hands often. As such, most of what I know about COVID-19 has been learned from Prison

12   Law Office and ACLU correspondence.

13     4.     Every 10-14 days, ADC gives us a free bar of soap. You may be able to get

14   a replacement bar of soap if you run out within that period, but it depends on the CO. I am

15   indigent and cannot afford to purchase my own soap from the commissary, so there have

16   been times where I've had to go without soap for days after running out of the free soap.

17     5.     Once a week, an officer will provide us with two bottles of an anti-bacterial

18   cleaning solution to clean our cells. Since we aren't provided with additional cleaning

19   supplies such as a washcloth or scrubber, and I can't purchase my own from the

20   commissary, it is still difficult to clean our cells effectively.

21     6.     Once a week, the cleaning porters will clean the common areas of our

22   housing unit, though the cleanings are often ineffective because they aren't provided with

23   sufficient cleaning supplies. When the porters clean the showers, they will spray some

24   cleaning solution and attempt to scrub the showers with their brooms since they don't

25   have washcloths or scrubbers to wipe down the showers with. As a result, the showers

26   often remain filthy with mold and occasionally poop. As for the rest of the common areas,

27   the porters aren't always provided with a mop, so there have been weeks in which the

28   porters have only swept through those common areas with a broom without doing

1   anything else.

2         7.      We were finally provided with cloth masks made from the same material as

3   our bedding sheets, though this was only 3 weeks ago.

4         8.      We are offered recreation 3 hours per week with each session lasting

5   roughly 2-3 hours. Recreation takes place exclusively in the chute recreation enclosure

6   regardless of classification or step level. The chute enclosure amounts to four concrete

7   walls with a caged ceiling to see the sky, and all we can do is walk around the enclosure

8   or play with a small rubber ball. We participate in recreation one at a time.  I typically

9   refuse recreation because going to the chute enclosure feels like going from your cell to a

10   bigger cell. In the past two weeks, I've only gone to recreation once or twice. If we were

11   allowed to have table time or recreation at the non-chute enclosures instead, I would

12   attend recreation.

13         9.      We are offered showers three times per week. I refuse the showers because

14   they are aren't cleaned effectively and are often filthy with mold and poop. I have only

15   been to the showers approximately 5 times since March 2020, and have "bird bathed" in

16   my cell's sink instead.

17         10.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

18   foregoing is true and correct.

19

20         EXECUTED August 5, 2020, in Florence, Arizona.

21                              /s/ Daniella Osborn

22                           ————————————————

23                           Daniella Osborn

24         On August 5, 2020, due to the closure of Arizona State Prisons in light of the

25   COVID-19 pandemic, I, Curtis Harris, read the contents of this declaration, verbatim, to

26   Daniella Osborn by telephone. Ms. Osborn orally confirmed that the contents of the

27   declaration were true and correct.  He also orally granted me permission to affix his

28

LEGAL23774493.1                         -2-

signature to the declaration and to file the declaration in this matter.

/s/ Curtis Harris

_____

Curtis Harris

# EXHIBIT 5

1   Jared G. Keenan (Bar No. 027068)
    Casey Arellano (Bar No. 031242)
2   **ACLU FOUNDATION OF ARIZONA**
    3707 North 7th Street, Suite 235
3   Phoenix, Arizona 85013
    Telephone:  (602) 650-1854
4   Email:  jkeenan@acluaz.org
              carellano@acluaz.org
5
    *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
6   *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
    *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
7   *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
    *behalf of themselves and all others similarly situated*
8   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
    PAGE]**
9
    Asim Dietrich (Bar No. 027927)
10  **ARIZONA CENTER FOR DISABILITY LAW**
    5025 East Washington Street, Suite 202
11  Phoenix, Arizona 85034
    Telephone:  (602) 274-6287
12  Email: adietrich@azdisabilitylaw.org
13  *Attorneys for Plaintiff Arizona Center for Disability Law*
    **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
14  PAGE]**

15              UNITED STATES DISTRICT COURT

16                  DISTRICT OF ARIZONA

17  Victor Parsons; Shawn Jensen; Stephen Swartz;       No. CV 12-00601-PHX-ROS
    Dustin Brislan; Sonia Rodriguez; Christina
18  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph     **DECLARATION OF**
19  Hefner; Joshua Polson; and Charlotte Wells, on      **LEONARD MEDINA**
    behalf of themselves and all others similarly
20  situated; and Arizona Center for Disability Law,

21                  Plaintiffs,

22          v.

23  David Shinn, Director, Arizona Department of
    Corrections, Rehabilitation and Reentry; and Larry
24  Gann, Assistant Director, Medical Services Contract
    Monitoring Bureau, Arizona Department of
25  Corrections, Rehabilitation and Reentry, in their
    official capacities,
26                  Defendants.

27

28

LEGAL23774493.1

1    I, Leonard Medina, hereby swear and declare

2    1.    I am a class member in this matter.  I am incarcerated at ASPC-Eyman, and

3    my ADC number is 115119.  If called as a witness, I could and would testify competently

4    to the facts stated herein, all of which are within my personal knowledge.

5    2.    I am currently housed in Browning Unit 4 Ida 39.  I have been in this unit

6    for 17 years.  I am currently a Step 3 in the max custody program. I have been at this level

7    for about 6 years, during which time I have had no disciplinary tickets or infractions.

8    3.    In my previous declaration, I described how my access to out-of-cell

9    recreation and showers is inconsistent and often cancelled without explanation, or due to

10   staffing shortages.  Doc. 3600-2 at 13, ¶¶ 3-6.  That situation has become worse since the

11   COVID-19 pandemic.

12   4.    I am supposed to be allowed to go to the outside rec area three times a week.

13   However, we have not been allowed out there at all since the end of April.  Since they

14   stopped the outdoor exercise, they told us they would give us indoor exercise three times a

15   week in the chute. In the chute, each person is all alone and cannot socialize.  They've

16   only been letting us go to the chute about once every two weeks. They say the reason is

17   that they are short of staff.  I am not provided with a mask to wear when going to the

18   chute.

19   5.    The chute area gets cleaned about once every two weeks by a cleaning crew

20   from a different facility. I see them on their way to the chute as they pass my cell.  I see

21   the cleaning crew carrying a broom, but no disinfecting supplies.

22   6.    I sometimes refuse to go to recreation because the chute is dirty.  We ask for

23   brooms to clean it ourselves, but they won't give us brooms.

24   7.    Showers are usually offered when they offer us recreation.  I am sometimes

25   offered a second shower per week.  I have soap that I buy, but ADC is not providing soap

26   to people that need it.

27   8.    The same crew that comes to clean the rec chute are supposed to clean the

28   showers.  They come about every two weeks.  The showers are dirty and smell of urine.

1  When I go to the shower, I'm left there for an hour or an hour and a half.  I sometimes
2  refuse showers because they are not clean and I don't want to be left in the shower for a
3  long time.

4         9.     For the last three weeks, we have had no COIII group programming.  Before
5  that, we were generally having the group about two times per month.  Starting in May,
6  they reduced the class size so that there was an empty chair between each person.  We
7  were not provided with a mask to wear during group programming.  The COIIIs and
8  supervisors haven't told us why we haven't had programming in the last three weeks.  The
9  officer in the unit has told us it is because of coronavirus.

10        10.    When we are taken to medical, we are not provided with masks or given a
11  chance to wash our hands or use hand sanitizer.

12        11.    ADC staff have not provided information about COVID-19.  They haven't
13  posted any flyers to educate us or help us protect ourselves.

14        12.    I have hepatitis C.  It is my understanding from what I've heard on TV that
15  this puts me at a higher risk from COVID-19.

16        13.    We are given a bucket of water to clean our cells about every two weeks.  I
17  don't know what or how much disinfectant there is in it.  The same bucket of water is
18  used by everyone in the pod to clean their cells.

19        14.    For the last year, the common area in my housing unit was not regularly
20  being cleaned.  In the last two weeks, the porter has been cleaning it once a week.
21  However, the porter only has a broom.  He is not given a mop or disinfectant.   The cell
22  fronts don't get cleaned.

23        15.    Ordinarily, we are allowed three two-hour visitations per week. On April 13,
24  all visitation was ended.  In June, they started video visitation.  We get video visitation
25  one time per week for 15-minutes. When we are taken to video visitation, we are not
26  provided with masks.

27        16.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the
28  foregoing is true and correct.

EXECUTED June 26, 2020, in Florence, Arizona.

/s/ Leonard Medina

───────────────────────────

Leonard Medina

On June 26, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Maria Morris, read the contents of this declaration, verbatim, to Leonard Medina by telephone. Mr. Medina orally confirmed that the contents of the declaration were true and correct.  He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Maria Morris

───────────────────────────

Maria Morris

# EXHIBIT 6

1   Jared G. Keenan (Bar No. 027068)
    Casey Arellano (Bar No. 031242)
2   **ACLU FOUNDATION OF ARIZONA**
    3707 North 7th Street, Suite 235
3   Phoenix, Arizona 85013
    Telephone:  (602) 650-1854
4   Email:  jkeenan@acluaz.org
              carellano@acluaz.org
5
    *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
6   *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
    *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
7   *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
    *behalf of themselves and all others similarly situated*
8   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE**
    **PAGE]**
9
    Asim Dietrich (Bar No. 027927)
10  **ARIZONA CENTER FOR DISABILITY LAW**
    5025 East Washington Street, Suite 202
11  Phoenix, Arizona 85034
    Telephone:  (602) 274-6287
12  Email: adietrich@azdisabilitylaw.org
13  *Attorneys for Plaintiff Arizona Center for Disability Law*
    **[ADDITIONAL COUNSEL LISTED ON SIGNATURE**
14  **PAGE]**

15              UNITED STATES DISTRICT COURT

16                  DISTRICT OF ARIZONA

17  Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-ROS
    Dustin Brislan; Sonia Rodriguez; Christina
18  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph    **DECLARATION OF**
19  Hefner; Joshua Polson; and Charlotte Wells, on     **CONRADO ALVAREZ**
    behalf of themselves and all others similarly
20  situated; and Arizona Center for Disability Law,

21              Plaintiffs,

22          v.

23  David Shinn, Director, Arizona Department of
    Corrections, Rehabilitation and Reentry; and Larry
24  Gann, Assistant Director, Medical Services Contract
    Monitoring Bureau, Arizona Department of
25  Corrections, Rehabilitation and Reentry, in their
    official capacities,
26              Defendants.

27

28

LEGAL23774493.1

I, CONRADO ALVAREZ, hereby swear and declare

1.     I am a class member in this matter.  I am incarcerated at ASPC-F Kasson, and my ADC number is 244219.  If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2.     I am currently housed in 3 Able cell 10.  I have been in this unit for 1 year. I am currently a Step 3 in the max custody program. I have been at Step 3 for 1 year.  I am classified as SMI.

3.     ADC has not provided any education or guidance on COVID-19, its symptoms, or prevention strategies. Everything I know about COVID-19 was learned from watching the news. Despite the fact that I am medically vulnerable to COVID-19 due to my stage 2 hepatitis C, high blood pressure, and high cholesterol, I have not received any specific guidance on how to protect myself from serious illness or death due to COVID-19.

4.     The lower level of 3 Able is used as a quarantine pod, along with the higher and lower levels of 3 Baker. Since I live on the higher level of 3 Able, this means that I live dangerously close to the quarantine pods where they keep COVID-19 positive inmates. I've been concerned about cross-contamination since some of the officers who work in the quarantine pods also interact with my pod. I routinely see officers travel between the quarantine and non-quarantine pods without disinfecting themselves. Likewise, we have to use the same phones as the quarantine pods despite the fact that the phones are not disinfected between uses.

5.     I have access to a functioning sink but it only has cold water. Every two weeks, ADC gives us a small bar of soap like the kind that you'd get at a motel. When I've run out of soap during the two week period, the officers refused to give me more soap.

6.     No one in my pod has had their cell disinfected since the COVID-19 pandemic started. At most, an officer will come around once in a while and spray the outside of the cell.

7.      Pod porters clean the common areas, including the showers, every day with a broom and mop. They are given a watered down chemical cleaner once a week, and at all other times they use shampoo they purchased from the commissary to attempt to disinfect the common areas.

8.      While we have access to HNR forms, we are often not seen by a nurse within 24 hours once we submit an HNR. I've had to wait as long as one week to be seen by a nurse after submitting an HNR.

9.      I have had unmet medical concerns since the start of the COVID-19 pandemic. Two weeks ago, I was seen by a doctor for my abnormal ammonia levels related to my liver problems. The doctor told me that these issues were not a priority due to COVID-19, so these concerns have not been resolved.

10.      We are offered recreation three times a week. However, recreation has taken place exclusively in the 10x10 small cages regardless of step level since the start of the COVID-19 pandemic. As a result, I haven't been offered recreation in the large enclosures in accordance with my step level.  The 10x10 cages are roughly the same size as our cells and are all-metal, which becomes a dangerous condition due to the extreme heat.  Because of this, I typically refuse recreation opportunities and haven't been to recreation in over 3 months.

11.      I haven't been offered group programming classes in accordance with my step level since the start of the COVID-19 pandemic. Instead, we're given worksheets that we are to complete to the best of our ability. There are no instructors to even help us with these worksheets. If given the opportunity to attend group programming classes again, I would go.

12.      Likewise, I haven't been offered SMI classes since the start of the COVID-19 pandemic. Instead, we're given worksheets that we are to complete to the best of our ability. There are no instructors to even help us with these worksheets. If given the opportunity to attend SMI classes again, I would go.

13.      We haven't been offered table time since the start of the COVID-19

1    pandemic either. If offered the opportunity to attend table time again, I would go.

2        14.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

3    foregoing is true and correct.

4        EXECUTED July 7, 2020, in Florence, Arizona.

5                                    /s/ Conrado Alvarez

6                                    ————————————————

7                                    Conrado Alvarez

8

9    On July 7, 2020, due to the closure of Arizona State Prisons in light of the COVID-

10   19 pandemic, I, Curtis Harris, read the contents of this declaration, verbatim, to Conrado

     Alvarez by telephone. Mr. Alvarez orally confirmed that the contents of the declaration

11   were true and correct.  He also orally granted me permission to affix his signature to the

12   declaration and to file the declaration in this matter.

13

14                                   /s/ Curtis Harris

15                                   ————————————————

     Curtis Harris

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 7

Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:  jkeenan@acluaz.org
          carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
*Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
*Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
*Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
*behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **DECLARATION OF TYSON ANDERSON** |

LEGAL23774493.1

I, TYSON ANDERSON, hereby swear and declare

1.     I am a class member in this matter.  I am incarcerated at ASPC-F Kasson, and my ADC number is 221513.   If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2.     I am currently housed in 1 Able cell 26.  I have been in this unit for 7 months.  I am currently a Step 3 in the max custody program. I have been step 3 for around 6 months.  I am classified as SMI.

3.     ADC has barely given us any education on COVID-19 and how to protect ourselves from it. It's my understanding that they put up flyers with COVID-19 info in the hallways, but since we're on lockdown we can't see them. Most of what I know about COVID-19 is from watching the news.

4.     I have access to a functioning sink, but it only has cold water. Once a week, ADC gives us a bar of soap. However, it doesn't produce suds or feel like it effectively cleans at all. When people in my pod run out of the soap within the week, the officers won't provide them with replacements. I am fortunately able to purchase my own soap from the commissary.

5.     Our cells have been disinfected three times since March 2020. When they're disinfected, all the officers do is open our cell doors and spray a yellow chemical cleaner into the cell a few times. If we're lucky, the officers will give us a small bottle of chemical cleaner to clean our cells when we ask.

6.     The housing unit's common areas, including the showers, are cleaned every day by the pod porters. I'm one of the pod porters, and we're provided with a mop, broom, scrub pad and chemical cleaner.

7.     We have constant access to HNRs, but they're never responded to in a timely manner. I submitted an HNR two days ago regarding significant mental health issues, and as of today, July 8th, 2020, I still have not been seen regarding this matter.

8.     We're offered recreation three times per week, but we've only received offers for the 10x10 small cages, and never the large enclosures, since March 2020

regardless of step level. Thus, I haven't been offered recreation in accordance with my step level for months. The 10x10 small cages are roughly the size of my cell, and are often filthy so I remain in my cell instead. I haven't been to recreation since March 2020 as a result. If we were offered recreation at the large enclosures, I would go.

9.     As a step 3, I'm supposed to get offered the opportunity to attend group programming classes each week. Since March 2020, however, these classes have been cancelled and we've only gotten homework for in-cell programming instead. There isn't even an instructor to help us complete the paperwork. If ADC started offering us group programming classes again, I would go.

10.     Likewise, our SMI classes were replaced with in-cell programming worksheets in March 2020. As well, there are no instructors to help us complete the homework. If ADC began offering SMI classes again, I would go.

11.     We haven't been offered table time since March 2020. If we were offered table time again, I would go.

12.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED July 8, 2020, in Florence, Arizona.

/s/ Tyson Anderson
_____
Tyson Anderson

On July 8, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Curtis Harris, read the contents of this declaration, verbatim, to Tyson Anderson by telephone. Mr. Anderson orally confirmed that the contents of the declaration were true and correct.  He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Curtis Harris
_____
Curtis Harris

# EXHIBIT 8

Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: jkeenan@acluaz.org
         carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-ROS **DECLARATION OF DANIEL CARPIO** |
| Plaintiffs, | |
| v. | |
| David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, | |
| Defendants. | |

LEGAL23774493.1

I, DANIEL CARPIO, hereby swear and declare

1.      I am a class member in this matter.  I am incarcerated at ASPC-F Kasson, and my ADC number is 262650.   If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2.      I am currently housed in 2 Baker cell 1.  I have been in this unit for 2 years. I am currently a Step 1 in the max custody program.  I am classified as SMI.

3.      ADC staff has provided little guidance on COVID-19, its symptoms, and prevention strategies. In April, a nurse told me that I was medically vulnerable to COVID-19 due to my Type 1 diabetes and I was given a mask. She told me to wash my hands and to try not to get exposed to COVID-19, but I was not instructed on any other strategies.

4.      I have access to a functioning sink, but it only has cold water. Once a week, ADC gives us a little bar of soap like the kind that you'd get at a motel. Fortunately, I am able to purchase my own soap from the commissary.

5.      Once every two weeks, we are offered watered-down chemical cleaner to disinfect our cells. If we were given a stronger chemical cleaner and more opportunities to use it, I would disinfect my cell more often.

6.      Porters clean the common areas of the housing unit once a day, including the showers. They are given the watered down chemical cleaner, a broom, and a mop to clean with. From my personal experience as a former pod porter, the watered down chemical cleaner provided by ADC is not strong enough to adequately disinfect the common areas. As a result, the current pod porter sometimes uses shampoo to attempt to disinfect the common areas instead.

7.      We have limited access to HNR forms, as this is dependent on the particular CO who is working. When I ask certain COs for an HNR form, they tell me that they'll come back with the form and then never actually give me a form.

8.      We are offered recreation three times a week exclusively in the small cages regardless of step level. I typically refuse recreation opportunities because of the extremely hot weather along with the fact that the small cages are all-metal. In the past

two weeks, I've refused all but one recreation opportunity.

9.     We haven't been offered the opportunity to attend SMI classes for months. Instead, we are given worksheets that we are to complete to the best of our ability. There are no instructors to help us with these worksheets. If given the opportunity to go to class again, I would take it.

10.    Likewise, we haven't received our SMI table time for months. If given the opportunity to go to table time again, I would go.

11.    A few months ago, two inmates in my pod tested positive for COVID-19 and were moved to the quarantine pod in Wing 3. They returned to my pod about a month ago. To date, I have never been tested for COVID-19.

12.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


EXECUTED July 7, 2020, in Florence, Arizona.

/s/ Daniel Carpio
_____
Daniel Carpio


On July 7, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Curtis Harris, read the contents of this declaration, verbatim, to Daniel Carpio by telephone. Mr. Carpio orally confirmed that the contents of the declaration were true and correct.  He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Curtis Harris
_____
Curtis Harris

# EXHIBIT 9

Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:  jkeenan@acluaz.org
              carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia
Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy
Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,
Joseph Hefner, Joshua Polson, and Charlotte Wells, on
behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE
PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE
PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br><br> **DECLARATION OF DAMASSO AGUILAR** |

LEGAL23774493.1

I, Damasso Aguilar, hereby swear and declare:

1.     I am a class member in this matter.  I am incarcerated at ASPC-Florence, and my ADC number is 305687.  If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2.     I am currently housed in Kasson – 2 Baker High.  I have been in this unit for about 1 year.  I am currently a Step 3 in the max custody program.  I have been a Step 3 for six or seven months.  I've had one ticket since I have been at Kasson, back in around November, before I became a Step 3.  I have been designated as having an SMI.

3.     We do not receive cleaning supplies for our cells.  I have not received any cleaning supplies for my cell at Kasson.  I use my shampoo that I purchase and use a rag to clean.  We are not given access to a broom or mop.

4.     I am the pod porter.  I clean the common area six days a week.  I have access to a broom and a mop, and cleaning chemicals for the mop bucket.  About two times per month, I am given access to a spray bottle to spray down railings, cell fronts, and tables.  Starting in the second half of June, I've been given scrubbing pads and buckets to clean the showers most days.

5.     Around March, ADC started locking us down because of COVID-19.  Since that time, they offer us recreation three times per week, but only in the 10 x 10 cages.  I don't go to recreation because if you go out there, you are stuck out there until someone comes to get you and the cages smell like urine.  The cages get sprayed down with a hose a couple times a month.  I know this because I can see them from my cell.

6.     In 2 Baker, there are 32 cells. Most days when recreation is offered, only one or two people go.

7.     Before March, most people at Step 2 or Step 3 would go to recreation in the big yards when it was available.

8.     Since March, we do not get group programming.  All we get is pamphlets with worksheets in them to work on in our cells.

9.     Since March, we do not get table time.

10.     Before COVID-19, mental health staff came around to check on people three to four times a week.  Since COVID-19, they come around about one time per week.

11.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED June 7, 2020, in Florence, Arizona.

/s/ Damasso Aguilar
———————————————
Damasso Aguilar

On June 7, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Maria Morris, read the contents of this declaration, verbatim, to Damasso Aguilar by telephone. Mr. Aguilar orally confirmed that the contents of the declaration were true and correct.  He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Maria Morris
———————————————
Maria Morris

# EXHIBIT 10

Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:  jkeenan@acluaz.org
             carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia
Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy
Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,
Joseph Hefner, Joshua Polson, and Charlotte Wells, on
behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE
PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE
PAGE]**

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-ROS |
| | **DECLARATION OF JASON JOHNSON** |
| Plaintiffs, | |
| v. | |
| David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, | |
| Defendants. | |

LEGAL23774493.1

I, Jason Johnson, hereby swear and declare:

1.     I am a class member in this matter.  I am incarcerated at ASPC-Florence, and my ADC number is 161509.  If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2.     I am currently housed in Kasson – Wing 2 Baker Low.  I have been in this unit for 1 year.  I am currently a Step 3 in the max custody program.  I have had no tickets since I have been in Kasson.  I am designated as SMI.

3.     ADC has not provided information about COVID-19.   The information that I have about COVID-19 is from the TV news.

4.     Starting around April, ADC started using Kasson for quarantine for COVID-19.

5.     I was diagnosed with COVID-19 on May 18.  I was taken out of my housing unit and placed in Kasson Wing 3. When I was placed there, there were people who had tested positive and people who had not been tested but had symptoms and people who did not have symptoms but had to be quarantined because they had been to the hospital for any reason.

6.     About two weeks after I was placed in quarantine, ADC designated three separate pods: one for people who tested positive, one for people who had symptoms but were pending results, and one for people who had to be quarantined due to possible exposures.  It is my understanding that this is how the pods are still organized.

7.     I was in quarantine for about a month.

8.     I have hypertension.  I am obese.

9.     ADC is not distributing supplies for us to clean our cells.  To clean my cell, I use my shampoo or hygiene supplies that I purchase at the canteen.

10.    I am a porter for my housing unit.   About a week after I got out of quarantine, ADC started providing supplies to clean the common areas one time per week.  Prior to that, they did not provide supplies.

11.    Since mid-April, I am offered outside recreation three times per week but

LEGAL23774493.1

only in the 10 x 10 cages.  Recreation is for three hours, and some COs will not let us return to our cells before the three hours is over.  I do not go to recreation because it's in the small cages and there is nothing to do.

12.     Since mid-April, I have not been offered any group programming. Mental health staff passes out worksheets that we fill out in our cells.

13.     Since mid-April, we have not been offered table time.

14.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


EXECUTED June 7, 2020, in Florence, Arizona.

/s/ Jason Johnson
_____
JASON JOHNSON


On June 7, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Maria Morris, read the contents of this declaration, verbatim, to Jason Johnson by telephone. Mr. Johnson orally confirmed that the contents of the declaration were true and correct.  He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Maria Morris
_____
MARIA MORRIS

# EXHIBIT 11

1  Jared G. Keenan (Bar No. 027068)
   Casey Arellano (Bar No. 031242)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone:  (602) 650-1854
4  Email:  jkeenan@acluaz.org
             carellano@acluaz.org
5
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
6  *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
   *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
7  *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
   *behalf of themselves and all others similarly situated*
8  **[ADDITIONAL COUNSEL LISTED ON SIGNATURE**
   **PAGE]**
9
   Asim Dietrich (Bar No. 027927)
10 **ARIZONA CENTER FOR DISABILITY LAW**
   5025 East Washington Street, Suite 202
11 Phoenix, Arizona 85034
   Telephone:  (602) 274-6287
12 Email: adietrich@azdisabilitylaw.org
13 *Attorneys for Plaintiff Arizona Center for Disability Law*
   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE**
14 **PAGE]**
15                  UNITED STATES DISTRICT COURT
16                       DISTRICT OF ARIZONA

17 Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-ROS
   Dustin Brislan; Sonia Rodriguez; Christina
18 Verduzco; Jackie Thomas; Jeremy Smith; Robert
   Gamez; Maryanne Chisholm; Desiree Licci; Joseph    **DECLARATION OF**
19 Hefner; Joshua Polson; and Charlotte Wells, on     **THOMAS HERNANDEZ**
   behalf of themselves and all others similarly
20 situated; and Arizona Center for Disability Law,

21                          Plaintiffs,

22          v.

23 David Shinn, Director, Arizona Department of
   Corrections, Rehabilitation and Reentry; and Larry
24 Gann, Assistant Director, Medical Services Contract
   Monitoring Bureau, Arizona Department of
25 Corrections, Rehabilitation and Reentry, in their
   official capacities,
26                          Defendants.

27

28

LEGAL23774493.1

I, Thomas Hernandez, hereby swear and declare:

1.      I am a class member in this matter.  I am incarcerated at ASPC-Florence, and my ADC number is 195406.  If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2.      I am currently housed in Kasson – Wing 2 Baker High.  I have been in this unit since January 2020.  I am currently a Step 3 in the max custody program.

3.      In this unit. We are not provided with supplies to clean our cells.  I have not received cleaning supplies for my cell at Kasson.

4.      ADC started locking us down due to COVID-19 in March or April.  Since that time, we are offered recreation three times per week but only in the 10 x 10 cells.    I don't go to recreation because I don't like being in the little recreation cages.

5.      Since March or April, when they locked us down, we have not been offered any group programming.  Instead we are given homework to do in the cell.

6.      Since March or April, no one is offered table time.

7.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED June 7, 2020, in Florence, Arizona.

/s/ Thomas Hernandez
—————————————————
THOMAS HERNANDEZ


On June 7, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Maria Morris, read the contents of this declaration, verbatim, to Thomas Hernandez by telephone. Mr. Hernandez orally confirmed that the contents of the declaration were true and correct.  He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Maria Morris
—————————————————
MARIA MORRIS

LEGAL23774493.1

# EXHIBIT 12

1  Jared G. Keenan (Bar No. 027068)
   Casey Arellano (Bar No. 031242)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone:  (602) 650-1854
4  Email:  jkeenan@acluaz.org
           carellano@acluaz.org
5
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
6  *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
   *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
7  *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
   *behalf of themselves and all others similarly situated*
8  **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
   PAGE]**
9
   Asim Dietrich (Bar No. 027927)
10 **ARIZONA CENTER FOR DISABILITY LAW**
   5025 East Washington Street, Suite 202
11 Phoenix, Arizona 85034
   Telephone:  (602) 274-6287
12 Email: adietrich@azdisabilitylaw.org
13 *Attorneys for Plaintiff Arizona Center for Disability Law*
   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
14 PAGE]**

15                 UNITED STATES DISTRICT COURT

16                      DISTRICT OF ARIZONA

17 Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-ROS
   Dustin Brislan; Sonia Rodriguez; Christina
18 Verduzco; Jackie Thomas; Jeremy Smith; Robert
   Gamez; Maryanne Chisholm; Desiree Licci; Joseph     **DECLARATION OF DAVID
19 Hefner; Joshua Polson; and Charlotte Wells, on       GONZALES**
   behalf of themselves and all others similarly
20 situated; and Arizona Center for Disability Law,

21                 Plaintiffs,

22        v.

23 David Shinn, Director, Arizona Department of
   Corrections, Rehabilitation and Reentry; and Larry
24 Gann, Assistant Director, Medical Services Contract
   Monitoring Bureau, Arizona Department of
25 Corrections, Rehabilitation and Reentry, in their
   official capacities,
26                 Defendants.

27

28

LEGAL23774493.1

I, DAVID GONZALES, hereby swear and declare:

1.      I am a class member in this matter.  I am incarcerated at ASPC-F Kasson, and my ADC number is 202474.  If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2.      I am currently housed in 2 Able cell 13.  I have been in this unit for 1 year. I am currently a Step 1 in the max custody program.  I am classified as SMI.

3.      ADC has not provided any instruction on COVID-19, its symptoms, or prevention strategies. Most of what I've learned about COVID-19 was from correspondence with the ACLU and conversations with other inmates. In March, all of us in Wing 3 were moved to Wing 2 and we were told that Wing 3 was now a quarantine pod for people who tested positive for COVID-19.

4.      I have access to a functioning sink with cold water, though the water gets a little warm if I leave the sink running for 30 minutes. ADC only provides us with soap once every 3 weeks, but I am fortunately able to purchase my own soap at the commissary.

5.      I've only been offered the opportunity to disinfect my cell once since March 2020, and if given the opportunity I would do so again. When we disinfect our cells we're provided with a non-bleach cleaner for spraying onto surfaces.

6.      Pod porters are tasked with cleaning the common areas 4 days a week. The pod porters are provided with  brooms, mops, scrub pads, and non-bleach cleaner. While the main common area in the housing unit is typically clean, the pod porter who cleans the shower usually doesn't clean it thoroughly, he only scrubs the shower floor and drain. Yesterday, a sergeant came into our housing unit and painted the shower without actually cleaning it, so while the shower looks nicer, the filth has just been painted over.

7.      While we have access to HNR forms, they are not responded to in a timely manner. Two months ago, I submitted an HNR to be seen by a provider in order to increase my chronic care medication, but I still have not received a response to date.

8.      We are offered exercise three time per week. However, we are exclusively

offered recreation in the small cages regardless of our step levels.  I always refuse recreation opportunities because the small cages are roughly the size of our cells and we have no access to water during recreation despite the hot weather. As a result, I have not participated in recreation since March 2020, which is when ADC limited recreation opportunities to the small cages.

9.     We haven't had SMI programming since March 2020 and are instead provided with worksheets to complete to the best of our ability. There are no instructors to assist us with our worksheets. If given the opportunity to go to SMI classes again, I would go.

10.     We likewise haven't had table time since March 2020. If offered the opportunity to participate in table time again, I would take it.

11.     Back in April, I lost my sense of smell and taste, and felt sick with a fever. I was never tested for COVID-19, and was never sent to the quarantine pod. I still have not fully regained my sense of smell or taste.

12.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED July 7, 2020, in Florence, Arizona.

/s/ David Gonzales
_____
David Gonzales

On July 7, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Curtis Harris, read the contents of this declaration, verbatim, to David Gonzales by telephone. Mr. Gonzales orally confirmed that the contents of the declaration were true and correct.  He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Curtis Harris
_____
Curtis Harris

# EXHIBIT 13

Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:  jkeenan@acluaz.org
         carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **DECLARATION OF SAMUEL SANTILLANA** |

LEGAL23774493.1

I, SAMUEL SANTILLANA, hereby swear and declare:

1.      I am a class member in this matter.  I am incarcerated at ASPC-F Kasson, and my ADC number is 232830.   If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2.      I am currently housed in 1 Able cell 22.  I have been in this unit for 4 months.  I am currently a Step 3 in the max custody program. I have been Step 3 for 4 months.  I am classified as SMI.

3.      ADC gave us a flyer on COVID-19 back in April, but overall they've given us little instruction on what the virus is and how to protect ourselves. Most of what I've learned about COVID-19 has come from the news.

4.      I have access to a functioning sink, but it only has cold water. Once a month, ADC gives us a little white bar of soap. They sometimes give us more soap if we run out within the month, but it depends on the officer.  Fortunately, I am able to purchase my own soap from the commissary to supplement.

5.      My cell has only been disinfected twice in the past 4 months. Even so, all the officers do to disinfect our cells is open the trap door to our cells and spray the inside with a chemical cleaner. We're not provided with cleaning supplies to clean our cells on our own. I use a rag and shampoo to keep my cell as clean as possible.

6.      My housing unit's common areas, including the showers, are cleaned every day by pod porters. I'm one of the pod porters, and when we clean the common areas we get a green scrubber, broom, mop, and chemical cleaners. Sometimes the mop head gets filthy which affects how much we can clean the common areas.

7.      We have access to HNRs, but ADC doesn't usually respond to them in a timely manner. Two months ago, I submitted an HNR to seek treatment for my back injury and it was never responded to. One month later, I submitted a follow-up HNR and I was finally seen by a nurse after three days. Still, the issue hasn't been adequately resolved, and I remain in great pain.

8.      We are offered recreation three times a week. Since March 2020, however,

we only get offered recreation in the 10x10 small cages regardless of our step level. While I'm entitled to rec in the large exercise area as a step 3, I haven't been offered recreation there for months. The 10x10 small cages are roughly the size of my cell, and due to the extreme heat and the fact that the 10x10 areas are all metal, I stay in my cell instead. I haven't been to recreation since March 2020.

9.     I'm supposed to get group programming classes every week as a step 3, but we haven't been offered those classes since March 2020. Instead, ADC switched us to in-cell programming where they give you a worksheet to complete on your own. There are no instructors to help with the worksheets, and they just tell us to turn it in on a certain day. If they started the group programming classes again I would go.

10.    Likewise, I haven't been offered the opportunity to attend my mandatory SMI classes since March 2020, and they give us the worksheets instead. If they started the SMI classes again, I would go.

11.    ADC hasn't offered us table time since March 2020. If they began offering us table time again, I would go.

12.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED July 8, 2020, in Florence, Arizona.

/s/ Samuel Santillana
————————————————————
Samuel Santillana

On July 8, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Curtis Harris, read the contents of this declaration, verbatim, to Samuel Santillana by telephone. Mr. Santillana orally confirmed that the contents of the declaration were true and correct.  He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Curtis Harris
————————————————————
Curtis Harris

# EXHIBIT 14

1   Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
2   **ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
3   Phoenix, Arizona 85013
Telephone: (602) 650-1854
4   Email: jkeenan@acluaz.org
        carellano@acluaz.org
5
*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
6   *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
*Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
7   *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
*behalf of themselves and all others similarly situated*
8   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
PAGE]**
9
Asim Dietrich (Bar No. 027927)
10  **ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
11  Phoenix, Arizona 85034
Telephone: (602) 274-6287
12  Email: adietrich@azdisabilitylaw.org

13  *Attorneys for Plaintiff Arizona Center for Disability Law*
    **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
14  PAGE]**

15             UNITED STATES DISTRICT COURT

16               DISTRICT OF ARIZONA

| | |
|---|---|
| 17  Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina 18  Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph 19  Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly 20  situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-ROS **DECLARATION OF ROBERTO RAMIREZ** |
| 21          Plaintiffs, | |
| 22       v. | |
| 23  David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry 24  Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of 25  Corrections, Rehabilitation and Reentry, in their official capacities, 26          Defendants. | |

27

28

I, Roberto Ramirez, hereby swear and declare:

1. I am a class member in this matter. I am incarcerated at ASPC-Eyman, and my ADC number is 243523. If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2. I am currently housed in Browning Unit, Cluster 1-Charlie, pod 5. Until last week I was at Browning Unit's Cluster 4-King. I have been in Browning Unit for more than two years. I am currently a Step 3 in the max custody program. I have been at Step 3 for about two years.

3. I am providing this declaration to supplement the one I signed on December 12, 2019, that was filed with the Court on May 20, 2020, at Docket 3600-1, Exhibit 7 (ECF Doc. 3600-1 at 34-36). In my last declaration, I described how the conditions in Browning Unit and the lack of access to out-of-cell time did not provide me the opportunities I am entitled to due to my step level under Department Order 812 and the *Parsons* Stipulation. My access to out-of-cell time and the conditions have become much worse since the COVID-19 pandemic.

4. Since mid-March, the Browning Unit has been on complete shutdown due to COVID-19. We have not been provided any written information about the symptoms of coronavirus or how to practice social distancing and improved hygiene. Everything I've learned about how to prevent the spread of the virus has been from the news.

5. There are people with COVID quarantined in Cluster 1-Charlie, in another pod, which I believe is pod 6. The same floor officer goes from the quarantine pod to my pod to do rounds. The officers wear masks and gloves, but they don't change the gloves when going from pod to pod handing out meals.

6. I went to the Browning clinic on June 22, 2020, and June 25, 2020, for health care encounters, and there was no soap in the Inmate Bathroom for me to wash my hands either day. The nurses who took my vitals both days did not clean the equipment between each patient. When patients are waiting to be seen in the clinic, we are held in holding cells that are filthy and dirty. When the officers escorted me to the clinic from my

1   housing unit those two days, they were wearing masks but they did not clean the
2   handcuffs before putting them on me.

3       7.    There are other officers who I have seen escorting prisoners while not
4   wearing masks. There are some officers who do not wear masks when doing checks of the
5   cells or handing out food to us.

6       8.    The incarcerated people are not given any face coverings or gloves to wear
7   in common areas or when coming out of our cells.  I have asked the CO-III and floor
8   officers for a mask or face coverings, and they say that we do not need them because we
9   are on full lockdown in our cells.

10       9.    I have not been provided free soap for hand washing as much as I need it or
11   when I request.  They distribute the free bar of soap once every three weeks, but these are
12   little bars that are only about one inch by two inches, that barely last a couple of days.  I
13   have to buy bigger bars of soap from the commissary for about $1.00 each, but we are
14   now only allowed to buy one additional bar of soap per week.  Before the coronavirus
15   pandemic, we were allowed to buy two bars of soap per week, but now it has been
16   decreased to only one bar, because there isn't enough in stock.

17       10.    In order to clean my cell, I use my own soap and shampoo or body wash.
18   At cluster 4-King, the porters were let out about every month to six weeks to clean the
19   common areas and to hand out cleaning supplies to us to use in our cells.  I am aware that
20   ADC said that they would deep cleans of all housing areas every week to prevent
21   coronavirus spread but I never saw that happen.  The cleaning spray we use is very
22   watered down, and doesn't seem to have bleach or anything that is a real disinfectant in it.
23   The scrub brushes are worn down.  Since I came to 1-Charlie, I have been told by the CO-
24   III and other inmates that there are no porters working in our cluster, and since I arrived
25   here last week, I have not seen anyone come out to clean the common areas.

26       11.    At 4-King cluster, we were only offered recreation and showers once or
27   twice a week, but there were two periods of time in April and May when we went two
28   weeks locked in our cells continuously with no showers or recreation.  The officers said it

was due to lack of staff.  There has always been a lack of custody officers at Browning Unit, but in the past few months the lack of staff has become worse, because officers are quitting.  Eyman was bringing officers in from Yuma and Florence prisons to try to pick up shifts, but that still doesn't help with the shortages.

12.    At 4-King cluster, outside recreation and showers were frequently cancelled because there was not enough staff to supervise us.  The only recreation we are offered is in a tiny concrete enclosure attached to the pod.  The concrete enclosure is the size of two cells, with no water or toilet, with concrete walls that are about 20 feet high, with steel mesh and chicken wire on the roof so you can't really see the sky.  There is no recreation equipment out there, and the only thing you can do is walk in circles.  You can take a water bottle out to the concrete pen, but the officers will not let you refill the bottle.  The concrete rec pen is dirty, because there is no toilet and people sometimes urinate and defecate out there.  At King cluster, we might be offered the concrete pen recreation once or twice a week at most due to the staff shortages.  Sometimes rec was "offered" very early in the morning when people were asleep, and then we were marked as refusing. Since I came to 1-Charlie, I was offered rec once, but I could not go outside because I had just arrived and did not have shoes or a water bottle with me.

13.    At 4-King, I would sometimes refuse to go to the shower because the shower was so filthy, and because the officers would leave us locked in for an hour or two after we bathed.  I would "bird bath" in my cell instead, because I didn't want to be locked in the shower for so long.  Since I came to 1-Charlie last week, I have been offered shower once, when I first arrived, but I did not use it because it was filthy.  We were supposed to be offered showers and recreation today (June 26, 2020), but this morning the officers announced that it was cancelled.

14.    I am at Level 3, and am supposed to have one hour of group programming per week, but there has been no group programming for two months due to lack of staff. Before that, they would hold the programs with only five people in the room so they could be farther apart.

15.     We also are supposed to have one hour a week of "table time," but Browning Unit cancelled that two years ago.

16.     The only food we get for breakfast and lunch is a sack with six slices of stale bread with a small container of peanut butter and a slice of lunchmeat that is often moldy or slimy.  The hot dinner plates are often cold and have small portions.

17.     Being locked down almost continuously, with no out-of-cell time or visitation, is making me depressed and anxious, and has caused me to have insomnia.  Not having any meaningful interaction with other humans has made me depressed, and I have been prescribed medications to help me sleep.

18.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED June 26, 2020, in Florence, Arizona.

/s/ Roberto Ramirez

_____

Robert Ramirez

On June 26, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Corene Kendrick, read the contents of this declaration, verbatim, to Mr. Ramirez by telephone. He orally confirmed that the contents of the declaration were true and correct.  He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Corene Kendrick

_____

Corene Kendrick

# EXHIBIT 15

1    Jared G. Keenan (Bar No. 027068)
     Casey Arellano (Bar No. 031242)
2    **ACLU FOUNDATION OF ARIZONA**
     3707 North 7th Street, Suite 235
3    Phoenix, Arizona 85013
     Telephone: (602) 650-1854
4    Email: jkeenan@acluaz.org
             carellano@acluaz.org
5
     *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
6    *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
     *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
7    *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
     *behalf of themselves and all others similarly situated*
8    **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
     PAGE]**
9
     Asim Dietrich (Bar No. 027927)
10   **ARIZONA CENTER FOR DISABILITY LAW**
     5025 East Washington Street, Suite 202
11   Phoenix, Arizona 85034
     Telephone: (602) 274-6287
12   Email: adietrich@azdisabilitylaw.org
13   *Attorneys for Plaintiff Arizona Center for Disability Law*
     **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
14   PAGE]**

15              UNITED STATES DISTRICT COURT

16                  DISTRICT OF ARIZONA

17   Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-ROS
     Dustin Brislan; Sonia Rodriguez; Christina
18   Verduzco; Jackie Thomas; Jeremy Smith; Robert
     Gamez; Maryanne Chisholm; Desiree Licci; Joseph       **DECLARATION OF JESSE**
19   Hefner; Joshua Polson; and Charlotte Wells, on        **SERNAS**
     behalf of themselves and all others similarly
20   situated; and Arizona Center for Disability Law,

21                   Plaintiffs,

22         v.

23   David Shinn, Director, Arizona Department of
     Corrections, Rehabilitation and Reentry; and Larry
24   Gann, Assistant Director, Medical Services Contract
     Monitoring Bureau, Arizona Department of
25   Corrections, Rehabilitation and Reentry, in their
     official capacities,
26                   Defendants.

27

28

LEGAL23774493.1

I, Jesse Sernas, hereby swear and declare:

1.      I am a class member in this matter.  I am incarcerated at ASPC-Lewis Rast, and my ADC number is 249390.  If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2.      I am currently housed in 3 Able 2 cell 11.  I was moved to my current cell last week, though I've been in the 3 Able housing unit since 2018.  I am currently a Step 1 in the max custody program.

3.      ADC has barely given us any education on COVID-19 and how to protect ourselves from infection. It's my understanding that they put up flyers with COVID-19 information throughout the facility, but we have not received any education materials from them. Most of what I know about COVID-19 has been learned through my correspondence with the Prison Law Office.

4.      I am diagnosed with asthma. Despite this medical condition, I haven't received any specific guidance on how to protect myself from serious illness or death from COVID-19.

5.      We are provided with soap from ADC, though only when we ask. Even so, ADC will often go weeks without giving us soap. Though I am fortunately able to purchase my own soap from the commissary, many inmates in my pod are indigent and go without soap as a result.

6.      Every 2 weeks, an officer stops by our cells with a pump of water-diluted bleach cleaning solution. We fill up empty bottles in our cell with the solution and use it to clean our cells.  Still, the cleaning solution is extremely weak and we aren't provided with sufficient additional cleaning supplies to effectively clean our cells.

7.      Once every 2 weeks, the pod porters will clean the housing unit's common areas, but they don't get sufficient cleaning supplies to do so effectively. The porters get a broom to clean with, but only occasionally receive a mop because only one mop is shared between all 6 of the housing pods. Typically, the pod porters have to resort to purchasing shampoo and wash cloths from the commissary to clean the common areas with.

8.      We were finally provided with cloth masks made from the same material as our bedding sheets, though this was only a month ago.

9.      We are offered recreation in the small cages 3 times per week, for roughly 3 hours per session. I refuse the recreation opportunities because the small cages are filthy and so rarely cleaned. In order to go to the bathroom during recreation, you have to forfeit the rest of your recreation time. As a result, inmates often defecate and urinate in the small cages. I fear that if I spend too much time in the small cages, I will catch COVID-19, so I haven't been to recreation in 4 months.

10.     We are offered showers 3 times per week. While I choose to accept every shower opportunity, I am often discouraged from doing so because the showers are so filthy. When the pod porters "clean" the showers, they spray a water-diluted bleach solution on the walls without actually wiping or scrubbing the showers. I used the showers right before I participated in this interview, where I found wads of collected hair in the drain area, yellow residue on the walls, and corroded shower heads.

11.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED August 3, 2020, in Buckeye, Arizona.

/s/ Jesse Sernas
_____
Jesse Sernas

On August 3, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Curtis Harris, read the contents of this declaration, verbatim, to Jesse Sernas by telephone. Mr. Sernas orally confirmed that the contents of the declaration were true and correct.  He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Curtis Harris
_____
Curtis Harris

# EXHIBIT 16

1   Jared G. Keenan (Bar No. 027068)
    Casey Arellano (Bar No. 031242)
2   **ACLU FOUNDATION OF ARIZONA**
    3707 North 7th Street, Suite 235
3   Phoenix, Arizona 85013
    Telephone: (602) 650-1854
4   Email: jkeenan@acluaz.org
              carellano@acluaz.org
5
    *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
6   *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
    *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
7   *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
    *behalf of themselves and all others similarly situated*
8   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
    PAGE]**
9
    Asim Dietrich (Bar No. 027927)
10  **ARIZONA CENTER FOR DISABILITY LAW**
    5025 East Washington Street, Suite 202
11  Phoenix, Arizona 85034
    Telephone: (602) 274-6287
12  Email: adietrich@azdisabilitylaw.org
13  *Attorneys for Plaintiff Arizona Center for Disability Law*
    **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
14  PAGE]**

15              UNITED STATES DISTRICT COURT

16                  DISTRICT OF ARIZONA

17  Victor Parsons; Shawn Jensen; Stephen Swartz;          No. CV 12-00601-PHX-ROS
    Dustin Brislan; Sonia Rodriguez; Christina
18  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph       **DECLARATION OF**
19  Hefner; Joshua Polson; and Charlotte Wells, on        **NATHAN ENGELKING**
    behalf of themselves and all others similarly
20  situated; and Arizona Center for Disability Law,

21              Plaintiffs,

22          v.

23  David Shinn, Director, Arizona Department of
    Corrections, Rehabilitation and Reentry; and Larry
24  Gann, Assistant Director, Medical Services Contract
    Monitoring Bureau, Arizona Department of
25  Corrections, Rehabilitation and Reentry, in their
    official capacities,
26              Defendants.

27

28

LEGAL23774493.1

I, Nathan Engelking, hereby swear and declare:

1.      I am a class member in this matter.  I am incarcerated at ASPC-Lewis Rast, and my ADC number is 206698.   If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2.      I am currently housed in 4 Charlie pod 6 cell 11.  I have been in this unit for 11 months.  I am currently a Step 1 in the max custody program.

3.      ADC has not provided us with any education regarding COVID-19 or how to protect ourselves from infection. All of what I know about COVID-19 has been learned from paperwork sent by the Prison Law Office and ACLU.

4.      ADC has told us that we're only entitled to one bar of soap every 5 days. When I've run out of soap within that period and asked for more, the officers have refused. The bar of soap is small and runs out quickly, so there have been weeks where I've had to go days without soap. Some people purchase their own soap from the commissary to compensate for this, but I can't afford to do so because I'm indigent.

5.      Once a week, the sanitation officer comes around with a pump spray of chemical cleaner to disinfect our cells. He stops by each cell, sticks the spray hose through the trap, but only allows us to spray our toilets and sinks. Once I asked for the opportunity to spray more of the cleaning solution in my cell, and the sanitation officer told me no because he didn't want to have to refill the bottle. We aren't provided with any additional cleaning supplies such as washcloths or scrubbers. Since we aren't able to spray down the cell walls or wipe anything down, it often feels like the cell cleaning process is pointless.

6.      We have porters come in to clean the common areas, but they aren't often provided with sufficient cleaning materials, so they have resorted to using body wash purchased from the commissary as their cleaning solution. This often makes the cleanings less effective than they should be.

7.      Finally provided with cloth face masks, though this was only a month ago. Often I've seen officers and nurses walk around without masks, but they constantly dismiss my concerns. Once I told the pill call nurse that she wasn't wearing a mask and

she became upset with me

8.    We often don't have access to HNR forms. When I ask the officers for HNR forms, we are usually told that they have run out. It has gotten so bad that the nurses encouraged us to label a piece of paper with "Health Needs Request," and write our medical concerns on it. Even when we are able to get HNRs, we aren't seen in a timely manner. I submitted an HNR on Sunday and still haven't been seen.

9.    We are offered recreation 3 times per week. I don't typically attend recreation due to safety concerns regarding inmate assaults. On multiple occasions in the past year, I have been assaulted by other inmates. I haven't been to recreation in months for this reason.

10.    We're offered showers 3 times per week. Safety concerns discourage me from going, though I also don't go because the showers are filthy. It typically doesn't seem like the showers are ever effectively cleaned. In the showers, I often find spit, hair, snot, and other kinds of collected filth that I can't identify. Have to be careful with my psoriasis open sores which can get infected by the filthy conditions in the shower. Occasionally I try to wipe down the showers using any spare shampoo I have, but since I am indigent I can't afford to use the shampoo to keep attempting to clean the showers when I take them. I bird bath in my sink instead. I haven't been to the showers in months.

11.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED August 6, 2020, in Buckeye, Arizona.

/s/ Nathan Engelking

Nathan Engelking


On August 6, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Curtis Harris, read the contents of this declaration, verbatim, to Nathan Engelking by telephone. Mr. Engelking orally confirmed that the contents of the

declaration were true and correct. He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Curtis Harris
_____
Curtis Harris

# EXHIBIT 17

1   Jared G. Keenan (Bar No. 027068)
    Casey Arellano (Bar No. 031242)
2   **ACLU FOUNDATION OF ARIZONA**
    3707 North 7th Street, Suite 235
3   Phoenix, Arizona 85013
    Telephone: (602) 650-1854
4   Email: jkeenan@acluaz.org
             carellano@acluaz.org
5
    *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
6   *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
    *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
7   *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
    *behalf of themselves and all others similarly situated*
8   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
    PAGE]**
9
    Asim Dietrich (Bar No. 027927)
10  **ARIZONA CENTER FOR DISABILITY LAW**
    5025 East Washington Street, Suite 202
11  Phoenix, Arizona 85034
    Telephone: (602) 274-6287
12  Email: adietrich@azdisabilitylaw.org

13  *Attorneys for Plaintiff Arizona Center for Disability Law*
    **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
14  PAGE]**

15              UNITED STATES DISTRICT COURT

16                  DISTRICT OF ARIZONA

17  Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-ROS
    Dustin Brislan; Sonia Rodriguez; Christina
18  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph    **DECLARATION OF JAMES**
19  Hefner; Joshua Polson; and Charlotte Wells, on     **YOUNG**
    behalf of themselves and all others similarly
20  situated; and Arizona Center for Disability Law,

21                  Plaintiffs,

22          v.

23  David Shinn, Director, Arizona Department of
    Corrections, Rehabilitation and Reentry; and Larry
24  Gann, Assistant Director, Medical Services Contract
    Monitoring Bureau, Arizona Department of
25  Corrections, Rehabilitation and Reentry, in their
    official capacities,
26                  Defendants.

27

28

I, James Young, hereby swear and declare:

1.     I am a class member in this matter.  I am incarcerated at ASPC-Lewis Rast, and my ADC number is 092391.  If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2.     I am currently housed in 3 Able Pod 5, cell 12.  I have been in this unit for 1 year.  I do not currently know my Step level for the max custody step incentive program.

3.     ADC has not provided us with any education on COVID-19 and how to protect ourselves from infection. Everything I know about COVID-19 has been learned from watching the news, talking to my Mom, and reading the paperwork sent to us by the Prison Law Office and ACLU.

4.     I am diagnosed with asthma. Despite this medical condition, I have not received any specific instruction from ADC on how to protect myself from serious illness and death from COVID-19.

5.     Once a week, ADC gives us a free bar of soap, though there have been weeks when they haven't provided us with any. I've gone as long as two weeks without soap because I was told by an officer that they ran out. Occasionally, I am able to purchase my own soap from the commissary. The bars of soap we get from ADC are only somewhat effective, and look like the kind of soap that you would find at a motel.

6.     Once a week, an officer will come by our cells with a bug sprayer filled with a bleach and water cleaning solution and spray our toilets and sinks. We aren't provided with any cleaning supplies for our cells and must purchase shampoo and wash cloths from the commissary in order to clean them.

7.     Once a week the pod porters will clean the common areas of our unit. They lightly spray the inside of the showers with the bleach and water solution, but they don't scrub anything in the shower, so it remains filthy. The porters only occasionally get a broom or mop to clean up the unit. Many times, the porters resort to cleaning the units with wash cloths and shampoo they purchase from the commissary.

8.     We are offered recreation in the small cages 3 times per week for roughly 2-

3 hours per session. I refuse recreation opportunities due to safety concerns, though it is also because the small cages are disgusting and rarely cleaned. If we ask to go to the bathroom during recreation, the rest of our recreation time gets forfeited. Because of this, many inmates resort to urinating in the small cages. Because of these factors, I haven't been to recreation since May 2019

9.      We are offered showers 3 times per week. I refuse the showers because they are unsanitary and rarely cleaned. There is often black mold and other residue on the walls, and hair collected on the floor of the shower. I haven't used the shower in 4 months, and "bird bath" in my cell's sink instead.

10.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


EXECUTED August 3, 2020, in Buckeye, Arizona.

/s/ James Young
————————————————————
James Young


On August 3, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Curtis Harris, read the contents of this declaration, verbatim, to James Young by telephone. Mr. Young orally confirmed that the contents of the declaration were true and correct.  He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Curtis Harris
————————————————————
Curtis Harris

EXHIBIT 18

Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:  jkeenan@acluaz.org
          carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **DECLARATION OF JESSE CAÑEZ** |

LEGAL23774493.1

I, Jesse Cañez, hereby swear and declare:

1. I am a class member in this matter. I am incarcerated at ASPC-Eyman, and my ADC number is 194910. If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

2. I submit this declaration to update the one I signed on March 12, 2020, and submitted to the Court on May 8, 2020 at Docket 3591-1 Ex. 4 (Doc. 3591-1 at 19-21)

3. I am housed in Browning Unit, Cluster 1-Able, Pod 2. I have been at Browning Unit since May 7, 2020. Before I came to Browning, I was at Florence-Kasson's max custody unit. I don't know what level I am at in the max custody program, because I was told that the program is shut down at Browning due to the pandemic.

4. At Kasson, I was given a face covering to wear because I have asthma and am susceptible to coronavirus. When I arrived at Browning wearing the mask, and went through intake at the clinic, the nurse told the officer to take my face covering away from me because we do not need masks at Browning. I had another mask in my property box, but officers removed it before I got my property delivered to me. Most of the officers at Browning do not wear masks or face coverings. They treat coronavirus like it is a joke, and laugh about the prisoners getting sick. They have not provided us any information about coronavirus or how to prevent its spread. Everything I know about it is from watching television.

5. I am aware that ADC said they would provide free soap upon request to prisoners for hygiene purposes. This was not the case at Kasson, nor at Browning. About every ten days to two weeks the officers hand out one small bar of soap and a roll of toilet paper to people in Browning. If we run out of soap or toilet paper before then, we don't get any more. The soap is small about half of the size of a bar of Ivory. I have to buy my own soap, but we are limited in how much soap we can buy from the canteen.

6. I have to clean my cells at Kasson and Browning with soap and water. I am not provided any cleaning products to clean my cell. About every two weeks, porters from a different unit come to our pod and sweep the floor, but there is no deep cleaning.

LEGAL23774493.1

7.  In late May and through mid-June 2020 I was in 1-Able, Pod 1, where there were several people in the pod who were seriously mentally ill and were smearing feces all over their cells, and not showering. They were constantly screaming and banging on walls.  I and other people complained to officers repeatedly about the smell and noise, about staff not helping these people with cleaning their cells, and that these people were not receiving adequate mental health care.  The seriously mentally ill people are constantly taunted by general population inmates housed in the pod with them, and the custody staff don't take any actions to protect or help the seriously mentally ill.  I kept requesting to be moved to another pod, and was finally moved to Pod 2 last week, but I can still hear the yelling and screaming in the adjacent pod, Pod 1.

8.  We are not getting out-of-cell time or programming as required by the *Parsons* case, and it is aggravating peoples' mental health.  I don't see anybody in my pods going outside to recreation or to the showers.

9.  The officers say we aren't getting out of our cells because of the pandemic and not enough staff.  I have to clean myself by "bird-bathing" in the sink in my cell.  I have not been given out-of-cell recreation since I came to Browning in May.  I am not offered any group programming.

10.  When I have had to go to the clinic for medical care, the officers don't wear their masks while escorting me, or they wear them around their neck and don't cover their faces or nose.  The provider and a couple nurses wear masks, but I have seen other nurses wearing their masks around their neck.

11.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED June 29, 2020, in Florence, Arizona.

/s/ Jesse Cañez
_____
Jesse Cañez

On June 29, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Corene Kendrick, read the contents of this declaration, verbatim, to Jesse Cañez by telephone. Mr. Cañez orally confirmed that the contents of the declaration were true and correct.   He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Corene Kendrick

_____

Corene Kendrick

# EXHIBIT 19

1   Jared G. Keenan (Bar No. 027068)
    Casey Arellano (Bar No. 031242)
2   **ACLU FOUNDATION OF ARIZONA**
    3707 North 7th Street, Suite 235
3   Phoenix, Arizona 85013
    Telephone: (602) 650-1854
4   Email: jkeenan@acluaz.org
              carellano@acluaz.org
5   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
    *Rodriguez, Chriyystina Verduzco, Jackie Thomas, Jeremy Smith,*
6   *Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner,*
    *Joshua Polson, and Charlotte Wells, on behalf of themselves and all*
7   *others similarly situated*
    **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
8
    Asim Dietrich (Bar No. 027927)
9   **ARIZONA CENTER FOR DISABILITY LAW**
    5025 East Washington Street, Suite 202
10  Phoenix, Arizona 85034
    Telephone: (602) 274-6287
11  Email: adietrich@azdisabilitylaw.org
    *Attorneys for Plaintiff Arizona Center for Disability Law*
12
    **[ADDITIONAL COUNSEL LISTED ON**
13  **SIGNATURE PAGE]**

14              UNITED STATES DISTRICT COURT

15                 DISTRICT OF ARIZONA

16  Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-ROS
    Dustin Brislan; Sonia Rodriguez; Christina
17  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph     **DECLARATION OF**
18  Hefner; Joshua Polson; and Charlotte Wells, on      **RAYMOND OLSON**
    behalf of themselves and all others similarly
19  situated; and Arizona Center for Disability Law,

20                      Plaintiffs,

21          v.

22  David Shinn, Director, Arizona Department of
    Corrections, Rehabilitation and Reentry; and Larry
23  Gann, Assistant Director, Medical Services Contract
    Monitoring Bureau, Arizona Department of
24  Corrections, Rehabilitation and Reentry, in their
    official capacities,
25
                        Defendants.
26

27

28

1     I, RAYMOND OLSON, DECLARE:

2     1.     I am a class member in this matter. I am incarcerated at ASPC-Eyman, and

3     my ADC number is 185267. If called as a witness, I could and would testify competently

4     to the facts stated herein, all of which are within my personal knowledge.

5     2.     I am currently housed in Browning Unit, at 1 Baker Cluster, cell 2. I have

6     been in the Browning Unit for 9 years. I am at Step 3 in the max custody stepdown

7     program. I have been at Step level 3 for 2-1/2 years, and have been discipline free during

8     that time.

9     3.     Staffing shortages have gotten worse at Browning since the COVID-19

10    pandemic. Once, though sometimes twice per week, an officer will enter our pod at 6 am

11    to announce that there is not enough staff that day for them to do recreation and showers.

12    Last week, after 4 officers were sent home to quarantine for possible COVID-19

13    exposure, our entire wing (the Baker, Charlie, Abel, and Dog clusters) was left with just

14    one tower officer and one floor officer. This continued for 3-4 days until the next staffing

15    rotation. The staffing shortages have also significantly affected emergency medical

16    responses by staff. Once, one of the inmates in my pod was having a medical emergency

17    related to his heart and we tried to alert the officers to a man down. It took 20 minutes of

18    every inmate in the pod banging on our cell doors for the floor officer to come into our

19    pod to respond to the man down. Even after the officer made an ICS alert, it took a further

20    15-20 minutes for medical to arrive.

21    4.     We are supposed to get offered recreation and showers three times per week.

22    Due to staffing shortages, these opportunities get cancelled often, and we usually get just

23    two offers for recreation and showers per week, though there have been some weeks in

24    which we've only gotten one offer for each. When the showering opportunities are

25    cancelled I have to "bird bath" in my cell instead. I have gone as many as 5 days without

26    being offered a shower.

27    5.     We are supposed to have outdoor recreation three times per week, for two

28    hours each. As a Step 3, I am entitled to have one of those opportunities be in the 10x10

enclosure or the basketball court. We have not had outdoor recreation since March 2020, and have been limited to recreation in the concrete "chute" enclosure in our pod. The enclosed area is 20 by 10 feet with a chain link fence on the top. There are no activities for us to do during chute rec except to walk around in a circle. There's no water cooler inside the recreation area, and the only way for us to use the restroom is to call an officer to let us out of the chute, which forfeits the rest of our recreation time. Many of us have resorted to bringing empty water bottles into the chute area to urinate into.

6.      As a Step 3, I am entitled to at least one hour of group programming per week. I have not been offered group programming since December 2019 and was told by an officer in January 2020 that this was due to staffing shortages.

7.      ADC repurposed Charlie cluster pods 5 and 6 to quarantine inmates with COVID-19. Charlie cluster is located right across the hall from Baker cluster. Staff members who work in the quarantine pods in Charlie routinely work in the Baker cluster pods as well due to staffing shortages. As an example, I have seen officers and nurses pass out medications in the quarantine pods and then immediately come to my pod in Baker to pass out medications.

8.      I know that ADC said that they would conduct weekly deep cleanings of the housing unit common areas, but this has not occurred. Back in April, ADC brought in outside porters who cleaned the the stainless steel components of our pod's showers with bleach once a week for two weeks. The outside porters did not otherwise clean the rest of the common areas during those two weeks and have not been back since April.

9.      I am a pod porter, which means that it is my job to clean the common areas of my pod. Once or twice a week, I'm given just a broom and disinfectant to clean the common areas and chute enclosure. However, the disinfectant must stay on a surface for 10-15 minutes to be effective, and it usually dries up before then due to hot weather. This makes it virtually impossible to adequately clean the common areas.

10.     We're given limited amounts of disinfectant once per week to clean our cells. We use torn towels and clothes as rags to clean our cells the best we can, though this

is likewise unsuccessful.

11.     I know that ADC said that they would supply us with soap as needed upon request, but this has not happened. We are only given one bar of soap every ten days. It is small and looks like the soap that you would see at a motel. When we ask for more soap within the 10 day period, the officers refuse. I purchase soap from the commissary when I run out, but many in my pod aren't able to afford it.

12.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED July 1, 2020, in Florence, Arizona.

/s/ Raymond Olson
————————————————————
Raymond Olson


On July 1, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I, Curtis Harris, read the contents of this declaration, verbatim, to Raymond Olson by telephone. Mr. Olson orally confirmed that the contents of the declaration were true and correct.  He also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.

/s/ Curtis Harris
————————————————————
Curtis Harris

# EXHIBIT 20

1  Jared G. Keenan (Bar No. 027068)
   Casey Arellano (Bar No. 031242)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email:  jkeenan@acluaz.org
            carellano@acluaz.org
5
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz,*
6  *Sonia Rodriguez, Christina Verduzco, Jackie Thomas,*
   *Jeremy Smith, Robert Gamez, Maryanne Chisholm,*
7  *Desiree Licci, Joseph Hefner, Joshua Polson, and*
   *Charlotte Wells, on behalf of themselves and all others*
8  *similarly situated*
   **[ADDITIONAL COUNSEL LISTED ON**
9  **SIGNATURE PAGE]**

10  Asim Dietrich (Bar No. 027927)
    **ARIZONA CENTER FOR DISABILITY LAW**
11  5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
12  Telephone: (602) 274-6287
    Email: adietrich@azdisabilitylaw.org
13
    *Attorneys for Plaintiff Arizona Center for Disability Law*
14  **[ADDITIONAL COUNSEL LISTED ON**
    **SIGNATURE PAGE]**
15

16             UNITED STATES DISTRICT COURT

17                  DISTRICT OF ARIZONA

18  Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-ROS
    Dustin Brislan; Sonia Rodriguez; Christina
19  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph    **DECLARATION OF**
20  Hefner; Joshua Polson; and Charlotte Wells, on      **DUSTIN BRISLAN**
    behalf of themselves and all others similarly
21  situated; and Arizona Center for Disability Law,

22                      Plaintiffs,

23           v.

24  David Shinn, Director, Arizona Department of
    Corrections, Rehabilitation and Reentry; and Larry
25  Gann, Assistant Director, Medical Services Contract
    Monitoring Bureau, Arizona Department of
26  Corrections, Rehabilitation and Reentry, in their
    official capacities,
27
                        Defendants.
28

1    I, Dustin Brislan, declare:

2    1.    I am a prisoner in the custody of the Arizona Department of Corrections

3    (ADC). My ADC number is 164993. I have been in ADC custody since 2017. I am

4    currently housed at ASPC-Florence Complex, Kasson Unit, Pod 3A Low.

5    2.    I am over the age of 18 and if called as a witness, I could and would testify

6    competently to the facts stated below, all of which are within my personal knowledge.

7    3.    In early April, my mental health and Correctional Officer (CO) III led

8    groups were cancelled because of COVID-19 precautions. We were provided materials to

9    review in our cells, often referred to as "homework." However, there was no discussion of

10    these homework assignments with any mental health staff. Staff simply asked if we had

11    completed the homework and gave us tokens. Prior to the cancellation of groups, I would

12    attend groups every Wednesday and Saturday for two hours each day or four hours total a

13    week.

14    4.    Also in early April, table time, which consists of me being allowed out of

15    my cell for dayroom, was cancelled. Prior to the pandemic, I was allowed out of my cell

16    between two and three hours every day except for Saturdays. We have not been provided

17    any out-of-cell time to make up for the lack of table time.

18    5.    Prior to the pandemic, I was also allowed to participate in recreation on the

19    large recreational area, which meant I did not have to have recreation time in a small

20    recreational cage. This changed in early April when we were only offered recreation in the

21    small recreational cages on Tuesdays, Thursdays, and Sundays for three hours. Other than

22    recreation time in the recreational cages, we are not offered any other form of out-of-cell

23    time.

24    6.    The constant lack of out-of-cell time has caused me stress and anxiety from

25    being locked in a cell all day. Additionally, I have had thoughts of self-harm because I

26    have been locked in my cell for so long.

27    7.    Since the start of our lockdown in early April, ADC has not offered me any

28    cleaning supplies to clean my cell. I am using soap and body wash that I bought myself to

clean my cell. ADC offers a small bar of soap once a week to wash my hands. The bar of soap is like the ones given in a hotel.

8.      Showers are offered on days when we have recreational time (i.e. three days a week). Prior to the pandemic, we were able to shower six days a week.

9.      There are currently three pods designated to house patients in quarantine for COVID-19 in Kasson Unit. The current quarantine pods are 3A High, 3B High, and 3B Low.

10.      On May 2, 2020, ADC staff took the phone from my pod, 3A Low, to 3B Low, a quarantine pod. The phone was then brought back to my pod without being disinfected.

11.      On May 3, 2020, I filed an emergency informal complaint about ADC staff failing to disinfect the phone from my pod once it was used in 3B Low. My emergency informal complaint was not processed as an emergency filing by COIII Altieri. Rather, COIII Altieri informed me it would be processed normally. I grieved this decision to process my informal complaint as normal on May 7, 2020. However, COIV Anderson refused to process the grievance as an emergency, stating it did not meet the criteria of an emergency grievance. Attached as Exhibit A is a true and correct copy of my grievance regarding filing in an emergency status and ADC's response. On May 13, 2020, I received a response to my informal complaint filed on May 3, 2020. The response states that the quarantine pod uses a separate phone from the one used in my pod. Attached as Exhibit B is a true and correct copy of my informal complaint regarding the phone and ADC's response.

12.      On May 14, 2020, I grieved the informal response received on May 13, 2020. I received a response to my grievance on June 8, 2020. The grievance response states that there is only one phone available per wing in Kasson and the phone is disinfected after use in the quarantine pod. Attached as Exhibit C is a true and correct copy of my grievance and ADC's response.

13.      On June 9, 2020, I appealed the grievance response received on June 8,

2020. I noted that there are two phones for the wing, however, the one in our pod was used in the quarantine pod. I also noted that I have never seen staff disinfect the phones after use. I received a grievance appeal response on July 24, 2020, stating that administration is utilizing the phones appropriately within the unit and sanitation occurs to curtail cross contamination. Attached as Exhibit D is a true and correct copy of my grievance appeal and ADC's response.

14.     As of September 25, 2020, the phones are still being used in both my pod and the quarantine pod without proper cleaning and sanitation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this September 25, 2020, in Florence, Arizona.


/s/ Dustin Brislan
_____

DUSTIN BRISLAN


On September 25, 2020, due to the closure of Arizona State Prisons in light of the COVID-19 pandemic, I read the contents of this declaration, verbatim, to Dustin Brislan by telephone. Dustin Brislan orally confirmed that the contents of the declaration were true and correct. Dustin Brislan also orally granted me permission to affix his signature to the declaration and to file the declaration in this matter.


_____

TANIA AMARILLAS DIAZ

-3-

EXHIBIT A

## ARIZONA DEPARTMENT OF CORRECTIONS

### Inmate Grievance

| | |
|---|---|
| RECEIVED BY | Lopez, A |
| TITLE | Co II |

te: *You may appeal the Grievance Coordinator's decision by filing form ?-3, within 10 calendar days of receipt of this notice.*

| BADGE NUMBER | DATE (mm/dd/yyyy) |
|---|---|
| 7504 | 5-7-2020 |

| MATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| rislan Dustin | 164993 | 05-07-20 |

| STITUTION/UNIT | CASE NUMBER |
|---|---|
| lorence/Kasson | 20-017452 |

: GRIEVANCE COORDINATOR

scription of Grievance *(To be completed by the Inmate)*

accordance with policy ADC has 3 day to process an emergency informal complaint ith is clearly marked emergency. Attatched is the pink copy of an "Emergency" nplaint form dated 05-03-20. ADC staff once again in reckless disregard for our ith took our orange phone on 05-02-20 to the quarentine area then let them : the phone and brought it back 05-03-20

osed Resolution *(What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)*

iled on emergency Informal complaint pink copy attatched due to no response in vired 3 days. My proposed resolution our orange phone remain here and medical to take my vitals and temp for 2 weeks due to cross **RECEIVED** ation.

**RECEIVED**

**MAY 1 1 2020**

| ATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S | DATE (mm/dd/yyyy) |
|---|---|---|---|
| | 05-07-20 | S. Anderson | 5-11-20 |

on taken by _Unprocessed_ Documentation of Resolution or Attempts at Resolution.

| FF MEMBER'S SIGNATURE | BADGE NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| | | |

ARIZONA DEPARTMENT OF CORRECTIONS

# Inmate Letter Response

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Brislan, Dustin | 164993 | ASPC-F-Central Kasson | 20-017452 |

This grievance is being returned unprocessed per D.O. 802 it does not meet the criteria for an emergency grievance. You will receive a response to your informal within regular timeframes.

*S. Anderson*                                                              ~~3/18/20~~ 5/1/20

INITIAL DESTRIBUTION – Committee Recommendation – All copies to Grievance Advisory Committee
FINAL DISTRIBUTION – White and Pink – Inmate, Canary – Grievance File

INITIAL DESTRIBUTION -  GF Supplement – White and Canary – Grievance Coordinator, Pink – Inmate
802-7P
FINAL DISTRIBUTION – White – Inmate, Canary – Grievance File
2/14/00

# EXHIBIT B

Emergency Informal Complaint

## ARIZONA DEPARTMENT OF CORRECTIONS

**Inmate Informal Complaint Resolution**

Complaints are limited to one page and one issue.

Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Brislan Dustin | 164993 | Kasson 3A4 | 05·03·20 |

| TO | LOCATION |
|---|---|
| CO III Altieri | Kasson |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

This is an informal resolution to solve the following issue: on 05·02·20 the orange phone used for 3A Low and High was taken to the quarentine pods 3B Low and High for them to use and contaminate our phone! I didn't know this happend until AFTER I used the phone and then I was told "This cross contamination May have now infected me! The carelessness of ADC staff is un-believable. My proposed resolution our phone no longer be taken to the back and for me to have vitals and temp. checks every day for the next 2 weeks, due to ADC carelessness

S. Anderson 5·11·20

Unprocessed.

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | 05·03·20 |

Have you discussed this with institution staff?   ☐ Yes   ☐ No

If yes, give the staff member name:



# Inmate Grievance/Informal Response Notice
## Non-Medical

**Inmate Name:** DUSTIN BRISLAN

**ADC#:** 164993

**Prison/Unit:**
FLORENCE/FLORENCE CENTRAL

**Bldg/Bed:** A48 CB-63A04S

## Case #:20-017453

## Informal Complaint

**Type:** Informal Response

**Date Received:**

**Response Author:** 05/04/2020 05:02 PM

**Responded On:** 05/13/2020 01:49:31 PM

**Decision:**

## Case Details

**Case Number:** 20-017453

**Grievance Status:** Open

## Case Data

**Prison of Complaint:** FLORENCE

**Opened Date:** 05/04/2020 05:02 PM

**Grievance Category:** Procedures/Institution Orders

**Unit of Complaint:** FLORENCE CENTRAL

**Grievance Stage:** Informal Answered

## Informal Grievance Response

**Grievance Date:** 05/02/2020 12:00:00 AM

**Response Due:** 05/26/2020 05:02 PM

**Issue:** Conditions of confinement

**Responder:** asm7

**Response:** In response to your informal complaint, you claimed that the phone your pod uses was also used in the quarantine pod. The pods that are currently under quarantine have a separate phone to avoid contamination in the unit. I have spoken to the staff that work wing 3 and they are aware of both phones and which phone is used for each pod. Your proposed resolution is that the phone no longer be used between the quarantine pods and the non-quarantine pods and that you receive medical evaluations every day for the next two weeks. Both the phones remain on the wing to prevent cross contamination and if you require medical treatment HNRs are available and currently there is no copay for medical services.

☐ Unprocessed

**Officer's Name:** ALTIERI, STEPHANIE NMI

**Notice:** If you are dissatisfied with the Informal Complaint Response, you may file a formal grievance (form 802-1 Inmate Grievance, and/or form 802-7 GF Supplement) within five (5) workdays from receipt of the above response to the Grievance Coordinator by:
· Placing a single complaint on a single Inmate Grievance form.

NOTE: If multiple unrelated issues are on a single form or if a duplicate complaint is filed, the grievance shall be rejected and returned unprocessed

# EXHIBIT C

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance**

RECEIVED BY

M. Lopez

TITLE

CO"

BADGE NUMBER: 3241

DATE (mm/dd/yyyy): 5/14/2020

Note: You may appeal the Grievance Coordinator's decision by filing form 802-3, within 10 calendar days of receipt of this notice.

INMATE NAME (Last, First M.I.) (Please print): Brislan Dustin

ADC NUMBER: 164993

DATE (mm/dd/yyyy): 05-14-20

INSTITUTION/UNIT: Florence/Kasson

CASE NUMBER: 20-017453

TO: GRIEVANCE COORDINATOR

**Description of Grievance** (To be completed by the Inmate)

Our phone was taken down to 3B for them to use 05-02-20 then brought back, 05-03-20. This reckless disregard for our health is unacceptable. There absolutely no reason that our phone should have left this area but it did.

**Proposed Resolution** (What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)

I filed an informal and got a response, both attatched. My proposed resolution that our phone remain here and I be checked for COVID-19 since I was using the phone unknowingly.

INMATE'S SIGNATURE

DATE (mm/dd/yyyy): 05-14-20

GRIEVANCE COORDINATOR'S: CO#5 Anderson

DATE (mm/dd/yyyy): 5-15-20

Action taken by _____   Documentation of Resolution or Attempts at Resolution.

STAFF MEMBER'S SIGNATURE

BADGE NUMBER

DATE (mm/dd/yyyy)

802-1

ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Grievance Response

| Inmate Name (Last, First M.I.) | ADC Number | Institution/Facility | Case Number |
|---|---|---|---|
| Brislan. Dustin | 164993 | ASPC-F-Central Kasson | 20-017453 |

In your grievance. you state that due to the fact that the phone used by inmates is being taken to the COVID isolation area for them to use and then brought back to be used in your pod. Your resolution is that the phone not be used by the inmates in isolation and that you be checked for COVID.

In reviewing your complaint. there is only one phone available per wing at Kasson. A plan is in place that the phone to prevent cross contamination between the isolation pods and regular pods. The phone is sprayed with a chemical that decontaminates the phone after use in the isolation areas. This chemical is safe for electronics and is sprayed onto the devise and allowed to dry killing any germs on the item. Tests for COVID are not done upon request if you start to display flu like symptoms you will be seen by medical and they will determine if you need to be tested for COVID.

Your grievance is resolved.

If you are it satisfied this response. you may appeal the decision to the Director within (5) workdays of receipt of this letter.

Blake Jensen, Associate Deputy Warden                                    06/08/20

INITIAL DESTRIBUTION - Committee Recommendation - All copies to Grievance Advisory Committee
FINAL DISTRIBUTION - White and Pink - Inmate, Canary - Grievance File

INITIAL DISTRIBUTION - GF Supplement - White and Canary - Grievance Coordinator  Pink - Inmate
802-7P
FINAL DISTRIBUTION - White - Inmate, Canary - Grievance File
2-14-00

# EXHIBIT D



**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Grievance Appeal**

Please type or print in black or blue ink. (To be completed by staff member initially receiving appeal)

The inmate may appeal the Warden's, Deputy Warden's or Administrator's decision to the Director by requesting the appeal on this form.

Received By: Wilson
Title: COII
Badge #: 12457
Date: (mm/dd/yyyy) 06-09-2020

*Please Print*

INMATE'S NAME *(Last, First M.I.) (please print)*
Brislan Dustin

ADC NUMBER
164993

DATE *(mm/dd/yyyy)*
06-09-20

INSTITUTION
Florence/Kasson

CASE NUMBER
20-017453

TO: Director David Shinn

I am appealing the decision of ADW Blake Jensen for the following reasons:

This Blake Jensen is something else. There are currently 2 phones for wing 3, 1 for quarentine, 1 for my pod. Jensen just doesn't have it in him to take responsibility for his staffs actions and correct the issue. 2nd there no "chemical spray" for the phone that I've ever seen used. Attached informal, informal response, grievance, grievance response.

INMATE'S SIGNATURE
DATE *(mm/dd/yyyy)* 06-09-20

GRIEVANCE COORDINATOR'S SIGNATURE
C/O II S. Anderson
DATE *(mm/dd/yyyy)* 6-10-20

RESPONSE TO INMATE BY
LOCATION

STAFF SIGNATURE
DATE *(mm/dd/yyyy)*

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|-------|-------------|------|--------|---------|------|
| 309 | Brisian | 164993 | 20017453 | Florence | CB/Kasson |

In your grievance filed at Kasson Unit, you claim the telephone used in your housing area is being shared by inmates in another area. You believe this action is putting your health in danger. Your resolution is for a telephone to be assigned specifically to your housing area and you request to be checked for Covid-19.

Your grievance has been reviewed at Central Office and the Deputy Warden's response is affirmed. The Unit Administration is utilizing the telephones appropriately within the unit. Furthermore, the telephone is sanitized to curtail any cross contamination. Be advised, Covid-19 testing will occur when symptoms are displayed and staff determine testing is required.

No further action is warranted in this matter.

cc: Warden, Florence Complex

RK

*R. Kepney*
**Appeals Officer**

*CRGlynn for*
**David Shinn, Director**

07/24/2020
**Date**

**FILED UNDER SEAL**

# EXHIBIT 21

**FILED UNDER SEAL**

# EXHIBIT 22

FILED UNDER SEAL

# EXHIBIT 23

**FILED UNDER SEAL**

# EXHIBIT 24

FILED UNDER SEAL

# EXHIBIT 25

FILED UNDER SEAL

# EXHIBIT 26

**FILED UNDER SEAL**

# EXHIBIT 27

FILED UNDER SEAL

# EXHIBIT 28

FILED UNDER SEAL

# EXHIBIT 29

FILED UNDER SEAL

# EXHIBIT 30

**FILED UNDER SEAL**

# EXHIBIT 31

**FILED UNDER SEAL**

# EXHIBIT 32

FILED UNDER SEAL

# EXHIBIT 33

**FILED UNDER SEAL**

# EXHIBIT 34

**FILED UNDER SEAL**

# EXHIBIT 35

FILED UNDER SEAL

# EXHIBIT 36

**FILED UNDER SEAL**

# EXHIBIT 37

FILED UNDER SEAL

# EXHIBIT 38

FILED UNDER SEAL

# EXHIBIT 39

FILED UNDER SEAL

# EXHIBIT 40

**FILED UNDER SEAL**

# EXHIBIT 41

FILED UNDER SEAL

# EXHIBIT 42

**FILED UNDER SEAL**

# EXHIBIT 43

**FILED UNDER SEAL**

# EXHIBIT 44

**FILED UNDER SEAL**

# EXHIBIT 45