UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>David Shinn, Director, Arizona Department of Corrections; and Larry Gann, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-ROS <br><br>**ORDER** |

This Court, having reviewed Plaintiffs' Motion to Enforce the Court's Order and for Further Relief (Doc. 3089), Doc. \_\_\_\_, all briefing submitted therein, and good cause in support thereof, **IT IS ORDERED** that the Motion is **GRANTED**.

On December 11, 2018, this Court appointed Dr. Marc Stern as an expert to analyze irregularities and errors in the monitoring process that produces compliance numbers with the Stipulation. Doc. 3089. On October 4, 2019, after consultation with the parties, Dr. Stern submitted his report to the Court, which focused on methodology used for medical and mental health performance measures. Doc. 3379. This Court adopted many of his recommendations, after receiving submissions from the parties. Docs. 3494, 3518.

1    Plaintiffs have now presented evidence to the Court that further consultation with Dr. Stern is warranted, specifically with regard to Defendants' auditing practices during the COVID-19 pandemic. Of note, Defendants' monitoring reports submitted to the Court since March 2020 show that Defendants are reporting compliance with performance measures regarding the provision of health care, while simultaneously documenting that the health care has not been provided.

Accordingly, the Court hereby **FINDS** and **ORDERS** that:

(1) The Court appoints Dr. Marc Stern pursuant to Rule 706 of the Federal Rules of Evidence (a) to analyze the methodology used by Defendants to evaluate compliance with the dental performance measures (PMs 100-103), (b) to research and determine whether the methodology being used for health care performance measures, including but not limited to PMs 50 and 51, involves removing from consideration or counting as compliant any encounters that have been postponed or cancelled due to the COVID-19 pandemic, and (c) to provide the Court with his recommendations for remedial measures to correct Defendants' methodology in measuring compliance with the Stipulation's requirements during the COVID-19 pandemic;

(2) Defendants are hereby ordered to reaudit all performance measures, including but not limited to PMs 50, 51, and 102, for which they either counted as compliant or excluded from review, health care encounters that were cancelled or delayed due to COVID-19, beginning with March 2020 reports, through the present. Defendants must provide reaudited reports to the Court and Plaintiffs' counsel within 60 days of this order. To the extent that any of the reaudited reports show substantial noncompliance that meet the definitions set forth in the Stipulation and Court orders, the Court will issue further findings of substantial noncompliance.

**IT IS SO ORDERED.**