Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE COURT'S ORDER AND FOR FURTHER RELIEF (DKT. 3805)** |

Prior to filing a motion to enforce, the Stipulation requires the parties to participate in a multi-step dispute-resolution process. (Dkt. 1185 at ¶¶ 30–31.) First, Plaintiffs must notify Defendants of the dispute by providing them with a "written statement describing the alleged non-compliance." (*Id.* at ¶ 30.) Defendants are allotted thirty days to respond and the parties must then meet and confer "in a good faith effort to resolve their dispute informally." (*Id.*) If a dispute cannot be resolved informally, the dispute must be mediated by Magistrate Judge Deborah Fine. (*Id.* at ¶ 31; Dkt. 3260.) Only if the dispute is not resolved at mediation may Plaintiffs move to enforce the Stipulation. (*Id.*)

Plaintiffs bypassed each of these steps, and immediately sought Court intervention. They made no attempt to informally resolve their concern.[1] The first time Defendants were notified of a monitoring dispute regarding PMs 50, 51, or 102 was when Plaintiffs' Motion was filed.[2] Upon reading their Motion, Defendants investigated the allegations and determined Plaintiffs were correct—these PMs were inaccurately monitored during the timeframe raised in Plaintiffs' Motion. This was not intentional, and instead was the result of uncertainty given the unique and unprecedented circumstances associated with the COVID-19 pandemic. *See* Exhibit 1 (Declaration of Larry Gann at ¶ 11.) Recognizing the oversight, Defense counsel contacted Plaintiffs' counsel and advised they would agree to re-audit these PMs (or change the scores to 0%) just as Plaintiffs' Motion requested. *See* Exhibit 2 (Correspondence between Hesman and Kendrick). But Plaintiffs refused to withdraw their Motion, forcing Defendants to respond to a Motion where no dispute remains.[3]

Had Plaintiffs' counsel simply picked up the phone and related their concern with Defense counsel, Court intervention could have been avoided. Plaintiffs' circumvention of

---

[1] While styled as a motion to enforce a "court order," Plaintiffs' Motion is really a motion to enforce the Stipulation, as there is no order requiring Dr. Stern to analyze the monitoring of PMs through a COVID-19 lens. Plaintiffs should not be permitted to circumvent the Stipulation's dispute-resolution process by styling motions in this fashion. To avoid unnecessary motion practice in the future, Defendants request the Court order that—at a minimum—the parties must meet and confer prior to seeking Court intervention in this matter.

[2] Plaintiffs' April 30, 2020 correspondence inquired into changes or modifications to policy and procedures "regarding the delivery of health care" and did not raise any issues regarding the monitoring methodology of any PM. (Dkt. 3806-1 at 3–12.) Defendants responded on May 21, 2020 and advised of various process changes designed to protect the inmate population from COVID-19. (*Id.* at 14–15.)

[3] Plaintiffs advised they would withdraw the portion of their Motion requesting a reaudit, only if Defendants stipulated that they were substantially noncompliant with the Stipulation. (Exhibit 2.) But Plaintiffs' Motion did not request a finding of substantial noncompliance without the opportunity for re-audit. Defendants cannot stipulate to being substantially noncompliant with the Stipulation without first having the opportunity to review the re-audited scores. Moreover, the Governor's Executive Orders (and the resulting cancelling of outside consultations) made compliance impossible—which may excuse a finding of substantial noncompliance. (Exhibit 1 at ¶¶ 4–5.) Indeed, the Court has previously declined to order remediation plans where the PM met the definition of substantial noncompliance, but the circumstances did not warrant such a finding. (Dkt. 3020.)

1  the dispute-resolution process, and refusal to withdraw their Motion even after Defendants
2  agreed to the relief they sought, is a violation of the Stipulation and the Court's directive
3  that the parties work together.  It has also wasted judicial resources and increased attorneys'
4  fees.
5      Once again, Defendants agree to re-audit the PMs raised in Plaintiffs' Motion, or to
6  change the compliance scores to 0%.  With respect to Plaintiffs' request that the Court direct
7  Dr. Stern to re-analyze all healthcare PMs to ensure Defendants have not altered the
8  methodology due to COVID-19, such a review is unnecessary.  As part of Defendants'
9  investigation into Plaintiffs' allegations, Defendants confirmed that the monitoring of no
10 other PM was affected, changed, or altered due to COVID-19. (Exhibit 1 at ¶ 13.)  In other
11 words, no methodology was implemented to allow files to be "remov[ed] from
12 consideration" or encounters to be "count[ed] as compliant" if they were cancelled or
13 postponed due to the pandemic.  (Dkt. 3805 at 3.)  Nor is there any evidence of this.
14 Plaintiffs merely speculate that this is occurring for other PMs, and request that Dr. Stern
15 be re-enlisted based upon that speculation.  Dr. Stern's initial review took approximately
16 ten months and cost $273,654.61. (Dkt. 3089; Dkt. 3379.)  Such conjecture cannot support
17 Plaintiffs' extraordinary request particularly where Defendants have agreed to re-audit PMs
18 50, 51, and 102, and confirmed no other methodology was affected.

**Conclusion**

20 For these reasons, Plaintiffs' Motion should be denied.

3

1  DATED this 4th day of December 2020.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Rachel Love
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226

*Attorneys for Defendant(s)*

# CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Maya Abela: | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| Casey Arellano | carellano@acluaz.org |
| Maria V. Morris | mmorris@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Rachel Love

5