# EXHIBIT 2

# Elaine Percevecz

| | |
|---|---|
| **From:** | Corene Kendrick <ckendrick@aclu.org> |
| **Sent:** | Tuesday, December 1, 2020 7:42 PM |
| **To:** | Ashlee Hesman |
| **Cc:** | StruckLoveParsonsTeam; PLO-Arizona Team; David Fathi; Maria Morris; Jessica Carns; Samantha Weaver; Maya Abela; Jared Keenan; Casey Arellano |
| **Subject:** | RE: Parsons-Motion to Enforce (Dkt. 3805) |

Dear Ashlee,

As I noted several times on our call, if Defendants were to stipulate with the court as to their substantial noncompliance with the relevant performance measures (PMs 50, 51, 102) at the institutions, we would withdraw the portion of the motion asking the court to order Defendants to re-audit those PMs/months.  You refused to so stipulate with the Court as to ADC's noncompliance, and asked me to withdraw that part of the motion based upon your verbal assurance – with no timeframes – that PM 102 would be reaudited, and that PMs 50/51 would either be re-audited, or noncompliance would be conceded.

I also offered you an extension of time of one to two weeks for you to file your response brief so that you could <u>accurately</u> convey to your client the parameters of the assistance we seek from Dr. Stern and our concern that such improper monitoring was occurring for PMs besides the three that were blatantly and facially obvious on the face of the CGAR reports. Contrary to how you repeatedly characterized our request during our call, and that I explained several times to you, we are not asking that Dr. Stern "re-do his entire report through a COVID lens," but rather that he speak with relevant ADC monitoring bureau officials to ensure that the practices of (1) counting cancelled/delayed encounters/activities as compliant, e.g. PM 102; or (2) removing from review/audit the cancelled/delayed encounters, e.g. PMs 50/51; were not happening with other health care performance measures.  You declined my offer to stipulate to an extension of time so that you could pass on and provide our counteroffer to your client, and stated that you will be filing your response on Friday.

Finally, we disagree with your legal interpretation of the procedural posture of how this dispute should have been brought to the Court's attention.

Thank you,

-Corene

Corene Kendrick, Deputy Director
ACLU National Prison Project
39 Drumm St.
San Francisco, CA 94111
<ckendrick@aclu.org>

---

**From:** Ashlee Hesman <ahesman@strucklove.com>
**Sent:** Tuesday, December 1, 2020 6:08 PM
**To:** Corene Kendrick <ckendrick@aclu.org>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Parsons-Motion to Enforce (Dkt. 3805)

1

Corene,

Thank you for today's discussion regarding Plaintiffs' Motion to Enforce.  During the call, we advised that Defendants will agree to re-audit (or change the scores to a noncompliant finding) PMs 50, 51, and 102.  As such, we requested that Plaintiffs withdraw their Motion.  We also advised that had Plaintiffs brought these issues to our attention prior to filing their Motion (as the Stipulation requires) it would have eliminated the need to seek Court intervention.  Despite our agreement to the relief you request, you would not agree to withdraw your motion or even the portion of your motion that requests a re-audit of these PMs.  In the future, we hope we are able to informally resolve similar issues.

Ashlee

**From:** Corene Kendrick <ckendrick@aclu.org>
**Sent:** Tuesday, December 1, 2020 12:47 PM
**To:** Ashlee Hesman <ahesman@strucklove.com>
**Cc:** Elaine Percevecz <EPercevecz@strucklove.com>
**Subject:** RE: Parsons-Motion to Enforce (Dkt. 3805)

Me, David, Maria, Maya, and Jared. Thanks! (they may not all join, but will try).

**From:** Ashlee Hesman <ahesman@strucklove.com>
**Sent:** Tuesday, December 1, 2020 11:45 AM
**To:** Corene Kendrick <ckendrick@aclu.org>
**Cc:** Elaine Percevecz <EPercevecz@strucklove.com>
**Subject:** RE: Parsons-Motion to Enforce (Dkt. 3805)

That will work.  Elaine will circulate call-in information.  Who from Plaintiffs' counsel should she send the invite to?

**From:** Corene Kendrick <ckendrick@aclu.org>
**Sent:** Tuesday, December 1, 2020 12:02 PM
**To:** Ashlee Hesman <ahesman@strucklove.com>
**Subject:** RE: Parsons-Motion to Enforce (Dkt. 3805)

Hi Ashlee,

We're available at 4 Arizona time. Can you send a conference call-in line?

Thanks
Corene

**From:** Ashlee Hesman <ahesman@strucklove.com>
**Sent:** Tuesday, December 1, 2020 10:21 AM
**To:** Corene Kendrick <ckendrick@aclu.org>
**Subject:** Parsons-Motion to Enforce (Dkt. 3805)

Hi Corene,

I think we can reach an agreement on the issues raised in Plaintiffs' Motion to Enforce (Dkt. 3805).  Are you available today for a telephone call to discuss?  I am available after 3:00 p.m. AZ time.

Ashlee



Ashlee B. Hesman
Partner

**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**

3100 West Ray Road | Suite 300 | Chandler AZ 85226

480.420.1631 | ahesman@strucklove.com | STRUCKLOVE.COM

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.