1  Jared G. Keenan (Bar No. 027068)
   Casey Arellano (Bar No. 031242)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: jkeenan@acluaz.org
           carellano@acluaz.org
5
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
6  *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
   *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
7  *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
   *behalf of themselves and all others similarly situated*
8  **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
9
   Asim Dietrich (Bar No. 027927)
10 **ARIZONA CENTER FOR DISABILITY LAW**
   5025 East Washington Street, Suite 202
11 Phoenix, Arizona 85034
   Telephone: (602) 274-6287
12 Email: adietrich@azdisabilitylaw.org
13 *Attorneys for Plaintiff Arizona Center for Disability Law*
   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
14

15                    UNITED STATES DISTRICT COURT
16                          DISTRICT OF ARIZONA

17  Victor Parsons; Shawn Jensen; Stephen Swartz;    No. CV 12-00601-PHX-ROS
    Dustin Brislan; Sonia Rodriguez; Christina
18  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph   **PLAINTIFFS' REPLY IN**
19  Hefner; Joshua Polson; and Charlotte Wells, on    **SUPPORT OF PLAINTIFFS'**
    behalf of themselves and all others similarly    **MOTION TO ENFORCE**
20  situated; and Arizona Center for Disability Law,  **THE COURT'S ORDER**
                                                     **(DOC. 3089) AND FOR**
21                     Plaintiffs,                   **FURTHER RELIEF**

22         v.                                        **(Dkt. 3805)**

23  David Shinn, Director, Arizona Department of
    Corrections, Rehabilitation and Reentry; and Larry
24  Gann, Assistant Director, Medical Services Contract
    Monitoring Bureau, Arizona Department of
25  Corrections, Rehabilitation and Reentry, in their
    official capacities,
26
                       Defendants.
27

28

LEGAL23774493.1

Defendants concede they "inaccurately monitored" Performance Measures ("PM") 50, 51, and 102, as detailed in Plaintiffs' Motion (Doc. 3805), yet argue they should not be found substantially noncompliant with these PMs. Doc. 3822 at 2. Nor, they say, should they be faulted for having provided false data because Plaintiffs' counsel should have instead "picked up the phone and related their concern[s]." *Id*. They assure the Court that Defendant Gann has determined that it was *only* these three health care PMs— coincidentally, the ones for which the inaccuracies were facially obvious from the monthly CGAR reports and which Plaintiffs pointed out in their brief—that had false or inflated information about health care encounters that were cancelled or delayed ostensibly due to COVID-19. *Id*. at 3.[1] Defendants assert that the Court should trust them to properly re-audit those months of inaccurate monitoring but offer no timeframe for doing so. *Id*. Finally, they mischaracterize Plaintiffs' request for a further order directing Dr. Stern to determine if there are other PMs for which data is falsely reported. *Id*.

This jumble of blame, unsupported assertions, and vows to do it right in the future rings hollow because we are not writing on a clean slate. The Court should reject such promises and arguments, especially in light of Defendants' history of (1) refusing to provide information requested by Plaintiffs, (*see*, *e.g*., Doc. 3734) (discovery sanctions order); (2) stubbornly insisting on protracted litigation regarding the plain language of the

---

[1] Defendant Gann does not personally monitor these PMs, and he admits that his declaration is based upon discussions with the monitors. Doc. 3822-1 ¶ 13. Defendants easily could have submitted declarations sworn under penalty of perjury from the monitors who had personal non-hearsay knowledge, but chose not to do so. This creates a presumption that the sworn testimony would not have been helpful. *See United States v. Noah*, 475 F.2d 688, 691 (9th Cir. 1973) ("The failure of a party to produce a material witness who could elucidate matters under investigation gives rise to a presumption that the testimony of that witness would be unfavorable to that party if the witness is peculiarly within the party's control.").
Defendant Gann's statement, therefore, is inadmissible hearsay. *See Muniz v. United Parcel Serv., Inc*., 738 F.3d 214, 223 (9th Cir. 2013) (district court's consideration of hearsay declaration was error). This Court previously rejected Defendants' attempt to defend against a finding of noncompliance with hearsay declarations. *See* Doc. 3574 at 7 (finding Defendants substantially noncompliant with PM 74 after Defendants submitted a "flimsy affidavit" of "thirdhand" information that "does not comport with Federal Rule of Evidence 602" about a psychologist's non-confidential encounter with a post-partum patient). The Court should similarly not credit Defendant Gann's statement.

Stipulation, (*see*, *e.g.*, *Parsons v. Ryan*, ("*Parsons III*"), 949 F.3d 443, 461 (9th Cir. 2020) (detailing multiple rounds of district court litigation about the meaning of the word "seen" as defined in the Stipulation)); (3) unilaterally choosing to modify their interpretation of or "undercut the Stipulation," (*see*, *e.g.*, *id.* and Doc. 3495 at 5); (4) offering "spurious legal arguments" to the Court, (Doc. 2902 at 5); (5) taking "borderline frivolous" positions, (Doc. 3495 at 7); and (6) "misreading [] the record." Doc. 3077 at 7; *see also id.* at 9 ("Defendants appear to be engaged in the type of 'gamesmanship' the Supreme Court identified and discouraged").

With this well-documented backdrop of more than five years of outright hostility to and stonewalling of the Court and Plaintiffs' counsel every time an attempt is made to hold them accountable to their Stipulation obligations, it is disingenuous at best for Defendants to now insist that they would have sprung into action to address monitoring failures if only Plaintiffs' counsel had "picked up the phone and related their concern" about the false compliance data.

Furthermore, despite Defendants' unsupported contention, Plaintiffs do not have to grind through the laborious and months-long meet-and-confer and mediation process prior to bringing the issue of improper monitoring to the Court's attention. Over the years, the Court has held multiple hearings and issued numerous enforcement orders regarding monitoring methodology, including the expert appointment order to which this Motion relates. Defendants cite no legal authority contrary to the abundant case law—including in this case, *see Parsons III*, 949 F.3d at 454-55 and *Parsons v. Ryan*, ("*Parsons II*"), 912 F.3d 486, 497 (9th Cir. 2018)—that makes clear that the Court has the power to enforce its prior orders. *See* Doc. 3805 at 10-11 (Plaintiffs' Motion setting out cases); *see also Armstrong v. Brown*, ("*Armstrong IV*"), 768 F.3d 975, 986 (9th Cir. 2014) (observing that "the State has a long, long way to go before it meets its obligations to these prisoners," and thus, holding that "[t]he ongoing, intractable nature of this litigation affords the district court considerable discretion in fashioning relief"); *Armstrong v. Brown*, ("*Armstrong III*"), 732 F.3d 955, 957 (9th Cir. 2013) ("Notwithstanding a series of

1   careful district court orders dating back to 1996 and an opinion by this Court affirming the
2   issuance of a permanent injunction, defendants have resisted complying with their federal
3   obligations at every turn.").

4   Defendants also contend that Plaintiffs wish for Dr. Stern "to re-analyze all
5   healthcare PMs," or to recreate his past Court report. [Doc. 3822 at 3]  This is hyperbolic
6   and untrue.  The Motion asks the Court to direct Dr. Stern to "research and report to the
7   Court whether the methodology being used for health care performance measures involves
8   removing from consideration or counting as compliant any encounters that have been
9   cancelled or postponed due to the COVID-19 pandemic." Doc. 3805 at 11; *see also*
10  Doc. 3822-2 at 2 (Plaintiffs' counsel's description of what Dr. Stern may need to do).  The
11  Court can of course set parameters around the scope of Dr. Stern's work; indeed, Dr. Stern
12  himself may decide that it would only take a series of phone calls with a few monitors or
13  spot-checking source documents, to provide an assessment to the Court.  But Defendants'
14  exaggerated speculation as to the form or scope of any future order, or expert report to the
15  Court, does not foreclose the Court's power to direct Dr. Stern to provide it with an
16  independent analysis and report on this troubling situation.

17  In sum, Plaintiffs certainly hope that it was only these three PMs that had false or
18  inflated compliance data in recent CGAR reports.  If this case were a *tabula rasa*, then
19  perhaps the Court and Plaintiffs could take Defendants at their word.  But that is not
20  where we are.  The Court must ensure that Defendants have not yet again gone down the
21  path of ignoring its orders, disregarding the Stipulation's requirements, and providing
22  inaccurate data.

23  Therefore, Plaintiffs' Motion should be granted.  The Court should find Defendants
24  substantially noncompliant with PMs 50, 51, and 102 at all ten prisons, to the extent the
25  Court has not yet previously found Defendants substantially noncompliant with PMs 50
26  and 51.  The Court should direct Dr. Stern to research and report to the Court whether the
27  methodology being used for health care performance measures involves removing from
28

LEGAL23774493.1                     -3-

1  consideration or counting as compliant any encounters that have been cancelled or
2  postponed due to the COVID-19 pandemic.

3                                          Respectfully submitted,

4  Dated:  December 11, 2020               **ACLU NATIONAL PRISON PROJECT**

5
                                           By:  s/ Corene T. Kendrick
6                                               David C. Fathi (Wash. 24893)*
                                                Maria V. Morris (Cal. 223903)*
7                                               Eunice Hyunhye Cho (Wash. 53711)*
                                                915 15th Street N.W., 7th Floor
8                                               Washington, D.C. 20005
                                                Telephone:  (202) 548-6603
9                                               Email:    dfathi@aclu.org
                                                          mmorris@aclu.org
10                                                        echo@aclu.org

11                                         *Admitted *pro hac vice*. Not admitted in
                                            DC; practice limited to federal courts.
12
                                           Corene T. Kendrick (Cal. 226642)*
13                                         **ACLU NATIONAL PRISON
                                           PROJECT**
14                                         39 Drumm Street
                                           San Francisco, California 94111
15                                         Telephone:  (202) 393-4930
                                           Email:    ckendrick@aclu.org
16
                                           *Admitted *pro hac vice*
17
                                           Donald Specter (Cal. 83925)*
18                                         Alison Hardy (Cal. 135966)*
                                           Sara Norman (Cal. 189536)*
19                                         Rita K. Lomio (Cal. 254501)*
                                           **PRISON LAW OFFICE**
20                                         1917 Fifth Street
                                           Berkeley, California 94710
21                                         Telephone:  (510) 280-2621
                                           Email:    dspecter@prisonlaw.com
22                                                   ahardy@prisonlaw.com
                                                     snorman@prisonlaw.com
23                                                   rlomio@prisonlaw.com

24                                         *Admitted *pro hac vice*

25

26

27

28

LEGAL23774493.1                            -4-

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:  dbarr@perkinscoie.com
         agerlicher@perkinscoie.com
         jhgray@perkinscoie.com

Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:  jkeenan@acluaz.org
         carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:  s/ Maya Abela
     Asim Dietrich (Bar No. 027927)
     5025 East Washington Street, Suite 202
     Phoenix, Arizona 85034
     Telephone: (602) 274-6287
     Email:  adietrich@azdisabilitylaw.org

     Rose A. Daly-Rooney (Bar No. 015690)
     J.J. Rico (Bar No. 021292)
     Maya Abela (Bar No. 027232)
     **ARIZONA CENTER FOR DISABILITY LAW**
     177 North Church Avenue, Suite 800
     Tucson, Arizona 85701
     Telephone: (520) 327-9547
     Email:
       rdalyrooney@azdisabilitylaw.org
            jrico@azdisabilitylaw.org
            mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

LEGAL23774493.1                -5-

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2020, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com

*Attorneys for Defendants*

s/ C. Kendrick