UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-ROS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE THE STIPULATION** |

This Court, having reviewed Plaintiffs' Motion to Enforce the Stipulation (Maximum Custody Performance Measures 1-3, 5-6, and 8) ("Motion to Enforce") and briefing related thereto, hereby **FINDS** that Defendants are substantially noncompliant with Maximum Custody Performance Measures ("MC PM") 1-3, 5-6, and 8 as outlined in Plaintiffs' Motion to Enforce. The Court specifically **FINDS**:

1) Defendants non-compliant with MC PM ##1-3, 5-6, and 8 as of August 2019 at Eyman-SMU I, Eyman-Browning, Florence Kasson, and Lewis-Rast due to the overwhelming deficiencies with Defendants' findings, monitoring methodology, and

the documentation that allegedly supports Defendants' findings asserting compliance;

2) Defendants non-compliant with MC PM ##1-3, 5-6, and 8 as of August 2019 at Eyman-SMU I, Eyman-Browning, Florence Kasson, and Lewis-Rast due to the failure to randomly select prisoner records for review, as required by these Performance Measures;

3) Defendants non-compliant with MC PM ##1-3, 5-6, and 8 as of August 2019 at Lewis-Rast due to the failure to provide out-of-cell time in the amount and nature required by these Performance Measures;

4) Defendants non-compliant with MC PM ##1-3, 6 and 8 as of August 2019 at Eyman-SMU I, Eyman-Browning, Florence Kasson, and Lewis-Rast due to the failure to meaningfully implement the Maximum Custody Step Program Matrix, as required by these Performance Measures;

5) Defendants non-compliant with MC PM ## 2, 6, and 8 as of August 2020 at Eyman-SMU I, Eyman-Browning, and Florence Kasson, due to the failure to provide out-of-cell time in the amount and nature required by these Performance Measures;

6) Defendants non-compliant with MC PM # 1 as of August 2020 at Eyman-SMU I and Eyman-Browning, due to the failure to provide out-of-cell time in the amount and nature required by this Performance Measure;

7) Defendants non-compliant with MC PM # 5 as of August 2020 at Eyman-SMU I, due to the failure to provide out-of-cell time in the amount and nature required by this Performance Measure;

The Court **ORDERS** Defendants to submit a remedial plan for Eyman-Browning; Eyman-SMU I; Florence-Kasson; and Lewis-Rast for the following matters:

1) Defendants shall submit a plan within 30 days detailing how they plan to address the findings of non-compliance detailed in paragraphs 1-7 above.

2) Defendants shall submit a plan, including retaining an outside expert for technical assistance, within 30 days detailing how they plan to remedy the overwhelming pattern of refusals in programming and all other out-of-cell time for the SMI and non-SMI prisoners.

3) Defendants shall submit a plan within 30 days detailing how they will ensure that the monitors use the methods and procedures necessary to accurately monitor compliance with MCPM ##1-3, 5-6, and 8 of the Stipulation as set forth in the 2017 Monitoring Guide.

4) Defendants shall report monthly on their compliance with MCPM ##1-3, 5-6, and 8, and submit the underlying documents upon which their compliance findings are based.