1  Jared G. Keenan (Bar No. 027068)
   Casey Arellano (Bar No. 031242)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: jkeenan@acluaz.org
          carellano@acluaz.org
5
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
6  *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
   *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
7  *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
   *behalf of themselves and all others similarly situated*
8  **[ADDITIONAL COUNSEL LISTED BELOW]**

9  Asim Dietrich (Bar No. 027927)
   **ARIZONA CENTER FOR DISABILITY LAW**
10 5025 East Washington Street, Suite 202
   Phoenix, Arizona 85034
11 Telephone: (602) 274-6287
   Email: adietrich@azdisabilitylaw.org
12
   *Attorneys for Plaintiff Arizona Center for Disability Law*
13 **[ADDITIONAL COUNSEL LISTED ON BELOW]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-ROS <br><br>**SUPPLEMENTAL DECLARATION OF MARIA V. MORRIS** <br><br>**[FILED UNDER SEAL]** |

1    I, MARIA V. MORRIS, declare:

2    1.    I am an attorney licensed to practice in the District of Columbia. I am a Senior Staff Attorney at the ACLU National Prison Project and an attorney of record to the plaintiff class in this litigation. If called as a witness, I could and would testify competently to the facts stated herein, all of which are within my personal knowledge.

3    2.    I reviewed Maximum Custody Notebooks ("Notebooks") produced by Defendants on December 4, 2020 regarding compliance with the Maximum Custody Performance Measures ("MCPM"). These Notebooks covered the months of April through August 2020.

4    3.    On my initial review, I found a wholesale failure of compliance at Florence-Kasson, Eyman-Browning, and Eyman-SMU I. I did not find the same level of failure at Lewis-Rast and did not therefore focus my analysis there.

5    4.    Because the requirements of MCPMs 1, 2, and 6 are affected by step level, I determined how many of the people whose files were reviewed were at each step level at each of the three facilities (Florence-Kasson, Eyman-Browning, and Eyman-SMU I) for each of the five months. The breakdown is as follows:

|  | April | | | May | | | June | | | July | | | August | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | 1 | 2 | 3 | 1 | 2 | 3 | 1 | 2 | 3 | 1 | 2 | 3 | 1 | 2 | 3 |
| Eyman-Browning | 4 | 2 | 4 | 8 | 0 | 2 | 7 | 0 | 3 | 3 | 3 | 4 | 5 | 3 | 2 |
| Eyman-SMU I | 3 | 0 | 7 | 1 | 1 | 8 | 2 | 1 | 7 | 1 | 1 | 8 | 4 | 0 | 6 |
| Florence-Kasson | 5 | 3 | 2 | 5 | 2 | 3 | 6 | 1 | 3 | 3 | 1 | 6 | 5 | 1 | 4 |

5.    I reviewed the Cancellation Memos and supporting Information Reports for Florence-Kasson for the months April through August 2020. The memo for each monitoring week stated:

> On Saturday 4/18/20 all Program Classes, Mental Health Classes, and SMI Unstructured time was cancelled at Kasson Unit for the week due to the COVID-19 pandemic. Information Report 20-A58-2299 was written and submitted.
>
> On 4/25/20 all Program Classes, Mental Health Classes, and SMI Unstructured time was not able to be made up due to staffing, the amount of hours that needed to be made up and the COVID-19 pandemic. Reference Information Report 20-A58-2299

The only variation from month to month is in the date of the cancellation and statement of inability to make them up, the capitalization, and the Information Report numbers. I attach hereto as **Exhibit 1** a true and correct copy of the Cancellation Memos and supporting Information Reports for Florence-Kasson for the months April through August 2020.

6. I reviewed the Out-of-Cell Time Tracking Forms reviewed for compliance with MCPMs 1, 2, and 6 at Florence-Kasson for the months April through August 2020. Every listing for a class in the column for "Program Classes/Groups Steps 2 & 3" was marked as having been cancelled. Every recreation block offered was listed as being in the 10 x 10 enclosures, regardless of step level. I attach hereto as **Exhibit 2** a true and correct copy of the Florence-Kasson Out-of-Cell Time Tracking Forms for April through August 2020.

7. I reviewed the Cancellation Memos and supporting Information Reports for Eyman-Browning for the months April through August 2020. The Cancellation Memos go day by day, identifying each cancellation listed on the Out-of-Cell Time Tracking Forms reviewed for compliance. Most cancellations are described as being due to short staffing, COVID-19, or a combination of the two. In one case, a person with an SMI was confirmed to have the SARS-CoV-2 virus and "[a]ll interactive activities for the SMI inmate population [were] suspended for two weeks." This two-week suspension of activities does not indicate that it is limited to people in any particular housing unit. Few of the Information Reports reference any attempt to make up cancellations. Numerous pages state that make-ups were not scheduled or were not completed due to continuing

staff shortages and additional cancellations.  Several of the Information Reports show that staff was aware that a particular week was a monitoring week.  [*See, e.g.*, Bates number ADCM1660217 (p. 15 of PDF), ADCM1661874 (p. 36 of PDF), ADCM1665154-62 (pp. 62-70 of PDF)]  Those Information Reports state that there were no make-up recreation sessions or classes because the cancellations "occur[red] at the end of the monitor week."  I attach hereto as **Exhibit 3** a true and correct copy of the Cancellation Memos and supporting Information Reports for Eyman-Browning for the months April through August 2020.

8. I reviewed the Out-of-Cell Time Tracking Forms reviewed for compliance with MCPMs 1, 2, and 6 at Eyman-Browning for the months April through August 2020.  There is no out-of-cell time listed as having been offered during this period other than recreation.  Every listing for a class in the column for "Program Classes/Groups Steps 2 & 3" was marked as having been cancelled.  Several of the people in Eyman-Browning are entitled to monthly recreation incentives because of their step level, but Out-of-Cell Time Tracking Forms for the remainder of the month besides the monitoring week were not produced.  I attach hereto as **Exhibit 4** a true and correct copy of the Eyman-Browning Out-of-Cell Time Tracking Forms for April through August 2020.

9. I reviewed the Cancellation Memos and supporting Information Reports for Eyman-SMU I for the months April through August 2020.  The Cancellation Memos for the monitoring weeks of the five months all state that Outside Recreation was cancelled, as well as some or all of programs, classes and therapy groups.  They all state that the cancelled activities will not be made up "due to the COVID-19 pandemic."  I attach hereto as **Exhibit 5** a true and correct copy of the Cancellation Memos and supporting Information Reports for Eyman-SMU I for the months April through August 2020.

10. I reviewed the Out-of-Cell Time Tracking Forms reviewed for compliance with MCPMs 1, 2, and 6 at Eyman-SMU I for the months April through August 2020.  In April, May, and July every listing for a class in the column for "Program Classes/Groups Steps 2 & 3" was marked as having been cancelled.  In June, there were eight people

1  whose files were reviewed at Eyman-SMU who were at Step 2 or 3.  Of those eight files, six reflected cancellation of the class, but two reflected a refusal.  In August, six people whose files were reviewed at Eyman-SMU were at Step 2 or 3.  Of those six files, four reflected cancellation of the class, one reflected a refusal, and one reflected attendance.  I attach hereto as **Exhibit 6** a true and correct copy of the Eyman-SMU I Out-of-Cell Time Tracking Forms for April through August 2020.

11.  According to Defendants' CGARs, Defendants compliance with MCPMs 1, 2, 5, 6, and 8 at Florence-Kasson, Eyman-Browning, and Eyman-SMU I has been almost perfect since April.  They assert 100% compliance with each of these measures each month with the sole exception of finding 87.5% compliance with MCPM 8 at Eyman in May.

12.  At Eyman, Eyman-Browning and Eyman-SMU I are reported together.  For most MCPMs, this means that a total of twenty files are reviewed, ten from Eyman-Browning, ten from Eyman-SMU I.  The compliance rate is then calculated for both units together.  The CGARs identify which files are from Eyman-Browning and which are from Eyman-SMU I.

13.  Defendants reported that Eyman had a compliance rate of 87.5% for MCPM 8 in May 2020.  When broken down by housing unit, Defendants reported that at Eyman-Browning, all ten of the files reviewed were compliant with MCPM 8.  At Eyman-SMU I, there were only six files, of which two were found not to be compliant.

14.  I reviewed the eOMIS entries for each of the people whose files were selected for review of compliance with MCPM 8 from April 2020 through the present.  At Eyman-Browning, the last time any of these individuals had any mental health and psycho-educational programming was April 9, 2020.  At Eyman-SMU I, the only day since the beginning of April that there has been any mental health and psycho-educational programming was June 29, 2020. At Florence-Kasson, the last recorded mental health and psycho-educational programming was April 13, 2020.  On July 1 and 2, during the monitoring week for June 2020, at Florence-Kasson, for many of the individuals whose

1  records were reviewed, the eOMIS entry states that it is for "Group Counseling" but the
2  entries themselves say that the groups were cancelled due to COVID-19.  No other entries
3  during this period refer to cancelled groups as "Group Counseling."

4       15.    I reviewed the Out-of-Cell Time Tracking Forms reviewed for compliance
5  with MCPMs 8 at Florence-Kasson for the months April through August 2020.  Every
6  single instance of out-of-cell unstructured time, mental health programming, psycho-
7  educational programming and other programming from April through August was marked
8  as having been cancelled.  I attach hereto as **Exhibit 7** a true and correct copy of the
9  Florence-Kasson SMI Out-of-Cell Time Tracking Forms for April through August 2020.

10      16.    I attach as **Exhibit 8** a true and correct copy of an example of the eOMIS
11 entries used at Florence-Kasson to document the cancellations of mental health and
12 psycho-educational programming.  Based on my review of the eOMIS entries, this
13 example is typical of the cancellation entries in eOMIS at Florence-Kasson in the months
14 since April.

15      17.    I reviewed the Out-of-Cell Time Tracking Forms reviewed for compliance
16 with MCPMs 8 at Eyman-Browning for the months April through August 2020.  Every
17 single instance of out-of-cell unstructured time, mental health programming, psycho-
18 educational programming and other programming from April through August was marked
19 as having been cancelled.  I attach hereto as **Exhibit 9** a true and correct copy of the
20 Eyman-Browning SMI Out-of-Cell Time Tracking Forms for April through August 2020.

21      18.    I reviewed the Out-of-Cell Time Tracking Forms reviewed for compliance
22 with MCPMs 8 at Eyman-SMU I for the months April through August 2020.  Every
23 instance of mental health programming, psycho-educational programming and other
24 programming from April through August was marked as having been cancelled, except on
25 June 29, 2020.  Most instances of unstructured out-of-cell time are listed as offered but
26 refused.  I attach hereto as **Exhibit 10** a true and correct copy of the Eyman-SMU I SMI
27 Out-of-Cell Time Tracking Forms for April through August 2020.

28

1    19.    I attach hereto as **Exhibit 11** a true and correct copy of a portion of an August 28, 2020 eOMIS entry for ▉▉▉▉▉▉, ADC # ▉▉▉▉ stating that the mental health staff informed Mr. ▉▉▉ that "ALL SMI classed have been canceled indefinitely due to COVID."

20.    I reviewed the Lewis-Rast Out-of-Cell Time Tracking Forms for April through August 2020.  They reflect similar practices to prior months at Lewis-Rast.  They do not reflect the same reduction of out-of-cell time seen in the documentation of other maximum custody units during this period.  Similarly, I reviewed the eOMIS entries for the individuals whose records were reviewed and they indicate that mental health therapy and psycho-educational groups are being conducted at Lewis-Rast.

21.    I reviewed the Defendants' productions to Plaintiffs of COVID-19 test results.  During recent months, there has been a significant increase in the number of people in Defendants' custody with COVID-19.  There have been significant outbreaks at several prisons, including ASPC-Florence in early November and ASPC-Eyman in early December. Since August, there have continually been a few cases at Lewis-Rast, but, according to Defendants' reporting, it has not become a large outbreak.

22.    I reviewed the medical record of subclass member ▉▉▉▉▉▉.  He was transferred from Eyman-Rynning to Eyman-SMU I on August 19, 2020.  He died by suicide on August 27, 2020.  This was the first time he was in a maximum custody unit.  Throughout his time in Defendants' custody, he had never been placed on a mental health watch.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of December 2020 in Rockville, Maryland.

                                        s/ Maria V. Morris
                                        Maria V. Morris

| | | |
|---|---|---|
| 1 | **ADDITIONAL COUNSEL:** | David C. Fathi (Wash. 24893)* |
| 2 | | Maria V. Morris (D.C. 1697904)** |
| | | Eunice Hyunhye Cho (Wash. 53711)* |
| 3 | | **ACLU NATIONAL PRISON PROJECT** |
| 4 | | 915 15th Street N.W., 7th Floor |
| | | Washington, D.C. 20005 |
| 5 | | Telephone:  (202) 548-6603 |
| | | Email:    dfathi@aclu.org |
| 6 | | mmorris@aclu.org |
| | | echo@aclu.org |

*Admitted *pro hac vice*; not admitted in DC; practice limited to federal courts
**Admitted *pro hac vice*

Corene Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON PROJECT**
39 Drumm Street
San Francisco, California 94111
Telephone:  (202) 393-4930
Email:    ckendrick@aclu.org

*Admitted *pro hac vice*

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          rlomio@prisonlaw.com

*Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
          agerlicher@perkinscoie.com
          jhgray@perkinscoie.com

| | |
|---|---|
| 1 | Jared G. Keenan (Bar No. 027068) |
| 2 | Casey Arellano (Bar No. 031242)<br>**ACLU FOUNDATION OF ARIZONA** |
| 3 | 3707 North 7th Street, Suite 235<br>Phoenix, Arizona 85013 |
| 4 | Telephone: (602) 650-1854<br>Email: jkeenan@acluaz.org |
| 5 | carellano@acluaz.org |

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
   rdalyrooney@azdisabilitylaw.org
   jrico@azdisabilitylaw.org
   mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2020, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com

*Attorneys for Defendants*

   s/ D. Freouf