**FILED**

**DEC 24 2020**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR ANTONIO PARSONS; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> CHARLES L. RYAN, Director, Arizona Department of Corrections; RICHARD PRATT, Interim Division Director, Division of Health Services, Arizona Department of Corrections, <br><br> Defendants-Appellants. | No. 18-16358 <br>       18-16365 <br>       18-16368 <br><br> D.C. No. 2:12-cv-00601-ROS <br> District of Arizona, <br> Phoenix <br><br><br> ORDER |
| VICTOR ANTONIO PARSONS; et al., <br><br> Plaintiffs-Appellants, <br> and <br><br> ARIZONA CENTER FOR DISABILITY LAW, <br><br> Plaintiff, <br> v. <br><br> CHARLES L. RYAN, Director, Arizona Department of Corrections; RICHARD PRATT, Interim Division Director, Division of Health Services, Arizona Department of Corrections, <br><br> Defendants-Appellees. | No. 18-16424 <br><br> D.C. No. 2:12-cv-00601-ROS <br> District of Arizona, <br> Phoenix |

MH/Appellate Commissioner

Before:  Peter L. Shaw, Appellate Commissioner.

I
Background

Arizona prisoners and the Arizona Center for Disability Law (together, "Plaintiffs") brought a 42 U.S.C. § 1983 class action challenging prison conditions and health care against the Arizona Department of Corrections and its officials (together, "Defendants").  *See Parsons v. Ryan*, 949 F.3d 443, 451 (9th Cir. 2020).  The parties entered into a stipulation, and Plaintiffs alleged that Defendants did not comply.  *Id*. at 451-53.

Defendants filed appeal number 18-16358 (the "Contempt Appeal") from the district court's contempt order, and this court affirmed the contempt order.  *Id*. at 453.  Defendants filed appeal number 18-16365 (the "Attorneys' Fees Appeal") and Plaintiffs filed cross-appeal number 18-16424 from the district court's attorneys' fees award, and this court affirmed in part and reversed and remanded in part the attorneys' fees award.  *Id*.  In particular, the court denied Plaintiffs' cross-appeal, rejecting Plaintiffs' sole argument challenging the district court's denial of compensation for unpaid law student time.  *Id*. at 467-68.  Defendants filed appeal number 18-16368 (the "Medical Needs Appeal") from the district court's orders regarding enforcement of the medical needs provisions in the stipulation, and this

court affirmed the Termination Order and the HNR-Box Order and dismissed the remainder of the appeal for lack of jurisdiction. *Id*.

The court denied Defendants' petition for rehearing en banc. Defendants' petition for a writ of certiorari filed in the United States Supreme Court (No. 20-360) was distributed for the conference of January 8, 2021.

Pursuant to 42 U.S.C. § 1988, Plaintiffs filed a motion for an award of attorneys' fees as prevailing parties in Defendants' appeals numbers 18-16358, 18-16365, and 18-16368. Defendants filed an objection, and Plaintiffs filed a reply. The court granted fees to Plaintiffs, noting that Defendants challenged Plaintiffs' requested fee amount, but did not argue that Plaintiffs' fee motion should be denied in its entirety or oppose Plaintiff's eligibility for fees in some amount. The court referred to the Appellate Commissioner the determination of the specific amount to be awarded. *See* 9th Cir. R. 39-1.9.

II
Analysis

Under § 1988, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiffs request $149,027.40 in attorneys' fees for 676.5 hours of work

by five attorneys, three paralegals, and two law clerks from the ACLU National Prison Project ("NPP") in Washington, D.C., and five attorneys and five law clerks from the Prison Law Office ("PLO") in Berkeley, California.

A.  Reasonable Hourly Rates

Plaintiffs request hourly rates of $223.50 for attorneys and PLO law clerks, and $170 for paralegals and NPP law clerks. The Defendants do not object to the requested hourly rates, which are awarded. Plaintiffs correctly base the $223.50 hourly rate on the parties' stipulation; the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(d); and the Fiscal Year 2020 Congressional Budget Summary prepared by the Judicial Conference of the United States. *See Parsons*, 949 F.3d at 463. The court appropriately exercises its discretion to apply the Fiscal Year 2020 hourly rate to the 2018-20 work performed here, to compensate for the delay in payment caused in part by Defendants' filing of petitions for rehearing en banc and a writ of certiorari. *See Missouri v. Jenkins*, 491 U.S. 274, 282 (1989); *Gates v. Deukmejian*, 987 F.2d 1392, 1406-07 (9th Cir. 1992).

B.  Reasonably Expended Hours

On Ninth Circuit Form 9, Plaintiffs claim that the attorneys, paralegals, and law clerks spent the requested 676.5 hours in various service categories, as follows:

| Description of Services | Hours | Amount Claimed |
|---|---|---|
| Interviews and Conferences | 45.8 | $ 10,204.20 |
| Obtaining and Reviewing Records | 37.3 | $  8,145.70 |
| Legal Research | 74.4 | $ 15,515.60 |
| Preparing Briefs | 382.4 | $ 84,685.30 |
| Preparing For and Attending Oral Argument | 94.5 | $ 21,067.25 |
| Fee Motion and Reply | 42.1 | $  9,409.35 |
| Total | 676.5 | $149,027.50 |

Defendants' three appeals were consolidated, separately briefed, and argued together. Plaintiffs' fee request includes time for the PLO's preparation of a 14,500-word answering brief for appeal number 18-16358, the NPP's preparation of the answering brief portion of a 16,344-word second brief on cross-appeal in appeal number 18-16365, and the PLO's and NPP's joint preparation of a 14,896-word answering brief in appeal number 18-16368, as well as for PLO attorney Corene T. Kendrick's presentation of oral argument. Plaintiffs state that they do not seek any fees for time associated with their unsuccessful cross-appeal, and that billing judgment was exercised appropriately to reduce the total hours for which compensation is sought.

Defendants do not dispute that Plaintiffs prevailed in the Contempt Appeal, No. 18-16358, and the Medical Needs Appeal, No. 18-16368, and are eligible for

fees in some amount for defending them.  Defendants argue, however, that Plaintiffs are not entitled to the requested $34,597.80 in fees for the Attorneys' Fees Appeal, No. 18-16365, because they did not prevail.  Defendants also argue that time entries not attributed to a specific appeal should be reduced by 33 percent to account for the Attorneys' Fees appeal.  Defendants argue that an additional $14,250.50 should be disallowed for unsuccessful stay oppositions and for clerical or unnecessary work.[1]

Defendants argue that the remaining fee amount is still excessive, and should be further reduced by 10 percent.  In the alternative, Defendants argue that Plaintiffs' total requested fees should be reduced by at least 10 percent.  Defendants argue that Plaintiffs are entitled to no more than $93,719.95 in fees.

    1. Attorneys' Fees Appeal

        a. Prevailing Parties

Defendants argue that Plaintiffs did not prevail in, and therefore are not entitled to the requested $34,597.80 in fees (154.8 hours) for the Attorneys' Fees Appeal, or to 33 percent of the unattributed time entries, because the court found several errors, vacated the district court fee award, and remanded for recalculation,

---

[1] This amount does not include $195.80 for unrelated and overhead work that Plaintiffs conceded in their reply was not compensable and therefore eliminated from the fee request.

which will result in a net reduction of the award. Defendants argue that they were the prevailing parties in the Attorneys' Fees Appeal. Defendants cite *Corder v. Gates*, 104 F.3d 247, 248-49 (9th Cir. 1996), where the court held that plaintiffs were not prevailing parties after defendants' appeal of a fee award resulted in a significantly smaller net fee award on remand. Defendants' argument lacks merit.

In *Corder*, the court of appeals reversed and remanded the fee award, agreeing with all of the Defendants' arguments on appeal. *See Corder*, 104 F.3d at 248; *Corder v. Brown*, 25 F.3d 833, 836-41 (9th Cir. 1994). Here, unlike in *Corder*, this court affirmed the fee award in part, as well as reversed and remanded in part, and rejected a number of Defendants' arguments. *See Parsons*, 949 F.3d at 453. In contrast to the plaintiffs in *Corder*, Plaintiffs here are prevailing parties, because they succeeded on significant issues in the litigation that achieved some of the benefit they sought in bringing suit. *See Hensley*, 461 U.S. at 433.

This court affirmed Plaintiffs' entitlement to fees for work performed post-stipulation, rejecting Defendants' argument that the fee award should be reversed because the district court erroneously awarded fees that exceeded the fee authorization in the stipulation. *See Parsons*, 949 F.3d at 460-62. Although the court agreed with Defendants' argument that the district court set the attorneys' base hourly rate higher than permitted by the stipulation, the court disagreed with

the alternate hourly rate proposed by Defendants and remanded for recalculation at the correct hourly rate. *Id*. at 462-65.

The court affirmed that paralegal time should be billed at out-of-state rates, rejecting Defendants' argument that the district court set the paralegal base hourly rate based on the wrong geographic market. *Id*. at 465-66.  The court affirmed the availability of fee enhancements under the stipulation and the PLRA, rejecting Defendants' argument that enhancement was not permitted by the PLRA but concluding that the district court abused its discretion by considering enhancement factors subsumed in the stipulated PLRA hourly rate and remanding to re-weigh the appropriateness of enhancement. *Id*. at 466-67.

Indeed, Defendants filed a petition for a writ of certiorari seeking review of this court's determination that the PLRA authorizes enhancement, demonstrating that they were not prevailing parties in the Attorneys' Fees Appeal. *Cf. Corder*, 104 F.3d at 250 n.3 (plaintiffs could not be considered prevailing parties because it would lead to the nonsensical result of both sides being prevailing parties).

      b.  Degree Of Success

Defendants do not argue in the alternative that Plaintiffs' fees for the Attorneys' Fees Appeal should be reduced based on limited success, and no such reduction is warranted because Plaintiffs' attorneys' fees arguments were related

and Plaintiffs achieved excellent results in the Attorneys' Fees Appeal.  *See Hensley*, 461 U.S. at 434-35; *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1172-80 (9th Cir. 2019).

    2.  Stay Oppositions

Defendants object to $3,061.95 in fees (13.7 hours) for Plaintiffs' unsuccessful opposition to Defendants' motion to stay appellate proceedings pending resolution of a jurisdictional question in an earlier set of appeals.  Defendants also object to at least half of the $14,348.70 in fees (64.2 hours) for Plaintiffs' opposition to Defendants' motions to stay the district court's orders and judgments pending disposition of these appeals, arguing that the court granted in part and denied in part the motions, staying enforcement of the contempt and attorneys' fees orders and judgments but declining to stay certain orders regarding enforcement of the stipulation's medical needs provisions.

Defendants' arguments lack merit.  Plaintiffs' attorneys' stay opposition work was reasonably expended on the litigation, and it is properly billed to their clients and their adversaries.  *See Hensley*, 461 U.S. at 434.  Plaintiffs opposed staying appellate proceedings on the grounds that Defendants' argument in the earlier appeals that the magistrate judge lacked jurisdiction was frivolous, and that Defendants' provision of health care to Plaintiffs in compliance with the stipulation

should not be delayed.  Plaintiffs opposed staying the district court's orders and judgments on the grounds that Defendants would not succeed on appeal; that Defendants would not suffer irreparable harm; that Plaintiffs faced increased risk of illness, injury, and death; and that the public had a strong interest in timely enforcement of the district court's orders.

Although the court granted stays of the proceedings and the district court's contempt and attorneys' fees orders and judgments, Plaintiffs ultimately prevailed in these appeals, including the Contempt and Attorneys' Fees Appeals, and therefore they are entitled to fees for the stay opposition work.  "[A] plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage."  *Cabrales v. Cnty. of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991).  Notably, Plaintiffs also prevailed in the earlier appeals on Defendants' challenge to the magistrate judge's jurisdiction.  *See Parsons v. Ryan*, 912 F.3d 486, 495-97 (9th Cir. 2018).

3.  Clerical Work

Defendants oppose Plaintiffs' request for $1,762.30 in fees (9.8 hours) for creating indexes and tables of authorities, booking travel, organizing and formatting footnotes, and filing briefs, arguing that this work was purely clerical and should not be billed at paralegal or attorney hourly rates.  *See Trs. of the*

*Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006).  This objection has merit.

Plaintiffs' contention that word processing, travel booking, and filing are not tasks usually performed by secretaries is incorrect.  *See, e.g., Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).  Plaintiffs contend that the clerical work may be billed at the attorney and paralegal hourly rates because those rates are below market rates, but Plaintiffs present no evidence that it is customary in the community to bill clerical work separately and no evidence of prevailing separately billed clerical hourly rates.  Also, courts may "rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees."  *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).  Thus, $1,762.30 in fees (9.8 hours) are disallowed for clerical work.

    4.  Unnecessary Work

Defendants oppose Plaintiffs' request for $3,888.90 in fees (17.4 hours) for NPP attorney David C. Fathi's Washington, D.C.- San Francisco round-trip travel and attendance at the San Francisco oral argument, arguing that the time was unnecessary because  Berkeley PLO attorneys Kendrick presented and Donald Specter attended the oral argument.  Defendants' argument lacks  merit.

NPP's Fathi reasonably billed 1.8 hours for assisting and observing at the oral argument. "[I]f lawyers . . . are there because their assistance is or may be needed by the lawyer arguing the case . . . then the assistance is most definitely necessary." *See Dem. Party of Wash. State v. Reed*, 388 F.3d 1281, 1286-87 (9th Cir. 2004). "Also, for example, a lawyer who has worked on the case and will be working on it subsequently may need to observe argument to judge how to proceed later." *Id*. at 1287. Fathi participated in drafting two briefs, and his presence at oral argument was needed in case questions arose regarding issues he briefed. Fathi is co-counsel in this long-running complex litigation, and it was appropriate for him to attend the oral argument to know how to proceed in the future.

There is no argument or evidence that Fathi did legal work for other clients during his 15.6 hours of round-trip travel. *See Henry v. Webermeier*, 738 F.2d 188, 194 (7th Cir. 1984); *Furtado v. Bishop*, 635 F.2d 915, 922 (1st Cir. 1980). Lawyers invariably bill their clients for necessary travel time at their hourly billing rates, except when they are able to bill another client for part of the time. *See Henry*, 738 at 194. Fathi's travel time was necessary to participate in strategic preparation for oral argument and an oral argument moot court, as well as to attend the oral argument. Plaintiffs' requested oral argument hours for Fathi were reasonably expended and they are awarded.

5.  Discretionary 10 Percent Reduction

Defendants argue that Plaintiffs' requested fees and remaining $147,265.20 in fees (666.7 hours) are excessive and should be reduced by imposing a discretionary 10 percent reduction, as the court did sua sponte in awarding Plaintiffs' fees for earlier appeals numbers 16-17282 and 17-15302.  Defendants also argue that Plaintiffs' attorneys needed fewer hours because they briefed the issues in the district court, but this argument was rejected in the earlier appeals.

In large part, it is appropriate for the court to defer to the Plaintiffs' professional judgment concerning the number of hours reasonably spent.  *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  But it is also appropriate for the court to impose a reduction of up to 10 percent -- a "haircut" -- based on the exercise of its discretion and without a more specific explanation.  *Id*.

Defendants argue that a discretionary 10 percent reduction is appropriate because Plaintiffs request a comparable number of hours here, 646.5 total hours and 382.4 hours for preparing three briefs, as they in the earlier appeals, where they requested 804.6 total hours and 582.4 hours for preparing three briefs.

In imposing the 10 percent discretionary reduction in the earlier appeals, however, the court determined that a review of the representation as a whole

revealed that the number of hours requested was somewhat excessive.  The court reduced the requested 804.6 hours by 10 percent and awarded 724.14 hours.

Here, however, the remaining 666.7 hours is below the number of hours awarded in the earlier appeals for preparing the same number of briefs, even after the 10 percent reduction was imposed.  Also, these appeals arguably are more complex than the earlier appeals.  The court's review of the representation as a whole in these appeals does not reveal that the remaining 666.7 hours were excessive to any degree.  Accordingly, Plaintiffs' remaining 666.7 hours were reasonably expended and are awarded.

## III
## Conclusion

Pursuant to 42 U.S.C. § 1988, attorneys' fees in the amount of $147,265.20 are awarded in favor of Victor Antonio Parsons; Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Carrasco Gamez, Jr.; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; Charlotte Wells; and Arizona Center for Disability Law; and against Charles L. Ryan and Richard Pratt.  This order served on the district court shall amend this court's mandate.