Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendant(s)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE STIPULATION (MAXIMUM CUSTODY PERFORMANCE MEASURES 1-3, 5-6, AND 8) (DKTs. 3832, 3833)** |

Defendants oppose Plaintiffs' Motion for Leave to File Supplemental Brief in Support of Plaintiffs' Motion to Enforce the Stipulation (Maximum Custody Performance Measures 1-3, 5-6, and 8). (Dkts. 3832, 3833.) Plaintiffs' request for supplemental briefing is really a new motion to enforce and is therefore subject to the Stipulation's pre-filing dispute resolution requirements—Notice of Substantial Non-Compliance, response, meet and confer, and mediation—none of which has occurred. (Dkt. 1185 at 13 & 15, ¶¶ 30-31,

40.)  Plaintiffs' attempt to categorize their proposed filing as a "supplement" to the pending May 2020 Motion to Enforce circumvents these pre-filing requirements.

Briefing on Plaintiffs' Motion to Enforce the Stipulation (Maximum Custody Performance Measures 1-3, 5-6, and 8) was complete on October 6, 2020.  (Dkts. 3590, 3599, 3664, 3666, 3770, 3768, 3775.)  Plaintiffs' May 2020 Motion to Enforce challenged Defendants' compliance with various Maximum Custody Performance Measures ("MCPMs") regarding out-of-cell time and programming offerings; monitoring methodology for selection of inmates for monthly monitoring; monitoring methodology for documentation of out-of-cell offer refusals; and various conditions of confinement unrelated to the Stipulation (water access, jacket access, shower access, and Step Level progression) **for the time period encompassing November 2016 through August 2019.** (Dkts. 3590 generally and at 1; 3590-1; 3599 at 1 & 22; 3775 at 1; 3666, 3700.)  But Plaintiffs' newly requested supplemental briefing raises different challenges: (1) a new time period – **April through August 2020**; and (2) new issues associated specifically with ADCRR's COVID-19 response operations.  The proposed supplemental briefing does not challenge either MCPM 3 or ASPC-Lewis compliance for the new time period (issues present in the pending Motion to Enforce).  (Dkts. 3832, 3833.)

While styled as a supplemental briefing request, Plaintiffs' proposed 17-page "supplement" is a new motion to enforce challenging not only a new time period but also new, unique, and ever developing operational issues pertaining to COVID-19 –challenges faced by corrections departments across the country. (Dkt. 3833.)  It is not surprising that Plaintiffs' May 2020 Motion to Enforce was silent regarding COVID-19, as the timeframe relevant to that motion was November 2016 to August 2019—well before COVID-19.  While Plaintiffs' Reply to the pending Motion to Enforce tacked on allegations that group programing was canceled in March/April 2020 because of COVID 19, these allegations were outside the challenged 2016 to 2019 compliance time period and were therefore irrelevant to the requested relief (a finding of non-compliance for the challenged 2016 to 2019 time period).  (Compare Dkts. 3599 at 1 & 22 and 3590-1 at 1-2 requesting relief for

the November 2016 to August 2019 time period unrelated to COVID-19 restrictions (ASPC-Florence, Eyman, and Lewis) with Dkts. 3833 at 18 and 3832-1 requesting relief related specifically to COVID-19 restrictions for the April to August 2020 time period (ASPC Florence and Eyman only - not Lewis.)

There is no dispute that prior to attempting to bootstrap the new time period and new issues to the pending 2016-2019 compliance time period, Plaintiffs (1) did not serve Defendants with a Notice of Substantial Non-Compliance; (2) did not await and consider Defendants' response; (3) did not meet and confer on the dispute once the parties' positions were known; and (4) did not mediate. (Dkt. 1185 at 13 & 15, ¶¶ 30-31, 40.) The Stipulation's pre-motion dispute resolution requirements are not optional– the parties must attempt to resolve disputes without court intervention to prevent potentially unnecessary and costly motion practice in a post-settlement postured case. This Court should not permit Plaintiffs to circumvent the Stipulation's dispute resolution requirements by tacking on new time periods and new claims to previously pending motions that addressed different time periods and issues.

Should this Court allow Plaintiffs' supplemental briefing without requiring that they avail themselves to the required pre-motion dispute resolution process, Defendants request 30 days from an order granting Plaintiffs' request to substantively respond. Plaintiffs' Supplemental Evidence pleading consists of 17 pages of substantive briefing, relying on nearly 800 pages of exhibits, including an expert report. (Dkts. 3833, 3834, 3838.) Due process requires that Defendants be afforded an opportunity to substantively respond to Plaintiffs' detailed factual assertions, expert opinions, and legal arguments–all of which Defendants oppose.[1]

Based upon the foregoing, Defendants respectfully request this Court deny Plaintiffs' Motion for Leave to File Supplemental Brief regarding the pending May 2020 Motion to

---

[1] Defendants disagree that ADCRR's MCPM compliance rates for April through August 2020 are the statistics set forth in the tables advanced by Plaintiffs at Dkt. 3832 at 2 and Dkt. 3833 at 3, 6-16.

Enforce and require Plaintiffs to follow the Stipulation's requirement to first provide Defendants with a Notice of Non-Compliance, meet and confer, and mediate (if necessary) before directly seeking Court intervention through a new motion to enforce.

DATED this 4th day of January 2020.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/Rachel Love
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226

*Attorneys for Defendant(s)*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Amelia M. Gerlicher: | agerlicher@perkinscoie.com; docketPHX@perkinscoie.com, kleach@perkinscoie.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| Casey Arellano | carellano@acluaz.org |
| Maria V. Morris | mmorris@aclu.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Rachel Love

5