Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: jkeenan@acluaz.org
       carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE STIPULATION (MAXIMUM CUSTODY PERFORMANCE MEASURES 1-3, 5-6, AND 8) (DOC. 3590)** |

LEGAL23774493.1

**INTRODUCTION**

Pending before this Court is Plaintiffs' Motion to Enforce the Stipulation (Maximum Custody Performance Measures 1-3, 5-6, and 8) ("Enforcement Motion") [Doc. 3590]. The Enforcement Motion argues that Defendants are in substantial non-compliance with the Maximum Custody Performance Measures ("MCPM") at each of the four maximum custody housing units in the Arizona Department of Corrections, Rehabilitation and Reentry (Eyman-Browning, Eyman-SMU I, Lewis-Rast and Florence-Kasson), and have been for years. Plaintiffs seek leave to file in support of the Enforcement Motion recently produced evidence of Defendants' that document their ongoing violations of the MCPMs. [Doc. 3832]

Defendants argue that the Court should require Plaintiffs to recommence the lengthy dispute resolution process before bringing the continuing violations of the Stipulation to its attention, rather than considering the evidence as part of the pending Enforcement Motion. [Doc. 3845] This Court has already rejected the approach proposed by Defendants. [Doc. 3574 at 3-5] As previously explained by the Court,

> [B]ased on the terms of the Stipulation, the parties are required to pursue the informal dispute resolution process regarding a particular PM at a particular location only once. Therefore, once the parties have completed the dispute resolution process in its entirety a single time regarding a particular PM at a particular location, there is no requirement that Plaintiffs pursue the process again.

[*Id*. at 5] Furthermore, Defendants argue that because there is an additional reason for their ongoing non-compliance, namely the COVID-19 pandemic, Plaintiffs must restart the dispute resolution process. Not only is there no support for this position in the plain language of the Stipulation, but it would also create an unjust and absurd result if Plaintiffs had to restart the process every time Defendants came up with an additional excuse for their sustained non-compliance.

The Court should consider this additional evidence, and find Defendants substantially noncompliant with the MCPMs at issue.

. . .

. . .

LEGAL23774493.1

**PROCEDURAL BACKGROUND**

In September 2019, after extensive briefing, this Court ruled on Defendants' motion to terminate their monitoring obligations with regard to the MCPMs. [Doc. 3359] In denying the motion as to MCPMs 1-3, 5, 6, and 8 at the four maximum custody housing units, the Court ordered the parties to mediate the ongoing disputes regarding compliance. [*Id*. at 11] The Court ordered that, if the disputes were not resolved through mediation, Plaintiffs could file a motion to enforce the Stipulation. [*Id*.] The parties mediated in October 2019, and were unable to resolve the disputes. [Doc. 3396]

Pursuant to the Court's order, following the mediation, Plaintiffs filed the Enforcement Motion, arguing Defendants were in violation of MCPMs 1-3, 5, 6, and 8 at Eyman-Browning, Eyman-SMU I, Lewis-Rast, and Florence-Kasson. [Doc. 3590] Using the documents Defendants had produced to them prior to the filing, Plaintiffs submitted substantial evidence of non-compliance in support of the Enforcement Motion. [*See* Docs. 3600, 3601] In opposition to the Enforcement Motion, Defendants submitted more recent documents, some as recent as April 2020. [*See, e.g.*, Doc. 3700-1, Ex. 4, pt. 1 at 2-3, 7-34, 36-63, 65-92, 152-179; Ex. 4, pt. 2 at 2-3, 36-63, 65-88, 90-117, 235-262] These documents showed their continuing non-compliance in the months after those reflected in the documents Defendants had made available to Plaintiffs as of the time of the initial filing. [*Id*.; *see also* Doc. 3775 (discussing the MCPM violations reflected in the Defendants' exhibits)]

With their reply, Plaintiffs submitted further evidence of Defendants' ongoing non-compliance, much of which Defendants had produced after the filing of the Enforcement Motion and after the opposition thereto. [*See* Docs. 3769, 3770] Several of the new documents reflected violations continuing through the summer of 2020. [*See, e.g.*, 3769-1, Exhibits 1-26, 30-42] Most of the newly produced evidence of Defendants' continuing non-compliance with the MCPMs at issue in the Enforcement Motion was produced pursuant to this Court's discovery order requiring production of information Defendants had failed to produce in response to discovery requests dating back to 2019. [*See* Docs.

3635, 3613] Defendants did not object to the submission of the evidence that their non-compliance continued through the first eight months of 2020.

Altogether, the evidence previously submitted by both parties shows continuing non-compliance with MCPMs 1-3, 5, 6, and 8 at the four housing units from 2016 through at least August 2020. As explained in the Motion for Leave to File a Supplemental Brief in Support of the Enforcement Motion, Defendants produced records to Plaintiffs in early December showing gross non-compliance with the following MCPMs at the following locations from April through August 2020[1]:

- MCPM 1: Eyman-Browning and Eyman-SMU I
- MCPM 2: Eyman-Browning, Eyman-SMU I, and Florence-Kasson
- MCPM 5: Eyman-Browning (2 months) and Eyman-SMU I (4 months)
- MCPM 6: Eyman-Browning and Florence-Kasson
- MCPM 8: Eyman-Browning, Eyman-SMU I (4 months), and Florence-Kasson

[Docs. 3832, 3833] The parties have already completed the dispute resolution process for these MCPMs at these locations. [Doc. 3396, 3590] No additional dispute resolution process is required. [Doc. 3574 at 5] To find otherwise "would doom the parties to potentially perpetual rounds of dispute resolution. It is better to simply enforce the Stipulation which requires only a single trip through the months-long process." [*Id.*]

## CONCLUSION

In accordance with the Court's prior rulings in this case concerning the Stipulation's dispute resolution process, because the MCPMs and locations at issue in Plaintiffs' proposed Supplemental Brief in Support of the Enforcement Motion are the same as those at issue in Plaintiff's Motion to Enforce the Stipulation (Maximum Custody Performance Measures 1-3, 5-6, and 8) [Doc. 3590], Plaintiffs' respectfully submit that the Court should accept the Supplemental Brief and accompanying evidence.[2]

---

[1] Unless otherwise noted, Defendants were below 85% compliance for each of the five months from April through August 2020 for the MCPMs and locations listed. For many of the MCPMs, the compliance rate was 0%. [*See generally* Docs. 3832, 3833]

[2] Plaintiffs do not object to Defendants' request for 30 days to respond to the Supplemental Brief. [*See* Doc. 3845 at 3]

| | | |
|---|---|---|
| 1 | Dated: January 11, 2021 | **ACLU NATIONAL PRISON PROJECT** |

Dated: January 11, 2021      **ACLU NATIONAL PRISON PROJECT**

By:    s/ Maria V. Morris
David C. Fathi (Wash. 24893)\*\*
Maria V. Morris (D.C. 1697904)\*
Eunice Hyunhye Cho (Wash. 53711)\*\*
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:    dfathi@aclu.org
           mmorris@aclu.org
           echo@aclu.org

\*Admitted *pro hac vice*
\*\*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.

Corene Kendrick (Cal. 226642)\*
**ACLU NATIONAL PRISON PROJECT**
39 Drumm Street
San Francisco, California 94111
Telephone: (202) 393-4930
Email:    ckendrick@aclu.org

\*Admitted *pro hac vice*

Donald Specter (Cal. 83925)\*
Alison Hardy (Cal. 135966)\*
Sara Norman (Cal. 189536)\*
Rita K. Lomio (Cal. 254501)\*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:    dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           rlomio@prisonlaw.com

\*Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:    dbarr@perkinscoie.com
           agerlicher@perkinscoie.com
           jhgray@perkinscoie.com

|   |   |
|---|---|
| 1 | Jared G. Keenan (Bar No. 027068) |
| 2 | Casey Arellano (Bar No. 031242) **ACLU FOUNDATION OF ARIZONA** |
| 3 | 3707 North 7th Street, Suite 235 Phoenix, Arizona 85013 |
| 4 | Telephone: (602) 650-1854 Email:  jkeenan@acluaz.org |
| 5 | carellano@acluaz.org |

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:   s/ Maya Abela
      Asim Dietrich (Bar No. 027927)
      5025 East Washington Street, Suite 202
      Phoenix, Arizona 85034
      Telephone: (602) 274-6287
      Email:  adietrich@azdisabilitylaw.org

      Rose A. Daly-Rooney (Bar No. 015690)
      J.J. Rico (Bar No. 021292)
      Maya Abela (Bar No. 027232)
      **ARIZONA CENTER FOR DISABILITY LAW**
      177 North Church Avenue, Suite 800
      Tucson, Arizona 85701
      Telephone: (520) 327-9547
      Email:
         rdalyrooney@azdisabilitylaw.org
         jrico@azdisabilitylaw.org
         mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2020, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com

*Attorneys for Defendants*

s/ Jessica Carns