Mr. Roberto Carrasco Gamez #131401
ASPC-Eyman-SMU-I
P.O. Box 4000, Florence, Ariz. 85132

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

Victor Parson et al.
     Plaintiff(s)          Case No. 12-cv-0601-(ROS)
v.
                           Notice of Service
David Shinn et al.
     Defendant(s)

On the following date 16 Feb.21, Opposing Counsel in the Parson(s) Class Action received Second Notice of Claim [RE: Breach of Contract]

• Demand Letter

Respectfully Submitted this 16th day of Feb. 21
(Under Penalty of Perjury)

Mr. Roberto Carrasco Gamez #131401
ASPC-Eyman-SMU-I
P.O. Box 4000, Florence, AZ 85132

Page 1

Breach of Contract with Termination-
Demand Letter.

TO: David Shinn; Richard Pratt; Ryan;
Arizona Department of Corrections.
Central Office. PHX, AZ

FROM: MR. Roberto Carrasco Gamez # 131401
ASPC-Eyman-SMU-T
P.O. Box 3600 · Florence, Ariz
85326

18 Feb, 21

Dear David Shinn Director Arizona Department of Corrections; And Richard Pratt, Division Director, Division of Health Services Contract Monitoring Bureau, Arizona Department of Corrections, in their official and individual capacities

This Letter concerns the "Parsons Stipulation" entered into between Class Action Represitives - Gamez, Robert # 131401 and, Ryan, Shinn and Richard Pratt on 9 Oct 14 the "Agreement"

Page 1

The purpose of this letter is to place you on notice that you have materially breached the above-referenced agreement as follows:

The claimant filing Notice of Claim in the State of Arizona, alleging Parsons v. Shinn is a federal class action lawsuit against the Arizona Department of Corrections ("ADC") mental health. The lawsuit also challenges inhumane conditions in Maximum Custody isolation units.

Since the settlement was approved the federal district court has issued a series of orders directing "ADC" to take additional steps to comply with the settlement.

On 22 June, 18, Judge Duncan found (ADC) Director Ryan in civil contempt of court for (ADC's) failure to comply with many requirements of the stipulation. On 4, 2018, He ordered ADC to pay $1,445.00 for violations of the courts order in Dec. 17, Jan. 18 and Feb. 18. Judge Silver would decide how the money should be spent to best benefit prisoners. ADC appealed this order to the U.S. Court of Appeals for the Ninth Circuit and oral arguments were on 24 Sept. 19. The Ninth Circuit "stayed" any spending of the money, and ordered that the money not be spent

Page 2

until they considered (ADC's) appeal of the order. None of the contempt fine will go to the attorneys in this case.

On 29 Jan. 20, the Ninth Circuit issued its opinion and ruled 3-0 against (ADC). The court upheld Judge Duncan's contempt order and the fine, and said it was within the power of the Arizona district court judges to find Director Ryan and the department in contempt of court.

On 6 May 19, Judge Silver issued what is called an "Order to Show Cause" against Director Ryan. dkt. 3235. This means that ADC will have to show her why should not also issue a further contempt order and fines. She identified multiple areas of the stipulation where month after month (ADC) and Corizon are not complying with its requirements, because defendants continued to argue that the stipulation they signed in 2014 is not enforceable, and that the federal court has no power to hold them accountable. Defendants said that they wanted to negotiate a termination of the case. dkt. 3410, because the federal court has no power to enforce the contract. dkt. 3435. On 12 Feb. 20, this Honorable Judge Silver issued an order saying that if ADC has not complied with the stipulation by July 2020, she will set the case for Page ?

trial. dkt. 3495, (ADC's) use of Prolonged Isolation in Arizona's Supermaximum prison constitutes Cruel and Unusual Punishment that creates a significant Risk of Serious harm.

(ADC) does not place a cap on the duration I'm required to spend in Isolation. As a Result, I have spent over (19) Nineteen years in Isolation.

Your department's actions have resulted in a material noncurable breach of the agreement and on that basis, the agreement is now terminated. According to the provisions of the agreement, your Department must:

1. Abolish Prolonged Isolation.
2. Transfer me to another state that I am compatible with due to Uncontrolable Retaliation from (ADC) (A.G's office and (FBI).
3. Compensatory damages; Punitive damages.

(A) Claimant Request Amount of Claim:
$ 1,445,000 to All "Class Action" Named Representitive

4. Concede for Trial

If you fail to take the steps outlined above in a timely manner, I will

Page 4

take whatever legal action is required to enforce our rights under the Agreement. By asserting our rights in this letter, we do not waive any other rights that we might be entitled to under the Agreement. Please respond within "30" days.

Under penalty of perjury

Mr. Roberto Carrasco Gomez #131401
ASPC-Eyman- SMU-I
P.O. Box 3000 · Florence AZ
85526

Page 5


# ARIZONA DEPARTMENT OF CORRECTIONS
## Inmate Informal Complaint Resolution

*Complaints are limited to one page and one issue.*
*Please print all information.*

| INMATE NAME (Last, First M.I.) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Carne, Robert C | 131401 | ASPC-Lewis | 5 Feb 21 |

**TO:** COIII Gonzales   **LOCATION:** Rast Unit

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am attempting to informally resolve the following problem. I am currently experiencing an on-going pattern of retaliatory harassment. In Sept I was placed in PC due to a verified threat against me. I was recently placed on a Protected Yet to be sent back to Cp Phase II. Nonetheless, Movement Officer Ms. Stacy Endlee, I was then transferred to STG-I a Sex Offender CP unit. I was next placed in a pod with STG/PFC's who have conspired with SSU, AG and FBI to **MAKE MY LIFE A LIVING HELL** by intentionally implicating me in a ISIL TERRORIST PLOT. I currently have pending litigation against several parties who have conspired in manufactured evidence against me. I believe several police agencies have placed my life in danger because I have and anticipate filing additional litigation. On 1/26/21, 70 items were confiscated from my property despite the right to have them at least MAX-1 Maximum Custody Unit. In addition, the legal box that was given to me was opened and the tape that had it sealed was removed. ADC policy absolutely prohibits ADC personnel from reading and inspecting my legal documents. It appears that several documents pertaining to ADC, AG, FBI corruption were confiscated and shared with the opposing parties.

Resolution: Please produce a Chain of Evidence report on who opened search & seized my legal documents. Return my property, transfer me to another state that I am compatible with and advise me of the severity and permanence of the situation. I am not based in accordance to policy with my own PC subgroup specifically the Rast Maximum Custody Unit.

**INMATE SIGNATURE:** /s/   **DATE:** 5 Feb 21

Have you discussed this with institution staff?   ☒ Yes   ☐ No
If yes, give the staff member name: D.W. Shick

Distribution: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
6/25/14