UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-ROS<br><br>**[PROPOSED] ORDER** |

This Court, having reviewed Defendants' proposed Compliance Plan regarding Paragraph 14 of the Stipulation (Doc. 3880), and Plaintiffs' response thereto, hereby finds that a more specific order is necessary to address the issues raised in Plaintiffs' Motion to Enforce Paragraph 14 of the Stipulation (Doc. 3623) and the Court's previous findings and orders (Doc. 3861; Doc. 1673 at 1-2). *See* Doc. 1185 at 14-15 ¶ 36; *Brown v. Plata*, 563 U.S. 493, 542-43 (2011).

152406683.1

1    **IT IS ORDERED** that, as required by Paragraph 14 of the Stipulation, Defendants
2    must provide language interpretation by a qualified healthcare practitioner who is
3    proficient in the class member's language, or by a language line interpretation service,
4    during healthcare encounters for class members who are not fluent in English. [*See*
5    Doc. 1185 at 6 ¶ 14] This includes group psychotherapy and healthcare encounters while
6    someone is on suicide watch.

7    **IT IS FURTHER ORDERED** that automatically during intake, upon request by a
8    class member at any time (either orally in any language, in sign language, or in writing in
9    any language), whenever staff have reason to believe that a class member is not fluent in
10   English, and whenever a class member's English fluency and primary language are not
11   documented in the medical record, Defendants shall determine whether the class member
12   is fluent in English and, if the class member is not fluent in English, Defendants shall
13   determine what the class member's primary language is, including whether someone
14   communicates through sign language.

15   **IT IS FURTHER ORDERED** that Defendants shall record each class member's
16   English fluency and primary language in the electronic medical record and that that
17   information shall appear on the top banner (header) of the electronic medical record, so
18   that it is visible on all screens associated with that class member's electronic medical
19   record at all times.

20   **IT IS FURTHER ORDERED** that Defendants shall, for each healthcare
21   encounter, document in the medical record whether interpretation services were needed
22   (that is, whether the class member is fluent in English) and, if so, whether they were in
23   fact provided. If interpretation services were provided, Defendants shall, for each
24   healthcare encounter, document in the medical record whether such services were
25   provided by a language line interpretation service (including video interpretation for sign
26   language) or by a qualified healthcare practitioner who is proficient in the class member's
27   language. If the latter, Defendants shall document in the medical record for that healthcare
28   encounter the name and title of the qualified healthcare practitioner providing

-2-

152406683.1

1  interpretation services. If interpretation services were needed but not provided, including
2  when technical difficulties prevent use of the language line, Defendants shall document
3  the reason for the noncompliance in the electronic medical record entry for that healthcare
4  encounter.

5        **IT IS FURTHER ORDERED** that staff proficient in Spanish shall conduct
6  outreach in each housing unit in each prison and orally inform all class members, in
7  English and Spanish, of the availability of interpretation services during healthcare
8  encounters and that they may inform healthcare staff orally in any language, in sign
9  language, or in writing in any language that they are not fluent in English, if that is not
10 already documented in their medical record, so they are provided interpretation services
11 going forward.

12       **IT IS FURTHER ORDERED** that Defendants shall post easy-to-read written
13 materials in the twenty most common languages in Arizona in all housing units and
14 medical clinics in all prisons advising class members of the availability of interpretation
15 services and that they may inform healthcare staff orally in any language, in sign
16 language, or in writing in any language that they are not fluent in English, if that is not
17 already documented in their medical record, so they are provided interpretation services
18 going forward.[1] Defendants shall produce proposed written materials and locations for
19 posting them within 30 days of this order for Plaintiffs' review and comment. The parties
20 shall meet and confer and shall bring any disputes to the Court for resolution.

21       **IT IS FURTHER ORDERED** that Defendants shall regularly train all healthcare
22 staff (a) regarding the requirements of Paragraph 14 and their obligations in securing and
23 documenting in the electronic medical record interpretation services when needed; (b) that
24 if at any time it appears that a class member may not fully understand what is being said
25 in English, they should stop the encounter and, if the person's primary language is not

---

[1] Data regarding languages spoken in Arizona can be found on the U.S. Department of Justice's Limited English Proficiency (LEP) website: https://www.lep.gov/maps.

-3-

152406683.1

apparent, they should use "I Speak" cards to identify the primary language, and then they should document the class member's language needs in the electronic medical record, and re-start the healthcare encounter with interpretation services; and (c) regarding what to do when interpretation services are needed but not available.[2] Defendants shall produce proposed "I Speak" cards, training materials, and a training schedule within 30 days of this order for Plaintiffs' review and comment. The parties shall meet and confer and shall bring any disputes to the Court for resolution.

**IT IS FURTHER ORDERED** that Defendants shall regularly assess the spoken and written language proficiency of healthcare practitioners, including the ability to explain medical concepts and use medical terminology in a non-English language. Defendants shall produce a proposed assessment protocol within 30 days of this order for Plaintiffs' review and comment. The parties shall meet and confer and shall bring any disputes to the Court for resolution.

**IT IS FURTHER ORDERED** that Defendants shall maintain a list of qualified healthcare practitioners and the language(s) other than English that they have been found proficient in. Those lists shall be available to staff at each prison clinic and yard to ensure that only approved practitioners are providing interpretation services.

**IT IS FURTHER ORDERED** that each month, Defendants shall run a report of all healthcare encounters for all class members who are not fluent in English and determine whether each encounter complied with Paragraph 14 of the Stipulation. Defendants shall produce to Plaintiffs the overall compliance percentages by prison and by yard, as well as the underlying reports, including the ADC numbers of class members and all encounters marked either compliant or noncompliant, by the 15th of the following month.

**IT IS FURTHER ORDERED** that Defendants shall regularly monitor whether the provisions of this Order are being complied with, including related to intake processes,

---

[2] Sample "I Speak" cards can be found on the U.S. Department of Justice's LEP website: https://www.lep.gov/i-speak-card.

152406683.1

1  staff training, and regular assessment of qualified healthcare practitioners proficient in
2  languages other than English. Defendants shall produce a proposed monitoring protocol
3  within 30 days of this order for Plaintiffs' review and comment. The parties shall meet
4  and confer and shall bring any disputes to the Court for resolution.
5      **IT IS FURTHER ORDERED** that Defendants shall, within 60 days of this Order,
6  file a notice with the Court certifying that all provisions of this Order have been fully
7  implemented.

152406683.1