**EXHIBIT 2**

**EXHIBIT 2**

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DECLARATION OF ASHLEE B. HESMAN** |

I, Ashlee B. Hesman, make the following Declaration:

1. I am over the age of 18 years and have personal knowledge of and am competent to testify to the matters set forth in this Declaration.

2. I am a partner with the law firm Struck Love Bojanowski & Acedo and am counsel for Defendants in the above-referenced matter.

3. On March 30, 2021, I sent correspondence to Plaintiffs' counsel advising the that "minimum durations" methodology would be implemented on April 1, 2021. *See* Attachment A.

4. On April 21, 2021, I sent additional correspondence inquiring whether Defendants' proposed language for "seen" PMs could be implemented into the Monitor Guide. *See* Attachment B. Plaintiffs did not respond.

5. On May 6, 2021, I sent follow up correspondence requesting a response. *See* Attachment C. Plaintiffs did not respond.

6. On May 12, 2021, the day after Plaintiffs' Motion to Enforce was filed, I sent correspondence to Plaintiffs explaining that Defendants were in compliance with the Court's February 24, 2021 Order and requesting they withdraw their Motion. *See* Attachment D. They refused.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24 day of May, 2021.

Ashlee B. Hesman

# ATTACHMENT A

# ATTACHMENT A



STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ashlee B. Hesman
480.420.1631
ahesman@strucklove.com

March 30, 2021

**VIA EMAIL ONLY**
David C. Fathi
NATIONAL PRISON PROJECT
915 15TH Street, NW - 7th Floor
Washington, DC  20005-2112

      **Re:**    *Parsons v. Shinn*
               **Court's February 24, 2021 Order (Dkt. 3861)**

Dear David:

      We are in receipt of your March 16, 2021 correspondence.  Pursuant to the Court's February 24, 2021 Order, for PMs that require inmates be "seen" by mental health, Defendants propose the following language be added to the Monitor Guide:

- A contact is one of thirty [or ten] minutes or more UNLESS:  (1) the patient executes a Refusal to Submit to Treatment or a Refusal to Continue Encounter; OR (2) a psychiatrist determines that the length of a shorter visit was meaningful and appropriate in the context of the patient's overall care after a review of (in its entirety) the eOMIS records for the patient's last five mental health encounters (not including the weekly rounds required by PM 93), as well as the eOMIS records for any ICS involving the patient in the previous six months. The evaluator shall also review the patient's currently operative mental health treatment plan.

- If the patient executes a Refusal to Submit to Treatment or a Refusal to Continue Encounter, such documentation must be accurately completed and scanned into the chart.  If a psychiatrist determines the shorter encounter was meaningful and appropriate, his or her reasons for reaching this determination must be documented in the "comments" section of the audit tool.

      Please let us know if you have any objection to this language.

David C. Fathi
March 30, 2021
Page 2

     Due to the volume of records the Court's Order requires the evaluator review to make the "meaningful and appropriate" determination, ADCRR estimates it would require four full-time psychiatrists to accomplish this colossal task.  Because psychiatrists are both expensive and difficult to come by, ADCRR cannot hire one, let alone four.  As such, currently, no psychiatrist will be available to conduct the "meaningful and appropriate" review.  If an encounter does not meet the minimum ten or 30-minute duration, unless there is a properly documented refusal form, the encounter will be counted noncompliant.  ADCRR will implement this methodology on April 1, 2021.

                                     Sincerely,

                                       Ashlee B. Hesman

ABH/eap

cc:     Counsel of record

**ATTACHMENT B**

**ATTACHMENT B**



**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**

Ashlee B. Hesman
480.420.1631
ahesman@strucklove.com

April 21, 2021

**VIA EMAIL ONLY**
David C. Fathi
NATIONAL PRISON PROJECT
915 15TH Street, NW - 7th Floor
Washington, DC  20005-2112

    Re:   *Parsons v. Shinn*
            Court's February 24, 2021 Order (Dkt. 3861)

Dear David:

    We are in receipt of your April 7, 2021 correspondence regarding the Court's February 24, 2021 Order.

    While we will agree to remove the Court-ordered language regarding psychiatrist evaluations, we cannot agree to remove the refusal language as such language is supported by the Monitor Guide.  Specifically, the Monitor Guide permits encounters to be counted compliant where there is a properly executed refusal:

> If an inmate refuses a clinical contact or appointment, a refusal must be documented.  When a refusal is appropriately documented, it is considered to be a contact or other applicable event for compliance purposes.

(Monitor Guide at 11.)

    Based upon the above, Defendants propose the following revised language be added to the Monitor Guide for "seen" measures:

> A contact is one of thirty [or ten] minutes or more unless the patient executes a Refusal to Submit to Treatment or a Refusal to Continue Encounter.  If the patient executes a Refusal to Submit to Treatment or a Refusal to Continue Encounter, such documentation must be accurately completed and scanned into the chart.

David C. Fathi
April 21, 2021
Page 2

      Please advise whether this language can be implemented. If it remains Plaintiffs' position that encounters should not be counted compliant where there is a properly executed refusal, please advise so that we may seek Court intervention.

                                            Sincerely,

                                            Ashlee B. Hesman

ABH/eap

cc:     Counsel of record

# ATTACHMENT C

**ATTACHMENT C**

# Elaine Percevecz

| | |
|---|---|
| **From:** | Ashlee Hesman <ahesman@strucklove.com> |
| **Sent:** | Thursday, May 6, 2021 2:46 PM |
| **To:** | David Fathi; Alison Hardy; Corene Kendrick; Maya Abela; Don Specter; Rita Lomio |
| **Cc:** | StruckLoveParsonsTeam |
| **Subject:** | Parsons - Monitor Guide Revisions |
| **Attachments:** | 20210421 - LF ABH to D. Fathi irt his of 04-07 2021 re 02-24-2021 Court Order (3861) MH encounters.PDF |

David,

May we please have a response to the attached correspondence?

Thank you,

Ashlee



Ashlee B. Hesman
Partner

**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**

3100 West Ray Road | Suite 300 | Chandler AZ 85226

480.420.1631 | ahesman@strucklove.com | STRUCKLOVE.COM

1



STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ashlee B. Hesman
480.420.1631
ahesman@strucklove.com

April 21, 2021

**VIA EMAIL ONLY**
David C. Fathi
NATIONAL PRISON PROJECT
915 15TH Street, NW - 7th Floor
Washington, DC  20005-2112

    Re:   *Parsons v. Shinn*
              **Court's February 24, 2021 Order (Dkt. 3861)**

Dear David:

    We are in receipt of your April 7, 2021 correspondence regarding the Court's February 24, 2021 Order.

    While we will agree to remove the Court-ordered language regarding psychiatrist evaluations, we cannot agree to remove the refusal language as such language is supported by the Monitor Guide.  Specifically, the Monitor Guide permits encounters to be counted compliant where there is a properly executed refusal:

> If an inmate refuses a clinical contact or appointment, a refusal must be documented.  When a refusal is appropriately documented, it is considered to be a contact or other applicable event for compliance purposes.

(Monitor Guide at 11.)

    Based upon the above, Defendants propose the following revised language be added to the Monitor Guide for "seen" measures:

> A contact is one of thirty [or ten] minutes or more unless the patient executes a Refusal to Submit to Treatment or a Refusal to Continue Encounter.  If the patient executes a Refusal to Submit to Treatment or a Refusal to Continue Encounter, such documentation must be accurately completed and scanned into the chart.

3100 West Ray Road | Suite 300 | Chandler, AZ 85226
480.420.1600 | STRUCKLOVE.COM

David C. Fathi
April 21, 2021
Page 2

      Please advise whether this language can be implemented. If it remains Plaintiffs' position that encounters should not be counted compliant where there is a properly executed refusal, please advise so that we may seek Court intervention.

                                                  Sincerely,

                                                 Ashlee B. Hesman

ABH/eap

cc:    Counsel of record

**ATTACHMENT D**

**ATTACHMENT D**

## Elaine Percevecz

| | |
|---|---|
| **From:** | David Fathi <dfathi@aclu.org> |
| **Sent:** | Wednesday, May 12, 2021 2:25 PM |
| **To:** | Ashlee Hesman |
| **Cc:** | Corene Kendrick; Maya Abela; Don Specter; StruckLoveParsonsTeam; Rita Lomio; Jessica Carns; Samantha Weaver; Alison Hardy |
| **Subject:** | Re: Parsons - Motion to Enforce  (Dkt. 3901) |

Ashlee,

Thank you for your May 11 message regarding Plaintiffs' Motion to Enforce the Court's Order Re: Duration of Mental Health Encounters (Doc. 3901).  Unfortunately, your message contains several statements that are misleading and inaccurate.

The Court issued its order on February 24, 2021 (Doc. 3861).  It is beyond dispute that Defendants compiled and reported three months of CGAR scores after that date, while entirely failing to comply with the methodology ordered by the Court.  *See* Doc. 3865 (December 2020 CGARs) (**March 2, 2021**); Doc. 3882 (January 2021 CGARs) (**March 31, 2021**); Doc. 3898 (February 2021 CGARs) (**April 30, 2021**). That Defendants may have begun the process of compiling some of those scores prior to the Court's order does not excuse Defendants from promptly complying with that order once it was issued.  As the Court has repeatedly emphasized, it is not up to Defendants to unilaterally decide whether and when they will comply with its orders. *See* Doc. 3901 at 6.  And your claim that you began complying with the Court's order on April 1, 2021 cannot be reconciled with your April 30, 2021 filing of CGAR scores that were not calculated in compliance with the Court's order.  *See* Doc. 3898.

Your letter of April 21 is irrelevant to Defendants' ongoing noncompliance with the Court's order, but we find it necessary to respond to your baseless accusation that we have "dodged [your] requests to implement the Court's Order."  Your April 21 letter did not indicate that it was time-sensitive or request a response by a particular date.  Moreover, when you sent that letter, you received the following out-of-office message:

> Thank you for your message.  I am away from the office and not checking email until Thursday, April 29.  If you need help during that time, please contact my colleague Jessica Carns: jcarns@aclu.org.
>
> David C. Fathi
> Director, ACLU National Prison Project

Neither you nor anyone else in your office contacted Ms. Carns.  And your complaint that we did not respond to your May 6 email by May 11 – three business days later – rings particularly hollow.  There are innumerable occasions on which Defendants have taken far longer to respond to correspondence from us.  *See, e.g.,* Rachel Love's April 29, 2021 response to Corene Kendrick's March 22, 2021 letter regarding a hunger strike at ASPC-Eyman.

Plaintiffs' counsel, like Defendants' counsel, have other cases besides this one.  In the future, if you believe that a matter is time-sensitive, or if you request a response by a particular date, kindly make that explicit.  Absent unforeseen circumstances, you will receive a response to your April 21 letter by the end of this week.

We respectfully decline your request to withdraw the motion.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@aclu.org
@DavidCFathi
Pronouns: he, him, his

*Not admitted in DC; practice limited to federal courts

---

**From:** Ashlee Hesman <ahesman@strucklove.com>
**Sent:** Tuesday, May 11, 2021 6:05 PM
**To:** David Fathi <dfathi@aclu.org>
**Cc:** Corene Kendrick <ckendrick@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Don Specter <dspecter@prisonlaw.com>; Maria Morris <MMorris@aclu.org>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>; Rita Lomio <rlomio@prisonlaw.com>
**Subject:** Parsons - Motion to Enforce (Dkt. 3901)

David,

Yesterday, Plaintiffs filed a Motion to Enforce, alleging that Defendants "have failed to comply with the Court's [February 24, 2021] order" regarding length of mental health encounters and how to monitor them.  (Dkt. 3901 at 3.)  Specifically, Plaintiffs claim that since the Court's Order, "Defendants have compiled and reported three months of CGAR scores while entirely failing to utilize the methodology ordered by the Court, resulting in grossly inflated compliance scores."  (*Id*.)  This statement is misleading, as the three months of data Plaintiffs reference were generated prior to the Court's Order/Defendants' ability to implement the Court's Order:

- December 2020 CGARS (Dkt. 3865);
- Summary of data from January 2021 encounters (Dkt. 3882); and
- Summary of data from February 2021 encounters (Dkt. 3898).

Upon receipt of the Court's Order, which significantly changed how "encounters" had been measured since the inception of the Stipulation, Defendants analyzed and researched how to comply with it.  The Court's Order required the "meaningful and appropriate review" be conducted by a psychiatrist.  Because ADCRR does not employ any, it required ADCRR to hire one.  Additionally, it required the psychiatrist to consult a voluminous number of documents prior to making the determination.   After determining how long it would take one psychiatrist to conduct this review, Defendants realized they would need to hire approximately four psychiatrists whose sole responsibility would be to review records and not practice medicine.  Due to the unavailability of psychiatrists, and expense, after weeks of strategizing how to make it work, Defendants determined they could not conduct the "meaningful and appropriate" review.  As such, Defendants were forced to monitor these PMs in an all or nothing fashion–unless an inmate refuses, the encounter can only be compliant if it meets the Court's minimum time requirements.

On March 30, 2021, we sent correspondence advising Plaintiffs of this and that the "all or nothing" methodology described above would be implemented on April 1, 2021.  Despite this knowledge, Plaintiffs filed the above-referenced

Motion with the Court inaccurately claiming Defendants are failing to comply with the Court's Order.  Defendants understand they cannot rely upon scores calculated under the previous "mental health clinician" methodology (such as the January and February 2021 data).  They have not attempted to.  And, more importantly, they are complying with the Court's Order.  Further, we have been attempting to work with Plaintiffs to update the Monitor Guide to reflect these changes.  On April 21, 2021, we requested Plaintiffs confirm that our proposed language could be implemented.  You did not respond.  On May 6, 2021, we sent follow up correspondence requesting a response.  You did not respond.  We believe the Court has made clear that the parties should work together.  We have attempted to do that here, to no avail.  Instead, Plaintiffs have dodged our requests to implement the Court's Order, and filed an unnecessary and inaccurate motion.

We therefore request that Plaintiffs withdraw their Motion.  Additionally, we request that Plaintiffs respond to our April 21, 2021 correspondence so as to not further delay the Monitor Guide update.

Thank you,

Ashlee



Ashlee B. Hesman
Partner

**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**
3100 West Ray Road | Suite 300 | Chandler AZ 85226
480.420.1631 | ahesman@strucklove.com | STRUCKLOVE.COM

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.