THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _CJMLR 5.4, 7.1(a)(1)_
(Rule Number/Section)

Larry Joe Prince
ILDOC# Y34429
Stateville CC
P.O.Box 112
Joliet, Illinois 60434

June 28, 2021

The Honorable Roslyn O. Silver
United States District Court for
District of Arizona
401 West Washington St.
Phoenix, Arizona 85003

Re: Parsons v. Shinn

CV-12-601-PHX-ROS

Your Honor:

I first apologize for bringing this matter to you in an informal manner, but my current place of confinement, as a compact prisoner from the ADCRR, does not allow e-filing to the Arizona courts. I am sending this email to my family, so it is changed to a letter format and mailed to your Court.

On June 02, 2000, I filed a complaint challenging the ADCRR's unconstitutional procedures in STG proceedings and my super max confinement in SMU II (now Browning Unit) without allegations of personal STG conduct. Please see, Prince v. Stewart, CV-00-01084. It was assigned to you for screening. You then allowed me to proceed.

On April 30, 2004, the ADCRR entered into an agreement with me to remove my STG validation subcodes and to reclassify me out of the Browning Unit. On July 1, 2004, I received a favorable transfer.

In June 2015, a new ADCRR administration and Winslow SSU staff started in again with STG proceedings against me without any allegations of personal STG conduct. A STG committee reviewed the STG packet and found no evidence to again validate me.

In July 2015, after multiple retaliatory actions by ADCRR staff, the same SSU staff took me before a new STG committee with the same exact, June 2015, evidence. Lacking any evidence that I had conducted myself as a STG member, I was then again validated as a STG member by the new STG committee.

In August 2015, I was classified into Browning STG Unit, Florence, Arizona. Since day one and every classification action thereafter, I stated and argued on appeal that the Step Matrix Program, stipulated to in Parson v. Ryan (now Shinn), was in direct conflict with the classification procedures in DO 806 (the STG policy). I cited specifically that my personal

1

conduct did not warrant Browning Unit placement. Indeed, the classification appeal officer concurred that the sole purpose of my Browning Unit placement was the result of my "STG validation status" and not my behavior or conduct.

On February 22, 2016, while still in Browning Unit, I e-filed a Motion to Intervene in Parsons v. Shinn, arguing that the Step Program Matrix Phase I stipulation required an initial classification review for conduct and placement, as well as guaranteeing that I shall be allowed to progress through the steps. The Court requested arguments. The ADCRR then argued they did not have intent to implement the Step Matrix Program. I then argued, in part, fraud, and bad faith. My motion was denied. Because I continued to urge prisoners to appeal every classification action, based on my foregoing arguments, and to challenge the illegal STG policies, I was continually harassed by SSU staff. On January 29, 2019, without any allegation of STG conduct, any classification action, or ability to be heard or appeal, I was taken by threats and force from Browning Unit and transferred to the ILDOC, purportedly pursuant to the Interstate Corrections Compact (which requires the transfer to be in my best interests).

Within the past week, I was advised that on or about February 2021, you issued orders in Parsons v. Shinn that were nearly identical to the arguments I made in February 2016, "If Defendants mean that they did not have intent to implement the Step Matrix Program, then they acknowledge they entered into the Stipulation in bad faith." Having discovered these facts, I now know why the ADCRR amended DO 806 in April 2021, to reflect that STG validation no longer warrants automatic Browning Unit placement and prisoners are being reclassified back into the general population. When I made inquiry into this matter with the ADCRR, I was advised that even though all my prior arguments were on the money since 2015, since I have been arbitrarily compacted to the ILDOC by the ADCRR, the ADCRR now wants me to debrief and renounce (inform on other ADCRR prisoners and put my life in danger) in order to be transferred back to the ADCRR with subsequent classification to a lower custody facility.

Your Honor, I do not believe any of these actions by the Defendants are with the Stipulations or spirit of Parsons v. Shinn. The Interstate Corrections Compact, ARS 31-491, requires transfers to be in the prisoner's best interests, and the Defendants knew this was not the case as it would interfere with my rights guaranteed by Parsons v. Shinn, my parole proceedings (which it did), and would cause great stress on my family life (which it did, to include great financial hardships). Moreover, the same law guarantees I shall not be deprived of any legal rights I had while confined in the ADCRR. (Art. IV(e)). Thus, I cannot be deprived of my legal rights guaranteed by Parsons v. Shinn.

I respectfully request that relief be afforded not only to myself, but to all prisoners that have been unlawfully transferred without the prior protections of Parsons v. Shinn. I request an Order directing the Defendants to return me to the ADCRR. Thank you.

Respectfully,

//s//Larry Joe Prince