FRANKIE RODRIGUEZ
140309 · RAST MAX
ASPC - LEWIS
P.O BOX 3600
BUCKEYE, AZ 85326

U.S DISTRICT COURT
DISTRICT OF AZ

VICTOR PARSONS, ET AL
PLAINTIFFS,

CASE NO. CV 12-00601-PHX-DJH

CONTEMPT MOTION

V.

CHARLES RYAN, ET AL
DEFENDANTS.

COMES NOW PLAINTIFF CLASS MEMBER, FRANKIE RODRIGUEZ, PURSUANT TO RULE 71 AND ANY/ALL OTHER APPLICABLE RULES OF THE FED.R.CIV.P REQUESTING THIS COURT HOLD THE DEFENDANTS AND PLAINTIFF'S COUNSEL, SPECIFICALLY THE A.C.L.U, IN CONTEMPT AND THAT THE COURT ENFORCE THE RELIEF GRANTED IN IT'S STIPULATION.

I. DEFENDANTS

FOR YEARS NOW, THE DEFENDANTS & DEFENDANTS' SUBORDINATES HAVE KNOWINGLY, INTENTIONALLY, &

(1)

blatantly been violating the stipulation they signed and agreed to: Section II. Substantive Procedures, Subsection B. Maximum Custody Prisoners, Paragraph 22 which states "ADC Maximum Custody Prisoners... in no event shall be offered less than 6 hours per week of out-of-cell exercise." The defendants have been denying inmates the minimum 6 hours, for years now, by refusing them any out of cell time nor out of cell exercise for 30 to 90 days at a time. The so called "rationale" for the complete denial of out-of-cell exercise is arbitrary, retaliatory, and no more than punishment beyond the scope of prison policy or the law.

## II. Plaintiff's Counsel (A.C.L.U)

The A.C.L.U has been tasked with monitoring and enforcing the stipulations provisions — they have failed! Section III. ~~[redacted]~~ Monitoring and Enforcement, Paragraph 29 & 30 & 31 specify their duty to ensure the provisions of the stipulation are being complied with and steps they're to take if the defendants do not comply.

The A.C.L.U and Prison Law Office have both been notified, for years, by hundreds of inmates, by mail & email & in person, that the defendants have been denying us out of cell & out of cell exercise time for years in violation of provisions. They have ignored our pleas

(2)

FOR HELP, REFUSED TO CONTACT THIS COURT, REFUSED TO FILE ANY MOTIONS OR EVEN A NOTICE OF SUBSTANTIAL NON-COMPLIANCE, PER PARAGRAPH 31.

PLAINTIFF'S COUNSEL IS RECEIVING ANNUAL PAYMENTS TO CONDUCT THESE "MONITORING" DUTIES — BY FAILING TO ADEQUATELY PERFORM THEIR DUTIES THEY ARE ESSENTIALLY COMMITTING FRAUD BY ACCEPTING PAYMENTS FOR A JOB THEIR NOT ACTUALLY PERFORMING.

## II. CONCLUSION

THE DEFENDANTS ARE UNABASHEDLY VIOLATING THE PARSONS STIPULATION AND THE PLAINTIFF'S COUNSEL ARE ACTIVELY ENABLING THIS VIOLATION, SO BOTH PARTIES ARE VIOLATING THE LAW AND SHOULD BE HELD IN CONTEMPT! THIS COURT SHOULD ISSUE A PLAINLY WORDED ORDER REQUIRING THE DEFENDANTS TO ADHERE TO THE 6 HOURS OF OUT-OF-CELL EXERCISE AND TO IMMEDIATELY, AND PERMANENTLY, CEASE THE DENIAL OF SAID TIME. THIS COURT SHOULD ALSO ISSUE AN ORDER REQUIRING THE PLAINTIFF'S COUNSEL TO PROVE ADEQUATE MONITORING ACTIVITIES PRIOR TO ANY FURTHER PAYMENT.

RESPECTFULLY SUBMITTED THIS 22ND DAY OF JULY, 2021.

FRANKIE RODRIGUEZ