1  Victoria Lopez (Bar No. 330042)*
   Jared G. Keenan (Bar No. 027068)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: vlopez@acluaz.org
          jkeenan@acluaz.org
5
   *Admitted pursuant to Ariz. Sup. Ct. R. 38(d)
6
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
7  *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
   *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
8  *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
   *behalf of themselves and all others similarly situated*

9  **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

10 Asim Dietrich (Bar No. 027927)
11 **ARIZONA CENTER FOR DISABILITY LAW**
   5025 East Washington Street, Suite 202
12 Phoenix, Arizona 85034
   Telephone: (602) 274-6287
13 Email: adietrich@azdisabilitylaw.org

   *Attorneys for Plaintiff Arizona Center for Disability Law*
14
   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
15

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' MOTION TO PRESENT DIRECT EXPERT TESTIMONY BY DECLARATION** <br><br> **(EXPEDITED CONSIDERATION REQUESTED)** |

153377696.7

## I. INTRODUCTION

On July 16, this Court ordered the parties to be ready for trial no later than November 1, 2021. [Doc. 3921 at 37] The Court has since set firm start and end dates for a three-week trial, with at least four days of trial per week, and encouraged the parties to adopt practices "to stipulate to the admissibility of evidence" that would "expedite the completion of trial." [Doc. 3931 at 1–2] The parties submitted a Joint Proposal on August 9, 2021 setting out their discussions to date. [Doc. 3936]

To comply with the Court's direction to expedite and streamline the trial, Plaintiffs move for an order (1) directing the parties to submit via written declaration the direct trial testimony of witnesses who will testify under Federal Rule of Evidence 702 ("Expert Witnesses"), and who have therefore been designated under Federal Rule of Civil Procedure 26(a)(2) ("Expert Testimony"); and (2) permitting the parties to present up to an additional 90 minutes of live direct testimony for each such witness, and no more than 180 minutes of live cross-examination.[1] If the Court grants this motion, Plaintiffs propose that direct Expert Testimony be filed and exchanged no later than close-of-business four court days before the witness's scheduled appearance.[2]

Through this class action, Plaintiffs seek systemwide injunctive relief. Plaintiffs intend to prove a class wide deficiency. Plaintiffs can establish that deficiency in two ways: showing that (1) ADC's policies are constitutionally inadequate; and/or (2) ADC has a pattern or practice of subjecting Plaintiffs to unconstitutional conditions. *Casey v. Lewis*, 834 F. Supp. 1477, 1543 (D. Ariz. 1993). To make these showings, Plaintiffs anticipate calling at least five Expert Witnesses to testify about the provision of health care to more than 34,000 class members and the conditions of confinement for thousands of people incarcerated in isolation units in multiple prisons. Given the complex and varied

---

[1] While this Motion refers to "live" testimony, the parties agreed that some trial testimony may occur via video; the Court's order envisioned the same. [Doc. 3931 at 1]

[2] Plaintiffs' counsel contacted Defendants' counsel with the same proposal. Defendants declined and made no counter-proposals to streamline the trial. [Declaration of Corene T. Kendrick ("Kendrick Decl.") ¶¶ 3-4, 7, Ex. 1 at 2]

153377696.7

nature of the testimony they will offer and the number of individual circumstances that testimony must address, presenting direct Expert Testimony via written declaration (supplemented by limited live direct and cross-examination) is the most efficient way to fully present the voluminous facts for the Court's consideration in the timeframe allotted for trial. Permitting only live direct testimony would either require significantly more time for trial or would prejudice Plaintiffs by forcing them to cut testimony directly relevant to their claims.

Plaintiffs sought a similar order when this case was set for trial in 2014, before the parties' settled the case. [*See* Doc. 1068] Judge Humetewa presided over this case at the time, and she denied the motion. [Doc. 1107 at 6] Her order encouraged the parties to capture the same efficiencies that written direct testimony would provide through stipulations. [*Id.* at 5]

After conferring with Defendants, Plaintiffs do not believe that these same efficiencies can be accomplished here via stipulation, nor that the Defendants will make such an agreement. [Kendrick Decl. ¶¶ 6-7] Counsel for Defendants refused to stipulate to the admissibility of expert reports. [*Id.* ¶ 7] Given this Court's recent encouragement to expedite and streamline trial proceedings, and the narrow window of time to present their case (unlike the open-ended trial dates of 2014), Plaintiffs move to present direct Expert Testimony by declaration.

Due to the limited time remaining before trial, Plaintiffs request expedited briefing on and consideration of this motion.

**II.   ARGUMENT**

    **A.   The Ninth Circuit Has Approved Presentation of Direct Testimony by Written Declaration in a Bench Trial, Even Over a Party's Objection.**

Submitting written direct testimony in lieu of live examination "is an accepted and encouraged technique for shortening bench trials." *Phonetele, Inc. v. Am. Tel. & Tel. Co.*, 889 F.2d 224, 232 (9th Cir. 1989); *In re Adair*, 965 F.2d 777, 779 (9th Cir. 1992). The use of written direct testimony permits "the introduction of evidence in a succinct manner,"

153377696.7

"allows counsel to present direct testimony in a measured and complete manner and reduces the possibility that vital testimony will fail to be presented," *Kuntz v. Sea Eagle Diving Adventures Corp.*, 199 F.R.D. 665, 666 (D. Haw. 2001); *see also Sanders v. Ayers*, No. 1:92-cv-05471-LJO, 2008 WL 4224554, at *2 (E.D. Cal. Sept. 12, 2008) (granting a request to present direct testimony by declaration or report, finding the procedure to be the "best use of judicial and other resources").

Further, by submitting direct Expert Testimony before trial, the Court and the party cross-examining the Expert Witness have the benefit of advance notice of the contents of that testimony. *Phonetele, Inc.*, 889 F.2d at 232 (explaining that because "Phonetele had the undisputed benefit of five days prior notice of what AT&T's direct testimony would be," it was "easier for Phonetele to cross-examine AT&T's witnesses"); *see also* Manual for Complex Litigation § 12.51 (4th ed. 2021) (explaining that because this approach makes testimony available ahead of time, "the judge and opposing counsel . . . are better able to understand and evaluate the witness[es'] testimony"). Indeed, the use of written direct testimony will be particularly valuable here, where the "evidence is complicated [and] technical" and presented by "expert witnesses." Manual for Complex Litigation § 12.51.

Accordingly, the Ninth Circuit has approved district court rules that require (or presume that) direct testimony be presented by affidavits or narrative witness statements in bench trials, even over the objection of one of the parties. *See Adair*, 965 F.2d at 779 (upholding bankruptcy court's standard procedure requiring that direct testimony be presented by written declaration, with witness testifying live on cross-examination and redirect); *In re Gergely*, 110 F.3d 1448, 1452 (9th Cir. 1997) (affirming the district court's pretrial order that replaced live direct testimony with written declarations but preserved live cross-examination); *see also Madrigal v. United States*, No. CV 19-5041-RSWL-PLAx, 2021 WL 1627485, at *5 (C.D. Cal. Apr. 27, 2021) (granting the government's motion for written direct testimony over plaintiff's objection).

153377696.7

In so doing, the Ninth Circuit has made clear that requiring evidence to be presented by declaration strikes an acceptable balance between the discretion granted by Federal Rule of Evidence 611(a) and the requirements of Federal Rule of Civil Procedure 43(a). *Adair*, 965 F.2d at 779. Rule 611(a) grants courts "reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth, [and] (2) avoid wasting time." Fed. R. Evid. 611(a). Rule 43(a) provides that, "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43(a).

A court that exercises its discretion under Rule 611(a) to replace live direct testimony with "declarations and exhibits" satisfies Rule 43(a)'s live-testimony requirement so long as it "permits oral cross-examination and redirect examination in open court and thereby preserves an opportunity for the judge to evaluate the declarant's demeanor and credibility." *Adair*, 965 F.2d at 779; *Saverson v. Levitt*, 162 F.R.D. 407, 410 (D.D.C. 1995) (rejecting arguments that written submission procedure for bench trials violate Rules 43(a) and 611(a)); *Kuntz*, 199 F.R.D. at 667 (concluding that declarations combined with oral cross-examination and re-direct allows the court to "evaluate the declarant's appearance, demeanor, and credibility"). This is because the "primary purposes of Rule 43(a) are to ensure that the accuracy of witness statements may be tested by cross-examination and to allow the trier of fact to observe the appearance and demeanor of the witnesses." *Adair*, 965 F.2d at 779 (citing *Carter–Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir.1972)).

That is precisely the arrangement Plaintiffs seek.

**B.     Presentation of Direct Testimony by Written Declaration Promotes Judicial Efficiency and Fairness in This Case.**

This Court should grant Plaintiffs' request to present direct Expert Testimony by written declaration. Given the complexity of the issues, the number of witnesses each side

-4-

anticipates presenting at trial, and the scope of those witnesses' testimony, submitting direct Expert Testimony in writing—supplemented by live cross-examination—is not only the "best use of judicial and other resources," *Sanders*, 2008 WL 4224554, at *2, it is the only way to adequately present and interrogate that testimony in the three weeks allotted for trial.

Further, this Court will "not abuse its discretion" by ordering direct expert testimony via declaration so long as "the parties [are] afforded 'ample opportunity to submit their evidence.'" *Adair*, 965 F.2d at 779 (quoting *Vieux v. East Bay Reg'l Park Dist.*, 906 F.2d 1330, 1342 (9th Cir. 1990) (holding that the district court did not abuse its discretion by allowing *only* declarations and exhibits and entirely disallowing live cross-examination)). Written direct testimony supplemented by live cross-examination, redirect, and any questions from the Court allows the Court to observe the witnesses' demeanor and assess their credibility and is therefore all that is required to provides that "ample opportunity." *Adair*, 965 F.2d at 779; *Madrigal*, 2021 WL 1627485, at *5 ("[T]he Court can adequately assess witness credibility through written declarations as well as during live cross-examination and redirect examination."); *Kuntz*, 199 F.R.D. at 666 (noting that "live cross-examination and live redirect examination" provides "ample opportunity for th[e] court to assess [witnesses'] demeanor and credibility"). But Plaintiffs propose additional live testimony; their proposal contemplates up to 90 minutes of live direct testimony, and up to 180 minutes of live cross-examination.

The Court should validly exercise its discretion to expedite the trial and render the Expert Testimony more accessible by granting this motion.

**III. CONCLUSION**

For the reasons stated, the Court should call grant Plaintiffs' motion to present direct Expert Testimony by declaration and permit the parties an additional 90 minutes of live direct Expert Testimony, and 180 minutes of cross-examination. Plaintiffs also request that the Court expedite the briefing on and the consideration of this motion.

-5-

153377696.7

| | | |
|---|---|---|
| 1 | Dated: August 11, 2021 | **PERKINS COIE LLP** |

By: *s/ Daniel C. Barr*
    Daniel C. Barr (Bar No. 010149)
    John H. Gray (Bar No. 028107)
    Austin C. Yost (Bar No. 034602)
    Karl J. Worsham (Bar No. 035713)
    Kathryn E. Boughton (Bar No. 036105)
    Mikaela N. Colby (Bar No. 035667)
    Kelly Soldati (Bar No. 036727)
    2901 N. Central Avenue, Suite 2000
    Phoenix, Arizona 85012
    Telephone: (602) 351-8000
    Email:   dbarr@perkinscoie.com
                 jhgray@perkinscoie.com
                 ayost@perkinscoie.com
                 kworsham@perkinscoie.com
                 kboughton@perkinscoie.com
                 mcolby@perkinscoie.com
                 ksoldati@perkinscoie.com
                 docketphx@perkinscoie.com

Victoria Lopez (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:   vlopez@acluaz.org
           jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:   dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           rlomio@prisonlaw.com

*Admitted *pro hac vice*

153377696.7

David C. Fathi (Wash. 24893)*
Maria V. Morris (D.C. 1697904)**
Eunice Hyunhye Cho (Wash. 53711)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:   dfathi@aclu.org
         mmorris@aclu.org
         echo@aclu.org

*Admitted *pro hac vice*; not admitted in DC; practice limited to federal courts
**Admitted *pro hac vice*

Corene Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON PROJECT**
39 Drumm Street
San Francisco, California 94111
Telephone: (202) 393-4930
Email:   ckendrick@aclu.org

*Admitted *pro hac vice*.

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

153377696.7

|    |                                                                 |
|----|-----------------------------------------------------------------|
| 1  | **ARIZONA CENTER FOR DISABILITY LAW** |
| 2  |                                                                 |
| 3  | By: *s/ Maya Abela*                                             |
| 4  | Asim Dietrich (Bar No. 027927)<br>5025 East Washington Street, Suite 202 |
| 5  | Phoenix, Arizona 85034<br>Telephone: (602) 274-6287             |
|    | Email: adietrich@azdisabilitylaw.org                            |
| 6  |                                                                 |
| 7  | Rose A. Daly-Rooney (Bar No. 015690)<br>J.J. Rico (Bar No. 021292) |
| 8  | Maya Abela (Bar No. 027232)<br>**ARIZONA CENTER FOR DISABILITY LAW** |
| 9  | 177 North Church Avenue, Suite 800                              |
| 10 | Tucson, Arizona 85701<br>Telephone: (520) 327-9547              |
|    | Email: rdalyrooney@azdisabilitylaw.org                          |
| 11 | jrico@azdisabilitylaw.org<br>mabela@azdisabilitylaw.org         |
| 12 |                                                                 |
| 13 | *Attorneys for Arizona Center for Disability Law*               |

**ARIZONA CENTER FOR DISABILITY LAW**

By: *s/ Maya Abela*
    Asim Dietrich (Bar No. 027927)
    5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
    Telephone: (602) 274-6287
    Email: adietrich@azdisabilitylaw.org

    Rose A. Daly-Rooney (Bar No. 015690)
    J.J. Rico (Bar No. 021292)
    Maya Abela (Bar No. 027232)
    **ARIZONA CENTER FOR DISABILITY LAW**
    177 North Church Avenue, Suite 800
    Tucson, Arizona 85701
    Telephone: (520) 327-9547
    Email: rdalyrooney@azdisabilitylaw.org
          jrico@azdisabilitylaw.org
          mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

153377696.7

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2021, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com

*Attorneys for Defendants*

s/ D. Freouf

-9-

153377696.7