# Index of Exhibits to the
# Declaration of Corene T. Kendrick

| Exhibit | Description |
|---|---|
| 1 | A true and correct copy of an email from Corene Kendrick to Dan Struck, dated July 25, 2021 |
| 2 | A true and correct copy of an email from Corene Kendrick to Dan Struck, dated August 5, 2021 |

# **EXHIBIT 1**

| | |
|---|---|
| **From:** | Dan Struck |
| **To:** | Corene Kendrick |
| **Cc:** | David Fathi; Don Specter; Alison Hardy; Maya Abela; Jessica Carns; Jared Keenan; Rita Lomio; StruckLoveParsonsTeam; Michael E. Gottfried |
| **Subject:** | RE: Meet and Confer |
| **Date:** | Monday, July 26, 2021 11:47:29 AM |
| **Attachments:** | image001.png |
| | image002.png |

Responses below in red

**From:** Corene Kendrick <ckendrick@aclu.org>
**Sent:** Sunday, July 25, 2021 5:03 PM
**To:** Dan Struck <DStruck@strucklove.com>; Don Specter <dspecter@prisonlaw.com>; David Fathi <dfathi@aclu.org>; Alison Hardy <ahardy@prisonlaw.com>; Maria Morris <MMorris@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Jessica Carns <jcarns@aclu.org>; Jared Keenan <jkeenan@acluaz.org>; Rita Lomio <rlomio@prisonlaw.com>
**Cc:** Michael E. Gottfried <Michael.Gottfried@azag.gov>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Meet and Confer

Hi Dan,

Following up on our call on Friday, and in anticipation of our call tomorrow at 9 am, I'm sending you Plaintiffs' revised proposed schedule, as well as some proposals with regard to streamlining the discovery process. We discussed on Friday that in our filing to the court tomorrow, we would jointly request a telephonic status hearing in the next two weeks to discuss the proposals and what Judge Silver is envisioning in terms of trial and the length of trial.

Proposed expedited / streamlined discovery process ("days" = calendar days):

- Both parties will provide each other with names and ADC numbers of patients reviewed for expert reports on a rolling basis, to begin as soon as file reviews begin.  Agree
- Plaintiffs' experts' tours will be scheduled by agreement between the parties, with at least seven days' notice. Plaintiffs will endeavor to provide proposed dates as soon as possible, and will try to coordinated on-site visits to the extent possible given experts' schedules.  Agree
- Objections to written discovery requests shall be made in writing within seven days of request; production within 14 days.  Agree to 7 days to object.  Production within 21 days for documents (non-ESI) maintained by ADCRR.
- Fact witness deponents will be made available within seven days of request, 30(b)(6) deponents made available within 14 days of request. Any objections to a deposition notice should be made in writing within two business days of the request. Expert depos to be scheduled by agreement, no more than 7 hours.  Fact witness and 30b6 made available within 14 days of the request.  Consideration for a longer period of time based upon witnesses schedules, to be determined on an individual basis.  Parties limited to 15 fact/30b6 witnesses per side.  Plaintiffs can request additional depositions of defendant which will be considered for good cause.  Fact witness and 30b6 witnesses depositions limited to no more than 4

- hours.   Agree that expert depositions to be scheduled by agreement, and the expert depositions will not exceed 7 hours.
- Parties will meet and confer within one business day of providing written objections to discovery requests; referral to Silver pursuant to her process. Meet and confer within 3 business days
- Depositions to be done virtually to the extent possible to minimize expense/travel time for parties, witnesses, experts. Agree
- Defense counsel will ensure that Centurion counsel will cooperate and abide by these discovery agreements.  Agree
- Parties will jointly request court to permit submission of expert testimony by writing with one hour of direct and no more than three hours of cross. For the same reasons that we objected to this procedure before the first trial setting, we can not agree to providing substantive testimony of an expert prepared by counsel.

Plaintiffs' proposed pre-trial schedule

| | |
|---|---|
| Through Oct. 8 | Expert tours |
| Sept. 10 | Initial disclosures of anticipated fact witnesses and documents that may be used at trial |
| Oct. 11 | Plaintiffs provide expert reports to Defendants |
| Oct. 15 | Close of all fact discovery, fact witness depositions, and 30(b)(6) depositions |
| Oct. 13-27 | Depositions of plaintiffs' experts |
| Oct. 22 October 25th | Defendants' rebuttal expert reports provided to Plaintiffs |
| Oct. 25 | Deadline for final supplementation of all discovery (See Silver Rule 16 Order at Paragraph G, n. 2) |
| Oct. 25-28 | Depositions of defendants' experts |
| Oct. 27 October 28th | Exchange of exhibits and delivery to court (per Judge Silver's rules, must be 48 hours / two business days before trial) |
| Oct. 28  October 29th | Submission of Joint Pre-Trial Order (parties jointly request to submit the proposed FOF / COL after trial, in post-trial briefing) |
| Oct. 29 | Final pretrial conference with court  Date to be determined by the court |
| Nov. 1 | Trial commence   Date to be determined by the court |

Thanks,
Corene

Corene Kendrick
Deputy Director
ACLU National Prison Project
39 Drumm St.
San Francisco, CA 94111
ckendrick@aclu.org

**From:** Corene Kendrick
**Sent:** Friday, July 23, 2021 12:47 PM
**To:** Dan Struck <DStruck@strucklove.com>; Don Specter <dspecter@prisonlaw.com>; David Fathi <dfathi@aclu.org>; Alison Hardy <ahardy@prisonlaw.com>; Maria Morris <MMorris@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Jessica Carns <JCarns@aclu.org>; Jared Keenan <JKeenan@acluaz.org>
**Cc:** Michael E. Gottfried <Michael.Gottfried@azag.gov>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Meet and Confer

Thanks Dan. Here's our proposed timeframe for discovery / scheduling:

Ongoing from early August-Oct. 1 - expert tours
Sept. 10 – Exchange of lists of anticipated fact witnesses to be called at trial
Oct. 15 – Close of fact discovery, fact witness depos, and 30b6 depos; simultaneous exchange of expert Disclosures and their reports
Oct. 18-27 - Expert depos
Oct. 28 - Submission of Joint Pre-Trial Order*
Oct. 29 - Final Pretrial conference with court

*We propose that we stipulate to submit the Proposed Findings of Fact and Conclusions of Law after trial, in post-trial briefing.

Talk to you soon.

Thanks,
Corene


Corene Kendrick
Deputy Director
ACLU National Prison Project
39 Drumm St.
San Francisco, CA 94111
ckendrick@aclu.org

**From:** Dan Struck <DStruck@strucklove.com>
**Sent:** Friday, July 23, 2021 12:16 PM
**To:** Corene Kendrick <ckendrick@aclu.org>; Don Specter <dspecter@prisonlaw.com>; David Fathi <dfathi@aclu.org>; Alison Hardy <ahardy@prisonlaw.com>; Maria Morris <MMorris@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Jessica Carns <JCarns@aclu.org>; Jared Keenan <jkeenan@acluaz.org>
**Cc:** Michael E. Gottfried <Michael.Gottfried@azag.gov>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Meet and Confer

All,

Here are some proposed deadlines for our discussion this afternoon:

**Update Rule 26 Disclosures:  8/13**

**Plaintiffs' Rule 26a2B expert disclosures: September 10th**

**Defendants' Rule 26a2B and 26a2C disclosures: October 1st**

**All Discovery completed by October 15th.**

**Jt Pretrial Statement and Proposed Findings of Fact Conclusions of Law  October 29th.**

If you can let us know what you folks were thinking in terms of discovery, that might help us determine whether the above proposed deadlines make sense.  Thanks

Dan


Daniel P. Struck
Attorney

**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**
3100 W. Ray Road | Suite 300 | Chandler AZ 85226
p: 480.420.1601 | dstruck@strucklove.com | strucklove.com

---

**From:** Corene Kendrick <ckendrick@aclu.org>
**Sent:** Wednesday, July 21, 2021 5:09 PM
**To:** Dan Struck <DStruck@strucklove.com>; Don Specter <dspecter@prisonlaw.com>; David Fathi <dfathi@aclu.org>; Alison Hardy <ahardy@prisonlaw.com>; Maria Morris <MMorris@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Jessica Carns <jcarns@aclu.org>; Jared Keenan <jkeenan@acluaz.org>
**Cc:** Michael E. Gottfried <Michael.Gottfried@azag.gov>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Meet and Confer

Okay. We will endeavor to get you something beforehand. If you all have a proposed timeframe / deadlines in mind that you can get to us in advance, that would likewise move things along.

Thanks,

Corene

Corene Kendrick
Deputy Director
ACLU National Prison Project
39 Drumm St.
San Francisco, CA 94111
ckendrick@aclu.org

---

**From:** Dan Struck <DStruck@strucklove.com>
**Sent:** Wednesday, July 21, 2021 4:50 PM
**To:** Corene Kendrick <ckendrick@aclu.org>; Don Specter <dspecter@prisonlaw.com>; David Fathi <dfathi@aclu.org>; Alison Hardy <ahardy@prisonlaw.com>; Maria Morris <MMorris@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Jessica Carns <JCarns@aclu.org>; Jared Keenan <jkeenan@acluaz.org>
**Cc:** Michael E. Gottfried <Michael.Gottfried@azag.gov>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Meet and Confer

Thanks, Corene.  Still checking with a couple of people, but it looks like 2pm on Friday will work best.  We can send around a conference call line.

As for the timing, it would help shorten the call if you send us some idea as to what you're envisioning in terms of discovery in advance.   Thanks.

Dan

---

**From:** Corene Kendrick <ckendrick@aclu.org>
**Sent:** Wednesday, July 21, 2021 3:56 PM
**To:** Dan Struck <DStruck@strucklove.com>; Don Specter <dspecter@prisonlaw.com>; David Fathi <dfathi@aclu.org>; Alison Hardy <ahardy@prisonlaw.com>; Maria Morris <MMorris@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Jessica Carns <jcarns@aclu.org>; Jared Keenan <jkeenan@acluaz.org>
**Cc:** Michael E. Gottfried <Michael.Gottfried@azag.gov>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Meet and Confer

Hi Dan,

The best windows of time for us would be Friday 10:30-11 am MST/PDT, or any time after 1 pm MST/PDT. Let us know what time works for your team (and how long you think it would take), and I'll circulate a meeting link.

Thanks,

Corene

Corene Kendrick
Deputy Director
ACLU National Prison Project
39 Drumm St.
San Francisco, CA 94111
ckendrick@aclu.org

---

**From:** Corene Kendrick
**Sent:** Wednesday, July 21, 2021 2:38 PM
**To:** Dan Struck <DStruck@strucklove.com>; Don Specter <dspecter@prisonlaw.com>; David Fathi <dfathi@aclu.org>; Alison Hardy <ahardy@prisonlaw.com>; Maria Morris <MMorris@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Jessica Carns <JCarns@aclu.org>
**Cc:** Michael E. Gottfried <Michael.Gottfried@azag.gov>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Meet and Confer

Hi Dan,

Yes, we are able to do so tomorrow or Friday – let me just quickly check with the team and get back to you shortly with some times that would work.

Thanks,

Corene

Corene Kendrick
Deputy Director
ACLU National Prison Project
39 Drumm St.
San Francisco, CA 94111
ckendrick@aclu.org

---

**From:** Dan Struck <DStruck@strucklove.com>
**Sent:** Wednesday, July 21, 2021 2:30 PM
**To:** Don Specter <dspecter@prisonlaw.com>; Corene Kendrick <ckendrick@aclu.org>; David Fathi <dfathi@aclu.org>; Alison Hardy <ahardy@prisonlaw.com>; Maria Morris <MMorris@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Jessica Carns <JCarns@aclu.org>
**Cc:** Michael E. Gottfried <Michael.Gottfried@azag.gov>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** Meet and Confer

All,

Pursuant to Judge Silver's Order issued on Friday, we are to meet and confer and submit a proposed

schedule for discovery and preparation for trial by Monday, 7/26/21.  Do you have availability tomorrow or Friday for a phone call to discuss a proposed schedule?

Dan Struck

Daniel P. Struck
Attorney

**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**
3100 W. Ray Road | Suite 300 | Chandler AZ 85226
p: 480.420.1601 | dstruck@strucklove.com | strucklove.com

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# EXHIBIT 2

# Corene Kendrick

| | |
|---|---|
| **From:** | Corene Kendrick |
| **Sent:** | Thursday, August 5, 2021 11:22 AM |
| **To:** | Dan Struck |
| **Cc:** | StruckLoveParsonsTeam; Lucy Rand; Michael E. Gottfried; mary.beke@azag.gov; David Fathi; Maria Morris; Jessica Carns; Samantha Weaver; PLO-Arizona Team; Maya Abela; Jared Keenan; Daniel Barr |
| **Subject:** | RE: Parsons - availability for call re discovery |

Dear Dan,

I write to follow up on Judge Silver's order that the parties confer on how to best streamline discovery and to follow up on your email of July 26, 2021, and topics we'd like to discuss during our call on Friday. Unless otherwise indicated, "day" refers to calendar day.

As a threshold matter, we need to establish if Defendants will agree to produce any/all information maintained by their agent Centurion pursuant to our accelerated timelines. Pursuant to the contract between ADC and Centurion, the company is supposed to provide ADC any requested document or report upon request.

We also propose that the sides reserve the right to move the Court upon good cause to request more discovery beyond the limits agreed to here.
- All objections to discovery requests provided in writing within 7 days. (You agreed in 7/26/21 email).
- We proposed that the parties meet-and-confer within one business day of providing written objections; you proposed three business days.
    - We propose three calendar days for a meet and confer.
- We proposed production of documents within 14 days; we will agree to your counter-proposal (see 7/26/21 email) that all non-ESI documents be produced within 21 days.
- We propose that any objections to RFAs or interrogatories similarly be provided in writing within 7 days of the request, and responses be provided within 21 days.

**Document Requests**
- We note that the Federal Rules do not place a limit on document requests.
- On our July 26 phone call, you proposed a limit of 50 document requests. We propose a limit of <u>125 non-ESI document requests per side</u>. We anticipate that a significant number of the requests will be of documents and reports that defendants provided to us on a monthly basis and/or prior to our monitoring tours.
- We propose a limit of no more than <u>two ESI-related requests to ADC</u> (timeframes, custodians, and key words to be negotiated), and no more than <u>two ESI-related requests to Centurion</u>. Timeframes, key words, and custodians to be negotiated.

**Interrogatories:**
- Rule 33 limits interrogatories to 25.
- We propose a limit of <u>20 interrogatories per side</u>, except for interrogatories directed solely to the authenticity and/or admissibility of documents, with the timeframes noted above for written objections and responses.

**Requests for Admission:**
- We similarly propose a limit of <u>20 RFAs per side</u>, except for RFAs directed solely to the authenticity and/or admissibility of documents, with the timeframes noted above.

**Depositions:**
- The anticipated trial witnesses need to be disclosed in sufficient time to allow them to be deposed within the window for fact discovery. The parties had agreed to make initial disclosures on September 10, we propose that Defendants specifically identify their anticipated trial witnesses that day. To the extent that we will call incarcerated people, we may need a little more time to communicate with them and get their agreement to be trial witnesses, so we propose that Plaintiffs specifically identify their anticipated trial witnesses by September 17.
- While Plaintiffs' expert disclosures and reports are not due until October 9, and Defendants' on October 22, we propose that the parties identify their experts and exchange the names and affiliations of their experts by September 17, 2021 so that each side can prepare for depositions.
- We agreed that depositions –including experts – could be done by video as necessary. (See 7/23 filing).
- We had proposed fact witness deponents be made available within 7 days of request and 30(b)(6) within 14 days of request. You countered with 14 days for both, with "consideration for a longer period of time based upon witness schedules."
    - We can agree to your counterproposal of 14 days being the limit to make both fact witnesses and 30(b)(6) witnesses available, but we are concerned about the vagueness of your exception. We propose that production of the witness needs to occur within 14 days unless the witness is unavailable due to illness and/or a previously planned vacation. Furthermore, if a 30(b)(6) designee is unavailable for a significant period of time (i.e. due to extended FMLA / sick leave, paternity leave), that a different individual should be designated and prepared to testify on the topic.
- Deposition limits (non-experts)
    - You proposed non-expert limit of 15 fact and/or 30(b)(6) witnesses, up to 4 hours each. We note that this is less than that authorized by Rule 30 (10 witnesses, up to 7 hours each).
    - We propose that each deposition be up to the authorized 7 hours per witness.
    - We propose a limit of 70 hours of fact witness depositions per side.
    - We propose ten 30(b)(6) depositions. (If Defendants designate multiple witnesses for one 30(b)(6) topic, that still counts as one deposition.)

**Expert tours**
We agreed that Plaintiffs would provide at least seven days' notice of tours. You also asked us to try to have experts' tours of a particular facility occur on the same day whenever possible. We are attempting to coordinate schedules to do that to the extent possible.

We also agreed that we would provide you with the names of the class members whose medical records are reviewed by our experts in preparation of their reports. We propose that we provide you those names starting on August 11, and every two weeks thereafter until the October 10 date of the report (August 11, 25, September 8, 22, and October 6). Defendants would reciprocally provide the names of records reviewed by their experts on those dates.

With regard to any tours by Defendants' experts, we object to Defendants' experts speaking to any class members outside of the presence of class counsel. *See Coleman v. Brown*, 938 F.Supp.2d 955, 962-63 968-69, n. 20 (E.D. Cal. 2013) (sanctioning counsel and striking defendant prison systems' expert reports after defendants' counsel and experts improperly communicated with represented class members outside the presence and without the consent of class counsel, and ordering that "it may be that the possible ethics violations here are best left to be dealt with by the California Bar. In addition, the Clerk is directed to deliver a copy of this order to the State Attorney General, to ensure that she is made aware of the conduct." (citation omitted)). <u>If Defendants' experts anticipate any possibility of speaking to any incarcerated person during a prison visit, then Defendants must notify us at least seven days prior to the scheduled tour so that counsel for Plaintiffs are present during the visit</u>.

We ask that you instruct your experts to preserve any and all notes they take in the course of their inspection tours or other work on this case, and we will do the same.  In 2014, Dr. Joseph Penn testified that he was not instructed to preserve his notes, and he destroyed some of them (Penn deposition, April 11, 2014, 49:18-53:18).  If Defendants' experts fail to preserve their notes, we will seek a spoliation order.

**Trial management / streamlining**
Judge Silver's scheduling order indicates that she plans for three weeks of trial (Nov. 1-19), with at least four days of hearings per week.

We reiterate our proposal that the Court permit submission of all experts' testimony by writing with one hour of direct and no more than three hours of cross (and whatever time the judge wants to ask questions herself).  You indicated in your July 26 email that Defendants will object to such a request. Given the very tight timeframe set out by the Court, we reiterate our request. Since Plaintiffs have the burden of proof, we propose that the Court allocate 60% of trial hours/minutes to Plaintiffs and 40% to Defendants. If Defendants do not stipulate, we will request the court allocate more time to Plaintiffs. If Defendants still object, we will separately move the Court to permit such submission.

We propose that the parties stipulate to the admissibility of all experts' reports.

We also would like to discuss the issue of the admissibility of the underlying medical records (or max custody logs and central files or any other voluminous documents) referenced in expert reports.  Since the reports often cover hundreds of class members, and the medical records are kept in the unwieldy electronic health record system that requires printing every entry and subentry separately, producing the class members' records to the Court electronically or in paper format would be incredibly burdensome if not impossible for both parties.  Given Judge Silver's response to Defendants' attempt last year to introduce reams of max custody documents to the record, we would like to discuss on our call Friday about asking her (or her JA) for guidance on this issue.

If you have any questions before our call tomorrow, let us know.

Thanks,
Corene

Corene Kendrick
Deputy Director
ACLU National Prison Project
39 Drumm St.
San Francisco, CA 94111
ckendrick@aclu.org

---

**From:** Dan Struck <DStruck@strucklove.com>
**Sent:** Wednesday, August 4, 2021 12:25 PM
**To:** Corene Kendrick <ckendrick@aclu.org>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E. Gottfried <Michael.Gottfried@azag.gov>; mary.beke@azag.gov; David Fathi <dfathi@aclu.org>; Maria Morris <MMorris@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; PLO-Arizona Team <plo-az@prisonlaw.com>; Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <jkeenan@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Subject:** Re: Parsons - availability for call re discovery

We will circulate a number.

Sent from my iPhone

> On Aug 4, 2021, at 9:19 AM, Corene Kendrick <ckendrick@aclu.org> wrote:
>
> That works for us. Should we use your firm's call-in number?
>
> Thanks,
> Corene
>
> Corene Kendrick
> Deputy Director
> ACLU National Prison Project
> 39 Drumm St.
> San Francisco, CA 94111
> ckendrick@aclu.org
>
>> **From:** Dan Struck <DStruck@strucklove.com>
>> **Sent:** Wednesday, August 4, 2021 11:49 AM
>> **To:** Corene Kendrick <ckendrick@aclu.org>
>> **Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E. Gottfried <Michael.Gottfried@azag.gov>; mary.beke@azag.gov; David Fathi <dfathi@aclu.org>; Maria Morris <MMorris@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; PLO-Arizona Team <plo-az@prisonlaw.com>; Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <jkeenan@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
>> **Subject:** Re: Parsons - availability for call re discovery
>>
>> 11:30 AZ time on Friday.
>>
>> Sent from my iPhone
>>
>>> On Aug 4, 2021, at 8:42 AM, Dan Struck <DStruck@strucklove.com> wrote:
>>>
>>> Corene,
>>> How does 11:30 AZ time work for you?
>>>
>>> Sent from my iPhone
>>>
>>>> On Aug 4, 2021, at 5:05 AM, Corene Kendrick <ckendrick@aclu.org> wrote:
>>>>
>>>> Hi Dan,

4

Can you let us know some times Thursday and Friday that would work for your team for a meet and confer?

Thanks,
Corene

Corene Kendrick
Deputy Director
ACLU National Prison Project
39 Drumm St.
San Francisco, CA 94111
ckendrick@aclu.org

---

**From:** Corene Kendrick
**Sent:** Monday, August 2, 2021 12:05 PM
**To:** Dan Struck <DStruck@strucklove.com>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E. Gottfried <Michael.Gottfried@azag.gov>; mary.beke@azag.gov; David Fathi <dfathi@aclu.org>; Maria Morris <MMorris@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; PLO-Arizona Team <plo-az@prisonlaw.com>; Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <JKeenan@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Subject:** RE: Parsons - availability for call re discovery

Yes, we will do that before the call.
Thanks.

Corene Kendrick
Deputy Director
ACLU National Prison Project
39 Drumm St.
San Francisco, CA 94111
ckendrick@aclu.org

---

**From:** Dan Struck <DStruck@strucklove.com>
**Sent:** Monday, August 2, 2021 11:28 AM
**To:** Corene Kendrick <ckendrick@aclu.org>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>; Lucy Rand <Lucy.Rand@azag.gov>; Michael E. Gottfried <Michael.Gottfried@azag.gov>; mary.beke@azag.gov; David Fathi <dfathi@aclu.org>; Maria Morris <MMorris@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; PLO-Arizona Team <plo-az@prisonlaw.com>; Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <jkeenan@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Subject:** Re: Parsons - availability for call re discovery

Thanks Corene. I'll check with the team on availability for this call. It would make sense, though, for you folks to respond to our suggested limitations we have already submitted to the court.

Sent from my iPhone

> On Aug 2, 2021, at 6:00 AM, Corene Kendrick <ckendrick@aclu.org> wrote:
>
> Dear Dan,
>
> Judge Silver's July 30 order directs the parties to confer about discovery limitations and evidentiary stipulations, and to file a report with her on Monday August 9.
>
> In light of that, I'm writing to find out your availability for a call on Thursday and Friday (Aug. 5 and 6). If you can let me know some times that work for your team on those dates, we'll see what works for us.
>
> Thanks,
>
> Corene
>
>
> Corene Kendrick
> Deputy Director
> ACLU National Prison Project
> 39 Drumm St.
> San Francisco, CA 94111
> ckendrick@aclu.org

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any

attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.