IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Richard Pratt, et al., | |
| Defendants. | |

The parties' joint statement regarding discovery outlines areas where they cannot agree. (Doc. 3936). The Court agrees with Plaintiffs' position that Defendants' past productions of information are not a good indication of what information must now be disclosed. That is, "the information needed to monitor Defendants' compliance with the specific provisions of the Stipulation and the individual Performance Measures are not the same as that required to establish a constitutional violation." (Doc. 3936 at 5). Given that the crucial information for trial is solely in Defendants' possession, and the burden of proof is on Plaintiffs, the Court will accept many of Plaintiffs' proposals regarding the appropriate limits for discovery. In doing so, the Court assumes Plaintiffs' discovery requests will require significant work by Defendants. But there is no way to avoid that work given that Defendants have exclusive access to the relevant information and the firm trial date.

**1. Information Controlled by Defendants' Health Care Vendor Centurion**

Plaintiffs request the Court "order[] Centurion . . . to abide by all timeframes agreed

to or that are set forth in [Court] orders." (Doc. 3936 at 2). Centurion is not a party and the Court does not have the ability to "order" Centurion to take any actions. But no such order is required. The Court's rulings on discovery matters apply to Defendants and the fact that responsive information may be held by Defendants' vendors has no impact on Defendants' obligations. That is, Defendants must provide complete and timely discovery responses even if they must obtain responsive information from a vendor, such as Centurion.[1]

**2. Discovery Dispute Resolution Process**

The parties agree that any discovery objection must be provided to the propounding party within seven calendar days. The parties further agree to meet-and-confer regarding discovery objections within two business days. The parties shall comply with these deadlines.

**3. Timeframes for Producing Documents**

All discovery responses must be produced within twenty-one calendar days.

**4. Numerical Limits on Requests for Production ("RFPs")**

The Federal Rules do not limit the number of RFPs a party may propound. With the burden of proof on Plaintiffs, and given the claims at issue, no limit on RFPs is appropriate at this time. Any disputes arising from requests for ESI must be submitted to the Court.

**5. Limits on Interrogatories**

Interrogatories seeking to confirm the authenticity of documents do not count toward the parties' agreed upon limit of twenty interrogatories per side.

**6. Requests for Admission ("RFAs")**

Each side may propound up to twenty RFAs.

**7. Depositions**

The parties appear to have numerous disagreements regarding depositions although

---

[1] Pursuant to the contract between Centurion and Defendants, Centurion is required to "provide prompt, reasonable, and adequate access to any records, books, documents, and papers that are related to the performance of the contract." Enforcement of contractual provisions is the province of Defendants, not the Court.

the precise disagreements are far from clear. In general, the Court will accept Plaintiffs' view of what is necessary for them to prove their claims because they have the burden of proof.

### a. Time Limits

Fact witness depositions may not exceed four hours. Rule 30(b)(6) depositions may not exceed seven hours.

### b. Fact Witnesses

The Court previously required "initial disclosures of anticipated fact witnesses . . . no later than September 10, 2021." (Doc. 3931 at 2). Defendants now state they "cannot commit to providing all anticipated 'non-rebuttal' trial witnesses by that date." (Doc. 3936 at 10). It is not clear what Defendants are claiming and there is no need for Defendants to "commit" to anything. Rather, Defendants are required to comply with the September 10, 2021, deadline. Any non-rebuttal fact witness not disclosed by September 10, 2021, will presumptively be precluded from testifying.

Witnesses must be made available for depositions within ten calendar days of disclosure, absent extraordinary circumstances.

### c. Rule 30(b)(6) Witnesses

Rule 30(b)(6) witnesses must be made available for depositions within fourteen calendar days, absent extraordinary circumstances. Defendants shall ensure Centurion witnesses abide by this deadline.

### d. Expert Witnesses

Expert witness depositions may not exceed seven hours.

## 8. Experts Disclosures and Party Contact

### a. Disclosure of File Reviews

The patient files reviewed by experts must be disclosed every two weeks.

### b. Contact with Represented Parties and Preservation of Experts' Notes

The parties agree Defendants' experts may not speak with class members outside of class counsel's presence. They further agree that all experts' notes will be preserved. The

parties are ordered to comply with these agreements.

**9. Admissibility of Voluminous Records (Medical Records, Solitary Records)**

The parties will continue to discuss how to efficiently present its evidence to the Court.

**10. Present Direct Expert Testimony by Declaration**

Plaintiffs filed a motion arguing they should be permitted to present expert testimony by declaration. (Doc. 3938). The Court will require expedited briefing on this motion. In their response, Defendants should identify the prejudice they believe they would suffer should the motion be granted. Defendants should also identify alternatives they would agreed to in order to streamline the presentation of expert testimony.

Accordingly,

**IT IS ORDERED** the parties shall comply with the discovery rulings as detailed herein.

**IT IS FURTHER ORDERED** Defendants shall file their response to the Motion to Present Direct Expert Testimony by Declaration (Doc. 3938) no later than **August 16, 2021**. Plaintiff shall file their reply no later than **August 18, 2021**.

Dated this 11th day of August, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge

- 4 -