Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>                                           Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>                                           Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO PRESENT DIRECT EXPERT TESTIMONY BY DECLARATION (DKT. 3938)** |

I.     **INTRODUCTION**

        Plaintiffs' Motion is a "copy and paste" from their previous motion which the Court denied.  Plaintiffs' renewed Motion is a veiled attempt to circumvent the Court's previous Order, without complying with Federal Rule of Civil Procedure 59(e), and to circumvent the time restraints the Court imposed on this trial.  Due to the magnitude of this case, and its potential implications for the State of Arizona and its taxpayers, the Court should require the parties to present live, expert testimony.  Permitting otherwise deprives Defendants and the Court from fully exploring and revealing the credibility of Plaintiffs' expert witnesses. Since Plaintiffs concede that their case-in-chief will be nearly, if not solely, comprised of

expert testimony, the credibility of these witnesses is crucial. They must present all testimony live. As detailed below, Plaintiffs' Motion is improper and should be denied.

## II.   LEGAL ARGUMENT

### A.   The Court Already Denied Plaintiffs' Motion.

#### 1.   Plaintiffs Attempt to Circumvent the Court's Prior Order and the Law of the Case.

"[T]he [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Thus, "[i]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected." *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (citation omitted).

Plaintiffs' Motion is a "copy and paste" of Plaintiffs' Motion No. 1, recycling the same case law and legal arguments the Court rejected. (*Compare* Doc. 1068 *with* Doc. 3938.)[1]   In denying Plaintiffs' Motion No. 1, the Court found that the complexity of this case and strong public interest weighed against Plaintiffs' preferred method of presenting expert testimony via declarations because while declarations may be admitted into evidence, "they are not as accessible to the public as live oral testimony." (Doc. 1107 at 4.)

Relying on a prior Order issued by the Honorable Neil V. Wake, who also previously presided over this matter, the Court further found that the importance of *hearing* testimony weighed against Plaintiffs' request. (*Id.* at 5 (citing Doc. 1040 at 5) ("Judge Wake recognized that '[p]racticality and economy overwhelmingly favor hearing the opinions, their bases, the cross-examination, the counter-opinions, and the evidence as a whole.'")) The Court expanded: "[I]t is important that this Court, as the trier of fact, be presented with

---

[1] This case was previously assigned to the Honorable Diane J. Humetewa, who issued the Order denying Plaintiffs' Motion No. 1. (*See* Doc. 1107.)

the evidence as a whole, and not simply rely upon written declarations, *even in part*. This is all the more so given the prominent role expert testimony has in this case. Further … assessing credibility and resolving specific *Daubert* challenges will be hindered with limited live testimony." (*Id.*) (emphasis added.) As such, the Court denied Plaintiffs' Motion.

Now, taking advantage of the fact this matter was reassigned, Plaintiffs request the same exact relief the Court previously denied: an order requiring the parties to submit expert testimony by declaration. (Doc. 3938 at 1.) As the Court explicitly stated in a prior Order, the Court's prior Orders are "the law of the case." (Doc. 3245 at 2 (referring to two Orders which are the subject of an appeal before the Ninth Circuit).)  Because of this, the Court's prior Orders govern the *same* issues at *all* stages of this case and are to be respected. *See Arizona*, 460 U.S. at 618.

Plaintiffs' single attempt to distinguish the realities of the case now from the case in 2014 is unpersuasive. Plaintiffs argue that the "open-ended trial dates of 2014" weighed against allowing Plaintiffs to submit expert testimony by declaration and that written testimony is more appropriate now because the Court instituted a three-week time limit for trial. (Doc. 3938 at 3.) Contrary to Plaintiffs' contention, however, the Court clearly evinced its intent in 2014 to impose time restraints on trial. (Doc. 1107 at 6.) The Court should deny Plaintiffs' Motion as it has already ruled on this issue and Plaintiffs have identified no new circumstances which merit presenting expert testimony by declaration at trial.

## 2.   Plaintiffs' Motion is an Untimely Motion to Reconsider.

Pursuant to Federal Rule of Civil Procedure 59(e), a court may alter, amend, or reconsider its previous judgment. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., et al.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is appropriate only if: (1) there is an intervening change in controlling law; (2) the court is presented with newly discovered evidence; or (3) the court committed clear error and its decision was manifestly unjust. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at 1263).  Evidence is newly discovered if it was previously

unknown or unavailable during the original proceeding. *See S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citing *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985)).

Plaintiffs' Motion does not even attempt to establish Rule 59(e)'s requirements. Plaintiffs cite no intervening change in controlling law.  To the contrary, as evidence that there has been no change in controlling law, Plaintiffs regurgitate the same case law they relied upon *seven years ago* to support their Motion No. 1. (*Compare* Doc. 1068 *with* Doc. 3938.) Additionally, Plaintiffs cite no newly discovered evidence.  Nor can Plaintiffs establish that the Court committed clear error in denying Plaintiffs' Motion, as such a determination is highly discretionary (which Plaintiffs concede) and would require a finding that the Court previously committed clear error.  (Doc. 1102 at 3 n.2.); *see also F.T.C. v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004).  Plaintiffs' Motion does not come close to establishing clear error.  As such, Plaintiffs fail to articulate any basis to support a motion to reconsider.

Rather, Plaintiffs ask the Court to "rethink what the court ha[s] already thought through – rightly or wrongly," attempt to "relitigate old matters," and repeat, almost verbatim, the same arguments they relied upon to support their Motion No. 1, all of which are improper bases to grant a motion to reconsider. *See Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (finding motions for reconsideration should not be used to ask a court "to rethink what the court had already thought through – rightly or wrongly"); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (finding motions for reconsideration may not be used to relitigate old matters); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (motions for reconsideration may not repeat any argument previously made in support of or in opposition to a motion). Therefore, Plaintiffs' Motion is nothing more than a disagreement with the Court's previous Order. *See Bussie v. Boehner*, No. CV 14-0127-PHX-RCB (DKD), 2014 WL 6630155, at *1 (D. Ariz. Nov. 21, 2014) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)).  As such, Plaintiffs' Motion should be denied.

**B.      The Court Should Require Live Testimony.**

    **1.      The Decision Whether to Order Expert Testimony by Declaration is Highly Discretionary.**

While the Federal Rules of Civil Procedure and Evidence contemplate the presentation of evidence via written testimony, the decision is highly discretionary. Indeed, some courts have concluded that written testimony in lieu of live examination can be error. *See, e.g., United States v. Am. Tel. & Tel. Co.*, 83 F.R.D. 323, 339 (D.D.C. 1979) (holding that a "blanket order" requiring the use of written declarations in lieu of live direct testimony for all witnesses would be improper); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 313 (7th Cir. 1986) (holding that the use of interrogatory responses in lieu of live direct testimony was erroneous).

Moreover, regardless of the use of written testimony elsewhere in the Ninth Circuit, Plaintiffs have not cited a single District of Arizona case that permitted written declarations in lieu of live testimony. Nor have they identified a case in which the use of such a procedure was ordered over one party's objection, or where one side was permitted to introduce its entire case-in-chief through the use of attorney-prepared expert declarations.[2]

Further, unlike here, the cases cited by Plaintiffs involved long-standing, pre-existing courtroom procedures or pretrial orders, which permitted the use of written testimony. *See, e.g., Gergely*, 110 F.3d at 1451 (noting the bankruptcy court's pretrial order requiring the use of written declarations for all witnesses); *Adair*, 965 F.2d at 779 (noting the bankruptcy court's standard procedure requiring that direct testimony be presented by written declaration); *Madrigal*, 2021 WL 1627485, at *5 (noting the Local Rule that permits direct testimony by narrative statement at trial); *Kuntz v. Sea Eagle Diving Adventures Corp.*, 199 F.R.D. 665, 666 (D. Haw. 2001) (noting the district court's civil bench trial procedures that required the use of direct testimony by affidavit or declaration); *Saverson v. Levitt*, 162 F.R.D. 407, 407 (D.D.C. 1995) (noting the district court's scheduling order that required

---

[2] Defendants pointed this out in their previous Response to Plaintiffs' Motion No. 1, and Plaintiffs have yet again failed to cite any District of Arizona cases in support. (*See* Docs. 1089 at 3 n.1; 3938 at 3-5.)

the submission of direct testimony by written declaration); *In re Geller*, 170 B.R. 183, 184 (S.D. Fla. 1994) (noting the bankruptcy court's standard pretrial order that required the submission of direct testimony by written declaration).[3] No such standard order or trial procedure exists in this District or in this case. Indeed, Plaintiffs concede as much as they have removed any reference to prior Court Orders that contemplate the introduction of written expert testimony at trial. (*Compare* Doc. 3938 at 4; *with* Doc. 1107 at 4.)

### 2.   The Importance of This Case Militates Against Allowing Plaintiffs to Submit Expert Testimony by Declaration.

In previously denying Plaintiffs' request, the Court found that "[p]resentation by declaration of expert testimony, *even partial*, is ill-suited for a complex case of this magnitude." (Doc. 1107 at 4 (emphasis added).)  Defendants agree. The breadth of this class-action lawsuit, which brings constitutional claims affecting a state-wide prison system involving 10 facilities and over 33,000 inmates, is extraordinary. It is a challenge to both the provision of healthcare and to the conditions of confinement within ADCRR.  The Court certified 10 alleged health care practices, which encompass medical care, dental care, and mental health care, and seven alleged conditions of confinement, which Plaintiffs contend violate their Eighth Amendment rights. Plaintiffs demand an overhaul of nearly every aspect of inmate healthcare at ADCRR.  They seek to implement unreasonable and unrealistic procedures and benchmarks that exceed constitutional minimums and go beyond community standards. Given the magnitude of this case, including the potential ramifications for the citizens and taxpayers of the State of Arizona, presenting expert testimony by declaration is improper and prejudicial to Defendants.[4]

---

[3] Although *Phonetele* was an antitrust case involving several corporate defendants, it did not involve a party attempting to introduce their entire case through attorney-prepared expert declarations. *See* 889 F.2d at 225. Moreover, the court did not hold that the use of written declarations in lieu of live direct examination of witnesses was in any way required. *Id.* at 232. Instead, that court found it was merely permissible. *Id.*

[4] Plaintiffs' argument that presenting expert testimony by declaration "will be particularly valuable here, where the 'evidence is complicated [and] technical'" is without merit. (Doc. 3938 at 4.) While the issues in this matter are complex in that they are numerous and abounding, the legal issues, contrary to Plaintiffs' contention, are not the type of complex legal issues which necessitate the presentation of expert testimony by declaration to simplify the issues for presentation to the trier of fact. *Cf. Wilborn v. Escaleron*, 789 F.

While Plaintiffs cite numerous cases to support the proposition that a court may permit parties to submit expert testimony by declaration, the cases are distinguishable as none of the cases cited involved a case of this magnitude. Nor did the cases purport to resolve claims against an entire state-wide prison system involving 10 facilities and over 33,000 inmates. Rather, the cited cases are run-of-the-mill cases that turned on non-expert (eyewitness or party) witnesses. *See Gergely*, 110 F.3d at 1450 (bankruptcy); *Adair*, 965 F.2d at 778-779 (bankruptcy); *Madrigal*, 2021 WL 1627485, at *5 (personal injury); *Sanders v. Ayers*, No. 1:92-cv-05471-LJO, 2008 WL 4224554, *2 (E.D. Cal. Sept. 12, 2008) (ineffective assistance of counsel); *Kuntz*, 199 F.R.D. at 672 (personal injury); *Saverson*, 162 F.R.D. at 407 (employment); *Geller*, 170 B.R. at 184 (bankruptcy). Additionally, none of the cases Plaintiffs cite were class-action lawsuits, none specifically addressed the use of direct expert testimony by declaration (as opposed to the use of direct testimony in general), and none discussed the propriety of allowing a party to put on his or her entire case via attorney-prepared expert declarations, as Plaintiffs intend to do here. The Court should therefore disregard the cited cases and uphold the Court's previous Order prohibiting the presentation of expert testimony by declaration. (Doc. 1107 at 4.) *See Arizona*, 460 U.S. at 618.

### 3.      Attorney-Prepared Declarations Deprive the Court of the Opportunity to Assess Witness Credibility.

While Federal Rule of Evidence 611(a) permits the Court to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence," Federal Rule of Civil Procedure 43(a) favors oral testimony in open court: "At trial, the witnesses' testimony *must* be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, of other rules adopted by the Supreme Court provide otherwise." Fed.

---

2d 1328, 1331 (9th Cir. 1986) (citing *Weygandt v. Loo*k, 718 F.2d 952, 954 (9th Cir. 1983) (discussing appointment of counsel in pro-per cases where the litigant can establish the complexity of the legal issues involved)). Moreover, because the parties have not yet submitted disclosure statements, it is unclear how Plaintiffs can claim that "number of witnesses each side anticipates presenting at trial, and the scope of those witnesses' testimony" requires presentation of written declarations. (Doc. 3938 at 5–6.)

1   R. Civ. P. 43(a) (emphasis added). As Plaintiffs point out, Rule 611 favors procedures

2   "effective for determining the truth." (Doc. 3938 at 5.) Declarations prepared by counsel,

3   however, do not further this objective.

4           Plaintiffs seek to deprive the Court of this opportunity, to the detriment of

5   Defendants. Plaintiffs concede that the *entirety* of their lawsuit relies upon the presentation

6   of expert testimony. (Doc. 3938 at 2.) ("To [establish their case], Plaintiffs anticipate calling

7   at least five Expert witnesses….") Because of this, assessing expert witness credibility in

8   this matter is especially important, as this case will likely be a battle of the experts. That is,

9   the Court will be presented with conflicting expert testimony at trial. In preparing its

10  findings of fact and conclusions of law, the Court will be required to review and weigh that

11  testimony, which can only be done by assessing the reliability of the witnesses' *live*

12  testimony at the time of trial. Thus, submitting expert testimony by way of attorney-

13  prepared declarations will deprive the Court of the opportunity to assess witness credibility

14  and appropriately weigh the evidence.

15          Assessing witness credibility is of further importance, where, here, the credibility of

16  Plaintiffs' expert witnesses has already been called into question by Defendants and the

17  Court. Defendants previously filed a motion to preclude, requesting that the Court exclude

18  all seven of Plaintiffs' experts. (Doc. 900.) In denying Defendants' motion, the Court

19  expressed some skepticism regarding the foundation of Plaintiffs' experts' opinions but

20  deferred ruling on the admissibility of the testimony to the time of trial, recognizing the

21  importance of assessing—*in person*—the credibility of Plaintiffs' experts: "Therefore, it is

22  better to defer ruling on the challenges to admissibility of those opinions to the time of trial

23  or findings of fact and conclusions of law…. [T]he Court will be aided greatly by cross-

24  examination and understanding of the specific foundational challenges to specific opinions,

25  which this briefing does not fully explicate." (Doc. 1040 at 5.) The Court also deferred

26  ruling on Defendants' contention that Plaintiffs' experts' declarations submitted in support

27  of their response to Defendants' motion were sham declarations, preferring instead to *hear*

28

the testimony at trial.[5] (*Id.*)  The Court should be permitted to hear all testimony—not just time-restricted cross and re-direct as Plaintiffs propose.  Because the entirety of Plaintiffs' case hinges on their expert testimony (and therefore the credibility of their experts) and because the Court has already deferred ruling on the admissibility of Plaintiffs' experts' testimony to the time of trial to better assess witness credibility, the Court should deny Plaintiffs' Motion. (Doc. 1040 at 5.) *See Arizona*, 460 U.S. at 618.

### C.   Presenting Expert Testimony by Declaration Prejudices Defendants.

Plaintiffs' proposed method of presenting expert testimony deprives Defendants of the opportunity to make real-time objections to Plaintiffs' presentation of evidence. Plaintiffs suggest that this can be remedied by "requiring the exchange of written testimony seven court days in advance of the witness' appearance at trial and requiring objections to be submitted three court days in advance, so they can be resolved before the witness takes the stand." (Doc. 1102 at 9.)   Not so.  To the contrary, Plaintiffs' preferred method, which intentionally does not limit the length or detail of their proposed expert declarations, will prolong trial.[6]  Plaintiffs' attorney-prepared expert declarations will be expansive as they will have been prepared for weeks (if not months) and will chronicle in excruciating detail every fact Plaintiffs can possibly identify, which is evidenced by the fact that Plaintiffs argue that this proposed method of presenting expert testimony will reduce "the possibility

_____

[5] Specifically, Defendants argued that experts Pablo Stewart, Todd Wilcox, and Brie Williams admitted in their depositions to interviewing inmates and/or reviewing records of inmates that were chosen by Plaintiffs' counsel, but later claimed otherwise in their declarations. For example, Dr. Stewart claimed in his declaration that he selected the prisoners he interviewed during his facility tours but testified in his deposition that he had no input in deciding who to interview. (Doc. 1011 at 2–3.) Rather, he testified that Plaintiffs' counsel simply provided him with names of inmates. (*Id.* at 3.) Similarly, Dr. Wilcox claimed in his declaration that he instructed Plaintiffs' counsel to provide him with a random selection of charts but explicitly stated in his report that he did not review a random sample. (*Id.*) Dr. Wilcox further testified in his deposition that he did not know who selected many of the records he reviewed, or how they were selected, but that he did not select them. (*Id.* at 3–4.) Further, Dr. Williams claimed in her declaration that she identified the inmates she interviewed, and whose records she reviewed. (*Id.* at 4.) At her deposition, however, she testified that she did not choose those names. (*Id.*)  This is just an example of the various credibility issues Defendants will elicit from Plaintiffs' experts at trial.

[6] And certainly will not result in the presentation of "evidence in a succinct manner," as Plaintiffs' Motion suggests.  (Doc. 3938 at 3.)

that vital testimony will fail to be presented." (Doc. 3938 at 4.)   Plaintiffs' suggested "remedy" is actually aggravates the trial process, as it would require an enormous amount of party and judicial resources to review and resolve evidentiary objections between the truncated time the lengthy declarations are received and the time the witness is called at trial.  These are objections that can and should be resolved in real time, during the course of the trial.  Thus, Plaintiffs' suggestion would prejudice Defendants and defeat the purpose of the Court's Order to adopt practices that would "expedite trial." (Doc. 3931 at 37.)[7]  The Court restricted the length of trial to force both parties to exercise restraint in the presentation of their case, and to ensure that all evidence presented to the Court is necessary, relevant, and narrowly tailored to the parties' claims and defenses.  Plaintiffs' preferred method runs afoul of the Court's Order.  The Court should deny Plaintiffs' attempt to circumvent it.

Additionally, Defendants would be prejudiced by Plaintiffs' proposed presentation of expert testimony as it would allow Plaintiffs to circumvent the Federal Rules of Evidence, established case law, and prior Court rulings by improperly inserting evidence into the case that would otherwise be precluded. By way of example, expert reports are generally not admissible as evidence because they are fraught with hearsay.  *See* Fed. R. Evid. 801(c). For these reasons, it would be prejudicial to allow Plaintiffs to submit, and base their entire case-in-chief, on declarations filled with similarly inadmissible evidence.[8] *See Adair*, 965 F.2d at 780 ("The declarations at issue here fall literally within th[e] definition" of hearsay.). Most prejudicial to Defendants, however, is that Plaintiffs' proposed method of presenting

---

[7] Moreover, while Plaintiffs argue that submitting expert testimony by declaration promotes judicial efficiency, Plaintiffs fail to consider the enormous amount of time outside of trial the Court would have to spend reviewing the declarations and the parties' briefings regarding specific evidentiary objections, and then ruling on those objections.

[8] In one of the only paragraphs that Plaintiffs did not copy and paste from their Motion No. 1, Plaintiffs argue that this proposed method of presenting expert testimony is beneficial to Defendants as it provides Defendants advance notice of the contents of that testimony. (Doc. 3938 at 4.) This is unpersuasive because Defendants will already have the "benefit" of reviewing the expert witnesses' reports prior to trial pursuant to Federal Rule of Civil Procedure 26 and the Court's Scheduling Order. Thus, any attorney-prepared expert declarations will be of no added "benefit."

expert testimony would permit the statements and arguments of Plaintiffs' counsel to become evidence in the case, which is in clear contravention of Ninth Circuit law. *See* Manual of Model Civil Jury Instructions, 1.10: What is Not Evidence (2017 ed.) ("Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.").

Further, presenting expert testimony by declaration shifts the orderly presentation of proof. That is, on cross-examination, Defendants will be required to examine, as if on direct, Plaintiffs' experts by reviewing the attorney-prepared declarations point by point to draw out underlying testimony that would otherwise have been developed on direct examination. This effectively deprives Defendants of the opportunity to engage in traditional methods of cross-examination—i.e., exploring the underlying reliability of the experts' principles and methodologies and/or attacking the expert witnesses' credibility. Such burden shifting is improper and prejudicial where Plaintiffs, not Defendants, have the burden to prove their case.

Significantly, Plaintiffs' Motion circumvents the time requirements imposed by the Court. Plaintiffs will likely attempt to introduce through voluminous, attorney-prepared declarations every fact that any of Plaintiffs' expert witnesses have ever opined about this case instead of prioritizing their witnesses and evidence to fit within the confines of the Court-ordered, three-week trial. Plaintiffs then attempt to limit the amount of time that Defendants may spend cross examining their experts on what could amount to hundreds, if not thousands, of opinions proffered in Plaintiffs' experts' reports. Indeed, there is no limitation on the size or substance of expert reports. This would not allow Defendants sufficient time to effectively examine Plaintiffs' experts, who Plaintiffs base the entirety of their case-in-chief on.

Further, Plaintiffs' proposal prejudices Defendants as Plaintiffs request that the Court order all expert testimony be submitted by declaration. However, Defendants wish to present their expert witnesses in person to allow the Court to assess the credibility of their experts. Plaintiffs' proposal would deprive Defendants of this opportunity.

Last, Plaintiffs' proposal, which attempts to overturn the Court's prior Order, prejudices Defendants as Defendants have relied on that Order in preparing their defense of this matter.  As delineated above, the parties briefed this issue in 2014, and the Court denied Plaintiffs' request to introduce expert testimony by declaration. Defendants have prepared for trial in reliance on the fact that the Order is the "law of the case," governing all stages of subsequent litigation. *See Arizona*, 460 U.S. at 618. Therefore, Defendants would be prejudiced if the Court overruled its prior Order.

### D.  Defendants' Proposed Alternatives to Expedite Trial.

Contrary to Plaintiffs' contention, Defendants are amenable to alternative methods of presenting testimony to expedite trial. In fact, the Court provided several suggestions in its prior Order, which Defendants are agreeable to. (*See* Doc. 1107 at 5.) Specifically, and assuming that Plaintiffs will provide to Defendants prior to trial Plaintiffs' expert witnesses' reports, Defendants agree to stipulate to each expert's background and/or qualifications in advance of trial. Defendants also agree to discuss with Plaintiffs, and then present to the Court at the Final Pretrial Conference, suggested stipulations as to foundation. For example, and as the Court previously suggested, to the extent that any expert's report is based upon the care of any given inmate, the parties will stipulate to that foundation to the extent it can be established through other evidence, such as an inmate's medical records. This, as the Court previously envisioned, will serve to avoid the presentation of prohibited and/or duplicative testimony or evidence.  Defendants have further offered to stipulate to the authenticity of ADCRR/Centurion documents that are produced by Defendants.

### E.  In the Alternative, Defendants Should be Permitted to Cross-Examine Plaintiffs' Experts Without Time Restrictions.

Should the Court decide to grant Plaintiffs' Motion, Defendants respectfully request that the Court not set any time limits on Defendants' cross-examination. Plaintiffs suggest that the Court permit the parties to present up to 90 additional minutes of live, direct testimony in addition to 180 minutes of live, cross testimony. (Doc. 3938 at 2.) Such an arrangement would be fundamentally unfair. If their Motion is granted, Plaintiffs will

1  undoubtedly submit expansive declarations from their experts such that Defendants could

2  not possibly mount an effective cross-examination in two hours with only days' advance

3  notice. As such, to the extent the Court is inclined to grant Plaintiffs' Motion, Defendants

4  respectfully request that it place no time limits on Defendants' subsequent cross-

5  examination.

6  ### III.    CONCLUSION

7      In sum, Defendants respectfully request that the Court deny Plaintiffs' Motion and

8  uphold its prior Order, which previously denied Plaintiffs' request to present expert

9  testimony by declaration. "[G]iven the prominent role expert testimony has in this case,"

10 (Doc. 1107 at 5), the Court should require live expert testimony to enable the Court to assess

11 the credibility of the parties' expert witnesses. Moreover, granting Plaintiffs' Motion would

12 be unduly prejudicial to Defendants. To the extent the Court is inclined to grant Plaintiffs'

13 Motion, Defendants request, in the alternative, that the Court grant Defendants the ability

14 to conduct a full cross-examination without limitation as to time.

15     DATED this 16th day of August, 2021.

16                                    STRUCK LOVE BOJANOWSKI & ACEDO, PLC

17

18                                    By /s/Daniel P. Struck
                                         Daniel P. Struck
19                                       Rachel Love
                                         Timothy J. Bojanowski
20                                       Nicholas D. Acedo
                                         3100 West Ray Road, Suite 300
21                                       Chandler, Arizona 85226

22                                       *Attorneys for Defendants*

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on August 16, 2021, I electronically transmitted the attached

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
Notice of Electronic Filing to the following CM/ECF registrants:

4

Alison Hardy:              ahardy@prisonlaw.com

5

Asim Dietrich:             adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org;

6

phxadmin@azdisabilitylaw.org

7

Austin C. Yost:            ayost@perkinscoie.com; docketPHX@perkinscoie.com

8

Corene T. Kendrick:        ckendrick@aclu.org

9

Daniel Clayton Barr:       DBarr@perkinscoie.com; docketphx@perkinscoie.com;
sneilson@perkinscoie.com

10

David Cyrus Fathi:         dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

11

Donald Specter:            dspecter@prisonlaw.com

12

Eunice Cho                 ECho@aclu.org

13

Jared G. Keenan            jkeenan@acluaz.org

14

John Howard Gray:          jhgray@perkinscoie.com; slawson@perkinscoie.com

15

Jose de Jesus Rico:        jrico@azdisabilitylaw.org

16

Karl J. Worsham:           kworsham@perkinscoie.com; docketphx@perkinscoie.com

17

Kathryn E. Boughton:       kboughton@perkinscoie.com; docketphx@perkinscoie.com

18

Kelly Soldati             ksoldati@perkinscoie.com; docketphx@perkinscoie.com

19

Maria V. Morris            mmorris@aclu.org

20

Maya Abela                mabela@azdisabilitylaw.org

21

Mikaela N. Colby:          mcolby@perkinscoie.com; docketphx@perkinscoie.com

22

Rita K. Lomio:             rlomio@prisonlaw.com

23

Rose Daly-Rooney:          rdalyrooney@azdisabilitylaw.org

24

Sara Norman:               snorman@prisonlaw.com

25

Victoria Lopez:            vlopez@acluaz.org

26

27

28

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck