# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Richard Pratt, et al., | |
| Defendants. | |

Plaintiffs move to present direct expert testimony by declaration with in-court cross-examination. (Doc. 3938). Most trial attorneys would welcome this procedure for direct testimony. Both parties knowing in advance the direct testimony has the advantage of clear notice, *i.e.*, knowing precisely what the direct testimony will be of the experts. This is in great contrast to trials where opposing counsel expect to be surprised by the direct testimony and must be on their haunches, prepared to make objections pursuant to perceived violations of the Federal Rules of Evidence. Further, counsel have the advantage of significant time to prepare for cross-examination. The Court has previously employed such a procedure in a bench trial and Defendants' vigorous opposition is surprising.

Defendants' opposition suggests this is a complicated issue. It is not. This trial will require time and effort from the parties and the Court. But trial time is not unlimited, even in a complex case of "extraordinary" breadth. (Doc. 3942 at 6.) For that reason, allowing Plaintiffs—and by extension, Defendants—to present their experts' direct testimony by declaration is a common-sense effort to further bring this matter to an efficient resolution.

In fact, the Ninth Circuit has long "accepted and encouraged" replacing live direct testimony with declarations as a "technique for shortening bench trials." *Phonetele, Inc. v. Am. Tel. & Tel. Co.*, 889 F.2d 224, 232 (9th Cir. 1989).

Defendants' various procedural arguments against allowing declarations are unpersuasive. According to Defendants, the "law of the case" doctrine prevents granting Plaintiffs' request. It is true that Judge Humetewa denied a similar request from Plaintiffs in 2014. But a seven-year-old procedural not legal decision does not preclude a different result now. "Pretrial rulings, often based on incomplete information, don't bind district judges for the remainder of the case." *Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014). Judge Humetewa's discretionary decision based on the evidence and posture of the case in 2014 does not prevent the Court, based on a vastly different evidentiary record and posture, from reaching a different result.

Next, Defendants argue Plaintiffs' motion is an untimely motion brought pursuant to Federal Rule of Civil Procedure 59(e). That rule only applies when there has been entry of a "judgment." *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989) ("Rule 59(e) clearly contemplates entry of judgment as a predicate to any motion."). Because there is no judgment in this case, Rule 59(e) is inapplicable.

Beyond the procedural objections, Defendants acknowledge the decision whether to allow testimony by declaration is a "highly discretionary" one authorized by Federal Rule of Evidence 611. That rule allows the Court to exercise "control over the mode and order of examining witnesses and presenting evidence" to facilitate "determining the truth" and "avoid wasting time." Defendants respond that "declarations prepared by counsel" do not support a quest for the truth, insinuating that Plaintiffs' experts will have a limited role in crafting their opinions or declarations and, as a consequence, the Court will be unable to accurately assess the experts' credibility. That is inaccurate. Written declarations will allow the Court critical time to review the testimony with care in preparation for any direct examination Plaintiffs wish to present as well as all of Defendants' cross-examination and questions that might be prompted by the Court. And significantly, it is the "crucible of

cross-examination," not direct examination, that often dictates whether a witness's testimony is deemed reliable. *Crawford v. Washington*, 541 U.S. 36, 61 (2004).

Defendants were ordered to identify any perceived prejudice they might experience if written testimony were allowed. Defendants maintain they have "relied" on Judge Humetewa's prior ruling in the month since the Court set this matter for trial. (Doc. 3942 at 12). Defendants provide no specific details regarding prejudice and it is difficult to imagine Defendants suffering any detrimental reliance at this point. The parties only recently began trial preparations, are still engaged in pre-trial discovery, and granting Plaintiffs' motion will provide Defendants *more* time to prepare their cross-examination than if the experts testified exclusively in court. In addition, the presentation of expert testimony through written declaration, with live cross-examination, will provide the Court more information on which to base its ultimate decision. In a case of this magnitude and complexity, more information only inures to the parties' benefit. Therefore, Plaintiffs' motion will be granted.[1]

The Court is very conscious of the obligation to allow a fair trial to both parties and the Court will ensure it. Thus, the Court will make adjustments, as necessary, but the parties should plan on the following. The parties will be given equal time to present their claims and defenses. With an expected total of 100 hours available for trial, each side will be allotted 50 hours. The parties will be free to use their allotted time as they wish. Thus, Defendants can spend as much time as they wish cross-examining Plaintiffs' expert witnesses, but all cross-examination will necessarily be subtracted from Defendants' allotment. Similarly, if Defendants insist on presenting their experts' testimony live in court, all that time will be subtracted from Defendants' allotment. Finally, to preserve trial time, the parties will not be allowed to present opening or closing arguments.

Accordingly,

**IT IS ORDERED** Plaintiffs' Motion to Present Direct Expert Testimony by

---

[1] At present, Defendants will be required to submit their experts' direct testimony by declaration. If Defendants believe that will deprive them of their ability to present their defense effectively, they will be required to file a motion explaining the *specific* prejudice they will suffer.

Declaration (Doc. 3938) is **GRANTED**.  The parties shall present direct testimony from their experts through written declaration filed five days prior to the date that witness will be called.

**IT IS FURTHER ORDERED** no later than **September 10, 2021**, Defendants shall file a motion seeking leave to present live direct testimony from their experts.  That motion must identify the specific prejudice Defendants will suffer if live direct testimony is not allowed.

Dated this 2nd day of September, 2021.

_____
Honorable Roslyn O. Silver
Senior United States District Judge