Victoria López (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: vlopez@acluaz.org
       jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **STATEMENT OF DISCOVERY DISPUTE** <br><br> **CERTIFICATION OF MEET AND CONFER PURSUANT TO LOCAL RULE 7.2(j)** |

LEGAL23774493.1

Pursuant to Local Rule 7.2(j) and the Court's Discovery Dispute Instructions, the parties certify they met and conferred about these matters on August 19, 2021, and continued the process of meeting and conferring in writing over the next two weeks, including after the production of some of the requested documents on August 31, 2021. Ex. 1 (8/18/2021, Email from Fathi to Hesman); Ex. 2 (8/20/2021, Letter from Kendrick to Hesman); Ex. 3 (9/3/2021, Email from Morris to Love). The parties also participated in a telephonic meet and confer on September 14, 2021. If directed by the Court, the parties can submit further briefing.

Plaintiffs' Counsel requested certain documents in preparation for the upcoming trial, scheduled to begin on November 1, 2021. (*See* Doc. 3931). Defendants have objected to producing two categories of information, information about people on Mental Health Watch, and information about uses of force other than chemical agents on people in isolation.

1. **Information about Mental Health Watch**
   - **RFP No. 47**: All videos and documentation relating to the use of force on persons on MENTAL HEALTH WATCH from January 1, 2021, to the present.

**Plaintiffs' Position**

This Court certified the following isolation subclass:

All prisoners who are now, or will in the future be, subjected by the ADC to isolation, defined as confinement in a cell for 22 hours or more each day or confinement in the following housing units: Eyman—SMU 1; Eyman—Browning Unit; Florence—Central Unit; Florence—Kasson Unit; or Perryville–Lumley Special Management Area.[1]

*Parsons v. Ryan*, 289 F.R.D. 513, 525 (D. Ariz. 2013), *aff'd*, 754 F.3d 657 (9th Cir. 2014).

Initially, Defendants asserted that people who are on Mental Health Watch are not part of the Isolation Subclass. They now concede that people who are on Mental Health Watch may be within the Isolation Subclass, because some of them may be confined in a

---

[1] Since the time of the class certification ruling, Lewis – Rast has opened and is used for maximum custody, and Florence – Central Unit and Perryville – Lumley Special Management Area have ceased to be used for maximum custody. ASPC-Tucson – Rincon Unit will now house a population of SMI maximum security inmates.

LEGAL23774493.1

1. cell for 22 hours or more per day. *See Parsons v. Ryan*, 912 F.3d 486, 503–05 (9th Cir. 2018). As the Ninth Circuit explained: "The touchstone for inclusion in the subclass is . . . the amount of isolation experienced by inmates." *Id*.  Nonetheless, Defendants propose that they should decide whether any particular person on Mental Health Watch is a member of the Isolation Subclass and that if they decide the person is not, they need not produce any documents about that person, including the documents they rely on for making the decision.

The dispute before the Court is a discovery dispute. Discovery is not limited to evidence that will be admissible at trial. The requested documents should be produced, enabling Plaintiffs to probe the evidence and determine whether Plaintiffs believe a particular individual is properly considered to be in isolation, rather than simply accepting Defendants assessment of how much time a person has spent confined in a cell. Moreover, the Defendants' proposal would increase the burden on Defendants, as they would be required to review documents for each person on whom force was used while in Mental Health Watch and calculate the amount of out of cell time the person had.

**Defendants' Position:**

Defendants dispute that **all** inmates housed on mental health watch status automatically fall within the Court's definition of the Subclass, which is defined as:

> All prisoners who are now, or in the future be, subjected by the ADC to isolation, defined as **confinement in a cell for 22 hours or more each day** or confinement in the following housing units: Eyman-SMU I; Eyman-Browning Unit; Florence-Central Unit; Florence-Kasson Unit; or Perryville-Lumley Special Management Area.

(Doc. 372 at 22-23, emphasis added.)

Indeed, ADCRR Department Order 807, which governs guidelines for inmates placed on mental health watch, provides that "[u]nless determined contraindicated by a licensed mental health professional; showers, telephone privileges, recreation, and visitation shall be made available to the inmate." (https://corrections.az.gov/sites/default/files/policies/800/0807_071320.pdf) (*See* Section 7.6, page 10, last visited 9/15/2021.) Because inmates on mental health watch may still be

1  offered more than 2 hours of out-of-cell time on average per day while on mental health
2  watch depending on their security classification and mental health status (unless otherwise
3  ordered by a mental health professional), not all inmates housed on mental health watch
4  status necessarily fall within the Subclass definition.  Accordingly, notwithstanding
5  Defendants' additional objection to the breadth of the category of use of force at issue in
6  the Subclass claims as discussed below, whether an applicable use of force incident is
7  discoverable depends on an individualized determination of whether the individual inmate's
8  daily confinement time falls within the Subclass definition of 22 hours or more in-cell per
9  day.  Defendants do not concede that *every* inmate on mental health watch at any given
10 time, across ten state-operated complexes fall within the Subclass definition.[2]

11      Additionally, as discussed in the next section, the use of force claim certified by the
12 Court for the Subclass is restricted only to chemical agent use of force incidents involving
13 Subclass inmates who are on psychotropic medications. (Doc. 372 at 23-24.)  Accordingly,
14 Plaintiffs are not entitled to discovery of every type of use of force incident and they are not
15 entitled to discovery of use of force incidents that did not involve Subclass inmates who are
16 not on psychotropic medications at the time of the use of force. Simply put, not every use
17 of force involving inmates on mental health watch involves chemical agents and not every
18 inmate on mental health watch (and in-cell for 22 hours a day) is on psychotropic
19 medications.  Plaintiffs request, as written, exceed the bounds of the certified Subclass and
20 the certified Subclass chemical agent use of force claim.

21      For these reasons and for the reasons set forth below, Plaintiffs' request is overbroad
22 as to the Subclass definition, overbroad as to subject matter and scope of the certified
23 Subclass claims, not proportional to the needs of the case, and therefore unduly

---

[2] Defendants also note that the Stipulation never pertained to or monitored conditions of confinement, offered time out of cell, or use of chemical agent force (or any other type of use of force) for inmates on either mental health watch or detention status.  Thus, no discovery or document production on these two categories of arguable Subclass categories has been conducted since the case settled in 2014. Thus, the burden of conducting fast-track trial discovery in this regard is substantial.

burdensome.³ Defendants do agree that the Court's definition of the Subclass as specified above, together with the Court's certification of the Subclass claim of "[u]se of chemical agents against inmates on psychotropic medications," requires Defendants to produce videos/reports for *chemical agent use of force* incidents for inmates who are on mental health watch, and *who are confined to their cell for 22 hours or more a day*, and *who are on psychotropic medications*. (*See* Doc. 372 at 22-23.)

**2. Information relating to the use of force other than chemical agents on people in isolation.**

- **RFP No. 10**: All videos and documentation relating to the use of force on persons classified as SMI from ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, and ASPC-Florence Kasson, from March 1, 2021, to the present.
- **RFP No. 46**: All Incident Reports from ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, and ASPC-Florence Kasson reflecting the use of force from January 1, 2021, to the present.
- **RFP No. 47**: All videos and documentation relating to the use of force on persons on MENTAL HEALTH WATCH from January 1, 2021, to the present.
- **RFP No. 57:** All videos and DOCUMENTS relating to the uses of force on Rahim Muhammad, 215306, from August 1, 2020, to the present.

**Plaintiffs' Position**

Defendants object to producing documents pertaining to use of force other than chemical agents. Plaintiffs' Complaint challenges the conditions of confinement in isolation. Doc. 1 at ¶ 90; *see also* ¶¶ 91, 94, 133. The use of force, whether chemical agents or other types of force, unquestionably impact the conditions of confinement in isolation and increase the risk of harm to members of the Isolation Subclass. The RFPs seek documentation of the use of force other than the use of chemical agents, as unreasonable uses of force on people in isolation units may violate their rights and are relevant to the claims at trial. Discovery requests need not be limited to the words in the complaint, as "[a] variety of types of information not directly pertinent to the incident in suit could be relevant

---

³ Plaintiffs claim that it would be too burdensome for Defendants to determine if an inmate on mental health watch was in his or her cell for 22 hours a day, but that is a burden for Defendants to determine based upon data available for an individual inmate, not for Plaintiffs to determine.

1  to the claims or defenses raised in a given action. For example, *other incidents of the same*
2  *type…*" Fed. R. Civ. Proc. 26(b)(1), Advisory Committee Note, 192 F.R.D. 389 (2000).

3  **Defendants' Position**

4        On July 16, 2021, this Court ordered that "[t]his case will proceed to trial *on*
5  *Plaintiffs' claims in the original complaint that the delivery of health care and housing in*
6  *isolation amount to constitutional deprivations in violation of the Eighth Amendment.*" (Doc
7  3921 at 2, emphasis added). Plaintiffs' original complaint allegations challenge only
8  chemical agent use of force on inmates who fall within the "isolation" subclass, who are
9  also on psychotropic medications. As such, the Court certified only one strictly defined
10 Subclass use of force claim which is limited to the alleged practice of "[u]se of chemical
11 agents against inmates on psychotropic medications." (Doc. 372 at 22-23.)

12       Plaintiffs cannot now expand the scope of the certified and clearly defined chemical
13 agent use of force claim to include any type of non-chemical use of force, on any Subclass
14 inmate, to additionally include inmates *not* on psychotropic medications. To allow the
15 expansion Plaintiffs seek both rewrites Plaintiffs' own Complaint allegations to allow
16 claims never asserted, and expands the Court's Class Certification Order to rewrite history.
17 Indeed, the Complaint allegations cited by Plaintiffs to support their position that the
18 Subclass use of force claim expands beyond chemical agent use of force upon inmates on
19 psychotropic medications, into unknown and undefined categories of use of force, fail
20 where Complaint Paragraphs 90, 91, 94, and 133 do not address any manner of use of force
21 at all.  (Doc. 1 at 51-53, 66-67.)  Moreover, Plaintiffs' Complaint allegations that
22 specifically address use of force pertain only to use of "pepper spray" upon three SMI
23 inmates on suicide watch. (Doc. 1 at ¶¶ 10, 11, 87, at pp. 6-8, 50.)

24       To allow Plaintiffs to proceed with their discovery requests turns the current fast-
25 track discovery process into a scorched earth fishing expedition and likewise converts this
26 lawsuit into one never contemplated by either the original Complaint allegations or the
27 Court's March 6, 2013 Class Certification Order. (Doc. 372 at 22-23.)  At no time has this
28 lawsuit pertained in any way to use of physical force, use of restraints (other than for escort),

1  deadly force, or less than lethal force options to include use of impact munitions, stun
2  shields, stun belts (transport) capture shields, stun devices, TASERs, diversionary devices,
3  sting-ball grenades, or K-9s. Plaintiffs cannot create new claims where none existed when
4  they filed suit in 2012.

5  For these reasons, Plaintiffs' request is irrelevant, overbroad as to the Subclass
6  definition, overbroad as to subject matter and scope of the certified Subclass claims, not
7  proportional to the needs of the case, and therefore unduly burdensome. Allowing Plaintiffs
8  to rewrite their Complaint allegations and in turn rewrite the Class Certification Order
9  prejudices Defendants, requiring them to defend against an entirely different lawsuit for
10 claims never pled in 2012 or certified in 2013, with only 6.5 weeks remaining before trial.
11 Simply put, rewriting the entirety of the landscape of the precise Subclass use of force
12 claims certified in this case in 2012, six weeks out from trial, denies Defendants of due
13 process and the ability to adequately defend against claims never pled in this case.
14 Accordingly, the Court should constrain Plaintiffs' discovery requests regarding use of
15 force incidents to strictly construe with both the Court's Subclass definition and certified
16 Subclass claims – chemical use of force on Subclass inmates who are on psychotropic
17 medications.  (Doc. 372 at 22-23.)

20                               Respectfully submitted,

1  Dated: September 16, 2021

| | |
|---|---|
| **STRUCK LOVE BOJANOWSKI & ACEDO, PLC**<br><br>By: s/ (by permission) Rachel Love<br><br>Daniel P. Struck<br>Rachel Love<br>Timothy J. Bojanowski<br>Nicholas D. Acedo<br>3100 W. Ray Road, Ste. 300<br>Chandler, Arizona 85226<br>Telephone: (480) 420-1600<br>Email:  dstruck@strucklove.com<br>         rlove@strucklove.com<br>         tbojanowski@strucklove.com<br>         nacedo@strucklove.com<br><br>*Attorneys for Defendants Pratt and Shinn* | **ACLU NATIONAL PRISON PROJECT**<br><br>By:  s/ Maria V. Morris<br>    David C. Fathi (Wash. 24893)\*\*<br>    Maria V. Morris (D.C. 1697904)\*<br>    Eunice Hyunhye Cho (Wash. 53711)\*\*<br>    915 15th Street N.W., 7th Floor<br>    Washington, D.C. 20005<br>    Telephone:  (202) 548-6603<br>    Email:    dfathi@aclu.org<br>              mmorris@aclu.org<br>              echo@aclu.org<br><br>Corene Kendrick (Cal. 226642)\*<br>**ACLU NATIONAL PRISON PROJECT**<br>39 Drumm Street<br>San Francisco, California 94111<br>Telephone:  (202) 393-4930<br>Email:    ckendrick@aclu.org<br><br>\*Admitted *pro hac vice*<br>\*\*Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.<br><br>Donald Specter (Cal. 83925)\*<br>Alison Hardy (Cal. 135966)\*<br>Sara Norman (Cal. 189536)\*<br>Rita K. Lomio (Cal. 254501)\*<br>**PRISON LAW OFFICE**<br>1917 Fifth Street<br>Berkeley, California 94710<br>Telephone:  (510) 280-2621<br>Email:    dspecter@prisonlaw.com<br>          ahardy@prisonlaw.com<br>          snorman@prisonlaw.com<br>          rlomio@prisonlaw.com<br><br>\*Admitted *pro hac vice* |

| | |
|---|---|
| 1 | Victoria López (Bar No. 330042)* |
| 2 | Jared G. Keenan (Bar No. 027068)<br>**ACLU FOUNDATION OF ARIZONA** |
| 3 | 3707 North 7th Street, Suite 235<br>Phoenix, Arizona 85013 |
| 4 | Telephone: (602) 650-1854<br>Email:   vlopez@acluaz.org |
| 5 |          jkeenan@acluaz.org |
| 6 | *Admitted pursuant to Ariz. Sup. Ct. R. 38(d) |
| 7 | |
| 8 | Daniel C. Barr (Bar No. 010149)<br>John H. Gray (Bar No. 028107) |
| 9 | Austin C. Yost (Bar No. 034602)<br>Karl J. Worsham (Bar No. 035713) |
| 10 | Kathryn E. Boughton (Bar No. 036105) |
| 11 | Mikaela N. Colby (Bar No. 035667)<br>Kelly Soldati (Bar No. 036727) |
| 12 | **PERKINS COIE LLP**<br>2901 N. Central Avenue, Suite 2000 |
| 13 | Phoenix, Arizona 85012<br>Telephone: (602) 351-8000 |
| 14 | Email:   dbarr@perkinscoie.com<br>         jhgray@perkinscoie.com |
| 15 |          ayost@perkinscoie.com<br>         kworsham@perkinscoie.com |
| 16 |          kboughton@perkinscoie.com<br>         mcolby@perkinscoie.com |
| 17 |          ksoldati@perkinscoie.com |
| 18 | *Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina* |
| 19 | *Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm;* |
| 20 | *Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of* |
| 21 | *themselves and all others similarly situated* |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**ARIZONA CENTER FOR DISABILITY LAW**

By: s/ Maya Abela
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org
mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

# CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2021, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com

*Attorneys for Defendants*

s/ J. Carns