Antony T. Murrell Jr #280583
ASPC-Florence East B-6-11
PO Box 5000
Florence AZ 85132

FILED ___ LODGED
___ RECEIVED ___ COPY
SEP 1 6 2021
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

United States District Court

District Of Arizona

Parson

v.

Ryan et al

Case No: Civ 12-0601 PHX-ROS

Motion For Relief

I, Antony T. Murrell Jr., ask this Court for help.

### Jurisdiction

This Court has Jurisdiction under 42 USC 1983 And Supplemental Jurisdiction

### Specific Facts As to Me

(1a) Upon seeing the Provider Karanga Grace Adams for the Extreme Pain I endured in my left knee from being kneed in it twice, my left Elbow injuried from an unknown source and lower back from 2017 Assault But was only given Ex-Ray. I explained only a MRI will see severe soft tissue

damage like the Medical Report from Valley Pain Consultant confirms. I told her when I seen her another time the Medication she is given don't work for the pain and I feel she is working on my Liver. So I Grieved this issue so I was issued Lidocaine Patches and I went to see the provider at the end of August 2021 and I explained that I should be able to get the Patches KOP and the Provider Adams said it was the Rules and I asked can I see them or even have them for my own records which she ignored and I told her I think me coming to the window for a non Narcotic Patch is done out of Retaliation for accessing the Grievance Process. I also told her that whatever she shot me in the knee wore off and she asked me again about the shot and

She asked me again about the shot and I repeated what I said to her and told her she was not paying me any attention and she refused me Medical treatment and kicked me out of Medical and failed to treat my injuries as usual. I grieved this issue and still nothing has been done about the pain.

(1b) Janah Barreras, Loresca Perdue, Hall, Gottfried, Joseph Scott Conlon, Renaud Drury Cook and Boyer PA, Anthony J. Fernandez, Corizon acting in accordance with the policies in paragraph 2-16 concealed Evidence and emails as to Diane Bohuszewicz destroying Grievance Records they then submitted false declarations upon the Directive of Gottfried in accordance with there practices.

## The Policies Of Defendants

② Gottfried, Struck Love Bojanowski & Acedo PLC, Daniel Struck, Sarah Barnes, Broenig O'berg Woods & Wilson Law Firm, Debra Larson, Centurion Of Arizona, Ryan, Shinn, Anthony J. Fernandez, Corizon, Joseph Scott Conlon, Renaud Drury Cook and Boyer PA, and others in this District are Parties who approved (para., 3 to 16) Liability

③ Created a Policy or custom under which they Set forth in this Complaint, Occured, they allowed the continuance of the policy or practice.

④ Officially established the defecto policy, the practice set forth in this complaint of Wexford, Corizon, Centurion LLC, Ryan and Shinn, to engage in misconduct in prison litigation.

⑤ Made decisions as final policy makers to ensure for financial profits, the misconduct, the practice set forth in this complaint, continued, in prisoner litigation.

⑥ Established a custom and tradition in Prisoner litigation to engage in misconduct the practice set forth in this complaint, I outlined thereby causing the violations.

⑦ Implemented the scheme the practice set forth in this complaint nationwide, deceiving federal and state judges.

⑧ Participated directly, after being informed of the wrongs in the practice set forth in this complaint, failed to remedy the wrongs set forth in this Complaint.

⑨ Were grossly negligent in supervising subordinates and employees who committed the wrongful acts the practice set forth in this complaint, exhibiting deliberate indifference to rights of prisoners and myself, as well as the courts.

⑩ Put in Motion the series of events I state in this complaint thereby causing the violations.

⑪ Gave tacit authorization to the misconduct the practice set forth in this complaint, and failed to take remedial actions, when informed, thereby causing this misconduct.

⑫ Ignored the complaints the practice set forth in this

complaint, because the complaints affected the financial income of Centurion Of Arizona.

⑬ Knew that the conduct the practice set forth in this complaint, violated federal law as interpreted by federal Judges but allowed the misconduct, the practice set forth in this complaint to continue thereby causing the violations

⑭ knew at all times the conduct the practice set forth in this complaint was illegal but allowed the misconduct thereby causing the violations.

⑮ were grossly negligent in their supervision of Attorneys who engaged in the practice set forth in this complaint thereby causing the violations.

⑯ Breached their duties to report to the federal courts and State Bar Lawyers who engage in the misconduct, but

refused thereby causing the violations.

### The Policies Of The Liability Insurers

⑰ Deprived Prisoners of the benefits of the policies they issued by their practices In 18 to 29.

⑱ Owe the special duty to me, and other prisoners which mandates they compensate me and other prisoners when the type is misconduct, the practice set forth in this complaint, happens. They violated their duty of loyalty duty to exercise reasonable skill and care and to deal impartially.

⑲ With their affiliated insurers have abused their office me and other prisoners nationwide because they do not review and do not investigate prisoner claims. They have Centurion, Ryan, Shinn determine what is or not

to be paid. They force litigation and only when a prisoner litigates a claim and prevails do they pay the judgment or settlement during the litigation.

⑳ Liability Insurers must pursuant to law and established insurance standards as well as their internal policies, promptly investigate all claims and not force litigation.

㉑ The policies have been mandated to ensure prisoners and the state are protected from the type of misconduct I allege.

㉒ As I am a prisoner and in all prisoner cases discussed in this complaint, they failed to follow these standards did not investigate they violated their own internal guidelines; and forced litigation. Had these been non-

prisoner claims, they would have investigated and followed the laws as well as their internal policies.

23) This is a violation of the spirit and intent to insurance, lack of due diligence, abuse of power, malicious failure to pay claims, wrongful denial of benefits, dishonesty, breach of fiduciary duty, breach of duty of loyalty under the terms of the policy, breach of implied duty of good faith and fair dealing.

24) This is deceit as it is intentionally falsely leading prisoners and the state authorities to believe something that is not true, to decieve or trick. This is willfully making false statements, with intent that prisoners like Plaintiff shall act reliance on it, suffering harm in consequence. These are false representation of facts with knowledge of

their falsity by Defendants.

25) Liability Insurers for Shinn have used frivolous or unfounded refusals to pay prisoner claims. Their motives of self interest or ill will, was and always has been to force litigation by prisoners of their claims. They knew or recklessly disregarded the basis for these claims.

26) Mischaracterizing the care given is fraud and Struck, Gottfried and others are aware of this fact from whistleblowers and contract monitoring staff. There have been in excess of 6000 claims against Shinn, Centurion of Arizona, CO IV Larson, and Adams, for similar misconduct coveredup

27) Misrepresenting the person who is providing the

the treatment is fraud. The persons, who are signing their names are in fact strawmen. Struck Gottfried and others are aware of this fact, from whistle blowers and contract monitoring staff.

28) Gottfried, Struck, Barnes, O'berg, Shinn, Hall and others are aware of defendants manipulating the healthcare programs and laws, in violation of the IG opinions from whistle blowers and contract monitoring staff.

29) Aware of these practices, have failed to take actions mandated by their policies.

## Violation of 1st and 8th Amendment

30) Micheal Gottfried, Daniel Struck, Struck Love Bojanowski & Acedo PLC, Sarah Barnes, Broenig O'Berg Woods & Wilson Law firm, Shinn, Centurion of Arizona, and Roger Hall, have put in place and implemented the policies referred in 2-16 alone.

31) Liability insurers have engaged in the practice in 17-29 refused to and failed to investigate inmates claims submitted against these defendants.

32) 30 & 31 is the practice and policy that has resulted in the concealment and falsification of evidence that is referenced by Judge Silver in the attached.

33) Because of these policies in 30 & 31 defendant Karanga Grace Adams, Centurion of Arizona, Corizon, Wexford have engaged in the above conduct.

34) Karanga G. Adams, Debra Larson, Centurion of Arizona, Corizon, David Shinn, Janah Barreras, Loresca Perdue, Know that, Gottfried, Struck, Struck Love Bojanowski & Acedo PLC, Sarah Barnes, Broenig Oberg Woods & Wilson Law firm will conceal Evidence prepare and submit false declarations to prevent federal Judges from meanfully adjudicating claims.

35) Micheal Gottfried, Roger Hall, Joseph Scott Conlon, Renaud Drury Cook and Boyer PA, Anthony J. Fernandez, Struck Love Bojanowski & Acedo PLC, Broenig Oberg Woods & Wilson LawFirm, Sarah Barnes, Daniel Struck did this in Parson v. Ryan, Glover v. Larson, Shank v. Corizon, Withers v. Corizon, Sandoval v. Corizon, Harry v. Corizon, Shepard v. Corizon, Bigelow v. Corizon, Henson v. Corizon, Tripati v. Corizon.

36) This is Deliberate Indifference to my serious medical needs causing me unbearable pain and suffering.

(37) This action has been taken against me as Retaliation for my using the Grievance Process insisting I receive medical treatment.

### Relief

I request appropriate Relief, Costs, Fees, and Treatment.

Executed This 14th Day of September 2021

## DECLARATION OF WENDY ORM, M.D.

1. I, Wendy Orm, M.D., declare under penalty of perjury that the following is true and correct, to the best of my knowledge.

2. I am the Statewide Medical Director for Centurion of Arizona, LLC ("Centurion").

3. I am responsible for overseeing the provision of medical care to the inmates in the Arizona Department of Corrections ("ADOC") State-run prison facilities.

4. Centurion took over the healthcare at the State-run prisons on July 1, 2019.

5. I am familiar with David Shank and the treatment he has received since Centurion assumed his care.

6. Centurion utilizes an electronic medical records ("EMR") system to track all aspects of patient care – including but not limited to encounter notes, prescriptions, medication distribution, referrals for treatment, and approvals of referrals for treatment.

7. All referrals for treatment for a patient that are beyond the capacity of an on-site provider (such as the surgery on Mr. Shank's urinary sphincter) are submitted to Centurion's Utilization management (UM) via the EMR system.

8. After a referral for treatment is sent to UM for review, UM reviews the referral within the EMR system and approves or denies the referral via the EMR system.

9. If off-site treatment is approved, the normal practice is for Centurion staff to call the off-site provider to schedule the appointment.

10. As a matter of company practice, Centurion providers do not communicate patient care issues through email. Rather, communications regarding a patient's care and treatment takes place within the EMR system.

11. To confirm this was, indeed, the case with regard to Mr. Shank, Centurion conducted a review of UM emails for the pertinent period of time around Mr. Shank's treatment, and no emails referencing Mr. Shank were found.

12. This result is unsurprising as the communication regarding Mr. Shank's treatment took place within the EMR system as is the case for all Arizona ADOC patients cared for by Centurion.

13. From the time Centurion took over his care, Mr. Shank has been seen regularly, had in initial sphincter surgery performed, and was approved for a second sphincter surgery which will take place when restrictions related to the COVID-19 pandemic are lifted.

Executed on this 30th day of November, 2020.

WENDY ORM, M.D.