1  Victoria López (Bar No. 330042)*
   Jared G. Keenan (Bar No. 027068)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: vlopez@acluaz.org
           jkeenan@acluaz.org
5
   *Admitted pursuant to Ariz. Sup. Ct. R. 38(d)
6
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
7  *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
   *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
8  *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
   *behalf of themselves and all others similarly situated*
9  **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

10 Asim Dietrich (Bar No. 027927)
11 **ARIZONA CENTER FOR DISABILITY LAW**
   5025 East Washington Street, Suite 202
12 Phoenix, Arizona 85034
   Telephone: (602) 274-6287
13 Email: adietrich@azdisabilitylaw.org

14 *Attorneys for Plaintiff Arizona Center for Disability Law*
   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
15

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **SECOND AMENDED NOTICE OF 30(b)(6) DEPOSITION** |

153830665.2

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30, and pursuant to the parties' agreements and the Court's Orders regarding depositions, Plaintiffs will take the oral and video recorded deposition of the Arizona Department of Corrections, Rehabilitation, and Reentry ("ADCRR"), on October 12, 2021, beginning at 2:00 pm Arizona Standard Time, and continuing thereafter by adjournment until the same is completed.  ADCRR is hereby requested and required, pursuant to Rule 30(b)(6), to designate and produce a witness or witnesses to testify on its behalf on the topics identified in **ATTACHMENT A** to this Notice.

Pursuant to Fed. R. Civ. P. 30(b)(4) the parties have stipulated that the deposition will be taken by remote means using remote deposition technology through Zoom, for the convenience of the parties and the witness, and because of the COVID-19 pandemic.  The deposition will be recorded stenographically by a court reporter and also by sound and videographic recording using the remote deposition technology employed during the deposition.  The place of each deposition is where the deponent is located when he or she answers questions.  *Id*.  The deposition, answers, and documents referenced during the deposition may be read and used in evidence at the trial of this case in accordance with the Federal Rules of Civil Procedure.  Login information for the Zoom remote technology link will be provided to counsel separately.

Dated: September 24, 2021

**ACLU NATIONAL PRISON PROJECT**

By: s/ David C. Fathi
David C. Fathi (Wash. 24893)**
Maria V. Morris (D.C. 1697904)*
Eunice Hyunhye Cho (Wash. 53711)**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@aclu.org
          mmorris@aclu.org
          echo@aclu.org

153830665.2

Corene Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON PROJECT**
39 Drumm Street
San Francisco, California 94111
Telephone: (202) 393-4930
Email:    ckendrick@aclu.org

*Admitted *pro hac vice*
**Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          rlomio@prisonlaw.com

*Admitted *pro hac vice*

Victoria López (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:    vlopez@acluaz.org
          jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

153830665.2

Daniel C. Barr (Bar No. 010149)
John H. Gray (Bar No. 028107)
Austin C. Yost (Bar No. 034602)
Karl J. Worsham (Bar No. 035713)
Kathryn E. Boughton (Bar No. 036105)
Mikaela N. Colby (Bar No. 035667)
Kelly Soldati (Bar No. 036727)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:  dbarr@perkinscoie.com
    jhgray@perkinscoie.com
    ayost@perkinscoie.com
    kworsham@perkinscoie.com
    kboughton@perkinscoie.com
    mcolby@perkinscoie.com
    ksoldati@perkinscoie.com

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**


By:  s/ Maya Abela
   Asim Dietrich (Bar No. 027927)
   5025 East Washington Street, Suite 202
   Phoenix, Arizona 85034
   Telephone: (602) 274-6287
   Email:   adietrich@azdisabilitylaw.org

   Rose A. Daly-Rooney (Bar No. 015690)
   J.J. Rico (Bar No. 021292)
   Maya Abela (Bar No. 027232)
   **ARIZONA CENTER FOR DISABILITY LAW**
   177 North Church Avenue, Suite 800
   Tucson, Arizona 85701
   Telephone: (520) 327-9547
   Email:
     rdalyrooney@azdisabilitylaw.org
     jrico@azdisabilitylaw.org
     mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

153830665.2

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2021, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Anne M. Orcutt
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
aorcutt@strucklove.com

*Attorneys for Defendants*

                               s/ D. Freouf

153830665.2

# ATTACHMENT A

Pursuant to Rules 30(b)(6) of the Federal Rules of Civil Procedure, the Arizona Department of Corrections (ADC) shall designate one or more officers, directors, or managing agents, or other person who consent to testify on its behalf, to testify on the topics identified below.

## DEFINITIONS

1. "ADCRR" means the Arizona Department of Corrections, Rehabilitation, and Reentry, including all subdivisions, agents, employees, contractors, and attorneys.

2. "ASPC" means Arizona State Prison Complex and refers to the ten ADCRR-operated state prison facilities: Douglas, Eyman, Florence, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, and Yuma.

3. "CENTURION" means Centurion of Arizona, LLC, the entity currently contracted with ADCRR to provide HEALTH CARE to class members incarcerated at the ASPCs.

4. "CONDITIONS OF CONFINEMENT" means all circumstances REGARDING the state of being imprisoned.

5. "CORRECTIONAL STAFF" means staff employed or paid by the ADCRR to serve in a security or operational capacity.

6. "DETENTION UNITS" refers to any unit within an ASPC that is used for detaining persons for investigatory, classification, or disciplinary purposes, and as the term "DETENTION UNIT" is used by ADCRR in Department Orders 803, 804, and/or 807, *inter alia*.

7. "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and description and every tangible thing that is or has been in the possession, custody, or control of Defendants and ADCRR, to which they have access, or of which they have knowledge, including, but not limited to, newspaper articles, magazine articles, news articles, correspondence, letters, contracts, electronic mail, memoranda,

-5-

153830665.2

stenographic notes, handwritten notes, drafts, studies, publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices, pictures, photographs, films, audiotapes, videotapes, computer records, voice recordings, maps, reports, surveys, minutes, data compilations, and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device).

8. "HEALTH CARE" means the provision of care to address and treat the medical, dental, or mental health needs of a person, whether those needs arise as a result of injury, illness, disease, or other trauma; or care provided for diagnostic or preventative purposes.

9. "HEALTH CARE STAFF" means all persons employed by CENTURION to provide HEALTH CARE to class members at ASPCs, on either a permanent or *locum tenens* basis.

10. "INCARCERATED PERSON" means a person incarcerated by ADCRR.

11. "ISOLATION" means (a) confinement of a INCARCERATED PERSON in a cell for 22 hours or more each day; or (b) confinement in Eyman-Special Management Unit ("SMU") 1, Eyman-Browning Unit, Florence-Kasson Unit, or Lewis-Rast Unit; or (c) confinement in a DETENTION UNIT.

12. "MENTAL HEALTH WATCH" means housing units or cells used to house people for observation due to threats of or acts of self-harm, and as the term "MENTAL HEALTH WATCH" is used by ADCRR in Departmental Order 807, *inter alia*.

13. "PMRB" means Psychotropic Medication Review Board, as that term is used by ADCRR in Department Order 1103 and mental health policies and procedures, *inter alia*.

14. "POLICIES AND PROCEDURES" means policies, procedures, criteria, or practices, whether written or established through custom or use, including but not limited

to policy and procedure manuals, directors' orders, protocols, directives, flowcharts, institution post orders, and any other DOCUMENTS designed to direct the actions of ADC personnel, ADC contractors, and/or INCARCERATED PERSONS.

15. "REFERRAL" means a recommendation that an INCARCERATED PERSON obtain HEALTH CARE at ADC or non ADCRR facilities, whether or not such HEALTH CARE is in fact ever provided.

16. "SMI" means Seriously Mentally Ill, as that term is used by ADCRR and CENTURION to designate class members pursuant to Department Order 1103 and mental health policies and procedures, *inter alia*.

**TOPICS**

1. POLICIES AND PROCEDURES for evaluating mental health needs of INCARCERATED PERSONS at initial intake into ADCRR; upon transfer to other facilities within the system; and upon release to the community.

2. The availability of mental health care other than medication within the ADCRR system, including individual counseling, group therapy, and other mental health programming.

3. POLICIES AND PROCEDURES regarding language interpretation services provided to INCARCERATED PERSONS who are not fluent in English in mental health care encounters, including individual counseling, group therapy, other mental health programming, and in encounters with INCARCERATED PERSONS placed on MENTAL HEALTH WATCH.

4. POLICIES AND PROCEDURES for INCARCERATED PERSONS' access to mental health care.

5. POLICIES AND PROCEDURES for classifying, re-classifying or identifying INCARCERATED PERSONS as SMI, MH-3 through MH-5, or any other mental health classification employed by ADCRR or CENTURION.

6. POLICIES AND PROCEDURES for restrictions or limitations on housing of INCARCERATED PERSONS classified, re-classified or identified as SMI, MH-3

through MH-5, or any other mental health classification employed by ADCRR or CENTURION, including restrictions or limitations on housing of such INCARCERATED PERSONS in ISOLATION.

7. POLICIES AND PROCEDURES regarding the provision of mental health care to INCARCERATED PERSONS classified as SMI, MH-3 through MH-5, or any other mental health classification employed by ADCRR or CENTURION.

8. POLICIES AND PROCEDURES for transitioning INCARCERATED PERSONS between different levels of mental health care, including the transfer of people to mental health inpatient facilities.

9. POLICIES AND PROCEDURES for providing mental health inpatient care, including the current status of REFERRALS and admissions to such facilities in the ADCRR system.

10. POLICIES AND PROCEDURES for MENTAL HEALTH WATCH and suicide prevention, including the management or treatment of INCARCERATED PERSONS placed on MENTAL HEALTH WATCH and frequency of contact with mental health staff, other HEALTH CARE STAFF, and CORRECTIONAL STAFF.

11. CONDITIONS OF CONFINEMENT for INCARCERATED PERSONS on MENTAL HEALTH WATCH.

12. POLICIES AND PROCEDURES for monitoring and managing INCARCERATED PERSONS on psychiatric medications, including the required frequency of contact with mental health care staff, monitoring of the therapeutic effects and adverse side effects of medication, and protection of the INCARCERATED PERSONS from heat injury.

13. POLICIES AND PROCEDURES used by the PMRB for administering involuntary psychotropic medications and the current extent of the use of such involuntary medication in each ADC facility.

153830665.2

14. POLICIES AND PROCEDURES regarding minimum duration of mental health encounters, including POLICIES AND PROCEDURES for complying with the Court's orders on minimum duration of mental health encounters.

15. POLICIES AND PROCEDURES regarding provision of mental health care to INCARCERATED PERSONS via "telepsychiatry," "telepsychology," or other remote means.

153830665.2