# Exhibit 3

| | |
|---|---|
| **From:** | Ashlee Hesman |
| **To:** | Corene Kendrick; StruckLoveParsonsTeam; Lucy Rand; mary.beke@azag.gov |
| **Cc:** | Parsons Trial |
| **Subject:** | RE: Parsons v Shinn - Defendants" Response to Plaintiffs" Second RFPD |
| **Date:** | Monday, September 13, 2021 12:03:37 PM |

Hi Corene,

As we have always done, and as is common practice in responding to discovery requests and updating disclosure statements, our discovery responses are cumulative and include all objections previously lodged and documents previously produced. New information is usually bolded or italicized. This makes it easier to locate the history of a response in one document. As discussed during our August 27 meet and confer, based upon Plaintiffs' narrowing of terms/custodians and the deduplication efforts by our vendor, we are no longer objecting to Plaintiffs' requests as the burden is no longer present. We have not gone back on that agreement and our review and production continues on a rolling basis as Plaintiffs agreed to during the August 27 meet and confer.

When Plaintiffs agreed to the rolling production (to occur every Tuesday), they did not request that certain requests be prioritized, that each rolling production consist of documents from each request, that each rolling production consist of a minimum number of documents, or that the rolling production be completed by a date certain. Had Plaintiffs done so, we would have prioritized ESI production differently. Instead, Plaintiffs waited until five days after our first production to alert Defendants that production needed to occur more quickly and in a specific manner. As you know, we are working to respond to or supplement Plaintiffs' 61 separate requests for production and prepare for the 13 depositions Plaintiffs have noticed (four of which were noticed pursuant to Rule 30(b)(6)) to take place in the next few weeks. In the background, attorneys are having to attend the numerous tours Plaintiffs noticed this month.

We will follow up with the Governor's office for a status of their review. By tomorrow, we will complete production for RFP 59 and 60 and provide a significant supplement to RFP 58. We anticipate completing producing of RFP 58 by the end of this week.

Ashlee

**From:** Corene Kendrick <ckendrick@aclu.org>
**Sent:** Sunday, September 12, 2021 12:37 PM
**To:** Ashlee Hesman <ahesman@strucklove.com>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>; Lucy Rand <Lucy.Rand@azag.gov>; mary.beke@azag.gov
**Cc:** Parsons Trial <ParsonsTrial@aclu.org>
**Subject:** Parsons v Shinn - Defendants' Response to Plaintiffs' Second RFPD

Dear Ashlee,

I write regarding Defendants' deficient response to Plaintiffs' Second Request for Production of Documents.

Plaintiffs' Second Request was served on Defendants on August 17, 2021.  Accordingly, under the Court's order (Doc. 3940 at 2), all responsive documents were presumptively due no later than September 7, 2021.  But with your September 7 response, you provided only a fraction of the documents that you indicated are responsive to Request 58, and nothing at all in response to Requests 59, 60, and 61.  While we agreed in our August 27, 2021 meet and confer that not all responsive documents need be produced on September 7, we did not anticipate that you would entirely fail to produce *any* documents in response to three of our four requests.

Moreover, we are puzzled by your claims and objections in your September 7 response regarding the large number of documents allegedly called for by our requests.  In our August 27 meet and confer, after your vendor had run the search term parameters that I had provided, including the narrowed search parameters for Request 59, you made the following representations regarding the number of responsive documents:

- Request 58 (Shinn and Gann to Centurion): About 8,000 responsive documents. This included attachments to emails.
- Request 59 (internal emails re correctional staff shortages):  119 documents with the revised search terms and removal of Regional Operations Directors as custodians.
- Request 60 (emails to Legislature re correctional staff shortages): 80 documents.
- Request 61 (emails to Governor's office re correctional staff shortages): about 300 documents.  You indicated that the Governor's legal counsel would need to review these documents.

Tuesday's production consisted of only 610 documents responsive to Request 58.

These documents are needed for review by Plaintiffs' experts, whose reports are due on October 9. More immediately, they are urgently needed for the depositions of Defendants Larry Gann and David Shinn, scheduled for September 21 and 22.

We request that you provide as soon as possible the 199 responsive documents to Requests 59 and 60, an update as to when the Governor's counsel will complete their review of Request 61's 300 documents, and when Defendants will complete their production of Request 58.

Thanks,

Corene

Corene Kendrick
Deputy Director
ACLU National Prison Project
39 Drumm St.
San Francisco, CA 94111
ckendrick@aclu.org

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.