# Exhibit 6

Victoria López (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: vlopez@acluaz.org
        jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and pursuant to the agreements made by the parties regarding the production of documents in preparation for the parties' trial, Plaintiffs, by and through their undersigned counsel, request that Defendants respond with any written objections within seven (7) calendar days, and produce the following documents for inspection and copying at Perkins Coie LLP, 2901 North Central Avenue, Suite 2000, Phoenix, Arizona 85012.  Requests Nos. 1-11 are for the ongoing production of documents that Defendants were providing to Plaintiffs pursuant to the monthly monitoring document request. Requests Nos. 12-20 are documents normally requested prior to Plaintiffs' monitoring visits to Arizona State Prison Complexes.

**DEFINITIONS**

1.     "ADCRR" means the Arizona Department of Corrections, Rehabilitation, and Reentry, including all subdivisions, agents, employees, contractors, and attorneys.

2.     "ASPC" means Arizona State Prison Complex and refers to the ten ADCRR-operated state prison facilities: Douglas, Eyman, Florence, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, and Yuma.

3.     "CENTURION" means Centurion of Arizona, LLC, the entity currently contracted with ADCRR to provide HEALTH CARE to class members incarcerated at the ASPCs.

4.     "CHRONIC CARE" means HEALTH CARE needs arising from a long-lasting or persistent medical condition and includes but is not limited to the needs of persons with arthritis, autoimmune diseases, cancer, dementia, diabetes, epilepsy, Hepatitis C, HIV/AIDS, hypertension, kidney disease, neurodegenerative diseases and other similarly long-term conditions.

5.     "CORRECTIONAL STAFF" means staff employed or paid by the ADCRR to serve in a security or operational capacity.

6.     "DETENTION UNITS" refers to any unit within an ASPC that is used for detaining persons for investigatory, classification, or disciplinary purposes, and as the

153425929.1

term "DETENTION UNIT" is used by ADCRR in Department Orders 803, 804, and/or 807, *inter alia*.

7. "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and description and every tangible thing that is or has been in the possession, custody, or control of Defendants and ADCRR, to which they have access, or of which they have knowledge, including, but not limited to, newspaper articles, magazine articles, news articles, correspondence, letters, contracts, electronic mail, memoranda, stenographic notes, handwritten notes, drafts, studies, publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices, pictures, photographs, films, audiotapes, videotapes, computer records, voice recordings, maps, reports, surveys, minutes, data compilations, and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device).

8. "HEALTH CARE" means the provision of care to address and treat the medical, dental, or mental health needs of a person, whether those needs arise as a result of injury, illness, disease, or other trauma; or care provided for diagnostic or preventative purposes.

9. "HEALTH CARE STAFF" means all persons employed by CENTURION to provide HEALTH CARE to class members at ASPCs, on either a permanent or *locum tenens* basis.

10. "LOCATION UNIT" refers to each housing unit within each ASPC, and as the term "LOCATION UNIT" is used by ADCRR for tracking its daily Institutional Capacity Committed Population (*see* https://corrections.az.gov/capacity-custody-level).

-2-

153425929.1

11. "MENTAL HEALTH WATCH" means housing units or cells used to house people for observation due to threats of or acts of self-harm, and as the term "MENTAL HEALTH WATCH" is used by ADCRR in Departmental Order 807, *inter alia*.

12. "PMRB" means Psychotropic Medication Review Board, as that term is used by ADCRR in Department Order 1103 and mental health policies and procedures, *inter alia*.

13. "SMI" means Seriously Mentally Ill, as that term is used by ADCRR and CENTURION to designate class members pursuant to Department Order 1103 and mental health policies and procedures, *inter alia*.

14. "SPECIALTY CARE" means any HEALTH CARE treatment provided by specialists or a higher level of care than can be provided at ASPCs by HEALTH CARE STAFF.

15. "SUFFICIENT TO SHOW" means demonstrating or evidencing complete information on the requested topic, without the need to produce every DOCUMENT regarding the topic.

16. "YOU" or "YOUR" means Defendants David Shinn and Larry Gann.

### INSTRUCTIONS

1. YOU are required to furnish all DOCUMENTS in YOUR possession, custody or control, including those DOCUMENTS that are in the possession, custody or control in the normal course of YOUR employment obligations and those in the possession, custody or control of your (1) employer; (2) consultants; (3) attorneys; (4) representatives; (5) agents; or (6) any other person acting or purporting to act on YOUR behalf or at YOUR direction, whether doing so directly or at the direction of YOUR subordinates.

2. DOCUMENTS that are produced shall be identified according to which request they are responsive to, and in the order and manner in which they are usually kept or organized.

153425929.1

3. All non-identical copies of every DOCUMENT whose production is sought shall be separately produced.

4. Responsive DOCUMENTS that exist in electronic form, even if such DOCUMENTS also exist in paper form, shall be produced in electronic form as a unique PDF file with each page of a produced DOCUMENT with a legible, unique production number electronically affixed to the PDF in such a manner that information is not obliterated, concealed, or interfered with, preferably in the lower right corner of the DOCUMENT. The production number shall contain at least six digits. There shall be no other legend or stamp placed on the DOCUMENT image, unless a DOCUMENT qualifies for confidential treatment pursuant to the terms of the protective order in this matter, or if the DOCUMENT requires redaction. In the case of confidential materials as defined by the protective order in this matter, any applicable designation may be "burned" onto the DOCUMENT's image at a location that does not obliterate or obscure any information from the source DOCUMENT, preferably in the lower left corner.

5. Unless redaction is required, spreadsheet DOCUMENTS (such as Microsoft Excel DOCUMENTS) shall be produced in native format, together with a single page PDF placeholder bearing the legend "Native File Produced."

6. The following rules of construction shall be applied herein: (1) the words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive; (2) the singular includes the plural and vice-versa; and (3) the words "any," "all," "each" and "every" all include any, all, each and every.

7. If YOU do not produce any DOCUMENT based on attorney-client privilege, work product protection or any other statutory or constitutional privilege or protection, YOU shall provide a privilege log setting forth the specific basis for the claim of privilege or protection and for each DOCUMENT provide:

        a. the subject matter of the DOCUMENT;

        b. the title, heading or caption of the DOCUMENT, if any;

-4-

c.     the date appearing on the DOCUMENT or, if no date appears thereon, the date or approximate date on which the DOCUMENT was prepared;

d.     the general nature description of the DOCUMENT (e.g., whether it is a letter, memorandum, minutes of meeting, etc.) and the number of pages of which it consists;

e.     the identity of the person who signed the DOCUMENT or, if it was not signed, the person who prepared it;

f.     the identity of each person to whom the DOCUMENT was addressed and the identity of each person to whom a copy thereof was sent; and

g.     the identity of each person who has custody of a copy of each such DOCUMENT.

8.     If YOU claim privilege or protection to part of a DOCUMENT, YOU shall redact that portion which is privileged or protected and produce the remainder.  When such redactions for privilege or protection are made, YOU shall place a legend similar to "REDACTION – PRIVILEGE" on the copy of the DOCUMENT produced.   All redactions shall also be included on the privilege log described in the preceding numbered paragraph.

9.     If any DOCUMENT responsive to these requests has been destroyed, discarded, or lost, or is otherwise not capable of being produced, identify each such DOCUMENT and set forth the following information:

a.     The date of the DOCUMENT;

b.     A description of the subject matter of the DOCUMENT;

c.     The name and address of each person who prepared, received, viewed, or had possession, custody, or control of the DOCUMENT;

d.     The date the DOCUMENT was destroyed, discarded, or lost;

e.     The identify of the person(s) who directed that the DOCUMENT be destroyed or discarded, or who lost the DOCUMENT;

153425929.1

f. A statement of the reasons for and the circumstances under which the DOCUMENT was destroyed, discarded or lost.

10. If these requests cannot be responded to in full, YOU shall respond to the extent possible, specify the reason for YOUR inability to respond to the remainder, and state whatever information or knowledge YOU have regarding the portion to which YOU have not responded.

11. If no DOCUMENTS or things exist that are responsive to a particular request, so state in writing.

12. These requests shall be deemed continuing nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, the Court's rules, and the parties' proposed pre-trial schedule. Supplemental responses are required if additional responsive information is acquired or discovered between the time of responding to this request and the time of trial.

## DOCUMENTS REQUESTED

### REQUEST NUMBER 1

All mortality reviews, psychological autopsies, and incident reports related to all persons who have died since January 1, 2020, while in the custody of the ADCRR.[1]

### REQUEST NUMBER 2

All monthly Compliance Green-Amber-Red ("CGAR") reports created by ADCRR evaluating CENTURION's compliance with the Performance Measures in the parties' Stipulation and in the health care privatization contract, from April 2021 to the present.

### REQUEST NUMBER 3

All DOCUMENTS, including but not limited to meeting agenda, minutes, notes, and attachments, from Continuous Quality Improvement ("CQI") meetings held at each of the ten Arizona State Prison Complexes for the month of May 2021 to the present.

---

[1] *See* July 21, 2021 Monthly Document Request letter from Alison Hardy to Rachel Love listing all class members for whom Plaintiffs have not yet received mortality reviews and/or psychological autopsies.

153425929.1

**REQUEST NUMBER 4**

All monthly HEALTH CARE staffing contract variance reports provided by CENTURION for all HEALTH CARE STAFF positions at all ASPCs and the Arizona regional offices, including the contracted hours, worked hours, and hours variance; and hired, worked, and contract Full-Time Equivalent ("FTE") positions, and the FTE variance, for the month of May 2021 to the present.

**REQUEST NUMBER 5**

All monthly reports showing all requests for SPECIALTY CARE made at all ASPCs that month, and listing the name and ADC number of the class member, the type of specialty requested, the request status (routine, urgent, or emergent), the date of the request, and the status of the request, for the months of May 2021 to the present.

**REQUEST NUMBER 6**

All INCIDENT REPORTS related to emergency medical responses that were reviewed by ADCRR monitors to evaluate CENTURION's compliance with Performance Measure 25, for the months of March 2021 to the present.

**REQUEST NUMBER 7**

For each ASPC, the heat intolerance reaction log and DOCUMENTS SUFFICIENT TO SHOW all class members who potentially suffered a heat intolerance reaction due to their psychotropic medications and/or who were moved to a new housing location due to a heat intolerance reaction from March 1, 2021 to the present, in compliance with Paragraph 15 of the Settlement Agreement.

**REQUEST NUMBER 8**

Temperature logs from June 1, 2021 to the present for all prison complexes. (The last temperature logs were provided for May 2021, see ADCRRM0025226-26141).

**REQUEST NUMBER 9**

Monthly maximum custody notebooks from March 2021 to the present.

153425929.1

**REQUEST NUMBER 10**

All videos and documentation relating to the use of force on persons classified as SMI from ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, and ASPC-Florence Kasson, from March 1, 2021, to the present.

**REQUEST NUMBER 11**

Out-of-cell maximum custody tracking forms for the past year, and complete disciplinary and classification files for the following subclass members:[2]

1. Storm Collins, 334615 (currently at Lewis-Rast)
2. Jesus Jimenez, 66145 (currently at Lewis-Rast)
3. Brandon Moschel, 249078 (currently at Lewis-Rast)
4. Douglas Ross, 264301 (currently at Lewis-Rast)
5. Eric Jones, 142262 (currently at Lewis-Rast)
6. Steven Mora, 336469 (currently at Eyman-SMU I)
7. Brice Lupe, 318001 (currently at Eyman-SMU I)
8. Victor Semaan, 162908 (currently at Eyman-SMU I)
9. Mykel Cooper, 314524 (currently at Eyman-Browning)
10. Eric Caicedo-Caneloz, 228215 (currently at Eyman-Browning)
11. Eric Jones, 299556 (currently at Eyman-Browning)
12. Damien Young, 312740 (currently at Florence-Kasson)
13. Tyson Anderson, 221513 (currently at Florence-Kasson)
14. Mulugeta Micael, 192669 (currently at Florence-Kasson)

**REQUEST NUMBER 12**

All weekly HEALTH CARE staffing schedules for all ASPCs and health care clinics, showing for each HEALTH CARE STAFF position the hours scheduled versus actually worked, from the first week of January 2021 to the present.

---

[2] *See* 7/21/21 Monthly Document Request letter.

-8-

**REQUEST NUMBER 13**

For each ASPC, DOCUMENTS SUFFICIENT TO SHOW all class members for whom a SMI determination was held from January 1, 2020, to the present, including patient name, ADC number, and date of determination.

**REQUEST NUMBER 14**

For each ASPC, DOCUMENTS SUFFICIENT TO SHOW all class members for whom a PMRB hearing was held from January 1, 2020, to the present, including patient name, ADC number, date of hearing, and the outcome of the hearing.

**REQUEST NUMBER 15**

DOCUMENTS SUFFICIENT TO SHOW for each ASPC, class members on the routine and urgent dental care wait lists, as of the date of the report.

**REQUEST NUMBER 16**

All Daily Information Reports written by custody staff assigned to work at all medical clinics at all ASPCs from January 1, 2021, to the present.

**REQUEST NUMBER 17**

DOCUMENTS SUFFICIENT TO SHOW all class members who, at the time of the report, are identified as CHRONIC CARE patients at each ASPC, listing the patient's name, ADC number, ASPC and LOCATION UNIT, and their diagnosed CHRONIC CARE condition(s).

**REQUEST NUMBER 18**

For each ASPC, the monthly report showing all off-site emergency department visits or hospitalization stays, from January 1, 2020 to the present.

**REQUEST NUMBER 19**

DOCUMENTS SUFFICIENT TO SHOW, for all class members who are not fluent in English, each class member's name and ADC number, primary language, ASPC and LOCATION UNIT, and whether and how language interpretation was provided for all HEALTH CARE encounters from April 1, 2021, through the date of the report.

153425929.1

**REQUEST NUMBER 20**

MENTAL HEALTH WATCH logs for each ASPC's watch unit(s) and any other housing location used to observe patients on MENTAL HEALTH WATCH, from January 1, 2020, to the present.

**REQUEST NUMBER 21**

For each ASPC, DOCUMENTS SUFFICIENT TO SHOW, for the period from January 1, 2020, to the present, the number of people placed on MENTAL HEALTH WATCH, the total number of days for each person was placed on MENTAL HEALTH WATCH, and the mean, median and maximum duration length of stay on MENTAL HEALTH WATCHES.

**REQUEST NUMBER 22**

Monthly CGAR reports (*see* Request Number 2) in Microsoft Excel format, from January 2020, to the present.

**REQUEST NUMBER 23**

Monthly HEALTH CARE staffing variance reports (*see* Request Number 4) in Microsoft Excel format, from January 1, 2020, to the present.

**REQUEST NUMBER 24**

DOCUMENTS SUFFICIENT TO SHOW population and census projections for all ten ASPCs, that have been made from January 1, 2020, to the present.

**REQUEST NUMBER 25**

DOCUMENTS SUFFICIENT TO SHOW annual work hours and days off that are available to HEALTH CARE employees based upon their classification level, and their years of employment with CENTURION.

**REQUEST NUMBER 26**

DOCUMENTS SUFFICIENT TO SHOW for each ASPC and HOUSING UNIT, the number of Health Needs Requests (HNRs) submitted by class members, broken down by whether the request sought medical care, dental care, mental health care, pharmacy services, or any other categories.

153425929.1

**REQUEST NUMBER 27**

DOCUMENTS SUFFICIENT TO SHOW for every ASPC and each clinic within an ASPC, the monthly number on-site HEALTH CARE encounters from January 1, 2020, to the present:

1. Medical physician encounters (i.e. non-psychiatric Medical Doctor or Doctor of Osteopathy);

2. Advanced practice provider encounters (i.e. non-psychiatric Nurse Practitioner or Physician Assistant)

3. Registered Nurse encounters (excluding visits during which only medications are administered)

4. Licensed Practical Nurse encounters (excluding visits during which only medications are administered)

5. Certified Nursing Assistant encounters (excluding visits during which only medications are administered)

6. Psychiatrist encounters (Medical Doctor or Doctor of Osteopathy)

7. Mental health advanced practice provider encounters (i.e., psychiatric Nurse Practitioner or Physician Assistant)

8. Psychologist encounters

9. Psychology associate encounters

10. Dentist encounters

11. Dental hygienist visits

12. Prescriptions

13. Lab specimens processed

14. Diagnostic images processed

15. On-site specialty encounters, and type of on-site specialty

16. Medication administration encounters (not otherwise included in other visit types above; one visit per interval regardless of medication doses administered)

-11-

153425929.1

17.     Medication doses administered (i.e., one administration per medication per dosing interval)

**REQUEST NUMBER 28**

DOCUMENTS SUFFICIENT TO SHOW for each ASPC, from January 1, 2020, to the present, on a monthly basis, all intakes to the ASPC from a non-ADCRR location, and all releases from custody (excluding temporary departures for court appearances or off-site HEALTH CARE).

**REQUEST NUMBER 29**

DOCUMENTS SUFFICIENT TO SHOW for each ASPC, from January 1, 2020, to the present, on a monthly basis, all transfers into the ASPC from another ASPC (or private prison contracted with Defendants), and all transfers out of the ASPC to another ASPC (or private prison contracted with Defendants).

**REQUEST NUMBER 30**

All Corrective Action Plans ("CAPs") created by CENTURION to respond to noncompliant findings on monthly CGAR reports, from January 2020, to the present.

**REQUEST NUMBER 31**

All internal quality assurance audits, studies, reports, or analyses related to the provision of HEALTH CARE created by CENTURION or ADCRR from January 1, 2020, to the present.

**REQUEST NUMBER 32**

DOCUMENTS SUFFICIENT TO SHOW the current version of CENTURION's formulary of prescription medications.

**REQUEST NUMBER 33**

DOCUMENTS SUFFICIENT TO SHOW all CENTURION and ADCRR policies and procedures that are or have been used related to the delivery of HEALTH CARE to class members from January 1, 2020 to the present, including but not limited to ensuring that class members of every security level, including persons housed in maximum

153425929.1

custody, DETENTION UNITS, and MENTAL HEALTH WATCH have access to HEALTH CARE.

**REQUEST NUMBER 34**

DOCUMENTS SUFFICIENT TO SHOW the chain of command for the Utilization Management process used by CENTURION to evaluate providers' requests for SPECIALTY CARE, and DOCUMENTS SUFFICIENT TO SHOW ADCRR's role in the review and approval of SPECIALTY CARE referrals or requests.

**REQUEST NUMBER 35**

DOCUMENTS SUFFICIENT TO SHOW why CENTURION Utilization Management recommended an alternative treatment plan for all SPECIALTY CARE referrals or requests made on or after January 1, 2021, that were assigned an alternative treatment plan.

**REQUEST NUMBER 36**

DOCUMENTS SUFFICIENT TO SHOW all specialists currently contracted with CENTURION and/or ADCRR to provide SPECIALTY CARE to class members, the medical specialty provided, and which ASPCs are served by that the specialist; and each contract or agreement that has been executed between ADCRR or CENTURION and any agency, entity, or contracting individual to provide SPECIALTY CARE to class members.

**REQUEST NUMBER 37**

DOCUMENTS SUFFICIENT TO SHOW how many total off-site SPECIALTY CARE encounters were completed on a monthly basis for each ASPC, from January 1, 2020, to the present.

**REQUEST NUMBER 38**

All grievances submitted by class members at all ASPCs from January 1, 2021, to the present regarding HEALTH CARE, and all responses to the grievances.

**REQUEST NUMBER 39**

For each ASPC, the monthly telepsychiatry log, and DOCUMENTS SUFFICIENT TO SHOW all class members for whom a telepsychiatry contact occurred from January 1,

2020, to the present, including patient name, ADC number, LOCATION UNIT, and date of the telepsychiatry contact.

**REQUEST NUMBER 40**

For each ASPC, the monthly self-harm log, and DOCUMENTS SUFFICIENT TO SHOW all class members who engaged in self-harm during the month and whether it was classified a suicide attempt or self-injurious behavior, from January 1, 2020, to the present, including patient name, ADC number, LOCATION UNIT, and date of the act(s) of self-harm.

**REQUEST NUMBER 41**

All CENTURION or ADCRR policies, procedures, and other DOCUMENTS pertaining to the mission, operation, and staffing of any and all specialized mental health housing units in each of the ten ASPCs.

**REQUEST NUMBER 42**

All DOCUMENTS related to policies or directives regarding the duration of mental health encounters, and all DOCUMENTS SUFFICENT TO SHOW the actual duration of mental health encounters, from October 1, 2019, to the present.

**REQUEST NUMBER 43**

DOCUMENTS SUFFICIENT TO SHOW all HEALTH CARE STAFF and CORRECTIONAL STAFF who are proficient in a non-English language, their classification, their regularly assigned location and hours, what language(s) they are proficient in, and when and how their proficiency in each language was last evaluated.

**REQUEST NUMBER 44**

All DOCUMENTS from January 1, 2020, to the present, regarding the provision of language interpretation for HEALTH CARE encounters, including the identification and documentation of class member English fluency and language needs, how class members are informed of their entitlement to interpreter services, staff training, evaluation and documentation of staff language proficiency, use of audio and video language lines, location of equipment necessary to access audio and video language lines, any HEALTH

-14-

CARE encounters where interpretation services are not available (such as mental health groups, MENTAL HEALTH WATCH, and cell-side encounters), and any HEALTH CARE encounters that were cancelled or rescheduled due to the unavailability of language interpretation services.

**REQUEST NUMBER 45**

All Incident Reports from ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, and ASPC-Florence Kasson, regarding the cancellation of out-of-cell time from January 1, 2020, to the present.

**REQUEST NUMBER 46**

All Incident Reports from ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, and ASPC-Florence Kasson reflecting the use of force from January 1, 2021, to the present.

**REQUEST NUMBER 47**

All videos and documentation relating to the use of force on persons on MENTAL HEALTH WATCH from January 1, 2021, to the present.

**REQUEST NUMBER 48**

Hiring reports for CORRECTIONAL STAFF at ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, and ASPC-Florence Kasson, from August 1, 2020, to the present.

**REQUEST NUMBER 49**

DOCUMENTS SUFFICIENT TO SHOW determine the salary and benefits packages for all classifications of CORRECTIONAL STAFF.

**REQUEST NUMBER 50**

The current Department Order "DO 804 – Inmate Behavior Control," including all restricted sections and attachments.

**REQUEST NUMBER 51**

Daily Post sheets for ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, and ASPC-Florence Kasson, for the following weeks: Jan. 25-31, 2020;

153425929.1

Apr. 18-24, 2020; July 18-24, 2020; Oct. 3-9, 2020; Jan. 9-15, 2021; and the weeks monitored in April, June and July 2021.

**REQUEST NUMBER 52**

Current Post Priority Charts for ASPC-Eyman, ASPC-Lewis, and ASPC-Florence.

**REQUEST NUMBER 53**

All Duty Post Logs for ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, ASPC-Florence Kasson and all Detention Units for the second full week of the following months:  July 2019, October 2019, February 2020, July 2020, October 2020, February 2021 and July 2021.

**REQUEST NUMBER 54**

All policies, procedures, and other DOCUMENTS governing conditions of confinement in ADCRR DETENTION UNITS, including but not limited to out-of-cell time, allowable property, and any limit on the amount of time a person may be continuously housed in a DETENTION UNIT

**REQUEST NUMBER 55**

All policies, procedures, and other DOCUMENTS governing MENTAL HEALTH WATCH, including but not limited to out-of-cell time, allowable property, and any limit on the amount of time a person may be continuously housed on MENTAL HEALTH WATCH.

**REQUEST NUMBER 56**

DOCUMENTS SUFFICIENT TO SHOW the mean, median, and maximum duration of confinement in ADCRR DETENTION UNITS and MENTAL HEALTH WATCH.

**REQUEST NUMBER 57**

All videos and DOCUMENTS relating to the uses of force on Rahim Muhammad, 215306, from August 1, 2020, to the present.

153425929.1

Dated: August 10, 2021

**ACLU NATIONAL PRISON PROJECT**

By: s/ Corene T. Kendrick
David C. Fathi (Wash. 24893)**
Maria V. Morris (D.C. 1697904)*
Eunice Hyunhye Cho (Wash. 53711)**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:    dfathi@aclu.org
          mmorris@aclu.org
          echo@aclu.org

Corene Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON
PROJECT**
39 Drumm Street
San Francisco, California 94111
Telephone: (202) 393-4930
Email:    ckendrick@aclu.org

*Admitted *pro hac vice*
**Admitted *pro hac vice*. Not admitted in
DC; practice limited to federal courts.

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          rlomio@prisonlaw.com

*Admitted *pro hac vice*

Victoria López (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:    vlopez@acluaz.org
          jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct.
R. 38(d)

-17-

Daniel C. Barr (Bar No. 010149)
John H. Gray (Bar No. 028107)
Austin C. Yost (Bar No. 034602)
Karl J. Worsham (Bar No. 035713)
Kathryn E. Boughton (Bar No. 036105)
Mikaela N. Colby (Bar No. 035667)
Kelly Soldati (Bar No. 036727)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:      dbarr@perkinscoie.com
            jhgray@perkinscoie.com
            ayost@perkinscoie.com
            kworsham@perkinscoie.com
            kboughton@perkinscoie.com
            mcolby@perkinscoie.com
            ksoldati@perkinscoie.com

*Attorneys for Plaintiffs Shawn Jensen;*
*Stephen Swartz; Sonia Rodriguez; Christina*
*Verduzco; Jackie Thomas; Jeremy Smith;*
*Robert Gamez; Maryanne Chisholm; Desiree*
*Licci; Joseph Hefner; Joshua Polson; and*
*Charlotte Wells, on behalf of themselves and*
*all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**


By:   s/ Maya Abela
      Asim Dietrich (Bar No. 027927)
      5025 East Washington Street, Suite 202
      Phoenix, Arizona 85034
      Telephone:  (602) 274-6287
      Email:    adietrich@azdisabilitylaw.org

      Rose A. Daly-Rooney (Bar No. 015690)
      J.J. Rico (Bar No. 021292)
      Maya Abela (Bar No. 027232)
      **ARIZONA CENTER FOR DISABILITY LAW**
      177 North Church Avenue, Suite 800
      Tucson, Arizona 85701
      Telephone:  (520) 327-9547
      Email:
         rdalyrooney@azdisabilitylaw.org
             jrico@azdisabilitylaw.org
             mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability*
*Law*

153425929.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2021, I transmitted the above document via email to the following:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com

*Attorneys for Defendants*

s/ D. Freouf

-19-

153425929.1

Victoria López (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email: vlopez@acluaz.org
        jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the parties' agreements regarding the production of documents, and the Court's Order (Doc. 3940 at 2), Plaintiffs, by and through their undersigned counsel, request that Defendants respond with any written objections within seven days, and produce within 21 days the following documents for inspection and copying at Perkins Coie LLP, 2901 North Central Avenue, Suite 2000, Phoenix, Arizona 85012.

## DEFINITIONS

1.     "ADCRR" means the Arizona Department of Corrections, Rehabilitation, and Reentry, including all subdivisions, agents, employees, contractors, and attorneys.

2.     "ASPC" means Arizona State Prison Complex and refers to the ten ADCRR-operated state prison facilities: Douglas, Eyman, Florence, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, and Yuma.

3.     "CENTURION" means Centurion of Arizona, LLC, the entity currently contracted with ADCRR to provide HEALTH CARE to class members incarcerated at the ASPCs.

4.     "COMMUNICATIONS" means any transmittal of information from one person or entity to another by any means, including letters, correspondence, notes, records, reports, papers, facsimiles, electronic mail (whether to, from, copied or blind copied), text messages, instant messaging, electronic mail generated from business or personal email accounts, internet relay chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings including Zoom, Teams, Skype, Web-X and any other virtual meeting software and share point servers, and oral contact such as face-to-face meetings, telephone conversations and voice mail messages.

5.     "CORRECTIONAL STAFF" means staff employed or paid by the ADCRR to serve in a security or operational capacity.

6.     "DETENTION UNITS" refers to any unit within an ASPC that is used for detaining persons for investigatory, classification, or disciplinary purposes, and as the term "DETENTION UNIT" is used by ADCRR in Department Orders 803, 804, and/or 807, *inter alia*.

7.     "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and description and every tangible thing that is or has been in the possession, custody, or control of Defendants and ADCRR, to which they have access, or of which they have knowledge, including, but not limited to, newspaper articles, magazine articles, news articles, correspondence, letters, contracts, electronic mail, memoranda, stenographic notes, handwritten notes, drafts, studies, publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices, pictures, photographs, films, audiotapes, videotapes, computer records, voice recordings, maps, reports, surveys, minutes, data compilations, and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device).

8.     "YOU" or "YOUR" means Defendants David Shinn and Larry Gann.

**INSTRUCTIONS**

1.     YOU are required to furnish all DOCUMENTS in YOUR possession, custody or control, including those DOCUMENTS that are in the possession, custody or control in the normal course of YOUR employment obligations and those in the possession, custody or control of your (1) employer; (2) consultants; (3) attorneys; (4) representatives; (5) agents; or (6) any other person acting or purporting to act on YOUR behalf or at YOUR direction, whether doing so directly or at the direction of YOUR subordinates.

153528048.1

2.     DOCUMENTS that are produced shall be identified according to which request they are responsive to, and in the order and manner in which they are usually kept or organized.

3.     All non-identical copies of every DOCUMENT whose production is sought shall be separately produced.

4.     Responsive DOCUMENTS that exist in electronic form, even if such DOCUMENTS also exist in paper form, shall be produced in electronic form as a unique PDF file with each page of a produced DOCUMENT with a legible, unique production number electronically affixed to the PDF in such a manner that information is not obliterated, concealed, or interfered with, preferably in the lower right corner of the DOCUMENT. The production number shall contain at least six digits. There shall be no other legend or stamp placed on the DOCUMENT image, unless a DOCUMENT qualifies for confidential treatment pursuant to the terms of the protective order in this matter, or if the DOCUMENT requires redaction. In the case of confidential materials as defined by the protective order in this matter, any applicable designation may be "burned" onto the DOCUMENT's image at a location that does not obliterate or obscure any information from the source DOCUMENT, preferably in the lower left corner.

5.     Unless redaction is required, spreadsheet DOCUMENTS (such as Microsoft Excel DOCUMENTS) shall be produced in native format, together with a single page PDF placeholder bearing the legend "Native File Produced."

6.     The following rules of construction shall be applied herein: (1) the words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive; (2) the singular includes the plural and vice-versa; and (3) the words "any," "all," "each" and "every" all include any, all, each and every.

7.     If YOU do not produce any DOCUMENT based on attorney-client privilege, work product protection or any other statutory or constitutional privilege or

-3-

protection, YOU shall provide a privilege log setting forth the specific basis for the claim of privilege or protection and for each DOCUMENT provide:

      a.    the subject matter of the DOCUMENT;

      b.    the title, heading or caption of the DOCUMENT, if any;

      c.    the date appearing on the DOCUMENT or, if no date appears thereon, the date or approximate date on which the DOCUMENT was prepared;

      d.    the general nature description of the DOCUMENT (e.g., whether it is a letter, memorandum, minutes of meeting, etc.) and the number of pages of which it consists;

      e.    the identity of the person who signed the DOCUMENT or, if it was not signed, the person who prepared it;

      f.    the identity of each person to whom the DOCUMENT was addressed and the identity of each person to whom a copy thereof was sent; and

      g.    the identity of each person who has custody of a copy of each such DOCUMENT.

8.    If YOU claim privilege or protection to part of a DOCUMENT, YOU shall redact that portion which is privileged or protected and produce the remainder.  When such redactions for privilege or protection are made, YOU shall place a legend similar to "REDACTION – PRIVILEGE" on the copy of the DOCUMENT produced.  All redactions shall also be included on the privilege log described in the preceding numbered paragraph.

9.    If any DOCUMENT responsive to these requests has been destroyed, discarded, or lost, or is otherwise not capable of being produced, identify each such DOCUMENT and set forth the following information:

      a.    The date of the DOCUMENT;

      b.    A description of the subject matter of the DOCUMENT;

      c.    The name and address of each person who prepared, received, viewed, or had possession, custody, or control of the DOCUMENT;

-4-

d.      The date the DOCUMENT was destroyed, discarded, or lost;

e.      The identify of the person(s) who directed that the DOCUMENT be destroyed or discarded, or who lost the DOCUMENT;

f.      A statement of the reasons for and the circumstances under which the DOCUMENT was destroyed, discarded or lost.

10.     If these requests cannot be responded to in full, YOU shall respond to the extent possible, specify the reason for YOUR inability to respond to the remainder, and state whatever information or knowledge YOU have regarding the portion to which YOU have not responded.

11.     If no DOCUMENTS or things exist that are responsive to a particular request, so state in writing.

12.     These requests shall be deemed continuing nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, the Court's rules, and the parties' proposed pre-trial schedule. Supplemental responses are required if additional responsive information is acquired or discovered between the time of responding to this request and the time of trial.

### DOCUMENTS REQUESTED

**REQUEST NUMBER 58**

All COMMUNICATIONS from January 17, 2019 to the present, between (1) ADCRR Director Charles Ryan, ADCRR Director David Shinn, ADCRR Assistant Director Richard Pratt, or ADCRR Assistant Director Larry Gann; and (2) any employee or agent of CENTURION regarding compliance with the Stipulation or with any Order of the Court regarding compliance with any provision of the Stipulation.

**REQUEST NUMBER 59**

All COMMUNICATIONS from January 1, 2020 to the present, sent to or from ADCRR Director David Shinn, Deputy Director Joseph Profiri, Deputy Director Frank Strada, Assistant Director Lance Hetmer, any ADCRR Regional Operations Director, or any ASPC Warden; regarding (1) vacant CORRECTIONAL OFFICER positions assigned

1   to work at DETENTION UNITS at any ASPC or at any maximum custody unit at ASPC-

2   Eyman, ASPC-Florence, or ASPC-Lewis, or (2) cancellation of out-of-cell time for people

3   in DETENTION UNITS or any maximum custody unit due to inadequate numbers of

4   staff.

5          **REQUEST NUMBER 60**

6          All COMMUNICATIONS from January 1, 2020 to the present, between ADCRR

7   Director David Shinn and any member of the Arizona Legislature or legislative staff

8   regarding CORRECTIONAL OFFICER vacancies, recruitment, and salaries.

9          **REQUEST NUMBER 61**

10         All COMMUNICATIONS from January 1, 2020 to the present, between ADCRR

11  Director David Shinn, and Governor Douglas Ducey or Governor's staff regarding

12  CORRECTIONAL OFFICER vacancies, recruitment, and salaries.

13  Dated: August 17, 2021                **ACLU NATIONAL PRISON PROJECT**

14

15                                        By:  s/ Corene T. Kendrick
                                               David C. Fathi (Wash. 24893)**
16                                             Maria V. Morris (D.C. 1697904)*
                                               Eunice Hyunhye Cho (Wash. 53711)**
17                                             915 15th Street N.W., 7th Floor
                                               Washington, D.C. 20005
18                                             Telephone:  (202) 548-6603
                                               Email:    dfathi@aclu.org
19                                                       mmorris@aclu.org
                                                         echo@aclu.org
20
                                               Corene Kendrick (Cal. 226642)*
21                                             **ACLU NATIONAL PRISON
                                               PROJECT**
22                                             39 Drumm Street
                                               San Francisco, California 94111
23                                             Telephone:  (202) 393-4930
                                               Email:    ckendrick@aclu.org
24
                                               *Admitted *pro hac vice*
25                                             **Admitted *pro hac vice*. Not admitted in
                                               DC; practice limited to federal courts.
26

27

28

                                        -6-

153528048.1

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          rlomio@prisonlaw.com

*Admitted *pro hac vice*

Victoria López (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:    vlopez@acluaz.org
          jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct.
R. 38(d)

Daniel C. Barr (Bar No. 010149)
John H. Gray (Bar No. 028107)
Austin C. Yost (Bar No. 034602)
Karl J. Worsham (Bar No. 035713)
Kathryn E. Boughton (Bar No. 036105)
Mikaela N. Colby (Bar No. 035667)
Kelly Soldati (Bar No. 036727)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:    dbarr@perkinscoie.com
          jhgray@perkinscoie.com
          ayost@perkinscoie.com
          kworsham@perkinscoie.com
          kboughton@perkinscoie.com
          mcolby@perkinscoie.com
          ksoldati@perkinscoie.com

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm; Desiree
Licci; Joseph Hefner; Joshua Polson; and
Charlotte Wells, on behalf of themselves and
all others similarly situated*

-7-

**ARIZONA CENTER FOR DISABILITY LAW**

By: _s/ Maya Abela_
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:    adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone: (520) 327-9547
Email:
  rdalyrooney@azdisabilitylaw.org
    jrico@azdisabilitylaw.org
    mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

153528048.1

1
## **CERTIFICATE OF SERVICE**

2         I hereby certify that on August 17, 2021, I transmitted the above document via

3 email to the following:

4

5                          Michael E. Gottfried
                              Lucy M. Rand
6                    Assistant Arizona Attorneys General
                        Michael.Gottfried@azag.gov
                            Lucy.Rand@azag.gov
7
                            Daniel P. Struck
8                             Rachel Love
                          Timothy J. Bojanowski
9                          Nicholas D. Acedo
                           Ashlee B. Hesman
10                            Jacob B. Lee
                           Timothy M. Ray
11          STRUCK LOVE BOJANOWSKI & ACEDO, PLC
                         dstruck@strucklove.com
12                        rlove@strucklove.com
                       tbojanowski@strucklove.com
13                        nacedo@strucklove.com
                         ahesman@strucklove.com
14                         jlee@strucklove.com
                          tray@strucklove.com
15
16                       *Attorneys for Defendants*

17                                          s/ D. Freouf

18

19

20

21

22

23

24

25

26

27

28

Victoria López (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email: vlopez@acluaz.org
         jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-ROS **PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |
| Plaintiffs, | |
| v. | |
| David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, | |
| Defendants. | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and pursuant to the agreements made by the parties regarding the production of documents in preparation for the parties' trial, Plaintiffs, by and through their undersigned counsel, request that Defendants respond with any written objections within seven (7) calendar days, and produce the following documents for inspection and copying at Perkins Coie LLP, 2901 North Central Avenue, Suite 2000, Phoenix, Arizona 85012.

## DEFINITIONS

1.     "ADCRR" means the Arizona Department of Corrections, Rehabilitation, and Reentry, including all subdivisions, agents, employees, contractors, and attorneys.

2.     "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and description and every tangible thing that is or has been in the possession, custody, or control of Defendants and ADCRR, to which they have access, or of which they have knowledge, including, but not limited to, newspaper articles, magazine articles, news articles, correspondence, letters, contracts, electronic mail, memoranda, stenographic notes, handwritten notes, drafts, studies, publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices, pictures, photographs, films, audiotapes, videotapes, computer records, voice recordings, maps, reports, surveys, minutes, data compilations, and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device).

3.     "INSTITUTIONAL FILE" means the file created and maintained by ADCRR as set forth in ADCRR Departmental Order 901 § 8.2.

4.     "ISOLATION" means any unit within an ASPC that is used for confining persons for 22 hours or more per day, including but not limited to maximum custody units, detention units, and mental health watch.

153425929.1

5.     "MASTER RECORD FILE" means the file created and maintained by ADCRR as set forth in ADCRR Departmental Order 901 § 8.3.

6.     "SUFFICIENT TO SHOW" means demonstrating or evidencing complete information on the requested topic, without the need to produce every DOCUMENT regarding the topic.

7.     "YOU" or "YOUR" means Defendants David Shinn and Larry Gann.

**INSTRUCTIONS**

1.     YOU are required to furnish all DOCUMENTS in YOUR possession, custody or control, including those DOCUMENTS that are in the possession, custody or control in the normal course of YOUR employment obligations and those in the possession, custody or control of your (1) employer; (2) consultants; (3) attorneys; (4) representatives; (5) agents; or (6) any other person acting or purporting to act on YOUR behalf or at YOUR direction, whether doing so directly or at the direction of YOUR subordinates.

2.     DOCUMENTS that are produced shall be identified according to which request they are responsive to, and in the order and manner in which they are usually kept or organized.

3.     All non-identical copies of every DOCUMENT whose production is sought shall be separately produced.

4.     Responsive DOCUMENTS that exist in electronic form, even if such DOCUMENTS also exist in paper form, shall be produced in electronic form as a unique PDF file with each page of a produced DOCUMENT with a legible, unique production number electronically affixed to the PDF in such a manner that information is not obliterated, concealed, or interfered with, preferably in the lower right corner of the DOCUMENT. The production number shall contain at least six digits. There shall be no other legend or stamp placed on the DOCUMENT image, unless a DOCUMENT qualifies for confidential treatment pursuant to the terms of the protective order in this matter, or if the DOCUMENT requires redaction. In the case of confidential materials as defined by the protective order in this matter, any applicable designation may be "burned" onto the

-2-

153425929.1

DOCUMENT's image at a location that does not obliterate or obscure any information from the source DOCUMENT, preferably in the lower left corner.

5.      Unless redaction is required, spreadsheet DOCUMENTS (such as Microsoft Excel DOCUMENTS) shall be produced in native format, together with a single page PDF placeholder bearing the legend "Native File Produced."

6.      The following rules of construction shall be applied herein: (1) the words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive; (2) the singular includes the plural and vice-versa; and (3) the words "any," "all," "each" and "every" all include any, all, each and every.

7.      If YOU do not produce any DOCUMENT based on attorney-client privilege, work product protection or any other statutory or constitutional privilege or protection, YOU shall provide a privilege log setting forth the specific basis for the claim of privilege or protection and for each DOCUMENT provide:

   a.      the subject matter of the DOCUMENT;

   b.      the title, heading or caption of the DOCUMENT, if any;

   c.      the date appearing on the DOCUMENT or, if no date appears thereon, the date or approximate date on which the DOCUMENT was prepared;

   d.      the general nature description of the DOCUMENT (e.g., whether it is a letter, memorandum, minutes of meeting, etc.) and the number of pages of which it consists;

   e.      the identity of the person who signed the DOCUMENT or, if it was not signed, the person who prepared it;

   f.      the identity of each person to whom the DOCUMENT was addressed and the identity of each person to whom a copy thereof was sent; and

   g.      the identity of each person who has custody of a copy of each such DOCUMENT.

8.      If YOU claim privilege or protection to part of a DOCUMENT, YOU shall redact that portion which is privileged or protected and produce the remainder.  When such

-3-

153425929.1

redactions for privilege or protection are made, YOU shall place a legend similar to "REDACTION – PRIVILEGE" on the copy of the DOCUMENT produced.  All redactions shall also be included on the privilege log described in the preceding numbered paragraph.

9.     If any DOCUMENT responsive to these requests has been destroyed, discarded, or lost, or is otherwise not capable of being produced, identify each such DOCUMENT and set forth the following information:

a.     The date of the DOCUMENT;

b.     A description of the subject matter of the DOCUMENT;

c.     The name and address of each person who prepared, received, viewed, or had possession, custody, or control of the DOCUMENT;

d.     The date the DOCUMENT was destroyed, discarded, or lost;

e.     The identify of the person(s) who directed that the DOCUMENT be destroyed or discarded, or who lost the DOCUMENT;

f.     A statement of the reasons for and the circumstances under which the DOCUMENT was destroyed, discarded or lost.

10.     If these requests cannot be responded to in full, YOU shall respond to the extent possible, specify the reason for YOUR inability to respond to the remainder, and state whatever information or knowledge YOU have regarding the portion to which YOU have not responded.

11.     If no DOCUMENTS or things exist that are responsive to a particular request, so state in writing.

12.     These requests shall be deemed continuing nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, the Court's rules, and the parties' proposed pre-trial schedule. Supplemental responses are required if additional responsive information is acquired or discovered between the time of responding to this request and the time of trial.

153425929.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DOCUMENTS REQUESTED**

**REQUEST NUMBER 62**

For each of the persons listed below, the complete INSTITUTIONAL FILE, MASTER RECORD FILE and DOCUMENTS SUFFICIENT TO SHOW the dates each person was housed in ISOLATION:

- Frank Galo, 150621, Eyman, Rynning East
- Leonard Bean, 159352, Florence, Central
- Tristan Rossum, 121496, Florence, Central
- Michael Hernandez, 211872, Lewis, Barchey
- Billy Johnson, 225801, Lewis, Barchey
- Mark Martinez, 200893, Lewis, Barchey
- Samuel Wright, 207261, Lewis, Morey
- Georgia Baker, 187801, Perryville, Lumley
- Patricia Chavez, 228178, Perryville, Lumley
- Sonia Rodriguez, 103830, Perryville, San Pedro
- Christina Verduzco, 205576, Perryville, Lumley MHU
- Dustin Varela, 274845, Phoenix, Alhambra
- Shaun Harris, 198341, Phoenix, Baker Ward
- Ray Arce, 151480, Phoenix, Flamenco IDA Ward
- Jesse Wozniak, 129673, Phoenix, Flamenco MH
- Robert Dumond, 180847, Tucson, Santa Rita
- Jason Jones, 242070, Tucson, Cimarron
- Christopher Pavloff, 264480, Tucson, Complex Detention Unit
- Anthony Sepulveda, 222800, Tucson, Rincon MHU
- Roman Martinez, 076688, Yuma, Dakota
- Tony Pruitt, 175985, Yuma, Dakota

DOCUMENTS contained in both the INSTITUTIONAL FILE and the MASTER RECORD FILE need not be produced twice.

-5-

**REQUEST NUMBER 63**

For each ASPC, provide DOCUMENTS SUFFICIENT TO SHOW the current number of persons categorized under each Mental Health Score (MH-1, MH-2, MH-3A, MH-3B, MH-3C, MH-3D, MH-3E, MH-4, and MH-5) as that classification is used by ADCRR and CENTURION to designate class members pursuant to the Mental Health Technical Manual and other mental health policies and procedures.

**REQUEST NUMBER 64**

For each ASPC, provide a list identifying all currently incarcerated persons who have tested positive for both Hepatitis C Virus antibodies and Hepatitis C RNA in the last three years or DOCUMENTS SUFFICIENT TO SHOW the identity of all such persons.

**REQUEST NUMBER 65**

For each ASPC, provide a list identifying all currently incarcerated persons who have tested positive for Hepatitis C Virus who have been prescribed Direct Acting Anti-Viral Medications in the last three years, with the date on which each person's prescription was entered or DOCUMENTS SUFFICIENT TO SHOW the identity of all such persons and dates of such prescriptions.

153425929.1

1   Dated: September 14, 2021           **ACLU NATIONAL PRISON PROJECT**

2

3                                       By:  s/ Maria V. Morris
                                        David C. Fathi (Wash. 24893)**
                                        Maria V. Morris (D.C. 1697904)*
4                                       Eunice Hyunhye Cho (Wash. 53711)**
                                        915 15th Street N.W., 7th Floor
5                                       Washington, D.C. 20005
                                        Telephone:  (202) 548-6603
6                                       Email:    dfathi@aclu.org
                                                  mmorris@aclu.org
7                                                 echo@aclu.org

8                                       Corene Kendrick (Cal. 226642)*
                                        **ACLU NATIONAL PRISON**
9                                       **PROJECT**
                                        39 Drumm Street
10                                      San Francisco, California 94111
                                        Telephone:  (202) 393-4930
11                                      Email:    ckendrick@aclu.org

12                                      *Admitted *pro hac vice*
                                        **Admitted *pro hac vice*. Not admitted in
13                                      DC; practice limited to federal courts.

14                                      Donald Specter (Cal. 83925)*
                                        Alison Hardy (Cal. 135966)*
15                                      Sara Norman (Cal. 189536)*
                                        Rita K. Lomio (Cal. 254501)*
16                                      **PRISON LAW OFFICE**
                                        1917 Fifth Street
17                                      Berkeley, California 94710
                                        Telephone:  (510) 280-2621
18                                      Email:    dspecter@prisonlaw.com
                                                  ahardy@prisonlaw.com
19                                                snorman@prisonlaw.com
                                                  rlomio@prisonlaw.com
20
                                        *Admitted *pro hac vice*
21
                                        Victoria López (Bar No. 330042)*
22                                      Jared G. Keenan (Bar No. 027068)
                                        **ACLU FOUNDATION OF ARIZONA**
23                                      3707 North 7th Street, Suite 235
                                        Phoenix, Arizona 85013
24                                      Telephone:  (602) 650-1854
                                        Email:    vlopez@acluaz.org
25                                                jkeenan@acluaz.org

26                                      *Admitted pursuant to Ariz. Sup. Ct.
                                        R. 38(d)
27

28

-7-

Daniel C. Barr (Bar No. 010149)
John H. Gray (Bar No. 028107)
Austin C. Yost (Bar No. 034602)
Karl J. Worsham (Bar No. 035713)
Kathryn E. Boughton (Bar No. 036105)
Mikaela N. Colby (Bar No. 035667)
Kelly Soldati (Bar No. 036727)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:      dbarr@perkinscoie.com
            jhgray@perkinscoie.com
            ayost@perkinscoie.com
            kworsham@perkinscoie.com
            kboughton@perkinscoie.com
            mcolby@perkinscoie.com
            ksoldati@perkinscoie.com

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm; Desiree
Licci; Joseph Hefner; Joshua Polson; and
Charlotte Wells, on behalf of themselves and
all others similarly situated*

**ARIZONA CENTER FOR DISABILITY
LAW**

By:  s/ Maya Abela
     Asim Dietrich (Bar No. 027927)
     5025 East Washington Street, Suite 202
     Phoenix, Arizona 85034
     Telephone:  (602) 274-6287
     Email:   adietrich@azdisabilitylaw.org

     Rose A. Daly-Rooney (Bar No. 015690)
     J.J. Rico (Bar No. 021292)
     Maya Abela (Bar No. 027232)
     **ARIZONA CENTER FOR
     DISABILITY LAW**
     177 North Church Avenue, Suite 800
     Tucson, Arizona 85701
     Telephone:  (520) 327-9547
     Email:
        rdalyrooney@azdisabilitylaw.org
        jrico@azdisabilitylaw.org
        mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability
Law*

-8-

153425929.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2021, I transmitted the above document via email to the following:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com

*Attorneys for Defendants*

s/ J. Carns

-9-

Victoria López (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: vlopez@acluaz.org
        jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-ROS<br><br>**PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

1   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and pursuant
2   to the agreements made by the parties regarding the production of documents in preparation
3   for the parties' trial, Plaintiffs, by and through their undersigned counsel, request that
4   Defendants respond with any written objections within seven (7) calendar days, and produce
5   the following documents for inspection and copying at Perkins Coie LLP, 2901 North
6   Central Avenue, Suite 2000, Phoenix, Arizona 85012.

7   **DEFINITIONS**

8   1.   "ADCRR" means the Arizona Department of Corrections, Rehabilitation, and
9   Reentry, including all subdivisions, agents, employees, contractors, and attorneys.

10   2.   "CLOSE MANAGEMENT" has the same meaning as used in ADCRR
11   Departmental Order 813.

12   3.   "CORRECTIONAL SERVICE LOG" has the same meaning as used in
13   ADCRR Departmental Order 105 § 2.1 and includes DOCUMENTS described as
14   correctional service journals in ADCRR Departmental Order 703 § 1.1.2, *inter alia*.

15   4.   "CENTURION" means Centurion of Arizona, LLC, the entity currently
16   contracted with ADCRR to provide health care to class members incarcerated in ADCRR.

17   5.   "DETENTION UNIT" refers to any unit within an ASPC that is used for
18   detaining persons for investigatory, classification, or disciplinary purposes, and as the term
19   "DETENTION UNIT" is used by ADCRR in Department Orders 803, 804, and/or 807,
20   *inter alia*.

21   6.   "DETENTION UNIT LOG" means the Detention Unit Log referenced in
22   ADCRR Departmental Order 804 § 1.4, *inter alia*.

23   7.   "DOCUMENT" and "DOCUMENTS" have the same scope used in
24   Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or
25   record of every type and description and every tangible thing that is or has been in the
26   possession, custody, or control of Defendants and ADCRR, to which they have access, or
27   of which they have knowledge, including, but not limited to, newspaper articles, magazine
28   articles, news articles, correspondence, letters, contracts, electronic mail, memoranda,

stenographic notes, handwritten notes, drafts, studies, publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices, pictures, photographs, films, audiotapes, videotapes, computer records, voice recordings, maps, reports, surveys, minutes, data compilations, and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device).

8.    "EXTERMINATION SERVICES" means all services, activities and treatments to remove, repel or exterminate insects, rodents, or other pests, regardless of who is providing such services, activities or treatments.

9.    "GENERAL ORDER/POST ORDERS" has the same meaning as used in ADCRR Departmental Order 101 § 8.0.

10.    "INDIVIDUAL INMATE DETENTION RECORD" means the Individual Inmate Detention Record referenced in ADCRR Departmental Order 804 § 1.4, *inter alia*.

11.    "INFORMATION REPORT" has the same meaning as used in ADCRR Departmental Order 105 § 2.2, *inter alia*.

12.    "ISOLATION" means any unit within an ASPC that is used for confining persons for 22 hours or more per day, including but not limited to maximum custody units, DETENTION UNITS, CLOSE MANAGEMENT and MENTAL HEALTH WATCH.

13.    "MENTAL HEALTH WATCH" means housing units or cells used to house people for observation due to threats of or acts of self-harm, and as the term "MENTAL HEALTH WATCH" is used by ADCRR in Departmental Order 807, *inter alia*.

14.    "SUFFICIENT TO SHOW" means demonstrating or evidencing complete information on the requested topic, without the need to produce every DOCUMENT regarding the topic.

15.    "USE OF FORCE/INCIDENT COMMAND REPORT" has the same meaning as used in ADCRR Departmental Order 105 § 2.2, *inter alia*.

16.     "YOU" or "YOUR" means Defendants David Shinn and Larry Gann.

**INSTRUCTIONS**

1.     YOU are required to furnish all DOCUMENTS in YOUR possession, custody or control, including those DOCUMENTS that are in the possession, custody or control in the normal course of YOUR employment obligations and those in the possession, custody or control of your (1) employer; (2) consultants; (3) attorneys; (4) representatives; (5) agents; or (6) any other person acting or purporting to act on YOUR behalf or at YOUR direction, whether doing so directly or at the direction of YOUR subordinates.

2.     DOCUMENTS that are produced shall be identified according to which request they are responsive to, and in the order and manner in which they are usually kept or organized.

3.     All non-identical copies of every DOCUMENT whose production is sought shall be separately produced.

4.     Responsive DOCUMENTS that exist in electronic form, even if such DOCUMENTS also exist in paper form, shall be produced in electronic form as a unique PDF file with each page of a produced DOCUMENT with a legible, unique production number electronically affixed to the PDF in such a manner that information is not obliterated, concealed, or interfered with, preferably in the lower right corner of the DOCUMENT. The production number shall contain at least six digits. There shall be no other legend or stamp placed on the DOCUMENT image, unless a DOCUMENT qualifies for confidential treatment pursuant to the terms of the protective order in this matter, or if the DOCUMENT requires redaction. In the case of confidential materials as defined by the protective order in this matter, any applicable designation may be "burned" onto the DOCUMENT's image at a location that does not obliterate or obscure any information from the source DOCUMENT, preferably in the lower left corner.

5.     Unless redaction is required, spreadsheet DOCUMENTS (such as Microsoft Excel DOCUMENTS) shall be produced in native format, together with a single page PDF placeholder bearing the legend "Native File Produced."

6.      The following rules of construction shall be applied herein: (1) the words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive; (2) the singular includes the plural and vice-versa; and (3) the words "any," "all," "each" and "every" all include any, all, each and every.

7.      If YOU do not produce any DOCUMENT based on attorney-client privilege, work product protection or any other statutory or constitutional privilege or protection, YOU shall provide a privilege log setting forth the specific basis for the claim of privilege or protection and for each DOCUMENT provide:

  a.      the subject matter of the DOCUMENT;

  b.      the title, heading or caption of the DOCUMENT, if any;

  c.      the date appearing on the DOCUMENT or, if no date appears thereon, the date or approximate date on which the DOCUMENT was prepared;

  d.      the general nature description of the DOCUMENT (e.g., whether it is a letter, memorandum, minutes of meeting, etc.) and the number of pages of which it consists;

  e.      the identity of the person who signed the DOCUMENT or, if it was not signed, the person who prepared it;

  f.      the identity of each person to whom the DOCUMENT was addressed and the identity of each person to whom a copy thereof was sent; and

  g.      the identity of each person who has custody of a copy of each such DOCUMENT.

8.      If YOU claim privilege or protection to part of a DOCUMENT, YOU shall redact that portion which is privileged or protected and produce the remainder.  When such redactions for privilege or protection are made, YOU shall place a legend similar to "REDACTION – PRIVILEGE" on the copy of the DOCUMENT produced.  All redactions shall also be included on the privilege log described in the preceding numbered paragraph.

9.     If any DOCUMENT responsive to these requests has been destroyed, discarded, or lost, or is otherwise not capable of being produced, identify each such DOCUMENT and set forth the following information:

        a.     The date of the DOCUMENT;

        b.     A description of the subject matter of the DOCUMENT;

        c.     The name and address of each person who prepared, received, viewed, or had possession, custody, or control of the DOCUMENT;

        d.     The date the DOCUMENT was destroyed, discarded, or lost;

        e.     The identity of the person(s) who directed that the DOCUMENT be destroyed or discarded, or who lost the DOCUMENT;

        f.     A statement of the reasons for and the circumstances under which the DOCUMENT was destroyed, discarded or lost.

10.     If these requests cannot be responded to in full, YOU shall respond to the extent possible, specify the reason for YOUR inability to respond to the remainder, and state whatever information or knowledge YOU have regarding the portion to which YOU have not responded.

11.     If no DOCUMENTS or things exist that are responsive to a particular request, so state in writing.

12.     These requests shall be deemed continuing nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, the Court's rules, and the parties' proposed pre-trial schedule. Supplemental responses are required if additional responsive information is acquired or discovered between the time of responding to this request and the time of trial.

**DOCUMENTS REQUESTED**

**REQUEST NUMBER 66**

All INDIVIDUAL INMATE DETENTION RECORDS for all persons in DETENTION UNITS for the second full week of the following months: July 2019, October

2019, February 2020, July 2020, October 2020, February 2021, July 2021, August 2021, and September 2021.

**REQUEST NUMBER 67**

DOCUMENTS SUFFICIENT TO SHOW all out-of-cell time for persons in CLOSE MANAGEMENT status or MENTAL HEALTH WATCH for the second full week of the following months: July 2019, October 2019, February 2020, July 2020, October 2020, February 2021, July 2021, August 2021, and September 2021.

**REQUEST NUMBER 68**

All CORRECTIONAL SERVICE LOGS for MENTAL HEALTH WATCH, and CLOSE MANAGEMENT for the second full week of the following months: July 2020, October 2020, February 2021, July 2021, August 2021, and September 2021.

**REQUEST NUMBER 69**

Daily Post Sheets showing the staffing of MENTAL HEALTH WATCH, DETENTION UNITS, and CLOSE MANAGEMENT for the second full week of the following months: July 2020, October 2020, February 2021, July 2021, August 2021, and September 2021.

**REQUEST NUMBER 70**

All GENERAL ORDER/POST ORDERS for all posts in, or providing services to, all ISOLATION units, including but not limited to such orders that apply to all posts within an ADCRR facility that contains an ISOLATION unit.

**REQUEST NUMBER 71**

DOCUMENTS SUFFICIENT TO SHOW all EXTERMINATION SERVICES in all ISOLATION units from January 1, 2020 through the date of YOUR response.

**REQUEST NUMBER 72**

The blank forms currently used when class members are seen by a medical specialty consultant entitled "CENTURION Practitioner Consultation Report" and "CENTURION Instructions to Practitioner."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REQUEST NUMBER 73**

All INFORMATION REPORTS and USE OF FORCE/INCIDENT COMMAND REPORTS from DETENTION UNITS and CLOSE MANAGEMENT reflecting the use of force from January 1, 2021, to the present.

**REQUEST NUMBER 74**

All POLICIES AND PROCEDURES relating to iPads.

Dated:  September 29, 2021

**ACLU NATIONAL PRISON PROJECT**

By:   s/ Maria V. Morris
David C. Fathi (Wash. 24893)**
Maria V. Morris (D.C. 1697904)*
Eunice Hyunhye Cho (Wash. 53711)**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@aclu.org
              mmorris@aclu.org
              echo@aclu.org

Corene T. Kendrick (Cal. 226642)*
39 Drumm Street
San Francisco, California 94111
Telephone:  (202) 393-4930
Email:     ckendrick@aclu.org

*Admitted *pro hac vice*
**Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
              ahardy@prisonlaw.com
              snorman@prisonlaw.com
              rlomio@prisonlaw.com

*Admitted *pro hac vice*

Victoria López (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:    vlopez@acluaz.org
             jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

Daniel C. Barr (Bar No. 010149)
John H. Gray (Bar No. 028107)
Austin C. Yost (Bar No. 034602)
Karl J. Worsham (Bar No. 035713)
Kathryn E. Boughton (Bar No. 036105)
Mikaela N. Colby (Bar No. 035667)
Kelly Soldati (Bar No. 036727)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
             jhgray@perkinscoie.com
             ayost@perkinscoie.com
             kworsham@perkinscoie.com
             kboughton@perkinscoie.com
             mcolby@perkinscoie.com
             ksoldati@perkinscoie.com

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm; Desiree
Licci; Joseph Hefner; Joshua Polson; and
Charlotte Wells, on behalf of themselves and
all others similarly situated*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARIZONA CENTER FOR DISABILITY LAW**


By: _s/ Maya Abela_
      Asim Dietrich (Bar No. 027927)
      5025 East Washington Street, Suite 202
      Phoenix, Arizona 85034
      Telephone:  (602) 274-6287
      Email:    adietrich@azdisabilitylaw.org

      Rose A. Daly-Rooney (Bar No. 015690)
      J.J. Rico (Bar No. 021292)
      Maya Abela (Bar No. 027232)
      **ARIZONA CENTER FOR DISABILITY LAW**
      177 North Church Avenue, Suite 800
      Tucson, Arizona 85701
      Telephone:  (520) 327-9547
      Email:
        rdalyrooney@azdisabilitylaw.org
          jrico@azdisabilitylaw.org
          mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on September 29, 2021, I transmitted the above document via

3

email to the following:

4

5

Michael E. Gottfried
Lucy M. Rand

6

Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

7

8

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski

9

Nicholas D. Acedo
Ashlee B. Hesman

10

Jacob B. Lee
Timothy M. Ray

11

STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com

12

rlove@strucklove.com
tbojanowski@strucklove.com

13

nacedo@strucklove.com
ahesman@strucklove.com

14

jlee@strucklove.com
tray@strucklove.com

15

16

*Attorneys for Defendants*

17

s/ J. Carns

18

19

20

21

22

23

24

25

26

27

28

1

Victoria López (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)

2

**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235

3

Phoenix, Arizona 85013
Telephone: (602) 650-1854

4

Email: vlopez@acluaz.org
         jkeenan@acluaz.org

5

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

6

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*

7

*Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy
Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*

8

*Joseph Hefner, Joshua Polson, and Charlotte Wells, on
behalf of themselves and all others similarly situated*

9

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE
PAGE]**

10

Asim Dietrich (Bar No. 027927)

11

**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202

12

Phoenix, Arizona 85034
Telephone: (602) 274-6287

13

Email: adietrich@azdisabilitylaw.org

14

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE
PAGE]**

15

16

UNITED STATES DISTRICT COURT

17

DISTRICT OF ARIZONA

18

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-ROS **PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-18) AND FIRST SET OF INTERROGATORIES (NOS. 1-3) TO DEFENDANTS** |

19

20

21

22

Plaintiffs,

23

v.

24

David Shinn, Director, Arizona Department of
Corrections, Rehabilitation and Reentry; and

25

Larry Gann, Assistant Director, Medical Services
Contract Monitoring Bureau, Arizona Department

26

of Corrections, Rehabilitation and Reentry, in their
official capacities,

27

Defendants.

28

## REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Court's Order (Doc. 3940), Plaintiffs, by and through their undersigned counsel, request that Defendants respond to the following Requests for Admission separately and fully, in writing, and under oath within 21 days after service.  Each matter of which an admission is requested will be deemed admitted, and conclusively established for purposes of this litigation (unless the Court upon motion permits withdrawal or amendment of the admission), if YOU do not serve a written, signed objection addressed to the matter specified within seven (7) days after service of these requests, or within such other time as the Court may allow.  The following definitions and instructions apply to these requests.

### DEFINITIONS

1.     "ADCRR" means the Arizona Department of Corrections, Rehabilitation, and Reentry, including all subdivisions, agents, employees, contractors, and attorneys.

2.     "ASPC" means Arizona State Prison Complex and refers to the ten ADCRR-operated state prison facilities: Douglas, Eyman, Florence, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, and Yuma.

3.     "CENTURION" means Centurion of Arizona, LLC, the entity currently contracted with ADCRR to provide HEALTH CARE to class members incarcerated at the ASPCs.

4.     "CHRONIC CARE" means HEALTH CARE needs arising from a long-lasting or persistent medical condition and includes but is not limited to the needs of persons with arthritis, autoimmune diseases, cancer, dementia, diabetes, epilepsy, Hepatitis C, HIV/AIDS, hypertension, kidney disease, neurodegenerative diseases and other similarly long-term conditions.

5.     "CONDITIONS OF CONFINEMENT" means all circumstances REGARDING the state of being imprisoned.

6.     "CORRECTIONAL STAFF" means staff employed or paid by the ADCRR to serve in a security or operational capacity.

7.     "DETENTION UNITS" refers to any unit within an ASPC that is used for detaining persons for investigatory, classification, or disciplinary purposes, and as the term "DETENTION UNIT" is used by ADCRR in Department Orders 803, 804, and/or 807, *inter alia*.

8.     "DOCUMENT" and "DOCUMENTS" have the same scope used in Rule 34(a)(1) of the Federal Rules of Civil Procedure and shall encompass every writing or record of every type and description and every tangible thing that is or has been in the possession, custody, or control of Defendants and ADCRR, to which they have access, or of which they have knowledge, including, but not limited to, newspaper articles, magazine articles, news articles, correspondence, letters, contracts, electronic mail, memoranda, stenographic notes, handwritten notes, drafts, studies, publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, diaries, models, devices, pictures, photographs, films, audiotapes, videotapes, computer records, voice recordings, maps, reports, surveys, minutes, data compilations, and statistical compilations, regardless of whether a particular DOCUMENT is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk (hard disk or floppy disk), CD-ROM, DVD, optical disk, or electronic storage device).

9.     "HEALTH CARE" means the provision of care to address and treat the medical, dental, or mental health needs of a person, whether those needs arise as a result of injury, illness, disease, or other trauma; or care provided for diagnostic or preventative purposes.

10.     "HEALTH CARE STAFF" means all persons employed by CENTURION to provide HEALTH CARE to class members at ASPCs, on either a permanent or *locum tenens* basis.

11.     "INCARCERATED PERSON" means a person incarcerated by ADCRR.

12.     "INFORMATION" means any knowledge YOU have, any evidence of any type, any facts of which YOU are aware and any inferences or speculation of which YOU

-2-

are aware, all regardless of the source. When INFORMATION YOU provide is based solely on inference or speculation, specifically so state in YOUR response. When providing INFORMATION, provide the names of involved individuals, actions relevant to the requested INFORMATION, dates and times when known, locations, and any other knowledge YOU have about the subject of the discovery request. When asked to provide INFORMATION about one or more individuals, IDENTIFY the individual or individuals and provide any other INFORMATION YOU have about such person or persons.

13.    "ISOLATION" means (a) confinement of an INCARCERATED PERSON in a cell for 22 hours or more each day; or (b) confinement in Eyman-Special Management Unit ("SMU") 1, Eyman-Browning Unit, Florence-Kasson Unit, or Lewis-Rast Unit; or (c) confinement in a DETENTION UNIT.

14.    "LOCATION UNIT" refers to each housing unit within each ASPC, and as the term "LOCATION UNIT" is used by ADCRR for tracking its daily Institutional Capacity Committed Population (*see* https://corrections.az.gov/capacity-custody-level).

15.    "MENTAL HEALTH WATCH" means housing units or cells used to house people for observation due to threats of or acts of self-harm, and as the term "MENTAL HEALTH WATCH" is used by ADCRR in Departmental Order 807, *inter alia*.

16.    "PMRB" means Psychotropic Medication Review Board, as that term is used by ADCRR in Department Order 1103 and mental health policies and procedures, *inter alia*.

17.    "POLICIES AND PROCEDURES" means policies, procedures, criteria, or practices, whether written or established through custom or use, including but not limited to policy and procedure manuals, directors' orders, protocols, directives, flowcharts, institution post orders, and any other DOCUMENTS designed to direct the actions of ADC personnel, ADC contractors, and/or INCARCERATED PERSONS.

18.    "POLICY" means policies, procedures, criteria, or practices, whether written or established through custom or use, including but not limited to policy and procedure manuals, directors' orders, protocols, directives, flowcharts, institution post

-3-

1    orders, and any other DOCUMENTS designed to direct the actions of ADC personnel,

2    ADC contractors, and/or PRISONERS.

3    19.    "REFERRAL" means a recommendation that an INCARCERATED

4    PERSON obtain HEALTH CARE at ADC or non ADCRR facilities, whether or not such

5    HEALTH CARE is in fact ever provided.

6    20.    "REGARDING" or "REGARDED" to any given subject matter means,

7    without limitation, anything that, in whole or in part, analyzes, comments upon,

8    comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences,

9    explains, identifies, manifests, mentions, pertains directly or indirectly to, reflects, refers

10   to, relates to, responds to, states, summarizes, or is in any way relevant to the particular

11   subject matter identified.

12   21.    "SMI" means Seriously Mentally Ill, as that term is used by ADCRR and

13   CENTURION to designate class members pursuant to Department Order 1103 and mental

14   health policies and procedures, *inter alia*.

15   22.    "SPECIALTY CARE" means any HEALTH CARE treatment provided by

16   specialists or a higher level of care than can be provided at ASPCs by HEALTH CARE

17   STAFF.

18   23.    "YOU" or "YOUR" means Defendants David Shinn and Larry Gann, and

19   their predecessors, successors, employees, subordinates, contractors, agents, and

20   attorneys.

21                                    **INSTRUCTIONS**

22   1.    Each request for admission below asks for admission of the truth of the

23   matter stated in the request.

24   2.    If YOU do not specifically admit or deny matters stated below, YOU must

25   set forth in detail the reasons why YOU cannot truthfully admit or deny the matter.

26   3.    If good faith requires YOU to qualify a response or to deny only a part of a

27   matter set forth below, YOU must specify so much of the matter as is true and qualify or

28   deny the remainder.

153949249.1

4.     YOU may not refuse to admit or deny any matter set forth below based upon lack of INFORMATION or knowledge, unless YOU also assert that YOU have made reasonable inquiry and that the INFORMATION necessary to admit or deny the matter stated is not known or obtainable.

5.     You shall answer the following requests separately and fully, in writing, and under oath.  Should YOU object to or otherwise refuse to answer any portion of a request for admission, YOU shall (1) state the objection or reason for such refusal, and (2) provide all INFORMATION called for by that portion of the request to which you do not object or which you do not refuse to answer.

6.     Should YOU find the meaning of any term to be ambiguous or unclear, YOU should assume a reasonable meaning, state what that assumed meaning is, and answer the request on the basis of the assumed reasonable meaning.

7.     These requests are deemed to be continuing in nature, and YOU shall amend or supplement the responses hereto in accordance with the Federal Rules of Civil Procedure as is necessary to maintain the accuracy of YOUR responses. To that end, if YOU obtain additional responsive INFORMATION at any time between the time for the initial response and the time of hearing or trial, YOU shall promptly provide Plaintiffs with the supplemental response.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NUMBER 1**

Admit that ADCRR and CENTURION do not maintain weekly HEALTH CARE staffing schedules for all ASPCs and HEALTH CARE clinics, showing for each HEALTH CARE STAFF position the hours scheduled versus actually worked.[1]

**Admit _____          Deny _____**

---

[1] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 12.

-5-

153949249.1

**REQUEST FOR ADMISSION NUMBER 2**

Admit that ADCRR and CENTURION do not maintain records of INCARCERATED PERSONS on the routine and urgent dental care wait lists.[2]

**Admit _____          Deny _____**


**REQUEST FOR ADMISSION NUMBER 3**

Admit that ADCRR does not have any written POLICIES AND PROCEDURES for identifying INCARCERATED PERSONS who are not fluent in English, their primary language, and/or their need for an interpreter.[3]

**Admit _____          Deny _____**


**REQUEST FOR ADMISSION NUMBER 4**

Admit that ADCRR does not maintain records or DOCUMENTS REGARDING (a) the number of INCARCERATED PERSONS placed on MENTAL HEALTH WATCH, in DETENTION UNITS, or in ISOLATION, (b) the total number of days for which each person was placed on MENTAL HEALTH WATCH, in DETENTION UNITS, or in ISOLATION, or (c) the mean, median, and maximum duration length of stay on MENTAL HEALTH WATCH, in DETENTION UNITS, or in ISOLATION.[4]

**Admit _____          Deny _____**


**REQUEST FOR ADMISSION NUMBER 5**

Admit that the Health Services Technical Manual and the Mental Health Technical Manuals are the only POLICIES AND PROCEDURES that are or have been used by ADCRR and CENTURION related to the delivery of HEALTH CARE to

---

[2] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 15.
[3] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 19.
[4] *See* Defendants' Response to Plaintiffs' Request for Production of Documents Nos. 21 and 56.

-6-

1  INCARCERATED PERSONS from January 1, 2020 to the present, including but not

2  limited to ensuring that class members of every security level, including

3  INCARCERATED PERSONS housed in maximum custody, DETENTION UNITS, and

4  MENTAL HEALTH WATCH, have access to HEALTH CARE.[5]

5      **Admit _____         Deny _____**

6

7      **REQUEST FOR ADMISSION NUMBER 6**

8      Admit that no written DOCUMENTS exist that show the chain of command for the

9  Utilization Management process used by CENTURION to evaluate providers' requests for

10  SPECIALTY CARE, or that show ADCRR's role in the review and approval of

11  SPECIALTY CARE REFERRALS or requests.[6]

12      **Admit _____         Deny _____**

13

14      **REQUEST FOR ADMISSION NUMBER 7**

15      ADMIT that no written DOCUMENTS exist that show why CENTURION

16  Utilization Management recommended an alternative treatment plan for any SPECIALTY

17  CARE REFERRALS or requests made on or after January 1, 2021, that were assigned an

18  alternate treatment plan.[7]

19      **Admit _____         Deny _____**

20

21      **REQUEST FOR ADMISSION NUMBER 8**

22      Admit that the Health Services Technical Manual and the Mental Health Technical

23  Manuals are the only POLICIES AND PROCEDURES that are or have been used by

24

25  _____

26      [5] *See* Defendants' Response to Plaintiffs' Request for Production of Documents
    No. 33.

27      [6] *See* Defendants' Response to Plaintiffs' Request for Production of Documents
    No. 34.

28      [7] *See* Defendants' Response to Plaintiffs' Request for Production of Documents
    No. 35.

153949249.1

1    ADCRR and CENTURION related to the mission, operation, and staffing of any and all

2    specialized mental health housing units in each of the ten ASPCs.[8]

3                  **Admit _____**         **Deny _____**

4

5       **REQUEST FOR ADMISSION NUMBER 9**

6       Admit that ADCRR has no written DOCUMENTS, POLICIES AND

7    PROCEDURES, or directives REGARDING the duration of mental health encounters and

8    does not maintain records of the actual duration of mental health encounters.[9]

9                  **Admit _____**         **Deny _____**

10

11       **REQUEST FOR ADMISSION NUMBER 10**

12       Admit that ADCRR does not have any written POLICIES AND PROCEDURES

13    for identifying, tracking, and/or evaluating the proficiency of HEALTH CARE STAFF

14    and CORRECTIONAL STAFF in a non-English language or languages.[10]

15                  **Admit _____**         **Deny _____**

16

17       **REQUEST FOR ADMISSION NUMBER 11**

18       Admit that the Mental Health Technical Manual, Health Services Technical

19    Manual, and ADCRR Department Orders are the only written POLICIES AND

20    PROCEDURES governing MENTAL HEALTH WATCH, including but not limited to

21    out-of-cell time, allowable property, and any limit on the amount of time an

22

23

24

25 _____

26        [8] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 41.

27        [9] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 42.

28        [10] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 43.

153949249.1

INCARCERATED PERSON may be continuously housed on MENTAL HEALTH WATCH.[11]

Admit _____        Deny _____

**REQUEST FOR ADMISSION NUMBER 12**

Admit that ADCRR has no written POLICIES AND PROCEDURES that prohibit housing INCARCERATED PERSONS who are classified as SMI in ISOLATION.

Admit _____        Deny _____

**REQUEST FOR ADMISSION NUMBER 13**

Admit that INCARCERATED PERSONS who are classified as SMI are housed in ISOLATION.

Admit _____        Deny _____

**REQUEST FOR ADMISSION NUMBER 14**

Admit that INCARCERATED PERSONS in ISOLATION are held in cells that are illuminated 24 hours a day.

Admit _____        Deny _____

**REQUEST FOR ADMISSION NUMBER 15**

Admit that ADCRR has no written POLICIES AND PROCEDURES requiring that INCARCERATED PERSONS who are prescribed psychotropic medications or are pregnant be housed in areas where the temperature does not exceed 85 degrees Fahrenheit.

Admit _____        Deny _____

_____

[11] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 55.

**REQUEST FOR ADMISSION NUMBER 16**

Admit that ADCRR has no written POLICIES AND PROCEDURES restricting the use of CHEMICAL AGENTS on INCARCERATED PERSONS who are classified as SMI, pregnant, or are prescribed psychotropic medications.

**Admit _____         Deny _____**


**REQUEST FOR ADMISSION NUMBER 17**

Admit that ADCRR has no written POLICIES AND PROCEDURES limiting the amount of time that may elapse after an INCARCERATED PERSON is approved for removal from ISOLATION before the INCARCERATED PERSON is removed from ISOLATION.

**Admit _____         Deny _____**


**REQUEST FOR ADMISSION NUMBER 18**

Admit that ADCRR has no written POLICIES AND PROCEDURES limiting the amount of time an INCARCERATED PERSON can be housed in a DETENTION UNIT, on MENTAL HEALTH WATCH, or in ISOLATION.

**Admit _____         Deny _____**

153949249.1

1

**INTERROGATORIES**

2       Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's Order

3   (Doc. 3940), Plaintiffs, by and through undersigned counsel requests that Defendants

4   respond, under oath, to the following interrogatories within 21 days after service.  Any

5   objections must be served in writing within 7 days after service.

6

**DEFINITIONS**

7       Definitions are set forth in Section I above.

8

**INSTRUCTIONS**

9       1.     Each interrogatory shall be answered fully in writing under oath, unless it is

10   objected to, in which event the objecting party shall state the reasons for objection and

11   shall answer to the extent the interrogatory is not objectionable.

12       2.     The answers are to be signed by the person making them, and the objections

13   signed by the attorney making them.

14       3.     If only a part of an interrogatory is objectionable, the remainder of the

15   interrogatory shall be answered. If an objection is made to an interrogatory or to a part of

16   an interrogatory, the specific ground for the objection shall be set forth clearly in the

17   response.

18       4.     The following rules of construction shall be applied herein: (1) the words

19   "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the

20   requests inclusive rather than exclusive; (2) the singular includes the plural and vice versa;

21   and (3) the words "any," "all," "each" and "every" all include any, all, each, and every.

22       5.     Each term used in these Interrogatories that is not set forth in the

23   "Definitions" section above has the broadest and most complete meaning permitted under

24   the Federal Rules of Civil Procedure and the applicable case law. If any Interrogatory

25   contains a term (or terms) that YOU believe is (or are) unclear or ambiguous, YOU should

26   assume a reasonable meaning for such term(s), state what that meaning is, and answer that

27   Interrogatory on the basis of the assumed meaning.

28

153949249.1

6.      All INFORMATION requested herein is to be set forth if it is in the possession, custody, or control of, or is available or accessible to, YOU or any of YOUR agents, consultants, contractors, counsel, investigators, representatives, or any other person or persons acting for YOU or on YOUR behalf.

7.      If any INFORMATION called for by an interrogatory is withheld on the basis of a claim of privilege, set forth the nature of the claimed privilege and the nature of the INFORMATION with respect to which it is claimed.

8.      If these interrogatories cannot be responded to in full, YOU shall respond to the extent possible, specify the reason for YOUR inability to respond to the remainder, and state whatever INFORMATION or knowledge YOU have REGARDING the portion to which YOU have not responded.

9.      Unless otherwise specified, the relevant time period, and the period for which YOU are required to provide responses is from and including January 1, 2020, up to and including the response date.

10.      These Interrogatories are submitted for the purpose of discovery and are not to be construed as waiving any objections that may be made at trial or at any hearing to the introduction of evidence on subjects covered by these Interrogatories or as an admission of the relevance or materiality at trial of any of the matters covered by these Interrogatories.

11.      These Interrogatories are continuing in nature; responses should be promptly supplemented pursuant to Federal Rule of Civil Procedure 26(e).

12.      All responses in which YOU choose to exercise the option to produce DOCUMENTS or other writings shall require YOU to provide a copy of that DOCUMENT, provide a description of the location where the DOCUMENT was found, indicate to which interrogatory it is responsive, and specify the DOCUMENTS' Bates range.

**INTERROGATORIES**

**INTERROGATORY NO. 1**

For each of YOUR responses to the Requests for Admission set forth above that is other than an unqualified admission, specify each fact YOU rely upon to deny the request or to qualify YOUR response.

**RESPONSE TO INTERROGATORY NO. 1**

**INTERROGATORY NO. 2**

For each of YOUR responses to the Requests for Admission set forth above that is other than an unqualified admission, identify each and every DOCUMENT YOU rely upon to deny the request or to qualify YOUR response.

**RESPONSE TO INTERROGATORY NO. 2**

**INTERROGATORY NO. 3**

For each of the Requests for Admission set forth above to which YOU have responded by stating that YOU do not have sufficient knowledge or INFORMATION to admit or deny the Request, describe the reasonable inquiry YOU made to enable YOU to respond to that Request.

**RESPONSE TO INTERROGATORY NO. 3**

153949249.1

1     Dated: September 22, 2021            **ACLU NATIONAL PRISON PROJECT**

2

3                                   By: s/ Corene T. Kendrick
                                         David C. Fathi (Wash. 24893)**

4                                     Maria V. Morris (D.C. 1697904)*
                                    Eunice Hyunhye Cho (Wash. 53711)**

5                                     915 15th Street N.W., 7th Floor
                                    Washington, D.C. 20005

6                                     Telephone: (202) 548-6603
                                    Email:    dfathi@aclu.org

7                                                 mmorris@aclu.org
                                                echo@aclu.org

8                                     Corene Kendrick (Cal. 226642)*
                                    **ACLU NATIONAL PRISON**

9                                     **PROJECT**
                                    39 Drumm Street

10                                    San Francisco, California 94111
                                   Telephone: (202) 393-4930

11                                    Email:    ckendrick@aclu.org

12                                    *Admitted *pro hac vice*
                                   **Admitted *pro hac vice*. Not admitted in

13                                    DC; practice limited to federal courts.

14                                    Donald Specter (Cal. 83925)*
                                   Alison Hardy (Cal. 135966)*

15                                    Sara Norman (Cal. 189536)*
                                   Rita K. Lomio (Cal. 254501)*

16                                    **PRISON LAW OFFICE**
                                   1917 Fifth Street

17                                    Berkeley, California 94710
                                   Telephone: (510) 280-2621

18                                    Email:    dspecter@prisonlaw.com

19                                                 ahardy@prisonlaw.com
                                                snorman@prisonlaw.com

20                                                 rlomio@prisonlaw.com

21                                    *Admitted *pro hac vice*

22                                    Victoria López (Bar No. 330042)*
                                   Jared G. Keenan (Bar No. 027068)

23                                    **ACLU FOUNDATION OF ARIZONA**
                                   3707 North 7th Street, Suite 235

24                                    Phoenix, Arizona 85013
                                   Telephone: (602) 650-1854

25                                    Email:    vlopez@acluaz.org
                                              jkeenan@acluaz.org

26                                    *Admitted pursuant to Ariz. Sup. Ct.

27                                    R. 38(d)

28

153949249.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Daniel C. Barr (Bar No. 010149)
John H. Gray (Bar No. 028107)
Austin C. Yost (Bar No. 034602)
Karl J. Worsham (Bar No. 035713)
Kathryn E. Boughton (Bar No. 036105)
Mikaela N. Colby (Bar No. 035667)
Kelly Soldati (Bar No. 036727)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:     dbarr@perkinscoie.com
           jhgray@perkinscoie.com
           ayost@perkinscoie.com
           kworsham@perkinscoie.com
           kboughton@perkinscoie.com
           mcolby@perkinscoie.com
           ksoldati@perkinscoie.com

*Attorneys for Plaintiffs Shawn Jensen;*
*Stephen Swartz; Sonia Rodriguez; Christina*
*Verduzco; Jackie Thomas; Jeremy Smith;*
*Robert Gamez; Maryanne Chisholm; Desiree*
*Licci; Joseph Hefner; Joshua Polson; and*
*Charlotte Wells, on behalf of themselves and*
*all others similarly situated*

**ARIZONA CENTER FOR DISABILITY**
**LAW**


By:   s/ Maya Abela
      Asim Dietrich (Bar No. 027927)
      5025 East Washington Street, Suite 202
      Phoenix, Arizona 85034
      Telephone:  (602) 274-6287
      Email:    adietrich@azdisabilitylaw.org

      Rose A. Daly-Rooney (Bar No. 015690)
      J.J. Rico (Bar No. 021292)
      Maya Abela (Bar No. 027232)
      **ARIZONA CENTER FOR**
      **DISABILITY LAW**
      177 North Church Avenue, Suite 800
      Tucson, Arizona 85701
      Telephone:  (520) 327-9547
      Email:
        rdalyrooney@azdisabilitylaw.org
              jrico@azdisabilitylaw.org
              mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability*
*Law*

153949249.1

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on September 22, 2021, I transmitted the above document via

3

email to the following:

4

5

Michael E. Gottfried
Lucy M. Rand

6

Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

7

8

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski

9

Nicholas D. Acedo
Ashlee B. Hesman

10

Jacob B. Lee
Timothy M. Ray

11

STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com

12

rlove@strucklove.com
tbojanowski@strucklove.com

13

nacedo@strucklove.com
ahesman@strucklove.com

14

jlee@strucklove.com
tray@strucklove.com

15

16

*Attorneys for Defendants*

17

s/ D. Freouf

18

19

20

21

22

23

24

25

26

27

28

-16-

153949249.1