Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**STATEMENT OF DISCOVERY DISPUTE – PLAINTIFFS' FACT WITNESS DISCLOSURES**<br><br>**CERTIFICATION OF MEET AND CONFER PURSUANT TO LOCAL RULE 7.2(j)** |

Pursuant to Local Rule 7.2(j) and the Court's Discovery Dispute Instructions, the parties certify they met and conferred about these matters on September 23, 2021.

Despite more than two weeks of discussion, the parties are at an impasse and seek the Court's guidance regarding the sufficiency of Plaintiffs' fact witness disclosures.

**Defendants' Position**

Plaintiffs' Initial Trial Disclosure Statement merely listed 28 inmate witnesses without disclosing the subject matter of their anticipated testimony as required by FRCP

26(a)(1)(A)(i).[1] Ex. 2 (Plaintiffs' Initial Trial Disclosure Statement). Defendants have repeatedly sought supplementation of Plaintiffs' disclosures, *see e.g.,* Ex. 3 (9/13/21 Email from Hesman to Plaintiffs' Counsel). In response, Plaintiffs served their first supplemental disclosures in which they included only the vague statement that the inmate "may testify regarding his experiences seeking and receiving health care" or "may testify . . . regarding the conditions of confinement in isolation." Ex. 4 (Plaintiffs' First Supplement to Their Initial Trial Disclosure Statement). After additional requests for supplementation, Plaintiffs served a second supplement, which merely removed two inmates and added an additional fact witness (Dr. Platt) who was not disclosed prior to the September 10, 2021 deadline.[2] Ex. 6 (9/22/21 Email from Orcutt to Barr/Gray); Ex. 7 (Plaintiffs' Second Supplement to Their Trial Disclosure Statement). Plaintiffs also sent correspondence to Defendants stating that they will not further supplement their disclosures to provide the specific subjects on which fact their witnesses will testify. Ex. 8 (9/24/2021 Email from Gray to Orcutt).[3]

This information is clearly within Plaintiffs' counsel's possession, as Plaintiffs' counsel has met with a majority of the listed witnesses during the past few weeks for a legal visit or during a tour, yet Plaintiffs refuse to provide even the most basic information as to the subjects on which they will offer testimony. Fact witness depositions must be completed by October 15, but Defendants currently have no way of determining which of Plaintiffs' 19 remaining inmate witnesses to depose and are hindered in their ability to prepare for trial. *See Lipari v. U.S. Bancorp, NA,* 2008 WL 2874373 at *2 (D. Kan. July 22, 2008); *Colony Ins. Co. v. Kuehn*, 2011 WL 4402738 at *3 (D. Nev. Sept. 20, 2011). To provide Defendants a fair trial, Defendants request that the Court order Plaintiffs to supplement their

---

[1] In comparison, Defendants have provided Plaintiffs with significant detail in their witness disclosures and have divided their witnesses into categories of will call and may call. See Ex. 1 (Defendants' Initial Pretrial Disclosure Statement).

[2] Plaintiffs were made aware prior to the disclosure deadline that Dr. Pelton had assumed Dr. Platt's former position of Regional Director of Mental Health and accordingly could have timely listed Dr. Platt. Ex. 5 (9/8/21 Email from Hesman to Fathi).

[3] During the drafting of this dispute statement, Plaintiffs have informed Defendants that they will not call 7 of the listed witnesses, but they still have not agreed to provide any additional detail regarding their anticipated testimony.

2

1  disclosures to comply with Rule 26(a)(1) no later than October 4, 2021 and preclude
2  Plaintiffs from presenting evidence, either through written declaration or live testimony,
3  from any fact witness for whom they do not provide an adequate disclosure by that deadline.
4  Defendants also request that the Court strike any fact witness, including Dr. Platt, that
5  Plaintiffs did not disclose as of the fact witness disclosure deadline on September 10, 2021,
6  other than pure rebuttal witnesses.

**Plaintiffs' Position**

Plaintiffs complied with the Court's order (Doc. 3931) to make "initial disclosures of anticipated fact witnesses" by serving a list of 19 class plaintiffs—the vast majority of whom are named plaintiffs or putative named plaintiffs (*see* Doc. 4006)—and by stating that they may testify about their health care and, where relevant, their experiences in isolation. [Ex. 6 (Plaintiffs' Second Supplement)] To the extent that the Court's order incorporated Rule 26(a), Plaintiffs' disclosures comply by stating "briefly the general topics on which such persons have information." Advisory Comm. Notes to 1993 Amendments to Rule 26(a)(1)(A). Rule 26(a)(1)(A) requires that "subjects of [] information" be disclosed, not a play-by-play of trial testimony; if Defendants want to know more, they can depose these witnesses. Plaintiffs have supplemented their disclosures multiple times, adding descriptions and cutting witnesses, (*see* Exs. 2, 4, 6), but Defendants clamor for more.

Defendants now argue that the "subjects of [] information" Plaintiffs disclosed are deficient because Defendants "have no way" of determining whom to depose. This is disingenuous. Defendants *already possess all* health care and prison records about *all* incarcerated individuals' health care and exposure to isolation. Defendants certainly "have a way" to determine whom to depose: they can look at their own records.

Finally, the Court should reject Defendants' request to strike Dr. Platt, who was Centurion's Mental Health Director until earlier this year, from testifying simply because Plaintiffs disclosed her name on September 17 instead of September 10. Plaintiffs have good cause for disclosing Dr. Platt as an anticipated fact witness on September 17: earlier that same day, Centurion's counsel—for the first time—confirmed to Plaintiffs' counsel

3

1  that Dr. Platt had previously been Centurion's Mental Health Director and that Dr. Pelton,
2  the current Mental Health Director, had assumed that role only over the last couple of
3  months. [Ex. 9 (09/17/2021 Email from Barnes to Fathi)] Plaintiffs thus promptly
4  supplemented their disclosure statement. With over a month of fact discovery remaining,
5  Defendants can identify no prejudice from allowing their own agent's former Mental Health
6  Director—a witness Defendants presumably already knew had relevant information—to
7  testify at trial.[4]

DATED this 1st day of October, 2021.

| STRUCK LOVE BOJANOWSKI & ACEDO, PLC | ACLU NATIONAL PRISON PROJECT |
|---|---|
| By: s/ Daniel P. Struck<br>Daniel P. Struck<br>Rachel Love<br>Timothy J. Bojanowski<br>Nicholas D. Acedo<br>3100 W. Ray Road, Ste. 300<br>Chandler, Arizona 85226<br>Telephone: (480) 420-1600<br>Email: dstruck@strucklove.com<br>rlove@strucklove.com<br>tbojanowski@strucklove.com<br>nacedo@strucklove.com<br>*Attorneys for Defendants Pratt and Shinn* | By: s/ Austin Yost *(with permission)*<br>David C. Fathi (Wash. 24893)**<br>Maria V. Morris (D.C. 1697904)*<br>Eunice Hyunhye Cho (Wash. 53711)**<br>915 15th Street N.W., 7th Floor<br>Washington, D.C. 20005<br>Telephone: (202) 548-6603<br>Email: dfathi@aclu.org<br>mmorris@aclu.org<br>echo@aclu.org<br><br>*Admitted *pro hac vice*<br>**Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.<br><br>Corene Kendrick (Cal. 226642)*<br>**ACLU NATIONAL PRISON PROJECT**<br>39 Drumm Street<br>San Francisco, California 94111<br>Telephone: (202) 393-4930<br>Email: ckendrick@aclu.org<br><br>*Admitted *pro hac vice* |

---

[4] Plaintiffs issued a third-party deposition subpoena to Dr. Platt for October 7, 2021, at which time Defendants will learn what information Dr. Platt could provide at trial.

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Rita K. Lomio (Cal. 254501)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:   dspecter@prisonlaw.com
         ahardy@prisonlaw.com
         snorman@prisonlaw.com
         rlomio@prisonlaw.com

*Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
Amelia M. Gerlicher (Bar No. 023966)
John H. Gray (Bar No. 028107)
**PERKINS COIE LLP**
2901 N. Central Avenue, Ste. 2000
Phoenix, Arizona 85012
Telephone: (602) 351-8000
Email:   dbarr@perkinscoie.com
         agerlicher@perkinscoie.com
         jhgray@perkinscoie.com

Jared G. Keenan (Bar No. 027068)
Casey Arellano (Bar No. 031242)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email:   jkeenan@acluaz.org
         carellano@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

# CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Mikaela N. Colby: | mcolby@perkinscoie.com; docketphx@perkinscoie.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Daniel P. Struck