1  Daniel P. Struck, Bar No. 012377
   Rachel Love, Bar No. 019881
2  Timothy J. Bojanowski, Bar No. 022126
   Nicholas D. Acedo, Bar No. 021644
3  STRUCK LOVE BOJANOWSKI & ACEDO, PLC
   3100 West Ray Road, Suite 300
4  Chandler, Arizona  85226
   Telephone:  (480) 420-1600
5  Fax:  (480) 420-1695
   dstruck@strucklove.com
6  rlove@strucklove.com
   tbojanowski@strucklove.com
7  nacedo@strucklove.com

8  *Attorneys for Defendants*

9

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, <br><br> Defendants. | NO. 2:12-cv-00601-ROS <br><br> **STATEMENT OF DISCOVERY DISPUTE – AMENDMENT OF PLAINTIFFS' EXPERT WITNESS DISCLOSURES** <br><br> **CERTIFICATION OF MEET AND CONFER PURSUANT TO LOCAL RULE 7.2(j)** |

Pursuant to Local Rule 7.2(j) and the Court's Discovery Dispute Instructions, the parties certify they met and conferred about these matters on September 23, 2021 and September 29, 2021.

The parties seek the Court's guidance regarding the degree to which Plaintiffs' experts can supplement their reports.

**Defendants' Position**

Defendants do not seek a categorical bar on supplementation of Plaintiffs' expert reports after the disclosure deadline; rather, they seek an order precluding Plaintiffs from supplementing their expert reports based on information that was available to them prior

to the deadline but that they elected not to seek until afterwards. Plaintiffs chose to notice nine depositions of ADCRR and Centurion witnesses to occur after their expert witness disclosure deadline of October 9, 2021.[1] Defendants first became aware on September 22, 2021 of Plaintiffs' intent to amend their expert reports after their expert disclosure deadline to offer opinions based on these depositions and that Plaintiffs intend to provide these amended reports to Defendants at some point during "the week of October 25." Ex. 1 (9/22/21 Email from Colby to Orcutt); Ex. 2 (9/27/21 Email from Gray to Hesman/Struck). Defendants immediately objected, but Plaintiffs have not sought to move any of the depositions or proposed any new dates occurring before the deadline.

Plaintiffs should not be permitted to notice key depositions in this case after their expert disclosure deadline and then use that affirmative choice to justify amendments that prejudice Defendants in their ability to present defenses to Plaintiffs' claims. *See Wells v. Lamplight Farms, Inc.*, 303 F.R.D. 530, 536-38 (N.D. Iowa, Dec. 18, 2014) (rejecting plaintiffs' attempt to obtain additional information and permit their expert to supplement his report after the expert disclosure deadline where plaintiffs had made no effort to obtain the information in time to comply with the expert disclosure deadline and allowing new expert opinions at such a late stage would prejudice defendants). In addition to rendering the expert deadline meaningless, Plaintiffs' unilateral "extension" of time to provide their expert opinions has the effect of precluding Defendants' experts from responding in their own reports, which are due on October 22. This would also preclude Defendants from asking Plaintiffs' experts about any opinions contained in their amended reports during depositions, which must be completed by October 27. Further, it provides Defendants with less than five-days' notice before trial as to the complete opinions Plaintiffs' experts

---

[1] These depositions currently include: Defendant Shinn (10/14), Defendant Gann (10/13), a 30(b)(6) deposition of ADCRR on mental health care (10/12), a 30(b)(6) of Centurion on staffing (10/14), and individual depositions of ADCRR's Mental Health Director, Dr. Stallcup (10/12 and 10/15); Centurion's Regional Medical Director, Dr. Orm (10/13); ADCRR Deputy Warden Stickley (10/12); ADCRR Deputy Warden Coleman (10/14); and former Centurion employee L. Fisher (10/14). See Dkt. 4003, 4002, 3970, 4007, 3997, 3992, 4001, 4000.

will offer. To give Defendants a fair opportunity to respond to Plaintiffs' expert opinions, the Court should preclude Plaintiffs from amending their expert reports to offer any opinions based on information that was available to Plaintiffs before the deadline through depositions that Plaintiffs could (and should) have scheduled prior to the deadline.

**Plaintiffs' Position**

Despite Defendants' attestation, they are asking the Court to *categorically bar* Plaintiffs' experts from using information disclosed after their expert disclosure deadline on the grounds that Plaintiffs were required to seek that information before the discovery deadline. But that rule would severely prejudice Plaintiffs. The Court's scheduling order (Doc. 3931) requires Plaintiffs to disclose their expert reports by October 9. But fact discovery does not close until October 15, and Defendants' expert reports are due on October 22. A categorical bar on expert supplementation would greatly prejudice Plaintiffs because it would prevent *Plaintiffs'* experts from using all of the information gathered before the fact discovery deadline in their reports, but it would allow *Defendants*' experts to use all of that information in their reports. Nothing in the Rules permits this. Defendants' requested broad relief would also preclude Plaintiffs' experts from considering the depositions of Defendants' experts. Whether through supplemental expert reports or testimony at trial, Plaintiffs should be able to present their whole case.

The suggestion that Plaintiffs should have taken all of their depositions before October 9 is a ruse. During a meet-and-confer, Defendants' counsel would not even commit to make their witnesses available before Plaintiffs' expert report deadline. Consistently, Plaintiffs noticed a Rule 30(b)(6) deposition for staffing issues for September 24, but Defendants refused to make that witness available that day, and the deposition was thus re-noticed for October 13. *See generally* Ex. 1. What is more, Defendants have delayed providing documentary discovery (*see* Docs. 3979, 3982, 4009), making it practically impossible for Plaintiffs to hold all of their depositions before October 9. Further, Plaintiffs started noticing depositions in this case on September 3 (*see, e.g.*, Docs. 3955–3962), but Defendants chose to lie in wait for over two weeks—until

September 22—to first suggest that they would oppose expert supplementation, when it was apparently too late to reschedule Plaintiffs' depositions. *See generally* Ex. 1.[2]

In short, this Court should reject Defendants' request to categorically bar Plaintiffs from supplementing their expert reports and instead consider particular objections on particular instances of expert supplementation on their own merits. To the extent that Defendants may argue that any particular supplemental opinion is improper, those objections are premature because Plaintiffs have not yet served their expert reports—let alone supplemented those reports.

DATED this 1st day of October, 2021.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/ Daniel P. Struck
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226

*Attorneys for Defendants*

---

[2] *Wells v. Lamplight Farms, Inc.* is inapposite. In that case, the plaintiffs had "over seven months" to conduct discovery but "made no effort" to gather the necessary information. 303 F.R.D. 530, 536 (N.D. Iowa 2014). Here, by contrast, the fact discovery schedule is accelerated, and Plaintiffs have moved diligently to conduct the necessary discovery. Defendants, though, have delayed providing relevant documents and have refused to commit to make their witnesses available before October 9.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Mikaela N. Colby: | mcolby@perkinscoie.com; docketphx@perkinscoie.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Daniel P. Struck