**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, | No. CV-12-00601-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, | |
| Defendant. | |

The parties have a discovery dispute involving Plaintiffs' Request for Production Number 59. Preliminarily, there does not appear to be any dispute the request seeks discoverable information. Rather, Defendants believe responding to the request would be "unduly burdensome and not proportional to the needs of the case." (Doc. 4009 at 4). Because Plaintiffs' proposed search seeks relevant and tailored information, Defendants will be given the choice to either (1) review the documents generated by Plaintiff's search and disclose responsive documents or (2) simply produce all documents generated by Plaintiffs' search.

Slightly simplified, Request 59 seeks communications "sent to or from" several high-level prison officials regarding "vacant correctional officer positions" or "cancellation of out-of-cell time . . . due to inadequate numbers of staff." (Doc. 4009-1 at 3). When they propounded this request, Plaintiffs included proposed "search terms and custodians" in hopes of "expediting the meet and confer process." (Doc. 4009-1 at 2). Defendants objected to the request but also attempted to run a search similar to what

1    Plaintiffs had proposed.  That initial search produced over 150,000 documents.[1]   Because

2    Defendants objected to the burden of reviewing that number of documents, Plaintiffs sent

3    a revised search with narrowed search parameters.  The parties subsequently conferred and

4    Defendants informed Plaintiffs the reason the search resulted in so many documents was

5    because of Defendants' failure to employ terms and connectors.  Defendants contend

6    "[e]ven after being apprised of this, Plaintiffs' counsel elected to move forward with the

7    narrowed search [Plaintiffs' counsel] proposed" the day before.  What Defendants do not

8    articulate, however, is whether they informed Plaintiff that they were, in fact, able to use

9    terms and connectors.

10        Defendants ran the narrowed search which returned 119 documents.  Defendants

11   then reviewed those 119 documents and determined none of them were responsive.  Upon

12   hearing that, Plaintiffs requested Defendants "run the initial search . . . though with fewer

13   custodians."  (Doc. 4009 at 3).  Defendants did so and that search resulted in 11,271

14   documents. (Doc. 4009 at 3).  Defendants now argue, given their existing obligations under

15   the discovery schedule, they should not be required to review the 11,271 documents and

16   produce any responsive portions.

17        Defendants have not presented entirely consistent bases for resisting the review and

18   production of this information.  According to Defendants, they need not respond further to

19   Request 59 because "Plaintiffs propounded other discovery requests, that Defendants have

20   already responded to, for this same information."  In support of this assertion, Defendants

21   cite to other discovery requests that obviously were not duplicative of the information

22   sought by Request 59.  For example, Defendants cite to Request for Production 11 that

23   sought data regarding fourteen particular inmates.  (Doc. 4009-6 at 10).  There is no

24   explanation how the response to Request 11 necessarily produced some of the "same

25   information" as Request 59 which seeks communications to and from prison officials about

26   matters applicable to all prisoners.

27   ------

[1] Defendants explain the number was so high because the Department of Corrections is
28   unable "to run terms and connectors" searches.  (Doc. 4009 at 3).  It is unclear what this
means but, for present purposes, it is unimportant.

1          Next, Defendants argue "relevance and proportionality are attenuated at best"

2   because the complaint contains only one allegation that out-of-cell time is canceled due to

3   staffing issues.  (Doc. 4009 at 4).  There is no dispute, however, that Plaintiffs are pursuing

4   claims involving insufficient out-of-cell time and the subclass was certified on that basis.

5   Defendants' objection only establishes that, as soon as the complaint was filed (in 2012),

6   they were aware of Plaintiffs' claim regarding insufficient out-of-cell time.  If that

7   insufficiency is due to staffing shortages, and prison officials discussed the shortages in

8   their written communications, that could be significant evidence establishing Defendants'

9   knowledge of the conditions.  Thus, the relevance is not at all attenuated.  And, given the

10  possible importance of such communications regarding Defendants' knowledge, requiring

11  production is proportional to the needs of this case.

12         Defendants also argue Plaintiffs "waived" their entitlement to additional documents

13  during the parties' meet and confer process.  But, as described above, it is not clear that

14  Plaintiffs were informed about Defendants' ability to employ terms and connectors.  And

15  even if they were, it would not be appropriate to punish Plaintiffs by finding a waiver due

16  to their attempts work with Defendants over a relatively short period of time.  Defendants'

17  waiver argument is rejected.

18         Finally, Defendants argue they "will be unable to mount and prepare for the defense

19  of this case if they are required to review and produce these additional documents."  (Doc.

20  4009).  The Court is skeptical that reviewing these documents will, in fact, render

21  Defendants incapable of defending this case on the merits.  But the Court will accept

22  Defendants' position and offer them a way to avoid the effort necessary to review the

23  11,271 documents: Defendants may turn over all 11,271 documents to Plaintiffs without

24  conducting any preliminary review.  In other words, in this particular instance only,

25  Defendants may produce *all* 11,271 documents captured by Plaintiffs' proposed search

26  terms even if some of those documents are not, in fact, responsive to Request 59.  If

27  Defendants choose not to pursue this course, they must review the 11,271 documents and

28  produce those responsive to Plaintiffs' request.

1          Accordingly,

2          **IT IS ORDERED** within ten days of this Order, Defendants must either review and

3     produce responsive documents or turn over all documents produced by Plaintiffs' search

4     terms.

5          Dated this 1st day of October, 2021.

6

7

8                                        _____
                                         Honorable Roslyn O. Silver
9                                        Senior United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28