Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ADD ADDITIONAL NAMED PLAINTIFFS AND AMEND CAPTION (Dkt. 4006)** |

Defendants oppose Plaintiffs' request to add additional named plaintiffs because (1) their request comes on the eve of trial in a class action lawsuit that has been ongoing for nearly a decade, and (2) Plaintiffs still have remaining class and subclass representatives who are willing and able to represent the class and subclasses.

Plaintiffs' case citations do not support their requested relief. Plaintiffs have cited several cases in their motion in which courts have granted leave to amend where the named plaintiffs' claims had become moot. In *Boudreux v. Sch. Bd. of St. Mary Parish*, 405 F. Supp. 3d 652 (6th Cir. 2019), the original plaintiffs were five students whose claims against the school board were moot by the time the action was dismissed more than 30 years later.

1 Similarly, in *Graves v. Walton Cnty. Bd. Of Educ.*, 686 F.2d 1135 (5th Cir. 1982), the
2 original plaintiffs were students who had long since graduated when the intervenors joined
3 and moved to dismiss the action for mootness. In *Bain v. Cal. Teachers Ass'n*, 891 F.3d
4 1207 (9th Cir. 2018), the plaintiffs were teachers whose claims for injunctive and
5 declaratory relief became moot when they disassociated from the unions whose policies
6 they challenged. In *Mathis v. Bess*, 761 F. Supp. 1023 (S.D.N.Y. 1991), the court *sua sponte*
7 joined an inmate to an action filed by another inmate whose claims for injunctive relief had
8 become moot during the pendency of the action.

9 These cases are inapposite because Plaintiffs' claims are not moot. Notably,
10 Plaintiffs have not cited *any* case in which leave was granted to amend to add named
11 plaintiffs to a class action where adequate class and subclass representatives remain – and
12 will remain throughout the pendency of the trial.[1] Defendants have inquired as to why
13 Plaintiffs believe they need to add six additional named plaintiffs given the continued
14 existence of adequate class and subclass representatives, but Plaintiffs are unable to
15 articulate a reason why doing so is necessary. As such, Plaintiffs have failed to show good
16 cause for the amendment.

17 Additionally, Plaintiffs fail to explain in their motion how they would be prejudiced
18 if they are not permitted to add additional class representatives. By contrast, Defendants
19 will be prejudiced. Plaintiffs have known that seven of the original named plaintiffs were
20 no longer in the custody of the Arizona Department of Corrections, Rehabilitation &
21 Reentry (ADCRR),[2] but they chose to wait until a month before trial to notify Defendants
22 of their desire to seek amendment, thereby depriving Defendants of adequate time to
23 prepare their defense. If added as named parties, Defendants will have to depose the

---

[1] Of the remaining six named Plaintiffs, two are scheduled for release in 2022, one in 2023, one in 2027, one in 2108, and one is serving a life sentence under the old penal code with no eligibility for parole.

[2] The last of the seven original named Plaintiffs to leave ADCRR custody was Jackie Thomas, who was released on July 29, 2021, but the others were released up to five years ago, including Chisholm (rel. 12/11/18), Hefner (rel. 6/23/20), Parsons (rel. 5/1/19), Licci (rel. 5/23/16), Swartz (rel. 3/4/20), and Wells (rel. 9/17/16).

1  inmates, which adds both additional costs and the burden of attempting to schedule these
2  depositions when Plaintiffs have already scheduled 17 other depositions for October,
3  including four 30(b)(6) depositions. This prejudice is further compounded by Plaintiffs'
4  refusal to provide adequate disclosures regarding any of their fact witnesses. Despite
5  numerous requests from Defendants to provide the substance on which these witnesses are
6  expected to testify, Plaintiffs merely state that each "may testify regarding [their]
7  experiences seeking and receiving health care" or "may testify regarding [their] experiences
8  seeking and receiving health care . . . and conditions of confinement." Yet, Plaintiffs clearly
9  possess far more information regarding the specific claims of the numerous inmate
10 witnesses they have disclosed as fact witnesses, given that Plaintiffs have met with most of
11 them for either a legal visit or during an expert tour over the past several weeks.[3]
12 Defendants intend to depose the Named Plaintiffs in this case and may or may not depose
13 the other inmate witnesses, if they receive adequate disclosure regarding their testimony.

14    Because Plaintiffs have not articulated any reason to justify amending their 2012
15 Complaint to include additional class representatives when they already have six long-
16 standing named plaintiffs who are able to represent the class and subclasses, and will not
17 be prejudiced by a denial of the motion, and Defendants will be unfairly prejudiced by an
18 amendment just weeks before trial, the Court should deny Plaintiffs leave to amend.

---

[3] Plaintiffs did provide additional detail in an email with respect to the six inmates they want to add as class representatives.

DATED this 1st day of October, 2021.

                                                STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Daniel P. Struck
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Mikaela N. Colby: | mcolby@perkinscoie.com; docketphx@perkinscoie.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sophie Jedeikin Hart | sophieh@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Daniel P. Struck