Victoria Lopez (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: vlopez@acluaz.org
       jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br>Plaintiffs, <br><br>v. <br><br>David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br>Defendants. | No. CV 12-00601-PHX-ROS <br><br>**REPLY IN SUPPORT OF MOTION TO ADD ADDITIONAL NAMED PLAINTIFFS AND AMEND CAPTION** |

The Court has discretion to "add" named plaintiffs "at any time" on "just terms." Fed. R. Civ. P. 21. The same standard of "liberality" that applies to motions to amend under Federal Rule of Civil Procedure 15 applies to motions to add parties under Federal Rule of Civil Procedure 21. *Haley v. Tchrs. Ins. & Annuity Ass'n of Am.*, 337 F.R.D. 462, 477 (S.D.N.Y. 2020) (citation omitted).[1] It is thus no surprise that additions of "named plaintiff[s] making allegations substantially similar to those of the original plaintiffs" is "a routine amendment" in class actions. 2 McLaughlin on Class Actions § 12:3 (17th ed. 2020); *see also, e.g.*, *Mathis v. Bess*, 761 F. Supp. 1023, 1026–27 (S.D.N.Y. 1991) (allowing the addition of a named plaintiff in a § 1983 class action when the new named plaintiff's claims arose from "the same conduct, transactions and occurrences" as the original plaintiff's claims); *Sullivan-Blake v. FedEx Ground Package Sys., Inc.*, No. 2:18-CV-01698-RJC, 2021 WL 3563389, at *11–12 (W.D. Pa. Aug. 12, 2021) (granting a motion to add new named plaintiffs when, among other things, Plaintiffs did not "unduly delay" in bringing the motion and Defendants failed to "sufficiently establish" prejudice).

The Response's arguments opposing Plaintiffs' motion fail on several scores.

*First*, the Response contends (at 2) that Plaintiffs are "unable to articulate a reason why" adding named plaintiffs is appropriate. Not so. Plaintiffs seek the addition of named plaintiffs both to replace those whose claims may have been mooted by their release from the custody of the Arizona Department of Corrections ("ADC") and out of an abundance of caution to ensure that all of the class claims are adequately and fully represented at trial. Such caution is especially prudent here given that Defendants, contrary to their concessions now that "Plaintiffs' claims are not moot" and that "adequate class and subclass representatives remain," previously argued in support of their motion for summary judgment that class representatives should be dismissed because they were

---

[1] A "good cause" standard applies after the Court has issued a scheduling order "governing amendments to the complaint" and a motion to add named plaintiffs is filed after the scheduling order's deadline for filing such amendments. *Id.* at 477. The Court's scheduling order (Doc. 3931) did not include a deadline for motions to add named plaintiffs, and so the Rule 15 standard applies here. In any event, as shown in the Motion and this Reply, Plaintiffs also have good cause for seeking to add named plaintiffs now.

released from the custody of ADC and thus their claims were "moot" and that the remaining class representatives "lack[ed] standing to raise a claim on behalf of themselves or on behalf of the class/subclass." [Doc. 902 at 1, 3] Plaintiffs should be permitted to present the most complete version of their case at trial and to guard against Defendants' naked willingness to change their legal positions whenever it suits them.

*Second*, the Response contends (at 1) that Plaintiffs unduly delayed in bringing this motion because they supposedly brought it "on the eve of trial" when this suit has been "ongoing for nearly a decade." This is disingenuous at best. As the Court well knows, this case was settled for almost seven years, until the Court recently rescinded the settlement agreement because Defendants pervasively breached it, and set the case for trial. [Doc. 3921 at 37] The parties are now in the middle of fact discovery, (*see* Doc. 3931), and Plaintiffs are moving diligently to prepare to try their case. There has been no undue delay.

*Third*, the Response contends (at 2) that Plaintiffs did not explain "how *they* would be prejudiced if they are *not* permitted to add additional class representatives." (Emphasis added). This turns the prejudice analysis on its head. It is *Defendants*, "as the part[ies] opposing [the motion], that bear[] the burden of establishing prejudice, bad faith, undue delay, or futility." *Sullivan-Blake*, 2021 WL 3563389, at *8 (citation omitted). As explained above, Plaintiffs have strong reasons for seeking to add named plaintiffs, and they don't need to prove a negative or further establish that they would be prejudiced were the request denied. At any rate, as explained above, denying the motion would risk substantial prejudice to Plaintiffs, by putting them at risk of any future argument by Defendants that the current class representatives do not adequately and fully represent the class claims.

*Fourth*, the Response contends (at 2) that Defendants will be prejudiced because they "will have to depose" these six putative named plaintiffs. This argument fails for several reasons. For starters, Defendants again display their sophistry of taking contrary factual and legal positions whenever it suits them, as on *the very same day* that they filed

-2-

their Response, they informed Plaintiffs' counsel that they are going to depose these witnesses *regardless of whether the Court grants this motion*. [*See* Exhibit A (10/1/2021 Gray email to Defendants' Counsel)][2] Adding these individuals as named plaintiffs would also not prejudice Defendants because Plaintiffs listed every one of them as an anticipated fact witness nearly a month ago in their September 10 initial trial disclosure statement. [Exhibit B (Plaintiffs' Initial Trial Disclosure Statement)]

And contrary to Defendants' complaint about the adequacy of Plaintiffs' disclosures, Defendants already possess *all* health care and prison records for the proposed named plaintiffs. Thus, in addition to the detail provided by Plaintiffs for these individuals in their supplements to their initial trial disclosure statement, Defendants already have available within their own records information about the substance of these individuals' possible testimony. Defendants cannot establish any prejudice—let alone undue prejudice—because of their failure to look at their own records. *See, e.g.*, *Haley*, 337 F.R.D. at 479 (granting a motion to add new named plaintiffs and observing that Defendants "made no showing regarding how such [additional] discovery will be more than *de minimis*, as most of the relevant documents are in its control and it will have the opportunity to depose" the new named plaintiffs); *cf. A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) ("Allegations that an amendment will require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'") (citation omitted). Ultimately, the proposed named plaintiffs will testify at trial and will be subject to discovery either way—Defendants cannot show that they will suffer undue prejudice if these class members are also named plaintiffs.

In short, this Court should grant Plaintiffs' motion to add named plaintiffs and amend the caption.

---

[2] Defendants previously deposed one of the proposed named plaintiffs, Mr. Brislan, before this case settled.

-3-

| | | |
|---|---|---|
| 1 | Dated: October 4, 2021 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By: s/ Austin C. Yost |
| | | Daniel C. Barr (Bar No. 010149) |
| | | John H. Gray (Bar No. 028107) |
| 4 | | Austin C. Yost (Bar No. 034602) |
| | | Karl J. Worsham (Bar No. 035713) |
| 5 | | Kathryn E. Boughton (Bar No. 036105) |
| | | Mikaela N. Colby (Bar No. 035667) |
| 6 | | Kelly Soldati (Bar No. 036727) |
| | | 2901 N. Central Avenue, Suite 2000 |
| 7 | | Phoenix, Arizona 85012 |
| | | Telephone: (602) 351-8000 |
| 8 | | Email: dbarr@perkinscoie.com |
| | | jhgray@perkinscoie.com |
| 9 | | ayost@perkinscoie.com |
| | | kworsham@perkinscoie.com |
| 10 | | kboughton@perkinscoie.com |
| | | mcolby@perkinscoie.com |
| 11 | | ksoldati@perkinscoie.com |
| | | docketphx@perkinscoie.com |
| 12 | | |
| | | Victoria Lopez (Bar No. 330042)* |
| 13 | | Jared G. Keenan (Bar No. 027068) |
| | | **ACLU FOUNDATION OF** |
| 14 | | **ARIZONA** |
| | | 3707 North 7th Street, Suite 235 |
| 15 | | Phoenix, Arizona 85013 |
| | | Telephone: (602) 650-1854 |
| 16 | | Email: vlopez@acluaz.org |
| | | jkeenan@acluaz.org |
| 17 | | |
| | | *Admitted pursuant to Ariz. Sup. Ct. |
| 18 | | R. 38(d) |
| 19 | | |
| | | Donald Specter (Cal. 83925)* |
| 20 | | Alison Hardy (Cal. 135966)* |
| | | Sara Norman (Cal. 189536)* |
| | | Rita K. Lomio (Cal. 254501)* |
| 21 | | Sophie Hart (Cal. 321663)* |
| | | **PRISON LAW OFFICE** |
| 22 | | 1917 Fifth Street |
| | | Berkeley, California 94710 |
| 23 | | Telephone: (510) 280-2621 |
| | | Email: dspecter@prisonlaw.com |
| 24 | | ahardy@prisonlaw.com |
| | | snorman@prisonlaw.com |
| 25 | | rlomio@prisonlaw.com |
| | | sophieh@prisonlaw.com |
| 26 | | |
| | | *Admitted *pro hac vice* |
| 27 | | |
| 28 | | |

David C. Fathi (Wash. 24893)*
Maria V. Morris (D.C. 1697904)**
Eunice Hyunhye Cho (Wash. 53711)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email:  dfathi@aclu.org
            mmorris@aclu.org
            echo@aclu.org

*Admitted *pro hac vice*; not admitted in DC; practice limited to federal courts
**Admitted *pro hac vice*

Corene Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON PROJECT**
39 Drumm Street
San Francisco, California 94111
Telephone: (202) 393-4930
Email:  ckendrick@aclu.org

*Admitted *pro hac vice*.

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

| | |
|---|---|
| 1 | **ARIZONA CENTER FOR DISABILITY LAW** |
| 2 | |
| 3 | By: s/ Maya Abela |
| 4 | Asim Dietrich (Bar No. 027927)<br>5025 East Washington Street, Suite 202 |
| 5 | Phoenix, Arizona 85034<br>Telephone: (602) 274-6287 |
| 6 | Email: adietrich@azdisabilitylaw.org |
| 7 | Rose A. Daly-Rooney (Bar No. 015690)<br>J.J. Rico (Bar No. 021292) |
| 8 | Maya Abela (Bar No. 027232)<br>**ARIZONA CENTER FOR** |
| 9 | **DISABILITY LAW**<br>177 North Church Avenue, Suite 800 |
| 10 | Tucson, Arizona 85701<br>Telephone: (520) 327-9547 |
| 11 | Email:<br>rdalyrooney@azdisabilitylaw.org |
| 12 | jrico@azdisabilitylaw.org<br>mabela@azdisabilitylaw.org |
| 13 | *Attorneys for Arizona Center for Disability Law* |

**CERTIFICATE OF SERVICE**

I certify that, on October 4, 2021, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Anne M. Orcutt
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
aorcutt@strucklove.com

*Attorneys for Defendants*

s/ D. Freouf