**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, | No. CV-12-00601-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, | |
| Defendant. | |

The parties present three additional discovery disputes. (Docs. 4011-4012).

**1. Fact Witness Disclosures**

Plaintiffs have identified nineteen prisoners Plaintiffs might call at trial. In disclosing these planned witnesses, Plaintiffs described the subject matter of their testimony simply as their "experiences seeking and receiving health care." For some, the subject matter also was described as "the conditions of confinement in isolation." Defendants believe these descriptions do not satisfy Rule 26(a)(1)(A) and Plaintiffs should be required to provide more specific information regarding the expected scope of the prisoners' testimony.

Plaintiffs are correct that they need not provide a "play-by-play of their planned witness testimony." (Doc. 4011-8 at 2). But Plaintiffs' disclosures do not provide any detail that will enable Defendants to determine how to prioritize which prisoners to depose and what subjects each witness might discuss. And given the compressed discovery schedule and the need to prioritize, Defendants are entitled to sufficient

information regarding each prisoner so Defendants can decide whether to take that prisoner's deposition. An additional disclosure requirement will not be onerous because, at this point, Plaintiffs surely know the general scope of testimony for each prisoner witness. That said, the Court will not delineate the precise supplement Plaintiffs must provide. Rather, Defendants must identify the topics they would like Plaintiffs to supplement (*e.g.*, identifying the particular medical condition the witness will discuss, the witness's general concerns about health care delivery, or the particular conditions of confinement in maximum custody the witness believes are onerous). Once Defendants provide the additional topics, Plaintiffs must provide supplemental disclosures within 3 days.

### 2. Dr. Platt

Dr. Platt is Centurion's former Mental Health Director; she left that role within the last "couple of months." The deadline to disclose fact witnesses was September 10, 2021, but Plaintiffs did not disclose Dr. Platt as a fact witness until September 17, 2021. The parties disagree whether Dr. Platt's untimely disclosure should prevent Plaintiffs from calling her as a witness.

According to Plaintiffs, they disclosed Dr. Platt as soon as they learned she had been replaced by a different doctor. (Doc. 4011 at 4). It does appear that Plaintiffs disclosed Dr. Platt immediately upon learning she had left her role as Mental Health Director. But even assuming Plaintiffs' disclosure was untimely, Defendants have not established any prejudice. If, however, Defendants can establish such prejudice, striking Dr. Platt, or some other sanctions, may be appropriate. At present, no such relief is merited and Dr. Platt will not be stricken.

### 3. Expert Report Supplementation

Finally, the parties raise a dispute regarding supplementation of Plaintiffs' experts' reports. Plaintiffs' experts' reports are currently due on Saturday, October 9, 2021. Fact discovery and depositions of witnesses, however, continue through October 15, 2021, and Plaintiffs announced their intention to supplement their experts' reports after receiving

information from the depositions that occur after October 9. Defendants object and contend because Plaintiffs "elected" not to depose witnesses until after the October 9, 2021, supplementation of evidence discovered after that date should be prohibited.

There is at least one problem with Defendants' argument: Defendants' bear significant responsibility for Plaintiffs' inability to depose critical witnesses prior to October 9, 2021. Defendants cannot fail to produce a witness prior to October 9, 2021, and then attempt to prevent Plaintiffs' experts' from relying on that witness's testimony to form their opinions. Limited supplementation will be permitted.

Defendants' experts must have an opportunity to digest Plaintiffs' experts' reports (as supplemented) in time to produce their own rebuttal reports on October 22. For this reason, Plaintiffs' experts may supplement their reports through midnight on October 18, 2021, with information obtained between October 9, 2021, through October 15, 2021. Plaintiffs are still required to produce initial expert reports on October 9, 2021, and those expert reports must be as complete as possible.

**IT IS THEREFORE ORDERED** Defendants may request Plaintiffs supplement the anticipated testimony of their prisoner witnesses by identifying the particular type of supplementation Defendants seek and Plaintiffs must then provide the requested supplement within 3 days of the request.

**IT IS FURTHER ORDERED** the Court declines to strike Dr. Platt from Plaintiffs' witness disclosure list. If Defendants can establish prejudice from her inclusion, they may file a motion to strike her within 5 days of this Order, the response must be filed within 5 days of the motion, and the reply within three days of the response.

…

…

…

…

…

…

**IT IS FURTHER ORDERED** Plaintiffs' experts may supplement their reports through midnight on **October 18, 2021**, with information obtained between October 9, 2021, through October 15, 2021.

Dated this 1st day of October, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge