**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

According to Plaintiffs, seven of the originally named plaintiffs are no longer in custody. Based on that, Plaintiffs seek leave to replace those seven named plaintiffs with six different class members presently in custody. (Doc. 4006). Plaintiffs argue they "are entitled to add [named] class members to ensure that their interests are adequately represented at trial." (Doc. 4006 at 2). Defendants oppose the motion, arguing there is no need for additional named plaintiffs. Defendants also claim they will suffer prejudice if the motion is granted. The Court is not confident additional named plaintiffs are needed but the Court is also skeptical Defendants will be prejudiced should additional plaintiffs be allowed.

In their briefing, the parties refer to the addition of named plaintiffs as possibly linked to "mootness" issues. In general, after a class is certified, it is irrelevant whether a named representative's claim has become moot. *See Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1048 (9th Cir. 2014) ("If the district court certifies a class before the plaintiff's claim becomes moot, mooting the putative class representative's

claim will not moot the class action."). Thus, the parties' references to "mootness," without additional explanation, do not advance the inquiry.[1] Moreover, Plaintiffs have not provided a clear explanation why they believe it is necessary or appropriate to add more named plaintiffs. In particular, Plaintiffs have not explained how the evidence at trial will differ if their motion is granted or denied. All that can be discerned from the motion is that Plaintiffs believe it would be advantageous, in some unidentified way, to include additional individuals as named plaintiffs.

Defendants attempt to prevent the addition of named plaintiffs by arguing it would be prejudicial. According to Defendants, if new named plaintiffs are allowed, Defendants "will have to depose" them. (Doc. 4015 at 2). But, as Plaintiffs point out in their reply, Defendants have already stated they plan on deposing these individuals, as they were listed as prisoner witnesses for Plaintiffs. (Doc. 4017 at 4). In other words, Defendants are going to take the depositions regardless whether the present motion is granted or denied. Defendants will not be prejudiced by an order that results in Defendants taking depositions they have already decided to take.

At bottom, the addition of more named plaintiffs appears unlikely to have much of an impact on this case but, most importantly, there is no obvious legal or factual detrimental impact on Defendants. Because the parties' current briefing does not provide a sufficiently clear basis for the Court to reach a decision, the parties will be required to further explain their positions. Defendants will be required to file a supplemental brief identifying a legitimate cognizable legal and factual basis for opposing the addition of named plaintiffs. If no brief is filed, the Court will grant the motion. Alternatively, if a brief is filed, Plaintiffs shall file a responsive brief. In drafting this briefing, the parties should explain whether there is any possibility the addition of named plaintiffs is jurisdictionally necessary for trial or appeal purposes. Assuming the addition is not legally necessary, the parties should also address how adding named plaintiffs will

---

[1] While the parties use the term "mootness," perhaps they are referencing the need for the named plaintiffs to qualify as adequate representatives. *See Irvin v. Harris*, 944 F.3d 63, 71 (2d Cir. 2019) (reversing order vacating judgment in class action challenging medical care at prison because prisoner class had inadequate representative at crucial time).

impact the parties' trial preparation and presentation.

Accordingly,

**IT IS ORDERED** no later than **October 8, 2021**, Defendants shall file a supplemental brief explaining the basis for their opposition to the motion to add named plaintiffs. If a brief is filed, no later than **October 12, 2021**, Plaintiffs shall file a response. Each brief shall be no more than four pages. No reply is allowed.

**IT IS FURTHER ORDERED** the Motion to Order all ADOC Employees Vaccinated (Doc. 4010) is **DENIED**.

Dated this 5th day of October, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge