**EXHIBIT 1**

**EXHIBIT 1**

Victoria López (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: vlopez@acluaz.org
        jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br><br> **PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Under Federal Rules of Civil Procedure 26, 33, and 34, as well as the Court's scheduling order, (Doc. 3931), and the Court's order on the timeline for responding to discovery requests, (Doc. 3940), Plaintiffs respond to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents as follows.

**General Objections**

1.      Under the Court's scheduling order, (Doc. 3931), discovery in this action is ongoing. Plaintiffs have not yet completed their investigation of all of the issues raised in this case. Plaintiffs are responding to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents within the timeframe established by the Court, (Doc. 3940), based on the information, documents, and materials that are known or reasonably available to them on this date. Plaintiffs expressly reserve the right to revise, modify, clarify, or supplement these responses as new information becomes available. [*See also* Doc. 3931 (requiring final supplementation of all discovery by October 25, 2021)] Plaintiffs' responses are provided without prejudice to their right to make use of or to introduce information, documents, or materials at any proceeding in this action that are discovered after the date that they serve these responses.

2.      Plaintiffs object to the term "Healthcare" because Defendants defined it twice using different definitions and at least one of the definitions is inaccurate. First, Defendants defined "Healthcare" as "includ[ing] medical care, dental care, mental health care, and pharmacy services, the alleged denial of which forms the basis of this lawsuit, unless otherwise specified." But Plaintiffs are not alleging that Defendants are completely denying them medical care, dental care, mental health care, and pharmacy services. They are alleging that Defendants are providing constitutionally inadequate health care, which includes medical care, dental care, mental health care, and pharmacy services. Second, Defendants defined "Healthcare" as "the events [that] occurred relating to the delivery of healthcare services, including but not limited to medical care, dental care, mental health care, and pharmacy services." It is unclear from this definition whether "including but not limited to" is meant to capture other forms of health care, and if so, which forms.

3.     Plaintiffs object to each interrogatory that contains multiple subparts that, under Federal Rule of Civil Procedure 33(a)(1), each count as one interrogatory.

4.     Plaintiffs object to each interrogatory and request for production of documents that seeks information, documents, or materials that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable statute, rule, privilege, or doctrine. Such information will not be provided in response to any interrogatory or request for production of documents. Any disclosure of such information will be deemed inadvertent and will not constitute a waiver.

5.     The above General Objections are incorporated by reference into each of the individual responses below. The assertion of the same, similar, or additional objections to any individual interrogatory or request for production of documents does not waive any of the General Objections that are common to all of Defendants' interrogatories and requests for production of documents.

**Individual Interrogatories**

**Interrogatory No. 1**:

Identify every fact witness you may or will use to present testimony or other evidence in this matter, whether in a motion, at trial, or at any hearing or deposition in this matter, and state in detail both the subject matter and the substance of each person's anticipated testimony.

**Response to Interrogatory No. 1**:

Plaintiffs incorporate their General Objections into this response. Discovery and investigation in this action are ongoing, and Plaintiffs have not yet decided which witnesses they may call at trial. The Court's scheduling order, (Doc. 3931), required the parties to initially disclose anticipated fact witnesses by September 10. Plaintiffs complied and served their Initial Trial Disclosure Statement on September 10, the First Supplement to their Initial Trial Disclosure Statement on September 17, the Second Supplement to their Initial Trial Disclosure Statement on September 24, and the Third Supplement to their Initial Trial Disclosure Statement on October 1. The Court's scheduling order allows

the parties to supplement their discovery responses by no later than October 25. Plaintiffs are therefore responding to this interrogatory based on the information that is known or reasonably available to them on this date, but they also expressly reserve their right to supplement their response by October 25.

Subject to and without waiving the foregoing objections, Plaintiffs incorporate here all of the "anticipated fact witnesses" and the descriptions of those witnesses' testimony that they disclosed in the Third Supplement to their Initial Trial Disclosure Statement that they served on Defendants on October 1.

**Interrogatory No. 2**:

Identify every expert witness you may or will use to present testimony or other evidence in this matter, whether in a motion, at trial, or at any hearing or deposition in this matter, and state in detail the substance of each person's anticipated testimony.

**Response to Interrogatory No. 2**:

Plaintiffs incorporate their General Objections into this response. Plaintiffs disclosed their anticipated expert witnesses when they served their Initial Trial Disclosure Statement on September 10, the First Supplement to their Initial Trial Disclosure Statement on September 17, the Second Supplement to their Initial Trial Disclosure Statement on September 24, and the Third Supplement to their Initial Trial Disclosure Statement on October 1. The Court's scheduling order, (Doc. 3931), allows the parties to supplement their discovery responses by no later than October 25. Plaintiffs are therefore responding to this interrogatory based on the information that is known or reasonably available to them on this date, but they also expressly reserve their right to supplement their response by October 25. In addition, the Court's scheduling order requires Plaintiffs to disclose all of their experts' reports by no later than October 9. Plaintiffs object to this interrogatory because it seeks to compel Plaintiffs, before the Court-ordered October 9 deadline, to provide "the substance of each [expert witness's] anticipated testimony."

1   Plaintiffs will provide the substance of each expert witness's anticipated testimony in
2   accordance with the Court's schedule.

3       Subject to and without waiving the foregoing objections, Plaintiffs incorporate here
4   all of the "anticipated expert witnesses" and the descriptions of those witnesses' testimony
5   that they disclosed in the Third Supplement to their Initial Trial Disclosure Statement that
6   they served on Defendants on October 1. Plaintiffs will disclose all of their experts'
7   reports by the Court-ordered October 9 deadline.

8

9   **Interrogatory No. 3**:

10      Describe in detail each and every person/entity you, your legal counsel, or
11  investigators acting on your behalf (including your experts and their assistants), have
12  interviewed or obtained statements from in preparation for trial. For each response,
13  provide the person/entity's name, address, telephone number, and all facts obtained from
14  the individual.

15  **Response to Interrogatory No. 3**:

16      Plaintiffs incorporate their General Objections into this response. Plaintiffs object
17  to the extent that this interrogatory seeks information that is protected from disclosure by
18  the attorney-client privilege, the work product doctrine, the protections for draft expert
19  reports and communications with expert witnesses set out in Federal Rule of Civil
20  Procedure 26(b)(3) and (4), or any other applicable privilege or doctrine. To the extent
21  that a person or entity may testify at trial, Plaintiffs have disclosed or intend to disclose
22  those names in accordance with the Court's schedule for disclosure of trial witnesses. And
23  to the extent that an expert witness relies on information gained from a particular person
24  or entity to reach an opinion for trial, Plaintiffs intend to comply with Federal Rule of
25  Civil Procedure 26's requirements for expert reports. Such information will not be
26  provided in response to this interrogatory.

27      Subject to and without waiving the foregoing objections, Plaintiffs respond as
28  follows. Plaintiffs' counsel has interviewed various people to prepare for trial. To the

extent that those interviews were with current incarcerated people, Defendants as a practical matter already know the identities of those people because Plaintiffs needed to coordinate with Defendants to meet with their clients. Plaintiffs also incorporate here all of the "anticipated fact witnesses" and the descriptions of those witnesses' testimony that they disclosed in the Third Supplement to their Initial Trial Disclosure Statement that they served on Defendants on October 1. Plaintiffs also incorporate here all of the "anticipated expert witnesses" and the descriptions of those witnesses' testimony that they disclosed in the Third Supplement to their Initial Trial Disclosure Statement that they served on Defendants on October 1. Plaintiffs will disclose all of their experts' reports by the Court-ordered October 9 deadline. Lastly, Plaintiffs incorporate here all of the "anticipated documents to be used at trial" that they disclosed in the Third Supplement to their Initial Trial Disclosure Statement that they served on Defendants on October 1.

**Interrogatory No. 4**:

Identify each and every document (including on eOMIS) your experts have used in the development of their expert reports, anticipated testimony, or for any other purpose in this matter, including all journals, diaries, chronologies, notes, memos, letters, correspondences, emails, text messages, instant messages, receipts, formal or informal complaints, or other documents drafted by you, or anyone on your behalf, or that you or your expert received, that refer to, describe, or document the information concerning this litigation in preparation for trial.

**Response to Interrogatory No. 4**:

Plaintiffs incorporate their General Objections into this response. Plaintiffs object because this interrogatory seeks information that is protected from disclosure by the attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(3) and (4). Such information will not be provided in response to this interrogatory. Beyond that, the Court's scheduling order, (Doc. 3931), requires Plaintiffs to disclose all of their experts' reports by no later than October 9. Plaintiffs object to this interrogatory to the

extent that it seeks to compel Plaintiffs, before the Court-ordered October 9 deadline, to provide information, documents, or materials that they will provide with their experts' reports. Such information will not be provided in response to this interrogatory before October 9.

Subject to and without waiving the foregoing objections, Plaintiffs respond that they will disclose all of their experts' reports by the Court-ordered October 9 deadline.

**Interrogatory No. 5**:

Identify each and every document (including on eOMIS) your experts' assistants have used in the development of your experts' reports or for any other purpose in this matter, including all journals, diaries, chronologies, notes, memos, letters, correspondences, emails, text messages, instant messages, receipts, formal or informal complaints, or other documents drafted by you, or anyone on your behalf, or that you or your expert received, that refer to, describe, or document the information concerning this litigation in preparation for trial for trial [sic].

**Response to Interrogatory No. 5**:

Plaintiffs incorporate their General Objections into this response. Plaintiffs object because this interrogatory seeks information that is protected from disclosure by the attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(3) and (4). Such information will not be provided in response to this interrogatory. Beyond that, the Court's scheduling order, (Doc. 3931), requires Plaintiffs to disclose all of their experts' reports by no later than October 9. Plaintiffs object to this interrogatory to the extent that it seeks to compel Plaintiffs, before the Court-ordered October 9 deadline, to provide information, documents, or materials that they will provide with their experts' reports. Plaintiffs intend to provide information in their expert reports as required by Federal Rule of Civil Procedure 26 and in accordance with the Court's scheduling order. Such information will not be provided in response to this interrogatory before October 9.

Subject to and without waiving the foregoing objections, Plaintiffs respond that they will disclose all of their experts' reports by the Court-ordered October 9 deadline.

**Interrogatory No. 6**:

Identify each witness and/or document you will utilize, including for impeachment purposes, at trial or any hearing or deposition in this matter, and state in detail the substance of each person's anticipated testimony.

**Response to Interrogatory No. 6**:

Plaintiffs incorporate their General Objections into this response. Discovery and investigation in this action are ongoing, and Plaintiffs have not yet decided which witnesses they may call at trial and the precise testimony of each witness (especially for impeachment, which may depend on the substance of Defendants' witnesses' testimony). The Court's scheduling order, (Doc. 3931), required the parties to initially disclose anticipated fact witnesses and documents to be used at trial by September 10. Plaintiffs complied and served their Initial Trial Disclosure Statement on September 10, the First Supplement to their Initial Trial Disclosure Statement on September 17, the Second Supplement to their Initial Trial Disclosure Statement on September 24, and the Third Supplement to their Initial Trial Disclosure Statement on October 1. In addition, Plaintiffs disclosed their anticipated expert witnesses when they served their Initial Trial Disclosure Statement, the First Supplement to their Initial Trial Disclosure Statement, the Second Supplement to their Initial Trial Disclosure Statement, and the Third Supplement to their Initial Trial Disclosure Statement. The Court's scheduling order allows the parties to supplement their discovery responses by no later than October 25. Plaintiffs will therefore respond to this interrogatory based on the information that will be known or reasonably available to them on the date that they serve their discovery responses, but they also expressly reserve their right to supplement their response by October 25.

Subject to and without waiving the foregoing objections, Plaintiffs incorporate here all of the "anticipated fact witnesses" and the descriptions of those witnesses' testimony

that they disclosed in the Third Supplement to their Initial Trial Disclosure Statement that they served on Defendants on October 1. Plaintiffs also incorporate here all of the "anticipated expert witnesses" and the descriptions of those witnesses' testimony that they disclosed in the Third Supplement to their Initial Trial Disclosure Statement that they served on Defendants on October 1. Plaintiffs will disclose all of their experts' reports by the Court-ordered October 9 deadline. Lastly, Plaintiffs incorporate here all of the "anticipated documents to be used at trial" that they disclosed in the Third Supplement to their Initial Trial Disclosure Statement that they served on Defendants on October 1.

**Interrogatory No. 7**:

Identify any statements or admissions Plaintiffs intend to introduce or use in support of a motion, hearing, or trial under Fed. R. Evid. 801(d)(2), by any employee or former employee of ADCRR or a health care provider, including the name of the person who made the statement, the date/time of the statement, and all persons present when the statement was made.

**Response to Interrogatory No. 7**:

Plaintiffs incorporate their General Objections into this response. Discovery and investigation in this action are ongoing, and Plaintiffs have not yet decided which evidence they may use at trial. Plaintiffs object to this interrogatory because it exceeds the Court's requirements for pretrial disclosures, which nowhere contemplate the burdensome process of disclosing every "statement" that may be introduced at trial. Plaintiffs intend to comply with the Court's scheduling order and pretrial deadlines. Plaintiffs also object to this interrogatory as unduly burdensome because it requests any statement or admission for any motion, hearing, or trial. Plaintiffs similarly object to this request as calling for information that is in Defendants' possession; indeed, Defendants know their own statements and do not need Plaintiffs to provide that information back to Defendants in an interrogatory response. Plaintiffs are willing to meet and confer about this interrogatory.

1    Subject to and without waiving the foregoing objections, Plaintiffs respond that
2    statements by class members may be presented at trial through witness testimony and/or
3    documentary evidence. Plaintiffs have already disclosed the identities and subject matter
4    of the testimony for their witnesses (*see, e.g.*, all of the "anticipated fact witnesses" and all
5    of the "anticipated expert witnesses" and the descriptions of those witnesses' testimony
6    that Plaintiffs disclosed in the Third Supplement to their Initial Trial Disclosure Statement
7    that they served on Defendants on October 1), and Defendants already possess documents
8    that may contain statements by class members related to requesting or receiving health
9    care or requests for protection from or during isolation. Plaintiffs also respond that
10   Defendants or their agents already possess information about statements or admissions by
11   their employees relevant to this litigation. Plaintiffs refer Defendants as a start to
12   statements by their employees in past or upcoming depositions, as well as in Defendants'
13   own documents. Plaintiffs also will continue to comply with the Court's scheduling order
14   and pretrial disclosure deadlines and requirements.

15

16   **Individual Requests for Production of Documents**
17   **Request for Production No. 1**:

18   Produce all documents or things you have not previously disclosed or produced,
19   and that you may or will use at trial or any hearing or deposition in this matter for
20   impeachment purposes.

21   **Response to Request for Production No. 1**:

22   Plaintiffs incorporate their General Objections into this response. Discovery and
23   investigation in this action are ongoing, and Plaintiffs have not yet decided which
24   evidence they may use at trial. The use of documents for impeachment purposes depends
25   on the substance of the testimony to be impeached. Plaintiffs also object to this request to
26   the extent that it requests the production of documents in Defendants' or its contractors' or
27   other agents' possession or control. Further, the Court's scheduling order, (Doc. 3931),
28   required the parties to initially disclose documents to be used at trial by September 10.

Plaintiffs complied and served their Initial Trial Disclosure Statement on September 10, the First Supplement to their Initial Trial Disclosure Statement on September 17, the Second Supplement to their Initial Trial Disclosure Statement on September 24, and the Third Supplement to their Initial Trial Disclosure Statement on October 1. The Court's scheduling order allows the parties to supplement their discovery responses by no later than October 25. Plaintiffs are therefore producing responsive documents based on the information that is known or reasonably available to them on this date, but they also expressly reserve their right to supplement their response and produce other responsive documents by October 25.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to conduct a reasonable search for documents in their possession, custody, or control that they currently know that they will use at trial or deposition and that are not already in Defendants' possession. Plaintiffs therefore incorporate here all of the "anticipated documents to be used at trial" that they disclosed in the Third Supplement to their Initial Trial Disclosure Statement that they served on Defendants on October 1. Plaintiffs are also producing with this response the following documents: PLTFS000001– PLTFS001696.

**Request for Production No. 2**:

Produce all declarations, affidavits, or other statements that you may or will use at trial in this matter.

**Response to Request for Production No. 2**:

Plaintiffs incorporate their General Objections into this response. Discovery and investigation in this action are ongoing, and Plaintiffs have not yet decided which evidence they may use at trial. Plaintiffs also object to this request to the extent that it requests the production of documents in Defendants' or its contractors' or other agents' possession or control. Further, the Court's scheduling order, (Doc. 3931), required the parties to initially disclose documents to be used at trial by September 10. Plaintiffs

complied and served their Initial Trial Disclosure Statement on September 10, the First Supplement to their Initial Trial Disclosure Statement on September 17, the Second Supplement to their Initial Trial Disclosure Statement on September 24, and the Third Supplement to their Initial Trial Disclosure Statement on October 1. The Court's scheduling order allows the parties to supplement their discovery responses by no later than October 25. Plaintiffs are therefore producing responsive documents based on the information that is known or reasonably available to them on this date, but they also expressly reserve their right to supplement their response and produce other responsive documents by October 25.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to conduct a reasonable search for written declarations, affidavits, or other statements in their possession, custody, or control that they currently know that they will use at trial or deposition and that are not already in Defendants' possession. Plaintiffs therefore incorporate here all of the "anticipated documents to be used at trial" that they disclosed in the Third Supplement to their Initial Trial Disclosure Statement that they served on Defendants on October 1. Plaintiffs are also producing with this response the following documents: PLTFS000001–PLTFS001696.

**Request for Production No. 3**:

Produce all physical evidence (or copies thereof) you will utilize during this litigation (including motion practice, depositions, hearings, or trial).

**Response to Request for Production No. 3**:

Plaintiffs incorporate their General Objections into this response. Plaintiffs also object because "physical evidence" is vague and undefined. Defendants fail to explain how it is different than the request in Request for Production No. 1 for "documents or things." That is especially so given Defendants' very broad definition of "documents."

Beyond that, discovery and investigation in this action are ongoing, and Plaintiffs have not yet decided which evidence they may use at trial. Plaintiffs also object to this

1   request to the extent that it requests the production of documents in Defendants' or its

2   contractors' or other agents' possession or control.

3        Finally, the Court's scheduling order, (Doc. 3931), required the parties to initially

4   disclose documents to be used at trial by September 10. Plaintiffs complied and served

5   their Initial Trial Disclosure Statement on September 10, the First Supplement to their

6   Initial Trial Disclosure Statement on September 17, the Second Supplement to their Initial

7   Trial Disclosure Statement on September 24, and the Third Supplement to their Initial

8   Trial Disclosure Statement on October 1. The Court's scheduling order allows the parties

9   to supplement their discovery responses by no later than October 25. Plaintiffs are

10  therefore producing responsive documents based on the information that is known or

11  reasonably available to them on this date, but they also expressly reserve their right to

12  supplement their response and produce other responsive documents by October 25.

13       Subject to and without waiving the foregoing objections, Plaintiffs are willing to

14  conduct a reasonable search for physical evidence in their possession, custody, or control

15  that they currently know that they will use at trial or deposition and that is not already in

16  Defendants' possession. Plaintiffs therefore incorporate here all of the "anticipated

17  documents to be used at trial" that they disclosed in the Third Supplement to their Initial

18  Trial Disclosure Statement that they served on Defendants on October 1. Plaintiffs are

19  also producing with this response the following documents: PLTFS000001–

20  PLTFS001696.

21

22  **Request for Production No. 4**:

23       Produce all documents you may or will use in this case, whether in support of a

24  motion or at a hearing, deposition, or trial, as admissions pursuant to Fed. R.

25  Evid. 801(d)(2).

26  **Response to Request for Production No. 4**:

27       Plaintiffs incorporate their General Objections into this response. Discovery and

28  investigation in this action are ongoing, and Plaintiffs have not yet decided which

evidence they may use at trial. Plaintiffs also object to this request because it is unduly burdensome and beyond the scope of the Court's scheduling order. [*See* Doc. 3931] Plaintiffs additionally object to the extent that this request seeks the production of documents in Defendants' or its contractors' or other agents' possession or control. Further, the Court's scheduling order, (Doc. 3931), required the parties to initially disclose documents to be used at trial by September 10. Plaintiffs complied and served their Initial Trial Disclosure Statement on September 10, the First Supplement to their Initial Trial Disclosure Statement on September 17, the Second Supplement to their Initial Trial Disclosure Statement on September 24, and the Third Supplement to their Initial Trial Disclosure Statement on October 1. The Court's scheduling order allows the parties to supplement their discovery responses by no later than October 25. Plaintiffs are therefore producing responsive documents based on the information that is known or reasonably available to them on this date, but they also expressly reserve their right to supplement their response and produce other responsive documents by October 25.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to conduct a reasonable search for documents in their possession, custody, or control that they currently know that they will use at trial or deposition and that are not already in Defendants' possession. Plaintiffs therefore incorporate here all of the "anticipated documents to be used at trial" that they disclosed in the Third Supplement to their Initial Trial Disclosure Statement that they served on Defendants on October 1. Plaintiffs are also producing with this response the following documents: PLTFS000001–PLTFS001696.

**Request for Production No. 5**:

For any criticism of Defendants' policies, practice, or procedures (or alleged lack thereof) that you made in Plaintiffs' Complaint or in response to Defendants' Interrogatories, produce all evidence you will use to support each of these claims at trial.

1  **Response to Request for Production No. 5**:

2      Plaintiffs incorporate their General Objections into this response. Discovery and

3  investigation in this action are ongoing, and Plaintiffs have not yet decided which

4  evidence they may use at trial. Plaintiffs also object to this request to the extent that it

5  requests the production of documents in Defendants' or its contractors' or other agents'

6  possession or control. Further, the Court's scheduling order, (Doc. 3931), required the

7  parties to initially disclose documents to be used at trial by September 10. Plaintiffs

8  complied and served their Initial Trial Disclosure Statement on September 10, the First

9  Supplement to their Initial Trial Disclosure Statement on September 17, the Second

10  Supplement to their Initial Trial Disclosure Statement on September 24, and the Third

11  Supplement to their Initial Trial Disclosure Statement on October 1. The Court's

12  scheduling order allows the parties to supplement their discovery responses by no later

13  than October 25. Plaintiffs are therefore producing responsive documents based on the

14  information that is known or reasonably available to them on this date, but they also

15  expressly reserve their right to supplement their response and produce other responsive

16  documents by October 25.

17      Subject to and without waiving the foregoing objections, Plaintiffs are willing to

18  conduct a reasonable search for responsive documents in their possession, custody, or

19  control that they currently know that they will use at trial or deposition and that are not

20  already in Defendants' possession. Plaintiffs therefore incorporate here all of the

21  "anticipated documents to be used at trial" that they disclosed in the Third Supplement to

22  their Initial Trial Disclosure Statement that they served on Defendants on October 1.

23  Plaintiffs are also producing with this response the following documents: PLTFS000001–

24  PLTFS001696.

25

26  **Request for Production No. 6**:

27      To the extent allowable under Fed. R. Civ. P. 26, produce all documents your

28  experts have used in the development of their expert reports, anticipated witness

testimony, or for any other purpose in this matter, including all journals, diaries, chronologies, notes, memos, letters, correspondences, emails, text messages, instant messages, receipts, formal or informal complaints, or other documents drafted by you, or anyone on your behalf, or that you received, that refer to, describe, or document the information in their expert reports or anticipated witness testimony.

**Response to Request for Production No. 6**:

Plaintiffs incorporate their General Objections into this response. Plaintiffs object to this request to the extent that it seeks information that is or should have been in the possession or control of Defendants, their contractors, or their agents, as well as information that is otherwise readily available to Defendants. Plaintiffs also object to the extent that this request seeks the production of documents that are protected from disclosure by the attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(3) and (4). Such documents will not be produced in response to this request. Beyond that, the Court's scheduling order, (Doc. 3931), requires Plaintiffs to disclose all of their experts' reports by no later than October 9. Plaintiffs object to this request to the extent that it seeks to compel Plaintiffs, before the Court-ordered October 9 deadline, to provide information, documents, or materials that they will provide with their experts' reports. Plaintiffs intend to comply with their expert report obligations under Federal Rule of Civil Procedure 26 and the Court's scheduling order.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to produce relevant responsive documents that are not protected by the attorney-client privilege, the work product doctrine, or Federal Rules of Civil Procedure 26(b)(3) and (4) and that are not already in Defendants' possession, custody, or control. Plaintiffs incorporate here all of the "anticipated documents to be used at trial" that they disclosed in the Third Supplement to their Initial Trial Disclosure Statement that they served on Defendants on October 1. Plaintiffs are also producing with this response the following documents: PLTFS000001–PLTFS001696. Beyond that, Plaintiffs will disclose all of their experts' reports by the Court-ordered October 9 deadline.

**Request for Production No. 7**:

To the extent allowable under Fed. R. Civ. P. 26, produce all documents your experts' assistants have used in the development of your experts' reports or for any other purpose in this matter, including all journals, diaries, chronologies, notes, memos, letters, correspondences, emails, text messages, instant messages, receipts, formal or informal complaints, or other documents drafted by you, or anyone on your behalf, or that you or your expert received, that refer to, describe, or document the information concerning this litigation in preparation for trial.

**Response to Request for Production No. 7**:

Plaintiffs incorporate their General Objections into this response. Plaintiffs object to this request to the extent that it seeks information that is or should have been in the possession or control of Defendants, their contractors, or their agents, as well as information that is otherwise readily available to Defendants. Plaintiffs also object to the extent that this request seeks the production of documents that are protected from disclosure by the attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(3) and (4). Such documents will not be produced in response to this request. Beyond that, the Court's scheduling order, (Doc. 3931), requires Plaintiffs to disclose all of their experts' reports by no later than October 9. Plaintiffs object to this request to the extent that it seeks to compel Plaintiffs, before the Court-ordered October 9 deadline, to provide information, documents, or materials that they will provide with their experts' reports. Plaintiffs intend to comply with their expert report obligations under Federal Rule of Civil Procedure 26 and the Court's scheduling order.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to produce relevant responsive documents that are not protected by the attorney-client privilege, the work product doctrine, or Federal Rules of Civil Procedure 26(b)(3) and (4) and that are not already in Defendants' possession, custody, or control. Plaintiffs incorporate here all of the "anticipated documents to be used at trial" that they disclosed in the Third Supplement to their Initial Trial Disclosure Statement that they served on

Defendants on October 1. Plaintiffs are also producing with this response the following documents: PLTFS000001–PLTFS001696. Beyond that, Plaintiffs will disclose all of their experts' reports by the Court-ordered October 9 deadline.

**Request for Production No. 8**:

Produce all documents your fact witnesses will be using to support their anticipated witness testimony, including all journals, diaries, chronologies, notes, memos, letters, correspondences, emails, text messages, instant messages, receipts, formal or informal complaints, or other documents drafted by you, or anyone on your behalf, or that you received, that refer to, describe, or document the information in their anticipated witness testimony.

**Response to Request for Production No. 8**:

Plaintiffs incorporate their General Objections into this response. Discovery and investigation in this action are ongoing, and Plaintiffs have not yet decided which witnesses they may call at trial. Plaintiffs also object to this request because it is unduly burdensome and beyond the scope of the Court's scheduling order. [*See* Doc. 3931] Plaintiffs additionally object to this request to the extent that it seeks information that is or should have been in the possession or control of Defendants, their contractors, or their agents, as well as information that is otherwise readily available to Defendants. Further, the Court's scheduling order, (Doc. 3931), required the parties to initially disclose documents to be used at trial by September 10. Plaintiffs complied and served their Initial Trial Disclosure Statement on September 10, the First Supplement to their Initial Trial Disclosure Statement on September 17, the Second Supplement to their Initial Trial Disclosure Statement on September 24, and the Third Supplement to their Initial Trial Disclosure Statement on October 1. The Court's scheduling order allows the parties to supplement their discovery responses by no later than October 25. Plaintiffs are therefore producing responsive documents based on the information that is known or reasonably

available to them on this date, but they also expressly reserve their right to supplement their response and produce other responsive documents by October 25.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to conduct a reasonable search for documents in their possession, custody, or control that they currently know that their witnesses will use at trial. Plaintiffs incorporate here all of the "anticipated documents to be used at trial" that they disclosed in the Third Supplement to their Initial Trial Disclosure Statement that they served on Defendants on October 1. Plaintiffs are also producing with this response the following documents: PLTFS000001–PLTFS001696.

Dated: October 5, 2021                    **PERKINS COIE LLP**


By:  s/ Austin C. Yost
     Daniel C. Barr (Bar No. 010149)
     John H. Gray (Bar No. 028107)
     Austin C. Yost (Bar No. 034602)
     Karl J. Worsham (Bar No. 035713)
     Kathryn E. Boughton (Bar No. 036105)
     Mikaela N. Colby (Bar No. 035667)
     Kelly Soldati (Bar No. 036727)
     2901 N. Central Avenue, Suite 2000
     Phoenix, Arizona 85012
     Telephone:  (602) 351-8000
     Email:    dbarr@perkinscoie.com
               jhgray@perkinscoie.com
               ayost@perkinscoie.com
               kworsham@perkinscoie.com
               kboughton@perkinscoie.com
               mcolby@perkinscoie.com
               ksoldati@perkinscoie.com
               phxdocket@perkinscoie.com

     David C. Fathi (Wash. 24893)**
     Maria V. Morris (D.C. 1697904)*
     Eunice Hyunhye Cho (Wash. 53711)**
     **ACLU NATIONAL PRISON
     PROJECT**
     915 15th Street N.W., 7th Floor
     Washington, D.C. 20005
     Telephone:  (202) 548-6603
     Email:    dfathi@aclu.org
               mmorris@aclu.org
               echo@aclu.org

Corene Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON PROJECT**
39 Drumm Street
San Francisco, California 94111
Telephone:  (202) 393-4930
Email:     ckendrick@aclu.org

*Admitted *pro hac vice*
**Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Rita K. Lomio (Cal. 254501)*
Sophie Hart (Cal. 321663)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:     dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           snorman@prisonlaw.com
           rlomio@prisonlaw.com
           sophieh@prisonlaw.com

*Admitted *pro hac vice*

Victoria López (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:     vlopez@acluaz.org
           jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

**ARIZONA CENTER FOR DISABILITY LAW**

By:  s/ Maya Abela
    Asim Dietrich (Bar No. 027927)
    5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
    Telephone:  (602) 274-6287
    Email:    adietrich@azdisabilitylaw.org

    Rose A. Daly-Rooney (Bar No. 015690)
    J.J. Rico (Bar No. 021292)
    Maya Abela (Bar No. 027232)
    177 North Church Avenue, Suite 800
    Tucson, Arizona 85701
    Telephone:  (520) 327-9547
    Email:  rdalyrooney@azdisabilitylaw.org
          jrico@azdisabilitylaw.org
          mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Certificate of Service**

I certify that, on October 5, 2021, I transmitted the above document through email to the following:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com

*Attorneys for Defendants*

 s/ D. Freouf