# EXHIBIT 1

# Corene Kendrick

**From:**          Gray, John H. (Perkins Coie) <JHGray@perkinscoie.com>
**Sent:**          Friday, October 1, 2021 6:00 PM
**To:**            Anne Orcutt; External - Austin Yost
**Cc:**            StruckLoveParsonsTeam; Parsons Trial
**Subject:**       RE: Parsons - Motion for Leave to Take Depositions


Anne,
Rule 30(a) requires a motion for leave to depose someone who is "confined in prison." Plaintiffs will not oppose that motion on the following conditions, which we don't anticipate will be controversial.

- Defendants work with Plaintiffs' counsel to allow counsel to meet with witnesses in-person at our request before the depositions;
- Although we do not object to Defendants conducting the depositions by Zoom, Defendants will work with Plaintiffs' counsel to allow counsel to attend the depositions in-person with the witnesses;
- Defendants certify that they will not retaliate against witnesses in any way related to their depositions, testimony, or participation in this litigation;
- Defendants make reasonable accommodations to allow the full and fair participation in the depositions of people with disabilities or medical or mental health conditions;
- Anyone in the deposition room with the witness be fully vaccinated for COVID-19 and wear a facemask;
- Defendants immediately supplement the record relating to their discovery dispute on Plaintiffs' fact witnesses (Doc. 4011) to inform the Court that Defendants plan to take the depositions of the listed class member witnesses and that Plaintiffs have agreed to stipulate to those depositions upon the above conditions – the existing discovery dispute is now outdated by implying that Defendants cannot depose these witnesses.

Please let us know Defendants' position, and we look forward to working with you to get these depositions on calendar.

**John Gray | Perkins Coie LLP**
1.602.351.8092
JHGray@perkinscoie.com

**From:** Anne Orcutt <AOrcutt@strucklove.com>
**Sent:** Friday, October 01, 2021 3:23 PM
**To:** Yost, Austin C. (PHX) <AYost@perkinscoie.com>; Gray, John H. (PHX) <JHGray@perkinscoie.com>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>; Parsons Trial <ParsonsTrial@aclu.org>
**Subject:** Parsons - Motion for Leave to Take Depositions

Hi Austin and John,

Based on Plaintiffs' position statement in the dispute on fact witness disclosures, in which you stated that Defendants should depose the 19 inmates on your disclosures if we want to know what specific subjects they will testify about, we are going to notice their depositions. We will set them to take place via Zoom the week of October 11th. Do Plaintiffs believe we need to file a motion for leave and seek approval to take these depositions? If so, we presume that you will not oppose the motion given that you suggested we take them.

Thanks,
Anne



Anne M. Orcutt
Of Counsel

**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**
3100 West Ray Road | Suite 300 | Chandler AZ 85226
480.420.1624 | aorcutt@strucklove.com | STRUCKLOVE.COM

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# EXHIBIT 2

1   DONALD SPECTER – 083925
    RITA K. LOMIO – 254501
2   MARGOT MENDELSON – 268583
    PRISON LAW OFFICE
3   1917 Fifth Street
    Berkeley, California  94710-1916
4   Telephone:    (510) 280-2621
    Facsimile:    (510) 280-2704
5
    MICHAEL W. BIEN – 096891
6   GAY C. GRUNFELD – 121944
    THOMAS NOLAN – 169692
7   PENNY GODBOLD – 226925
    MICHAEL FREEDMAN – 262850
8   ROSEN BIEN
    GALVAN & GRUNFELD LLP
9   101 Mission Street, Sixth Floor
    San Francisco, California  94105-1738
10  Telephone:    (415) 433-6830
    Facsimile:    (415) 433-7104
11
    LINDA D. KILB – 136101
12  DISABILITY RIGHTS EDUCATION &
    DEFENSE FUND, INC.
13  3075 Adeline Street, Suite 201
    Berkeley, California  94703
14  Telephone:    (510) 644-2555
    Facsimile:    (510) 841-8645
15
    Attorneys for Plaintiffs
16

17                  UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19

20  JOHN ARMSTRONG, et al.,                Case No. C94 2307 CW

21           Plaintiffs,                   **STIPULATION AND [PROPOSED]
                                           ORDER REGARDING DEPOSITIONS,
22       v.                                SAFETY PRECAUTIONS, FURTHER
                                           BRIEFING, AND HEARING**
23  GAVIN NEWSOM, et al.,
                                           Judge:   Claudia Wilken
24           Defendants.

25

26

27

28
    [3631474.1]                                      Case No. C94 2307 CW

1    On October 6, 2020, the Court conducted a hearing on Plaintiffs' Motion to Stop

2  Defendants from Assaulting, Abusing and Retaliating Against People with Disabilities

3  ("Statewide Motion"), Dkt. 2948.  *See* Minute Order, Dkt. 3123.  At the hearing, subject to

4  criteria identified on the record, the Court granted Defendants permission to conduct no

5  more than ten depositions of incarcerated people who submitted declarations on September

6  25, 2020 in support of Plaintiffs' Reply in Support of the Statewide Motion ("Reply"),

7  Dkts. 3110, 3110-1.  The Court ordered that the parties submit a stipulation by October 13,

8  2020 that sets forth deposition safety protocols, the names of the ten incarcerated people

9  Defendants will depose, deadlines for Defendants to file a sur-reply and for Plaintiffs to

10  file a response to Defendants' sur-reply, and an agreed upon date for a further hearing on

11  the Statewide Motion.

12    The parties hereby stipulate to the following:

13    1.    By no later than November 3, 2020, Defendants shall complete the

14  depositions of no more than ten incarcerated people who on September 25, 2020 submitted

15  declarations in support of Plaintiffs' Reply and who meet the criteria identified by the

16  Court.  The identity of the ten deponents is the subject of ongoing meet and confer under

17  the supervision of the Court Expert.

18    2.    All parties will follow CDCR's COVID-19 safety protocols attached hereto

19  as **Exhibit A.**  In addition, all parties will follow the deposition protocols attached hereto

20  as **Exhibit B.**

21    3.    By no later than November 17, 2020, Defendants shall file a sur-reply of not

22  more than twenty pages to respond to any new materials that Plaintiffs filed in support of

23  their Reply or any new matters discussed at the hearing on October 6, 2020.

24    4.    By no later than November 24, 2020, Plaintiffs shall file a response to

25  Defendants' sur-reply or any new matters discussed at the hearing on October 6, 2020 of

26  not more than fifteen pages.

27    5.    The parties request that the Court set a further hearing on the Statewide

28  Motion for December 8, 2020.

1    IT IS SO STIPULATED.

2

3    DATED:  October 13, 2020                ROSEN BIEN GALVAN & GRUNFELD LLP

4                                             By:  /s/ Gay Crosthwait Grunfeld

5                                                  Gay Crosthwait Grunfeld

6                                             Attorneys for Plaintiffs

7

8    DATED:  October 13, 2020                XAVIER BECERRA
                                             Attorney General of the State of California
9

10                                            By:  /s/ Trace O. Maiorino

11                                                 Trace O. Maiorino
                                                  Deputy Attorney General
12
                                             Attorneys for Defendants
13

14

15                            **FILER'S ATTESTATION**

16          As required by Local Rule 5-1, I attest that I obtained concurrence in the filing of this

17   document by all signatories, and that I have maintained records to support this concurrence.

18

19   DATED:  October 13, 2020                      /s/ Gay Crosthwait Grunfeld
                                                   Gay Crosthwait Grunfeld
20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28
     [3631474.1]                              2                          Case No. C94 2307 CW
     STIPULATION AND [PROPOSED] ORDER REGARDING DEPOSITIONS, SAFETY PRECAUTIONS,
                      FURTHER BRIEFING, AND HEARING

# [PROPOSED] ORDER

Having reviewed the above Stipulation of the parties, and good cause appearing, it is ORDERED that:

1.    By no later than November 3, 2020, Defendants shall complete the depositions of no more than ten incarcerated people who on September 25, 2020 submitted declarations in support of Plaintiffs' Reply in Support of the Statewide Motion ("Reply") and who meet the criteria identified by the Court.

2.    All parties will follow CDCR's COVID-19 safety protocols attached hereto as **Exhibit A.**  In addition, all parties will follow the deposition protocols attached hereto as **Exhibit B.**

3.    By no later than November 17, 2020, Defendants shall file a sur-reply of not more than twenty pages to respond to any new materials that Plaintiffs filed in support of their Reply or any new matters discussed at the hearing on October 6, 2020.

4.    By no later than November 24, 2020, Plaintiffs shall file a response to Defendants' sur-reply of not more than fifteen pages or any new matters discussed at the hearing on October 6, 2020.

5.     A further hearing on the Statewide Motion shall be held remotely on December 8, 2020 at 2:30 p.m.


IT IS SO ORDERED.


DATED:  October 14_____, 2020

_____
Honorable Claudia Wilken
United States District Judge

STIPULATION AND [PROPOSED] ORDER REGARDING DEPOSITIONS, SAFETY PRECAUTIONS, FURTHER BRIEFING, AND HEARING

# Exhibit A

 **CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES** 

## MEMORANDUM

**Date:** October 8, 2020

**To:** California Department of Corrections and Rehabilitation All Staff
California Correctional Health Care Services All Staff
Division of Juvenile Justice All Staff

**From:**

Connie Gipson
Director
Division of Adult Institutions

Joseph Bick, M.D., CCHP
Director
Health Care Services

Heather Bowlds
Director (A)
Division of Juvenile Justice

**Subject:** NOVEL CORONAVIRUS DISEASE 2019 INSTITUTION ENTRANCE SCREENING PROCEDURES – REVISED OCTOBER 2020

This memorandum updates expectations related to Novel Coronavirus Disease 2019 (COVID-19) entrance screening procedures at the California Department of Corrections and Rehabilitation (CDCR) institutions and youth facilities. Symptom screening is an essential step the Department can take to lower the chance of COVID-19 transmission in the workplace. All institutions and youth facilities shall implement and abide by the procedures outlined in this memorandum to improve the consistency and effectiveness of the entrance screening process.

**Screening Process**
By October 19, 2020, all institutions and youth facilities shall conduct entrance screening for all staff, vendors, volunteers, contractors and visitors each time that they enter an institution or facility. The screening shall take place at either the parking lot entrance gate, while individuals are in their vehicles or at a designated screening location (e.g., the institution's first pedestrian access point). Designated screening locations shall be approved by the Regional Health Care Executive (RHCE), California Correctional Health Care Services (CCHCS), and Associate Director (AD), CDCR, or Deputy Director (DD), DJJ, and Chief Physician and Surgeon (CP&S), DJJ. Institutions shall submit their proposed screening plans to their respective RHCE and AD for CDCR or DD and CP&S for DJJ by October 14, 2020.

# MEMORANDUM

The COVID-19 entrance screening shall include the following two-step process:

## Step 1: Symptom and Exposure Risk Screening

Symptom questions shall be answered verbally by all individuals prior to being permitted to enter an institution.

1) Do you have any **new or worsening symptoms not caused by an underlying health care condition:**
   - Fever of 100.4 or greater or chills?
   - Cough?
   - Shortness of breath or difficulty breathing?
   - Unexplained or unusual fatigue?
   - Muscle or body aches?
   - Headache?
   - Loss of taste or smell?
   - Sore throat?
   - Congestion or a runny nose?
   - Nausea or vomiting?
   - Diarrhea (3 or more loose stools within 24 hours)?

2) Within the past 14 days, have you while not wearing appropriate personal protective equipment been in close physical contact (six feet or closer for at least 15 minutes) with a person who is known to have laboratory-confirmed COVID-19 or with anyone who has any symptoms consistent with COVID-19?

3) Have you traveled outside of the United States within the last 14 days?

## Step 2: Temperature Measurement

Temperature measurements shall be taken for each individual with a non-contact, infrared, digital thermometer by trained non-health care or health care screening staff.

## Determining Entrance into the Institution

- Individuals who respond "no" to all screening questions and have a temperature measured less than 100.4 degrees Fahrenheit shall be granted entry into the institution.
- Individuals who respond "yes" to any screening questions or have a temperature measured equal to or greater than 100.4 degrees Fahrenheit shall be denied entry into the institution. Individuals with temperatures of 100.4 degrees Fahrenheit or above are considered symptomatic for COVID-19 even if no other symptoms are present.
- Individuals who respond "yes" to any screening questions, which may be related to underlying health care conditions, shall have further triage with a licensed nurse. Based on the clinical judgment of the nurse, the individual may be allowed entry into the institution. Employees providing medical substantiation of an underlying health care condition consistent with COVID-19 symptoms will not need additional triage. Medical substantiation shall be kept by the employee and shown to screening staff each day and

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA 95758

# MEMORANDUM

shall include the specific COVID-19 like symptom(s) from the list in Step 1 or 2 above and a date the symptom(s) are expected to resolve or if the symptom(s) are permanent.

- Individuals who respond "no" to any of the screening questions but have symptoms observed by the screening staff shall have additional triage conducted by a licensed nurse. Based on the clinical judgment of the nurse, the individual may be denied entry into the institution.

**Guidance for Employees who are Sick or Denied Entrance to an Institution**
In an effort to prevent and reduce transmission of illness, the Centers for Disease Control and Prevention recommends that employees should stay home when sick with influenza-like illness including COVID-19. Employees shall self-screen prior to reporting for work and if experiencing any COVID-19 symptoms the employee shall:

- Not report to work,
- Immediately follow existing procedures for calling in sick, and
- Consult with their personal health care provider for additional guidance.

CDCR is developing a process to provide prompt COVID-19 testing for all staff denied entrance to an institution following the screening process. Until that testing process is finalized and implemented, adherence to the following guidelines is required:

- Employees denied entrance to an institution or who develop any COVID-19 symptoms while at work shall immediately notify their supervisor by telephone or email and shall consult with their personal health care provider for additional guidance. State employees can receive COVID-19 testing through their personal health care provider, state run testing sites such as Verily or Optum Serve, or other locally sponsored testing sites. The link to testing sites is at https://covid19.ca.gov/testing-and-treatment/.

- Employees who test positive for COVID-19 (with or without symptoms) or who test negative but have symptoms shall not return to work until:
  - ✓ At least 10 calendar days have passed *since symptoms first appeared* or *first positive diagnostic viral test result, if asymptomatic* **and**
  - ✓ At least 24 hours have passed *since last* fever of 100.4 or greater without the use of fever-reducing medications **and**
  - ✓ Symptoms (e.g., cough, shortness of breath) have improved.

All ATO and leave usage questions related to staff COVID can be found by viewing the CDCR and CCHCS decision trees:
https://www.cdcr.ca.gov/covid19/wp-content/uploads/sites/197/2020/10/ATO-Essential-Non-Essential- Employee-Decision-Tree-2.pdf

https://www.cdcr.ca.gov/covid19/wp-content/uploads/sites/197/2020/10/Essential-Non-Essential- Employee-Decision-Tree-3.pdf

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA 95758

# MEMORANDUM

## Screener Training

Screening staff shall be comprised of trained non-health care staff or health care staff. Institutions shall ensure all staff assigned to conduct screenings are trained in taking a temperature, asking all symptom screening questions and referring individuals to a licensed nurse, as needed.  All screeners shall be provided On-the-Job Training (OJT) to cover the mandated symptom screening questions; proficiency in thermometer use including proper thermometer calibration and battery replacement; and how to handle screening refusals and denying entrance to symptomatic individuals.  Institutions shall submit proof of practice regarding OJT for currently assigned screeners to their respective RHCE and AD for CDCR or DD and CP&S for DJJ by October 19, 2020, and OJT shall be documented and maintained for each screener assigned in the future.

## Equipment and Supplies

Institutions shall ensure all screening locations maintain an adequate supply of functioning thermometers for temperature screenings and a three-month supply of batteries. Thermometers utilized for COVID-19 temperature screenings shall be non-contact, infrared, and digital. The Chief Support Executive (CSE) for CDCR or Senior Registered Nurse for DJJ, at each institution shall conduct routine inspections, at least quarterly, and testing of new thermometers prior to use.  Institutions shall develop a process for reporting and replacing malfunctioning or broken thermometers.  Additionally, as noted above, screeners shall be trained on proper thermometer calibration and battery replacement according to manufacturer guidelines.

## Ongoing Screening Compliance and Monitoring

To ensure ongoing compliance with institution entrance screening procedures, each institution shall submit a monthly proof of practice, to the institution's respective RHCE and AD for CDCR or DD and CP&S for DJJ by the fifth of every month for the preceding month. This proof of practice will certify that a manager, not lower than the level of Associate Warden and CSE or designee, personally observed the entrance screening process and conducted random checks of staff screening compliance.

Thank you for your continued dedication and commitment to reducing the spread of COVID-19 and protecting the health and safety of our inmates, wards, staff, and the public. If you have any questions regarding implementation of this memorandum, please contact the institution's RHCE or AD for CDCR or DD or CP&S for DJJ.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA 95758

# Exhibit B

## DEPOSITION PROTOCOLS FOR REPLY DECLARANTS

**Preparation:**

1.      Defendants shall  arrange for Plaintiffs' counsel to have three hours to prepare confidentially in person with each deponent the day before the deposition. Deposition preparation shall occur in a space within the prison where the preparation session can occur safely and confidentially, with adequate space and ventilation, including the walled, outdoor portions of visiting areas or the large visiting rooms that exist at most prisons.

2.      Defendants shall arrange confidential, 15-minute telephone calls with all deponents at least twenty-four hours before the scheduled preparation sessions.

3.      Defendants must provide Plaintiffs with all documents they may use at the deposition at least twenty-four hours in advance of the preparation session.

4.      CDCR staff must carefully sanitize the preparation area prior to the deponent's and Plaintiffs' counsel's arrival.

**During the Deposition:**

1.      Plaintiffs must have the ability to speak confidentially with the deponent during breaks.  This means not only must Defendants have the ability to create a virtual breakout room for Plaintiffs' counsel and the deponent, but also that the deponent must physically be in a room without any other people present or able to overhear the conversation.  Correctional staff may observe the deponent through glass so long as they cannot overhear the content of the deposition.

2.      During the deposition itself, once the video link is established, no one other than the deponent shall be permitted in the deposition room.  The escort personnel, including any correctional officers, shall not be allowed to overhear the testimony.

3.      If, at any point during the deposition, Plaintiffs' counsel determines that the remote nature of the deposition is interfering with the deponent's ability to effectively communicate or with Plaintiffs' counsel's ability to communicate with the deponent, Plaintiffs' counsel shall contact the Court Expert to discuss appropriate accommodations.

4.      CDCR staff must carefully sanitize the deposition room prior to the start of the deposition.

**Other Conditions:**

1.      In order to reduce the risk of retaliation, Defendants must follow ducat and escort procedures for the deposition and deposition preparation that, as much as possible, eliminate the possibility that staff or other incarcerated people will know that the deponent is preparing for or participating in the deposition.  There shall be no announcements over the loud speaker.  Instead, an AW or higher shall discretely and personally provide the deponent with a written statement that Plaintiffs approve explaining the purpose of the ducat.  The AW shall ensure effective communication of the ducat language.  The AW shall ensure that the deponent has all assistive devices prior to departing for the deposition or deposition preparation.

2.      Defendants shall monitor the deponent's safety for 45 days following the deposition to ensure no retaliation occurs.  This means that for each week  following the deposition, the ADA Coordinator at the prison must meet face-to-face with the deponent in a confidential location and ask the deponent (1) if he or she has any safety concerns and (2) if he or she has faced any retaliation for participating in the deposition.  All interviews with the deponent shall be memorialized in an informational chrono that Defendants produce to Plaintiffs within 24 hours of completion.

3.      In order to reduce the risk of COVID-19 transmission, all staff who interact with the deponent in connection with the deposition or the preparation for the deposition must wear a mask at all times and, to the extent possible, maintain at least six feet of distance from the deponent.