1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8

9    Shawn Jensen, et al.,                         No. CV-12-00601-PHX-ROS

10             Plaintiffs,                          **ORDER**

11   v.

12   David Shinn, et al.,

13             Defendants.

14

15        On October 1, 2021, Defendants informed Plaintiffs they would seek leave

16   pursuant to Rule 30(a)(2)(B) to depose six named plaintiffs.  (Doc. 4027).  Plaintiffs

17   responded the same day, stating they would not oppose the motion provided Defendants

18   agreed to certain conditions.  Defendants never responded to Plaintiffs.  Instead, on

19   October 6, 2021, Defendants filed a motion seeking leave to conduct the depositions.

20   Plaintiffs' opposition adopts the same position previously communicated to Defendants:

21   Plaintiffs do not impose Defendants taking the depositions subject to five conditions.

22   (Doc. 4030 at 2).  Defendants' reply argues only one of the conditions is appropriate.

23   The Court will analyze each condition.

24        **1.  In-Person Visitation Prior to Depositions**

25        Plaintiffs' counsel request they be allowed to meet with the "witnesses at their

26   prisons in-person prior to the day of the deposition in order to prepare the witness[es]."

27   (Doc. 4030 at 2).  Defendants claim they will not have time to conduct the depositions if

28   they must also "accommodate in-person legal visits commencing immediately prior to

1    each deposition."[1]  (Doc. 4035).

2         Counsel are entitled to prepare their clients for their depositions.  At present,

3    however, Plaintiffs have not established in-person preparation is required.  If, and only if,

4    Defendants can arrange a setting where counsel and a witness can communicate

5    confidentially by telephone or videoconference, the prior day's preparation may occur

6    remotely.  If no such setting is available, Defendants must arrange for in-person

7    visitation.  At least one hour of preparation time must be provided for each witness.

8    **2. Plaintiffs' Counsel's Presence In-Person for Depositions**

9         Plaintiffs' counsel request they be allowed to be present, in-person, with the

10   witnesses during the depositions.  Defendants argue that permitting counsel to attend in-

11   person will be unduly burdensome on prison staff and complicate matters such that

12   Defendants might not be able to complete the depositions before the end of discovery.

13   Put differently, Defendants believe it would be too burdensome on Defendants for

14   defense counsel to take depositions defense counsel wishes to take if the witnesses are

15   afforded the utterly routine entitlement of having their counsel in the same room.

16   Defendants' argument is close to self-refuting.  If the burden of conducting the

17   depositions with counsel in the same room is too great, Defendants can forgo the

18   depositions.  If the depositions proceed, Defendants must ensure Plaintiffs' counsel may

19   attend in-person.

20   **3. Prohibition on Retaliation**

21        Plaintiffs request Defendants "certify that they will not retaliate against witnesses

22   in any way."  Defendants believe this request is "unnecessary and insulting."  (Doc.

23   4035).  Such a certification is unnecessary.  Defendants are well-aware any retaliation is

24   prohibited by law and there is no present basis to conclude Defendants plan on engaging

25   [1] The Court is surprised Defendants contend it would be burdensome to accommodate six
26   in-person visits.  In-person visitation between attorneys and their clients is a routine
     matter, particularly in criminal matters which Defendants presumably encounter often.  In
27   addition, Defendants proclaimed that in-person visitation has fully resumed as of
     September 24, 2021.  *See* https://corrections.az.gov/covid-19-management-updates (last
28   visited Oct. 7, 2021).  Thus, Defendants have extensive experience and expertise in
     handling in-person visits and they have not presented any reason to believe requiring
     these particular six visits will present unique or overwhelming challenges.

1   in such unlawful behavior.

2   **4. Accommodations for Witnesses with Health Care Needs**

3   Plaintiffs request "reasonable accommodations" to allow for all witnesses to

4   participate in their depositions, regardless of any disability, medical condition, or mental

5   health condition.  Defendants do not oppose making such accommodations.  Given the

6   lack of opposition, no formal order is needed.

7   **5. COVID Precautions in Deposition Room**

8   Plaintiffs request all individuals "present in the deposition room with the witness

9   must be fully vaccinated for COVID-19 and wear a face mask."  Defendants do not

10   oppose requiring most individuals in the room wear masks.  But Defendants claim

11   requiring the witnesses to wear masks "will likely prevent them from being heard."

12   Defendants also claim they cannot require prison officials be vaccinated because

13   "Arizona law prohibits the imposition of vaccine mandates for State employees."

14   Because Defendants do not oppose it, the Court will require all individuals in the

15   room other than the witness being deposed to wear masks at all times.  As for the

16   witnesses being deposed, if they wish to wear masks, they are entitled to do so unless the

17   masks prevent counsel from hearing responses.  In the unlikely event a mask prevents

18   counsel from hearing a witness' responses, the witness must remove it.  As for

19   vaccination status, Defendants must make every effort to have only vaccinated

20   individuals in the room.  Scheduling vaccinated individuals to supervise the depositions

21   is not remotely close to imposing a vaccine mandate on state employees.

22   Accordingly,

23   …

24   …

25   …

26   …

27   …

28   …

1

**IT IS ORDERED** the Motion for Leave to Conduct Depositions (Doc. 4027) is

2 **GRANTED**.   Defendants may conduct the depositions of Robert Gamez (#131401),

3 Shawn Jensen (#32465), Joshua Polson (#187716), Sonia Rodriguez (#103830), Jeremy

4 Smith (#129438), and Christina Verduzco (#205576) provided Defendants comply with

5 the conditions outlined above.

6 Dated this 7th day of October, 2021.

7

8

9

Honorable Roslyn O. Silver
Senior United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28