**EXHIBIT 5**

**EXHIBIT 5**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | | |
|---|---|---|
| Victor Parsons, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:12-cv-00601-ROS |
| David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry, et al. | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:       Pablo Stewart, MD

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Struck Love Bojanowski & Acedo, PLC<br>3100 W. Ray Road, Ste. 300<br>Chandler, AZ 85226 | Date and Time:<br>October 27, 2021 at 12:00 PM (MST) |
|---|---|

The deposition will be recorded by this method:   Stenographically (to be conducted via Teams Meeting)

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A attached

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/08/2021

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Daniel P. Struck |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendants , who issues or requests this subpoena, are:

Daniel P. Struck, Struck Love Bojanowski & Acedo, PLC, 3100 W. Ray Rd., Ste. 300, Chandler, AZ 85226; dstruck@strucklove.com; 480-420-1600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:12-cv-00601-ROS

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**EXHIBIT A**

# EXHIBIT A

### Definitions and Instructions

1. In lieu of providing documents at the time and place of production, you may provide responsive materials by U.S. mail scheduled for delivery on or before the date of production addressed as follows:

> Daniel P. Struck, Esq.
> Struck Love Bojanowski & Acedo, PLC
> 3100 West Ray Road, Ste. 300
> Chandler, AZ 85226
> (480) 420-1600

2. Provide a copy of this attachment with your response. If you do not have any responsive documents or things in your possession, control, or custody, which are responsive to a particular request, please indicate "No Documents" in the margin next to each such request. If you assert a claim of privilege with respect to any responsive documents and object to therefore producing them, please indicate "Privileged Documents Withheld" in the margin next to each request and provide an itemized log of the documents or things you are withholding, and the basis for asserting the privilege.

3. The term "Document(s)" as used herein is defined to include any written record of information (e.g., letter, typewritten memoranda or contract, handwritten notes of meeting or telephone calls, diaries, checks, deposit slips, computer printouts, transcripts, drawings, design plans, etc.), non-written record of information (e.g. video tapes, DVD, Blu-ray disks, cassette tapes, DAT tapes, CD photographs, graphs, maps, films, diagrams, models, etc.), or electronically stored information (e.g. computer files, diskettes, e-mail and instant messages, etc., and as broadly defined by EVID. R. 1001), of every type and description, however produced or reproduced in any form, whether draft, final, master, original, duplicate, copy, signed or

unsigned, that is in the witness' possession, custody, or control (including but not limited to items to which the witness has or may obtain access), regardless of where located. Any document bearing notations, markings, highlighting or writings of any kind different from the original shall be treated as an original Document.

4. The words "Person" or "Persons" means all individuals or entities of every type and description including all natural persons, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and federal, state and municipal or local governmental agencies and entities in their subdivisions, bureaus, departments and boards.

5. "Pertaining to" means consisting of, relating to, or referring to, reflecting or having any logical or factual connection with, the subject matter dealt with or alluded to in the Request.

6. References to "You" or "Your" as used in these Requests shall be deemed to include the party to whom these Requests are directed as denominated in the pleadings (or a person acting on behalf of, or under the supervision of the party), the party's agents, representatives, and/or employees, or, if a corporation or other entity, all of its current and former agents, employees and others who have acted, or may now be acting, for or on its behalf, or any subsidiary or affiliated entities.

7. The words "and" and "or" shall be construed conjunctively or disconjunctively as is necessary to make each Request inclusive, rather than exclusive.

8. **Copies of documents produced in response to this Subpoena Duces Tecum shall accurately reflect any highlighting or flagging (be it through sticky-note, tape flag, paper-clip or any other means) from the original documents.**

Exhibit A to *Subpoena Duces Tecum* – Page 2

**Documents to be Produced**

The witness shall produce all of the following Documents in any way pertaining to the above captioned litigation:

1. Your most current curriculum vitae, and/or documents pertaining thereto, including without limitation your current curriculum vitae and list of all cases and matters in which you previously have given deposition and/or trial testimony either as an expert or fact witness;

2. All correspondence or communications between You and counsel for the Plaintiffs in this matter which relate to compensation you will receive related to this matter;

3. All time sheets and billing statements which You have prepared in connection with or pertaining to Your engagement in this case;

4. All correspondence or communications between You and counsel for the Plaintiffs in this matter which identify any facts or data Plaintiffs' counsel either provided or declined to provide for your consideration in forming your expert opinions;

5. All Documents which You (or those acting on your behalf or under your supervision) have prepared or generated in connection with your work relating to this case, including without limitation all annotations, summaries, drawings, test results and notes relating to any facts, data, or documents Plaintiffs' counsel either provided or declined to provide for your consideration in forming your expert opinions;

6. All Documents which you received and/or reviewed in this case;

7. All Documents which any of your assistants received and/or reviewed in this case;

8. All tangible physical items which You (or those acting on your behalf or under your supervision) received, prepared, reviewed, interpreted or relied upon in connection with or

Exhibit A to *Subpoena Duces Tecum* – Page 3

pertaining to Your engagement or in forming any opinions about which You expect to testify in this case;

9. All statements, affidavits, depositions, deposition summaries or other descriptions of any witness testimony or recollections which You have received, reviewed, and/or interpreted in connection with or pertaining to Your engagement or with the formulation of any opinions to which you expect to testify in this case;

10. All photographs, drawings, diagrams, models, audio recordings, or video recordings which You have reviewed in forming Your opinions or in preparing for Your trial testimony in this case;

11. All Documents which reflect the bases for the opinions which you have formed or which you expect to render in connection with your work relating to this case;

12. All correspondence or communications between You and counsel for the Plaintiffs in this matter which identify any assumptions which Plaintiffs' counsel either provided or declined to provide for your consideration in forming your expert opinions;

13. All Documents and/or things which You (or those acting on your behalf or under your supervision) have prepared or generated in connection with your work relating to this case, including without limitation all annotations, summaries, models, diagrams, drawings, test results and notes relating to any assumptions Plaintiffs' counsel either provided or declined to provide for your consideration in forming your expert opinions;

14. All of Your reports, disclosures, declarations, and affidavits from any case in which you have been retained or served (in any capacity) as an expert witness;

15. All testimony You have provided (whether in court or deposition) in any capacity as an expert witness;

16. All testimony You have provided (whether in court or deposition) as a fact witness or 30(b)(6) designee relating to any topic about which You expect to testify in this case;

17. All publications, papers, or documents you have authored or co-authored which pertain to or relate to the topics and opinions about which You expect to testify in this case;

18. All documentation and materials, including but not limited to all lesson plans, outlines, notes, handouts, and presentations, from any and all training classes you have attended, taught, assisted, facilitated, or been involved in at any time relating to the topics and opinions about which You expect to testify and/or give opinions in this case;

19. All publications, texts, reports, books, treatises, papers, and/or other authorities of any nature upon which You specifically relied in forming any of the opinions in this case;

20. All standards, regulations, codes, reports, publications, or other documents which reflect standards of care which You contend are applicable to the conduct at issue in this case;

21. All other discoverable Documents and/or things contained in Your entire files concerning the above-captioned litigation, not previously mentioned.