Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF RE: PLAINTIFFS' MOTION TO ADD ADDITIONAL NAMED PLAINTIFFS AND AMEND CAPTION (Dkt. 4006)** |

Pursuant to the Court's Order (Dkt. 4021), Defendants submit this supplemental brief in opposition to Plaintiffs' Motion to Add Additional Named Plaintiffs and Amend Caption (Dkt. 4006) to address the Court's concerns regarding (1) the adequacy of Plaintiffs' current class representatives, and (2) the prejudice to Defendants if the Court were to permit Plaintiffs to add additional class representatives.

The Court has indicated uncertainty regarding the parties' mention of mootness in their initial briefing on this issue. Defendants addressed the cases cited by Plaintiffs in their Motion, many of which dealt with mootness issues, because Plaintiffs raised them, but Defendants noted that none of the cases they cited would apply to the current situation.

1   Defendants agree that the proper analysis once a class has been certified is whether adequate
2   class representatives remain. However, Plaintiffs have not cited a single case in which
3   plaintiffs in a certified class action lawsuit were allowed to add additional named plaintiffs
4   on the eve of trial when they already had adequate class representatives. As argued in
5   Defendants' Response to Plaintiffs' Motion, Plaintiffs have adequate class representatives
6   by way of the six named Plaintiffs, all of whom will remain in ADCRR custody well beyond
7   the pendency of the trial, and they also have remaining representation for each of the
8   subclasses. Plaintiffs still have yet to articulate any reason they need to add additional
9   Plaintiffs. Nor can they articulate a valid reason when they already have adequate
10  representation.

11      Moreover, Defendants will be prejudiced by their addition. Only one week remains
12  in the fact discovery period, and trial begins in three weeks. Plaintiffs have repeatedly
13  refused to provide adequate disclosures for their witnesses, including the six inmates they
14  seek to add as class representatives. Additionally, Plaintiffs failed to provide a substantive
15  response to any of Defendants' Interrogatories, one of which sought specific details
16  regarding the subject matter and substance of Plaintiffs' anticipated fact witness testimony.
17  Instead, Plaintiffs merely directed Defendants to their disclosures, which the Court had
18  already found to be insufficient at the time that Plaintiffs served their discovery responses.

19      All of this has prevented Defendants from being able to prepare for trial because
20  Defendants are left guessing as to what concerns Plaintiffs will raise with respect to their
21  health care and their conditions of confinement. Defendants' expert reports are due in two
22  weeks, yet Defendants have been unable to advise their retained and non-retained experts
23  as to which specific claims they should investigate. This has also prevented Defendants
24  from making decisions regarding which specific claims can be addressed by their non-
25  retained experts, thereby freeing up their retained experts to focus on other claims.
26  Additionally, Defendants' experts will be further prejudiced in their ability to prepare their
27  reports by Plaintiffs' decision to schedule fact depositions after Plaintiffs' expert disclosure
28  deadline, which appears to have been calculated to allow themselves the opportunity to

2

supplement their reports up until the close of the expert discovery period. Even with the Court's Order (Dkt. 4019) requiring Plaintiffs to serve supplemental reports no later than midnight on October 18, that only gives Defendants' experts three days after receipt of Plaintiffs' experts' final reports to prepare their own opinions.

Against this backdrop, Defendants notified Plaintiffs of their intent to depose all of the inmate witnesses listed on their disclosures. However, it quickly became clear that there isn't enough time to accomplish these depositions before the close of discovery. Plaintiffs have already noticed 17 depositions, including five 30(b)(6) depositions, to occur during the fact discovery period, and they stacked many of them in the final days of that period. Defendants had hoped to be able to run multiple inmate depositions simultaneously over Zoom during periods in which defense counsel are not already defending the depositions noticed by Plaintiffs, but unfortunately the facilities do not have sufficient Wi-Fi capabilities to accommodate this. Plaintiffs have sought to further compound these challenges by demanding that Defendants agree to a lengthy set of conditions for deposing their clients, which appear calculated to make it impossible for Defendants to do so. At the same time, Defendants are also reviewing more than 11,000 emails and attachments, comprising more than 50,000 pages, for production to Plaintiffs pursuant to their latest ESI request. As a result of all of the above, Defendants have been forced to pare down their deposition strategy and prioritize taking the depositions of only the six named Plaintiffs. If Plaintiffs are permitted to add six additional inmates as named plaintiffs, Defendants will be unable to depose them. There simply isn't enough time.

Because (1) Plaintiffs are unable to articulate a valid legal or factual basis for adding additional named Plaintiffs when they already have adequate class and subclass representatives, and (2) Defendants will be prejudiced in their ability to prepare for trial when there is not enough time to take the depositions of these additional inmates or to conduct other discovery regarding their claims, the Court should deny Plaintiffs' Motion.

DATED this 8th day of October, 2021.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Daniel P. Struck
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226

    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Mikaela N. Colby: | mcolby@perkinscoie.com; docketphx@perkinscoie.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sophie Jedeikin Hart | sophieh@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Daniel P. Struck