1  Victoria Lopez (Bar No. 330042)*
   Jared G. Keenan (Bar No. 027068)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: vlopez@acluaz.org
        jkeenan@acluaz.org
5
   *Admitted pursuant to Ariz. Sup. Ct. R. 38(d)
6
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia
7  Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy
   Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,
8  Joseph Hefner, Joshua Polson, and Charlotte Wells, on
   behalf of themselves and all others similarly situated*
9  **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
   PAGE]**
10
   Asim Dietrich (Bar No. 027927)
11 **ARIZONA CENTER FOR DISABILITY LAW**
   5025 East Washington Street, Suite 202
12 Phoenix, Arizona 85034
   Telephone: (602) 274-6287
13 Email: adietrich@azdisabilitylaw.org

   *Attorneys for Plaintiff Arizona Center for Disability Law*
14
   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
15 PAGE]**

16               UNITED STATES DISTRICT COURT

17                  DISTRICT OF ARIZONA

18 | Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-ROS |

   **DECLARATION OF MARIA V. MORRIS IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE COURT ORDER, DOC. 3982**

                  Plaintiffs,

              v.                          **EXPEDITED CONSIDERATION REQUESTED**

   David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities,

                  Defendants.

1      I, MARIA V. MORRIS, declare:

2      1.    I am an attorney licensed to practice in the District of Columbia.  I am a

3 Senior Staff Attorney at the ACLU National Prison Project and an attorney of record to

4 the plaintiff class in this litigation.  If called as a witness, I could and would testify

5 competently to the facts stated herein, all of which are within my personal knowledge.

6      2.    Attached hereto as Exhibit 1 is a true and correct copy of a string of emails

7 between myself and Rachel Love.

8      I declare under penalty of perjury that the foregoing is true and correct.

9      Executed this 11th day of October, 2021 in Rockville, Maryland.

10                *s/ Maria V. Morris*

11                Maria V. Morris

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23774493.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ADDITIONAL COUNSEL**

**PERKINS COIE LLP**

Daniel C. Barr (Bar No. 010149)
John H. Gray (Bar No. 028107)
Austin C. Yost (Bar No. 034602)
Karl J. Worsham (Bar No. 035713)
Kathryn E. Boughton (Bar No. 036105)
Mikaela N. Colby (Bar No. 035667)
Kelly Soldati (Bar No. 036727)
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
          jhgray@perkinscoie.com
          ayost@perkinscoie.com
          kworsham@perkinscoie.com
          kboughton@perkinscoie.com
          mcolby@perkinscoie.com
          ksoldati@perkinscoie.com
          docketphx@perkinscoie.com

Victoria Lopez (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF
ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:      vlopez@acluaz.org
            jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct.
R. 38(d)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Rita K. Lomio (Cal. 254501)*
Sophie Hart (Cal. 321663)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          snorman@prisonlaw.com
          rlomio@prisonlaw.com
          sophieh@prisonlaw.com

*Admitted *pro hac vice*

-2-

23774493.1

David C. Fathi (Wash. 24893)*
Maria V. Morris (D.C. 1697904)**
Eunice Hyunhye Cho (Wash. 53711)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@aclu.org
           mmorris@aclu.org
           echo@aclu.org

*Admitted *pro hac vice*; not admitted
 in DC; practice limited to federal
 courts
**Admitted *pro hac vice*

Corene Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON PROJECT**
39 Drumm Street
San Francisco, California 94111
Telephone:  (202) 393-4930
Email:     ckendrick@aclu.org

*Admitted *pro hac vice*.

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

23774493.1

**ARIZONA CENTER FOR DISABILITY LAW**
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email:     adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone:  (520) 327-9547
Email:
   rdalyrooney@azdisabilitylaw.org
           jrico@azdisabilitylaw.org
           mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

23774493.1

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2021, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Anne M. Orcutt
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
aorcutt@strucklove.com

*Attorneys for Defendants*


 s/ Maria V. Morris

23774493.1

# Exhibit 1

| From: | Maria Morris |
| To: | Rachel Love |
| Cc: | David Fathi; Elaine Percevecz; External - Delana Freouf; External - PLO AZ; Alison Hardy; Eunice Cho; Jessica Carns; Samantha Weaver; External - Maya Abela; Jared Keenan; Gloria Torres; Corene Kendrick; Victoria Lopez; Daniel Barr; StruckLoveParsonsTeam |
| Subject: | RE: Defendants" objections to Plaintiffs" Requests for Production |
| Date: | Thursday, October 7, 2021 9:42:00 PM |

Rachel,

Can you please give a status update?

Maria

**From:** Maria Morris
**Sent:** Wednesday, October 6, 2021 4:54 PM
**To:** Rachel Love <RLove@strucklove.com>
**Cc:** David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External - Delana Freouf <DFreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <ECho@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <JKeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

Thank you

**From:** Rachel Love <RLove@strucklove.com>
**Sent:** Wednesday, October 6, 2021 4:51 PM
**To:** Maria Morris <MMorris@aclu.org>; Rachel Love <RLove@strucklove.com>
**Cc:** David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External - Delana Freouf <dfreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <echo@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <jkeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** Re: Defendants' objections to Plaintiffs' Requests for Production

We are coordinating with ADCRR on projecting timing regarding No. 1 and determining whether there are additional documents for No. 3, regarding the list below.  We are not declining to produce documents regarding No. 2 and are working on an update for that one as well.  I should be able to report back on these by tomorrow.

Sent from my iPhone

On Oct 6, 2021, at 1:21 PM, Maria Morris <MMorris@aclu.org> wrote:

Rachel,

Can you please get back to me on:

1. The timing of production of the outstanding documents;
2. Whether you are no longer intending to produce the complete classification and disciplinary files responsive to RFPD 11; and
3. Whether there are additional records responsive to RFPD 45.

Thank you,

Maria

---

**From:** Maria Morris
**Sent:** Monday, October 4, 2021 3:14 PM
**To:** Rachel Love <RLove@strucklove.com>; David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External - Delana Freouf <DFreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <ECho@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <JKeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

Rachel,

With regard to timing of production, the Court's Order regarding discovery requires production of documents within 21 days of the request for production. (Doc. 3940) The RFPDs below were all served on August 10, 2021, meaning that production was due on August 31, 2021. We are now approximately 5 weeks past the date production was due, and 3 weeks past our meet and confer in which you stated you were going to produce the documents responsive to the requests below, other than those that were the subject of the disputes that were the subjects of the Court's September 20, 2021 Order, Doc. 3982.

The fact that Defendants took the position that some of the requested documents should not be produced and the Court disagreed and ordered them produced does not reset the clock. The documents were due on August 31, and once the dispute was resolved on September 20, should have been produced immediately.

With regard to RFPD 11, as we discussed during the meet and confer on September 14, the documents that were produced are not the Disciplinary and Classification files. Rather, they are screenshots of the summary pages for Rules Violations and Classification Results. You stated during the meet and confer that you were gathering the actual Disciplinary and Classification files, and that you had, at that time, gathered

several of them.   If Defendants are not producing copies of the actual files, please let me know immediately, so we can bring the dispute to the Court.  Otherwise, please produce them immediately.

At the time of our meet and confer on September 14, 2021, in addition to agreeing to look into the lack of any cancellation records from Lewis, you stated that it seemed odd that there were no cancellations documented for Florence-Kasson between January 1, 2020 and March 15, 2020 and would confirm that there were not.  Have you confirmed that?

Thank you,
Maria

---

**From:** Rachel Love <RLove@strucklove.com>
**Sent:** Monday, October 4, 2021 9:32 AM
**To:** Maria Morris <MMorris@aclu.org>; David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External - Delana Freouf <dfreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <echo@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <jkeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

Maria,

Here are updates as follows:

**RFP 10** – Use of Force memos and documents on SMI inmates have been received for Eyman-Browning  and Florence-Kasson and can be produced today.  ADCRR is still gathering responsive documents for SMU-I and Lewis.  The gathering and producing task on all of the use of force RFPs is onerous and ADCRR is working diligently in this regard.  We will roll productions as received.

**RFP 11** – We have already produced 11 of the 14 of the identified inmate classification and disciplinary files and their OOC tracking forms. (*See* ADCRR00050604-00050713, ADCRR00050722-00051822, ADCRR00051837-00051884, ADCRR00051901-00051950, ADCRR00051961-00052018, ADCRR00052037-00052056, ADCRR00052075-00052182.)  We are making an additional production today.

**RFP 45 –** We have produced 1,060 IRs/curtailment documents relating to the

cancellation of out of cell time for Eyman-Browning, SMU-I, and Florence-Kasson for the period 1/1/21 to 8/17/21.  ADCRR continues to gather responsive documents for Lewis-Rast and we will roll productions.

**RFP 46, 47, 57** – ADCRR is gathering the responsive documents.  The Order to produce was very recent and it has not been three weeks since the Order.  ADCRR is working diligently to try to produce within the 3 week time period at issue for productions.  We will roll productions as received.

**RFP 53** – We have received additional duty post logs that will be produced today for units at Florence, Winslow and Yuma. We have produced duty post logs for Douglas, Florence, Eyman-Browning, SMU-I, Perryville, Lewis, Tucson and Yuma (ADCRR00126200-00136029).

**RFP 56** – No responsive documents exist (stated in our first response).

I am out of state at a prison inspection today and will not have access to email today.  We will do an additional assessment on the status of receipt of responsive documents and follow up this week.

- Rachel

---

**From:** Maria Morris <MMorris@aclu.org>
**Sent:** Friday, October 1, 2021 3:11 PM
**To:** Rachel Love <RLove@strucklove.com>; David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; Freouf, Delana (PHX) <dfreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <echo@aclu.org>; Jessica Carns <jcarns@aclu.org>; Samantha Weaver <sweaver@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <jkeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

Rachel,

I am following up on the RFPs discussed below, as many of the document requests regarding isolation remain outstanding:

RFP 10: On September 20, the Court ordered production of the responsive documents. (Doc. 3982)  They have not yet been produced.
RFP 11:  When we spoke on September 14, you indicated that some of the responsive Classification and Disciplinary files had already been gathered, and that others were in

process.  We have yet to receive any of them.

RFP 45: You were going to confirm whether there are additional reports regarding cancellations at Florence-Kasson or any reports at all regarding cancellations at Lewis-Rast. Please get back to me on this, and produce any outstanding reports.

RFP 46:  The only documents that have been produced are those that relate to the use of chemical agents on people designated as SMI in maximum custody.   On September 20, the Court ordered production of all the requested  responsive documents.  (Doc. 3982)  They have not yet been produced.

RFP 47: On September 20, the Court ordered production of the responsive documents. (Doc. 3982)  They have not yet been produced.

RFP 53: This RFP seeks duty post logs for seven specified weeks at each of the Maximum Custody and Detention Units.  We have received them for just one housing unit, the Detention Unit at ASPC-Douglas.

RFP 56: You said you had asked Centurion for any information they have about the amount of time people spend in mental health watch and were going find out if it is possible to create a report of all people who have been in detention units or mental health watch during the last year.  If so, you were going to have such a report run, and then produce the EIP for those individuals.  I suggested that the traffic history would be more responsive than the EIP data, at least for mental health watch, probably also for detention.   You also said that if it was not possible to pull a report of one or both of these groups (people in detention or in mental health watch) for the last year, you would run a report that is a current snapshot in time of detention and mental health watch and provide the EIP or traffic data for those individuals.   We have not received any documents responsive to this request.

RFP 57: You had previously agreed to produce a portion of the documents responsive to this RFP.  Since then, on September 20, the Court ordered production of all the responsive documents.  (Doc. 3982)  None of the responsive documents have been produced.

The requested documents are necessary for Plaintiffs' preparation of our case.  Please produce the requested documents no later than Monday, October 4, 2021.

Thank you,
Maria

---

**From:** Maria Morris
**Sent:** Tuesday, September 14, 2021 7:04 PM
**To:** Rachel Love <RLove@strucklove.com>; David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External - Delana Freouf <DFreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <ECho@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <JKeenan@aclu.org>; Gloria Torres <GTorres@acluz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez

<vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

Rachel,

This email memorializes the discussion we had this afternoon regarding the document requests.

**Discovery Disputes:**
Document requests regarding the use of force other than chemical agents (RFPs 10, 46, 47, 57):  We are at an impasse.  Per our conversation, I have added RFP 57 to the attached Discovery Dispute Statement, as the objections to RFP 57 relate solely to the type of force used.  You stated that you will provide your part of the Discovery Dispute Statement by 1:30 AZ time tomorrow afternoon.

I want to clarify two things with regard to the Discovery Dispute Statement.
1. First, it is my understanding that you agree that people on Mental Health Watch may be in the Isolation Subclass and you are no longer objecting to producing documents relating to Mental Health Watch.
2. Second, I am unclear as to whether you are agreeing to produce documents relating to the use of chemical agents on persons in isolation who are taking psychotropic medications but have not been identified as being SMI.

For now, I have left the argument on those two issues in the Discovery Dispute Statement, but they are both italicized.  If you are no longer objecting on those two grounds, please let me know, and I'll remove them.  Otherwise, please provide your argument when you send back the Discovery Dispute Statement.

**Document production:**
RFP 11: You are gathering the requested disciplinary and classification files.
RFP 45: You are confirming whether there are additional reports regarding cancellations at Florence-Kasson or at Lewis-Rast.
RFP 50: Yvette will be producing a redacted version of DO 804 today and you will let us know what you are redacting.
RFP 51, 52, 53: You are gathering Post Sheets, Post Priority Charts, and Duty Post Logs.
RFP 54: You will produce the Policies and Procedures relating to Detention Units before the end of this week.
RFP 55: You will produce the Policies and Procedures relating to Mental Health Watch.
RFP 56: ADCRR does not track the amount of time in detention units or in mental health watch.  You have asked Centurion for any information they have about the amount of time people spend in mental health watch.  You are trying to find out if it is possible to create a report of all people who have been in detention units or mental health watch during the last year.  If so, you will have such a report run, and then produce the EIP for those individuals.  While drafting this email, I went back to look at the EIP documents and the traffic history documents that were produced last year

when we were discussing the length of time in max custody, and it looks as though the traffic history would be more responsive than the EIP data, at least for mental health watch, probably also for detention.   If it is not possible to pull a report of one or both of these groups (people in detention or in mental health watch) for the last year, you will run a report that is a current snapshot in time of detention and mental health watch and provide the EIP or traffic data for those individuals.
RFP 60: You will be producing responsive documents today.

Please let me know if you disagree with any of this.  Please also let me know when we will be receiving the documents responsive to RFPs 11, 51, 52, 53, 55, 56, 57 and any supplement to RFP 45.

Thank you,
Maria

---

**From:** Maria Morris
**Sent:** Friday, September 3, 2021 12:44 PM
**To:** Rachel Love <RLove@strucklove.com>; David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External - Delana Freouf <DFreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <ECho@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <JKeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

Rachel,

This email responds your email of August 26th regarding Defendants' objections to Plaintiffs' RFPs regarding discovery on isolation claims. The paragraphs in black are your paragraphs, the paragraphs in blue are our response.

Regarding the isolation subclass, we preserve our objections to producing detention unit information in conjunction with RFP No. 54 as well as detention unit and mental health unit information regarding RFP No. 56 where the fast track discovery track pending the November trial was predicated on the fact that Defendants have produced documents evidencing Stipulation compliance for nearly 6.5 years, but no such document production was ever related to detention or mental health units regarding conditions of confinement.  That said, we will produce available responsive documents requested in RFPs 54 and 56 regarding detention units at this time, but in doing so, we do not waive objections to additional requested discovery in this regard.

It appears the parties are at an impasse with regard to requests related to mental health watch units.  In addition, while you state that you "will produce available responsive documents ... regarding detention units," your recent production included no such documents.  Please clarify your position, including whether you are withholding responsive documents regarding detention units based upon your objection.

Next, as to RFP Nos. 10, 46, 47, we continue our objections to producing documents, reports, and videos for use of force incidents where the requests are not limited to either SMI inmates or chemical agent use of force.  The subclass claims on use of force are limited to "[u]se of chemical agents against inmates on psychotropic medications."  Thus, all types of uses of force, on any inmate in the designated locations, are not at issue in the lawsuit and Defendants maintain their objections.  Moreover, to the extent these requests seek production related to inmates at Eyman-SMU I generally, the request is still irrelevant and overbroad as to chemical agent uses of force on non-max custody inmates where SMU-I houses custody classifications other than max custody.  Next, with respect to RFP 47, we maintain that inmates on temporary mental health watch are not part of the subclass.  Finally, as to Plaintiffs' position that the information requested is part of "standing, ongoing production and we are simply asking that Defendants provide the more current videos/documents related to this request", we note that production for the last 6.5 years with the monthly max custody notebooks has been limited to chemical agent use of force on SMI max custody inmates only.  We have not produced use of force documentation/videos beyond the above.

The parties are at an impasse regarding mental health watch units, uses of force on people on psychotropic medications who are not SMI, and uses of force beyond chemical agents.

As to RFP No. 45 that requests reports regarding cancellation of out-of-cell time at specified locations for January 1, 2020 to the present, we request a compromise in production similar to RFP No. 53 where the document requests were tailored down to selected months, and then a specified week in that month.  If we can compromise in this fashion, this would address our unduly burdensome and proportionality objections.

In the production of August 31, 2021, Defendants produced reports regarding cancellation of out-of-cell time for the following locations and date ranges:

- Eyman-Browning: Jan. 2020- August 10, 2021
- Eyman-SMU I: Jan. 2020 – August 15, 2021
- Florence-Kasson: March 16, 2020-July 26, 2021

Please confirm that these are all the reports regarding cancellation of out-of-cell time for Eyman-Browning, Eyman-SMU I, Florence-Kasson and Lewis-Rast from January 1, 2020 to the present.

Given this production, it appears you are not continuing to stand on the burden and proportionality objections to RFP No. 45.  Please confirm that.

Finally, RFP No. 50 requests DO 804 and all restricted sections and attachments. Defendants maintain their objections to providing restricted sections and attachments that do not pertain to chemical agent use of force on SMI inmates that meet the subclass definition where as explained above, the subclass claims regarding use of force are specifically limited to chemical agent use of force on inmates on psychotropic medications.  Accordingly, Restricted Sections 6.0, 7.0, and 8.0 are not relevant to the subclass claims.  We will produce sections of Restricted Sections 4.0, 5.0, 9.0, and 10.0 that pertain to chemical use of force on SMI inmates that meet the isolation subclass definition.

The parties are at an impasse regarding uses of force on people on psychotropic medications who are not SMI, and uses of force beyond chemical agents.

Thank you,
Maria


**Maria V. Morris**
Pronouns: she, hers

Senior Staff Attorney
ACLU National Prison Project
915 15th St. NW, Washington, DC 20005
202.548.6607  |  mmorris@aclu.org
aclu.org
<image001.gif>

<image002.jpg>

<image003.png>

*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

---

**From:** Rachel Love <RLove@strucklove.com>
**Sent:** Thursday, August 26, 2021 8:37 PM
**To:** David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External - Delana Freouf <dfreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Maria Morris <MMorris@aclu.org>; Eunice Cho <echo@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <jkeenan@acluaz.org>; Gloria Torres

<GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez
<vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>; Rachel Love
<RLove@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

David and Corene,

This email responds to David's August 18th email and Corene's August 20th letter
regarding the meet and confer efforts concerning Defendants' objections to Plaintiffs'
RFPs regarding discovery on isolation claims.

Regarding the isolation subclass, we preserve our objections to producing detention
unit information in conjunction with RFP No. 54 as well as detention unit and mental
health unit information regarding RFP No. 56 where the fast track discovery track
pending the November trial was predicated on the fact that Defendants have produced
documents evidencing Stipulation compliance for nearly 6.5 years, but no such
document production was ever related to detention or mental health units regarding
conditions of confinement.  That said, we will produce available responsive documents
requested in RFPs 54 and 56 regarding detention units at this time, but in doing so, we
do not waive objections to additional requested discovery in this regard.

Next, as to RFP Nos. 10, 46, 47, we continue our objections to producing documents,
reports, and videos for use of force incidents where the requests are not limited to
either SMI inmates or chemical agent use of force.  The subclass claims on use of force
are limited to "[u]se of chemical agents against inmates on psychotropic medications."
Thus, all types of uses of force, on any inmate in the designated locations, are not at
issue in the lawsuit and Defendants maintain their objections.  Moreover, to the extent
these requests seek production related to inmates at Eyman-SMU I generally, the
request is still irrelevant and overbroad as to chemical agent uses of force on non-max
custody inmates where SMU-I houses custody classifications other than max custody.
Next, with respect to RFP 47, we maintain that inmates on temporary mental health
watch are not part of the subclass.  Finally, as to Plaintiffs' position that the information
requested is part of "standing, ongoing production and we are simply asking that
Defendants provide the more current videos/documents related to this request", we
note that production for the last 6.5 years with the monthly max custody notebooks
has been limited to chemical agent use of force on SMI max custody inmates only.  We
have not produced use of force documentation/videos beyond the above.

As to RFP No. 45 that requests reports regarding cancellation of out-of-cell time at
specified locations for January 1, 2020 to the present, we request a compromise in
production similar to RFP No. 53 where the document requests were tailored down to
selected months, and then a specified week in that month.  If we can compromise in
this fashion, this would address our unduly burdensome and proportionality
objections.

Finally, RFP No. 50 requests DO 804 and all restricted sections and attachments. Defendants maintain their objections to providing restricted sections and attachments that do not pertain to chemical agent use of force on SMI inmates that meet the subclass definition where as explained above, the subclass claims regarding use of force are specifically limited to chemical agent use of force on inmates on psychotropic medications.  Accordingly, Restricted Sections 6.0, 7.0, and 8.0 are not relevant to the subclass claims.  We will produce sections of Restricted Sections 4.0, 5.0, 9.0, and 10.0 that pertain to chemical use of force on SMI inmates that meet the isolation subclass definition.

Please let me know if Defendants' further explanations results in any agreements.

- Rachel

**From:** David Fathi <dfathi@aclu.org>
**Sent:** Wednesday, August 18, 2021 5:33 PM
**To:** Elaine Percevecz <EPercevecz@strucklove.com>; Freouf, Delana (PHX) <dfreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Maria Morris <MMorris@aclu.org>; Eunice Cho <echo@aclu.org>; Jessica Carns <jcarns@aclu.org>; Samantha Weaver <sweaver@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <jkeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Cc:** Lucy Rand <Lucy.Rand@azag.gov>; Michael E. Gottfried <Michael.Gottfried@azag.gov>; 'mary.beke@azag.gov' <mary.beke@azag.gov>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** Defendants' objections to Plaintiffs' Requests for Production

Counsel:

In response to a number of Plaintiffs' Request for Production of Documents, you object to requests pertaining to detention units.  For example, in response to Request No. 56, you state:

"Relevance, not proportional to the needs of the case, overbroad, and unduly burdensome as "detention units" exceeds the scope of Plaintiffs' Complaint because this request is not limited to maximum custody inmates or chemical agents or limited in time. The "duration of confinement" is not at issue in Plaintiffs' Complaint for detention units."

These statements are incorrect.  Plaintiffs' complaint (Doc. 1) clearly and repeatedly challenges "isolation," which is explicitly defined to include detention units:

**III. Defendants Subject Prisoners in Isolation to Unconstitutional Conditions**

90. Plaintiffs Gamez, Swartz, Brislan, Rodriguez, Verduzco, Thomas, Smith, and Polson, Plaintiff Arizona Center for Disability Law, and the Isolation Subclass allege the following. Defendants have a policy and practice of confining thousands of prisoners in isolation (defined as confinement in a cell for 22 hours or more each day *or* confinement in Eyman – SMU 1, Eyman – Browning Unit, Florence – Central Unit, or Perryville – Lumley Unit Special Management Area (SMA)), in conditions of enforced idleness, social isolation, and sensory deprivation, and are deliberately indifferent to the resulting substantial risk of serious physical and psychiatric harm.

91. The large majority of prisoners in isolation are held in four facilities: two SMUs at the Eyman prison (SMU 1 and Browning Units); the Florence complex's Central Unit; and the Perryville complex's Lumley SMA for female prisoners. ***However, other prisoners are held in isolation in Complex Detention Units (CDUs) and other restricted housing units throughout ADC.* ...**

94. Prisoners in isolation often go months or years without any meaningful human interaction. ...

**Isolation Subclass**

133. Plaintiffs Gamez, Swartz, Brislan, Rodriguez, Verduzco, Thomas, Smith, and Polson bring this action on their own behalf and, pursuant to Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure, against Defendants Ryan and Pratt on behalf of a subclass of all prisoners (hereinafter "Isolation Subclass") who are now, or will in the future be, subject by the ADC to isolation, defined as confinement in a cell for 22 hours or more each day *or* confinement in Eyman - SMU 1, Eyman - Browning Unit, Florence - Central Unit, or Perryville - Lumley Unit Special Management Area (SMA).

Doc. 1 at 51-52, 53, 66-67 (emphasis added).

We look forward to speaking with you tomorrow.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603
dfathi@aclu.org

@DavidCFathi
Pronouns: he, him, his

*Not admitted in DC; practice limited to federal courts

---

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

---