Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | NO. 2:12-cv-00601-ROS |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE COURT ORDER** |
| v. | **(Doc. 3982)** |
| David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities, | |
| Defendants. | |

Defendants are not "flout[ing] the Court's orders" regarding the production of use of force documents and videos.  (Doc. 4048 at 4.)  Since August 31, 2021, Plaintiffs have responded to 74 Requests for Production ("RFPs"), exclusive of subparts.  (Docs. 3937, 3943, 3975, 3990, 4005.)   Defendants have provided: nine supplemental responses to Plaintiffs' First RFP; four supplemental responses to Plaintiffs' Second RFP; and one supplemental response to Plaintiffs' Third RFP.  (Docs. 3950, 3963, 3976, 3978, 3981, 3983, 4004, 4025, 4039, 4047, 4053, 4054.)  These productions total over 113 gigabytes of data (documents, native files, and videos).  Documents and ESI production alone include 172,088 pages (not including Excel documents, which, if printed, would add thousands

more pages).  A response to Plaintiffs' Fourth RFP is due October 20, 2021.  All of this has been diligently produced in the last three weeks and in addition to defending and taking depositions and preparing for trial.[1]

With regards to the parties' discovery dispute over the expansive breadth of use-of-force documents and videos requested in Plaintiffs' RFP Nos. 10, 46, 47, and 57, Defendants timely objected while working to produce non-objectionable responses, which Plaintiffs have acknowledged.[2]  (Doc. 4048 at 2 n.1.)  Since the Court's Order issued on September 20, 2021, Defendants diligently aimed to complete production of the ordered documents within three weeks of the Order—by October 11, 2021.  Defendants did not violate any Court ordered production deadline as no deadline was set forth in the Court's September 20 Order.  But because the parties had agreed to a 21-day turn around period on production, Defendants reasonably believed that the 21-day production period was triggered by the Court's Order where Defendants' objections to production were timely.  (Doc. 3940 at 2.)

As a result of the Court's Order, Defendants began gathering the required use-of-force-documents and rolled responsive documents for RFP Nos. 10, 46, 47, and 57 on October 4, 8, and 11, 2021.  (Docs. 4024, 4039, 4047, 4053.)  One day after the 21-day mark (on October 12), Defendants produced another 10, 476 pages of responsive use-of-force documents.  (Doc.4054.)  In total, 583 documents totaling 10,107 pages of use-of-force documents have been produced in response to RFP Nos. 10, 46, and 47 in the 22 days

---

[1] Plaintiffs have noticed more than 15 depositions thus far.

[2] Plaintiffs complain that, in responding to RFP No. 10, Defendants produced use-of-force documents that *exceeded* the time period Plaintiffs requested and involved more than SMI inmates.  Moreover, Plaintiffs are well aware from the maximum custody monitoring documentation produced by Defendants under the Stipulation, that SMI inmates are clearly designated by an "M" that immediately follows the inmate's ADCRR inmate identification number.  And the file name and meta data associated with the productions is done by ADCRR inmate number, to include the "M" designator where applicable.  Thus, Plaintiffs are well aware of which productions relate to SMI inmates. Any over production was done inadvertently and/or was inadvertently designated as responsive to RFP No. 10 where such productions overlap with RFP No. 46 requesting all use-of-force incidents of any kind, for all inmates (not just SMI inmates), for the time period of January 1, 2021 to the present (instead of March 1, 2021 to the present, as requested in RFP No. 10).

following the Court's order.  Another 47 use-of-force reports, totaling 756 pages, and 95 videos, totaling 56 gigabytes of data, were also produced within 21 days of the Court's order in response to RFP No. 57 (document production complete but Defendants are following up whether video exists for four use of force incidents).  Defendants believe that the document portions of the RFP Nos. 10, 46, and 47 are now complete but have initiated a final round of verification due to the breadth and magnitude of the production order that affects 10 state-operated prison complexes and numerous housing locations.

With respect to production of use-of-force videos responsive to RFP Nos. 10, 46, and 47, Defendants are expending all available resources to produce existing videos associated with the document production now that the onerous production of use-of-force documents has been addressed.  Only a few restricted leadership positions at each complex have access to the electronic drive that stores use-of-force videos (Warden, Deputy Warden of Operations, Major) to locate, download, and transfer videos to counsel associated with nearly 600 use-of-force reports produced in response to RFP Nos. 10, 46 and 47.[3]  Some of the associated use-of-force reports may have no associated video (spontaneous uses of force), others will have several videos to include fixed-camera video, hand-held video of the incident, and hand-held videos of escorts to and from medical.

Given the data size for the videos produced in response to RFP 57, and predicting this as a representative sample, Defendants anticipate that the production in response to RFP Nos. 10, 46 and 47 could include over 1,100 videos, totaling more than 1 terabyte of data, which may exceed available server space to handle production and storage of data.[4] Defendants again asked Plaintiffs to cull down their video requests where court-ordered document production comprises all manners of use of force for any maximum custody, detention, or mental health watch inmate across 10 prison complexes but the certified

---

[3] Both document and video production related to RFP No. 57, which involves inmate Rahim Muhammad, is complete. Partial video production for RFP No. 10 has also been made.

[4] Defendants and ADCRR are trouble shooting the data volume issue and finding alternatives to potential server space issues.

Subclass claims pertain **only** to "[u]se of chemical agents against inmates on psychotropic medications." (Doc. 372 at 23.) Plaintiffs declined to do so. Despite the onerous burden on Defendants to produce the use-of-force documents and video within accelerated time periods for subject matter that exceeds the scope of the certified Subclass claims, Defendants continue to expend all available resources to achieve the same, on a rolling production basis, by October 20, 2021 – if not sooner if such can be accomplished.

Defendants have not ignored Court orders. Sanctions are not warranted. Producing the magnitude of court-ordered documents within 22 days of the Court's Order and rolling production of the court-ordered videos by 30 days after the Court's Order or sooner, has been addressed in good faith and does not constitute bad faith, delay, or violation of the Court's order.

DATED this 13th day of October, 2021.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/ Rachel Love
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:              ahardy@prisonlaw.com

Asim Dietrich:             adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Austin C. Yost:            ayost@perkinscoie.com; docketPHX@perkinscoie.com

Corene T. Kendrick:        ckendrick@aclu.org

Daniel Clayton Barr:       DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:         dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:            dspecter@prisonlaw.com

Eunice Cho                 ECho@aclu.org

Jared G. Keenan            jkeenan@acluaz.org

John Howard Gray:          jhgray@perkinscoie.com; slawson@perkinscoie.com

Jose de Jesus Rico:        jrico@azdisabilitylaw.org

Karl J. Worsham:           kworsham@perkinscoie.com; docketphx@perkinscoie.com

Kathryn E. Boughton:       kboughton@perkinscoie.com; docketphx@perkinscoie.com

Kelly Soldati             ksoldati@perkinscoie.com; docketphx@perkinscoie.com

Maria V. Morris            mmorris@aclu.org

Maya Abela                 mabela@azdisabilitylaw.org

Mikaela N. Colby:          mcolby@perkinscoie.com; docketphx@perkinscoie.com

Rita K. Lomio:             rlomio@prisonlaw.com

Rose Daly-Rooney:          rdalyrooney@azdisabilitylaw.org

Sara Norman:               snorman@prisonlaw.com

Sophie Jedeikin Hart       sophieh@prisonlaw.com

Victoria Lopez:            vlopez@acluaz.org

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Rachel Love