**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, | No. CV-12-00601-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, | |
| Defendant. | |

On October 5, 2021, the Court called for supplemental briefing regarding Plaintiffs' request to add six class members as named plaintiffs. (Doc. 4021). Plaintiffs should have raised this issue earlier, but Defendants will suffer no prejudice if the request is granted. Therefore, the six class members will be added as named plaintiffs.

In calling for supplemental briefing, the Court directed the parties to address whether the addition of more named plaintiffs might be "jurisdictionally necessary" and whether the addition would "impact the parties' trial preparation and presentation." (Doc. 4021). According to Defendants' supplemental brief, Plaintiffs "have adequate class representatives." (Doc. 4040 at 2). Thus, in Defendants' view, adding more named plaintiffs is unnecessary. Defendants also argue they would be severely prejudiced if more named plaintiffs are added. (Doc. 4040 at 2). The alleged prejudice Defendants point to, however, consists of general complaints about various aspects of Plaintiffs' behavior during discovery. For example, Defendants claim they received inadequate responses to interrogatories. Defendants do not explain the connection they are drawing

between the allegedly inadequate interrogatory responses and the issue of adding more named plaintiffs.

Defendants further contend Plaintiffs' failures during discovery have prevented "Defendants from being able to prepare for trial." (Doc. 4040 at 2). But, again, Defendants' do not draw any connection to the discrete issue of whether the Court should permit adding more named plaintiffs. As Defendants admit, the proposed additional plaintiffs were timely identified as fact witnesses and will be testifying at trial regardless of whether they are added as named plaintiffs. Thus, Defendants had sufficient time to take their depositions if Defendants wished to do so. In fact, Defendants were planning on taking their depositions, but Defendants recently discovered their own technological limitations will prevent them from taking those depositions. Defendants do not explain how their technological limitations should matter but Defendants seem to believe their own limitations qualify as a cognizable form of prejudice. Needless to say, it is not clear how the limitations entirely within Defendants' control could be cast as prejudice attributable to Plaintiffs' actions.

As for Plaintiffs' supplemental brief, it explains Plaintiffs need to add more named plaintiffs because doing so will "protect against possible future jurisdictional challenges regarding standing." Plaintiffs explain they anticipate future arguments from Defendants that the current class representatives are not adequate. Plaintiffs point out that, years ago, Defendants made a similar argument in seeking summary judgment. (Doc. 902 at 5). Finally, Plaintiffs claim the addition of more named plaintiffs "will not impact trial presentation" because the individuals will testify at trial regardless whether they are added as named plaintiffs. (Doc. 4052 at 2).

The parties' supplemental briefing does not shed much light on whether this issue is important and the impact on the case if the motion were to be granted or denied. It is clear, however, that many of the currently named plaintiffs were released from custody years ago. Thus, if Plaintiffs believed more named plaintiffs were crucial, they should have sought the addition of more named plaintiffs immediately after this case was set for

trial. But looking past that delay, Defendants have had multiple opportunities to articulate some cognizable form of prejudice that specifically relates to this issue and they have been unable to do so. Defendants' complaints about discovery failures and their own limitations simply have no causal relationship to the addition of named plaintiffs. Therefore, out of an abundance of caution, Plaintiffs will be permitted to add the following individuals as named plaintiffs: Kendall Johnson (189644), Laura Redmond (166546), Ronald Slavin (142019), Jason Johnson (161509), Jonathan Gonzalez (247947), and Dustin Brislan (164993).

Accordingly,

**IT IS ORDERED** the Motion to Add Additional Named Plaintiffs (Doc. 4006) is **GRANTED**.

DATED this 14th day of October, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge