1   Victoria Lopez (Bar No. 330042)*
    Jared G. Keenan (Bar No. 027068)
2   **ACLU FOUNDATION OF ARIZONA**
    3707 North 7th Street, Suite 235
3   Phoenix, Arizona 85013
    Telephone:  (602) 650-1854
4   Email:  vlopez@acluaz.org
             jkeenan@acluaz.org
5   *Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

6   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia
    Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy
7   Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,
    Joseph Hefner, Joshua Polson, and Charlotte Wells, on
8   behalf of themselves and all others similarly situated*

9   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
    PAGE]**

10  Asim Dietrich (Bar No. 027927)
11  **ARIZONA CENTER FOR DISABILITY LAW**
    5025 East Washington Street, Suite 202
12  Phoenix, Arizona 85034
    Telephone:  (602) 274-6287
    Email: adietrich@azdisabilitylaw.org
13
    *Attorneys for Plaintiff Arizona Center for Disability Law*
14  **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
    PAGE]**
15

16                  UNITED STATES DISTRICT COURT

17                       DISTRICT OF ARIZONA

18  Victor Parsons; Shawn Jensen; Stephen Swartz;          No. CV 12-00601-PHX-ROS
    Dustin Brislan; Sonia Rodriguez; Christina
19  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph       **MOTION FOR**
20  Hefner; Joshua Polson; and Charlotte Wells, on        **RECONSIDERATION**
    behalf of themselves and all others similarly         **REGARDING TESTIMONY**
21  situated; and Arizona Center for Disability Law,      **OF IN-CUSTODY**
                                                          **WITNESSES (Doc. 4060)**
22                  Plaintiffs,
                                                          **EXPEDITED**
23          v.                                            **CONSIDERATION**
                                                          **REQUESTED**
24  David Shinn, Director, Arizona Department of
    Corrections, Rehabilitation and Reentry; and Larry
25  Gann, Assistant Director, Medical Services Contract
    Monitoring Bureau, Arizona Department of
26  Corrections, Rehabilitation and Reentry, in their
    official capacities,
27
                    Defendants.
28

23774493.1

1   Plaintiffs respectfully request that the Court reconsider its *sua sponte* decision that

2   in-custody witnesses may not appear in-person. *See* Doc. 4060 at 1. This motion is based

3   on the small number of in-custody witnesses who now have been designated to testify at

4   trial and the significant technological and other disruptions experienced by Plaintiffs'

5   counsel, including exposure to chemical munitions, during recent video depositions.

6   Absent the ability to testify in-person, the Plaintiff class will be prejudiced because they

7   will not have an equal opportunity to present their full testimony to the Court. Defendants

8   have informed Plaintiffs' counsel that they oppose this motion.

9   **ARGUMENT**

10   On October 14, 2021, the Court stated: "Plaintiffs plan on calling numerous in-

11   custody class members as witnesses. Given existing limitations on the number of

12   individuals in courtrooms, and the availability of videoconferencing, in-custody witnesses

13   will not appear in-person." Doc. 4060 at 1. After the Court's order, Plaintiffs finalized

14   their in-custody witness list. Now, Plaintiffs intend to call only eight in-custody witnesses

15   in their case-in-chief and have proposed a schedule in which at most two in-custody

16   witnesses testify each day. Doc. 4064 at 1. That is fewer than the four in-custody

17   witnesses previously allowed to testify on the same day in this case. *See* Docs. 2156,

18   2157, 2158, 2159 (orders for writs of *habeas corpus ad testificandum*). In addition, on two

19   of the three days that Plaintiffs proposed that two in-custody witnesses testify, both

20   witnesses are from the same prison. Doc. 4064 at 1.

21   This information was not brought to the Court's attention sooner because

22   Plaintiffs' in-custody witness schedule was not due until October 18, 2021, *see* Doc. 4060

23   at 1, and Plaintiffs were not provided notice and an opportunity to brief the issue of in-

24   person testimony by members of the Plaintiff class before the Court issued its decision.

25   *See* Local Rule 7.2(g)(1) ("Any such motion shall point out with specificity the matters

26   that the movant believes were overlooked or misapprehended by the Court, any new

27   matters being brought to the Court's attention for the first time and the reasons they were

28   not presented earlier, and any specific modifications being sought in the Court's Order.").

23774493.1

1    Permitting in-custody witnesses to appear in person is necessary to allow the

2    Plaintiff class full and equal opportunity to present their testimony to the Court. This is

3    particularly important in light of the significant technological challenges experienced

4    during recent video depositions of in-custody named plaintiffs. For example, last

5    Wednesday, Plaintiffs' counsel Austin C. Yost defended the depositions of two named

6    plaintiffs at ASPC-Perryville. *See* Declaration of Austin C. Yost, filed herewith, ¶ 4

7    ("Yost Decl."). It was difficult for the in-custody deponents to see who was talking or

8    view any exhibits on the tablet's small screen, and there were repeated disruptions when

9    planes flew overhead and due to Internet connectivity issues. *Id.* ¶¶ 6-7.

10   One of the video depositions was of Christina Verduzco, whom Plaintiffs intend to

11   call at trial. Mr. Yost described the problems with her video deposition as follows:

12
13   The internet connection stalled several times, and so we had to
     repeatedly request that opposing counsel repeat her questions
     because she froze on our end and we could not hear her.
14   Opposing counsel also asked Ms. Verduzco to repeat her
     answers multiple times because we apparently froze on her
15   end and she could not hear us. Beyond that, the internet
     connection appeared to completely fail multiple times because
16   we were involuntarily removed from the Google Meets
     session and had to rejoin. These technological issues occurred
17   throughout the deposition.

18   Yost Decl. ¶ 7.

19   Plaintiffs' counsel Kelly Soldati also experienced significant technological

20   disruptions during a video deposition at ASPC-Lewis last week, and the deposition had to

21   be stopped after Ms. Soldati and the named plaintiff both suffered adverse physical

22   reactions to the nearby deployment of chemical munitions. *See* Declaration of Kelly

23   Soldati, filed herewith, ¶¶ 3-23. Ms. Soldati and the named plaintiff both experienced

24   problems simply trying to log onto the video deposition. *See id.* ¶¶ 13-14 ("Prior to all

25   parties logging into Google Meet, I had to log in to the meeting multiple times because I

26   was kicked out of the Google Meet meeting due to poor cellular service at the facility that

27   did not allow for my personal wi-fi hotspot to maintain an internet connection. Mr. Smith

28   was also disconnected from the meeting multiple times and had to login multiple times

-2-

23774493.1

1   due to poor connectivity issues."). They also experienced significant audio feedback

2   because "[b]oth microphones needed to remain on to allow us to both participate in the

3   deposition and because the barrier separating us and the size of the visiting rooms did not

4   permit us to share a single device." *Id.* ¶ 15. The problems continued even after

5   Ms. Soldati was provided a tablet and she and the named plaintiff were moved to a

6   different visitor's room. *Id.* ¶ 16. Even after the deposition was rescheduled and held on

7   October 18, 2021, the named plaintiff was "shackled to a desk bolted to the floor" for the

8   entire deposition, while the computer screen was "located approximately 10 feet away

9   from him," such that he "would have been unable to read any documents shown on the

10  screen." *Id.* ¶ 26.

11          Defendants also have recognized the technological challenges of remote testimony

12  of in-custody witnesses in arguing against the addition of named plaintiffs to replace those

13  who have been released from custody or who have died. *See* Doc. 4040 at 3 ("Defendants

14  had hoped to be able to run multiple inmate depositions simultaneously over Zoom during

15  periods in which defense counsel are not already defending the depositions noticed by

16  Plaintiffs, but unfortunately the facilities do not have sufficient Wi-Fi capabilities to

17  accommodate this.").

18          These technological barriers may be compounded by the disabilities of in-custody

19  witnesses. For example, Kendall Johnson has multiple sclerosis and struggles with speech;

20  it is much easier to understand and communicate with her in person. *See* Declaration of

21  Alison Hardy, filed herewith, ¶¶ 5-6 ("Ms. Johnson sometimes struggles to speak, and she

22  speaks slowly and haltingly. However, speaking to her in person, I was able to understand

23  her answers, and I could perceive when she was trying to talk and when she was

24  finished."). And Laura Redmond is deaf and requires sign language interpretation. Doc.

25  4006-1 at 11. American Sign Language "is a visual, three-dimensional, non-linear

26  language," *E.E.O.C. v. UPS Supply Chain Sols*., 620 F.3d 1103, 1105 (9th Cir. 2010), and

27  difficult-to-see changes in movements are vital to understanding the different meanings of

28  similar words or ideas. *See* Michele LaVigne & McCay Vernon, An Interpreter Isn't

-3-

1   Enough: Deafness, Language, and Due Process, 2003 Wis. L. Rev. 843, 876-77 (2003)

2   ("ASL achieves its shades of meaning through the execution and grouping of signs,"

3   including through making a sign "bigger or smaller, or faster or slower, or more or less

4   emphatic, and by coupling it with the appropriate facial expression and body language.").

5   At the very least, if Ms. Redmond is not allowed to testify in-person, the Court-appointed,

6   Legal-A licensed sign language interpreter should be present in the prison with her while

7   she testifies.

8        Plaintiffs therefore request that the Court allow the eight in-custody witnesses to

9   appear in-person.

10                                  **CONCLUSION**

11       Plaintiffs respectfully request that the Court reconsider its October 14, 2021

12   decision barring the Plaintiff class from appearing in-person during the upcoming trial. A

13   proposed order is attached.

14

15   Dated:  October 19, 2021                    **PRISON LAW OFFICE**

16

17                                        By:    s/ Rita K. Lomio
                                                Donald Specter (Cal. 83925)*
18                                              Alison Hardy (Cal. 135966)*
                                                Sara Norman (Cal. 189536)*
                                                Rita K. Lomio (Cal. 254501)*
19                                              Sophie Hart (Cal. 321663)*
                                                1917 Fifth Street
20                                              Berkeley, California 94710
                                                Telephone:  (510) 280-2621
21                                              Email:    dspecter@prisonlaw.com
                                                          ahardy@prisonlaw.com
22                                                        snorman@prisonlaw.com
                                                          rlomio@prisonlaw.com
23                                                        sophieh@prisonlaw.com

24                                              *Admitted *pro hac vice*

25

26

27

28

-4-

23774493.1

Daniel C. Barr (Bar No. 010149)
John H. Gray (Bar No. 028107)
Austin C. Yost (Bar No. 034602)
Karl J. Worsham (Bar No. 035713)
Kathryn E. Boughton (Bar No. 036105)
Mikaela N. Colby (Bar No. 035667)
Kelly Soldati (Bar No. 036727)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
          jhgray@perkinscoie.com
          ayost@perkinscoie.com
          kworsham@perkinscoie.com
          kboughton@perkinscoie.com
          mcolby@perkinscoie.com
          ksoldati@perkinscoie.com
          docketphx@perkinscoie.com

David C. Fathi (Wash. 24893)*
Maria V. Morris (D.C. 1697904)**
Eunice Hyunhye Cho (Wash. 53711)*
**ACLU NATIONAL PRISON
PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@aclu.org
          mmorris@aclu.org
          echo@aclu.org

*Admitted *pro hac vice*; not admitted
 in DC; practice limited to federal
 courts
**Admitted *pro hac vice*

Corene Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON
PROJECT**
39 Drumm Street
San Francisco, California 94111
Telephone:  (202) 393-4930
Email:    ckendrick@aclu.org

*Admitted *pro hac vice*.

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

-5-

23774493.1

1

**ARIZONA CENTER FOR DISABILITY LAW**

2

3
By:   s/ Maya Abela
Asim Dietrich (Bar No. 027927)

4
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034

5
Telephone:  (602) 274-6287
Email:     adietrich@azdisabilitylaw.org

6

7
Rose A. Daly-Rooney (Bar No. 015690)
J.J. Rico (Bar No. 021292)
Maya Abela (Bar No. 027232)

8
**ARIZONA CENTER FOR DISABILITY LAW**

9
177 North Church Avenue, Suite 800
Tucson, Arizona 85701

10
Telephone:  (520) 327-9547
Email:

11
    rdalyrooney@azdisabilitylaw.org
        jrico@azdisabilitylaw.org

12
        mabela@azdisabilitylaw.org

13
*Attorneys for Arizona Center for Disability Law*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

23774493.1

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on October 19, 2021, I electronically transmitted the above

3  document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4  Notice of Electronic Filing to the following CM/ECF registrants:

5

6                              Michael E. Gottfried
                               Lucy M. Rand
                        Assistant Arizona Attorneys General
7                          Michael.Gottfried@azag.gov
                               Lucy.Rand@azag.gov
8

9                              Daniel P. Struck
                               Rachel Love
                           Timothy J. Bojanowski
10                             Nicholas D. Acedo
                               Ashlee B. Hesman
11                             Jacob B. Lee
                               Timothy M. Ray
12                             Anne M. Orcutt
                     STRUCK LOVE BOJANOWSKI & ACEDO, PLC
13                         dstruck@strucklove.com
                           rlove@strucklove.com
14                         tbojanowski@strucklove.com
                           nacedo@strucklove.com
15                         ahesman@strucklove.com
                           jlee@strucklove.com
16                         tray@strucklove.com
                           aorcutt@strucklove.com
17

18                             *Attorneys for Defendants*

19                                   s/ Rita K. Lomio

20

21

22

23

24

25

26

27

28

-7-

23774493.1