Victoria Lopez (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: vlopez@acluaz.org
         jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED BELOW]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED BELOW]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **DECLARATION OF KELLY SOLDATI** |

154281167.1

I, Kelly Soldati, hereby declare:

1. I am over 18 years old and have personal knowledge of the matters in this declaration.

2. I am counsel of record for Plaintiffs in this matter.

3. On Wednesday, October 13, 2021, I visited Plaintiff Jeremy Smith at ASPC-Lewis Max Rast Unit.

4. The purpose of my visit was to defend Mr. Smith in a deposition coordinated and scheduled by Defendants' counsel.

5. I was present with Mr. Smith at ASPC-Lewis from approximately 8:45 a.m. to 11:00 a.m. on October 13, 2021.

6. During the deposition multiple significant technological issues and other disruptions delayed the deposition to the point that parties agreed to reschedule for another time.

7. At the direction of Arizona Department of Corrections staff, I met with Mr. Smith in a concrete visitor's room with a thick Plexiglas barrier separating us.

8. Defendants' counsel participated in the deposition remotely via Google Meet.

9. The court reporter attended the deposition remotely via Google Meet.

10. Mr. Smith was handed a tablet in order to participate in the deposition.

11. Mr. Smith's tablet was wirelessly connected to the internet.

12. I participated in the deposition via my work computer and used my personal wireless hotspot on my phone to connect to the internet.

13. Prior to all parties logging into Google Meet, I had to log in to the meeting multiple times because I was kicked out of the Google Meet meeting due to poor cellular service at the facility that did not allow for my personal wi-fi hotspot to maintain an internet connection.

14. Mr. Smith was also disconnected from the meeting multiple times and had to login multiple times due to poor connectivity issues.

154281167.1

15. Additionally, when both Mr. Smith and I were logged into the Google meeting, significant audio feedback occurred because we were both using devices with microphones. Both microphones needed to remain on to allow us to both participate in the deposition and because the barrier separating us and the size of the visiting rooms did not permit us to share a single device.

16. Due to the audio feedback and connectivity issues, ADC staff provided me with a tablet and moved Mr. Smith to a different visitor's room with a similar set-up of a plexiglass barrier. However, this second room had less concrete, which the correctional officers believed would help reduce the audio feedback. This solution did not solve the feedback or connectivity issues.

17. From there, Mr. Smith and I were moved deeper into the max facility to a correctional officer's office. The movement took approximately 10-15 minutes for the following reasons: it took time for the correctional officers to restrain Mr. Smith in accordance with their protocol, once restrained Mr. Smith could only walk very slowly, a correctional officer found and donned me with a "stab vest" for my protection, and we were delayed in our movement due the movement of other inmates on our route.

18. Once we arrived in the correctional officer's office, we signed into the meeting via a correctional officer's computer. The technical issues continued. Because correctional officer's required Mr. Smith be shackled to a desk in the room, he was not close enough to the computer microphone for defense counsel and the court reporter to hear his responses.

19. As a final solution, Mr. Smith and I dialed in on a land line telephone. He was able to provide audible answers through the land line speaker function. During this time, we remained signed into the video meeting so all participants could see each other.

20. The deposition was scheduled to begin at 9:00 a.m. but due to the technical issues, it did not start until after 10:00 a.m.

154281167.1

21. The final configuration with the land line and computer video in the correctional officer's office worked and we were able to conduct the deposition for approximately 10-15 minutes before being interrupted.

22. During this time, a correctional officer in an adjacent room deployed pepper spray or some type of similar agent to control a situation with an inmate.

23. The pepper spray entered the room Mr. Smith and I were in and we began coughing and sneezing excessively. As a result, we could not meaningfully continue with the deposition. All parties agreed to resume the deposition at a later date.

24. On October 18th, 2021, I visited Mr. Smith at ASPC Lewis to conduct the rescheduled deposition. The deposition was again conducted via computer for the video portion and via landline for the audio portion.

25. At the end of the deposition the Correctional Officer-3 coordinating the legal visit informed me and Mr. Smith that pepper spray was deployed in the adjacent room during our deposition and expressed concern that it may have interrupted the deposition again. Mr. Smith and I reported that we did not experience any symptoms or interruption due to the pepper spray.

26. During the entire deposition Mr. Smith was shackled to a desk bolted to the floor. The computer screen was located approximately 10 feet away from him. Mr. Smith was able to view the screen but would have been unable to read any documents shown on the screen. Opposing counsel referenced at least one document filed in this matter during the deposition. She read portions of the document to Mr. Smith instead of presenting it to him over the screen because he was too far away from the screen to read it.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of October, 2021, at Phoenix, Arizona.

                                                 s/ Kelly Soldati
                                                 Kelly Soldati

154281167.1