Victoria Lopez (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: vlopez@acluaz.org
       jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED BELOW]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED BELOW]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **DECLARATION OF ALISHA TARIN-HERMAN** |

154281167.1

I, Alisha Tarin-Herman, hereby declare:

1. I am over 18 years old and have personal knowledge of the matters in this declaration.

2. I am counsel of record for Plaintiffs in this matter.

3. On Tuesday, October 26, 2021, I visited Plaintiff Jason Johnson at ASPC-Eyman SMU I Unit.

4. The purpose of my visit was to defend Mr. Johnson in a deposition coordinated and scheduled by Defendants' counsel.

5. I was present with Mr. Johnson at ASPC-Eyman from approximately 8:35 a.m. to 11:00 a.m. on October 26, 2021.

6. Defendants' counsel participated in the deposition remotely via Google Meet.

7. The court reporter attended the deposition remotely via Google Meet.

8. The correctional officers had one tablet set up for the deposition and informed me that there would be feedback issues if we used a second tablet.

9. Cellular connectivity in the room was poor and made it impossible for me to connect my computer to the internet through my personal wi-fi hotspot.

10. We conducted the deposition using only the one tablet which meant Defendants' counsel could only see Mr. Johnson.

11. In the first few minutes, a scorpion crawled into the room from under the door we were sitting next to.

12. We took a short break to get rid of the scorpion.

13. Towards the end of the deposition, we had to take a break to change out the tablet as it had 2% remaining battery life.

14. On Tuesday, October 26, 2021, I visited Plaintiff Ronald Slavin at ASPC-Eyman Cook Unit.

15. The purpose of my visit was to defend Mr. Slavin in a deposition coordinated and scheduled by Defendants' counsel.

154281167.1

16. I was present with Mr. Slavin at ASPC-Eyman from approximately 11:45 a.m. to 1:10 p.m. on October 26, 2021.

17. I was sitting next to Mr. Slavin in a large visitation room

18. Mr. Slavin and I were alone aside from a guard on the other side of the room.

19. Defendants' counsel participated in the deposition remotely via Google Meet.

20. The court reporter attended the deposition remotely via Google Meet.

21. Mr. Slavin was given a tablet in order to participate in the deposition.

22. The tablet was wirelessly connected to the internet.

23. Cellular connectivity in the room was poor and made it impossible for me to connect my computer to the internet through my personal wi-fi hotspot.

24. Due to this, I also participated in the deposition via the tablet given to Mr. Slavin.

25. As the tablet did not have a large camera and the volume, at its highest, was not loud enough to move the tablet further away and still hear, Defendants' counsel was unable to see me.

26. Connectivity was poor during the deposition and Defendants' counsel video and/or audio feed broke up or lagged over 15 times.

27. We had to repeat our answers or ask Defendants' counsel to repeat his questions several times.

28. Defendants' counsel attempted to share an exhibit but was unsuccessful.

29. We took a short break to allow Defendants' counsel time to share the exhibit.

30. The exhibit did come up for approximately one minute before disappearing again.

31. During this one minute, Mr. Slavin informed me the exhibit was too small for him to see.

32. We attempted to zoom in but could not get to a size where the exhibit was both readable and navigable.

33. The exhibit then disappeared off the screen and eventually Defendants' counsel decided not to use it.

34. On Tuesday, October 26, 2021 I visited Plaintiff Jonathan Gonzalez at ASPC-Eyman Browning Unit.

35. The purpose of my visit was to defend Mr. Gonzalez in a deposition coordinated and scheduled by Defendants' counsel.

36. I was present with Mr. Gonzalez at ASPC-Eyman from approximately 1:35 p.m. to 4:00 p.m. on October 26, 2021.

37. At the direction of Arizona Department of Corrections staff, I met with Mr. Gonzalez in a concrete visitor's room with a thick Plexiglas barrier separating us.

38. Defendants' counsel participated in the deposition remotely via Google Meet.

39. The court reporter attended the deposition remotely via Google Meet.

40. From the beginning, Mr. Gonzalez informed me he was not comfortable giving testimony in that setting.

41. Significant technological issues delayed the deposition.

42. I was given two tablets in order for Mr. Gonzalez and I to participate in the deposition.

43. According to my understanding, Mr. Gonzalez was not allowed to have a tablet with him.

44. We put one tablet up against the Plexiglas barrier so that Mr. Gonzalez could see Defendants' counsel and Defendants' counsel could see him.

45. Mr. Gonzalez wore headphones connected to the tablet so he could hear Defendants' counsel.

46. The tablets were creating strong, screeching feedback when we first received them because of the microphones' interference with each other.

154281167.1

47. To solve that problem, I muted my microphone and left Mr. Gonzalez's microphone on.

48. This solution failed because Mr. Gonzalez's microphone was too sensitive and was picking up the background noise and made hearing each other on Google Meets extremely difficult, if not impossible.

49. The guards then cleared the rest of the inmates out of this area so that it would be quiet.

50. During the deposition, I was told several times that they could not hear me through Mr. Gonzalez's microphone and I would have to speak extremely loudly.

51. The deposition did not proceed long because Mr. Gonzalez's mental health deteriorated, requiring the deposition be discontinued.

52. I had to mute and unmute the tablets several times, requiring me to remove Mr. Gonzalez's tablet from the Plexiglas barrier each time, to communicate with Defendants' counsel about Mr. Gonzalez's condition and how to handle it since Defendants' counsel could not properly hear me as we were set up.

53. The microphone feedback was present several times and we did not find a way for Defendants' counsel and the court reporter to hear both me and Mr. Gonzalez while speaking at reasonable volumes.

54. I could not connect with co-counsel during breaks inside the complex due to extremely poor cellular connectivity and thus had to go outside many times to communicate about Mr. Gonzalez's mental state.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 27th day of October, 2021 at Phoenix, Arizona.

                                               s/ Alisha Tarin-Herman
                                               Alisha Tarin-Herman

-4-

154281167.1