**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

In preparation for trial in this matter, the Court issues the following Order.

**<u>Plaintiffs' Motion for Status Conference (Doc. 4089)</u>**

1. At this time, the Court will not reconsider its Order directing prisoner witnesses to testify by video. The Court has conducted testing that confirmed remote testimony is possible. Plaintiffs' Motion for Reconsideration (Doc. 4066) will be denied.[1]

2. The Court has audio-video conferencing capabilities within the courtroom. The only witnesses presently scheduled to appear by videoconference, however, are prisoner witnesses.

3. The Court will provide a listen-only audio line for public access. The Court will also be streaming audio (no video) of the trial into an overflow courtroom.

---

[1] Plaintiffs filed a supplement to their motion for reconsideration recounting further technological and other disruptions during prisoner witness depositions on October 26, 2021. Further, Defendants did not file a Notice as described and required by the October 25, 2021 Order. Defendants will be directed to comply with the Court's Order. If Defendants cannot confirm they are able to provide interruption-free settings for witnesses to testify, they must so indicate to the Court to allow and arrange for the prisoner witnesses' appearances in person.

4. It appears the parties plan to present eOMIS records live during trial and have devised a plan to screenshot and print relevant portions of a prisoner's medical record for admission into evidence. With the understanding that screenshots of relevant portions will be submitted into evidence, the parties' plan to access eOMIS during trial is acceptable.

5. The parties have discussed presentation of exhibits with the Court's courtroom deputy. If specific issues arise, the parties must meet and confer to attempt to resolve them prior to trial. The parties may submit any remaining issues to the Court by joint statement, due by Friday, October 29, 2021.

**Defendants' Response to Motion for Status Conference (Doc. 4090)**

1. The Court will not allow testimony by deposition absent extraordinary circumstances as required by Rule 32(a). Plaintiffs have not sought leave to present any testimony by deposition.

2. COVID Protocols outlined in General Order 21-18 will be followed.

3. The Court will provide a listen-only audio line for public access. The Court will also be streaming audio (not video) of the trial into an overflow courtroom.

**Testimony and Evidentiary Logistics**

- The parties must identify prior to each witness' testimony which exhibits counsel will be referring or admitting into evidence.
- The parties must provide binders of all exhibits, with the exception of medical records and summaries of evidence.
- Counsel must designate a point-of-contact at each facility to allow for modifications to the witness schedule in the event the witness must testify earlier or later than anticipated.
- If a prisoner's medical records are admitted into evidence, they will be admitted under seal.

**Technological Logistics**

- The parties must use their own technology and provide their own internet

connection.  Verizon service is the most reliable service inside the courthouse.

**Courtroom Logistics**

- The parties must provide the total estimated number of attorneys and support staff they will have in the courtroom.  The parties will be allowed up to five individuals each at counsel table, and an additional eight individuals each in the gallery.  These limits will allow for media personnel and other members of the public.
- The parties may question witnesses from counsel table.
- Masks will be required at all times except a witness testifying in person.

**Public Access**

- Individuals who would like to listen to the trial through a listen-only line must contact azd-pio@azd.uscourts.gov to get call-in information.

**Resolution of Issues Prior to Trial**

- Any remaining issues raised by the parties will be resolved prior to commencement of trial at 9:00 a.m. on November 1, 2021 absent extraordinary circumstances.

Accordingly,

**IT IS ORDERED** Plaintiffs' Motion for Status Conference (Doc. 4089) is **denied** as unnecessary.

**IT IS FURTHER ORDERED** Plaintiffs' Motion to Enforce Court Order (Doc. 4048) is **denied** as moot as it appears production of evidence as to the relevant RFPs is complete.

**IT IS FURTHER ORDERED** Plaintiffs' Motion for Reconsideration re: Testimony of In-Custody Witnesses (Doc. 4066) is **denied**.

**IT IS FURTHER ORDERED** counsel for Defendants must file a statement no later than **10:00 a.m. on Thursday October 28, 2021** confirming testing was performed and that technological and non-technological issues (*e.g.*, excessive noise, pepper spray, scorpions) identified as arising during recent prisoner depositions will not recur during trial.  Counsel must further explain why the statement was not filed as directed on October 26, 2021.  Alternatively, Defendants may indicate that in-person testimony is necessary.

**IT IS FURTHER ORDERED** the parties must inform the Court's courtroom deputy no later than **Thursday October 28, 2021 at 5:00 p.m.** the estimated number of attorneys and support staff they will have in the courtroom (no more than 13 per side) so that the Court may plan to accommodate media personnel and other members of the public.

Dated this 27th day of October, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge