1   Victoria Lopez (Bar No. 330042)*
    Jared G. Keenan (Bar No. 027068)
2   **ACLU FOUNDATION OF ARIZONA**
    3707 North 7th Street, Suite 235
3   Phoenix, Arizona 85013
    Telephone: (602) 650-1854
4   Email: vlopez@acluaz.org
              jkeenan@acluaz.org
5
    *Admitted pursuant to Ariz. Sup. Ct. R. 38(d)
6
    *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
7   *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
    *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
8   *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
    *behalf of themselves and all others similarly situated*
9   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE**
    **PAGE]**
10
    Asim Dietrich (Bar No. 027927)
11  **ARIZONA CENTER FOR DISABILITY LAW**
    5025 East Washington Street, Suite 202
12  Phoenix, Arizona 85034
    Telephone: (602) 274-6287
13  Email: adietrich@azdisabilitylaw.org

14  *Attorneys for Plaintiff Arizona Center for Disability Law*
    **[ADDITIONAL COUNSEL LISTED ON SIGNATURE**
15  **PAGE]**

16                    UNITED STATES DISTRICT COURT

17                         DISTRICT OF ARIZONA

18  Victor Parsons; Shawn Jensen; Stephen Swartz;        No. CV 12-00601-PHX-ROS
    Dustin Brislan; Sonia Rodriguez; Christina
19  Verduzco; Jackie Thomas; Jeremy Smith; Robert
    Gamez; Maryanne Chisholm; Desiree Licci; Joseph     **PLAINTIFFS' MOTION TO**
20  Hefner; Joshua Polson; and Charlotte Wells, on       **EXCLUDE CERTAIN**
    behalf of themselves and all others similarly        **TESTIMONY**
21  situated; and Arizona Center for Disability Law,

22                         Plaintiffs,                   **(EXPEDITED RULING**
                                                         **REQUESTED)**
23          v.

24  David Shinn, Director, Arizona Department of
    Corrections, Rehabilitation and Reentry; and Larry
25  Gann, Assistant Director, Medical Services Contract
    Monitoring Bureau, Arizona Department of
26  Corrections, Rehabilitation and Reentry, in their
    official capacities,
27
                           Defendants.
28

154328111.2

Plaintiffs move to exclude several categories of improper testimony by Defendants' witnesses:

- testimony from health care providers relating to the medical/mental health treatment of class members that the witness did not personally provide;

- testimony regarding purportedly planned future changes to the Arizona Department of Corrections, Rehabilitation and Reentry ("ADCRR") or Centurion's policies or *modus operandi*;

- any other expert opinion testimony that was not properly disclosed under Fed. R. Civ. P. 26.

The parties have exchanged communications regarding what is properly expert testimony but have reached an impasse. [*See* Declaration of Daniel C. Barr ("Barr Decl."), Ex. A (emails and correspondence between Plaintiffs' and Defendants' counsel)]. Plaintiffs respectfully request expedited consideration given the upcoming trial date.

**Introduction**

Defendants seek to have several of their witnesses testify improperly. First, Defendants seek to have witnesses offer expert testimony without filing adequate written reports in accordance with Fed. R. of Civ. P. 26(a)(2). Second, Defendants' Disclosure states that several witnesses plan to testify regarding "continuous improvements" in the delivery of health care, which could be read to include testimony about plans for future changes. The Court previously ruled that similar testimony was inappropriate for trial in 2014, and the circumstances do not warrant a different result now. [*See generally* Doc. 815]

Rule 26 provides for two kinds of expert witnesses. Fed. R. of Civ. P. 26(a)(2)(B)– (C). Rule 26(a)(2)(B) requires experts who are "retained or specially provide expert testimony . . . or [] whose duties as the party's employee regularly involve giving expert testimony" to provide written reports which contain certain required information. Rule 26(a)(2)(C), on the other hand, allows for experts who do not fall within the purview

of 26(a)(2)(B) to make a more limited disclosure of "the facts and opinions to which the witness is expected to testify." Fed R. of Civ. P. 26(a)(2)(C)(ii).

In the case of testimony regarding medical care, Ninth Circuit caselaw is clear that testimony beyond a health care provider's personal experience treating a patient is expert testimony requiring an expert report under Rule 26(a)(2)(B):

> Today we join those circuits that have addressed the issue and hold that a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment. Goodman specifically retained a number of her treating physicians to render expert testimony beyond the scope of the treatment rendered; indeed, to form their opinions, these doctors reviewed information provided by Goodman's attorney that they hadn't reviewed during the course of treatment. For these reasons, we agree with the district court that those doctors fell outside the scope of the "treating physician" exception insofar as their additional opinions are concerned. Therefore, Rule 26(a)(2)(B) required disclosure of written reports. By failing to provide these reports until long after the deadline for plaintiff's expert disclosures had passed, Goodman failed to comply with Rule 26's disclosure requirements.

*Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). This Court already followed this precedent in this very case, and the Court should do so again. *See* Doc. 815 at 3-5 (excluding expert testimony not disclosed in a report and "regarding the treatment provided to the named Plaintiffs when their review of the inmates' files was obviously for this litigation").

Here, Defendants will not commit to having non-expert and Rule 26(a)(2)(C) witnesses cabin their testimony about patients to discuss only the treatment they personally provided, or to limit their experts' testimony to the opinions contained in their written reports. [*See* Barr Decl., Ex. A] Plaintiffs therefore request that the Court exercise its Rule 37(c)(1) authority to exclude expert opinion that was not properly disclosed. *See* Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (Rule 37 provides a "self-executing" and "automatic" sanction of evidence exclusion to encourage timely disclosure); *Wong v. Regents of the Univ. of Cal.*,

-2-

154328111.2

410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders").

## Background

This Court's Order required Defendants to disclose their experts' reports no later than October 22, 2021. [Doc. 3931 at 2] On that date, Defendants served seven expert reports and Defendants' Third Supplemental Pretrial Disclosure Statement ("Disclosure"). [Barr Decl., Ex. B] The Disclosure states that several of their witnesses may testify about health care provided to individual class members. [*See, e.g.*, *id.* at 10, 11] Of these witnesses, the Disclosure suggests that Defendants plan to have Drs. Pelton, Carr, Orm, Mahn, and Phillips testify about care they did not personally provide. Dr. Phillips is the only one of these five individuals who provided an expert report, and his report is insufficient in disclosing the opinions he will express regarding the treatment provided to specific patients.

Further, Defendants' Disclosure repeatedly states that witnesses will testify regarding "continuous improvements" to various aspects of ADCRR's health care system. It is unclear whether this encompasses improvements that were made either after October 15, 2021, when fact discovery closed, or improvements that were not expressly disclosed in expert disclosures.

## Argument

### I.   DEFENDANTS' NON-EXPERT WITNESSES SHOULD BE BARRED FROM TESTIFYING REGARDING OTHER PROVIDERS' TREATMENT OF PATIENTS.

Although treating physicians sometimes can provide expert testimony about their own treatment without serving an expert report discussing that treatment, that allowance is limited. A treating physician cannot offer opinions "beyond the scope of the treatment rendered" or opinions based on "information . . . that [he or she] hadn't reviewed during the course of treatment." *See Goodman*, 644 F.3d at 826; Doc. 815 at 3-5 (excluding testimony not disclosed in an expert report "regarding the treatment provided to the named Plaintiffs when their review of the inmates' files was obviously for this litigation").

154328111.2

Yet Defendants' Disclosure says that multiple witnesses will do just that. Despite multiple requests from Plaintiffs' counsel, Defendants refused to clarify the scope of the witnesses' testimony at trial, necessitating this motion.

### A.    Ashley Pelton, Ph.D.

Dr. Pelton is the Regional Mental Health Director for Centurion in Arizona. [Barr Decl., Ex. B at 11] Defendants state that Dr. Pelton will testify, among other things, "regarding the individualized mental health care of the named Plaintiffs, along with any other inmates who testify at trial or who are referred to by Plaintiffs' experts in their reports, Declarations prepared for trial, and/or live testimony." [*Id.* at 12] But Dr. Pelton testified in her deposition that in her current position, she does not provide direct patient care. [Barr Decl., Ex. C (Excerpts of 10/6/2021 Dep. of Ashley Pelton, Ph.D.) at 26:6–8] And in her previous roles in ADCRR, she has personally treated only a tiny fraction of the patients about whose care she now plans to opine. For example, Dr. Pelton has personally treated only two of the twelve named plaintiffs in this case, both between one and four years ago. [*Id.* at 42:25–43:25; Barr Decl., Ex. D (Pelton Dep. Ex. 3)]

Dr. Pelton intends to testify not only about her own treatment of these two patients, but about the treatment provided by others in ADCRR. [Barr Decl., Ex. C at 45:14–46:15] And she plans to testify about the treatment of other named plaintiffs whom she has not personally treated. [*Id.* at 50:8–13; *see also id.* at 46:17–47:23 (Dr. Pelton has reviewed the record of named plaintiff Dustin Brislan, whom she has not personally treated, for purposes of this litigation)]

Similarly, Dr. Pelton has personally treated only two of the 22 persons who died by suicide in Arizona prisons since 2019—treatment she provided to one patient in early 2019, and to the other in 2019 or 2020. [Barr Decl., Ex. C at 55:1–56:12; Barr Decl., Ex. E (Pelton Dep. Ex. 4)] And of 131 patients whose files were reviewed by Plaintiffs'

154328111.2

1   expert Dr. Pablo Stewart, Dr. Pelton has personally treated only eight or nine, mostly

2   between one and four years ago. [Barr Decl., Ex. C at 62:22–66:7, 70:10–73:12][1]

3           Defendants' intention to have Dr. Pelton testify about the care of patients she has

4   not personally treated; about the treatment rendered by clinicians other than herself; and

5   about patient records she has reviewed for purposes of this litigation thrusts her into the

6   role of a Rule 26(a)(2)(B) expert. She was obliged to provide an expert report, but she has

7   provided neither a Rule 26(a)(2)(B) expert report nor Rule 26(a)(2)(C) expert disclosures.

8   Accordingly, she should be barred from testifying about any patient care beyond the care

9   she personally provided.

10          **B.      Antonio Carr, M.D.**

11          Dr. Carr is the Regional Psychiatric Director for Centurion in Arizona, and the

12  supervisor of Dr. Ashley Pelton. [Barr Decl., Ex. C at 25:8–20] As with Dr. Pelton,

13  Defendants state that Dr. Carr "will testify regarding the individualized psychiatric care

---

[1] Dr. Pelton was highly evasive when asked about her planned testimony:

BY MR. FATHI:
Q. All right. So for these nine people we've discussed …, are you planning to testify at trial about the mental health treatment of any of these patients?
MS. ORCUTT: Form.
THE WITNESS: I'm not sure.
BY MR. FATHI:
Q. Why are you not sure?
MS. ORCUTT: Form.
THE WITNESS: I have not decided.
MR. FATHI:
And when are you going to make that decision?
MS. ORCUTT: Form.
THE WITNESS: I don't know.
MR. FATHI:
And how are you going to make that decision?
MS. ORCUTT: Form.
THE WITNESS: I don't know.
MR. FATHI:
What considerations will factor into your decision?
MS. ORCUTT: Form.
THE WITNESS: I'm not sure yet.
[*Id.* at 73:14-74:13, 74:18-80:18, 83:16-84:16] But Defendants have consistently stated that she will testify "regarding the individualized mental health care of the named Plaintiffs, along with any other inmates who testify at trial or who are referred to by Plaintiffs' experts in their reports, Declarations prepared for trial, and/or live testimony." [Barr Decl., Ex. B at 12]

154328111.2

1   and medication management of the named Plaintiffs, along with any other inmates who

2   testify at trial or who are referred to by Plaintiffs' experts in their reports, Declarations

3   prepared for trial, and/or live testimony." [Barr Decl., Ex. B at 11] As a high-ranking

4   manager, it is not clear that Dr. Carr has personally treated *any* of the named plaintiffs or

5   the class members referred to by Plaintiffs' experts. Because, like Dr. Pelton, Dr. Carr has

6   submitted neither a Rule 26(a)(2)(B) expert report nor Rule 26(a)(2)(C) expert

7   disclosures, he should be barred from testifying about any patient care beyond the care he

8   personally provided.

9       **C.    Wendy Orm, M.D.**

10      Dr. Orm is the Regional Medical Director for Centurion in Arizona. [Barr Decl.,

11  Ex. B at 9] Defendants state that she "will testify regarding the individualized medical

12  care and medications of the named Plaintiffs, along with any other inmates who testify at

13  trial or who are referred to by Plaintiffs' experts in their reports, Declarations prepared for

14  trial, and/or live testimony." [*Id.* at 10] However, Dr. Orm testified in her deposition that

15  she does not provide direct patient care and has not reviewed the named Plaintiffs'

16  medical charts. [Barr Decl., Ex. F (Excerpts of 10/13/2021 Dep. of Wendy Michelle Orm,

17  M.D.) at 12:10–11, 131:19–23] Thus, as with Drs. Pelton and Carr, Dr. Orm should have

18  provided a written report under Rule 26(a)(2)(B). She failed to do so. Although it is

19  unclear how Dr. Orm could testify regarding specific medical care of the named Plaintiffs

20  at all, not having reviewed their records, she should plainly be precluded from testifying

21  about medical care she did not personally provide.

22      **D.    Dr. Mahn**

23      Dr. Mahn is the Site Medical Director for ASPC-Florence. [Barr Decl., Ex. B at

24  26] Dr. Mahn is "expected to testify regarding his review of the treatment provided to []

25  Jason Robinson." [*Id.* at 27] While Defendants provided a 26(a)(2)(C) disclosure for

26  Dr. Mahn, his planned testimony on a patient he did not treat clearly makes him a

27  26(a)(2)(B) expert under *Goodman*. However, Dr. Mahn did not provide the required

28

154328111.2

written report. Therefore, Dr. Mahn should be barred from testifying regarding the treatment of Mr. Robinson and others to whom he did not personally provide care.

### E. Dr. Phillips

Dr. Phillips is the Medical Director for the ADCRR. [Barr Decl., Ex. B at 7] The Disclosure states that Dr. Phillips will testify regarding "the health care provided to the individual inmates specifically referred to by Plaintiffs' experts . . . up until the time of trial." [*Id.*] Dr. Phillips himself does not treat patients in his current position. [Barr Decl., Ex. G (Excerpts of 10/5/2021 Dep. of Grant Phillips) at 231:4-10] As Dr. Phillips' expert report is deficient and he has not personally treated any witnesses, he cannot offer testimony on individualized patient care unless he disclosed those opinions in a timely expert report.

While Defendants list Dr. Phillips as a Rule 26(a)(2)(B) expert and provide a report, the report is wholly inadequate to allow him to provide testimony regarding individual treatment of patients. The first requirement for a Rule 26(a)(2)(B) expert report is that it contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Dr. Phillips asserts that he was unable to complete his review of the "alleged deficiencies in the care provided to specific ADCRR inmates" due to a lack of time, and thus does not identify or discuss the patients about whose care he plans to testify. [Barr Decl., Ex. H (10/22/2021 Expert Report of Grant C. Phillips, M.D.) at 4] However, during Dr. Phillips' deposition on October 5, he testified that he had reviewed the named Plaintiffs' medical charts. He also has had ample time to do so because Plaintiffs have been regularly disclosing the list of class members whose files Plaintiffs' experts have reviewed, pursuant to the Court's order (Doc. 3940 at 3:24-25). In any event, Dr. Phillips's lack of time is no excuse: Defendants did not move the Court to amend the scheduling order or otherwise seek an extension of their expert disclosure deadline. Dr. Phillips's unilateral decision to grant himself an extension to provide undisclosed testimony is insufficient.

154328111.2

## II. DEFENDANTS SHOULD BE PROHIBITED FROM OFFERING TESTIMONY REGARDING CHANGES MADE AFTER THE CLOSE OF FACT DISCOVERY.

Throughout their Disclosure, Defendants state that both expert and fact witnesses will testify regarding "continuous improvements" to various aspects of ADCRR's health care system. This language suggests both current and future improvements that will be made. Fact discovery closed on October 15 (Doc. 3931 at 20), and allowing testimony on purportedly planned or hoped for changes made after this date would unfairly prejudice Plaintiffs, who are unable to conduct discovery regarding these changes both because fact discovery has closed and because the trial is less than one week away. The Court previously ruled that witnesses may not testify about "future, unspecified events" and rejected claims that Defendants could offer testimony about changes "up to the last day of trial" to establish what the "current conditions" in the prison system are. [Doc. 815 at 2, 3] Rather, this Court held that evidence of developments after the close of discovery could not be considered to determine liability and could, at most, be relevant to the appropriate remedy. [*Id.* at 3] Defendants should be prevented from offering testimony regarding any changes that may have occurred or may yet occur after the close of fact discovery.

### Conclusion

For the reasons stated above, the Court should exclude the improper expert testimony set forth above and bar testimony regarding any changes made after October 15. The requested relief is warranted, as Defendants are unable to show that their noncompliance with the requirements of Rule 26 is "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1178–79 (9th Cir. 2008) (citing *Yeti by Molly Ltd.*, 259 F.3d at 1106).

. . .

. . .

. . .

. . .

. . .

154328111.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: October 27, 2021                    **PERKINS COIE LLP**

By:   s/ Daniel C. Barr
   Daniel C. Barr (Bar No. 010149)
   John H. Gray (Bar No. 028107)
   Austin C. Yost (Bar No. 034602)
   Karl J. Worsham (Bar No. 035713)
   Kathryn E. Boughton (Bar No. 036105)
   Mikaela N. Colby (Bar No. 035667)
   Kelly Soldati (Bar No. 036727)
   Alisha Tarin-Herman (Bar No. 037040)
   2901 N. Central Avenue, Suite 2000
   Phoenix, Arizona 85012
   Telephone: (602) 351-8000
   Email: dbarr@perkinscoie.com
      jhgray@perkinscoie.com
      ayost@perkinscoie.com
      kworsham@perkinscoie.com
      kboughton@perkinscoie.com
      mcolby@perkinscoie.com
      ksoldati@perkinscoie.com
      docketphx@perkinscoie.com

   Victoria Lopez (Bar No. 330042)*
   Jared G. Keenan (Bar No. 027068)
   **ACLU FOUNDATION OF**
   **ARIZONA**
   3707 North 7th Street, Suite 235
   Phoenix, Arizona 85013
   Telephone: (602) 650-1854
   Email: vlopez@acluaz.org
      jkeenan@acluaz.org

   *Admitted pursuant to Ariz. Sup. Ct.
   R. 38(d)

   Donald Specter (Cal. 83925)*
   Alison Hardy (Cal. 135966)*
   Sara Norman (Cal. 189536)*
   Rita K. Lomio (Cal. 254501)*
   Sophie Hart (Cal. 321663)*
   **PRISON LAW OFFICE**
   1917 Fifth Street
   Berkeley, California 94710
   Telephone: (510) 280-2621
   Email: dspecter@prisonlaw.com
      ahardy@prisonlaw.com
      snorman@prisonlaw.com
      rlomio@prisonlaw.com
      sophieh@prisonlaw.com

   *Admitted *pro hac vice*

-9-

David C. Fathi (Wash. 24893)*
Maria V. Morris (D.C. 1697904)**
Eunice Hyunhye Cho (Wash. 53711)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:      dfathi@aclu.org
            mmorris@aclu.org
            echo@aclu.org

*Admitted *pro hac vice*; not admitted
 in DC; practice limited to federal
 courts
**Admitted *pro hac vice*

Corene Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON PROJECT**
39 Drumm Street
San Francisco, California 94111
Telephone:  (202) 393-4930
Email:      ckendrick@aclu.org

*Admitted *pro hac vice*.

*Attorneys for Plaintiffs Shawn Jensen;
Stephen Swartz; Sonia Rodriguez; Christina
Verduzco; Jackie Thomas; Jeremy Smith;
Robert Gamez; Maryanne Chisholm;
Desiree Licci; Joseph Hefner; Joshua
Polson; and Charlotte Wells, on behalf of
themselves and all others similarly situated*

154328111.2

**ARIZONA CENTER FOR DISABILITY LAW**

By:   s/ Maya Abela
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone:  (602) 274-6287
Email:     adietrich@azdisabilitylaw.org

Rose A. Daly-Rooney (Bar No. 015690)
Maya Abela (Bar No. 027232)
**ARIZONA CENTER FOR DISABILITY LAW**
177 North Church Avenue, Suite 800
Tucson, Arizona 85701
Telephone:  (520) 327-9547
Email:
    rdalyrooney@azdisabilitylaw.org
    mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

-11-

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on October 27, 2021, I electronically transmitted the above

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants:

5

6

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General

7

Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

8

9

Daniel P. Struck
Rachel Love

10

Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman

11

Jacob B. Lee
Timothy M. Ray

12

Anne M. Orcutt
Eden G. Cohen

13

STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com

14

rlove@strucklove.com
tbojanowski@strucklove.com

15

nacedo@strucklove.com
ahesman@strucklove.com

16

jlee@strucklove.com

17

tray@strucklove.com
aorcutt@strucklove.com

18

ecohen@strucklove.com

19

*Attorneys for Defendants*

20

21

s/ D. Freouf

22

23

24

25

26

27

28

-12-

154328111.2