**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Plaintiffs seek to exclude several categories of testimony they believe Defendants' witnesses plan to offer. (Doc. 4100 at 2). Because Plaintiffs' briefing is sufficiently detailed, the law is well-established, and trial begins in a matter of days, the Court will resolve Plaintiffs' request without seeking a response from Defendants. If Defendants believe the Court has overlooked crucial aspect of these issues, they may file a dispute setting forth their positions.

Plaintiffs seek to exclude "testimony from health care providers relating to the medical/mental health treatment of class members that the witness did not personally provide." (Doc. 4100 at 2). Relatedly, Plaintiffs seek to exclude "any other expert opinion testimony that was not properly disclosed under Fed. R. Civ. P. 26." (Doc. 4100 at 2). These requests involve the differing requirements established by Federal Rule of Civil Procedure 26(a)(2) for expert witness disclosures.

Plaintiffs argue Defendants plan to present testimony from Ashley Pelton, Ph.D., and Antonio Carr, M.D., although neither provided expert reports required by Rule

26(a)(2)(B) nor did they provide expert disclosures pursuant to Rule 26(a)(2)(C) regarding the medical treatment of individual class members.  In addition, Wendy Orm, M.D., and Dr. Mahn provided Rule 26(a)(2)(C) expert disclosures but they plan to testify regarding individual care of class members who they did not personally treat.  Plaintiffs request the Court exclude any testimony from Pelton, Carr, Orm, or Mahn regarding class members they have not personally treated.  In other words, Plaintiffs request the Court follow the controlling law regarding what types of disclosures must be provided before testimony will be allowed.  The Court will do so.  The presumptive sanction for insufficient disclosures is exclusion.  Accordingly, Pelton, Carr, Orm, and Mahn will not be permitted to offer non-disclosed expert testimony.

Plaintiffs also believe the expert report provided by Dr. Phillips "is wholly inadequate."  (Doc. 4100 at 8).  Dr. Phillips' expert report states he had insufficient time to identify and discuss patients identified in another expert report.  It is unclear whether Dr. Phillips plans on testifying about those patients, but it is clear the present record prevents him from doing so.  All parties and experts were required to comply with the relevant deadlines.  The fact that Dr. Phillips did not have as much time as he wished to complete his report is not a sufficient excuse to allow him to testify regarding undisclosed matters.  Dr. Phillips will not be permitted to offer non-disclosed expert testimony.

Finally, Plaintiffs ask the Court to exclude "testimony regarding purportedly planned future changes" to policies or practices.[1]  (Doc. 4100 at 2).  Because Plaintiffs are seeking injunctive relief, complete exclusion of testimony regarding currently contemplated future events would not be appropriate.  At the same time, however, it may be prejudicial for Defendants to offer testimony about future events when Plaintiffs have had no opportunity to conduct discovery regarding those events if they are being referenced for the first time after the close of discovery.  Thus, Defendants may offer

---

[1] Plaintiffs' motion and accompanying exhibits show the parties believe orders issued in advance of trial in 2014 continue to apply.  That is not correct.  The present trial will involve a different record than in 2014 and all prior orders do not automatically apply.  The parties are free to cite prior orders as reference but they should not assume the Court will follow rulings issued in advance of the 2014 trial.

testimony regarding future events but, before doing so, they must provide notice to Plaintiffs at least 48 hours in advance of the day when the future events will be discussed. That notice must be detailed and provide supporting documents, if any.  If the Plaintiffs would be prejudiced the Court may not allow the testimony.

Accordingly,

**IT IS ORDERED** the Motion to Exclude (Doc. 4100) is **GRANTED IN PART** as set forth above.

**IT IS FURTHER ORDERED** the Motion to Seal (Doc. 4102) is **GRANTED**. This Order shall not be sealed.

Dated this 28th day of October, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge