**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, | No. CV-12-00601-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, | |
| Defendant. | |

Additional logistical issues must be resolved prior to trial.

1. Plaintiffs' expert Pablo Stewart will be permitted to testify via videoconference. Plaintiffs must coordinate with the Court's System Technology Division to facilitate his testimony.

2. Plaintiffs have provided a witness schedule that includes the time for direct and redirect examination. Defense counsel shall also provide the amount of time they expect to spend on cross and Plaintiffs will be required to file a revised complete witness schedule. The Court notes Plaintiffs' schedule includes a realistic number of witnesses given Plaintiffs' time allotment and burden of proof. Defendants, however, have not provided an actual witness schedule. Instead, Defendants' list of approximately seventy individuals must be potential witnesses. It is not remotely possible Defendants will be able to call all these individuals in their allotted time. Defendants will be required to file a realistic witness list which includes the time for direct,

cross, and redirect, for each of their witnesses.

3. Given the type of evidence at issue in this case and counsel's familiarity with it, the parties should be able to stipulate to the admission of almost all exhibits. However, to the extent the parties have objections to exhibits, they must expediently provide a list of those objections to opposing counsel. That list must contain the good faith legal basis for each objection. Moreover, trial time expended on objections will be charged against the party who loses the objection.

4. In the Order issued on October 27, 2021, the Court noted, in accordance with the rule, that testimony by deposition would be allowed only in limited circumstances. (Doc. 4098 at 2). That statement was prompted by defense counsel's position that they oppose available witnesses testifying by deposition. But it is undisputed that defense counsel are experienced trial lawyers who attended the witnesses' depositions, and no doubt asked appropriate questions, such that they are fully aware of how the individuals testified. To the extent defense counsel expect to elicit entirely different testimony from these witnesses at trial, they are entitled to do so. However, defense counsel are warned they are precluded from requiring Plaintiffs to present live testimony of witnesses who will testify precisely, or very closely, to how they testified during depositions.

5. The Court previously indicated the parties would be allowed up to 13 individuals in the courtroom. Given the number of inquiries from the media and the public, that number must be reduced. Each side will be permitted no more than six individuals in the floor of the courtroom and two more for each side may be seated in the jury box but the remaining space in the courtroom will be available for media and members of the public.

6. The District of Arizona's bench plans to attend the memorial service for

Grant Woods on November 12, 2021, at 10:00 a.m. If the Court were to attend approximately three hours of the scheduled trial time would be needed to allow attendance. This time could be made up by allowing the trial to proceed for three hours on Monday, November 22, 2021. If either party objects to this possible change to the trial schedule, the objection is to be filed in a document setting forth the reasons.

Accordingly,

**IT IS ORDERED** no later than **8:30 a.m, November 1, 2021**, the parties shall file witness schedules containing the times for direct, cross, and redirect for each of their witnesses.

**IT IS FURTHER ORDERED** if either side objects to trial continuing on November 22, 2021, they should file a statement explaining no later than November 1, 2021.

DATED this 29th day of October, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge