Victoria Lopez (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: vlopez@acluaz.org
        jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia
Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy
Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,
Joseph Hefner, Joshua Polson, and Charlotte Wells, on
behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE
PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE
PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-ROS |
| Plaintiffs, | **STATEMENT OF DISCOVERY DISPUTE** |
| v. | |
| David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, | |
| Defendants. | |

23774493.1

1   **Plaintiffs' Position**

2       On October 7, 2021, Plaintiffs issued a deposition subpoena duces tecum for

3   Defendants' expert, Dr. Joseph Penn, for 8:00 a.m. on October 26.[1]  Exh. 1.  The subpoena

4   required production, also at 8:00 a.m. on October 26, of "All notes relating to this case,

5   copies of all transcripts from deposition or trial testimony, all publications within the last

6   10 years, and time records."  *Id.*

7       During Dr. Penn's deposition on October 26, Defendants' counsel stated:

8       I will fall on the sword for this, I did not – I missed this and I noticed it
        yesterday that you guys had included a duces tecum portion. We're in the
9       process of gathering the documents we have, and we'll get you a large
        production today, but we'll probably have to supplement with some of the
10      items next week and I apologize, that is my fault.

11      Penn deposition (rough transcript) at Ln 1792-1814, pp. 33-34 (Exh. 2).

12      The deposition concluded at approximately 3:40 p.m., after 5 hours and 59 minutes

13  of on-the-record time.  No documents responsive to the subpoena were produced until 8:55

14  p.m. on October 26; additional responsive documents were produced at 8:10 p.m. on

15  October 27.  Exh. 3, 4.  The documents produced thus far consist of approximately 130

16  pages of single-spaced typewritten notes reflecting Dr. Penn's tours of ADCRR facilities

17  and his review of medical records of class members.

18      In light of Defendants' failure to timely produce the documents required by the

19  subpoena, Plaintiffs seek leave to depose Dr. Penn for an additional two hours (excluding

20  breaks) regarding these documents.[2]  *See Saevik v. Swedish Med. Ctr.,* No. C19-1992-JCC,

21  2021 WL 4502668, at *2 (W.D. Wash. Oct. 1, 2021) (allowing second deposition of up to

22  two hours due to improper instructions not to answer); *Finjan, Inc. v. Eset, LLC*, No.

23  17CV183 CAB (BGS), 2020 WL 7396551, at *5 (S.D. Cal. Dec. 16, 2020) ("The Court

24  finds Eset may exceed the presumptive seven-hour limit, assuming the second deposition

25  will do so, but only for a maximum of two hours"); *Smith Grybowski v. Hewlett-Packard*

26

27      _____

        [1] All times are Arizona Standard Time.
28      [2] Added to the 5 hours and 59 minutes already elapsed, this would result in a total
        deposition time not exceeding 7 hours and 59 minutes.

1  *Co.*, No. 2:15-CV-484-GMN-VCF, 2015 WL 9294572, at *3 (D. Nev. Dec. 21, 2015)

2  (allowing second deposition of three and one-half hours).

3       **Defendants' Position**

4       As Plaintiffs highlight above, Defense counsel simply overlooked the subpoena

5  duces tecum portion of Plaintiffs' subpoena for Dr. Penn's deposition—it was an honest

6  mistake.  Despite this, except for one page of notes, all responsive documents were provided

7  to Plaintiffs on October 26, 2021—the date specified in their subpoena.  If Plaintiffs desired

8  responsive documents so that Dr. Penn could be questioned regarding them, they could have

9  required production days prior to his deposition.  They did not.  Further, at the beginning of

10 Dr. Penn's deposition, Defense counsel informed Plaintiffs' counsel that responsive

11 documents were forthcoming.  Just as with an appellate argument, Plaintiffs reserved

12 approximately an hour to question him regarding these notes. This is more than adequate

13 time to question him regarding this narrow subject.[3]  Pursuant to the Court's Order, expert

14 depositions "may not exceed seven hours." (Dkt. 3940 at 3.)  Despite Plaintiffs' failure to

15 request production of these documents *prior to* Dr. Penn's deposition, and failure to manage

16 their deposition time, in the interest of good faith, Defendants agreed to allow Plaintiffs to

17 depose Dr. Penn for an additional approximate hour regarding his notes—until their full

18 seven hours had been utilized.  Plaintiffs rejected Defendants' offer and insisted—without

19 support—on deposing him for an additional two hours.

20      The cases Plaintiffs cite are misplaced as each allowed a second deposition due to

21 circumstances in the first deposition that are not present here:  (1) improper instructions not

22 to answer (*Saevik*); (2) resurrection of a claim that was stayed at time of first deposition

23 (*Finjan*); and (3) deponent's unexpected "depth of knowledge" which required additional

24 time (*Grybowski*).[4]  None permitted a party to exceed the seven-hour limit to ask additional

25

26      [3] Particularly where Plaintiffs have now had five days to review and digest them,
   which should result in more streamlined and targeted questions.

27      [4] In *Grybowski*, the Court only allowed plaintiffs to depose the deponent for an
   additional 90 minutes beyond the 7-hour limit, not an additional three and on-half hours as

28 Plaintiffs suggest.  *Id*. at *2.

23774493.1

1   questions regarding documents received pursuant to a subpoena duces tecum.     Indeed,

2   Plaintiffs' legal authority supports Defendants' position.  *See Saevik v. Swedish Med. Ctr.,*

3   No. C19-1992-JCC, 2021 WL 4502668, at *2 (W.D. Wash. Oct. 1, 2021) (denying request

4   for more deposition time based upon defendants' claim that the case was "document heavy"

5   because "**while parties may wish to cover a wide breadth of topics in a given deposition,**

6   **they are necessarily required to prioritize their questions in order to remain within**

7   **the limitations set by the Federal Rules.**") (citations omitted), (emphasis added).

8   Plaintiffs are using the production of notes as an excuse to circumvent the seven-hour limit

9   and depose Dr. Penn for nine hours.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

Dated:  November 1, 2021

**STRUCK LOVE BOJANOWSKI**
**& ACEDO, PLC**

By: s/(by permission)

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 W. Ray Road, Ste. 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Email: dstruck@strucklove.com
        rlove@strucklove.com
        tbojanowski@strucklove.com
        nacedo@strucklove.com

*Attorneys for Defendants Pratt and Shinn*

**ACLU NATIONAL PRISON PROJECT**

By:   s/ Corene Kendrick

Corene Kendrick (Cal. 226642)*
39 Drumm Street
San Francisco, California 94111
Telephone:  (202) 393-4930
Email:    ckendrick@aclu.org

*Admitted *pro hac vice*.

David C. Fathi (Wash. 24893)*
Maria V. Morris (D.C. 1697904)**
Eunice Hyunhye Cho (Wash. 53711)*
**ACLU NATIONAL PRISON**
**PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:    dfathi@aclu.org
          mmorris@aclu.org
          echo@aclu.org

*Admitted *pro hac vice*; not admitted
 in DC; practice limited to federal
 courts
**Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
John H. Gray (Bar No. 028107)
Austin C. Yost (Bar No. 034602)
Karl J. Worsham (Bar No. 035713)
Kathryn E. Boughton (Bar No. 036105)
Mikaela N. Colby (Bar No. 035667)
Kelly Soldati (Bar No. 036727)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email:    dbarr@perkinscoie.com
          jhgray@perkinscoie.com
          ayost@perkinscoie.com
          kworsham@perkinscoie.com
          kboughton@perkinscoie.com
          mcolby@perkinscoie.com
          ksoldati@perkinscoie.com
          docketphx@perkinscoie.com

23774493.1

Victoria Lopez (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:      vlopez@acluaz.org
            jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sara Norman (Cal. 189536)*
Rita K. Lomio (Cal. 254501)*
Sophie Hart (Cal. 321663)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone:  (510) 280-2621
Email:      dspecter@prisonlaw.com
            ahardy@prisonlaw.com
            snorman@prisonlaw.com
            rlomio@prisonlaw.com
            sophieh@prisonlaw.com

*Admitted *pro hac vice*.

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

-5-

23774493.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARIZONA CENTER FOR DISABILITY LAW**

By: ___s/ Maya Abela___
 Asim Dietrich (Bar No. 027927)
 5025 East Washington Street, Suite 202
 Phoenix, Arizona 85034
 Telephone:  (602) 274-6287
 Email:    adietrich@azdisabilitylaw.org

 Rose A. Daly-Rooney (Bar No. 015690)
 J.J. Rico (Bar No. 021292)
 Maya Abela (Bar No. 027232)
 **ARIZONA CENTER FOR DISABILITY LAW**
 177 North Church Avenue, Suite 800
 Tucson, Arizona 85701
 Telephone:  (520) 327-9547
 Email:
    rdalyrooney@azdisabilitylaw.org
        jrico@azdisabilitylaw.org
        mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

-6-

1

## **CERTIFICATE OF SERVICE**

2    I hereby certify that on November 1, 2021, I electronically transmitted the above

3    document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4    Notice of Electronic Filing to the following CM/ECF registrants:

5

6    Michael E. Gottfried
     Lucy M. Rand
7    Assistant Arizona Attorneys General
     Michael.Gottfried@azag.gov
8    Lucy.Rand@azag.gov

9    Daniel P. Struck
     Rachel Love
10   Timothy J. Bojanowski
     Nicholas D. Acedo
11   Ashlee B. Hesman
     Jacob B. Lee
12   Timothy M. Ray
     Anne M. Orcutt
13   STRUCK LOVE BOJANOWSKI & ACEDO, PLC
     dstruck@strucklove.com
14   rlove@strucklove.com
     tbojanowski@strucklove.com
15   nacedo@strucklove.com
     ahesman@strucklove.com
16   jlee@strucklove.com
     tray@strucklove.com
17   aorcutt@strucklove.com

18   *Attorneys for Defendants*

19                                    s/ Jessica Carns

20

21

22

23

24

25

26

27

28

23774493.1