**Index of Exhibits to Statement of Discovery Dispute**

| Exhibit | Description |
|---|---|
| 1 | 10/07/2021 Deposition subpoena duces tecum for Dr. Joseph Penn |
| 2 | Penn Deposition (rough transcript) excerpt |
| 3 | 10/26/2021 Response to subpoena |
| 4 | 10/27/2021 Response to subpoena |

# EXHIBIT 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Arizona

| | |
|---|---|
| Victor Parsons, et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| David Shinn, Director, Arizona Department of | ) |
| Corrections, Rehabilitation and Reentry, et al. | ) |
| *Defendant* | ) |

Civil Action No.   CV 12-00601-PHX-ROS

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Joseph V. Penn, M.D., CCHP, F.A.P.A.
                c/o Struck Love Bojanowski & Acedo

*(Name of person to whom this subpoena is directed)*

✔ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:   Perkins Coie LLP<br>2901 N. Central Avenue, Suite 2000<br>Phoenix, Arizona 85012 | Date and Time:<br>October 26, 2021 at 8:00 a.m. Arizona Standard Time |
|---|---|

The deposition will be recorded by this method:     Stenographically (to be conducted via Zoom)

✔ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  All notes relating to this case, copies of all transcripts from deposition or trial testimony, all
          publications within the last 10 years, and time records

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/07/2021

                    *CLERK OF COURT*

                                                    OR

                                                                          s/ Corene T. Kendrick

_____                    _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs
_____ , who issues or requests this subpoena, are:

Corene T. Kendrick, ACLU National Prison Project, 39 Drumm Street, San Francisco, California 94111;
ckendrick@aclu.org; (202) 393 4930

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  CV 12-00601-PHX-ROS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

DRAFT    JOSEPH PENN, M.D. - 10/26/21   UNEDITED/UNCERTIFIED TEXT

here. I will fall on the sword for this, I did not -- I

missed this and I noticed it yesterday that you guys had

included a duces tecum portion. We're in the process of

gathering the documents we have, and we'll get you a

large production today, but we'll probably have to

supplement with some of the items next week and I

apologize, that is my fault.

MS. KENDRICK: Okay. In light of that we're

going to have to reserve the right to reconvene the

deposition. Once we get those documents.

MS. HESMAN: Well, you wouldn't be asking

him about the documents so why would you need to redepose

him.

# EXHIBIT 3

| From: | Elaine Percevecz |
|---|---|
| To: | David Fathi; Parsons Trial; External - PLO AZ; External - Delana Freouf |
| Cc: | StruckLoveParsonsTeam |
| Subject: | Parsons - Joseph Penn response to SDT |
| Date: | Tuesday, October 26, 2021 11:55:29 PM |
| Attachments: | image003.png |
| | 20211026 - DEFS Resp to SDT to J. Penn.pdf |
| | ADCRR00232486-ADCRR00232486.pdf |
| | ADCRR00232487-ADCRR00232494.pdf |
| | ADCRR00232495-ADCRR00232501.pdf |
| | ADCRR00232502-ADCRR00232506.pdf |
| | ADCRR00232507-ADCRR00232511.pdf |
| | ADCRR00232512-ADCRR00232520.pdf |
| | ADCRR00232521-ADCRR00232528.pdf |
| | ADCRR00232529-ADCRR00232544.pdf |
| | ADCRR00232545-ADCRR00232557.pdf |
| | ADCRR00232558-ADCRR00232579.pdf |
| | ADCRR00232580-ADCRR00232614.pdf |

Counsel,

Attached is Defendants' Response to the Subpoena Duces Tecum to Dr. Penn together with the documents identified therein.

Sincerely,

Elaine

Elaine Percevecz
Legal Assistant to Timothy J. Bojanowski

**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**
3100 W. Ray Road | Suite 300 | Chandler AZ 85226
480.420.1619 | epercevecz@strucklove.com | STRUCKLOVE.com

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# EXHIBIT 4

| | |
|---|---|
| **From:** | Elaine Percevecz |
| **To:** | David Fathi; Parsons Trial; External - PLO AZ; External - Delana Freouf; External - Maya Abela |
| **Cc:** | StruckLoveParsonsTeam |
| **Subject:** | Parsons - Supplemental Response to SDT to Joseph Penn |
| **Date:** | Wednesday, October 27, 2021 11:10:27 PM |
| **Attachments:** | image002.png |
| | 20211027 - DEFS SUP Resp to SDT to J. Penn.pdf |
| | ADCRR00232633-J. Penn Notes re Chart Review.pdf |

Counsel,

Attached is Defendants' Supplemental Response to Plaintiffs SDT to Dr. Penn and the document identified therein.

Sincerely,

Elaine

Elaine Percevecz
Legal Assistant to Timothy J. Bojanowski

**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**
3100 W. Ray Road | Suite 300 | Chandler AZ 85226
480.420.1619 | epercevecz@strucklove.com | STRUCKLOVE.com

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.