Victoria Lopez (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone: (602) 650-1854
Email: vlopez@acluaz.org
          jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

*Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**ARIZONA CENTER FOR DISABILITY LAW**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **MEMORANDUM REGARDING ADMISSIBILITY OF EXHIBIT 635** |

23774493.1

### I.   Factual and Procedural History

During trial on November 2, 2021, Plaintiffs sought to introduce Exhibit 635 into evidence. Exhibit 635 is a letter from Maria Morris, counsel for Plaintiffs, to Tim Bojanowski, counsel for Defendants, dated November 10, 2020, with the subject line "Parsons v. Shinn – patient in urgent need of mental health treatment […] Ronald Slavin, ADC No. 142019, ASPC-Eyman, Cook." *See* Exhibit A. The letter explains that named Plaintiff Ronald Slavin, who testified at trial on November 2, 2021, was not receiving appropriate mental health care at ASPC-Eyman and required an urgent transfer to a location where he could access the mental health treatment he needed. *See id.* Mr. Slavin testified at trial that this letter was sent on his behalf after he contacted counsel for Plaintiffs with concerns about his mental health treatment, that he had received a copy of the letter after it was sent, and that he approved of the letter's contents. Counsel for Plaintiffs also explained that counsel for Defendants had confirmed receipt of this letter. *See* Exhibit B (Ltr. from T. Bojanowski to M. Morris, dated November 24, 2020).

The Court excluded Exhibit 635 on hearsay grounds, and stated Plaintiffs' counsel could submit a memorandum to the Court "as to why you think it's not being offered for the truth of what is asserted."

### II.   Argument

#### a.   Exhibit 635 is Admissible for the Purpose of Establishing Defendants Were on Notice of Perceived Deficiencies in Mr. Slavin's Care

Under Federal Rule of Evidence 801(c), an out-of-court statement can constitute hearsay only if "a party offers [it] in evidence to prove the truth of the matter asserted." Here, Exhibit 635 states that Mr. Slavin was not receiving appropriate care and required an urgent transfer to receive services. Plaintiffs do not offer the letter to establish the truth of those assertions. Rather, Plaintiffs seek to introduce the letter to demonstrate that Defendants were put on notice of these perceived deficiencies with Mr. Slavin's care. This is a key element for Plaintiffs' claims; an Eighth Amendment violation requires Plaintiffs demonstrate that Defendants "acted or failed to act despite [their] knowledge of a

1   substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

2          It is well-established that out-of-court statements may be admitted to show the

3   recipient had knowledge of those statements. *See generally* 2 McCormick on Evid. § 249

4   (8th ed.) ("A statement that D made a statement to X is not subject to attack as hearsay

5   when its purpose is to establish the state of mind thereby induced in X, such as receiving

6   notice or having knowledge . . . ."). For example, in *Gibbs v. State Farm Mutual*

7   *Insurance Co*., 544 F.2d 423, 428 (9th Cir. 1976), the Ninth Circuit held that letters from

8   an insured person to the insurance company's attorney, expressing the opinion that an

9   injured party would have been happy with a settlement within policy limits, were

10  admissible in the injured party's suit against the insurance company for bad-faith failure

11  to settle. The court explained the letters were not hearsay, as they were not admitted to

12  establish that the injured party would have settled, but rather to show that the insurer and

13  its attorney had received this information. *Id.*

14         Similarly, in *Haddad v. Lockheed California Corp*., 720 F.2d 1454, 1456 (9th Cir.

15  1983), the Ninth Circuit held that third parties' complaints about an employee were not

16  hearsay, because the statements were offered to show that management had received

17  complaints regarding this employee, not for the truth of what was asserted about the

18  employee in the complaints. The Ninth Circuit affirmed the district court's decision to

19  admit this testimony, as it was relevant to demonstrate the employer's nondiscriminatory

20  intent in its employment practices. *Id.*; *see also United States v. Castro*, 887 F.2d 988,

21  1000 (9th Cir. 1989) (holding that documents introduced to show that a party had certain

22  information, rather than for the truth of the information, are not hearsay).

23         Other circuits have reached similar conclusions. *See, e.g.*, *Campbell v. Boston Sci.*

24  *Corp.*, 882 F.3d 70, 78 (4th Cir. 2018) (finding evidence that polypropylene manufacturer

25  had cautioned against using its material for permanent implantation in human body was

26  not hearsay in action against medical device manufacturer, because such evidence was not

27  offered to show that the caution was accurate, but rather to show that medical device

28  manufacturer was on notice of the potential safety concerns with this product and should

23774493.1

have investigated further); *United States v. Dupree*, 706 F.3d 131, 137 (2d Cir. 2013) ("We have repeatedly held that a statement is not hearsay where, as here, it is offered, not for its truth, but to show that a listener was put on notice."); *Worsham v. A.H. Robins Co*., 734 F.2d 676, 686-87 (11th Cir. 1984) (holding that reports documenting adverse reactions associated with product's use were admissible in products liability suit to show manufacturer had notice of adverse reactions).

### b.  Notice to Counsel is Imputed to Defendants

During trial on November 2, 2021, the Court also raised the concern that this letter may not have provided notice to Defendants, because it was not clear whether Defendants' counsel had actually shared the letter with Defendants. This concern is misplaced, as there is ample authority for the proposition that notice to a party's attorney constitutes notice to the party. *See* Restatement (Second) of Agency § 9(3) (1958) ("A person has notice of a fact if his agent has knowledge of the fact . . . ."); *Link v. Wabash R.R. Co*., 370 U.S. 626, 634 (1962) (holding "each party is . . . considered to have notice of all facts, notice of which can be charged upon the attorney"); *In re Kensington Int'l Ltd*., 368 F.3d 289, 315 (3d Cir. 2004) ("Aside from the fact that the attorney is only one step removed from the client, the attorney and client have an agency relationship and therefore any facts known by the attorney may generally be imputed to the client.").

In *Harper v. Ryan*, for example, the court held that similar letters sent by Plaintiffs' counsel in this case to Defendants' counsel, regarding problems with Mr. Harper's medical care, could be used to establish Defendants' knowledge of these problems. *See Harper v. Ryan*, No. CV 18-00298-PHX-DGC (CDB), 2020 WL 836824, at *22 (D. Ariz. Feb. 20, 2020). Specifically, the letters sent by class counsel requested that Mr. Harper immediately be seen by an oncologist and urologist, and asserted that specialist's recommendations and requests for oncology and urology appointments had not been complied with or properly addressed. *See id*. The Court held that "[k]nowledge of [these] communications regarding Harper's medical issues was imputed to [the ADCRR Director] through his counsel." *Id.* Other courts have reached similar conclusions, including at the

-3-

trial stage. *See, e.g.*, *Ins. Co. of N. Am. v. Northampton Nat. Bank*, 708 F.2d 13, 15-16 (1st Cir. 1983) (holding "that the bank was bound by its attorney's knowledge" and reversing judgment for bank, where evidence at trial established attorney had requisite knowledge); *N.L.R.B. v. Ben Duthler, Inc.*, 395 F.2d 28, 32 (6th Cir. 1968) (holding "[w]hatever knowledge and experience his attorney had must be attributed to [the party]" in evidentiary proceeding, even where "it was not clear that [the party] was aware of any of these events").

Moreover, Plaintiffs' counsel are prohibited from sending such letters directly to Defendants. *See* Ariz. R. of Prof'l Conduct, E.R. 4.2 ("In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."). Indeed, the fact that the ethical rules require correspondence be sent only to counsel suggests notifying counsel must be sufficient to put the party on notice. *See id.*, Op. 02-02 (noting "a lawyer should not send copies of documents to a represented opposing party without opposing counsel's consent" and specifically referencing demand letters, notices of a deposition, and motions for sanctions).

It is therefore proper to impute notice of the letter regarding Mr. Slavin's mental health care to Defendants in this case.[1]

**III.    Conclusion**

Plaintiffs request Exhibit 635 be admitted into evidence.

---

[1] Counsel for Defendants also objected on the grounds that the letter could not establish notice *to Centurion*, the private company Defendants hired to provide health care services in the prisons. But the relevant question here is whether *Defendants* acted with deliberate indifference. The Supreme Court has squarely held that "[c]ontracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody." *West v. Atkins*, 487 U.S. 42, 56 (1988); *see also* Ariz. Rev. Stat. § 31-201.01(D) (ADCRR director "shall provide medical and health services for the prisoners"); Doc. 175 at 10 (noting the decision to delegate the provision of health care to a private company "does not absolve [the ADCRR director] of his obligation to ensure the provision of medical care is constitutionally adequate").

23774493.1

1

Dated:  November 3, 2021                    **PRISON LAW OFFICE**

2

3                                           By:   *s/ Sophie Hart*
                                                  Donald Specter (Cal. 83925)*
4                                                 Alison Hardy (Cal. 135966)*
                                                  Sara Norman (Cal. 189536)*
5                                                 Rita K. Lomio (Cal. 254501)*
                                                  Sophie Hart (Cal. 321663)*
6                                                 1917 Fifth Street
                                                  Berkeley, California 94710
7                                                 Telephone:  (510) 280-2621
                                                  Email:    dspecter@prisonlaw.com
8                                                           ahardy@prisonlaw.com
                                                            snorman@prisonlaw.com
9                                                           rlomio@prisonlaw.com
                                                            sophieh@prisonlaw.com
10
                                                  *Admitted *pro hac vice*
11

12                                                Daniel C. Barr (Bar No. 010149)
                                                  John H. Gray (Bar No. 028107)
13                                                Austin C. Yost (Bar No. 034602)
                                                  Karl J. Worsham (Bar No. 035713)
14                                                Kathryn E. Boughton (Bar No. 036105)
                                                  Mikaela N. Colby (Bar No. 035667)
15                                                Kelly Soldati (Bar No. 036727)
                                                  **PERKINS COIE LLP**
16                                                2901 N. Central Avenue, Suite 2000
                                                  Phoenix, Arizona 85012
17                                                Telephone:  (602) 351-8000
                                                  Email:    dbarr@perkinscoie.com
18                                                          jhgray@perkinscoie.com
                                                            ayost@perkinscoie.com
19                                                          kworsham@perkinscoie.com
                                                            kboughton@perkinscoie.com
20                                                          mcolby@perkinscoie.com
                                                            ksoldati@perkinscoie.com
21                                                          docketphx@perkinscoie.com

22                                                Victoria Lopez (Bar No. 330042)*
                                                  Jared G. Keenan (Bar No. 027068)
23                                                **ACLU FOUNDATION OF**
                                                  **ARIZONA**
24                                                3707 North 7th Street, Suite 235
                                                  Phoenix, Arizona 85013
25                                                Telephone:  (602) 650-1854
                                                  Email:    vlopez@acluaz.org
26                                                          jkeenan@acluaz.org

27                                                *Admitted pursuant to Ariz. Sup. Ct.
                                                  R. 38(d)
28

David C. Fathi (Wash. 24893)*
Maria V. Morris (D.C. 1697904)**
Eunice Hyunhye Cho (Wash. 53711)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone:  (202) 548-6603
Email:     dfathi@aclu.org
           mmorris@aclu.org
           echo@aclu.org

*Admitted *pro hac vice*; not admitted in DC; practice limited to federal courts
**Admitted *pro hac vice*

Corene Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON PROJECT**
39 Drumm Street
San Francisco, California 94111
Telephone:  (202) 393-4930
Email:    ckendrick@aclu.org

*Admitted *pro hac vice*.

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

-6-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARIZONA CENTER FOR DISABILITY LAW**

By:   *s/ Maya Abela*
 Asim Dietrich (Bar No. 027927)
 5025 East Washington Street, Suite 202
 Phoenix, Arizona 85034
 Telephone:  (602) 274-6287
 Email:    adietrich@azdisabilitylaw.org

 Rose A. Daly-Rooney (Bar No. 015690)
 J.J. Rico (Bar No. 021292)
 Maya Abela (Bar No. 027232)
 **ARIZONA CENTER FOR DISABILITY LAW**
 177 North Church Avenue, Suite 800
 Tucson, Arizona 85701
 Telephone:  (520) 327-9547
 Email:
    rdalyrooney@azdisabilitylaw.org
      jrico@azdisabilitylaw.org
      mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

23774493.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2021, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Anne M. Orcutt
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
aorcutt@strucklove.com

*Attorneys for Defendants*

Asim Dietrich
Rose A. Daly-Rooney
J.J. Rico
Maya Abela
ARIZONA CENTER FOR DISABILITY LAW
adietrich@azdisabilitylaw.org
rdalyrooney@azdisabilitylaw.org
jrico@azdisabilitylaw.org
mabela@azdisabilitylaw.org

*Attorneys for Plaintiff Arizona Center for Disability Law*

_s/ Sophie Hart_

-8-