1  Daniel P. Struck, Bar No. 012377
   Rachel Love, Bar No. 019881
2  Timothy J. Bojanowski, Bar No. 022126
   Nicholas D. Acedo, Bar No. 021644
3  STRUCK LOVE BOJANOWSKI & ACEDO, PLC
   3100 West Ray Road, Suite 300
4  Chandler, Arizona 85226
   Telephone: (480) 420-1600
5  Fax: (480) 420-1695
   dstruck@strucklove.com
6  rlove@strucklove.com
   tbojanowski@strucklove.com
7  nacedo@strucklove.com

8  *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Shawn Jensen, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. CV-12-00601-PHX-ROS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MEMORANDUM REGARDING ADMISSIBILITY OF EXHIBIT 635** |

Exhibit 635 is one of 87 "advocacy letters" drafted by Plaintiffs' counsel accusing Defendants of providing deficient healthcare. (*See* Trial Exhibits 560—593, 595—601, 603—648.) Plaintiffs seek to admit Exhibit 635 "for the fact that defendants had notice that Mr. Slavin requested better mental health care resources than are available at the Eyman complex." (*See* Rough Draft of 11/2/21 a.m. Transcript at 9:49:59.) But as the Court has ruled—several times—the letter is inadmissible because merely having "notice" is irrelevant unless the content of the notice (alleged deficiencies in healthcare) is offered for its truth. Plaintiffs' Memorandum admits as much: "Plaintiffs seek to introduce the letter to demonstrate that Defendants were put on notice **of these perceived deficiencies with**

**Mr. Slavin's care**." (Dkt. 4128 at 2, emphasis added.) None of the cases Plaintiffs cite in their Memorandum involved similar hearsay statements or otherwise support their "notice" argument here. *See*, *e.g.*, *United States v. Castro*, 887 F.2d 988, 1000 (9th Cir. 1989) (in bank fraud criminal prosecution, credit reports admissible "to show what information was available to Castro at the time he approved the loans, and to illustrate his reckless disregard for the Bank's interests by failing to act in response to the information disclosed by the reports"); *Haddad v. Lockheed California Corp.*, 720 F.2d 1454, 1456 (9th Cir. 1983) (in employment discrimination lawsuit, third-party complaints about working with plaintiff-employee admissible to show employer's non-discriminatory intent); *Gibbs v. State Farm Mut. Ins. Co.*, 544 F.2d 423, 428 (9th Cir. 1976) (in bad faith lawsuit, letters to insurer informing that plaintiff-claimant would settle within policy limits was admissible for the limited purpose of showing that insurer received the information).

As the Court also correctly recognized, the issue of imputing any such notice to Defendants (through their counsel) is moot because the evidence is inadmissible. Nonetheless, the Court's instincts about *Harper v. Ryan*, No. CV1800298PHXDGCCDB, 2020 WL 836824 (D. Ariz. Feb. 20, 2020), were right. It did not involve the admissibility of advocacy letters at trial, but rather their consideration for purposes of summary judgment. *Id.* at * 23. And, importantly, in denying summary judgment on the deliberate-indifference element, the court in *Harper* also had before it unrebutted letters written *by the inmate-plaintiff* (alleging healthcare deficiencies) and sent *directly to* former Director Ryan. *Id.* at *22. That evidence by itself was sufficient to defeat summary judgment.[1]

---

[1] The other cases Plaintiffs cite are inapt and/or stand for the proposition that lack of knowledge is not a defense where the defendant acted on its attorney's advice. *See*, *e.g.*, *N.L.R.B. v. Ben Duthler, Inc.*, 395 F.2d 28, 32 (6th Cir. 1968) (defendant "consulted his attorney" and "acted in accordance with his attorney's advice"); *Ins. Co. of N. Am. v. Northampton Nat. Bank*, 708 F.2d 13, 16 (1st Cir. 1983) (attorney "affirmatively communicated information, and the [defendant] consciously took advantage of it"); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) (dismissal for failure to prosecute was not an abuse of discretion because counsel's failure to appear at a pretrial conference was imputed to party); *In re Kensington Int'l Ltd.*, 368 F.3d 289, 314 (3d Cir. 2004) (refusing to impute law firm's knowledge of court-appointed advisors conflict of interest because there were "too many dots" to connect).

     Hearsay aside, Defendants reiterate all their other objections to Exhibit 635. One is worth emphasizing again. Exhibit 635 was drafted by Plaintiffs' counsel, Maria Morris. As Plaintiffs admit, Inmate Slavin made only a general complaint. Ms. Morris then reviewed his medical records and drafted the letter *based on those records*. Inmate Slavin cannot authenticate or lay the foundation for a letter he did not prepare. Moreover, Plaintiffs did not disclose attorney Morris as a witness by the fact-witness-disclosure deadline, nor is she listed as a witness in the proposed Pretrial Order. (Dkt. 4116-1.) Thus, Defendants had no advance notice that Plaintiffs would be attempting to introduce Exhibit 635 as evidence that Defendants had notice of Slavin's alleged healthcare deficiencies. Plaintiffs also did not disclose that they would use Exhibit 635 as a trial exhibit until October 28—after the fact witness deadline—which deprived Defendants the opportunity to list and call witnesses to refute attorney Morris' contentions regarding Slavin's care (or the contentions in the 86 other advocacy letters). And they did not include this potential issue in the proposed Pretrial Order. Instead, this all played out on the second day of trial. The Court should not countenance Plaintiffs' untimely, backdoor attempt to admit attorney Morris' allegations. It should once again sustain Defendants' objections and not admit Exhibit 635 into evidence.

     DATED this 4th day of November, 2021.

                              STRUCK LOVE BOJANOWSKI & ACEDO, PLC

                              By /s/ Daniel P. Struck
                                    Daniel P. Struck
                                    Rachel Love
                                    Timothy J. Bojanowski
                                    Nicholas D. Acedo
                                    3100 West Ray Road, Suite 300
                                    Chandler, Arizona 85226

                              *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alisha Tarin-Herman | atarinherman@perkinscoie.com |
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Mikaela N. Colby: | mcolby@perkinscoie.com; docketphx@perkinscoie.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sophie Jedeikin Hart | sophieh@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

1  I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/   Daniel P. Struck