1  Victoria Lopez (Bar No. 330042)*
   Jared G. Keenan (Bar No. 027068)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: vlopez@acluaz.org
           jkeenan@acluaz.org
5
   *Admitted pursuant to Ariz. Sup. Ct. R. 38(d)
6
   *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and Charlotte Wells, on behalf of themselves and all others similarly situated*
7
8
9  **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**
10
   Asim Dietrich (Bar No. 027927)
11 **ARIZONA CENTER FOR DISABILITY LAW**
   5025 East Washington Street, Suite 202
12 Phoenix, Arizona 85034
   Telephone: (602) 274-6287
13 Email: adietrich@azdisabilitylaw.org

14 *Attorneys for Plaintiff Arizona Center for Disability Law*

15 **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

16                  UNITED STATES DISTRICT COURT

17                       DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons; Shawn Jensen; Stephen Swartz; Dustin Brislan; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law, | No. CV 12-00601-PHX-ROS |
| Plaintiffs, | **MOTION TO RECONSIDER ALLOWING TESTIMONY BY DEPOSITION** |
| v. | |
| David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities, | |
| Defendants. | |

154441559.2

Plaintiffs respectfully request that the Court reconsider its recent Order (Doc. 4098) barring the use of testimony by deposition. Plaintiffs seek to admit deposition testimony of Director Shinn, Assistant Director Gann, Drs. Carr, Orm, Pelton, Phillips, Stallcup, and Wilson, Mr. Dolan, and Deputy Wardens Coleman, Scott, and Stickley irrespective of whether those witnesses appear live at trial, as well as the 30(b)(6) depositions of the Arizona Department of Corrections, Rehabilitation and Reentry (ADCRR). For the Court's convenience, the following chart shows the basis for the admissibility of each witness's deposition testimony.

| Witness | Bases for Admissibility |
|---|---|
| Shinn | Rule 32 (named party in capacity as director); FRE 801, 703 |
| Gann | Rule 32 (named party in capacity as director); FRE 801, 703 |
| Phillips | Rule 32 (30(b)(6) designee for ADCRR); FRE 801, 703 |
| Stallcup | Rule 32 (30(b)(6) designee for ADCRR); FRE 801 |
| Carr | FRE 801 ((30(b)(6) designee for ADCRR agent, Centurion) |
| Dolan | FRE 801 ((30(b)(6) designee for ADCRR agent, Centurion) |
| Orm | FRE 801 ((30(b)(6) designee for ADCRR agent, Centurion) |
| Pelton | FRE 801 ((30(b)(6) designee for ADCRR agent, Centurion) |
| Wilson | FRE 801, 703 |
| Deputy Wardens Coleman, Scott, and Stickley | Rule 801 |

## Background

In Defendants' Response to Motion for Status Conference (Doc. 4090), Defendants requested to discuss their objections to Plaintiffs' plan to present significant testimony of Centurion and ADCRR witnesses via deposition. Without asking for briefing or allowing for a conference, the Court *sua sponte* decided it would not allow "testimony by deposition absent extraordinary circumstances as required by Rule 32(a)[(4)(e)]." [Doc. 4098 at 2:11–13] However, the admission of deposition testimony is not fully

1   reliant on the contours of Rule 32(a)(4)(e) which, in turn, is not meant to limit admissible
2   evidence.
3       As a preliminary matter, there is no dispute that the deposition testimony of named
4   Defendants Shinn and Gann is admissible. Nor is there any reasonable dispute that
5   Rule 30(b)(6) deposition testimony of ADCRR is admissible because that testimony is by
6   definition testimony not of an individual, but of the entity. Defendants claim that certain
7   other deposition testimony is inadmissible, but those arguments lack merit.

**Argument**

9       This Court can reconsider its rulings, among other reasons, upon a showing of
10  "new facts or legal authority that could not have been brought to its attention earlier with
11  reasonable diligence." *See* LRCiv 7.2(g). Because this is the first opportunity for Plaintiffs
12  to brief this issue, it is ripe for reconsideration.
13      As courts within the Ninth Circuit in the context of prisoner rights litigation have
14  explained, "the Federal Rules of Evidence … provide the general rules regarding the use
15  at trial of depositions." *Coleman v. Wilson*, 912 F. Supp. 1282, 1295 (E.D. Cal. 1995)
16  (quoting 8A Wright, Miller & Marcus, Fed. Practice & Proc.: Civil (2d ed.) § 2142, at
17  158). Federal Rule of Civil Procedure 32, by contrast, "defines *some* circumstances in
18  which a deposition is admissible, leaving most issues of admissibility to the Federal Rules
19  of Evidence." *Id.* (emphasis added). Thus, while Rule 32 allows for introduction of
20  deposition testimony that would otherwise be inadmissible hearsay under the Rules of
21  Evidence, it does not operate as an additional limitation on otherwise admissible evidence.
22  *Id.*
23      Cases holding similarly are legion. *See, e.g.*, *United States v. Int'l Bus. Machines*
24  *Corp.*, 90 F.R.D. 377, 384 (S.D.N.Y.1981) (Fed. R. Civ. P. 32 and Fed. R. Evid. 804 "are
25  independent bases for the admission of a deposition"); *Carpenter v. Forest Meadows*
26  *Owners Ass'n*, Case No. 1:09-cv-01918-JLT, 2011 U.S. Dist. WL 3207778, at *5 (E.D.
27  Cal. July 27, 2011) ("The Court agrees that the Federal Rules of Evidence provide an
28  independent basis from Rule 32(a)(3) for admitting deposition testimony."); *In re Hayes*

-2-

154441559.2

*Lemmerz Int'l, Inc.*, 340 B.R. 461, 468–69 (Bankr. D. Del. 2006) ("Rule 32 is not the exclusive means by which depositions can be admitted and … Rule 801(d)(2)(D) is an independent basis for admissibility."); *Globe Sav. Bank FSB v. United States*, 61 Fed. Cl. 91, 95 (Fed. Cl. 2004) (same). Rule 32 has even been amended to "affirm that depositions could be used at trial for any purpose permitted by the Federal Rules of Evidence." 8A Wright & Miller, Fed. Practice & Proc.: Civ. § 2141 (3d ed.). Rule 32 is thus not a gateway through which all deposition testimony must pass, and "extraordinary circumstances" are not necessary for the Court to admit deposition testimony.

This reading is consistent with the language and structure of Rule 32. Rule 32 allows the use of a deposition against another party if the party was present or represented at the deposition (or had notice of it), it is "used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying," and "the use is allowed by Rule 32(a)(2) through (8)." Fed. R. Civ. P. 32(a)(1). Meanwhile, Rule 32(a)(2) allows a party to use a deposition "for any [] purpose allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(2). In other words, even putting aside whether Rule 32 and Rule 801 are independent bases for admissibility, Rule 32 expressly points to the rules of evidence to decide admissibility.

Looking to the Rules of Evidence, Plaintiffs' deposition designations are independently admissible under Federal Rule of Evidence 703 and 801. Federal Rule of Evidence 703 allows experts to rely on inadmissible evidence and permits the expert to disclose such facts in court as foundation for their testimony so long as the probative value of the evidence substantially outweighs its prejudicial effect. This includes allowing out-of-court statements by other witnesses that would otherwise be inadmissible hearsay. *United States v. Garcia*, 447 F.3d 1327, 1336 (11th Cir. 2006). Plaintiffs' experts have relied on deposition testimony from these ADCRR and Centurion employees which is, by its nature, highly probative of the care being given in the prisons. Defendants would not be prejudiced by such testimony because they were present for, and aware of, the deposition testimony, and, based on the Parties' stipulations in their Proposed Final

-3-

154441559.2

1  Pretrial Order for Bench Trial, will have an opportunity to review it and make any
2  necessary objections. [Doc. 4116-1 at 10:3–13]

3  Rule 801(d)(2)(D) provides that "[a] statement … is not hearsay if … offered
4  against an opposing party and … was made by the party's agent or employee on a matter
5  within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). To
6  qualify as an admission, no specific "against interest" component is required. *See United*
7  *States v. McGee*, 189 F.3d 626, 631 (7th Cir. 1999) (observing that there is no
8  "requirement that admissions by a party-opponent be inculpatory" and that "the statement
9  need only be made by the party against whom it is offered"); *Guam v. Ojeda*, 758 F.2d
10 403, 408 (9th Cir. 1985) ("[S]tatements need not be incriminating to be admissions.").
11 Thus, deposition testimony by a party's employees on matters within the scope of their
12 employment are considered non-hearsay statements under Rule 801(d)(2)(D). *See Stegall*
13 *v. Citadel Broad. Co.*, 350 F.3d 1061,1070–71 & n.8 (9th Cir. 2004) (finding that
14 deposition testimony by employee "fall[s] squarely outside the definition of hearsay"
15 pursuant to Rule 801(d)(2)); *Coleman*, 912 F. Supp. at 1296 (allowing deposition
16 testimony of prison physicians under Rule 801(d)(2)(D) because they were employed by
17 the prison system at the time of their depositions).

18 Here, the "party" is the Arizona Department of Corrections ("ADC") because
19 Defendants Shinn and Gann sued in their official capacities for injunctive relief. *See*
20 *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("As long as the government entity
21 receives notice and an opportunity to respond, an official-capacity suit is, in all respects
22 other than name, to be treated as a suit against the entity."). Any statements in depositions
23 by ADC employees are non-hearsay admissions under Rule 801 and are thus admissible.
24 *See Wilburn v. Robinson*, 480 F.3d 1140, 1148 (D.C. Cir. 2007) (statements by a District
25 employee were admissible as party admissions where the lawsuit was filed against a
26 District official in his official capacity, making the District a party to the suit).

27 The same is true of statements by employees of ADC's contractor—Centurion—
28 because they are ADC's agents under an obligation to provide specific health services for

-4-

154441559.2

ADC facilities. Indeed, in earlier denying Defendants' Motion to Dismiss for mootness, the Court agreed with Plaintiffs' contention that the "'duty ADC owes to the prisoners in its custody is non-delegable'" and found that the delegation of the provision of health care to contractors did "not absolve [Defendant] Ryan [now Shinn] of his obligation to ensure the provision of medical care is constitutionally adequate." [Doc. 175 at 9–10]

In any event, the Court can find that Rule 801 treats statements by Centurion employees as non-hearsay admissions without deciding whether Centurion and its employees are ADC's agents for *all* purposes. Courts addressing this same issue have found contractors providing health services in prisons are agents for purposes of Rule 801(d)(2)(D) (*see, e.g.*, *Howard v. Abdellatif*, Case No. 2:05-CV-81, 2008 WL 5411775 (W.D. Mich. Dec. 23, 2008) (doctor's "employment status as an independent contractor [with CMS] d[id] not necessarily preclude him from the concomitant role of agent" and Fed. R. Evid. 801(d)(2)(D) was a "sound basis for admission" of the doctor's statements)). Moreover, "a finding that a speaker is an independent contractor does not preclude a finding that the speaker is also an agent for some purposes" including Rule 801. *United States v. Bonds*, 608 F.3d 495, 505 (9th Cir. 2010).[1]

**Conclusion**

The deposition testimony of ADC and Centurion employees Director Shinn, Assistant Director Gann, Drs. Carr, Orm, Pelton, Phillips, Stallcup, and Wilson, Mr. Dolan, and Deputy Wardens Coleman, Scott, and Stickley, as well as the 30(b)(6) depositions of the ADCRR, are admissible under Federal Rules of Evidence 703 and 801, and Fed. R. Civ. P. 32 does not bar their admission.

---

[1] Defendants concede the admissibility of the deposition testimony of Defendants Shinn and Gann, and "perhaps" the deposition testimony of Defendants' 30(b)(6) designees. See Struck 10/18/21 email.

-5-

154441559.2

| | | |
|---|---|---|
| 1 | Dated: November 1, 2021 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By:  s/ John H. Gray |
| | | Daniel C. Barr (Bar No. 010149) |
| 4 | | John H. Gray (Bar No. 028107) |
| | | Austin C. Yost (Bar No. 034602) |
| 5 | | Karl J. Worsham (Bar No. 035713) |
| | | Kathryn E. Boughton (Bar No. 036105) |
| 6 | | Mikaela N. Colby (Bar No. 035667) |
| | | Kelly Soldati (Bar No. 036727) |
| 7 | | Alisha Tarin-Herman (Bar No. 037040) |
| | | 2901 N. Central Avenue, Suite 2000 |
| 8 | | Phoenix, Arizona 85012 |
| | | Telephone: (602) 351-8000 |
| 9 | | Email:  dbarr@perkinscoie.com |
| | |   jhgray@perkinscoie.com |
| 10 | |   ayost@perkinscoie.com |
| | |   kworsham@perkinscoie.com |
| 11 | |   kboughton@perkinscoie.com |
| | |   mcolby@perkinscoie.com |
| 12 | |   ksoldati@perkinscoie.com |
| | |   atarinherman@perkinscoie.com |
| 13 | |   docketphx@perkinscoie.com |
| 14 | | Victoria Lopez (Bar No. 330042)* |
| | | Jared G. Keenan (Bar No. 027068) |
| 15 | | **ACLU FOUNDATION OF ARIZONA** |
| | | 3707 North 7th Street, Suite 235 |
| 16 | | Phoenix, Arizona 85013 |
| | | Telephone: (602) 650-1854 |
| 17 | | Email:  vlopez@acluaz.org |
| | |   jkeenan@acluaz.org |
| 18 | | *Admitted pursuant to Ariz. Sup. Ct. R. 38(d) |
| 19 | | |
| 20 | | Donald Specter (Cal. 83925)* |
| | | Alison Hardy (Cal. 135966)* |
| 21 | | Sara Norman (Cal. 189536)* |
| | | Rita K. Lomio (Cal. 254501)* |
| 22 | | Sophie Hart (Cal. 321663)* |
| | | **PRISON LAW OFFICE** |
| 23 | | 1917 Fifth Street |
| | | Berkeley, California 94710 |
| 24 | | Telephone: (510) 280-2621 |
| | | Email:  dspecter@prisonlaw.com |
| 25 | |   ahardy@prisonlaw.com |
| | |   snorman@prisonlaw.com |
| 26 | |   rlomio@prisonlaw.com |
| | |   sophieh@prisonlaw.com |
| 27 | | *Admitted *pro hac vice* |
| 28 | | |

David C. Fathi (Wash. 24893)*
Maria V. Morris (D.C. 1697904)**
Eunice Hyunhye Cho (Wash. 53711)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6603
Email: dfathi@aclu.org
mmorris@aclu.org
echo@aclu.org

*Admitted *pro hac vice*; not admitted in DC; practice limited to federal courts
**Admitted *pro hac vice*

Corene Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON PROJECT**
39 Drumm Street
San Francisco, California 94111
Telephone: (202) 393-4930
Email: ckendrick@aclu.org

*Admitted *pro hac vice*.

*Attorneys for Plaintiffs Shawn Jensen; Stephen Swartz; Sonia Rodriguez; Christina Verduzco; Jackie Thomas; Jeremy Smith; Robert Gamez; Maryanne Chisholm; Desiree Licci; Joseph Hefner; Joshua Polson; and Charlotte Wells, on behalf of themselves and all others similarly situated*

154441559.2

**ARIZONA CENTER FOR DISABILITY LAW**

By: <u>  s/ Maya Abela                    </u>
    Asim Dietrich (Bar No. 027927)
    5025 East Washington Street, Suite 202
    Phoenix, Arizona 85034
    Telephone: (602) 274-6287
    Email:   adietrich@azdisabilitylaw.org

    Rose A. Daly-Rooney (Bar No. 015690)
    J.J. Rico (Bar No. 021292)
    Maya Abela (Bar No. 027232)
    **ARIZONA CENTER FOR DISABILITY LAW**
    177 North Church Avenue, Suite 800
    Tucson, Arizona 85701
    Telephone: (520) 327-9547
    Email:
      rdalyrooney@azdisabilitylaw.org
      jrico@azdisabilitylaw.org
      mabela@azdisabilitylaw.org

*Attorneys for Arizona Center for Disability Law*

154441559.2

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2021, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Anne M. Orcutt
Eden G. Cohen
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
aorcutt@strucklove.com
ecohen@struclove.com

*Attorneys for Defendants*

s/ D. Freouf

-9-

154441559.2