1  Daniel P. Struck, Bar No. 012377
   Rachel Love, Bar No. 019881
2  Timothy J. Bojanowski, Bar No. 022126
   Nicholas D. Acedo, Bar No. 021644
3  STRUCK LOVE BOJANOWSKI & ACEDO, PLC
   3100 West Ray Road, Suite 300
4  Chandler, Arizona 85226
   Telephone: (480) 420-1600
5  Fax: (480) 420-1695
   dstruck@strucklove.com
6  rlove@strucklove.com
   tbojanowski@strucklove.com
7  nacedo@strucklove.com

8  *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Shawn Jensen, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>                                Plaintiffs,<br>v.<br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>                                Defendants. | NO. CV-12-00601-PHX-ROS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER ALLOWING TESTIMONY BY DEPOSITION** |

At the beginning of trial on November 9, 2021, the Court ruled that Plaintiffs may admit only the deposition testimony of two witnesses—Drs. Pelton and Wilson.[1] Defendants acknowledge that ruling, but since the Court ordered Defendants to file a response, they lodge the following objections.

1.  Prior deposition testimony is admissible only "to the extent it would be admissible under the Federal Rules of Evidence." Fed. R. Evid. 32(a)(1)(B). Thus, even assuming Plaintiffs have established "exceptional circumstances" under Rule 32(a)(4)(E)

---

[1] The Court properly denied Plaintiffs' Motion to Reconsider its ruling with respect to the deposition testimony of the other 11 witnesses identified in Plaintiffs' Motion to Reconsider, all of whom have or will be called to testify at trial and can be impeached with their prior deposition testimony, or otherwise available to be called at trial.

for Pelton's and Wilson's deposition testimony, it is admissible only to the extent that Rule 801(d)(2)(D) allows. *See* 8 Wright & Miller, Fed. Practice and Proc. Civil § 2142 at 449 (3d ed.) ("First, the conditions set forth in Rule 32(a) must exist before the deposition can be used at all. Second, when it is found that these conditions authorize the use of the deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence."). That Rule excludes from the hearsay rule only statements *by the party's employee or agent*. *See* Fed. R. Evid. 801(d), (d)(2), (d)(2)(D). Plaintiffs have designated much more. They designate *questions and statements by counsel*.[2] Those are not admissible *statements* under Rule 801(d)(2)(D), and, therefore, they should not be admitted in evidence (from either witnesses' deposition).[3]

2. Regarding Dr. Wilson's deposition testimony (Dkt. 4146-1 at 1224–1314), Defendants disclosed Dr. Wilson as an expert and disclosed an expert report. Plaintiffs took his deposition in that (expert) capacity.[4] Due to time constraints, Defendants have elected not to call Dr. Wilson as an expert witness. (Dkt. 4123.) Thus, his opinions will not come in as evidence. Since his opinions will not be introduced in this case, deposition testimony attacking his opinions is not relevant. Even more, introducing excerpts of deposition testimony discussing only portions of Dr. Wilson's report—without any context or the full complement of his opinions—is confusing and unduly prejudicial. Plaintiffs should also be precluded from designating excerpts of Dr. Wilson's deposition relating to non-expert, fact inquiries. Dr. Wilson's deposition was an expert deposition, and the deadline to conduct fact depositions had already expired. Allowing any of Dr. Wilson's deposition testimony under these circumstances is neither desirable nor in the interests of justice.

---

[2] *See*, *e.g.*, Dkt. 4146-1 at 362–364 [Pelton Designation at 27:25-29:10]; at 1230–1231 [Wilson Designation at 27:23-28:6].

[3] Plaintiffs have also not established that Drs. Pelton and Wilson, both Centurion employees, are "agents" for purposes of Rule 801(d)(2)(D).

[4] The deadline to conduct fact witness depositions was October 15, 2021. (Dkt. 3931.) Defendants provided Dr. Wilson's expert report on October 22, 2021, their deadline to disclose expert reports. (*Id.*) Plaintiffs took Dr. Wilson's deposition on October 28, 2021.

DATED this 10th day of November, 2021.

    STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/ Daniel P. Struck
   Daniel P. Struck
   Rachel Love
   Timothy J. Bojanowski
   Nicholas D. Acedo
   3100 West Ray Road, Suite 300
   Chandler, Arizona 85226

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alisha Tarin-Herman | atarinherman@perkinscoie.com |
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Mikaela N. Colby: | mcolby@perkinscoie.com; docketphx@perkinscoie.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sophie Jedeikin Hart | sophieh@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

                                              /s/     Daniel P. Struck