1  Victoria Lopez (Bar No. 330042)*
   Jared G. Keenan (Bar No. 027068)
2  **ACLU FOUNDATION OF ARIZONA**
   3707 North 7th Street, Suite 235
3  Phoenix, Arizona 85013
   Telephone: (602) 650-1854
4  Email: vlopez@acluaz.org
            jkeenan@acluaz.org
5  *Admitted pursuant to Ariz. Sup. Ct. R. 38(d)

6  *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia Rodriguez,*
   *Christina Verduzco, Jackie Thomas, Jeremy Smith, Robert Gamez,*
7  *Maryanne Chisholm, Desiree Licci, Joseph Hefner, Joshua Polson, and*
   *Charlotte Wells, on behalf of themselves and all others similarly situated*
8  **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

9  Asim Dietrich (Bar No. 027927)
10 **ARIZONA CENTER FOR DISABILITY LAW**
   5025 East Washington Street, Suite 202
11 Phoenix, Arizona 85034
   Telephone: (602) 274-6287
12 Email: adietrich@azdisabilitylaw.org

13 *Attorneys for Plaintiff Arizona Center for Disability Law*
   **[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

14                    UNITED STATES DISTRICT COURT

15                        DISTRICT OF ARIZONA

16 Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-ROS
   Dustin Brislan; Sonia Rodriguez; Christina
17 Verduzco; Jackie Thomas; Jeremy Smith; Robert
   Gamez; Maryanne Chisholm; Desiree Licci; Joseph   **PLAINTIFFS' MOTION TO**
18 Hefner; Joshua Polson; and Charlotte Wells, on     **EXCLUDE CERTAIN**
   behalf of themselves and all others similarly      **TESTIMONY AND**
19 situated; and Arizona Center for Disability Law,    **EVIDENCE**

20                              Plaintiffs,           **(EXPEDITED RULING**
                                                      **REQUESTED)**
21        v.

22 David Shinn, Director, Arizona Department of
   Corrections, Rehabilitation and Reentry; and Larry
23 Gann, Assistant Director, Medical Services Contract
   Monitoring Bureau, Arizona Department of
24 Corrections, Rehabilitation and Reentry, in their
   official capacities,
25
                               Defendants.
26

27

28

Plaintiffs move to exclude all evidence regarding topics identified in Plaintiffs'

Notice of 30(b)(6) Deposition [Doc. 3957] for which ADCRR's 30(b)(6) designee was

unknowledgeable at his deposition, specifically Topics 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, and

15, and Topics 13 and 14 with respect to how posts are staffed at ASPC-Lewis Rast.[1]

---

[1] The topics are as follows:

1. POLICIES AND PROCEDURES for placement in, retention in, and release from ISOLATION.
2. CONDITIONS OF CONFINEMENT in ISOLATION.
3. Programming available in ISOLATION, including but not limited to employment, education, drug treatment, and rehabilitative services.
4. Lengths of stay in ISOLATION, including mean, median, and maximum lengths of confinement in each ISOLATION unit.
5. POLICIES AND PROCEDURES related to INCARCERATED PERSON privileges while housed in ISOLATION, including increases and decreases in such privileges.
6. POLICIES AND PROCEDURES REGARDING any out-of-cell time for INCARCERATED PERSONS in ISOLATION, including but not limited to, any congregate activities allowed with other INCARCERATED PERSONS.
7. POLICIES AND PROCEDURES for monitoring the effects of CONDITIONS OF CONFINEMENT in ISOLATION on INCARCERATED PERSONS' mental and physical health.
8. POLICIES AND PROCEDURES for suicide and self-harm prevention for INCARCERATED PERSONS in ISOLATION.
9. POLICIES AND PROCEDURES regarding the provision of HEALTH CARE to INCARCERATED PERSONS in ISOLATION.
11. Training provided to HEALTH CARE STAFF who work with INCARCERATED PERSONS housed in ISOLATION.
12. Training provided to CORRECTIONAL STAFF who are regularly assigned to work in ISOLATION units.
13. CORRECTIONAL STAFF posts at each ISOLATION unit for each shift, including knowledge of post orders and daily job duties.
14. Required CORRECTIONAL STAFF levels for each ISOLATION unit for each shift, including current STAFFING SCHEDULES.
15. POLICIES AND PROCEDURES REGARDING the use of force or restraints by ADCRR staff on INCARCERATED PERSONS on MENTAL HEALTH WATCH, or on INCARCERATED PERSONS classified as SMI, MH-3 through MH-5, or any other mental health classification employed by the ADC or CENTURION while housed in ISOLATION.

Plaintiffs respectfully request expedited consideration given the trial schedule.

**Introduction**

Plaintiffs identified fifteen topics in their Notice of 30(b)(6) Deposition regarding Isolation, requiring ADCRR to designate and prepare a witness to testify on these topics at the deposition. [Doc. 3957] ADCRR designated Jeffrey Van Winkle, Warden at the Arizona State Prison Complex - Florence, for this deposition.[2] However, for most of the topics, Warden Van Winkle failed to answer Plaintiffs' questions, claiming lack of knowledge or explicitly limiting his answer to his own awareness or what he knew from his experience as a warden.

Courts have interpreted Rule 30(b)(6) "as prohibiting a 30(b)(6) representative from disclaiming the [party's] knowledge of a subject at the deposition and later introducing evidence on that subject," *Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, No. CIV A 306-CV-0271-B, 2007 WL 4410370, at *8 (N.D. Tex. Dec. 14, 2007), and have equated a party's failure to produce an adequately prepared witness with a "failure to appear" meriting sanctions including the exclusion of evidence under Rule 37, *see Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 559–60 (D. Mont. 2009). Plaintiffs therefore request that this Court exclude any evidence on those topics for which Warden Van Winkle was unknowledgeable at his deposition.

**Background**

Plaintiffs served a Notice of 30(b)(6) Deposition ("30(b)(6) Deposition Notice") pertaining to Defendants' isolation policies and procedures, requiring Defendants to designate and prepare a witness to testify as to the topics in the 30(b)(6) Deposition

---

Warden Van Winkle was designated to testify on Topics 7, 8, and 9 only on the aspects of the topics related to "operations." Defendants designated a different person for those topics to address aspects related to mental health care. [Morris Decl., Ex. 2, Excerpts of Deposition of Jeffrey Van Winkle pursuant to Rule 30(b)(6), September 24, 2021 ("Van Winkle Dep.") 11:3-12]

[2] Defendants also designated Dr. Bobbie Pennington-Stallcup for aspects of the topics that touched on mental health care. The areas for which Dr. Stallcup was designated are not relevant to this motion.

153377696.6

Notice. [Doc. 3957] After initially designating Deputy Director Frank Strada pursuant to Rule 30(b)(6), Defendants ultimately designated Warden Van Winkle for this deposition. [*See* Morris Decl., Ex. 1 (emails between R. Love and M. Morris regarding 30(b)(6)) at 2] At his deposition, Warden Van Winkle responded that he did not know the answer to many of Plaintiffs' questions on the topics set forth in the 30(b)(6) Deposition Notice.[3] [Morris Decl., Ex. 2 (excerpts of Deposition of 30(b)(6) Designee Jeffrey Van Winkle)] (hereinafter "Van Winkle Dep."); Ex. 3 (charts of deposition testimony reflecting lack of knowledge) ]

It is Plaintiffs' understanding that Defendants oppose this motion.[4]

**Argument**

## I. All Evidence on Topics for Which Warden Van Winkle Claimed Ignorance Should Be Excluded.

Under Rule 30(b)(6), a party is "obligated to produce the 'most qualified' person[] [or persons] to testify on its behalf." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 798 n.4 (9th Cir. 2003) (second alteration in original).  The party "[has] an obligation to present witnesses who are capable of providing testimony on the noticed topics regardless of whether the information was in the witness's personal knowledge, provided that the information is reasonably available to the [party]." *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 661 (D. Or. 2015). ADCRR was therefore required to "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [Plaintiffs] and to prepare those persons in order that they can answer *fully, completely, unevasively*, the questions posed by [Plaintiffs] as to the relevant subject

---

[3] Plaintiffs put Defendants on notice during the deposition of Warden Van Winkle of their concern that the Warden was not adequately knowledgeable.  [Morris Decl., Ex. 2, Van Winkle Dep. 127:25-128:9.

[4] Plaintiffs requested Defendants' position on this issue and another issue on November 10, 2021, and provided Defendants a draft of the motion on November 11, 2021.  Defendants responded with regard to the other issue, which is, as a result, no longer a dispute.  Defendants did not respond with regard to this issue.

matters." *Mitsui & Co. (U.S.A.) v. Puerto Rico Water Res. Auth.*, 93 F.R.D. 62, 67 (D.P.R. 1981) (emphasis added) (citing *Ruiz v. Hamburg-Am. Line*, 478 F.2d 29 (9th Cir. 1973)).

This Court and others have recognized that a party "may not offer a new or different account of the facts at trial that could have been made known at the time of a Rule 30(b)(6) deposition." *Christopher v. Spectra Elec. Servs., Inc.*, No. CV-12-00345-PHX-DGC, 2013 WL 3153772, at *8 (D. Ariz. June 19, 2013), *aff'd*, 637 F. App'x 383 (9th Cir. 2016); *see also Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 94 (D.D.C. 1998) ("Unless it can prove that the information was not known or was inaccessible, a [party] cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition."); *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C.), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996) ("if a party states it has no knowledge or position as to a set of alleged facts or area of inquiry at a Rule 30(b)(6) deposition, it cannot argue for a contrary position at trial without introducing evidence explaining the reasons for the change"). As a result, courts preclude parties from introducing evidence that they should have but failed to disclose during the 30(b)(6) deposition, interpreting Rule 30(b)(6) "as prohibiting a 30(b)(6) representative from disclaiming the [party's] knowledge of a subject at the deposition and later introducing evidence on that subject." *Super Future Equities, Inc.*, 2007 WL 4410370, at *8; *see also, e.g., HSS Enterprises, LLC v. AMCO Ins. Co.*, No. C06-1485-JPD, 2008 WL 11506715, at *1 (W.D. Wash. May 7, 2008) ("Rule 30(b)(6) prohibits the defendant from offering new and different testimony at trial or from otherwise making statements, taking positions, or producing evidence that contradict [the designee's] deposition testimony on behalf of [the defendant].") ; *Ierardi v. Lorillard, Inc.*, No. CIV. A. 90-7049, 1991 WL 158911, at *3 (E.D. Pa. Aug. 13, 1991)

In addition, "[w]hen a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions, including the preclusion of evidence." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (citing *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 770–71 (9th Cir.1995)).

1    Specifically, a party's "failure to produce an adequately prepared witness pursuant to Rule

2    30(b)(6) is tantamount to a failure to appear," *Avago Techs., Inc. v. IPtronics Inc.*, No.

3    5:10-CV-02863-EJD, 2015 WL 2395941, at *5 (N.D. Cal. May 19, 2015), "meriting the

4    imposition of [Rule 37] sanctions," *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262

5    F.R.D. 552, 559–60 (D. Mont. 2009).[5] "If [the 30(b)(6) designee] is not knowledgeable

6    about relevant facts, and the principal has failed to designate an available, knowledgeable,

7    and readily identifiable witness, then the appearance is, for all practical purposes, no

8    appearance at all." *Resol. Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993).

9        "The purpose of a Rule 30(b)(6) deposition is to streamline the discovery process,"

10   *Risinger v. SOC, LLC,* 306 F.R.D. 655, 662 (D. Nev. 2015), and "curb the 'bandying' by

11   which officers or managing agents of a[n] [organization] are deposed in turn but each

12   disclaims knowledge of facts that are clearly known to persons in the organization and

13   thereby to it," Fed. R. Civ. P. 30(b)(6) (advisory committee's notes). Permitting a party to

14   introduce at trial evidence that it should have disclosed at the 30(b)(6) deposition would

15   "subvert[] the purpose of Rule 30(b)(6)" given the party's obligation under the rule to

16   prepare its designee(s) to fully respond to the topics identified in the deposition notice.

17   *See Ierardi v. Lorillard, Inc.*, No. CIV. A. 90-7049, 1991 WL 158911, at *3 (E.D. Pa.

18   Aug. 13, 1991). Interpreting Rule 30(b)(6) as precluding evidence that should have been

19   produced at the deposition is "necessary in order to make the deposition a meaningful one

20   and to prevent the 'sandbagging' of an opponent by conducting a half-hearted inquiry

21   before the deposition but a thorough and vigorous one before the trial," as "[t]his would

22   totally defeat the purpose of the discovery process." *United States v. Taylor*, 166 F.R.D.

23   

24        [5] Although the Ninth Circuit has said that "a party who appears at a deposition but
     refuses to testify does not 'fail to appear' for the purposes of Federal Rule of Civil
25   Procedure 37(d)," *Estrada v. Rowland*, 69 F.3d 405, 405 (9th Cir. 1995), courts have
     distinguished *Estrada* on the ground that it involved a *pro se* party rather than an
     organization with an obligation to designate a knowledgeable witness under Rule
26   30(b)(6). *See Pioneer Drive, LLC*, 262 F.R.D. at 560.  *Estrada* is thus inapplicable in this
     context, as "apply[ing] *Estrada* here would thwart the purpose of [Rule 30(b)(6)], and it
27   would allow [Defendants] to escape sanctions where there is no opportunity for
     [Plaintiffs] to obtain the testimony it sought in the first place." *Pioneer Drive, LLC*, 262
28   F.R.D. at 560.

-5-

1   356, 362 (M.D.N.C.), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996).

2         Courts accordingly preclude parties from introducing evidence on topics identified

3   in the 30(b)(6) deposition notice which should have been disclosed at the deposition, but

4   was not. In *Rainey*, for example, the defendant sought to submit an affidavit in which it

5   "revise[d] the positions taken at the 30(b)(6) depositions," as the affidavit made

6   quantitative assertions about a former employee's work that "contrast[ed] sharply with the

7   positions taken by [the 30(b)(6) representatives], each of whom failed to quantify the

8   portion of plaintiff's duties that consisted of such putatively administrative work." *Rainey*,

9   26 F. Supp. 2d 82, 94 (D.D.C. 1998); *see also id.* at 92 (explaining that one of the 30(b)(6)

10  designees replied "I just don't know" to a question about what percentage of the plaintiff's

11  time would have been spent on functions considered exempt under the Fair Labor

12  Standards Act). The court held that the affidavit could not be considered, concluding that

13  it would violate "both the letter and spirit of Rule 30(b)(6)." *See id.* at 94; *see also Super*

14  *Future Equities, Inc.*, 2007 WL 4410370, at *8 (excluding affidavit under Rule 30(b)(6)

15  "because [the 30(b)(6) designee] previously testified that he could not quantify the

16  damages and has not offered an explanation for his change in position").

17        Plaintiffs request that the Court exclude all evidence offered by Defendants on

18  topics for which Warden Van Winkle was unknowledgeable at his deposition in violation

19  of Rule 30(b)(6) as an appropriate and warranted sanction under Rule 37.

20        As detailed in Chart II (Exhibit 3 to the Morris Declaration), Warden Van Winkle

21  demonstrated he was unknowledgeable regarding the following topics in the 30(b)(6)

22  Deposition Notice: 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, and 15 in their entirety, and Topics 13

23  and 14 with respect to how posts are collapsed at ASPC-Lewis Rast. Although Warden

24  Van Winkle testified at the beginning of his deposition that he had reviewed the notice

25  and spent "roughly 40 to 50 hours" preparing for the deposition, he answered that he did

26  not know or was unsure to many basic questions. [Morris Decl., Ex. 2, Van Winkle Dep.

27  9:13, Ex. 3, Chart II-A] For example, under topic one in the deposition notice on

28  ADCRR's policies and procedures for placement, retention, and release from isolation,

153377696.6

1    Warden Van Winkle was not sure even as to the existence of certain policies, let alone

2    their details, despite confirming at the start that he was prepared to respond to such

3    questions. [*See id.* at 9:21-13:23; Morris Decl., Ex. 3, Chart II-A]  During his deposition,

4    Warden Van Winkle repeatedly limited his response to his personal knowledge or testified

5    that he was "not aware" of particular policies, procedures or practices, and explained that

6    when he said he was not aware, it meant that he was "just not sure."  [*See* Morris Decl.,

7    Ex. 2, Van Winkle Dep. 164:1-4; Ex. 3, Chart II-A]  Moreover, some of what he did

8    testify to is demonstrably inaccurate, as shown by evidence at trial and from other

9    depositions.  [*See* Morris Decl., Ex. 3, Chart II-B; Ex. 4, Excerpts of Deposition of Lori

10   Stickley; Ex. 5, Excerpt of Deposition of Anthony Coleman]

11        The information Plaintiffs sought during Warden Van Winkle's deposition

12   "squarely f[ell] within a noticed topic[s] and is the kind of information that a [party] can

13   prepare the witness to know because, for example, there are documents the [party] can

14   show the witness prior to the deposition"; it was not "so technical or so detailed that even

15   a prepared witness could not be reasonably be expected to keep the information in his or

16   her memory." *DarbeeVision, Inc. v. C&A Mktg., Inc.*, No. CV 18-0725 AG (SSX), 2019

17   WL 2902697, at *10 (C.D. Cal. Jan. 28, 2019). As a result, Warden Van Winkle's

18   "inability to respond" was "unacceptable," *id.*, and tantamount to a failure to appear as to

19   those noticed topics for which Warden Van Winkle repeatedly displayed lack of

20   knowledge and familiarity.

21        Defendants have not offered any explanation for why Warden Van Winkle was

22   unknowledgeable as to the topics for which Defendants have now come forward with

23   evidence, let alone any proof that "the information was not known or was inaccessible."

24   *Rainey*, 26 F. Supp. 2d at 94. Nor have Defendants objected to the scope of the 30(b)(6)

25   deposition notice, which identified with particularity the topics on which Plaintiffs sought

26   testimony. [Doc. 3957; Morris Decl., Ex. 1 (Email exchange between M. Morris and R.

27   Love)]; *Pioneer Drive, LLC*, 262 F.R.D. at 559 ("By failing to object prior to (or even at)

28   the deposition, [the] [d]efendant cannot now attempt to excuse its inadequate preparation

-7-

1   of the designee by pointing to problems it now sees in the [n]otice. To countenance such

2   behavior would be to invite or to encourage discovery games and gamesmanship."). As a

3   result, any conditions or circumstances which could have excused Defendants' failure to

4   comply with Rule 30(b)(6) are inapplicable here.

5       Rule 37 permits a range of sanctions for a party's failure to participate in

6   discovery, which include "prohibiting the disobedient party from supporting or opposing

7   designated claims or defenses, or from *introducing designated matters in evidence*." Fed.

8   R. Civ. P. 37(b)(2)(A)(ii) (emphasis added); *see also U.S. Bank, N.A. v. Recovery Servs.*

9   *Nw., Inc.*, No. 213CV01254APGGWF, 2016 WL 11566486, at *4 (D. Nev. Oct. 13, 2016)

10  (explaining that excluding evidence is a sanction available under Rule 37 for a party's

11  "failure to produce an adequately prepared designee" under Rule 30(b)(6)).  Excluding the

12  evidence Defendants seek to introduce at trial that they were obligated to disclose earlier

13  in the litigation under Rule 30(b)(6) is an appropriate, proportionate, and warranted

14  sanction here. Defendants' failure to designate an adequately prepared witness was

15  "willful and in bad faith" given that ADCRR "was expressly put on notice of its duty to

16  provide a prepared and educated 30(b)(6) witness." *U.S. Bank, N.A.*, 2016 WL 11566486,

17  at *2. Defendants even had a witness, Deputy Director Strada, ***who they initially***

18  ***designated and then withdrew***, through whom they intended to submit evidence on some

19  of the same topics, long after the Rule 30(b)(6) deadline.  [*See* Morris Decl., Ex. 1 at 2;

20  Doc. 4116-1 at 29]

21      Further, Plaintiffs were "entitled to obtain [Defendants'] knowledge relating to the

22  factual issues listed in the noticed deposition topics … to prepare its motion for summary

23  judgment and its case for trial.," *U.S. Bank, N.A.*, 2016 WL 11566486, at *5. If

24  Defendants are permitted to submit evidence relating to the factual issues listed in the

25  noticed deposition topics, but not provided by the 30(b)(6) designee, Plaintiffs will suffer

26  undue prejudice. Defendants produced Warden Van Winkle to testify as the Rule 30(b)(6)

27  deponent on September 24, 2021, just over one month before the start of trial. [Morris

28  Decl., Ex. 4, Van Winkle Dep.] Plaintiffs prepared for trial based upon the evidence

153377696.6

provided by Defendants' 30(b)(6) designee during his deposition.  Defendants should not be permitted at trial to "introduce evidence in support of its defenses that it evaded disclosing at the deposition." *U.S. Bank, N.A.*, 2016 WL 11566486, at *5.

In addition, unlike in cases where courts concluded that the exclusion of evidence would be too severe, *see, e.g.*, *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 543 (D. Nev. 2008), *Pioneer Drive, LLC*, 262 F.R.D. at 560, the evidence Plaintiffs seek to exclude is proportionate to "deter [Defendants'] conduct, and remedy any prejudice it caused [Plaintiffs]." *Pioneer Drive, LLC*, 262 F.R.D. at 560. In contrast to the defendant in *Pioneer Drive*, who "ha[d] yet to flout a court order nor been sanctioned," *id.*, this Court is all too familiar with Defendants' history of violating this Court's orders and being repeatedly sanctioned over the course of this litigation. [*See, e.g.*, Doc. 3921]  Moreover, the Ninth Circuit has recognized that "[t]he effectiveness of and need for harsh measures is particularly evident when the disobedient party is the government" because "[g]overnmental agencies which are charged with the enforcement of laws should set the example of compliance with Court orders." *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1370 (9th Cir. 1980) (internal quotation marks omitted). In balancing "litigation's goal of resolving disputes on the merits," *Pioneer Drive, LLC*, 262 F.R.D. at 560, with Rule 37's deterrence objectives, especially when the government is the disobedient party, sanctioning Defendants by excluding their evidence is proportionate and justified for the purpose of advancing these interests.

Some courts have admitted evidence that conflicts with the 30(b)(6) testimony on the ground that the "Rule 30(b)(6) deposition testimony does not have a conclusive effect," *see Gardens v. United States*, 138 Fed. Cl. 623, 625 (2018)[6] (internal quotation

---

[6] The Court of Federal Claims also concluded that the cases where courts excluded evidence in conflict with the 30(b)(6) testimony, such as *Rainey*, were unpersuasive because they were summary judgment rather than trial decisions. *See Gardens*, 138 Fed. Cl. at 625. However, the court identified no basis for differentiating between the two, as the same reasoning for excluding such evidence pursuant to Rule 30(b)(6) applies to both stages in litigation. *See Ierardi*, 1991 WL 158911, at *3 (concluding that the party should not be able to introduce evidence in conflict with the 30(b)(6) testimony *at trial*); *Taylor*, 166 F.R.D. at 362 (same); *Rainey*, 26 F. Supp. 2d at 94 (citing to *Ierardi* and *Taylor* for its decision not to consider the affidavit at

marks omitted). However, this is not the basis on which Plaintiffs contend that Defendants' evidence should be excluded. As the Ninth Circuit has explained, "Rule 30(b)(6) testimony . . . is not binding against the organization in the sense that the testimony can be corrected, explained and supplemented, and the entity is not 'irrevocably' bound to what the fairly prepared and candid designated deponent happens to remember during the testimony." *Snapp v. United Transportation Union*, 889 F.3d 1088, 1104 (9th Cir. 2018) (quoting 7 James Wm. Moore, et al., Moore's Federal Practice § 30.25[3] (3d ed. 2016)). However, unlike in *Snapp* where the plaintiff pursued judgment as a matter of law and sought to use the deposition answers as "legal or judicial admissions," Plaintiffs move to exclude only evidence that "truly, and without good reason or explanation, is in conflict" with the 30(b)(6) testimony and does not "clarify[] or simply provid[e] full context for the Rule 30(b)(6) deposition." *Id.* at 1103–04. As a result, the general principle that 30(b)(6) testimony is not binding in the sense of a judicial admission is inapposite to the facts here, which warrant excluding Defendants' evidence on the ground that ADCRR violated its obligations under Rule 30(b)(6).

## Conclusion

This Court should exclude all evidence that Defendants were obligated to disclose under Rule 30(b)(6) on the ground Defendants failed to provide the information during the deposition, and that the eleventh-hour attempt to supplement is prohibited by Rule 30(b)(6) or, in the alternative, as a sanction under Rule 37(d)(1).

Dated:  November 12, 2021                           Respectfully submitted,

                                        **ACLU NATIONAL PRISON PROJECT**

---

summary judgment).

-10-

153377696.6

1

By:   _s/ Maria V. Morris_

2
David C. Fathi (Wash. 24893)*
Maria V. Morris (D.C. 1697904)**

3
Eunice Hyunhye Cho (Wash. 53711)*
**ACLU NATIONAL PRISON PROJECT**

4
915 15th Street N.W., 7th Floor
Washington, D.C. 20005

5
Telephone:  (202) 548-6603
Email:     dfathi@aclu.org

6
           mmorris@aclu.org
           echo@aclu.org

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

*Admitted *pro hac vice*; not admitted
in DC; practice limited to federal
courts
**Admitted *pro hac vice*

Corene Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON PROJECT**
39 Drumm Street
San Francisco, California 94111
Telephone:  (202) 393-4930
Email: ckendrick@aclu.org

---

*Admitted *pro hac vice*

Daniel C. Barr (Bar No. 010149)
John H. Gray (Bar No. 028107)
Austin C. Yost (Bar No. 034602)
Karl J. Worsham (Bar No. 035713)
Kathryn E. Boughton (Bar No. 036105)
Mikaela N. Colby (Bar No. 035667)
Kelly Soldati (Bar No. 036727)
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone:  (602) 351-8000
Email: dbarr@perkinscoie.com
                  jhgray@perkinscoie.com
                  ayost@perkinscoie.com
                  kworsham@perkinscoie.com
                  kboughton@perkinscoie.com
                  mcolby@perkinscoie.com
                  ksoldati@perkinscoie.com
                  docketphx@perkinscoie.com

Victoria Lopez (Bar No. 330042)*
Jared G. Keenan (Bar No. 027068)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85013
Telephone:  (602) 650-1854
Email:  vlopez@acluaz.org
                  jkeenan@acluaz.org

*Admitted pursuant to Ariz. Sup. Ct.
R. 38(d)

-12-

153377696.6

| | |
|---|---|
| 1 | Donald Specter (Cal. 83925)* |
| | Alison Hardy (Cal. 135966)* |
| 2 | Sara Norman (Cal. 189536)* |
| | Rita K. Lomio (Cal. 254501)* |
| 3 | Sophie Hart (Cal. 321663)* |
| | **PRISON LAW OFFICE** |
| 4 | 1917 Fifth Street |
| | Berkeley, California 94710 |
| 5 | Telephone:  (510) 280-2621 |
| | Email:     dspecter@prisonlaw.com |
| 6 | ahardy@prisonlaw.com |
| | snorman@prisonlaw.com |
| 7 | rlomio@prisonlaw.com |
| | sophieh@prisonlaw.com |
| 8 | |
| | *Admitted *pro hac vice.* |
| 9 | |
| 10 | *Attorneys for Plaintiffs Shawn Jensen;* |
| | *Stephen Swartz; Sonia Rodriguez; Christina* |
| 11 | *Verduzco; Jackie Thomas; Jeremy Smith;* |
| | *Robert Gamez; Maryanne Chisholm;* |
| 12 | *Desiree Licci; Joseph Hefner; Joshua* |
| | *Polson; and Charlotte Wells, on behalf of* |
| 13 | *themselves and all others similarly situated* |
| 14 | **ARIZONA CENTER FOR DISABILITY** |
| | **LAW** |
| 15 | |
| 16 | By:    *s/ Maya Abela* |
| | Asim Dietrich (Bar No. 027927) |
| 17 | 5025 East Washington Street, Suite 202 |
| | Phoenix, Arizona 85034 |
| 18 | Telephone:  (602) 274-6287 |
| | Email:     adietrich@azdisabilitylaw.org |
| 19 | |
| 20 | Rose A. Daly-Rooney (Bar No. 015690) |
| | J.J. Rico (Bar No. 021292) |
| 21 | Maya Abela (Bar No. 027232) |
| | **ARIZONA CENTER FOR** |
| 22 | **DISABILITY LAW** |
| | 177 North Church Avenue, Suite 800 |
| 23 | Tucson, Arizona 85701 |
| | Telephone:  (520) 327-9547 |
| 24 | Email: |
| | rdalyrooney@azdisabilitylaw.org |
| 25 | jrico@azdisabilitylaw.org |
| | mabela@azdisabilitylaw.org |
| 26 | *Attorneys for Arizona Center for Disability* |
| | *Law* |
| 27 | |
| 28 | |

-13-

153377696.6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2021, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Gottfried
Lucy M. Rand
Assistant Arizona Attorneys General
Michael.Gottfried@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
Timothy M. Ray
Anne M. Orcutt
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
tray@strucklove.com
aorcutt@strucklove.com

*Attorneys for Defendants*

*s/ Maria V. Morris*

-14-