Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Shawn Jensen, *et al.*,<br>Plaintiffs,<br>v.<br>David Shinn, *et al.*,<br>Defendants. | NO. CV-12-00601-PHX-ROS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE CERTAIN TESTIMONY AND EVIDENCE (DKT. 4163)** |

Plaintiffs' Motion to Exclude Certain Testimony and Evidence (Dkt. 4163) seeks to categorically preclude Defendants from presenting at trial "all evidence" of 14 Topic areas identified in their Notice of 30(b)(6) Deposition regarding "isolation." They contend that the designated 30(b)(6) witness, Warden Van Winkle, "did not know the answer to many of Plaintiffs' questions" on these Topics, which was "tantamount to a failure to appear." (*Id*. at 4, 8.) Neither the deposition nor the circumstances warrant the relief they seek. The Court should deny Plaintiffs' Motion.

## I. Background.

The Court issued the trial scheduling order on July 30, 2021. (Dkt. 3931.) It ordered trial to begin on November 1, 2021, and set an October 15, 2021 deadline for all fact discovery, fact witness depositions, and 30(b)(6) depositions. (*Id*. at 2.) Plaintiffs served

their Notice of 30(b)(6) Deposition on September 3, 2021. (Dkt. 3957.) The Notice included 15 extremely broad Topics:

> 1. POLICIES AND PROCEDURES for placement in, retention in, and release from ISOLATION.
>
> 2. CONDITIONS OF CONFINEMENT in ISOLATION.
>
> 3. Programming available in ISOLATION, including but not limited to employment, education, drug treatment, and rehabilitative services.
>
> 4. Lengths of stay in ISOLATION, including mean, median, and maximum lengths of confinement in each ISOLATION unit.
>
> 5. POLICIES AND PROCEDURES related to INCARCERATED PERSON privileges while housed in ISOLATION, including increases and decreases in such privileges.
>
> 6. POLICIES AND PROCEDURES REGARDING any out-of-cell time for INCARCERATED PERSONS in ISOLATION, including but not limited to, any congregate activities allowed with other INCARCERATED PERSONS.
>
> 7. POLICIES AND PROCEDURES for monitoring the effects of CONDITIONS OF CONFINEMENT in ISOLATION on INCARCERATED PERSONS' mental and physical health.
>
> 8. POLICIES AND PROCEDURES for suicide and self-harm prevention for INCARCERATED PERSONS in ISOLATION.
>
> 9. POLICIES AND PROCEDURES regarding the provision of HEALTH CARE to INCARCERATED PERSONS in ISOLATION.
>
> 10. POLICIES AND PROCEDURES for the REFERRAL and transfer of INCARCERATED PERSONS from ISOLATION to inpatient mental health facilities, whether operated by ADCRR or some other entity.
>
> 11. Training provided to HEALTH CARE STAFF who work with INCARCERATED PERSONS housed in ISOLATION.
>
> 12. Training provided to CORRECTIONAL STAFF who are regularly assigned to work in ISOLATION units.
>
> 13. CORRECTIONAL STAFF posts at each ISOLATION unit for each shift, including knowledge of post

orders and daily job duties.

14. Required CORRECTIONAL STAFF levels for each ISOLATION unit for each shift, including current STAFFING SCHEDULES.

15. POLICIES AND PROCEDURES REGARDING the use of force or restraints by ADCRR staff on INCARCERATED PERSONS on MENTAL HEALTH WATCH, or on INCARCERATED PERSONS classified as SMI, MH-3 through MH-5, or any other mental health classification employed by the ADC or CENTURION while housed in ISOLATION.

(*Id*. at 8–9.)

Warden Van Winkle was the designee, and Plaintiffs deposed him—for nearly seven hours—on September 24, 2021, just three weeks after the Notice. At no point after the deposition through the start of trial did Plaintiffs request from Defendants another designee (or written responses to specific questions), nor did they file a dispute or motion with the Court challenging the adequacy of Van Winkle's testimony.[1] Rather, on November 12—after eight days of trial and on the eve of Warden Van Winkle's trial testimony (scheduled for November 15), Plaintiffs filed their Motion to Exclude asking the Court to preclude "all evidence regarding" 14 of the 15 Topics based on Warden Van Winkle's alleged lack of knowledge at his deposition.[2] (Dkt. 4163.) They support their Motion with a chart prepared by Plaintiffs' counsel that quotes various portions of the deposition (questions and answers). (Dkt. 4169-8.)

**II. Argument.**

As a threshold matter, the Court should deny Plaintiffs' Motion as untimely. Plaintiffs took Warden Van Winkle's deposition on September 24, 2021. If they believed

[1] Plaintiffs contend that they "put Defendants on notice during the deposition … of their concern that the Warden was not adequately knowledgeable." (Dkt. 4162 at 4 n.3.) All that was said at the deposition, however, was this: "I'm just going to say that I am going to be thinking about whether or not we need to ask for an additional designee on topic 1. I'm not doing it right now, but we'll be thinking through that based on the responses." (Dkt. 4169-5 at 8–9.) Nothing more was done.

[2] Plaintiffs do not seek to exclude evidence regarding Topic 10 or Topics 13 and 14 regarding staffing at units other than ASPC-Lewis Rast. (Dkt. 4163 at 2.)

that his knowledge was deficient, they could have—and should have—raised the issue or sought another Rule 30(b)(6) designee. There was still three weeks left to conduct fact discovery; the parties could have conferred; and Defendants could have cured any perceived deficiency, or the parties could have raised the issue with the Court if there was not a meeting of the minds. Because Plaintiffs did nothing, it appears that they wanted the discovery period to lapse and then filed their Motion just days before Defendants were to begin their defense.[3] Such tactics should not be countenanced. Plaintiffs should be barred from bringing their late challenge.

Untimeliness aside, Plaintiffs' contentions are not supported by the deposition transcript or the law. As a general matter, an order precluding "all evidence" that is relevant to any of the 14 Topics asks too much. Even if Warden Van Winkle did not know the answer to a specific question, a categorical exclusion of any evidence related to a Topic is not a just remedy. The cases cited by Plaintiffs precluded *specific* evidence that varied from a Rule 30(b)(6) deponent's *specific* testimony. *See, e.g.*, *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268–69 (2d Cir. 1999) (precluding defendant's witnesses from testifying as to the value of the plaintiff's work because defendant failed to designate a Rule 30(b)(6) witnesses as ordered by the court); *Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, No. CIV A 306-CV-0271-B, 2007 WL 4410370, at *8 (N.D. Tex. Dec. 14, 2007) (precluding 30(b)(6) deponent's affidavit in support of summary judgment that quantified plaintiff's damages because he could not quantify plaintiff's damages during his deposition); *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 94–95 (D.D.C. 1998) (precluding an affidavit that "contrast[ed] sharply with the positions taken by representatives Kirshner and Hoagland, each of whom failed to quantify the portion of plaintiff's duties that consisted of such putatively administrative work").[4]

---

[3] Plaintiffs filed their Motion at 5:17 p.m. on Friday, November 12, 2021. Shortly thereafter, the Court's staff relayed the Court's directive for Defendants to file a Response by November 15 ("end of the day").

[4] Other cases cited by Plaintiffs are inapposite or unhelpful. For example, in *Christopher v. Spectra Elec. Servs., Inc.*, No. CV-12-00345-PHX-DGC, 2013 WL 3153772, at *8 (D. Ariz. June 19, 2013), the court denied a request to strike a declaration

In fact, one case rejected a plaintiff's attempt to prohibit the defendant "from arguing or presenting evidence regarding" a topic that the Rule 30(b)(6) deponent lacked knowledge, calling it a "severe," "drastic," and "disproportionate" sanction that would "frustrate litigation's goal of resolving disputes on the merits." *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 560 (D. Mont. 2009). Similarly, Plaintiffs' request to exclude *all* evidence regarding anything that is subsumed within their 14 broad Rule 30(b)(6) Topics is not justified.[5]

A close look at Plaintiffs' purported examples also undermines Plaintiffs' request. Qualifying answers with, "I believe," or "to my knowledge" does not constitute lack of knowledge. (*See, e.g.*, Dkt. 4169-8 at 1, 2, 3, 4, 6, 7, 8.) Nor does answering that he is unaware of *anything else* than what he testified to. (*Id*. at 8, 9, 16, 30.) Even answering that he is not "aware of" something is not indicative of lack of knowledge. (*Id*. at 1, 6, 7, 8.) It can simply mean no. And in many of Plaintiffs' purported examples of inadequate knowledge, Warden Van Winkle *does* answer the question. (*See, e.g.*, *id*. at 21 ["Q. Does ADCRR track how many people in max custody units have jobs? A. The particular unit does."].) Yet, Plaintiffs' chart is littered with these and similar examples of alleged non-answers.

---

submitted in support of a motion for summary judgment. In *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996), the court rejected a corporation's proposal to withhold its position at deposition and then review other discovery after the deposition and submit its corporate position at trial). And in *HSS Enterprises, LLC v. AMCO Ins. Co*., No. C06-1485-JPD, 2008 WL 11506715, at *1 (W.D. Wash. May 7, 2008), the defendant elected not to call its 30(b)(6) designee as a trial witness, and the court ruled that the defendant was precluded from "offering new and different testimony at trial or from otherwise making statements, taking positions, or producing evidence that contradict Mr. Key's deposition testimony on behalf of AMCO." *See also Ierardi v. Lorillard, Inc.*, No. CIV. A. 90-7049, 1991 WL 158911, at *3 (E.D. Pa. Aug. 13, 1991) ("If the designee testifies that H & V does not know the answer to plaintiffs' questions, H & V will not be allowed effectively to change its answer by introducing evidence during trial.").

[5] Defendants timely listed Warden Van Winkle as a fact witness to testify regarding maximum custody operations. As such, Warden Van Winkle serves the dual role of testifying as a Rule 30(b)(6) deponent and a fact witness. Plaintiffs did not notice Warden Van Winkle for deposition as related to his fact witness role in this case even though they did the same for other witnesses, including Defendant Gann and Dr. Stallcup. Defendants also produced a host of documentary evidence that are relevant to the Topics.

The number and type of examples for each Topic are also grossly exaggerated. For example, Plaintiffs provide the most examples for Topics 1 and 2: "policies and procedures for placement in, retention in, and release from isolation"; and "conditions of confinement of isolation." (Dkt. 4169-8 at 1–22.) These are incredibly broad Topics and many of the questions were very specific or outside the scope. For example, under Topic 1, Plaintiffs cite to questions regarding ADCRR's classification process, which has never been an issue in this case. Under Topic 2, Plaintiffs cite to this exchange, which can hardly be characterized as condition-of-confinement evidence:

> Q. Do you have any knowledge of what percent or how many people in enhanced management are transported in transport chairs?
>
> A. I do not have that information, ma'am.
>
> Q. Do you think that ADCRR maintains that information?
>
> A. A unit deputy warden would have that information. Yes, ma'am.

(Dkt. 4169-8 at 18.) For Topics 3 ("programming available in isolation"), 5 ("policies and procedures related to incarcerated person privileges while housed in isolation"), and 6 ("policies and procedures regarding any out-of-cell time for incarcerated persons in isolation"), Plaintiffs cite only two questions, both of which Warden Van Winkle answered (*id*. at 22–23); for Topic 7, they cite only one question, which Warden Van Winkle answered (*id*. at 27); for Topic 8, they cite only one question, which Warden Van Winkle answered (*id*. at 27–28); for Topic 9, they cite to one exchange (*id*. at 28); for Topics 11 and 12, they cite to one question (*id*. at 28); for Topics 13 and 14, they cite to one question (*id*. at 29); and for Topic 15, they cite to several questions, but Warden Van Winkle answered most all of them (*id*. at 29–31).[6]

[6] Importantly, Plaintiffs acknowledge that for Topics 7, 8, and 9, Warden Van Winkle's testimony was limited to the aspects of the topics as related to "operations" only and Defendants designated a mental health professional to additionally testify on these topics. (Dkt. 4163 at 2, fn. 1 & 2; Dkt. 4169-08 at 27, fn. 2.) For Topics 8, 9, and 11, Warden Van Winkle's deposition testimony again demonstrates that when he states he is "not aware," the phrase is used in the context of explaining that there are no *other* applicable policies. (Dkt. 4169-08 at 27–29.) Furthermore, regarding Topics 13 and 14, Plaintiffs seek

In short, Plaintiffs' request for total exclusion is neither supported nor justified. And it does not appear to be authorized by Rule 37. In *Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995), the Ninth Circuit held that Rule 37(d) failure-to-appear sanctions are not available if a party appears but refuses to testify. Citing *Pioneer Drive*, Plaintiffs contend that *Estrada* does not apply to Rule 30(b)(6) depositions. (Dkt. 4163 at 6 n.5.) But the Ninth Circuit more recently noted that *Estrada does* apply to Rule 30(b)(6) depositions. *See Watkins v. Infosys*, 724 F. App'x 520, 523–24 (9th Cir. 2017). Nonetheless, Defendants do not intend to elicit testimony from Warden Van Winkle that contradicts his deposition testimony.

## III. Conclusion.

For these reasons, the Court should deny Plaintiffs' Motion to Exclude Certain Testimony and Evidence.

DATED this 15th day of November, 2021.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Rachel Love
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

*Attorneys for Defendants*

---

to preclude Defendants from offering any evidence regarding staffing levels at ASPC-Lewis. However, Plaintiffs deposed ASPC-Lewis, Rast Unit's Deputy Warden Coleman before trial and asked him questions at length regarding staffing of the unit. Plaintiffs have this information from a fact witness. Finally, if Plaintiffs believe they have evidence that contradicts Warden Van Winkle's testimony (Dkt. 4169-8 at 32–36), they can introduce it or attempt to impeach Warden Van Winkle at trial. But that is not a basis to find that he lacked knowledge.

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alisha Tarin-Herman | atarinherman@perkinscoie.com |
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Mikaela N. Colby: | mcolby@perkinscoie.com; docketphx@perkinscoie.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sophie Jedeikin Hart | sophieh@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Rachel Love