**Index of Exhibits to the Declaration of Maria V. Morris**

Exhibit                                    Description

1       Email exchange between Maria Morris and Rachel Love regarding the
        scope of the 30(b)(6) deposition

2       Excerpt of Defendants' initial disclosures relating to Deputy Director
        Frank Strada's anticipated testimony, served on September 10, 2021

3       Detailed disclosure statement regarding Deputy Director Frank Strada's
        anticipated testimony, served on October 22, 2021 (Filed Under Seal)

4       Email exchange between Maria Morris and Rachel Love regarding the
        instant motion

# EXHIBIT 1

| From: | Jessica Carns |
|---|---|
| To: | Rachel Love; Elaine Percevecz; StruckLoveParsonsTeam; Lucy Rand; Michael E. Gottfried; "mary.beke@azag.gov"; External - PLO AZ; External - Maya Abela; Jared Keenan; Victoria Lopez; Gloria Torres; Daniel Barr; Maria Morris; David Fathi; Corene Kendrick; Samantha Weaver |
| Subject: | Parsons - Isolation 30(b)(6) deposition notice |
| Date: | Friday, September 17, 2021 7:36:32 PM |
| Attachments: | 2021.09.17 Letter from M. Morris to R. Love re Isolation 30(b)(6) depo notice.pdf |
| | image005.png |

Rachel,

Please see the attached letter from Maria regarding Plaintiffs' isolation 30(b)(6) deposition notice.

Thank you,

**Jessica Carns**
Pronouns: she, her

Paralegal, National Prison Project
American Civil Liberties Union
915 15th St. NW, Washington, DC 20005
202.548.6614 | jcarns@aclu.org
aclu.org [facebook] [twitter]



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

September 17, 2021

**BY ELECTRONIC MAIL ONLY**

Rachel Love
Struck, Love, Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
rlove@strucklove.com

<div style="margin-left:2em">

Re:   *Parsons v. Shinn*
      **Isolation 30(b)(6) deposition notice**

</div>



**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

National Prison Project
915 15th Street, NW
7th floor
Washington, DC 20005
(202) 393-4930
aclu.org

David C. Fathi
*Director*
*Attorney at law\**

*Not admitted in DC;
practice limited to
federal courts

Dear Rachel,

Thank you for meeting with Maya Abela and me on Tuesday regarding Defendants' objections to Plaintiffs' isolation 30(b)(6) deposition notice. Plaintiffs' position on the topics we discussed is set forth below.

At the outset of the discussion, you indicated that, for you, the purpose of the objections and the meet and confer was to clarify the scope of the topics to ensure that the deponent was sufficiently prepared. Our understanding is that the only unresolved objection is to Topic 15, regarding the use of force, to the extent that issue remains in dispute at the time of the deposition. This objection is discussed below, at the end of this letter.

Regarding Defendants' objection to definition of "Policies and Procedures," as discussed, we do not expect the witness to be familiar with the conduct of individual line staff. However, consistent with our definition of the term to include "policies, procedures, criteria, or *practices, whether written or established through custom or use*" (italics added), we may ask about practices, even if they deviate from written policies. We may ask about practices of individuals if their position is such that their practice is the standard practice in a facility or housing unit.

**TOPIC 1 – POLICIES AND PROCEDURES for placement in, retention in, and release from isolation.**

As per our discussion, we will identify policies that we anticipate asking the witness about, but we are not limited to the identified policies and may inquire about other policies and procedures. Part of the purpose of the deposition is to determine which policies and procedures Defendants consider to be relevant to the topics. You indicated that you understood this topic.

Policies we anticipate asking about include DOs 801, 803, 804, 806, 807, 812, and 813, and the Technical Classification Manual.

**TOPIC 2 – CONDITIONS OF CONFINEMENT in ISOLATION**

We stated that the following are all conditions of confinement: conditions listed in the class certification order, cell set-up, out-of-cell time, programming, hygiene, cleaning, temperature, illumination and environmental conditions, opportunities for interactions with people (both staff and other incarcerated people), and the subjects covered by the matrices in DO 812. You asked that we let you know if there are other subjects that fall within conditions of confinement. We are adding property, clothing, and bedding to the list.

**TOPIC 3 – Programming available in ISOLATION, including but not limited to employment, education, drug treatment, and rehabilitative services.**



We stated that the deponent should be prepared to discuss any type of programming that is available in isolation. You stated that you understood this topic and that the deponent would be prepared. In addition to the specific types of programming listed in the notice, you indicated you were going to verify whether group religious services also fall within this topic, and that if so, the deponent would be prepared to discuss that as well as the listed topics.

**TOPIC 4 – Lengths of stay in ISOLATION, including mean, median, and maximum lengths of confinement in each ISOLATION UNIT.**

You indicated that you understood the topic and that we could ask questions, but there was little information that would be available, as this data is not tracked.

**TOPIC 5 – POLICIES AND PROCEDURES related to INCARCERATED PERSON privileges while housed in ISOLATION, including increases and decreases in such privileges.**

Policies we anticipate asking about include DOs 801, 803, 804, 806, 807, 809, 812, 813, and 906. As discussed, this does not mean we are limited to asking about only these policies.

Privileges include out-of-cell time, programming, opportunities for interactions with people (staff and other incarcerated people), the subjects covered by the matrices in DO 812, property, and anything referenced as a privilege in ADCRR policies.

You indicated that you understood the topic and that the deponent would be prepared.

**TOPIC 6 – POLICIES AND PROCEDURES REGARDING any out-of-cell time for INCARCERATED PERSONS in ISOLATION, including but not limited to, any congregate activities allowed with other INCARCERATED PERSONS.**

You indicated that you understood this topic, and we agreed that it included policies and procedures relating to anything covered in Topics 2 and 3, including religious services as applicable. As mentioned, the topic also includes policies

relating to individual out-of-cell time, including recreation, table time, showers, visitation, library or law library, and out-of-cell mental health care.

Policies we anticipate asking about include DOs 801, 803, 804, 806, 807, 809, 812, 813, and 906. As discussed, this does not mean we are limited to asking about only these policies.

**TOPICS 7-12**

We explained that these topics pertain to learning about policies and procedures and what is being done to monitor and address people's physical and mental health in isolation. You stated that the designee, Deputy Director Frank Strada, would be able to testify regarding the operations side of these topics, but that there would have to be someone from Centurion to testify regarding the medical and mental health aspects of the topics. Previously, we had been informed that Dr. Stallcup has been designated to respond to Topics 8-10. We also clarified that Topics 11 and 12 include any kind of training staff are provided because they work with people in isolation, including but not limited to training regarding operations issues (e.g., escort requirements) and mental health issues (e.g., recognizing suicidality), regardless of who provides the training.



Our understanding from our call is that Mr. Strada will be designated to respond to topics 7-9 and 11-12, regarding ADCRR's policies, procedures, practices and training, that Dr. Stallcup will be the sole designee for Topic 10, and will testify as to the mental health aspects of topics 7-9 and 11-12.

> ***Please designate a deponent or deponents to cover all portions of the topics that Mr. Strada will not cover and let us know who that is and what aspects of each topic will be covered by each person. Please provide this information by Monday, September 20, 2021.***

**TOPIC 13 – CORRECTIONAL STAFF posts at each ISOLATION unit for each shift, including knowledge of post orders and daily job duties.**

We clarified that this seeks information about all posts that are assigned to have duties in isolation units. You indicated that this resolved the objections.

**TOPIC 14 – Required CORRECTIONAL STAFF levels for each ISOLATION unit for each shift, including current STAFFING SCHEDULES.**

We clarified that we are seeking information about what posts there are for each shift in each isolation unit. We are not seeking names of the individual staff members who fill the posts on any given day. You indicated that this resolved the objections.

**TOPIC 15 – POLICIES AND PROCEDURES REGARDING the use of force or restraints by ADCRR staff on INCARCERATED PERSONS on MENTAL HEALTH WATCH, or on INCARCERATED PERSONS classified as SMI, MH-3 through MH-5, or any other mental health classification employed by the ADC or CENTURION while housed in ISOLATION.**

We agreed that the deponent will testify as to at least the use of chemical agents and restraints on persons on mental health watch, and on those people classified as SMI or prescribed psychiatric medications when they are housed in isolation. We have a dispute that is currently before the Court regarding whether uses of force other than chemical agents are relevant in this case and agreed that the dispute over this subject may be resolved by the Court's decision on the discovery dispute regarding the production of documents regarding this general topic.



We also explained Plaintiffs' position that, because this is a deposition topic about policies and procedures, even if the Court decides that the only uses of force for which documents must be produced are those concerning use of chemical agents, trying to limit this topic to only chemical agents is not reasonable. Understanding as you described, the "toolbox" that correctional staff have to address problems is key to understanding the use of any particular tool in that toolbox. Because the use of chemical agents is just one kind of force in a continuum, understanding the need for and appropriateness of the use of chemical agents requires the context of the policies on use of force more generally.

We agreed that we will see what the Court says on the issue before then and will proceed with the examination on this subject. I do want to be clear that, if you intend to try to limit testimony on this topic, you should seek a protective order prior to the day of the deposition. *See* Fed. R. Civ. P. 30(c)(2). If you do not seek and obtain a protective order, the deponent should be prepared to testify on this topic. *McGhee v. N. Am. Bancard, LLC*, No. 17-CV-00586-AJB-KSC, 2021 WL 2577159, at *8 (S.D. Cal. June 23, 2021) ("[I]t is not acceptable for an organization to refuse to prepare its designated witness to testify because it deems a topic unwieldy or irrelevant. Instead, if a party who receives a Rule 30(b)(6) notice believes that any subject matter for examination is overbroad, burdensome, or otherwise objectionable, the proper course is to first meet and confer with the noticing party, and to seek a protective order from the Court if necessary."); *Banga v. Ameriprise Auto Home Ins. Agency*, No. 2:18-CV-01072 MCE AC, 2021 WL 634955, at *4 (E.D. Cal. Feb. 18, 2021) ("Plaintiff herself argues that defendants cannot simply provide written objections to her and fail to prepare its 30(b)(6) witness to testify on certain topics. . . . That is correct. A corporate defendant's objections must be resolved through the meet and confer process or by seeking a protective order from the court."); *Rembrandt Diagnostics, LP v. Innovacon, Inc.*, No. 16-CV-0698 CAB (NLS), 2018 WL 692259, at *3 (S.D. Cal. Feb. 2, 2018) ("[T]he proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order. . . . A corporate deponent cannot simply make objections and then provide a witness that will testify only within the scope of its objections.").

Please let me know if there are any remaining objections, other than the issue discussed above as to Topic 15. Please also provide the requested information about the designations for Topics 7-12.

Sincerely,

Maria V. Morris

cc:     All counsel



# EXHIBIT 2

1  Daniel P. Struck, Bar No. 012377
   Rachel Love, Bar No. 019881
2  Timothy J. Bojanowski, Bar No. 022126
   Nicholas D. Acedo, Bar No. 021644
3  STRUCK LOVE BOJANOWSKI & ACEDO, PLC
   3100 West Ray Road, Suite 300
4  Chandler, Arizona  85226
   Telephone:  (480) 420-1600
5  Fax:  (480) 420-1695
   dstruck@strucklove.com
6  rlove@strucklove.com
   tbojanowski@strucklove.com
7  nacedo@strucklove.com

8  *Attorneys for Defendants*

9

10                    **UNITED STATES DISTRICT COURT**

11                         **DISTRICT OF ARIZONA**

12  Victor Parsons, *et al.*, on behalf of themselves      NO. 2:12-cv-00601-ROS
    and all others similarly situated; and Arizona
13  Center for Disability Law,
                                                            **DEFENDANTS' PRETRIAL**
14                                         Plaintiffs,      **DISCLOSURE STATEMENT**

15         v.

16  David Shinn, Director, Arizona Department of
    Corrections; and Richard Pratt, Interim
17  Division Director, Division of Health Services,
    Arizona Department of Corrections, in their
18  official capacities,

                                          Defendants.

19         Defendants, through counsel and pursuant to Federal Rule of Civil Procedure

20  26(a)(1) and the Court's Orders (Doc. 3931, 3940), submit their Pretrial Disclosure

21  Statement. Defendants will supplement and/or amend these disclosures as trial preparation

22  progresses.[1]

23

24

25

26

27  ───────────────────────
       [1] Defendants will provide 26(a)(2)(c) disclosures by the expert witness disclosure
28  deadline.

compliance rates. Additionally, Mr. Gann will testify regarding ADCRR facilities' compliance with NCCHC and American Correctional Association standards, as well as the provision of adequate health care to ADC inmates in compliance with constitutional requirements. Mr. Gann will also testify pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). He will testify regarding his deposition if taken in this matter, his July 10, 2020 Declaration, and any Declarations he may prepare for trial.

        3.     **F. Strada, Deputy Director, ADCRR**
                    **c/o Struck Love Bojanowski & Acedo, PLC**

        Deputy Director Strada is likely to testify regarding ADCRR policies and procedures that govern conditions of confinement for maximum custody inmates to include weekly time out of cell, programming, and privileges afforded to maximum custody inmates commiserate with Step Level (Step Level 1, 2, 3). He is likely to testify regarding what factors result in a maximum custody classification as well as what pro-social behavioral factors may earn a reduction in classification, the ongoing classification and Step Level review process employed by ADCRR, and validation of those processes by corrections experts. He is likely to testify regarding management of mental health inmates in maximum custody or detention units, which each require special considerations in how ADCRR addresses their housing, movement, and programming. He is likely to testify regarding housing, security, and operation of ADCRR maximum custody units; a physical description of the maximum custody housing locations, including pod and cell set up, recreation enclosures, programming facilities, on-site medical facilities, and shower facilities; sanitation and maintenance protocols; programming, recreational, educational, religious, and work programs offered to maximum custody inmates and the procedures for offering the same; and all matters raised in the Court's certification of subclass as it relates to conditions of confinement and use of chemical agent use of force on maximum custody inmates and subclass members designated as SMI (seriously mentally ill). These conditions of confinement may include cell conditions, food service, recreational activities, leisure activities, social programming, educational programming, mental health programming,

1   access to visitation, access to mail, access to telephone calls, access to commissary, and

2   access to property.

3          Deputy Director Strada is also likely to testify regarding the statistics, reports,

4   and historical data regarding the success of DO 812 and the resulting reduction in ADCRR's

5   maximum custody population. Deputy Director Strada, based upon his extensive training

6   and experience in corrections, will also likely testify regarding the unique challenges at play

7   in managing maximum security inmates, and how ADCRR continues to offer ample out-

8   of-cell time, socialization opportunities, and programming opportunities that meet and

9   exceed corrections industry standards, against the backdrop of both staffing challenges and

10  COVID-19 mitigation efforts faced by corrections and detention departments across the

11  United States. Additionally, Deputy Director Strada will testify regarding the training that

12  correctional staff receive to successfully carry out their job duties when assigned to

13  maximum custody units and/or maximum custody units where SMI inmates may be

14  clustered. He will likely testify regarding the frequency with which inmates have contact

15  with other inmates, correctional staff, programming staff, medical staff, and mental health

16  staff. Deputy Director Strada will likely testify regarding security protocols that govern

17  maximum security housing locations to include health and welfare checks, counts, and

18  safety equipment used by staff working in maximum custody and detention units which are

19  a direct result of and necessitated by past incidents of extreme violent acts committed by

20  such inmates. As to use of chemical agent use of force on subclass members, he will also

21  testify regarding ADCRR's training and emphasis on the use of de-escalation techniques

22  and cool down periods, barring emergency situations that require immediate response to

23  include circumstances of inmate self-harm.

24         Deputy Director Strada will also likely testify regarding the conditions of

25  confinement allegations made by party-representative subclass Plaintiffs and any subclass

26  Plaintiffs identified or examined at trial by Plaintiffs, to include conditions of confinement

27  for the specified inmates as well as their institutional history to include criminal,

28  disciplinary, classification, behavioral, STG, programming, and grievance histories. He is

also expected to generally testify regarding monitoring and compliance for offered out-of-cell time and programming as governed by the Stipulation that previously applied to this lawsuit as well as the corresponding mandates of DO 812. Deputy Director Strada will also testify pursuant to Federal Rule of Civil Procedure 26(a)(2)(C).

        4.      G. Phillips, M.D., Medical Director, ADCRR
                c/o Struck Love Bojanowski & Acedo, PLC

Dr. Phillips is the Medical Director for the ADCRR. Prior to joining ADCRR, Dr. Phillips was a treating physician for Maricopa County Correctional Health Services, Abrazo Health, and the United States Air Force. Dr. Phillips will testify regarding ADCRR policies, practices, and procedures related to inmate medical care, review and investigation of medical grievances, inmate death investigations and mortality reviews, the electronic health records system in use at ADCRR facilities, telemedicine, language line services, and continuous improvements in the delivery of health care to the ADCRR inmate population. Dr. Phillips will also testify regarding his review of the medical records of the named Plaintiffs and his opinions regarding the treatment rendered to them. In addition to testifying regarding the medical treatment of the named Plaintiffs, Dr. Phillips will also testify regarding the health care provided to the individual inmates specifically referred to by Plaintiffs' experts and whether the care rendered was adequate, appropriate, and in accordance with the standard of care up until the time of trial. Dr. Philipps is also expected to testify that the care provided to ADCRR inmates meets or exceeds community standards of care and is in compliance with constitutional standards. Dr. Phillips will also testify pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). Dr. Phillips is expected to testify regarding his deposition if taken in this matter and any Declarations he prepares for trial.

        5.      B. Pennington-Stallcup, Ph.D., Mental Health Program Director, Medical
                Services Contract Monitoring Bureau, ADCRR
                c/o Struck Love Bojanowski & Acedo, PLC

Dr. Stallcup is the Mental Health Program Director for the Medical Services Contract Monitoring Bureau at ADCRR. Dr. Stallcup was previously the Mental Health

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alison Hardy:                    ahardy@prisonlaw.com

Asim Dietrich:                   adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Austin C. Yost:                  ayost@perkinscoie.com; docketPHX@perkinscoie.com

Corene T. Kendrick:              ckendrick@aclu.org

Daniel Clayton Barr:             DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:               dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:                  dspecter@prisonlaw.com

Eunice Cho                       ECho@aclu.org

Jared G. Keenan                  jkeenan@acluaz.org

John Howard Gray:                jhgray@perkinscoie.com; slawson@perkinscoie.com

Jose de Jesus Rico:              jrico@azdisabilitylaw.org

Karl J. Worsham:                 kworsham@perkinscoie.com; docketphx@perkinscoie.com

Kathryn E. Boughton:             kboughton@perkinscoie.com; docketphx@perkinscoie.com

Kelly Soldati                    ksoldati@perkinscoie.com; docketphx@perkinscoie.com

Maria V. Morris:                 mmorris@aclu.org

Maya Abela                       mabela@azdisabilitylaw.org

Mikaela N. Colby:                mcolby@perkinscoie.com; docketphx@perkinscoie.com

Rita K. Lomio:                   rlomio@prisonlaw.com

Rose Daly-Rooney:                rdalyrooney@azdisabilitylaw.org

Sara Norman:                     snorman@prisonlaw.com

Victoria Lopez:                  vlopez@acluaz.org

# EXHIBIT 3

**FILED UNDER SEAL**

EXHIBIT 4

| From: | Rachel Love |
|---|---|
| To: | Maria Morris |
| Cc: | Parsons Team; Parsons Trial; Rachel Love |
| Subject: | RE: Questions regarding Defendants" position on a number of evidentiary issues |
| Date: | Friday, November 12, 2021 1:43:16 PM |

Maria,

We will not be calling Deputy Director Strada as a witness.

- Rachel

**From:** Maria Morris <MMorris@aclu.org>
**Sent:** Friday, November 12, 2021 7:43 AM
**To:** Rachel Love <RLove@strucklove.com>
**Cc:** Parsons Team <ParsonsTeam@strucklove.com>; Parsons Trial <ParsonsTrial@aclu.org>
**Subject:** RE: Questions regarding Defendants' position on a number of evidentiary issues

Rachel,
We do not anticipate using Dep. Dir. Strada's deposition if he does not testify.  However, if, as trial proceeds, there is reason to use it and a means to do so, we are not agreeing that we would not use it.
Thanks,
Maria

**From:** Rachel Love <RLove@strucklove.com>
**Sent:** Thursday, November 11, 2021 6:36 PM
**To:** Maria Morris <MMorris@aclu.org>; Rachel Love <RLove@strucklove.com>
**Cc:** Parsons Team <ParsonsTeam@strucklove.com>; Parsons Trial <ParsonsTrial@aclu.org>
**Subject:** RE: Questions regarding Defendants' position on a number of evidentiary issues

Maria,

We are looking at your draft motion and will report back with our position by noon tomorrow, if not sooner.  In the context of all of this, we are considering cutting down our witness list, which may include cutting Deputy Director Strada anyway.  If we end up taking him off of our witness list, we assume Plaintiffs would agree not to use his deposition – since you would have been seeking to exclude him anyway.  Can you let me know if this would be the case regarding an agreement not to use his deposition?

- Rachel

**From:** Maria Morris <MMorris@aclu.org>
**Sent:** Thursday, November 11, 2021 3:30 PM
**To:** Rachel Love <RLove@strucklove.com>

**Cc:** Parsons Team <ParsonsTeam@strucklove.com>; Parsons Trial <ParsonsTrial@aclu.org>
**Subject:** RE: Questions regarding Defendants' position on a number of evidentiary issues

Rachel,
Please find attached a draft motion to exclude, which sets out our arguments regarding the issues I raised yesterday, and two charts, setting out the evidence relied on in the motion.  Please let us know your position on the issues raised in the motion.  Assuming the parties are not in agreement, we will file the motion tomorrow afternoon.  The motion will be, in substance, what is attached, though we may edit it between now and filing.
Thank you,
Maria

---

**From:** Maria Morris
**Sent:** Wednesday, November 10, 2021 4:20 PM
**To:** Rachel Love <RLove@strucklove.com>
**Cc:** Parsons Team <ParsonsTeam@strucklove.com>; Parsons Trial <ParsonsTrial@aclu.org>
**Subject:** RE: Questions regarding Defendants' position on a number of evidentiary issues

I'll provide you with the draft motion later today.

---

**From:** Rachel Love <RLove@strucklove.com>
**Sent:** Wednesday, November 10, 2021 4:16 PM
**To:** Maria Morris <MMorris@aclu.org>
**Cc:** Parsons Team <ParsonsTeam@strucklove.com>; Parsons Trial <ParsonsTrial@aclu.org>
**Subject:** Re: Questions regarding Defendants' position on a number of evidentiary issues

We will need to know the basis for why you believe Deputy Director Strada's expert designation was improper and as related to which specific topics in order to respond. The same goes for Warden Van Winkle as to why and how you think his testimony was incomplete.

Sent from my iPhone

> On Nov 10, 2021, at 1:21 PM, Maria Morris <MMorris@aclu.org> wrote:

Rachel,

Please let us know Defendants' positions on the following:

1. We would like to stipulate to the admission of the CGARs from January 2019 – July 2021 (Pls. Exs. 1702-1732).
2. We intend to move to exclude the testimony of Dep. Dir. Strada as improper expert testimony under Rule 26(a)(2)(C).
3. We intend to move to preclude Defendants from offering evidence on topics of

the Isolation 30(b)(6)(6) about which Warden Van Winkle was unable to testify completely.  This will seek to preclude evidence covered by topics 1, 2,  3, 4, 6, 7, 8, 11, 13, 14 and 15.

Please provide your positions by noon on Friday.

Thank you,
Maria


**Maria V. Morris**
Pronouns: she, hers

Senior Staff Attorney
ACLU National Prison Project
915 15th St. NW, Washington, DC 20005
202.548.6607 | mmorris@aclu.org
aclu.org
<image001.gif>

<image002.jpg>

<image003.png>

*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.