Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Shawn Jensen, et al., | NO. CV-12-00601-PHX-ROS |
| Plaintiffs, | |
| v. | **DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS' REBUTTAL WITNESS** |
| David Shinn, et al., | |
| Defendants. | **[EXPEDITED CONSIDERATION REQUESTED]** |

Defendants move to strike Plaintiffs' newly disclosed rebuttal witness, Catherine Knox, because the subject on which Plaintiffs seek to elicit her testimony were previously known to Plaintiffs, could have been presented in their case-in-chief, and are accordingly not proper rebuttal. Additionally, it appears that, based on Plaintiffs' disclosure for Ms. Knox, she is really an untimely and inadequately disclosed expert witness.

**I.     Background**

Plaintiffs first notified Defendants on November 30, 2021, during a call regarding trial exhibits, that they intended to call Ms. Knox as their rebuttal witness. Plaintiffs later provided the following disclosure for Ms. Knox:

> Ms. Knox, MN, RN, CCHP-RN has been a consultant regarding delivery of health care in the correctional setting for 20

years.  During her extensive career as a correctional health care professional, Ms. Knox was the Health Services Administrator for the Oregon Department of Corrections from 1984-2001, and the Director for Nursing for the Washington Department of Corrections from 2004-2008.  Ms. Knox was a surveyor for the NCCHC from 1998-2017, during which time she surveyed approximately a dozen correctional facilities and trained others to become certified surveyors.  She also trained to be a lead surveyor.  She will testify regarding the NCCHC survey and accreditation process.

Plaintiffs also provided Ms. Knox's CV, but no further information or documents regarding Ms. Knox.  On December 1, 2021, Defendants requested that Plaintiffs provide further detail on Ms. Knox's anticipated testimony, but Plaintiffs would not do so. (Ex. 1: December 1, 2021 email correspondence between A. Hardy and D. Struck).

## II.    Ms. Knox Is Not a Proper Rebuttal Witness Because the Subjects of Her Proposed Testimony Could Have Been Reasonably Anticipated and Addressed During Plaintiffs' Case-in-Chief.

"Rebuttal expert testimony is limited to new unforeseen facts brought out in the other side's case." *Matthew Enter., Inc. v. Chrysler Grp. LLC*, 2016 WL 4272430, at *2 (N.D. Cal. Aug. 15, 2016) (internal quotations omitted) (citing *Columbia Grain, Inc, v. Hinrichs Trading Co.*, 2015 WL 6675538, at *2 (D. Idaho Oct. 30, 2015)).  "Rebuttal testimony cannot be used to advance new arguments or new evidence." *Columbia Grain*, 2015 WL 6675538, at *2.  If rebuttal testimony is offered "to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything close to one." *Clear-View Technologies, Inc. v. Rasnick*, 2015 WL 3509384, at *2 (N.D. Cal. June 3, 2015).  Rebuttal

Here, Plaintiffs have been on notice since the beginning of this case in 2012 that Defendants intended to rely on compliance with NCCHC standards and NCCHC accreditation as evidence of the adequacy of the health care provided to ADCRR inmates systemwide.  Defendants first disclosed and produced NCCHC accreditation reports with their First Supplemental Disclosure Statement, served on September 14, 2012. (Ex. 2: Excerpt of Defendants' First Supplemental Disclosure Statement.)

In addition, Dr. Penn's[1] Expert Report dated December 18, 2013, Supplemental Expert Report dated March 26, 2014, and Second Supplemental Expert Report dated September 19, 2014, all cite extensively to applicable NCCHC standards, the NCCHC accreditation process, and his opinions regarding the inferences that can be drawn with respect to staffing, quality of care, and other key issues from achieving NCCHC accreditation. (Ex. 3: Excerpt of Expert Report of Dr. Joseph V. Penn; Ex. 4: Excerpt of Supplemental Expert Report of Joseph V. Penn; Ex. 5: Excerpt of Second Supplemental Expert Report of Joseph V. Penn.)  Plaintiffs also deposed Dr. Penn twice in 2014 and both times asked him about NCCHC accreditation and NCCHC standards, particularly regarding staffing. (Ex. 6: Excerpt of April 11, 2014 Deposition of Joseph V. Penn; Ex. 7: Excerpt of September 30, 2014 Deposition of Joseph V. Penn.)

Defendants' prior medical and dental experts also included compliance with NCCHC standards and accreditation in their expert reports submitted before the parties' Stipulation.  Dr. Mendel, a former NCCHC surveyor, explained the NCCHC accreditation process and standards for provision of medical care in a correctional setting in his December 18, 2013 Expert Report.[2] (Ex. 8: Excerpt of Expert Report of Lawrence Mendel.)  Dr. Mendel opined in his Second Supplemental Expert Report dated March 26, 2014 that NCCHC accreditation is reflective of a lack of systemic deficiencies in the delivery of health care to inmates within a correctional system. (Ex. 9: Excerpt of Second Supplemental Expert Report of Lawrence Mendel.)  Dr. Dovgan responded to Plaintiffs' criticism of NCCHC accreditation in his March 26, 2014 Supplemental Expert Report. (Ex. 10: Supplemental Expert Report of John Dovgan.)

More recently, in their September 10, 2021 pretrial disclosures, Defendants disclosed multiple witnesses to testify regarding NCCHC standards. (*See* Dkt. 4011-01 at 7, 11, 23,

---

[1] As Plaintiffs are aware, Dr. Penn is a member of the Board of Directors of NCCHC and was previously a surveyor for NCCHC accreditation.  (*See, e.g.*, Dkt. 4172 at 9-11.)

[2] Plaintiffs included Dr. Mendel's Expert Report on their trial exhibit list, further evidencing that they were on notice of Defendants' intent to introduce evidence of the accreditation process and compliance with the NCCHC standards.

25-26.)  Dr. Johnny Wu, a prior member of the Board of Directors of the NCCHC, was disclosed to testify regarding "Centurion's compliance with NCCHC standards for staffing and provision of health care to the inmate population at ADCRR." (*Id.* at 23.)  Larry Gann, Tom Dolan, Dr. May, Dr. Griffin, and Dr. Bueno were similarly disclosed to testify regarding compliance with applicable NCCHC standards. (*Id.* at 7, 11, 25-26.)  In their First Supplemental Trial Disclosures, served on October 1, 2021, Defendants listed 43 trial exhibits involving NCCHC accreditation, including certificates of accreditation, accreditation reports, and accreditation update reports. (Ex. 11: Excerpt of Defendants' First Supplemental Pretrial Disclosure Statement.)  In addition, Dr. Penn's October 22, 2021 Expert Report and November 14, 2021 Expert Declaration also cite extensively to NCCHC accreditation at ADCRR facilities and compliance with specific NCCHC standards. (Dkt. 4172 at 20-23, 33, 36-38, 49, 54-56, 58, 61, 63, 67-68, 71, 76, 79, 89, 97.)

From this lengthy history of fact, expert, and documentary disclosures stretching back nearly a decade, it was abundantly clear to Plaintiffs that compliance with NCCHC standards and NCCHC accreditation of ADCRR facilities would be a cornerstone of Defendants' presentation in this litigation.  There has been no new or unforeseeable evidence offered in Defendants' case-in-chief regarding the NCCHC accreditation process for Plaintiffs to rebut.  As a result, the Court should preclude Ms. Knox from testifying as a "rebuttal" witness on this ground.  *See Wong v. Regents of Univ. of Calif.*, 410 F.3d 1052, 1060–61 (9th Cir. 2005) (affirming exclusion of rebuttal testimony from an untimely disclosed expert witness when "the necessity of the witness" could have "been reasonably anticipated at the time the [witness disclosure] lists were exchanged").

In addition, Plaintiffs have already elicited testimony from their medical expert, Dr. Wilcox, regarding NCCHC standards and accreditation during his direct examination, during which he provided testimony that was critical of the NCCHC accreditation process. (See Rough Transcript, 11-9-21 afternoon session at pp. 61-62; Rough Transcript, 11-10-21 am session at pp. 10-11). Then, on cross-examination Dr. Wilcox admitted that he considers NCCHC accreditation to be important and that he left his prior employment with

4

Maricopa County because he was concerned that the jail system would allow its NCCHC accreditation to lapse.  (See Rough Transcript, 11-10-21 am session at 95-96, 103-111; Rough Transcript, 11-15-21 am session at pp. 16-18.)  Now it appears that Plaintiffs would like to bolster Dr. Wilcox's trial testimony through soliciting additional testimony from Ms. Knox on the same subject, which is not a proper subject for rebuttal.  See Titus v. Progressive Cas. Ins. Co., 2011 WL 13233430, at *1 (D. Ariz. Dec. 13, 2011) (excluding testimony of a proposed rebuttal expert which the court viewed as not true rebuttal but rather as an attempt to bolster prior witnesses or select a "better" expert .).

**III.    Ms. Knox Lacks Personal Knowledge of the Provision of Healthcare to ADCRR Inmates and Was Not Timely or Properly Disclosed as an Expert Witness.**

Rule 26(a)(2)(B) requires the parties to disclose the identity of each expert witness accompanied by a written report prepared and signed by the witness.  Absent a court order or other direction from the court, a rebuttal report must be filed "within 30 days after the disclosure" of the evidence that the expert is assigned to rebut. Fed. R. Civ. P. 26(a)(2)(C).  Rule 37(C)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.

Based on Plaintiffs' disclosure for Ms. Knox, it does not appear that she was involved as a surveyor in the NCCHC accreditation or reaccreditation surveys for any of the ADCRR facilities and therefore cannot offer any factual testimony regarding ADCRR's performance on them.  Even if she had some peripheral involvement in any accreditation or reaccreditation of ADCRR facilities, she has not been a surveyor for NCCHC since 2017, and any knowledge she may have obtained regarding the accreditation process at ADCRR or the provision of health care to ADCRR inmates prior to 2017 would be stale and irrelevant.

As a result, Ms. Knox can only offer testimony in the capacity of an expert witness.  However, the deadline for Plaintiffs' disclosure of expert witnesses was on October 15, 2021, and Plaintiffs did not disclose her until November 30, 2021.  Thus, even if Ms. Knox's testimony were somehow deemed to be proper rebuttal, Plaintiffs have failed to comply

with the timelines set forth in Rule 26(a)(2)(D)(ii).  Moreover, Plaintiffs have not even minimally complied with the requirements of Rule 26(a)(2)(B) with respect to Ms. Knox and have not shown that their failure to comply with Rule 26(a)(2)(B) or (D) was substantially justified or harmless.  *See Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001) (upholding exclusion of rebuttal expert whose rebuttal expert report was untimely disclosed on the eve of trial); *NutraSweet Co. v. X-L Engineering Co.*, 227 F.3d 776, 785-86 (7th Cir. 2000) (affirming exclusion of testimony from expert who failed to file a supplemental expert report).  Here, Plaintiffs cannot show that their failure to comply with Rule 26 was either substantially justified or harmless, where they have known of Defendants' intent to introduce evidence of NCCHC accreditation since 2012 but waited until the end of trial to disclose Ms. Knox to testify regarding the NCCHC accreditation process.  Accordingly, Ms. Knox should be excluded as an expert.  *See Johnson v. Allstate Fire & Cas. Ins. Co.*, 2012 WL 13028542, at *2 (W.D. Wash. June 28, 2012) (excluding plaintiff's proposed "rebuttal witness" who failed to provide a written report of his opinions, finding that he would be required to testify as an expert, not a fact witness, because he would have to rely on his medical expertise to opine on whether plaintiff's treatment was medically necessary and that he could not be a rebuttal witness because "his testimony goes to the heart of Plaintiff's case").

**IV.   Conclusion**

Testimony regarding the NCCHC accreditation process could have been reasonably anticipated based on Defendants' extensive disclosures dating back nine years in this case regarding their intent to present fact and expert testimony and documents showing compliance with NCCHC standards and accreditation as objective evidence that there are no systemic deficiencies in the delivery of healthcare to ADCRR inmates.  Additionally, Ms. Knox lacks personal knowledge of the ADCRR system and could only offer testimony in the form of an expert opinion, but Plaintiffs did not timely disclose her as an expert and have not provided a written report setting forth a full statement of her opinions and the bases for them as required by Rule 26(a)(2)(B).  Their failure to do so is neither substantially

justified nor harmless, given that Plaintiffs have known of Defendants' intent to present evidence of NCCHC accreditation and compliance with NCCHC standards since 2012 and waited until 30 days *after* the start of trial to disclose Ms. Knox.  For these reasons, the Court should preclude Plaintiffs from presenting any testimony from Ms. Knox.

DATED this 3rd day of December, 2021.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/  Daniel P. Struck
　　Daniel P. Struck
　　Rachel Love
　　Timothy J. Bojanowski
　　Nicholas D. Acedo
　　3100 West Ray Road, Suite 300
　　Chandler, Arizona 85226

*Attorneys for Defendants*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

I hereby certify that on December 3, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alisha Tarin-Herman    atarinherman@perkinscoie.com

Alison Hardy          ahardy@prisonlaw.com

Asim Dietrich:         adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Austin C. Yost:        ayost@perkinscoie.com; docketPHX@perkinscoie.com

Corene T. Kendrick:    ckendrick@aclu.org

Daniel Clayton Barr:   DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:     dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:        dspecter@prisonlaw.com

Eunice Cho            ECho@aclu.org

Jared G. Keenan        jkeenan@acluaz.org

John Howard Gray:      jhgray@perkinscoie.com; slawson@perkinscoie.com

Karl J. Worsham:       kworsham@perkinscoie.com; docketphx@perkinscoie.com

Kathryn E. Boughton:   kboughton@perkinscoie.com; docketphx@perkinscoie.com

Kelly Soldati         ksoldati@perkinscoie.com; docketphx@perkinscoie.com

Maria V. Morris       mmorris@aclu.org

Maya Abela           mabela@azdisabilitylaw.org

Mikaela N. Colby:      mcolby@perkinscoie.com; docketphx@perkinscoie.com

Rita K. Lomio:         rlomio@prisonlaw.com

Rose Daly-Rooney:      rdalyrooney@azdisabilitylaw.org

Sara Norman:          snorman@prisonlaw.com

Sophie Jedeikin Hart    sophieh@prisonlaw.com

Victoria Lopez:        vlopez@acluaz.org

8

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/     Daniel P. Struck