Exhibits to Declaration of Alison Hardy
in Support of Plaintiffs' Motion in Limine

| Exhibit | Description |
|---------|-------------|
| Ex. 1 | November 4, 2021 Email exchange between Mr. Struck and Ms. Hardy |
| Ex. 2 | November 30, 2021 Email exchange between Mr. Struck, Ms. Kendrick and Ms. Hardy |
| Ex. 3 | Defendants' Responses to Plaintiffs' First Set of Requests for Admission |

# Exhibit 1

**Alison Hardy**

---

| | |
|---|---|
| **From:** | Dan Struck <DStruck@strucklove.com> on behalf of Dan Struck |
| **Sent:** | Thursday, November 4, 2021 8:27 PM |
| **To:** | Alison Hardy |
| **Cc:** | Parsons Trial; Parsons Case; Tim Bojanowski; Elaine Percevecz; Ashlee Hesman |
| **Subject:** | RE: Admitting exhibits into evidence |

Alison,

I need to review these, but probably won't have an objection to the MSTM and PMs.  No objection to the formulary.  Definitely a no on compliance plans, discovery responses, court filings and Dr. Wilcox reports.

Dan

---

**From:** Alison Hardy <ahardy@prisonlaw.com>
**Sent:** Thursday, November 4, 2021 5:53 PM
**To:** Dan Struck <DStruck@strucklove.com>
**Cc:** Parsons Trial <ParsonsTrial@aclu.org>; Parsons Case <PLO-AZ@prisonlaw.com>; Tim Bojanowski <TBojanowski@strucklove.com>; Elaine Percevecz <EPercevecz@strucklove.com>; Ashlee Hesman <ahesman@strucklove.com>
**Subject:** FW: Admitting exhibits into evidence

Dear Dan,

Both plaintiffs and defendants have listed versions of the Medical Services Technical Manual as exhibits:
- **Pltfs' Exh. 1305 and Defs' 3024** – 10/4/21 Medical Services Technical Manual
- **Pltfs' Exh. 1634 and Defs' Exh. 3023** – 6/3/21 Medical Services Technical Manual
- **Defs' Exh. 3025** – 12/24/19 Medical Services Technical Manual

Plaintiffs propose that we jointly move these three documents into evidence.

Defendants listed no objection to the following exhibits:
- **Pltfs' Exhs. 1255-1265** – these are tables of performance measure scores from January-June 2021
- **Pltfs' Exhs. 1266-1271** – these are tables of medical classification scores for certain patients
- **Pltfs' Exh. 1271** – Centurion Arizona DOC Drug Formulary

Will you stipulate to move these into evidence?

We have listed on our exhibit list the CQI meeting minutes for each of the prisons for 2020 and 2021. (**Pltfs' Exhs. 656-914.**) Defendants have objected based on relevance, prejudice and hearsay.  These records are plainly relevant, and 403 objections are inappropriate in the context of this bench trial.  They fall under an exception to the hearsay rule under FRE 803(6) because they are records
- of a regularly conducted activity that were made at or near the time by someone with knowledge
- kept in the course of a regularly conducted activity of an organization
- regularly kept as part of the meeting

Will defendants stipulate to the admission of these documents?

Finally, please let us know whether you agree to stipulate to the admission of the following documents:

**Pltfs' Exh. 1972** - Defendants' Response to Plaintiffs' Objections to Defendants' Compliance Plan Regarding Paragraph 14 of the Stipulation and Submission of Revised Compliance Plan (filed at ECF 3920). This is admissible under FRE 801(d)(2).

**Pltfs' Exh. 1976** - Defendants' Responses to Plaintiffs' First Set of Requests for Admissions (Oct. 13, 2021). This is admissible under FRE 801(d)(2).

**Pltfs' Exhs.  1878-1914, 1939-1940, 1965, 1968** - These are court filings and a court order related to language interpretation, which are offered to show notice and not the truth of the matter, so they are not hearsay.

**Pltfs' Exhs. 1646, 1656, 1663, 1669 –** These are Dr. Wilcox's former reports, which are also offered to show notice and not the truth of the matter.


Appreciate your cooperation,
Alison

Alison Hardy
Sr. Staff Attorney
**Prison Law Office**
1917 Fifth Street
Berkeley, CA 94710
Office:  (510) 280-2621
Cell:  (510) 292-0549
Pronouns: She/her

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

Exhibit 2

**From:** Corene Kendrick <ckendrick@aclu.org>
**Sent:** Tuesday, November 30, 2021 8:47 PM
**To:** Alison Hardy <ahardy@prisonlaw.com>; Dan Struck <DStruck@strucklove.com>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Cc:** Parsons Trial <ParsonsTrial@aclu.org>; External - PLO AZ <PLO-AZ@prisonlaw.com>
**Subject:** RE: P's Exhibit List for Admission

In addition – we would like to enter into evidence the suicide watch length of stay documents that Defendants produced recently pursuant to the court's order. We will assign an exhibit number to it.

Thanks,
Corene

Corene Kendrick
Deputy Director
ACLU National Prison Project
39 Drumm St.
San Francisco, CA 94111
ckendrick@aclu.org

**From:** Alison Hardy <ahardy@prisonlaw.com>
**Sent:** Tuesday, November 30, 2021 4:43 PM
**To:** Dan Struck <DStruck@strucklove.com>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Cc:** Parsons Trial <ParsonsTrial@aclu.org>; External - PLO AZ <PLO-AZ@prisonlaw.com>
**Subject:** RE: P's Exhibit List for Admission

In addition to the documents on the list I sent earlier this afternoon, plaintiffs seek to admit Exhibits 1849 and 1850 - - the parties' Stipulation and the Index of Exhibits to the Stipulation.  (Dkt. 1185 and 1185-1)

**From:** Alison Hardy <ahardy@prisonlaw.com>
**Sent:** Tuesday, November 30, 2021 3:23 PM
**To:** 'Dan Struck' <DStruck@strucklove.com>; 'StruckLoveParsonsTeam' <StruckLoveParsonsTeam@strucklove.com>
**Cc:** 'Parsons Trial' <ParsonsTrial@aclu.org>; Parsons Case <PLO-AZ@prisonlaw.com>
**Subject:** P's Exhibit List for Admission

Hi Dan,

As we discussed, I am forwarding our list of the exhibits we would like to admit into evidence.  In addition to the documents listed, we intend to file a motion to admit prior expert reports and declarations (excluding those prepared

1

for this trial). In light of the Court's 11/10/21 Order (Doc 4155), we will ask that they be admitted to demonstrate notice to defendants.

Please forward a list of any documents that defendants would like admitted.

Thanks,
Alison

Alison Hardy
Sr. Staff Attorney
**Prison Law Office**
1917 Fifth Street
Berkeley, CA 94710
Office:  (510) 280-2621
Cell:  (510) 292-0549
Pronouns: She/her

Exhibit 3

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-18) AND FIRST SET OF INTERROGATORIES (NOS. 1-3) TO DEFENDANTS** |

# REQUESTS FOR ADMISSION[1]

## REQUEST FOR ADMISSION NUMBER 1

Admit that ADCRR and CENTURION do not maintain weekly HEALTH CARE staffing schedules for all ASPCs and HEALTH CARE clinics, showing for each HEALTH CARE STAFF position the hours scheduled versus actually worked.[2]

Admit __X*_____          Deny _____

**Schedules are maintained on a monthly basis.**


## REQUEST FOR ADMISSION NUMBER 2

Admit that ADCRR and CENTURION do not maintain records of INCARCERATED PERSONS on the routine and urgent dental care wait lists.[3]

Admit _____          Deny ____X_____


## REQUEST FOR ADMISSION NUMBER 3

Admit that ADCRR does not have any written POLICIES AND PROCEDURES for identifying INCARCERATED PERSONS who are not fluent in English, their primary language, and/or their need for an interpreter.[4]

---

[1] In answering these Requests for Admission, Defendants respond only on behalf of ADCRR as propounding requests for admission to non-party Centurion is improper. *Kitchens v. Tordsen*, 2015 WL 1011711, at *1 (E.D. Cal. Mar. 5, 2015) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery." *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir.1980); *accord Soto v. Castlerock Farming and Transp., Inc.*, 282 F.R.D. 492, 506 (E.D.Cal.2012). Thus, a party may not generally propound a request for admission or production on a non-party. Fed. R. Civ. P. 34(a)(1); 36(a)(1); *see also, e.g., In re Liu*, 282 B.R. 904, 909 (Bankr.C.D.Cal.2002). Rather, the proper means of obtaining information from a non-party is through a subpoena. Fed. R. Civ. P. 34(c), 45.).

[2] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 12.

[3] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 15.

[4] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 19.

2

**Admit __X*_____          Deny _____**

    **Whether an inmate requires interpretation services is determined upon intake and at each encounter thereafter.**

### REQUEST FOR ADMISSION NUMBER 4

Admit that ADCRR does not maintain records or DOCUMENTS REGARDING (a) the number of INCARCERATED PERSONS placed on MENTAL HEALTH WATCH, in DETENTION UNITS, or in ISOLATION, (b) the total number of days for which each person was placed on MENTAL HEALTH WATCH, in DETENTION UNITS, or in ISOLATION, or (c) the mean, median, and maximum duration length of stay on MENTAL HEALTH WATCH, in DETENTION UNITS, or in ISOLATION.[5]

**Admit _____          Deny ___X_____**

### REQUEST FOR ADMISSION NUMBER 5

Admit that the Health Services Technical Manual and the Mental Health Technical Manuals are the only POLICIES AND PROCEDURES that are or have been used by ADCRR and CENTURION related to the delivery of HEALTH CARE to INCARCERATED PERSONS from January 1, 2020 to the present, including but not limited to ensuring that class members of every security level, including INCARCERATED PERSONS housed in maximum custody, DETENTION UNITS, and MENTAL HEALTH WATCH, have access to HEALTH CARE.[6]

**Admit _____          Deny ___X_____**

---

[5] *See* Defendants' Response to Plaintiffs' Request for Production of Documents Nos. 21 and 56.

[6] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 33.

**REQUEST FOR ADMISSION NUMBER 6**

Admit that no written DOCUMENTS exist that show the chain of command for the Utilization Management process used by CENTURION to evaluate providers' requests for SPECIALTY CARE, or that show ADCRR's role in the review and approval of SPECIALTY CARE REFERRALS or requests.[7]

**Admit ___X_____          Deny _____X____**

**REQUEST FOR ADMISSION NUMBER 7**

ADMIT that no written DOCUMENTS exist that show why CENTURION Utilization Management recommended an alternative treatment plan for any SPECIALTY CARE REFERRALS or requests made on or after January 1, 2021, that were assigned an alternate treatment plan.[8]

**Admit _____          Deny _____X____**

**REQUEST FOR ADMISSION NUMBER 8**

Admit that the Health Services Technical Manual and the Mental Health Technical Manuals are the only POLICIES AND PROCEDURES that are or have been used by ADCRR and CENTURION related to the mission, operation, and staffing of any and all specialized mental health housing units in each of the ten ASPCs.[9]

**Admit _____          Deny __X_____**

---

[7] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 34.

[8] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 35.

[9] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 41.

**REQUEST FOR ADMISSION NUMBER 9**

Admit that ADCRR has no written DOCUMENTS, POLICIES AND PROCEDURES, or directives REGARDING the duration of mental health encounters and does not maintain records of the actual duration of mental health encounters.[10]

**Admit _____        Deny ____X_____**

**REQUEST FOR ADMISSION NUMBER 10**

Admit that ADCRR does not have any written POLICIES AND PROCEDURES for identifying, tracking, and/or evaluating the proficiency of HEALTH CARE STAFF and CORRECTIONAL STAFF in a non-English language or languages.[11]

**Admit __X_____        Deny _____**

**REQUEST FOR ADMISSION NUMBER 11**

Admit that the Mental Health Technical Manual, Health Services Technical Manual, and ADCRR Department Orders are the only written POLICIES AND PROCEDURES governing MENTAL HEALTH WATCH, including but not limited to out-of-cell time, allowable property, and any limit on the amount of time an INCARCERATED PERSON may be continuously housed on MENTAL HEALTH WATCH.[12]

**Admit _____        Deny ____X_____**

---

[10] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 42.

[11] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 43.

[12] *See* Defendants' Response to Plaintiffs' Request for Production of Documents No. 55.

1

2      **REQUEST FOR ADMISSION NUMBER 12**

3          Admit that ADCRR has no written POLICIES AND PROCEDURES that prohibit

4      housing INCARCERATED PERSONS who are classified as SMI in ISOLATION.

5              **Admit ___X_____          Deny _____**

6

7      **REQUEST FOR ADMISSION NUMBER 13**

8          Admit that INCARCERATED PERSONS who are classified as SMI are housed in

9      ISOLATION.

10             **Admit _____          Deny ____X*_____**

11

12         **Defendants admit only that inmates who are designated as SMI <u>may</u> also be**

13     **classified at certain custody levels or may be temporarily housed in locations defined**

14     **by the Court as the "isolation" subclass.[13]  (Dkt. 373 at 22).  Defendants deny that all**

15     **inmates designated as SMI are automatically classified at certain custody levels or are**

16     **temporarily housed in locations defined by the Court as "isolation."  SMI inmates are**

17     **housed according to their custody classification and or required temporary housing**

18     **location such as detention or mental health watch where warranted.**

19

20     **REQUEST FOR ADMISSION NUMBER 14**

21         Admit that INCARCERATED PERSONS in ISOLATION are held in cells that are

22     illuminated 24 hours a day.

23             **Admit _____          Deny ___ X*_____**

24

25

26     _____

27     [13] Defendants deny that the custody classifications and temporary housing locations defined as "isolation" subclass by the Court at Dkt. 373 at 23 constitute "isolation" as commonly defined as being cut off from human contact and interaction or constituting "solitary confinement."

28

Not all cells that house inmates at certain custody levels or in temporary housing locations as defined as "isolation" by the Court are illuminated 24 hours a day.  The manner of  cell lighting varies with the physical plant and design of each housing location at issue across at ten state-operated prison complexes.  Defendants admit that the housing locations at issue are illuminated in some manner during sleeping hours for legitimate safety and security reasons, which is common and accepted practice in the corrections industry.  As to varying manners of cell lighting during the day, for example, cells at ASPC-Eyman, Browning Unit are illuminated during the day but during sleeping hours, the cell lighting is achieved by low wattage security lights akin to night lights.  As another example, ASPC-Eyman, SMU-1 Unit maximum custody and detention cells are not illuminated by cell lighting 24 hours a day.  Inmates in these cells may turn their cell light on or off at their preference during the day.  Security lights are installed on the walkways outside the cells to illuminate the housing units at night at a lower level that permits officers to perform required safety/security/welfare checks and inmate counts.  Cell illumination as described herein is employed for legitimate safety and security reasons where facility personnel must be able to visually observe the welfare of inmates 24 hours a day as safety/security/welfare checks and inmate counts are performed.

Mental health watch cells at ADCRR prison complexes are illuminated 24 hours a day so that officers can maintain either constant or very frequent visual on the inmates in order to protect inmate safety and security and to be able to monitor inmates for and prevent the inmates from engaging in self-harm.  The manner of constant illumination also permits staff to carry out constant and/or frequent visual observation of the inmate without having to enter the cell or disturb the inmate to verify safety and security of the inmate.  Watch status duration varies based upon the specific circumstances necessitating the watch status in the first place but is designed to be a temporary condition.

**REQUEST FOR ADMISSION NUMBER 15**

Admit that ADCRR has no written POLICIES AND PROCEDURES requiring that INCARCERATED PERSONS who are prescribed psychotropic medications or are pregnant be housed in areas where the temperature does not exceed 85 degrees Fahrenheit.

**Admit _____          Deny _____X_____**

**See Standardized Temperature Check Memo dated 3/23/2021 produced herewith as Bates No. ADCRR00172370-172372.  See also Mental Health Technical Manual at ADCRR00138184, as previously produced.**

**REQUEST FOR ADMISSION NUMBER 16**

Admit that ADCRR has no written POLICIES AND PROCEDURES restricting the use of CHEMICAL AGENTS on INCARCERATED PERSONS who are classified as SMI, pregnant, or are prescribed psychotropic medications.

**Admit _____          Deny ____X_____**

**See ADCRR DO 804, Sections 4.1, 4.1.3 (all subparts), 4.1.4, 4.2.3, 4.4 (all subparts), 5.0 (all subparts), 5.2 (all subparts), 5.3 (all subparts) at https://corrections.az.gov/sites/default/files/policies/800/0804_g_06182020.pdf.**

**REQUEST FOR ADMISSION NUMBER 17**

Admit that ADCRR has no written POLICIES AND PROCEDURES limiting the amount of time that may elapse after an INCARCERATED PERSON is approved for removal from ISOLATION before the INCARCERATED PERSON is removed from ISOLATION.

**Admit _____          Deny _____X_____**

1    **See ADCRR DO 801 at Section 10.6.1 and 10.7 at**

2    **https://corrections.az.gov/sites/default/files/policies/800/0801.pdf;**

3    **DO 804 at Section 1.5.1, 1.5.2.2, 1.5.3, 1.5.4 at**

4    **https://corrections.az.gov/sites/default/files/policies/800/0804_g_06182020.pdf.**

5

6    **REQUEST FOR ADMISSION NUMBER 18**

7    Admit that ADCRR has no written POLICIES AND PROCEDURES limiting the

8    amount of time an INCARCERATED PERSON can be housed in a DETENTION UNIT,

9    on MENTAL HEALTH WATCH, or in ISOLATION.

10    **Admit _____          Deny ____X_____**

11

12    **See Mental Health Technical Manual at ADCRR00138186, section 7.0, as**

13    **previously produced;**

14    **ADCRR DO 801 at Section 10.6.1 and 10.7 at**

15    **https://corrections.az.gov/sites/default/files/policies/800/0801.pdf;**

16    **DO 804 at Section 1.5.1, 1.5.2.2, 1.5.3, 1.5.4 at**

17    **https://corrections.az.gov/sites/default/files/policies/800/0804_g_06182020.pdf;**

18    **DO 807 at Sections 3.2.2.1.1, 3.4.1.2 at**

19    **https://corrections.az.gov/sites/default/files/policies/800/0807_071320.pdf.**

20

21

22

23

24

25

26

27

28

**INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's Order (Doc. 3940), Plaintiffs, by and through undersigned counsel requests that Defendants respond, under oath, to the following interrogatories within 21 days after service.  Any objections must be served in writing within 7 days after service.

**DEFINITIONS**

Definitions are set forth in Section I above.

**INSTRUCTIONS**

1.      Each interrogatory shall be answered fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

2.      The answers are to be signed by the person making them, and the objections signed by the attorney making them.

3.      If only a part of an interrogatory is objectionable, the remainder of the interrogatory shall be answered. If an objection is made to an interrogatory or to a part of an interrogatory, the specific ground for the objection shall be set forth clearly in the response.

4.      The following rules of construction shall be applied herein: (1) the words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive; (2) the singular includes the plural and vice versa; and (3) the words "any," "all," "each" and "every" all include any, all, each, and every.

5.      Each term used in these Interrogatories that is not set forth in the "Definitions" section above has the broadest and most complete meaning permitted under the Federal Rules of Civil Procedure and the applicable case law. If any Interrogatory contains a term (or terms) that YOU believe is (or are) unclear or ambiguous, YOU should assume a reasonable meaning for such term(s), state what that meaning is, and answer that Interrogatory on the basis of the assumed meaning.

6.      All INFORMATION requested herein is to be set forth if it is in the possession, custody, or control of, or is available or accessible to, YOU or any of YOUR agents, consultants, contractors, counsel, investigators, representatives, or any other person or persons acting for YOU or on YOUR behalf.

7.      If any INFORMATION called for by an interrogatory is withheld on the basis of a claim of privilege, set forth the nature of the claimed privilege and the nature of the INFORMATION with respect to which it is claimed.

8.      If these interrogatories cannot be responded to in full, YOU shall respond to the extent possible, specify the reason for YOUR inability to respond to the remainder, and state whatever INFORMATION or knowledge YOU have REGARDING the portion to which YOU have not responded.

9.      Unless otherwise specified, the relevant time period, and the period for which YOU are required to provide responses is from and including January 1, 2020, up to and including the response date.

10.     These Interrogatories are submitted for the purpose of discovery and are not to be construed as waiving any objections that may be made at trial or at any hearing to the introduction of evidence on subjects covered by these Interrogatories or as an admission of the relevance or materiality at trial of any of the matters covered by these Interrogatories.

11.     These Interrogatories are continuing in nature; responses should be promptly supplemented pursuant to Federal Rule of Civil Procedure 26(e).

12.     All responses in which YOU choose to exercise the option to produce DOCUMENTS or other writings shall require YOU to provide a copy of that DOCUMENT, provide a description of the location where the DOCUMENT was found, indicate to which interrogatory it is responsive, and specify the DOCUMENTS' Bates range.

# INTERROGATORIES

**INTERROGATORY NO. 1**

For each of YOUR responses to the Requests for Admission set forth above that is other than an unqualified admission, specify each fact YOU rely upon to deny the request or to qualify YOUR response.

**RESPONSE TO INTERROGATORY NO. 1: Other than privileged communications which are protected by the attorney client and work product privileges, and the explanations/documents contained under Defendants' Responses to Plaintiffs' Requests for Production, none.  See also responses to RFA Nos. 13 -18, above.**

**INTERROGATORY NO. 2**

For each of YOUR responses to the Requests for Admission set forth above that is other than an unqualified admission, identify each and every DOCUMENT YOU rely upon to deny the request or to qualify YOUR response.

**RESPONSE TO INTERROGATORY NO. 2:   Other than privileged communications which are protected by the attorney client and work product privileges, and the explanations/documents contained under Defendants' Responses to Plaintiffs' Requests for Production, none.   See also responses to RFA Nos. 13 -18, above.**

**INTERROGATORY NO. 3**

For each of the Requests for Admission set forth above to which YOU have responded by stating that YOU do not have sufficient knowledge or INFORMATION to admit or deny the Request, describe the reasonable inquiry YOU made to enable YOU to respond to that Request.

**RESPONSE TO INTERROGATORY NO. 3:   Other than privileged communications which are protected by the attorney client and work product privileges, and the explanations/documents contained under Defendants' Responses to Plaintiffs' Requests for Production, none.**

1

2         DATED this 13th day of October, 2021.

3                                          STRUCK LOVE BOJANOWSKI & ACEDO, PLC

4

5                                          By /s/ Rachel Love
                                              Daniel P. Struck
6                                             Rachel Love
                                              Timothy J. Bojanowski
7                                             Nicholas D. Acedo
                                              3100 West Ray Road, Suite 300
8                                             Chandler, Arizona 85226

9                                          *Attorneys for Defendants*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

     I hereby certify that on October 13, 2021, I electronically transmitted the attached document to the following attorneys of record:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan: | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Mikaela N. Colby: | mcolby@perkinscoie.com; docketphx@perkinscoie.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sophie Jedeikin Hart | sophieh@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following:

N/A

/s/ Rachel Love