Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Shawn Jensen, et al.,<br><br>                              Plaintiffs,<br><br>         v.<br><br>David Shinn, et al.,<br><br>                              Defendants. | NO. CV-12-00601-PHX-ROS<br><br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO PRECLUDE REBUTTAL WITNESS**<br>**(Doc. 4205)** |

Plaintiffs assert that Ms. Knox is a proper rebuttal witness because she will be called to (1) "rebut Defendants' misleading testimony regarding NCCHC accreditation and its relevance to this case," and (2) "provide the Court with *additional* information regarding the NCCHC accreditation process." (Dkt. 4205 at 2, emphasis added.)  Plaintiffs also claim that she will testify solely as a fact witness. (Id. at 2, 7.) None of these assertions change the fact that Knox is an improper rebuttal witness and should not be allowed to testify.

Plaintiffs cite the testimony of Director Shinn, Larry Gann, Dr. Stallcup, Warden Van Winkle, and Dr. Phillips pertaining to the NCCHC, contending it is "misleading," but if that were the case, they should have objected to such testimony on direct examination and/or attacked it on cross examination.  They did neither.  Plaintiffs also claim that Defendants' trial strategy is "scattershot," and as a result, Plaintiffs could not have been

expected to know that Defendants intended to rely on NCCHC accreditation and compliance with NCCHC standards. (Dkt. 4211 at 3.) But that ignores the fact that Defendants consistently included NCCHC accreditation documents across *all* of their supplemental disclosure statements served in the case, beginning from the First Supplemental Disclosure Statement served on September 14, 2012 through their 23rd Supplemental Disclosure Statement served on September 20, 2014, immediately prior to the parties entering into a settlement agreement and resulting Stipulation. Defendants have subsequently included NCCHC accreditation documents on *all* disclosures served since the Court's July 16, 2021 Order (Dkt. 3921) rescinding the Stipulation.

As outlined in Defendants' Motion, Defendants have also been consistent in repeatedly including opinions regarding NCCHC accreditation and compliance with NCCHC standards in their retained expert reports, and Plaintiffs have deposed Defendants' experts on these opinions multiple times throughout this nearly decade-long litigation. Plaintiffs themselves have also offered expert opinions regarding NCCHC accreditation and NCCHC standards, both during the pre-settlement phase of the case and more recently. For example, in his Expert Declaration and Direct Written Testimony, Craig Haney cites to NCCHC guidelines, which he states "are especially notable because [the NCCHC] is the premier organization of corrections professionals who work in prison medical and mental healthcare." (Dkt. 4120 at ¶ 61.) By contrast, Dr. Wilcox is critical of the NCCHC accreditation process, which he claims "focuses on whether certain policies and procedures are in place" and "involves only a cursory review of quality of care." (Dkt. 4138 at ¶ 158, n. 7.) Plaintiffs' other experts, Dr. Stewart and Robert Joy, also relied on the NCCHC in their expert opinions. (Dkt. 4109 at ¶ 201, Dkt. 4099-1 at 15, 24, 53.)

In short, there is absolutely nothing new or unexpected about Defendants' reliance on NCCHC accreditation and compliance with NCCHC standards here. Rather, it is readily apparent that Plaintiffs are dissatisfied with their retained expert's responses to questions regarding the NCCHC on cross examination, which contradicted the points they sought to elicit from him on direct exam and instead supported Defendants' long-standing defense

theory.  As such, Plaintiffs' attempt to introduce testimony from Ms. Knox is not "rebuttal" in any sense of the word, but rather an impermissible attempt to bolster Dr. Wilcox's testimony given on direct examination.  Indeed, by their own admission, Knox would provide "additional" evidence.  (Dkt. 4205 at 2.)

Furthermore, to offer any testimony to "rebut" Defendants' argument that NCCHC accreditation is evidence of the lack of systemic deficiencies in the delivery of health care, Ms. Knox would have to testify as an expert, not a fact witness, and she was not timely or appropriately disclosed to provide any such opinions as an expert.  Likewise, to the extent that Plaintiffs seek to elicit testimony from Ms. Knox regarding correctional facilities that have been found by Courts to be in violation of the Eighth Amendment despite being accredited by the NCCHC (which was not part of Plaintiffs' barebones November 30, 2021 disclosure), Knox could only do so in an expert capacity, which would have required submission of an expert report.[1]  Plaintiffs' citation to *Oakberg v. Zimmer*, 211 F. App'x 578 (9th Cir. Dec. 1, 2006), in which the Ninth Circuit found the trial court should have permitted two treating physicians to testify regarding their own treatment despite not producing expert reports, is easily distinguishable and unavailing here.[2]  *See id.* at *1 (allowing testimony from treating physicians regarding their observations as to the plaintiff's diagnosis, treatment, and prognosis, citing to the Advisory Committee notes to Federal Rule of Civil Procedure 26(b)(4) and stating that an "expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of this lawsuit . . .  should

---

[1] Even as a "fact" witness, Ms. Knox cannot offer any testimony regarding the relevance of NCCHC accreditation to this case, given that she was not part of the NCCHC accreditation survey team for any of the ADCRR facilities, and she lacks any personal knowledge regarding the healthcare provided to ADCRR inmates.  Ms. Knox could at most testify as a fact witness regarding only her historical (pre-2017) knowledge as to the mechanics of the NCCHC accreditation process itself, not offer any testimony or opinions about what conclusions can or cannot be drawn from the fact of NCCHC's accreditation of ADCRR.  Even on the mechanics of the accreditation process, though, Ms. Knox is not a true "rebuttal witness."

[2] Plaintiffs were also prohibited from citing *Oakberg* because it is an unpublished disposition issued before January 1, 2007. *See* Ninth Circuit Rule 36-3(b).

be treated as an ordinary witness").  By contrast, Knox would not offer any testimony regarding her own observations of the subject matter of this lawsuit.

DATED this 7th day of December, 2021.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Rachel Love
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

*Attorneys for Defendants*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Alisha Tarin-Herman      atarinherman@perkinscoie.com

Alison Hardy      ahardy@prisonlaw.com

Asim Dietrich:      adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Austin C. Yost:      ayost@perkinscoie.com; docketPHX@perkinscoie.com

Corene T. Kendrick:      ckendrick@aclu.org

Daniel Clayton Barr:      DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:      dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:      dspecter@prisonlaw.com

Eunice Cho      ECho@aclu.org

Jared G. Keenan      jkeenan@acluaz.org

John Howard Gray:      jhgray@perkinscoie.com; slawson@perkinscoie.com

Karl J. Worsham:      kworsham@perkinscoie.com; docketphx@perkinscoie.com

Kathryn E. Boughton:      kboughton@perkinscoie.com; docketphx@perkinscoie.com

Kelly Soldati      ksoldati@perkinscoie.com; docketphx@perkinscoie.com

Maria V. Morris      mmorris@aclu.org

Maya Abela      mabela@azdisabilitylaw.org

Mikaela N. Colby:      mcolby@perkinscoie.com; docketphx@perkinscoie.com

Rita K. Lomio:      rlomio@prisonlaw.com

Rose Daly-Rooney:      rdalyrooney@azdisabilitylaw.org

Sara Norman:      snorman@prisonlaw.com

Sophie Jedeikin Hart      sophieh@prisonlaw.com

Victoria Lopez:      vlopez@acluaz.org

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/     Rachel Love