Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al., <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, et al., <br><br> Defendants. | NO. CV-12-00601-PHX-ROS <br><br> **DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' EXPERTS' DECLARATIONS** |

Over Defendants' objection (Dkt. 3942), the Court granted Plaintiffs' request to submit expert declaration testimony in addition to live testimony (Dkt. 3952). But that Order did not permit Plaintiffs to include declaration testimony that violates the Rules of Evidence and Civil Procedure. Defendants move to strike those portions of Plaintiffs' experts' declarations that are inadmissible and, to the extent Plaintiffs attempt to rely on inadmissible portions of the declarations in proposing findings of fact or conclusions of law, Defendants will lodge specific objections at that time.

**I. The Court Should Strike the Following Portions of Plaintiffs' Experts' Declarations.**

Plaintiffs submitted the following expert trial declarations in advance of their experts' live testimony: Robert Joy (Dkt. 4099); Pablo Stewart (Dkt. 4109); Craig Haney (Dkt. 4120); Martin Horn (Dkt. 4130); Todd Wilcox (Dkt. 4138). Each declaration attached

multiple documents as exhibits. (*See* Dkt. 4099-01, 4109-01, Dkt. 4120-01, 4130-01 thru 4130-09, 4138-01.)

### A. Robert Joy's Declaration.

Joy's declaration does not set forth any expert opinions. (Dkt. 4099.) It merely states that he "will testify to the opinions laid out in [his expert report] under oath at trial" and that Exhibit A is a "true and correct" copy of his expert report. The expert report that is attached is not signed under penalty of perjury nor are its contents included in the declaration. (Dkt. 4099-1 at 2–87.) In other words, Plaintiffs submitted Joy's expert report in lieu of a declaration. But his report is hearsay (as is his resume and list of reviewed documents) and inadmissible. *See Rossi v. Badger Mut. Ins. Co.*, No. CV-18-01310-PHX-SMM, 2021 WL 1979104, at *5 (D. Ariz. Mar. 31, 2021); *Howard v. Ryder Truck Rental, Inc.*, No. 2:10-CV-1473-HRH, 2012 WL 12882374, at *8 n.58 (D. Ariz. Feb. 9, 2012), *aff'd*, 561 F. App'x 588 (9th Cir. 2014). All three Exhibits should be stricken and not considered, as well as his entire trial testimony.

### B. Hearsay Within the Expert Reports.

Although Rule 703 allows an expert to "base an opinion" on information that he has "been made aware of," "the underlying information is not admissible simply because the opinion or inference is admissible." *Nick v. Bethel, Alaska*, No. 3:07-CV-00098, 2010 WL 4225563, at *2 (D. Alaska Jan. 13, 2010) (quoting Rule 703 advisory comments). The underlying information may only be admissible "to explain the basis of the expert's opinion. It does not allow the admission of the reports to establish the truth of what they assert." *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261–62 (9th Cir. 1984) (internal citations omitted). Plaintiffs' expert declarations impermissibly incorporate inadmissible hearsay. *See* Fed. R. Evid. 801(a) (defining "statement"), 801(c) (defining hearsay), 802 (prohibiting hearsay). Those portions should be stricken.

#### 1. References to Marc Stern's Report.

Plaintiffs' expert declarations restate (and even adopt) Stern's unsworn opinions. For example:

2

Stewart: ¶¶ 24, 33 n.19, 57, 61–62, 70–72.

Haney: ¶¶ 74–77, 92, 93.

Wilcox: ¶¶ 8–17, 128–131, 151, 365.

### 2. References to Depositions, Filings, Photographs, and other Documents.

Plaintiffs' expert declarations quote or import deposition testimony, court orders, case filings, statutes, caselaw, journals/publications, newspaper articles, websites, studies, other reports, organizational statements, photographs, records, and other miscellaneous documents. For example:

Stewart: (depositions) ¶¶ 25–27, 191–192, 193 n.30, 196 n.33, 199 n.34–35; (records/documents) ¶¶ 20, 36, 39, 52, 60, 138, 141, 171–172, 191, 195, 201, 203–205; (photographs) ¶¶ 115, 205, 207; (court orders or filings) ¶¶ 63, 95, 97–100, 142.

Haney: (depositions) 68 & nn.67–68, 69 & nn.69–72, 70 & n.73, 71 & n.74, 84 & n.77–79, 85 nn.80–81, 86 & nn.82–83, 89 n.85, 90 & nn.86–89, 95 n.91, 97 & nn.93–96; (court orders or filings) ¶ 11 n.5, 66 n.62; (case citations) ¶¶ 42 & n.39, 180; (photographs/videos) ¶¶ 74–77, 94, 118–119, 121, 123, 128, 132, 133, 135, 139; 143; (records/documents) ¶¶ 67 n.64, 75, 86 nn.82–83, 89 n.85, 95 n.91, 111 n.104; (statutes) ¶¶ 20 n.6, 21 n.11; (journals/publications) ¶¶ 21 nn.8-9 & 11,  23 n.12, 25 n.13, 26 n.14, 27 & n.18, 31 n.26, 32 n.27, 33 n.28, 36 nn.30–31, 38 n.32, 40 n.34, 42 n.35, 47 & n.36, 48, 56 & n.45, 57 nn.46–47, 58 nn.48–50, 59 & nn.51–53, 60 & nn.54–56, 63 & nn.60–61; (studies) ¶¶ 29 & nn.19–21, 30 & n.22–23, 31 & nn.24–25, 32 & n.27, 33, 36 & n.30, 42 n.35, 59; (organizational position statements) ¶¶ 21 n.10, 50 & n.38, 61 & nn.57–59, 62 & n.60, 63 & n.61; (statement to/from Plaintiff's counsel and others) ¶¶ 137, 140; (opinion of others) ¶ 185.

Horn: (depositions) ¶¶ 40 & n.31, 45 & n.42, 47 & n.44, 51 & n.47, 53 & nn.52–54, 64 & nn.56–57, 68 & nn.58–59, 76 & n.60, 78 & nn.61–64, 79 & n.65, 84 n.70, 85 & n.72, 86 & n.74, 86 & n.76, 91 & n.92, 94 n.96, 102 & n.114, 103 n.117, 113 n.140, 124 & nn.157–158, 148 nn.162–163, 153 & n.166, 154 & n.167, 155 & n.168, 156 & nn.171–172,

1 157 & n.173, 158 & n.174, 176 & nn.180–181, 184 & n.182, 185 & n.183, 246 & n.210,
2 265 & nn.218–219, 266 & n.220, 269 & nn.223–224, 270 & n.229, 274 & n.232, 280 &
3 n.233, 323–327 & nn.234–243, 342 & n.248; (other expert reports) ¶¶ 52 & nn.48–52, 163
4 & n.176, 172 & n.179, 239 & n.204, 244 & n.205, 260 & n.215, 261 & n.216; (records)
5 ¶¶ 83, 84 & nn.69–70, 85 & nn.71–72, 86 & n.73, 87 & nn.77–80, 88 & nn.81–83, 89 &
6 nn.84–88, 90 & nn.89–91, 91, 92 & n.94, 93, 94 & nn.95–96, 95 & nn.97–100, 96 &
7 nn.101–103, 97 & nn.104–107, 98 & nn.108–112, 99–102, 103 & nn.115–116, 104 &
8 nn.118–119, 105 & nn.120–122, 106 & nn.123–130, 107 & nn.131–133, 108–110, 111 &
9 n.134, 112 & nn.135–136, 113 & nn.137–139, 114 & n.141, 115 & nn.142–143, 116 &
10 nn.144–147, 117 & nn.148–153, 118–119, 120 & nn.154–156, 121–123, 137 & n.159, 149
11 & n.164, 151, 155, 156, 163 & n.175, 164 n.177, 188, 189–190 & nn.184–186, 191–194,
12 195–197 & nn.188–190, 198–201 & nn.191, 202 & nn.192, 203–208 & nn.194–195, 209–
13 213 & nn.196–198, 214–217 & nn.199–200, 218–222 & nn.201, 246 & nn.208–209, 267
14 & n.221, 267 & n.222, 270 & nn.225–226, 271, 282, 285, 288–315, 317–319;
15 (photographs/video) ¶¶ 147, 159, 161, 168, 224, 248, 250–252, 262, 272, 279, 312;
16 (journals/publications) ¶¶ 14 & nn.1, 15 & n.6–7, 16 & n.9, 17 & n.10–11; (newspaper
17 articles) ¶¶ 15 n.5, 17 & n.12; (case citations) ¶¶ 16 & n.8, 246 & n.211; (organizational
18 position statements) ¶¶ 21 nn.16–18, 25 & n.21, 26 & n.22; (reports) 141 & n.160;
19 (surveys/studies) ¶¶ 331 & nn.244–245, 333 & n.246, 334 & n.247.

20   Joy: (zoom interviews with expert witnesses) pp. 16 & n.31, 20 & n.36, 25 & nn.41–
21 42, 26 & nn.44–46, 30 & n.51, 32, 34 & n.55, 37 & n.57, 38 n.59, 39 & n.60, 40 & nn.61–
22 62, 41 & n.63, 43 & n.64, 52 & n.77; (what he was told) p. 25 n.43; (studies/reports) pp.10
23 nn.19–20, 11 & nn.21, 23, 12 n.25, 13 nn.26–27, 15 n.29, 16–17 n.32, 20 n.35, 21 n.37, 22
24 & n.39, 36 n.56, 37 n.58, 43 & n.64, 49 & n.73; (websites/journals/publications) pp. 12
25 nn.24–25, 22 & n.38, 24 & n.40, 28–29 n.49, 33–34 & n.53, 36 n.56, 37 & n.57, 45 &
26 nn.66–67, 46 & n.68, 49 & n.73, 50 & n.75, 51 & n.76, 54 & n.78, 55 & nn.80, 81, 56 &
27 n.84, 57 nn.85–86, 58 & nn.87–88, 59 & n.89, 71 & nn.90–91, 72 & n.94, 74 & nn.96–97;
28 (records/documents) pp. p. 27 & n.47, 47 & n.69, 47 & n.71, 72 & n.93, 74 & n.95.

Wilcox: (depositions) ¶¶ 141–43, 145, 147, 149–50, 152–58 & n.8, 327, 335 n.15, 336, n.22; (photographs/videos) ¶¶ 124, 211, 426–27, 433; (court orders and filings) ¶¶ 149, 212–13 & n.12, 215, 298–99, 306–08 & n.13, 363 & n.23, n.25, 397, 405, 461, 464, 473, 501; (records/documents) ¶¶ 16, 58–59, 75, 96, 133–35 & n.3, 136–39, 142, 166, 188, 230, 238, 243, 249, 261, 264, 296, 305, 339–40, 343, 346, 347, 353–54, 370, 398–400, 409–10, 416–422 471, 477–78, 482; (statutes, regulations, and executive orders) ¶¶ 222, 384, 498; (publications/websites) ¶¶ 64, 223, 252, 324, 335 & nn.16-21, n.27, n.30; (other expert reports) ¶¶ 10 n.1, 460, 467 n.29.

### 3. References to Inmate Statements.

Plaintiffs' expert declarations restate or quote inmate statements. For example:

Stewart: ¶¶ 35, 52, 73, 106, 108–109, 115, 118, 129, 147, 149, 155.

Haney: ¶¶ 72, 67 n.64, 79, 82, 88, 91, 93–96, 104, 107, 109, 118, 120, 130, 139, 142, 143, 144–179, 182–183.

Horn: ¶¶ 71, 73, 79–82, 125–130, 132–136, 139, 143–146, 148, 159–162, 164–165, 170–171, 174, 178–183, 186, 192 & n.187, 226, 230–232, 246, 255–256, 259, 263, 278, 316, 321, 322.

Wilcox: ¶¶ 164, 279–80, 319, 323, 351, 371–72, 386-87, 425–27, 430–35, 437–40, 447–52, 455, 462, 488, 493, 496–97, 499. Dr. Wilcox also cites to conversations with unidentified medical staff during his tours. (*See*, *e.g.*, ¶ 494.)

### 4. Attachments.

Each of Plaintiffs' expert declarations include attachments, including: curricula vitae; summaries of medical records or interviews; summaries of record reviews; lists of documents relied on; lists of inmates interviewed; notes; lists of prior testimony; photographs; screenshots; and miscellaneous documents. (*See* Dkt. 4099-01, 4109-01, Dkt. 4120-01, 4130-01 thru 4130-09, 4138-01.) None of the attachments are sworn under penalty of perjury, and all of them are inadmissible hearsay. Many of the summaries also include inadmissible hearsay within inadmissible hearsay.

### 5. Prior Reports and Declarations.

Plaintiffs' expert declarations reference, cite, quote, or restate prior reports and declarations they have filed. For example:

    Stewart: ¶¶ 20–21, 37, 42, 45, 61 n.33, 63, 89, 93–95, 97, 100, 136, 166, 183 n.24.

    Haney: ¶¶ 9, 15, 19, 27, 28 n.18, 39 & n.33, 43, 50, 53 & n.41, 54 & n.42, 55 & nn.43–44.

    Wilcox: ¶¶ 6, 10 n.1, 95, 158 n.7, 167, 213 n.12, 214, 253, 297, 300, 312–13, 356, 365, 368, 375, 402, 469, 486–87.

### C. Legal Conclusions.

"[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citation omitted); *see also* Fed. R. Evid. 702(a) (expert opinion must "help the trier of fact to understand the evidence or to determine a fact in issue"). Improper legal conclusions include an expert opinion regarding prison officials' deliberate indifference. *See*, *e.g.*, *Scarim v. Ryan*, No. CV-11-01736-PHX-SRB, 2013 WL 12096528, at *2 (D. Ariz. Apr. 16, 2013). Three of Plaintiffs' experts provide impermissible legal conclusions. For example:

    Stewart: ¶ 114.

    Haney: ¶ 80.

    Wilcox: ¶ 381.

### D. Undisclosed Opinions.

Rule 26(a)(2)(B) required Plaintiffs to disclose all expert opinions in their expert reports. If an opinion is not included in the expert report, the expert cannot express that opinion for the first time at trial unless the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Throughout the course of this trial, the Court has strictly adhered to Rule 37(c)'s "teeth," *Yeti*, 259 F.3d at 1106, and precluded experts from testifying to opinions that were not previously disclosed. New opinions included in

Plaintiffs' experts' declarations should similarly be precluded and stricken.  If Plaintiffs attempt to support proposed findings of fact or conclusions of law with any undisclosed declaration testimony, Defendants will lodge specific objections.

**II.      Conclusion.**

For these reasons, the Court should strike the inadmissible portions of Plaintiffs' experts' declarations.

DATED this 8th day of December, 2021.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/ Daniel P. Struck
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alisha Tarin-Herman | atarinherman@perkinscoie.com |
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Mikaela N. Colby: | mcolby@perkinscoie.com; docketphx@perkinscoie.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sophie Jedeikin Hart | sophieh@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/     Daniel P. Struck