# EXHIBIT 1

# (REDACTED)

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' THIRTEENTH SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

## GENERAL OBJECTIONS

The Stipulation has been rescinded and the Court's approval of it vacated.  (Dkt. 3921 at 37.)  The case will proceed to trial on "Plaintiffs' claims in the original complaint that the delivery of health care and housing in isolation amount to constitutional deprivations in violation of the Eighth Amendment." (Id. at 2.)  Thus, while documentation regarding compliance with the Stipulation may be discoverable, because the Stipulation's Performance Measures exceed constitutional minimums, it is not the standard Defendants will be held to at trial.  Instead, Plaintiffs must prove Defendants violated their Eighth Amendment rights.

By not objecting to a particular request, Defendants do not concede that it exists. Rather, Defendants agree to produce responsive documents which are in their possession, custody, or control.  Fed.R.Civ.P. 34(a)(1).  Defendants do not agree to create documents for any of Plaintiffs' requests.  Indeed, Plaintiffs have access to all inmates' healthcare records through eOMIS.  Thus, to the extent Plaintiffs have specific inquiries regarding a particular inmate which is not answered by a document that is in Defendants' possession, custody, or control, Plaintiffs can review eOMIS to obtain that information.

Finally, Defendants object to Plaintiffs' term "sufficient to show" which Plaintiffs define as "demonstrating or evidencing complete information on the requested topic, without the need to produce every document regarding the topic."  Defendants seek clarification from Plaintiffs as to what universe of documents they seek when utilizing this term in the below requests.

## DOCUMENTS REQUESTED

**REQUEST NUMBER 1:**  All mortality reviews, psychological autopsies, and incident reports related to all persons who have died since January 1, 2020, while in the custody of the ADCRR.[1]

OBJECTION:  Vague and ambiguous as to "incident report" as there are numerous reports that are generated after an "incident," none of which are titled "incident report." Because this term is not defined by Plaintiffs, it is unclear which reports they are requesting.

Without waiving objections, *see* Mortality Reviews previously produced at ADCRRM0000001-62, ADCRRM0004654-4677, ADCRRM0004693-4704, ADCRRM0005573-5592, ADCRRM0012707-12746, ADCRRM0019592-19689, ADCRRM0026142-26254; and Psychological Autopsies previously produced at ADCRRM0000063-88.  *See also*, Mortality Reviews, Psychological Autopsies and Significant Incident Reports produced ~~herewith~~ at ADCRR00000001-486,

---

[1] *See* July 21, 2021 Monthly Document Request letter from Alison Hardy to Rachel Love listing all class members for whom Plaintiffs have not yet received mortality reviews and/or psychological autopsies.

ADCRR00000523-855,  and  ADCRR00056120-56227.  *See also*, Mortality Reviews produced ~~herewith~~ at  ADCRR00088274-88545.  *See also,* Mortality Reviews and Psychological Autopsies produced ~~herewith~~ at ADCRR00137156-137342; and corrected Psychological Autopsy for ▮▮▮▮ (##▮▮▮▮) at ADCRR00137343-137357. *See also,* Mortality Review produced at ADCRR00210795-210802.

**REQUEST NUMBER 2:**  All monthly Compliance Green-Amber-Red ("CGAR") reports created by ADCRR evaluating CENTURION's compliance with the Performance Measures in the parties' Stipulation and in the health care privatization contract, from April 2021 to the present.

OBJECTION:  None.  *See* Defendants' Response to Request Number 22 below.

**REQUEST NUMBER 3:**  All DOCUMENTS, including but not limited to meeting agenda, minutes, notes, and attachments, from Continuous Quality Improvement ("CQI") meetings held at each of the ten Arizona State Prison Complexes for the month of May 2021 to the present.

OBJECTION:  None.  *See* CQI Meeting Minutes for each of the ten Arizona State Prison Complexes for May through July 2021 produced ~~herewith~~ at ADCRR00056228-56771 and ADCRR00061590-62630. *See also* CQI Meeting minutes for August 2021 produced ~~herewith~~ at ADCRR00136543-137139. *See also,* CQI Meeting Minutes (with attachments) produced at ADCRR00210803-211186.

**REQUEST NUMBER 4:**  All monthly HEALTH CARE staffing contract variance reports provided by CENTURION for all HEALTH CARE STAFF positions at all ASPCs and the Arizona regional offices, including the contracted hours, worked hours, and hours variance; and hired, worked, and contract Full-Time Equivalent ("FTE") positions, and the FTE variance, for the month of May 2021 to the present.

OBJECTION:  None.  *See* Defendants' Response to Request Number 23 below. *See also,* Variance Report for August 2021 produced natively at ADCRR00211187.

**REQUEST NUMBER 5:**  All monthly reports showing all requests for SPECIALTY CARE made at all ASPCs that month, and listing the name and ADC number

of the class member, the type of specialty requested, the request status (routine, urgent, or emergent), the date of the request, and the status of the request, for the months of May 2021 to the present.

OBJECTION:  None.  *See* Pending Specialty Appointment logs for May through July 2021 produced natively ~~herewith~~ at ADCRR00069740-69742. *See also*, Pending Specialty Appointment and Utilization Management Review logs for August 2021 produced in native format ~~herewith~~ at ADCRR00137358 and ADCRR00137359.

**REQUEST NUMBER 6:**  All INCIDENT REPORTS related to emergency medical responses that were reviewed by ADCRR monitors to evaluate CENTURION's compliance with Performance Measure 25, for the months of March 2021 to the present.

OBJECTION:  Vague and ambiguous as to "incident report" and "related" as there are numerous reports that are generated after an "incident," none of which are titled "incident report."  Because this term is not defined by Plaintiffs, it is unclear which reports they are requesting.  Additionally, it is unclear which reports Plaintiffs assume are "related" to emergency medical responses as they do not define this term.

Without waiving objections, *see* Performance Measure 25 Incident Reports for March through May 2021 produced ~~herewith~~ at ADCRR00062631-66086.  Defendants will supplement with information from June 2021 forward.

**REQUEST NUMBER 7:**  For each ASPC, the heat intolerance reaction log and DOCUMENTS SUFFICIENT TO SHOW all class members who potentially suffered a heat intolerance reaction due to their psychotropic medications and/or who were moved to a new housing location due to a heat intolerance reaction from March 1, 2021 to the present, in compliance with Paragraph 15 of the Settlement Agreement.

OBJECTION:  Vague, ambiguous, and relevance as to "potentially suffered" as it is unclear what is intended by the term and Plaintiffs do not define it.

Without waiving objections, *see* Heat Intolerance Log produced natively ~~herewith~~ at ADCRR00069743.  *See also* Heat Intolerance Log for August 2021 produced ~~herewith~~ in

native format at ADCRR00098880. *See also,* Heat Intolerance Log for September 2021 produced natively at ADCRR00211188.

**REQUEST NUMBER 8:**  Temperature logs from June 1, 2021 to the present for all prison complexes. (The last temperature logs were provided for May 2021, see ADCRRM0025226-26141).

OBJECTION:  None.  *See* Temperature Logs for June and July 2021 for all ten prison complexes produced natively ~~herewith~~ at ADCRR00069743. *See also* Temperature Logs for August 2021 for all ten prison complexes produced natively ~~herewith~~ at ADCRR00111469-111478. *See also,* Temperature Logs through August 2021 produced natively at ADCRR00211189-211254.

**REQUEST NUMBER 9:**  Monthly maximum custody notebooks from March 2021 to the present.

OBJECTION:  None.  *See* maximum custody notebooks for March 2021, April 2021 and May 2021 produced ~~herewith~~ at ADCRR00066087-69736. ~~Defendants will supplement with information from June 2021 forward~~. *See also,* maximum custody notebooks for June 2021, July 2021 and August 2021 produced at ADCRR00211255-215730.

**REQUEST NUMBER 10:**  All videos and documentation relating to the use of force on persons classified as SMI from ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, and ASPC-Florence Kasson, from March 1, 2021, to the present.

OBJECTION:  Relevance, not proportional to the needs of the case, overbroad, and unduly burdensome as this request exceeds the scope of Plaintiffs' Complaint because this request is not limited to maximum custody inmates or chemical agents.  Defendants do not object to this request as it relates to maximum custody inmates. *See* maximum custody notebooks for March 2021, April 2021 and May 2021 produced ~~herewith~~ at ADCRR00066087-69736. *See also* Use of Force Incident Reports from ASPC Florence-Kasson and Eyman-Browning produced ~~herewith~~ at ADCRR00148897-00150469. Defendants will supplement this Response as additional documents are received. All

documents responsive to this Request No. 10 are also responsive to Request No. 46 and are contained among the documents produced in response thereto. *See* Defendants' Response to Request No. 46 and documents produced at ADCRR00163735-170976 and ADCRR00172037-172088.  Each file name (and metadata) contains the ADCRR inmate number associated with the produced documentation and ADCRR inmate numbers for SMI inmates are noted by an "M" following the inmate number.  All use of force videos responsive to this Request No. 10 are also responsive to Request No. 47 and are contained among the video files produced in response thereto.  *See* Defendants' Response to Request No. 47 and videos produced at ADCRR00180135-00181267.

 **REQUEST NUMBER 11:**  Out-of-cell maximum custody tracking forms for the past year, and complete disciplinary and classification files for the following subclass members:[2]

  1. ████████, ████ (currently at Lewis-Rast)

  2. ████████, ████ (currently at Lewis-Rast)

  3. ██████████, ████ (currently at Lewis-Rast)

  4. ████████, ████ (currently at Lewis-Rast)

  5. ██████, ██████ (currently at Lewis-Rast)

  6. ██████, ████ (currently at Eyman-SMU I)

  7. ██████, ████ (currently at Eyman-SMU I)

  8. ████████, ████ (currently at Eyman-SMU I)

  9. ████████, ████ (currently at Eyman-Browning)

  10. ██████████, ████ (currently at Eyman-Browning)

  11. ██████, ████ (currently at Eyman-Browning)

  12. ████████, ████ (currently at Florence-Kasson)

  13. ████████, ████ (currently at Florence-Kasson)

  14. ████████, ████ (currently at Florence-Kasson)

---

[2] *See* 7/21/21 Monthly Document Request letter.

OBJECTION:  Vague and ambiguous as to "for the past year" as it is unclear whether Plaintiffs seek information for the 2020 calendar year or for the 365 days prior to the date this request was received by Defendants.  Relevance, overbroad, unduly burdensome, and not proportional to the needs of the case as to Plaintiffs' request for complete disciplinary and classification files where the request is not limited in time.

Without waiving objections, *see* out-of-cell maximum custody tracking forms for the past 365 days, and complete disciplinary and classification files for the above subclass members produced ~~herewith~~ at ADCRR00050604-50713, ADCRR00050722-51822, ADCRR00051837-51884, ADCRR00051901-51950, ADCRR00051961-52018, ADCRR00052037-52056, ADCRR00052075-52182. *See* additional documents produced ~~herewith~~ at ADCRR00139377-00139470. *See* institutional records for the above-listed inmates produced at ADCRR00161613-162188 and ADCRR00162271-163734.

**REQUEST NUMBER 12:**  All weekly HEALTH CARE staffing schedules for all ASPCs and health care clinics, showing for each HEALTH CARE STAFF position the hours scheduled versus actually worked, from the first week of January 2021 to the present.

OBJECTION:  None. *See* Variance Report produced ~~herewith~~ at ADCRR00021949-21976.

**REQUEST NUMBER 13:**  For each ASPC, DOCUMENTS SUFFICIENT TO SHOW all class members for whom a SMI determination was held from January 1, 2020, to the present, including patient name, ADC number, and date of determination.

OBJECTION:  Vague and ambiguous as to "determination" and "was held" as it is unclear whether Plaintiffs seek information regarding inmates who have maintained this status from January 1, 2020 to the present or something different.  To the extent Plaintiffs are requesting a list of inmates who requested to be designated SMI, Defendants object that such request is overbroad and unduly burdensome as it would require an individual review of each HNR.  To illustrate, at just one facility in 2020, 52,839 HNRs were submitted.

Without waiving objections, *see* SMI determination logs for January 1, 2020 through present produced ~~herewith~~ at ADCRR00043612-43619 and ADCRR00069936.

**REQUEST NUMBER 14:**  For each ASPC, DOCUMENTS SUFFICIENT TO SHOW all class members for whom a PMRB hearing was held from January 1, 2020, to the present, including patient name, ADC number, date of hearing, and the outcome of the hearing.

OBJECTION:  None.  *See* PMRB hearing logs from January 1, 2020 to the present produced ~~herewith~~ at ADCRR00043620-43626 and ADCRR00069937.

**REQUEST NUMBER 15:**  DOCUMENTS SUFFICIENT TO SHOW for each ASPC, class members on the routine and urgent dental care wait lists, as of the date of the report.

OBJECTION:  None.  ~~To the extent responsive documents exist, Defendants will supplement~~.  *See* documents produced at ADCRR00172092-172352.

**REQUEST NUMBER 16:**  All Daily Information Reports written by custody staff assigned to work at all medical clinics at all ASPCs from January 1, 2021, to the present.

**OBJECTION:**  None.  ~~To the extent responsive documents exist, Defendants will supplement~~.  *See* Information Reports produced ~~herewith~~ at ADCRR00081310-88111; ADCRR00088546-96789.  *See also* Information Reports produced ~~herewith~~ at ADCRR00111479-114790.  *See also* Information Reports produced ~~herewith~~ at ADCRR00139471-00141295.

**REQUEST NUMBER 17:**  DOCUMENTS SUFFICIENT TO SHOW all class members who, at the time of the report, are identified as CHRONIC CARE patients at each ASPC, listing the patient's name, ADC number, ASPC and LOCATION UNIT, and their diagnosed CHRONIC CARE condition(s).

OBJECTION:  None.  *See* Chronic Care reports produced ~~herewith~~ at ADCRR00043627-46153 and ADCRR00058368-59615.  *See* also, Chronic Conditions list produced ~~herewith~~ in native format at ADCRR00098845. *See also,* Chronic Conditions Report for September 2021 produced natively at ADCRR00215731.

**REQUEST NUMBER 18:**  For each ASPC, the monthly report showing all off-site emergency department visits or hospitalization stays, from January 1, 2020 to the present.

OBJECTION:   None. *See* monthly reports showing all off-site emergency department visits or hospitalizations from January 1, 2020 to the present produced ~~herewith~~ at ADCRR00000352-355,   ADCRR00000487-522,   ADCRR00000639-640, ADCRR00000713-715,   ADCRR00000773-775,   ADCRR000910-21948, ADCRR00021977-42498 and ADCRR00056128-56129.

**REQUEST NUMBER 19:**  DOCUMENTS SUFFICIENT TO SHOW, for all class members who are not fluent in English, each class member's name and ADC number, primary language, ASPC and LOCATION UNIT, and whether and how language interpretation was provided for all HEALTH CARE encounters from April 1, 2021, through the date of the report.

OBJECTION:   Overbroad and unduly burdensome as responding to this request would require an individual review of each inmate's file who requested interpretation services for an over six-month period.

Without waiving objections, *see* Interpretative Services Utilization Report for January 2020 through August 2021 produced ~~herewith~~ at ADCRR00059616-60923.

**REQUEST NUMBER 20:**  MENTAL HEALTH WATCH logs for each ASPC's watch unit(s) and any other housing location used to observe patients on MENTAL HEALTH WATCH, from January 1, 2020, to the present.

OBJECTION:  None. *See* Mental Health Watch logs for each ASPC watch unit and other housing locations from January 1, 2020 to the present produced ~~herewith~~ at ADCRR00060924-61538.

**REQUEST NUMBER 21:**  For each ASPC, DOCUMENTS SUFFICIENT TO SHOW, for the period from January 1, 2020, to the present, the number of people placed on MENTAL HEALTH WATCH, the total number of days for each person was placed on MENTAL HEALTH WATCH, and the mean, median and maximum duration length of stay on MENTAL HEALTH WATCHES.

OBJECTION:  This request is overbroad, unduly burdensome, and not proportional to the needs of the case as it would require an individual review of every inmate's file (many

9

1   of whom may have been on watch multiple times during a month) who was placed on watch

2   for a nearly two-year time period and would require Defendants to create a document which

3   Rule 34 does not require.  Without waiving these objections, *see* Defendants' Response to

4   Request for Production 2~~1~~0.  **Pursuant to the Court's November 16, 2021 Order (Dkt.**

5   **4178), Defendants obtained, and are producing, the following Centurion documents**

6   **ADCRR00236451-236485.  To the extent these documents contain dynamic formulas**

7   **utilizing MS Excels =TODAY() function (e.g. ADCRR00236483), Defendants provide**

8   **notice that the reported numbers may recalculate as of the day the file is opened, and**

9   **provide an overstatement of the amount of time on watch, as identified inmates may**

10  **have been removed from watch after the date the document was created.**

11  **REQUEST NUMBER 22:**  Monthly CGAR reports (*see* Request Number 2) in

12  Microsoft Excel format, from January 2020, to the present.

13  OBJECTION:  Defendants object to re-producing these documents in Microsoft

14  Excel as the documents are not natively maintained in that format.    Producing CGAR

15  reports in Microsoft Excel would unduly burden Defendants as they would have to manually

16  create a document for Plaintiffs, which Rule 34 does not require.  For these reasons, this

17  request is not proportional to the needs of the case. The request is further unduly

18  burdensome and not proportional because it is duplicative of Request No. 2.  Indeed, "a

19  party need not produce the same electronically stored information in more than one form."

20  Fed.R.Civ.P. 34(b)(2)(E)(iii).

21  Without waiving objections, *see* CGAR Reports for the period of January 2020 to

22  the present produced natively ~~herewith~~ at ADCRR00069766-69935. *See also* CGARs for

23  June 2021 produced in native format ~~herewith~~ at ADCRR00136030-136542.

24  **REQUEST NUMBER 23:** Monthly HEALTH CARE staffing variance reports (*see*

25  Request Number 4) in Microsoft Excel format, from January 1, 2020, to the present.

26  OBJECTION:   To the extent Plaintiffs request that Defendants produce this

27  document in a different format than Microsoft Excel in response to Request No. 4,

28

Defendants object as they are not required to produce the same electronic document in more than one form.   Fed.R.Civ.P. 34(b)(2)(E)(iii).

Without waiving objections, *see* Variance Reports for May through July 2021 produced in native format ~~herewith~~ at ADCRR00069737-69739. *See also* Variance Report for August 2021 produced in native format ~~herewith~~ at ADCRR00137140.

**REQUEST NUMBER 24:**  DOCUMENTS SUFFICIENT TO SHOW population and census projections for all ten ASPCs, that have been made from January 1, 2020, to the present.

OBJECTION:  Relevance.

Without waiving objections, *see* ADCRR Inmate Net Growth Projections produced ~~herewith~~ at ADCRR00061547-61552. *See also* ADCRR Inmate Net Grown Projections produced in native format ~~herewith~~ at ADCRR00137141.

**REQUEST NUMBER 25:**  DOCUMENTS SUFFICIENT TO SHOW annual work hours and days off that are available to HEALTH CARE employees based upon their classification level, and their years of employment with CENTURION.

OBJECTION:  Relevance, not proportional to the needs of the case, overbroad, and unduly burdensome as this request is not limited in time.

Without waiving objections, *see* relevant portions of 2020 Centurion Employee Handbook produced ~~herewith~~ at ADCRR00061539-61546.

**REQUEST NUMBER 26:**  DOCUMENTS SUFFICIENT TO SHOW for each ASPC and HOUSING UNIT, the number of Health Needs Requests (HNRs) submitted by class members, broken down by whether the request sought medical care, dental care, mental health care, pharmacy services, or any other categories.

OBJECTION:  Relevance, not proportional to the needs of the case, overbroad, and unduly burdensome as this request is not limited in time.

Without waiving objections, *see* Clinical Data Reports from January 2020 through August 2021 and Dental Statistics from February 2020 through August 2021 produced in native format ~~herewith~~ at ADCRR00069938-69974.

**REQUEST NUMBER 27:**  DOCUMENTS SUFFICIENT TO SHOW for every ASPC and each clinic within an ASPC, the monthly number on-site HEALTH CARE encounters from January 1, 2020, to the present:

1.  Medical physician encounters (i.e. non-psychiatric Medical Doctor or Doctor of Osteopathy);

2.  Advanced practice provider encounters (i.e. non-psychiatric Nurse Practitioner or Physician Assistant)

3.  Registered Nurse encounters (excluding visits during which only medications are administered)

4.  Licensed Practical Nurse encounters (excluding visits during which only medications are administered)

5.  Certified Nursing Assistant encounters (excluding visits during which only medications are administered)

6.  Psychiatrist encounters (Medical Doctor or Doctor of Osteopathy)

7.  Mental health advanced practice provider encounters (i.e., psychiatric Nurse Practitioner or Physician Assistant)

8.  Psychologist encounters

9.  Psychology associate encounters

10. Dentist encounters

11. Dental hygienist visits

12. Prescriptions

13. Lab specimens processed

14. Diagnostic images processed

15. On-site specialty encounters, and type of on-site specialty

16. Medication administration encounters (not otherwise included in other visit types above; one visit per interval regardless of medication doses administered)

17.     Medication doses administered (i.e., one administration per medication per dosing interval)

OBJECTION:  Vague and ambiguous as to "prescriptions" and "medication doses administered" as it is unclear what Plaintiffs are requesting since this Request is limited to "encounters."

Without waiving objections, ~~to the extent responsive documents exist, Defendants will supplement~~. *See* documents previously produced in response to Request No. 26 above and documents produced in native format ~~herewith~~ at ADCRR00137153-137155.

**REQUEST NUMBER 28:**  DOCUMENTS SUFFICIENT TO SHOW for each ASPC, from January 1, 2020, to the present, on a monthly basis, all intakes to the ASPC from a non-ADCRR location, and all releases from custody (excluding temporary departures for court appearances or off-site HEALTH CARE).

OBJECTION:  None.  *See* ADCRR's website where this data is available and reported at the *Corrections at a Glance* (https://corrections.az.gov/reports-documents/reports/corrections-glance).

**REQUEST NUMBER 29:**  DOCUMENTS SUFFICIENT TO SHOW for each ASPC, from January 1, 2020, to the present, on a monthly basis, all transfers into the ASPC from another ASPC (or private prison contracted with Defendants), and all transfers out of the ASPC to another ASPC (or private prison contracted with Defendants).

OBJECTION:  None.  To the extent responsive document exist, Defendants will supplement.

**REQUEST NUMBER 30:**  All Corrective Action Plans ("CAPs") created by CENTURION to respond to noncompliant findings on monthly CGAR reports, from January 2020, to the present.

OBJECTION:  None.  *See* Defendants' Responses to Request Numbers 2 and 22. *See also* CGAR reports with CAPs produced ~~herewith~~ at ADCRR00114791-126199.

13

**REQUEST NUMBER 31:**  All internal quality assurance audits, studies, reports, or analyses related to the provision of HEALTH CARE created by CENTURION or ADCRR from January 1, 2020, to the present.

OBJECTION:  None.  *See* Defendants' Response to Request Number 3.  *See also*, CQI Meeting Minutes produced ~~herewith~~ at ADCRR00098881-108086. *See also* CQI Meeting Minutes produced ~~herewith~~ at ADCRR00139237-00139376; and ADCRR00148470-00148896.

**REQUEST NUMBER 32:**  DOCUMENTS SUFFICIENT TO SHOW the current version of CENTURION's formulary of prescription medications.

OBJECTION:  None.  ~~To the extent responsive documents exist, Defendants will supplement.~~ *See* documents produced ~~herewith~~ at ADCRR00096790-96819.

**REQUEST NUMBER 33**:  DOCUMENTS SUFFICIENT TO SHOW all CENTURION and ADCRR policies and procedures that are or have been used related to the delivery of HEALTH CARE to class members from January 1, 2020 to the present, including but not limited to ensuring that class members of every security level, including persons housed in maximum custody, DETENTION UNITS, and MENTAL HEALTH WATCH have access to HEALTH CARE.

OBJECTION:  Vague, ambiguous, overbroad, and unduly burdensome as to "related to the delivery of health care" and "all . . . policies and procedures" as it is not tailored to the narrow claims in Plaintiffs' Complaint and as such encompasses irrelevant information. Due to the breadth of this request, it requests irrelevant information that is not proportional to the needs of the case.

Without waiving objections, *see* publicly available ADCRR Department Orders and Technical Manuals for Mental Health and Medical Services at ADCRR's website (https://corrections.az.gov/).  *See also* NCCHC standards, ACA standards.  For in-patient units, see licensing requirements of the Arizona Department of Health Services.

**REQUEST NUMBER 34**:  DOCUMENTS SUFFICIENT TO SHOW the chain of command for the Utilization Management process used by CENTURION to evaluate

providers' requests for SPECIALTY CARE, and DOCUMENTS SUFFICIENT TO SHOW ADCRR's role in the review and approval of SPECIALTY CARE referrals or requests.

OBJECTION**:**  None. *See* documents previously produced at ADCRRM0019586-19587.  *See also* documents produced at ADCRR00172089-172091**.**

**REQUEST NUMBER 35:**   DOCUMENTS SUFFICIENT TO SHOW why CENTURION Utilization Management recommended an alternative treatment plan for all SPECIALTY CARE referrals or requests made on or after January 1, 2021, that were assigned an alternative treatment plan.

OBJECTION: Overbroad, unduly burdensome, and not proportional to the needs of the case as responding to this request would require someone to review each individual inmate chart who received an alternative treatment plan and create a document that evidences why.  To illustrate the burden, as of January 1, 2021, there were 1800 alternative treatment plans in effect.  Moreover, Rule 34 does not require Defendants to create documents.  Without waiving these objections, no responsive documents exist.

**REQUEST NUMBER 36:**   DOCUMENTS SUFFICIENT TO SHOW all specialists currently contracted with CENTURION and/or ADCRR to provide SPECIALTY CARE to class members, the medical specialty provided, and which ASPCs are served by that the specialist; and each contract or agreement that has been executed between ADCRR or CENTURION and any agency, entity, or contracting individual to provide SPECIALTY CARE to class members.

OBJECTION:  None.  *See* list of specialists currently contracted produced ~~herewith~~ at ADCRR00046154-46157.

**REQUEST NUMBER 37:**  DOCUMENTS SUFFICIENT TO SHOW how many total off-site SPECIALTY CARE encounters were completed on a monthly basis for each ASPC, from January 1, 2020, to the present.

OBJECTION:  None. *See* list of offsite specialty appointments produced ~~herewith~~ at ADCRR00046158-56159.

**REQUEST NUMBER 38:**  All grievances submitted by class members at all ASPCs from January 1, 2021, to the present regarding HEALTH CARE, and all responses to the grievances.

OBJECTION:  None. *See* grievances submitted by class members at all ASPCs and all responses to the grievances produced ~~herewith~~ at ADCRR00046160-50552.

**REQUEST NUMBER 39:**  For each ASPC, the monthly telepsychiatry log, and DOCUMENTS SUFFICIENT TO SHOW all class members for whom a telepsychiatry contact occurred from January 1, 2020, to the present, including patient name, ADC number, LOCATION UNIT, and date of the telepsychiatry contact.

OBJECTION:  None.  To the extent responsive documents exist, Defendants will supplement.  *For in-patient units, see licensing requirements of the Arizona Department of Health Services.*

**REQUEST NUMBER 40:**  For each ASPC, the monthly self-harm log, and DOCUMENTS SUFFICIENT TO SHOW all class members who engaged in self-harm during the month and whether it was classified a suicide attempt or self-injurious behavior, from January 1, 2020, to the present, including patient name, ADC number, LOCATION UNIT, and date of the act(s) of self-harm.

OBJECTION:  None.  Inmate assault, self-harm and mortality data is publicly available on ADCRR's website (https://corrections.az.gov/reports-documents/reports/inmate-assault-self-harm-mortality-data).  To the extent additional responsive documents exist, Defendants will supplement.

**REQUEST NUMBER 41:**  All CENTURION or ADCRR policies, procedures, and other DOCUMENTS pertaining to the mission, operation, and staffing of any and all specialized mental health housing units in each of the ten ASPCs.

OBJECTION:  Vague and ambiguous as to "mission, operation, and staffing" and "specialized mental health housing units."  Relevance, not proportional to the needs of the case, overbroad, and unduly burdensome as this request is not limited in time.

Without waiving objections, *see* Defendants' Response to Request 33.

**REQUEST NUMBER 42:** All DOCUMENTS related to policies or directives regarding the duration of mental health encounters, and all DOCUMENTS SUFFICENT TO SHOW the actual duration of mental health encounters, from October 1, 2019, to the present.

OBJECTION: Overbroad and unduly burdensome as responding to this request would require someone to review each mental health encounter for every inmate (some of which are seen multiple times a day) for an approximate three-year time period and calculate a percentage. Rule 34 does not require Defendants to undergo such calculations. Without waiving these objections, to the extent responsive documents exist, Defendants will supplement. Without waiving objections, *see* ADCRR00150470-00150472. *See also, Monitor Guide.* ~~produced herewith~~.

**REQUEST NUMBER 43:** DOCUMENTS SUFFICIENT TO SHOW all HEALTH CARE STAFF and CORRECTIONAL STAFF who are proficient in a non-English language, their classification, their regularly assigned location and hours, what language(s) they are proficient in, and when and how their proficiency in each language was last evaluated.

OBJECTION: Overbroad, and unduly burdensome as this would require Defendants to interview every staff member and create a document which Rule 34 does not require. Further, this request is not relevant to the claims in Plaintiffs' Complaint. Without waiving these objections, no responsive documents exist.

**REQUEST NUMBER 44:** All DOCUMENTS from January 1, 2020, to the present, regarding the provision of language interpretation for HEALTH CARE encounters, including the identification and documentation of class member English fluency and language needs, how class members are informed of their entitlement to interpreter services, staff training, evaluation and documentation of staff language proficiency, use of audio and video language lines, location of equipment necessary to access audio and video language lines, any HEALTH CARE encounters where interpretation services are not available (such as mental health groups, MENTAL HEALTH WATCH, and cell-side encounters), and any

HEALTH CARE encounters that were cancelled or rescheduled due to the unavailability of language interpretation services.

OBJECTION:  Relevance and not proportional to the needs of the case as Plaintiffs' Complaint is devoid of any reference to language interpretation or allegations that Defendants' interpreter services are deficient.  Overbroad and unduly burdensome as responding to this request would require an individual review of each inmate's file or individual interview with each inmate who requested interpretation services for nearly a two-year time period.

Without waiving objections, *see* Defendants' Response to Request Number 19.

**REQUEST NUMBER 45:**  All Incident Reports from ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, and ASPC-Florence Kasson, regarding the cancellation of out-of-cell time from January 1, 2020, to the present.

OBJECTION:  Vague and ambiguous as to "incident report" as there are numerous reports that are generated after an "incident," none of which are titled "incident report." Because this term is not defined by Plaintiffs, it is unclear which reports they are requesting. Relevance as the request is not limited to maximum custody locations.

Without waiving objections, *see* curtailment reports for ASPC-Eyman and ASPC-Florence-Kasson produced ~~herewith~~ at ADCRR00052183-55816.  *See also* curtailment reports for ASPC-Lewis-Rast Max for the period January 1, 2020 through July 19, 2021 produced at ADCRR00158783-00158900.

**REQUEST NUMBER 46:**  All Incident Reports from ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, and ASPC-Florence Kasson reflecting the use of force from January 1, 2021, to the present.

OBJECTION:  Vague and ambiguous as to "incident report" as there are numerous reports that are generated after an "incident," none of which are titled "incident report." Because this term is not defined by Plaintiffs, it is unclear which reports they are requesting. Relevance, not proportional to the needs of the case, overbroad, and unduly burdensome as

this request exceeds the scope of Plaintiffs' Complaint because this request is not limited to maximum custody inmates or chemical agents.

Without waiving objections, *see* maximum custody notebooks previously produced at ADCRRM0031202-32569, ADCRRM0032573-34074. *See als*o, Defendants' Response to Request Number 9 above. *See also* Use of Force Incident Reports from ASPC Florence-Kasson and Eyman-Browning produced ~~herewith~~ at ADCRR00148897-00150469. Defendants will supplement this Response as additional documents are received. *See also* Use of Force Incident Packets for ASPC Eyman-Browning, ASPC Lewis-Rast, ASPC Eyman-SMU I and ASPC Florence-Kasson produced at ADCRR00163735-170976 and ADCRR00172037-172088.

**REQUEST NUMBER 47:**  All videos and documentation relating to the use of force on persons on MENTAL HEALTH WATCH from January 1, 2021, to the present.

OBJECTION:  Vague and ambiguous as to "documentation relating" as the term is not defined by Plaintiffs and it is unclear what Plaintiffs are requesting.  Relevance, not proportional to the needs of the case, overbroad, and unduly burdensome as this request exceeds the scope of Plaintiffs' Complaint because this request is not limited to maximum custody inmates or chemical agents.  Without waiving objections, *see* use of force documents produced for ASPC-Perryville and ASPC-Yuma at ADCRR00158956-00159226.  *See also* use of force documents produced for ASPC-Phoenix and ASPC-Tucson produced at ADCRR00170977-171899 and ADCRR00171991-172036. *See also* responses to RFP 46 which encompass all uses of force for the time period and complexes requested. *See also* use of force videos for ASPC Eyman-Browning at ADCRR00180135-00180247, ASPC Eyman-SMU I at ADCRR00280248-00180477, ASPC Florence-Kasson at ADCRR00180478-00180646, ASPC Lewis-Rast at ADCRR00180647-00181009, ASPC Perryville at ADCRR00 181010-00181061, ASPC Phoenix at ADCRR00181062-00181161, ASPC Tucson ADCRR00181162-181258, and ASPC Yuma ADCRR00181259-00181267. There were no uses of force involving persons on mental health watch at ASPC Douglas, ASPC Safford or ASPC Winslow for the requested period.

**REQUEST NUMBER 48:**  Hiring reports for CORRECTIONAL STAFF at ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, and ASPC-Florence Kasson, from August 1, 2020, to the present.

OBJECTION:  Vague and ambiguous as to "hiring reports."  Relevance, not proportional to the needs of the case, overbroad as to subject matter.

Without waiving objections, *see* hiring reports produced ~~herewith~~ at ADCRR00055817-56119.

**REQUEST NUMBER 49:**  DOCUMENTS SUFFICIENT TO SHOW determine the salary and benefits packages for all classifications of CORRECTIONAL STAFF.

OBJECTION:  Vague and confusing as to "determine."  Relevance, not proportional to the needs of the case, overbroad as to subject matter.  Without waiving these objections, ~~to the extent responsive documents exist, Defendants will supplement~~ *see* documents produced ~~herewith~~ at ADCRR00088112-88113.

**REQUEST NUMBER 50:**  The current Department Order "DO 804 – Inmate Behavior Control," including all restricted sections and attachments.

OBJECTION:  Relevance as this request exceeds the scope of Plaintiffs' Complaint because this request is not limited to maximum custody inmates or chemical agents. Defendants will produce DO 804 when received with redactions made for security-sensitive and confidential information, as well as information not relevant to the allegations in Plaintiffs' Complaint. Without waiving objections, *see* Department Order 804 – Inmate Behavior Control produced ~~herewith~~ FOR ATTORNEYS' EYES ONLY at ADCRR0009846-98879.

**REQUEST NUMBER 51:**  Daily Post sheets for ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, and ASPC-Florence Kasson, for the following weeks: Jan. 25-31, 2020; Apr. 18-24, 2020; July 18-24, 2020; Oct. 3-9, 2020; Jan. 9-15, 2021; and the weeks monitored in April, June and July 2021.

OBJECTION:  None.  ~~Defendants will supplement this Response to Plaintiffs' First Request for Production as documents are received.~~ *See* Daily Post Sheets produced

herewith at ADCRR00096820-98820.  *See also* Daily Post Sheets produced ~~herewith~~ at ADCRR00141296-00147920.

**REQUEST NUMBER 52:**  Current Post Priority Charts for ASPC-Eyman, ASPC-Lewis, and ASPC-Florence.

OBJECTION:  None.  ~~Defendants will supplement this Response to Plaintiffs' First Request for Production as documents are received.~~ *See* Post Priority Charts produced ~~herewith~~ at ADCRR00098821-98844.

**REQUEST NUMBER 53:**  All Duty Post Logs for ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, ASPC-Florence Kasson and all Detention Units for the second full week of the following months:  July 2019, October 2019, February 2020, July 2020, October 2020, February 2021 and July 2021.

OBJECTION:  Relevance, not proportional to the needs of the case, overbroad, and unduly burdensome as the request exceeds the scope of Plaintiffs' Complaint.  ~~Defendants will supplement this Response to Plaintiffs' First Request for Production as documents are received~~.  Without waiving objections, *see* Duty Post Logs produced ~~herewith~~ at ADCRR00126200-136029.  *See also* Duty Post Logs produced ~~herewith~~ at ADCRR00147921-00148469.  *See also* Duty Post Logs produced for ASPC-Winslow  at ADCRR00158901-00158955.

**REQUEST NUMBER 54:**  All policies, procedures, and other DOCUMENTS governing conditions of confinement in ADCRR DETENTION UNITS, including but not limited to out-of-cell time, allowable property, and any limit on the amount of time a person may be continuously housed in a DETENTION UNIT.

OBJECTION:  Relevance, vague, ambiguous and overbroad as to "conditions of confinement", not proportional to the needs of the case, and unduly burdensome as to "detention units" and because it is not limited in time.

Without waiving objections, *see* Department Order ("DO") 803 – Inmate Disciplinary Procedure, DO 804 – Inmate Behavioral Control (previously produced FOR ATTORNEYS' EYES ONLY at ADCRR0009846-98879), DO 811 – Individual Inmate

Assessments and Reviews, DO 903 – Inmate Work Activities, DO 906 – Inmate Recreation/Arts & Crafts, DO 909 – Inmate Property, DO 911 – Inmate Visitation, DO 915 - Inmate Phone Calls, and DO 1101 – Inmate Access to Health Care publicly available at https://corrections.az.gov/reports-documents/adcrr-policies/department-orders-index.

**REQUEST NUMBER 55:**  All policies, procedures, and other DOCUMENTS governing MENTAL HEALTH WATCH, including but not limited to out-of-cell time, allowable property, and any limit on the amount of time a person may be continuously housed on MENTAL HEALTH WATCH.

OBJECTION:  None.  *See* publicly available ADCRR Department Orders and Technical Manuals for Mental Health and Medical Services at ADCRR's website (https://corrections.az.gov/).  *See also*, Department Orders governing mental health watch, including DO 807 – Inmate Suicide Prevention, Mental Health Watches, and Progressive Mental Health Restraints, DO 809 – Earned Inventive Program, DO 811 – Individual Inmate Assessments and Reviews, DO 906 – Inmate Recreation/Arts & Crafts, DO 909 – Inmate Property, DO 911 – Inmate Visitation, DO 915 – Inmate Phone Calls, and DO 1101 – Inmate Access to Health Care publicly available at https://corrections.az.gov/reports-documents/adcrr-policies/department-orders-index.  *See also NCCHC standards, ACA standards.  For in-patient units, see licensing requirements of the Arizona Department of Health Services.*

**REQUEST NUMBER 56:**  DOCUMENTS SUFFICIENT TO SHOW the mean, median, and maximum duration of confinement in ADCRR DETENTION UNITS and MENTAL HEALTH WATCH.

OBJECTION:  Relevance, not proportional to the needs of the case, overbroad, unduly burdensome, exceeds the scope of Plaintiffs' Complaint allegations and the certified subclass.  The "duration of confinement" is not at issue in Plaintiffs' Complaint.  This request is also overbroad, unduly burdensome, and not proportional to the needs of the case as it would require review of each inmate's individual institutional history and create a

1  document which Rule 34 does not require Defendants to do.   No documents exist that track

2  the mean, median, and maximum duration of confinement as requested.

3      **REQUEST NUMBER 57:**  All videos and DOCUMENTS relating to the uses of

4  force on ███████████, ██████, from August 1, 2020, to the present.

5      OBJECTION:  Relevance, exceeds the scope of the Complaint where the request is

6  not limited to chemical-agent use of force.

7      Defendants will supplement this Response as documents are received regarding

8  whether chemical agent use of force was utilized on this inmate while designated as

9  maximum custody classification. Without waiving objections, *see* documents and videos

10  relating to the use of force on ██████████ produced at ADCRR00159227-

11  00159982. *See also* additional use of force videos produced at ADCRR00172353-172369.

12

13      DATED this 17th day of November, 2021.

14      STRUCK LOVE BOJANOWSKI & ACEDO, PLC

15

16      By /s/ Daniel P. Struck

17         Daniel P. Struck
       Rachel Love

18         Timothy J. Bojanowski
       Nicholas D. Acedo

19         3100 West Ray Road, Suite 300
       Chandler, Arizona 85226

20         *Attorneys for Defendants*

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2021, I electronically transmitted the attached document to the following attorneys of record:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Mikaela N. Colby: | mcolby@perkinscoie.com; docketphx@perkinscoie.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following:

N/A

/s/ Daniel P. Struck