Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Shawn Jensen, et al., <br><br> Plaintiffs, <br><br> v. <br><br> David Shinn, et al., <br><br> Defendants. | NO. CV-12-00601-PHX-ROS <br><br> **DEFENDANTS' STATEMENT REGARDING DISPUTED ADMISSION OF EXHIBITS AND REQUEST FOR ADMISSION OF SAME** |

Based upon the Court's December 8, 2021 Minute Entry, Doc. 4220, this same date the parties jointly filed a separate pleading entitled Stipulations and Joint Motion to Admit Exhibits. (Doc. 4224.) In addition, and also pursuant to this Court's Order at Doc. 4220, Defendants submit the following Statement Regarding Disputed Admission of Exhibits that details additional exhibits for which Defendants seek an order for admission into evidence, but for which the parties could not reach a stipulation. The Court has possession of the exhibits detailed in this Statement; however, Defendants shall file the designated exhibits under seal if so desired by the Court for ease of consideration and ruling.

**Exhibits for Which Defendants Seek Admission for Bench Trial Consideration**

    **A.**    **Defendants' Exs. 3052, 3054, 3055, 3078, 3081, 3439 – Compilation of Special Accommodations, HNR, and Outside Consults Data, from Monthly Clinical Data Reports; Compilation of Monthly Emergency Transport Reports; Compilation of Quarterly Utilization Reports; & Report of Diagnoses and Treatment of IDDM, HIV & Cancer**

Defendants' exhibits provide summary data reflecting the overall delivery of system-wide health care for various aspects of the ADCRR system and thus are relevant to Defendants' defense to Plaintiffs' claim that ADCRR is systemically deliberately indifferent to inmate health care needs in violation of the Eighth Amendment and provides the Court with relevant evidence as to the overall volume of care provided to ADCRR inmates in state-operated prison complexes. The data is generated in the regular course of healthcare operations by Centurion, submitted to ADCRR on a monthly basis as required by the contract, is regularly monitored by ADCRR, and is used by ADCRR in monitoring Centurion's contract performance.[1] Specifically, these reports are mandated to be prepared by the ADCRR contract No. ADOC 18-00008262 at Ex. 22 and are the sole property of the State of Arizona pursuant to ADOC 18-00008264 Exhibit 1, Clause 3.7. As such, the reports are both business and public records of the State of Arizona. These statistics were also testified to (in part) by Dr. Grant Phillips at Trial Transcript p. 2893 ln. 15 to p. 2895 ln. 8. The records are admissible pursuant to Fed.R.Evid. 401, 402, 703, 802, 803(6), 803(8), and 807. The Court may also take judicial notice of the ADCRR-Centurion contract pursuant to Fed.R.Evid. 201(a)((c). Finally, the exhibits are admissible pursuant to Fed.R.Evid. 703 as source documents relied upon by Defendants' expert Dr. Murray and source documents that substantiate exhibits stipulated to by Plaintiffs. (Doc. 4224 at 3 regarding Exs. 3438, 3441, 3442; Murray Dec. at Doc. 4206-2 at 29, Item #407; Doc. 4206-

---

[1] These are not summary exhibits within the scope of Fed.R.Evid. 1006, but rather are consolidations of complete MS Excel worksheets (formatted to print on a single page), from the native MS Excel files received by ADCRR, and produced to Plaintiffs. In fact, Plaintiffs listed a consolidation of most of the source documents for these, such as Exhibit 999, but further declined to stipulate to the admission of their own proposed exhibits which contain most of the same information.

2 at 26, Item #348; Doc. 4206-2 at 25, Item #343; Doc. 4206-2 at 25, Item #337; and Penn Dec. at Doc. 4172-1 at 39, Item #124.)

### B. Defendants' Ex. 3303 – 2014 NCCHC Prison Health Standards

Defendants' Ex. 3303 is the 2014 NCCHC Standards for Health Services in Prisons. NCCHC's 2018 Standards were previously admitted into evidence at Defendants' Ex. 3304 through the testimony of Defendants' mental health expert, Dr. Penn, on December 7, 2021. For the same reasons Ex. 3304 was admitted, Ex. 3303 should also be admitted. Additionally, as testified to by both Plaintiffs' and Defendants' healthcare and medical experts, as well as L. Gann and Dr. Phillips, the NCCHC standards are "NCCHC's recommended requirements for the proper management of a correctional health services delivery system" and are standards by which prisons are evaluated to obtain NCCHC accreditation. (Ex. 3303 at 8.) The 2014 Standards are the standards by which various ADCRR prison complexes achieved NCCHC accreditation in the 2015-2018 accreditation cycles and these accreditation documents were previously admitted into evidence through Dr. Penn's testimony on December 7, 2021 at Exs. 3306, 3308, 3310, 3311, 3312, 3314, 3315, 3317, 3319, 3321 & 3324. The 2014 NCCHC Standards are relevant to Court's understanding of the standards by which ADCRR prison complexes were NCCHC accredited during the 2015-2018 time period and should be admitted pursuant to Fed.R.Evid. 401, 402 and for the same reasons Ex. 3304 was admitted.

### C. Defendants' Ex. 3352 –Schedule of Current Mental Health Programing Offered at ADCRR Mental Health Units

The Schedule of Current Mental Health Programming offered at ADCRR units is generated by Centurion and provided to (and maintained by) ADCRR in the normal course of business operations. It is relevant to defend against Plaintiffs' claims that ADCRR is systemically deliberately indifferent to inmate mental health needs in violation of the Eighth Amendment. The schedule provides the Court with relevant evidence as to the overall delivery of mental health care provided to ADCRR inmates in state-operated prison complexes. Fed.R.Evid. 401, 402. Specifically, the exhibit provides the Court with

information regarding the level of mental healthcare provided by prison complex, to include types of mental health groups offered; specification of the categories of staff that offer the groups; the frequency of provision of mental health group programming; and the frequency that categories of mental health designations are seen by mental health clinicians. The summary is also admissible pursuant to Fed.R.Evid. 703 because it was relied upon by Defendants' mental health expert, Dr. Penn in deriving his opinions, and because it is a business record which is maintained in the regular course of ADCRR/Centurion business operations. Fed.R.Evid. 802, 803(6), 807; Penn Dec. at Doc. 4172-1 at 44, Item #197.

### D. Defendants' Ex. 3636 – OOCT Forms for Inmate ▮▮▮

Inmate ▮▮▮ is a named isolation subclass party representative Plaintiff. Plaintiffs did not call him as a trial witness but Defendants deposed him and the parties have submitted deposition designations for the Court's consideration. He contends he is not offered sufficient/appropriate out-of-cell time to include recreation and programming opportunities. The inmate's Out-of-Cell Tracking Forms ("OCCT Forms") are business records generated by ADCRR and are relevant to Plaintiffs' claim that maximum custody inmates are not afforded constitutionally sufficient recreation and programming opportunities. Specifically, throughout trial, various inmate OOCT Forms have been admitted into evidence through stipulation and testimony of three Deputy Wardens and one Warden. *See, e.g.*, admitted Exs. 1187, 1190, 1193, 1196, 1199 , 1202, 1205.  OOCT forms are included in monthly maximum custody notebooks previously admitted into evidence at Exs. 1681-1688, as well as summary exhibits regarding the same at Exs. 1980-1981, 2265-2373. The OOCT forms show for each monitored week of a month, how many times and for what time blocks, inmates were offered recreation, programming, or unstructured out-of-cell time commensurate with the inmate's maximum custody step level and SMI status. The back page of the form provides comments by ADCRR staff as to inmate refusals or cancellations of activities. ▮▮▮'s OOCT forms for August 2020-2021 are relevant and admissible to establish what recreation/programming opportunities were available to him and what

1  opportunities he accepted or refused (and may also serve as impeachment evidence).
2  Fed.R.Evid. 401, 402, 802, 803(6), 807.

3     **E.     Defendants' Ex. 3627 – Institutional File for Inmate** ▮

4     Inmate ▮ is an isolation subclass member who testified at trial regarding
5  his maximum custody conditions of confinement, length of stay in maximum custody,
6  instances of chemical agent use of force, receipt of mental health care, and
7  placement/experience in mental health programs. Plaintiffs' mental health and corrections
8  experts likewise testified regarding his maximum custody stay, instances of chemical agent
9  use of force, and receipt of mental health care.  His institutional file is an ADCRR business
10 record generated in the normal course of ADCRR operations and contains records relevant
11 to the inmate's classification history, disciplinary history that led to his classification
12 determinations and program placement, and addresses instances of chemical agent use of
13 force.  The records are relevant to Defendants' defense that the inmate's complicated
14 incarceration history warranted his maximum custody and program placement and justified
15 instances of use of force and should be admitted. Fed.R.Evid. 401, 402, 803(6), 807.  To
16 the extent Plaintiffs disagree that certain portions are not relevant to respond to their
17 findings of fact/conclusions of law, the Court may consider the same depending on what
18 excerpts may be offered by Defendants.

19     **F.     Defendants' Exs. 3656, 3660, 3673, 3675, 3680 – Classification/
           Disciplinary Histories of Inmates** ▮, ▮, ▮, ▮ **&**
20 ▮

21    Inmates ▮ and ▮ are isolation subclass party representative Plaintiffs who
22 testified at trial ▮) and by deposition (▮). Inmates ▮, ▮ and ▮
23 are isolation subclass members whose maximum custody length of stay or conditions of
24 confinement were challenged through examination of witnesses by Plaintiffs.  In this case,
25 Plaintiffs generally challenge maximum custody classification and step level lengths of
26 stay.  These inmates' ADCRR classification and disciplinary history reports are ADCRR
27 business records generated in the normal course of operations and are relevant to
28 substantiate both their classification determinations and length of stay in a maximum

custody classification as driven by disciplinary history. These exhibits should be admitted for the same reason that out-of-cell tracking forms, classification summaries, institutional records, and traffic history (housing movement) exhibits have already been received into evidence for various other inmates and including inmate ▇▇▇ at Exs. 1188-1207 to either challenge or substantiate their maximum custody placements and length of stay pursuant to Fed.R.Evid. 401, 402, 802, 803(6), 807.

### G. Defendants' Exs. 3686, 3688, 3690, 3696, 3700 - ACIS/EIP Reports for Inmates ▇▇▇, ▇▇▇, ▇▇▇ ▇▇▇, and ▇▇▇

ADCRR EIP Reports are ADCRR business records and generated in the normal course of ADCRR operations that show the dates upon which maximum custody inmates' step levels are reviewed by ADCRR corrections staff and show dates of progression or regression through the step levels (and some include relevant disciplinary violation information). The reports are relevant to show the frequency with which maximum custody inmates' step levels are reviewed, and when and whether they progress and/or regress in their step levels. The five inmates at issue in this request include testifying isolation subclass party representative Plaintiff ▇▇▇ (trial) and ▇▇▇ (deposition) as well as inmates for which their maximum custody placement or length of stay was challenged through Plaintiffs' questioning of ADCRR deputy warden witnesses and other exhibits for these inmates were admitted. *See, e.g.*, previously admitted Exs. 1188-1207. Pursuant to Fed.R.Evid. 401, 402, 802, 803(6), 807, and for the same reasons that Plaintiffs admitted over 6,000 pages of ACIS/EIP and Traffic History reports for thousands of maximum custody inmates as of 2020, these updated records to Summer 2021 should be permitted for these five inmates to provide the Court with the relevant full history as to these inmates' maximum custody/step level histories. *See, e.g.*, previously admitted Plaintiffs' Exs. 1220, 1222, 1223.

**Conclusion**

Based upon the foregoing, Defendants respectfully request an Order admitting the exhibits specified herein into evidence for consideration by the Court regarding the bench trial conducted on Plaintiffs' original 2012 Complaint allegations.

DATED this 15th day of December, 2021.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/ Rachel Love
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alisha Tarin-Herman | atarinherman@perkinscoie.com |
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Mikaela N. Colby: | mcolby@perkinscoie.com; docketphx@perkinscoie.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sophie Jedeikin Hart | sophieh@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Rachel Love