1  Daniel P. Struck, Bar No. 012377
   Rachel Love, Bar No. 019881
2  Timothy J. Bojanowski, Bar No. 022126
   Nicholas D. Acedo, Bar No. 021644
3  STRUCK LOVE BOJANOWSKI & ACEDO, PLC
   3100 West Ray Road, Suite 300
4  Chandler, Arizona  85226
   Telephone:  (480) 420-1600
5  Fax:  (480) 420-1695
   dstruck@strucklove.com
6  rlove@strucklove.com
   tbojanowski@strucklove.com
7  nacedo@strucklove.com

8  *Attorneys for Defendants*

9

                    **UNITED STATES DISTRICT COURT**
10
                         **DISTRICT OF ARIZONA**
11

12 Shawn Jensen, et al.,                    NO. CV-12-00601-PHX-ROS

13                          Plaintiffs,
                                           **DEFENDANTS' REPLY IN**
        v.                                 **SUPPORT OF MOTION TO**
14                                         **STRIKE PORTIONS OF**
   David Shinn, et al.,                    **PLAINTIFFS' EXPERTS'**
15                                         **DECLARATIONS (Dkt. 4219)**
                          Defendants.
16

17
        The Court should grant Defendants' Motion to Strike Portions of Plaintiffs' Experts'
18
   Declarations because Plaintiffs' objections fail to show that any of the statements and
19
   documents that Defendants objected to are admissible.
20

21 **I.    Robert Joy's Declaration.**

22        Plaintiffs argue in a footnote that Robert Joy's declaration should not be stricken

23 because it was sworn and stated that Attached Exhibit A, Joy's expert report, contained the

24 testimony that he would give at trial.  (Dkt. 4222 at 3 n.3.)  But attaching Joy's expert report

25 to his declaration in this manner is insufficient to swear to the truth of the statements

26 contained in his expert report.  Nor does it otherwise negate the fact that an expert's report

27 itself constitutes inadmissible hearsay.  *See Hunt v. City of Portland*, 599 F. App'x 620, 621

28 (9th Cir. 2013) ("With respect to the expert's written report, we conclude that the report is

1   hearsay to which no hearsay exception applies."). His declaration, report, and other
2   attachments should be stricken.

3   **II.   Defendants Did Not Forfeit Their Objections to Plaintiffs' Expert Declarations.**

4           Plaintiffs incorrectly argue that Defendants forfeited any right to object to
5   inadmissible expert testimony because they filed this Motion more than 30 days after the
6   declarations were filed and after Plaintiffs had rested their case. Plaintiffs had an obligation
7   to comply with the Federal Rules of Evidence. The Court's Order allowing Plaintiffs to
8   submit expert declarations in addition to live testimony did not relieve them of that
9   obligation. Nor did it open the door for Plaintiffs to completely disregard the Rules of
10  Evidence and bootstrap inadmissible evidence. The declarations constitute a clear abuse of
11  the Court's Order, and it was not Defendants' obligation to highlight the deficiencies in
12  time for Plaintiffs to cure them.

13          Nonetheless, in the Joint Proposed Pretrial Statement, Defendants expressly
14  "reserve[d] the right to object to any testimony from Plaintiffs' experts that exceeded the
15  four corners of their expert reports" and "to object to the admission of exhibits attached to
16  the declarations of Plaintiffs' experts." (Dkt. 4116 at 52.) This was because the expedited
17  trial schedule did not allow Defendants sufficient time or opportunity to make specific
18  objections to each document or testimony, and it was unknown what and how Plaintiffs
19  would present their evidence. Indeed, Plaintiffs did the exact same thing before trial:
20  "Plaintiffs reserve all objections to Defendants' exhibit list. … Plaintiffs also object to at
21  least the following categories of exhibits[:] … Expert reports, declarations, disclosure
22  statements, and associated materials…." (Dkt. 4116 at 46.) The Court ruled that that
23  reservation was sufficient to later lodge exhibit objections, which Plaintiffs did (Dkt. 4149),
24  and it further allowed Plaintiffs to make numerous objections to the admissibility of
25  evidence and testimony based on their reservation of that right to object.

26          Moreover, Defendants specifically objected at trial that Plaintiffs' experts'
27  declarations bootstrapped hearsay statements and other inadmissible documents, which
28  objections the Court stated it will consider. (*See*, *e.g.*, R.T. 11/9/21, p.m., at 1632:4–

1636:19 (Wilcox Declaration); R.T. 12/7/21, a.m. (rough), at 102:19–103:8 (Haney Declaration).)

Plaintiffs also fail to cite any rule or authority that supports their argument that Defendants "forfeited" their right to make these objections. Plaintiffs' reliance on *In re Hanford Nuclear Reservation Litigation*, 534 F.3d 986 (9th Cir. 2008), is misplaced. There, the plaintiff's expert testified live at trial, and during his testimony stated that the plaintiff had a thyroid condition. *Id.* at 1013. The trial court struck that testimony because it was not disclosed in his expert report and instructed the jury not to consider it. *Id.* In closing arguments, the defendant took advantage of the testimony that had been stricken to improperly attack the expert's credibility by arguing that the expert did not mention the thyroid condition in his expert report. *Id.* Under those circumstances, the Ninth Circuit found that the defendant's objection was untimely, but "most pertinent" to its finding was the defendant's improper and prejudicial use of the testimony that had been struck. *Id.*

Those same circumstances do not exist here. While Defendants' objections are not untimely, they are also unlike *Hanford* because Defendants are not objecting to live testimony but to written declarations that Plaintiffs submitted *in addition* to live witness testimony. Defendants' written objections to portions of those declarations containing inadmissible evidence are therefore appropriate. More importantly, Defendants are not seeking to attack Plaintiffs' experts' credibility but rather to exclude the numerous hearsay statements and otherwise inadmissible evidence contained in their declarations.

And although Plaintiffs baldly argue that they were deprived of an opportunity to cure any defect in their evidence—they failed to identify any such defect that could have been cured because the evidence was otherwise admissible under the Rules of Evidence, such as by laying proper foundation. They were also bound to those witnesses they identified in the Joint Proposed Pretrial Statement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   Defendants Specifically Identified the Portions of the Declaration to Which They Object and the Reasons for the Objection.

Plaintiffs' argument that Defendants' Motion "entirely fails to specify the relief that [they seek]" is unfounded.  (Dkt. 4222 at 5.)  Defendants specifically stated their objection that the Court's Order permitting Plaintiffs to submit expert declarations "did not permit Plaintiffs to include declaration testimony that violates the Rules of Evidence and Civil Procedure," and requests that the Court "strike those portions of Plaintiffs' experts' declarations that are inadmissible and, to the extent Plaintiffs attempt to rely on inadmissible portions of the declarations in proposing findings of fact or conclusions of law, Defendants will lodge specific objections at that time."  (Dkt. 4219 at 1; *see also id.* at 7 ["[T]he Court should strike the inadmissible portions of Plaintiffs' experts' declarations."].)  Then, for each of Plaintiffs' expert declarations, Defendants' Motion specifically identifies the reason for each objection and the paragraph number where the objection applies.  Given the sheer volume of improper and inadmissible testimony contained in the hundreds of pages of expert declarations that Plaintiffs submitted, Defendants' objections were made in the most practicable and efficient manner.

### IV.   Plaintiffs' Expert Declarations Contain Inadmissible Hearsay.

Plaintiffs incorrectly argue that, because Rule 703 permits experts to *rely* on hearsay in forming opinions, an expert witness testifying live may automatically admit hearsay statements and other inadmissible documents into the record as *substantive* proof simply by referring to or attaching them in a declaration.  The Ninth Circuit does not allow Plaintiffs to do this because expert reports themselves are "inadmissible hearsay to which no hearsay exception applies."  *See Hunt*, 599 F. App'x at 621; *Reckley v. Cmty. Nursing, Inc.*, No. CV 19-119-M-KLD, 2021 WL 3861270, at *1 (D. Mont. Aug. 30, 2021) ("Application of the hearsay rule to 'expert reports is quite straightforward.  The reports are out-of-court statements by witnesses offered for their truth and so fall within the definition of hearsay.'") (citation omitted).  *Rossi v. Badger Mut. Ins. Co.*, No. CV-18-01310-PHX-SMM, 2021 WL 1979104, at *5 (D. Ariz. Mar. 31, 2021) (same).

Thus, while experts may rely on hearsay to form their opinions, the hearsay may not be admitted as substantive evidence of their ultimate conclusions, especially absent a laying of proper foundation. *See Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1062 (9th Cir. 2003) ("Here, the lab report was the only evidence of gasoline in the soil. Howard used the report not as data upon which an expert in his field would reasonably rely in forming an opinion, but rather intended to use it as substantive evidence of his ultimate conclusions that the fire was intentionally created by pouring gasoline into the soil. The lab report was otherwise inadmissible hearsay evidence in the absence of foundation testimony by the laboratory that conducted the testing.");[1] *accord Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 578 n.2 (1986) (noting the bulk of the record contained "inadmissible evidence," including "various government records and reports, business documents offered pursuant to various hearsay exceptions, and a large portion of the expert testimony that respondents proposed to introduce") (internal citations omitted).[2]

Further, Rule 703 itself states that "if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury *only if their probative value in helping the jury evaluate the opinion outweighs their prejudicial effect*." (Emphasis added.)  Plaintiffs have not made this requisite showing.  Indeed, they cannot satisfy that evidentiary requirement because their experts' own prior opinions and vouching for the opinions of other experts (such as Wilcox vouching for Joy or Stern after reading their reports) have no probative value.  They are merely cumulative. *See* Fed. R. Evid. 703; *see, e.g.*, *Lewert v. Boiron, Inc.*, 212 F. Supp. 3d 917, 936 (C.D. Cal. 2016), *aff'd*, 742 F. App'x 282 (9th Cir. 2018) (striking expert's testimony that he "determined" other experts'

---

[1] Plaintiffs argue that Rule 703 allows experts to rely on hearsay, but contradict themselves by arguing that Rule 703 applies only to jury trials.  Plaintiffs cite no authority for this argument because their distinction is artificial.  Regardless of whether the factfinder is a jury or the Court, Plaintiffs cannot use expert declarations and reports to admit such hearsay as substantive proof of either the truth of the facts underlying the expert's opinions or the validity of another expert's opinion. *See Turner*, 338 F.3d at 1062.

[2] Plaintiffs did not move to admit all the hearsay statements and other documents for any purpose.  And while they categorically object, they fail to specify which of the hearsay Defendants identified should be admitted for this or any other limited purpose.

studies were reliable where he admitted that he was not qualified to judge the quality of the studies, even if he based his opinion on his clinical practice) (citing *Nelson v. Matrixx Initiatives*, No. C 09-02904 WHA, 2012 WL 3627399, at *12 (N.D. Cal. Aug. 21, 2012)) (holding "clinical judgment does not provide an adequate basis for an opinion on an issue foreign to his clinical practice. This is the type of subjective belief and unsupported speculation that Daubert guards against"), *aff'd*, 592 F. App'x 591 (9th Cir. 2015); *Hartle v. FirstEnergy Generation Corp.*, 7 F. Supp. 3d 510, 516, 525 (W.D. Pa. 2014) (striking expert testimony as improperly "vouching for" and "cumulative of" other expert testimony where he did not independently perform the same modeling and analysis but "only read the expert reports" and found it convincing, accurate, reasonable, or logical); *Tunis Bros. Co., Inc. v. Ford Motor Co.*, 124 F.R.D. 95, 98 (E.D. Pa. 1989) (precluding as prejudicial and improper under Rule 403 an expert's testimony to the extent it proffered new opinions, vouched for another expert and the soundness of his opinions, or simply restated another expert's testimony).

Plaintiffs separately argue that Defendants cannot object on authentication grounds to photographs taken by ADCRR employees at their experts' direction during expert tours. (Dkt. 4222 at n. 7.)  But Defendants do not object to the photographs on that basis.  Rather, Defendants object because Plaintiffs did not lay foundation for their admission, and the photos constitute hearsay because they are being offered to prove the truth of what was depicted in them, without a witness for cross-examination purposes.   Plaintiffs also complain that Defendants successfully admitted photos taken during their experts' tours. (*Id.*)  However, Defendants were able to admit the photographs because their experts laid proper foundation for them during their live testimony.  Plaintiffs could have done the same but chose not to.

Finally, Plaintiffs again assert that challenged evidence is being offered to establish notice (*see* Dkt. 4222 at 9), but this is an argument that has been raised and rejected multiple times.  As noted in Defendants' Response to Plaintiffs' Motion in Limine, Plaintiffs are offering evidence (e.g., Dr. Stern's report, past expert reports/declarations, court filings

relating to Stipulation monitoring/compliance, etc.) to prove the truth of the matters asserted therein.  (Dkt. 4228 at 3-4.)  The Court should not entertain Plaintiffs' repeated attempt to overturn the Court's ruling on this issue.

Plaintiffs additionally argue that Defendants are objecting to evidence that has already been admitted at trial (e.g., institutional files, max custody notebooks, psychological autopsies and mortality reviews, out-of-cell tracking documents, CQI meeting minutes, etc.).  (Dkt. 4219 at 8-9 & n. 8.)  However, in their Motion to Strike, Defendants are not moving to exclude the underlying documents; only the portions of the Declarations that refer to the documents because they contain hearsay.  For example, Dr. Stewart cites to statements from CQI meeting minutes ("multiple medication errors were discovered") and psychological autopsies ("he 'never had more than three contacts with the same psychiatric provider due to being transferred to other complexes'") that are clearly offered for the truth of the matters asserted.  (Dkt. 4111 at ¶¶ 138, 60.)  The fact that similar types of documents were admitted at trial does not change the conclusion that the statements contained in the declarations are inadmissible hearsay without an exception.  Moreover, to the extent that Plaintiffs have already offered such evidence through other testimony/exhibits that have been admitted at trial in this matter, these portions of their expert declarations are cumulative and should be excluded under Rule 403.

Plaintiffs further argue that all deposition testimony referenced in their experts' declarations should be admissible because the witnesses also testified at trial.   But  the Court ruled that deposition testimony of only those who did *not* testify *may* be admissible, but only after the parties follow the proper procedure by designating those portions of the record that they seek to admit so that the opposing party may object and make counter-designations.  If a witness testified at trial, then that witness's deposition testimony is not admissible.  Plaintiffs cannot circumvent this process to admit other deposition testimony simply by citing it in their experts' declarations.

Finally, Plaintiffs' vague and conclusory assertion that all statements of an employee or private contractor are admissible as "party" admissions is also incorrect because not all

employees/agents' statements are binding on the employer/principal.  *See*, *e.g.*, *Donovan v. Crisostomo*, 689 F.2d 869, 876 (9th Cir. 1982) (affirming exclusion of hearsay testimony of two government officials who were not parties or real parties in interest, finding their statements are not party admissions under Rule 801(d)(2)).  Without even knowing which statement is being offered as a party admission, Plaintiffs have failed to lay the proper foundation.  *See DeMaria v. Washington Cty.*, 12 F. Supp. 2d 1093, 1101 (D. Idaho 1996), *aff'd*, 129 F.3d 125 (9th Cir. 1997) ("It is well-established that affidavits filed in summary judgment proceedings must provide the foundational facts necessary to make the testimony contained in the affidavits admissible [as required by Rule 801(d)(2)].").

## V.   Legal Conclusions Are Not Admissible.

Plaintiffs incorrectly argue that Defendants failed to identify which Declarations contained improper legal conclusions.  The Motion clearly identifies improper legal conclusions in Stewart's Declaration, ¶ 114, Haney's Declaration, ¶ 80, and Wilcox's Declaration, ¶ 381.  These statements offer improper legal conclusions as to what the expert believes constitutes "deliberate indifference."

Plaintiffs also incorrectly argue that "deliberate indifference" is admissible as an ultimate issue of fact rather than an improper legal conclusion.  Plaintiffs misplace reliance on *Heflin v. Stewart County*, 958 F.2d 709, 715–16 (6th Cir.), *on reconsideration*, 968 F.2d 1 (6th Cir. 1992), to argue that experts may opine on ultimate issues of fact regarding deliberate indifference under Rule 704.  The Ninth Circuit, however, does not follow that loose standard.  To the contrary, it strictly holds that, although an expert's opinion on an ultimate issue of fact is not per se inadmissible under Rule 704, "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citation omitted).  Thus, experts may not offer opinions that conclude prison conditions amount to "deliberate indifference," explaining that "deliberate indifference" is a judicially defined and legally significant term.  *See*, *e.g.*, *Williams v. Daszko*, No. 214CV1248KJMACP, 2018 WL 2684314, at *5 (E.D. Cal. June 5, 2018), *report and recommendation adopted*, 2019

8

WL 1435061 (E.D. Cal. Mar. 31, 2019) ("Dr. Gilbert's avoidance of the term 'deliberate indifference' is appropriate as it would otherwise reflect an improper legal conclusion. … Thus, experts on both sides may testify as to appropriate standards of care—which go to the ultimate issues of 'deliberate indifference' and what conduct is 'objectively reasonable'— so long as they do not use those 'judicially defined' and 'legally specialized' terms.") (citation omitted); *Scarim v. Ryan*, CV-11-01736-PHX-SRB, 2013 WL 12096528, at *2 (D. Ariz. Apr. 16, 2013) ("Dr. Thomas clearly offers an improper legal conclusion couched in the terms of an expert opinion: 'It is further my opinion that, from the material I have reviewed, there was no deliberate indifference expressed pertaining to [Plaintiff's] medical needs.'"). Finally, to the extent Plaintiffs cite or quote statutes and offer their opinions, they are obviously interpreting the law and offering improper legal opinions.

## VI.    Plaintiffs Concede that They May Not Raise New Opinions.

Defendants objected to the admissibility of any and all opinions that were not properly disclosed. *See* Fed. R. Civ. P. 37(c)(1). Plaintiffs do not dispute that any new opinions should be precluded and stricken for these reasons, but deny submitting any new opinions. To the extent Plaintiffs' experts' declarations contain new opinions, they thus waive any objection to their exclusion for purposes of the Court's findings of fact and conclusions of law.

## VII.   Conclusion.

For these additional reasons, Defendants respectfully request that the Court strike the inadmissible portions of Plaintiffs' experts' declarations.

1

DATED this 20th day of December, 2021.

2

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

3

4

By /s/ Daniel P. Struck

5

Daniel P. Struck
Rachel Love

6

Timothy J. Bojanowski
Nicholas D. Acedo

7

3100 West Ray Road, Suite 300
Chandler, Arizona 85226

8

*Attorneys for Defendants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 20, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alisha Tarin-Herman | atarinherman@perkinscoie.com |
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan: | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Mikaela N. Colby: | mcolby@perkinscoie.com; docketphx@perkinscoie.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sophie Jedeikin Hart | sophieh@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Daniel P. Struck