**Index of Exhibits to the Declaration of Maria V. Morris**

Exhibit                                              Description

| Exhibit | Description |
|---|---|
| 1 | Excerpt of Plaintiffs' First Set of Requests for Production of Documents to Defendants (Filed Under Seal) |
| 2 | Excerpt of Defendants' August 31, 2021 Responses to Plaintiffs' First Set of Requests for Production of Documents to Defendants (Filed Under Seal) |
| 3 | Set of emails about the documents responsive to RPD 11 |
| 4 | Excerpt of Defendants' Thirteenth Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents to Defendants (Filed Under Seal) |
| 5 | Excerpt of Defendants' Fourth Supplemental Pretrial Disclosure Statement (Filed Under Seal) |

# EXHIBIT 1

**FILED UNDER SEAL**

1    Victoria López (Bar No. 330042)*
     Jared G. Keenan (Bar No. 027068)
2    **ACLU FOUNDATION OF ARIZONA**
     3707 North 7th Street, Suite 235
3    Phoenix, Arizona 85013
     Telephone: (602) 650-1854
4    Email: vlopez@acluaz.org
           jkeenan@acluaz.org
5
     *Admitted pursuant to Ariz. Sup. Ct. R. 38(d)
6
     *Attorneys for Plaintiffs Shawn Jensen, Stephen Swartz, Sonia*
7    *Rodriguez, Christina Verduzco, Jackie Thomas, Jeremy*
     *Smith, Robert Gamez, Maryanne Chisholm, Desiree Licci,*
8    *Joseph Hefner, Joshua Polson, and Charlotte Wells, on*
     *behalf of themselves and all others similarly situated*
9    **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
     PAGE]**
10
     Asim Dietrich (Bar No. 027927)
11   **ARIZONA CENTER FOR DISABILITY LAW**
     5025 East Washington Street, Suite 202
12   Phoenix, Arizona 85034
     Telephone: (602) 274-6287
13   Email: adietrich@azdisabilitylaw.org

14   *Attorneys for Plaintiff Arizona Center for Disability Law*

     **[ADDITIONAL COUNSEL LISTED ON SIGNATURE
15   PAGE]**

16                  UNITED STATES DISTRICT COURT

17                     DISTRICT OF ARIZONA

18   Victor Parsons; Shawn Jensen; Stephen Swartz;      No. CV 12-00601-PHX-ROS
     Dustin Brislan; Sonia Rodriguez; Christina
19   Verduzco; Jackie Thomas; Jeremy Smith; Robert
     Gamez; Maryanne Chisholm; Desiree Licci; Joseph    **PLAINTIFFS' FIRST SET OF**
20   Hefner; Joshua Polson; and Charlotte Wells, on         **REQUESTS FOR**
     behalf of themselves and all others similarly           **PRODUCTION OF**
21   situated; and Arizona Center for Disability Law,       **DOCUMENTS TO**
                                            **DEFENDANTS**
22                  Plaintiffs,

23            v.

24   David Shinn, Director, Arizona Department of
     Corrections, Rehabilitation and Reentry; and
25   Larry Gann, Assistant Director, Medical Services
     Contract Monitoring Bureau, Arizona Department
26   of Corrections, Rehabilitation and Reentry, in their
     official capacities,
27
                 Defendants.
28

153425929.1

**REQUEST NUMBER 10**

All videos and documentation relating to the use of force on persons classified as SMI from ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, and ASPC-Florence Kasson, from March 1, 2021, to the present.

**REQUEST NUMBER 11**

Out-of-cell maximum custody tracking forms for the past year, and complete disciplinary and classification files for the following subclass members:[2]

    1.    ███████████ (currently at Lewis-Rast)

    2.    ███████████ (currently at Lewis-Rast)

    3.    █████████████ (currently at Lewis-Rast)

    4.    ███████████ (currently at Lewis-Rast)

    5.    █████████ (currently at Lewis-Rast)

    6.    ███████████ (currently at Eyman-SMU I)

    7.    ██████████ (currently at Eyman-SMU I)

    8.    ████████████ (currently at Eyman-SMU I)

    9.    ███████████ (currently at Eyman-Browning)

    10.    ███████████████ (currently at Eyman-Browning)

    11.    ██████████ (currently at Eyman-Browning)

    12.    ████████████ (currently at Florence-Kasson)

    13.    █████████████ (currently at Florence-Kasson)

    14.    ████████████ (currently at Florence-Kasson)

**REQUEST NUMBER 12**

All weekly HEALTH CARE staffing schedules for all ASPCs and health care clinics, showing for each HEALTH CARE STAFF position the hours scheduled versus actually worked, from the first week of January 2021 to the present.

---

[2] *See* 7/21/21 Monthly Document Request letter.

153425929.1

1

**<u>CERTIFICATE OF SERVICE</u>**

2          I hereby certify that on August 10, 2021, I transmitted the above document via

3    email to the following:

4
                              Michael E. Gottfried
5                             Lucy M. Rand
                      Assistant Arizona Attorneys General
6                     Michael.Gottfried@azag.gov
                          Lucy.Rand@azag.gov
7
                              Daniel P. Struck
8                             Rachel Love
                          Timothy J. Bojanowski
9                         Nicholas D. Acedo
                           Ashlee B. Hesman
10                           Jacob B. Lee
                            Timothy M. Ray
11           STRUCK LOVE BOJANOWSKI & ACEDO, PLC
                          dstruck@strucklove.com
12                         rlove@strucklove.com
                       tbojanowski@strucklove.com
13                        nacedo@strucklove.com
                          ahesman@strucklove.com
14                          jlee@strucklove.com
                           tray@strucklove.com
15
                         *Attorneys for Defendants*
16

17                                        s/ D. Freouf

18

19

20

21

22

23

24

25

26

27

28

-19-

153425929.1

# EXHIBIT 2

**FILED UNDER SEAL**

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

## GENERAL OBJECTIONS

The Stipulation has been rescinded and the Court's approval of it vacated.  (Dkt. 3921 at 37.)  The case will proceed to trial on "Plaintiffs' claims in the original complaint that the delivery of health care and housing in isolation amount to constitutional deprivations in violation of the Eighth Amendment."  (*Id*. at 2.)  Thus, while documentation regarding compliance with the Stipulation may be discoverable, because the Stipulation's Performance Measures exceed constitutional minimums, it is not the standard Defendants will be held to at trial.  Instead, Plaintiffs must prove Defendants violated their Eighth Amendment rights.

**OBJECTION:  None.  *See* maximum custody notebooks for March 2021, April 2021 and May 2021 produced herewith at ADCRR00066087-69736.  Defendants will supplement with information from June 2021 forward.**

**REQUEST NUMBER 10:**  All videos and documentation relating to the use of force on persons classified as SMI from ASPC-Eyman SMU-I, ASPC-Eyman Browning, ASPC-Lewis Rast Max, and ASPC-Florence Kasson, from March 1, 2021, to the present.

**OBJECTION:  Relevance, not proportional to the needs of the case, overbroad, and unduly burdensome as this request exceeds the scope of Plaintiffs' Complaint because this request is not limited to maximum custody inmates or chemical agents. Defendants do not object to this request as it relates to maximum custody inmates. *See* maximum custody notebooks for March 2021, April 2021 and May 2021 produced herewith at ADCRR00066087-69736.**

**REQUEST NUMBER 11:**  Out-of-cell maximum custody tracking forms for the past year, and complete disciplinary and classification files for the following subclass members:[2]

    1.    ████████████  (currently at Lewis-Rast)

    2.    ████████████  (currently at Lewis-Rast)

    3.    █████████████  (currently at Lewis-Rast)

    4.    ████████████  (currently at Lewis-Rast)

    5.    █████████  (currently at Lewis-Rast)

    6.    ██████████  (currently at Eyman-SMU I)

    7.    ██████████  (currently at Eyman-SMU I)

    8.    ████████████  (currently at Eyman-SMU I)

    9.    ███████████  (currently at Eyman-Browning)

    10.    ██████████████  (currently at Eyman-Browning)

    11.    █████████  (currently at Eyman-Browning)

---

[2] *See* 7/21/21 Monthly Document Request letter.

12.   ███████████ (currently at Florence-Kasson)

13.   ███████████ (currently at Florence-Kasson)

14.   ███████████ (currently at Florence-Kasson)

**OBJECTION:  Vague and ambiguous as to "for the past year" as it is unclear whether Plaintiffs seek information for the 2020 calendar year or for the 365 days prior to the date this request was received by Defendants.  Relevance, overbroad, unduly burdensome, and not proportional to the needs of the case as to Plaintiffs' request for complete disciplinary and classification files where the request is not limited in time.**

**Without waiving objections, *see* out-of-cell maximum custody tracking forms for the past 365 days, and complete disciplinary and classification files for the above subclass members produced herewith at ADCRR00050604-50713, ADCRR00050722-51822, ADCRR00051837-51884, ADCRR00051901-51950, ADCRR00051961-52018, ADCRR00052037-52056, ADCRR00052075-52182.**

**REQUEST NUMBER 12:**  All weekly HEALTH CARE staffing schedules for all ASPCs and health care clinics, showing for each HEALTH CARE STAFF position the hours scheduled versus actually worked, from the first week of January 2021 to the present.

**OBJECTION:   None. *See* Variance Report produced herewith at ADCRR00021949-21976.**

**REQUEST NUMBER 13:**  For each ASPC, DOCUMENTS SUFFICIENT TO SHOW all class members for whom a SMI determination was held from January 1, 2020, to the present, including patient name, ADC number, and date of determination.

**OBJECTION:  Vague and ambiguous as to "determination" and "was held" as it is unclear whether Plaintiffs seek information regarding inmates who have maintained this status from January 1, 2020 to the present or something different.  To the extent Plaintiffs are requesting a list of inmates who requested to be designated SMI, Defendants object that such request is overbroad and unduly burdensome as it**

6

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2021, I electronically transmitted the attached document to the following attorneys of record:

Alison Hardy:           ahardy@prisonlaw.com

Asim Dietrich:          adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Austin C. Yost:         ayost@perkinscoie.com; docketPHX@perkinscoie.com

Corene T. Kendrick:     ckendrick@aclu.org

Daniel Clayton Barr:    DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:      dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:         dspecter@prisonlaw.com

Eunice Cho:             ECho@aclu.org

Jared G. Keenan:        jkeenan@acluaz.org

John Howard Gray:       jhgray@perkinscoie.com; slawson@perkinscoie.com

Jose de Jesus Rico:     jrico@azdisabilitylaw.org

Karl J. Worsham:        kworsham@perkinscoie.com; docketphx@perkinscoie.com

Kathryn E. Boughton:    kboughton@perkinscoie.com; docketphx@perkinscoie.com

Kelly Soldati          ksoldati@perkinscoie.com; docketphx@perkinscoie.com

Maria V. Morris         mmorris@aclu.org

Maya Abela              mabela@azdisabilitylaw.org

Mikaela N. Colby:       mcolby@perkinscoie.com; docketphx@perkinscoie.com

Rita K. Lomio:          rlomio@prisonlaw.com

Rose Daly-Rooney:       rdalyrooney@azdisabilitylaw.org

Sara Norman:            snorman@prisonlaw.com

Victoria Lopez:         vlopez@acluaz.org

21

EXHIBIT 3

| | |
|---|---|
| **From:** | Rachel Love |
| **To:** | Maria Morris; Rachel Love |
| **Cc:** | David Fathi; Elaine Percevecz; External - Delana Freouf; External - PLO AZ; Alison Hardy; Eunice Cho; Jessica Carns; Samantha Weaver; External - Maya Abela; Jared Keenan; Gloria Torres; Corene Kendrick; Victoria Lopez; Daniel Barr; StruckLoveParsonsTeam |
| **Subject:** | RE: Discovery Dispute regarding RFP 11 |
| **Date:** | Tuesday, October 12, 2021 6:24:54 PM |

Maria,

Also to clarify on the email below, we are producing the complex institutional file so that any information related to disciplinary and classification that is located in the file is produced. Accordingly, you will be getting information beyond disciplinary and classification. This will guard against inadvertently missing information that may be contained in multiple locations within the file as complexes may keep their files in different orders.

- Rachel

**From:** Rachel Love <RLove@strucklove.com>
**Sent:** Tuesday, October 12, 2021 2:47 PM
**To:** Maria Morris <MMorris@aclu.org>; Rachel Love <RLove@strucklove.com>
**Cc:** David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; Freouf, Delana (PHX) <dfreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <echo@aclu.org>; Jessica Carns <jcarns@acluaz.org>; Samantha Weaver <sweaver@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <jkeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Discovery Dispute regarding RFP 11

Maria,

As DW Stickley testified today, ADCRR does not maintain separate "disciplinary and classification files" for inmates. Rather, disciplinary and classification information is kept in ACIS on the disciplinary and classification summary screens/tabs and further information may be maintained in the inmates' institutional files and/or uploaded onto ACIS.

We are producing complex institutional files for the 14 inmates listed in RFP 11 tonight in order to supplement. We are also now checking to see if documents were uploaded onto ACIS for either the disciplinary and classification tabs and will supplement.

We maintain all objections previously made as to this request where it is unlimited in time and exceeds the scope of the time period at issue in this lawsuit (which is based upon current conditions as to the isolation subclass). Moreover, there are no claims in the 2012 filed lawsuit regarding classification or discipline. Nevertheless, we are producing institutional files that may contain additional disciplinary and classification information that is beyond what was already produced. And, we are now checking to see if there are documents uploaded into ACIS for the disciplinary and

classification tabs for these inmates.

- Rachel

---

**From:** Maria Morris <MMorris@aclu.org>
**Sent:** Tuesday, October 12, 2021 2:06 PM
**To:** Rachel Love <RLove@strucklove.com>
**Cc:** David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; Freouf, Delana (PHX) <dfreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <echo@aclu.org>; Jessica Carns <jcarns@aclu.org>; Samantha Weaver <sweaver@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <jkeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Discovery Dispute regarding RFP 11

Hi Rachel,
Can you or someone on your team get back to us with the Defendants' position?
Thanks,
Maria

---

**From:** Maria Morris
**Sent:** Monday, October 11, 2021 4:46 PM
**To:** Rachel Love <RLove@strucklove.com>
**Cc:** David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External - Delana Freouf <DFreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <ECho@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <JKeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** Discovery Dispute regarding RFP 11

Rachel,
We still have not received any of the classification and disciplinary files requested in RFP 11, despite the meet and confer and the agreement to produce.  We want to bring this issue to the Court.  Please provide us with Defendants' position so we can get it filed tomorrow.
Thank you,
Maria

---

**From:** Maria Morris
**Sent:** Thursday, October 7, 2021 9:43 PM
**To:** Rachel Love <RLove@strucklove.com>
**Cc:** David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External -

Delana Freouf <DFreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison
Hardy <ahardy@prisonlaw.com>; Eunice Cho <ECho@aclu.org>; Jessica Carns <JCarns@aclu.org>;
Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>;
Jared Keenan <JKeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick
<ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>;
StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

Rachel,
Can you please give a status update?
Maria

**From:** Maria Morris
**Sent:** Wednesday, October 6, 2021 4:54 PM
**To:** Rachel Love <RLove@strucklove.com>
**Cc:** David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External -
Delana Freouf <DFreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison
Hardy <ahardy@prisonlaw.com>; Eunice Cho <ECho@aclu.org>; Jessica Carns <JCarns@aclu.org>;
Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>;
Jared Keenan <JKeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick
<ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>;
StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

Thank you

**From:** Rachel Love <RLove@strucklove.com>
**Sent:** Wednesday, October 6, 2021 4:51 PM
**To:** Maria Morris <MMorris@aclu.org>; Rachel Love <RLove@strucklove.com>
**Cc:** David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External -
Delana Freouf <dfreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison
Hardy <ahardy@prisonlaw.com>; Eunice Cho <echo@aclu.org>; Jessica Carns <JCarns@aclu.org>;
Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>;
Jared Keenan <jkeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick
<ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>;
StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** Re: Defendants' objections to Plaintiffs' Requests for Production

We are coordinating with ADCRR on projecting timing regarding No. 1 and determining whether
there are additional documents for No. 3, regarding the list below.  We are not declining to produce
documents regarding No. 2 and are working on an update for that one as well.  I should be able to
report back on these by tomorrow.

Sent from my iPhone

On Oct 6, 2021, at 1:21 PM, Maria Morris <MMorris@aclu.org> wrote:

Rachel,
Can you please get back to me on:
1. The timing of production of the outstanding documents;
2. Whether you are no longer intending to produce the complete classification and disciplinary files responsive to RFPD 11; and
3. Whether there are additional records responsive to RFPD 45.
Thank you,
Maria

___

**From:** Maria Morris
**Sent:** Monday, October 4, 2021 3:14 PM
**To:** Rachel Love <RLove@strucklove.com>; David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External - Delana Freouf <DFreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <ECho@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <JKeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

Rachel,

With regard to timing of production, the Court's Order regarding discovery requires production of documents within 21 days of the request for production.  (Doc. 3940)  The RFPDs below were all served on August 10, 2021, meaning that production was due on August 31, 2021.  We are now approximately 5 weeks past the date production was due, and 3 weeks past our meet and confer in which you stated you were going to produce the documents responsive to the requests below, other than those that were the subject of the disputes that were the subjects of the Court's September 20, 2021 Order, Doc. 3982.

The fact that Defendants took the position that some of the requested documents should not be produced and the Court disagreed and ordered them produced does not reset the clock.  The documents were due on August 31, and once the dispute was resolved on September 20, should have been produced immediately.

With regard to RFPD 11, as we discussed during the meet and confer on September 14, the documents that were produced are not the Disciplinary and Classification files.  Rather, they are screenshots of the summary pages for Rules Violations and Classification Results.   You stated during the meet and confer that you were gathering

the actual Disciplinary and Classification files, and that you had, at that time, gathered several of them.   If Defendants are not producing copies of the actual files, please let me know immediately, so we can bring the dispute to the Court.  Otherwise, please produce them immediately.

At the time of our meet and confer on September 14, 2021, in addition to agreeing to look into the lack of any cancellation records from Lewis, you stated that it seemed odd that there were no cancellations documented for Florence-Kasson between January 1, 2020 and March 15, 2020 and would confirm that there were not.  Have you confirmed that?

Thank you,
Maria

---

**From:** Rachel Love <RLove@strucklove.com>
**Sent:** Monday, October 4, 2021 9:32 AM
**To:** Maria Morris <MMorris@aclu.org>; David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External - Delana Freouf <dfreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <echo@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <jkeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

Maria,

Here are updates as follows:

**RFP 10** – Use of Force memos and documents on SMI inmates have been received for Eyman-Browning  and Florence-Kasson and can be produced today.  ADCRR is still gathering responsive documents for SMU-I and Lewis.  The gathering and producing task on all of the use of force RFPs is onerous and ADCRR is working diligently in this regard.  We will roll productions as received.

**RFP 11** – We have already produced 11 of the 14 of the identified inmate classification and disciplinary files and their OOC tracking forms. (*See* ADCRR00050604-00050713, ADCRR00050722-00051822, ADCRR00051837-00051884, ADCRR00051901-00051950, ADCRR00051961-00052018, ADCRR00052037-00052056, ADCRR00052075-00052182.)  We are making an additional production today.

**RFP 45 –** We have produced 1,060 IRs/curtailment documents relating to the cancellation of out of cell time for Eyman-Browning, SMU-I, and Florence-Kasson for the period 1/1/21 to 8/17/21.  ADCRR continues to gather responsive documents for Lewis-Rast and we will roll productions.

**RFP 46, 47, 57** – ADCRR is gathering the responsive documents.  The Order to produce was very recent and it has not been three weeks since the Order.  ADCRR is working diligently to try to produce within the 3 week time period at issue for productions.  We will roll productions as received.

**RFP 53 –** We have received additional duty post logs that will be produced today for units at Florence, Winslow and Yuma. We have produced duty post logs for Douglas, Florence, Eyman-Browning, SMU-I, Perryville, Lewis, Tucson and Yuma (ADCRR00126200-00136029).

**RFP 56 –** No responsive documents exist (stated in our first response).

I am out of state at a prison inspection today and will not have access to email today.  We will do an additional assessment on the status of receipt of responsive documents and follow up this week.

- Rachel

---

**From:** Maria Morris <MMorris@aclu.org>
**Sent:** Friday, October 1, 2021 3:11 PM
**To:** Rachel Love <RLove@strucklove.com>; David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; Freouf, Delana (PHX) <dfreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <echo@aclu.org>; Jessica Carns <jcarns@aclu.org>; Samantha Weaver <sweaver@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <jkeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

Rachel,

I am following up on the RFPs discussed below, as many of the document requests regarding isolation remain outstanding:

RFP 10: On September 20, the Court ordered production of the responsive documents. (Doc. 3982)  They have not yet been produced.
RFP 11:  When we spoke on September 14, you indicated that some of the responsive

Classification and Disciplinary files had already been gathered, and that others were in process.  We have yet to receive any of them.

RFP 45: You were going to confirm whether there are additional reports regarding cancellations at Florence-Kasson or any reports at all regarding cancellations at Lewis-Rast. Please get back to me on this, and produce any outstanding reports.

RFP 46:  The only documents that have been produced are those that relate to the use of chemical agents on people designated as SMI in maximum custody.   On September 20, the Court ordered production of all the requested  responsive documents.  (Doc. 3982)  They have not yet been produced.

RFP 47: On September 20, the Court ordered production of the responsive documents. (Doc. 3982)  They have not yet been produced.

RFP 53: This RFP seeks duty post logs for seven specified weeks at each of the Maximum Custody and Detention Units.  We have received them for just one housing unit, the Detention Unit at ASPC-Douglas.

RFP 56: You said you had asked Centurion for any information they have about the amount of time people spend in mental health watch and were going find out if it is possible to create a report of all people who have been in detention units or mental health watch during the last year.  If so, you were going to have such a report run, and then produce the EIP for those individuals.  I suggested that the traffic history would be more responsive than the EIP data, at least for mental health watch, probably also for detention.   You also said that if it was not possible to pull a report of one or both of these groups (people in detention or in mental health watch) for the last year, you would run a report that is a current snapshot in time of detention and mental health watch and provide the EIP or traffic data for those individuals.   We have not received any documents responsive to this request.

RFP 57: You had previously agreed to produce a portion of the documents responsive to this RFP.  Since then, on September 20, the Court ordered production of all the responsive documents.  (Doc. 3982)  None of the responsive documents have been produced.

The requested documents are necessary for Plaintiffs' preparation of our case.  Please produce the requested documents no later than Monday, October 4, 2021.

Thank you,
Maria

---

**From:** Maria Morris
**Sent:** Tuesday, September 14, 2021 7:04 PM
**To:** Rachel Love <RLove@strucklove.com>; David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External - Delana Freouf <DFreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <ECho@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <JKeenan@acluaz.org>; Gloria Torres

<GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez
<vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

Rachel,

This email memorializes the discussion we had this afternoon regarding the document requests.

**Discovery Disputes:**
Document requests regarding the use of force other than chemical agents (RFPs 10, 46, 47, 57):  We are at an impasse.  Per our conversation, I have added RFP 57 to the attached Discovery Dispute Statement, as the objections to RFP 57 relate solely to the type of force used.  You stated that you will provide your part of the Discovery Dispute Statement by 1:30 AZ time tomorrow afternoon.

I want to clarify two things with regard to the Discovery Dispute Statement.
1. First, it is my understanding that you agree that people on Mental Health Watch may be in the Isolation Subclass and you are no longer objecting to producing documents relating to Mental Health Watch.
2. Second, I am unclear as to whether you are agreeing to produce documents relating to the use of chemical agents on persons in isolation who are taking psychotropic medications but have not been identified as being SMI.

For now, I have left the argument on those two issues in the Discovery Dispute Statement, but they are both italicized.  If you are no longer objecting on those two grounds, please let me know, and I'll remove them.  Otherwise, please provide your argument when you send back the Discovery Dispute Statement.

**Document production:**
RFP 11: You are gathering the requested disciplinary and classification files.
RFP 45: You are confirming whether there are additional reports regarding cancellations at Florence-Kasson or at Lewis-Rast.
RFP 50: Yvette will be producing a redacted version of DO 804 today and you will let us know what you are redacting.
RFP 51, 52, 53: You are gathering Post Sheets, Post Priority Charts, and Duty Post Logs.
RFP 54: You will produce the Policies and Procedures relating to Detention Units before the end of this week.
RFP 55: You will produce the Policies and Procedures relating to Mental Health Watch.
RFP 56: ADCRR does not track the amount of time in detention units or in mental health watch.  You have asked Centurion for any information they have about the amount of time people spend in mental health watch.  You are trying to find out if it is possible to create a report of all people who have been in detention units or mental health watch during the last year.  If so, you will have such a report run, and then produce the EIP for those individuals.  While drafting this email, I went back to look at

the EIP documents and the traffic history documents that were produced last year when we were discussing the length of time in max custody, and it looks as though the traffic history would be more responsive than the EIP data, at least for mental health watch, probably also for detention.   If it is not possible to pull a report of one or both of these groups (people in detention or in mental health watch) for the last year, you will run a report that is a current snapshot in time of detention and mental health watch and provide the EIP or traffic data for those individuals.
RFP 60: You will be producing responsive documents today.

Please let me know if you disagree with any of this.  Please also let me know when we will be receiving the documents responsive to RFPs 11, 51, 52, 53, 55, 56, 57 and any supplement to RFP 45.

Thank you,
Maria

---

**From:** Maria Morris
**Sent:** Friday, September 3, 2021 12:44 PM
**To:** Rachel Love <RLove@strucklove.com>; David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External - Delana Freouf <DFreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Eunice Cho <ECho@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <JKeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

Rachel,

This email responds your email of August 26th regarding Defendants' objections to Plaintiffs' RFPs regarding discovery on isolation claims. The paragraphs in black are your paragraphs, the paragraphs in blue are our response.

Regarding the isolation subclass, we preserve our objections to producing detention unit information in conjunction with RFP No. 54 as well as detention unit and mental health unit information regarding RFP No. 56 where the fast track discovery track pending the November trial was predicated on the fact that Defendants have produced documents evidencing Stipulation compliance for nearly 6.5 years, but no such document production was ever related to detention or mental health units regarding conditions of confinement.  That said, we will produce available responsive documents requested in RFPs 54 and 56 regarding detention units at this time, but in doing so, we do not waive objections to additional requested discovery in this regard.

It appears the parties are at an impasse with regard to requests related to mental health watch units.  In addition, while you state that you "will produce available responsive documents ... regarding detention units," your recent production included no such documents.  Please clarify your position, including whether you are withholding responsive documents regarding detention units based upon your objection.

Next, as to RFP Nos. 10, 46, 47, we continue our objections to producing documents, reports, and videos for use of force incidents where the requests are not limited to either SMI inmates or chemical agent use of force.  The subclass claims on use of force are limited to "[u]se of chemical agents against inmates on psychotropic medications."  Thus, all types of uses of force, on any inmate in the designated locations, are not at issue in the lawsuit and Defendants maintain their objections.  Moreover, to the extent these requests seek production related to inmates at Eyman-SMU I generally, the request is still irrelevant and overbroad as to chemical agent uses of force on non-max custody inmates where SMU-I houses custody classifications other than max custody.  Next, with respect to RFP 47, we maintain that inmates on temporary mental health watch are not part of the subclass.  Finally, as to Plaintiffs' position that the information requested is part of "standing, ongoing production and we are simply asking that Defendants provide the more current videos/documents related to this request", we note that production for the last 6.5 years with the monthly max custody notebooks has been limited to chemical agent use of force on SMI max custody inmates only.  We have not produced use of force documentation/videos beyond the above.

The parties are at an impasse regarding mental health watch units, uses of force on people on psychotropic medications who are not SMI, and uses of force beyond chemical agents.

As to RFP No. 45 that requests reports regarding cancellation of out-of-cell time at specified locations for January 1, 2020 to the present, we request a compromise in production similar to RFP No. 53 where the document requests were tailored down to selected months, and then a specified week in that month.  If we can compromise in this fashion, this would address our unduly burdensome and proportionality objections.

In the production of August 31, 2021, Defendants produced reports regarding cancellation of out-of-cell time for the following locations and date ranges:

- Eyman-Browning: Jan. 2020- August 10, 2021
- Eyman-SMU I: Jan. 2020 – August 15, 2021
- Florence-Kasson: March 16, 2020-July 26, 2021

Please confirm that these are all the reports regarding cancellation of out-of-cell time for Eyman-Browning, Eyman-SMU I, Florence-Kasson and Lewis-Rast from January 1, 2020 to the present.

Given this production, it appears you are not continuing to stand on the burden and

proportionality objections to RFP No. 45.  Please confirm that.

Finally, RFP No. 50 requests DO 804 and all restricted sections and attachments. Defendants maintain their objections to providing restricted sections and attachments that do not pertain to chemical agent use of force on SMI inmates that meet the subclass definition where as explained above, the subclass claims regarding use of force are specifically limited to chemical agent use of force on inmates on psychotropic medications.  Accordingly, Restricted Sections 6.0, 7.0, and 8.0 are not relevant to the subclass claims.  We will produce sections of Restricted Sections 4.0, 5.0, 9.0, and 10.0 that pertain to chemical use of force on SMI inmates that meet the isolation subclass definition.

The parties are at an impasse regarding uses of force on people on psychotropic medications who are not SMI, and uses of force beyond chemical agents.

Thank you,
Maria

**Maria V. Morris**
Pronouns: she, hers

Senior Staff Attorney
ACLU National Prison Project
915 15th St. NW, Washington, DC 20005
202.548.6607  |  mmorris@aclu.org
aclu.org
<image001.gif>

<image002.jpg>

<image003.png>

*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

---

**From:** Rachel Love <RLove@strucklove.com>
**Sent:** Thursday, August 26, 2021 8:37 PM
**To:** David Fathi <dfathi@aclu.org>; Elaine Percevecz <EPercevecz@strucklove.com>; External - Delana Freouf <dfreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Maria Morris <MMorris@aclu.org>; Eunice Cho <echo@aclu.org>; Jessica Carns <JCarns@aclu.org>; Samantha Weaver <SWeaver@aclu.org>; External - Maya Abela

<mabela@azdisabilitylaw.org>; Jared Keenan <jkeenan@acluaz.org>; Gloria Torres
<GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez
<vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Cc:** StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>; Rachel Love
<RLove@strucklove.com>
**Subject:** RE: Defendants' objections to Plaintiffs' Requests for Production

David and Corene,

This email responds to David's August 18th email and Corene's August 20th letter
regarding the meet and confer efforts concerning Defendants' objections to Plaintiffs'
RFPs regarding discovery on isolation claims.

Regarding the isolation subclass, we preserve our objections to producing detention
unit information in conjunction with RFP No. 54 as well as detention unit and mental
health unit information regarding RFP No. 56 where the fast track discovery track
pending the November trial was predicated on the fact that Defendants have produced
documents evidencing Stipulation compliance for nearly 6.5 years, but no such
document production was ever related to detention or mental health units regarding
conditions of confinement. That said, we will produce available responsive documents
requested in RFPs 54 and 56 regarding detention units at this time, but in doing so, we
do not waive objections to additional requested discovery in this regard.

Next, as to RFP Nos. 10, 46, 47, we continue our objections to producing documents,
reports, and videos for use of force incidents where the requests are not limited to
either SMI inmates or chemical agent use of force. The subclass claims on use of force
are limited to "[u]se of chemical agents against inmates on psychotropic medications."
Thus, all types of uses of force, on any inmate in the designated locations, are not at
issue in the lawsuit and Defendants maintain their objections. Moreover, to the extent
these requests seek production related to inmates at Eyman-SMU I generally, the
request is still irrelevant and overbroad as to chemical agent uses of force on non-max
custody inmates where SMU-I houses custody classifications other than max custody.
Next, with respect to RFP 47, we maintain that inmates on temporary mental health
watch are not part of the subclass. Finally, as to Plaintiffs' position that the information
requested is part of "standing, ongoing production and we are simply asking that
Defendants provide the more current videos/documents related to this request", we
note that production for the last 6.5 years with the monthly max custody notebooks
has been limited to chemical agent use of force on SMI max custody inmates only. We
have not produced use of force documentation/videos beyond the above.

As to RFP No. 45 that requests reports regarding cancellation of out-of-cell time at
specified locations for January 1, 2020 to the present, we request a compromise in
production similar to RFP No. 53 where the document requests were tailored down to
selected months, and then a specified week in that month. If we can compromise in
this fashion, this would address our unduly burdensome and proportionality

objections.

Finally, RFP No. 50 requests DO 804 and all restricted sections and attachments. Defendants maintain their objections to providing restricted sections and attachments that do not pertain to chemical agent use of force on SMI inmates that meet the subclass definition where as explained above, the subclass claims regarding use of force are specifically limited to chemical agent use of force on inmates on psychotropic medications.  Accordingly, Restricted Sections 6.0, 7.0, and 8.0 are not relevant to the subclass claims.  We will produce sections of Restricted Sections 4.0, 5.0, 9.0, and 10.0 that pertain to chemical use of force on SMI inmates that meet the isolation subclass definition.

Please let me know if Defendants' further explanations results in any agreements.

- Rachel

---

**From:** David Fathi <dfathi@aclu.org>
**Sent:** Wednesday, August 18, 2021 5:33 PM
**To:** Elaine Percevecz <EPercevecz@strucklove.com>; Freouf, Delana (PHX) <dfreouf@perkinscoie.com>; External - PLO AZ <PLO-AZ@prisonlaw.com>; Alison Hardy <ahardy@prisonlaw.com>; Maria Morris <MMorris@aclu.org>; Eunice Cho <echo@aclu.org>; Jessica Carns <jcarns@aclu.org>; Samantha Weaver <sweaver@aclu.org>; Maya Abela <mabela@azdisabilitylaw.org>; Jared Keenan <jkeenan@acluaz.org>; Gloria Torres <GTorres@acluaz.org>; Corene Kendrick <ckendrick@aclu.org>; Victoria Lopez <vlopez@acluaz.org>; Daniel Barr <DBarr@perkinscoie.com>
**Cc:** Lucy Rand <Lucy.Rand@azag.gov>; Michael E. Gottfried <Michael.Gottfried@azag.gov>; 'mary.beke@azag.gov' <mary.beke@azag.gov>; StruckLoveParsonsTeam <StruckLoveParsonsTeam@strucklove.com>
**Subject:** Defendants' objections to Plaintiffs' Requests for Production

Counsel:

In response to a number of Plaintiffs' Request for Production of Documents, you object to requests pertaining to detention units.  For example, in response to Request No. 56, you state:

"Relevance, not proportional to the needs of the case, overbroad, and unduly burdensome as "detention units" exceeds the scope of Plaintiffs' Complaint because this request is not limited to maximum custody inmates or chemical agents or limited in time. The "duration of confinement" is not at issue in Plaintiffs' Complaint for detention units."

These statements are incorrect.  Plaintiffs' complaint (Doc. 1) clearly and repeatedly challenges "isolation," which is explicitly defined to include detention units:

**III. Defendants Subject Prisoners in Isolation to Unconstitutional Conditions**

90. Plaintiffs Gamez, Swartz, Brislan, Rodriguez, Verduzco, Thomas, Smith, and Polson, Plaintiff Arizona Center for Disability Law, and the Isolation Subclass allege the following. Defendants have a policy and practice of confining thousands of prisoners in isolation (defined as confinement in a cell for 22 hours or more each day *or* confinement in Eyman – SMU 1, Eyman – Browning Unit, Florence – Central Unit, or Perryville – Lumley Unit Special Management Area (SMA)), in conditions of enforced idleness, social isolation, and sensory deprivation, and are deliberately indifferent to the resulting substantial risk of serious physical and psychiatric harm.

91. The large majority of prisoners in isolation are held in four facilities: two SMUs at the Eyman prison (SMU 1 and Browning Units); the Florence complex's Central Unit; and the Perryville complex's Lumley SMA for female prisoners. ***However, other prisoners are held in isolation in Complex Detention Units (CDUs) and other restricted housing units throughout ADC.*** ...

94. Prisoners in isolation often go months or years without any meaningful human interaction. ...

**Isolation Subclass**

133. Plaintiffs Gamez, Swartz, Brislan, Rodriguez, Verduzco, Thomas, Smith, and Polson bring this action on their own behalf and, pursuant to Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure, against Defendants Ryan and Pratt on behalf of a subclass of all prisoners (hereinafter "Isolation Subclass") who are now, or will in the future be, subject by the ADC to isolation, defined as confinement in a cell for 22 hours or more each day *or* confinement in Eyman - SMU 1, Eyman - Browning Unit, Florence - Central Unit, or Perryville - Lumley Unit Special Management Area (SMA).

Doc. 1 at 51-52, 53, 66-67 (emphasis added).

We look forward to speaking with you tomorrow.

David C. Fathi*
Director, ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC  20005
(202) 548-6603

dfathi@aclu.org
@DavidCFathi
Pronouns: he, him, his

*Not admitted in DC; practice limited to federal courts

---

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

---

# EXHIBIT 4

**FILED UNDER SEAL**

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' THIRTEENTH SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

## GENERAL OBJECTIONS

The Stipulation has been rescinded and the Court's approval of it vacated.  (Dkt. 3921 at 37.)  The case will proceed to trial on "Plaintiffs' claims in the original complaint that the delivery of health care and housing in isolation amount to constitutional deprivations in violation of the Eighth Amendment." (Id. at 2.)  Thus, while documentation regarding compliance with the Stipulation may be discoverable, because the Stipulation's Performance Measures exceed constitutional minimums, it is not the standard Defendants will be held to at trial.  Instead, Plaintiffs must prove Defendants violated their Eighth Amendment rights.

1 | documents responsive to this Request No. 10 are also responsive to Request No. 46 and are
2 | contained among the documents produced in response thereto. *See* Defendants' Response
3 | to Request No. 46 and documents produced at ADCRR00163735-170976 and
4 | ADCRR00172037-172088.  Each file name (and metadata) contains the ADCRR inmate
5 | number associated with the produced documentation and ADCRR inmate numbers for SMI
6 | inmates are noted by an "M" following the inmate number.  All use of force videos
7 | responsive to this Request No. 10 are also responsive to Request No. 47 and are contained
8 | among the video files produced in response thereto.  *See* Defendants' Response to Request
9 | No. 47 and videos produced at ADCRR00180135-00181267.

**REQUEST NUMBER 11:**  Out-of-cell maximum custody tracking forms for the past year, and complete disciplinary and classification files for the following subclass members:[2]

1.  ████████████ (currently at Lewis-Rast)
2.  ████████████ (currently at Lewis-Rast)
3.  ████████████ (currently at Lewis-Rast)
4.  ████████████ (currently at Lewis-Rast)
5.  ██████████ (currently at Lewis-Rast)
6.  ██████████ (currently at Eyman-SMU I)
7.  ██████████ (currently at Eyman-SMU I)
8.  ████████████ (currently at Eyman-SMU I)
9.  ████████████ (currently at Eyman-Browning)
10. ██████████████ (currently at Eyman-Browning)
11. █████████ (currently at Eyman-Browning)
12. ████████████ (currently at Florence-Kasson)
13. ███████████ (currently at Florence-Kasson)
14. ████████████ (currently at Florence-Kasson)

---

[2] *See* 7/21/21 Monthly Document Request letter.

1    OBJECTION:  Vague and ambiguous as to "for the past year" as it is unclear whether

2    Plaintiffs seek information for the 2020 calendar year or for the 365 days prior to the date

3    this request was received by Defendants.  Relevance, overbroad, unduly burdensome, and

4    not proportional to the needs of the case as to Plaintiffs' request for complete disciplinary

5    and classification files where the request is not limited in time.

6    Without waiving objections, *see* out-of-cell maximum custody tracking forms for the

7    past 365 days, and complete disciplinary and classification files for the above subclass

8    members produced ~~herewith~~ at ADCRR00050604-50713, ADCRR00050722-51822,

9    ADCRR00051837-51884,        ADCRR00051901-51950,        ADCRR00051961-52018,

10   ADCRR00052037-52056, ADCRR00052075-52182. *See* additional documents produced

11   ~~herewith~~ at ADCRR00139377-00139470. *See* institutional records for the above-listed

12   inmates produced at ADCRR00161613-162188 and ADCRR00162271-163734.

13   **REQUEST NUMBER 12:**  All weekly HEALTH CARE staffing schedules for all

14   ASPCs and health care clinics, showing for each HEALTH CARE STAFF position the

15   hours scheduled versus actually worked, from the first week of January 2021 to the present.

16   OBJECTION:  None. *See* Variance Report produced ~~herewith~~ at ADCRR00021949-

17   21976.

18   **REQUEST NUMBER 13:**  For each ASPC, DOCUMENTS SUFFICIENT TO

19   SHOW all class members for whom a SMI determination was held from January 1, 2020,

20   to the present, including patient name, ADC number, and date of determination.

21   OBJECTION:  Vague and ambiguous as to "determination" and "was held" as it is

22   unclear whether Plaintiffs seek information regarding inmates who have maintained this

23   status from January 1, 2020 to the present or something different.  To the extent Plaintiffs

24   are requesting a list of inmates who requested to be designated SMI, Defendants object that

25   such request is overbroad and unduly burdensome as it would require an individual review

26   of each HNR.  To illustrate, at just one facility in 2020, 52,839 HNRs were submitted.

27   Without waiving objections, *see* SMI determination logs for January 1, 2020 through

28   present produced ~~herewith~~ at ADCRR00043612-43619 and ADCRR00069936.

7

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 17, 2021, I electronically transmitted the attached document to the following attorneys of record:

Alison Hardy:          ahardy@prisonlaw.com

Asim Dietrich:         adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org

Austin C. Yost:        ayost@perkinscoie.com; docketPHX@perkinscoie.com

Corene T. Kendrick:    ckendrick@aclu.org

Daniel Clayton Barr:   DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com

David Cyrus Fathi:     dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org

Donald Specter:       dspecter@prisonlaw.com

Eunice Cho             ECho@aclu.org

Jared G. Keenan:      jkeenan@acluaz.org

John Howard Gray:    jhgray@perkinscoie.com; slawson@perkinscoie.com

Jose de Jesus Rico:    jrico@azdisabilitylaw.org

Karl J. Worsham:      kworsham@perkinscoie.com; docketphx@perkinscoie.com

Kathryn E. Boughton:   kboughton@perkinscoie.com; docketphx@perkinscoie.com

Kelly Soldati          ksoldati@perkinscoie.com; docketphx@perkinscoie.com

Maria V. Morris       mmorris@aclu.org

Maya Abela          mabela@azdisabilitylaw.org

Mikaela N. Colby:     mcolby@perkinscoie.com; docketphx@perkinscoie.com

Rita K. Lomio:         rlomio@prisonlaw.com

Rose Daly-Rooney:    rdalyrooney@azdisabilitylaw.org

Sara Norman:         snorman@prisonlaw.com

Victoria Lopez:       vlopez@acluaz.org

# EXHIBIT 5

**FILED UNDER SEAL**

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Parsons, *et al.*, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections; and Richard Pratt, Interim Division Director, Division of Health Services, Arizona Department of Corrections, in their official capacities,<br><br>Defendants. | NO. 2:12-cv-00601-ROS<br><br>**DEFENDANTS' FOURTH SUPPLEMENTAL PRETRIAL DISCLOSURE STATEMENT** |

Defendants, through counsel and pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Court's Orders (Doc. 3931, 3940), submit their **Fourth** Supplemental Pretrial Disclosure Statement. This is a cumulative disclosure. Supplemental information appears in bold typeface. Any information which is withdrawn is deleted. Defendants will supplement and/or amend these disclosures as trial preparation progresses.

731.    2013 JAAPL article, A Longitudinal Study of Administrative Segregation (ADCRR00210706-00210717).

732.    2017 NIJ Journal article, Reflections on Colorado's Administrative Segregation Study (ADCRR00210717-00210725).

733.    Trileptal (Oxcarbazepine) product monograph, revised June 4, 2021 (**ADCRR00210718-00210725**).

734.    **Director's Instruction #358, Mental Health Transition Program (ADCRR00215732-00215737).**

735.    **ADCRR Department Order Manual Chapter 700 Operational Security (ADCRR215738-000215770).**

736.    **ADCRR Department Order Manual Chapter 800 Inmate Management (ADCRR215771-00215793, ADCRR00215794-00215800, ADCRR00215824-00215835).**

737.    **ADCRR Department Order Manual Chapter 1100 Inmate Health Services (ADCRR00215836-00215859, ADCRR00215860, ADCRR00229202-00229218).**

738.    **Recent classification and disciplinary file documents relating to Robert Gamez #131401 (ADCRR00215881-00215931).**

739.    **DO 720 Inmate Tablet Program (ADCRR00215932-00215942.**

740.    **Tucson Unit Clocks (ADCRR00215943-00216025).**

741.    **ADCRR Department Orders (ADCRR00216026-00216467).**

742.    **Recent classification and disciplinary file documents relating to Dustin Brislan #164993 (ADCRR00216468-00216679).**

743.    **Recent classification and disciplinary file documents relating to Robert Gamez #131401 (ADCRR00216680-00217113).**

744.    **Recent classification and disciplinary file documents relating to Jonathan Gonzalez #247947 (ADCRR00217114-00217344).**

745.    **Recent classification and disciplinary file documents relating to ▆▆▆▆ ▆▆▆▆▆▆▆▆ (ADCRR00217343-00218385).**

746.    **Recent classification and disciplinary file documents relating to Jason Johnson #161509 (ADCRR00218386-00218459).**

747. **Recent classification and disciplinary file documents relating to Kendall Johnson #189644 (ADCRR00218460-00218550).**

748. **Recent classification and disciplinary file documents relating to ████████ (ADCRR218551-00218568).**

749. **Recent classification and disciplinary file documents relating to ████████ (ADCRR00218569-00218853).**

750. **Recent classification and disciplinary file documents relating to Laura Redmond #166546 (ADCRR00218854-00218977).**

751. **Recent classification and disciplinary file documents relating to Ronald Salvin #142019 (ADCRR00218978-00219069).**

752. **Trinity Food Services Menus and Nutritional Information (ADCRR00219070-00219534).**

753. **COTA Training Materials (ADCRR00219714-00219736, ADCRR00220375-00220530).**

754. **Solicitation Amendment for Inmate Correctional Healthcare dated September 17, 2021 (ADCRR00219737-00220183).**

755. **CGAR Results Summary (August 2019-July 2021) (ADCRR00220184).**

756. **Arizona Department of Corrections Inmate Assault, Self-Harm and Mortality Data, for the period from July 2019 to September 2021 (ADCRR00220191-00220300).**

757. **Mental Health Activity Summary June 2020 (ADCRR00220301-00220363).**

758. **ADCRR population trend documents, cited in separate Fed.R.Civ.P. 26(a)(2)(C) Disclosure for Testimony of ADCRR Deputy Director Frank (ADCRR00220364-00220374).**

759. **Recent classification and disciplinary file documents relating to ████████ (ADCRR00228154-00228204).**

760. **Recent classification and disciplinary file documents relating to ████████ (ADCRR00228205-00228286).**

761. **Recent classification and disciplinary file documents relating to ████████ (ADCRR00228287-00228312).**

762. **Recent classification and disciplinary file documents relating to** ███ **(ADCRR00228313-00228443).**

763. **Recent classification and disciplinary file documents relating to** ███ **(ADCRR00228444-00228451).**

764. **Recent classification and disciplinary file documents relating to** ███ **(ADCRR00228452-00228587).**

765. **Recent classification and disciplinary file documents relating to** ███ **(ADCRR00228588-00228634).**

766. **Recent classification and disciplinary file documents relating to** ███ **(ADCRR00228635-00228712).**

767. **Recent classification and disciplinary file documents relating to** ███ **(ADCRR00228713-00228743).**

768. **Recent classification and disciplinary file documents relating to** ███ **(ADCRR00228744-00228769).**

769. **Recent classification and disciplinary file documents relating to** ███ **(ADCRR00228770-00229018).**

770. **Recent classification and disciplinary file documents relating to** ███ **(ADCRR00229019-00229031).**

771. **Recent classification and disciplinary file documents relating to** ███ **(ADCRR00229032-00229141).[3]**

772. **Use of Force Incident Report re Inmate Self Harm on September 7, 2021 (ADCRR00229143-00229146).**

773. **Maintenance Work Order Request (ADCRR00229148).**

774. **ADCRR Department Order Manual Chapter 900 Inmate Programs and Services (ADCRR00229149-00229218).**

775. **ADCRR Count Sheets January 1, 2016; January 1, 2017; January 1, 2018; January 1, 2019; January 1, 2020; January 1, 2021; September 30, 2016; September 30, 2017; September 30, 2018; September 30, 2019; September 30, 2020; and September 30, 2021 (ADCRR00229219-00229249).**

---

[3] **ADCRR00229142 and ADCRR00229147 are gaps in the production.**

1

**CERTIFICATE OF SERVICE**

2
      I hereby certify that on October 27, 2021, I electronically transmitted the attached document to the following attorneys of record:

3

4

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan: | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Jose de Jesus Rico: | jrico@azdisabilitylaw.org |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Mikaela N. Colby: | mcolby@perkinscoie.com; docketphx@perkinscoie.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sophie Jedeikin Hart | sophieh@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28