Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al., | NO. CV-12-00601-PHX-ROS |
| Plaintiffs, | |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE TO ADMIT EXHIBITS 556 AND 941 (Dkt. 4225)** |
| David Shinn, et al., | |
| Defendants. | |

This Court should deny Plaintiffs' Motion in Limine for admission of Plaintiffs' Exhibits 556 and 941 (Dkt. 4225).  Exhibit 556 is hearsay, irrelevant, and lacks foundation. Exhibit 941 should only be admitted with the addition of an additional healthcare encounter that shows that the class member is offered language translation services during healthcare encounters but refused them.

I.     **EXHIBIT 556 – ARIZONA AUDITOR GENERAL PERFORMACE AUDIT AND SUNSET REVIEW – SEPTEMBER 2021**

Plaintiffs argue that Exhibit 556 is admissible for the sole purpose of contradicting declaration testimony by Defendants' mental health expert, Dr. Penn, regarding the workings of the ADCRR inmate grievance process including response timelines. (Dkts. 4225 at 2, 4172 at 36, ¶ 106.)  Plaintiffs assert that Exhibit 556 is admissible to contradict Dr. Penn's declaration testimony concluding that ADCRR's grievance process provides

timely responses.  (Id.)  Plaintiffs, however, take Dr. Penn's declaration statement out of context.  He is not opining on the grievance process.  Rather, he is merely summarizing what the grievance process provides as set forth by ADCRR Department Order 802 ("DO 802").  Dr. Penn's statement as to the description of the process summarizes DO 802 at Sections 3.0 to 6.0 (medical), which is Plaintiffs' trial Exhibit 2071 at pg. 3-6. The statement is not an opinion regarding whether grievance responses are timely or appropriately processed as Plaintiffs claim. Accordingly, Exhibit 556 is not admissible to contradict Dr. Penn's declaration statement which reiterates ADCRR's grievance process. Even if relevant (it is not), Plaintiffs could have cross examined Dr. Penn with the Report during his testimony which spanned two days. They did not.

Plaintiffs also argue that the 30+ page Auditor General's report (and ADDRR's response) is admissible pursuant to Fed.R.Evid. 902(1) and 803(8)(1) [1] as a self-authenticating public record. Defendants do not dispute either the authenticity of the Auditor General's Report or that it is a public record of the *Arizona Auditor General* as to the Auditor General Report portion of the Exhibit.  However, the Auditor General Report is not a public or business record generated by ADCRR and therefore constitutes inadmissible hearsay.. [2]  Fed.R.Evid. 801, 802, 805.  Moreover, the Report mostly contains subject matter that is irrelevant to this case where the Report makes findings and recommendations regarding subject matter which includes but is not limited to: timely release of inmates from custody; denial of placement of inmates for release transition programs; utilization of a conflict-of-interest policy for staff; statistics regarding various categories of ADCRR staff vacancies; statistics regarding revenues/expenditures unrelated to the claims in this case; the extent to which the AG has authority to prosecute crimes committed by inmates; the use of private contractors in the performance of ADCRR duties;

---

[1] There is no such rule as Fed.R.Evid. 803(8)(1) but Defendants do not dispute that the Report is a public record.

[2] Defendants do not dispute that ADCRR's letter response to the Auditor General is an ADCRR business record.  Fed.R.Evid. 803(6),(8).

and development of IT security policies, and on that basis should be excluded. (Ex. 556 at PLTFS001661-1696); Fed.R.Evid. 401, 402, 403.

Even if admissible as an ADCRR public or business record, the Report's section regarding ADCRR's grievance process (Sunset Factor 6) lacks foundation and relevance as to whether or not *medical/mental health grievances* are timely responded to or processed, which is why Plaintiffs offer the Report – for the truth of the matter asserted – that ADCRR allegedly does not timely or properly process inmate grievances related to medical/mental healthcare.  In making its recommendation that ADCRR should "[e]stablish a process for ensuring that the Department, including prison units, have complete and accurate formal inmate grievance information" (Ex. 556 at PLTFS001685), the Auditor General's review was very limited as it reviewed:

> . . . fiscal year 2021 paper forms listing formal inmate grievances from the Eyman and Perryville State prisons and a random sample of 7 of approximately 340 and 3 of 15 inmate grievances from Eyman and Perryville State prisons respectively, that appeared to have been open for more than 120 days or took longer than 120 days to close in fiscal year 2021, we determined that the formal inmate grievance information included on the paper forms was not sufficiently reliable for audit purposes and could not use the information to assess the Department's compliance with its inmate grievance processing time frames.

(Ex. 556 at PLFS001686-87.)  Because the Auditor General reviewed only 10 paper forms from only two state-operated prison complexes, and there is no reference to the subject matter of the grievances reviewed, there is insufficient foundation to conclude that any of those 10 grievances not responded to within timelines pertained to complaints regarding medical/mental healthcare that are relevant to this case. This is especially so where the Auditor General also notes in Appendix A to the Report regarding Scope and methodology that "[w]e selected our audit samples to provide sufficient evidence to support our findings, conclusions, and recommendations. Unless otherwise noted, the results of our testing using these samples were not intended to be projected to the entire population." (emphasis added.) (Ex. 556 at PLTFS001687.)  Accordingly, there is no indicia of reliability that the Auditor General's timeliness findings as to 10 grievances reviewed statewide are relevant to the subject matter of Plaintiffs' claims, resulted in an alleged denial or delay of medical/mental

healthcare, or reflect a systemic grievance process issue related to specifically processing medical/mental health grievances. Because the findings lack foundation, and are irrelevant, admission would prejudice Defendants. The Report should not be admitted.  Fed.R.Evid. 401, 402, 403, 801, 802, 805.

Finally, should the Court admit the Auditor General's Report over Defendants' objections, this Court should only admit Ex. 556 at PLTF001658-60, 1661, 1681-82, 1686-86, 1694 (with non-grievance subject matter redacted), which are the only the pages that address the grievance process audit/findings/recommendations.  It must also be noted that while ADCRR in its response regarding Sunset Factor 6 (grievance process) agreed to the audit and finding, ADCRR "has already acquired additional software to track, assess, and manage the vital inmate grievance process."  (Ex. 556 at PLTRS001694).

## II.    EXHIBIT 941 – EXCERPT OF eOMIS RECORDS FOR CLASS MEMBER

Plaintiffs seek admission of excerpts of eOMIS records for a class member to argue that Defendants are deliberately indifferent to the healthcare needs of class members because they do not provide sufficient language translation services during healthcare encounters. At the outset, Defendants preserve their objection to this "claim" regarding denial of language interpretation services where no such claims were alleged in the original Complaint and trial was to proceed "on Plaintiffs' claims in the original complaint." (Dkts. 4119 at 4; 3921 at 2.)  Additionally, Defendants object that Exhibit 941 is incomplete pursuant to Fed.R.Evid. 106 and request an additional medical record excerpt be added for completeness.  Specifically, Plaintiffs' Exhibit 914 contains:

- a six-page list of health services encounters from August 10, 2015, to October 13, 2021 (Ex. 941 at PLTFS005610-15);

- an August 25, 2021 Nurse Practitioner Chronic Care Encounter where the eOMIS hardstop indicates that interpreter services were not needed.  However, subjective notes indicate that patient "is deaf; all communication for this visit was done via paper" and "requesting hearing aide batteries from medical".  The objective notes

also indicate that patient "is deaf; all communication done via paper" (Id. at PLTFS005616-17);

- a September 1, 2021 Nurse Practitioner Chronic Care Encounter where the eOMIS hardstop indicates that interpreter services were not needed.  However, subjective notes are that the patient "is deaf; all communication for this visit was done via paper."  It appears that this encounter was done because while the actual CCC visit was 8/25, Diabetes was not addressed in the plan, although it was discussed with the patient and evaluated.  In other words, this was a very brief follow-up.  (Id. at PLTFS005622.)

Plaintiffs seek admission of Exhibit 941 for the truth of the matter asserted – that the class member should be receiving but is denied ALS translation services during healthcare encounters. Indeed, over Defendants' objections, Plaintiffs also seek admission of the class member's prior declaration which states that he needs an ASL interpreter but does not receive interpretation services.  (Dkt. 4215 at 10 seeking admission of Plaintiffs' Ex. 1900, ¶¶ 5, 7, 8; Dkt. 4228 at 7.)  Pursuant to Fed.R.Evid. 801, 802 and 805, Plaintiffs' declaration constitutes inadmissible hearsay itself, contains inadmissible double hearsay (alleged statements made by unidentified health services staff or alleged statements contained in medical records), and Plaintiffs' attempt to introduce Exhibit 941 on top of the declaration serves to further violate the hearsay rules. (Plaintiffs' Ex. 1900, ¶¶ 8-9, 11-13, 15-16.) Plaintiffs did not call this class member as a witness at trial and if his declaration is ultimately admitted at Ex. 1900, Defendants were deprived of cross examination of the class member, his declaration statements, and the contents of the offered medical record excerpts, thus resulting in denial of due process and prejudice to Defendants.  Fed.R.Evid. 106, 401, 402, 403, 607, 608(b).

Finally, the August and September encounters paint an incomplete picture of this inmate's language interpretation needs. The excerpt of medical records that Defendants request be added for completeness is a December 7, 2021 Nurse Sick Call Encounter.  (Exh. 1 at 1 filed under seal.) Not only does the encounter show that health services staff (different

than the provider who completed the August and September encounters) recognized that the inmate may need interpreter services and offered the same, but the encounter importantly shows that the inmate refused those services, and opted to communicate with the nurse "via hand writing on paper, and sign language interpretation from his assistant" regarding his request to renew certain Special Needs Orders unrelated to his deafness.  (Id.) Thus, even where the encounter post-dates the October 15th close of discovery, the additional excerpt should be included in Exhibit 941 for completeness and fairness where neither the records, the class member inmate, nor the potentially admissible declaration are subject to cross examination, and the December 7th encounter is relevant to whether Defendants actually offer translation services when needed – and that inmates may still elect to refuse such services. Fairness and elimination of prejudice to Defendants also warrants that the  December 7th encounter be admitted as it would have been properly considered as impeachment evidence had the inmate testified at trial. Fed.R.Evid. 401, 402, 403, 607, 608(b).

Based upon the foregoing, Defendants respectfully request that the Court sustain Defendants' objections to Plaintiffs' Exhibit 556 and allow the December 7, 2021, medical record excerpt be added to Exhibit 941 for completeness.

DATED this 22nd day of December, 2021.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/ Rachel Love
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alisha Tarin-Herman | atarinherman@perkinscoie.com |
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org;hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Mikaela N. Colby: | mcolby@perkinscoie.com; docketphx@perkinscoie.com |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sophie Jedeikin Hart | sophieh@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

1    I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

2

3    N/A

4                                        /s/ Rachel Love

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28