# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al, on behalf of themselves and all others similarly situated; and Arizona Center for Disability Law,<br><br>Plaintiffs,<br><br>v.<br><br>David Shinn, Director, Arizona Department of Corrections, Rehabilitation and Reentry; and Larry Gann, Assistant Director, Medical Services Contract Monitoring Bureau, Arizona Department of Corrections, Rehabilitation and Reentry, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-ROS<br><br>**[PROPOSED] PERMANENT INJUNCTION** |

Based on the Findings of Fact and Conclusions of Law filed herewith and pursuant to Rule 65(d) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED** that Defendants, their agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them shall comply fully and completely with the following provisions:

. . .

. . .

. . .

. . .

. . .

155646423

### I. Substantive Remedies for Health Care (Medical and Mental Health Care)

#### a. Short-term

1. Defendants shall fill all vacant health care positions in the current staffing matrix within 60 days,[1] using every practical means to fill the vacancies with permanent staff, including raising salaries to the level necessary to attract sufficient staff.

2. Defendants shall hire one additional full-time physician and one additional full-time psychiatrist at Eyman, Lewis, Perryville, Phoenix, Tucson, and Yuma within 30 days to supervise the sick call process, and to supervise nurse practitioners, physician assistants, psych associates, psychologists, and other staff. Each inpatient or residential mental health unit shall have at least one licensed mental health staff person physically on-site at all times.

3. Defendants shall develop within 30 days a robust and effective process for improving the mortality review and psychological autopsy process that includes detailed findings, specific action items or recommendations, and a process to ensure that the action items/recommendations are implemented in a timely manner, with accountability and, when appropriate, discipline.

4. Within 30 days, the parties shall nominate an independent person or entity to conduct a staffing analysis of both clinical and custody positions at each prison. If the parties do not agree, the Court shall select the person/entity to conduct the analysis, and direct that the staffing analysis be filed with the Court within six months of appointment by the Court. This person or entity shall be paid by Defendants. The report shall contain recommendations that shall be reviewed and, if approved, ordered by the Court. Any objections to the report and recommendations shall be filed within 10 days and any response to the objections shall be filed within 10 days thereafter.

---

[1] Unless otherwise stated, all references to "days" refer to calendar days.

-2-

155646423

5. ADCRR shall not be restricted to paying the Medicaid (Arizona Health Care Cost Containment System - AHCCCS) reimbursement rate for specialists.

6. Within 30 days Defendants shall develop and then implement a plan to ensure that the quality of health care provided is consistent with professional practice standards.

7. Within 30 days, the parties shall retain one or more experts to develop Policies and Procedures regarding the use of force on persons who are engaging in self-harm to eliminate the practice of using force on people in response to a mental health crisis. If the parties do not agree, the Court shall select the expert(s), and direct that the proposed Policies and Procedures be filed with the Court within three months of appointment by the Court. The expert(s) shall be paid by Defendants. The proposed Policies and Procedures shall be reviewed and, if approved, ordered by the Court. Any objections to the proposed Policies and Procedures shall be filed within 30 days and any response to the objections shall be filed within 20 days thereafter.

### b. *Intermediate and Long-Term Remedies*

Unless otherwise indicated, all of the following must be implemented within 90 days of this Order.

8. Within 90 days, the parties shall nominate an independent person(s) or entity to conduct a facilities review to determine the amount of clinical space that is necessary to provide adequate health care at all Arizona state prison complexes. If the parties do not agree, the Court shall select the person/entity to conduct the review, and direct that the review be filed with the Court within six months of appointment by the Court. This person or entity shall be paid by Defendants. The report shall contain recommendations that shall be reviewed and, if approved, ordered by the Court. Any objections to the report and recommendations shall be filed within 30 days and any response to the objections shall be filed within 20 days thereafter.

9. Within 90 days, the parties shall nominate an independent person(s) or entity to conduct a review of the formulary utilized by ADCRR's health care contractor. If the

155646423

parties do not agree, the Court shall select the person/entity to conduct the review, and direct that the review be filed with the Court within three months of appointment by the Court. This person or entity shall be paid by Defendants. The report shall contain recommendations that shall be reviewed and, if approved, ordered by the Court. Any objections to the report and recommendations shall be filed within 10 days and any response to the objections shall be filed within 10 days thereafter.

10. Within 90 days, the parties shall retain one or more experts to develop a plan to reduce the incidence of self-harm and suicide. If the parties do not agree, the Court shall select the expert(s), and direct that the proposed plan be filed with the Court within three months of appointment by the Court. The expert(s) shall be paid by Defendants. The proposed plan shall be reviewed and, if approved, ordered by the Court. Any objections to the proposed plan shall be filed within 30 days and any response to the objections shall be filed within 20 days thereafter.

11. Within twelve months, Defendants shall install and implement an electronic medical record system that permits the creation of real-time tracking of all patients, and allows for improved reporting and accountability. Defendants shall ensure that medical records contain the necessary health information and are accurate.

12. Defendants shall ensure that patients receive timely medical appointments for provider visits, specialists, and other services such as x-rays or labs consistent with any orders by a provider or registered nurse.

  a. Emergent specialty consultations shall be scheduled and completed within two (2) days of the request, unless the provider concludes that the patient should be sent off-site immediately. Any Utilization Management (UM) review of an emergent specialty consultation request must be completed within eight (8) hours of the emergent request. Documentation of UM's approval/denial, with reasons for a denial, shall be provided to the requesting provider within 24 hours of UM's decision, and documented in the patient's medical record.

  b. Urgent specialty consultations shall be scheduled and completed within 30 days of the consultation request from the provider. Any UM review of an urgent specialty consultation request must be completed within three (3) days of the urgent request. Documentation of UM's approval/denial, with reasons for the denial, shall be provided to the

155646423

       requesting provider within 24 hours of UM's decision, and documented in the patient's medical record.

   c. Routine specialty consultations shall be scheduled and completed within 60 days of the consultation request from the provider. Any UM review of a routine specialty consultation request must be completed within seven (7) days of the routine request. Documentation of UM's approval/denial, with reasons for the denial, shall be provided to the provider in writing within 24 hours of UM's decision, and documented in the patient's medical record.

Patients shall be informed in writing within seven (7) days of UM's decision of any denials of specialty requests, including the stated reason for the denial.

      13. Within 90 days, Defendants shall develop and implement a plan to identify and track on an on-going basis all patients who are not fluent in English and to ensure that each health care encounter for those patients is either conducted by a qualified health care practitioner who is proficient in the patient's primary language or with the assistance of a qualified interpreter (not to include custody staff or other incarcerated people). The plan shall include the following components: (a) identification of patients not fluent in English at intake; (b) documentation of each patient's English fluency and primary language that is visible on all screens in the electronic medical record; (c) documentation of whether appropriate language services were provided during each health care encounter; (d) accessible outreach to non-English speaking patients on the availability of interpretation services for health care encounters; and (e) evaluation and documentation of the spoken, written, and signed non-English language proficiency of health care practitioners, including the ability to explain medical concepts and use medical terminology in a non-English language.

      14. Defendants shall provide timely access to sick call. All patients shall have access to Health Needs Request (HNR) forms, either in paper or electronic format. The forms shall be treated as confidential correspondence between the patient and health care staff, and security staff may not have access to completed HNRs. Health care staff will pick up paper HNRs daily, including on holidays and weekends. The day the HNR is received (whether electronically or on paper), a nurse will sort and classify the patients'

1  requests to determine priority and routing of request. If the HNR describes an emergent
2  medical, dental or mental health condition, the patient shall be seen for a face to face
3  encounter by a Registered Nurse (RN) immediately. If the HNR documents an urgent
4  medical, dental or mental health condition, the patient shall be seen for a face to face
5  encounter by an RN the same day the HNR is received. For routine HNRs, the patient
6  shall be seen for a face to face encounter by the RN within 24 hours of receipt of the
7  HNR.

8          15.    Defendants shall ensure that patients receive their medications as prescribed
9  and in a timely manner. Defendants shall develop and implement a plan to ensure there
10 are sufficient health care and custodial staff to distribute such medications during pill
11 lines, at the cell front and any other location where medications are normally distributed.

12         16.    All patients who are taking psychotropic medications, chronic care
13 medications, or antibiotics upon reception into ADCRR shall be seen by a provider within
14 24 hours to determine whether they should be provided "bridge" medication to ensure
15 uninterrupted provision of their medications until they can see a prescribing provider. Any
16 patient prescribed psychotropic medication at the time of intake shall be seen by a mental
17 health provider within three days of intake for an evaluation of the medication; any patient
18 prescribed chronic care medication or antibiotics at the time of intake shall be seen by a
19 medical provider within three days of intake for an evaluation of the medication.

20         17.    Defendants shall ensure that patients prescribed medication are timely and
21 appropriately monitored for therapeutic levels and side effects.

22         18.    Defendants shall ensure that all laboratory and radiology results are
23 reviewed by a provider in a timely manner.

24         19.    Defendants shall hire a physician who is board certified in internal medicine
25 whose sole responsibility shall be to monitor and improve the care provided to patients
26 with chronic diseases and to ensure proper pain management.

27         20.    Defendants shall ensure that patients are provided access to preventative
28 care screenings and tests as appropriate for the patient's age, medical history, and gender.

155646423

21. Defendants shall ensure that providers obtain relevant hospital records and timely review discharge orders from hospitals.

22. Within one year Defendants shall offer treatment for hepatitis C (HCV) to all patients with a score of F1 or F2.

23. Within one year Defendants shall expand the Medication Assisted Treatment program to new intakes who were receiving such services in the community or in jail, to people who are within 18 months of their release date and have a high need for such services, and to people who are at high risk of overdosing given their history.

24. Defendants shall ensure that people with disabilities are provided with medically necessary care, supplies, and assistive devices or medical equipment.

25. Defendants shall ensure that patients have reasonable access to their medical information, including diagnosis and treatment options from specialists.

26. Within 180 days Defendants shall end the practice of using unlicensed psychology associates to provide clinical care.

27. Within 180 days Defendants shall use only licensed mental health clinicians to lead psychoeducational and psychotherapeutic group treatment.

28. Within 180 days Defendants shall use only licensed mental health clinicians to conduct health and welfare checks on all persons in isolation units or on mental health watch. Mental Health Registered Nurses may be used to conduct health and welfare checks on weekends and holidays.

29. Any decision to remove a patient's classification as Seriously Mentally Ill (SMI) must be made by a treatment team, including at a minimum, the patient, the facility's mental health lead, the patient's treating mental health clinician, and the psychiatric provider. The reason for the removal of the designation must be documented in writing by the treatment team in the patient's medical record and be provided in writing to the patient within 24 hours of the treatment team's decision. If the patient disagrees with the removal of SMI designation, the patient can request within 14 days of receiving the written notification of de-designation that the regional mental health director review

155646423

this determination. Within 90 days, Defendants shall develop a system to track and monitor all decisions to change a patient's SMI designation.

30. Defendants shall provide confidential, out-of-cell mental health therapeutic treatment, not merely monitoring, to persons on mental health watch.

31. Within 240 days all custody staff assigned to work at mental health residential treatment units or mental health inpatient treatment units must have first completed specialized training on interacting with people with severe mental illness and / or cognitive disabilities. Such training shall be in addition to any onboarding or continuing training provided to all custody staff.

32. Within 240 days Defendants shall develop and require additional training for all custody staff assigned to work in mental health watch units, regarding interacting with people with severe mental illness and/or cognitive disabilities, and de-escalation techniques.

33. Prior to any use of force (including chemical agents) on an incarcerated person who is engaging in self-harm and/or is on mental health watch, custody staff will immediately contact mental health staff to come to the unit, and will use de-escalation techniques prior to using physical or chemical force on the incarcerated person. The only exception to this requirement is in the event that the self-harming behavior poses an immediate and obvious risk of death to the incarcerated person.

34. Any allegation of verbal or physical abuse of a person on mental health watch, including any allegation of custody or health care staff encouraging incarcerated people on watch to harm themselves or providing incarcerated people with items that could be used for self-harm, will be jointly investigated and reviewed by the facility's Deputy Warden of Operations and the facility's Mental Health lead. Such an investigation shall be completed within 14 days of receipt of the allegation. All conclusions reached in the investigation shall be provided in writing within seven (7) days to the patient, the facility's Warden, ADCRR's mental health program director, and any contracted vendor's regional mental health director. Within 90 days, Defendants shall develop a system to

track and monitor all such allegations and investigations, in order to track and identify any custody or health care staff with multiple or ongoing allegations, in order to identify staff who may need to be reassigned, be provided additional education, and/or face progressive discipline.

35. Defendants shall develop and implement a process to track and monitor, in real time, the length of stay of all people placed on mental health watch. Defendants shall ensure that if a person is maintained on mental health watch for 14 days, that person shall be transferred to a higher level of mental health care, unless a psychiatrist or psychologist, exercising clinical judgment and after an in-person assessment in a confidential setting, determines that such transfer is not clinically indicated. Any person remaining on mental health watch after 14 days and not transferred to a higher level of care shall be assessed in person, in a confidential setting, by a psychiatrist or psychologist, every day until the person is either discharged from mental health watch or transferred to a higher level of care.

36. All persons who are removed from mental health watch shall be evaluated within seven (7) days of their removal by a mental health treatment team for possible transfer or placement in a residential or inpatient mental health program.

37. Defendants shall ensure that patients who are prescribed psychotropic medications are housed in areas where the temperature does not exceed 85 degrees Fahrenheit.

38. Defendants shall provide mental health treatment as clinically indicated to all persons requiring it. Such treatment shall be provided at least with the frequency set forth in Defendants' Mental Health Technical Manual, revised December 24, 2019 (Ex. 3025). Defendants shall not reduce these frequencies without the advance permission of the Court.

39. To count toward the provision of care listed above, an encounter with mental health staff must be at least 10 minutes in duration for a watch-related encounter and at least 30 minutes in duration for all other encounters, unless a shorter encounter is

155646423

determined by a psychiatrist exercising clinical judgment to be clinically appropriate and meaningful.

## II. Substantive Remedies for Isolation

### a. Short-term

1. Within 15 days, Defendants shall ensure that all persons in isolation are provided with three meals a day in a quantity and quality that is the same as the meals provided to people who are not in isolation.

2. Within 15 days, Defendants shall ensure that all persons in isolation are provided the opportunity to shower no less than three days per week.

3. Within 30 days, Defendants shall not house in isolation any person diagnosed with a serious mental illness, including but not limited to persons designated as Seriously Mentally Ill (SMI), as that term is defined under A.R.S. §§ 36-550(4), 36-501(25).

4. Within 30 days, the parties shall retain one or more experts to develop Policies and Procedures to eliminate the use of isolation for more than four hours for persons under the age of 18. If the parties do not agree, the Court shall select the expert(s), and direct that the proposed Policies and Procedures be filed with the Court within three months of appointment by the Court. The expert(s) shall be paid by Defendants. The proposed Policies and Procedures shall be reviewed and, if approved, ordered by the Court. Any objections to the proposed Policies and Procedures shall be filed within 30 days and any response to the objections shall be filed within 20 days thereafter.

5. Within 30 days, the parties shall retain one or more experts to develop Policies and Procedures to eliminate the use of isolation for persons with mental illness. If the parties do not agree, the Court shall select the expert(s), and direct that the proposed Policies and Procedures be filed with the Court within three months of appointment by the Court. The expert(s) shall be paid by Defendants. The proposed Policies and Procedures shall be reviewed and, if approved, ordered by the Court. Any objections to the proposed

155646423

1  Policies and Procedures shall be filed within 30 days and any response to the objections
2  shall be filed within 20 days thereafter.

3        6.     Within 30 days, the parties shall retain one or more experts to develop
4  Policies and Procedures to eliminate the use of isolation for more than 15 days. If the
5  parties do not agree, the Court shall select the expert(s), and direct that the proposed
6  Policies and Procedures be filed with the Court within three months of appointment by the
7  Court. The expert(s) shall be paid by Defendants. The proposed Policies and Procedures
8  shall be reviewed and, if approved, ordered by the Court. Any objections to the proposed
9  Policies and Procedures shall be filed within 30 days and any response to the objections
10 shall be filed within 20 days thereafter.

11       7.     Within 30 days, Defendants shall ensure that any person whose mental
12 health deteriorates while in isolation is removed from isolation within 24 hours of the time
13 the issue is brought to the attention of mental health staff.

14       **b.**     ***Intermediate and Long-Term***

15       8.     Within 90 days, Defendants shall rescind the policy requiring persons with a
16 life sentence to spend no less than two years in isolation. Defendants shall not enforce any
17 policy requiring a person's placement or retention in isolation based solely upon his or her
18 commitment offense or sentence.

19       9.     Within 90 days, Defendants shall ensure that all persons in isolation are
20 offered at least two hours of out-of-cell time every day. The only exception to this shall be
21 if a person is on mental health watch and a psychiatrist or psychologist affirmatively
22 determines on a given day that such out-of-cell time is clinically contraindicated on that
23 day.

24       10.    Within 90 days, Defendants shall end the practice of nocturnal illumination
25 in cells in isolation units.

26       11.    Within 120 days, isolation shall be used only when no alternative
27 disposition would be adequate to control the incarcerated person's behavior and only in
28

-11-

1  circumstances where no other available form of housing will accomplish the required
2  levels of safety and stability.
3      12.    Within 180 days, no person with mental illness shall be placed into
4  isolation.
5      13.    Within 180 days, no person under the age of 18 shall be kept in isolation for
6  more than 4 hours.
7      14.    Within 180 days, no person shall be kept in isolation for more than 15 days.
8      15.    Within 120 days, Defendants shall have in place procedures to ensure that
9  effective security checks are completed in every isolation unit twice every hour, no more
10 than 40 minutes apart.
11     16.    Within 180 days, Defendants shall have in place procedures to protect
12 persons who are engaging in self-harm without the use of force.
13     17.    Within 180 days, Defendants shall ensure that all persons in isolation have
14 adequate light (including natural light), ventilation, nutrition, and sanitation.

### III.   Procedural Remedies

1.   The Court shall appoint a Receiver to manage the health care operations of ADCRR. The Receiver shall have all the powers of the Director of ADCRR that relate to health care, including the power to hire, terminate, and contract for personnel and to submit budget requests to the Legislature. Within 30 days the parties shall nominate up to two candidates for this position and shall submit a CV for each person nominated as well as a proposed order appointing the Receiver. Upon appointment, the Receiver shall develop and implement a plan to comply with this Injunction in order to remedy the constitutional violations in the least intrusive and least expensive manner reasonably possible, provided that the Receiver shall have the discretion to decide whether to hire the experts required by paragraphs I.7-10 and to determine which experts to employ. If the Receiver determines that any existing Arizona state laws will prevent Defendants from providing Plaintiffs the relief to which they are entitled under Federal law, the Receiver shall so report this to the Court within 30 days of making such a determination.

155646423

2. The Court shall appoint an expert pursuant to Federal Rules of Evidence, Rule 706 to report to the Court on Defendants' progress in meeting the provisions of the Injunction with regard to isolation and, if the Court does not appoint a Receiver, with regard to health care. The expert shall develop a plan for monitoring this Injunction, including the necessary personnel, if any. The plan shall be submitted within 60 days of appointment.

3. Plaintiffs' counsel shall have regular access to facilities, documents and staff necessary to monitor Defendants' compliance with this injunction. Such access shall be no less than that provided in the parties' Stipulation, Doc. 1185.

4. Plaintiffs' counsel shall have regular and continuing access to confidential phone calls and meetings with class members.

5. Plaintiffs' counsel shall continue to have remote, read-only access to Defendants' electronic health records system.

6. The parties shall agree on the content of a monthly document production from Defendants. If the parties are unable to agree, the matter shall be submitted to the Court for resolution.

7. As the prevailing parties, Plaintiffs are entitled to fees and costs consistent with applicable law. The parties shall attempt to negotiate and resolve the amount of fees and costs within 60 days of this Injunction. If negotiations fail, Plaintiffs shall bring a motion for attorneys' fees within 120 days from the date of the Injunction.

8. The Court finds that the foregoing relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. To the extent any relief may violate state law, the Court finds Federal law requires such relief to be ordered in violation of State law, the relief is necessary to correct the violation of a Federal right, and no other relief will correct the violation of the Federal right.

155646423

9.  This Court shall retain jurisdiction over this action until such time as the Court is satisfied that all constitutional violations found herein have been fully, effectively, and durably remedied.