1  Daniel P. Struck, Bar No. 012377
   Rachel Love, Bar No. 019881
2  Timothy J. Bojanowski, Bar No. 022126
   Nicholas D. Acedo, Bar No. 021644
3  STRUCK LOVE BOJANOWSKI & ACEDO, PLC
   3100 West Ray Road, Suite 300
4  Chandler, Arizona 85226
   Telephone: (480) 420-1600
5  Fax: (480) 420-1695
   dstruck@strucklove.com
6  rlove@strucklove.com
   tbojanowski@strucklove.com
7  nacedo@strucklove.com

8  *Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Shawn Jensen, et al., | NO. CV-12-00601-PHX-ROS |
|---|---|
| Plaintiffs, | |
| v. | **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY RE: FINDINGS OF FACT AND CONCLUSIONS OF LAW (DKT. 4309)** |
| David Shinn, et al., | |
| Defendants. | |

In their proposed Findings of Fact and Conclusions of Law, Defendants cited and relied on the district court's order in *Balla v. Idaho State Board of Corrections*, 2020 WL 2812564 (D. Idaho May 30, 2020), which terminated a court-ordered injunction involving systemic Eighth Amendment violations. (Dkt. 4309 at 21, 24; Dkt. 4315 at 67.) Defendants give notice that, on March 22, 2022, the Ninth Circuit affirmed that order. *See Balla v. Idaho*, 29 F.4th 1019 (9th Cir. 2022). Of note, the Ninth Circuit held:

> The district court applied the appropriate legal standards, and we find no clear error in its findings of fact. The district court found that defendants were not deliberately indifferent to the serious medical needs of patients in the Medical Annex. It considered conflicting testimony from medical professionals on the adequacy of care in the Medical Annex, and concluded that the witnesses who saw problems with the level of care in the Medical Annex were applying a standard of care higher than that required by the Eighth Amendment deliberate indifference

standard. The court found the testimony presented by both sides to be medically acceptable and decided that the difference in opinion between medical professionals on the adequacy of the medical care did not rise to the level of deliberate indifference. The court also concluded that "[t]he NCCHC accreditation," and defendants' completion of the modified compliance plan, "while not determinative, constitute substantial evidence of adequate medical care."

The district court correctly looked to *Toguchi*'s "high legal standard" beyond malpractice or gross negligence and found no deliberate indifference. *See* 391 F.3d at 1060. Following *Edmo*, the district court gave due consideration to the community standard of care and the ways in which care at the Medical Annex might not meet it. Considering the record before it, the district court did not clearly err in finding no evidence that the ISCI medical staff made choices in conscious disregard of an excessive risk to the plaintiffs' health. *See Edmo*, 935 F.3d at 786. Accepting these findings, the conditions at the Medical Annex do not rise to the level of an Eighth Amendment violation because there is no deliberate indifference.

*Id*. at 1019.

DATED this 14th day of April, 2022.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/ Daniel P. Struck
Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alisha Tarin-Herman | atarinherman@perkinscoie.com |
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Austin C. Yost: | ayost@perkinscoie.com; docketPHX@perkinscoie.com |
| Corene T. Kendrick: | ckendrick@aclu.org |
| Daniel Clayton Barr: | DBarr@perkinscoie.com; docketphx@perkinscoie.com; sneilson@perkinscoie.com |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| John Howard Gray: | jhgray@perkinscoie.com; slawson@perkinscoie.com |
| Karl J. Worsham: | kworsham@perkinscoie.com; docketphx@perkinscoie.com |
| Kathryn E. Boughton: | kboughton@perkinscoie.com; docketphx@perkinscoie.com |
| Kelly Soldati | ksoldati@perkinscoie.com; docketphx@perkinscoie.com |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sophie Jedeikin Hart | sophieh@prisonlaw.com |
| Victoria Lopez: | vlopez@acluaz.org |

1 | I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

3 | N/A

4 | /s/ Daniel P. Struck