# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, | No. CV-12-00601-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, | |
| Defendant. | |

The Court previously appointed Dr. Marc F. Stern as an expert to assist in crafting the remedial injunction. (Doc. 4352). Dr. Stern identified Bart Abplanalp, Ph.D, and John-Michael C. McGrath as qualified individuals to assist him in addressing the mental health and maximum custody aspects of the injunction. The parties have no objection to the appointment of these individuals. (Doc. 4354). Therefore, the Court will appoint both individuals at their identified hourly rates. In addition, the Court will authorize payment of the expenses incurred by Plaintiffs' experts in conferring with Dr. Stern and his associates.

In conducting his work Dr. Stern has had contact with representatives of the Arizona Department of Corrections, Rehabilitation, and Reentry as well as its current and incoming private healthcare contractors. Ex parte communication with those individuals was anticipated and Dr. Stern was instructed to work through defense counsel when contacting such representatives. Dr. Stern recently informed the Court that Director Shinn contacted Dr. Stern to arrange a meeting. Defense counsel are aware of that contact and proposed

meeting but, in an abundance of caution, if either side has objections to Dr. Stern meeting with any ADCRR official, or an official with the private healthcare contractors after obtaining permission from defense counsel, they must file a document setting forth the basis for their objection.

A class member filed a motion seeking a copy of the Court's Findings of Fact and Conclusions of Law. (Doc. 4357). The parties will be required to confer and file a joint notice indicating how notice of the Order should be disseminated to class members and the method by which interested class members will be able to request a copy of the Court's Order. For example, instead of providing each prisoner a copy of the Order, the parties should consider ensuring a copy of the Order is available in each unit. The cost of notice and any copies will be borne by Defendants. Notice to the class must further explain that if any prisoner believes they are not receiving appropriate medical care, that prisoner should not file a motion in the class action. Instead, the prisoner may only seek relief by filing an individual action.

Finally, a class member requested leave to file an amicus brief providing "new claims and information" regarding conditions. (Doc. 4360). If appropriate, any additional information must be submitted through class counsel. Therefore, the request to file an amicus will be denied.

Accordingly,

**IT IS ORDERED** the Court appoints Bart Abplanalp, Ph.D, as an expert in this matter pursuant to Federal Rule of Civil Procedure 706 at a rate of $300.00 per hour. The Court also appoints John-Michael C. McGrath as an expert in this matter pursuant to Federal Rule of Civil Procedure 706 at a rate of $225.00. Plaintiff's experts will be reimbursed, at the hourly rate they previously charged, for any discussions they have with Dr. Stern or his associates.

**IT IS FURTHER ORDERED** if either party has an objection to Dr. Stern meeting with any ADCRR official, that party must file a statement setting forth the basis for the objection no later than **September 16, 2022**.

**IT IS FURTHER ORDERED** the Motion for Free Copy (Doc. 4357) is **DENIED**. The parties shall confer and determine the appropriate notice for class members and the manner in which class members may access a copy of the Court's Order. The parties must file a Notice no later than **September 23, 2022**, as detailed herein.

**IT IS FURTHER ORDERED** the Motion to File Amicus (Doc. 4360) is **DENIED**.

Dated this 9th day of September, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge