☒ FILED   ☐ LODGED

# DEC 05 2022

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

Patrick Bearup #136226
ASPC-E-Rynning
PO Box 3100
Florence, AZ 85132

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Shawn Jensen, et al.,
            Plaintiffs,

v.

David Shinn, et al.,
            Defendants,

No. CV-12-00601-PHX-ROS

Letter To The Court

Patrick Bearup is a Class Member in the above titled action before this court.

Pursuant to F.R.Civ.P. 24(a)(2), Patrick Bearup moves to ask this Court to

accept his attached Letter To The Court and add it to the record for this action

so that his interest in the action is recorded for any future motion or appeal.

(Attached Exhibit A)

Prepared By:

12-4-22

Dr. Patrick Bearup

EXHIBIT A

LETTER TO THE COURT

Hon. Roslyn O. Silver
Senior United States District Judge

My name is Patrick Bearup, I am currently incarcerated at the Arizona Department of Corrections (ADC) Rynning Unit in Florence, Arizona. I have been incarcerated in the ADC since February 5, 2007. From that date until July 19, 2017, I was housed at the ADC Super Maximum Browning Unit due to my sentence, not behavior. It was only after a litigation settlement that the ADC agreed to reclassify me to Level 4 Close Custody (High Custody hereafter) (See Bearup V. Ryan CV-15-2299-PHX-DLR(MHB).

Upon my reclassification to High Custody and move to Central Unit in Florence, Arizona, I enjoyed freedoms that included but are not limited to: Weekly Religious services, a 40 hour per week job, unstructured out of cell time called "Table Time" for up to 12 hours per day, and various structured socialization programs with the approximate 85 inmates of my population. Most of these benefits were derived from the original Parsons Settlement Agreement, even though High Custody was not the custody level addressed in specifically for out of cell time in the Settlement.

After almost five years of model inmate behavior at Central Unit, the new ADC Director, David Shinn, has reversed the direction of the ADC and has now locked myself and my population at Rynning Unit in cell for up to 22 hours per day. Even though we are not Maximum Custody, nor exhibit the bad behavior en masse, like most General Population High Custody inmates. While I understand that your pending Injunction for out of cell time does not include High Custody, it is readily apparent that the ADC will soon provide more out of cell time to Maximum Custody inmates than they do High Custody inmates. I fear the ADC will merely reclassify Maximum Custody inmates to High Custody in order to circumvent your Injunction, and further isolate inmates in cell. As a man who spent almost a decade in solitary confinement, I know all too well of the physical and mental anguish that occurs under such a living environment. It is therefore my plea to this Court that you consider language in your Injunction to include protections for unstructured out of cell time (Table Time) for Class Members like myself who were reclassified to High Custody from Maximum Custody with no path to reclassify to a lower custody more open yard due to sentence.

Thank You For Your Time In This Matter,

12-4-22

Dr. Patrick Bearup D.Th., D.Rel.Ed.