**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, | No. CV-12-00601-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, | |
| Defendant. | |

Defendants, joined by non-party Naphcare Inc., seek a 45-day extension of the current February 10, 2023, deadline to submit objections to the proposed injunction. A more limited extension is appropriate.

Following trial in late 2021, the Court issued its Findings of Fact and Conclusions of Law on June 30, 2022. The Court subsequently appointed Dr. Stern, an expert proposed by Defendants, to assist with drafting the injunction. Dr. Stern, and other subject matter experts, then spent months working with both parties to identify appropriate terms of the proposed injunction. That work included extensive contact with ADCRR staff and, in fact, some of Dr. Stern's suggestions were based on suggestions from ADCRR staff. Thus, as the Court previously noted, the proposed injunction likely does not contain any "requirements that surprise Defendants." (Doc. 4380 at 4).

Despite Defendants already knowing the terms of the expected injunction, the Court gave them thirty days to file written objections. Defendants now claim they need additional time because "Arizona has a new Governor, Attorney General, and [ADCRR]

1  Director." (Doc. 4386 at 2). Those are significant changes, but it has been six months
2  since the Court documented numerous long-standing unconstitutional conditions imposed
3  on the class and subclass. Many of those conditions present matters of life and death and
4  Defendants should already be prepared for the large-scale changes that will be necessary
5  to remedy those unlawful conditions. While the Court continues to assume Defendants'
6  good faith, continued delays are not acceptable. An extension until March 10, 2023, will
7  be sufficient for Defendants to prepare and file their objections.

8   Many of the unconstitutional conditions can be attributed to the lack of adequate
9  staffing. The proposed injunction contemplates large increases in the number of medical,
10 mental health, and custody staff. Defendants likely will disagree about the precise
11 number of staff that should be required, but based on the trial, a significant increase of
12 staffing will be required and, again, should be no surprise to Defendants. To ensure
13 Defendants' requested extension does not cause undue delay once the final injunction is
14 in place, the Court will require Defendants file a statement regarding staffing by the
15 original deadline for their objections.

16  Defendants' statement must set forth the current staffing numbers, broken down
17 into staffing for medical care, mental health care, and custody staff. The data should be
18 formatted similar to the charts used in the Findings of Fact and Conclusions of Law.
19 (Doc. 4335 at 182-186, 188-193). All staffing numbers should indicate the number of
20 hired staff as well as the number of vacant positions at each facility. The statement must
21 also set forth the steps Defendants have already taken in the last six months to increase
22 staffing, the result of those efforts, and the barriers that are preventing the hiring of all
23 necessary staff.

24  Accordingly,

25  **IT IS ORDERED** the Motion for Extension of Time (Doc. 4386) is **GRANTED**
26 **IN PART**. The parties and Naphcare shall file their objections no later than **March 10,**
27 **2023**.

28  …

**IT IS FURTHER ORDERED** no later than **February 10, 2023**, Defendants shall file staffing information as set forth above.

Dated this 20th day of January, 2023.

_____
Honorable Roslyn O. Silver
Senior United States District Judge