IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen,<br><br>  Plaintiff,<br><br>v.<br><br>Ryan Thornell,<br><br>  Defendant. | No. CV-12-00601-PHX-ROS<br><br>**ORDER** |

Based on discussions with the Court's experts, the parties have submitted proposed revisions to the Draft Injunction. (Doc. 4402). One of the revisions proposed by the parties is found in Section 1.17. (Doc. 4402-1 at 14). That section contemplates the appointment of experts to conduct a staffing analysis as to medical and mental health care positions. To select the experts, Section 1.17 states "[t]he parties shall attempt to reach agreement on experts, but if no agreement is reached, the parties shall submit the names and qualification of proposed experts within 14 days of this Order." As relayed to the Court-appointed experts, the parties' intent in proposing this language is to require the Court select the parties' joint nomination or select exclusively from those proposed by the parties. In other words, the Court would be required to appoint the expert proposed by the parties or select from the parties' lists, even if the Court concluded the proposed experts were not qualified or were inappropriate for other reasons.

This potential limitation also leads the Court to question the parties' intent regarding the remainder of Section 1.17. The remainder of Sections 1.17 provides "[t]he staffing

analysis and plan shall be filed with the Court within six months from the date of this Order. The plan shall contain recommendations that shall be reviewed and, if approved, ordered by the Court." As written, this provision makes clear the Court retains the authority to modify the experts' recommendations and accept or reject the entire staffing plan.

The parties will be required to file a joint statement clarifying the meaning of the two portions of Section 1.17. The parties' joint statement must set forth each side's positions on the following:

1. Is the intent of Section 1.17 to limit the Court's discretion to appoint only those experts identified by the parties?
2. Do the parties have objections to the Court using the already-appointed experts to conduct the staffing analysis? If so, what are those objections?
3. Does the Court retain authority to modify the expert's recommendations and to accept or reject the entire staffing plan?

Upon receipt of the joint statement the Court may set a hearing.

Accordingly,

**IT IS ORDERED** no later than **April 3, 2023**, the parties shall file a joint statement as set forth above.

**IT IS FURTHER ORDERED** the Motion to Intervene by a class member (Doc. 4400) is **DENIED**.

Dated this 30th day of March, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge