IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen,<br><br>        Plaintiff,<br><br>v.<br><br>Ryan Thornell,<br><br>        Defendant. | No. CV-12-00601-PHX-ROS<br><br>**ORDER** |

On March 17, 2023, the parties filed a "stipulation" explaining they were able to "come to an agreement with each other" and they agreed "that if the Court enters the injunction" in the form they submitted, "neither party will appeal the order, in whole or in part." (Doc. 4402 at 2). The Court subsequently sought clarification regarding one provision of the proposed injunction. (Doc. 4404). The parties' joint statement explains the intent of that provision. (Doc. 4405). Based on that statement, the Court is prepared to enter a Permanent Injunction in the revised form filed by the parties on March 17, 2023. Before doing so, however, the Court must clarify one procedural matter.

Parties litigating a class action must obtain Court approval when any "claims, issues, or defenses" are "settled, voluntarily dismissed, or compromised." Fed. R. Civ. P. 23(e). Before accepting any such agreement, the Court must assess the need for notice to class members and allow class members to object. Fed. R. Civ. P. 23(e)(1), (5). These procedures seek "to protect the nonparty class members from unjust or unfair settlements affecting their rights when the representatives become fainthearted before the action is

adjudicated." Wright and Miller, Fed. Prac. & Proc. Civ. § 1797; *see also Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. 2020) (noting court must ensure "unnamed class members are protected from unjust or unfair settlements affecting their rights").

Here, the parties' "stipulation" regarding the terms of the final injunction includes their agreement that neither side will appeal provided the Court enters the proposed injunction. This could be viewed as reflecting an agreement that triggers the procedural protections of Rule 23. However, the parties' proposed injunction is very similar to the injunction proposed by the Court. In addition, the parties' proposed changes were discussed with the Court-appointed experts and those experts have agreed the terms are acceptable. Thus, the terms of the parties' proposed injunction are not solely the product of an agreement between the parties but rather those terms represent slight variations on the precise relief the Court intended to impose.

In these circumstances, the Court does not believe Rule 23(e) applies. However, out of an abundance of caution, the Court will require the parties to confer and provide their positions on this issue.

Accordingly,

**IT IS ORDERED** no later than **5:00 p.m.** on **April 6, 2023**, the parties shall file a joint statement addressing the applicability of Federal Rule of Civil Procedure 23(e).

Dated this 4th day of April, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge