**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen,<br><br>        Plaintiff,<br><br>v.<br><br>Ryan Thornell,<br><br>        Defendant. | No. CV-12-00601-PHX-ROS<br><br>**ORDER** |

      The Court's Findings of Fact and Conclusions of Law recognized expert assistance was necessary to craft an injunction to remedy the constitutional violations found at trial. (Doc. 4335 at 179). In August 2022, before final judgment was entered, the Court reiterated the need to appoint experts to assist in crafting the final injunction and appointed Dr. Marc F. Stern. (Doc. 4352). At that time, the Court indicated it would use the "the contempt sanctions held in the Court's registry to pay the experts." (Doc. 4352 at 1).

      On March 7, 2023, the Court informed the parties Dr. Stern wished to retain two individuals to perform administrative tasks connected with monitoring Defendants' compliance with the injunction. In that Order, the Court instructed the parties to file any written objections to the appointment of those two individuals. The March 7 Order also stated "Defendants will be responsible to pay the experts and their support staff after judgment is entered." (Doc. 4395). Defendants did not file any objection to the two individuals, nor did Defendants file any objection to paying the experts and support staff after judgment was entered.

The Court entered the final injunction and judgment on April 7, 2023. (Doc. 4411). The final injunction does not explicitly state Defendants must pay the fees and expenses of the experts and their staff. However, given Defendants' liability and the Court's prior statements, there is little doubt the parties understood that such payment by Defendants would be required. To that end, the Court-appointed experts and Defendants have discussed how Defendants would pay the experts' fees. The Court understands the experts and Defendants have reached an agreement regarding the submission and payment of invoices. To ensure clarity, however, the Court will formally state Defendants are responsible for payment of the reasonable fees and expenses of the experts and their staff. Unless the experts, staff, and Defendants agree to an alternative process, the experts and staff shall submit invoices to Defendants and those invoices must be paid on a monthly basis.

Finally, multiple individuals have filed documents complaining of conditions or seeking some form of relief. Those motions will be denied. Prisoners, whether in state-operated facilities or in private facilities, are reminded that if they wish to obtain specific relief, they must file their own lawsuits and not file documents in this case.

Accordingly,

**IT IS ORDERED** the Motion Concerning Techcare Breach (Doc. 4426), Motion for Clarification (Doc. 4430), Motion for Ancillary Jurisdictional Relief (Doc. 4432), Motion for Help (Doc. 4436), and Emergency Motion for Protection Order (Doc. 4437) are **DENIED**.

**IT IS FURTHER ORDERED** the Clerk of Court must open the following documents as separate civil actions:

1. Notice re Medical Civil Rights Violations filed by Mr. Lara (Doc. 4423);
2. Motion Concerning Techcare Breach by Mr. Tripati (Doc. 4426);
3. Notice to the Court re: Medical Care filed by Mr. Lindley (Doc. 4428);
4. Notice to the Court re: Medical Care filed by Mr. Chala (Doc. 4429);
5. Motion for Clarification with Declaration filed by Mr. Martinez (Doc. 4430);

1      6. Notice re: No Copying Capabilities and Motion for Ancillary Jurisdiction (Doc. 4431, 4432) shall be opened in a single action;

     7. Notice re: Medical Indifference filed by Mr. Settles (Doc. 4433);

     8. Notice re: Wheelchair filed by Mr. Baker (Doc. 4434);

     9. Notice re: Hazardous Condition by Mr. Tripati (Doc. 4435);

     10. Notice of No Treatment by Mr. Barquera (Doc. 4436); and

     11. Emergency Motion for Protection by Mr. Young (Doc. 4437).

Dated this 8th day of June, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge

- 3 -