Andres de la Torre #218066
A.S.P.C-eyman-SMU1
PO BOX 4000 FLORENCE, AZ 85132

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

Jensen et al.,
PLAINTIFF          CASE NO. 12-CV-0601-PHX-ROS

THORNELL/SHINN    MOTION TO INTERVENE/PRELIMINARY
DEFENDANT          INJUNCTION

COMES NOW PLAINTIFF de la Torre in pro.per hereby asks this court to IMPLEMENT/ENFORCE or INTERVENE and ISSUE AN INJUNCTION ORDERING THE ARIZONA DEPT OF CORRECTIONS DIRECTOR THORNELL/SHINN to DISMANTLE its UNCONSTITUTIONAL BARBARIC PRACTICES and TREATMENT of its SOLITARY CONFINEMENT "A30" HOUSING UNIT AT ASPC-eyman smu1 FLORENCE, ARIZONA AS SOON AS POSSIBLE.

1.) DECLARE SPECIAL SECURITY UNIT ("SSU") DPS, FBI and SMU-I (PC) HOUSING "A30 CONDITIONS AS UNCONSTITUTIONAL.
2.) PRODUCE its HANDBOOK Regarding its policies and procedures
3.) DISCLOSE FINAL COURT ORDER IN CRAGER JR. v. PITZ 19-CV-4532 ROS, TO ALL (PC) PRISONERS Regarding staff MISCONDUCT.
4.) ORDER AN INDEPENDENT INVESTIGATION of ON-GOING RETALIATORY MISCONDUCT TORTURE and ABUSE IN (ADOC) SMU-I (PC) MAXIMUM CUSTODY "A30" EXPERIMENTAL BLACKSITE

Page 1

5. Disclose ("de la Torre's") prison AIMS file, institutional file, and master AIMS file to determine the severity and performances of the situation he is currently in. All-to-from, memos regarding ("ADC") officials, "DPS" officers/investigators and "FBI'S", SMU-II ("PC") maximum custody "Experimental Blacksite" "A30"

## Memorandum of Points and Authorities

An injunction may be granted when the movent shows that he is likely to succeed on the merits that he is likely to suffer irreparable harm in the absense of preliminary relief that the balance of equities tips in his favor and that an injunction is in the publics interest. Am Trucking Ass.ns, Inc v. Cit of Los Angeles 559 F.3d 1046, 1052 (9th Cir 2009)

A preliminary injuction is an extraordinary and drastic remedy and should not be granted unless the movant by a clear showing carries the burden of persuasion. Lopez v. Brewer 680 F.3d 1068, 1022 (9th Cir 2012)

("de la Torre") is asking for a mandatory preliminary injuction which is subject to heighten scrutiny and should not be issued unless the facts and law clearly favor the moving party. Dabiv. Henpharmaceuticals Corp. 7 F.3d 1399, 1403 (9th Cir. 1993)

Page 2

I ("de la Torre") is likely to succeed on the merits.

"de la Torre" is a class action representative in Jensen v. Shinn, and is part of a subclass in the present litigation ("de la Torre") is currently confined to solitary confinement housed in Arizona's debilitating Eyman-SMU-I ("ASU") in Florence, Ariz.

("de la Torre") alleges that the Arizona Dept of Corrections (ADC) implements a policy and practice of time under excessively harsh conditions and must have been aware that the denial of meaningful human contact for an extended time without programming will cause severely psychological and physical injury. ("de la Torre") has been in solitary confinement since June 2018 approx - five years, with no meaningful review of his conditions of confinement. In ("2021") ("de la Torre") was placed on a secret list to be transferred to Florence Browning Enhance Security solitary confinement (ADC) failed to provide meaningful procedural protections when placing prisoners in "SMU-I" ("P.C.") maximum custody experimental Blacksite, in ("2017") ("de la Torre") was placed on a terrorist watch list based on contrived unreliable, flawed and fabricated evidence from confidential informants in violation of the Fourteenth Amend. Due process guarantees, the investigative agencies are either employed for "ADC" or the Arizona Attorney General's office. [SEE: State of Arizona v. Bastain CR2016-148536-002, SW 2017-006109 warrant]

Page 3

When "de la Torre" arrived to SMU-I ("FBI") and ("ADC") officials engaged in a pattern of retaliatory misconduct. He was placed in a pod within direct, earshot and visual of the same confidential informants ("CI's"), participated in the botched investigation and that had assisted the ("FBI") and ("SSU") officials, it was later determined through court records that the ("CI's") and the investigative agencies had developed inappropriate relationships and conspired to plant and manufacture evidence against the targeted suspects, when the ("FBI") attempted to speak to "de la Torre" in (2017) he invoked his Fifth Amend. right to remain silent and requested a lawyer.

("ADC") prison officials routinely lie about information from the so-called confidential sources, coach, use intimidation and incentives to gather information and use that information [in secret] to send people to its notorious torture chambers at "SMU-I" ("PC")("A30") maximum custody experimental blacksite. The habit in which ("SSU") obtains its intelligence is flawed and unreliable, and creates an ongoing violation of "de la Torre's" constitutional rights to a meaningful opportunity to be heard in the context of their ability to refute the veracity of the evidence used to avoid harsher conditions "de la Torre" is subjected to

Page 4

CONSTANT RETALIATION Harrasment and Round THE Clock SURVEILLANCE, SPIEd ON BY ("DPS"),("SSU") and ("FBI") CONFIDENTIAL INFORMANTS. USING UNRELIABLE INFORMATION TO Keep "de la Torre" IN MAXIMUM CUSTODY.

("ADC's") SMU-I("PC") MAX CUSTODY EXPERIMENTAL "BLACKSITE" OPERATES BY NO OFFICIAL SET OF POLICIES OR Procedures and provides NO RECOURSE TO TRANSITION OUT OF THIS BLACKSITE, THIS "A30" CONSIST OF SIXTEEN INMATES INCLUDING ALL TARGETED SUSPECTS IN THE BOTCHED TERRORISM INVESTIGATION, "de la Torre" WAS ADVISED THAT THIS Program WAS/IS Controlled BY ("SSU") OFFICIALS AT CENTRAL OFFICE, "de la Torre" WAS NOT TOLD WHY he WAS TRANSFERED FROM LEWIS WHERE THE ADCRR's DESIGNATED Protective Custody UNIT IS LOCATED REFERED AS "RAST MAX UNIT" NOR WAS he TOLD ABOUT THE Severity and PERMANANCY OF THE SITUATION he IS Currently IN.

("SINCE 2017") ("SSU") and ("FBI") OFFICIALS USE ("CI's") TO DISSEMINATE PERSONAL MISINFORMATION and MISLEADING INFORMATION TO HUMILIATE, ALIENATE INTIMIDATE and Cause DISTRUST AMOUNGST THE Prison POPULATION TO DIVIDE and CONQUER. THIS STAFF MISCONDUCT WAS Raised and litigated IN THIS COURT IN "Crayotr V. PITZ - 19-CV-4532 ROS" BUT Probably NOT THIS DETAILED

PAGE 5

Since this court issued its June 30, 2022 Findings of Fact and Conclusion of Law Identifying Constitutional Violations in the Provision of Healthcare and in Housing Certain Prisoners in Isolation (Doc. 4335) Jensen v Thornell / SHWN. Order and Permanent Injunction.

I ("de la Torre") have been reclassed to a lower custody ("Close/High custody") approved and finalized on July 13, 2023 per Jensen v SHWN court order and injunction PG. 66, 29.3 The classification monitor shall re-house inmates within ten (10) days to the respective earned custody level and afforded all respective appropriate privledges ("de la Torre" is a close (High) custody inmate housed in a maximum unit. "de la Torre" has attempted to write lawyres ACLU, SMU 1 Administration, Division Director, Complex Warden to get redress to no avail. de la Torre alledges retaliation by ADCRR's staff to keep him in solitary confinement hamper all efforts to get redress, access court monitors and attorneys by losing, throwing away legal mail, inmate letters. Incoming outgoing This is limiting our access to the courts.

"de la Torre" has attempted to get redress threw administrative remedies, legal mail before asking this Honorable court for intervention.

PAGE 6

("de la Torre") ASK THIS COURT TO PROVIDE HIM COMPLIANCE MONITORS NAME, EMAIL, ADDRESS TO CORRESPOND WITH TO ADDRESS ISSUES and TO HOLD SMUI ADMINISTRATORS ACCOUNTABLE TO BRING LIGHT TO THE HARSH CONDITIONS and TO MOVE ADCRR DIRECTOR TO FOLLOW, IMPLEMENT THE Jensen V. SHINN COURT ORDER and INJUNCTION TO INSURE THAT THE "A30" LOCATOR CODE AT ADCRR SMUI ARE TRANSFERRED WITH IN THE TEN (10) DAYS TO A LOWER CUSTODY OUT OF MAXIMUM CUSTODY AND AFFORDED THE RESPECTIVE AFFORDED PRIVILEDGES THANK YOU FOR YOUR TIME.

DATED AUGUST 22, 2023

RESPECTFULLY SUBMITTED,
Andres de la Torre

Andres de la Torre
#218066
A.S.P.C-eyman
SMU-I ("A30")
FLORENCE, ARIZ

Norberto Carrasco-Cance #131401
ASPC-Eyman. SMU-I
P.O. Box 3400 Florence, AZ 85132

PAGE 1