FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 3 0 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1 Jeffrey L. Graybill, ADCRR # 267381
2 A.S.P.C. Kingman Huachuca 283L
3 P.O. Box 6639
4 Kingman, AZ 86402
5
6        IN THE UNITED STATES DISTRICT COURT
7            FOR THE DISTRICT OF ARIZONA
8
9 Shawn Jensen,                | No. CV-12-00601-PHX-ROS
10        Plaintiff,            | Request to add a Subclass
11 v.                           | Member - Jeffrey L. Graybill
12 Ryan Thornell,
13        Defendant.
14 _____

15    I, Jeffrey L. Graybill, an Arizona Dept. of Corrections,
16 Rehabilitation and Reentry Inmate since November 7, 2011, ADCRR
17 number 267381, hereby request of the court to be added as a
18 named subclass member in this case (Jensen v. Thornell).
19    To support my request, I am making the following
20 statements of fact in regards to Medical Care, which are supported
21 by this court's Prescott Divisions findings in Graybill v. Erno,
22 Correct Care Solutions, and Charles Ryan (CV-18-08079-GMS-JZB,
23 Doc. 97) and exhausted grievances in ADCRR's Grievance System.
24 In 2017, I was, as many others since, transferred from
25 ASPC Eyman Complex to ASPC Kingman Complex (Private)
26 due to compliance issues in Parsons v. Ryan, now Jensen
27 v. Thornell. On September, 26, 2017, six days after my arrival
28                    -1-

1. at A.S.P.C. Kingman the following was placed in my medical file:
2. "Plaintiff [Graybill] needs to be moved back to a medical
3. yard/unit because "extensive liability exists from DOC/
4. Corizon" and Plaintiff [Graybill] required costly tests,
5. procedures, etc. (Graybill v. Erno et al. Doc. 31 at 16).
6. The note also states that a certain condition [pruritis]
7. might be related to heart or liver issues noted in DOC
8. records. A note written by Director of Nursing (Kingman)
9. dated September 28, 2017, states, "Per COIV we are stuck
10. with Plaintiff [Graybill], ADC will not send back to
11. Corizon due to Parsons compliance issues and related
12. costs." (Graybill v. Erno, et. al., Doc 97, Page 4 at
13. Line 24-27).
14. A.S.P.C. Kingman is not a Medical Unit. My Problems list
15. has only grown in the 6 years since I was transferred to avoid
16. compliance issues with this case. Unlike all other ADCRR
17. complexes, there is no Electronic Health Records system in
18. Kingman. This has greatly affected the quality and quantity
19. of health care needs and follow-up for myself and all ADCRR
20. inmates housed at ASPC Kingman. I have not received
21. prescribed medications timely in 6 years (Graybill v. Erno
22. Docs 22, 31, 93)(ADCRR Grievances Case numbers 23-057226,
23. and 23-059279 as most recent). There are subclass members
24. housed at ASPC Kingman who are being treated slightly better,
25. though certainly no where near as required, since the April
26. 7th order (Doc. 4410). By adding more subclass members who
27. are housed at "Private Prisons" it is our hope that the Defendants will act.
28.

-2-

1   In July, 2023, I and 18 other inmates at ADCRR Kingman
2   Huachuca submitted an "Eywitness Account" in regards to the
3   lack of action from Defendants in compliance with Doc. 4410.
4   There was confusion in our interpretation of "all prisoners"
5   and "subclass" at that time. This account is Doc. 4448. As
6   we described in that document (4448) conditions, now ruled
7   unconstitutional (Doc. 4367 and 4410), in regards to medical,
8   building conditions, food, Pest Control, etc. are actually
9   worse at this facility - A.S.P.C. Kingman Huachuca. While
10  stating they (defendants) will bring this unit up to par
11  with court orders, they also state that while there are minimum,
12  medium and high custody inmates all here, there are only a few sub-
13  class and no class members here, therefore, once changes are implemented
14  at facilities housing class members, they'll eventually expand to include
15  "all prisoners." This is not what the court ordered, in our interpretation,
16  on April 7th. If there are already subclass members housed at
17  a facility, we feel the facility needs to abide by the Court's
18  orders in this case. Actions ruled unconstitutional for some ADCRR
19  Prisoners would be ruled unconstitutional for all. To avoid potentially
20  thousands of new cases with the rulings in this case of Jensen v.
21  Thornell as presidence we feel the court to be better suited to add
22  subclass members in this 1 class action civil matter.
23      Thank you for your consideration.
24      Dated this 22nd Day of August, 2023.
25
26          *Jeffrey J. Traylill*
27          ADCRR Inmate #267381
28              -3-