THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _CIVLR 5471 (ALL)_
                (Rule Number/Section)

✓ FILED           ___ LODGED
___ RECEIVED      ___ COPY

SEP 1 8 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Arron S. Bossardet #197100
ASPC-Tucson/Manzanita
P.O. Box 24401
Tucson, Az 85734

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al., <br> Plaintiffs, <br><br> v. <br> Ryan Thornell, et al., <br> Defendants. | No. CV-12-00601-PHX-ROS <br><br> CLASS PLAINTIFF'S (Arron S. Bossardet) <br> MOTION FOR CONTEMPT AND SANCTIONS <br> FOR VIOLATIONS OF PERMANENT <br> INJUNCTION ORDER |

    Arron S. Bossardet ("Bossardet") is an ADCRR prisoner and a class Plaintiff in the above entitled action. Bossardet hereby moves for a finding of contempt of Court and sanctions against the Defendants for violating the Order of this Court at Doc. 4410 ("the Order"). Bossardet files this motion pro se pursuant to Fed. R. Civ. P. Rule 23 (d)(1)(B)(iii), because Plaintiff's class counsel has failed to move on the following violations despite notice; as will be demonstrated in the following.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I. BACKGROUND

On 4-7-2023, this Court Filed an Order and Permanent Injunction (Doc. 4410). The Court emphasized the need for specificity in the order because of the Defendants' unsatisfactory past behavior, and unwillingness to abide by their settlement agreement. (Doc. 4410, pp. 4-5). This motion focuses on two provisions of the Order.: A.) communications with the Court-appointed monitors and B.) prisoner's access to their medical records, along with prisoner's ability to purchase their records.

### A.) <u>Communications with the Court-Appointed monitors.</u>

On 4-7-2023, this Court ordered the Defendants to design and implement a mechanism for prisoners to submit confidential communications to the Court-appointed monitors. The Court gave the Defendants two months from the day the Order was filed to implement the mechanism. (see Doc. 4410, p. 8, lines 12-19). Nevertheless, the mechanism has not been implemented at the Unit where I am housed. (Ex. A, para 4).

There was / is a simple procedure that could have been utilized by the Defendants which would have allowed ADCRR prisoners to communicate with the Court-appointed monitors confidentially, i.e. the Defendants could have provided prisoners with the monitors address and advised mail room staff that out-going mail to said address was to be treated as confidential mail, per D.O. 914.5.2 (Ex. B, pp. 2-3). It appears that the Court's Order alone did not provide the Defendants with the impetus to allow ADCRR prisoners to communicate with

2.

the Court-appointed monitors in a confidential manner.

On 7-22-2023, Bossardet mailed his class counsel a letter in which he explained that the Defendants failed to implement the mechanism for confidential communication between the Court-appointed monitors and ADCRR prisoners. On 8-29-2023, Plaintiff's class counsel responded by sending ~~sending~~ Bossardet a web address for the Court-appointed monitors, despite the fact that ADCRR prisoners do not have access to the internet. (Ex. A, para. 5).

### A-1.) On-going Issues

1.) ADCRR prisoners do not have access to the internet and thus the monitor's web-site.

2.) Assuming the monitors web-site works, prisoners would need to relay information to friends and/or family so the information could be placed on the monitors web-site. Prisoner communications with friends and/or family are not confidential.

3.) Not all Prisoners have friends and/or family who can relay information to the monitors.

4.) The monitors web address was not disseminated to the prison population.


### B.) Prisoner's Access to Their Medical Records

On 4-7-2023, this Court ordered the Defendants to "provide prisoners access to their own medical records...". "Access" was to afford non-indigent prisoners with the opportunity to purchase their medical records at a reasonable per-page fee. The Court put forth a formula

to guide the Defendants to what a reasonable Fee is. The "prevailing prisoner wage" was part of the formula. (Doc. 4410, p. 23, line 10-26).

D.O. 1104.31 informs ADCRR prisoners to submit "a subpoena or an Inmate Letter that identifies  SPECIFIC  portions of the Medical Record to be copied" (emphasis added) when a prisoner looks to obtain copies of his/her medical records. (Ex. B, pp. 4-5).

On 4-17-2023, Bossardet submitted an Inmate Letter ("IL") to Naphcare's medical records clerk, Williams. The IL requested a specific and small number of medical records related to a recent off-site consultation. The IL noted that the JENSEN Court ordered the ADCRR to sell prisoners their medical records, and relevant portions of the Order were cited. The IL further requested that the recipient(s) of the 4-17-2023 IL contact counsel before denying the request. (Ex. A, para. 6).

Later that day (4-17-2023) Williams advised Bossardet that she sent his 4-17-2023 IL to her supervisor, and it was decided that medical records would not be sold despite this Court's Order. (Ex. A, para. 7).

On the same day (4-17-2023) Bossardet submitted IL's to Ryan Thornell, ADCRR Director, and Vanessa Headstream, ADCRR Healthcare Vendor Monitor, to inform them that Naphcare was violating the Order. Bossardet also sent a second request, to purchase the medical records in question, to Erin Morrissy, ADCRR Medical Records Monitor. (Ex. A, para. 8).

On 5-4-2023, Morrissy responded to Bossardet's 4-17-2023 IL. Morrissy's response stated in part, "Your letter will be forwarded to the Legal Department for approval to release records to you." (Ex. A, para. 9).

4.

On 5-9-2023, Morrissey sent Bossardet a second IL response that informed him that "ADC Legal Services" approved his request to purchase Medical Records. Morrissey's response stated that Bossardet would be charged $0.50 cents per page; in violation of the Order, as Bossardet's job paid approx. $0.35 cents an hour. (Ex. A, para. 10).

On 5-12-2023, Williams (records clerk) asked Bossardet to submit an Authorization For Release of Protected Health Information ("ARPHI"), Form 1104-2. Williams told Bossardet the ARPHI would allow Naphcare to release Medical Records - generally - to Bossardet. (Ex. A, para. 11)

On 6-14-2023, Bossardet Filed an Informal Complaint because he had not been sold the Medical Records that he requested - via IL - on 4-17-2023 (Ex. A, para. 12)

On or around 7-3-2023, Bossardet had a meeting with Williams to clear up Naphcare's "confusion" as to what medical Records Bossardet wanted to purchase. Bossardet reiterated that he wanted to purchase the SPECIFIC records that he requested in his 4-17-2023 IL. Williams confirmed that she still had a copy of Bossardet's 4-17-2023 IL. (Ex. A, para. 13)

On 7-10-2023, Myers responded to Bossardet's 6-14-2023 Informal Complaint. Myers' response referenced the records requested in Bossardet's 4-17-2023 IL. Myers' also inferred that Bossardet would be sold said records once compiled. (Ex. A, para. 14).

On the same day (7-10-2023) Bossardet Filed a Grievance because he had not been sold the medical Records that he requested on 4-17-2023. (Ex. A, para. 15).

On 7-22-2023, Bossardet mailed his second letter to class counsel to advise that the Defendants were de facto refusing to sell Medical Records, in violation of the Order. Bossardet also informed counsel that the Defendants claimed they would sell Medical Records at $0.50 cents per page, in violation of the Court Order. Bossardet asked Counsel to enforce the Order. (Ex. A, para. 16).

On 7-31-2023, Miller responded to Bossardet's 7-10-2023 Grievance by vaguely advising Bossardet to follow ADCRR policy when attempting to obtain medical records. (Ex. A, para. 17).

On 8-4-2023, Bossardet filed a Grievance appeal in which he explained that: (1) he already received authorization to purchase his medical records and (2) The Order controlled his request to purchase medical records, NOT D.O. 1104, 3.0. (Ex. A, para. 18).

On 8-4-2023, Bossardet sent Headstream and Morrissey an IL to inform them that: (1) He had not yet been sold any medical records and (2) The ADCRR intended to charge him $0.50 cents a page in violation of the Order. (Ex. A, para. 19).

On 8-4-2023, Bossardet sent a second IL to Morrissey, in which Bossardet requested to purchase additional medical records from a 7-17-2023 follow-up consultation with Dr. Latt, Orthopedist. (Ex. A, para. 19)

On 8-10-2023, Davie responded to Bossardet's 8-4-2023 Grievance Appeal. The response stated in part, " the Manzanita Records Clerk will be calling you to medical today to sign the Inmate Letter requesting the SPECIFIC records you're NOW stating you want." (emphasis added). Bossardet was not called to sign the IL. (Ex. A, para. 20).

6.

On 8-11-2023, Morrissey responded to Bossardet's 8-4-2023 IL, in which Bossardet requested medical records from ~~the~~ his 7-17-2023 consultation with Dr. Latt. Morrissey defacto denied Bossardet's request and asked him to provide a court case number in which he was representing himself. (Ex. A, para. 21).

On 8-14-2023, Morrissey responded to Bossardet's 8-4-2023 IL, in which Bossardet advised that he had not been sold the records he requested on 4-17-2023, and selling copies at $0.50 cents per page violated the Order. Morrissey's response failed to address the issues. (Ex. A, para. 22).

On 8-21-2023, Bossardet sent Headstream an IL in which he requested to have a phone conversation to eliminate four (4) months of "confusion" and obfuscation related to selling prisoners their medical records pursuant to the Order. The IL informed Headstream that Bossardet would move in the JENSEN Court next if the 8-21-2023 IL failed (Ex. A, para. 23)

On 8-28-2023, Headstream responded to Bossardet's 8-21-2023 IL. The response failed to provide relief. (Ex. A, para. 24).

On 8-29-2023, Plaintiff's class counsel responded to Bossardet's 7-21-2023 letter. The response falsely inferred that Bossardet would have to exhaust the grievance process before the Order could be enforced. (Ex. A, para. 25.).

### B-1) ISSUES

#### 1.) Pretend Confusion and Obfuscation

On 5-9-2023, Morrissey informed Bossardet - via IL response - that "ADC Legal Services" approved Bossardet's request to purchase the medical records that he requested in his 4-17-2023 IL. Morrissey did

not require Bossardet to provide an active Court Case number in which Bossardet was representing himself. On 8-11-2023, Morrissey denied Bossardet's 7-17-2023 request to purchase medical records because he did not provide an active Court Case number in which he was representing himself.

2.) ADCRR Employees Have Failed to Follow Their Own Policies.

D.O. 1104.3.1. informs prisoners to submit an IL that identifies specific portions of the Medical Record to be copied. Once authorization is obtained, D.O. 1104.3.1.2.1. states that the inmate must sign a Medical Records Waiver of Liability Form 1104-8.

On 5-9-2023, Bossardet received authorization to purchase the medical records he requested in his 4-17-2023 IL. On 5-12-2023, Williams (medical records clerk) asked Bossardet to sign an Authorization For Release of Protected Health Information Form 1104-2.

ADCRR employees then started pretending that Bossardet asked to purchase thousands of dollars of medical records. However, the confusion was pretend, because Myer cited the medical records Bossardet looked to purchase in his 4-17-2023 IL, in her 7-10-2023 Informal Complaint Response.

3.) The ADCRR Continues To Implement D.O. 1104.3.0. et seq. Despite The Fact That It Violates The Order.

(a) D.O. 1104.3.1.1.2 ONLY allows prisoners with lawsuits to purchase medical records.

(b) D.O. 1104.3.2.1. Charges $0.50 cents per page.

## II. LAW & ARGUMENT

Federal Courts are imbued with inherent authority to enforce compliance with their lawful orders by holding noncompliant parties in contempt. Spallone v. United States, 493 U.S. 265, 276 (1990). A court may issue an order of civil contempt against a party that "fail[ed] to take all reasonable steps within the party's power to comply" with a specific and definite court Order. In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). In this case the Court gave a specific and definite Order and the Defendants and their agents disregarded it, even after they were made aware, on numerous occassions, that they were violating the order.

Willfulness on the part of the contemnor is not required. See id. However, if the disobedience is based on a good faith and reasonable interpretation of the court's order, no contempt shall issue. Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982). The party moving for a civil contempt order must establish the contemnor's violation by clear and convincing evidence. United States v. Ayres, 166 F.3d 991, 994 (9th Cir. 1999). Here the Defendants willfully violated this Court's Order. The Defendant's failure to revise ADCRR policy, to ensure that it coincided with the Order, is clear and convincing evidence of the violations.

## III. CONCLUSION

The underlying issue here is the ADCRR's on-going unwillingness to be transparent. When prisoners can not communicate with the Court-appointed monitors the truth about the ADCRR's healthcare

system is suppressed. When prisoners are denied medical records they are also denied Knowledge of their ailments, recommended treatments, and evidence that can be used to obtain needed healthcare.

Bossardet has filed two Civil Rights cases to obtain withheld and needed healthcare in the ADCRR. see Bossardet v. Ryan, et al., No. 4:17-CV-00517-FRZ-TUC ("BOSSARDET I"), and Bossardet v. Centurion Healthcare, et al. No. 4:21-CV-00179-RM-TUC ("BOSSARDET II"). In BOSSARDET I the Defendants were sanctioned for withholding medical records. In BOSSARDET II, Bossardet had to obtain an Order to compel the disclosure of medical records indexes, because the Defendants pretended that indexes were not part of the medical record.

In BOSSARDET II the Court ordered the Defendants to turn over an off-site consult report because it "was significant evidence in [a] preliminary injunction determination." Despite the Order the Defendants failed to turn over the document. (BOSSARDET II, Doc. 157, pp. 11-12). The withholding of medical records is the ADCRR's inveterate stratagem used to oppress prisoners.

The Defendants lack of transparency gives them a major advantage in litigation, to include in JENSEN. Bossardet asks this Court to sanction the Defendants to promote compliance with the Order and encourage transparency.

9-12-2023

DATE

Arron Bossardet

Arron S. Bossardet

## CERTIFICATE OF SERVICE

I hereby certify that on 9-14-2023, I sent copies of the foregoing, via ADC Legal Mail/U.S. Mail, to the following recipients.

District Court of Arizona
United States Courthouse
401 W. Washington Street
Phoenix, Az 85003-2118

Prison Law Office
General Delivery
San Quentin, CA
94964

Struck, Love, Bojanowski & Acedo
3100 West Ray Road
Suite 300
Chandler, Az 85226

EXHIBIT A

<u>DECLARATION</u>

STATE OF ARIZONA )
                     ) S.S. Declaration of Arron S. Bossardet

COUNTY OF PIMA )

   I, Arron S. Bossardet, hereby state and declare, under penalty of perjury, that the following information is true and correct.

   1.) I am a prisoner in the Arizona Department of Corrections.

   2.) I am over the age of eighteen and competent to testify to the matters set forth herein.

   3.) All documents attached to this declaration are true and accurate copies of the originals.

   4.) I have not seen or heard of the ADCRR allowing prisoners to communicate with the Court-appointed monitors in a confidential manner, or at all.

   5.) I do not have access to the internet or the web-site that the PLO sent to me. The letter I sent to the PLO on 7-22-2023 is at ATTACHMENT 1, at 13-14, and the response thereto is at 26.

   6.) The IL I submitted to Williams on 4-17-2023 is at ATTACHMENT 1, at 2.

   7.) On 4-17-2023, Williams told me that she sent my 4-17-2023 IL to her supervisor, and it was decided that I would not be sold medical records, despite the Court's Order.

8.) The IL's I submitted to Thornell, Headstream, and Morrissey, on 4-17-2023, are at ATTACHMENT 1, at 3-6.

9. Morrissey's 5-4-2023 response to my 4-17-2023 IL is at ATTACHMENT 1, at 7.

10.) Morrissey's 5-9-2023 / second response to my 4-17-2023 IL is at ATTACHMENT 1, at 8.

11.) The Authorization for Release of Protected Health Information Form that Williams asked me to submit on 5-12-2023 is at ATTACHMENT 1, at 9.

12.) The Informal Complaint that I submitted on 6-14-2023 is at ATTACHMENT 1, at 10.

13.) On or around 7-3-2023, I had a meeting with Williams, where she told me that her colleagues thought I wanted to buy all of my medical records. I explained to Williams that I made a specific request (per D.O. 1104, 3.1.) to purchase a small number of medical records via my 4-17-2023 IL. Williams confirmed that she still had a copy of my 4-17-2023 IL/request.

14.) Myer's 7-10-2023 response to my 6-14-2023 Informal Complaint is at ATTACHMENT 1, at 11.

15.) The Grievance that I filed on 7-10-2023 is at ATTACHMENT 1, at 12.

16.) The 7-21-2023 letter that I sent to the PLO is at ATTACHMENT 1, at 13-14.

17.) Miller's 7-31-2023 response to my 7-10-2023 Grievance is at ATTACHMENT 1, at 15.

18.) The Grievance Appeal that I filed on 8-4-2023 is at ATTACHMENT 1, at 16.

Dec 2

19.) The IL's that I sent to Headstream and Morrissey on 8-4-2023 are at ATTACHMENT 1, at 17-19.

20.) Davie's 8-10-2023 response to my 8-4-2023 Grievance Appeal is at ATTACHMENT 1, at 20-21.

21.) Morrissey's 8-11-2023 response to my 8-4-2023 IL is at ATTACHMENT 1, at 22.

22.) Morrissey's 8-14-2023 response to my 8-4-2023 IL is at ATTACHMENT 1, at 23.

23.) The IL that I sent to Headstream on 8-21-2023 is at ATTACHMENT 1, at 24.

24.) Headstream's 8-28-2023 response to my 8-21-2023 IL is at ATTACHMENT 1, at 25.

25.) The PLO's response to my 7-21-2023 letter is at ATTACHMENT 1, at 26.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

9-11-2023
DATE

Arron Bossardet
Arron S. Bossardet

ATTACHMENT 1

# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Bossardet, Arron | 197100 | Tucson/Manzanita | 4-17-2023 |

| TO | LOCATION |
|---|---|
| Naphcare record clerk, Williams | Manzanita/Aspc-Tucson |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

ISSUE: I request the timely opportunity to purchase any and all medical records/documents associated with my post-surgical follow-up with Dr. Neal (Gastro. Surgeon) and his resident doctor. the follow-up took place on 4-4-2023.

   This request includes but is not limited to: 1.) The visit note; 2.) The typed encounter record and; 3.) any and all documents that were created after Naphcare's employees received the the aforementioned documents. To be clear — and narrow, I look to purchase Naphcares internal records that correlate with the 4-4-2023, to include actions taken by the provider.

NOTICE: On 4-7-2023, the JENSEN Court, who resides over the ADCRR's class action lawsuit, ordered the ADCRR to sell its prisoners thier their medical records. See Jensen v. Thornell, No. CV-12-00601-PHX-ROS, Doc. #4410, page 23.

PLEASE BE ADVISED: IF the recipient[s] of this request choose NOT to follow the Court's order, by denying me the opportunity to purchase the foregoing requested records, I will have no choice but to move the JESEN court for an order of contempt and sanctions. I hereby request that the recipient[s] of this request contact counsel before denying my request, because willful ignorance of the law is NOT a defense for violating the law, and the order in JENSEN (Permanent Injunction) is the law.

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Arron Bossardet | 4-17-2023 |

Have you addressed this with Department staff? ☐ Yes ☐ No

If yes, give the staff member's name and the date you addressed with them:

_____     _____
(Staff Member's Name) (Please print)      (Date addressed)

Note: Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, Inmate Disciplinary Procedure.

Distribution:   Original – Master File
               Copy - Inmate


RECEIVED 4-17-23

916-1
7/25/19

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter**

*Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Bossardet, Arron | 197100 | Tucson / Manzanita | 4-17-2023 |

| TO | LOCATION ADCRR Central Office |
|---|---|
| Ryan Thornell, ADCRR Director | |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

<u>ISSUE</u>: The ADCRR's healthcare vendor (Naphcare) is not following the Permanent Injunction Order filed in the ADCRR class action lawsuit entitled Jensen v. Thornell (No. CV-12-00601-PHX-ROS, see Doc.# 4410, page 23), specifically as it pertains to the ADCRR selling prisoners their medical records.

<u>FACTS</u>: On 4-7-2023, the JENSEN court ordered the ADCRR to sell its prisoners their medical records for a reasonable per page fee. On 4-17-23, I submitted an IM letter to the ASPC-Tucson/Manzanita records clerk (Williams) in which I requested to purchase some of my medical records. The IM-letter submitted to Williams is attached.

On 4-17-23, Williams stated that she contacted her supervisor regarding my request to purchase medical records, and my request was denied. Williams instructed me to call friends and family's "hot-line.

<u>CUSTODY AND CONTROL OF MEDICAL RECORDS</u>: Naphcare's employees are in control of my medical records. The Court's order stated, "As part of Arizona's ongoing decision to out source prisoner healthcare, Defendants are constitutionally required to monitor the performance of their healthcare vendor. Please ensure that Naphcare's employees are: 1.) educated that they MUST follow the Courts Order and; 2.) Please ensure that I am sold the medical records that I requested on 4-17-23. (See page 7)

<u>RETALIATION</u>: The Court Ordered that the ADCRR and its agents SHALL <u>NOT</u> take any retaliatory action against anyone who gathers or produces information relevant to the ADCRR's adherence to the Injunction order. Please ensure that I do not face retaliation for enforcing my rights under the Order!

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Arron Bossardet | 4-17-2023 |

Have you addressed this with Department staff? ☒ Yes ☐ No

If yes, give the staff member's name and the date you addressed with them:

Manza records clerk, Williams     4-17-2023
(Staff Member's Name) (Please print)     (Date addressed)

*Note: Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, Inmate Disciplinary Procedure.*

Distribution:   Original – Master File
             Copy - Inmate

 RECEIVED 04-17-2023

916-1
7/25/19

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter**

*Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Bossardet, Arron | 197100 | Tucson / Manzanita | 4-17-2023 |

| TO | LOCATION |
|---|---|
| Vanessa Headstream | ADCRR Central Office Health Services Monitoring Bureau |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

<u>ISSUE</u>: The ADCRR's healthcare vendor (Naphcare) is not following the Permanent Injunction Order filed in the ADCRR class action lawsuit entitled Jensen V. Thornell (No. CV-12-00601-PHX-ROS, see Doc.# 4410, page 23), specifically as it pertains to the ADCRR selling prisoners their medical records.

<u>FACTS</u>: On 4-7-2023, the JENSEN court ordered the ADCRR to sell its prisoners their medical records for a reasonable per page fee. On 4-17-23, I submitted an IM letter to the ASPC-Tucson/Manzanita records clerk (Williams) in which I requested to purchase some of my medical records. The IM-letter submitted to Williams is attached.

On 4-17-23, Williams stated that she contacted her supervisor regarding my request to purchase medical records, and my request was denied. Williams instructed me to call Friends and Family's hot-line.

<u>CUSTODY AND CONTROL OF MEDICAL RECORDS</u>: Naphcare's employees are in control of my medical records. The Court's order stated, "As part of Arizona's ongoing decision to out source prisoner healthcare, Defendants are constitutionally required to monitor the performance of their healthcare vendor. Please ensure that Naphcare's employees are: 1.) educated that they MUST follow the Courts Order and; 2.) Please ensure that I am sold the medical records that I requested on 4-17-23. (See page 7).

<u>RETALIATION</u>: The Court Ordered that the ADCRR and its agents SHALL NOT take any retaliatory action against anyone who gathers or produces information relevant to the ADCRR's adherence to the Injunction order. Please ensure that I do not face retaliation for enforcing my rights under the Order!

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Arron Bossardet | 4-17-2023 |

Have you addressed this with Department staff? ☒ Yes ☐ No

If yes, give the staff member's name and the date you addressed with them:

| Manza. records clerk, Williams | 4-17-2023 |
|---|---|
| (Staff Member's Name) (Please print) | (Date addressed) |

*Note: Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Director Order 803, Inmate Disciplinary Procedure.*

Distribution: Original – Master File
Copy - Inmate


RECEIVED
04-17-2023

916-1
7/25/19

# ARIZONA DEPARTMENT OF CORRECTIONS REHABILITATION & REENTRY
# Inmate Letter Response

| Inmate Letter # | Inmate Name (Last, First, mi) | ADC # | Facility: | Unit: | DateRecd: |
|---|---|---|---|---|---|
| IL-23-0069 | BOSSARDET, ARRON | 197100 | TUCSON | ASPC-T MANZANITA RMH | 4/18/2023 |

Your Inmate Letters dated 04/17/23 and addressed to Director Thornell and Vanessa Headstream were received 04/18/23 and forwarded to my office for review and response. You advise that the contracted healthcare vendor is not following the permanent injunction, specifically pertaining to inmates obtaining copies of their medical records. You advise that on 04/17/23 you submitted an Inmate Letter to Medical Records requesting to purchase some of your medical records, but were told your request was denied. You request that the healthcare vendor employees be instructed that they must follow the Court's order and provide you with the records you requested on 04/17/23.

In reviewing your request, copies of medical records may be provided by the Department's Medical Records monitor upon receipt of specific documentation. Ms. Morrisey, ADCRR Medical Records Monitor, will send you additional information on the documents needed before the medical records may be released.

A copy of this correspondence is being forwarded to NaphCare for their additional review and any action considered necessary at this time. It is also being provided to the ADCRR Medical Services Bureau monitor at ASPC- Tucson.

_Vanessa Headstream_

**Vanessa Headstream, CRN, CCHP, Program Evaluation Administrator, Health Services Contract Monitoring**

04/25/2023
Date

**cc: Complex Site Manager, TUCSON**

**c.o. Master File**

Tuesday, April 25, 2023

Page 1 of 1



# ARIZONA DEPARTMENT OF CORRECTIONS

## Inmate Letter

Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Bossardet, Arron | 197100 | Tucson / Manzanita | 4-17-2023 |

| TO | LOCATION Central Office |
|---|---|
| Erin Morrissey | Health Services Monitoring Bureau |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

ISSUE: I request the timely opportunity to purchase any and all medical records/documents associated with my post-surgical follow-up with Dr. Neal (Gastro. Surgeon) and his resident doctor. The follow-up took place on 4-4-2023.

    This request includes but is not limited to: 1.) The visit note; 2.) The typed encounter record and; 3.) any and all documents that were created after Naphcare's employees received the the aforementioned documents. To be clear — and narrow, I look to purchase Naphcares internal records that correlate with the 4-4-2023, to include actions taken by the provider.

NOTICE: On 4-7-2023, the JENSEN Court, who resides over the ADCRR's class action lawsuit, ordered the ADCRR to sell its prisoners thier their medical records. See Jensen v. Thornell, No. CV-12-00601-PHX-ROS, Doc. # 4410, page 23.

PLEASE BE ADVISED: If the recipient[s] of this request choose NOT to follow the Court's order, by denying me the opportunity to purchase the foregoing requested records, I will have no choice but to move the JESEN Court for an order of contempt and sanctions. I hereby request that the recipient[s] of this request contact counsel before denying my request, because willful ignorance of the law is NOT a defense for violating the law, and the order in JENSEN (Permanent Injunction) is the law.

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Arron Bossardet | 4-17-2023 |

Have you addressed this with Department staff?  ☐ Yes ☐ No

If yes, give the staff member's name and the date you addressed with them:

_____  _____
(Staff Member's Name) (Please print)  (Date addressed)

Note: Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, Inmate Disciplinary Procedure.

Distribution: Original – Master File
Copy - Inmate



916-1
7/25/19



**Arizona Department of Corrections**
**Rehabilitation and Reentry**

**Inmate Letter Response**

For distribution: Copy of corresponding Inmate Letter must be attached to this response.

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER |
|---|---|
| BOSSARDET, ARRON | 197100 |

| INSTITUTION/UNIT |
|---|
| ASPC: TUCSON/MANZANITA |

| FROM *(Last, First M.I.) (Please print)* | LOCATION |
|---|---|
| E. MORRISSEY, MEDICAL RECORDS MONTOR | HSMB |

I am in receipt of your letter requesting medical records dated 04/17/2023.

Your letter will be forwarded to the Legal Department for approval to release records to you. Per the current ADCRR policy the following requirements must be met in order to release medical records to you while in custody.

- The court has stipulated the inmate may act as his/her own attorney.
- The request is related to a bona fide lawsuit that has been validly served on the Department or other defendant.
- The request for discovery has been filed.
- The Office of the Attorney General has not filed an objection to the production of the records in court.

Upon notification from the Office of the Attorney General that all requirements have been met Medical Records will have you fill out an Authorization for Release of Protected Health Information (form 1104-2).

They will then compile your records. Once the records are compiled you will be notified of the amount due for the records. You will fill out an Inmate Request for Withdrawal slip (form 905-15).

Finally once payment is received you will be required to sign a Waiver of Liability (form 1104.8) and then receive your records.


Thank you

| STAFF SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| *Erin Morrissey* | 05/04/2023 |

Distribution: Original – Master File
Copy - Inmate

916-2
5/14/12



**Arizona Department of Corrections**
**Rehabilitation and Reentry**

**Inmate Letter Response**

For distribution: Copy of corresponding Inmate Letter must be attached to this response.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER |
|---|---|
| BOSSARDET, ARRON | 197100 |
| INSTITUTION/UNIT | |
| ASPC: TUCSON/MANZANITA | |

| FROM (Last, First M.I.) (Please print) | LOCATION |
|---|---|
| E. MORRISSEY, MEDICAL RECORDS MONTOR | HSMB |

I am writing to inform you that your request for copies has been approved from ADC Legal Services. It has been confirmed that you are not indigent and will be charged at a rate of $0.50 cents per page for copies of your records.

You will be called into Medical Records to sign an authorization form delineating which records you would like released to you. We will then compile your records and notify you of the amount due for the records.

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Erie Morrissey | 05/09/2023 |

Distribution:  Original – Master File
Copy - Inmate

916-2
5/14/12



# Arizona Department of Corrections
# Rehabilitation and Reentry

## Authorization for Release of Protected Health Information

| INMATE NAME *(Last, First M.I.) (Please print)* | ADCRR NUMBER | FACILITY/UNIT |
|---|---|---|
| Bossardet, Arron | 197100 | ASPC-Tucson / Manzanita |
| DATE OF BIRTH *(mm/dd/yyyy)* | SOCIAL SECURITY NUMBER | RELEASE DATE *(mm/dd/yyyy)* |
| 5-24-1983 | U/A | U/A |

### RELEASE RECORDS FROM

Arizona Department of Corrections, Rehabilitation & Reentry
1601 W. Jefferson St., Phoenix, AZ 85007

### RELEASE RECORDS TO

| NAME/FACILITY | ATTENTION *(Please print)* | |
|---|---|---|
| Arron S. Bossardet | Arron S. Bossardet | |
| ADDRESS *(City, State, Zip Code)* | TELEPHONE NUMBER *(Area Code)* | FAX NUMBER *(Area Code)* |
| Tucson, Az 85734 | ( ) U/A - ext. | ( ) U/A - |
| E-MAIL | IF FAMILY MEMBER, RELATIONSHIP | |
| U/A | U/A | |

### THIS SECTION MUST BE FILLED OUT

I hereby authorize the Arizona Department of Corrections, Rehabilitation and Reentry (ADCRR) to release the following confidential information to the person or entity named above *(initial on lines provided if required)*:

- ☒ Medical and Physical History
- ☒ Dental Records
- ☒ Immunizations
- ☒ Consultations *(Outside appointments/Inpatient)*
- ☒ Nurse Encounters

- ☒ Provider Encounters
- ☒ Eyeglasses RX/Optometry
- ☒ Imaging Reports
- ☒ Medication Records
- ☒ Health Needs Requests

- ☒ Refusals/Consents
- ☒ Restricted Diet Order
- ☒ Special Needs Order

*(Release of the items below requires the inmate's initials.)*
- ☐ Mental Health Treatment *(Initial)* _____
- ☐ Lab Reports *(Initial)* AB
- ☐ STD Results *(Initial)* _____
- ☐ HIV / AIDS Results *(Initial)* _____

Records of the period from 2005 to 2023, if dates or details are not provided, copies of records may be limited to 6 months.

It is understood that copies of records will be provided to the designated individual or company only upon payment of 10 cents per page, with the exception of copies used for continuity of care or DES. An invoice will be issued.

**\*I understand that "previous records" may include any records of mental health or HIV tests results that ADCRR may have received from non-ADCRR providers.**

I understand that these records are protected by various Federal and State laws or regulations, and cannot be disclosed without my written consent unless otherwise provided in the laws or regulations. I hereby release the parties named above from all legal liability that may arise from the release of information requested.

### CONSENT FOR RELEASE

I, or my authorized representative, request the disclosure of my protected health information as set forth on this form, in accordance with the Health Insurance Portability and Accountability Act of 1996, (HIPAA), I understand that:

1) The information to be released or disclosed may include information relating to sexually transmitted diseases, Acquired Immunodeficiency Syndrome (AIDS), Human Immunodeficiency Virus (HIV), or Mental Health Treatment, **only if I have placed my initials on the appropriate items listed above.**

2) I understand that signing this Authorization is voluntary. My treatment or payment for my treatment will not be conditioned upon my authorization for disclosure.

3) I have a right to revoke this Authorization at any time by writing to the health care provider listed above, except to the extent information has been released in reliance upon this Authorization.

4) I understand that the information disclosed pursuant to this Authorization may be re-disclosed to others by the recipient and no longer protected by the federal privacy regulations.

**All relevant provisions of this Authorization have been completed by me and all of my questions have been answered.**

| INMATE'S SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Arron Bossardet | 5-12-2023 |
| WITNESS NAME *(Last, First M.I.) (Please print)* | SIGNATURE *(Required Non-Inmate/Non-Family)* | DATE *(mm/dd/yyyy)* |
| Williams | *[signature]* | 5/12/2023 |

1104-2



**Arizona Department of Corrections**
**Rehabilitation and Reentry**

**Inmate Informal Complaint Resolution**

Complaints are limited to one page and one issue.

Please print all information.

| INMATE PRINTED NAME *(Last, First M.I.)* | ADCRR NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Bossardet, Arron | 197100 | Tucson/Manzanita | 6-14-2023 |

| TO | LOCATION | CASE NUMBER |
|---|---|---|
| C.G. IV Grievance Coordinator | Tucson/Manzanita | 23-057614 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

<u>ISSUE:</u> I continue to be denied the opportunity to purchase some specific medical records that I requested, in violation of the <u>JENSEN</u> Permanent Injunction order. See Jensen v. Thornell, No. CV-12-00601-PHX-ROS, Doc. #4410, page 23.

<u>BACKGROUND:</u> On 4-17-2023, I submitted four inmate letters, in which I requested to purchase said medical records, see ATTACHMENTS 1-4.

I was eventually given permission to purchase my requested medical records, see ATTACHMENT 5. The response said once the records were compiled I would be notified of the "amount due". <u>INSTEAD</u>, the records clerk called me to the medical clinic and asked me to sign a blank check. I explained to the clerk (Williams) that I wanted a page count, at least. It would be better if I could actually see what I'm going to purchase.

Approx. two weeks have gone by and I haven't received something as simple as a page count.

<u>NOTICE:</u> A.) Approx. two (2) months have gone by since I made my request, and I still don't have the records I requested.

B.) What is happening here will be brought before the Jenson Court.

<u>RESOLUTION:</u> A.) Provide me with the medical records that I requested in the inmate letters attached hereto.

B.) Fix the broken system, it shouldn't take months to buy a small number of records that connect to one encounter.

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| *Arron Bossardet* | 6-14-2023 |

Have you discussed this with institution staff?  ☐ Yes  ☐ No

If yes, give the staff member name:

| RECEIVED BY *(Staff printed name) (Last, First M.I.)* | TITLE | SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| ORDUNO, E. | CO III | *Orduno E.* | 06-14-2023 |

Distribution:  INITIAL: White and Canary – Grievance Coordinator; Pink – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
11/16/21



# Inmate Grievance/Informal Response Notice
## Medical

**Inmate Name:** ARRON
BOSSARDET

**ADC#:** 197100

**Prison/Unit:** TUCSON/TUCSON
MANZANITA

**Bldg/Bed:** C44 HU05A14L

## Case #:23-057614

## Informal Complaint

**Type:** Informal Response

**Date Received:** 06/16/2023 11:33 AM

**Response Author:** Myers, Robin

**Responded On:** 07/10/2023 03:52:21 PM

**Decision:**

## Case Details

**Case Number:** 23-057614

**Grievance Status:** Open

## Case Data

**Prison of Complaint:** TUCSON

**Opened Date:** 06/16/2023 11:33 AM

**Grievance Category:** Health Care/Medical

**Unit of Complaint:** TUCSON MANZANITA

**Grievance Stage:** Informal Answered

## Informal Grievance Response

**Grievance Date:** 06/14/2023 12:00:00 AM

**Response Due:** 07/10/2023 11:33 AM

**Issue:** medical records

**Responder:** Myers, Robin

**Response:** Your informal written on 6/14/2023 was received on 6/16/2023 regarding obtaining medical records. Your were seen by medical records and given a page number of medication. om 7/3/23 NaphCare after meeting with medical records that you would like to purchase all records regarding GI surgery, follow ups, NP notes or request and approvals and denials. medical records will let you know how many pages once it is compiled. This issue has been resolved.

☐ Unprocessed

**Responder's Name:** Robin Myers

**Notice:** If you are dissatisfied with the Informal Complaint Response, you may file a formal grievance (form 802-1 Inmate Grievance, and/or form 802-7 GF Supplement) within five (5) workdays from receipt of the above response to the Grievance Coordinator by:
• Placing a single complaint on a single inmate Grievance form.

**NOTE:** If multiple unrelated issues are on a single form or if a duplicate complaint is filed, the grievance shall be rejected and returned unprocessed.


| RECEIVED BY | |
|---|---|
| ORDUNO | |
| TITLE | |
| CO111 | |
| BADGE NUMBER | DATE (mm/dd/yyyy) |
| 11163 | 07-10-2023 |

*Note:* You may appeal the Grievance Coordinator's decision by filing form 802-3, within 10 calendar days of receipt of this notice.

| INMATE NAME *(Last, First M.I.) (Please print name)* | ADCRR NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|
| Bossardet, Arron | 197100 | 7-10-2023 |
| INSTITUTION/UNIT | CASE NUMBER | |
| Tucson/Manzanita | 23-057614 | |

TO: GRIEVANCE COORDINATOR

---

Description of Grievance *(To be completed by the Inmate)*

\* As I write this Grievance, I have not received a response to my 6-14-2023 Informal Complaint, # 23-057614. I hereby move forward to exhaust, per the PLRA. \*
ISSUE: I continue to be denied the opportunity to purchase some specific medical records that I requested via Inmate Letter on 4-17-2023, in violation of the JENSEN permanent injunction order. See Jensen v. Thornell, No. CV-12-00601-PHX-ROS, Doc. # 4410, page 23.

See the 6-14-2023 Informal Complaint, and attachments thereto, for more details.

---

Proposed Resolution *(What informal attempts have been made to resolve the problem? What action(s) would resolve the problem?)*

1.) Please sell me the records that I requested in my 4-17-2023 Inmate Letter, without further delay.

2.) Please fix the broken system. Its been approx. 3 months and I have not been sold the records that I requested.

---

| INMATE'S SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| Arron Bossardet | 7-10-2023 |
| GRIEVANCE COORDINATOR'S SIGNATURE | DATE *(mm/dd/yyyy)* |

DISTRIBUTION: INITIAL: White and Canary – Grievance Coordinator; Pink - Inmate
FINAL: White – Inmate; Canary – Grievance File

802-1
3/2/22

7-21-2023

Rita Lomio

Prison Law Office

General Delivery

San Quentin, CA 94964

<u>RE:</u> The ADCRR and the employees of it's healthcare vendor (Naphcare) continue to disregard portions of the Order and Permanent Injunction Filed in Jensen v. Thornell (Doc. #4410), 2nd Notice.

## A.) <u>MEDICAL RECORDS</u>

On 4-21-2023, I sent the PLO a letter to give notice that the ADCRR and Naphcare were refusing to sell prisoner their medical records, in violation of the <u>JENSEN</u> Permanent Injunction. (See Ex. A at 2-3) On 5-23-2023, the PLO responded by advising me to submit a Grievance (see Ex. A at 4). <u>NOTICE</u>: 1.) ~~For~~ The submission of Grievance's in the ADCRR is a waste of time, as Grievances ALWAYS fail to produce results; 2.) The PLO did not/does not need me — an individual class Plaintiff— to File a Grievance to enforce the Courts Permanent Injunction Order.

On 5-9-2023, the ADCRR's Medical Records Monitor, Morrissey, responded to my 4-17-2023 Inmate Letter and informed me that my request to purchase my medical records was approved, and I would be charged $0.50 cents per page. (see Ex. A at 5) NOTICE: 1.) I have not been sold ANY medical records; 2.) The fact that the ADCRR has decided to charge me $0.50 cents a page also violates the injunction. (see Ex. A at 6).

I don't know what the Court's reasonable per-page fee ratio is, but it's not $.50 cents a page.


### B.) COMMUNICATIONS: w/ Court appointed monitors.

The JENSEN court ordered the ADCRR to "design and implement a mechanism for prisoners to submit communications to the Court-appointed monitors" within two months of the Court's 4-7-2023 Permanent Injunction Order. As of today the ADCRR is nearly two (2) months late. (see Ex. B at 2).

ADCRR prisoner's communication with the Court-appointed monitors is the best way to unmask the monster that is the ADCRR healthcare system, as the ADCRR is very good at hiding the truth!


### CONCLUSION

Please enforce the said as aforementioned aspects of the JENSEN Permanent Injunction in order in the Court. The PLO knows from experience that the ADCRR does not goo have good intentions, nor a desire to follow the order. My Grievance's won't change that.

7-21-2023                Aaron Bossard

2.



**Arizona Department of Corrections Rehabilitation and Reentry**

**Inmate Grievance Response**

*For distribution:* Copy of Corresponding Informal complaint resolution must be attached to this response.

| INMATE PRINTED NAME *(Last, First M.I.)* | ADCRR NUMBER |
|---|---|
| BOSSARDET, ARRON | 197100 |

| INSTITUTION/UNIT | CASE NUMBER |
|---|---|
| ASPC-TUCSON / MANZANITA | 23-057614 |

**SUMMARY OF COMPLAINT**

Your formal grievance dated 7/10/23 was received in the Tucson office of NaphCare Inmate Health Services on 7/11/23. Your primary area of concern is that you are having difficulty purchasing records.

**INMATE PROPOSED RESOLUTION**

1) Please sell me the records that I requested in my 4-17-2023 Inmate Letter, without further delay.
2) Please fix the broken system. Its been approx. 3 months and I have not been sold lthe records that I requested.

**INVESTIGATIVE ACTION**

eOMIS & Tech Care Chart Review as well as the response to the informal complaint.

**FINDINGS & DECISION**

Per the Arizona Department Order 1104, Procedure 3.0 (Requests For Inmate to Obtain Medical Records For Litigation Issues); there is a process to purchasing medical records that must be followed and certain criteria must be met. Please review this department order and request the records accordingly. Please continue to request medical services as needed. Your formal complaint has been addressed. This issue is resolved.

| STAFF PRINTED NAME *(Last, First M.I.)* | SIGNATURE | DATE *(mm/dd/yyy)* |
|---|---|---|
| MILLER, D. T. | *Darren Miller AFHA* | 07/31/2023 |

802-2
3/2/22



**Arizona Department of Corrections
Rehabilitation and Reentry**

**Inmate Grievance Appeal**

Please type or print in black or blue ink.
(To be completed by staff member initially receiving appeal)

| | |
|---|---|
| The inmate may appeal the Deputy Warden's decision to the Director by requesting the appeal on this form. | Received By: ORDUNO |
| | Title: COIII |
| | Badge #: 11163 |
| | Date: (mm/dd/yyyy) 08-04-2023 |

**Please Print**

| INMATE NAME (Last, First M.I.) (please print) | ADCRR NUMBER | DATE (mm/dd/yyyy) |
|---|---|---|
| Bossardet, Arron | 197100 | 8-4-2023 |

| INSTITUTION/UNIT | CASE NUMBER |
|---|---|
| Tucson / Manzanita | 23-057614 |

TO: Grievance Coordinator

I am appealing the decision of Danielle Miller for the following reasons:

#1) Miller's 7-31-2023 Formal Grievance Response equates to obfuscation. Miller willfully ignored the fact that I have already received authorization from the ADCRR's "Legal Services" to purchase the medical records in question. See Attachment 5 of the 6-14-2023 Informal Complaint.

#2) Miller states, erroneously, that D.O. 1104, 3.0 controls my request. D.O. 1104 is antiquated, as it pertains to my request to purchase medical records. The Permanent Injunction order cited in my 7-10-2023 Grievance is the controlling authority. Please seek guidance from counsel!

| INMATE'S SIGNATURE | DATE (mm/dd/yyyy) | GRIEVANCE COORDINATOR'S SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Arron Bossardet | 8-4-2023 | | |

| RESPONSE TO INMATE BY | LOCATION |
|---|---|
| | |

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | |

DISTRIBUTION: INITIAL: White & Canary – Grievance Coordinator
Pink – Inmate
FINAL: White – Inmate
Canary – Grievance File

802-3
2/3/21



**Arizona Department of Corrections**
**Rehabilitation and Reentry**
**Inmate Letter**

*Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Bossardet, Arron | 197100 | Tucson/Manzanita | 8-4-2023 |

TO
Vanessa Headstream

LOCATION ADCRR Central Office
Health Services Monitoring Bureau

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

ISSUE: Medical Records

#1.) On 5-9-2023, E. Morrissey sent me an Inmate Letter Response that stated "ADC Legal Services" approved my request to purchase some of my medical records, and I would be charged $.50 cents a page.

A.) Approx. 3 months have passed since Morrissey's response and I have still NOT been sold the medical records I requested.

B.) The fact that the ADC will charge me $.50 cents a page violates the JENSEN permanent injunction order. The JENSEN court developed a formula that would determine how much each prisoner would be charged for copies of medical records. The formula included the prisoner's wage, and compared it to wages in the community, and then compared the cost to the prevailing fee in the medical community. NOTICE: Members at the community do not pay more than their hourly wage for one copy; i.e. [for me] $.50 cents a page. *See Attachment JENSEN v. SHINN, case 2:12-CV-00601-ROS, page 23, lines 20-24.

CONCLUSION

A.) Please hold Naphcare and its employees accountable and ensure that I am sold my medical record which I have already requested.

B.) Please adjust the amount of money I will be charged, per copy, using the court's formula.

INMATE SIGNATURE
Arron Bossardet

DATE (mm/dd/yyyy)
8-4-2023

Have you addressed this with Department staff? ☒ Yes ☐ No

If yes, give the staff member's name and the date you addressed with them:

Headstream, Morrissey     4-17-2023 Inmate Letter.
(Staff Member's Name) (Please print)     (Date addressed)

*Note: Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, Inmate Disciplinary Procedure.*

Distribution: Original – Master File
Copy - Inmate

RECEIVED
8-04-23

916-1
7/25/19



**Arizona Department of Corrections**
**Rehabilitation and Reentry**
**Inmate Letter**

*Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Bossardet, Arron | 197100 | Tucson/Manzanita | 8-4-2023 |

| TO | LOCATION |
|---|---|
| Erin Morrissey | ADCRR Central Office Health Services Monitoring Bureau |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

<u>ISSUE:</u> Medical Records

#1.) On 5-9-2023, E. Morrissey sent me an Inmate Letter Response that stated "ADC Legal Services" approved my request to purchase some of my medical records, and I would be charged $.50 cents a page.

A.) Approx. 3 months have passed since Morrissey's response and I have still <u>NOT</u> been sold the medical records I requested.

B.) The fact that the ADC will charge me $.50 cents a page violates the JENSEN permanent injuction order. The JENSEN court developed a formula that would determine how much each prisoner would be charged for copies of medical records. The formula included the prisoner's wage, and compared it to wages in the community, and then compared the cost to the prevailing fee in the medical community. NOTICE: Members of the community do not pay more than their hourly wage for one copy; i.e. [for me] $.50 cents a page. *See Attachment JENSEN v. SHINN, Case 2:12-CV-00601-ROS, page 23, Lines 20-24.

CONCLUSION

A.) Please hold Naphcare and its employees accountable and ensure that I am sold my medical record which I have already requested.

B.) Please adjust the amount of money I will be charged, per copy, using the Court's formula.

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| *Arron Bossardet* | 8-4-2023 |

Have you addressed this with Department staff?  ☒ Yes  ☐ No

If yes, give the staff member's name and the date you addressed with them:

| Headstream, Morrissey | 4-17-2023 Inmate Letter. |
|---|---|
| (Staff Member's Name) (Please print) | (Date addressed) |

*Note:  Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, <u>Inmate Disciplinary Procedure</u>.*

Distribution: Original – Master File
Copy - Inmate

 RECEIVED 8-4-23 

916-1
7/25/19



**Arizona Department of Corrections
Rehabilitation and Reentry
Inmate Letter**

*Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.*

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Bossardet, Arron | 197100 | Tucson/Manzanita | 8-4-2023 |

| TO | LOCATION ADCRR Central Office |
|---|---|
| Erin Morrissey | Health Services Monitoring Bureau |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

**ISSUE:** I hereby request the timely opportunity to purchase medical records and/or documents associated with my follow-up with Dr. Latt and his resident doctor at Banner UMC south campus. The follow-up took place on 7-17-2023.

**RECORDS REQUESTED:**

1.) Dr. Latt's and/or his resident doctor's Final report from the 7-17-2023 follow-up encounter.

2.) The Visit Note from the 7-17-2023 encounter with Dr. Latt and his resident doctor.

3.) If and when a Naphcare employee reviewed and/or acted on Dr. Latt's records from the 7-17-2023 encounter, records were generated. I look to purchase said records that were generated by Naphcare's employee[s], when Dr. Latt's 7-17-2023 report was reviewed and/or acted on.

**NOTICE:** If this request creates any "confusion", as to what it is that I am requesting to purchase, I request a conversation with E. Morrissy or Morrissy's proxy at the ASPC-Tucson complex.

Thank you for your time.

| INMATE SIGNATURE *Arron Bossardet* | DATE *(mm/dd/yyyy)* 8-4-2023 |
|---|---|

Have you addressed this with Department staff?  ☐ Yes  ☐ No

If yes, give the staff member's name and the date you addressed with them:

_____    _____
*(Staff Member's Name) (Please print)*          *(Date addressed)*

**Note:** Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, <u>Inmate Disciplinary Procedure</u>.

Distribution:  Original – Master File
Copy - Inmate

**RECEIVED** 8-04-23



916-1
7/25/19



# Inmate Grievance/Appeal Response Notice
## Medical

**Inmate Name:** ARRON BOSSARDET

**ADC#:** 197100

**Prison/Unit:** TUCSON/TUCSON MANZANITA

**Bldg/Bed:** C44 HU05A14L

## Case #:23-057614

## Appeal Grievance

**Type:** Appeal Response

**Date Received:** 06/16/2023 11:33:00 AM

**Response Author:** JENNIFER DAVIE

**Responded On:** 07/31/2023 03:06:58 PM

**Decision:** Resolved

## Case Details

**Case Number:** 23-057614

**Grievance Status:** Open

## Case Data

**Prison of Complaint:** TUCSON

**Opened Date:** 06/16/2023 11:33:00 AM

**Grievance Category:** Health Care/Medical

**Unit of Complaint:** TUCSON MANZANITA

**Grievance Stage:** Appeal Answered

## Appeal Grievance Response

**Responder Name:** JENNIFER DAVIE

**Due Date:** 08/01/2023 06:39:34 AM

**Date/Time:** 08/10/2023 10:29:25 AM

**Result:** Modified

**Response:** SUMMARY OF COMPLAINT: Your complaint, dated 8/4/23 and received in this office on 8/10/23, is that you have been given approval for copies of your medical records and have yet to receive them. INMATE PROPOSED RESOLUTION: You did not propose a resolution; however, it is inferred that you want the records approved to buy. INVESTIGATIVE ACTION: Review of supporting documents as well as responses to both the informal and formal complaints. FINDINGS DECISION: You were approved to receive your records and notified via Inmate Letter Response on 5/9/23. On 6/8/23, Medical Records presented you with the form for you to state exactly which records you wanted released and printed for purchase. At that time, you did not want to pay for all of your records, you wanted to review them before purchase, which is a separate process. Inmates are allowed to review their records once per quarter for 45 minutes. As of this date, no Inmate Letter has been received from you requesting to review your records; however, after speaking with the Medical Records Supervisor in regard to your complaint, the Manzanita Medical Records Clerk will be calling you to medical today to sign the Inmate Letter requesting the specific records you're now stating you want. Once that letter is signed, those records will be printed and submitted to the Medical Records Monitor for distribution to you. This Appeal has been addressed. This issue is resolved.

☐ Override          ☐ Data Input Error          ☐ Unprocessed          ☐ Extension

**Restitution Recommended:** No



**Notice :** The decision of the Director is final and constitutes exhaustion of all remedies within the Department.



**Arizona Department of Corrections
Rehabilitation and Reentry**

**Inmate Letter Response**

For distribution: Copy of corresponding Inmate Letter must be attached to this response.

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER |
|---|---|
| BOSSARDET, ARRON | 19711 |

| INSTITUTION/UNIT |
|---|
| ASPC: TUCSON/MANZANITA |

| FROM *(Last, First M.I.) (Please print)* | LOCATION |
|---|---|
| E. MORRISSEY, MEDICAL RECORDS MONITOR | HSMB |

I am in receipt of your letter dated 08/04/2023 and received on 08/11/2023 in which you are requested medical records from a recent office visit with an outside provider.

Please resubmit this inmate letter to include the case number for court case in which you are representing youself. Once I have received a valid case number you will be called up to Medical Records to fill out and complete an Authorization for Release of Protected Health Information form to release the records to you. After which we will compile your requested medical records and notify you of the cost of records.

Thank you,

| STAFF SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| *Erin Morrissey* | 08/11/2023 |

Distribution:  Original – Master File
                       Copy - Inmate

916-2
5/14/12



**Arizona Department of Corrections
Rehabilitation and Reentry**

**Inmate Letter Response**

For distribution: Copy of corresponding Inmate Letter must be attached to this response.

| INMATE NAME *(Last, First M.I.) (Please print)* | ADC NUMBER |
|---|---|
| BOSSARDET, ARRON | 197100 |

| INSTITUTION/UNIT |
|---|
| ASPC: TUCSON/MANZANITA |

| FROM *(Last, First M.I.) (Please print)* | LOCATION |
|---|---|
| E. MORRISSEY, MEDICAL RECORDS MONTOR | HSMB |

I am in receipt of your inmate letter dated 08/04/2023 and received on 08/11/2023 in which you referenced a previous request for your medical records and that they have not been sold to you as requested. You had filled out an Authorization for Release of Protected Health Information form and marked all records for a date range of 2005 to 2023. Those records were compiled and totaled 2055 pages. The current ADCRR policy states the records are $0.50 per page and the cost of these records would be $1027.50. I received an email on 05/26/2023 that you refused to sign an inmate request for withdrawal form to receive the records.

We do have those records if you would like to have them, or you can submit a request to medical records on site and request to do a chart review. During the chart review you can specifically indicate which records you would like to receive. We can then re-compile the records in an attempt to lower the cost to you.

Included in your correspondence to me was the same letter addressed to Vanessa Headstream. This letter will serve as a response to both those letters.

In response to your statement about the court injunction, at this time the current ADCRR policy states that you will be charged $0.50 per page for medical records if you have an active court case in which you are representing yourself. That policy is in the process of being revised but as of yet has not been changed.

Thank you,

| STAFF SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| *Erin Morrissey* | 08/14/2023 |

Distribution: Original – Master File
Copy – Inmate

916-2
5/14/12



**Arizona Department of Corrections**
**Rehabilitation and Reentry**
**Inmate Letter**

*Requests are limited to one page and one issue. NO ATTACHMENTS PERMITTED. Please print all information.*

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Bossardet, Arron | 197100 | Tucson/Manzanita | 8-21-2023 |

| TO | LOCATION ADCRR Central Office |
|---|---|
| Vanessa Headstream | Health Services Monitoring Bureau |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

ISSUE: I hereby request a telephone conversation with V. Headstream because E. Morrissey and Naphcare continue to refuse to sell me my medical records in accordance with the permanent Injunction order filed in Jensen v. Thornell, No. CV-12-00601-PHX-ROS, see Doc. #4410, p. 23. My next move will be to the JENSEN court, if this Inmate Letter fails. NOTICE! I have requested a phone call because a Q&A is necessary due to four (4) months of E. "confusion" and obfuscation by Naphcare's employees and Morrissey.

<u>ISSUES FOR PHONE CALL</u>

1.) On 4-17-2023, I submitted an Inmate Letter ("IL") that identified specific portion of my medical record I looked to purchase; per D.O. 1104.3.1.

2.) On 5-9-2023, Morrissey sent me an IL response/approval to purchase my med. records.

3.) On 5-12-2023, I completed an "Authorization For Release of Protected Health Information, per D.O. 1104.3.1.2.1, where I gave myself authorization to purchase all of my med. records. Morrissey is now pretending that I requested to purchase all of my med. records, despite my 4-17-2023 IL.

4.) On 7-31-2023, I received a Grievance response from Miller, D.T., AFHA, in which Miller pretends that she/he does not have to sell me my med. Rec., see Grievance #23-057614.

5.) Morrissey stated I will be charged $0.50 cents a page for copies, which violates the Order. Id. The Court ordered the ADCRR to use a mathematical formula that correlates to the prisoners wage. Morrissey failed to address this issue in her 8-14-2023 response to 8-4-2023 IL.

6.) On 8-4-2023, I made a second request for med. rec. via IL. Morrissey denied me the med. rec. in violation of the JENSEN order.

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| Arron Bossardet | 8-21-2023 |

**R E C E I V E D** AUG 23 2023

Have you addressed this with Department staff? ☐ Yes ☐ No

If yes, give the staff member's name and the date you addressed with them:

_____     _____
(Staff Member's Name) (Please print)          (Date addressed)

**Note:** Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, *Inmate Disciplinary Procedure.*

Distribution: Original – Master File
Copy – Inmate


**RECEIVED** 8-21-2023

916-1
7/25/19

**ARIZONA DEPARTMENT OF CORRECTIONS REHABILITATION & REENTRY**
# Inmate Letter Response

| Inmate Letter # | Inmate Name (Last, First, mi) | ADC # | Facility: | Unit: | DateRec'd: |
|---|---|---|---|---|---|
| IL-23-0137 | BOSSARDET, ARRON | 197100 | TUCSON | ASPC-T MANZANITA RMH | 8/23/2023 |

Your Inmate Letter dated 08/21/23 was received 08/23/23. You advise that you request a telephone conversation because your request to purchase your medical records is being denied. You state that on 04/17/23 you submitted an Inmate Letter identifying specific portions of your medical record to purchase; on 05/09/23 the Medical Records monitor sent an approval for your purchase; on 05/12/23 you completed an Authorization for Release of Protected Health Information authorizing yourself to receive the medical records and that the Medical Records monitor is pretending that you requested to purchase all of your records; on 07/3/23 you received a Grievance response from the AFHA that she does not have to sell you your medical records; that the Medical Records monitor will charge you $0.50 per page for copies, which violates the Order; and on 08/04/23 you made a second request for medical records but the Medical Records monitor denied you the medical records.

In researching your concerns, your 05/12/23 Authorization for Release of Protected Health Information located in the Scanned Documents of your medical record was reviewed. The completed and signed form dated 05/12/23 requests all medical records for the time period of 2005 to 2023. At your request, your medical records were compiled and are available for you to pick up following payment of the invoice associated with the records request. In the event that you do not wish to purchase all of the records as listed on the form; you may let the complex medical records librarian which specific records you do want.

Please continue to follow the recommendations of your local medical staff, and submit appropriate HNR's for questions and concerns going forward. These written requests are picked up daily by medical staff. They are triaged and scheduled for follow up. Should you desire to submit a written concern or complaint, or if you feel that your health care is not adequate or appropriate, you may also request assistance through the Inmate Grievance process. This process is designed specifically for this purpose. You may also request the assistance of the Security and Operations staff on your yard if necessary.

A copy of this correspondence is being forwarded to NaphCare for their additional review and any action considered necessary at this time. It is also being provided to the ADCRR Medical Services Bureau monitor at ASPC-Tucson.

*Vanessa Headstream*

**Vanessa Headstream, CRN, CCHP, Program Evaluation Administrator, Health Services Contract Monitoring**

08/28/2023
Date

**cc: Complex Site Manager, TUCSON**

**c.o. Master File**

Monday, August 28, 2023

Page 1 of 1



**PRISON LAW OFFICE**

General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Deputy Director:*
Sara Norman

*Legal Director:*
Margot Mendelson

*Staff Attorneys:*
Rana Anabtawi
Patrick Booth
Tess Borden
Claudia Ceseña
Steven Fama
Alison Hardy
Sophie Hart
Jacob Hutt
A.D. Lewis
Rita Lomio

# LEGAL MAIL - CONFIDENTIAL

August 29, 2023

Arron Bossardet, ADC 197100
Tucson - Manzanita
PO Box 24401
Tucson, AZ 85734-4401

Dear Mr. Bossardet:

We write in response to your July 21, 2023 letter in which you report not being able to purchase your medical records. We're sorry you're going through this.

We understand your frustration with the grievance process, but we are unable to assist without you exhausting administrative remedies yourself first. We encourage you to exhaust the grievance process then send us the response to your grievance if it doesn't resolve your concern. We will then review the response to see if we are able to assist.

You also mentioned that Naphcare is disregarding a portion of the court order that would provide direct communication with the court monitor. The website is now in operation and you can communicate any concerns or complaints to the monitors. The website is listed below:

azcourtmonitors.org

Take good care.

**Board of Directors**

Harlan Grossman, President and Treasurer • Christiane Hipps, Vice President
Vanita Gaonkar • Nick Gregoratos • Michael Marcum • Jean Lu
Claire McDonnel • Ruth Morgan • Seth Morris • Vishal Shah • Adrienne Yandell

EXHIBIT B

| CHAPTER: 900 | Arizona Department of Corrections Rehabilitation and Reentry |
|---|---|
| Inmate Programs and Services | |
| **DEPARTMENT ORDER:** | |
| 914 – Inmate Mail | |
| **OFFICE OF PRIMARY RESPONSIBILITY:** | |
| OPS | |

**CHAPTER: 900**

Inmate Programs and Services

**DEPARTMENT ORDER:**

914 – Inmate Mail

**OFFICE OF PRIMARY
RESPONSIBILITY:**

OPS

**Effective Date:**

March 2, 2022

**Amendment:**

August 12, 2022

**Supersedes:**

DO 914 (4/7/17)

**Scheduled Review Date:**

January 1, 2024

**ACCESS**

☐  Contains Restricted Section(s)

# Arizona Department of Corrections Rehabilitation and Reentry



Department Order Manual

David Shinn, Director

4.9.5   Advise inmate of disapproved applications, and note all approvals and denials on ACIS.

## 5.0  OUTGOING MAIL

5.1   All outgoing inmate mail shall include on the envelope the inmate's complete first and last name (the name under which he is incarcerated), ADCRR number, and full return address, including the name of the complex, unit and bed location. (A.R.S. §31-235)

   5.1.1   Institution mail room staff shall return mail lacking this information to the sending inmate, if known, for a correction.

   5.1.2   If the inmate sender is not known, the correspondence shall be opened to make a reasonable attempt to determine the identity of the inmate sender. If the identity cannot be determined, the mail shall be held in a "Dead Letter" repository for 90 calendar days, pending claim. If no claim is made, the mail shall be processed as unclaimed property. (A.R.S. §12-940)

   5.1.3   Inmates shall seal outgoing mail and place it in locked mailboxes located throughout the institution or in other areas designated by the Warden or Deputy Warden. Mail shall be collected at approximately the same time each workday, except on weekends and holidays, and shall be delivered to the mail room for processing.

   5.1.4   Inmates shall not use the complex or unit address to fraudulently identify themselves as employees, agents, or representatives of the Department, complex, unit, or private prison facility.

**5.2**   Unsealed outgoing mail, for the below listed recipients, shall be brought to the mail room for inspection and processing. Mail room staff shall inspect the unsealed envelope for contraband, but shall not read the content of the enclosed correspondence. {5-ACI-7D-06}

   5.2.1   The inmate's attorney, a judge, or court

   5.2.2   Publisher or editor of a newspaper, news magazine or periodical of general distribution, national or international news service or to the station manager of any radio or television stations

   5.2.3   The Director, Deputy Directors, or Assistant Directors of the Department

   5.2.4   Elected or appointed public officials

5.3   Staff shall read up to 10% of outgoing mail. Mail may be returned to the inmate, retained by the institution, or removed from the mailing (the balance of which shall be mailed) when the contents or communications: {5-ACI-7D-05}

   5.3.1   Pose a direct and immediate threat to the security, safety or order of the institution.

   5.3.2   May substantially hinder efforts to treat or rehabilitate the inmate.

5.4   Staff shall not stamp or mark the contents of outgoing read mail, rather, the envelope or box shall be stamped or marked as having been inspected and resealed prior to mailing.

| CHAPTER: 1100 | Arizona Department of Corrections Rehabilitation and Reentry |
|---|---|
| Inmate Health Services | |
| **DEPARTMENT ORDER:** | |
| 1104 – Inmate Medical Records | |
| **OFFICE OF PRIMARY RESPONSIBILITY:** | |
| MS | |

**Effective Date:**

October 29, 2020

**Amendment:**

October 27, 2021

**Supersedes:**

DO 1104 (12/19/12)



**Scheduled Review Date:**

January 1, 2023

**ACCESS**

☐ Contains Restricted Section(s)

Department Order Manual

David Shinn, Director

2.4.1 The Section IV of Guidelines for Inmate Medical Records Reviews form shall be completed. This is filed in under the Legal/Administrative tab.

2.4.2 If the inmate requires additional time for the review, he/she may:

2.4.2.1 Request an additional review.

2.4.2.2 Review the Medical Record at a date and time that is convenient and does not conflict with staff workload priorities.

2.4.2.3 Reviews are permitted once per quarter. If the inmate needs an additional review due to a litigation issue, the inmate shall submit an Inmate Letter to the Contract Facility Health Administrator explaining the need for additional record reviews.

## 3.0 REQUESTS FOR INMATES TO OBTAIN MEDICAL RECORDS FOR LITIGATION ISSUES

3.1 <u>Access to Obtain Copies of the Medical Record</u> – Upon receipt of a subpoena or an Inmate Letter that identifies the specific portions of the Medical Record to be copied, the Medical Record Monitor shall:

3.1.1 Forward the request to the Office of the Attorney General, via Legal Services, for advice as to whether the following requirements have been met in relation to the case:

3.1.1.1 The court has stipulated the inmate may act as his/her own attorney.

3.1.1.2 The request is related to a bona fide lawsuit that has been validly served on the Department or other defendant.

3.1.1.3 The request for discovery has been filed.

3.1.1.4 The Office of the Attorney General has not filed an objection to the production of the records in court.

3.1.2 Upon notification from the Office of the Attorney General that all requirements have been met, ensure the copies of the appropriate portions of the Medical Record are prepared by healthcare staff, who shall give the copies directly to the inmate after the following have been completed:

3.1.2.1 The inmate has signed the Inmate Medical Record Waiver of Liability, Form 1104-8.

3.1.2.2 Healthcare staff members who provided the copies to the inmate sign the Inmate Medical Record Waiver of Liability form, as witnesses to the inmate's signature and file the form in the inmate's Medical Record.

3.2 <u>Charges for Copies</u> – The Medical Records Office shall charge the appropriate fee for the information copied from a Medical Record, as follows:

3.2.1 An inmate who is not indigent shall be charged .50 cents for each page.