KRISTIN K. MAYES
ATTORNEY GENERAL

Gregory Honig, Bar No. 018804
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
2005 North Central Avenue
Phoenix, AZ  85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-7670
Gregory.Honig@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Shawn Jensen, et al., | NO. CV-12-00601-PHX-ROS |
| Plaintiffs, | |
| v. | **DEFENDANTS' OBJECTIONS TO SCOTT FRAKES' STAFFING ANALYSIS AND PLAN** |
| Ryan Thornell, et al., | |
| Defendants. | |

Pursuant to the Court's Permanent Injunction (Dkt. 4410), Defendants, through counsel, submit the following objections to the staffing plan and recommendations by Court expert, Mr. Scott Frakes (Dkt. 4489).  Defendants agree with much of the proposal.  Certain aspects of the staffing plan, however, should be amended to account for practical realities in operating Detention Units, such as lower populations in the housing units, facility specific

relief factors for 12-hour shifts, current staffing patterns which allow for the out of cell time and the provision of services required by the injunction, and the unnecessary expenditure of resources.

### 1. Defendants' Feedback after August 18th

In his October 6, 2023 Staffing Analysis and Plan filed with the Court (Dkt. 4489), Mr. Frakes states, "I received no further feedback [from Defendants] on drafts submitted on and after August 18th." Although accurate, ADCRR notes that there was a misunderstanding regarding when Mr. Frakes wanted additional feedback on the staffing plan. ADCRR's Security Operations Administrator was Mr. Frakes' primary point of contact during this process, including everything from gathering and providing information for Mr. Frakes to personally escorting Mr. Frakes on facility tours. ADCRR's Security Operations Administrator received a number of emails from Mr. Frakes with "partial" and "incomplete" plans. ADCRR's Security Operations Administrator provided input and asked questions relative to the partial proposals. He believed, however, that there would be an opportunity to review the staffing analysis and plan in its final format and to share that with ADCRR leadership to provide agency-wide feedback prior to the proposed plans being finalized and submitted to the Court. ADCRR never received the final proposed staffing analysis and plans until they were filed with the court on Friday, October 6, 2023. ADCRR believes it is important for the Court to be aware of this context as to the extent of feedback and objections presented herein.

### 2. "Staffing levels are not tied to the number of people housed in the [Detention Unit, Mental Health Watch], and must be followed if just one member of the subclass is housed in the unit. (Dkt. 4489)."

An overarching recommendation by Mr. Frakes in his Staffing Analysis and Plan is that "staffing levels are not tied to the number of people housed in the [Detention Unit, Mental Health Watch], and must be followed if just one member of the subclass is housed in the unit." In essence, this recommendation requires ADCRR to maintain the same level of staffing for one (1) person housed as is required for forty-nine (49) individuals housed, with no latitude to adjust accordingly. ADCRR objects to the proposed lack of its ability to

curtail, reduce, and/or collapse posts and re-assign idle staff regardless of the inmate population count and unit vacancy. With no ability to adjust based on population size, operational cadence and workload will diminish. Quite simply, the proposed staffing allocations are counterproductive and will result in resource idleness.

The delivery of services to these facilities typically occurs between 6:00 a.m. and 6:00 p.m. in most cases, and significantly tapers down outside that timeframe. The movement required to deliver services is typically accomplished by escort or recreation officers. These officers are tasked with the movement of inmates from their housing units to predetermined destinations throughout the facility such as medical appointments, programming, or other approved out of cell time activities outside their housing units. The level of staffing proposed after 6:00 p.m. is unnecessary and will result in over-staffing in Detention Units after the out of cell activities have ended for the day.

### 3. Current Out-of-Cell Compliance

ADCRR's compliance rate with out-of-cell time has hovered between 90-100%. A review of fifty (50) randomly selected out of cell sheets from September 2, 2023 to September 8, 2023 show high compliance percentages. Where non-compliance is noted, it appears to be based on failures to log, primarily at the same unit and by the same staff member. ADCRR is continually working on addressing these inadequacies. This rate of compliance with the current staffing complement is indicative of the fact that the Detention Units are appropriately staffed. As a result, many of the increases proposed by Mr. Frakes, particularly in the number of floor officers, is not necessary.

|  | Compliant | Non-Compliant | % Compliant | % Non-Compliant |
|---|---|---|---|---|
| 2 hours of offered out of cell time per day | 48 | 2 (not logged for two separate individuals at Lewis-Stiner) | 96.00% | 4.00% |
| 14 hours of total out of cell time per week if housed for a full week | 48 | 2 (not logged for two separate individuals at Lewis-Stiner) | 96.00% | 4.00% |
| 10 hours of total recreation time per week if housed for a full week | 48 | 2 (not logged for two separate individuals at Lewis-Stiner) | 96.00% | 4.00% |
| Access to cleaning supplies (our minimum is 3x per week) | 50 | 0 | 100.00% | 0.00% |

| | | | | |
|---|---|---|---|---|
| no more than 14 hours between meals | 40 | 10 (four instances were from the same unit) | 80.00% | 20.00% |
| 3 or more showers offered no more than 3 days apart | 50 | 0 | 100.00% | 0.00% |
| 3 meals on the weekday (hot x2, cold x1) | 45 | 5 (not logged for two separate individuals at Lewis-Stiner) | 90.00% | 10.00% |

### 4.   Relief Factors

ADCRR seeks clarification on the calculation used for relief factors for 12-hour shifts by Mr. Frakes. Specifically, Mr. Frakes posits on page 4, "The ADCRR relief factor for 24/7 posts with 12-hour shifts is 4.84, which is lower than the 5.40 relief factor used for posts filled 24/7 with 8-hour shifts. For the proposed staffing plans the same relief factor methodology was used for 8-hour and 12-hour shifts, with one 12/7 post requiring 2.70 fte's." (Dkt. 4489 at 4.) ADCRR is unaware of the methodology used to calculate 4.84 and 5.40 as relief factors. Moreover, Defendants confirm those relief factors are not currently being used by ADCRR. ADCRR's current 8-hour relief factor is 1.80 and is included in Document 22 of Mr. Frakes' Staffing Analysis and Plan (Dkt. 4489, page 29).

ADCRR respectfully requests the formal calculation Mr. Frakes used to recommend a 2.70 relief factor for 12-hour shifts. ADCRR is unaware of a set industry standard and if this relief factor is borrowed from another state, ADCRR does not have access to how it was calculated for that state or what factors were relied on. Below is ADCRR's current 12-hour relief factor. It is important to note that ADCRR's current model takes into consideration a "short week" (36 hours) and a "long week" (48 hours). ADCRR currently utilizes four (4) quadrants: (1) 0600 to 1800 AM Front with SMT RDO and every other Wednesday on their short week; (2) 0800 to 1800 AM Back with TFS RDO plus every other Wednesday on their short week; (3) 1800 to 0600 PM Front with SMT RDO and every other Wednesday on their short week; and (4) 1800 to 0600 PM Back with TFS RDO and every other Wednesday on their short week. ADCRR's current 12-hour relief factor is calculated as follows.

| CALCULATING SHIFT RELIEF FACTOR | |
|---|---:|
| **12-Hour Shift, 3 days on short shift and 4 days on long shift** | |
| | |
| **A. Number of days per year the agency is closed/no services offered** | 0 |
| **B. Number of agency work days per year** (B-A) | 365 |
| **C. Regular days off per employee per year** (26 wks x 3 days off/wk / 26 wks x 4 days off/wk) | 182 |
| **D. Vacation days per employee per year** (A/L, CT, HL) | 15 |
| **E. Sick days off per employee per year** (S/L, S/F, FMLA, I/L) | 7 |
| **F. In-service training days off per employee per year** | 5 |
| **G. Military days off per employee per year** | 1 |
| **H. Leave without pay days per employee per year** | 3 |
| **I. Other** (Education, Civic, TWA) | 1 |
| **J. Pre-service days off per employee per year** | 6 |
| **K. Total number of days off per year** (Add C thru J) | 220 |
| **L. Number of actual work days per employee per year** (B-K) | 145 |
| | |
| **M. Shift relief factor for 12-hour shift** *To provide a 7 day post, ADCRR utilizes 2 sets of staff (front and back), therefore the relief factor is 2.52, but, broken into 4 quadrants* | **2.52** |

### 5. Current Staffing and Proposed Staffing

Defendants have addressed Documents 1, 2, 3, 4, 5, 6, 7, 8, 10, 15, 17, 18, 19, 20, and 21. Defendants comments are in red font on each of the attached Documents. (See Exhibit A). Defendants are unable to meaningfully address Documents 11, 12, and 13, which are based on a combined staffing pattern from different units with completely different physical plant requirements and staffing needs. It is therefore impossible to provide meaningful feedback to these proposed staffing patterns. Additionally, Documents 9, 14, and 16 are based on hypothetical staffing patterns that do not currently exist for those locations.

- Document 9 (Browning 8-hour) | ADCRR's Browning Unit is 12-hour
- Document 14 (Rast 8-hour) | ADCRR's Rast Unit is 12-hour
- Document 16 (SMU1 8-hour) | ADCRR SMU1 is 12-hour

If at some point in the future Defendants move to 8-hour shifts for these locations, Defendants respectfully request to reserve the right to reevaluate staffing patterns conducive to those allocations.

DATED this 16th day of October 2023.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By /s/ Daniel P. Struck
    Daniel P. Struck
    Rachel Love
    Timothy J. Bojanowski
    Nicholas D. Acedo
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226

    KRISTIN K. MAYES
    ATTORNEY GENERAL

    Gregory Honig
    Lucy M. Rand
    Assistant Attorneys General
    2005 North Central Avenue
    Phoenix, AZ 85004-1592

    *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy: | ahardy@prisonlaw.com |
| Asim Dietrich: | adietrich@azdisabilitylaw.org; emyers@azdisabilitylaw.org; phxadmin@azdisabilitylaw.org |
| Corene T. Kendrick: | ckendrick@aclu.org |
| David Cyrus Fathi: | dfathi@npp-aclu.org; astamm@aclu.org; hkrase@npp-aclu.org |
| Donald Specter: | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@azdisabilitylaw.org |
| Rita K. Lomio: | rlomio@prisonlaw.com |
| Rose Daly-Rooney: | rdalyrooney@azdisabilitylaw.org |
| Sara Norman: | snorman@prisonlaw.com |
| Sophie Jedeikin Hart | sophieh@prisonlaw.com |
| Gregory Honig | Gregory.Honig@azag.gov |
| Lucy Rand | Lucy.Rand@azag.gov |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Daniel P. Struck