# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, | No. CV-12-00601-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Thornell, | |
| Defendant. | |

Defendants' response to the Interim Status Report states the healthcare "staffing numbers total 944.80 [FTEs] as of February 14, 2024." (Doc. 4553 at 4). The staffing required by the current contract, however, is 1,431 FTEs. (Doc. 4539 at 16). And that total is in place only until the required staffing analysis is completed. That staffing analysis likely will dictate even higher staffing levels than contemplated by the current contract. Thus, there currently is a significant staffing shortage and that shortage will soon become even more stark.

Defendants' response indicates they believe the staffing shortage will be alleviated by, among other things, increasing salaries. At present, increased salaries are being offered for particular disciplines each month. (Doc. 4553 at 12). More aggressive action is needed.

The Court's findings of fact and conclusions of law issued on April 7, 2023, noted "[i]ncreased salaries may be necessary for Defendants to reach adequate staffing levels." (Doc. 4410 at 55). The Court warned Defendants that if they were "unable to recruit and retain sufficient staff, the Court [would] consider mandating salary increases." (Doc. 4410

at 55). Having waited ten months since the issuance of the parties' stipulated injunction, it appears to be time for the Court to require additional salary increases to ensure adequate staffing as a foundation for providing constitutionally adequate care.

In filing their responses to the monitors' Interim Status Report on February 27, 2024, the parties should outline and address the precise terms the Court should order that will result in the healthcare contractor offering higher salaries. The Court notes the recent amendment to the healthcare contract anticipates the possibility of higher salaries and places the responsibility for such salaries solely on ADCRR. The contract amendment states, in relevant part,

> In the event that the Court orders increases in compensation for healthcare workers or the addition of positions these costs shall be born fully by ADCRR and this Contract shall be amended accordingly to provide for compensation to Contractor to pay for these obligations.

(Doc. 4507-1 at 46). This language appears to allow the Court to require Defendants immediately increase salaries to ensure Defendants are in compliance with the Eighth Amendment as required by the Constitution. The parties should set forth whether that reading is correct. And regardless of the precise terms the Court must order to increase salaries, the parties should address if the Court should order additional salary increases at set intervals such as monthly until full staffing is achieved.[1]

A hearing will be set for **March 15, 2024**, at **9:00 a.m.**, to discuss the monitors' report and the parties' responses.

Accordingly,

**IT IS ORDERED** in the response briefs due on **February 27, 2024**, the parties should address the mechanics of mandating increased salaries.

…

…

…

---

[1] This topic is in addition to any other matters the parties wish to present when responding to the other side's filing.

- 2 -

**IT IS FURTHER ORDERED** a hearing is set for **March 15, 2024**, at **9:00 a.m.**

Dated this 22nd day of February, 2024.

_____
Honorable Roslyn O. Silver
Senior United States District Judge