# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, | No. CV-12-00601-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Thornell, | |
| Defendant. | |

On March 14, 2024, NaphCare, Inc., filed a motion seeking "to intervene as a defendant in this action pursuant to Federal Rules of Civil Procedure 24(a)(2) and (b)." (Doc. 4571). According to that motion, NaphCare only recently "stepped into [the] long-broken system" of providing prisoners healthcare in Arizona. (Doc. 4571 at 2). NaphCare has been "working hard" to change the culture and has "dramatically increased staffing in the prisons and continues to make progress." (Doc. 4571 at 3-4). NaphCare admits there remain "complex challenges ahead" but states "[f]ixing a healthcare system . . . takes time." (Doc. 4571 at 6). NaphCare believes improving the system will require it have "a seat at the table, *as a party* (not merely as a witness or an agent of ADCRR)." (Doc. 4571 at 7). NaphCare goes on to explain how it believes it meets the requirements for either mandatory or permissive intervention. Plaintiffs oppose NaphCare's motion to intervene.

In explaining its allegedly unique interest, NaphCare notes it "and ADCRR are parties on opposite sides of a contract with differing legal responsibility, not the least of which is ADCRR's obligation to adhere to the United States Constitution and comply with

the Injunction (to which NaphCare is not a party)." (Doc. 4571 at 13). This statement suggests NaphCare wishes to intervene as a defendant, while not conceding any current obligation to comply with the Constitution or with the Injunction. NaphCare may already have such obligations under Federal Rule of Civil Procedure 65(d)(2). But more importantly, the Court is not confident NaphCare understands the potential consequences of granting its motion. If NaphCare were to become a named defendant, it would seem to follow that NaphCare would be subject to the Injunction. Thus, the Court would no longer need to address its Orders to ADCRR. Rather, the Court could issue Orders directly to NaphCare. For example, the Court could order NaphCare itself to immediately hire more staff. And if NaphCare failed to do so, it could face contempt sanctions. The Court is skeptical that is NaphCare's intent in seeking to become a defendant.[1]

The Court will deny the present motion for intervention based on the uncertainty regarding NaphCare's intent.[2] If NaphCare does wish to become a defendant to litigate the remedies in this action and, as a consequence, subject itself directly to Court Orders, NaphCare may renew its motion to intervene making that intention clear. Alternatively, if NaphCare wishes to become a defendant, but not one subject directly to Court Orders, NaphCare may renew its motion with authority explaining how such involvement would operate at a practical level without unnecessarily complicating matters. If NaphCare files a renewed motion, it must include a proposed pleading as required by Federal Rule of Civil Procedure 24(c).

The Court recently solicited briefing addressing ADCRR's interactions with NaphCare. (Doc. 4602). If it wishes to do so, NaphCare may submit an amicus brief addressing those issues.

---

[1] The present uncertainty is due in part to NaphCare's failure to comply with Rule 24. Pursuant to that rule, NaphCare's motion should have been "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). *See California Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1086 n.7 (9th Cir. 2022). The Ninth Circuit has held the failure to comply with this requirement is not fatal to a request to intervene. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009). But if NaphCare had submitted such a pleading, the Court would be better able to determine the basis on which NaphCare seeks to intervene.

[2] The Court has not yet evaluated whether NaphCare can satisfy the test for either type of intervention and, in particular, whether the motion was timely.

Accordingly,

**IT IS ORDERED** the Motion to Intervene (Doc. 4571) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** NaphCare may file an amicus brief no later than **May 3, 2024**, addressing the issues outlined in Doc. 4602.

Dated this 1st day of May, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge