KRISTIN K. MAYES
ATTORNEY GENERAL

Gregory Honig, Bar No. 018804
Lucy M. Rand, Bar No. 026919
Assistant Attorneys General
2005 North Central Avenue
Phoenix, AZ 85004-1592
Telephone: (602) 542-1645
Fax: (602) 542-7670
Gregory.Honig@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Timothy J. Bojanowski, Bar No. 022126
Nicholas D. Acedo, Bar No. 021644
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Shawn Jensen, et al., | NO. CV-12-00601-PHX-ROS |
| Plaintiffs, | |
| v. | **DEFENDANTS' STATEMENT IN RESPONSE TO COURT ORDER [DKT. 4602]** |
| Ryan Thornell, et al., | |
| Defendants. | |

Pursuant to the Court's Order (Dkt. 4602), Defendants provide the following response addressing current staffing and vacancy levels, contracted staffing wages, contractual sanctions and offsets assessed against NaphCare, and authority for the Court to impose additional sanctions in advance of the May 16, 2024 status hearing.

## I. NaphCare's Hiring Continues to Improve.

NaphCare has continued to report a steady increase in fill rates and decrease in vacancy rates over the past four months, due in large part to NaphCare's aggressive recruiting strategies, increased pay rates and recruiting bonuses, and pressure asserted on NaphCare by Defendants through letters of non-compliance, staffing offsets, and sanctions. The following chart shows the recent trends in staffing, including an increase of 163 total FTEs in the past four months.[1]

| FTE | January 2024 | February 2024 | March 2024 | April 2024 |
|---|---|---|---|---|
| Total FTE | 1102.60 | 1170.25 | 1238.65 | 1265.60 |
| Pending | 69.90 | 11.10 | 128.50 | 129.85 |
| Vacant | 262.95 | 169.10 | 107.70 | 86.50 |
| Partially Vacant[2] | N/R | N/R | 18.05 | 11.10 |

As of April 26, 2024, NaphCare reported to ADCRR that vacancies had dropped further to 67 FTE after the submission of the April staffing report. Defendants will submit updated information on hiring prior to the May 16, 2024 hearing.

Based on these marked improvements made by NaphCare in hiring rates and decreases in vacancy rates, Defendants are not asking the Court to issue any orders with respect to sanctions against NaphCare at this time.

## II. NaphCare's Payment of Contracted Staffing Wages.

NaphCare's regional leadership reports that they have provided raises to all positions in the past four to six months, which has resulted in NaphCare paying higher average wages for all positions over that timeframe. These raises are typically made by position, meaning that all individuals in a given position will be provided raises at the same time. The specific positions receiving raises change each month. As a result, a position that had previously been paid an average wage under the contract level in March could receive a raise in April

---

[1] This chart is based on the monthly staffing report, which is prepared by NaphCare and provided to Plaintiffs and the Court Monitors.

[2] NaphCare uses "partially vacant" to refer to the scenario in which an employee has a guaranteed schedule that is less than a full FTE. For example, if a dentist with a set schedule that equals 0.8 FTE is filling a position that calls for 1.0 FTE, and there is no other dentist filling the remaining 0.2 FTE, NaphCare allocates 0.2 FTE under "partially vacant."

that would bring the average wage up to or even over the contract level.

Defendants do not have access to all data at a sufficient level of granularity necessary to independently verify the average wages, including benefits, that NaphCare reports paying to its staff for all positions. While ADCRR has access to ADP, the payroll management service utilized by NaphCare, ADP does not show how much NaphCare pays for registry positions. For those positions, ADP shows a placeholder of $1, rather than the actual hourly rate paid. To calculate an average wage, ADCRR would have to pull pay records for each individual employee, but even that would show only wages paid and certain benefits received, and ADCRR does not have access to data on the full value of benefits paid. As a result, Defendants are unable to independently verify NaphCare's claims that they are paying at or above contract rates for certain positions. Moreover, Defendants are unable to verify when NaphCare began paying at or above contract rates for certain positions for which NaphCare makes that claim.[3]

The reporting provided by NaphCare, however, shows that NaphCare is still paying below contract rates for the following positions:

- Scheduler
- Dental Hygienist
- LPN for SUD Program
- Women's Health NP (OB/GYN)
- LPN
- Physical Therapist
- Administrative Assistant/Scheduler
- Midlevel Practitioner
- Asst DON
- Asst FHA

---

[3] Due to the raises noted above, many of the positions for which NaphCare is currently reporting paying at or above contract rates were likely paid under contract rates until recently.

3

- Provider – Medication for SUD Program
- Psychologist
- DON
- Additional Intake RN
- Psychiatrist
- Mental Health Midlevel
- Clinical Director (Mental Health)

### III. ADCRR Continues to Assess Maximum Contractual Offsets and Other Sanctions Against NaphCare.

Defendants began assessing staffing offsets in October 2023 and have assessed the maximum allowable offsets from that time forward. Early in the contract term, Defendants took a more collaborative approach to build transparency and cooperation with NaphCare, allowing NaphCare time to address issues it inherited from the prior vendor before assessing offsets. ADCRR also attempted to reach compliance through requiring corrective action plans and employing other non-monetary penalties prior to imposing sanctions. After NaphCare failed to perform as required despite progressive actions taken by Defendants, Defendants began assessing monetary sanctions and offsets.

ADCRR has issued the following monthly staffing allocation offsets against NaphCare:[4]

| Description | Staffing Offset Amount | Status |
|---|---|---|
| Staffing Offset – October 2023 | $1,491,024.52 | Paid 12/19/2023 |
| Staffing Offset – November 2023 | $1,866,321.14 | Paid 1/26/2024 |
| Staffing Offset – December 2023 | $2,330,733.53 | Paid 2/22/2024 |
| Staffing Offset – January 2024 | $2,800,309.38 | Paid 3/11/2024 |
| Staffing Offset – February 2024 | $2,224,980.02 | Paid 3/26/2024 |
| Staffing Offset – March 2024 | $2,549,642.18 | Paid 4/26/2024 |
| **Total Offsets** | **$13,263,010.77** | |

In addition to the maximum allowable staffing allocation offsets that have been assessed since October 2023, ADCRR will begin assessing a monthly Vendor Performance

---

[4] Because the contract ties staffing allocation offsets to total hours worked rather than FTEs filled, monthly offset amounts assessed may increase despite NaphCare improving its FTE fill rate.

4

Report ("VPR") sanction per facility in which NaphCare has not filled all shifts at 85% or higher. Moreover, for the first time since privatization, ADCRR is also assessing VPR sanctions pursuant to Section 1.21.6.4 of the contract, which permits assessment of immediate monetary sanctions for "[s]ubstantial failure to provide medically necessary services that the Contractor is required to provide under the terms of the contract to the extent that the Contractor's ability to bring its performance back into compliance at a future date does not mitigate the gravity or severity of the non-compliance." Under this provision and Sections 1.13.7 and 1.13.7.1,[5] ADCRR assessed a $250,000 sanction against NaphCare for delays in care and failure to provide suicide intervention services, including placement on mental health watch following a documented incident of self-harm, leading to the suicide of Jody Mobley.

ADCRR has also sent the following letters of non-compliance to NaphCare, inclusive of memoranda:

| Description | Date of Letter | Response Date |
|---|---|---|
| October 2022 CGAR Non-Compliance | 1/9/2023 | 1/19/2023 |
| Mental Health Clinicians – 24 Hour Coverage | 1/9/2023 | 1/12/2023 |
| Electronic Prescriptions for Controlled Substances | 1/9/2023 | 1/27/2023 |
| Electronic Perpetual Inventory System | 1/9/2023 | 1/27/2023 |
| Performance Measures Audit Findings for October 2022 | 1/11/2023 | 1/27/2023 |
| Pharmacy Audits | 1/12/2023 | 1/27/2023 |
| Hepatitis C | 4/3/2023 | 4/10/2023 |
| ShiftHound Software – No Access for HSD Staffing | 3/4/2024 | 4/9/2024 |

In addition, Director Thornell has personally sent the following letters to NaphCare regarding staffing and salaries:

---

[5] Section 1.13.7 requires NaphCare to "provide comprehensive mental health services, that are evidence-based and/or best practices, including but not limited to: 1.13.7.1 Crisis and suicide intervention services, including suicide watches and mental health watches."

- November 29, 2023 Letter from Director Thornell to NaphCare CEO Bradford McLane re: NaphCare's Rate of Hiring/Staffing Progress (attached hereto as Exhibit 1); and

- March 8, 2024 Letter from Director Thornell to NaphCare CEO Bradford McLane re: NaphCare's Rate of Hiring/Staffing Progress (attached hereto as Exhibit 2).

ADCRR's assessment of staffing allocation offsets is having a tangible impact on NaphCare's hiring and payment of higher wages, and ADCRR will continue to assess offsets and sanctions until NaphCare is fully staffed and filling all shifts at 100%.

**IV.    The Court has Authority to Assess Additional Sanctions Against NaphCare.**

As Defendants previously noted, the Court retains inherent power to enforce injunctions and make modifications where appropriate and equitable. *See, e.g.*, *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932); *Sys. Fed'n No. 91, Ry. Emp. Dept., AFL-CIO v. Wright,* 364 U.S. 642, 646-649 (1961). Additionally, the contract requires that NaphCare "meet all federal and state constitutional amendments [and] court orders." *See* RFP § 1.1.5.

While there do not appear to be other cases with similar facts and procedural posture, other courts have cited Federal Rule of Civil Procedure 65(d) in holding that a court can hold non-parties in contempt for violating an injunction, after providing notice and a hearing, if the court determines that the non-party acted in concert with a party in violating the injunction. *See, e.g.*, *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1395 (D.C. Cir. 1996); *Fed. Trade Comm'n v. Productive Mktg., Inc.*, 136 F. Supp. 2d 1096, 1103-04 (C.D. Cal. 2001). In *Additive Controls*, the D.C. Circuit explained, "[c]ourts have carefully distinguished between entering an injunction against a non-party, which is forbidden, and holding a non-party in contempt for aiding and abetting in the violation of an injunction that has been entered against a party, which is permitted." 96 F.3d at 1395. The court further noted, "an injunction 'is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in

active concert or participation with them who receive actual notice of the order by personal service or otherwise.'" *Id.* (citing Federal Rule of Civil Procedure 65(d)).

Thus, the Court could, after providing notice and an opportunity to be heard, find NaphCare to be in contempt of the Injunction and assess additional monetary or other sanctions against it. Doing so would not require a contract modification, based on the above cited language in RFP § 1.1.5. However, at this time, Defendants are not requesting that the Court issue an Order with respect to monetary sanctions against NaphCare.

DATED this 3rd day of May, 2024.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Daniel P. Struck
  Daniel P. Struck
  Rachel Love
  Timothy J. Bojanowski
  Nicholas D. Acedo
  3100 West Ray Road, Suite 300
  Chandler, Arizona 85226

KRISTIN K. MAYES
ATTORNEY GENERAL

Gregory Honig
Lucy M. Rand
Assistant Attorneys General
2005 North Central Avenue
Phoenix, AZ  85004-1592

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Alison Hardy | ahardy@prisonlaw.com |
| Asim Dietrich | adietrich@disabilityrightsaz.org |
| Corene T. Kendrick | ckendrick@aclu.org |
| David Cyrus Fathi | dfathi@aclu.org |
| Donald Specter | dspecter@prisonlaw.com |
| Eunice Cho | ECho@aclu.org |
| Jared G. Keenan | jkeenan@acluaz.org |
| Lauren K. Beall | lbeall@acluaz.org |
| Maria V. Morris | mmorris@aclu.org |
| Maya Abela | mabela@disabilityrightsaz.org |
| Rita K. Lomio | rlomio@prisonlaw.com |
| Rose Daly-Rooney | rdalyrooney@disabilityrightsaz.org |
| Sara Norman | snorman@prisonlaw.com |
| Sophie Jedeikin Hart | sophieh@prisonlaw.com |
| Gregory Honig | Gregory.Honig@azag.gov |
| Lucy Rand | Lucy.Rand@azag.gov |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/ Daniel P. Struck