IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, <br><br>            Plaintiff, <br><br> v. <br><br> Ryan Thornell, <br><br>            Defendant. | No. CV-12-00601-PHX-ROS <br><br> **ORDER** |

      The Court continues to attempt to spur compliance with the Permanent Injunction. The Court's recent Orders have focused on identifying methods to compel recruitment of healthcare staff, most specifically addressing healthcare workers' salaries. The briefing received from the parties and NaphCare indicates a remarkable degree of disagreement on factual matters that should be readily ascertainable. For example, ADCRR has described NaphCare as paying wages lower than what is required by their governing contract, while NaphCare claims that contract does not dictate any specific wages that must be paid.

      The parties have also provided their responses to the Staffing Analysis and Plan required by Section 1.17 of the Permanent Injunction. Defendants offer broad-based critiques of the Staffing Plan while simultaneously offering their own plan that also contemplates a marked increase in staffing. NaphCare, for its part, attempted to intervene and maintains the Court cannot and should not take any enforcement action against it.

      Underlying all pending issues is the presence of NaphCare, a third-party contractor providing healthcare on behalf of the state. Plaintiffs have long maintained that the

presence of NaphCare, and the state law that requires privatization of prisoner healthcare, are obstacles to prisoners receiving constitutional levels of care. To ensure the Court has as much information as possible regarding appropriate next steps, including how the state law requiring privatization is impacting this case, the Court will require a written response from the Arizona Attorney General. *See* Fed. R. Civ. P. 5.1(a) (requiring service of notice on state attorney general in certain cases when constitutionality of state statute is questioned).

The Attorney General's Office must file a response indicating its position on what actions the Court can take should it conclude Defendants have not taken all reasonable steps to comply with the injunction. In particular, the Attorney General's Office should address whether the Court can issue an Order directly to NaphCare to take specified actions and the procedures that would be required before the Court could rule the statute requiring privatization is unconstitutional.

Accordingly,

**IT IS ORDERED** the Arizona Attorney General's Office is directed to file a response as directed herein no later than **May 15, 2024**.

Dated this 10th day of May, 2024.

_____
Honorable Roslyn O. Silver
Senior United States District Judge