Martice Deshawn Wallace 331022
ASPC-Tucson, Cimarron Unit
Po Box 24409
Tucson, AZ 85734
Subclass Plaintiff Pro-se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Shawn Jensen, et al. Plaintiffs, | No. CV-12-00601-PHX-ROS |
|---|---|
| v. | Notice Of Noncompliance Of Injunction, And For Enforcement Of Injunction Pursuant To Rules 70, 71 Fed. R. Civ. Procedure. |
| Ryan Thornell, et al. Defendants. | |

By and through Pro-se, Plaintiff a Subclass member to this action hereby gives notice to the court of how The ADCRR is in gross non-compliance with This Courts Injunction And how that non-compliance is causing substantial harm to subclass members and ask that the court issue an emergency order requiring the defendants to immediately cease non-compliance with this courts Injunction, And For this Court to Enforce The Injunction And To Sanction The Defendants for their egregious non-compliance with This Court's Injunction.

1

1. Procedural Background.
On June 30th, 2022, the Court issued its Findings of Fact and Conclusion of Law, identifying a multitude of constitutional violations in the provision of health care and in housing certain prisoners in isolation (Doc. 4335). In that Order, the Court required the parties "nominate proposed experts to assist the court with crafting an injunction that complies" with the statutory limitations on injunctions addressing Prison Operations (Doc. 4335 at 180).
The Court subsequently issued an Permanent Injunction (Doc. 4410) on 04/07/23.

2. Allegations of Substantial non-compliance with the courts Injunction both in the provision of health care and Prison Operations.

(a) I Martice Deshawn Wallace (a subclass member) is currently confined at ASPC-Tucson, Cimarron Detention Unit and has been for the better part of 60 days In violation of the Injunction (Doc. 4410 at 52).
There are a multitude of inmates being held in restrictive housing far longer than the 60 day time limit imposed by the courts Injunction (Doc. 4410 at 52) The Defendants are not ensuring all custody decisions and reviews made by correctional officers, supervisors, and committees are reasonable and consistent with legitimate Penological interests, as mandated by the injunction at 52.

(b) There is a lack of staffing at atleast 2 units in Tucson (Cimarron and Santa Rita) that has resulted in inmates being deprived of out of cell time and even showers on a consistent basis in violation of the injunction at 51.

(c) In several Detention Units across the state including at Cimarron, inmates are being forced to house in buildings without proper Air conditioning and ventilation. ADCRR staff do not conduct regular temperture checks and if their documentation states otherwise, they are falsifying documentation in violation of the injunction at 52. The cells are atleast 90 degrees and humid and inmates arent being given ice or fans as required by directors orders.

(d) In Detention units across the state and at Cimarron Inmates are being forced to house in 3 man cells, with atleast one inmate being forced to sleep on the floor. Inmates who refuse to be housed in a 3 man cell are being disciplined or violently removed from cells by force with pepper spray, tasers, and pepper ball guns, and or is being threatened with the use of such force for refusal to house or be housed in a 3 man cell.
Because of the high temperatures and humidity in cells and 22 hour lock-downs or 24 hour lockdowns (due to inadequate staffing), the Defendants has created and implemented dangerous conditions for inmates

3

well-being, health, and safety who are housed in restrictive housing, and those conditions has led to a multitude of inmate fights and assaults to avoid being housed in a 3 man cell without proper AC and ventilation, and or is the underlying factor leading to fights and assaults of 3 man cell assignments. The Defendants has displayed deliberate Indifference and a wreckless disregard for the health and safety of Subclass members housed in Detention Units.

(e) The Defendants are concealing the issue of housing 3 inmates in 2 man cells i.e. The Institution Count Sheets does not reflect that 3 inmates are in or assigned to the same cell and the system does not show 3 inmates being all assigned the same housing location and Defendants are thus falsifying, manipulating, Documentation and records to conceal their actions in violation of the Court's Injunction at 52.

(f) The Defendants Including the "Injunction staff" are fully aware of the non-compliance and issues raised herein and has failed to take any corrective action. Inmates and staff voice complaints, however nothing is being done to correct these issues.

(g) It is extremely difficult for inmates to obtain basic hygeine products in Detention such as soap, toothbrushes, bedsheets and some times even mattresses, and cleaning supplies are not regularly offered or available. Laundry soap is not provided and cant be ordered in Detention.

(h) The classification mandates of the Injunction (Doc. 4410 at 64-66) is non-existent. Inmates including myself are not being brought up for any classification reviews and Defendants are not meeting with inmates in regards to such, and theres no such thing as Individual Case Plans in violation of Injunction at 65.

(I) Inmates who are eligible to leave Detention Units are not being re-housed within ten days and theres obviously no "full time qualified staff member" assigned to Detention units to fulfill this obligation and if there is they are definitely neglecting such duties in violation of the Injunction at 66. Myself was elgible to leave detention almost a month ago and is still in Detention.

(J) Evidence at trial established the disciplinary system is "irrational and unfair" (Doc. 4335 at 142).
That is an understatement.
The Court's expert made many reasonable recommendations for how Defendants should restructure their disciplinary processes. However, the court did not require Defendants to implement them at this time but has the authority to reconsider at a later Date (Doc. 4410 at 66)

5

I firmly assert that "the other limitations Defendants were ordered to comply with" did not in any way ameliorate the harm caused by Defendants irrational and unconstitutional disciplinary Policies and Procedures.

As a subclass member I believe the court should revisit this issue and implement the experts recommendation as it relates to Defendants Disciplinary Policies and Procedures for the following reasons:

- ADCRR Disciplinary staff improperly back-dates Post-Ponements of hearings, use blanket Post-Ponements, without any legitimate reason, and use inlegible signatures when doing so.

- The vast majority of Disciplinary reports as written lacks factual support and does not meet elements of charged offenses.

- Disciplinary coordinators and hearing officers never correct Procedural defects or dismiss defective charges or tickets.

- Inmates are never allowed to hear all of the evidence used to find guilt at hearings or Pre-hearing, in which impedes our ability to defend, prepare a defense, or rebutt the evidence, in violation of our Right to hear and to be heard.

- Disciplinary coordinators and hearing officers do not use camera footage at an inmates request to prove innocence or otherwise contest the merits of the charge, and find guilt as a matter of course based on nothing more than a officer's report.

- ADCRR staff discard witness statements or dont turn them in, and or dont use or read them during hearings.

- Hearing officers are not impartial and find guilt as a matter of course.
- Disciplinary coordinators never investigate charges of follow none of the procedural mandates outlined in D.O. 803.

- The Disciplinary appeals Process is a sham and amounts to a rubber-stamp denial of concrete appeals and the issues raised are never addressed.

- ADCRR staff intercepts second level appeals, denying inmates review of our second level appeals by General counsel in violation of Policy.

I Personally know all these things to be true because I am the number one sought legal assistant in this Prison system and as result have reviewed dozens of Disciplinary Proceedings and filed dozens of Disciplinary appeals on behalf of inmates and have sat through my own Proceedings and have enough legal training and experiance to spot the wide-spread systemic constitutional deprivations rooted in the implementation of ADCRR's Disciplinary Patterns, Practices, Policies, and Procedures.

(K) Health Care services in regards to inadequate staffing is also an issue at certain units, including at Cimarron.

7

- The medical staff at some units, specifically at Cimarron Unit, are grossly understaffed in violation of the Injunction at 4-5.

- When inmates have real medical emergencys, there are times where there wont be any medical staff at all on site to render aid, or it'll take unreasonable amounts of time before medical staff responds.

- Inmates suffering from medical emergencys such as seizures are being improperly administered Norcan, and inmates that require insulin shots hardly get their shots at the appropriate times or their snacks.

(L) The Injunction Portal on inmates tablets is a joke and a sham and doesn't address, follow-up, or correct any complaints placed on there by inmates. I've personally submitted countless complaints on there and the conditions only seems to get worse. The only other option available to obtain speedy intervention was to file the instant motion with the Court.

Accordingly, the Court should revisit it's order and order Defendants to implement the recommendations made by the experts as it relates to Defendants Disciplinary Process because myself and other Plaintiff's and Subclass members will continue to suffer irraparable harm caused by Defendants unconstitutional implementation of their

8

"Irrational and unfair" disciplinary system. (Doc. 4335 at 142)
In addition, the Court should direct Counsel, Defendants, or the moniters to at least look into some of these non-compliance allegations in which can be verified very easily so that the Court and the Parties can make the appropriate adjustments needed for Defendants to come into compliance with the Courts Injunction in it's entirety.

Lastly, The Court should sanction The Defendants for their blatant non-compliance and for any other non-compliance that may be discovered through The Court's inquiry.

Respectfully Submitted,
By: [signature]
Dated: 07-02-2024
Subclass Plaintiff Pro-Se