

Maria Morris
Senior Counsel
National Prison Project
ACLU National Legal Department

VIA EMAIL ONLY

January 6, 2025

Dan Struck
Struck Love Bojanowski & Acedo, PLC
3100 W. Ray Road, Ste. 300
Chandler, AZ 85226
dstruck@strucklove.com

      Re:    *Jensen v. Thornell*, Defendants' Reporting of Deviation from Custody Staffing Plan

Dear Dan,

I write regarding Defendants' reporting of deviations from the Custody Staffing Plan ("Staffing Plan"). We have a number of concerns regarding the reporting to date.

First, the Injunction requires that "[i]f ADCRR falls below [the staffing levels required by the Staffing Plan], it shall inform the Court within seven days." Doc. 4410 at § 20.2.1. Defendants consistently failed to timely inform the Court of its failure to meet the requirements of the Staffing Plan throughout November 2024.

All positions designated as Mandatory Posts must be staffed at all times. According to Defendants' Deviation from Custody Staffing Plan Report, Doc. 4728 ("Deviation Report"), Mandatory Posts went unfilled every day during the month of November 2024 as follows:

| Eyman Browning | November 1-30 |
|---|---|
| Lewis Bachman | November 18, 23, 25, 29, 30 |
| Perryville CWA | November 1-6, 9, 10, 12-15, 27, 29 |
| Tucson Complex CDU | November 1-4, 9, 17, 23-24, 26-30 |
| Tucson Manzanita Detention | November 1-2, 7-11, 16-17, 22, 24-25, 28, 30 |
| Tucson Winchester Detention | November 1-4, 6, 8-10, 14-15, 25, 27-28, 30 |
| Tucson Rincon MHW | November 1-19, 21-30 |
| Winslow Kaibab MHW | November 1-3, 5 |


At Eyman Browning, there were between five and twenty unfilled Mandatory Posts per shift, every single day.  Thus, based solely on the Mandatory Posts, ADCRR should have notified the Court of a failure to meet the Staffing Plan every day from November 8 through December 7, 2024.

Additionally, there were several instances when ADCRR should have notified the Court of a failure to meet the Staffing Plan based on the Essential Posts.  Essential Posts must be at least 75% staffed, calculated weekly.   *See* Doc. 4682 at 3.
Although this is acknowledged in the Deviation Report at pages 1-2, ADCRR calculated the staffing levels for the month, not by week.[1]  By Plaintiffs' calculations, the following locations failed to meet the requirements of the Custody Staffing Plan for the Essential Posts on the following weeks:

|  | 11/1-11/7 | 11/8-11/14 | 11/15-11/21 | 11/22-11/28 |
|---|---|---|---|---|
| Eyman Browning |  | 71% | 71% |  |
| Tucson Complex CDU | 57% | 71% |  | 71% |
| Tucson Manzanita Detention | 0% | 0% | 14% | 0% |
| Tucson Winchester Detention | 0% | 0% | 14% | 0% |
| Tucson Rincon MHW |  |  |  | 57% |
| Safford Detention | 57% |  |  |  |

Each of these weekly failures to meet the requirements of the Staffing Plan should have been reported to the Court within seven days of the week when Defendants failed to meet the requirements.

Secondly, the Deviation Report does not satisfy the requirements of the Injunction.
As discussed above, it inaccurately identifies the deviations from the Staffing Report by calculating the compliance with Essential and Important Posts over the course of the month, rather than on a weekly basis.  This sometimes makes the deviation appear worse, and other times hides the deviation.  For example, the Deviation Report states that Eyman Browing failed to meet the 75% requirement for Essential Posts for the month, reaching only 73.3% for the month.  But calculating weekly shows that Eyman Browning met the

---

[1] The Deviation Report also calculates Important Posts on a monthly basis, contrary to the requirement of the Staffing Plan of weekly calculations.  By Plaintiffs' calculations, there were no locations where, over the course of a week, Defendants failed to staff 50% of Important Posts.



requirement two of the four weeks.  The Deviation Report states that Safford met the 75% requirement for Essential Posts for the month, staffing these posts at 90% over the course of November.  However, during the first week of November, Safford staffed only 57% of the Essential Posts.  This is not disclosed in the Deviation Report.

Another problem with the Deviation Report is that it is unclear how Defendants are making the calculations.  For example, ADCRR reported filling 30% of Essential Posts at Tucson on the Graves/PM Shifts.  Doc. 4728 at 57. However, there are no Essential Posts at Tucson for the Graves/PM shifts; all the Essential Posts are Sergeants, who are supposed to be staffed seven days a week, during the Day shift.  Doc. 4682 at 13, 14, 22, 26, 28.  If this was inaccurate, please correct the Deviation Report, and re-check the Report to ensure that no additional errors were made.  Otherwise, please explain how this calculation was made.

At Perryville, most of the unfilled Mandatory Posts were for a CWA Recreation Officer and were listed as being 75% filled.  Doc. 4728 at 52-55.  This is a single position.  Doc. 4682 at 24.  It is unclear what is meant by the statement that it was 75% filled.  Similarly, the other Mandatory Posts listed as unstaffed were "CWA Floor #2" on a specific shift on two specific days.  Doc. 4728 at 55-56. For each of these shifts, there are two CWA Floor officers required.  Doc. 4682 at 24.  This position for these shifts on the two days are listed as 67% and 75% filled, respectively.  Again, it is unclear what that means.  Please let us know how these calculations were made.

Finally, as stated in my email of December 18, 2024, we do not believe that the Deviation Report satisfies the requirement of § 20.2.3 of the Injunction that Defendants provide reasonable and adequate justification for deviations from the Custody Staffing Plan. We requested that you revise and refile the Deviation Report with adequate justifications.  We have not heard back, nor has the Deviation Report been revised.

Please immediately notify the Court of all dates and locations where any Mandatory Post was not staffed at any time between December 1 and December 30, 2024, and any location where Essential and Important Posts were not staffed at 75% or 50%, respectively, calculated on a weekly basis, since December 1, 2024.

Moving forward, please ensure that you timely and adequately comply with the reporting requirements of §§ 20.2.1 and 20.2.3 of the Injunction, including:



1. Notification to the Court within seven days of any failure to meet the requirements of the Custody Plan. To comply with this provision, any unstaffed Mandatory Post must be reported to the Court within seven days of the day of its occurrence. Because compliance with the Staffing Plan Essential and Important Post requirements is to be calculated on a weekly basis, any failure to meet the 75% threshold for an Essential Post or the 50% threshold for an Important Post at any subclass location over the course of a week must be reported to the Court within seven days of the end of the week that the threshold was not met.
2. Reasonable and adequate justifications for any deviations from the Staffing Plan.

Please let me know if you disagree with our characterization of any of the issues regarding the reporting of deviations from the Custody Staffing Plan.

Sincerely,

Maria V. Morris

Cc:   Counsel of Record
      Court Monitors
      Dir. Ryan Thornell
      Dep. Dir. Ashley Oddo

915 15th Street NW, Washington, DC 20005 | mmorris@aclu.org | 202-548-6607