Jared G. Keenan (Bar No. 027068)
Lauren K. Beall (Bar No. 035147)
**ACLU FOUNDATION OF ARIZONA**
2712 North 7th St.
Phoenix, AZ 85006
Telephone: (602) 650-1854
Email: jkeenan@acluaz.org
        lbeall@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Dustin
Brislan, Robert Gamez, Jonathan Gonzalez,
Jason Johnson, Kendall Johnson, Joshua
Polson, Laura Redmond, Sonia Rodriguez,
Ronald Slavin, Jeremy Smith, and Christina
Verduzco, on behalf of themselves and all
others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON
SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**DISABILITY RIGHTS ARIZONA**
5025 East Washington St., Ste. 202
Phoenix, AZ 85034
Telephone: (602) 274-6287
Email: adietrich@disabilityrightsaz.org

*Attorneys for Plaintiff Disability Rights Arizona*

**[ADDITIONAL COUNSEL LISTED ON
SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, *et al.*, on behalf of themselves and all others similarly situated; and Disability Rights Arizona,<br><br>        Plaintiffs,<br><br>    v.<br><br>Ryan Thornell, *et al.*, in their official capacities,<br><br>        Defendants. | No. CV 12-00601-PHX-ROS<br><br><br>**DECLARATION OF DONALD SPECTER IN SUPPORT OF PLAINTIFFS' MOTION FOR A RECEIVER** |

1    I, Donald Specter, declare:

2        1.    I am an attorney licensed to practice before the courts of the State of

3    California and admitted to this Court *pro hac vice*. I am an attorney of record to the plaintiff

4    class in this litigation. If called as a witness, I could and would testify competently to the

5    facts stated herein, all of which are within my personal knowledge.

6        2.    I am also counsel of record in *Plata v. Newsom*, N.D. Cal. No. 4:01-cv-01351-

7    JST ("*Plata*"), a class action case against the California Department of Corrections and

8    Rehabilitation ("CDCR") challenging the adequacy of medical care provided to people in

9    California state prisons. I also am counsel of record in *Coleman v. Newsom*, E.D. Cal. No.

10   2:90-cv-00520 KJM-DB ("*Coleman*"), a separate class action case against the CDCR

11   regarding mental health care in the California's prisons.

12                            The *Plata* Receivership

13       3.    U.S District Judge Thelton Henderson appointed J. Clark Kelso, a law

14   professor who has a history of fixing serious problems in various state agencies, as Receiver

15   in 2008. At the time Mr. Kelso was appointed, California state prisons housed more than

16   150,000 people in over 30 prisons.[1] In addition to severe overcrowding, the California state

17   prisons suffered from a lack of space to provide care, a healthcare bureaucracy that was

18   dysfunctional, insufficient healthcare and custodial staff, and an acute inability to find and

19   resolve issues that were causing serious harm to patients.

20       4.    I doubt that there is anyone familiar with the remedial process in *Plata* who

21   could reasonably deny that the Receivership has been successful in substantially improving

22   access to medical care and the quality of that care. In 2015, the Receiver issued a special

23   report on the progress to that date. *See Plata v. Brown*, No. 4:01-CV-01351-JST (N.D. Cal.),

24   Receiver's Special Report: Improvements in the Quality of California's Prison Medical

25   Care System, which already has been filed on the docket in *Jensen* at Doc. 3432-1 at 21-88.

26   The Receiver summarized what the reforms have meant to patients: "With respect to

27   _____

28       [1]As of February 7, 2025, over 90,000 people are housed in 31 California state prisons.

outcomes, there has been a significant reduction in definitely preventable deaths and a similar reduction in possibly preventable deaths. In addition, our population health measures indicate that our outcomes, on a population basis, are better than outcomes achieved in Medi-Cal, Medicaid and national HMO populations for a number of important health measures." Doc. 3432-1 at 26. From 2006 to 2013 "likely preventable deaths" went from 18 to 0. *Id.* at 82.

5.      In light of the progress that the Receiver was making, the Court established a mechanism to delegate the healthcare operations of individual prisons back to the CDCR once the Receiver determines that the system of care at a particular prison meets constitutional standards. *See Plata v. Brown*, No. 01-CV-01351-TEH, 2015 WL 14094880, at *2 (N.D. Cal. Mar. 10, 2015). As of today, California operates 31 prisons, of which 26 have been delegated back to the CDCR. (An additional three prisons were also delegated, but those prisons have since closed.)

6.      There is no doubt in my mind that these accomplishments could not have occurred in a timely manner without a Receivership. With guidance, support and supervision from both Judge Henderson and Judge Jon Tigar (who now presides over the case), the Receiver has been able to obtain from the state government the funds necessary to provide essential medical services. The authority vested in the Receiver has enabled him to respond to changes in the healthcare industry and the economy more promptly than the state government ever has.

7.      For example, many years ago the Receiver created an electronic medical record and related quality management functions that not only document individual medical decisions but provide a vast amount of data for system analysis and patient care. Some of that data is publicly available online: https://cchcs.ca.gov/dashboard/. When market conditions or other factors created excessive vacancies among primary care providers, the Receiver was instrumental in getting the State to increase compensation.

8.      Almost all of the progress that the Receiver has made has come about without the need for court orders. Early in the Receivership, the Receiver requested and received a

1    waiver of state laws to avoid the highly complex and bureaucratic task of contracting for
2    certain services and raising salaries. Since that time, Mr. Kelso, acting with the authority of
3    the federal court, has been able to work with the state agencies and the legislature in most
4    instances to obtain necessary resources and processes to improve the medical care system.
5    Although further court orders have rarely been necessary, the Receiver's authority as an
6    agent of the federal court has ensured the cooperation of the state government.

7         9.    In contrast to *Jensen*, there has been very little adversarial litigation in *Plata.*
8    The last motion arose out of the COVID-19 pandemic and the Receiver's request four years
9    ago for a court order to compel vaccination of staff. Outside of the unique context of the
10   COVID-19 pandemic, the last dispute filed with the Court was in 2019 regarding the
11   production of certain documents.

12        10.    With the exception of one instance in 2017, no party has objected to the
13   Receiver's decision to delegate or not delegate a prison back to the jurisdiction of the State.
14   Instead of litigation, the parties rely on continuous communication with Mr. Kelso and his
15   team. For example, before deciding whether to delegate a prison back to the control of the
16   State, Plaintiffs' counsel obtains documents from the prison, tours the prison, provides
17   Mr. Kelso with a letter summarizing our position and meets with Mr. Kelso to discuss the
18   points raised in the letter. Mr. Kelso then meets with representatives of the State and issues
19   a decision.

20        11.    Mr. Kelso is also available on an ad hoc and *ex parte* basis to discuss issues
21   that arise. This type of communication has been essential to focusing efforts on removing
22   new and existing barriers to providing care to patients.

23        12.    In *Plata*, no party has ever suggested that Mr. Kelso's budget is excessive or
24   that the funds are not being spent wisely. On the contrary, I believe that the State is satisfied
25   with the improvements that have been made and that there is a path that eventually will lead
26   to the end of the case and a sustainable and durable healthcare system.

27        13.    Providing healthcare to thousands of people is a complex endeavor, and that
28   is made more difficult by the demands of a carceral setting. The Receivership is not a magic

bullet that solves all the problems in reforming a prison healthcare system. But having a person with experience in managing government agencies who has the authority of the federal court has made a world of difference in promoting compliance with the Constitution. In *Plata*, the Receivership has taken time, financial resources, skill and perseverance, but ultimately it has been enormously effective. Many of my clients are alive because of it.

*Coleman* Filings

14.    Attached as Exhibit 1 is a true and correct copy of the Parties' Joint Response to the Order to Show Cause re Appointment of Receiver, dated August 2, 2024, filed as Doc. 8347 in *Coleman*.

15.    Attached as Exhibit 2 is a true and correct copy of the Declaration of Diana Toche, dated August 2, 2024, filed as Doc. 8347-3 in *Coleman*.

*Jensen* Correspondence

16.    Attached as Exhibit 3 is a true and correct copy of a letter from Ashley Oddo, the Deputy Director of ADCRR, to my colleague Rita Lomio, dated October 25, 2024, related to timely access to specialty care.

17.    Attached as Exhibit 4 is a true and correct copy of a letter from Ms. Lomio to Ms. Oddo, dated November 22, 2024, related to implementation of the health care staffing pilot.

18.    Attached as Exhibit 5 is a true and correct copy of a letter from Ms. Oddo to Ms. Lomio, dated December 20, 2024, related to implementation of the health care staffing pilot.

19.    Defendants previously told the Court that they had "engaged a core team of subject matter experts with a nationwide correctional consulting and management firm" and anticipated that the firm's recommendations "will be made final by mid-2024." Doc. 4566 at 6-7. As of today, Defendants have not shared any recommendations from the firm.

//

//

//

-4-

1         I declare under penalty of perjury that the foregoing is true and correct and that this

2    declaration was executed on February 11, 2025, in Berkeley, California.

3

4                                           */s/ Donald Specter*
                                       Donald Specter

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Rita K. Lomio (Cal. 254501)*
Sophie Hart (Cal. 321663)*
**PRISON LAW OFFICE**
1917 Fifth St.
Berkeley, CA 94710
Telephone: (510) 280-2621
Email:     dspecter@prisonlaw.com
           ahardy@prisonlaw.com
           rlomio@prisonlaw.com
           sophieh@prisonlaw.com

Corene T. Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON
PROJECT**
425 California St., Ste. 700
San Francisco, CA 94104
Telephone: (202) 393-4930
Email:     ckendrick@aclu.org

David C. Fathi (Wash. 24893)**
Maria V. Morris (D.C. 1697904)*
Eunice Hyunhye Cho (D.C. 1708073)*
**ACLU NATIONAL PRISON
PROJECT**
915 15th Street N.W., 7th Floor
Washington, DC 20005
Telephone: (202) 393-4930
Email:     dfathi@aclu.org
           mmorris@aclu.org
           echo@aclu.org
Jared G. Keenan (Bar No. 027068)
Lauren K. Beall (Bar No. 035147)
**ACLU FOUNDATION OF ARIZONA**
2712 North 7th St.
Phoenix, AZ 85006
Telephone: (602) 650-1854
Email:     jkeenan@acluaz.org
           lbeall@aclu.org

*Admitted *pro hac vice*
**Admitted *pro hac vice*. Not admitted in
DC; practice limited to federal courts.

*Attorneys for Plaintiffs Shawn Jensen, Dustin
Brislan, Robert Gamez, Jonathan Gonzalez,
Jason Johnson, Kendall Johnson, Joshua
Polson, Laura Redmond, Sonia Rodriguez,
Ronald Slavin, Jeremy Smith, and Christina
Verduzco, on behalf of themselves and all
others similarly situated*

1

**DISABILITY RIGHTS ARIZONA**
Asim Dietrich (Bar No. 027927)

2

5025 East Washington St., Ste. 202
Phoenix, AZ 85034

3

Telephone: (602) 274-6287
Email: adietrich@disabilityrightsaz.org

4

5

Rose A. Daly-Rooney (Bar No. 015690)
Maya Abela (Bar No. 027232)

6

**DISABILITY RIGHTS ARIZONA**
4539 E. Fort Lowell Rd.

7

Tucson, AZ 85712
Telephone:  (520) 327-9547

8

Email:
            rdalyrooney@disabilityrightsaz.org
            mabela@disabilityrightsaz.org.org

9

10

*Attorneys for Disability Rights Arizona*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 11, 2025, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory Honig
Joshua Bendor
Luci Davis
Lucy M. Rand
Assistant Arizona Attorneys General
Gregory.Honig@azag.gov
Joshua.Bendor@azag.gov
Luci.Davis@azag.gov
Lucy.Rand@azag.gov

Daniel P. Struck
Rachel Love
Timothy J. Bojanowski
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
dstruck@strucklove.com
rlove@strucklove.com
tbojanowski@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

*Attorneys for Defendants*

s/ Rita Lomio

-8-