Jared G. Keenan (Bar No. 027068)
Lauren K. Beall (Bar No. 035147)
**ACLU FOUNDATION OF ARIZONA**
2712 North 7th St.
Phoenix, AZ 85006
Telephone: (602) 650-1854
Email: jkeenan@acluaz.org
         lbeall@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Dustin Brislan, Robert Gamez, Jonathan Gonzalez, Jason Johnson, Kendall Johnson, Joshua Polson, Laura Redmond, Sonia Rodriguez, Ronald Slavin, Jeremy Smith, and Christina Verduzco, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**DISABILITY RIGHTS ARIZONA**
5025 East Washington St., Ste. 202
Phoenix, AZ 85034
Telephone: (602) 274-6287
Email: adietrich@disabilityrightsaz.org

*Attorneys for Plaintiff Disability Rights Arizona*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, *et al.*, on behalf of themselves and all others similarly situated; and Disability Rights Arizona,<br><br>Plaintiffs,<br><br>v.<br><br>Ryan Thornell, *et al.*, in their official capacities,<br><br>Defendants. | No. CV 12-00601-PHX-ROS<br><br>**JOINT STATUS REPORT RE: PLAINTIFFS' MOTION FOR A RECEIVER** |

The Court directed the parties to file a joint status report regarding Plaintiffs' Motion for a Receiver addressing: "(a) Whether discovery is necessary and if so, the parameters of it; (b) A proposed date for a hearing on the Motion for Receiver; [and] (c) Other matters counsel agree should be resolved by the Court in advance of the Motion

1

for Receiver." Doc. 4796 at 1-2; *see also* Doc. 4829 (extending deadline for joint status report to March 27, 2025).

As explained below, the parties agree that no discovery is necessary and ask the Court to schedule oral argument on Plaintiffs' Motion for a Receiver on April 29th at 1pm. The parties are also available on May 7th at 1pm, May 8th at 9am, and May 9th at 1pm if April 29 does not work for the Court.

(a) <u>Whether discovery is necessary and, if so, the parameters of it</u>.

*Joint Statement:* The parties agree that no discovery is required. The parties agree, however, that Defendants may supplement the record with (1) quality indicator scores for the months of December 2024, January 2025, and February 2025, with underlying data showing how those scores were determined, and (2) description of how the duties of the ADCRR Medical Director are being handled in light of the vacancy in that position and the Department's efforts to fill that role. Defendants shall produce to Plaintiffs by April 7, 2025, what they intend to file with the Court for both (1) and (2), and the parties will meet and confer in an attempt to resolve any disputes. Defendants shall file the information outlined above with the Court by April 18, 2025, and Plaintiffs may file any objections with the Court that same day.

(b) <u>Proposed date for the hearing</u>.

*Joint Statement:* The parties ask that oral argument on Plaintiffs' Motion for a Receiver be scheduled for April 29th at 1pm. The parties are also available on May 7th at 1pm, May 8th at 9am, and May 9th at 1pm if April 29th does not work for the Court.

The parties agree that an evidentiary hearing is not necessary but ask that Dr. Marc Stern, Dr. Lara Strick, Dr. Bart Abplanalp, Donna Strugar-Fritsch, and Defendant Thornell be available at oral argument for any follow-up questions the Court may have. The parties agree that neither side will ask questions of Dr. Stern, Dr. Strick, Dr. Abplanalp, Ms. Strugar-Fritsch, or Defendant Thornell at oral argument. The parties request two hours for the oral argument.

*Plaintiffs' Statement*

In support of the parties' agreement that an evidentiary hearing is not necessary, Plaintiffs provide the following legal analysis. An evidentiary hearing is not necessary because the record already includes sufficient facts to decide whether the appointment of a receiver is warranted. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 934 F.2d 1180, 1189 (11th Cir. 1991); *see also Bookout v. First Nat. Mortg. & Disc. Co.*, 514 F.2d 757, 758 (5th Cir. 1975) (holding that receivership motion may be decided in "the absence of a full evidentiary hearing"); *United States v. Mansion House Ctr. N. Redevelopment Co.*, 419 F. Supp. 85, 87 (E.D. Mo. 1976) (holding "evidentiary hearing . . . is not required where the record discloses sufficient facts" to determine whether receiver is warranted); *United States v. Berk & Berk*, 767 F. Supp. 593, 597 (D.N.J. 1991) (holding that "[n]o hearing is necessary where the facts support" a decision as to the appointment of a receiver); *Haase v. Chapman*, 308 F. Supp. 399, 406 (W.D. Mo. 1969) (deciding motion for receiver "in the manner of a judgment on the pleadings or a summary judgment" where the key facts "appear of record").

Here, "both parties have had an opportunity to submit, and have submitted, evidence to the court." *Sterling Sav. Bank v. Citadel Dev. Co.*, 656 F. Supp. 2d 1248, 1260 (D. Or. 2009) (report and recommendation by Acosta, Mag. J., R&R adopted by Haggerty, Dist. J.). The receivership briefing and related exhibits include more than 600 pages of argument and evidence, and the independent experts have filed several reports, which Defendants have responded to. *See Wayne Cnty. Jail Inmates v. Wayne Cnty. Chief Exec. Officer*, 444 N.W.2d 549, 562 (Mich. Ct. App. 1989) (relying in large part on "[t]he monitor's report" and the monitor's "reinspections" to decide receiver motion). In light of this expansive record, it is "unlikely" that an evidentiary hearing would "provide the district court with any additional information." *United States v. Ianniello*, 824 F.2d 203, 207 (2d Cir. 1987) (deciding receiver motion without hearing).

Forgoing an evidentiary hearing also will conserve the parties' and the Court's resources. An evidentiary hearing would require extensive document production and

review as well as depositions of the Court Monitors, ADCRR employees, and other potential witnesses. A lengthy hearing also would result in substantial attorneys' fees.

(c) <u>Other matters counsel agree should be resolved by the Court in advance of the Motion for Receiver.</u>

*Joint Statement:* The parties do not believe there are any other matters that should be resolved before the Motion for a Receiver. The Motion, which relates only to the healthcare portions of the Injunction, should not affect pending motions related to the Subclass. (*See* Docs. 4764 (Plaintiffs' Motion to Enforce Sections 20.2.1 and 20.2.3), 4788 (Defendants' Response), 4804 (Plaintiffs' Reply), 4772 (Defendants' Assessment of Operative Staffing Plan and Request for Modification), 4786 (Plaintiffs' Response), 4807 (Defendants' Reply)). In light of the parties' agreements above, the parties respectfully request that the Court allow counsel to appear at the April 9, 2025 status hearing remotely.

Respectfully submitted this 27th day of March, 2025.

By: s/ Rita K. Lomio

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Rita K. Lomio (Cal. 254501)*
Sophie Hart (Cal. 321663)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email: dspecter@prisonlaw.com
ahardy@prisonlaw.com
rlomio@prisonlaw.com
sophieh@prisonlaw.com

**ACLU NATIONAL PRISON PROJECT**
Corene T. Kendrick (Cal. 226642)*
425 California Street
San Francisco, California 94104
Telephone: (202) 393-4930
Email: ckendrick@aclu.org

By: s/ John S. Bullock

Mary R. O'Grady, 011434
Andrew G. Pappas, 034432
John S. Bullock, 034950
Molly S. Walker, 038099
**OSBORN MALEDON, P.A.**
2929 North Central Avenue
Suite 2000
Phoenix, Arizona 85012-2793
(602) 640-9000
mogrady@omlaw.com
jbullock@omlaw.com

**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**
Daniel P. Struck (Bar No. 012377)
Rachel Love (Bar No. 019881)
Timothy J. Bojanowski (No. 022126)
Nicholas D. Acedo (Bar No. 021644)
3100 W. Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Email: dstruck@ strucklove.com

| | |
|---|---|
| David C. Fathi (Wash. 24893)** <br> Maria V. Morris (D.C. 1697904)* <br> Eunice Hyunhye Cho (Wash. 53711)* <br> 915 15th Street N.W., 7th Floor <br> Washington, D.C. 20005 <br> Telephone: (202) 393-4930 <br> Email: dfathi@aclu.org <br>       mmorris@aclu.org <br>       echo@aclu.org <br><br> **ACLU FOUNDATION OF ARIZONA** <br> Jared G. Keenan (Bar No. 027068) <br> Lauren K. Beall (Bar No. 035147) <br> 2712 North 7th St. <br> Phoenix, AZ 85006 <br> Telephone: (602) 650-1854 <br> Email: jkeenan@acluaz.org <br> lbeall@acluaz.org <br><br> *Admitted *pro hac vice* <br> **Admitted *pro hac vice*; not admitted in DC; practice limited to federal courts <br><br> *Attorneys for Plaintiffs Shawn Jensen, et al., on behalf of themselves and all others similarly situated* <br><br> **DISABILITY RIGHTS ARIZONA** <br><br> By: s/ Maya Abela <br> Asim Dietrich <br> 5025 East Washington St., Ste 202 <br> Phoenix, AZ 85034 <br><br> Rose A. Daily-Rooney <br> Maya Abela <br> 4539 E. Fort Lowell Rd. <br> Tucson, AZ 85712 <br> rdalyrooney@disabilityrightsaz.org <br> mabela@disabilityrightsaz.org <br><br> *Attorneys for Disability Rights Arizona* | rlove@ strucklove.com <br> tbojanowski@strucklove.com <br> nacedo@ strucklove.com <br><br> Arizona Attorney General Kris Mayes <br><br> **OFFICE OF THE ARIZONA ATTORNEY GENERAL** <br> Joshua Bendor <br> Gregory Honig <br> Lucy M. Rand (Bar No. 026919) <br> Assistant Attorneys General <br> 2005 N. Central Avenue <br> Phoenix, Arizona 85004 <br> Email: Joshua.Bendor@azag.gov <br> Gregory.Honig@azag.gov <br> Lucy.Rand@azag.gov <br><br> *Attorneys for Defendants* |