IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen,<br><br>    Plaintiff,<br><br>v.<br><br>Ryan Thornell,<br><br>    Defendant. | No. CV-12-00601-PHX-ROS<br><br>**ORDER** |

The Court issues this Order to address "Defendants' Assessment of the Operative Staffing Plan and Request for Modifications in Compliance with Section 20.2.2" (Doc. 4772). Plaintiffs responded to Defendants' request (Doc. 4869) and Defendants replied (Doc. 4807). The Court orders as follows.

**A. Background**

On September 25, 2024, Monitor Scott R. Frakes issued the Subclass Staffing Analysis and Plan pursuant to Section 20.1 of the Permanent Injunction. (Doc. 4679). On October 28, 2024, the Court ordered the implementation of the Subclass Staffing Analysis and Plan. (Doc. 4693).

Pursuant to Section 20.2.2 of the Permanent Injunction, Defendants must document an assessment of the operative staffing plan, requests for any necessary adjustments, and file such assessment with the Court on the last business of January each year. On January 31, 2025, Defendants filed their annual assessment. (Doc. 4772). The Court ordered a response (Doc. 4774), which Plaintiffs filed on February 7, 2025 (Doc. 4786) and

Defendants replied on February 14, 2025. (Doc. 4807).

## B. Analysis

### I. ASPC-Lewis Eagle Point

At ASPC-Lewis Eagle Point, Defendants request (1) a change from an 8-hour shift to a 12-hour shift and (2) the elimination of a Control Room Officer on site because of the transition to manually operated doors.

Plaintiffs do not oppose the switch to a 12-hour shift, but object to the elimination of a Control Room Officer. Plaintiffs request the Control Room Officer be converted to a Floor Officer because Defendants' reporting of offers of out-of-cell activity at Eagle Point shows several subclass members in November and December were not even offered the out-of-cell-time required by the Injunction. (Doc. 4787 at ¶¶ 3-7). In Reply, Defendants argue the elimination of the Control Room Officer will not impact the delivery of services.

The Court will grant Defendants' requests for the staffing plan to reflect a 12 rather than 8-hour shift and eliminate a Control Room Officer on site. Defendants have demonstrated the Control Room Officer is no longer necessary because of operations on site. While Plaintiffs make a valid point, because the Control Room Officer and Floor Officer are not equivalent positions, the requested conversion will not be ordered. Monitor Scott Frakes' report provided for a specific number of Floor Officers and the Court lacks a basis to amend that number at this time.

### II. ASPC-Lewis Detention Units

At ASPC-Lewis, Defendants seek to eliminate the third Floor Officer from each shift because the position originated as a Control Room Officer, and most of the other Complex Detention Units ("CDUs") only have two officers. Plaintiffs oppose this change arguing a reduction in officers would reduce out-of-cell time and it is it is unlikely two officers could manage the required tasks under the Injunction. In support, Plaintiffs argue though many prisoners are offered required cell time at ASPC-Lewis, a majority of prisoners in ASPC-Lewis units are refusing the offered out-of-cell time. (Doc. 4787 at ¶¶ 11-16) In Reply, Defendants argue Plaintiffs' assertion that two officers are insufficient is

inappropriate second-guessing of their penological judgment and does not respond to the fact the other Subclass CDU units only have two Floor Officers.

The Court will deny Defendants' request to eliminate the third Floor Officer. The Final Staffing Plan provided for 3 Floor Officers due to specific operational needs at that facility and Defendants have not provided sufficient justification to amend that number.

### III.   ASPC-Eyman, Browning

Defendants seek to (1) remove the Control Room Officer requirement for ASPC-Eyman Browning because of the change to manual doors, (2) change the 16 Escort positions from Browning Unit to Eyman Complex Operations to improve delivery of services, and (3) change the Browning Correctional Sergeant staffing allocation to a shared unit resource rather than assigning a dedicated supervisor at each Subclass locator code.

Plaintiffs oppose each of these requests, but again request converting the Control Room Officer to an additional Floor Room Officer. In support of their opposition, Plaintiffs state they analyzed a randomly selected sample of Defendants' data in November and December showing only 18 people out of 51 people were offered the required number of showers and recreation in November and only 3 out of 35 were offered the required number of showers and recreation periods in December. (Doc. 4787 at ¶¶ 8-10). Plaintiffs argue the lack of offered out-of-cell time indicates the need for more staffing rather than less. In Reply, Defendants argue Plaintiffs have not demonstrated Defendants' requested modifications will affect the delivery of services.

The Court will grant Defendants' request to remove the Control Room Officer given the lack of operational need. The Court also declines Plaintiffs' request to convert the Control Room Officer to a Floor Officer, as the Court lacks a basis to amend the specific number of Floor Officers in Monitor Scott Frakes' report.

The Court will deny Defendants' requests to make the Escort positions and Correctional Sergeants a shared resource. Given repeated failures to offer out-of-cell-time and the significant challenges facing ASPC-Eyman, Browning as one of the largest subclass units, Defendants have not demonstrated these positions are no longer

operationally required and could be allocated to the rest of the ASPC-Eyman without violations of the Injunction.

### IV.  ASPC-Tucson, Cimarron CDU

Defendants request approval to exclude ASPC-Tucson, Cimarron CDU from reporting requirements as it is no longer part of the subclass. Plaintiffs do not take a position, but state they have no basis to assess whether ASPC-Tucson, Cimarron CDU is functioning as a subclass housing unit.

Monitor Scott Frakes confirmed ASPC-Tucson, Cimmaron CDU is no longer functioning as a subclass housing unit, so the Court will grant Defendants' request to remove the unit from recording requirements.

**IT IS ORDERED** Defendants' Assessment of the Operative Staffing Plan and Request for Modifications in Compliance with Section 20.2.2 (Doc. 4772) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** consistent with this Order the parties shall file a revised custody staffing plan for ASPC-Lewis Eagle Point and ASPC-Eyman, Browning within seven days of the entry of this Order.

Dated this 9th day of May, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge