Jared G. Keenan (Bar No. 027068)
Lauren K. Beall (Bar No. 035147)
**ACLU FOUNDATION OF ARIZONA**
2712 North 7th Street
Phoenix, Arizona 85006
Telephone: (602) 650-1854
Email: jkeenan@acluaz.org
        lbeall@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Dustin Brislan, Robert Gamez, Jonathan Gonzalez, Jason Johnson, Kendall Johnson, Joshua Polson, Laura Redmond, Sonia Rodriguez, Ronald Slavin, Jeremy Smith, and Christina Verduzco, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**DISABILITY RIGHTS ARIZONA**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@disabilityrightsaz.org

*Attorneys for Plaintiff Disability Rights Arizona*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, *et al.*, on behalf of themselves and all others similarly situated; and Disability Rights Arizona,<br><br>                    Plaintiffs,<br><br>        v.<br><br>Ryan Thornell, *et al.*, in their official capacities,<br><br>                    Defendants. | No. CV 12-00601-PHX-ROS<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs respectfully submit this Notice of Supplemental Authority regarding the Court's authority to appoint a Receiver. *See* Doc. 4795. On May 13, 2025, Judge Laura Taylor Swain, Chief Judge of the U.S. District Court for the Southern District of New York, issued an order in *Nuñez v. New York City Department of Correction*, No. 11-CV-5845-LTS-RWL, concluding that she would appoint a Remediation Manager "empowered to take all actions necessary to cure Defendants' contempt and support remediation of the ongoing violations of the constitutional rights of people in custody in the New York City jails." *See Nuñez v. New York City Dep't of Correction*, No. 11-CV-5845-LTS-RWL, 2025 WL 1374584 at *1 (S.D.N.Y. May 13, 2025) (attached hereto as Exhibit A).

In October 2015, the *Nuñez* parties entered into a settlement ("Consent Judgment") requiring "specific actions to remedy a pattern and practice of violence by staff against incarcerated individuals" in New York City's jails. *Id.* at *2. Over the next several years, court-appointed monitors repeatedly found that Defendants failed to comply with key provisions of the Consent Judgment. *Id.* at *2-3. The Court issued three additional Remedial Orders in an attempt to spur compliance. *Id.*

In June 2022, the Court entered an "Action Plan," consented to by the parties, to "build sustainable reforms necessary for compliance with the Consent Judgment and Remedial Orders." *Id.* at *4 (internal citation and quotation marks omitted). After the Plan failed to meaningfully improve conditions, Plaintiffs in November 2023 sought an order holding Defendants in contempt of eighteen different provisions of the Consent Judgment and subsequent Remedial Orders, and appointing a Receiver. *Id.* at *6. The Court granted the contempt motion in November 2024. *Id.* at *7.

On May 13, 2025, the Court, applying the seven-factor receivership test outlined in *Plata v. Schwarzenegger*, No. C01-1351-TEH, 2005 WL 2932253, at *23 (N.D. Cal. Oct. 3, 2005), issued an order concluding it would appoint a "Remediation Manager" with "ultimate authority, as agent of the Court and answering only to the Court, for oversight, direction, and management of all aspects of the DOC necessary to bring the Department into compliance with the Contempt Provisions." *Nuñez*, *supra*, at *10, 15-16. Specifically,

that authority includes the following powers: "[i]mplementing changes to Department policies, procedures, protocols, and systems"; "[r]eviewing, investigating, and taking disciplinary or corrective actions"; "[h]iring, promoting, and deploying staff'"; "[p]articipating in the negotiation of contracts, or renegotiation of existing contracts if necessary, and procuring necessary equipment and supplies"; "[p]etitioning the Court to waive . . . legal or contractual requirements"; and "[d]irecting . . . Department leadership to take any steps . . . necessary to achieve compliance." *Id.* at \*17-18.

Of particular relevance to the motion pending before this Court (Doc. 4795), the *Nuñez* Court found:

- The "principal barriers" to compliance were "insufficiently resourced leadership; a lack of continuity in management; failures of supervision and cooperation between supervisors and line officers; a lack of skill or imagination to create and implement transformative plans; and an unwillingness or inability to cooperate with Monitoring Team recommendations to accomplish the urgently necessary changes in the safety profile of the jails." *Id.* at \*15.

- Defendants' "nearly decade-long record" of noncompliance with the 2015 Consent Judgment and subsequent Remedial Orders "establishes that less extreme remediation measures have failed" and "illustrate[s] the fundamental inability of court orders in this matter, standing alone, to compel reform." *Id.* at \*11; *compare* Doc. 4795 at 19-20, 23-24 (summarizing Defendants' long history of noncompliance and this Court's exhaustive efforts to compel compliance from 2016 to present).

- Defendants' noncompliance persisted for years, "despite consistent feedback and offers of assistance from the Monitoring Team." *Nuñez*, *supra*, at \*2; *compare* Doc. 4795 at 21-22 (describing the various Rule 706 experts appointed by the Court since 2017 who have provided analysis and recommendations and offered coaching and mentorship to ADCRR).

- Defendants' "unacceptably glacial" pace of reform could be attributed, in part, to

1    frequent leadership changes and "serial launching and subsequent abandonment
2    of numerous plans, pilots, and facilities over the last nine years," observing that
3    "the Monitoring Team has noted that 'perpetually restarting the clock is
4    antithetical to advancing reform and accelerating progress.'" *Nuñez*, *supra*, at
5    *11-12; *compare* Doc. 4835 at 13 (describing turnover within ADCRR and of its
6    healthcare contractors).

-    A new Commissioner offered "some basis for hope of future sustained change,"
8    but was "not sufficient to tip [the leadership deficits] factor against the
9    appointment of a receiver." *Nuñez*, *supra*, at *12.  The Court explained: "even a
10   strong Commissioner with sound intentions can only make limited progress
11   where, as here, the 'dedicated team' of competent senior leadership required for
12   reform has been lacking for years" and "dangerous and unsafe conditions in the
13   jails have persisted well into the second year of the Commissioner's tenure." *Id.*;
14   *compare* Doc. 4835 at 11-12 (responding to Defendants' argument that a
15   receivership is "premature" because new leadership has "been on the job just over
16   two years").

Dated:  May 20, 2025

By:  *s/ Sophie Hart*

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sophie Hart (Cal. 321663)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          sophieh@prisonlaw.com

Corene T. Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON
PROJECT**
425 California Street, Suite 700
San Francisco, California 94104
Telephone: (202) 393-4930
Email:    ckendrick@aclu.org

David C. Fathi (Wash. 24893)**
Maria V. Morris (D.C. 1697904)*
Eunice Hyunhye Cho (D.C. 1708073)*
**ACLU NATIONAL PRISON
PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 393-4930
Email:    dfathi@aclu.org
          mmorris@aclu.org
          echo@aclu.org

Jared G. Keenan (Bar No. 027068)
Lauren K. Beall (Bar No. 035147)
**ACLU FOUNDATION OF ARIZONA**
2712 North 7th Street
Phoenix, Arizona 85006
Telephone: (602) 650-1854
Email:    jkeenan@acluaz.org
          lbeall@aclu.org

*Admitted *pro hac vice*
**Admitted *pro hac vice*. Not admitted in
DC; practice limited to federal courts.

*Attorneys for Plaintiffs Shawn Jensen, Dustin
Brislan, Robert Gamez, Jonathan Gonzalez,
Jason Johnson, Kendall Johnson, Joshua
Polson, Laura Redmond, Sonia Rodriguez,
Ronald Slavin, Jeremy Smith, and Christina
Verduzco, on behalf of themselves and all
others similarly situated*

-4-

1

2

**DISABILITY RIGHTS ARIZONA**

3

By: _s/ Maya Abela_

4

Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:    adietrich@disabilityrightsaz.org

5

6

7

Rose A. Daly-Rooney (Bar No. 015690)
Maya Abela (Bar No. 027232)
**DISABILITY RIGHTS ARIZONA**
4539 East Fort Lowell Road
Tucson, Arizona 85712
Telephone:  (520) 327-9547
Email:
   rdalyrooney@disabilityrightsaz.org
   mabela@disabilityrightsaz.org.org

8

9

10

11

*Attorneys for Disability Rights Arizona*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on May 20, 2025, I electronically transmitted the above

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants:

5

Gregory Honig
Joshua Bendor

6

Luci Davis
Lucy M. Rand

7

Assistant Arizona Attorneys General
gregory.honig@azag.gov

8

joshua.bendor@azag.gov
luci.davis@azag.gov

9

lucy.rand@azag.gov

10

Mary R. O'Grady
Andrew G. Pappas

11

John S. Bullock
Molly S. Walker

12

OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000

13

Phoenix, Arizona 85012
mogrady@omlaw.com

14

apappas@omlaw.com
jbullock@omlaw.com

15

mwalker@omlaw.com

16

*Attorneys for Defendants*

17

18

*s/ Sophie Hart*

19

20

21

22

23

24

25

26

27

28