1  Lauren K. Beall (Bar No. 035147)
2  **ACLU FOUNDATION OF ARIZONA**
   2712 North 7th Street
3  Phoenix, Arizona 85006
   Telephone: (602) 650-1854
   Email: lbeall@acluaz.org
4
   *Attorneys for Plaintiffs Shawn Jensen, Dustin*
5  *Brislan, Robert Gamez, Jonathan Gonzalez, Jason*
   *Johnson, Kendall Johnson, Joshua Polson, Laura*
6  *Redmond, Sonia Rodriguez, Ronald Slavin,*
   *Jeremy Smith, and Christina Verduzco, on behalf*
7  *of themselves and all others similarly situated*

8  **[ADDITIONAL COUNSEL LISTED ON
   SIGNATURE PAGE]**

9  Asim Dietrich (Bar No. 027927)
10 **DISABILITY RIGHTS ARIZONA**
   5025 East Washington Street, Suite 202
   Phoenix, Arizona 85034
11 Telephone: (602) 274-6287
   Email: adietrich@disabilityrightsaz.org
12
   *Attorneys for Plaintiff Disability Rights Arizona*
13 **[ADDITIONAL COUNSEL LISTED ON
   SIGNATURE PAGE]**
14

15               UNITED STATES DISTRICT COURT

16                    DISTRICT OF ARIZONA

17 Shawn Jensen, *et al.*, on behalf of themselves    No. CV 12-00601-PHX-ROS
   and all others similarly situated; and
18 Disability Rights Arizona,

19                  Plaintiffs,                       **PLAINTIFFS' RESPONSE TO
                                                      THE COURT'S SEPTEMBER
20        v.                                          10, 2025 QUESTIONS (Doc.
                                                      4984)**
21 Ryan Thornell, *et al.*, in their official
   capacities,
22
                   Defendants.
23

24

25

26

27

28

Plaintiffs write to respond to the Court's September 10, 2025 questions.  *See* Docs. 4984, 4989.  Plaintiffs can file a supplemental response addressing the questions posed to Defendants, if it would be helpful to the Court, and in particular if Defendants submit new evidence in their response.[1]

1. *Assuming the Court grants the motion and orders a receiver be appointed and the decision is appealed to the Supreme Court, how do you propose to argue Plata v. Brown, 563 U.S. 493 (2011) should not be reversed? Recall Justice Scalia in dissent argued the decision exceeded the federal court's institutional capacity and was the most radical in the nation's history.  And Justice Alito in dissent joined by Chief Justice Roberts argued the decision was an overbroad response to the specific violations.*

The Supreme Court's decision in *Plata v. Brown*, 563 U.S. 493 (2011), would not be implicated by an appeal of an order appointing a receiver.  In *Plata*, the question presented to the Supreme Court was whether an order of a three-judge court directing California to reduce severe overcrowding in the prison system was consistent with the Prison Litigation Reform Act (PLRA).  *See id.* at 499-502.  The *Plata* receiver had been appointed several years previously, and the receivership was not at issue in that appeal.  *See id.* at 514-16.  Justice Scalia's and Justice Alito's remarks were about the particular *release* remedy.  *See id.* at 550 (Scalia, J., dissenting) ("Today the Court affirms what is perhaps the most radical injunction issued by a court in our Nation's history: an order requiring California to release the staggering number of 46,000 convicted criminals."); *id.* at 565 (Alito, J., dissenting) (describing the three-judge court's order as requiring "a radical reduction in the California prison population").  That is not the remedy Plaintiffs are seeking here.

Rather, in appointing a receiver, this Court would be following the Fifth Circuit in *United States v. Hinds Cnty. Bd. of Supervisors*, 128 F.4th 616, 636 (5th Cir. 2025), the

---

[1]    The Court asked counsel for Defendants to provide an update on any recommendations made by the correctional consulting confirm Defendants contracted with in 2024.  *See* Doc. 4984 at 2.  At the September 10 hearing, counsel for Defendants offered to produce the firm's report to the parties.  R.T. 9/10/25 at 35:9-36:25.  Plaintiffs' counsel requested the report on September 15; as of the date of this filing, Defendants' counsel has not responded to this request.  Declaration of Sophie Hart ¶ 8 & Ex. E.

1

Ninth Circuit in *Plata v. Schwarzenegger*, 603 F.3d 1088, 1090 (9th Cir. 2010), as well as the courts in *Coleman v. Newsom*, No. 2:90-CV- 0520 KJM SCR P, 2025 WL 2475040, at *14 (E.D. Cal. Aug. 27, 2025), *Nuñez v. New York City Dep't of Correction*, 782 F.Supp.3d 146, 175 (S.D.N.Y. 2025), *Inmates of D.C. Jail v. Jackson*, 158 F.3d 1357, 1359 (D.C. Cir. 1998), *Shaw v. Allen*, 771 F.Supp. 760, 763-64 (S.D.W.Va. 1990), *Wayne Cnty. Jail Inmates v. Wayne Cnty. Chief Executive Officer*, 178 Mich.App. 634, 444 N.W.2d 549, 560-61 (1989), and *Newman v. Alabama*, 466 F.Supp. 628, 635-36 (M.D. Ala. 1979).  As in those cases, there is abundant support in the record here demonstrating that there is ongoing, serious harm.  There is also abundant evidence that Defendants have repeatedly failed to address that harm, despite increasingly specific enforcement orders and extensive feedback from the court-appointed monitoring team.  Appointment of a receiver is necessary to correct the constitutionally inadequate healthcare in the Arizona state prisons, and no other relief will correct the constitutional violations.

2. *You admit you have not asked for and the Court has not yet appointed a special master.  Why couldn't a special master accomplish exactly what a receiver would do, and wouldn't it be less expensive?*

The PLRA places strict limitations on special masters in prison condition cases.  *See* 18 U.S.C. § 3626(f).  Significantly, special masters are prohibited from having any *ex parte* communications with the parties; compensation for a special master is limited to the CJA rate for court-appointed counsel (currently $175/hour); and all costs must be paid by the judiciary.  *See id*. § 3626(f)(4), (f)(6)(B); Declaration of Sophie Hart ¶ 7 & Ex. D.  Those limitations would make it difficult for the Court to recruit someone with sufficient correctional healthcare expertise, and would serve as a barrier to the special master's ability to have open and direct conversations with the parties.

Further, as the Ninth Circuit recognized in *Plata*, "[a] special master is primarily useful for conducting hearings and making recommended findings of fact."  *Plata*, 603 F.3d at 1098 (declining to terminate receivership and appoint a special master where it was not clear "how a special master, with the limited functions set by the PLRA, could remedy the

violations"); *see also* 18 U.S.C. § 3626(f)(6) (describing limitations on the powers and duties of special masters appointed under the PLRA). Here, as in *Plata*, "[t]he State has not raised any factual issues to be addressed in such hearings, and it has not asked for those hearings." *Plata*, 603 F.3d at 1098. Moreover, here, the court-appointed monitoring team has been playing the role of fact-finder (and more) for almost three years. *See* Docs. 4352, 4362. There is no reason to believe appointment of a special master to this role would have a different result.

3. *You state, "THIS COURT SHOULD SET FORTH CLEAR POWERS, DUTIES, AND RESPONSIBLITIES OF THE RECEIVER." What do you contend must be included and be specific?*

Plaintiffs request the Court set forth the same powers, duties, and expectations outlined by the courts in *Plata v. Newsom*, No. 4:01-cv-01351-JST (N.D. Cal.), and *Coleman v. Newsom*, No. 2:90-cv-0520 KJM SCR P (E.D. Cal.), with respect to medical and mental healthcare. *See* Hart Decl., Exs. A & C.

Specifically, those duties should include:

- Leadership and executive management of ADCRR's healthcare delivery system, with the goal of fully implementing the court-approved and court-ordered remedies in this case and providing constitutionally-adequate healthcare to all class members as soon as practicable. To this end, the receiver should be granted the authority and, as necessary, the duty to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions necessary to the delivery of healthcare to class members.

- The duty to develop a system for periodically reporting to the Court on the status of the ADCRR's healthcare budget and to take all steps necessary to otherwise ensure the transparency and accountability of budget information.

- The duty to communicate with and provide regular progress reports to the Court. The receiver should be granted all powers necessary to fulfill the above duties,

including, but not limited to:

- All powers vested by law in the Director of the ADCRR as they relate to the administration, control, management, operation, and financing of the prison healthcare system.
- The power to hire, fire, suspend, supervise, promote, transfer, discipline, and take all other personnel actions regarding ADCRR employees or contract employees who perform services related to the delivery of healthcare to class members.
- The power to establish personnel policies.
- The power to create, abolish, or transfer positions related to the delivery of healthcare to class members.
- The power to negotiate new contracts and renegotiate existing contracts, as necessary.
- The power to acquire, dispose of, modernize, repair, and lease property, equipment, and other tangible goods, as necessary.

4. *What do you anticipate today would be the cost to Arizona of a receiver?*

This Court would retain the authority to approve the receiver's compensation and budget, and could set these at reasonable rates. In *Plata*, the receiver costs approximately three million dollars per year. *See* Hart Decl., Ex. B. That is inclusive of the receiver's salary, travel and office expenses, and legal and professional fees. *See id.*

5. *You request suspension of state laws if a receiver is appointed. In Hinds County, the Fifth Circuit found allowing the receiver to control the budget was not within the scope of the PLRA. Would suspending state laws be in compliance with the PLRA? And if suspension of the state laws is not allowed, would a receiver still be required and effective?*

As an initial matter, the Court need not consider this issue to decide Plaintiffs' motion. Plaintiffs have not requested that the Court grant a waiver of state law in its order appointing a receiver. Plaintiffs have only requested the Court acknowledge the receiver's authority to petition the Court for such a waiver, and direct the receiver to determine

whether to request such a waiver for the two state laws that (1) require that a private company operate ADCRR's healthcare system and (2) set payment caps on essential medical expenses. *See* H.B. 2010, 49th Leg., 3d Spec. Sess. (Az. 2009); Ariz. Rev. Stat. § 41-1608; Doc. 4795-1 at 9.

The authority to seek a waiver of state law is clear. The PLRA expressly contemplates that a necessary remedy may violate state law—specifically, 18 U.S.C. § 3626(a)(1)(B) permits courts to order relief that violates state law if "Federal law requires such relief to be ordered in violation of State or local law," "the relief is necessary to correct the violation of a Federal right," and "no other relief will correct the violation of the Federal right." *See also Hook v. Ariz. Dep't of Corr.*, 107 F.3d 1397, 1402-03 (9th Cir. 1997) (holding that an Arizona state law prohibiting the payment of a special master appointed by this Court was preempted by the Supremacy Clause, where the special master's appointment was necessary to vindicate prisoners' constitutional rights); *Stone v. City & Cnty. of S.F.*, 968 F.2d 850, 862 (9th Cir. 1992) (holding that "state laws . . . cannot stand in the way of a federal court's remedial scheme if the action is essential to enforce the scheme"), *cert denied*, 506 U.S. 1081 (1993).

*Hinds* does not call this into question. Rather, the Fifth Circuit in *Hinds* held that the district court "did not abuse its discretion by ordering a receivership," but remanded with an instruction to reevaluate whether the specific powers granted to the receiver satisfied the PLRA's need-narrowness-intrusiveness test. *Hinds*, 128 F.4th at 637-39. Section 3626(a)(1)(B) was not at issue. Moreover, even if *Hinds* had held that the PLRA prevents courts from ordering relief that conflicts with state law, it would not be binding precedent on this Court.

Dated:  September 22, 2025

By: _s/ Sophie Hart_

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sophie Hart (Cal. 321663)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          sophieh@prisonlaw.com

Corene T. Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON
PROJECT**
425 California Street, Suite 700
San Francisco, California 94104
Telephone: (202) 393-4930
Email:    ckendrick@aclu.org

David C. Fathi (Wash. 24893)**
Maria V. Morris (D.C. 1697904)*
Eunice Hyunhye Cho (D.C. 1708073)*
**ACLU NATIONAL PRISON
PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 393-4930
Email:    dfathi@aclu.org
          mmorris@aclu.org
          echo@aclu.org

Lauren K. Beall (Bar No. 035147)
**ACLU FOUNDATION OF ARIZONA**
2712 North 7th Street
Phoenix, Arizona 85006
Telephone: (602) 650-1854
Email:    lbeall@aclu.org


*Admitted _pro hac vice_
**Admitted _pro hac vice_. Not admitted in
DC; practice limited to federal courts.

_Attorneys for Plaintiffs Shawn Jensen, Dustin
Brislan, Robert Gamez, Jonathan Gonzalez,
Jason Johnson, Kendall Johnson, Joshua
Polson, Laura Redmond, Sonia Rodriguez,
Ronald Slavin, Jeremy Smith, and Christina
Verduzco, on behalf of themselves and all
others similarly situated_

**DISABILITY RIGHTS ARIZONA**

By: _s/ Maya Abela_
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:    adietrich@disabilityrightsaz.org

Rose A. Daly-Rooney (Bar No. 015690)
Maya Abela (Bar No. 027232)
**DISABILITY RIGHTS ARIZONA**
4539 East Fort Lowell Road
Tucson, Arizona 85712
Telephone:  (520) 327-9547
Email:
   rdalyrooney@disabilityrightsaz.org
   mabela@disabilityrightsaz.org.org

*Attorneys for Disability Rights Arizona*

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on September 22, 2025, I electronically transmitted the above

3   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4   Notice of Electronic Filing to the following CM/ECF registrants:

5                               Gregory Honig
                                 Joshua Bendor
6                                  Luci Davis
                                 Lucy M. Rand
7                    Assistant Arizona Attorneys General
                               gregory.honig@azag.gov
8                              joshua.bendor@azag.gov
                                luci.davis@azag.gov
9                               lucy.rand@azag.gov

10                             Mary R. O'Grady
                               Andrew G. Pappas
11                              John S. Bullock
                                Molly S. Walker
12                          OSBORN MALEDON, P.A.
                       2929 North Central Avenue, Suite 2000
13                           Phoenix, Arizona 85012
                               mogrady@omlaw.com
14                             apappas@omlaw.com
                               jbullock@omlaw.com
15                             mwalker@omlaw.com

16                            *Attorneys for Defendants*

17

18                                              *s/ Sophie Hart*

19

20

21

22

23

24

25

26

27

28