FELIX  GARCIA
ADCRR# 129099
ASPC Eyman Browning
P.O. Box 3500
Florence, Arizona 85132

In Propria Persona

☒ FILED    ☐ LODGED

# Sep 24 2025

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al., <br>     Plaintiff, <br><br> vs. <br><br> Ryan Thornell, Director, <br> Arizona Department of Corrections, <br> Rehabilitation and Reentry,et al., <br>     Defendant's. | No.CV-12-00601-PHX-ROS <br><br> **MOTION TO   INTERVENE <br> TO COMPEL DEFENDANTS** |

    Intervening  Plaintiff,  Félix  Garcia  ("Garcia"),  in propria persona, respectfully asks this Court to liberally consider  this  motion  and  allow  him  to  intervene  in  this cause of action, pursuant to Rule 24, F.R.Civ.P.

    Garcia,  as  addressed  above,  is  a  prisoner  within  this class  action  and  he  moves  to  intervene  asking  this  Court  to compel  the  Defendants  to  act  in  accordance  with  the agreements  and  Order(s)  issued  by  this  Court.  Garcia  asks this  Court  to  allow  him  to  intervene  because  he  has attempted contact with class counsel (that has made millions and  millions  of  dollars  sanctioning  Defendant's  when  they don't  act  as  counsel  wishes),  but  cannot  obtain  a  response or  assistance  in  this  matter  of  violations  of  the  agreement that pertains to a certain group of prisoners.

Garcia is diagnosed with Chronic Cervical Stenosis, Radiculopathy of upper extremity and Carpal Tunnel Syndrome of the right and left upper and lower limbs, causing his legs to collapse and he's fallen multiple times. Most recently, Garcia fell and cut his head requiring 7 staples.

In Browning Unit most prisoners are escorted cuffed behind the back. The exception is prisoners approved for side restraints from a line of captains, majors and/or deputy wardens, rather than medical staff. Other necessary medical equipment, such as a wheelchair, cane or, but not limited to, a walker is issued by a medical provider completing a Special Needs Order ("SNO"), which then must be approved by the above mentioned security staff.

Garcia has already been denied a community standard of care previously when he was denied ordered side restraints and his cane was taken from him, and, he was denied a walker, etc., by these same characters of security (Cpt.'s Perrone and Waulferman and DW Rogers), who comically suggest in concert he may use walker with hands cuffed behind back.

On 9/15/2025, a contracted neural surgeon prescribed by community standard Garcia ambulate with side restraints and a cane or alternatively walker for the cane or alternatively wheelchair for it all. On 9/16/2025, the Browning Provider advised Garcia that a SNO would not be issued for this prescribed community standard of care because he (Provider) did not wish to bother arguing with security staff.

These deprivations of a community standard of care slap the Jensen spirit right in the face and cannot be condoned.

2

Garcia, et al., is being placed in a position of potential harm. There is no legitimate penalogical security threat granting security staff power to override the necessity for a community standard of care Garcia's entitled to. Garcia explained this to class counsel, to no avail.

This is not happening solely to Garcia. It's happening to numerous other prisoners as well. Security is dictating crucial special medical needs of prisoners. It is causing Garcia and others to be deprived of outdoor recreation, medical appointments, showers, visits and every other place a Browning prisoner needs to be escorted to.

When Garcia was first ordered side restraints he was allowed to go to outdoor recreation and enjoy direct sunlight in the 1 of 3 small approximate 20x20 basketball courts with a pullup and dip bar for all prisoners of his pod to use. There he was allowed his daily fresh air and direct sunlight and enjoy socialization with fellow prisoners in his pod area. This is the spirit of <u>Jensen</u>.

When Garcia pushed the issue of receiving his necessary medical equipment to ambulate to and from the recreation pen, DW Rogers took away the 1 of 3 recreation pens and assigned him to the isolated 10x10 recreation pens that block direct sunlight and do not allow for interaction with fellow prisoners. Prisoners who violate the rules are generally assigned to those pens on a weekly basis. Garcia, et al., was not accused of such actions.

3

Garcia asks this Court to allow him to intervene and compel DW Rogers to act in caccordance with _Jensen_. This does not require a separate lawsuit. Garcia seeks to enforce class compliance on his behalf and those similarly situated-exactly what class counsel has done for years and ~~been paid~~ millions of dollars for doing so.

Garcia seeks no monetary damages or any right beyond the guarantees, scope, tenet or spirit of _Jensen_. The Court should hold a hearing and see if class experts believe a community standard of care would include medical provisions for prisoners using cane's and walker's while cuffed behind their backs. That should take but a few minutes to get through and determine the deliberate indifference rampant in Browning Unit. One step forward and two back, that's been the ongoing enforcement of _Jensen_. Let's get it right.

Respectfully submitted this _23_ day of _September_, 2025.

_Félix Garcia_
Félix Garcia
In Propria Persona

The Original of this document was hand delivered to Browning Unit Resource Center staff same date above who advised the Intervening Plaintiff it would be efiled it with the U.S. District Court with copies distributed to all parties.

_Félix Garcia_
Félix Garcia
In Propria Persona