Mr. Robert Carrasco Gamez #131401
ASPC-Lewis - Rast May
P.O. Box 70, Buckeye, Ariz. 85132

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

Jensen et al,
            Plaintiff            CASE NO. 12-CV-0601-ROS

                                 Gamez's Motion For Permanent
Thornell et al,                  Injunction
            Defendant

COMES NOW, Plaintiff Gamez, hereby Respectfully Request that this Honorable Court issue a Court Order As soon as possible:

1. Have Arizona Department of Corrections Rehabilitation & Reentry (ADCRR) Director Ryan Thornell implement Adequate Medical Protocols to ensure Timely Access to Medication Distribution [Morning Med-Pass between 7:30 - 8:00 AM].

2. (ADCRR's) Medical Contractor - NaphCare shall place Gamez back on previous Medication.
   A. Bupropion 450 m.g.'s once a day
   B. Oxcarbazepine

Page 1

Memorandum of Points and Authorities

In a report filed on 7 January 25, Court Appointed Monitor Dr. Stern and his team found that the delivery of healthcare in the State prisoners remains poor, has shown little improvement since the start of the injunction and continues to place the Residents at significant risk of serious harm including death. doc. #4755 at 2.

In a court order filed 19 Feb 26, this court made a determination that the state hasn't gotten a semblance of compliance with court ordered changes and the Constitution, after nearly fourteen years of litigation, "Saying this approach has not only failed completely but if continued, would be nothing short of Judicial indulgence of deeply entrenched Unconstitutional Conduct."

Chief Justice Silver said prisoners still remain exposed to an intolerable grave and immediate threat of continuing harm and suffering because the systemic deficiencies pervade the administration of Health Care.

An injunction may be granted when the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." An Truckin Assns, Inc. v. City of Los Angeles

Page 2

559 F.3. 1046, 1052 (9th Cir. 2009).

A preliminary Injunction is an extraordinary and drastic remedy and should not be granted unless the movant by a clear showing carries the burden of persuasion. Lopez v. Brewer 680 F.3d 1068, 1072 (9th Cir. 2012).

Gamez is asking for a Mandatory Preliminary Injunction, which is subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party. Dahl v. Hem Pharmaceuticals Corp 7 F.3d 1399, 1403 (9th Cir. 1993).

I. Gamez is likely to Succeed on the Merits

To prevail on an Eighth Amendment Medical Care claim, Plaintiff must demonstrate deliberate indifference to serious Medical Needs. Jett v. Penner 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle v. Gamble 429 U.S. 97, 104, (1976) there are two prongs to the deliberate indifference Analysis. An Objective standard and a Subjective Standard.

First, Plaintiff must show an objective "Serious Medical Need" Jett 439 F.3d At 1096. A serious Medical Need exists if the failure to treat a prisoners condition could result in further significant injury or the unnecessary and wanton infliction of pain. McGuckin v. Smith 974 F.2d 1050, 1059 (9th Cir. 1992) overruled on other grounds. WMX Techs, INC. v. Miller

Page 3



104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Second, Plaintiff must show that defendants response to that need was deliberately indifferent. Jett 439 F.3d at 1096. The state of mind required for deliberate indifference is subjective recklessness, however, the standard is less stringent in cases involving a prisoners medical needs because the states responsibility to provide inmates with medical care ordinarily does not conflict with competing administrative concerns. Shaw v. McDaniel 681 F.3d 978, 985 (9th Cir 2012)

The deliberate-indifference prong is met if the plaintiff demonstrates:

1. A purposeful act or failure to respond to a prisoners medical need and
2. Harm caused by the indifference. Id.

Further, prison officials are deliberately indifferent to a prisoners serious medical needs if they deny, delay or intentionally interfere with medical treatment. Wood v. Housewright 900 F2d 1332, 1334

On 13 Jan 26, NaphCare ("ADCRR's") medical contractor allowed for NP Munoz and/or lower level medical staff to arbitrarily discontinue my mental health medication on the flimsy premise that I had diverted them during Morning Med-Pass.

During Morning Med-pass, Nurse King

Page 4

denied to give me any of my medication because I advised her that she was required to give us our morning med's at 7:30 - 8:00 A.M but prisoners at Rast MAX were not receiving their medications till after 12:00 - 1:00 p.m. I explained that I suffer from Mental health and take Medications that require a consistant Med. pass system otherwise they dont work effectivly. I advised her that this was an Ongoing problem at this Unit and that I would file a grievance against her she became hostile and stated that I Refused my Medication.

At Approx. 1:00 p.m I was escorted to the Medical Unit by a officer for dental. I was placed in a wet cell by myself and refused to go back to my housing location entill I spoke to a supervisor. RN Wood brought me my Medication after she spoke with Nurse King. She gave me my medication behind a solid door and she didnt see me swallow it. I advised her that I took the medications that she gave me but insisted that she wanted to see me swallow them. I showed her the inside of my mouth.

RN Wool accused me of diverting my Bupropion / Oxcarbazepine. I immediatly stripped out and gave my clothes to security personell who stripped me out and found no evidence of diversion. RN Wool than crush my medication gabapentin, and I swallowed it. I was escorted back to my assigned Cell. I was not

Page 5

given a disciplinary for violating ADCRR rules or given a hearing on the basis that I had diverted my medication.

At approx. 9:00 p.m the Nighttime Medpass Nurse showed me a memo indicating that my medications:

1. Bupropion
2. Oxcarbazepine

[Would be Discontinued Immediately], on the erroneous basis that I had diverted.

I quickly began experiencing suicidal/homical thoughts. I advised Mental health personnel Castillo, NP Munoz and Administrative personnel about my declining Mental health, Severe Depression, anixty and they shouldn't have discontinued it because I had been on them for years without any accusations of diverting. furthermore the Officer who had escorted me ensured RN Wool that I had taken my meds. Days later, NP Munoz advised me that two RN's advised him that I had diverted and that was enough evidence to discontinue them.

I filed a internal geievance and a Multitude of Health Needs request with ADCRR Medical contractors but didn't Receive a response. In addition, I wrote a Email to Asso. Attorney General Ms. Lucy Rand opposing counsel. Plaintiff did not receive a response. I have been

Page 6

destroyed by it and must Rely on Refined Medication Regimens to keep me grounded.

II. THE PLAINTIFF IS THREATENED WITH IRREPARABLE HARM.

Gamez alleges that he has been denied care for a serious medical need contrary to a physician's instruction. Such conduct by prison officials is a clear violation of the Eighth Amendment. Estelle v. Gamble 429 U.S. 97, 106 97 S.Ct. 285 (1976), noting that intentionally interfering with the treatment once prescribed is a form of unlawful deliberate indifference.

As a matter of law the continuing deprivation of constitutional rights constitutes irreparable harm. Elrod v. Burns 427 U.S. 347, 373, 96 S.Ct. 2673 (1976).

In addition, Plaintiff is threatened with irreparable harm because of the nature of his psychological injury. If he doesn't receive proper mental health treatment including Timely Access to Medication Distribution. In the event NaphCare and/or ADCRR do not have adequate staffing Levels to meet the Requirements of the U.S. Constitution to distribute proper Med. pass Distribution at ASPC-Lewis Rast Maximum plaintiff Requests a Medical housing location to ensure Adequate Mental health care with enough staff to carry out proper Medical protocols. If plaintiff doesn't Receive his Medication as Required it can have an adverse effect.

Page 7

III. The Balance of equities tips sharply in Plaintiff's favor.

The balancing of equities involves weighing the relative hardships on the parties if an injunction is granted. Here the balance tips sharply in favor of Gomez because his serious mental health conditions are recognized hardships, whereas, the only hardship on Thornell is that of complying with his own stated policies. Thornell should not be allowed to claim any hardship caused by following his own policies and this court's injunction.

IV. An Injunction is in the public interest to prevent the violation of a party's Constitutional Rights. Melendres v. Arpaio 695 F.3d 990, 1002 (9th Cit. 2012)

V. Defendant Thornell has actual Notice of Gomez's serious Mental health Needs and the Violation of Gomez's Constitutional Rights.

Fed.R.Civ.P. 65 (a)(1) requires Notice be given to the adverse party. Defendant Thornell has had Notice when Gomez submitted several on-going grievance(s) and sent an E-Mail to opposing Counsel. No further Notice should be necessary for the defendants to present their argument as to why Gomez should continue to experience psychological pain.

Page 8

Gamez seeks injunction Relief because he does not have an equally plain, speedy and adequate legal Remedy. This Motion is authorized by and filed pursuant to Rule 65

Respectfully Submitted this 26 day of Feb 26

Under Penalty of Perjury,

#131401
MR Robert Carrasco Gamez
ASPC Lewis, Rast MAX
P.O. Box 76. Buckeye, AR 85132

Page 9

# Arizona Department of Corrections Rehabilitation and Reentry

## Inmate Informal Complaint Resolution

*Complaints are limited to one page and one issue.*

*Please print all information.*

**INMATE PRINTED NAME** (Last, First M.I.): Gomez, Robert C
**ADCRR NUMBER**: 131401
**INSTITUTION/UNIT**: ASPC Lewis RM
**DATE** (mm/dd/yyyy): 23 Jan 26

**TO**: Medical
**LOCATION**: 3A2 22

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I am attempting to informally resolve the following problem. On or about 13 Jan 26, I was abruptly taken off my psyche meds Bupropion and Oxcarbazepine on the erroneous basis that I had diverted my medication during med pass. On 13 Jan 26 I had got into a fragment with Nurse Kidd during med pass due to the chaotic pattern/practice of unorthodox med pass. I am required to take my meds at 7:30-8:00 AM every morning in order for them to work effectively. She refused me my medication. Later that day I went to dental and requested to speak to a supervisor due to adverse affects of not taking my meds. The RN brought me my meds while I was in the medical holding enclosure. She gave them to me, I took them, she turned around to get water. Then she said I have to take them in front of her. After I took them she accused me of diversion. I strieved out to show her officers that I took them. Later that day my medication was discontinued. I was subsequently advised by NP Munoz that two RN's advised him that I diverted but I took them in front of multiple staff members who advised the nurse that he seen me take them. If not ADCRR would have given me a disciplinary report. I am being retaliated against because of my endorsement of informal med pass. Please put me back on meds.

**INMATE SIGNATURE**: [signature]
**DATE** (mm/dd/yyyy): 23 Jan 26

Have you discussed this with institution staff? ☐ Yes ☐ No
If yes, give the staff member name:

Distribution: INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File
802-11
11/16/21