Mary R. O'Grady, 011434
Andrew G. Pappas, 034432
John S. Bullock, 034950
Kimberly I. Friday, 035369
Molly S. Walker, 038099
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 640-9000
mogrady@omlaw.com
apappas@omlaw.com
jbullock@omlaw.com
kfriday@omlaw.com
mwalker@omlaw.com

Attorneys for Defendants

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>                    Defendants. | No. CV-12-00601-PHX-ROS<br><br>**OPPOSITION TO PLAINTIFFS' REQUEST TO DENY AS MOOT MOTION TO MODIFY INJUNCTION SECTION 6.4** |

On February 25, 2026, rather than filing a response to Defendants' Motion to Modify Injunction Section 6.4 (the "Motion"), Plaintiffs filed a "Request to Deny as Moot Defendants' Motion to Modify Injunction Section 6.4" (Doc. 5130) (the "Request"). Although the Request was filed on the agreed-upon deadline for a response, contains substantive arguments opposing the merits of the Motion, and seeks denial of the Motion, Plaintiffs seek, in the alternative, an opportunity to file a second substantive response to the Motion at a later date. (*Id.* at 5.)

Plaintiffs' Request to deny the Motion as moot should be denied. The Motion is not mooted by the Court's Order providing for a Receiver (Doc. 5123) for one key reason: only the Court has the power to modify the Injunction. Whatever powers the to-be-named Receiver may have, none of the cases cited by Plaintiffs permit a receiver to overrule court

orders. The question of whether the Injunction should be modified to permit physicians who are not board-certified in Internal Medicine or Family Practice to provide care to patients in ADCRR prisons is a question for the Court, not a question for the to-be-named Receiver.

Plaintiffs' mootness argument is premised upon their prediction that both the Court and the to-be-named Receiver already agree that modification of the board certification requirement is unnecessary, and that the Motion therefore does not even need to be briefed. But there is no basis for that assumption. Certainly, Defendants would not have filed the Motion if they believed the Court would reject it without even the benefit of briefing. And to the extent the Court opts to solicit the to-be-named Receiver's input on the Motion, it is possible that the Receiver would support the Motion after receiving a full briefing on the board certification requirement and its impact on the ability to hire physicians. In the meantime, there is no reason to delay briefing the Motion, or worse, prematurely cut off briefing on the Motion entirely.

Plaintiffs' Request seeks, in the alternative, to delay briefing on the Motion until the scope of the to-be-named Receiver's power is resolved. (Doc. 5130 at 5.) But the Motion is not dependent on the scope of the to-be-named Receiver's authority. As noted above, only the Court can modify the Injunction. Moreover, none of the cases cited by Plaintiffs permit receivers to assume power over the states' *legal* positions—and nor do Plaintiffs even suggest that could occur. Defendants maintain the power to file motions on their own behalf regardless of whether a receiver is appointed. And Defendants have no intention of withdrawing the Motion. There is therefore no reason to delay briefing the Motion.

The sole case Plaintiffs cite on mootness is inapposite because there the Court resolved the question posed by the motion. In *Coleman v. Newsom*, No. 2:90-CV-0520-KJM SCR P, 2025 WL 2475040, at *4-5, 14 (E.D. Cal. Aug. 27, 2025), the defendants announced a plan to close 305 Psychiatric Inpatient Program beds. The plaintiffs sought leave from the Court to file a motion prohibiting the defendants from closing the beds

pending the appointment of a receiver. *Coleman v. Newsom*, No. 2:90-CV-0520-KJM SCR P, at Doc. 8710. Briefing and several orders from the Court followed. *See id.* at Docs. 8728, 8744, 8746, 8747. The Court then prohibited the defendants from closing the beds for 14 days, in effect granting the relief requested by the plaintiffs. *Id.* at Doc. 8747. In its subsequent order appointing the receiver five days later, having granted the substantive relief requested by the plaintiffs, and having appointed the receiver, the court denied the plaintiffs' motion as moot. 2025 WL 2475040, at *14. Here, the Court has not resolved the question posed by Defendants' Motion, and the appointment of a Receiver will not do so. The Motion is not moot.

Defendants respectfully ask the Court to determine that the Motion is not moot, and to direct the Plaintiffs to file a response to the Motion within seven days, with Defendants' reply due fourteen days after filing of the response.

DATED this 2nd day of March, 2026.

OSBORN MALEDON, P.A.

By  s/*Kimberly I. Friday*
Mary R. O'Grady
Andrew G. Pappas
John S. Bullock
Kimberly I. Friday
Molly S. Walker
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012

KRISTIN K. MAYES
ATTORNEY GENERAL
Joshua D. Bendor, 031908
Gregory Honig, 018804
Lucy M. Rand, 026919
Luci D. Davis, 035347
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
joshua.bendor@azag.gov
gregory.honig@azag.gov
lucy.rand@azag.gov
luci.davis@azag.gov
ACL@azag.gov

Attorneys for Defendants