**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Shawn Jensen, et al.,

Plaintiffs,

v.

Ryan Thornell,

Defendant.

No. CV-12-00601-PHX-ROS

**ORDER**

Before the Court is a briefing on the parties' receivership candidate nominations and Plaintiff's request for expedited appointment. (Docs. 5192; 5193; 5207; 5209; 5211).

## I.    NOMINATION OF MS. ANNETTE CHAMBERS-SMITH

Both parties have agreed to the appointment of Ms. Annette Chambers-Smith, (*see* Doc. 5211 at 1), and the Court is inclined to appoint her. Because the appointment of a receiver is a weighty matter, due diligence is necessary. The Court will conduct its own independent interview and background investigation and both parties will be ordered to do the same, *i.e.*, interview Ms. Chambers-Smith and engage in due diligence, to be completed no later than May 25, 2026, with joint or independent reports to be filed under seal on or before June 1, 2026.

## II.    LEGISLATIVE BUDGET PROCESS

Plaintiffs have requested the Court appoint the receiver on an expedited basis so that the Receiver can participate in the process of negotiation ADCRR's Fiscal Year 2027 budget, which will be approved by June 30, 2026. (Doc. 5207 at 2). Plaintiffs argue "the

Receiver's participation in the budget process will be critical, given Defendants' longstanding failure to obtain adequate funding." (Doc. 5207 at 2) Defendants argue such participation is unnecessary because "[Defendants] ha[ve] already sought the necessary funds and [] are capable of reporting to the Court on the outcome of the budget negotiations should the Court so request." (Doc. 5209 at 4).

The Legislature's budget proposed on May 5 and vetoed by Governor Hobbs appeared to state there was "no appropriation increase for the Department of Corrections in conjunction" with the Court's ruling in this case. (Doc. 5207 at 2).

Based upon the history of the Department and Defendants' failures to obtain adequate funding[1] throughout this litigation, the Court finds there is reason "to be skeptical of Defendants' ability and intent to fully appropriate the necessary funds during the negotiations" (Doc. 5211 at 3). The Court granted the appointment of a Receiver to correct fundamental, systemic inadequacies leading to unconstitutional healthcare, which Defendants have often attributed to lack of funding. Thus, participation by the Receiver in the process of seeking funding will be fundamental to the Receiver's responsibility. On appointment, the Receiver will work appropriately with the Governor's and Legislature's budget staff in determining the budget appropriations for prison healthcare delivery.

### III.    POWERS AND RESPONSIBILITIES OF THE RECEIVER

While the powers, responsibilities, and authorities of the Receiver will be set forth more fully in a forthcoming order, the Court will address the broad contours here. Once appointed, the Receiver will be responsible for correcting the systemic constitutional failures that have plagued Defendants' healthcare delivery for over a decade, including (1) chronic understaffing and failure to enforce contractual provisions with the third-party vendor, (2) the persistence of nurse driven care and inappropriate assignment of complex

---

[1] The unfortunate failures of Defendants to achieve adequate funding throughout this litigation is obvious. *See* Docs. 4643; 4688; 4701; 4720. In 2024, the Court ordered Defendants to file status reports on their "efforts to obtain additional funding for the staffing plan that will be adopted at the conclusion of the pilot program." (Docs. 4643 at 1). Defendants described their participation in the state budget negotiation process and promised to "continue to make good faith efforts to obtain additional funding." Docs. 4688 at 2; 4720. The pilot was never adequately funded.

patients to advanced practice practitioners instead of physicians, (3), failures in the referrals process (4) data collection and reporting failures, and (5) inadequate resources, including funding and facilities. Critically, the Receiver must have the powers and authorities necessary to address each of these areas. Broadly, the Receiver shall be granted all powers vested by law in the Director of the ADCRR, as they relate to the administration, control, management, operation, and financing of the provision of health care services to class members. This authority will embrace the power to negotiate, enforce, terminate, or renegotiate contracts in accordance with the law; implement permanent policy changes; manage resources;[2] participate fully in budgeting processes; and make recommendations and requests to the Court. The Receiver will also be tasked with developing appropriate objectives a detailed Plan of Action, including predictions regarding when these goals can be accomplished and outlining how authority may eventually be returned to Defendants.

**IT IS ORDERED** the parties shall interview Receiver Candidate Ms. Annette Chambers-Smith and conduct relevant due diligence, to be completed no later than **May 25, 2026**.

**IT IS FURTHER ORDERED** the parties shall submit joint or independent reports to be filed under seal no later than **June 1, 2026**.

Dated this 11th day of May, 2026.

_____
Honorable Roslyn O. Silver
Senior United States District Judge

---

[2] The parties agree the Receiver will require some level of power over property and tangible goods; they disagree as to the extent. The parties also disagree as to whether the Receiver will be tasked with determining whether waiver of certain state laws is necessary to achieve compliance. These issues will be determined in due course after full briefing.

- 3 -