WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shawn Jensen, | No. CV-12-00601-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Defendants. | |

The SNU and IPC Health Care Staffing Analysis and Plan ("SNU and IPC Plan"), was submitted in March 2026, (Doc. 5163). Both parties responded on May 1, 2026. (Docs. 5205; 5206). The Court will order Defendants to implement the SNU and IPC Plan immediately.

Defendants argue against adoption of the Plan, saying:

> The question is whether the specific staffing levels and accompanying mandates in the Proposal are, as the PLRA requires, narrowly drawn and the least intrusive means of correcting the constitutional violations identified. The answer is that they are not. The Proposal is most useful as guidance to inform Defendants' implementation of the Injunction's existing SNU and IPC requirements—not as mandates that go beyond those requirements

(Doc. 5206 at 4). The PLRA does not require a line-by-line, figure-by-figure analysis. Rather,

> [T]he courts must do what they have always done when determining the appropriateness of the relief ordered: consider the order as a whole. In many cases it would not be possible for a district court to produce meaningful need-narrowness-

intrusiveness findings concerning each isolated provision of a remedial order. Prospective relief for institutions as complex as prisons is a necessarily aggregate endeavor, composed of multiple elements that work together to redress violations of the law. This is all the more true when relief must be narrow and minimally intrusive: courts often must order defendants to make changes in several different areas of policy and procedure in order to avoid interjecting themselves too far into any one particular area of prison administration. In such circumstances, the necessity of any individual provision cannot be evaluated in isolation. What is important, and what the PLRA requires, is a finding that the set of reforms being ordered—the "relief"—corrects the violations of prisoners' rights with the minimal impact possible on defendants' discretion over their policies and procedures.

*Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1070-71 (9th Cir. 2010).

The Permanent Injunction issued in 2023 explicitly required the creation of a health care staffing analysis and plan "to determine the number of staff necessary to care for patients." (Doc. 4410 at 14 § 1.17). The Court Monitors prepared and submitted the final Health Care Staffing Analysis and Plan in April 2025, (Doc. 4858), and the Court ordered its immediate implementation in June 2025, (Doc. 4916). According to the Health Care Staffing Analysis and Plan, staffing needs in for SNU and IPC spaces be assessed and reported in a separate "comprehensive staffing analysis and plan" was needed "for all SNU and IPC space." (Doc. 4963 at 26).

"A district court may . . . provide specific instructions to the State without running afoul of the PLRA. In particular, when a district court has previously tried to correct the deficiencies in prison operations through less intrusive means, and those attempts have failed, relief prescribing more specific mechanisms of compliance is appropriate." *Armstrong v. Newsom*, 58 F.4th 1283, 1297 (9th Cir. 2023) (citation modified). Injunction sections 7.5 – 7.6 address the requirements for SNU and IPC settings, (Doc. 4410 at 28-29), and Defendants remain "far from reaching substantial compliance" with these provisions, (Doc. 5163 at 4).[1]

---

[1]The Monitors describe "chronic care visits that do not address the SNU-related elements of the patient's needs" conducted by "random telehealth practitioners," a lack of "necessary physical exams," and care that is "inefficient, fragmented, task-oriented, and error-prone." (Doc. 5163 at 8-10).

Contrary to Defendant's contention that the SNU and IPC Plan imposes "mandates that go beyond" and "above the preexisting Injunction requirements," the SNU and IPC Plan rationally fills in the details of what is necessary to achieve compliance with the Injunction's requirements. Indeed, Defendants previously complained about the absence of a "how-to guide" or "comprehensive plan" giving "detailed guidance on how to achieve compliance." (Doc. 4553 at 2).

Finally, Defendants propose the Court "defer adopting specific staffing levels until the data the Proposal's methodology requires has been collected and analyzed" because that data has not been previously gathered and reported. (Doc. 5206 at 8) However, prospective relief for institutions as complex as prisons is a necessarily aggregate endeavor, composed of multiple elements that work together to redress violations of the law" and the Court is "not required to take a piecemeal, wait-and-see approach." *Armstrong v. Newsom*, 58 F.4th 1283, 1298-99 (9th Cir. 2023). The SNU and IPC Plan is designed to be responsive to new data. It is "subject to review and adjustment eight months after a Court order to implement it, and every six months thereafter," (Doc. 5163 at 25), and includes the provision that "special circumstances may arise in which it may be clinically safe to engage lower staffing levels than those prescribed" and therefore Defendants may be permitted "to make changes upon approval of the Monitors." (Doc. 5163 at 3).

Having reviewed the SNU and IPC Plan, the parties responses, and the voluminous record in this litigation, the Court finds the SNU and IPC Plan is narrowly drawn, extends no further than necessary to correct the constitutional violations in the IPCs and SNUs, and is the least intrusive means to correct those violations. The Court approves the SNU and IPC plan and will order it be implemented immediately.

**IT IS ORDERED** the SNU and IPC Health Care Staffing Analysis and Plan (Doc. 5163) is approved.

**IT IS ORDERED** the SNU and IPC Health Care Staffing Analysis and Plan (Doc. 5163) shall be implemented immediately by Defendants.

**IT IS FURTHER ORDERED** Defendants shall reach full staffing based on the

parameters of the SNU and IPC Health Care Staffing Analysis and Plan within 60 days of this Order, and the clinical tools described therein are to be implemented within 90 days of this Order.

**IT IS FURTHER ORDERED** The SNU and IPC Health Care Staffing Analysis and Plan shall be subject to review and adjustment eight months after this Order, and every six months thereafter.

Dated this 14th day of May, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge

- 4 -