Lauren K. Beall (Bar No. 035147)
**ACLU FOUNDATION OF ARIZONA**
2712 North 7th Street
Phoenix, Arizona 85006
Telephone: (602) 650-1854
Email: lbeall@acluaz.org

*Attorneys for Plaintiffs Shawn Jensen, Dustin Brislan, Robert Gamez, Jonathan Gonzalez, Jason Johnson, Kendall Johnson, Joshua Polson, Laura Redmond, Sonia Rodriguez, Ronald Slavin, Jeremy Smith, and Christina Verduzco, on behalf of themselves and all others similarly situated*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

Asim Dietrich (Bar No. 027927)
**DISABILITY RIGHTS ARIZONA**
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email: adietrich@disabilityrightsaz.org

*Attorneys for Plaintiff Disability Rights Arizona*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, *et al.*, on behalf of themselves and all others similarly situated; and Disability Rights Arizona, <br><br> Plaintiffs, <br><br> v. <br><br> Ryan Thornell, *et al.*, in their official capacities, <br><br> Defendants. | No. CV 12-00601-PHX-ROS <br><br> **PLAINTIFFS' POSITION REGARDING USE OF CONTEMPT SANCTION MONIES** |

Defendants have proposed that the operations of the Receiver be funded initially "by distributions from contempt sanction monies held in the Court's registry." Doc. 5159 at 7. Currently, there is approximately $2.2 million in that account. The Court thereafter ordered the parties to file "briefs on the issue of whether the money held in the Court's registry on this case may be used to fund the Receiver's operations." Doc. 5219 at 1.

The remedy of a Receivership is urgently needed to prevent serious harm to classmembers. And as this Court recently observed, Defendants have repeatedly attributed the unconstitutional conditions in ADCRR to a lack of funding. *See* Doc. 5218 at 2. "Based upon the history of the Department and Defendants' failures to obtain adequate funding throughout this litigation, . . . there is reason 'to be skeptical of Defendants' ability and intent to fully appropriate the necessary funds . . . .'" *Id.* (quoting Doc. 5211 at 3). Thus, because time is of the essence, and in order to ensure the Receiver can begin operations as soon as possible, Plaintiffs do not object to using the contempt monies to initially fund the Office of the Receiver. *See, e.g.*, *Coleman v. Newsom*, No. 2:90-CV-0520-KJM-SCR-P, 2025 WL 3693004, at *4 & n.3 (E.D. Cal. Dec. 19, 2025) (authorizing the use of contempt fines to establish an initial operating fund for the Office of the Receiver).

As outlined in Plaintiffs' Proposed Order Setting Out Powers and Duties of Receiver, Defendants should be required to fund the operations of the Receiver after the contempt monies are spent. Specifically, Plaintiffs propose that within 30 days of appointment, the Receiver establish an interest-bearing account, designated as the Receiver's Office Fund Account and maintained solely for the reasonable and necessary expenses associated with the operation of the Office of the Receiver, including but not limited to salaries, consulting fees, and the costs of supplies, equipment, office space, and transportation and travel. The Receiver and Defendants must arrange for a system for regularly replenishing the Receiver's Office Fund Account. *See* Doc. 5160-2 at 5-6.

Defendants propose instead that, after the contempt monies are spent, the Receiver bear all responsibility for obtaining funding, including by seeking "legislative

1

appropriations, private grants, or donations." Doc. 5159-1 at 5. Defendants' proposal is unwarranted and extraordinary. This Court found a Receiver is necessary "to remedy the pervasive constitutional violations present in Defendants' healthcare delivery system." Doc. 5123 at 81. Defendants should bear the cost of this remedy, just as they would bear the cost of any other court-ordered remedy. The Courts in *Coleman*, *Nuñez*, *Plata*, *Jackson*, and *Shaw* all required the cost of the Receivership be borne by Defendants. *See Coleman v. Newsom*, No. 2:90-CV-0520-KJM-SCR-P, 2025 WL 3693004, at *4 (E.D. Cal. Dec. 19, 2025) ("Defendants also shall bear all costs of establishing and maintaining the Office of Receiver, including the compensation of the Receiver and her staff."); *Nuñez v. N.Y. City Dep't of Corr.*, No. 11-CV-5845-LTS-RWL, 2025 WL 3678122, at *13 (S.D.N.Y. Dec. 18, 2025) ("The City of New York shall bear all reasonable fees, costs, and expenses of the Nunez Remediation Manager, including payments to the Remediation Manager Team."); *Plata v. Schwarzenegger*, No. C01-1351 TEH, 2006 WL 8563430, at *4 (N.D. Cal. Feb. 14, 2006) ("Defendants shall also bear all costs of establishing and maintaining the Office of Receiver, including the compensation of the Receiver and his staff."); Findings and Order Appointing Receiver, *Inmates of D.C. Jail v. Jackson*, No. 1:75-cv-01668-WBB (D.D.C. July 11, 1995), Doc. 87 at 9-10 (ordering "that the District shall provide the receiver with . . . compensation at a rate to be determined by the Court" and "an appropriate office, and such equipment and support staff as are deemed necessary by the receiver") (previously filed at Doc. 5160-1 at 22); *Shaw v. Allen*, 771 F. Supp. 760, 765 (S.D.W. Va. 1990) ("It is further ORDERED that all reasonable and necessary costs of this receivership, including the posting of a bond if one is requested, shall be borne by the Defendants from the general funds of the County.").

Dated:  June 1, 2026

By:  *s/ Sophie Hart*

Donald Specter (Cal. 83925)*
Alison Hardy (Cal. 135966)*
Sophie Hart (Cal. 321663)*
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:    dspecter@prisonlaw.com
          ahardy@prisonlaw.com
          sophieh@prisonlaw.com

Corene T. Kendrick (Cal. 226642)*
**ACLU NATIONAL PRISON PROJECT**
425 California Street, Suite 700
San Francisco, California 94104
Telephone: (202) 393-4930
Email:    ckendrick@aclu.org

David C. Fathi (Wash. 24893)**
Maria V. Morris (D.C. 1697904)*
**ACLU NATIONAL PRISON PROJECT**
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
Telephone: (202) 393-4930
Email:    dfathi@aclu.org
          mmorris@aclu.org
Lauren K. Beall (Bar No. 035147)
**ACLU FOUNDATION OF ARIZONA**
2712 North 7th Street
Phoenix, Arizona 85006
Telephone: (602) 650-1854
Email:    lbeall@aclu.org


*Admitted *pro hac vice*
**Admitted *pro hac vice*. Not admitted in DC; practice limited to federal courts.

*Attorneys for Plaintiffs Shawn Jensen, Dustin Brislan, Robert Gamez, Jonathan Gonzalez, Jason Johnson, Kendall Johnson, Joshua Polson, Laura Redmond, Sonia Rodriguez, Ronald Slavin, Jeremy Smith, and Christina Verduzco, on behalf of themselves and all others similarly situated*

3

**DISABILITY RIGHTS ARIZONA**

By: *s/ Maya Abela*
Asim Dietrich (Bar No. 027927)
5025 East Washington Street, Suite 202
Phoenix, Arizona 85034
Telephone: (602) 274-6287
Email:    adietrich@disabilityrightsaz.org

Rose A. Daly-Rooney (Bar No. 015690)
Maya Abela (Bar No. 027232)
**DISABILITY RIGHTS ARIZONA**
4539 East Fort Lowell Road
Tucson, Arizona 85712
Telephone:  (520) 327-9547
Email:
  rdalyrooney@disabilityrightsaz.org
  mabela@disabilityrightsaz.org.org

*Attorneys for Disability Rights Arizona*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2026, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory Honig
Joshua Bendor
Luci Davis
Lucy M. Rand
Assistant Arizona Attorneys General
gregory.honig@azag.gov
joshua.bendor@azag.gov
luci.davis@azag.gov
lucy.rand@azag.gov

Mary R. O'Grady
Andrew G. Pappas
John S. Bullock
Molly S. Walker
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
mogrady@omlaw.com
apappas@omlaw.com
jbullock@omlaw.com
mwalker@omlaw.com

*Attorneys for Defendants*


_s/_      *Sophie Hart*

5