Mary R. O'Grady, 011434
Andrew G. Pappas, 034432
John S. Bullock, 034950
Kimberly Friday, 035369
Molly S. Walker, 038099
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 640-9000
mogrady@omlaw.com
apappas@omlaw.com
jbullock@omlaw.com
kfriday@omlaw.com
mwalker@omlaw.com

Attorneys for Defendants

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | |
| v. | **DEFENDANTS' RESPONSE REGARDING USE OF CONTEMPT SANCTION FUNDS** |
| Ryan Thornell, et al., | |
| Defendants. | |

On May 11, 2026, the Court ordered the parties to file briefs "on the issue of whether the money held in the Court's registry on this case may be used to fund the Receiver's operations." (Doc. 5219.) Defendants submit that it is within the Court's authority to use the contempt sanction funds for this purpose.

The contemplated use is consistent with the language of the contempt orders. The first contempt order expressly stated that the contempt fine would "be used to further compliance with the healthcare requirements of the Stipulation." (Doc. 2898 at 23.) On appeal, the Ninth Circuit affirmed that the contempt sanction was a civil fine because the funds would be used "for the benefit of the class." *Parsons v. Ryan*, 949 F. 3d 443, 456 (9th Cir. 2020). The second contempt order did not include the same specific language, but stated that the "legal reason" for the contempt fines was "to coerce compliance" with

the Stipulation "while also compensating Plaintiffs for not receiving the care promised under the Stipulation." (Doc. 3861 at 6 n.5 (citing *Parsons*, 949 F.3d at 456).) Consistent with this understanding, the Court previously permitted the funds paid as contempt sanctions to be used to pay the Court's experts. *See* Doc. 4352 at 1 ("the parties agree to utilize the contempt sanctions held in the Court's registry to pay the experts appointed to assist the Court"); *see also* Docs. 4364, 4367, 4373, 4427, 4443 (approving specific expenditures for payments to the experts from the contempt sanctions).

Although the Stipulation is no longer in effect, that does not negate the prior determinations that the civil contempt sanctions should be used "for the benefit of the class" and to "further compliance with [] healthcare requirements," including through the use of payments to individuals. Appointment of a Receiver is a remedial action intended to improve compliance with the Injunction and ultimately benefit the class. Use of the contempt monies to fund the Receiver's operations is therefore appropriate.

Using the contempt sanction funds for the Receiver's operations would also be consistent with binding case law. In *Sheet Metal Workers' Int'l Ass'n v. EEOC*, the district court ordered contempt sanctions after the defendant labor union did not comply with an injunction requiring it to redress racial disparities in union membership. On appeal, the Supreme Court held that the contempt monies could properly be used to fund court-ordered, remedial actions designed to help the defendants achieve compliance with the injunction. 478 U.S. 421, 443–44 (1986). And as noted above, the Ninth Circuit has already approved the use of these contempt funds for remedial purposes. *Parsons,* 949 F.3d at 456. Additionally, although the case is not binding on this Court, the *Coleman* receiver's operations were initially funded from the contempt fines collected in that case. *See Coleman v. Newsom*, 2025 WL 3693004, at *4 n.3 (E.D. Cal. Dec. 19, 2025).

*       *       *

By filing this Response, Defendants do not concede that the appointment of a receiver is appropriate. Defendants have appealed from the Court's decision granting Plaintiffs' Motion for a Receiver (Doc. 5156) and plan to request a stay and/or

administrative stay of the Court's appointment of a receiver while the appeal is pending. By submitting this filing, Defendants do not waive any of their objections to the appointment of a receiver or to any of the receiver's powers, duties, or authorities.

Defendants request that the Court's order appointing a receiver provide that the appointment will be effective no sooner than 15 days after entry of the Court's order, so that Defendants may seek a stay of the order pending their appeal.

DATED this 1st day of June, 2026.

OSBORN MALEDON, P.A.


By  s/*Kimberly Friday*
Mary R. O'Grady
Andrew G. Pappas
John S. Bullock
Kimberly Friday
Molly S. Walker
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012

KRISTIN K. MAYES
ATTORNEY GENERAL
Joshua D. Bendor, 031908
Gregory Honig, 018804
Lucy M. Rand, 026919
Luci D. Davis, 035347
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
joshua.bendor@azag.gov
gregory.honig@azag.gov
lucy.rand@azag.gov
luci.davis@azag.gov
ACL@azag.gov

Attorneys for Defendants