**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Modify Injunction § 6.4. (Doc. 5107). The Motion is fully briefed. (Doc. 5170, 5177). For the reasons below, the Motion will be denied.

## I.    Background

The Court has recounted the history of this case in detail in numerous orders and thus only summarizes the relevant history here. After more than a decade of litigation over Defendants' delivery of unconstitutional healthcare to prisoners, the Court issued a Permanent Injunction on April 7, 2023, stipulated to by both parties and enumerating detailed requirements for Defendants to rectify their constitutional violations. In the three intervening years, Defendants have utterly failed to comply with the Permanent Injunction's requirements and have aggressively opposed its enforcement.

The instant Motion concerns § 6.4 of the Permanent Injunction. Section 6.4 requires that all staff physicians and medical directors be board certified or board-eligible in internal medicine or family practice. Defendants seek to modify the provision to require only that

50% of FTE staff physicians be board certified or board eligible in these specialties, and that Defendants be permitted to retain the three existing medical directors and four existing staff physicians who are not board-certified in these specialties.

## II.    Legal Standard

Under Rule 60(b)(5), "the court may relieve a party . . . from a final judgment, order, or proceeding" if "applying it prospectively is no longer equitable." An order may be modified if it "proves to be unworkable because of unforeseen obstacles," *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992), or when "a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes." *King-Seeley Thermos Co. v. Aladdin Indus., Inc.,* 418 F.2d 31, 35 (1969).

## III.    Discussion

### A.  Workability and Good Faith Efforts

Defendants' essential argument is that they have made good faith efforts to comply with the requirements of § 6.4, but the passage of time has established it is unworkable. It is represented that 62 "otherwise qualified" applicants have been rejected since April 2023 because they were not board-certified or eligible in one of the approved specialties. Nine of these applicants were board certified in emergency medicine, and fifteen were board-certified in other specialties not identified in the Motion.

In response, Plaintiffs argue Defendants have not engaged in adequate good faith efforts to comply with § 6.4, nor have Defendants demonstrated why the proposed requirement is sufficient to provide adequate constitutional care. It is undisputed Defendants agreed to the terms of § 6.4 when they stipulated to the Permanent Injunction, and no change in factual circumstances justifies modification.

Historically, it appears Defendants have consistently advertised positions to no avail. But over three years have passed since the effective date of the Permanent Injunction and Defendants have not complied, nor have they ever demonstrated attempts to substantially comply with the entrenched order of the Court and the opinion of the Monitors

that they must aggressively increase salaries to attract qualified healthcare staff. (*See, e.g.* Docs. 4410 at 55; 4755 at 24-25; 4761 at 20; 4968 at 2735123 at 31; 4761 at 20).

Defendants argue "surely it is better to fill these positions with licensed, non-board-certified physicians rather than with no physicians at all." (Doc. 5107 at 8). The argument is appealing, but Defendants have never credibly established they are unable to attract fully qualified applicants certified in the designated areas, and in particular that increasing salaries would be ineffective. Obviously, the failure to fill positions points to the need to increase the salaries, not reduce the required qualifications of staff and, by extension, the quality of care. The Court finds Defendants have not made good faith efforts to comply or shown compliance is impossible. This is plainly demonstrable because Defendants have refused to implement the changes they have been advised were necessary.

**B. Exception Seeking Process**

Defendants also argue the ability to seek exceptions for specific physicians who are not board certified in one of the approved areas but who Defendants believe are qualified "is not a workable alternative" because the Court Monitors lack authority to waive the requirement, and "a piecemeal, applicant-by-applicant process provides no certainty to prospective physician applicants or to NaphCare's recruitment efforts." (Doc. 5177 at 5). One foundational, unimpeachable finding is that the unconstitutional healthcare is very likely due to a lack of competent medical professionals. The board certification requirements of § 6.4 were specifically assigned to address this issue. The Court is not loath to approve deviations on a case-by-case basis and when it has been found by sufficient evidence an exception will not lead to inadequate care. The Court has authority to waive this requirement if Defendants demonstrate despite the lack of board-certification in one of these areas, the physician is qualified and competent. It is noted that the Monitors are able to consider changes, and the Monitors have shown a good faith willingness to work with Defendants in seeking appropriate exceptions. But flexibility is permitted on a case-by-case analysis. The Motion to Modify § 6.4 will be denied without prejudice. If Defendants seek an exception for specific staff physicians and medical directors currently employed,

- 3 -

they shall support a motion with medically credible grounds and do so expeditiously. Defendants are encouraged to consult with the Monitors before filing another motion.

Accordingly,

**IT IS ORDERED** the Motion to Modify Injunction § 6.4 is **DENIED**.

**IT IS FURTHER ORDERED** Defendants shall file any request for an exception to § 6.4 for the currently employed staff physicians and medical directors after consulting with the Monitors and do so expeditiously.

Dated this 16th day of July, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge