**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Modify Operative Custody Staffing Plan. (Doc. 5108). Monitor Scott Frakes provided his Report and analysis (Doc. 5203), and Plaintiffs "fully endorse" the report and recommendations made therein (Doc. 5225). Because the parties agree and the Report demonstrates modification would facilitate compliance with the Permanent Injunction, the Motion will be granted.

## I.     Background

On October 28, 2024, the Court ordered the implementation of the Subclass Staffing Analysis and Plan ("the Staffing Plan") developed by Monitor Scott Frakes finding it necessary for remediating the unconstitutional conditions of confinement for the subclass. (Doc. 4693). The Staffing Plan identifies the staffing needs for the subclass and "distinguish[es] between Mandatory, Essential, and Important Posts. Mandatory Posts must be 100% staffed; Essential and Important Posts must be staffed at 75% and 50%, respectively, calculated on a weekly basis." (Doc. 5108 at 1). It also identifies requirements for supervisory staff in subclass locations.

## II.     Discussion

In accordance with the Permanent Injunction, Defendants are permitted to request changes to the Staffing Plan once per year. (Doc. 4410 at 54, § 20.2.2.). Pursuant to this provision, Defendants request a modification to recognize the Corporal position as an authorized supervisory role. (Doc. 5108 at 5). Although this modification has been requested and denied in the past (Doc. 4980), Defendants state the Corporal position's newly updated duties and authorities now allow it to function similarly to the other positions filling the supervisory role. Recognizing the Corporal Position as an authorized supervisory role would assist Defendants with providing adequate supervisory staff as required by the Staffing Plan.

Monitor Scott Frakes conducted facility tours, reviewed the updated Corporal Post Order, and spoke with ADCRR staff members to evaluate the request. His report states the modification would "increase the likelihood that the required supervisor posts will be consistently filled, and consistent supervisory oversight will contribute to compliance with the injunction." Mr. Frakes thus concludes:

> I support the Defendant's request to utilize Corporals rather than Sergeants to meet the requirements of the operative staffing plan. If the Court approves this request I will work with ADCRR to make the necessary changes to the facility staffing plans and place them on file. I recommend ADCRR review Post Order 09, Correctional Corporal no later than September 1, 2026, and make revisions as needed to ensure the supervisory authority and responsibilities of the Corporals are fully defined.
>
> . . . .
>
> Defendants should be able to achieve compliance with the staffing plan requirements within 90 days of an order. I also support the Plaintiffs' request that the Court order Defendants to do so "without degrading the staffing levels at other units."

In light of Defendants' progress thus far and Mr. Frakes' recommendations, the Court finds the requested modification will facilitate Defendants' compliance with the Permanent Injunction and is warranted. Accordingly,

**IT IS ORDERED** the Request to Modify Operative Custody Staffing Plan (Doc. 5108) is **GRANTED**.

**IT IS FURTHER ORDERED** the Staffing Plan (Doc. 5682) is modified to recognize the Corporal Position as an authorized supervisory role to oversee subclass locations. Monitor Scott Frakes shall submit the modified Staffing Plan no later than **August 21, 2026**.

**IT IS FURTHER ORDERED** Defendants shall consult with Monitor Scott Frakes to make any essential revisions necessary to ensure the supervisory authority and responsibilities of the Corporals are fully defined within Post Order 09 and submit documentation to the Court reflecting the revisions no later than **September 1, 2026**.

**IT IS FURTHER ORDERED** Defendants must come into full compliance with the modified Staffing Plan without degrading staffing levels in other units within 90 days of the date of this Order.

Dated this 24th day of July, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge