**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Enforce § 19.5 of the Injunction. (Doc. 5134). The Motion is fully briefed, Monitor Scott Frakes submitted his Report offering his opinion on the relief sought, and both Plaintiffs and Defendants responded to his report. (Docs. 5173, 5188, 5285, 5277, 5301, 5314). The Court has considered the full briefing, and for the reasons below, the Motion will be granted in part.

## I.    Background

On March 2, 2026, Plaintiffs filed the instant Motion alleging Defendants are in violation of section 19.5 of the Injunction in two units primarily housing people designated as seriously mentally ill ("SMI"): ASPC-Lewis Rast ("Rast"), and the Behavioral Management Unit ("BMU") and Residential Mental Health Program ("RMHP") at ASPC-Eyman Browning ("Browning"). Section 19.5 of the Injunction provides "Within sixty days of this Order, no prisoner designated as Seriously Mentally Ill ("SMI") shall be housed in maximum custody, detention, or close management, or otherwise kept in a cell for more than 22 hours each day." (Doc. 4410 at 53). According to Plaintiffs' analysis of

Defendants' Correctional Service Journals, daily out-of-cell time in the Rast SMI unit averaged from 38 minutes to 1 hour and 14 minutes for the weeks analyzed. At the two Browning locations, daily out-of-cell time averaged about 1.5 hours.

## II.    Discussion

### a.    Compliance with Permanent Injunction § 19.5

Defendants assert they are in compliance with § 19.5 (Doc. 5301), and the data in the record before the Court suggests improvement overall and compliance in some areas. However, Defendants do not meet the requirement that *no* prisoner designated as SMI shall be kept in a cell for more than 22 hours *each day* and thus are not fully compliant.

Monitor Scott Frakes toured the four locations housing prisoners designated SMI in higher security conditions, including the Rast and Browning units initially identified by Plaintiffs, and the Mental Health Mediation Transition units at ASPC-Eyman, Meadows ("Meadows") and ASPC-Tucson, Rincon ("Rincon"), and reviewed Correctional Service Journals and electronic data for the Rincon, Rast, and Browning units. Based upon this report, Defendants have, in recent months, achieved a semblance of compliance with the required amount of out-of-cell time for prisoners designated at SMI in three of these areas, but the documentation continues to be seriously flawed, as well as the data collection, despite the recent implementation of the Guardian system for digitally logging prisoner activity at Rast and Browning.

Mr. Frakes interviewed 29 individual prisoners across the four locations regarding their conditions of confinement and all reported being offered more than 2 hours of out-of-cell time each day. The logs for Rincon showed more than two hours of out-of-cell time for prisoners on six days, but not for the seventh. The logs at Rast showed less than 2 hours of out-of-cell time and at least three examples of stark data errors. The electronic data at Browning appeared to demonstrate compliance, but there are high levels of recreation refusals and reports of offers of additional food in exchange for refusing recreation, and at least one anomaly that casts doubt on the accuracy of data.

Despite the protracted colloquy between Plaintiffs and Defendants on this issue

beginning in July 2025 and leading up to this Motion, Defendants have provided no data contradicting Plaintiffs' assertions of noncompliance prior to March 1, 2026, and the data they rely upon for the time after March 1, 2026, is incomplete and riddled with inaccuracies. As reported by Mr. Frakes, "Defendants have made progress in demonstrating compliance with § 19.5." (Doc. 5285 at 4). However, "the errors in documentation conflict with the Defendants' assertions of compliance" (*id.* at 4), and a short period of compliance following the initiation of the instant motion after a long pattern of violations does not moot Plaintiffs' concerns. *See Brock v. Big Bear Mkt. No. 3*, 825 F.2d 1382, 1383 (9th Cir. 1987) ("current compliance alone, particularly when achieved by direct scrutiny of the government, is not [a] sufficient ground for denying injunctive relief.") Defendants have provided no facts or arguments indicating "there is no reasonable expectation that the wrong will be repeated." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). Accordingly, the Court finds Defendants are noncompliant with § 19.5 and a remedial plan is warranted.

### b.    Requested Relief

Plaintiffs propose requiring Defendants to offer people designated SMI a minimum of 4 hours of out-of-cell time, to include a minimum of 2 hours of daily "tier time" arguing "Defendants' inability to accurately track out-of-cell time requires redundancy in the system to ensure that people in SMI units are getting out of their cells as required and are not subjected to conditions of isolation." (Doc. 5314 at 2). At this point, the Court does not find the request to increase the required amount of out-of-cell time to be narrowly tailored and the least intrusive method to achieve compliance. The conditions Mr. Frakes observed at Meadows demonstrate Defendants are able to comply with the terms of § 19.5 without mandating an increase in out-of-cell time. Mr. Frakes supports Plaintiffs' request that Defendants be ordered to develop a remedial plan that includes, at a minimum,

- A reliable system to track and report to Plaintiffs and the Court the out-of-cell time offered in all celled housing units primarily holding people designated SMI;
- Required specialized training to all personnel working in the celled housing units

primarily holding people designated SMI; and

- Mandatory removal of staff from celled housing units primarily holding people designated SMI upon a finding that staff have engaged in misconduct involving physical or mental abuse.

Defendants' most egregious violation in this circumstance appears to be their longstanding failure to effectively address their documentation problems, and serious questions remain as to high levels of recreation refusals particularly regarding the legitimacy of offers of recreation and other attempts to discourage prisoners from taking recreation. The requirements above are specifically targeted at remedying those issues and are thus narrowly drawn, extend no further than necessary to correct the violations, and are the least intrusive means necessary to correct the violations. 18 U.S.C.3626(a)(1).

Accordingly,

**IT IS ORDERED** the Motion to Enforce § 19.5 of the Injunction is **GRANTED IN PART** as follows:

Within thirty days of the date of this Order, Defendants must submit a remedial plan to ensure prisoners designated SMI are not held in conditions of isolation and for coming into full compliance with § 19.5, including setting forth dates for intermediate benchmarks and for full compliance. The plan must include, at a minimum:

- A reliable system to track and report the out-of-cell time offered in all celled housing units primarily holding people designated SMI;
- Required specialized training to all personnel working in the celled housing units primarily holding people designated SMI; and
- Mandatory removal of staff from celled housing units primarily holding people designated SMI upon a finding that staff have engaged in misconduct involving physical or mental abuse.

Dated this 3rd day of August, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge