**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Jensen, et al., | No. CV-12-00601-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Stay of Order Appointing a Receiver Pending Appeal (Doc. 5315).

In a February 19, 2026 Order, the Court granted Plaintiffs' Motion for Appointment of a Receiver after extensive briefing by the Parties and input from the Court's experts. (Doc. 5123.) In a July 17, 2026 Order, the Court accepted the Parties' Stipulation for the Appointment of Ms. Annette Chambers-Smith and outlined the authority, duties, and responsibilities of the Receiver. (Doc. 5307.) The Court permitted a short stay of the Order so that Defendants could seek a stay pending appeal. Defendants now seek a stay of the Court's Order appointing a Receiver pending appeal.

## I.    Legal Standard

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). "It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (internal quotation omitted). "The party requesting a stay bears

the burden of showing that the circumstances justify an exercise of that discretion." *Id.* (citations omitted). In exercising its discretion, the Court must consider "four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (citation omitted). These factors overlap with the factors governing preliminary injunctions "because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Id.*

In the Ninth Circuit, "[a] party must ordinarily move first in the district court for" "a stay of the judgment or order of the district court pending appeal." *See* Ninth Circuit Rule 8.

**II.     Discussion**

Defendants assert that they are likely to succeed on the merits because a Receivership is an extreme remedy and the focus of the Receivership Order was incorrect. In short, Defendants' argument is that the Court's careful findings should be reconsidered and the Court should rethink Defendants' previous arguments that a Receivership was not an appropriate remedy. For example, Defendants assert that the Court has not considered its performance under the injunction, but this assertion is simply untrue. The Court "exercised caution and critical reflection," including relying on the well-supported findings and opinions of the monitors, and found Defendants' performance under the Permanent Injunction insufficient and unconstitutional. Likewise, Defendants rely on their own methodologies for calculating their percentage of compliance with the Injunction, which the Court previously identified as significantly flawed. Furthermore, Defendants' claim that "the Court did not attempt any intermediate remedies" since entry of the Permanent Injunction in 2023 is both inaccurate and unavailing. In the Order granting the Motion for a Receiver, the Court identified numerous measures intended to spur compliance, including the assistance of monitors, hearings and status conferences, and implementation of a Pilot

Program to reach compliance in staffing.  (Doc. 5123 at 5-2, 56-58).  In short, the Court has already carefully considered Defendants' arguments in finding that a Receivership is an appropriate remedy, and does not agree with Defendants' contention that the Court's reasoning is in error.  The Court's full analysis is set forth in detail in the Order finding that a Receivership is necessary. Accordingly, Defendants have not shown they are likely to succeed on the merits.

Defendants next assert that they will suffer irreparable harm in the absence of a stay because of concerns with federalism and the costs of a receiver that will not recoverable.  Again, the Court has carefully weighed these considerations based on its extensive experience with this case, the arguments of the Parties, the detailed, well-supported expert opinions, and the repeated failures of Defendants to comply with the Injunction.  Accordingly, the Court cannot find that Defendants will suffer irreparable harm in the absence of a stay where the Court has already found that a Receiver is necessary to correct Defendants' ongoing constitutional violations.

In assessing the public interest and harm to the opposing party, these factors merge when the Government is the opposing party.  *Nken*, 556 U.S. at 435.  Defendants assert that the public interest lies with maintaining the status quo and the balance of harms favors Defendants because of the costs they will incur.  Any harm to Defendants, however, is significantly outweighed by the harm that will occur the longer the unconstitutional provision of healthcare within Arizona's prisons continues.  *See, e.g*, *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) ("it is always in the public interest to prevent the violation of a party's constitutional rights.").  Defendants attempt to argue the opposite— the "significant harms that the State will suffer without a stay outweigh the uncertain harms that Plaintiffs raise," and that "the only countervailing harm Plaintiffs identify is the risk of continuing harm.  But that possibility is present regardless whether the receivership is stayed." (Doc. 5326 at 4).  It is indisputable that Plaintiffs and other parties interested in the proceeding continue to be harmed by the unconstitutional health care conditions in Arizona state prisons, and the longer the conditions are allowed to persist, the more injury

Plaintiffs suffer.  The Court has found appointment of a receiver will provide a relatively quick remedy to the violations of Plaintiffs' constitutional rights compared to leaving the matter in Defendants' hands, and Defendants have presented no argument or evidence that indicates this finding was error.  Thus, issuance of a stay that will delay the Receiver's needed remedial work will substantially injure Plaintiffs.

For the foregoing reasons, Defendants have not met their burden of demonstrating their entitlement to a stay pending appeal, and their Motion will be denied.

The Court will allow a short additional stay of its Order Appointing a Receiver (Doc. 5307) for Defendants to apply to the Court of Appeals for a stay.  *See* Ninth Circuit Rule 27-2 ("If a district court stays an order or judgment to permit application to the Court of Appeals for a stay pending appeal, an application for such stay shall be filed in the Court of Appeals within 7 days after issuance of the district court's stay.").

**IT IS ORDERED** Defendants' Motion for Stay of Order Appointing a Receiver (Doc. 5307) Pending Appeal (Doc. 5315) is **denied**.

**IT IS FURTHER ORDERED** the Court's Order Appointing a Receiver (Doc. 5307) is stayed for 7 days of the date of this Order so that Defendants may apply to the Court of Appeals for a stay.  If Defendants do not apply to the Court of Appeals within the time mandated by the Court of Appeals, the Court's Order Appointing a Receiver (Doc. 5307) will go into effect at the expiration of the deadline for such an application.

Dated this 5th day of August, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge

- 4 -