**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Shawn Jensen, et al.,

Plaintiffs,

v.

Ryan Thornell, et al.,

Defendants.

No. CV-12-00601-PHX-ROS

**ORDER**

The Court's July 17, 2026 Order appointing Ms. Annette Chambers-Smith as Receiver and defining the scope of her authority provided that the Order would become "effective 21 days following the resolution of any Motion to Stay." (Doc. 5307 at 14.) Defendants sought a stay in the Ninth Circuit of the Court's Order appointing a receiver and outlining the scope of her responsibilities. The Ninth Circuit issued an Order denying the requested stay. That Order included the following language: "The motion . . . to stay the district Court's July 17, 2026 order is denied . . . This denial is subject to reconsideration by the panel assigned to decide the merits of these appeals." *Jensen v. Thornell*, No. 26-1746 (9th Cir. September 1, 2026).

In a September 8, 2026 Order, the Court directed the parties to address whether the ruling denying the stay means the Receiver's duties and authorities are to begin on September 22, 2026 and whether the ruling denying the stay is not yet final because it could or will be subject to review by the merits panel. (Doc. 5357.)

The Parties have now submitted their briefs. Plaintiffs contend that the Ninth

Circuit's Order was a "resolution" of the motion to stay because the motions panel denied the motion and although they acknowledged that the merits panel retains the authority to reconsider, that language "simply reflects that the merits panel has the authority, but not the obligation to reexamine the decision." (Doc. 5360 at 2.) Plaintiffs assert that "[c]onstruing the Ninth Circuit's Order denying the stay as leaving the motion unresolved would give the Order the practical effect of an order granting a stay, potentially until the appeal becomes final." (*Id.*)

Defendants assert that the Ninth Circuit's September 1, 2026 Order denying their emergency motion to stay was final upon its entry, even though the merits panel may later reconsider it, but contend that "[w]ithin the next few days, [they] intend to file in the United States Supreme Court an application to stay the Appointment Order" and assert that this Court's stay should remain in effect until 21 days after the United States Supreme Court decides that application to stay. (Doc. 5361 at 2.)

The Court imposed the present stay to protect the Receiver from the disruption of an immediate appellate stay. In deciding the Motion to Stay, Judge Forrest would have granted an administrative stay pending consideration by the merits panel, but the majority declined to issue an administrative stay. *Jensen v. Thornell*, No. 26- 1746 (9th Cir. September 1, 2026).

As noted, this Court's Order provided that the stay would be "effective 21 days following the resolution of any Motion to Stay." The Ninth Circuit's motions panel resolved the stay motion by denying it and declined to preserve the status quo through an administrative stay pending merits-panel review. The Court has no information as to whether or when the merits panel may revisit the stay issue. *See Rojas-Espinoza v. Bondi*, 167 F.4th 1069, 1074 (9th Cir. 2026) (VanDyke, J. dissenting); *Mi Familia Vota v. Fontes*, 111 F.4th 976, 981 n.1 (9th Cir. 2024) ("If we are persuaded that the decision of the motions panel is clearly erroneous and its enforcement would work a manifest injustice, or a showing otherwise has been made which compels us to reconsider the motions panel's prior decision, we may exercise our discretion to set aside the motions panel's decision.")

(cleaned up). A further stay pending merits-panel review would therefore override the motions panel's refusal to grant an administrative stay.

The remaining question is whether the Court should extend its stay to await a prospective United States Supreme Court application. Defendants have identified no filing date, and the timing of any United States Supreme Court action is unknown.

Nonetheless, to permit an orderly transition and avoid unnecessary disruption to the Receiver, the Court will grant a short additional stay. As pointed out by Plaintiffs, an extended stay would functionally afford Defendants the stay pending appeal that the Court previously denied. (Doc. 5330.)

Accordingly,

**IT IS ORDERED** the Court's stay of the July 17, 2026 Order appointing Ms. Annette Chambers-Smith as Receiver and defining the scope of her authority is lifted on October 19, 2026.

Dated this 10th day of September, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge