**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shawn Jensen, et al.,<br>Plaintiffs,<br>v.<br>Ryan Thornell, et al.,<br>Defendants. | No. CV-12-00601-PHX-ROS<br>**ORDER** |

Before the Court is Defendants' Motion to Modify Injunction to Permit Quarterly Compliance Monitoring and Reporting (Doc. 5297). The Motion is fully briefed. (Doc. 5329, 5337). For the reasons below, the Motion will be denied without prejudice.

**I. Legal Standard**

Under Rule 60(b)(5), "the court may relieve a party . . . from a final judgment, order, or proceeding" if "applying it prospectively is no longer equitable." An order may be modified if it "proves to be unworkable because of unforeseen obstacles," *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992), or when "a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes." *King-Seeley Thermos Co. v. Aladdin Indus., Inc.,* 418 F.2d 31, 35 (1969).

**II. Discussion**

The 2023 Permanent Injunction provides:

> Defendants shall monitor all elements of this order on a monthly basis. Monitoring shall be completed and available for

> inspection by the monitors by the last day of the month following the monitored month. Defendants shall maintain adequate supporting evidence for their monitoring results.

(Doc. 4410 at 7). Defendants seek to modify this requirement to permit quarterly, rather than monthly, compliance monitoring and reporting. Defendants argue three years of experience have shown the monthly monitoring and reporting cycle leaves little time for remediation and acting on the data collected to improve compliance. The purpose of data collection and reporting is to build compliance with the other substantive requirements of the Permanent Injunction, thereby facilitating the provision of constitutionally adequate healthcare.

The Monitors opine the modification is appropriate because one purpose of monthly reporting was to offer rapid feedback while Defendants made rapid progress in compliance, but that rapid compliance has not occurred, making the rapid monitoring schedule counterproductive. Monitors' Report at 1. The Monitors further opine Defendants' inability to reliably meet the monthly reporting requirements supports the modification because "it would be much more valuable for both Defendants as well as the Court, to receive less frequent reports that are timely, than monthly reports that are so late as to not fully serve their purpose of improving compliance." Monitors' Report at 2. Finally, the Monitors opine that based on their experience, a quarterly reporting schedule would not impact the transparency of data or insight into compliance. *Id.*

The Court's primary concern is that Defendants are not now and have not been in compliance with the current monitoring and reporting requirements. The Court has not been presented with sufficient information to conclude that Defendants would reliably produce timely, accurate reports under a modified schedule. Without further information on how Defendants intend to improve their process and Defendants' certification and explanation of how they would successfully improve the quality and accuracy of reporting under a quarterly schedule, the Court cannot justify meeting noncompliance with modification.

Accordingly,

**IT IS ORDERED** the Motion to Modify Injunction to Permit Quarterly Compliance Monitoring and Reporting is **DENIED**.

**IT IS FURTHER ORDERED** the Clerk of Court is instructed to file the attached Monitors' Report under a separate docket number.

Dated this 2nd day of October, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge